# United States Bankruptcy Court
## District of Nevada

**Case No. 09–14814–lbr**
**Chapter 11**

In re: (Name of Debtor)
THE RHODES COMPANIES, LLC
4730 S. FT. APACHE #300
LAS VEGAS, NV 89147

## NOTICE OF INCOMPLETE AND/OR DEFICIENT FILING

**NOTICE IS GIVEN THAT** the above debtor(s) filed a voluntary petition on 3/31/09. Pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules for the District of Nevada, the Clerk has noted deficiencies to the petition and/or schedules and statements of this debtor(s) as listed below. This Notice advises the debtor(s) of deficiencies noted by the Clerk in the filing of the Voluntary Petition and related documents. This Notice does not cover all duties and requirements a debtor must perform, and there may be other deficiencies not noted below.

I.    VOLUNTARY PETITION:

☐ a.    The Voluntary Petition does not comply with Official Form B1 to implement amendments to the Bankruptcy Code contained in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

The debtor is directed to file an Amended Voluntary Petition on Official Form B1 and containing the required signatures of all parties. A link to the form is available on the court's web site at www.nvb.uscourts.gov

☐ b.    The address of the debtor(s) is missing or incomplete on the Voluntary Petition (Form B1) and therefore the Clerk is unable to provide proper notice to creditors.

The debtor(s) is directed to file an Amended Voluntary Petition (Form B1) with the complete address of the debtor(s).

☐ c.    The Voluntary Petition (Form B1) does not contain all signatures required by Fed. R. Bankr. P. 1008 and Fed. R. Bankr. P. 9011(a).

The debtor is directed to file an Amended Voluntary Petition containing required signatures of all parties.

II.    SCHEDULES, STATEMENTS AND CERTIFICATIONS:

☑ a.    The following schedules, required pursuant to Local Rule 1007(b) and (c), were not filed with the Voluntary Petition:

☑    Summary of Schedules (Form B6)

☑    Schedule A – Real Property (Form B6A)

☑    Schedule B – Personal Property (Form B6B)

☑    Schedule D – Creditors Holding Secured Claims (Form B6D)

☑    Schedule E – Creditors Holding Unsecured Priority Claims (Form B6E)

☑    Schedule F – Creditors Holding Unsecured Nonpriority Claims (Form B6F)

☑    Schedule G – Executory Contracts and Unexpired Leases (Form B6G)

☑    Schedule H – Codebtors (Form B6H)

☑    Declaration Concerning Debtor's Schedule (Form B6–Decl.)

The debtor(s) is directed to:

1)    file the missing schedules with Declaration (Form B6–Decl.)
of the debtor(s) and required signatures no later than 15 days from
the date the petition was filed.

2)    if additional creditors not initially provided with the Voluntary Petition
are added on the Schedules, the debtor(s) is directed to:

A)    include the $26.00 amendment fee; and
B)    provide Proof of Service of the "Notice of Chapter 11 Bankruptcy
Case, Meeting of Creditors, and Deadlines (Form B9_)" issued in the case
to each of the additional creditors.

☑  b.    The Statement of Financial Affairs (Form B7), required pursuant to Local Rule 1007(b) and
(c), were not filed with the Voluntary Petition.

The debtor(s) is directed to file the missing Statement of Financial Affairs (Form B7) with
declaration of the debtor(s) and required signature(s) no later than 15 days from the date the
petition was filed.

☐  c.    The Statement of Financial Affairs (Form B7), required pursuant to Local Rule 1007(b) and
(c), was filed without an original signature or the required electronic signature in compliance
with Fed. R. Bankr. P. 1008 and/or Local Rule 5005, and Appendix A thereto.

The debtor(s) is directed to file an Amended Statement of Financial Affairs containing the
required signatures of all parties or /s/ and the parties names in accordance with Local Rule
5005, and Appendix A thereto within 15 days from the date the petition was filed.

