James I. Stang, Esq. (SBN 94435)
Shirley S. Cho, Esq. (SBN 192616)
Werner Disse, Esq. (SBN 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

E-Filed on April 1, 2009

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br> HERITAGE LAND COMPANY, LLC, <br> Debtor. | Chapter 11 <br> Case No. 09-14778-LBR |
| In re: <br> BATCAVE, LP, <br> Debtor. | Chapter 11 <br> Case No. 09-14861 LBR |
| In re: <br> BRAVO, INC., <br> Debtor. | Chapter 11 <br> Case No. 09-14825 LBR |
| In re: <br> C & J HOLDINGS, INC., <br> Debtor. | Chapter 11 <br> Case No. 09-14843 LBR |
| In re: <br> CHALKLINE, LP, <br> Debtor. | Chapter 11 <br> Case No. 09-14862 LBR |

| | | |
|---|---|---|
| 1 | In re: | Chapter 11 |
| 2 | ELKHORN INVESTMENTS, INC., | Case No. 09-14837 LBR |
| 3 | Debtor. | |
| | In re: | Chapter 11 |
| 4 | ELKHORN PARTNERS, A NEVADA LIMITED | Case No. 09-14828 LBR |
| 5 | PARTNERSHIP, | |
| 6 | Debtor. | |
| | In re: | Chapter 11 |
| 7 | GERONIMO PLUMBING LLC, | Case No. 09-14820 LBR |
| 8 | Debtor. | |
| 9 | In re: | Chapter 11 |
| 10 | GLYNDA, LP, | Case No. 09-14865 LBR |
| 11 | Debtor. | |
| | In re: | Chapter 11 |
| 12 | GUNG-HO CONCRETE LLC, | Case No. 09-14822 LBR |
| 13 | Debtor. | |
| 14 | In re: | Chapter 11 |
| 15 | APACHE FRAMING, , LLC, | Case No. 09-14818-LBR |
| 16 | Debtor. | |
| 17 | In re: | Chapter 11 |
| | JACKKNIFE, LP, | Case No. 09-14860 LBR |
| 18 | Debtor. | |
| 19 | In re: | Chapter 11 |
| 20 | JARUPA, LLC, | Case No. 09-14839 LBR |
| 21 | Debtor. | |
| | In re: | Chapter 11 |
| 22 | OVERFLOW, LP, | Case No. 09-14856 LBR |
| 23 | Debtor. | |
| 24 | In re: | Chapter 11 |
| 25 | PARCEL 20, LLC, | Case No. 09-14848 LBR |
| 26 | Debtor. | |

*Left margin: PACHULSKI STANG ZIEHL & JONES LLP, ATTORNEYS AT LAW, LOS ANGELES, CALIFORNIA*

73203-001\DOCS_LA:199496.3                 2

| | | |
|---|---|---|
| 1 | In re: | Chapter 11 |
| 2 | RHODES ARIZONA PROPERTIES, LLC, | Case No. 09-14868 LBR |
| 3 | Debtor. | |
| 4 | In re: | Chapter 11 |
|   | RHODES HOMES ARIZONA, LLC, | Case No. 09-14882 LBR |
| 5 | Debtor. | |
| 6 | In re: | Chapter 11 |
| 7 | RHODES DESIGN AND DEVELOPMENT CORPORATION, | Case No. 09-14846 LBR |
| 8 | Debtor. | |
| 9 | In re: | Chapter 11 |
| 10 | RHODES RANCH GENERAL PARTNERSHIP, | Case No. 09-14844 LBR |
| 11 | Debtor. | |
| 12 | In re: | Chapter 11 |
| 13 | RHODES RANCH GOLF COUNTRY CLUB, LLC, | Case No. 09-14854 LBR |
| 14 | Debtor. | |
| 15 | In re: | Chapter 11 |
|    | RHODES REALTY, INC., | Case No. 09-14841 LBR |
| 16 | Debtor. | |
| 17 | In re: | Chapter 11 |
| 18 | THE RHODES COMPANIES, LLC, | Case No. 09-14814 LBR |
| 19 | Debtor. | |
| 20 | In re: | Chapter 11 |
| 21 | SIX FEATHERS HOLDINGS, LLC, | Case No. 09-14833 LBR |
|    | Debtor. | |
| 22 | In re: | Chapter 11 |
| 23 | TICK, LP, | Case No. 09-14866 LBR |
| 24 | Debtor. | |
| 25 | In re: | Chapter 11 |
| 26 | TRIBES HOLDINGS, LLC, | Case No. 09-14817 LBR |
|    | Debtor. | |
| 27 | | |
| 28 | | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| In re: | Chapter 11 |
|---|---|
| TUSCANY ACQUISITIONS, LLC, | Case No. 09-14853 LBR |
| Debtor. | |
| In re: | Chapter 11 |
| TUSCANY ACQUISITIONS II, LLC, | Case No. 09-14852 LBR |
| Debtor. | |
| In re: | Chapter 11 |
| TUSCANY ACQUISITIONS III, | Case No. 09-14850 LBR |
| Debtor. | |
| In re: | Chapter 11 |
| TUSCANY ACQUISITIONS IV, LLC, | Case No. 09-14849 LBR |
| Debtor. | |
| In re: | Chapter 11 |
| WALLBOARD, LP, | Case No. 09-14858 LBR |
| Debtor. | |
| In re: | Chapter 11 |
| TUSCANY GOLF COUNTRY CLUB, LLC, | Case No. 09-14884 LBR |
| Debtor. | |
| In re: | Chapter 11 |
| PINNACLE GRADING, LLC, | Case No. 09-14887 LBR |
| Debtor. | |
| Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s) | |

