# EXHIBIT B

James I. Stang, Esq. (SBN 94435)
Shirley S. Cho, Esq. (SBN 192616)
Werner Disse, Esq. (SBN 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
         scho@pszjlaw.com
         wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

SOUTHERN DIVISION

In re:

HERITAGE LAND COMPANY, LLC, a Nevada limited liability company, et al.,[1]

　　Debtors.

Affects:

☒ All Debtors
☐ Affects the following Debtor(s)

Case No.: 09-14778-LBR
(Jointly Administered)

Chapter 11

**ORDER AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL ON AN INTERIM BASIS**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

73203-001\DOCS_LA:199809.1

1

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (the "Debtors"), for entry of interim and final orders, pursuant to sections 105, 361, 362, 363 and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, (a) authorizing the Debtors to use cash collateral, (b) granting adequate protection to the Debtors' prepetition secured creditors, and (c) scheduling a final hearing on the Motion pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure; upon the *Declaration of James M. Rhodes in Support of First Day Motions* ("Rhodes Declaration") and the *Declaration of Paul David Huygens in Support of the Motion*; upon the other pleadings and documents filed in these cases; and upon the arguments made by counsel at the hearing, and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and it appearing that the relief requested by the Motion is necessary and in the best interests of the Debtors, their estates, and their creditors; and due notice of the Motion having been served upon (a) the Office of the United States Trustee, (b) the secured creditors holding consensual liens on properties of the Debtors, and (c) the consolidated 25 largest unsecured creditors of the Debtors (the "25 Largest Unsecured Creditors"), and it appearing that no other or further notice need be given; and sufficient cause appearing therefore, it is

### ORDERED

1. The Motion is GRANTED on an interim basis pending a final hearing, which final hearing shall be held on April _, 2009 at _:__..m, before this Court (the "Final Hearing").

2. The Debtors are hereby authorized to use the Cash Collateral to and through the date set for the Final Hearing on the Motion, pursuant to the terms of the Motion and in the amounts and for the expenses set forth in the 13 Week Budget attached to the Motion as Exhibit B. In that connection, it is further ordered that the Debtor shall not deviate by more than 20% on any line item in the 13 Week Budget.

3. After the payment of the expenses of preserving, maintaining and operating the Cash Collateral Properties, any excess income may be utilized by any other Debtor to pay its ordinary costs and expenses of preserving, maintaining and operating its property. Further, such excess income or receipts from any Cash Collateral Property shall be available to the Debtors to pay

---

[2] All capitalized terms not otherwise defined herein are defined in accordance with their usage in the Motion.

the fees and costs of the professionals of the Debtors' estates, as such fees and costs may be awarded by the Court after appropriate notice and a hearing.

        4.      Any opposition to the Motion must be filed with the Court and served on the United States Trustee, the Cash Collateral Creditors, parties requesting special notice, counsel for any official unsecured creditors committee appointed in these cases, or until such time as counsel is named, the 25 Largest Unsecured Creditors, or upon any such Committee of Creditors Holding Unsecured Claims, if one is appointed, and counsel to the Debtor, by no later than 4:00 p.m. on April __, 2009.

        5.      Any reply to opposition to the Motion must be filed with the Court, with a conformed copy delivered to chambers and a copy served on the United States Trustee, the Cash Collateral Creditors, counsel for any official unsecured creditors committee appointed in this case, or until such time as counsel is named, the 25 Largest Unsecured Creditors, and parties requesting special notice, by no later than 4:00 p.m. on April __,2009.

        6.      Upon entry of this Order, counsel for the Debtors shall forward written notice thereof to the creditors and interested parties described in paragraph 5 above.

        7.      The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: _____, 2009

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA