Entered on Docket
April 10, 2009

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

James I. Stang, Esq. (SBN 94435)
Shirley S. Cho, Esq. (SBN 192616)
Werner Disse, Esq. (SBN 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes", et al.,[1]<br><br>Debtors. | Case No. 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>DATE: 4-8-2009<br>TIME: 3:00 PM<br>Courtroom No. 1 |

[1] The Debtors in these cases, along with their case numbers are: Apache Framing, LLC (Case No. 09-14818); Batcave, LP (Case No. 09-14861); Bravo, Inc. (Case No. 09-14825); C & J Holdings, Inc. (Case No. 09-14843); Chalkline, LP (Case No. 09-14862); Elkhorn Investments, Inc. (Case No. 09-14837); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Geronimo Plumbing LLC (Case No. 09-14820); Glynda, LP (Case No. 09-14865); Gung-Ho Concrete LLC (Case No. 09-14822); Heritage Land Company, LLC (Case No. 09-14778); Jackknife, LP (Case No. 09-14860); Jarupa, LLC (Case No. 09-14839); Overflow, LP (Case No. 09-14856); Parcel 20, LLC (Case No. 09-14848); Pinnacle Grading, LLC (Case No. 09-14887); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Rhodes Design and Development Corporation (Case No. 09-14846); Rhodes

73203-001\DOCS_LA:199703.5

1

Affects:

☒ All Debtors
☐ Affects the following Debtor(s):

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363, AND 507(a) FOR AN ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION; (II) REMIT WITHHOLDING OBLIGATIONS; (III) MAINTAIN EMPLOYEE COMPENSATION AND BENEFITS**

Upon consideration of the motion ("Motion") of the above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of Title 11 of the United States Code (the "Bankruptcy Code"), to authorize, but not require, the Debtors (i) to pay prepetition wages, salaries, employee benefits, and other compensation; (ii) to remit withholding obligations; (iii) to maintain employee compensation and benefits programs and pay related administrative obligations; and (iv) to authorize and direct applicable banks and other financial institutions receive, process, honor, and pay certain checks presented for payment and honor certain fund transfer requests; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O); and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefore; it is hereby:

Ranch General Partnership (Case No. 09-14844); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Rhodes Realty, Inc. (Case No. 09-14841); The Rhodes Companies, LLC (Case No. 09-14814); Six Feathers Holdings, LLC (Case No. 09-14833); Tick, LP (Case No. 09-14866); Tribes Holdings, LLC (Case No. 09-14817); Tuscany Acquisitions, LLC (Case No. 09-14853); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Golf Country Club, LLC (Case No. 09-14884) and Wallboard, LP (Case No. 09-14858)

73203-001\DOCS_LA:199703.5

ORDERED that the Motion is GRANTED[2] except as to the granting of administrative claim status to post-petition Intercompany Transfers, which portion of the Motion shall be continued to the hearing on April 17, 2009 at 9:30 a.m.; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay and/or honor the Employee Wages and Benefits, in accordance with the Debtors' stated policies and in the ordinary course of the Debtors' business, including, but not limited to, amounts due on account of unpaid Wages and Benefits, including the Wages, Commissions and General Reimbursement Obligations, to honor, but not pay, prepetition PTO claims, and to pay all costs associated with the foregoing, with respect to Employees as set forth in the Motion, and it is further

ORDERED that, subject to the foregoing provision, the Debtors are authorized, but not directed, in their sole discretion, to continue to implement, pay and/or honor (as applicable) any or all of the Wages and Benefits on a postpetition basis;

ORDERED that the Debtors are authorized, but not directed, to make payments to applicable third parties from Withholding Obligations and in respect of the Employee Benefits, and costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion; and it is further

ORDERED that in accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors to Employees, and by the Debtors to third parties on account of the Withholding Obligations or Benefits, whether such checks were presented or fund transfer requests were submitted prior to, on, or after the Petition Date; and it is further

---

[2] All capitalized terms not otherwise defined herein are defined in accordance with their usage in the Motion.

ORDERED that the Debtors are authorized to pay all processing and administrative fees associated with payment of the Employee Wages and Benefits; and it is further

ORDERED that no payments to any Employee for prepetition Wages and Commissions will collectively exceed the $10,950 cap per Employee provided under section 507(a)(4) and 507(a)(5) of the Bankruptcy Code; and it is further

ORDERED that no Wages or Benefits shall be paid pursuant to this Order to any person not currently employed by the Debtors; and it is further

ORDERED that payments made pursuant to this Order shall only be made in respect of services actually provided to the Debtors and no amounts shall be paid on account of any services provided to any non-Debtor affiliates of any Debtor.

ORDERED that no insider as defined in section 101(31)(B) shall receive any prepetition Wages pursuant to this Order; and it is further

ORDERED that any compensation for post-petition Wages for James M. Rhodes or any of his relatives shall be made by separate application of the Debtors by way of motion for insider compensation;

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' right to contest the amount or validity of claims; and it is further

  ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2009.

APPROVED AS TO FORM AND CONTENT:

By: /s/Brett Axelrod
GREENBERG TAURIG
Brett Axelrod
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
*Counsel for Sagebrush Enterprises Inc.*

By: [signature] August B. Landis, AUST
UNITED STATES TRUSTEE
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV 89101

By: /s/Ira S. Dizengoff
AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff (NY Bar No. 2565687)
Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 268437)
One Bryant Park
New York, NY 10036
*Counsel for the First Lien Steering Committee*

By: /s/Ramon M. Naguiat
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Ramon M. Naguiat
300 S. Grand Ave., #3400
Los Angeles, CA 90071
(213) 687-5000
Ramon.naguiat@skadden.com
*Co-Counsel for Credit Suisse, Cayman Islands Branch, as Agent for First Lien Lenders*

Submitted by:

By: /s/Zachariah Larson
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Proposed Attorney for Debtor*