James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
[Proposed] Attorneys for Debtors and
Debtors in Possession

E-File: 4-13-09

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes, et al.,"[1]

Debtors.

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-002\DOCS_LA:200412.1

Affects:
☒ All Debtors
☐ Affects the following Debtor(s)

## NOTICE OF ENTRY OF ORDER

**TO: ALL INTERESTED PARTIES:**

YOU ARE HEREBY NOTICED that an *Ex Parte Order Granting Application of Debtors for Authorization to (1) Employ and Retain Omni Management Group, LLC as Claims, Balloting, Noticing and Administrative Agent for the Debtors and (2) Appoint Omni Management Group, LLC as Agent of the Bankruptcy Court Nunc Pro Tunc to the Petition Date,* was entered on April 10, 2009 in related Case No. 09-14778-LBR, Heritage Land Company, LLC. A copy of the Order is attached hereto.

**DATED** this 13th day of April, 2009.

**LARSON & STEPHENS**

/s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Attorneys for Debtors

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**Entered on Docket**
**April 08, 2009**

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

___

James I. Stang, Esq. (SBN 94435)
Shirley S. Cho, Esq. (SBN 192616)
Werner Disse, Esq. (SBN 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>HERITAGE LAND COMPANY, LLC, a Nevada limited liability company, et al.,[1]<br><br>Debtors.<br><br>Affects:<br><br>☒ All Debtors<br>☐ Affects the following Debtor(s) | Case No.: 09-14778 LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**EX PARTE ORDER GRANTING APPLICATION OF DEBTORS FOR AUTHORIZATION TO (1) EMPLOY AND RETAIN OMNI MANAGEMENT GROUP, LLC AS CLAIMS, BALLOTING, NOTICING AND ADMINISTRATIVE AGENT FOR THE DEBTORS AND (2) APPOINT OMNI MANAGEMENT GROUP, LLC AS AGENT OF THE BANKRUPTCY COURT NUNC PRO TUNC TO THE PETITION DATE** |

Upon the *ex parte* application (the "Ex Parte Application")[2] of the above-captioned debtors (the "Debtors"), (i) seeking authorization to employ and retain Omni Management Group, LLC ("Omni" or the "Firm") as claims, noticing and balloting agents to the Debtors, and (ii) appointing Omni as agent of the Bankruptcy Court, *nunc pro tunc* to the Petition Date; and upon the *Declaration of Robert L. Berger in Support of the Ex Parte Application of Debtors for Authorization to (1) Employ and Retain Omni Management Group, LLC as Claims, Balloting, Noticing and Administrative Agent for the Debtors and (2) Appoint Omni Management Group, LLC as Agent of the Bankruptcy Court Nunc Pro Tunc to the Petition Date* (the "Berger Declaration"), which was submitted concurrently with the Application; and the Court being satisfied, based on the representations made in the Application and the Berger Declaration, that Omni represents or holds no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

to be engaged, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of Omni is necessary and in the best interests of the Debtors and the Debtors' estates; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that due notice of the Ex Parte Application has been given and no further notice need be given; and upon the proceedings before the Court; and after due deliberation and good and sufficient cause appearing; it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to employ and retain Omni as their claims agent, noticing agent and administrative agent, effective *nunc pro tunc* to the Petition Date, on the terms set forth in the Application and the Engagement Letter; and it is further

ORDERED that Omni shall be authorized to perform such other tasks as the Debtors requested in the Application and Engagement Letter as well as to receive the list of creditors and receive, maintain, record and otherwise administer and catalog any and all Proofs of Claim relating to these chapter 11 cases; and it is further

ORDERED that Omni is designated as the authorized recipient and repository for all Proofs of Claim as custodian for the Clerk's office, and Omni is authorized to maintain as agent for the Clerk's office an official claims register, and to provide the Clerk's office with a certified duplicate thereof on a monthly basis; and it is further

ORDERED that the Clerk of the Bankruptcy Court is authorized to transmit to Omni all Proofs of Claim heretofore filed in these chapter 11 cases, and to transmit to Omni all Proofs of Claim hereafter received by the Clerk's office; and it is further

ORDERED that Omni shall maintain a Claims Register which shall reflect in sequential order the claims filed in these chapter 11 cases, specifying (i) the claim number, (ii) the date such claim was received by the Clerk's office (if such claim was not time-stamped by the Clerk,

then the date on which Omni receives such claim shall be indicated), (iii) the name and address of the claimant and the agent, if any, that filed such proof of claim, (iv) the amount of said claim, and (v) the classification(s) of such claim (e.g., secured, unsecured, priority, etc.); and it is further

ORDERED that Omni is authorized to perform all related tasks to process the Proofs of Claim and maintain a Claims Register, including, without limitation, recording transfers of claims; and it is further

ORDERED that upon the close of these chapter 11 cases, Omni shall return all Proofs of Claim received by it to the Clerk's office; and it is further

ORDERED that the Debtors are authorized to execute such documents, take such action and do such things as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that pursuant to section 503(b)(1)(A) of the Bankruptcy Code, Omni's fees and expenses incurred pursuant to the Engagement Letter are to be treated as an administrative expense of the Debtors' chapter 11 estates, and upon the receipt of reasonably detailed statements of expenses and charges, the Debtors are authorized and empowered to compensate Omni without further Court order for services rendered, plus reimbursement of all reasonable and necessary expenses incurred, in accordance with the Engagement Letter; and it is further

ORDERED if this case were to convert from chapter 11 to chapter 7, Omni will perform its duties through the conversion process and shall continue its services as required; provided however, that Omni reserves its rights to seek payment for such services in accordance with the Engagement Letter and may seek to be relieved of its duties should there be insufficient funds in such chapter 7 cases to enable the chapter 7 trustee to pay Omni's fees and expenses; and it is further

ORDERED that this Court shall retain jurisdiction over any issues arising from the implementation or interpretation of this order.

IT IS ORDERED.
**LARSON & STEPHENS**

/s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
[Proposed] Attorneys for Debtor

###