James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

E-Filed: April 13, 2009

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

SOUTHERN DIVISION

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes," et al.,[1]

Debtors.

Affects:

☒ All Debtors
☐ Affects the following Debtor(s)

Case No.: BK-5-09-14814-LBR
(Jointly Administered)

Chapter 11

**DECLARATION OF JAMES I. STANG IN SUPPORT OF APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY NUNC PRO TUNC TO THE PETITION DATE**

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No.

73203-002\DOCS_LA:200314.1             1

I, James I. Stang declare as follows:

1. I am a partner in the firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), located at 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067. This Declaration is submitted in support of the *Application of Debtors and Debtors in Possession to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Nunc Pro Tunc to the Petition Date* (the "Application"), which is being submitted concurrently herewith.

2. Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors (collectively, the "Debtors"), their creditors equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates, except as set forth below.

3. Lehman Commercial Paper, Inc., one of the Debtors' lenders, is a current client of the Firm on matters unrelated to the Debtors.

4. The Firm is currently general bankruptcy counsel to WL Homes LLC, a chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the District of Delaware. Rhodes Design and Development Corp. is listed as a creditor of WL Homes LLC. Should there be any claims asserted by WL Homes LLC against Rhodes Design and Development Corp., such claims shall be handled by the Debtors' Nevada counsel, Zachariah Larson of Larson & Stephens.

5. Wells Fargo and General Electric Capital Corp., which are secured creditors of the Debtors, are former clients of the Firm on matters unrelated to the Debtors.

6. PSZ&J represents many committees, whose members may be creditors in the Debtors' chapter 11 cases; however, PSZ&J is not representing any of those entities in these cases and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtors.

7. To the best of my knowledge, neither the Firm nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

---

09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

8.  PSZ&J is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that PSZ&J, its partners, of counsel and associates:

   a.  are not creditors, equity security holders or insiders of the Debtors;

   b.  are not and were not, within 2 years before the date of the filing of the petitions, a director, officer or employee of the Debtors; and

   c.  do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

9.  PSZ&J and certain of its partners, of counsel and associates may have in the past represented, and may currently represent and likely in the future will represent creditors of the Debtors in connection with matters unrelated to the Debtors and these cases. At this time, PSZ&J is not aware of such representations, except as disclosed above. PSZ&J will be in a position to identify with specificity any such persons or entities when lists of all creditors of the Debtors have been reviewed and will make any further disclosures as may be appropriate at that time.

10. The undersigned is not aware of any relationship as a "relative" with any U.S. Bankruptcy Judge in this District or with the United States Trustee that would be subject to the requirements of Bankruptcy Rule 5002(b).

11. The Firm was retained by the Debtors prior to the Petition Date. A copy of the Retention Agreement is attached to the Application as <u>Exhibit A</u>. PSZ&J began providing services to the Debtors on December 12, 2008, including, but not limited to, negotiating an out of court workout agreement with creditors of the Debtors and affiliated entities, preparing for the filing of the chapter 11 Cases and advising the Debtors regarding the formulation of a plan of reorganization.

12. The Firm has served as general bankruptcy counsel to debtors in a great number of chapter 11 cases and to a wide range of debtors in various industries. In addition, the Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing individual creditors, special interest committees, asset purchasers, and investors in both in and out of court restructurings. The Firm's depth of experience

in bankruptcy makes it particularly qualified to represent the Debtors. The Firm is also general bankruptcy counsel to homebuilders in the following chapter 11 cases: *In re Empire Land, LLC, et al.*, 6:08-14592 (MJ)(Central District of California); *In re WL Homes LLC, et al.*, DE 09-10571 (BLS); *In re Dunmore Homes*, CA 08-20569 (TH); and *In re Woodside Homes*, TN 08-07254 (GP); and bankruptcy counsel to the unsecured creditors' committee in *In re Landsource Communities Development*, DE 08-11111 (KJC).

13. PSZ&J has received advance payments from the Debtors during the year prior to the Petition Date in the amount of $1,149,893, including the Debtors' aggregate filing fees for these Cases, in connection with its prepetition representation of the Debtors (the "Advance Payment Retainer"). PSZ&J is current as of the Petition Date and $925,719 remains under the Advance Payment Retainer as of the Petition Date. The Advance Payment Retainer is not a fixed price for counsel's services, and the Firm reserves the right to seek additional compensation beyond the amounts covered by the Advance Payment Retainer in accordance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

14. PSZ&J intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The attorneys currently expected to be principally responsible for the Cases, and their respective hourly rates effective as of March 1, 2009, are as follows: James I. Stang ($795), Shirley S. Cho ($595) and Werner Disse ($495). The hourly rate for Michael Matteo, the paralegal assigned to the Cases, is $195. A copy of the backgrounds of the Firm's attorneys currently assigned to the Debtors' cases is attached to the Application as Exhibit B. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

15. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZ&J's policy to

charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

16. It is contemplated that the Firm will seek interim compensation during the cases as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the Cases is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

17. No promises have been received by the Firm or by any partner, of counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases, except among the partners, of counsel and associates of the Firm.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this 10th day of April, 2009, in Los Angeles, California.

/s/ James I. Stang
James I. Stang