James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
[Proposed] Attorneys for Debtors and
Debtors in Possession

E-File: April 13, 2009

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,"[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

| Affects: | Hearing Date: May 15, 2009 |
|---|---|
| ☒ All Debtors | Hearing Time: 10:00 a.m. |
| ☐ Affects the following Debtor(s) | Courtroom 1 |

## APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF LARSON & STEPHENS, LLC AS ATTORNEYS FOR DEBTOR

**TO: THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors-in-possession ("Debtor"), by and through its attorneys, the law firm of Larson & Stephens, LLC, hereby applies to this Court for entry of an order approving the employment of Larson & Stephens, LLC, as attorneys for Debtor. This application ("Application") is made and based upon Sections 327 and 328 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014, as well as the papers and pleadings on file herein, and the Declaration of Larson & Stephens, Esq. ("Larson Declaration") filed herewith.

1. On March 31, 2009, and on April 1, 2009, (hereinafter the "Petition Date"), Debtor filed its voluntary Chapter 11 bankruptcy petition. Debtor intends to manage its property and business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief sought herein arises from Sections 327, 328, 1107, and 1108 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure. Venue of Debtor's Chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Debtor, as debtor-in-possession, desires to employ Larson & Stephens, LLC ("L&S") as local counsel, which maintains offices at 810 S. Casino Center Blvd. Suite 104, Las Vegas, Nevada 89101, as its attorneys herein. Debtor's agreement with L&S is attached to the LARSON Declaration as Exhibit "1" thereto.

4. L&S is familiar with bankruptcy practice and is well qualified to act in the capacity as attorneys for Debtor and it is necessary for Debtor to employ attorneys to render the following professional services:

    b. To prepare schedules, statements, applications, and reports for which the

2

services of an attorney is necessary;

  c. To advise Debtor of its rights and obligations and its performance of its duties during the administration of this case;

  d. To assist Debtor in formulating a plan of reorganization and disclosure statements and to obtain approval and confirmation thereof: and

  e. To represent Debtor in all proceedings before this Court and other courts with jurisdiction over this case.

5. To the best of Debtor's knowledge, L&S and its attorneys do not hold or represent any interest adverse to the Debtor's estate and L&S and its attorneys are disinterested within the meaning of Section 101(14) of the Bankruptcy Code.

6. L&S does not have any connection with the United States Trustee or any persons employed in the Office of the United States Trustee.

7. L&S has, in the past. from time to time, may have represented potential creditors or parties-in-interest of the Debtor. However, L&S does not represent any creditor or party in interest in these proceedings. Prior to commencing representation of Debtor prepetition. L&S discussed with Debtor its primary creditors and reviewed the initial creditor and equity security lists to determine any prior or present representation of creditors or parties-in-interest. From such initial review, L&S has identified certain present or previous representations of creditors or parties-in-interest in unrelated matters and has disclosed to Debtor that L&S does not believe it has any conflict in regards to any previous or representations of creditors or parties in interest.

8. Debtor proposes compensation of said attorneys and paralegals be at varying rates are as follows: Zachariah Larson ($350). Kyle O. Stephens ($350) and Michael J. Walsh ($200). The hourly rate for Susan Stanton, Carey Shurtliff, and ShaLinda Creer, the paralegals assigned to the Cases, is $125, for the services of attorneys of L&S, subject to change from time to time as provided for in the Legal Representation Agreement attaches as Exhibit "1" to the Larson Declaration, and all subject to application to and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. In the normal course of business, L&S adjusts its hourly rates on or about December 1st of each year: however, L&S will not seek to raise its hourly rates for a minimum of six (6) months after the date of the entry of the order approving the Application.

3

9. No request has been made for the appointment of a trustee or examiner, and no official committees have yet been established in this case.

WHEREFORE, Debtor respectfully requests that it be authorized to employ L&S as its attorneys, to render legal services as described herein, with compensation and with reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code.

DATED this 15TH day of April, 2009.

BY: _____
James Rhodes, an Authorized
Representative of Heritage Land Company,
LLC. and all related Debtor entities

Prepared and Submitted:

LARSON & STEPHENS, LLC

_____
Zachariah Larson, Esq., Bar No. 7787
Kyle O. Stephens, Esq., Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Proposed Attorneys for Debtor

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

4