James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
[Proposed] Attorneys for Debtors and
Debtors in Possession

E-File: April 13, 2009

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes, et al.,"[1]

Debtors.

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

| Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s) | Hearing Date: May 15, 2009<br>Hearing Time: 10:00 a.m.<br>Courtroom 1 |

### DECLARATION OF ZACHARIAH LARSON, ESQ. IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF LARSON & STEPHENS, LLC AS ATTORNEYS FOR DEBTOR

I, Zachariah Larson, Esq., declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration (the "Larson Declaration") in support of Debtor's <u>Application for Order Approving The Employment of Larson & Stephens, LLC, Attorneys For Debtor</u>.

2. I am managing partner in the law firm of Larson & Stephens, LLC ("L&S" or the "Firm"). The firm maintains offices at 810 S. Casino Center Blvd., Suite 104, Las Vegas, Nevada 89101. I am admitted to practice law before this Court.

3. Neither I, nor L&S, nor any member or associate thereof, insofar as I have been able to ascertain, has any present connection with HERITAGE LAND COMPANY, LLC or any related Debtor entities ("Debtor"), or Debtor's creditors or other parties-in-interest, except as set forth below or in the accompanying Application Approving the Employment of Larson & Stephens. To the best of my knowledge, L&S and its attorneys do not hold or represent any interest adverse to the Debtor's estate and L&S and its attorneys are disinterested within the meaning of 11 U.S.C. § 101(14). Additionally, L&S does not have any connection with the United States Trustee or any persons employed in the Office of the United States Trustee. L&S' representation of Debtor will not be adverse to the Debtor's estate.

4. L&S was engaged to provide pre-bankruptcy counseling and preparation and a legal representation agreement with Debtor was executed on March 31, 2009. The terms of L&S' agreement with Debtor are attached hereto as Exhibit "1."

5. Pursuant to L&S' legal representation of Debtor and as set forth in the Schedules and Statements in Debtor's Petition, L&S received $150,000.00 from Debtor, as a retainer for this bankruptcy case (the "Retainer"). Prior to the Petition Date, L&S incurred fees and billed for services rendered in the amount of $11,280.00 (the "Fees") and $0.00 was applied to filing and

2

administrative fees in connection with Debtor's chapter 11 petition (the "Costs"). Therefore, after the Fees and Costs were deducted from the Retainer, a balance of $138,720.00 remains in the Retainer Account.

6. The attorneys employed by L&S are duly admitted to practice before this Court.

7. Members of L&S have practices emphasizing insolvency and reorganization and have been actively involved in a number of bankruptcy cases filed in this District within the last several years.

8. L&S, in the past, may have represented potential creditors or parties-in-interest. However, L&S has never represented any creditor of the Debtor in these proceedings. Prior to commencing representation of Debtor prepetition, L&S discussed with Debtor its primary creditors and reviewed the initial creditor and equity security lists to determine any prior or present representation of creditors or parties-in-interest. From such initial review, L&S has identified certain present or previous representations of creditors or parties-in-interest in unrelated matters and has disclosed to Debtor all such previous or present representations.

9. Debtor proposes compensation of said attorneys and paralegals be at varying rates of $125.00 per hour for paralegals, $150 for law clerks and up to $350.00 per hour for the services of attorneys of L&S, subject to change from time to time as provided for in Exhibit "1" to the Larson Declaration, and all subject to application to and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. In the normal course of business, L&S adjusts is hourly rates on or about December 1st of each year. However, L&S will not seek to raise its hourly rates for a minimum of six (6) months after the date of the entry of the order approving the Application.

10. No official committees have been appointed in this case. The United States Trustee has reviewed this Application before filing.

11. Based on the foregoing, I believe L&S and its members and associates thereof are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code.

. . .

. . .

. . .

I declare under penalty of perjury under the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 13 day of April, 2009.



Zachariah Larson

Exhibit "1"



## LARSON & STEPHENS
A NEVADA LIMITED LIABILITY COMPANY
810 S. CASINO CENTER BLVD., SUITE 104
LAS VEGAS, NV 89101

PHONE (702) 382-1170
FAX (702) 382-1169

March 31, 2009

Mr. James M. Rhodes,
President, Rhodes Homes
4730 S Fort Apache Rd, Suite 300
Las Vegas, NV 89147

Re:   Engagement of Larson & Stephens

Dear Mr. Rhodes:

This letter will confirm that Larson & Stephens, LLC (the "Firm") has been engaged as attorneys for the entities collectively hereinafter known generally as the Rhodes Homes Entities and as more thoroughly listed as Exhibit 1 (the "Client") on the terms described in this letter.

