BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
GREENBERG TRAURIG, LLP
3773 Howard Hughes Pkwy, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: axelrodb@gtlaw.com
        loraditcha@gtlaw.com
*Counsel for Sagebrush Enterprises, Inc. and James Rhodes*

| Electronically Filed April 14, 2009 |

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re

THE RHODES COMPANIES, LLC.,
a Nevada limited liability company, et al.,[1]

                                    Debtors.

Case Nos. BK-S-09-14814-LBR, *et. seq.*

(Jointly Administered Under BK-S-09-14814)

Chapter 11

**DECLARATION OF BRETT A. AXELROD IN SUPPORT OF MOTION TO STRIKE INADMISSIBLE HEARSAY IN OBJECTION OF THE FIRST LIEN STEERING COMMITTEE TO THE DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO SECTIONS 105, 361, 362, 363 AND 364 OF THE BANKRUPTCY CODE (A) AUTHORIZING DEBTORS TO USE CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION TO THE DEBTORS' PREPETITION SECURED PARTIES AND (C) SCHEDULING A FINAL HEARING**

Affects:
☒ All Debtors
☐ Affects the following Debtor(s):

Hearing Date:  April 17, 2009
Hearing Time:  9:30 a.m.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, a Nevada Limited Partnership (9654); Bravo, Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

I, Brett A. Axelrod, hereby declare as follows:

1.    I am over the age of eighteen years and, if called as a witness, could and would testify competently to the matters set forth herein from my own personal knowledge, except for those matters attested to upon information and belief.

2.    I am a shareholder with the law firm of Greenberg Traurig, LLP, counsel to James Rhodes in the above-captioned bankruptcy case, and I make this Declaration in support of James Rhodes' Motion to Strike Inadmissible Hearsay in Objection of the First Lien Steering Committee to the Debtors' Motion for Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code (A) Authorizing Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Debtors' Prepetition Secured Parties and (C) Scheduling a Final Hearing (the "Motion").

3.    During and after the hearing held on April 8, 2009, at 3:00 p.m., counsel for the First Lien Steering Committee, counsel for the Debtors, counsel for the Second Lien Creditors, counsel for Credit Suisse and I agreed to conduct discovery with respect to the hearings set for April 17, 2009.

4.    Among other things, counsel for the Debtors and I demanded that the First Lien Steering Committee make the author of the Alix Report[2] and the three anonymous employees available for deposition in order to explore the validity and the veracity of the allegations contained in the Trustee Motion prior to the hearings set for April 17, 2009.

5.    Sua sponte, upon information and belief, the First Lien Steering Committee subsequently decided to request postponement of the hearing on the Trustee Motion to April 28, 2009.[3]

6.    Counsel for the First Lien Steering Committee proposed the draft Stipulation to me that would postpone the hearing on the Trustee Motion. I informed counsel for the First Lien Steering Committee that Rhodes would not agree to the Stipulation unless the First Lien Steering Committee agreed that it would not attempt to introduce evidence relative to the Alix Report or the Newspaper Reports at the hearings on matters set for April 17, including the Cash Collateral Motion. In the

---

[2] Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed in the Motion.

[3] I received from counsel for the First Lien Steering Committee a draft Stipulated Order Continuing the Hearing on the First Lien Steering Committee's Motion for an Order Directing the Appointment of a Trustee Pursuant to 11 U.S.C. § 1104(A) or, in the Alternative, Dismiss the Debtors' Chapter 11 Cases Pursuant to 11 U.S.C. § 1112(b) (the "Stipulation").

alternative, demand was made for the depositions of Alix Partners and the three anonymous employees to go forward prior to the April 17 hearing date.

7.    On April 14, 2009, my office was copied on an email from counsel for the First Lien Committee stating that the First Lien Steering Committee did not intend to present testimony from Alix Partners in connection with the Cash Collateral Motion.  When I requested clarification that the First Lien Steering Committee did not intend to present testimony or other evidence relative to the Alix Report or the anonymous employee statements contained in the Alix Report at other matters set for hearing on April 17 and also requested that language to that effect be included in the draft Stipulation, counsel for the First Lien Committee refused to do so thereby necessitating this Motion.  A true and correct copy of the email dated April 14, 2009, from counsel for First Lien Committee is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 14th day of April 2009.

