James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

E-File: April 15, 2009

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka<br>Rhodes Homes, et al.,[1]<br><br>　　　　　　Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br>Chapter 11<br><br>Date:　May 15, 2009<br>Time:　10:00 am<br>Ctrm: 1 |

---

[1]  The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Affects:

☒    All Debtors

☐    Affects the following Debtor(s)

### DEBTORS' MOTION FOR ADMINISTRATIVE ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016 ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The above-captioned debtors and debtors in possession (the "Debtors") hereby move this Court for entry of an order establishing procedures for interim compensation and reimbursement of expenses of professionals on a monthly basis.

This motion ("Motion") is made and based on the points and authorities below, the Declaration of James M. Rhodes in Support of Debtors' First Day Motions (the "Omnibus Declaration"),[2] the pleadings and papers and other records contained in this Court's file, and any evidence or oral argument presented at the time of the hearing on this Motion.

## I.
## INTRODUCTION

On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11, United States Bankruptcy Code (the "Bankruptcy Code"). On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.[3]

Debtors plan to continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Omnibus Declaration.

[3] All references to "chapter" and "section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

No official committees have been established in these Chapter 11 Cases.

## II.
## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

The basis for the relief sought herein arises from sections 105, 331, 1107 and 1108 of the Bankruptcy Code, and Bankruptcy Rule 2016(a).

Venue of the Debtors' chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

Rhodes Homes and its affiliated entities are engaged primarily in the business of detached home building and sales in Nevada and Arizona.  Rhodes Homes is a leading Nevada home builder and has developed 40 communities since its founding in 1988, generating over $2.4 billion in total revenues.  Rhodes Homes has built more than 6,000 homes in the Las Vegas Valley during the past two decades.  In 2008, Rhodes Homes sold 390 homes, generating revenue of $118.3 million, or $54.6 million net of expenses.

## IV.
## RETENTION OF PROFESSIONALS

The Debtors have filed applications to employ the following professionals (the "Professionals") on behalf of their estates and intend to file other applications in the near future:

| NAME | SERVICES |
|------|----------|
| Larson & Stephens | Local Reorganization counsel |
| Pachulski Stang Ziehl & Jones, LLP | Reorganization counsel |

. . .

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

The Debtors anticipate that they may need to retain other professionals for their chapter 11 cases as well.  The Debtors propose that any professionals approved by the Court be required to adhere to the procedures set forth herein for compensation and approval of their fees (unless such compensation is paid pursuant to any order approving the [*Debtors' Motion Pursuant To Sections 105(A), 327, 328, And 330 Of The Bankruptcy Code For An Order Authorizing The Debtors To Retain, Employ, And Compensate Certain Professionals Utilized By The Debtors In The Ordinary Course Of Business.]*)   The Debtors further propose that all persons or professionals seeking compensation pursuant to section 503(b) of the Bankruptcy Code be required to adhere to the procedures set forth herein for compensation and approval of their fees as well.

## V.
## PROCEDURES REQUESTED

By this Motion, the Debtors request the entry of an order authorizing and establishing procedures for interim compensation and reimbursement of professionals on a monthly basis, and comparable to those procedures established in other large chapter 11 cases filed in this District and the Ninth Circuit.  Such an order would enable the Court and all other parties to more effectively monitor the professional fees incurred in the Debtors' chapter 11 cases.

Specifically, the Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

a.      On or before the 20th day of each month following the month for which compensation is sought, each Professional will submit a monthly statement (the "Statement") to the Debtors' bankruptcy counsel, the United States Trustee, counsel for the Administrative Agent for the First and Second Lien Holders, counsel for the First Lien Steering Committee; and counsel to any official committee established pursuant to Section 1102 of the Bankruptcy Code (collectively, the "Reviewing Parties").  Each such Statement should contain a detailed itemization of fees and costs as required by the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330.  Each Reviewing Party will

have fifteen (15) days after receipt of a Statement to review it.  At the expiration of this fifteen (15) day review period, the Debtors will promptly pay eight-five percent (85%) of the fees and all of the disbursements requested in such statement, except such fees or disbursements as to which an objection has been served by a Reviewing Party as provided in subparagraph (b) below.

b.    If a Reviewing Party objects to the compensation or reimbursement sought in a Statement, the objecting party shall, within fifteen (15) days of the receipt of the Statement, serve upon all other Reviewing Parties a written "Notice of Objection to Fee Statement" (the "Objection Notice") setting forth the precise nature of the objection and amount at issue.  Thereafter, the objecting party and the professional whose Statement is the subject of an Objection Notice shall attempt to reach a resolution.  If the parties are unable to reach an agreement on the objection within ten (10) days after receipt of such objection, the Professional whose fee statement is objected to shall have the option of (a) filing the Objection Notice with the Court, together with a request for payment of the disputed amount, or (b) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the issue if payment of the disputed amount is requested.  The Debtors will be required to pay promptly any portion of the fees and disbursements requested that are not the subject of an Objection Notice.

