**Entered on Docket**
**April 17, 2009**

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
[Proposed] Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka<br>"Rhodes Homes, et al.,"[1]<br><br>    Debtors.<br><br>Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s) | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br><br>Hearing Date: April 17, 2009<br>Hearing Time: 9:30 a.m.<br>Courtroom 1 |

57527-001\DOCS_LA:198740.3
DOCS_LA:200649.5

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO SELL HOMES FREE AND CLEAR OF LIENS AND OTHER INTERESTS, (II) ESTABLISHING PROCEDURES FOR THE RESOLUTION AND PAYMENT OF LIENS AND CLAIMS, AND (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL OBLIGATIONS RELATED THERETO**

Upon the motion of the above-captioned debtors and debtors in possession in these chapter 11 cases (the "Debtors") for entry of an order pursuant to sections 105(a), 363, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), (a) authorizing the Debtors to continue the construction, sale and closing of homes to customers in the ordinary course of business, (b) authorizing the Debtors to honor certain prepetition contract obligations to homebuyers, including, where appropriate in the Debtors' business judgment and not inconsistent with past business practices, to refund deposits or provide other customer incentives, (c) providing that the sale of homes to the Debtors' customers shall be free and clear of all liens, claims, encumbrances and other interests, (d) authorizing, but not directing, the Debtors, in their sole discretion or as ordered by the Court pursuant to the established procedures, to pay claims secured by liens out of the proceeds of home sales, (e) establishing procedures for resolving disputed lien claims, (f) authorizing the Debtors to proceed immediately with the sale of homes and establishment of the lien procedures notwithstanding the possible applicability of Rules 6004(h) or 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (g) authorizing financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing (the "Motion"); and it appearing that the relief requested is in the best interests of the Debtors' estate, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of these proceedings and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and no other or further notice need be given; upon the record herein,

after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, IT IS HEREBY

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Debtors are authorized to continue the construction, sale and closing of homes to customers in the ordinary course of business in accordance with the budget and limitations provided under any order authorizing the Debtors' use of cash collateral; and it is further

ORDERED that the Debtors and any intermediary financial institution participating in any home closings are authorized to transfer title, deed property, and take any other actions in the ordinary course of business as may be necessary to transfer ownership to the Debtors' homebuyers; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, all sales of homes by the Debtors shall be free and clear of any and all liens, claims, interests, and encumbrances, including, without limitation, all liens (whether asserted or unasserted, known or unknown), with all such liens to attach to the proceeds of each home sale, as applicable, in the same force, effect and priority as such liens had immediately prior to the sale, subject to the rights and defenses of the Debtors and any party in interest with respect to any such asserted liens; and it is further

ORDERED, to protect the rights of parties asserting liens on the Debtors' homes sold pursuant to the Motion, the Lien Procedures as set forth in the Motion shall apply for the expedited resolution and payment of such Construction Liens; provided, that, prior to paying any Construction Lien, the Debtors shall provide advance notice to Credit Suisse, as agent under the Debtors' first lien credit facility (the "Agent"), Wells Fargo Bank, N.A., as agent under the Debtors' second lien credit facility (the "Second Lien Agent"), and Winchester Carlisle Real Estate Partners, LLC, the advisor to the First Lien Steering Committee ("WCP") and the Agent and the First Lien Steering Committee shall then have 3 business days upon receipt of documentation related to the proposed payment in respect of any Construction Lien to object to the payment thereof by providing written notice to the Debtors. If such an objection is provided

to the Debtors, the parties agree to attempt to resolve any objection in good faith, but the Debtors shall have the option of filing an application for an order shortening time with this Court on not more than 5 days notice as to why such Construction Lien should be paid. While such objection is pending, the Debtors shall not be authorized to pay such Construction Lien. If no objection is received, the Debtors shall be authorized to pay such Construction Lien in accordance with this Order; and it is further

ORDERED that with respect to the Lender Liens asserted by the Debtors' secured lenders, the Debtors shall provide each of the Agent, the Second Lien Agent, WCP with a copy of the escrow agreement and estimated closing statement related to any home that the Debtors wish to close. The Debtors shall provide access for the Agent and WCP to visit any home proposed to be sold. The Agent and the First Lien Steering Committee shall then have 3 business days upon receipt of the documentation relating to the proposed home sale to visit the subject home and to object to such home sale by providing written notice to the Debtors. If such an objection is provided to the Debtors, the parties agree to attempt to resolve any objection in good faith, but the Debtors shall have the option of filing an application for an order shortening time with this Court on not more than 5 days notice as to why such home sale should proceed. While any such objection is pending, the Debtors shall not be authorized to close such home in accordance with this Order. If no objection is received, the Debtors shall be authorized to close such home in accordance with this Order; and it is further

ORDERED that the Debtors may enter into and pay any expenses associated with constructing or regarding the construction of a home, including, but not limited to sales contracts, home construction contracts, or purchase order requests for the completion of entire homes (the "Home Construction Contracts") upon the terms and consistent with any cash collateral order entered in these cases, including the *Second Stipulated Interim Order (I) Authorizing Use of Cash Collateral, etc.*; and it is further

ORDERED that for the avoidance of doubt, the Agent and Second Lien Agent are authorized to take such actions as is necessary or appropriate to allow completion of a home sale

closing in accordance with the terms of this Order and the prior interim order on the Motion, including, without limitation, executing any documents necessary to release liens on the applicable home sold with such lien to attach to the sale proceeds in accordance with the terms of this Order and the prior interim order on the Motion;

ORDERED that the authority granted in this order and the terms and conditions hereof shall be effective as of the Petition Date; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion and the Declarations filed in support thereof; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009

APPROVED AS TO FORM AND CONTENT:

By: /s/Brett Axelrod
GREENBERG TRAURIG
Brett Axelrod
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, NV 89169
*Counsel for Sagebrush Enterprises Inc.*

By: /s/Ira S. Dizengoff
AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff (NY Bar No. 2565687)
Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 268437)
One Bryant Park
New York, NY 10036
*Counsel for the First Lien Steering Committee*

By: /s/Ramon M. Naguiat
SKADDEN, ARPS, SLATE, MEAGHER

By: [signature] AUST
UNITED STATES TRUSTEE
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV 89101

By: /s/ Don S. De Amicis
ROPES & GRAY LLP

-5-

& FLOM LLP  
Ramon M. Naguiat  
300 S. Grand Ave., #3400  
Los Angeles, CA 90071  
(213) 687-5000  
Ramon.naguiat@skadden.com  
*Co-Counsel for Credit Suisse, Cayman Islands Branch, as Agent for First Lien Lenders*

Don S. De Amicis  
Mark R. Somerstein  
Benjamin L. Schneider  
1211 Avenue of the Americas  
New York, NY 10036-8704  
*Counsel for Wells Fargo, N.A., as Agent for the Second Lien Lenders*

Submitted by:

By: /s/Zachariah Larson  
LARSON & STEPHENS  
Zachariah Larson, Esq. (NV Bar No 7787)  
Kyle O. Stephens, Esq. (NV Bar No. 7928)  
810 S. Casino Center Blvd., Ste. 104  
Las Vegas, NV 89101  
(702) 382-1170 (Telephone)  
(702) 382-1169  
zlarson@lslawnv.com  
*Proposed Attorney for Debtor*

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

###

57527-001\DOCS_LA:198740.3  
DOCS_LA:200649.5