James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

E-File: April 22, 2009

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka<br>"Rhodes Homes, et al.,[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-002\DOCS_LA:200979.1

|Affects:|Hearing Date: May 15, 2009|
|---|---|
|☒ All Debtors|Hearing Time: 1:30 p.m.|
|☐ Affects the following Debtor(s)|Courtroom 1|

# MOTION FOR ORDER ESTABLISHING NOTICE PROCEDURES: MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to this "Motion for Order Establishing Notice Procedures" (the "Motion"), The above-captioned debtors and debtors in possession (the "Debtors"), hereby move the Court for entry of an Order establishing certain notice procedures, as set forth below.

The Debtors have over 10,000 potential creditors, and they anticipate that this case will be very active, especially during the first 90 days of the petition date. In order to streamline the distribution of notices, and thereby reduce the costs to the estate, the Debtors request that the Court limit the parties upon whom notice must be served and designate the manner of service as set forth below. Limiting notice and adopting the method of service described in the Order will also facilitate Court review and resolution of matters in this case without delay. In addition, to ease the burden on the Court's staff and to facilitate easy access to pleadings filed in these cases by the public through the use of the Court's website and PACER, the pleadings filed shall be placed on the website of the Debtors' claims agent, Omni Management Group, LLC. In support of the relief requested herein, the Debtors submit this Motion, the accompanying Memorandum of Points and Authorities, and the "*Declaration of James M. Rhodes in Support of First Day Motions*", docket # 34 (the "Declaration"); the pleadings, documents and records in this bankruptcy case; and other arguments, evidence and representations that may be provided at or before the hearing on this Motion.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

WHEREFORE, the Debtors respectfully request that this Court enter its Order limiting the parties upon whom notice must be served, and designating the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to so designate or limit notice.

DATED this 22nd day of April, 2009.

LARSON & STEPHENS

/s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
[Proposed] Attorney for Debtors and
Debtors in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

. . .

The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of James M. Rhodes in Support of First Day Motions* [docket number 34] filed previously with the Court.

No trustee or examiner has been appointed in this case, and no committee has been appointed or designated by the UST.

## II.

## PROPOSED NOTICE PROCEDURES

Bankruptcy Rule 2002(a) provides that, unless otherwise ordered pursuant to Bankruptcy Rules 2002(h), (i), and (l), notice of specified matters must be provided to, among others, all creditors. Other provisions of the Bankruptcy Code and the Bankruptcy Rules require that notice of specified matters be given to certain designated entities who are entitled to notice of the particular matters and to such other entities as the Court may direct.

Local Bankruptcy Rule 2002(a)(6) requires that all papers required to be served or noticed to all parties in a chapter 11 case shall also be served on the following entities: (1) Employment Security Division, State of Nevada Department of Employment, Training & Rehabilitation Contributions section; (2) State Industrial Insurance System, (State of Nevada); (3) the United States Trustee; (4) Internal Revenue Service, District Director, Attention: Bankruptcy Unit; (5) Nevada Department of Taxation, Bankruptcy Division; and (6) State of Nevada Department of Motor Vehicles & Public Safety, Registration Division, Motor Carrier Bureau.

The mailing of notices of all such matters to all creditors in these cases would be impractical and would impose an enormous administrative and economic burden upon the Debtors' estates. Accordingly, as permitted by Bankruptcy Rules 2002(d) and 2002(m), the Debtors propose that the Court enter an order limiting notice and designating the parties upon whom notice must be served, and the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice and the manner of service, including, by way of example and not limitation, matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006, or 6007.

Specifically, the Debtors propose that, with respect to all such matters, the Court order that notice need be served only upon the following parties:

    a.    The following parties required to be served or noticed under Local Bankruptcy Rule 2002(a)(6), including, but not limited to:

        i.    The Office of the United States Trustee at the following address:

> Department of Justice
> Office of the United States Trustee
> 300 Las Vegas Blvd. South, Suite 4300
> Las Vegas, Nevada 89101
> ATTN: : August B. Landis

        ii.    The Internal Revenue Service at the following address:

> Internal Revenue Service, District Director
> Special Procedures
> 4750 West Oakey
> Las Vegas, Nevada 89102
> ATTN: Bankruptcy Unit

    b.    Any committees appointed under Bankruptcy Code section 1102 or, prior to the appointment of any such committee(s), each of the creditors included on the list of the twenty-five largest unsecured creditors filed by the Debtors on a consolidated basis pursuant to Bankruptcy Rule 1007(d);

    c.    Counsel for the Debtors at the following addresses:

> James I. Stang, Esq. (CA Bar No. 94435)
> Shirley S. Cho, Esq. (CA Bar No. 192616)
> Pachulski Stang Ziehl & Jones LLP
> 10100 Santa Monica Blvd., 11th Floor
> Los Angeles, California 90067-4100
> Telephone: 310/277-6910
> Facsimile: 310/201-0760
> Email: jstang@pszjlaw.com
>        scho@pszjlaw.com
>
> -and-
>
> Zachariah Larson, Esq. (NV Bar No. 7787)
> LARSON & STEPHENS
> 810 S. Casino Center Blvd., Ste. 104
> Las Vegas, NV 89101
> Telephone: 702/382.1170
> Facsimile: 702/382.1169
> Email: zlarson@lslawnv.com

   d. The holders of claims or interests who both file with the Court and serve on counsel for the Debtors a request for special notice;

   e. Any party against whom direct relief is sought by motion, application or otherwise, including by way of example and not limitation, the nondebtor party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like;

  Any creditor that contacts Debtors and requests that it no longer wants to receive notice may be removed from the creditor mailing matrix. Any party that fails to file a proof of claim by the bar date of August 5, 2009 and is listed as disputed, contingent or unliquidated is not required to receive notice after the passage of the August 5, 2009 bar date.

