James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

E-File:  April 23, 2009

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>        Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:201158.1

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

| Affects: Affects: | Hearing Date: May 15, 2009 |
|---|---|
| ☐ All Debtors | Hearing Time: 1:30 p.m. |
| ☒ Affects the following Debtor(s): | Courtroom 1 |

Heritage Land Company, LLC; Tuscany Acquisitions, LLC; Parcel 20, LLC; Rhodes Realty, Inc.; Rhodes Design & Development Corporation; Rhodes Ranch GP; Tuscany Golf Country Club LLC.

### DEBTORS' MOTION PURSUANT TO SECTIONS 105(A), 363(B) AND 507(A)(8) OF THE BANKRUPTCY CODE AUTHORIZING PAYMENT OF CERTAIN PREPETITION SALES AND USE TAXES; DECLARATION IN SUPPORT THEREOF

The above-captioned debtors and debtors in possession (collectively, the "Debtors," hereby submit this motion ("the "Motion") pursuant to sections 105(a), 363(b) and 507(a)(8) of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to pay certain prepetition sales and use taxes. In support of the Motion, the Debtors respectfully represent as follows:

### I.

### JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtors' chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

The statutory predicates for the relief sought herein are Bankruptcy Rule 1007(a)(4) and (c).

### II.

### BACKGROUND

On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed a voluntary petition for relief under chapter 11 of title 11, United States Bankruptcy Code (the "Bankruptcy Code"). On April 1, 2009, the Secondary Filers filed a

73203-001\DOCS_LA:201158.1            2

voluntary petition for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

The factual background relating to the Debtors' commencement of these cases are set forth in detail in the Declaration of James M. Rhodes in Support of First Day Motions (the "Rhodes Declaration").

## III.

## **RELIEF REQUESTED**

The Debtors request entry of an order pursuant to sections 1107 and 1108 of the Bankruptcy Code authorizing the Debtors to pay, in their sole discretion, certain sales and use taxes (the "Taxes") accruing prior to the Petition Date in the aggregate amount of $52,185.35 to the appropriate taxing authority plus any penalties and interest thereon (the "Taxing Authorities"). In support of the relief requested in this Motion, the Debtors submit the Declaration of Joseph Schramm, Chief Financial officer, which is attached hereto ("Schramm Declaration").

## IV.

## **SALES AND USE TAX**

In the ordinary course of their business, the Debtors incur sales and use taxes for materials purchased in the construction of their homes and for golf-related merchandise, food, and beverages sold at their Tuscany golf pro shop. Sales & use taxes are typically due on the last day of each month for the prior month. Due to the timing of the Debtors' filing, which occurred on the last date of the first quarter, the Debtors did not have time to close their books for the first quarter until after the Petition Date in the ordinary course of business. Since closing their books, the Debtors have determined that there are $6,656.60 in sales taxes and approximately $45,528.75 in use taxes that they owe to the State of Nevada, which amounts are

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

due on April 30, 2009. Attached as Exhibit A to the Schramm Declaration is data showing the amount of use taxes owed by six of the Debtors to the Nevada Department of Taxation. Attached as Exhibit B to the Schramm Declaration is a draft of the Debtors' return for the outstanding sales tax for $6,656.60 owing by one of the Debtors. The Debtors believe that the applicable Debtor obligor will be assessed penalties by the State of Nevada, which they request authority to pay, in their sole discretion, equating to approximately 2% to 10% of the outstanding Taxes depending on when the Taxes are remitted by the Debtors.

## V.

## BASIS FOR REQUESTED RELIEF

### A. Sales and Use Taxes are Not Property of the Debtors' Estates

To the extent that the Debtors have collected Sales and Use Taxes from third parties, the Debtors submit that such amounts are not part of the Debtors' estates under section 541(a) of the Bankruptcy Code; rather, such amounts constitute "trust fund" taxes that are held for the benefit of the Taxing Authorities. *See* Nev. Rev. Stat. § 372.354 (2008); *Begier v. Internal Revenue Service*, 496 U.S. 53 (1990) (taxes such as excise taxes, FICA taxes and withholding taxes are property held by a debtor in trust for another, and as such, do not constitute property of the estate); *Kannry & Morton, Inc. v Norcal Elecs., Inc. (In re Kannry & Morton, Inc.)*, 91 B.R. 93, 94 (Bankr. N.D. Cal. 1998); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3d Cir. 1994); *In re Al Copeland Enterprises, Inc*., 991 F.2d 233 (5th Cir. 1993) (debtor's prepetition collection of sales taxes and interest on the tax were held subject to trust for the state and were not property of the estate).

