James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

E-File:  April 23, 2009

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>                          Debtors.<br><br>Affects: | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date:  May 15, 2009 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:201162.1

| | |
|---|---|
| ☒ All Debtors<br>☐ Affects the following Debtor(s) | Hearing Time: 1:30 p.m.<br>Courtroom 1 |

**APPLICATION FOR ORDER UNDER SECTIONS 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF PROVINCE REAL ESTATE ADVISORS, LLC AS WORK-OUT CONSULTANT TO THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors") hereby apply for an Order under § 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Province Real Estate Advisors, LLC ("Province") as its work-out consultants in these chapter 11 cases *nunc pro tunc* to the Petition Date (the "Application"). In support of this Application, the Debtors rely on the *Declaration Of Paul David Huygens In Support of Application For Order Under Section 327(a) Of The Bankruptcy Code Authorizing The Employment And Retention Of Province Real Estate Advisors, LLC As Work-Out Consultant To The Debtors And Debtors In Possession Nunc Pro Tunc To The Petition Date* (the "Huygens Declaration"), which is being submitted concurrently with the Application. In further support of the Application, the Debtors respectfully represent as follows:

### I.

### Preliminary Statement

The Debtors need the services of their former CFO, Paul D. Huygens. Mr. Huygens has an intimate knowledge of the Debtors' corporate structure (as evidenced by his presentation to this Court at two hearings), the Debtors' business operations at each of the Debtors' 32 companies, the Debtors' senior secured loans, and the Debtors' assets and liabilities. During Mr. Huygens' tenure as the Debtors' CFO for 3 years, the Debtors negotiated and consummated their senior secured credit facilities with Credit Suisse that are currently in place and are the primary subject of negotiation and restructuring in these Chapter 11 cases. Prior to serving as the Debtors' CFO, Mr. Huygens worked at Deloitte & Touche as an auditor and audited the Debtors for 5 years, during which time he was intimately involved in the companies' financial reporting, accounting, and related controls. In addition to the

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

general expertise on the Debtors' operations that Mr. Huygens provides, Mr. Huygens, who is a principal of Province, has extensive experience in negotiating work-outs for troubled real estate loans and valuing real estate assets. Since the filing of these cases, Mr. Huygens has served as the Debtors' lead advisor in negotiating the terms of a plan of reorganization with their senior secured lenders. He thus plays an absolutely essential role in these cases – both operationally and with respect to the restructuring process. Retention of Province as the Debtors' work-out consultant on the terms set forth herein is in the best interests of these estates and all creditors.

## II.

## Background

The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is properly in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought herein are section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a).

On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of James M. Rhodes in Support of First Day Motions* filed previously with the Court.

### III.

### Relief Requested

By this Application, the Debtors seek to employ and retain Province as their work-out consultants in connection with these chapter 11 cases pursuant to Bankruptcy Code § 327(a), and Bankruptcy Rules 2014 and 2016, and to obtain approval of the terms under which Province will be compensated pursuant to the terms set forth in this Application *nunc pro tunc* to the Petition Date.

### IV.

### Basis for Relief

Under § 327(a) of the Bankruptcy Code, a trustee, debtor in possession and committee appointed under § 1102 of the Bankruptcy Code may employ one or more professionals, that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist such parties in carrying out their duties under the Bankruptcy Code.

Specifically, § 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a). Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. Proc. 2014.

**A.  Services To Be Rendered**

As discussed above, the Debtors require the services of Paul D. Huygens, their former CFO, and a principal of Province, to provide the services described below. The Debtors' organizational and operational structure is complex and Mr. Huygens, through his 8 years of

former experience as the Debtors' CFO and their audit manager, has an in-depth understanding of the Debtors' operations, assets, and liabilities. Mr. Huygens also has extensive experience in negotiating work-outs with banks in the context of real estate cases and in valuing real estate. In these cases, Mr. Huygens was the Debtors' CFO at the time their current senior secured credit facilities were negotiated and consummated, so he possesses a deep working knowledge of these credit facilities. If the Debtors were not permitted to retain Province, the Debtors would lose valuable time and effort in bringing another consultant up to speed, which they cannot afford. The Debtors contemplate that Province will assist the Debtors in:

