1   James I. Stang, Esq. (CA Bar No. 94435)                    E-File:  April 23, 2009
2   Shirley S. Cho, Esq. (CA Bar No. 192616)
    Werner Disse, Esq. (CA Bar No. 143458)
3   PACHULSKI STANG ZIEHL & JONES LLP
    10100 Santa Monica Blvd., 11th Floor
4   Los Angeles, California 90067-4100
    Telephone: 310/277-6910
5   Facsimile: 310/201-0760
    Email: jstang@pszjlaw.com
6          scho@pszjlaw.com
           wdisse@pszjlaw.com
7
8   Zachariah Larson, Esq. (NV Bar No. 7787)
    LARSON & STEPHENS
9   810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
10  Telephone:  702/382.1170
    Facsimile:  702/382.1169
11  Email: zlarson@lslawnv.com
12
    [Proposed] Attorneys for Debtors and
13  Debtors in Possession

14              **UNITED STATES BANKRUPTCY COURT**

15                    **DISTRICT OF NEVADA**

16  In re:                              Case No.: BK-S-09-14814-LBR
                                        (Jointly Administered)
17  THE RHODES COMPANIES, LLC, aka
    "Rhodes Homes," et al.,[1]          Chapter 11
18
19              Debtors.
20  Affects:                            Hearing Date:  May 15, 2009

_Left margin (vertical):_ **LARSON & STEPHENS** 810 S. Casino Center Blvd., Suite 104 Las Vegas, Nevada 89101 Tel: (702) 382-1170  Fax: (702) 382-1169

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

| ☒ All Debtors | Hearing Time: 1:30 p.m. |
|---|---|
| ☐ Affects the following Debtor(s) | Courtroom 1 |

**DECLARATION OF PAUL DAVID HUYGENS IN SUPPORT OF APPLICATION FOR ORDER UNDER SECTION 327(A) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF PROVINCE REAL ESTATE ADVISORS LLP AS WORK-OUT CONSULTANT TO THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, Paul David Huygens, declare as follows:

       1.      I am a Principal of Province Real Estate Advisors LLP ("Province") and am duly authorized to make this declaration on behalf of Province. The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

       2.      Province provides real estate advisory services, investment analysis, portfolio workouts and asset management for its own real estate portfolio and for companies located primarily in Southern Nevada.

       3.      Prior to founding Province, I was the Chief Financial Officer for three years from 2004 through 2007 of the above-captioned debtors and debtors in possession (the "Debtors"). I was responsible for all areas of finance, accounting and treasury, including cash management and sourcing and closing debt transactions. I also worked extensively with managing equity partner relationships and oversaw the areas of sales, marketing, escrow, financial analysis and golf course and trade subsidiary performance. During my tenure as CFO, the Debtors consummated the senior secured credit facilities with Credit Suisse that are currently in place.

       4.      Prior to my work with the Debtors, I was a manager of assurance and advisory services for Deloitte & Touche, LLP, with an emphasis in real estate. I was responsible for coordinating the firm's efforts for numerous financial transactions including public equity offerings, public and private debt offerings, and purchase and merger transactions. While at Deloitte & Touche, LLP, I also audited the Rhodes Homes' companies for 5 years, during which time I was intimately involved in the companies' financial reporting, accounting, and related controls. I also provided operational and financial improvement advice.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

5.      I am a member of the American Institute of Certified Public Accountants and Nevada Society of Certified Public Accountants.

6.      This declaration is submitted in support of the Application For Order Under Section 327(a) Of The Bankruptcy Code Authorizing The Employment And Retention Of Province Real Estate Advisors LLP As Work-Out Consultant To The Debtors And Debtors In Possession Nunc Pro Tunc To The Petition Date (the "Application"), which is being submitted concurrently herewith.

7.      This Declaration is also submitted as the statement required pursuant to §§ 329 and 504 of title 11, United States Code (11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")).

