**Entered on Docket**
**April 28, 2009**

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
[Proposed] Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | Case No.: BK-S-09-14814-LBR |
|---|---|
| | (Jointly Administered) |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-002\DOCS_LA:200972.3

| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] | Chapter 11 |
|---|---|
| Debtors. | |
| Affects: <br> ☒ All Debtors <br> ☐ Affects the following Debtor(s) | |

## ORDER FOR CASE MANAGEMENT

The Court having heard various "first day" motions on April 7, 2009, April 8, 2009, and April 17, 2009, the above-captioned Debtors (the "Debtors"), the Court having considered the status and size of the Debtors' cases and determining that it is beneficial to enter case management procedures, it is hereby

**ORDERED** that these cases are subject to the following Case Management Procedures:

### I. HEARINGS

1.  **Omnibus Hearing Dates** — Unless the Court otherwise schedules or orders, sua sponte, or upon the proper filings by a party, all motions, pleadings, applications, other requests for relief, objections, responses, and replies thereto, and all other matters, will be automatically set to be heard at periodic monthly omnibus hearings scheduled in advance by the Court (the "Omnibus Hearing Dates"). The Court has currently set the following Omnibus Hearing Dates:

    May 15, 2009 at 1:30 p.m.

    June 5, 2009 at 1:30 p.m.

    June 26, 2009 at 1:30 p.m.

    July 17, 2009 at 1:30 p.m.

    August 6, 2009 at 1:30 p.m.

    August 28, 2009 at 1:30 p.m.

    Except as otherwise scheduled or ordered by the Court, all motions, pleadings, applications, other requests for relief, or objections, responses, and replies thereto that purport to request relief ("Requests for Relief") shall not be considered by the Court unless they are filed and served at least twenty-five (25) days (or twenty-two (22) days if served by overnight mail)

prior to the next scheduled Omnibus Hearing Date. The Objection Deadline for such documents is set forth below.

2. **Setting a Hearing not on the Omnibus Hearing Date or with Less Than 25 Days' Notice (Or 22 Days if Overnight Service)** — The Court may issue an order shortening time which allows a Request for Relief to be heard on a date that is not an Omnibus Hearing Date or on less than 25 days' notice (or 22 days' notice if by over-night service) if proper support is provided to demonstrate its urgency and that such urgency is not a result of delay on the part of the party requesting the relief. In any event, unless such circumstances constitute an extreme emergency, it is highly unlikely that such Request for Relief will be set on less than ten (10) days' notice.

3. **Future Hearings** — The Debtors may request that future Omnibus Hearings be scheduled.

4. **Objection(s) Deadline to Request(s) for Relief** —

   a. Unless otherwise ordered by the Court, the deadline to file and serve Objections to Requests for Relief (the "Objection Deadline") set to be heard on an Omnibus Hearing Date shall be the earlier of: (i) fifteen (15) days after the Request for Relief is served, or (ii) five (5) business days before the applicable hearing date. An Objection Deadline concerning a Request for Relief set to be heard on an Omnibus Hearing Date may be extended with the consent of the entity filing the Request for Relief to a date that is no later than two (2) business days before the applicable hearing date.

   b. Unless otherwise ordered by the Court, the deadline to file and serve objections to Requests for Relief set on shortened time shall be no later than five (5) business days before the hearing date.

   c. Any brief filed in reply to an objection to Request for Relief shall be filed by noon the business day before the applicable hearing date.

5. **Court Call Services** — Parties requesting telephonic appearance will be allowed to do so on a "listen only" basis. Permission is not required to participate telephonically as listen only. Permission is only required if the party wishes to be "live" and argue. The Court will waive appearances of local counsel at hearings if requested. To participate telephonically parties must

contact the Court in writing for permission to appear telephonically at least three (3) business days prior to the hearing date. The request may be mailed to the Court at 300 Las Vegas Blvd. S., Las Vegas, NV 89101 or may be submitted by facsimile to chambers at (702) 388-6547. The request must include the Debtor(s) name, bankruptcy case number, date and time of hearing, name and telephone number of participant, and state good cause for telephonic appearance (note that office location alone does not constitute good cause). A member of Judge Riegle's staff will notify you whether or not permission has been granted. If permission is granted, you may be advised to contact Court Call at 1-866-582-6878 to set up the telephonic appearance. For Court Call fees and services, please refer to their website at www.courtcall.com.

6. **Courtesy Copies** — Courtesy copies of all motions, oppositions, replies and memoranda of law that are set for hearing, together with all exhibits and attachments, must be delivered to the Bankruptcy Court Clerk's office after filing. Copies shall be delivered either by hand or by mail within one (1) business day of the date filed. If the matter is set on ten or less days' notice, courtesy copies shall be delivered on the date filed.

7. **Filings** — All filings affecting any of the above-captioned Debtors shall be filed in the lead case of In re The Rhodes Companies, LLC, aka "Rhodes Homes", Case No. BK-S-09-14814-LBR (Jointly Administered) and conform with the caption set forth in the *Order Authorizing Joint Administration of Related Chapter 11 Cases and Setting Single Bar Date and Meeting of Creditors* entered on April 10, 2009 in these Cases and served on: (a) the Office of the United States Trustee, August B. Landis, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, NV 89101; (b) the Debtors' counsel, James I. Stang, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., Suite 1100, Los Angeles, California 90067 and Zachariah Larson, Esq., Larson & Stephens, 810 S. Casino Center Blvd., Suite. 104, Las Vegas, NV 89101; (c) counsel to the First Lien Steering Committee, Philip C. Dublin, Esq., One Bryant Park, New York, New York 10036 and Nile Leatham, Kolesar & Leatham, Wells Fargo Financial Center, 3320 W. Sahara Ave., Las Vegas, NV 89102; (d) any party requesting special notice pursuant to Federal Rule of Bankruptcy Procedure 2002 in these Cases; and (e) any other party of interest against whom relief is sought in such filing.

8.  **Orders** — Any order that is submitted with the Court shall reference the motion title and docket number of the motion both in the title of the order and in the body of the order.

9.  **Copies of Documents** — Creditors may obtain copies of court-filed documents by visiting the bankruptcy court's website at www.nvb.uscourts.gov (a PACER account is required);or by visiting the claims agent website, www.omnimgmt.com/rhodes, which website contains copies of all pleadings filed in these cases at no charge to creditors.

10. **Proofs of Claims** — Creditors may request a copy of the proof of claim form through the Debtors' claims agent's website: www.omnimgt.com/rhodes or by calling (866) 989-6144.

**LARSON & STEPHENS**

/s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Attorneys for Debtor

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

73203-002\DOCS_LA:200972.3

5