AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
EDWARD M. MCDONALD JR., Attorney
State Bar # NY EM2209
edward.m.mcdonald@usdoj.gov
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 234
Facsimile:  (702) 388-6658

Attorneys for the Acting United States Trustee
    SARA L. KISTLER

E-Filed on April 28, 2009

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**THE RHODES COMPANIES,**<br>aka "Rhodes Homes, et al.,"[1]<br><br><br><br>Debtor(s). | CASE NOS: BK-**S-09-14814**-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Date: May 15, 2009<br>Time:  10:00 a.m.<br>Location: Foley Courtroom 1 |

**THE ACTING UNITED STATES TRUSTEE'S OMNIBUS RESPONSE TO THE DEBTORS' AND DEBTORS' IN POSSESSIONS' APPLICATIONS TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP**

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC  (Case No. 09-14817);  Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing, LLC  (Case No. 09-14820);  Gung-ho Concrete, LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839);  Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc., (Case No. 09-14843); Rhodes Ranch GP  (Case No. 09-14844);  Rhodes Design & Dev. (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions, IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850);  Tuscany Acquisitions II LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf (Case No. 09-14854); Overflow, LP  (Case No. 09-14856); Wallboard, LP (Case No. 09-14858);  Jackkknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP  (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and, Pinnacle Grading, LLC (Case No. 09-14887).

## AS GENERAL BANKRUPTCY COUNSEL
## AND LARSON & STEPHENS LLC AS ATTORNEYS TO DEBTORS

The Acting United States Trustee hereby responds to the Application of Debtors and Debtors in Possession to Employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as General Bankruptcy Counsel *Nunc Pro Tunc* to the Petition Date [Docket Entry # 37] and the Application for Order Approving the Employment of Larson & Stephens, LLC ("L&S") as Attorneys for Debtor [Docket Entry # 40] (the "Applications"). The Applications seek Court approval to employ both PSZ&J and L&S as attorneys to thirty-two separate debtors in jointly administered cases. The debtors' first day motions indicate that the debtors maintain a cash management system that involves transfers of cash between debtor entities ("Intercompany Transfers"). Although schedules are not yet on file, the debtor entities may have claims against one another that could cause PSZ&J and L&S to have actual conflicts if those claims have to be pursued. Therefore the Acting United States Trustee requests that the Applications be approved on an interim basis, reserving all rights for the Acting United States Trustee in the event an actual conflict arises. This response is supported by the following Memorandum of Points and Authorities, the file and pleadings in this case.

### MEMORANDUM OF POINTS AND AUTHORITIES

1. Pursuant to 28 U.S.C. § 586(a)(3), the Acting United States Trustee is charged with responsibility for supervising the administration of cases under Chapters 7, 11, 12 and 13 of the Code. The Acting United States Trustee has standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the United States Bankruptcy Code [2] ("Code"). 11 U.S.C. § 307.

2. All debtors commenced their individual cases by filing voluntary petitions under the Code on March 31, 2009, with the exception of Rhodes Homes Arizona, LLC, Case No. 09-14882; Tuscany Golf Country Club, LLC, Case No. 09-14884; and Pinnacle Grading, LLC, Case No. 09-14887, which filed voluntary petitions under the Code on April 1, 2009.

---

[2] 11 U.S.C. § 101 *et seq*.

3. No Chapter 11 trustee has been appointed in these cases and the debtors operate as debtors-in-possession.

4. These cases are jointly administered under the lead case styled, In re The Rhodes Companies, Case No. 09-14814-LBR. [Docket Entry # 18]

5. The debtors have been granted until April 30, 2009 to file their schedules and statements of financials affairs. [Docket Entry # 21]

6. On April 1, 2009, debtors filed a Motion for Order Under 11 U.S.C. §§ 105, 363, 503(b), 1107 and 1108 Authorizing (I) Maintenance of Certain Existing Bank Accounts, (II) Continued Use of Business Forms, (III) Continued Use of Existing Cash Management System, (IV) Providing Administrative Priority Status to Postpetition Intercompany Claims, and (V) Waiver of Section 345(b) Deposit and Investment Requirements [Docket Entry # 13]. Among other things, this motion described a consolidated cash management system that involves numerous operating accounts that transfer cash between and among the debtors. [See, e.g., Docket Entry # 13, pp. 4 - 6 and 10 - 11 of 13; see also, Declaration of James M. Rhodes In Support of First Day Motions, filed on April 1, 2009, pp. 15 - 20 of 37 (Docket Entry # 34 in In re Heritage Land Company, LLC, Case No. 09-14778-LBR )]

7. Because debtors' schedules and statements of financial affairs have not yet been filed, it is not possible to determine the extent to which the various debtors owe one another prepetition claims.

8. The Applications, requesting authorization for PSZ&J and L&S to serve as counsel for the debtor entities in each of the thirty two different cases at issue, are premised upon 11 U.S.C. § 327(a).

