James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
         scho@pszjlaw.com
         wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

E-Filed:  April 2, 2009

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>HERITAGE LAND COMPANY, LLC, a Nevada limited liability company, et al.,[1]<br><br>    Debtors.<br><br>Affects:<br><br>☒  All Debtors<br>☐  Affects the following Debtor(s) | Case No.: 09-14778-LBR<br>  (Jointly Administered)<br><br>Chapter 11<br><br>**DEBTORS' MOTION PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS; MEMORANDUM OF POINTS AND AUTHORITIES** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo

The above-captioned debtors and debtors in possession (the "Debtors") customarily retain the services of various attorneys, accountants, consultants, and other professionals to represent them in matters arising in the ordinary course of their business, unrelated to these chapter 11 cases (each an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals"). By this Motion, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtors seek entry of an order by this Court (a) authorizing them to retain and employ the Debtors' Ordinary Course Professionals on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, and (b) establishing procedures to compensate the Ordinary Course Professionals under sections 328, 330, and 331 of the Bankruptcy Code for postpetition services rendered and expenses incurred.

The Ordinary Course Professionals will not be involved in the administration of these chapter 11 cases. Rather, they will provide services in connection with the Debtors' ongoing business operations or services ordinarily provided by in-house counsel or consultants to a corporation. As a result, the Debtors do not believe that the Ordinary Course Professionals are "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court. Nevertheless, out of an abundance of caution, the Debtors seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these chapter 11 cases.

This Motion is made and based upon these moving papers, the following Memorandum of Points and Authorities, the accompanying *Declaration of James M. Rhodes in Support of First Day Motions*, the record in these cases, including the pleadings and documents filed on behalf of the parties, the arguments and representations of counsel, and any oral or documentary evidence presented at or prior to the time of the hearing.

---

Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

WHEREFORE, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as <u>Exhibit C</u>, granting the relief requested herein and such other and further relief as this Court deems appropriate.

Dated:    April 2, 2009                    LARSON & STEPHENS

/s/Zachariah Larson
Zachariah Larson, Esq. (NV Bar No. 7787)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, Nevada  89101

[Proposed] Counsel for Debtors and
Debtors in Possession

## I.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    General Background**

On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11, United States Bankruptcy Code (the "Bankruptcy Code").  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.  The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

The factual background relating to the Debtors' commencement of these Cases is set forth in detail in the *Declaration of James M. Rhodes in Support of First Day Motions* filed contemporaneously with this Motion or shortly thereafter and incorporated herein by reference.

Simultaneously with the filing of this Motion, the Debtors have filed a motion with this Court pursuant to Bankruptcy Rule 1015(b) seeking joint administration of the Debtors' estates.

**B.    Background Related to Ordinary Course Professionals**

The Debtors customarily retain the services of various attorneys, accountants, consultants, and other professionals to represent them in matters arising in the ordinary course of their business, unrelated to these Cases (each an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals"). A list of the Ordinary Course Professionals expected to be used by the Debtors after the Petition Date is attached as Exhibit A hereto.[2]

In contrast, the Debtors have filed (or will file) individual retention applications for any professionals that the Debtors seek to employ in connection with the conduct of these chapter 11 cases (the "Chapter 11 Professionals"). The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with procedures to be approved by this Court and in accordance with the terms of the orders approving each Chapter 11 Professional's employment.

The Ordinary Course Professionals will not be involved in the administration of these Cases. Rather, they will provide services in connection with the Debtors' ongoing business operations or services ordinarily provided by in-house counsel to a corporation. As a result, the Debtors do not believe that the Ordinary Course Professionals are "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court.[3] Nevertheless, out of an abundance of caution, the Debtors seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these Cases. The Debtors anticipate employing, among others, the Ordinary Course Professionals listed on Exhibit A to perform ongoing services during the pendency of these Cases.

