James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
[Proposed] Attorneys for Debtors and
Debtors in Possession

E-File: May 8, 2009

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]

Debtors.

Affects:
☒ All Debtors
☐ Affects the following Debtor(s)

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date: May 15, 2009
Hearing Time: 1:30 p.m.
Courtroom 1

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**JOINT REPLY OF PACHULSKI STANG ZIEHL & JONES LLP AND LARSON & STEPHENS, LLC TO "THE ACTING UNITED STATES TRUSTEE'S OMNIBUS RESPONSE TO THE DEBTORS' AND DEBTORS IN POSSESSIONS' APPLICATIONS TO EMPOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL AND LARSON & STEVENS AS ATTORNEYS TO DEBTORS"**

The above-captioned debtors and debtors in possession (the "Debtors") hereby file this reply (the "Reply") to *The Acting United States Trustee's Omnibus Response to the Debtors' and Debtors In Possessions' Applications to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel and Larson & Stephens, LLC as Attorneys to Debtors* [docket number 120 in case number BK-S-09-14814-LBR] (the "Response") filed by the Acting United States Trustee (the "United States Trustee"). In support of the Reply, Pachulski Stang Ziehl & Jones LLP ("PSZJ") and Larson & Stephens, LLC ("L&S") (collectively, the "Bankruptcy Counsel") respectfully represent as follows:

## I.

## PRELIMINARY STATEMENT

The essence of the United States Trustee's Response is that the retention of Bankruptcy Counsel for all the Debtors is presumptively improper under section 327(a)[2] and *In re Wheatfield Bus. Park LLC*[3] ("*Wheatfield*") because there is intercompany debt, which raises the possibility of a conflict of interest. At the same time, the Response acknowledges that there would be a substantial cost to forcing all thirty-two Debtors to hire separate counsel. As a compromise, the United States Trustee suggests approving the retention of Bankruptcy Counsel on an interim basis until it is known what intercompany-debt disputes, if any, arise.

Most courts have not adopted *Wheatfield*'s rebuttable presumption of impropriety where the same counsel represents related debtors; rather, the applicable standard is that the issue of whether multiple representation creates a conflict must be determined on a case-by-case basis.[4]

---

[2] All section references are to the Bankruptcy Code.

[3] *In re Wheatfield Bus. Park LLC*, 286 B.R. 412 (Bankr. C.D.Cal 2002).

[4] See e.g. *Harold & Williams Dev. Co.*, 977 F.2d 906 (4th Cir. 1992); *In re BH & P, Inc.*, 949 F.2d 1300 (3rd Cir. 1991); *In re International Oil Company*, 427 F.2d 186 (2nd Cir. 1970); *In re Star Broadcasting*, 81 B.R. 835

Regardless, Bankruptcy Counsel meet both the applicable standard and the stricter standards of *Wheatfield*.

Though the existence of intercompany debt may raise the potential for a conflict of interest in certain cases, it does not in the present cases. The secured lenders under the Debtors' first lien credit facility, second lien credit facility and swap debt facility (collectively, the "Secured Lenders") have liens against substantially all of the Debtors' assets that exceed the value of the assets. In other words, the Debtors believe that the Secured Lenders are undersecured. Consequently, disputes regarding intercompany claims would have minimal impact on distributions to unsecured creditors of the Debtors' estates and in all likelihood would be uneconomical to litigate. As a result, Bankruptcy Counsel do not have a potential conflict with respect to the intercompany debt.

Even if a potential conflict did exist, *Wheatfield* provides that a potential conflict may be waived by the estates' creditors under section 327(a) through the failure to object to counsel's employment. Here, no creditors have objected to the employment of Bankruptcy Counsel and, therefore, the Debtors' creditors have waived any potential conflicts and consented to Bankruptcy Counsel's employment.

Even if a potential conflict did exist and had not been waived, *Wheatfield* further provides that a potential conflict may be avoided by the appointment of special counsel to handle any conflicts that may arise. The Debtors and Bankruptcy Counsel are prepared to allow special counsel to be retained by relevant Debtors to the extent necessary to address a dispute that cannot be handled by Bankruptcy Counsel due to the joint representation of the Debtors.

