1   AUGUST B. LANDIS, Assistant United States Trustee
    State Bar # IA PK9228                                     E-Filed on May 8, 2009
2   EDWARD M. MCDONALD JR., Attorney
    State Bar # NY EM2209
3   edward.m.mcdonald@usdoj.gov
    UNITED STATES DEPARTMENT OF JUSTICE
4   Office of the United States Trustee
    300 Las Vegas Boulevard, So., Suite 4300
5   Las Vegas, Nevada 89101
    Telephone: (702) 388-6600 Attorney Ext. 234
6   Facsimile:  (702) 388-6658

7   Attorneys for the Acting United States Trustee
            SARA L. KISTLER
8
                    UNITED STATES BANKRUPTCY COURT
9
                           DISTRICT OF NEVADA
10
    In re:
11
                                               CASE NOS: BK-S-09-14814-LBR
12  THE RHODES COMPANIES,                       (Jointly Administered)
    aka "Rhodes Homes, et al.,"[1]
13                                              Chapter 11
14
                                               Date:  May 15, 2009
15                                              Time:  10:00 a.m.
                                               Location:  Foley Courtroom 1
16                            Debtor(s).

17
           THE ACTING UNITED STATES TRUSTEE'S RESPONSE TO THE
18
         APPLICATION FOR AN ORDER UNDER SECTION 327(A) OF THE
19
         BANKRUPCTY CODE AUTHORIZING THE EMPLOYMENT AND
20

21  _____

22          [1]     The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC
    (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC  (Case No. 09-
23  14817);  Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing, LLC  (Case No. 09-14820);  Gung-ho
    Concrete, LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners (Case No. 09-14828); Six
24  Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case
    No. 09-14839);  Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc., (Case No. 09-14843); Rhodes
25  Ranch GP  (Case No. 09-14844);  Rhodes Design & Dev. (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848);
    Tuscany Acquisitions, IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850);  Tuscany
26  Acquisitions II LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf
    (Case No. 09-14854); Overflow, LP  (Case No. 09-14856); Wallboard, LP (Case No. 09-14858);  Jackkknife, LP (Case
27  No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-
    14865); Tick, LP  (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes
28  Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and, Pinnacle Grading,
    LLC (Case No. 09-14887).

1

### RETENTION OF PROVINCE REAL ESTATE ADVISORS, LLC AS WORK-
2
### OUT CONSULTANT TO THE DEBTORS AND DEBTORS IN POSSESSION
3
### *NUNC PRO TUNC* TO THE PETITION DATE

4     The Acting United States Trustee hereby responds to the Application for an Order Under

5     Section 327(a) of the Bankruptcy Code Authorizing the Employment and Retention of Province

6     Real Estate Advisors, LLC as Work-Out Consultant to the Debtors and Debtors in Possession

7     Nunc Pro Tunc to the Petition Date (the "Application").  The supporting declaration of Paul

8     David Huygens, a principal of Province Real Estate Advisors, LLC ("Province"), indicates that

9     Province also provides work-out advice to certain non-debtor affiliates of the Debtors.

10    Accordingly a potential conflict exists in that the Debtors may be found have claims against

11    these non-debtor affiliates.  Therefore the Acting United States Trustee requests that the

12    Application be approved on an interim basis, reserving all rights for the Acting United States

13    Trustee in the event an actual conflict arises.  This response is supported by the following

14    Memorandum of Points and Authorities, the file and pleadings in this case.

15                    **MEMORANDUM OF POINTS AND AUTHORITIES**

16         1.  Pursuant to 28 U.S.C. § 586(a)(3), the Acting United States Trustee is charged with

17    responsibility for supervising the administration of cases under Chapters 7, 11, 12 and 13 of the

18    Code.  The Acting United States Trustee has standing to raise and to "appear and be heard on

19    any issue in any case or proceeding" brought under the United States Bankruptcy Code [2]

20    ("Code").  11 U.S.C. § 307.

21         2.  All debtors commenced their individual cases by filing voluntary petitions under the

22    Code on March 31, 2009, with the exception of Rhodes Homes Arizona, LLC, Case No. 09-

23    14882; Tuscany Golf Country Club, LLC, Case No. 09-14884; and Pinnacle Grading, LLC, Case

24    No. 09-14887, which filed  voluntary petitions under the Code on April 1, 2009.

25         3.  No Chapter 11 trustee has been appointed in these cases and the debtors operate as

26    debtors-in-possession.

27    _____

28         [2]      11 U.S.C. § 101 *et seq.*

1    4. These cases are jointly administered under the lead case styled, In re The Rhodes

2    Companies, Case No. 09-14814-LBR.  [Docket Entry # 18]

3    5. The declaration of Paul David Huygens in support of the Application states that

4    Province is acting as a work-out consultant to certain non-debtor affiliates of the Debtors,

5    including Sedora Holdings and Sagebrush Enterprises, Inc., which either directly or indirectly

6    own 100% of all of the Debtors with the exception of Elkhorn Partners, LP, which is 50% owned

7    by these non-debtor entities. [See Docket # 102, p. 6 of 24, para. 16; Docket # 64, p. 5 of 44]

8    James M. Rhodes, the founder and president of the Debtors, is also being advised by Province.

9    [See Docket # 102, p. 6 of 24, para. 16; see also, Docket # 95, p. 2 of 5]  Mr. Huygens asserts

10    that he will not have primary responsibility for the non-debtor work, but that he may have some

11    involvement in those non-debtor negotiations.  [See Docket # 102, p. 6 of 24, para. 17]

12    6.  The Application to employ Province is premised upon 11 U.S.C. § 327(a).

