James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
[Proposed] Attorneys for Debtors and
Debtors in Possession

E-Filed: May 11, 2009

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]

Debtors.

Affects:

☒ All Debtors
☐ Affects the following Debtor(s)

Case No.: BK-S-09-14814-LBR

(Jointly Administered)

Chapter 11

DATE:   June 5, 2009
TIME:   1:30 p.m.
PLACE:  Courtroom 1

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**APPLICATION FOR ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE LIMITED EMPLOYMENT AND RETENTION OF JEFF BARCY AS FINANCIAL CONSULTANT TO THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors") hereby submit this application (the "Application") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors' retention and employment of Jeff Barcy as financial consultant for the time period from March 31, 2009 through April 10, 2009, his last day of work. In support of this Application, the Debtors rely on the *Declaration Of Jeff Barcy In Support of Application For Order Under Section 327(a) Of The Bankruptcy Code Authorizing The Limited Employment And Retention Of Jeff Barcy As Financial Consultant To The Debtors And Debtors In Possession Nunc Pro Tunc To The Petition Date* (the "Barcy Declaration"), which is being submitted concurrently with the Application. In support of the Application, the Debtors respectfully represent as follows:

### Background

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is properly in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought herein are section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a).

2. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of James M. Rhodes in Support of First Day Motions* [Heritage docket number 34] filed previously with the Court.

### Relief Requested

By this Application, the Debtors seek to employ and retain Mr. Barcy, from the Petition Date through April 10, 2009, his last day of work, as their financial consultant in connection with these chapter 11 cases pursuant to Bankruptcy Code § 327(a) and Bankruptcy Rules 2014 and 2016, and to obtain approval of the terms under which Mr. Barcy will be compensated, at the expense of the Debtors' estates and on the terms set forth in the Application and the Barcy Declaration, pursuant to § 327(a) of the Bankruptcy Code.

### Basis for Relief

Under § 327 of the Bankruptcy Code, a trustee, debtor in possession and committee appointed under § 1102 of the Bankruptcy Code may employ one or more professionals, that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist such parties in carrying out their duties under the Bankruptcy Code.

Specifically, § 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a). Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. Proc. 2014.

### A. Employment Agreement

Mr. Barcy was employed by the Debtors pursuant to an engagement letter dated December 8, 2009 (as attached to the Barcy Declaration as <u>Exhibit 1</u>, the "Engagement Letter").[2] Pursuant to the Engagement Letter, the Debtors engaged Mr. Barcy as a financial consultant to the Debtors as further described below.

Mr. Barcy was employed by the Debtors beginning December 8, 2009 as an outside consultant at the agreed upon salary of $250,000 per year plus a bonus of $250,000 per year, which bonus was payable on a prorated basis every month. During this prepetition work period, Mr. Barcy developed a significant level of knowledge relating to the Debtors' operations and finances. In light of this knowledge, and the urgent need to generate financial information and projections in connection with the Debtors' "first day" motions, including the motion to use cash collateral (the "Cash Collateral Motion"), in their business judgment the Debtors believed it was in the best interests of the estates to continue to engage Mr. Barcy on a short-term basis post-petition to assist with the processing of financial information during the beginning period of the Debtors' cases. For example, Mr. Barcy helped create the Debtors' 13 week budget that was attached to the Cash Collateral Motion.

### B. Qualifications

Mr. Barcy is the founder and Chief Executive Officer of Ridgeback Partners, a real estate firm created in 2007 that provides turnaround advisory and consulting services to help distressed homebuilders, banks and institutional investors work through their problems. Before founding Ridgeback Partners, Mr. Barcy was Chief Executive Officer, Chief Strategic Officer and Executive Vice President for Hearthstone, a leading institutional investor in for-sale residential real estate, with approximately $4 billion in equity commitments from investors. Prior to joining Hearthstone, Mr. Barcy spent over 12 years at Credit Suisse First Boston, most recently as a Director in the West Coast real estate investment banking practice, where he worked on over $15 billion of financings for all types of real estate companies, including homebuilders, developers, multi-family REITs and hotel

---

[2] The summary descriptions provided herein are qualified in their entirety by the terms of the attached Engagement Letter.

companies. Mr. Barcy is a graduate of Harvard College and has an MBA from the Harvard Business School.

**C.  Services To Be Rendered**

The Debtors determined in their business judgment that it was necessary and in the best interests of the Debtors' estates to retain Mr. Barcy for a short period of time post-petition as a financial consultant to provide the following services:

(a) Assist the Debtors in preparing detailed financial analyses and cash flow projections;

(b) Work directly with the Debtors' management to develop and implement strategic and working capital plans to maximize recovery for creditors;

(c) Advise the Debtors in evaluating their post-petition financial alternatives;

(d) Interact with lenders' due diligence firms to provide information related to the Debtors and their operations; and

(e) Provide other appropriate general consulting advice.

