James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
[Proposed] Attorneys for Debtors and
Debtors in Possession

E-Filed: May 11, 2009

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors.<br><br>Affects:<br><br>☒ All Debtors<br>☐ Affects the following Debtor(s) | Case No.: BK-S-09-14814-LBR<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>DATE: June 5, 2009<br>TIME: 1:30 p.m.<br>PLACE: Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**APPLICATION FOR ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE LIMITED EMPLOYMENT AND RETENTION OF NOEL BEJARANO AS BUSINESS OPERATIONS CONSULTANT TO THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors") hereby submit this application (the "Application") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors' retention and employment of Noel Bejarano as business operations consultant for the time period from March 31, 2009 through April 17, 2009. In support of this Application, the Debtors rely on the *Declaration Of Noel Bejarano In Support of Application For Order Under Section 327(a) Of The Bankruptcy Code Authorizing The Limited Employment And Retention Of Noel Bejarano As Business Operations Consultant To The Debtors And Debtors In Possession Nunc Pro Tunc To The Petition Date* (the "Bejarano Declaration"), which is being submitted concurrently with the Application. In support of the Application, the Debtors respectfully represent as follows:

### Background

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is properly in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought herein are section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a).

2. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of James M. Rhodes in Support of First Day Motions* [Heritage docket number 34] filed previously with the Court.

### Relief Requested

By this Application, the Debtors seek to employ and retain Mr. Bejarano as their business operations consultant in connection with these chapter 11 cases pursuant to Bankruptcy Code § 327(a) and Bankruptcy Rules 2014 and 2016, and to obtain approval of the terms under which Mr. Bejarano will be compensated, at the expense of the Debtors' estates and on the terms set forth in the Application and the Bejarano Declaration, pursuant to § 327(a) of the Bankruptcy Code from the Petition Date through April 17, 2009.

### Basis for Relief

Under § 327 of the Bankruptcy Code, a trustee, debtor in possession and committee appointed under § 1102 of the Bankruptcy Code may employ one or more professionals, that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist such parties in carrying out their duties under the Bankruptcy Code.

Specifically, § 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a). Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. Proc. 2014.

A. **Employment Agreement**

Mr. Bejarano was employed by the Debtors beginning January 28, 2009 as an outside consultant at the agreed upon salary of $125,000 per year. During this prepetition work period, Mr. Bejarano developed a significant level of institutional knowledge relating to the Debtors' operations, systems and personnel. He was tasked with leading the Debtors' efforts to prepare for their chapter 11 filing (the "Filings"), including the numerous "first day" motions, and served as the primary point of contact between the Debtors and their bankruptcy counsel. In this effort, Mr. Bejarano interfaced with various departments of the Debtors to collect and organize the information needed for the Filings.

Due to significantly reduced staffing levels at the Debtors' headquarters, the Debtors did not believe they had adequate in-house capabilities to meet the significant data requests they anticipated they would receive post-petition, including from the lenders' consultants, while continuing to provide the necessary level of service to their customers in the ordinary course of business. In light of Mr. Bejarano's background in general project management, the prepetition services he provided to the Debtors and the level of company knowledge he possessed, in their business judgment the Debtors believed it was in the best interests of the estates to continue to engage Mr. Bejarano on a short-term basis post-petition to assist with fulfiling the necessary data requests during the beginning period of the Debtors' cases. For example, Mr. Bejarano created the revised organizational chart that was submitted to this Court and worked on other "first day" tasks. Mr. Bejarano's last day of work with the Debtors was April 17, 2009.

B. **Qualifications**

Mr. Bejarano is Vice President of Ridgeback Partners, a real estate firm founded by Jeff Barcy[2] in 2007 that provides turnaround advisory and consulting services to help distressed homebuilders, banks and institutional investors work through their problems. Mr. Bejarano was previously Acquisitions Originator for Hearthstone, where he was responsible for deal origination and relationship management for investments. While at Hearthstone, he originated and closed over

---

[2] Mr. Barcy performed consulting services for the Debtors prior to the Petition Date and during the first two weeks after the Petition Date.

