**Entered on Docket**
**May 18, 2009**

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR |
| | (Jointly Administered) |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:202140.2

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] | Chapter 11 |
|---|---|
| Debtors. | |
| Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s) | Hearing Date: May 15, 2009<br>Hearing Time: 1:30 p.m.<br>Courtroom 1 |

**ORDER GRANTING DEBTORS' MOTION FOR ADMINISTRATIVE ORDER PURSUANT TO SECTIONS 105(A) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016 ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS [Re: Docket No. 62]**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to Bankruptcy Code section 331, for an order establishing procedures for interim compensation [Docket Number 62]; there having been no opposition received to the Motion; the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of this Chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (d) notice of the Motion was sufficient under the circumstances, and (e) cause exists, within the meaning of section 105(a) and 331 of the Bankruptcy Code to permit the Debtors to establish certain procedures for interim compensation and reimbursement of expenses of professionals; the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; it is hereby

ORDERED THAT:

1. The Motion shall be, and hereby is, GRANTED.

2. Except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, the Professionals specifically retained pursuant to an order of the Court

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

73203-001\DOCS_LA:202140.2                                    2

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

in this case may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

(a) On or before the 20th day of each month following the month for which compensation is sought, each Professional will submit a monthly statement (the "Statement") to the Debtors' bankruptcy counsel, the United States Trustee, counsel for the Administrative Agent for the First and Second Lien Holders, counsel for the First Lien Steering Committee; and counsel to any official committee established pursuant to Section 1102 of the Bankruptcy Code (collectively, the "Reviewing Parties"). Each such Statement should contain a detailed itemization of fees and costs as required by the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330. Each Reviewing Party will have fifteen (15) days after receipt of a Statement to review it. At the expiration of this fifteen (15) day review period, the Debtors will promptly pay eight-five percent (85%) of the fees and all of the disbursements requested in such statement, except such fees or disbursements as to which an objection has been served by a Reviewing Party as provided in subparagraph (b) below.

(b) If a Reviewing Party objects to the compensation or reimbursement sought in a Statement, the objecting party shall, within fifteen (15) days of the receipt of the Statement, serve upon all other Reviewing Parties a written "Notice of Objection to Fee Statement" (the "Objection Notice") setting forth the precise nature of the objection and amount at issue. Thereafter, the objecting party and the professional whose Statement is the subject of an Objection Notice shall attempt to reach a resolution. If the parties are unable to reach an agreement on the objection within ten (10) days after receipt of such objection, the Professional whose fee statement is objected to shall have the option of (a) filing the Objection Notice with the Court, together with a request for payment of the disputed amount, or (b) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the issue if payment of the disputed amount is requested. The Debtors will be required to pay promptly any portion of the fees and disbursements requested that are not the subject of an Objection Notice.

(c) Professionals are permitted to submit their first Statement on or before May 20, 2009. This Statement would cover the period from the Petition Date through April 30, 2009.

(d) Beginning with the period ending June 30, 2009, at three-month intervals, each of the Professionals must file with the Court and serve on the Reviewing Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to Bankruptcy Code section 331, of the compensation and reimbursement of expenses sought in the monthly Statements filed during such three-month period (the "Interim Fee Period"). The Interim Fee Application Request must identify the Statements that are the subject of the Request and any other information requested by the Court or required by the local rules. The Interim Fee Application Requests shall be filed with the Court and served on the Notice Parties within 45 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional must file its first Interim Fee Application Request on or before August 15, 2009 and the first Interim Fee

Application Request should cover the Interim Fee Period from the Petition Date through June 30, 2009.

(e) The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above.

(f) Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of professionals.

3. Each member of any Committee appointed in these cases (once appointed) shall be permitted to submit statements of expenses (excluding fees and expenses of the Committee member's counsel) and supporting documentation to counsel for the Committee, who will collect and submit such requests for reimbursement in accordance with the foregoing Compensation Procedures for monthly and interim compensation and reimbursement of Professionals.

4. Notice of hearings of hearings to consider interim fee applications shall be limited to the Reviewing Parties and any parties who have filed a notice of appearance with the Clerk of this Court and requested such notice. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

APPROVED ~~AS TO FORM AND CONTENT~~:
DATED this 15th day of May 2009.

By: /s/ [signature]
UNITED STATES TRUSTEE
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

Submitted by:
DATED this 15th day of May 2009.

By: /s/Zachariah Larson

73203-001\DOCS_LA:202140.2             4

LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Proposed Attorney for Debtors*

73203-001\DOCS_LA:202140.2

5