Entered on Docket
May 19, 2009

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No.: BK-S-09-14814-LBR |
|---|---|
|  | (Jointly Administered) |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:202122.2

| | |
|---|---|
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors.<br><br>Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s) | Chapter 11<br><br>Hearing Date: May 15, 2009<br>Hearing Time: 1:30 p.m.<br>Courtroom 1 |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**
[Re: Heritage Docket No. 50]

Upon the Motion[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, authorizing them to retain, employ, and compensate certain professionals in the ordinary course of business without further order of the Court [Docket Number 141]; there having been no opposition received to the Motion; the Court having reviewed the Motion; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and (d) notice of the Motion was sufficient under the circumstances; the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest;

IT IS HEREBY ORDERED THAT:

1. The Application shall be, and hereby is, GRANTED.

2. The Debtors are authorized to retain and employ, effective as of the Petition Date, the Ordinary Course Professionals listed on Exhibit A to the Motion, without the need to file separate, formal retention applications for each Ordinary Course Professional and obtain retention orders for each.

---

[2] Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

73203-001\DOCS_LA:202122.2                                2

3.  Within five business days after the date of entry of this Order, the Debtors shall serve this Order and the form of Declaration attached to the Motion as Exhibit B upon each Ordinary Course Professional.

4.  On the later of (a) thirty days after entry of an order by this Court granting the Motion, or (b) prior to the date an Ordinary Course Professional provides any services to the Debtors following the Petition Date, each Ordinary Course Professional shall file with this Court, and serve upon (i) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, California 90067, Attention: Shirley S. Cho, Esquire, (ii) Office of the U.S. Trustee, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101, Attention: August Landis, Esquire; (iii) counsel to the First Lien Steering Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attention: Philip C. Dublin, Esquire; and (iv) counsel to any Official Committee of Unsecured Creditors appointed in these Cases (subsequent to its appointment in these Cases) (collectively, the "Notice Parties"), a disclosure declaration of the proposed professional (the "Declaration") in substantially the form attached to the Motion as Exhibit B, which includes the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Federal Rule of Bankruptcy Procedure 2014; and (e) to the extent that the Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition.

5.  The Notice Parties shall have ten days after service of each Ordinary Course Professional's Declaration (the "Objection Period") to object to the retention of such professional. Any such objections shall be timely served upon the Ordinary Course Professional to whom the objection applies, the Debtors, and the Notice Parties. If any such objection is filed

and cannot be resolved and/or withdrawn within twenty days after service of such objection, this Court shall adjudicate the matter at the next scheduled omnibus hearing date. If no timely objection is filed and received, or if any objection is withdrawn, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of this Court. Nothing herein shall preclude an Ordinary Course Professional from applying to the Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the date a Declaration is filed until such retention request is denied by the Court or withdrawn by the Debtors.

6.  The Debtors may not make any payments to any Ordinary Course Professionals unless (i) the Ordinary Course Professional has filed the Declaration, (ii) the Objection Period has expired, and (iii) no timely objection is pending, or, if a timely objection is received, (a) the objection is resolved and withdrawn, or (b) such retention is otherwise approved by the Court.

7.  The Debtors are authorized, without need for further hearing or order from this Court, to employ and retain Ordinary Course Professionals not currently listed on Exhibit A to the Motion by filing with this Court, and serving on the Notice Parties, a Supplemental Notice listing the name of the professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order.

8.  The Debtors are authorized to pay to each Ordinary Course Professional listed on Exhibit A to the Motion, without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to the lesser of (a) $25,000 per month per Ordinary Course Professional; or (b) $60,000 per month, in the aggregate, for all Ordinary Course Professionals.

9.  Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered, calculated in accordance with such

professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

10. If in any given month the fees and expenses for any one Ordinary Course Professional listed on Exhibit A exceed $25,000, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's fees and expenses for such month; provided, however, that such Ordinary Course Professional shall be entitled to an interim payment of up to $25,000 in fees and expenses as a credit against the invoices for such month ultimately allowed by this Court.

11. All payments to any one Ordinary Course Professional shall be subject to 11 U.S.C. §§ 328(c) and 330 of the Bankruptcy Code, which provides generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for reasons set forth in section 330. All payments to an Ordinary Course Professional are further subject to Federal Rules of Bankruptcy Procedures, the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Nevada, and such procedures as may be approved by order of this Court for professionals involved in the conduct of these cases, if amounts requested by such Ordinary Course Professional exceed $25,000 in fees and expenses during any one month, provided, however, that the Ordinary Course Professionals shall not be required to submit quarterly or final fee applications for any applications submitted solely because the foregoing limit is exceeded for a single month.

12. Within thirty days after the last day of March, June, September, and December of each year these chapter 11 cases are pending, the Debtors shall file with this Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Processional: (a) the name of the Ordinary Course Professional; (b) the aggregate

amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a short statement of the type of services rendered by such Ordinary Course Professional.

13. The payment of amounts authorized pursuant to this Order shall be in accordance with the terms and limitations imposed by the final stipulated order authorizing the use of the cash collateral [Docket Number 126], or any further order authorizing the use of cash collateral, as well as any limitations imposed pursuant to any budget approved by any such orders.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

APPROVED ~~AS TO FORM AND CONTENT~~:
DATED this 15th day of May 2009.

By: *(signature)*
UNITED STATES TRUSTEE
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV 89101

Submitted by:
DATED this 15th day of May 2009.

By: /s/Zachariah Larson
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Proposed Attorney for Debtors*

73203-001\DOCS_LA:202122.2        6