**Entered on Docket**
**May 21, 2009**

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

[Proposed] Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No.: BK-S-09-14814-LBR |
|---|---|
|  | (Jointly Administered) |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:202188.3

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

|   |   |
|---|---|
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] <br> Debtors. <br> Affects: <br> ☒ All Debtors <br> ☐ Affects the following Debtor(s) | Chapter 11 <br><br> Hearing Date: May 15, 2009 <br> Hearing Time: 1:30 p.m. <br> Courtroom 1 |

**ORDER GRANTING APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**
[Re: Docket No. 37]

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Debtors [Docket Number 37]; and upon (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure and Section 329 of the Bankruptcy Code* [Docket Number 38] (the "Statement"), and (ii) the *Declaration of James I. Stang in Support of Application of Debtors and Debtors in Possession to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel Nunc Pro Tunc to the Petition Date* [Docket Number 39] (the "Stang Declaration"), which were submitted concurrently with the Application; the Court having considered *The Acting United States Trustee's Omnibus Response to the Debtors' and Debtors In Possessions' Applications to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel and Larson & Stephens, LLC as Attorneys to Debtors* [Docket Number 120]; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing on the Application was sufficient under the circumstances and no further notice need be given; (c) the Court being satisfied, based on the representations made in the Application, the Statement and the Stang Declaration that PSZ&J represents or holds no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, and is disinterested as

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

73203-001\DOCS_LA:202188.3                    2

that term is defined under section 101(14) of the Bankruptcy Code; the Court having determined that the legal and factual bases set forth in the Application, the Statement and the Stang Declaration establish just cause for the relief granted herein, and it appearing that the employment of PSZ&J is necessary and in the best interests of the Debtors' estates, their creditors and other parties in interest; it is hereby

ORDERED THAT:

1. The Application shall be, and hereby is, GRANTED.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain the Firm as general bankruptcy counsel at the expense of the chapter 11 estates, effective *nunc pro tunc* to the Petition Date, on the terms set forth in the Application and the Retention Agreement.

3. The Firm shall be compensated for such services, and be reimbursed for any related expenses pursuant to the Retention Agreement, and shall file applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

4. If a conflict should arise due to the Firm's joint representation of the Debtors, the Firm shall file a supplemental declaration of disinterestedness and the Debtors shall seek to retain special counsel to the extent necessary to address the dispute that gave rise to the conflict. This order is entered without prejudice to the rights of the Acting United States Trustee to take appropriate action pursuant to controlling provisions of the Bankruptcy Code in the event that an actual conflict of interest develops or is discovered, including without limitation the right to seek disqualification of the Firm and disgorgement of fees received by the Firm.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

APPROVED:

DATED this 18th day of May 2009.

By: /s/ Edward McDonald
UNITED STATES TRUSTEE
Edward McDonald
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV 89101

Submitted by:
DATED this 18th day of May 2009.

By: /s/ Zachariah Larson
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Proposed Attorney for Debtors*

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-001\DOCS_LA:202188.3    4