1  James I. Stang, Esq. (CA Bar No. 94435)                    E-file: May 27, 2009
2  Shirley S. Cho, Esq. (CA Bar No. 192616)
   David A. Abadir, Esq. (NY Bar No. DA-0741)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
4  Los Angeles, California 90067-4100
   Telephone: 310/277-6910
5  Facsimile:  310/201-0760

6  -and-

7  Zachariah Larson, Esq. (NV Bar No. 7787)
   LARSON & STEPHENS
8  810 S. Casino Center Blvd., Ste. 104
   Las Vegas, NV  89101
9  Telephone:  702/382-1170
   Facsimile:  702/382-1169
10
   Attorneys for Debtors and Debtors in Possession
11

12              **UNITED STATES BANKRUPTCY COURT**
                      **DISTRICT OF NEVADA**
13                     **SOUTHERN DIVISION**

14  In re:                                      Case No.: 09-14814-LBR
                                                (Jointly Administered)
15  THE RHODES COMPANIES, LLC,
    aka "Rhodes Homes," et al.,[1]
16                                              Chapter 11

17          Debtors.                            **MOTION OF DEBTORS FOR ENTRY OF AN**
                                                **ORDER AUTHORIZING THE DEBTORS TO**
18                                              **PUBLISH NOTICE OF THE BAR DATES AND**
                                                **APPROVING THE FORM OF THE**
19  Affects:                                    **PUBLICATION NOTICE PURSUANT TO FRBP**
                                                **2002(l)**
20  ☒  All Debtors
    ☐  Affects the following Debtor(s)
21                                              Hearing Date:    June 26, 2009
                                                Hearing Time:    1:30 p.m.
22

23  ─────────────────────
    [1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes
24  Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818);
    Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825);
25  Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn
    Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings,
    Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation
26  (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany
    Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case
27  No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP
    (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862);
28  Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes
    Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC
    (Case No. 09-14887).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Preliminary Statement**

In light of the size, complexity, and geographic diversity of the Debtors' operations, potential claims against the Debtors may exist that the Debtors have been unable to identify on their schedules. Such unknown potential claims may include, for example: (a) claims of trade vendors that failed to submit invoices to the Debtors; (b) claims of persons or entities with potential unasserted causes of action against the Debtors; and (c) other claims that, for various other reasons, are not recorded in the Debtors' books and records. The Debtors believe that it is necessary to provide notice of the Bar Dates (as defined below) to persons or entities whose names and addresses are unknown to the Debtors by publication notice.

Pursuant to Bankruptcy Rule 2002(l), the Debtors request authority to publish notice of the Bar Dates substantially in the form attached hereto as **Exhibit A** (the "Publication Notice") in the *Las Vegas Review-Journal*, the *Kingman Daily Miner*, and such other local newspapers, trade journals, or similar publications as the Debtors deem appropriate, not later than ten (10) business days after the Court enters the order approving the relief requested in this Motion.

In the Debtors' judgment, these publications are likely to reach the widest possible audience of creditors within the areas that the Debtors conduct business who may not otherwise have notice of these chapter 11 cases.

**General Background**

1.       On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club LLC, Pinnacle Grading LLC, and Rhodes Homes Arizona LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11, United States Bankruptcy Code (the "Bankruptcy Code"). On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2.       The Debtors are operating their businesses and managing their properties as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3.       On April 9, 2009, the Debtors filed their *Motion for Joint Administration of Related Chapter 11 Cases and Setting Single Bar Date and Meeting of Creditors* (the "Joint Administration Motion") [Docket No. 9].  The Court granted the Joint Administration Motion on April 13, 2009 (the "Bar Date Order") [Docket No. 22].  Pursuant to the Joint Administration Motion, these cases are being jointly administered for procedural purposes only.  Pursuant to the Joint Administration Motion, a single section 341(a) meeting of creditors was set.

4.       As established by the court-generated *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines*, which was entered in each of the Debtors' cases (the "Bar Date Notice") [see, e.g., Docket No. 23], all entities other than governmental units holding prepetition claims must file proofs of claim by August 5, 2009, which is 90 days after the date first set at the section 341(a) meeting of creditors (the "General Bar Date").  In addition, a proof of claim filed by a governmental unit in these cases is timely if it is filed by September 28, 2009 for the Primary Filers, and September 29, 2009 for the Secondary Filers, which are 180 days after the Petition Dates (the "Governmental Bar Dates") (together with the General Bar Date, the "Bar Dates").

5.       The Bar Date Notice was mailed on or about April 17, 2009 to approximately 11,000 creditors and potential creditors listed on the Debtors' master mailing lists.

