DAVID S. LEE, ESQ.  
Nevada Bar No. 6033  
ROBERT A. CARLSON, ESQ.  
Nevada Bar No. 9995  
LEE, HERNANDEZ, BROOKS, GAROFALO & BLAKE, APC  
7575 Vegas Drive, Suite 150  
Las Vegas, Nevada 89128  
(702) 880-9750  
(702) 314-1210 [fax]  
dlee@lee-lawfirm.com  
rcarlson@lee-lawfirm.com  

E-filed:_____

[Proposed] Attorneys for Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors.<br><br>Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s) | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
|---|---|

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL**

I, David S. Lee, Esq., hereby declare that the following is true to the best of my knowledge, information and belief: I am a the managing partner of the law firm of Lee, Hernandez, Brooks, Garofalo & Blake (the "Firm") which maintains offices at 7575 Vegas Dr. Suite 150, Las Vegas, Nevada 89128.

1. This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware dated May 19, 2009, authorizing the above-captioned debtors and debtors in possession (the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

2. The Firm, through me, and members of the firm, have represented and advised the Debtors as general counsel with respect to a broad range of aspects of the Debtors' business, including all civil litigation issues, since June of 2002.

3. The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: all civil litigation issues.

4. The Firm's current customary hourly rates, subject to change from time to time, are $250 for partners and $200 for associates.

5. To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any connection with the Debtors or currently represents any of their creditors, other parties-in-interest, the Office of the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders, except to the extent that the Firm is a Debtor for legal services due and owing.

6. Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtors in the ordinary course in these Chapter 11 Cases.

7. In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with these pending Chapter 11 Cases and does not have any relationship with any such entity, attorneys or accountants that would be adverse to the Debtors or their estates.

8. In the past year, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $3,328.42 on account of such prepetition services.

9. In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matters in which the firm will be engaged.

10. Except as set forth herein, no promises have been received by the Firm or any partner, associate or other professional thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

11. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of June, 2009, in Clark County Nevada.

_____
David S. Lee, Esq.
Nevada Bar No. 6033
LEE, HERNANDEZ, BROOKS,
GAROFALO & BLAKE, APC
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128