James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
Attorneys for Debtors and
Debtors in Possession

E-File: June 16, 2009

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,"[1]

Debtors.

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

Affects:
- ☐ All Debtors
- ☒ Affects the following Debtor(s)

BATCAVE, LP
CHALKLINE, LP
GLYNDA, LP
OVERFLOW, LP
RHODES ARIZONA PROPERTIES, LLC
TICK, LP
TUSCANY ACQUISITIONS, LLC
TUSCANY ACQUISITIONS II, LLC
TUSCANY ACQUISITIONS III
TUSCANY ACQUISITIONS IV, LLC

## EMERGENCY MOTION TO EXTEND THE 90-DAY TIME PERIOD TO FILE A PLAN UNDER SECTION 362(d)(3) OF THE BANKRUPTCY CODE FOR CERTAIN OF THE DEBTORS

By this Motion, the Certain Debtors (defined below) seek entry of an order extending the 90-day time period by which they must file a plan under section 362(d)(3) of the Bankruptcy Code for cause. The Certain Debtors may arguably be "single asset real estate" debtors under Bankruptcy Code section 101(51)(B).[2] Pursuant to section 362(d)(3) of the Bankruptcy Code, the 90-day period by which these Certain Debtors may be required to file a plan is set to expire on June 29, 2009. Upon the expiration of the 90-day period, unless these Certain Debtors have filed a plan of reorganization, the Lenders could file a motion for relief from stay and seek to foreclose on the properties of these Debtors under section 362(d)(3) of the Bankruptcy Code.

Cause exists to extend the 90-day deadline because although the First Lien Steering Committee and the Debtors are negotiating a consensual plan of reorganization, and in fact have prepared a draft plan and disclosure statement based on the preliminary plan term sheet, no final agreement has yet been reached on the plan. The Debtors and First Lien Steering Committee were working under an informal agreement to file such plan by June 19, 2009. However, based on a revised plan term sheet and plan timeline received by the Debtors on June 12, 2009, the Debtors believe that the timing of the filing of a plan of reorganization may be delayed by a

---

[2] The Debtors do not concede that the Certain Debtors are single asset real estate debtors pursuant to section 101(51)(B) of the Bankruptcy Code and reserve all of their rights on this issue.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

couple of weeks and may now not be filed until early July 2009. While the Debtors are hopeful that a plan of reorganization can be put on file in the near future, given that negotiations must occur with all stakeholders including the newly appointed Official Committee of Unsecured Creditors and the non-Debtor affiliates, the Certain Debtors are compelled to file the Emergency Motion now in an abundance of caution.

Although the Certain Debtors have requested an extension of the deadline under section 362(d)(3) from their senior secured lenders (the "Lenders"), as of the date and time of the filing of this Emergency Motion, no agreement to extend the section 362(d)(3) deadline has been reached. The Debtors hope that the Lenders will consent to the extension of the 90-day deadline, but could not delay further the filing of this Motion. Under the Case Management Order entered in these cases, any motion for an order shortening time will not be heard on less than 10 days' notice absent an extreme emergency. Accordingly, because June 16th is the 10th day prior to the Debtors' omnibus hearing date on June 26, 2009, the Certain Debtors file this Motion in an abundance of caution for the continuation of the automatic stay beyond the June 29, 2009 deadline.

## **Background**

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors believe that the Lenders may argue that the following Debtors are single asset real estate ("SARE") debtors, although the Debtors reserve all rights to contest that such Debtors are SARE debtors: Batcave, LP, Chalkine, LP, Glynda, LP, Overflow, LP, Rhodes

Arizona Properties, LLC, Tick, LP, Tuscany Acquisitions, LLC, Tuscany Acquisitions II, LLC, Tuscany Acquisitions III, LLC, and Tuscany Acquisitions, IV, LLC, and any other Debtor that the Lenders may allege as being a SARE debtor (collectively, the "Certain Debtors").

3.  The First Lien Lenders allege that they are secured in all of the Debtors' assets pursuant to that certain Credit Agreement dated as of November 21, 2005 (as may have been amended from time to time, the "First Lien Credit Agreement") among Heritage Land Company, LLC, The Rhodes Companies, LLC, and Rhodes Ranch General Partnership, as the Borrowers, the Lenders Listed Therein as the Lenders (and all other holders of Obligations as defined in the First Lien Credit Agreement) (collectively, the "First Lien Lenders"), and Credit Suisse, Cayman Islands Branch, as Administrative Agent, Collateral Agent, Syndication Agent, Sole Bookrunner and Sole Lead Arranger (the "First Lien Agent") and together with all guarantees, subordination agreements, intercreditor agreements (including the intercreditor agreement dated November 21, 2005 among Heritage Land Company, LLC, The Rhodes Companies, LLC, and Rhodes Ranch General Partnership, as the Borrowers and Credit Suisse, Cayman Islands Branch, as First Lien Collateral Agent and Second Lien Collateral Agent (the "Intercreditor Agreement")), blocked account or deposit control agreements, indentures, notes, mortgages, pledges, guarantees, instruments and any other agreements and documents delivered pursuant thereto or in connection therewith (collectively, and as amended, restated, supplemented or otherwise modified from time to time, the "First Lien Loan Documents").

