James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
Attorneys for Debtors and
Debtors in Possession

E-File: June 16, 2009

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,[1] | Chapter 11 |
| Debtors. | |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

| Affects:<br>☐ All Debtors<br>☒ Affects the following Debtor(s) | **EX-PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTORS' EMERGENCY MOTION TO EXTEND THE 90-DAY TIME PERIOD TO FILE A PLAN UNDER SECTION 362(d)(3) OF THE BANKRUPTCY CODE FOR CERTAIN OF THE DEBTORS** |
|---|---|
| BATCAVE, LP<br>CHALKLINE, LP<br>GLYNDA, LP<br>OVERFLOW, LP<br>RHODES ARIZONA PROPERTIES, LLC<br>TICK, LP<br>TUSCANY ACQUISITIONS, LLC<br>TUSCANY ACQUISITIONS II, LLC<br>TUSCANY ACQUISITIONS III<br>TUSCANY ACQUISITIONS IV, LLC | |

Certain of the above-captioned debtors and debtors-in-possession ("Certain Debtors") move this Court for an order shortening time to hear the *Debtors' Emergency Motion to Extend the 90-Day Time Period to File a Plan under Section 362(d)(3) of the Bankruptcy Code for Certain of the Debtors* ("Emergency Motion").

Up until June 12, 2009, the Debtors were working with the First Lien Steering Committee to file a plan of reorganization by June 19, 2009. Based on a revised plan term sheet and plan timeline received by the Debtors on June 12, 2009, the Debtors believe that the timing of the filing of a plan of reorganization may be delayed by a couple of weeks and may now not be filed until early July 2009. While the Debtors are hopeful that a plan of reorganization can be put on file in the near future, given that negotiations must occur with all stakeholders including the newly appointed Official Committee of Unsecured Creditors and the non-Debtor affiliates, the Certain Debtors are compelled to file the Emergency Motion now in an abundance of caution.

Under section 362(d)(3), the 90-day deadline to file a plan for the Certain Debtors expires on June 29, 2009. Without the relief requested in the Emergency Motion, the senior secured lenders (the "Lenders") could foreclose on the Certain Debtors' assets if the Certain Debtors do not file a plan by June 29, 2009. The Certain Debtors file the Emergency Motion for an order extending the 90-day deadline for cause under section 362(d)(3) for the reasons set forth in the Emergency Motion. Although the Certain Debtors have requested an extension of the deadline

under section 362(d)(3) from their Lenders as of the date and time of the filing of this Emergency Motion, no agreement to extend the section 362(d)(3) deadline has been reached.

Accordingly, the Debtors respectfully request that the Court grant this Ex Parte Motion and hear the Emergency Motion on an expedited basis at the same time as the Court hears the other matters currently set for hearing on the Debtors' omnibus hearing date of Friday, June 26, 2009 at 1:30 p.m. or such other date and time that is convenient for the Court prior to the June 26th omnibus hearing date.

This Ex Parte Motion for Order Shortening Time ("Ex Parte Motion") is made and based upon Fed. R. Bankr. P. 9006, the following memorandum of points and authorities, the Affidavit of Zachariah Larson, Esq. ("Larson Affidavit"), the Attorney Information Sheet filed contemporaneously herewith, the Emergency Motion, and the papers and pleading on file herein, judicial notice of which is respectfully requested.

WHEREFORE, the Debtors respectfully request that this Honorable Court grant this Ex Parte Motion and issue an order shortening time to hear the Emergency Motion as soon as the Court's calendar will allow, but no later than June 26, 2009, and for such other and further relief as the Court deems just and proper.

Dated:   June 16, 2009            LARSON & STEPHENS

                                  */s/ Zachariah Larson*

                                  Zachariah Larson, Esq. (NV Bar No. 7787)
                                  810 S. Casino Center Blvd., Ste. 104
                                  Las Vegas, Nevada 89101

                                  Attorneys for Debtors and
                                  Debtors in Possession

## POINTS AND AUTHORITIES
### I.
### AFFIDAVIT OF ZACHARIAH LARSON, ESQ.

STATE OF NEVADA    )
                                    ) ss.
COUNTY OF CLARK  )

I, Zachariah Larson, Esq., being first duly sworn, depose and say:

1. I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2. I am a member with the law firm of Larson & Stephens, LLC, proposed attorneys for the above-captioned Debtors, in the above captioned matter and duly licensed to practice law in the State of Nevada.

3. The Certain Debtors are requesting that the Emergency Motion, filed contemporaneously herewith, be heard on shortened time. An urgent and immediate need exists for the Certain Debtors to obtain entry of order extending the 90-day deadline under section 362(d)(3) of the Bankruptcy Code. Without the relief requested in the Emergency Motion, the Certain Debtors could face foreclosure of their assets if they do not file a plan of reorganization. Accordingly, I believe that a hearing on the Emergency Motion on an expedited basis at the same time as the Court hears the other matters set for hearing on the Debtors' June 26th omnibus hearing date is necessary and warranted to avoid immediate and irreparable harm to the Debtors' estates.

DATED this 16th day of June, 2009.

_____
ZACHARIAH LARSON, ESQ.

SUBSCRIBED AND SWORN to before me
this 16th day of June, 2009.

_____
NOTARY PUBLIC

Carey Shurtliff
NOTARY PUBLIC STATE OF NEVADA
My Appointment Expires 05/13/2012
Appointment No 04-89493-1

DOCS_LA:203632.1

4

## II.
## LEGAL ARGUMENT

Section 105, Title 11 United States Code (the "Bankruptcy Code") allows this Court to issue such orders as are necessary to carry out the provisions of this title. Fed. R. Bankr. P. 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c).

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by an affidavit stating the reasons for an expedited hearing. As set forth in the Rhodes Declaration, there is a compelling reason for an expedited hearing.

Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided. An Attorney Information Sheet was filed contemporaneously with this Ex Parte Motion.

. . .
. . .
. . .
. . .
. . .
. . .

### III.
### CONCLUSION

WHEREFORE, the Debtors respectfully request that this Honorable Court grant this Ex Parte Motion and issue an order shortening time to hear the Emergency Motion on June 26, 2009.

Dated:   June 16, 2009              LARSON & STEPHENS

/s/ Zachariah Larson

Zachariah Larson, Esq. (NV Bar No. 7787)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, Nevada  89101

Counsel for Debtors and
Debtors in Possession

DOCS_LA:203632.1                          6