James I. Stang, Esq. (CA Bar No. 94435)  
Shirley S. Cho, Esq. (CA Bar No. 192616)  
David A. Abadir, Esq. (NY Bar No. DA-0741)  
PACHULSKI STANG ZIEHL & JONES LLP  
10100 Santa Monica Blvd., 11th Floor  
Los Angeles, California 90067-4100  
Telephone: 310/277-6910  
Facsimile:  310/201-0760  

*E-file: June 19, 2009*

-and-

Zachariah Larson, Esq. (NV Bar No. 7787)  
LARSON & STEPHENS  
810 S. Casino Center Blvd., Ste. 104  
Las Vegas, NV  89101  
Telephone:  702/382-1170  
Facsimile:  702/382-1169  

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

THE RHODES COMPANIES, LLC,
aka "Rhodes Homes," et al.,[1]

   Debtors.

Affects:

☒ All Debtors
☐ Affects the following Debtor(s)

Case No.: 09-14814-LBR
(Jointly Administered)

Chapter 11

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THEIR EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

Hearing Date:    July 17, 2009
Hearing Time:    1:30 p.m.

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

DOCS_NY:18280.3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Preliminary Statement**

The Debtors file this motion (the "Motion") for entry of an order, substantially in the form attached hereto (the "Order"), extending the Debtors' exclusivity periods, set forth in sections 1121(c)(2) and 1121(c)(3) and pursuant to section 1121(d) of the Bankruptcy Code, during which only the Debtors may file and solicit votes to approve a plan of reorganization (the "Exclusivity Periods"). Cause exists to extend the Exclusivity Periods because the Debtors have been negotiating in good faith with the First Lien Steering Committee towards a consensual plan of reorganization, which discussions will hopefully form the basis for a plan of reorganization that encompasses all major stakeholders in these cases. As well, the Official Committee of Unsecured Creditors (the "Committee") has only recently been appointed and the Debtors have begun to also engage the Committee on discussions to familiarize the Committee with the facts of the cases so that the Committee can be a bona fide participant in the plan process. The extension requested in this Motion will provide the Debtors and their advisors the opportunity to consult with the Committee and develop a plan that maximizes returns to all parties in interest. As set forth more fully below, the Debtors believe that the requested extension is reasonable in light of these circumstances.

**General Background**

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club LLC, Pinnacle Grading LLC, and Rhodes Homes Arizona LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11, United States Bankruptcy Code (the "Bankruptcy Code"). On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2. The Debtors are operating their businesses and managing their properties as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes.

**Relief Requested**

3.      By this Motion, the Debtors respectfully request entry of an order extending the Debtors' exclusive right to file a chapter 11 plan for 90 days, though and including October 28, 2009, and to solicit votes for the plan for 90 days through and including December 27, 2009.[2] Absent the relief requested herein, the Debtors' exclusive period for filing a chapter 11 plan will expire on July 29, 2009 (or July 30, 2009, as applicable), and the Debtors' exclusive period for soliciting acceptances of a plan will expire on September 28, 2009 (or September 29, 2009, as applicable).

**Basis for Relief**

4.      Under section 1121 of the Bankruptcy Code, for the first 120 days of a chapter 11 case, a debtor has the exclusive right to propose a chapter 11 plan. Likewise, for the first 180 days of a chapter 11 case, a debtor has the exclusive right to solicit votes for its plan. *See* 11 U.S.C. § 1121. In these chapter 11 cases, the Exclusivity Periods will expire on July 29, 2009 (or July 30, 2009, as applicable to the Secondary Filers) and September 28, 2009 (or September 29, 2009, as applicable to the Secondary Filers), respectively. Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend, for cause, based upon the relevant facts and circumstances, the Exclusivity Periods by as much as 18 months (to file a plan) and 20 months (to solicit votes). Courts have held that the decision to extend the exclusivity periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case. *See, e.g., First Am. Bank of NY. v. Sw. Gloves & Safety Equip., Inc*, 64 B.R. 963, 965 (D. Del. 1986); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l. Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus. Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

5.      Courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate and propose a chapter 11 plan and therefore, whether there is "cause" for extension of the Exclusivity Periods. These factors include the following:

(a)     the size and complexity of the case;

---

[2] Although the Exclusivity Periods for the Secondary Filers are one day later than the Primary Filers, the Debtors request that the Exclusivity Periods be extended to one date for all Debtors, or October 28, 2009 to file a plan and December 27, 2009 to solicit acceptances on the plan.

