| | |
|---|---|
| James I. Stang, Esq. (CA Bar No. 94435)<br>Shirley S. Cho, Esq. (CA Bar No. 192616)<br>David A. Abadir, Esq. (NY Bar No. DA-0741)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, California 90067-4100<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760 | E-file: June 29, 2009 |

-and-

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382-1170
Facsimile: 702/382-1169

Attorneys for Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC,<br>aka "Rhodes Homes," et al.,[1]<br><br>Debtors.<br><br>Affects:<br><br>☒ All Debtors<br>☐ Affects the following Debtor(s) | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**SUPPLEMENTAL NOTICE OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**<br><br>Hearing Date:    July 17, 2009<br>Hearing Time:    1:30 p.m. |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

DOCS_LA:204323.1

**PLEASE TAKE NOTICE** that the *Motion of the Debtors for Entry of an Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property*, which is attached hereto (the "Motion"), is scheduled for hearing on July 17, 2009 at the hour of 1:30 p.m., in the Foley Federal Building, at 300 Las Vegas Boulevard South, Third Floor, Courtroom 1, Las Vegas, NV 89101.

The Motion is filed pursuant to section 365(d)(4) of the title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that any opposition to the requested relief must be filed and served pursuant to Local Rule 9014(d)(1). If an objection is not timely filed and served, the relief requested may be granted without a hearing pursuant to Local Rule 9014(d)(3).

> If you object to the relief requested, you *must* file a WRITTEN response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.
>
> If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:
>
> - The court may *refuse* to allow you to *speak* at the scheduled hearing; and
> - The court may *rule against you* without formally calling the matter at the hearing.

**PLEASE TAKE FURTHER NOTICE** that this hearing may be continued from time to time without further notice except for the announcement of any adjourned dates and time at the above noticed hearing or any adjournment thereof.

Dated:   June 29, 2009          LARSON & STEPHENS

By: /s/ *Zachariah Larson*
Zachariah Larson, Esq. (NV Bar No. 7787)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
    and
PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
David A. Abadir, Esq. (NY Bar No. DA-0741)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Attorneys for the Debtors and Debtors in Possession

James I. Stang, Esq. (CA Bar No. 94435)  
Shirley S. Cho, Esq. (CA Bar No. 192616)  
David A. Abadir, Esq. (NY Bar No. DA-0741)  
PACHULSKI STANG ZIEHL & JONES LLP  
10100 Santa Monica Blvd., 11th Floor  
Los Angeles, California 90067-4100  
Telephone: 310/277-6910  
Facsimile: 310/201-0760  

-and-

Zachariah Larson, Esq. (NV Bar No. 7787)  
LARSON & STEPHENS  
810 S. Casino Center Blvd., Ste. 104  
Las Vegas, NV 89101  
Telephone: 702/382-1170  
Facsimile: 702/382-1169  

Attorneys for Debtors and Debtors in Possession

*E-file: June 22, 2009*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC,  
aka "Rhodes Homes," et al.,[1]

Debtors.

Affects:

☒ All Debtors  
☐ Affects the following Debtor(s)

Case No.: 09-14814-LBR  
(Jointly Administered)

Chapter 11

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Hearing Date:    July 17, 2009  
Hearing Time:    1:30 p.m.

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

DOCS_NY:18248.2

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

The Rhodes Companies, LLC and certain of its affiliates, as debtors and debtors in possession (the "Debtors"), are parties to certain unexpired leases of nonresidential real property. The Debtors file this motion ("Motion") seeking an extension of the time within which the Debtors must assume or reject unexpired leases of nonresidential real property (the "Leases"). The Leases include, among other things, the Debtors' corporate headquarters lease in Las Vegas, Nevada, various leases for storage, and the Debtors' home sales office lease for one of their developments.

## General Background

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club LLC, Pinnacle Grading LLC, and Rhodes Homes Arizona LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11, United States Bankruptcy Code (the "Bankruptcy Code"). On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2. The Debtors are operating their businesses and managing their properties as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes.

## Relief Requested

3. By this Motion, the Debtors request entry of an order extending the time period by which the Debtors must assume or reject the Leases pursuant to section 365(d)(4) of the Bankruptcy Code through the earlier of (i) October 27, 2009, which is 90 days after the current deadline is set to expire; or (ii) the date of entry of an order confirming a plan in these cases[2]. Absent the relief requested herein, the period for assuming or rejecting the Leases will expire on July 29, 2009 or July 30, 2009, as applicable, for the Secondary Filers.

---

[2] Although the deadline to reject leases is one day later for the Secondary Filers, the Debtors request that the extension set by the Court be the same date for all the Debtors.

### Basis for Relief

4. Extensions of the deadline to assume or reject unexpired leases of non-residential real property are governed by Bankruptcy Code section 365(d)(4)(A)-(B), which provides that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of – (i) the date that is 120 days after the order for relief; or (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) The Court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> (ii)    If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4)(A) – (B). Thus, the Court may, for cause, order a 90-day extension of the period during which the Debtors may assume or reject nonresidential real property leases upon the filing of a motion for such relief. See id.