III.    DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

☑    Pursuant to Fed. R. Bankr. P. 2016(b), the attorney for the debtor(s) has failed to file a
statement of compensation as required by Section 329 of the Bankruptcy Code. The attorney
for the debtor(s) is directed to:

1)    file a statement of compensation in compliance with Fed. R. Bankr. P. 2016(b).
2)    Form B203 Disclosure of Compensation of Attorney For Debtor may be used
to meet this requirement. A link to the form is available on the court's web site
at www.nvb.uscourts.gov

Failure of the attorney for the debtor(s) to cure this deficiency may result in sanctions or the
issuance of a show cause order.

IV.    LIST OF CREDITORS AND EQUITY SECURITY HOLDERS:

☐  a.    Pursuant to Fed. R. Bankr. P. 1007(a), Local Rule 1007(a)(5) and Local Rule 1007(b), the
voluntary petition was not accompanied by a list containing the names and addresses of the
debtor's creditors. In addition, the debtor(s) has not filed a schedule of liabilities.

The debtor(s) is directed to file a list containing the names and addresses of the debtor's creditors. The list must be in compliance with the Local Rule 1007(b).

☑ b.    The Verification of Creditor Matrix, required pursuant to Fed. R. Bankr. P. 1008, was not filed with the list of creditors.

The debtor(s) is directed to submit to the Clerk a Verification of Creditor Matrix form in accordance with Fed. R. Bankr. P. 1008. The form is available from the court's web site at www.nvb.uscourts.gov.

☐ c.    Pursuant to Local Rule 1007(b), the attorney for the debtor(s) failed to enter the names and addresses of all creditors of the debtor(s) into the court's electronic case filing system (CM/ECF) or, if exempt from mandatory electronic filing, to submit a computer readable diskette containing the names and addresses of all creditors of the debtor(s) or the diskette that was submitted was not properly formatted. The notice of commencement of case will exclude the creditors not entered into CM/ECF or not submitted on a properly formatted disk, and therefore, their debts may not be dischargeable.

The attorney for the debtor(s) is directed to:
    1)   serve a copy of the notice of commencement of case that contains the full social security number of the debtor(s) upon all creditors; and
    2)   file proof of service of the notice. The proof of service should redact the debtor(s) social security number.

With the filing of the proof of service, the attorney for the debtor(s) is further directed to:
    1)   enter the names and addresses of all creditors of the debtor(s) into the court's electronic case filing system (CM/ECF); or
    2)   if the attorney is exempt from mandatory electronic filing, submit a properly formatted diskette, properly labeled with the debtor's name(s) and case number, to the court. Upon submission of a computer readable disk, these creditors will be added to the case.

☐ c.    Pursuant to Fed. R. Bankr. P. 1007(a)(3), the debtor(s) failed to file a list of equity security holders.

The debtor(s) is directed to file a list of equity security holders that complies with the requirements of Fed. R. Bankr. P. 1007(a)(3) within 15 days from the date the petition was filed, unless the court orders otherwise.

☐ d.    Pursuant to Fed. R. Bankr. P. 1007(d), the debtor(s) in a Chapter 11 case failed to file the List of Creditors Holding 20 Largest Unsecured Claims (Form 4) containing the name, address and claim of the creditors that hold the 20 largest unsecured claims. Pursuant to Fed. R. Bankr. P. 1007(d) this document should have been filed with the Voluntary Petition.

V.    <u>TAX IDENTIFICATION NUMBER</u>

☐ a.    Pursuant to Fed. R. Bankr. P. 1005, the Tax Identification Number of the debtor was not provided or is incomplete on the petition.

The debtor(s) is directed to:
    1)   file an Amended Voluntary Petition containing the      required signature of all parties;
    2)   to serve the amended petition upon all creditors; and
    3)   to file proof of service of the amendment with the court.

VI.    <u>FILING FEES:</u>

☐ a.    Pursuant to Local Rule 1006(a), the Voluntary Petition was filed without payment of the required filing fee.