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND SETTING SINGLE BAR DATE AND MEETING OF CREDITORS**

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion") the Court for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Fed. R. Bankr. P. 1015(b).

**Background**

3. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11, United States Bankruptcy Code (the "Bankruptcy Code").  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.  The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The factual background relating to the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, are set forth in detail in the *Declaration of James M. Rhodes, President, in Support of First Day Motions* (the "Rhodes Declaration") filed concurrently with this Motion and incorporated herein by reference.[1]

5. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Rhodes Declaration.

6.  No request has been made for the appointment of a trustee or an examiner in these cases, and no official committee has yet been appointed by the Office of the United States Trustee.

**Relief Requested**

7.  By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only.

8.  The Debtors also request that the caption of their chapter 11 cases be modified to reflect the joint administration of these chapter 11 cases substantially as follows:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>HERITAGE LAND COMPANY, LLC, a Nevada limited liability company, et al.,[1]<br><br>　　　　Debtors.<br>_____<br><br>Affects:<br><br>☒　All Debtors<br>☐　Affects the following Debtor(s) | Case No. 09-14778-LBR<br><br>(Jointly Administered)<br><br>Chapter 11 |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

9. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below. The docket in case no. 09-14778-LBR should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:
>
> Apache Framing, LLC (Case No. 09-14818); Batcave, LP (Case No. 09-14861); Bravo, Inc. (Case No. 09-14825); C & J Holdings, Inc. (Case No. 09-14843); Chalkline, LP (Case No. 09-14862); Elkhorn Investments, Inc. (Case No. 09-14837); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Geronimo Plumbing LLC (Case No. 09-14820); Glynda, LP (Case No. 09-14865); Gung-Ho Concrete LLC (Case No. 09-14822); Heritage Land Company, LLC (Case No. 09-14778); Jackknife, LP (Case No. 09-14860); Jarupa, LLC (Case No. 09-14839); Overflow, LP (Case No. 09-14856); Parcel 20, LLC (Case No. 09-14848); Pinnacle Grading, LLC (Case No. 09-14887); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Rhodes Design and Development Corporation (Case No. 09-14846); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Rhodes Realty, Inc. (Case No. 09-14841); The Rhodes Companies, LLC (Case No. 09-14814); Six Feathers Holdings, LLC (Case No. 09-14833); Tick, LP (Case No. 09-14866); Tribes Holdings, LLC (Case No. 09-14817); Tuscany Acquisitions, LLC (Case No. 09-14853); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Golf Country Club, LLC (Case No. 09-14884) and Wallboard, LP (Case No. 09-14858).

10. The Debtors also request that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

11. Finally, because of the two Petition Dates in these cases, the Debtors request that to the extent that the Court sets any bar date or 341(a) meeting of creditors, that such date be set for the same date and that such date be the later of the two Petition Dates, or April 1, 2009, for all Debtors.

**Basis for Relief**

12. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b). The Rhodes Declaration, filed simultaneously herewith, establishes that joint administration of these chapter 11 cases (a) is warranted because the Debtors' financial affairs and business operations are closely related, (b) will ease the administrative burden on the Court and the parties, and (c) protects creditors of different estates against potential conflicts of interest.

13. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. With thirty-two (32) affiliated debtors, each with its own case docket and approximately 11,000 total potential creditors, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of paper.

14. Joint administration will permit the Clerk to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration will also protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

15. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 8 of this Motion.

16. The Debtors submit that use of the simplified caption, without reference in the caption itself to the thirty-two (32) affiliated Debtors and their states of incorporation, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification.

17. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely

procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will also be simplified. The Debtors also believe that setting a single bar date and 341(a) meeting date for all the Debtors will ease the administrative burden of these estates on both the Clerk's office and the Debtors.

### Notice

18. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee; (ii) the administrative agents for the Debtors' prepetition secured lenders and their respective counsel to the extent known, (iii) the top 25 unsecured creditors on a consolidated basis as disclosed in the Debtors' petitions; and (iv) all parties in interest requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

### No Prior Request

19. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases; and (b) granting such other and further relief is proper.

Dated:  March 31, 2009          LARSON & STEPHENS

                                */s/Zachariah Larson*
                                Zachariah Larson, Esq. (NV Bar No. 7787)
                                810 S. Casino Center Blvd., Ste. 104
                                Las Vegas, Nevada  89101

                                [Proposed] Counsel for Debtors and
                                Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

73203-001\DOCS_LA:199496.3                9