### Scope of Engagement

The Firm is engaged to provide legal services on the following matter (the "Matter"):

Represent Client as local counsel to assist James Stang, Esq., of Pachulski Stang Ziehl & Jones LLP, in the filing of multiple Chapter 11 bankruptcy petitions in the United States Bankruptcy Court in the Southern District of Nevada for the Client as more fully defined in Exhibit 1 attached hereto.

### Fees

The Firm's fees are based on the hourly rate of the persons working on the Matter as well as the value of the services rendered. The applicable hourly rates are the Firm's prevailing rates for attorneys, law clerks and paralegals. Our current rate for attorneys is $350.00 per hour for Kyle O. Stephens, Esq., and Zachariah Larson, Esq., $200.00 per hour for Michael J. Walsh, and $125.00 per hour for paralegals. The attorney who will provide the principal work on this case is Zachariah Larson ($350/hour). All of the Firm's rates are adjusted annually and the annual adjustment will apply to this engagement.

The Firm reserves the right to reduce fees charged to the Client without discussing the reduction with the Client if the Firm concludes that such a reduction is appropriate. If, on the other hand, the Firm concludes that the value of the services rendered is greater than what the fees would be at the Firm's prevailing hourly rates, then any such increase will be discussed with the Client.

Engagement of Larson & Stephens
Page 2 of 6
March 31, 2009

The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of the law, the preclusion of other engagements caused by the acceptance of this engagement, the magnitude of the Matter, the results achieved, customary fees for similar services, the nature and length of the Firm's relationship with the Client and other similar considerations.

## Costs And Expenses

The Firm's bills to the Client will include charges for various costs and expenses incurred on the Client's behalf. Costs are matters incurred in-house by the Firm (such as telephone charges). Expenses are incurred through invoices from a third party (such as service of process). Typical expense items include, but are not limited to: courier or messenger services, travel expenses, depositions, transcripts, witness fees, process fees, title insurance and filing and recordation fees. Typical cost items include, but are not limited to: photocopies, long distance telephone charges, facsimile transmissions, word processing, postage, overtime and clerical or secretarial assistance.

Costs will be charged under the Firm's standard practices for assessing and charging costs to its clients. Expenses will be passed through to the Client at actual cost. Whenever practical, the Firm will not commit to a major expense or cost item without first discussing it with the Client.

## Billing

The Firm will send its bills to the Client monthly and those bills will be due and payable within thirty (30) days from their due date or as otherwise in accordance with the United States Bankruptcy Code. Past-due bills will bear interest at the rate of one percent (1%) per month.

The Firm will provide in its bills a general identification of the services performed and the costs and expenses incurred. The Client will promptly raise and address with the Firm any questions that may arise with respect to the Firm's billing.

## Retainer

The Client agrees to immediately pay to the Firm for deposit to the Firm's trust accounts an initial retainer of One Hundred Fifty Thousand Dollars ($150,000.00) as an advance against fees, costs and expenses. The amount of the retainer shall be applied against the first bill rendered for this engagement and subsequent bills until the amount of the retainer is exhausted. Once the retainer is exhausted, the Client will be billed on a monthly basis until the matter is completed and this Retainer shall be subject to any and all rules of the United States Bankruptcy Court for the Southern District of Nevada.

Engagement of Larson & Stephens
Page 3 of 6
March 31, 2009

If the scope of the Matter expands significantly over that which is contemplated as of the date of this letter, then the Firm may require additional retainers as necessary.

### General Responsibilities

The Client shall cooperate fully and candidly with the Firm with respect to the Matter. The Client shall provide all information known by or available to the Client which may aid the Firm in representing the Client in the Matter.

The Client shall be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm may need for the appropriate handling of the Matter.

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client shall promptly and candidly discuss the problem with the Firm.

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm encourages the Client to participate in all major decisions involving the Matter. Unless otherwise directed by the Client, the Firm will provide the Client copies, at the Client's cost, of all significant documents sent or received by the Firm in connection with the Matter. The Client copies shall be sent to James Stang, Pachulski Stang Ziehl & Jones LLP., and Mr. James M. Rhodes, President, Rhodes Homes, 4730 S Fort Apache Rd. Suite 300, Las Vegas, NV 89147. All of the Firm's work product will be owned by the Firm but may be utilized in whole or in part by the Firm or the Client in other projects.