/s/Brett Axelrod
Brett A. Axelrod

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## Loraditch, Anne (Assoc-LV-Bky)

| | |
|---|---|
| **From:** | Qureshi, Abid [aqureshi@AkinGump.com] |
| **Sent:** | Tuesday, April 14, 2009 9:56 AM |
| **To:** | Axelrod, Brett (Shld-LV-Bky); akornfeld@pszjlaw.com; Doniak, Christine |
| **Cc:** | jstang@pszjlaw.com; scho@pszjlaw.com; Loraditch, Anne (Assoc-LV-Bky) |
| **Subject:** | Re: Rhodes/cash collateral |

Anne,

All I said to Alan in my email below was that we do not intend to call anyone from Alix partners to testify in connection with cash collateral. That's it. No more and no less.

---

**From:** loraditcha@gtlaw.com
**To:** Qureshi, Abid; akornfeld@pszjlaw.com ; Doniak, Christine
**Cc:** jstang@pszjlaw.com ; scho@pszjlaw.com ; axelrodb@gtlaw.com ; loraditcha@gtlaw.com
**Sent:** Tue Apr 14 12:18:07 2009
**Subject:** RE: Rhodes/cash collateral

Good morning, Abid ~

My name is Anne Loraditch, and I work with Brett Axelrod who is out of the office this morning.  Brett asked that I get clarification on your email below that you do not intend to present any evidence relative to the Alix Report or the anonymous employee statements contained in the Alix Report at the hearings on April 17.

Please confirm that is your intention and include language to that effect in the stipulation to postpone the hearing on the Motion to Appoint Trustee.  You may forward the revised Stip to me for finalization because Brett will not be able to attend to it today.

Regards,
Anne


Anne Loraditch
Associate
Greenberg Traurig, LLP
3773 Howard Hughes Parkway | Suite 400 North
Las Vegas, Nevada 89169
Tel 702|938.6892
Fax 702|941.1574
loraditcha@gtlaw.com | www.gtlaw.com

 GreenbergTraurig

---

    Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

4/14/2009

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

**From:** Qureshi, Abid [mailto:aqureshi@AkinGump.com]
**Sent:** Tuesday, April 14, 2009 7:31 AM
**To:** akornfeld@pszjlaw.com; Doniak, Christine
**Cc:** jstang@pszjlaw.com; scho@pszjlaw.com; Axelrod, Brett (Shld-LV-Bky)
**Subject:** Re: Rhodes/cash collateral

Alan,

We don't intend to have anyone from Alix testify in connection with cash collateral.

I will call you this morning re the schedule.

Thanks.

---

**From:** Alan Kornfeld
**To:** Qureshi, Abid; Doniak, Christine
**Cc:** James Stang ; Shirley S. Cho ; axelrodb@gtlaw.com
**Sent:** Tue Apr 14 10:20:31 2009
**Subject:** Rhodes/cash collateral

Abid and Christine:

With respect to cash collateral discovery:

1. For the Thursday, April 16 depo schedule at Greenberg Traurig, I propose that Paul Huygen's depo start at 10:00 a.m; Jim Rhodes at approximately 1 p.m. and Richard Dix at approximately 4 p.m. Please confirm that works for you. We will then order the reporters. Do you want to videotape?

2. Like the Trustee Motion, the Cash Collateral opposition relies in significant part on the Alix Partners' Report. Do you intend to have an Alix Partner testify on Friday? If so, we will want to depose that person on Thursday. Perhaps we can slot that depo in early morning pacific time.

We look forward to hearing from you.

Regards,

Alan

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of

4/14/2009

The information contained in this e-mail message is intended only for the personal a
_____

_____
IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a