c.    If these procedures are approved, professionals would be permitted to submit their first Statement on or before May 20, 2009.  This Statement would cover the period from the Petition Date through April 30, 2009.

d.    Beginning with the period ending June 30, 2009, at three-month intervals, each of the Professionals must file with the Court and serve on the Reviewing Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to Bankruptcy Code section 331, of the compensation and reimbursement of expenses sought in the monthly Statements filed during such three-month period (the "Interim Fee Period").    The Interim Fee Application Request must identify the

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Statements that are the subject of the Request and any other information requested by the Court or required by the local rules. The Interim Fee Application Requests shall be filed with the Court and served on the Notice Parties within 45 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application Request on or before August 15, 2009 and the first Interim Fee Application Request should cover the Interim Fee Period from the Petition Date through June 30, 2009.

e.    The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above.

f.    Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of professionals.

Debtors also request that the Court limit the notice of hearings to consider interim fee applications to the Reviewing Parties and any parties who have filed a notice of appearance with the Clerk of this Court and requested such notice. Such notice should reach the parties most active in this case and will save the expense of undue duplication and mailing of lengthy fee applications.

The Debtors further request that each member of any committee appointed in these cases (once appointed) be permitted to submit statements of expenses (excluding fees and expenses of the Committee member's counsel) and supporting documentation to counsel for the Committee, who will collect and submit such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals.

. . .

. . .

. . .

. . .

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Debtors also request that any claimant making a claim or potentially making a claim under section 503 of the Bankruptcy Code be required to deliver by the 10th day of each month following the rendition of services for which compensation is sought a monthly statement to the Reviewing Parties, and that all such statements be kept in accordance with the timekeeping and billing guidelines established by the Court and the office of the United States Trustee.

The requested procedures herein will enable all parties to monitor costs of administration, maintain level cash flow, and implement efficient cash management procedures.

Nothing contained herein, or payment made under the proposed procedures herein, is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy or lease under Section 365 of the Bankruptcy Code.

## VI.
## BASIS FOR RELIEF

Section 331 of the Bankruptcy Code provides as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. In short, absent an order of this Court, section 331 of the Bankruptcy Code limits professionals rendering services in the Debtors' chapter 11 cases to quarterly payment of fees and expenses.

Section 105(a) of the Bankruptcy Code, however, provides, in pertinent part, as follows: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

In enacting section 331 of the Bankruptcy Code, Congress indicated as follows:

The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 300 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

As such, courts regularly enter orders establishing professional compensation procedures that vary from those procedures set forth in section 331 of the Bankruptcy Code, including specifically interim monthly payments.  See United States Trustee v. Knudsen Corp. (In re Knudsen Corp.), 84 B.R. 668 (B.A.P. 9th Cir. 1988); Commercial Consortium of Cal., 135 B.R. 120 (Bankr. S.D. Cal. 1991).

The procedures requested herein were found to be appropriate in Knudsen and Commercial Consortium of California, and more recently in this District in various large cases. See In re Lake at Las Vegas Joint Venture, LLC, Case No. BK-S-08-17814-LBR, Docket No. 490 (Bankr. D. Nev. 2008); In re Aladdin Gaming, LLC, Case No. BK-S-01-20141-RCJ, Docket No. 328 (Bankr. D. Nev. 2001); In re Fitzgeralds Gaming Corp., Case No. BK-N-00-33467-GWZ, Docket No. 222 (Bankr. D. Nev. 2000).

## VII.
## NOTICE

The Debtors shall serve notice of this Application on the Office of the United States Trustee for the District of Nevada; counsel to the administrative agents for the Debtors' First and Second Lien Holders; counsel for the First Lien Steering Committee; the top twenty-five (25) unsecured creditors in the Debtors' chapter 11 cases (on a consolidated basis); and any entity which files and serves on the Debtors a request for special notice prior to the filing of the Application.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

. . .

. . .

. . .

. . .

. . .

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# VIII.
## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order establishing the requested procedures for interim monthly compensation and reimbursement of expenses of professionals, and related relief.  Debtors also request such other and further relief as the Court may deem proper.

Dated:    April 15, 2009                    LARSON & STEPHENS

                                             */s/Zachariah Larson*
                                             Zachariah Larson, Esq. (NV Bar No. 7787)
                                             810 S. Casino Center Blvd., Ste. 104
                                             Las Vegas, Nevada  89101

                                             [Proposed] Counsel for Debtors and
                                             Debtors in Possession

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
**Tel: (702) 382-1170   Fax: (702) 382-1169**