  In addition, unless otherwise required by the Local Bankruptcy Rules or the Bankruptcy Rules, all notices in these cases that need to be mailed shall be by first-class mail.

  Unless otherwise ordered by the Court, the limitation on notice proposed by this Motion shall not apply to the matters or proceedings referred to in Bankruptcy Rules 2002(a)(1), (4), (5), and (7), and (b), and (f), which matters or proceedings shall be noticed in accordance with such Bankruptcy Rules. All pleadings will be posted on the following website, which will be available to all parties in interest to download at www.omnimgt.com/rhodes. The posting of all pleadings in addition to voluminous exhibits will assist all parties in interest in obtaining said documents and will benefit the estates by saving on copying costs and postage. The requested relief will reduce the burden, complication, delay, and cost to the Debtors' estates associated with mailing notice of all pleadings and other papers filed in these cases to all creditors.

### III.
### ARGUMENT

  Bankruptcy Code Section 102(1)(A) defines the phrase "after notice and a hearing" to mean:

  [A]fter such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . .

. . .

. . .

11 U.S.C. § 102(1)(A). Pursuant to this authority, the Bankruptcy Rules confer authority upon this Court to regulate notice requirements. Bankruptcy Rule 2002(m), which gives the Court discretion to enter orders regulating notice, provides:

> The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.

Fed. R. Bankr. P. 2002(m).

The notice procedure outlined herein comports with Bankruptcy Rule 2002(i) which provides, in relevant part:

> Copies of all notices required to be mailed under this rule shall be mailed to the committees . . . appointed pursuant to § 1102 of the Code or to their authorized agents. Notwithstanding the foregoing subdivisions, the court may order that notices required by subdivision (a)(2), (3) and (7) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . . appointed pursuant to § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

Fed. R. Bankr. P. 2002(i).

The use of the notice procedure outlined in Bankruptcy Rule 2002(i) is especially appropriate in cases of this nature, where providing notice to each individual creditor would be both burdensome and inefficient. The Debtors believe that adoption of the proposed procedure is necessary and appropriate for at least three reasons. First, providing notice of all such matters to all creditors would substantially delay the provision of notice in each particular instance, thereby hampering the conduct of the Debtors' business and impeding the consummation of transactions, negotiation of settlements, or the granting of other relief that may be advantageous to the Debtors' estate and their creditors. Second, sending notice to all creditors would substantially increase the costs of these cases. Third, any party in interest who is sufficiently interested in the kinds of transactions that are the subject of the requested limitation of notice may, by special request, receive all notices. The Debtors anticipate that the involvement of such parties in interest and the appointment of a committee under Bankruptcy Code section 1102 will ensure

adequate representation of the interests of the holders of claims and interests generally in the course of these cases and in the evaluation of the actions proposed to be taken as described in the notices to be given.

Finally, Bankruptcy Rule 9007 grants the Court general authority to regulate notices:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.

Fed R. Bankr. P. 9007. The Bankruptcy Rules, therefore, enable the Court to limit the notice provided of certain matters, including proposed sales of assets, abandonment of property of the estate, compromises, or settlements of controversies and fee applications. *See Southern Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137, 140-41 (3rd Cir. 1985) (approving the bankruptcy court's order under Bankruptcy Rule 2002(i) limiting notice of the debtor's sale of assets).

The Debtors' proposed notice procedure is well within the Court's authority to regulate notices and will mitigate the administrative burden that would otherwise be imposed upon the estate without significantly diminishing creditor participation in the administration of this case.

This Motion has been served on all parties entitled to notice pursuant to Local Bankruptcy Rules 2002(a), including the Office of the United States Trustee, the Internal Revenue Service, the consolidated list of twenty five largest unsecured creditors for the Debtors, and the additional parties set forth above in the Order. The Debtors submit that the notice provided is appropriate under the circumstances of these cases, which have been commenced for the purpose of confirming and implementing plan of reorganization at the earliest possible date. Moreover, neither the Bankruptcy Rules nor the Local Bankruptcy Rules require advance notice of hearing regarding the specification of the administrative procedures requested herein.

In order to facilitate the administration of the Debtors' chapter 11 cases, and to reduce the significant costs, delays, and burdens which would be associated with providing notice of all matters in these cases to all creditors, the relief requested in this Motion should be granted.

. . .

. . .

# IV.
# CONCLUSION

Based on the foregoing, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as Exhibit 1: (i) limiting the parties upon whom notice must be served; (ii) designating the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to so designate or limit; and (iii) providing such other and further relief as the Court deems to be just and proper.

DATED this 22nd day of April 2009.

**LARSON & STEPHENS**

/s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Attorneys for Debtor