Accordingly, because payment of the Sales and Use Taxes contemplated herein does not implicate property of the estates, such payments will not otherwise be available to the Debtors' estates or their creditors.

Additionally, many state statutes, including those of certain states in which the Debtors do business, hold officers and directors of collecting entities personally liable for sales and use taxes owed by those entities. *See, e.g.,* Nev. Rev. Stat. § 360.297 (2008). To the extent that any Sales and Use Taxes remain unpaid by the Debtors, the officers and directors of the Debtors may

be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases. *See, e.g., John F. Olson, et al., Director & Officer Liability: Indemnification and Insurance* § 3.04, at 3-20.27 (rel.10-1999) ("some states hold corporate officers personally liable for any sales tax and penalty owed and not paid by the corporation, regardless of cause"). Any such lawsuit or criminal prosecution (and the ensuing potential liability) would distract the Debtors and their officers and directors in their attempt to implement a successful bankruptcy strategy, to the detriment of all parties in interest in these chapter 11 cases and could result in indemnification claims.

**B.     Payment of the Taxes Is Authorized Under Sections 105, 362, 363, 1107 of the Bankruptcy Code**

The relief requested in this Motion is supported by several provisions of the Bankruptcy Code that authorize a debtor to honor prepetition obligations in certain circumstances. Courts have recognized each of these statutory provisions as valid authority for such payments. For instance, courts have found a basis for allowing debtors to make payments to creditors under section 363 of the Bankruptcy Code. *See, e.g., In re UAL Corp.*, Case No. 02-48 191 (ERW) (Bankr. N.D. III. Dec. 11, 2002). Authority for such payments also may be found in sections 1107(a) and 1108 of the Bankruptcy Code, which vest debtors in possession with authority to continue operating their businesses. Sometimes this duty and the concomitant fiduciary duty to maximize estate value may be fulfilled only through the pre-plan payment of certain unsecured claims. *See, e.g., In re Mirant Corp.*, 296 BR. 427 (Bankr. N.D. Tex. 2003); *In re CoServ. L.L.C.*, 273 BR. 487, 498 (Bankr. N.D. Tex. 2002). Furthermore, relief similar to that requested herein has been approved in this District. *See In re Lake at Las Vegas Joint Venture, LLC, et al.*, Case No. 08-17814-LBR (Bankr. D. Nev. July 24, 2008).

The Debtors submit that the present circumstances warrant similar relief in these chapter 11 cases to preserve the Debtors' assets and avoid business interruption. In particular, the Debtors believe that some, if not all, of the Taxing Authorities may audit the Debtors if the Sales and Use Taxes are not paid forthwith. In addition, the Debtors are concerned that the Taxing Authorities may impose costly penalties or late payment of the Sales and Use Taxes, including, but not limited to significant interest charges.

73203-001\DOCS_LA:201158.1                     5

Furthermore, certain unsecured taxes are afforded priority status under section 507(a)(8) of the Bankruptcy Code. These include unsecured claims of governmental units for a property tax incurred before the Petition Date and last payable without penalty after one year before the petition date (§507(a)(8)(B)) and taxes required to be collected or withheld and for which the debtor is liable in whatever capacity (§507(a)(C)) which would include sales, use, business and personal property taxes. As priority claims, the Taxes must be paid in full before any general unsecured obligations of a Debtor may be satisfied. *See* § 1129(b)(2)(B)(ii); *see also, e.g. Bank of America Nat. Trust and Sav. Ass'n. v. 203 North LaSalle Street, Partnership*, 526 U.S. 434 (S.Ct. 1999) (describing absolute priority rule).

No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order substantially in the form attached hereto granting the relief requested herein and such other an further relief as the Court may deem just and appropriate.