a. Negotiating a work-out plan with the Debtors' senior secured lenders in the context of a plan of reorganization;

b. Coordinating information provided to the Debtors' senior secured lenders at the Debtors' request;

c. Providing advice with respect to the Debtors' financial structure, operations, budget compliance and anything else within Mr. Huygens' scope of knowledge as the Debtors' former Chief Financial Officer and as an experienced financial professional in the field of real estate development;

d. Providing litigation support as needed to the Debtors in connection with any contested matters and hearings;

e. Working with the Debtors' management and advisors to implement the ultimate structure of a plan of reorganization; and

f. Providing other services that the Debtors may request.

**B.    Compensation**

Province began providing services to the Debtors on or about March 14, 2009 pursuant to the engagement letter dated March 14, 2009, (the "First Engagement Letter"), a copy of which is attached to the Huygens Declaration as Exhibit A. Under the First Engagement Letter, Province received a flat fee of $60,000 for the period of March 14, 2009 through March 31, 2009. During that time, Province provided approximately 200 hours worth of service to the Debtors. The First Engagement Letter provided for a success fee.

On April 1, 2009, Province executed an engagement letter for services to be performed for the month of April 2009, a copy of which is attached to the Huygens Declaration as Exhibit B (the "Second Engagement Letter"), which eliminated the "success-fee" concept contained in the First Engagement Letter.  In the April Engagement Letter, the Debtors agreed to a flat fee structure of $60,000 for services, which the Debtors paid to Province on April 1, 2009, as an advance payment retainer for services to be performed in April 2009.  During the first three weeks of April prior to the date and filing of this Application, Province has provided over 160 hours of service and is expected to bill over 200 hours by the end of the month given the demands of these Cases.

For the reasons set forth above, the Debtors have determined that they require the services of Province for the duration of these Cases.  Province has agreed to continue providing services on the terms outline in the draft engagement letter attached to the Huygens Declaration as Exhibit C for services beginning May 1, 2009 and beyond (the "Third Engagement Lettter").  The Third Engagement Letter contemplates a traditional hourly rate for the services of Paul D. Huygens at the rate of $400 per hour.

Province shall apply to this Court for allowance of its compensation, including keeping time records, and reimbursement of reasonable expenses incurred in connection with this engagement, including, without limitation, travel, transportation and lodging expenses, as well as other customary expenditures in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.  Province shall not charge the estates for postage, photocopying, telephone, or general secretarial overhead expenses.  Province will file monthly and quarterly fee applications pursuant to any orders of the Court approving procedures for interim compensation, and shall file a final fee application as required by the Local Rules and orders of this Court.  The Debtors and Province understand that the Office of the United States Trustee shall retain the right to object to Province's interim and final fee applications.

1  Province shall apply the $60,000 retainer paid under the Second Engagement Letter to its
2  April 2009 invoice for work performed in April 2009 after approval of this Application and in
3  accordance with any order of the Court approving procedures for interim compensation.

### C. **Disinterestedness Disclosure**

To the best of the Debtors' knowledge, information, and belief, and based upon the Huygens Declaration, Province is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

As described in detail in the Huygens Declaration, Province has represented, certain of the Debtors' non-debtor affiliates in matters wholly unrelated to these proceedings. As set forth in the Huygens Declaration, Province does not, to its knowledge, represent any party with an interest materially adverse to the Debtors or their estates.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:201162.1            7

WHEREFORE, based on the facts and disclosures above, the Debtors respectfully request: (i) the authority to employ and retain Province as its work-out consultant nunc pro tunc to the Petition Date, (ii) that the Court approve the terms of employment set forth in this Application, pursuant to the provisions of Bankruptcy Code § 327(a) and Bankruptcy Rule 2014, and (iii) that the Court grant such other and further relief as is just and proper.

Dated: April 23, 2009

By: _____
James R. Rhodes
Chief Executive Officer