**A.**    <u>**Services To Be Rendered**</u>

8.      The Debtors contemplate that Province will assist the Debtors in:

a.      Negotiating a work-out plan with the Debtors' senior secured lenders in the context of a plan of reorganization;

b.      Coordinating information provided to the Debtors' senior secured lenders at the Debtors' request;

c.      Providing advice with respect to the Debtors' financial structure, operations, budget compliance and anything else within Mr. Huygens' scope of knowledge as the Debtors' former Chief Financial Officer and as an experienced financial professional in the field of real estate development;

d.      Providing litigation support as needed to the Debtors in connection with any contested matters and hearings;

e.      Working with the Debtors' management and advisors to implement the ultimate structure of a plan of reorganization; and

f.      Providing other services that the Debtors may request.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**B.**    **Compensation**

9.    Province began providing services to the Debtors on or about March 14, 2009 pursuant to the engagement letter dated March 14, 2009 (the "First Engagement Letter"), a copy of which is attached hereto as Exhibit A.  Under the First Engagement Letter, Province received a flat fee of $60,000 for the period of March 14, 2009 through March 31, 2009.  During that time, Province provided approximately 200 hours worth of service to the Debtors.  The First Engagement Letter provided for a success fee.

10.    On April 1, 2009, Province executed an engagement letter for services to be performed for the month of April 2009, a copy of which is attached hereto as Exhibit B (the "Second Engagement Letter"), which eliminated the "success-fee" concept contained in the First Engagement Letter.  In the April Engagement Letter, the Debtors agreed to a flat fee structure of $60,000 for services, which the Debtors paid to Province on April 1, 2009 as an advance payment retainer for services to be performed in April 2009.  During the first three weeks of April prior to the date and filing of this Application, Province has provided over 160 hours of service and is expected to bill over 200 hours by the end of the month given the demands of these Cases.

11.    For the reasons set forth above, the Debtors have determined that they require the services of Province for the duration of these Cases.  Province has agreed to continue providing services on the terms outline in the draft engagement letter attached hereto as Exhibit C for services beginning May 1, 2009 and beyond (the "Third Engagement Lettter").  The Third Engagement Letter contemplates a traditional hourly rate for my services at the rate of $400 per hour.

12.    Province shall apply to this Court for allowance of its compensation, including keeping time records, and reimbursement of reasonable expenses incurred in connection with this engagement, including, without limitation, travel, transportation and lodging expenses, as well as other customary expenditures in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.  Province shall not charge

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

the estates for postage, photocopying, telephone, or general secretarial overhead expenses. Province will file monthly and quarterly fee applications pursuant to any orders of the Court approving procedures for interim compensation, and shall file a final fee application as required by the Local Rules and orders of this Court. The Debtors and Province understand that the Office of the United States Trustee shall retain the right to object to Province's interim and final fee applications.

13.    Province shall apply the $60,000 retainer paid under the Second Engagement Letter to its April 2009 invoice for work performed in April 2009 after approval of this Application and in accordance with any order of the Court approving procedures for interim compensation.

**C.    Disinterestedness Disclosures**

14.    Except as set forth herein, (1) neither I nor Province hold or represent any interest adverse to any of the Debtors with respect to the matters on which Province is to be retained in these chapter 11 cases, and (2) neither I nor Province have any relationship to the Debtors, any of the Debtors' significant creditors, other known parties-in-interest in these chapter 11 cases, or to the Debtors' attorneys that are known to be assisting the Debtors in these chapter 11 cases, except as described herein.

15.    Province has undertaken a search to determine, and to disclose, whether it has relationships with the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, customers, equity security holders, professionals or other entities with significant relationships with the Debtors. Province and its affiliates have or may have provided professional services to, currently provide or may currently provide professional services to, and may in the future provide professional services in matters unrelated to these chapter 11 cases to certain of the Debtors' creditors, or other parties-in-interest. Additionally, certain of these creditors or parties-in-interest (including professionals) have or may have provided goods or services to, currently provide or may currently provide goods or services to, and may in the future provide goods or services to, Province in matters unrelated to these chapter 11 cases.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

16.     Specifically, in March 2009, Province was retained to provide work-out services to the following non-Debtor affiliates:  Sedora Holdings, Sagebrush Enterprises, Inc., Tock, LP, South Dakota Conservancy, American Land Management, Gypsum Resources, Desert Communities, and James M. Rhodes ("Non-Debtor Affiliates") to renegotiate $70 million of their secured debt and $650,000 of unsecured debt, which is guaranteed by James M. Rhodes (the "Non-Debtor Workout Engagement").  This work for the Non-Debtor Affiliates does not involve any assets of the Debtors' estates and is in no way connected to the Debtors' estates or the administration of these Chapter 11 Cases.  The debt owed by the Non-Debtor Affiliates is owed to third party lenders secured by collateral on assets that are not property of the Debtors' estates.   Province receives 1% of the outstanding principal balance of notes that it is able to negotiate and resolve.  Because Province has only recently begun its work for the Non-Debtor Affiliates, no payment is yet due to Province from the Non-Debtor Affiliates.  Province is approximately two months away from completing its assignment for the Non-Debtor Affiliates. In one of the work-outs for the Non-Debtor Affiliates, Province may acquire a portion of the debt.