9. The text of 11 U.S.C. § 327(a) provides generally that the trustee[3] may employ one or more attorneys that do not hold or represent an interest adverse to the estate, and are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties in

---

[3] The powers of the trustee referred to in 11 U.S.C. § 327 are vested in the various debtors in possession in these cases. *See* 11 U.S.C. § 1107(a); *see also* In re Wheatfield Business Park, LLC, 286 B.R. 412, 418 (Bankr. C.D. Cal. 2002) (*citing* In re Diamond Mortgage Corp., 135 B.R. 78, 88 (Bankr. N.D. Ill. 1990)).

connection with a bankruptcy case.

10. The disclosures required of a professional seeking employment under 11 U.S.C. § 327(a) are set forth in FED. R. BANKR. P. 2014(a).

11. In addition to the provisions of 11 U.S.C. § 327(a), the issues raised by this response are premised upon 11 U.S.C. § 327©. Section 327© generally provides that while an attorney is not disqualified from employment on behalf of the trustee solely because he or she represents a creditor, upon objection by the United States Trustee "the court shall disapprove such employment if there is an actual conflict of interest."

12. The policy objectives of 11 U.S.C. § 327 include holding professionals performing duties for the estate to strict fiduciary standards, and to assure that a professional employed in a bankruptcy case will devote undivided loyalty to the client. In re Wheatfield Bus. Park, LLC, 286 B.R. 412, 417-18 (Bankr. C.D. Cal. 2002) (*citing* In re Envirodyne Indus., Inc., 150 B.R. 1008, 1016 (Bankr. N.D. Ill. 1993) *and* In re Lee, 94 B.R. 172, 178 (Bankr. C.D. Cal. 1988)). "Having to divide one's allegiance between two clients is what Section 327 attempts to prevent." In re Mercury, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002) *(quoting* In re Roger J. Au & Son, Inc., 101 B.R. 502, 505 (Bankr. N.D. Ohio 1989)).

13. In cases where a bankruptcy debtor is a creditor of a related debtor, "it is presumptively improper for the same attorney (or law firm) to be general counsel for the related debtors." In re Wheatfield Bus. Park LLC, 286 B.R. 412, 418 (Bankr. C.D. Cal. 2002) (*citing* In re Interwest Bus. Equip., 23 F. 3d 311, 316 (10th Cir. 1994); In re Lee, 94 B.R. 172, 177 (Bankr. C.D. Cal. 1988); In re Parkway Calabasas, Ltd., 89 B.R. 832, 835 (Bankr. C.D. Cal. 1988), *rev'd on other grounds* Bankr. 9th Cir. 1990 (unpublished opinion), *rev'd,* 949 F.2d 1058 (9th Cir. 1991) (adopting bankruptcy court opinion)).

14. As noted previously, there may be intercompany claims as between the debtors. As a result, the retention proposed in the Applications may be presumptively improper. Wheatfield, 286 B.R. at 418.

15. Pursuant to 11 U.S.C. § 327, the existence of a "potential conflict of interest may also require the disqualification of a professional if, in the judgment of the court, the conflict is

sufficiently important and there is a sufficient likelihood that it will ripen into an actual conflict." Wheatfield, 286 B.R. at 420-21 (*citing* In re Amdura, 121 B.R. 862, 865-68 (Bankr. D. Colo. 1990)).

16. The standard under 11 U.S.C. § 327 is very high: "If there is any doubt as to the existence of a conflict, that doubt should be resolved in favor of disqualification." Wheatfield, 286 B.R. at 418 (*citing* Lee, 94 B.R. at 177).

17. However, some courts have recognized "the substantial cost of requiring additional trustees or counsel in cases where individual debtors have claims against each other, have taken a 'wait and see,' fact-driven, approach, to determine the extent to which [disqualification of counsel] is necessary." See, e.g., In re Adelphia Communications Corp., 336 B.R. 610, 673 (Bankr. S.D.N.Y. 2006). Such a wait and see approach appears to be appropriate here, where the extent of intercompany claims has not yet been disclosed and interdebtor disputes have not yet arisen.

**WHEREFORE**, the Acting United States Trustee requests that if the Court approves the Applications, it approve them on an interim basis.

Dated:  April 28, 2009

                              Respectfully submitted,

                              **THE UNITED STATES TRUSTEE**

                              By:  */s/ Edward M. McDonald Jr.*
                                  Edward M. McDonald Jr., Esq.
                                  Attorney for the United States Trustee

# CERTIFICATE OF MAILING

I, the undersigned, hereby certify and declare that I deposited a true and correct copy of this response in first class United States mail, postage fully prepaid, and, if a facsimile number is listed, by facsimile, on this date to each of the parties listed below:

| | |
|---|---|
| Zachariah Larson, Esq.<br>Larson & Stephens, LLC<br>810 S. Casino Center Blvd., Suite 104<br>Las Vegas, NV 89101 | James Stang, Esq.<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, CA 90067-4100 |

Dated: April 28, 2009

**OFFICE OF THE UNITED STATES TRUSTEE**

By: /s/ Edward M. McDonald Jr.
An Authorized Employee of the United States Trustee