The Debtors utilize the services of a number of engineers and architects in the ordinary course of business. The Debtors have not included in Exhibit A the architects and the engineers that

---

[2] As discussed more fully below, the Debtors reserve the right to amend such list in the future in their sole discretion, pursuant to the procedures set forth herein.
[3] *See, e.g., In re That's Entertainment Mkt'g Group, Inc.,* 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); *In re Madison Mgmt. Group, Inc.,* 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same*); In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Johns-Manville Corp.,* 60 B.R. 612, 619

work on the Debtors' projects and do not believe such inclusion is necessary. The Debtors intend to pay these architects and engineers in the ordinary course of business.

The Debtors require the services of the Ordinary Course Professionals listed on Exhibit A in order to continue to operate their business as debtors in possession. The work of the Ordinary Course Professionals, albeit ordinary course, is directly related to the preservation of the value of the Debtors' estates, even though the amount of fees and expenses incurred by the Ordinary Course Professionals represents only a small fraction of that value.

The operation of the Debtors' business would be severely hindered if the Ordinary Course Professionals were delayed in performing their work on behalf of the Debtors while the Debtors (i) submitted to this Court an application, declaration, and proposed retention order for each Ordinary Course Professional; (ii) waited until such order was approved before such Ordinary Course Professional continued to render services; and (iii) withheld payment of the normal fees and expenses of the Ordinary Course Professionals until they complied with the compensation procedures applicable to Chapter 11 Professionals.

Further, the Ordinary Course Professionals generally are unfamiliar with the fee application procedures employed in bankruptcy cases. Some Ordinary Course Professionals might be unwilling or unable to assume the administrative and cost burden of such procedures and may therefore be unwilling to work with the Debtors if these requirements are imposed, forcing the Debtors to incur additional and unnecessary expenses to retain other professionals without such background and expertise and at potentially higher rates. The uninterrupted services of the Ordinary Course Professionals are vital to the Debtors' continuing operations and their ultimate ability to reorganize. More importantly, the cost of preparing and prosecuting these retention applications and fee applications would be significant, and such costs would be borne by the Debtors' estates.

(Bankr. S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than debtors' ongoing business, require approval under section 327 of the Bankruptcy Code).

Moreover, a requirement that the Ordinary Course Professionals each file retention pleadings and follow the usual fee application process required of the Chapter 11 Professionals would unnecessarily burden the Clerk's office, this Court, and the U.S. Trustee's office with unnecessary fee applications while significantly adding to the administrative costs of these Cases without any corresponding benefit to the Debtors' estates. This Motion proposes a procedure to alleviate such a burden.

Although some of the Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, their creditors, or other parties in interest, and thus none would be retained who do not meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

**C.        Proposed Retention Procedure**

The Debtors propose that they be permitted to continue to employ and retain the Ordinary Course Professionals. Pursuant to the requirement imposed by Bankruptcy Rule 2014 and in order to provide the interested parties and this Court with appropriate comfort and assurances, each Ordinary Course Professional will be required to file with this Court, and to serve upon (i) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, California 90067, Attention: Shirley S. Cho, Esquire, (ii) Office of the U.S. Trustee, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101, Attention: In-House Legal Department; (iii) counsel to any Official Committee of Unsecured Creditors appointed in these Cases (subsequent to its appointment in these Cases) (collectively, the "Notice Parties"), a disclosure declaration of such proposed professional (the "Declaration"), a proposed form of which

is attached as <u>Exhibit B</u> hereto, on the later of: (i) thirty days after entry of an order of this Court granting the Motion; or (ii) prior to the date such Ordinary Course Professional provides any services to the Debtors.  Such Declaration shall set forth the following information: (a) to the best of the Ordinary Course Professional's knowledge, a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Federal Rule of Bankruptcy Procedure 2014; and (e) to the extent that the Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition.  The Debtors will not make any payments to any Ordinary Course Professionals who have failed to file such a Declaration.

       The Debtors further request that the Notice Parties will have ten days from the date of the filing and service of the Declaration (the "Objection Period") to object to the retention of the Ordinary Course Professional in question.  Any such objection must be timely filed with this Court and served upon the Ordinary Course Professional, the Debtors and the Notice Parties.  If an objection is filed and cannot be resolved and/or withdrawn within twenty days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors at a mutually convenient time.[4]  If no timely objection is filed and received, or if an objection is withdrawn, the Debtors will be authorized to retain the Ordinary Course Professional on a final basis without further order of this Court.