Because Bankruptcy Counsel do not have any potential conflicts, and, even if they did, such conflicts have been waived and otherwise can be avoided, Bankruptcy Counsel respectfully submit they have met the standards of section 327(a) and the Court should authorize their employment by the Debtors' estates on a final basis. Furthermore, requiring the estates to incur

---

(Bankr. D.N.J. 1988).

the expense of hiring separate counsel for all 32 Debtors would not protect any creditors, but instead would harm creditors by needlessly increasing the cost of the Debtors' reorganization.

## II.

## FACTUAL BACKGROUND

### A. General Background

1. On March 31, 2009, the above-captioned Debtors except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of James M. Rhodes in Support of First Day Motions* [docket number 34 in case number BK-S-09-14778-LBR] filed previously with the Court.

3. On April 30, 2009 the Debtors filed their Schedules of Assets and Liabilities (the "Schedules) for each of the 32 Debtors, which indicate aggregate intercompany debt of over $300 million.

4. The Debtors believe based on their initial investigation that the Secured Lenders are undersecured. The Secured Lenders hold secured claims in the amount of approximately $390 million against substantially all of the Debtors' assets. The Debtors' real property schedules list an aggregate value of approximately $107 million.[5] The Debtors' personal property schedules, which are based on net book value, excluding the Debtors' intercompany receivables, list an aggregate value of approximately $10 million.

---

[5] The values listed in the Debtors' real property schedules are based primarily on the last real estate appraisal available to the Debtors dated September 30, 2008.

### B. Procedural Background

5. On April 13, 2009, the Debtors filed their *Application of Debtors and Debtors in Possession to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Nunc Pro Tunc to the Petition Date* [docket number 37 in case No. BK-S-09-14814-LBR] and *Application for Order Approving The Employment of Larson & Stevens, LLC as Attorneys for Debtors* [docket number 40 in case No. BK-S-09-14814-LBR] (collectively, the "Applications").

6. On April 28, 2009, the United States Trustee filed its Response.

## III.

## LEGAL ARGUMENT

### A. Whether Counsel May Represent Multiple Debtors under Section 327(a) Is to Be Determined on a Case-by-Case Basis

The vast majority of courts do not adopt *Wheatfield*'s presumption that the same counsel may not represent related debtors. Instead, most courts have determined that the representation of multiple debtors by a single law firm under section 327(a), and whether such representation creates a conflict of interest, must be determined on a case-by-case basis. *See e.g. Harold & Williams Dev. Co.*, 977 F.2d 906 (4th Cir. 1992) (multiple representation does not create a *per se* conflict; courts must weigh the potential benefits of multiple representation against the possible difficulties); *In re BH & P, Inc.*, 949 F.2d 1300, 1315 (3rd Cir. 1991) ("The case law generated in connection with multiple representation of related bankruptcy estates establishes that courts have generally declined to formulate bright-line rules concerning the criteria for disqualification, but have favored instead an approach which gives the bankruptcy court discretion to evaluate each case on its facts"); *In re International Oil Company*, 427 F.2d 186, 187 (2nd Cir. 1970) (existence of intercompany claims did not constitute impermissible conflict of interest); *In re Star Broadcasting*, 81 B.R. 835, 844 (Bankr. D.N.J. 1988) (invariably requiring different counsel in related chapter 11 proceedings would be unreasonable and unnecessarily cumbersome; whether a disqualifying conflict of interest exists must be considered in light of the particular facts of each case). As demonstrated below, in the present circumstances, Bankruptcy Counsel do not have a conflict of interest and meet the standards of section 327(a).

### B. The Debtors' Intercompany Debt Does Not Create Any Potential Conflicts

It is true that in many bankruptcy cases the presence of intercompany debt presents a potential conflict of interest where the same counsel represents all debtors. In those cases, though the debtors are related, each debtor has a different set of creditors. As a result, the reallocation of debt (or assets) among debtors is a zero sum game and each set of creditors is in competition with the other. For example, if debtor A's debt to debtor B is extinguished, then there will be fewer claims against the assets of debtor A, and the creditors of debtor A will receive a larger distribution. Conversely, the creditors of debtor B will receive a smaller distribution because they will no longer be able to share in the assets of debtor A. In those cases, disputes concerning intercompany debt directly impact the distributions to each debtor's creditors.