13    7.  The text of 11 U.S.C. § 327(a) provides generally that the trustee[3] may employ

14    professionals that do not hold or represent an interest adverse to the estate, and are disinterested

15    persons, to represent or assist the trustee in carrying out the trustee's duties in connection with a

16    bankruptcy case.

17    8.  The disclosures required of a professional seeking employment under 11 U.S.C.

18    § 327(a) are set forth in FED. R. BANKR. P. 2014(a).

19    9.  In addition to the provisions of 11 U.S.C. § 327(a), the issues raised by this response

20    are premised upon 11 U.S.C. § 327 ( c).  Section 327 ( c) generally provides that while a

21    professional is not disqualified from employment on behalf of the trustee solely because he or

22    she represents a creditor, upon objection by the United States Trustee "the court shall disapprove

23    such employment if there is an actual conflict of interest."

24    10.  The policy objectives of 11 U.S.C. § 327 include holding professionals performing

25    duties for the estate to strict fiduciary standards, and to assure that a professional employed in a

26

27    [3]The powers of the trustee referred to in 11 U.S.C. § 327 are vested in the various debtors in possession in
these cases.  See 11 U.S.C. § 1107(a); see also In re Wheatfield Business Park, LLC, 286 B.R. 412, 418 (Bankr.
28    C.D. Cal. 2002) (citing In re Diamond Mortgage Corp., 135 B.R. 78, 88 (Bankr. N.D. Ill. 1990)).

bankruptcy case will devote undivided loyalty to the client.  In re Wheatfield Bus. Park, LLC, 286 B.R. 412, 417-18 (Bankr. C.D. Cal. 2002) (*citing* In re Envirodyne Indus., Inc., 150 B.R. 1008, 1016 (Bankr. N.D. Ill. 1993) *and* In re Lee, 94 B.R. 172, 178 (Bankr. C.D. Cal. 1988)). "Having to divide one's allegiance between two clients is what Section 327 attempts to prevent." In re Mercury, 280 B.R. 35, 54 (Bankr. S.D.N.Y. 2002) *(quoting* In re Roger J. Au & Son, Inc., 101 B.R. 502, 505 (Bankr. N.D. Ohio 1989)).

11. In the event that the Debtors have claims against their non-debtor affiliates Province may have a conflict of interest.[4]

12.  Pursuant to 11 U.S.C. § 327, the existence of a "potential conflict of interest may also require the disqualification of a professional if, in the judgment of the court, the conflict is sufficiently important and there is a sufficient likelihood that it will ripen into an actual conflict." Wheatfield, 286 B.R. at 420-21 (*citing* In re Amdura, 121 B.R. 862, 865-68 (Bankr. D. Colo. 1990)).

13.  The standard under 11 U.S.C. § 327 is very high:  "If there is any doubt as to the existence of a conflict, that doubt should be resolved in favor of disqualification."  Wheatfield, 286 B.R. at 418 (*citing* Lee, 94 B.R. at 177).

14. However, some courts have recognized "the substantial cost of requiring additional trustees or counsel in cases where individual debtors have claims against each other, have taken a 'wait and see,' fact-driven, approach, to determine the extent to which [disqualification] is necessary."  See, e.g., In re Adelphia Communications Corp., 336 B.R. 610, 673 (Bankr. S.D.N.Y. 2006).  Such a wait and see approach appears to be appropriate here, where the cases were only recently filed, the schedules were filed on April 30, 2009 and there may be claims between the Debtors and the non-debtor entities.

---

[4]       Mr. Huygens' declaration state that the First Lien Steering Committee has already raised this possibility although the non-debtor entities dispute those allegations. [Docket # 102, p. 6-7 of 24, para. 19]

1    **WHEREFORE**, the Acting United States Trustee requests that if the Court approves the

2    Application, the Court approve it on an interim basis.

3         Dated:  May 8, 2009

4                              Respectfully submitted,

5                              **THE UNITED STATES TRUSTEE**

6                              By:  */s/  Edward M. McDonald Jr.*

7                                 Edward M. McDonald Jr., Esq.
                             Attorney for the United States Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF MAILING

2

I, the undersigned, hereby certify and declare that I deposited a true and correct copy of

3

this response in first class United States mail, postage fully prepaid, and, if a facsimile number is

4

listed, by facsimile, on this date to each of the parties listed below:

5

6  Zachariah Larson, Esq.                                    James Stang, Esq.
   Larson & Stephens, LLC                                    Pachulski Stang Ziehl & Jones LLP
7  810 S. Casino Center Blvd., Suite 104                     10100 Santa Monica Blvd., 11th Floor
   Las Vegas, NV  89101                                      Los Angeles, CA  90067-4100

8

9

10          Dated:  May 8, 2009

11                        OFFICE OF THE UNITED STATES TRUSTEE

12                        By:  /s/  Edward M. McDonald Jr.
                               An Authorized Employee of the United States Trustee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28