The Debtors believe, pursuant to their business judgment, that Mr. Barcy was well situated to act as financial consultant in the most efficient and cost-effective manner available to the Debtors, and that its retention of Mr. Barcy as financial consultant provided efficiency that directly inured to the benefit of the Debtors' estates and creditors. Mr. Barcy's services for the Debtors were necessary to enable the Debtors to execute their duties as debtors in possession, including maximizing value to their creditors.

**D.  Compensation**

Mr. Barcy intends to submit a first and final fee application pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Nevada and this Court's Orders. Mr. Barcy charged the Debtors rates consistent with the rates he charges other clients for short-term consulting engagements. Mr. Barcy's compensation was at the rate of $41,667 per month.

As part of the agreement with the Debtors, Mr. Barcy will receive reimbursement of post-petition expenses, including travel, lodging, cell phone service, long distance telephone calls, postage, express mail and messenger charges, expenses for working meals and telecopier charges,

1  Mr. Barcy charges the Debtors for these expenses in a manner and at rates consistent with those he
2  generally charges his other clients; provided, however, Mr. Barcy will comply with the guidelines
3  for charging bankruptcy estates for such expenses that are applicable in this District.

4  Prior to the Petition Date, Mr. Barcy received a retainer (the "Retainer") in these cases in the
5  amount of $30,000. During the twelve months prior to the Petition Date, Mr. Barcy received
6  $206,236.29 in the aggregate from the Debtors, including the Retainer and reimbursed expenses.
7  The Debtors do not owe Mr. Barcy any monies as of the Petition Date. Mr. Barcy is currently
8  holding a Retainer in the amount of $30,000, which he will apply against the fees and expenses he is
9  awarded pursuant to his first and final fee application when approved by this Court, with the
10 remainder to be returned to the Debtors.

11 Mr. Barcy understands that his compensation in these cases is subject to the prior approval of
12 this Court. No compensation will be paid except upon application to and approval by this Court
13 after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code and
14 Bankruptcy Rule 2016.

### E. Conflicts

To the best of the Debtors' knowledge, and except as disclosed in the Barcy Declaration filed in support of this Application, Mr. Barcy has no connection or relationship with any employee at the Office of the U.S. Trustee.

To the best of the Debtors' knowledge, except as otherwise disclosed in the Barcy Declaration submitted concurrently herewith, Mr. Barcy has not represented the Debtors' creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates, with the following exception. Mr. Barcy spent over 12 years working as an investment banker at Credit Suisse First Boston, which is one of the Debtors' secured lenders and also the Administrative Agent to the lending group for the $430,000,000 Senior Secured Credit Facility (First Lien) and the $70,000,000 Second Secured Credit Facility (Second Lien) (collectively, the "Secured Loans"). The Debtors are informed and believe that Mr. Barcy helped negotiate the Secured Loans on behalf of Credit Suisse First Boston, though he no longer worked for Credit Suisse First Boston at the time the Secured Loans were closed.

1. On or about April 8, 2009, the Debtors became aware of the Separation Agreement, dated October 10, 2005, between Mr. Barcy and Credit Suisse First Boston, which the Debtors believe would restrict Mr. Barcy's ability to consult for the Debtors such that only limited work made sense. Upon mutual agreement with the Debtors, Mr. Barcy's last day of services for the Debtors was April 10, 2009.

2. To the best of the Debtors' knowledge and based upon the Barcy Declaration, Mr. Barcy is not a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

3. To the best of the Debtors' knowledge and based upon the Barcy Declaration, Mr. Barcy has not, within two years before the date of the filing of the petition, been a director, officer, or employee of the Debtors.

4. To the best of the Debtors' knowledge and based upon the Barcy Declaration, Mr. Barcy does not have any interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason. Accordingly, Mr. Barcy is a "disinterested person" as that term is defined and used in sections 101(14) and 327 of the Bankruptcy Code.

5. Due to the nature of the services to be performed and the qualifications of Mr. Barcy, the Debtors believe that it is appropriate and in the best interest of the estates that the Court approve Mr. Barcy's employment as set forth in this Application.

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to employ and retain Mr. Barcy as the Debtors' financial consultant *nunc pro tunc* to the Petition Date, and (b) granting such further relief as the Court deems appropriate.

Dated: May 11, 2009

By _____
Joseph Schramm
Authorized Agent