$269 million of residential projects. Before focusing on real estate, Mr. Bejarano worked in several management roles at Goldman Sachs and as an officer of the United States Army. Over the course of 8 years, Mr. Bejarano was responsible for building, managing, and motivating diverse teams of people (ranging from several individuals to over 50 people) to accomplish challenging goals under often-difficult circumstances. His previous management experience and training provides an effective edge in helping teams at distressed companies to successfully navigate the challenging conditions surrounding a bankruptcy filing.

C. **Services To Be Rendered**

The Debtors determined in their business judgment that it was necessary and in the best interests of the Debtors' estates to retain Mr. Bejarano for a short period of time post-petition as a business operations consultant to provide the following services:

(a) Assist the Debtors in preparing detailed financial analyses and cash flow projections;

(b) Organize and lead the Debtors' interactions with bankruptcy counsel;

(c) Ensure that information requested from the Debtors (as it relates to the chapter 11 process) is provided to the interested party in a timely manner; and;

(d) Provide other appropriate general consulting services as requested by the Debtors.

The Debtors believe, pursuant to their business judgment, that Mr. Bejarano was well situated to act as business operations consultant in the most efficient and cost-effective manner available to the Debtors, and that its retention of Mr. Bejarano as business operations consultant provided efficiency that directly inured to the benefit of the Debtors' estates and creditors. Mr. Bejarano's services for the Debtors were necessary to enable the Debtors to execute their duties as debtors in possession, including maximizing value to their creditors.

D. **Compensation**

Mr. Bejarano intends to submit a first and final fee application pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Nevada and this Court's Orders. Mr. Bejarano charged the

Debtors rates consistent with the rates he charges other clients for short-term consulting engagements. Mr. Bejarano's compensation was $100 per hour during the post-petition period.

As part of the agreement with the Debtors, Mr. Bejarano will receive reimbursement of post-petition expenses, including travel, lodging, cell phone service, long distance telephone calls, postage, express mail and messenger charges, expenses for working meals and telecopier charges. Mr. Bejarano charges the Debtors for these expenses in a manner and at rates consistent with those he generally charges his other clients; provided, however, Mr. Bejarano will comply with the guidelines for charging bankruptcy estates for such expenses that are applicable in this District.

Prior to the Petition Date, Mr. Bejarano received a retainer (the "Retainer") in these cases in the amount of $7,500. During the twelve months prior to the Petition Date, Mr. Bejarano received $35,013.12 in the aggregate from the Debtors, including the Retainer and reimbursed expenses. The Debtors do not owe Mr. Bejarano any monies as of the Petition Date. Mr. Bejarano is currently holding a Retainer in the amount of $7,500, which he will apply against his first and final fee application when approved by this Court.

Mr. Bejarano understands that his compensation in these cases is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

**E.     Conflicts**

To the best of the Debtors' knowledge, and except as disclosed in the Bejarano Declaration filed in support of this Application, Mr. Bejarano has no connection or relationship with any employee at the Office of the U.S. Trustee.

To the best of the Debtors' knowledge, except as otherwise disclosed in the Bejarano Declaration submitted concurrently herewith, Mr. Bejarano has not represented the Debtors' creditors or equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.

To the best of the Debtors' knowledge and based upon the Bejarano Declaration, Mr. Bejarano is not a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

To the best of the Debtors' knowledge and based upon the Bejarano Declaration, Mr. Bejarano has not, within two years before the date of the filing of the petition, been a director, officer, or employee of the Debtors.

To the best of the Debtors' knowledge and based upon the Bejarano Declaration, Mr. Bejarano does not have any interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason. Accordingly, Mr. Bejarano is a "disinterested person" as that term is defined and used in sections 101(14) and 327 of the Bankruptcy Code.

Due to the nature of the services to be performed and the qualifications of Mr. Bejarano, the Debtors believe that it is appropriate and in the best interest of the estates that the Court approve Mr. Bejarano's employment as set forth in this Application.

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to employ and retain Mr. Bejarano as the Debtors' business operations consultant *nunc pro tunc* to the Petition Date, and (b) granting such further relief as the Court deems appropriate.

Dated:    May 11, 2009

By *[signature]*
Joseph Schramm
Authorized Agent