## **Relief Requested**

6.       By this Motion, the Debtors request entry of an order in the form attached hereto (i) authorizing the Debtors to publish notice of the Bar Dates and (ii) approving the Debtors' proposed form and manner of notice of the Publication Notice (as defined below) as proposed herein and set forth in detail below.

## **Form of the Publication Notice**

7.       Bankruptcy Rule 2002(1) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  The form of the Publication Notice will:

(a)       set forth the Bar Dates;

(b)       advise creditors whether they must file a proof of claim;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(c)     alert such creditors to the consequences of failing to timely file a proof of claim as set forth in Bankruptcy Rule 3003(c)(2);

(d)     specify the form to be used in filing a proof of claim;

(e)     set forth the address to which a proof of claim must be sent for filing; and

(f)     notify such creditors that a proof of claim must be filed with original signatures and shall not be accepted if submitted by facsimile or electronic mail.

**The Debtors Intend to Provide Publication Notice to Unknown Creditors**

8.     In conjunction with setting the Bar Dates, the Debtors must give appropriate notice to interested parties, including unknown creditors.  The Debtors propose to rely on publication to give notice to their unknown creditors.  This procedure, is consistent with applicable case law.  Mullane v. Central Hanover Ban & Trust Co., 339 U.S. 306, 317 (1950); see also In re Chemetron Corp., 72 F.3d 341, 346 (3d Cir. 1995).  To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  Chemetron, 72 F.3d at 346.  As the Third Circuit explained in Chemetron, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date."  Id. at 346 (citations omitted).  A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."  Id. (citing Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  Id. (citing Mullane, 339 U.S. at 317).

9.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing of proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can be identified though "reasonably diligent efforts."  Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798 n.4 (1983).  But this does not require the debtor to engage in "impracticable and extended searches … in the name of due process."  See Mullane, 339 U.S. at 317.  Rather, the required search is limited to a debtor's "books and records."  See, e.g., Chemetron, 72 F.3d at 347.

1    10.    For unknown creditors, however, courts have found that "unknown creditors are

2  owed only publication notice."  See In re Argonaut Financial Services, Inc., 164 B.R. 107, 112

3  (N.D. Cal. 1994).  Use of notice by publication is permitted by Rule 2002(l) when published notices

4  are desirable to supplement mailings, particularly where a debtor's records are incomplete,

5  inaccurate, or if some creditors will be missed.  See 1983 Advisory Committee Note to Fed. R.

6  Bankr. P. 2002.

### Conclusion

8    11.    The Debtors submit that the Publication Notice, in the form and manner as proposed

9  by the Debtors herein, is fair and reasonable and will provide good, sufficient, and due notice to all

10  creditors of their rights and obligations in connections with Claims they may assert against the

11  Debtors' estates in these chapter 11 cases and provide such creditors with sufficient information to

12  file a properly prepared and executed proof of claim in a timely fashion.

### Notice

14    12.    Pursuant to the *Order for Case Management*, entered on April 28, 2009 [Docket No.

15  119], the Debtors have provided notice of this Motion via first class mail to: (a) the Office of the

16  United States Trustee for the District of Nevada; (b) counsel to the First Lien Steering Committee;

17  (c) counsel to the Second Lien Steering Committee; (d) members of the Official Committee of

18  Unsecured Creditors; and (e) any persons who have filed a request for notice in these chapter 11

19  cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors

20  respectfully submit that no further notice is necessary.

### No Prior Request

22    13.    No prior motion for the relief requested herein has been made to this or any other

23  court.

*[The Remainder of This Page Is Intentionally Left Blank]*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to publish notice of the Bar Dates and (b) approving the Debtors' proposed form and manner of notice of the Publication Notice; and (c) granting such other and further relief as the Court deems appropriate.

Dated:    May 27, 2009                LARSON & STEPHENS

By: /s/ Zachariah Larson
Zachariah Larson, Esq. (NV Bar No. 7787)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
David A. Abadir, Esq. (NY Bar No. DA-0741)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email:  jstang@pszjlaw.com
        scho@pszjlaw.com
        dabadir@pszjlaw.com

Attorneys for the Debtors and Debtors in Possession

**EXHIBIT A**

PUBLICATION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

In re:

THE RHODES COMPANIES, LLC,
aka "Rhodes Homes," et al.,

      Debtors.