4.  The Second Lien Lenders allege that they are secured in a second position in all of the Debtors' assets pursuant to that certain Credit Agreement dated as of November 21, 2005 (as may have been amended from time to time, the "Second Lien Credit Agreement") among Heritage Land Company, LLC, The Rhodes Companies, LLC, and Rhodes Ranch General Partnership, as the Borrowers, the Lenders Listed Therein as the Lenders and all other holders of Obligations (as defined in the Second Lien Credit Agreement) (collectively, the "Second Lien Lenders"), and Credit Suisse, Cayman Islands Branch, as Administrative Agent, Collateral Agent, Syndication Agent, Sole Bookrunner and Sole Lead Arranger and together with all guarantees, subordination agreements, intercreditor agreements (including the Intercreditor

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Agreement), blocked account or deposit control agreements, indentures, notes, mortgages, pledges, guarantees, instruments and any other agreements and documents delivered pursuant thereto or in connection therewith (collectively, and as amended, restated, supplemented or otherwise modified from time to time, the "Second Lien Loan Documents").

## Relief Requested

5. By this Emergency Motion, the Certain Debtors request an order from the Court extending the 90-day period under section 362(d)(3) of the Bankruptcy Code by which they must file a plan through and including October 2, 2009 or such other length as the Court may determine is appropriate for cause pursuant to section 362(d)(3) of the Bankruptcy Code.

## Extension of the Automatic Stay For the Certain Debtors Is in the Best Interests of These Estates and All Affected Parties In Interest

6. Section 362(d)(3) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— [ . . .]
>
>   (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—
>
>     (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
>     (B) the debtor has commenced monthly payments

that—

(i) may, in the debtor's sole discretion, notwithstanding section 363 (c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or

11 U.S.C. § 362(d)(3).

7. Congress did not define "cause" in section 362(d)(3), though the term is used throughout the Code and Federal Rules of Bankruptcy Procedure and implicates the Court's discretion when the court, "for cause," may extend the time for something to be done. *See e.g., BC Brickyard Assoc., 21 Ltd. v. Ernst Home Center, Inc. (In re Ernst Home Center, Inc.)*, 221 B.R. 243 (9th Cir. BAP 1998) (section 365(d)(4) authorizes court to exercise its discretion to extend "for cause" the time for a trustee to assume or reject); *In re Adelphia Communications Corp.*, 352 B.R. 578 (Bankr. S.D.N.Y. 2006) (whether to extend "for cause" the exclusivity period rests within the sound discretion of the court); *In re Pappas*, 207 B.R. 379 (2d Cir. BAP 1997) (whether to extend "for cause" the time for creditor to file nondischargeability proceeding is a matter of the court's discretion). In determining whether cause exists under section 362(d)(3), the Court should consider, among other things, the purpose of the underlying requirement that may be excused or extended for cause. *In re Heather Apartments LP*, 366 B.R. 45, 47 (Bankr. D. Minn. 2007).

8. The short period in section 362(d)(3) was designed for singular entities where the procedural and financial issues are far less complex than those in this case. As noted by one commentator, those involved in revising section 101(51B) in 2005 recognized that the 90-day period may be inappropriate in larger and unusual cases, and the debtors in such cases could look

to the court to extend the period based on the facts and circumstances of the case. *See* Matthew 1. Kramer, "The Prominence of the New Single-Asset Real Estate Case and Its Impact on a Residential Real Estate Recovery", Norton Annual Survey of Bankruptcy Law, Part I, Art. 8 (August 2008).

9. In this complex case, the Court should exercise its broad discretion to grant the Certain Debtors an extension of the 90-day period in section 362(d)(3). Cause under section 362(d)(3) exists because, among other things, the Debtors' collective operations are vastly more complex than the typical single asset real estate case meant to be addressed by Congress when it enacted section 362(d)(3). Each Debtor is a component of an enterprise, and not an entity that operates independently and without dependence upon its affiliates. The Debtors anticipate that any Chapter 11 plan proposed in these cases will similarly be one which provides for a restructuring of the Debtors' collective debts and reorganization of the Debtors' enterprise as a whole. That plan will deal with the assets, liabilities and financial needs of all 32 Debtors, not one debtor as contemplated under the single asset real estate provisions in the Code.

10. In this case, the Debtors have been productively negotiating with the major constituencies and have received a revised plan term sheet on June 12, 2009 from the First Lien Steering Committee that details a proposed reorganization encompassing the claims of the First Lien Lenders, the Second Lien Lenders, the non-debtor affiliates, and the general unsecured creditors. The Debtors hope that this term sheet will provide the basis for a consensual plan of reorganization amongst all the stakeholders in these cases. Thus, an extension of the 90-day period set forth in section 362(d)(3) is appropriate and consistent with the purpose and policy underlying section 362(d)(3).

. . .
. . .
. . .
. . .
. . .
. . .

WHEREFORE, for the foregoing reasons, the Debtors request that the Court extend the period under section 362(d)(3) for cause through October 2, 2009 without prejudice to the Debtors seeking an order for a further extension and granting such further and other relief as may be just and appropriate.

June 16, 2009

LARSON & STEPHENS

By: _/s/ Zachariah Larson_
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
(702) 382-1170 (Telephone)
(702) 382-1169
*Attorney for Debtors and Debtors in Possession*

73203-002\DOCS_LA:203556.1

8