(b)     the necessity of sufficient time to negotiate and prepare adequate information;

(c)     the existence of good faith progress;

(d)     whether the debtor is paying its debts as they become due;

(e)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)     whether the debtor has made progress negotiating with creditors;

(g)     the length of time a case had been pending;

(h)     whether the debtor is seeking an extension to pressure creditors; and

(i)     whether or not unresolved contingencies exist.

*See In re Henry Mayo Newhall Memorial Hospital*, 282 B.R. 444, 452 (9th Cir. BAP 2002); *In re R.G. Pharm. Inc*., 374 B.R. 484, 487 (Bankr. D. Conn. 2007); *In re Friedman's Inc*., 336 B.R. 884, 888 (Bankr. D. Ga. 2005); *In re Central Jersey Airport Services, LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002).

6.     Not all factors are relevant to every case and courts tend to use a relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case.  *See, e.g., Express One Int'l*, 194 B.R. at 100 (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors).

7.     In this instance, each of the above-listed factors counsels in favor of extending the Exclusivity Periods.  Debtors in possession often require more than the time initially allotted by the Exclusivity Periods to formulate a confirmable plan of reorganization.  Given the significant and numerous matters requiring substantial attention from the Debtors' management and professionals in the opening weeks of these chapter 11 cases, and the many tasks that still must be completed as the Debtors continue to develop and implement their business plan, it is neither surprising nor remarkable that the Debtors require an extension of the Exclusivity Periods.  As discussed below, the Debtors submit that, in light of the normal progression of complex chapter 11 cases and the challenging circumstances that the Debtors have faced in the first several weeks of these chapter 11

cases, especially given the exigent circumstances surrounding the filing of these chapter 11 cases, sufficient "cause" exists pursuant to section 1121(d) to extend the Exclusivity Periods by 90 days.

**The Debtors Have Made Good Faith Progress In These Chapter 11 Cases Towards a Plan of Reorganization**

8.  The Debtors are seeking an extension of the Exclusivity Periods in good faith and believe that they have made substantial progress while in these chapter 11 cases. Since the Petition Date, the Debtors have concentrated on resolving myriad significant issues relating to these chapter 11 cases including: negotiating with their senior secured lenders for continued use of cash collateral that ultimately resulted in three cash collateral orders, preparing schedules and statements of financial affairs for 32 debtors, preparing 32 sets of monthly operating reports, responding to diligence requests and reporting requirements of their senior secured lenders including preparing several weekly financial reports required by the cash collateral order, and complying with other operational challenges of a debtor-in-possession.

9.  Notwithstanding all of the additional demands on the Debtors' severely reduced management team while operating in bankruptcy, the Debtors have made significant progress towards a plan of reorganization. The Debtors have been in active discussions with the First Lien Steering Committee for a consensual plan. To that end, the Debtors have provided extensive access and diligence to the First Lien Steering Committee, have drafted a disclosure statement based on a preliminary draft term sheet of the plan, are in the process of creating a business plan and projections going out into the future, have engaged professionals to assist in the creation of a valuation and liquidation analysis, have begun the process of reviewing, analyzing, and negotiating with creditors who have filed proofs of claims, and have spent time reviewing, analyzing, and negotiating the plan term sheet that will hopefully serve as the basis for the Debtors' plan.