5. Courts have recognized the benefits to granting additional time under section 365(d)(4) of the Bankruptcy Code. See In re Channel Home Ctrs., Inc., 989 F.2d 682, 689 (3d Cir. 1993) ("[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop."); see also In re Circle K Corp., 127 F.3d 904, 909 (9th Cir. 1997) (noting that bankruptcy courts often grant debtor's request for an extension).

6. Although the term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code, in determining whether cause exists for an extension of the assumption or rejection time period under Bankruptcy Code section 365(d)(4), courts have relied on several factors, including the following:

    (a)    whether the case is complex and involves a large number of leases;

    (b)    whether the leases are primary among the debtor's assets;

    (c)    whether the lessor continues to receive postpetition rental payments;

|   |   |   |
|---|---|---|
| 1 | (d) | whether the continued occupation could damage the lessor and such lessor could not receive compensation under the Bankruptcy Code; and |
| 3 | (e) | whether the debtor has been afforded enough time to develop a plan. |

See In re Burger Boys, Inc., 94 F.3d 755, 761 (2d Cir. 1996); In re Wedtech Corp., 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); see also Channel Home Ctrs., 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing Wedtech, 72 B.R. at 471-72.); see generally In re Pier 5 Management Co., Inc., 83 B.R. 392, 394 (Bankr. E.D. Va. 1988) (finding that cause existed to grant extension when party objecting to the extension hindered debtor's ability to decide whether to assume or reject lease).

7. The circumstances of the Debtors' cases satisfy certain of the factors set forth above. The Debtors have been actively negotiating and working with the First Lien Steering Committee to formulate a plan of reorganization. The Debtors seek the extension of time to assume or reject the Leases so that the decision to assume or reject can be made concurrently with their plan of reorganization. Without an extension, the Debtors might be compelled prematurely to assume substantial, long-term liabilities under the remaining unexpired Leases (potentially creating administrative expense claims). Alternatively, the Debtors might be compelled to forfeit potential benefits associated with the remaining unexpired leases, or incur unnecessary rejection damages claims, to the detriment of the Debtors' estates, their creditors and other parties in interest.

8. Furthermore, the Debtors are current on all of their postpetition rent obligations arising from and after the Petition Date for those Leases covered by the extension sought by this Motion.

9. Accordingly, for the reasons set forth above, the Debtors seek an extension of the time within which the Debtors must move to assume or reject the Leases for the earlier of (i) 90 days from the current section 365(d)(4) deadline, or October 27, 2009, or (ii) the date of entry of an order confirming a plan in these cases. The Debtors expect to have completed the process of analyzing the remaining Leases during this time period. However, in light of the Debtors' ongoing efforts to analyze such remaining unexpired Leases the present request is without prejudice to the Debtors'

right to seek a further extension of the section 365(d)(4) deadline if circumstances so warrant and in accordance with section 365(d)(4)(B)(ii) of the Bankruptcy Code.

### Notice

10. Pursuant to the *Order for Case Management*, entered on April 28, 2009 [Docket No. 119], the Debtors have provided notice of this Motion via first class mail to: (a) the Office of the United States Trustee for the District of Nevada; (b) counsel to the First Lien Steering Committee; (c) counsel to the Second Lien Steering Committee; (d) counsel to the Official Committee of Unsecured Creditors; (e) landlords to the Leases; and (f) any persons who have filed a request for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

11. No prior motion for the relief requested herein has been made to this or any other court.

1  WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the
2  form annexed hereto, granting the relief requested in the Motion and such other and further relief as may
3  be just and proper.

4  Dated: June 22, 2009               LARSON & STEPHENS

                                      By: /s/ Zachariah Larson
                                      Zachariah Larson, Esq. (NV Bar No. 7787)
                                      810 S. Casino Center Blvd., Ste. 104
                                      Las Vegas, NV 89101
                                      Telephone: 702/382.1170
                                      Facsimile: 702/382.1169
                                      Email: zlarson@lslawnv.com

                                             -and-

                                      PACHULSKI STANG ZIEHL & JONES LLP
                                      James I. Stang, Esq. (CA Bar No. 94435)
                                      Shirley S. Cho, Esq. (CA Bar No. 192616)
                                      David A. Abadir, Esq. (NY Bar No. DA-0741)
                                      10100 Santa Monica Blvd., 11th Floor
                                      Los Angeles, California 90067-4100
                                      Telephone: 310/277-6910
                                      Facsimile: 310/201-0760
                                      Email: jstang@pszjlaw.com
                                             scho@pszjlaw.com
                                             dabadir@pszjlaw.com

                                      Attorneys for the Debtors and Debtors in Possession

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
David A. Abadir, Esq. (NY Bar No. DA-0741)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

-and-

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382-1170
Facsimile: 702/382-1169