The debtor(s) is directed to pay the required filing fee.

☐ b.    The filing fee submitted with the petition has been returned to the debtor(s) or attorney for
debtor(s) due to an incorrect payment amount or was tendered by personal check of the
debtor(s).

The debtor(s) is directed to:
1)    pay the required filing fee in the correct amount.
2)    if paid directly by the debtor, pay the required filing fee by cash or money order.

VII.    CHAPTER 11 BALANCE SHEET, OPERATIONS AND CASH–FLOW STATEMENT AND
INCOME TAX RETURNS (SMALL BUSINESS DEBTORS ONLY):

☐    The petition discloses that the debtor is a small business debtor under 11 U.S.C. §101(51D).
The following financial statements of the small business debtor, required pursuant to Section
1116(1) of the Bankruptcy Code, were not filed with the Voluntary Petition:

☐    the small business debtor's most recent balance sheet;

☐    the small business debtor's most recent statement of operations;

☐    the small business debtor's most recent cash–flow statement;

☐    the small business debtor's most recent federal income tax return;

OR

☐    the small business debtor's statement made under penalty of perjury that no
balance sheet, statement of operations or cash–flow statement
has been prepared and no federal tax return has been filed.

Pursuant to Section 1116(1) of the Bankruptcy Code, these financial statements should have
been filed with the Voluntary Petition.

VIII.    DECLARATION RE: ELECTRONIC FILING:

☐    The debtor(s) failed to file a Declaration under penalty of perjury re: Electronic Filing
pursuant to Local Rule 5005, and Electronic Filing Procedures (revised 5/06), thereto or has
failed to include a proper electronic signature in compliance with Fed. R. Bankr. P. 9011(a)
and Local Rule 5005.

The debtor(s) is directed to file a Declaration under penalty of perjury re: Electronic Filing
containing the required signatures of all parties or /s/ and the parties names in accordance with
Local Rule 5005, and Electronic Filing Procedures (revised 5/06) thereto.

*UNITED STATES BANKRUPTCY COURT*
*DISTRICT OF NEVADA*

"ELECTRONIC FILING PROCEDURES"
Revised May 1, 2006

VIII.    Signatures
D.    Documents Requiring Original Signatures
1.    Documents Requiring Debtor's Signature; "Declaration re:
Electronic Filing"
Petitions, lists, schedules and statements and plans (if applicable) requiring
the signature of the debtor shall be filed electronically. Before the
document(s) are electronically filed the debtor must sign a "Declaration Re:
Electronic Filing of Petition, Schedules, Statements and Plan"

"Declaration"). Within fifteen (15) days after the electronic filing, the debtor must file the executed "Declaration" by either electronic or conventional means. If the "Declaration" is filed electronically, the image of the original must be attached to the document(s) in PDF format; and the original signed "Declaration" shall be retained by the Filing User for the latter of five (5) years or the maximum allowable time necessary to complete the appellate process, and upon request, the original "Declaration" shall be provided to other parties or to the Court for review.

If after fifteen (15) days the "Declaration" has not been filed by either electronic or conventional means, the Court may enter an order of dismissal for failure to file missing documents. A "Declaration re: Electronic Filing of Petition, Schedules, Statements and Plan (if applicable)" is attached to these Electronic Filing Procedures.

A Declaration is required to be filed with each amendment to a petition, schedule, statement and/or plan requiring the signature of the debtor."

IX.    <u>OTHER:</u>

☐        Enter Additional Information:

**NOTICE IS FURTHER GIVEN:** The Local Rules and Electronic Filing Procedures are available on the court's web site at www.nvb.uscourts.gov. The Federal Rules of Bankruptcy Procedure are available at www.uscourts.gov/rules/.

Dated: 4/1/09                                     BY THE COURT

                                                  *Mary A. Schott*

                                                  Mary A. Schott
                                                  Clerk of the Bankruptcy Court