### Conflicts

The Firm represents many other companies and individuals. It is possible that some of the Firm's present or future clients will have disputes with the Client during this engagement. Therefore, as a condition to the Firm's undertaking this engagement, the Client agrees that the Firm may continue to represent, or may undertake in the future to represent, existing or new clients in any matter that is not substantially related to the Matter, even if the interests of such clients in those other matters are directly adverse to the Client. The Client's prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as the result of the Firm's representation of the Client, the Firm has obtained sensitive, proprietary or other confidential information that, if known to any such other client of the Firm, could be used in any such other matter by such client to the material disadvantage of the Client.

### Termination Of Representation

The Firm reserves the right to withdraw from the engagement if the Client fails to honor this engagement letter or for any just reason permitted by the Rules of Professional

Engagement of Larson & Stephens
Page 4 of 6
March 31, 2009

Conduct as adopted by the Nevada Supreme Court. The Client reserves the right to terminate this engagement without cause. Notification of termination or withdrawal shall be made in writing and shall be effective upon receipt. In the event of such termination or withdrawal, the Client shall promptly pay the Firm all fees, costs and expenses incurred prior to the date of termination or withdrawal.

Upon termination or withdrawal of this engagement, the Firm agrees to cooperate with any successor counsel to accommodate a smooth and orderly transition of the representation.

### Governing Law And Rules Of Professional Conduct

This engagement letter shall be interpreted and enforced in accordance with the laws of the State of Nevada.

The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

### Dispute Arbitration

Any dispute with respect to this engagement or as to the amount of legal fees shall be submitted for final and binding arbitration in Nevada. If the entire dispute can and will be heard by the Fee Dispute Committee of the State Bar of Nevada, then that shall be the forum for arbitration. If the entire dispute cannot or will not be heard by the Fee Dispute Committee of the State Bar of Nevada, then the entire dispute shall be submitted for arbitration before the American Arbitration Association.

### Effort And Outcome

The Firm agrees to competently and diligently represent the Client in the Matter. However, the Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter.

### Commencement Of Representation

The Client has requested that the Firm provide legal services before the signed copy of this letter is received by the Firm; accordingly, all such services previously rendered shall be deemed to be requested and provided pursuant to the terms of this letter.

### Retention Of Files

The Client is responsible for maintaining its own copy of documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to

Engagement of Larson & Stephens
Page 5 of 6
March 31, 2009

retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least three (3) years following the conclusion of the Matter.

### Subsequent Matters

In the event that the Client engages the Firm to handle subsequent matters, then unless otherwise agreed in writing between the Firm and the Client, those subsequent matters shall be governed by the terms and conditions of this Engagement Letter.

### Integration

This engagement letter contains the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter. This engagement letter shall not be modified except by written agreement signed by the Firm and the Client. This engagement letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

### Review By Other Counsel

This engagement letter is a binding legal document with significant consequences. The Client is encouraged to have it reviewed by legal counsel of the Client's choice prior to execution by the Client.

Please sign a copy of this letter in the space provided and return it promptly to the Firm.

Sincerely,

Zachariah Larson

The terms and conditions expressed in the foregoing engagement letter are agreed to and accepted.

Dated: _____, 2009.

Mr. James M. Rhodes,
President, Rhodes Homes
4730 S Fort Apache Rd, Suite 300
Las Vegas, NV 89147

Engagement of Larson & Stephens
Page 6 of 6
March 31, 2009

# EXHIBIT 1

1. Apache Framing, LLC
   dba White Mountain Framing

2. Batcave, LP

3. Bravo, Inc. dba Rhodes Framing (Bravo)

4. C&J Holdings Inc. (C&J)
   dba Neighborhood Association Group/NAG

5. Chalkline, LP

6. Elkhorn Investments, Inc. (EIL)

7. Elkhorn Partners, LP (EPL)

8. Geromimo Plumbing LLC

9. Glynda LP

10. Gung-Ho Concrete LLC (Gungho)

11. Heritage Land Co., LLC

12. Jackknife, LP

13. Jarupa LLC

14. Overflow LP

15. Parcel 20, LLC

16. Pinnacle Grading, LLC

17. Rhodes Arizona Properties LLC

18. Rhodes Homes Arizona LLC

19. Rhodes Design and Development (RDD)

20. Rhodes Ranch General Partnership (RRGP)

21. Rhodes Ranch Golf Country Club (RRCC)

22. Rhodes Realty, Inc. (Realty)

23. The Rhodes Companies, LLC
24. Six Feathers LLC
25. Tick LP
26. Tribes Holdings, LLC
27. Tuscany Acquisitions LLC
28. Tuscany Acuisitions II LLC
29. Tuscany Acquisitions III, LLC
30. Tuscany Acquisitions IV, LLC
31. Tuscany Golf Country Club, LLC (TGC)
32. Wallboard LP