Dated:   April 23, 2009                LARSON & STEPHENS

                                                   */s/Zachariah Larson*
Zachariah Larson, Esq. (NV Bar No. 7787)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, Nevada  89101

[Proposed] Counsel for Debtors and
Debtors in Possession

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**DECLARATION OF JOSEPH SCHRAMM, CHIEF FINANCIAL OFFICER, IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105(A), 363(B) AND 507(A)(8) OF THE BANKRUPTCY CODE AUTHORIZING PAYMENT OF CERTAIN PREPETITION SALES AND USE TAXES; DECLARATION IN SUPPORT THEREOF**

I, Joseph Schramm, declare as follows:

1. I am the Chief Financial Officer of the Debtors and have been serving in such capacity since February 26, 2009. I have personal knowledge of the facts set forth herein based upon my review of the Debtors' books and records or upon information provided to me by personnel who report to me. If called to testify, I could and would competently testify as follows:

2. I submit this Declaration in support of the above-captioned Debtors' Motion to pay sales and use taxes.

3. In the ordinary course of their business, the Debtors incur sales and use taxes for materials purchased in the construction of their homes and for golf-related merchandise, food, and beverages sold at their Tuscany golf pro shop. Sales & use taxes are typically due on the last day of each month for the prior month. Due to the timing of the Debtors' filing, which occurred on the last date of the first quarter, the Debtors did not have time to close their books for the first quarter until after the Petition Date in the ordinary course of business. Since closing their books, the Debtors have determined that there are $6,656.60 in sales taxes and approximately $45,528.75 in use taxes that they owe to the State of Nevada, which amounts are due on April 30, 2009. Attached as Exhibit A is data showing the amount of use taxes owed by six of the Debtors to the Nevada Department of Taxation. Attached as Exhibit B is a draft of the Debtors' return for the outstanding sales tax for $6,656.60 owing by one of the Debtors. The Debtors believe that the applicable Debtor obligor will be assessed penalties by the State of Nevada, which they request authority to pay, in their sole discretion, equating to approximately 2% to 10% of the outstanding Taxes depending on when the Taxes are remitted by the Debtors. I believe that payment of these Taxes is in the best interest of these estates for the reasons set forth in the Motion.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of April at Las Vegas, Nevada.

_____
Joseph Schramm, Chief Financial Officer

# Exhibit A

**CONSUMER USE TAX RETURNS PREPARED FOR 1ST QUARTER 2009**
**All payable to: Nevada Department of Taxation**
**Mailing address:**
**State of Nevada - Sales/Use**
**P. O. Box 52609**
**Phoenix, AZ 85072-2609**

| PAYABLE TO | RHODES ENTITY | AMOUNT | DUE DATE |
|---|---|---|---|
| Nevada Department of Taxation | Heritage Land Company | $ 13.89 | 4/30/2009 |
| Nevada Department of Taxation | Tuscany Acquisitions | $ 8,840.91 | 4/30/2009 |
| Nevada Department of Taxation | Parcel 20, LLC | $ 4,171.26 | 4/30/2009 |
| Nevada Department of Taxation | Rhodes Realty | $ 1,064.90 | 4/30/2009 |
| Nevada Department of Taxation | Rhodes Design & Development | $ 6,511.70 | 4/30/2009 |
| Nevada Department of Taxation | Rhodes Ranch GP | $ 24,926.09 | 4/30/2009 |
| | | **$ 45,528.75** | |

# Exhibit B

| NEVADA DEPARTMENT OF TAXATION | TID No: 001-TX 1000258823 | 001 |

# COMBINED SALES AND USE TAX RETURN

This return is for use by sellers of tangible personal property. If you are not a seller or no longer sell, please notify the Department of Taxation.

MAIL ORIGINAL TO: STATE OF NEVADA - SALES/USE
PO BOX 52609
PHOENIX AZ 85072-2609

TUSCANY GOLF COUNTRY CLUB LLC
20 RHODES RANCH PKY
LAS VEGAS NV 891480000

For Department Use Only

For Period Ending: 03/31/09
Due on or before: 04/30/09
Date paid:

If the name or address as shown is incorrect, if the ownership or business location has changed, or if you are out of business, notify a Nevada Department of Taxation District Office immediately.