17.     The Non-Debtor Workout Engagement has been primarily handled and will continue to be handled by another principal of Province other than myself, which principal will not be providing services to the Debtors in these cases.  Although I do not have primary responsibility for the Non-Debtor Workout Engagement, I may have some limited involvement in the Non-Debtor Workout Engagement based on my background knowledge of the Non-Debtor Affiliates.

18.     Furthermore, although the work that Province is providing on behalf of the Non-Debtor Affiliates is not related to the Debtors or their estates, while providing work-out services for the Debtors, Province has agreed that the scope of its services for the Debtors will not involve the resolution of claims involving any of the Non-Debtor Affiliates.

19.     James M. Rhodes is not a guarantor of the Debtors' senior or junior secured debt.  The First Lien Steering Committee has asserted that the Debtors may have claims against Mr. Rhodes and non-Debtor affiliates.  Mr. Rhodes and the non-Debtor affiliates dispute

1    those allegations and contend that they are creditors of the Debtors.  Mr. Rhodes and the non-

2    debtor affiliates are represented by separate counsel in connection with this dispute.

3            20.    One of the partners in Province is a private equity company, which in turn

4    is owned by three individuals, one of which in turn owns a mortgage company, Consolidated

5    Mortgage.  I am informed and believe that Consolidated Morgtgage has made loans to non-

6    debtor affiliates and Debtors prior to the Petition Date.  There are currently no outstanding loans

7    made by Consolidated Mortgage to the Debtors, although there are some outstanding loans from

8    Consolidated Mortgage to non-debtor affiliates.

9            21.    In addition to providing workout services, Province buys and sells land.

10   Province has recently engaged in a transaction with a non-debtor affiliate, Harmony Homes, to

11   sell Harmony Homes its position in a parcel of land.

12           22.    Furthermore, I am not aware of any connection between the personnel of

13   Province or its affiliates who are anticipated to provide services to the Debtors and the United

14   States Bankruptcy Judge presiding in these chapter 11 cases or any person employed by the

15   Office of the United States Trustee for the District of Nevada.

16           23.    Except as may be disclosed herein, to the best of my knowledge, neither I

17   nor Province hold or represent any interest adverse to the Debtors, and I believe that I and

18   Province are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy

19   Code, as modified by Section 1107(b) of the Bankruptcy Code.

20           24.    Province has received no promises regarding compensation in these

21   chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in this

22   Declaration.  Province has no agreement with any nonaffiliated entity to share any compensation

23   earned in these chapter 11 cases other than the principals of Province.

24   ///

25   ///

26

27

28

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1       I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct.

3       Executed this 23rd day of April, 2009 at Las Vegas, Nevada.

4

5

6                             Paul D. Huygens

7                             Principal

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# Exhibit A



PROVINCE
REAL ESTATE ADVISORS

2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.3555 • F: 702.685.3556
www.provinceadvisors.com

March 14, 2009

**PERSONAL & CONFIDENTIAL**

Jim Rhodes
**Retention Letter**
Rhodes Design and Development
4730 S Fort Apache Rd
Las Vegas, NV 89147

Re: Rhodes Homes Financial Restructuring

Dear Mr. Rhodes:

Thank you for giving Province Real Estate Advisors ("Province") the opportunity to consult for Rhodes Design & Development ("Rhodes") related to the company's credit facility.

1.     TERMS OF CONSULTING.  Based upon our discussion, Rhodes has agreed to pay a flat fee to Province of **$60,000** for the period starting March 14th through March 31st for providing consulting services relating to the financial restructuring of Rhodes. Province understands that this consulting arrangement will require 24 hour a day 7 day a week availability for the period engaged.   The fee will cover all of Province services except for hard costs incurred on Rhodes behalf. All payments will be required upon commencement of work and at the beginning of any continuing engagement.  Our fees for services are influenced by a number of factors, including the time required, the level of expertise and skill demanded; the size and difficulty of the assignment and the time limitations imposed by the client or the circumstances.

2.     SUCCESS FEES.     To the extent Province is successful in eliminating or reducing debt or debt service required under any of Rhodes' existing notes, Province will be entitled to a success fee on a per note basis, with such success fee to be negotiated and agreed upon in writing upon commencement of the negotiation of each respective note.