       The Debtors request that they be authorized to employ and retain additional Ordinary Course Professionals, not currently listed on <u>Exhibit A</u> hereto, from time to time as necessary, without the need to file individual retention applications or have a further hearing by filing with this Court one

or more supplements to Exhibit A (a "Supplemental Notice") and serving a copy of the Supplemental Notice upon the Notice Parties. The Debtors propose that, as with the Ordinary Course Professionals set forth on Exhibit A, each additional Ordinary Course Professional be required to file and serve upon the Court and the Notice Parties a Declaration on the later of: (a) thirty days after the Supplemental Notice is filed; or (b) prior to the date such Ordinary Course Professional provides any services to the Debtors. The Notice Parties then would be given ten days after service of each required Declaration to object to the retention of such professional. Any objection will be handled pursuant to the procedures discussed above. If no objection is submitted, or the objection is withdrawn, the Debtors will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

**D.      Proposed Payment Procedure**

The Debtors seek authority to pay, without formal application to and order from this Court, one hundred percent (100%) of the fees and expenses of each Ordinary Course Professional upon submission to, and approval by, the Debtors of an appropriate billing statement setting forth in reasonable detail the nature of the postpetition services rendered and expenses actually incurred; provided, however, that such interim fees and expenses do not exceed the maximum authority under the authorized caps established herein. Further, the Debtors will not pay any fees and expenses to an Ordinary Course Professional unless (i) the professional has filed its Declaration, (ii) the Objection Period has expired, and (iii) no timely objection is pending. If a timely objection is received, no payment will be made until such objection is (a) resolved and withdrawn, or (b) otherwise approved by the Court. Further provided, however that the payment of any such obligations or payments pursuant to this Motion shall be in accordance with the terms and limitations imposed by any interim or final order authorizing the Debtors to incur postpetition financing and/or authorizing the use of

---

[4] If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on

the cash collateral of their pre or postpetition lenders, as well as any limitations that may be imposed pursuant to any budget approved by any such interim or final orders.

E.  **Monthly Payment Caps Proposed By The Debtors**

The Debtors propose that they be permitted to pay each Ordinary Course Professional, without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to $25,000 per month per Ordinary Course Professional; or (b) $60,000 per month, in the aggregate, for all Ordinary Course Professionals.

If in any given month the fees and expenses for any Ordinary Course Professional exceed $25,000, such Ordinary Course Professional shall be required to apply for approval by the Court of all such Ordinary Course Professional's fees and expenses for such month under sections 330 and 331 of the Bankruptcy Code; provided, however, that such Ordinary Course Professional shall be entitled to an interim payment of up to $25,000 as a credit against the invoices for such month ultimately allowed by the Court.

As a routine matter, the Debtors regularly review all billing statements received from the Ordinary Course Professionals to ensure that the fees and expenses charged are reasonable. This type of review will continue postpetition and, coupled with the proposed monthly payment caps, will protect the Debtors' estates against excessive and improper billings.

F.  **The Debtors Propose to File Periodic Statements of Payments Made**

The Debtors further propose to file a payment summary statement with this Court not more than thirty days after the last day of each year these Cases are pending, or such other period as this Court directs, and to serve such statement upon the Notice Parties. The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the

---

behalf of the Debtors from the Petition Date through the date of an order denying such retention.

73203-001\DOCS_LA:198674.2                9

Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered.

**G.    Basis For Relief**

The Debtors and their estates will be well served if granted the authority to employ and retain the Ordinary Course Professionals, given their past involvement with the Debtors' day-to-day business operations and, in particular, those germane to operations of their servicing platform.