In the Debtors' cases, however, the existence of intercompany debt does not create any potential conflicts. The Secured Lenders have secured liens in the amount of approximately $390 million on substantially all of the Debtors' assets. Accordingly, after satisfaction of the Secured Lenders' liens, any disputes over intercompany debt would have little impact on the treatment of unsecured creditors. Accordingly, Bankruptcy Counsel have met the standards of section 327(a) of the Bankruptcy Code.

### C. Even if There Were Potential Conflicts of Interest, the Estates' Creditors Have Waived the Conflicts and Consented to Bankruptcy Counsel's Representation of All of the Debtors.

In *Wheatfield*, the Court stated that a waiver of a potential conflict of interest may be given. 286 B.R. at 423. While the policy of section 327(a) requires that a professional give undivided loyalty to the client, this policy is waivable if the parties in interest so desire. *Id.* "Indeed, the number of related cases may be so large that an inflexible rule would be totally unworkable." *Id.* In a chapter 11 the parties in interest are the creditors. 286 B.R. at 424. The proper procedure to obtain consent of the creditors is to give notice of the debtors' proposed employment of counsel pursuant to section 102(1) of the Bankruptcy Code and give the creditors

an opportunity to object. 286 B.R. at 425. In larger cases, notice is appropriate if given to the twenty largest creditors (in the absence of a committee), the principal creditors and those creditors that have requested special notice. *Id.* "If a creditor fails to object to the representation, the creditor thereby waives the application of section 327(a) and any right to object, and consents to the representation." 286 B.R. at 426.

In the present case, Bankruptcy Counsel have followed the procedures set forth in section 102(1) of the Bankruptcy Code. Bankruptcy Counsel filed their Applications on April 13, 2009, more than a month prior to the hearing, and served the twenty five largest unsecured creditors, the Debtors' prepetition lenders and all parties requesting special notice. No creditor has filed an objection. Accordingly, pursuant to *Wheatfield*, the Debtors' creditors have waived the application of section 327(a) and have consented to Bankruptcy Counsel's representation of all of the Debtors.

### D. Potential Conflicts May Be Avoided By the Appointment of Special Counsel

Even if potential conflicts did exist involving intercompany claims, and even if they had not been waived, *Wheatfield* provides that a potential conflict may be avoided by the appointment of special counsel to handle the issues involving the conflict of interest. 286 B.R. at 423. For example, if a potential conflict of interest arises because of a transaction between two affiliated debtors, the appointment of special counsel to deal with that transaction may be sufficient to permit a single counsel to represent the related entities as their bankruptcy counsel. *Id.* Alternatively, responsibility for analyzing such a transaction and perhaps litigating with respect to it may be given to counsel for the creditors' committee, if such a committee is active in the case. *Id. See also In re Global Marine, Inc.*, 108 B.R. 998, 1004 (Bankr. S.D. Tex. 1987) ([s]hould the conflict "become open and ongoing as opposed to dormant, the problem may at such time be resolved by among others, the appointment of special counsel as suggested by the 2ⁿᵈ Circuit," citing *Katz v. Kilsheimer,* 327 F. 2d 633, 636 (2d Cir. 1964)).

The Debtors and Bankruptcy Counsel agree that should a conflict arise due to the joint representation of the Debtors, special counsel will be retained by the relevant Debtors to the

extent necessary to address the dispute. In this way a procedure will be in place that removes the potential of a future conflict for Bankruptcy Counsel.

## IV.

## CONCLUSION

For the foregoing reasons, Bankruptcy Counsel respectfully request that the Court authorize the employment of PSZ&J and L&S as provided in the Applications.

**DATED** this 8th day of May, 2009.

**LARSON & STEPHENS**

/s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
702/382-1170
[Proposed] Attorneys for Debtors and
Debtors in Possession