_____

Affects:

☒  All Debtors
☐  Affects the following Debtor(s)

Case No.: 09-14814-LBR
(Jointly Administered)

Chapter 11

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM**

**General Bar Date: August 5, 2009 at 4:00 p.m. (PT)**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On March 31, 2009, the following companies each commenced bankruptcy cases in the United States Bankruptcy Court for the District of Nevada by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Primary Filers"):

| | |
|---|---|
| Heritage Land Company, LLC (Case No. 09-14778) | The Rhodes Companies, LLC (Case No. 09-14814) |
| Tribes Holdings, LLC (Case No. 09-14817) | Apache Framing, LLC (Case No. 09-14818) |
| Geronimo Plumbing LLC (Case No. 09-14820) | Gung-Ho Concrete LLC (Case No. 09-14822) |
| Bravo, Inc. (Case No. 09-14825) | Elkhorn Partners (Case No. 09- 14828) |
| Six Feathers Holdings, LLC (Case No. 09-14833) | Elkhorn Investments, Inc. (Case No. 09-14837) |
| Jarupa, LLC (Case No. 09-14839) | Rhodes Realty, Inc. (Case No. 09-14841) |
| C & J Holdings, Inc. (Case No. 09-14843) | Rhodes Ranch General Partnership (Case No. 09-14844) |
| Rhodes Design and Development Corporation (Case No. 09-14846) | Parcel 20, LLC (Case No. 09-14848) |
| Tuscany Acquisitions IV, LLC (Case No. 09-14849) | Tuscany Acquisitions III, LLC (Case No. 09-14850) |
| Tuscany Acquisitions II, LLC (Case No. 09-14852) | Tuscany Acquisitions, LLC (Case No. 09-14853) |
| Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854) | Overflow, LP (Case No. 09-14856) |
| Wallboard, LP (Case No. 09-14858) | Jackknife, LP (Case No. 09-14860) |
| Batcave, LP (Case No. 09-14861) | Chalkline, LP (Case No. 09-14862) |
| Glynda, LP (Case No. 09-14865) | Tick, LP (Case No. 09-14866) |
| Rhodes Arizona Properties, LLC (Case No. 09-14868) | |

On April 1, 2009, the following additional companies each commenced bankruptcy cases in the United States Bankruptcy Court for the District of Nevada by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Secondary Filers"):

| | |
|---|---|
| Tuscany Golf Country Club, LLC (Case No. 09-14884) | Pinnacle Grading, LLC (Case No. 09-14887) |
| Rhode s Homes Arizona, LLC (Case No. 09- 14882) | |

Collectively, we refer to the Primary Filers and the Secondary Filers as the "Debtors." On April 13, 2009, the United States Bankruptcy Court for the District of Nevada (the "Court") issued a *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines* (the "Bar Date Notice") in each of the Debtors' bankruptcy cases establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the Debtors.

As established by the Bar Date Notice, all persons and entities, including individuals, partnerships, estates, and trusts who have a claim or potential claim against the above Debtors that arose prior to the bankruptcy filing of the Debtors, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **4:00 p.m. (prevailing Pacific Time), on August 5, 2009** (the "General Bar Date"), by sending an original proof of claim form to Omni Management Group, LLC ("Omni") at 16501 Ventura Boulevard, Suite 440, Encino, California 91436 so that it is actually received on or before the General Bar Date.  Proofs of claim sent by facsimile or telecopy will not be accepted.

All governmental units who have a claim or potential claim against the Primary Filers MUST FILE A PROOF OF CLAIM on or before 4:00 p.m. (Prevailing Pacific Time), on September 28, 2009 (or by September 29, 2009 for claims against the Secondary Filers) (the "Governmental Bar Date"), by sending an original proof of claim form to Omni at 16501 Ventura Boulevard, Suite 440, Encino, California 91426 so that it is actually received on or before the Governmental Bar Date.  Proofs of claim sent by facsimile or telecopy will not be accepted.

Any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted. Any Claim filed in the joint administration case – Case No. 09-14814-LBR – or otherwise without identifying a Debtor will be deemed as filed only against The Rhodes Companies, LLC.

ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE SHALL BE FOREVER BARRED AND ESTOPPED FROM ASSERTING A CLAIM AGAINST ANY OF THE DEBTORS, OR RECEIVING DISTRIBUTIONS UNDER, OR VOTING UPON ANY PLAN OR PLANS OF REORGANIZATION OR LIQUIDATION IN THESE CHAPTER 11 CASES.

If you have questions concerning whether or not you need to file a Proof of Claim, you should consult your attorney.  A copy of the Bar Date Notice or a Proof of Claim form may be obtained by from the website of the Debtors' claims agent, free of charge, at: http://www.omnimgt.com/rhodes or by contacting the Debtors' claims agent, in writing, at Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Blvd., Ste C, PMB 477, Encino, CA 91436, or by phone at: (866) 989-6144.  The Bar Date Notice, as well as the Debtors' Schedules of Assets and Liabilities, can also be viewed, for a fee, on the United States Bankruptcy Court for the District of Nevada's website at https://ecf.nvb.uscourts.gov and are also available for inspection free of charge on Omni's website at: http://www.omnimgt.com/rhodes.