**The Size and Complexity of these Cases Require an Extension of the Exclusivity Periods**

10. The size and complexity of a chapter 11 case is another basis upon which courts most commonly grant extensions. *See, e.g., Express One Int'l*, 194 B.R. at 100; *In re Texaco, Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large size of a debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are

important factors which generally constitute cause for extending the exclusivity periods"). Indeed, Congress has expressly noted that courts may need to extend the Exclusivity Periods for unusually large or complex cases. *See* H.R. Rep. No. 95-595, at 231-32, *reprinted in* 1978 U.S.C.C.A.N. 5963,6191.

11. The Debtors' chapter 11 cases involve 32 debtors with hundreds millions of dollars in aggregated outstanding debt. The Debtors must also consider several different classes of almost approximately 11,000 potential creditors, including two levels of senior secured debt, mechanic's lien holders, secured equipment lenders, general unsecured creditors, non-debtor affiliate claims, and equity claims. Based on the size and complexities of these chapter 11 cases, the Court has ample cause to extend the Exclusivity Periods by the requested 90 day period at this point of these chapter 11 cases.

12. Extending the Exclusivity Periods will give the Debtors a reasonable opportunity to develop, negotiate, and ultimately confirm a consensual plan without any unwarranted interference from any dissident party attempting to derail the restructuring process by filing a unilateral and competing plan of reorganization. Rather than unfairly prejudicing or pressuring the Debtors' creditors, the extension requested herein is an exercise of the Debtors' prudent business judgment that will provide the Debtors adequate time to negotiate a plan that equitably distributes the Debtors' assets to the holders of valid claims. Further, the requested extension of the Exclusivity Periods will provide the Debtors with adequate time to reassess and pursue all alternative options with respect to its chapter 11 restructuring to maximize value to all stakeholders. The Debtors reserve the right to request further extensions of the Exclusivity Periods as circumstances may require.

## **Notice**

13. Pursuant to the *Order for Case Management*, entered on April 28, 2009 [Docket No. 119], the Debtors have provided notice of this Motion via first class mail to: (a) the Office of the United States Trustee for the District of Nevada; (b) counsel to the First Lien Steering Committee; (c) counsel to the Second Lien Steering Committee; (d) counsel to the Official Committee of Unsecured Creditors; and (e) any persons who have filed a request for notice in these chapter 11

cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **No Prior Request**

14. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   June 19, 2009           LARSON & STEPHENS

By: */s/ Zachariah Larson*
Zachariah Larson, Esq. (NV Bar No. 7787)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
David A. Abadir, Esq. (NY Bar No. DA-0741)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       dabadir@pszjlaw.com

Attorneys for the Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]

    Debtors.

Affects:

☒ All Debtors
☐ Affects the following Debtor(s)

Case No.: 09-14814-LBR
(Jointly Administered)

Chapter 11

**[PROPOSED] ORDER EXTENDING DEBTORS EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

**[Re: Docket No. _____]**

Upon the motion, dated June 19, 2009 (the "Motion"), of the Rhodes Companies, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (the "Order") pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") extending the Debtors' exclusive period to file a chapter 11 plan through and including October 28, 2009, and to solicit votes to approve a chapter 11 plan through and including December 27, 2009 (the "Exclusivity Periods"); and the Court having found that the Court has

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

DOCS_NY:18280.3

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity to be heard on the Motion, and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the period during which only the Debtors may file a plan or plans of reorganization pursuant to section 1121(b) of the Bankruptcy Code is hereby extended though and including October 28, 2009.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the period during which only the Debtors may solicit votes to accept a proposed chapter 11 plan filed with this Court is extended though and including December 27, 2009.

4. Nothing herein shall prejudice the Debtors' right to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

APPROVED AS TO FORM AND CONTENT:

DATED this \_\_\_\_ day of \_\_\_\_ 2009.

By: _____
UNITED STATES TRUSTEE
August B. Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

Submitted by:
DATED this 17th day of July 2009.

By: /s/ Zachariah Larson
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorneys for Debtors*