Attorneys for Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re:<br><br>THE RHODES COMPANIES, LLC,<br>aka "Rhodes Homes," et al.,[1]<br><br>Debtors.<br><br>Affects:<br><br>☒ All Debtors<br>☐ Affects the following Debtor(s) | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**[PROPOSED] ORDER UNDER BANKRUPTCY CODE SECTION 365(D)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY [RE: DOCKET NO. ____]** |
|---|---|

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings,

DOCS_NY:18248.2

1. Upon the motion, dated June 22, 2009 (the "Motion"), of The Rhodes Companies, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (the "Order") pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") for an extension of the period within which the Debtors may assume or reject their unexpired leases of real property (the "Leases"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity to be heard on the Motion, and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The time within which the Debtors must assume or reject the Leases, pursuant to section 365(d)(4) of the Bankruptcy Code, is hereby extended an additional 90 days, through and including October 27, 2009, or through the date of entry of an order confirming a plan in these cases, whichever is earlier.

3. Nothing contained herein shall be deemed to authorize the assumption or rejection of any of the Leases.

---

Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

4. The extension granted in this Order is without prejudice to the Debtors' right to seek further extension(s) of their time to assume or reject some or all of the Leases.

5. All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

APPROVED AS TO FORM AND CONTENT:

DATED this ____ day of July 2009.

By: _____
UNITED STATES TRUSTEE
August B. Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

Submitted by:
DATED this 22nd day of June 2009.

By: /s/ Zachariah Larson
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorneys for Debtors*

## CERTIFICATE OF SERVICE

1. On the 29th day of June, 2009, I served the following document(s) (specify):

   a. **SUPPLEMENTAL NOTICE OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

2. I served the above-named document(s) by the following means to the persons as listed below:
   *(check all that apply)*
   ☐  a.   **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

   BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
   lvecffilings@gtlaw.com,
   axelrodb@gtlaw.com;koisp@gtlaw.com;dittrichr@gtlaw.com;lvlitdock@gtlaw.com

   SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
   scho@pszjlaw.com

   JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
   tbw@jonesvargas.com

   KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
   hkelley@leachjohnson.com

   RODNEY M. JEAN on behalf of Creditor Credit Suisse, Cayman Islands Branch
   RJEAN@LIONELSAWYER.COM,
   gbagley@lionelsawyer.com;bklsclv@lionelsawyer.com;mstow@lionelsawyer.com;mtieu@lionelsawyer.com

   ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
   ecf@lslawnv.com, susans@lslawnv.com;laurar@lslawnv.com

   NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
   nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com

   EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
   edward.m.mcdonald@usdoj.gov

   SUSAN L. MYERS on behalf of Creditor Credit Suisse, Cayman Islands Branch
   smyers@lionelsawyer.com, gbagley@lionelsawyer.com;bklsclv@lionelsawyer.com

   TIMOTHY P. THOMAS on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
   tthomas@klnevada.com, bankruptcy@klnevada.com;dhoule@klnevada.com

DOCS_LA:204132.1                                3

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor Westar Kitchen & Bath, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com

☐    **b.**     **United States mail, postage fully prepaid**
*(List persons and addresses. Attach additional paper if necessary)*

☐    **c.**     **Personal Service** *(List persons and addresses. Attach additional paper if necessary)*

I personally delivered the document(s) to the persons at these addresses:

    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    **d.**     **By direct email (as opposed to through the ECF System)**
*(List persons and email addresses. Attach additional paper if necessary)*

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    **e.**     **By fax transmission**
*(List persons and fax numbers. Attach additional paper if necessary)*

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐    **f.**     **By messenger** *(List persons and addresses. Attach additional paper if necessary)*

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. *(A declaration by the messenger must be attached to this Certificate of Service)*

■    **g.**     **By overnight delivery.**

By sending by FEDERAL EXPRESS (standard next day delivery) to the addressee(s) as indicated on the attached list

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on (date): June 29, 2009

Sophia L. Lee
(Name of Declarant)                         (Signature of Declarant)

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

DOCS_LA:204132.1                 4

# RHODES HOMES
# SUPPLEMENTAL LANDLORDS' SERVICE LIST

Glynda Rhodes
5068 Spanish Heights
Las Vegas, NV 89148

Alyssa Frank
1011 West 27th Street
Scottsbluff, NE 69361

Alyssa Frank
3609 Bison Street
Scottsbluff, NE 69361

Huahui Huang Tseng
5340 N. Orange #A
La Puente, CA 91744

I-Chieh E. Wang and Da Ching P. Wang
52 Redwood Lane
South Glastonbury, CT 06073

Xikui Xu Xijuan Xu
12845 Crestfield Court
Rancho Cucamonga, CA 91739-8011

Elena Elamparo
5261 Polis Drive
La Palma, CA 90623

Tin Kerine Cheung
2346 Indian Creek Rd
Diamond Bar, CA 91765

Jammie S. K. Hsu
7835 S. Rainbow Blvd.
Ste 4-5
Las Vegas, NV 89139

73203-002\DOCS_LA:204262.1