IF POSTMARKED AFTER DUE DATE, PENALTY AND INTEREST WILL APPLY

**A RETURN MUST BE FILED EVEN IF NO TAX LIABILITY EXISTS**

| ENTER AMOUNTS IN COUNTY OF SALES/USE (OR COUNTY OF DELIVERY) | SALES TAX | | | | | USE TAX | | |
|---|---|---|---|---|---|---|---|---|
| | TOTAL SALES | EXEMPT SALES | TAXABLE SALES | TAX RATE | CALCULATED TAX | AMOUNT SUBJECT TO USE TAX | TAX RATE | CALCULATED TAX |
| TAX CALCULATION FORMULA | COLUMN A | - COLUMN B | = COLUMN C | x COLUMN D | = COLUMN E | COLUMN F | x COLUMN G | = COLUMN H |
| 01 CHURCHILL | | | | 7.250% | | | 7.250% | |
| 02 CLARK | 86,106.83 | | | 7.750% | 6,673.28 | | 7.750% | |
| 03 DOUGLAS | | | | 6.750% | | | 6.750% | |
| 04 ELKO | | | | 6.500% | | | 6.500% | |
| 05 ESMERALDA | | | | 6.500% | | | 6.500% | |
| 06 EUREKA | | | | 6.500% | | | 6.500% | |
| 07 HUMBOLDT | | | | 6.500% | | | 6.500% | |
| 08 LANDER | | | | 6.750% | | | 6.750% | |
| 09 LINCOLN | | | | 6.750% | | | 6.750% | |
| 10 LYON | | | | 6.750% | | | 6.750% | |
| 11 MINERAL | | | | 6.500% | | | 6.500% | |
| 12 NYE | | | | 6.750% | | | 6.750% | |
| 13 CARSON CITY | | | | 7.125% | | | 7.125% | |
| 14 PERSHING | | | | 6.750% | | | 6.750% | |
| 15 STOREY | | | | 7.250% | | | 7.250% | |
| 16 WASHOE | | | | 7.375% | | | 7.375% | |
| 17 WHITE PINE | | | | 7.125% | | | 7.125% | |
| TOTALS | | | | | | | | |

18. TOTAL CALCULATED SALES (18a) AND USE (18b) TAX    SUM OF COLUMN E → 18a. 6,673.28    SUM OF COLUMN H → 18b.
19. ENTER COLLECTION ALLOWANCE FOR TIMELY FILING (LINE 18a x 0.0025)    19. 16.68
20. NET SALES TAX (LINE 18a - LINE 19)    20. 6,656.60

COLLECTION ALLOWANCE IS FOR SALES TAX ONLY THERE IS NO COLLECTION ALLOWANCE FOR USE TAX

21. NET SALES AND USE TAX (LINE 20 + LINE 18b)    21. 6,656.60
22. PENALTY (SEE INSTRUCTIONS FOR RATE)    22. —
23. INTEREST (LINE 21 x 1% x # OF MONTHS PAST DUE)    23. —
24. PLUS LIABILITIES ESTABLISHED BY THE DEPARTMENT    24. —
25. LESS CREDIT(S) APPROVED BY THE DEPARTMENT    25. —
26. TOTAL AMOUNT DUE AND PAYABLE    26. 6,656.60
27. TOTAL AMOUNT REMITTED WITH RETURN    27.

I HEREBY CERTIFY THAT THIS RETURN INCLUDING ANY ACCOMPANYING SCHEDULE AND STATEMENTS HAS BEEN EXAMINED BY ME AND TO THE BEST OF MY KNOWLEDGE AND BELIEF IS A TRUE, CORRECT AND COMPLETE RETURN.
RETURN MUST BE SIGNED

SIGNATURE OF TAXPAYER OR AUTHORIZED AGENT
G.M.
TITLE    702-740-4114    PHONE NUMBER (WITH AREA CODE)
30-0747132
FEDERAL TAX ID NUMBER (EIN OR SSN)

MAKE CHECKS PAYABLE TO:
NEVADA DEPARTMENT OF TAXATION