3.     DISCLOSURE OF INFORMATION. Province recognizes that they have access to and knowledge of certain confidential and proprietary information of Rhodes which is essential to the performance of their duties under this Agreement. Province shall not, during or after the term of his Consulting by Rhodes, in whole or in part, disclose such information to any person, firm, corporation, association or other entity for any reason or  purpose whatsoever, nor shall they make use of any such information for their own purposes.

1

PROVINCE
REAL ESTATE ADVISORS

2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

4.    INDEMNIFICATION. Rhodes agrees to indemnify and hold harmless Province fully, completely and absolutely against any and all actions, suits, proceedings, claims, demands, judgments, costs, expenses (including reasonable attorney's fees), losses and damages resulting from Province's good faith performance of their duties under this Agreement.

5.    DISPUTE RESOLUTION.  If any Dispute as defined in the Agreement arises from Province's Consulting with Rhodes, Province and Rhodes elect to have the dispute settled by binding arbitration by providing written notice to the other party within the applicable statute of limitations specifying the nature of the dispute.  Any such arbitration shall be conducted in accordance with the rules of the American Arbitration Association ("AAA"), including any of AAA's rules relating to the arbitration of Consulting disputes.

Controlling Law & Notice.  To initiate the arbitration process, either party must serve a written Request for Arbitration on the other within the applicable statute of limitations. Time is of the essence.  Service of a Request for Arbitration does not in any manner alter the applicable statute of limitations.  The Request for Arbitration shall include the following information:

> (i)    A description of the Dispute in detail sufficient to advise the other party of the nature of the Dispute;

> (ii)    The date when the Dispute arose;

> (iii)    The names, work locations, and telephone numbers of any co- workers or supervisors with knowledge of the Dispute; and

> (iv)    The nature of the relief requested.

Location of Arbitration.  The arbitration will be conducted in the Las Vegas, Nevada area.

Effect of Arbitration. Province and Rhodes acknowledge and agree that by acceptance of this Agreement, they are expressly waiving any right to have any such Dispute decided in a court of law and/or by a jury in a court proceeding.  The decision of the arbitrator shall be final and binding.

Costs of Arbitration.  The parties shall share equally in any expenses that the arbitrator incurs or is associated with the arbitration proceeding.  Each party will bear its own attorneys' fees and costs, subject to any remedies to which a prevailing party may be entitled under the applicable laws if the matter had been submitted to a court of law.

Enforceability.  This agreement to arbitrate is specifically enforceable.  Judgment upon any award rendered by the Arbitrator may be entered in any court having jurisdiction.  The decision of the Arbitrator within the scope of the submission will be final and binding on all parties, and any right to judicial action on any matter subject to arbitration hereunder hereby is waived (unless otherwise provided by applicable law), except a suit to enforce this arbitration agreement, an arbitration award or in the event arbitration is not available for any reason.

2

PROVINCE
REAL ESTATE ADVISORS

2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

6.    REPRESENTATION AND WARRANTY BY PROVINCE.
Province hereby represents and warrants to Rhodes, the same being part of the essence of this Agreement that, as of the date they commence consulting with Rhodes, they are not a party to any agreement, contract or understanding, and that no facts or circumstances exist, which would in any way conflict with the terms of this Agreement or would restrict or prohibit Province in any material way from undertaking or performing any obligations under this Agreement. The foregoing representation and warranty shall remain in effect throughout Province's consulting with Rhodes.

7.    MISCELLANEOUS.

ENTIRE AGREEMENT. This Agreement supersedes any prior agreements or understandings, oral or written, between the Province and Rhodes with respect to the subject matter hereof, and constitutes the entire agreement of the parties with respect thereto.

MODIFICATION. This Agreement shall not be varied, altered, modified, cancelled, changed or in any way amended except by mutual agreement of the parties in a written instrument executed by the parties or their legal representatives.

SEVERABILITY. In the event that any provision or portion of this Agreement shall be determined to be invalid or unenforceable for any reason, the remaining provisions of this Agreement shall be unaffected and shall remain in full force and effect.

GOVERNING LAW. To the extent not preempted by Federal law, the provisions of this Agreement shall be construed and enforced in accordance with the laws of the State of Nevada.

NOTICE. Any notices, requests, demands or other communications required by or provided for in this Agreement shall be sufficient if in writing and sent by registered or certified mail to Province at the last address they have filed in writing with Rhodes or, in the case of Rhodes, at its principal office.