As in this case, the Debtors in other chapter 11 cases have routinely requested authority to retain professionals used in the ordinary course of their business operations.  In an effort to ensure uninterrupted and orderly administration of business services, courts have regularly granted the same or similar relief as requested by these Debtors.  *See, e.g., In re People's Choice Home Loan, Inc., et al*, Case No. 07-10765 (Bankr. C.D. Cal. July 3, 2007); *In re Consolidated Freightways Corp. of De., et al.*, Case No. 02-24284 (Bankr. C.D. Cal. September 9, 2002); *In re Global Home Products LLC, et al.*, Case No. 06-10340 (Bankr. D. Del. May 5, 2006); *In re Pliant Corp.*, Case No. 06-10001 (Bankr. D. Del. Feb. 2, 2006); *In re Nobex Corp.,* Case No. 05-20050 (Bankr. D. Del. Dec. 22, 2005); *In re FLYi, Inc.,* Case No. 05-20011 (Bankr. D Del. Dec. 1, 2005); *In re NRG Energy, Inc.,* Case No. 03-13024 (Bankr. S.D.N.Y. May 20, 2003); *In re Allegiance Telecom, Inc.,* Case No. 03-13057 (Bankr. S.D.N.Y May 15, 2003); *In re Federal Mogul Global, Inc., et al.,* Case No. 01-10578 (Bankr. D. Del. Nov. 9, 2001); *In re Trans World Airlines, Inc.,* Case No. 01-00056 (Bankr. D. Del. Jan. 26, 2001); *In re United Artists Theatre Co.,* Case No. 00-3514 (Bankr. D. Del. Nov. 14, 2000); *In re Worldcom, Inc.*, Case No. 02-13533 (Bankr. S.D.N.Y. Sep. 4, 2002).

**WHEREFORE**, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as this Court deems appropriate.

Dated: April 2, 2009        LARSON & STEPHENS

/s/Zachariah Larson
Zachariah Larson, Esq. (NV Bar No. 7787)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, Nevada 89101

[Proposed] Counsel for Debtors and
Debtors in Possession

# **EXHIBIT A**

**Professionals Utilized in the Ordinary Course of Business**

# Exhibit B

## Form of Declaration of Disinterestedness

**DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL**

STATE OF _____ )
                                         ) ss:
COUNTY OF _____ )

I, _____, hereby declare that the following is true to the best of my knowledge, information and belief:

    1.    I am a _____ of _____ (the "Firm") which maintains offices at [address].

    2.    This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware dated _____, authorizing the above-captioned debtors and debtors in possession (the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

    3.    The Firm, through me, and members of the firm, have represented and advised the Debtors as _____ with respect to a broad range of aspects of the Debtors' business, including _____, since [insert date].

    4.    The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: [Insert description].

    5.    The Firm's current customary [hourly] rates, subject to change from time to time, are $_____. In the normal course of business, the Firm revises its regular [hourly] rates on _____ of each year and requests that, effective _____ of each year, the aforementioned rates be revised to the regular [hourly] rates which will be in effect at that time.

    6.    To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any connection with the Debtors or currently represents any of their creditors, other parties-in-interest, the Office of the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    and the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest
2    in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of
3    creditors or equity interest holders, except [_____].

4           7.      Thus, I believe that the Firm's representation of such entities in matters
5    entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their
6    creditors or estates in respect of the matters for which the Firm will be engaged, nor will such
7    services impair the Firm's ability to represent the Debtors in the ordinary course in these Chapter 11
8    Cases.

9           8.      In addition, although unascertainable at this time after due inquiry, due to the
10   magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have
11   in the past represented, currently represent, and may in the future represent entities that are claimants
12   of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and
13   will not represent any such entity in connection with these pending Chapter 11 Cases and does not
14   have any relationship with any such entity, attorneys or accountants that would be adverse to the
15   Debtors or their estates.

16         9.      In the past year, the Firm has rendered services that have not yet been billed or
17   that have been billed but with respect to which payment has not yet been received. The Firm is
18   currently owed $_____ on account of such prepetition services.

19         10.     In light of the foregoing, I believe that the Firm does not hold or represent any
20   interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as
21   identified to the Firm, with respect to the matters in which the firm will be engaged.

22         11.     Except as set forth herein, no promises have been received by the Firm or any
23   partner, associate or other professional thereof as to compensation in connection with these
24   Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal
25   Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United
26   States Bankruptcy Court for the District of Delaware, and orders of this Court.

73203-001\DOCS_LA:198674.2

2

12. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

13. The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[NAME]

[ADDRESS]