SEVERABILITY AND BLUE PENCILING.  The invalidity or unenforceability of any provision of this Agreement or subpart thereof shall in no way affect the validity or enforceability of any other provisions or subparts hereof.  If any provisions of this Agreement are found to be invalid or unenforceable, in lieu of such illegal, invalid or unenforceable paragraph, provision or part thereof, there shall be automatically added a provision as similar in terms to the illegal, invalid or unenforceable paragraph, provision or part thereof, as may be possible, legal, valid, and enforceable.

PROVINCE
**REAL ESTATE ADVISORS**

2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

SURVIVAL. The provisions of "SUCCESS FEES", "INDEMNIFICATION", "DISCLOSURE OF INFORMATION", "and "DISPUTE RESOLUTION" shall survive termination of this Agreement and remain enforceable according to their terms.

IN WITNESS WHEREOF, the Province and Rhodes have executed this Agreement as of the date first above written.

Respectfully,

**PROVINCE REAL ESTATE ADVISORS**
Paul Huygens, Principal

READ, APPROVED AND AGREED
TO ON THIS 14th DAY OF MARCH, 2009

**RHODES DESIGN AND DEVELOPMENT, ITS SUBSIDIARIES AND AFFILIATES**
Jim Rhodes, President, Owner

4

# Exhibit B

# PROVINCE
**REAL ESTATE ADVISORS**

2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

April 1, 2009

**PERSONAL & CONFIDENTIAL**

Jim Rhodes
**Retention Letter**
Rhodes Design and Development
4730 S Fort Apache Rd
Las Vegas, NV 89147

Re: Rhodes Homes Financial Restructuring

Dear Mr. Rhodes:

Thank you for giving Province Real Estate Advisors ("Province") the opportunity to consult for Rhodes Design & Development and its subsidiaries and affiliates ("Rhodes") related to the company's credit facility arranged by Credit Suisse.

1.      TERMS OF CONSULTING.  Based upon our discussion, Rhodes has agreed to pay a flat fee to Province of **$60,000** for the period starting April 1st through April 30th for consulting services relating to the financial restructuring of Rhodes.    Both parties agree that given the current circumstances surrounding Rhodes' credit facility, this consulting arrangement may require 24 hour a day 7 day a week availability for the period engaged, however, the bulk of work is expected to take place during normal business hours.  The total number of hours worked by Province staff during said period is not expected to exceed 200, and the flat fee was determined based on this expectation.  The fee will cover all of Province services except for hard costs incurred on Rhodes behalf.  The consulting fee will be paid in full upon commencement of the engagement.  Our fees for services are influenced by a number of factors, including the time required, the level of expertise and skill demanded; the size and difficulty of the assignment and the time limitations imposed by the client or the circumstances.

2.      DISCLOSURE OF INFORMATION. Province recognizes that they have access to and knowledge of certain confidential and proprietary information of Rhodes which is essential to the performance of their duties under this Agreement. Province shall not, during or after the term of his Consulting by Rhodes, in whole or in part, disclose such information to any person, firm, corporation, association or other entity for any reason or  purpose whatsoever, nor shall they make use of any such information for their own purposes.

3.      INDEMNIFICATION. Rhodes agrees to indemnify and hold harmless Province fully, completely and absolutely against any and all actions, suits, proceedings, claims, demands, judgments, costs, expenses (including reasonable attorney's fees), losses and damages resulting from Province's good faith performance of their duties under this Agreement.

4.      DISPUTE RESOLUTION.  If any Dispute as defined in the Agreement arises from Province's Consulting with Rhodes, Province and Rhodes elect to have the dispute settled by binding arbitration by providing written notice to the other party within the applicable statute of limitations specifying the nature of the dispute.  Any such arbitration shall be conducted in accordance with the rules of the

1



2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

American Arbitration Association ("AAA"), including any of AAA's rules relating to the arbitration of Consulting disputes.

Controlling Law & Notice.  To initiate the arbitration process, either party must serve a written Request for Arbitration on the other within the applicable statute of limitations. Time is of the essence.  Service of a Request for Arbitration does not in any manner alter the applicable statute of limitations.  The Request for Arbitration shall include the following information:

>   (i)     A description of the Dispute in detail sufficient to advise the other party of the nature of the Dispute;

>   (ii)     The date when the Dispute arose;

>   (iii)     The names, work locations, and telephone numbers of any co- workers or supervisors with knowledge of the Dispute; and

>   (iv)     The nature of the relief requested.

Location of Arbitration.  The arbitration will be conducted in the Las Vegas, Nevada area.

Effect of Arbitration. Province and Rhodes acknowledge and agree that by acceptance of this Agreement, they are expressly waiving any right to have any such Dispute decided in a court of law and/or by a jury in a court proceeding.  The decision of the arbitrator shall be final and binding.

Costs of Arbitration.  The parties shall share equally in any expenses that the arbitrator incurs or is associated with the arbitration proceeding.  Each party will bear its own attorneys' fees and costs, subject to any remedies to which a prevailing party may be entitled under the applicable laws if the matter had been submitted to a court of law.

Enforceability.  This agreement to arbitrate is specifically enforceable.  Judgment upon any award rendered by the Arbitrator may be entered in any court having jurisdiction.  The decision of the Arbitrator within the scope of the submission will be final and binding on all parties, and any right to judicial action on any matter subject to arbitration hereunder hereby is waived (unless otherwise provided by applicable law), except a suit to enforce this arbitration agreement, an arbitration award or in the event arbitration is not available for any reason.

5.     REPRESENTATION AND WARRANTY BY PROVINCE.
Province hereby represents and warrants to Rhodes, the same being part of the essence of this Agreement that, as of the date they commence consulting with Rhodes, they are not a party to any agreement, contract or understanding, and that no facts or circumstances exist, which would in any way conflict with the terms of this Agreement or would restrict or prohibit Province in any material way from undertaking or performing any obligations under this Agreement.  The foregoing representation and warranty shall remain in effect throughout Province's consulting with Rhodes.



2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

6.  MISCELLANEOUS.

ENTIRE AGREEMENT. This Agreement supersedes any prior agreements or understandings, oral or written, between the Province and Rhodes with respect to the subject matter hereof, and constitutes the entire agreement of the parties with respect thereto.

MODIFICATION. This Agreement shall not be varied, altered, modified, cancelled, changed or in any way amended except by mutual agreement of the parties in a written instrument executed by the parties or their legal representatives.

SEVERABILITY. In the event that any provision or portion of this Agreement shall be determined to be invalid or unenforceable for any reason, the remaining provisions of this Agreement shall be unaffected and shall remain in full force and effect.

GOVERNING LAW. To the extent not preempted by Federal law, the provisions of this Agreement shall be construed and enforced in accordance with the laws of the State of Nevada.

NOTICE. Any notices, requests, demands or other communications required by or provided for in this Agreement shall be sufficient if in writing and sent by registered or certified mail to Province at the last address they have filed in writing with Rhodes or, in the case of Rhodes, at its principal office.

SEVERABILITY AND BLUE PENCILING.  The invalidity or unenforceability of any provision of this Agreement or subpart thereof shall in no way affect the validity or enforceability of any other provisions or subparts hereof.  If any provisions of this Agreement are found to be invalid or unenforceable, in lieu of such illegal, invalid or unenforceable paragraph, provision or part thereof, there shall be automatically added a provision as similar in terms to the illegal, invalid or unenforceable paragraph, provision or part thereof, as may be possible, legal, valid, and enforceable.

SURVIVAL.  The provisions of "SUCCESS FEES", "INDEMNIFICATION", "DISCLOSURE OF INFORMATION", "and "DISPUTE RESOLUTION" shall survive termination of this Agreement and remain enforceable according to their terms.



PROVINCE
REAL ESTATE ADVISORS

2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

IN WITNESS WHEREOF, the Province and Rhodes have executed this Agreement as of the date first above written.

Respectfully,

**PROVINCE REAL ESTATE ADVISORS**
Paul Huygens, Principal

READ, APPROVED AND AGREED
TO ON THIS 1st DAY OF April, 2009

**RHODES DESIGN AND DEVELOPMENT**
Jim Rhodes, President, Owner

# Exhibit C



2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

May 1, 2009

**PERSONAL & CONFIDENTIAL**

Jim Rhodes
**Engagement Agreement**
Rhodes Design and Development, et al.
4730 S Fort Apache Rd
Las Vegas, NV 89147

This Engagement Agreement (the "Agreement") is made this 1st day of May, 2009, by and between Heritage Land Company, LLC; The Rhodes Company, LLC; Rhodes Ranch General Partnership; Rhodes Design and Development Corporation, and all other debtor entities involved in the Credit Suisse facility (collectively the "Client"), and Province Real Estate Advisors, LLC, a Nevada Limited Liability Company ("Province"), (each a "Party" and together the "Parties"). The Agreement is subject to Bankruptcy Court Approval and is not effective until Bankruptcy Court Approval.

Province provides real estate advisory services, investment analysis, portfolio workouts and asset management for its own portfolio and for third party real estate companies located primarily in Southern Nevada.   Client has requested Province to provide certain advisory services as specified below.  Province has agreed to provide said services in accordance with the terms and conditions as outlined below:

1.      ENGAGEMENT.  Services to include:

> ➤     Provide institutional knowledge and corporate history to accounting and finance staff, along with lender representatives and other involved parties.
> ➤     Work with lender consultants to ensure a smooth flow of information and document production.
> ➤     Assist Client and counsel in coordinating both internal and external resources related to the bankruptcy proceedings.
> ➤     Assist Client in preparing or reviewing valuation and/or other financial information as required pursuant to the bankruptcy proceedings.
> ➤     Attend meetings and assist in discussions or negotiations with Client, lenders, and other involved parties.
> ➤     Attend and/or provide testimony for depositions and hearings and provide declarations to the extent required.

2.      TERMS OF ENGAGEMENT.  The services of Province under this engagement letter shall commence on 1st of May, 2009 and, if not terminated, shall continue for a period of four months ("Term").  This Agreement shall not be renewed or extended unless consented to in writing by both the Client and Province.  This Agreement can be terminated, with written notice, at any time by either party.  If Client terminates the Agreement prior to the end of the term, all payments made to Province before the termination will be considered earned and paid in full without offset or deduction, and all outstanding amounts will be paid pursuant to any order for interim compensation entered by the Bankruptcy Court and subject to approval of the Bankruptcy Court pursuant to Bankruptcy Code sections 330 and 331.

Province                Client



2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

3.    COMPENSATION AND EXPENSES. Work will be performed on an hourly basis at $400 per hour for services provided by Province's principals, anticipated to be almost exclusively Paul D. Huygens. Any required internal administrative support will be included, and not in addition to, the hourly rate above. Invoices will be provided on a monthly basis for the previous month's work and will be due, along with any out-of-pocket expenses, pursuant to any order for interim compensation approved by the Bankruptcy Court and subject to approval of the Bankruptcy Court pursuant to Bankruptcy Code sections 330 and 331.

4.    RELATIONSHIP OF THE PARTIES.  Province shall act solely as an independent contractor. Nothing contained in this Agreement shall at any time be construed or interpreted as creating the relationship between Client and Province, or between Client and any employees or agents of Province, of employer and employee, partners, principal and agent, or joint venture.

Any and all taxes applicable to amounts received by Province pursuant to this agreement shall be the liability of Province.  Client shall not withhold or pay any amounts for federal, state, or municipal income taxes, FICA, unemployment, or workers' compensation insurance.  Province agrees to pay and hold Client harmless from any and all state, federal, and local taxes or insurance premiums resulting from the payments made by Client to Province.

Client recognizes that Province is in the business of advising and consulting with other businesses, some of which may be in competition with Client.  Client acknowledges and agrees that Province may advise and consult with other businesses, including those which may be in competition with the Client, and shall not be required to devote its full time and resources to performing services on behalf of the Client under this Agreement.  Province shall only be required to expend such time and resources as are reasonably appropriate to advise and assist Client as provided herein.

5.    DISCLOSURE OF INFORMATION.  Province recognizes that they have access to and knowledge of certain confidential and proprietary information of Client's which is essential to the performance of their duties under this Agreement.  Province shall not, during or after the term of Consulting for Client, in whole or in part, disclose such information to any person, firm, corporation, association or other entity for any reason or purpose whatsoever, except as may be required by a court of law, nor shall they make use of any such information for their own purposes.

6.    INDEMNIFICATION.  Client agrees to indemnify and hold harmless Province fully, completely and absolutely against any and all actions, suits, proceedings, claims, demands, judgments, costs, expenses (including reasonable attorney's fees), losses and damages resulting from Province's good faith performance of their duties under this Agreement. Notwithstanding the foregoing, Client shall not be liable to Province under the foregoing indemnification provision to the extent that any losses, claims, damages, liabilities, or expenses result directly from Province's willful misconduct or from gross negligence.

Province          Client



2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

7.    DISPUTE RESOLUTION.   If any Dispute as defined in the Agreement arises from Province's Consulting with Client, Province and Client may elect to have the dispute settled by binding arbitration by providing written notice to the other party within the applicable statute of limitations specifying the nature of the dispute.  Any such arbitration shall be conducted in accordance with the rules of the American Arbitration Association ("AAA"), including any of AAA's rules relating to the arbitration of Consulting disputes.

Controlling Law & Notice.  To initiate the arbitration process, either party must serve a written Request for Arbitration on the other within the applicable statute of limitations.  Time is of the essence.  Service of a Request for Arbitration does not in any manner alter the applicable statute of limitations.  The Request for Arbitration shall include the following information:

    (i)    A description of the Dispute in detail sufficient to advise the other party of the nature of the Dispute;

    (ii)    The date when the Dispute arose;

    (iii)    The names, work locations, and telephone numbers of any co-workers or supervisors with knowledge of the Dispute; and

    (iv)    The nature of the relief requested.

Location of Arbitration.  The arbitration will be conducted in the Las Vegas, Nevada area.

Effect of Arbitration.  Province and Client acknowledge and agree that, by acceptance of this Agreement, they are expressly waiving any right to have any such Dispute decided in a court of law and/or by a jury in a court proceeding.  The decision of the arbitrator shall be final and binding.

Costs of Arbitration.  The parties shall share equally in any expenses that the arbitrator incurs or is associated with the arbitration proceeding.  Each party will bear its own attorneys' fees and costs, subject to any remedies to which a prevailing party may be entitled under the applicable laws if the matter had been submitted to a court of law.

Enforceability.  This agreement to arbitrate is specifically enforceable.  Judgment upon any award rendered by the Arbitrator may be entered in any court having jurisdiction.  The decision of the Arbitrator within the scope of the submission will be final and binding on all parties, and any right to judicial action on any matter subject to arbitration hereunder hereby is waived (unless otherwise provided by applicable law), except a suit to enforce this arbitration agreement, an arbitration award or in the event arbitration is not available for any reason.

Notwithstanding the above, the Client may elect to have any dispute resolved by the Bankruptcy Court.

Province    Client



2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

8.    REPRESENTATION AND WARRANTY BY PROVINCE.  Province hereby represents and warrants to Client, the same being part of the essence of this Agreement that, as of the date they commence consulting with Client, they are not a party to any agreement, contract or understanding, and that no facts or circumstances exist, which would in any way conflict with the terms of this Agreement or would restrict or prohibit Province in any material way from undertaking or performing any obligations under this Agreement.  The foregoing representation and warranty shall remain in effect throughout Province's consulting with Client.

9.    MISCELLANEOUS.

ENTIRE AGREEMENT.   This Agreement supersedes any prior agreements or understandings, oral or written, between the Province and Client with respect to the subject matter and term of service hereof, and constitutes the entire agreement of the parties with respect thereto.

MODIFICATION.  This Agreement shall not be varied, altered, modified, cancelled, changed or in any way amended except by mutual agreement of the parties in a written instrument executed by the parties or their legal representatives.

SEVERABILITY.  In the event that any provision or portion of this Agreement shall be determined to be invalid or unenforceable for any reason, the remaining provisions of this Agreement shall be unaffected and shall remain in full force and effect.

GOVERNING LAW.  To the extent not preempted by Federal law, the provisions of this Agreement shall be construed and enforced in accordance with the laws of the State of Nevada.

NOTICE.  Any notices, requests, demands or other communications required by or provided for in this Agreement shall be sufficient if in writing and sent by registered or certified mail to Province at the last address they have filed in writing with Client or, in the case of Client, at its principal office.

SEVERABILITY AND BLUE PENCILING.  The invalidity or unenforceability of any provision of this Agreement or subpart thereof shall in no way affect the validity or enforceability of any other provisions or subparts hereof.  If any provisions of this Agreement are found to be invalid or unenforceable, in lieu of such illegal, invalid or unenforceable paragraph, provision or part thereof, there shall be automatically added a provision as similar in terms to the illegal, invalid or unenforceable paragraph, provision or part thereof, as may be possible, legal, valid, and enforceable.

SURVIVAL.    The provisions of "COMPENSATION", "INDEMNIFICATION", "DISCLOSURE OF INFORMATION", and "DISPUTE RESOLUTION" shall survive termination of this Agreement and remain enforceable according to their terms.

Province    Client



2275 Corporate Circle, Suite 275
Henderson, NV 89074
P: 702.685.5555 • F: 702.685.5556
www.provinceadvisors.com

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

Respectfully,

**PROVINCE REAL ESTATE ADVISORS**
Paul Huygens, Principal

READ, APPROVED AND AGREED
TO ON THIS 1st DAY OF May, 2009

**RHODES DESIGN AND DEVELOPMENT, ET AL.**
Jim Rhodes, President, Owner

Province          Client