# EXHIBIT A

# EXHIBIT A

4830-8412-6209.1

⬤  🗋ORIGINAL  ⬤

**BANK**
Zachariah Larson, Esq., Bar No.: 7787
Kyle O. Stephens, Esq., Bar No.: 7516
**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Tel: (702) 382-1170
Fax: (702) 382-1169
Attorney for Defendant,
Bravo, Inc.

*FILED*
APR 9  2 01 PM '09
~~Ed~~
CLERK O...

### DISTRICT COURT

### CLARK COUNTY, NEVADA

|  |  |
|---|---|
| IAN ROSEN, | Case No.: 08-A-570558-C |
| Plaintiffs, | Dept. No.: 16 |
| vs. |  |
| BRAVO, INC. d/b/a RHODES FRAMING, et al. |  |
| Defendants. |  |

<u>NOTICE OF PENDING BANKRUPTCY</u>

TO:  WHOM IT MAY CONCERN

   NOTICE IS HEREBY GIVEN that the Defendant, Bravo, Inc., filed a petition for relief under Chapter 7, of the United States Bankruptcy Code on March 31, 2009, in the United States Bankruptcy Court for the District of Nevada, case number BK-S- 09-14825-LBR.

   DATED this ___ day of April, 2009.

                    LARSON & STEPHENS

                    BY _____
                    Zachariah Larson, Esq., Bar No.: 7787
                    810 S. Casino Center Blvd., Suite 104
                    Las Vegas, NV 89101
                    Attorney for Defendant, Bravo, Inc.

**RECEIVED**
APR 0 9 2009
CLERK OF THE COURT

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

## CERTIFICATE OF MAILING

The undersigned does hereby certify that on the _9th_ day of April, 2009 he/she served a copy of the foregoing NOTICE OF PENDING BANKRUPTCY to the following parties by facsimile and depositing a copy of the same in the United States mail, postage prepaid and addressed to them at their last known addresses as follows:

Office of the U.S. Trustee
300 S. Las Vegas Blvd., Suite 4300
Las Vegas, NV 89101

Lloyd W. Baker, Esq.                    Janice J. Brown, Esq.
500 S. Eighth Street                    400 S. Fourth Street, #500
Las Vegas, NV 89101                     Las Vegas, NV 89101
*Attorney for Ian Rosen*                *Attorney for Harsch Investment Properties,*
                                        *LLC and Harsch Investment Properties NV,*
                                        *LLC*

Richard S. Staub, Esq.
P.O Box 392
Carson City, NV  89702
*Attorneys for Builders Association of Western*
*NV Slf*

An employee of Larson & Stephens

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**BANK**

Zachariah Larson, Esq., Bar No.: 7787
Kyle O. Stephens, Esq., Bar No.: 7516
**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Tel: (702) 382-1170
Fax: (702) 382-1169
Attorney for Defendant,
Bravo, Inc.

**FILED**

2009 APR 29 P 2: 50

CLERK OF THE COURT

### DISTRICT COURT

### CLARK COUNTY, NEVADA

|  |  |
|---|---|
| IAN ROSEN, | ) Case No.: 08-A-570558-C |
|  | ) Dept. No.: 16 |
| Plaintiffs, | ) |
| vs. | ) |
|  | ) |
| BRAVO, INC. d/b/a RHODES FRAMING, et al. | ) |
|  | ) |
| Defendants. | ) |

### AMENDED NOTICE OF PENDING BANKRUPTCY

TO:  WHOM IT MAY CONCERN

NOTICE IS HEREBY GIVEN that the Defendant, Bravo, Inc., filed a petition for relief under Chapter 11, of the United States Bankruptcy Code on March 31, 2009, in the United States Bankruptcy Court for the District of Nevada, case number BK-S- 09-14825-LBR.

DATED this ⟋⟋ day of April, 2009.

LARSON & STEPHENS

BY ⟋⟋⟋⟋⟋
Zachariah Larson, Esq., Bar No.: 7787
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Attorney for Defendant, Bravo, Inc.

**CERTIFICATE OF MAILING**

The undersigned does hereby certify that on the ___ day of April, 2009 he/she served a copy of the foregoing NOTICE OF PENDING BANKRUPTCY to the following parties by facsimile and depositing a copy of the same in the United States mail, postage prepaid and addressed to them at their last known addresses as follows:

Office of the U.S. Trustee
300 S. Las Vegas Blvd., Suite 4300
Las Vegas, NV 89101

Lloyd W. Baker, Esq.                          Janice J. Brown, Esq.
500 S. Eighth Street                          400 S. Fourth Street, #500
Las Vegas, NV 89101                           Las Vegas, NV 89101
*Attorney for Ian Rosen*                      *Attorney for Harsch Investment Properties,*
                                              *LLC and Harsch Investment Properties NV,*
                                              *LLC*

Richard S. Staub, Esq.
P.O Box 392
Carson City, NV 89702
*Attorneys for Builders Association of Western*
*NV Slf*

_____
An employee of Larson & Stephens

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT B

# EXHIBIT B

4830-8412-6209.1

# ACORD™  CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
7/10/2007

| PRODUCER    (213) 629-3131 FAX: (866) 808-9088 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | | |
|---|---|---|---|
| Guaranty CA Insurance Services Inc. CA License #0D44424 445 S. Figueroa St., 36th FL Los Angeles       CA   90071-1602 | | | |
| | INSURERS AFFORDING COVERAGE | | NAIC # |
| INSURED | INSURER A: Lloyd's of London | | |
| Rhodes Design and Development 4730 Fort Apache Road, #300 | INSURER B: Aspen Insurance UK Ltd. | | |
| | INSURER C: | | |
| | INSURER D: | | |
| Las Vegas          NV  89147 | INSURER E: | | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $   10,000,000 |
| A | | COMMERCIAL GENERAL LIABILITY | A47504134/A47504134A | 10/1/2004 | 10/1/2007 | DAMAGE TO RENTED PREMISES (Ea occurrence) | $        50,000 |
| | | [ ] CLAIMS MADE  [ ] OCCUR | | | | MED EXP (Any one person) | $         5,000 |
| B | | | | | | PERSONAL & ADV INJURY | $   10,000,000 |
| | | | | | | GENERAL AGGREGATE | $   10,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: [X] POLICY [ ] PRO-JECT [ ] LOC | | | | PRODUCTS - COMP/OP AGG | $   10,000,000 |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | [ ] ANY AUTO | | | | | |
| | | [ ] ALL OWNED AUTOS [ ] SCHEDULED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | [ ] HIRED AUTOS [ ] NON-OWNED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | [ ] ANY AUTO | | | | OTHER THAN    EA ACC | $ |
| | | | | | | AUTO ONLY:      AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | [ ] OCCUR  [ ] CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | [ ] DEDUCTIBLE | | | | | $ |
| | | [ ] RETENTION  $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | | | | [ ] WC STATU-TORY LIMITS [ ] OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | **OTHER** | | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS
Subject to policy terms, conditions, limitations and exclusions.  *10 days notice for non-payment of premium.
Certificate Holder is included Additional Insured.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Harsch Investment Properties Nevada LLC and Affiliates 6000 S. Eastern, Suite 12F Las Vegas, NV  89119 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL **\*30** DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. |
| | AUTHORIZED REPRESENTATIVE H Shults, Jr./JGARRI   _Ronald L. Schultz_ |

ACORD 25 (2001/08)                                                                                      © ACORD CORPORATION 1988
INS025 (0108).09=                                                                                                   Page 1 of 2

# IMPORTANT

If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

# DISCLAIMER

The Certificate of Insurance on the reverse side of this form does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder, nor does it affirmatively or negatively amend, extend or alter the coverage afforded by the policies listed thereon.

ACORD 25 (2001/08)
INS025 (0108).08a

Page 2 of 2

# EXHIBIT C

# EXHIBIT C

4830-8412-6209.1

# SUMMARY OF INSURANCE

| | |
|---|---|
| INSURED: | RHODES DESIGN AND DEVELOPMENT CORP. ETAL |
| COVERAGE: | GENERAL LIABILITY INSURANCE |
| POLICY TERM: | October 1, 2004 to October 1, 2007 |
| INSURANCE CARRIER | LLOYDS/ASPEN |
| POLICY NUMBER | A47504134/A47504134A |

Coverage Description

| | |
|---|---|
| Named Insured | Per Attached List |
| Locations Insured: | Per schedule on File with Company |

### Limits

| Bodily Injury or Property Damage | |
|---|---|
| General Aggregate* | $10,000,000 |
| Products/Completed Operations Aggregate* | $10,000,000 |
| Personal and Advertising Injury* | $10,000,000 |
| Each Occurrence* | $10,000,000 |
| Damage to premises Rented to you | $50,000 |
| Medical Expense ( any one person) | $5,000 |
| | |
| *Defense Costs Included in the Limits | |

| Policy Form | Occurrence |
|---|---|

### Retention

| Per occurrence- includes defense costs | $2,000,000 |
|---|---|
| Aggregate | $6,000,000 |
| Trail SIR per occurrence | $250,000 |
| Non-Construction Operations | $25,000 |

### Exclusions

| Expected or Intended Injury with use of Reasonable Force carve out | X |
|---|---|
| Workers Compensation and Similar Laws | X |
| Employers Liability | X |
| Aircraft, Auto or Watercraft | X |
| War | X |
| | |
| Property Damage to property you own, rent or occupy with carveout for specific limit Premises Rented to you | Modified to carveout coverage for property damage to projects designated in the policy |
| Personal Property Care, Custody or Control | X |
| Broad Form Property Damage carveout | X |
| Damage to your Product | Deleted |
| Damage to your Work | Deleted |
| Damage to Impaired Property or Property not Physically Injured | Deleted |
| Recall of Products, Work or Impaired Property | |
| Employment Practices Liability | X |
| Abuse or Molestation Exclusioin | X |
| Nuclear Energy Exclusion | X |
| Absolute Asbestos Exclusion | X |
| Exclusion - Engineers, Architects or Surveyors Professional Liability | X |

# SUMMARY OF INSURANCE

| | |
|---|---|
| INSURED: | RHODES DESIGN AND DEVELOPMENT CORP. ETAL |
| COVERAGE: | GENERAL LIABILITY INSURANCE |
| POLICY TERM: | October 1, 2004 to October 1, 2007 |
| INSURANCE CARRIER | LLOYDS/ASPEN |
| POLICY NUMBER | A47504134/A47504134A |

| | |
|---|---|
| Absolute Lead Exclusion | X |
| Exclusion - Designated Professional Service:  Real Estate Operations | X |
| Exclusion - Fiduciary or Representative Liability | X |
| Mold, Mildew, Spores &/or Fungus Liability Exclusion | X |
| War and Terrorism Exclusion | X |
| Prior Work Exclusion(Products/Completed Ops) | X- as scheduled prior to 10/1/04 |
| Exclusion - Property Damage to Project | X |
| Punitive or Exemplary Damages Exclusion | X |
| chemical, Biological, and Nuclear Explosion, Pollution or Contamination Exclusion Clause | X |
| EIFS Exclusion | X |
| Chromium Copper Arsenate Exclusion | X |
| Silica Exclusion | X |
| Multi-Unit Dwellings Exclusion | X |
| Pollution Exclusion with Hostile Fire Amendment | X |

## Other Terms and Conditions

| | |
|---|---|
| Additional Insured-Owners, Lessees or Contractors Applies If: | Yes |
| Additional Insured is named on copy of endorsement and attached to Certificate of Ins. | X |
| Coverage is only afforded for work being performed on  projects scheduled in this policy | X |
| Endorsement is required by written contract | X |
| | |
| Non-owned Watercraft | <52 feet |
| Non Owned Aircraft | Yes |
| Knowledge of Occurrence-Officer of Insured | Yes |
| Unintentional Failure to Disclose Hazards | Yes |
| Waiver of Subrogation | As required by Written Contract |
| Cancellation Clause | 60 days except for non-payment of premium (10 days) |
| Primary Insurance Clause | Yes, for designated projects |
| Excess Insurance Clause | Yes, applies to entities not included as insured under this policy |
| Defense Costs erode the Self Insured Retention | Yes |

# SUMMARY OF INSURANCE

| | |
|---|---|
| **INSURED:** | RHODES DESIGN AND DEVELOPMENT CORP. ETAL |
| **COVERAGE:** | GENERAL LIABILITY INSURANCE |
| **POLICY TERM:** | October 1, 2004 to October 1, 2007 |
| **INSURANCE CARRIER** | LLOYDS/ASPEN |
| **POLICY NUMBER** | A47504134/A47504134A |

| | |
|---|---|
| Signed Application Endorsement | Construction Supplemental Applications -2004 is attached to and becomes a part of the policy. Misrepresentation or omission in the information constitute grounds for immediate cancellation of coverage and denial of claims |
| Extended Products-Completed Operations Hazard | Yes |
| Policy Period Limits of Insurance Endorsement | Limits apply to entire policy term not separately to each annual period |
| Limitation of Coverage to Designated Premises or Project | Per schedule |
| Cross Liability Endorsemenet | Yes |
| Service of Suit Clause | Yes |
| Several Liability Notice | Yes , Subscribing insurers' obligations are several and not joint |
| No Reinstatement of Aggregate Limits Endorsement | Yes |
| Absolute Limits of Liability Endorsement | Yes |
| Annual Audit Condition | Required within 30 days of each annual coverage period |
| Close of Escrow Endorsement | Requires an annual report of units that have closed escrow within 30 days of each annual coverage period |
| Small Additional or Return Premium Clause | Yes, $2.00 tollerance |
| Choice of Law Clause - Nevada | X |
| Lines Clause | X |
| Vacant Land - | Non-Construction SIR applies to scheduled Vacant Land and newly acquired Vacant Land for 90 Days |
| Defense Costs Included in the Limit | X |

| Premium | $5,750,000 minimum and deposit |
|---|---|
| Adjustable Rate based on receipts | $5.75/$1,000 |
| Adjustable Rate on Land Sales (receipts) | $1.00/$1,000 |
| Estimated Receipts for Policy Term | $1,000,000,000 |
| Audit Margin Clause | Additional Premium will only be calculated on Gross Receipts in excess of 110% of estimated Receipts |
| No Flat Cancellations | Yes |
| Minimum Retained Premium if cancelled by Insured | 35% |

This is a summary of insurance placed by Guaranty California Insurance Services Inc. Each policy contains terms and conditions not reflected in this summary. In the event of a loss the policy NOT this Summary of Insurance will govern.                    5/15/2006



# Lloyd's Policy

**We, Underwriting Members** of the Syndicates whose definitive numbers and proportions are shown in the Table attached hereto (hereinafter referred to as 'the Underwriters'), hereby agree, in consideration of the payment to Us by or on behalf of the Assured of the Premium specified in the Schedule, to insure against loss, including but not limited to associated expenses specified herein, if any, to the extent and in the manner provided in this Policy.

**The Underwriters** hereby bind themselves severally and not jointly, each for his own part and not one for another, and therefore each of the Underwriters (and his Executors and Administrators) shall be liable only for his own share of his Syndicate's proportion of any such Loss and of any such Expenses. The identity of each of the Underwriters and the amount of his share may be ascertained by the Assured or the Assured's representative on application to Lloyd's Policy Signing Office, quoting the Lloyd's Policy Signing Office number and date or reference shown in the Table.

If the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this Policy shall become void and all claim hereunder shall be forfeited.

**In Witness** whereof the General Manager of Lloyd's Policy Signing Office has signed this Policy on behalf of each of Us.

LLOYD'S POLICY SIGNING OFFICE
General Manager



J(A) NMA2421 (3/1/95) Form approved by Lloyd's Market Association

# LLOYD'S

THE INSURED IS REQUESTED TO READ THIS POLICY. IF IT IS INCORRECT, PLEASE RETURN IT
IMMEDIATELY TO YOUR BROKER OR AGENT FOR ALTERATION.

IN ALL COMMUNICATIONS THE POLICY NUMBER APPEARING OVERLEAF SHOULD BE QUOTED

This page is intentionally left blank



# BMS

Jansen & Hastings Intermediaries Ltd

# Commercial General Liability

# Policy No. A4/7504/134

# Rhodes Design & Development

## NEVADA DISCLAIMER

**THIS INSURANCE CONTRACT IS ISSUED PURSUANT TO THE NEVADA INSURANCE LAWS BY AN INSURER NEITHER LICENSED BY NOR UNDER THE SUPERVISION OF THE DIVISION OF INSURANCE OF THE DEPARTMENT OF BUSINESS AND INDUSTRY OF THE STATE OF NEVADA.**

**IF THE INSURER IS FOUND INSOLVENT, A CLAIM UNDER THIS CONTRACT IS NOT COVERED BY THE NEVADA INSURANCE GUARANTY ASSOCIATION ACT.**

| This Declaration Page is attached to and forms part of the Policy Provisions | |
|---|---|
| Previous No: **N/A** | Policy No: **A4/7504/134** |

| 1. | Named Insured: | **Rhodes Design & Development Corp.** | | |
|---|---|---|---|---|
| | | | **(See Named Insured Endorsement)** | |
| | Address: | **4730 S. Fort Apache Rd., #300** | | |
| | | **Las Vegas** | | |
| | | **NV 89147, USA** | | |
| | Business of Named Insured: | **Residential General Contractor** | | |

| 2. | Effective from: | **1ˢᵗ October 2004** | to | **1ˢᵗ October 2007** |
|---|---|---|---|---|
| | Both days at 12.01 a.m. Local Standard Time | | | |

| 3. | The coverage, limits and premium hereunder is in accordance with the Commercial General Liability Insurance forms as attached hereto: | |
|---|---|---|
| | Limit: **General Aggregate Limit (Other Than Products/** | |
| | **Completed Operations):** | **US$ 10,000,000** |
| | **Products/Completed Operations Aggregate Limit:** | **US$ 10,000,000** |
| | **Personal and Advertising Injury Liability Limit:** | **US$ 10,000,000** |
| | **Each Occurrence Limit:** | **US$ 10,000,000** |
| | **Fire Damage Limit:** | **US$      50,000** |
| | **Medical Expense Limit:** | **US$       5,000** |
| | Self Insured Retention: | **US$  2,000,000** per occurrence, subject to an aggregate of **US$6,000,000** and a trail Self-Insured Retention of US$250,000 per occurrence. |

| 4. | Premium Computation: | |
|---|---|---|
| | Estimated Receipts for the Policy Period: | Rates: |
| | **US$ 1,000,000,000** | **US$ 5.75** per US$ 1,000 of receipts, but **US$ 1.00** per US$ 1,000 of receipts in respect of land sales. |
| | Deposit Premium:    **US$  5,750,000** | The Deposit Premium is the Minimum Premium for the Policy Period. |

| 5. | Service of Suit may be made upon: | **Mendes and Mount LLP, 750 Seventh Avenue, New York, NY10019.** |
|---|---|---|

| 6. | Forms and Endorsements attached: | **See Schedule of Endorsements / Forms.** |
|---|---|---|

| 7. | In the event of a claim, please notify: | **Devonshire Group,1851 East First Street, Suite 1400, Santa Ana, CA 92705 - Attention of Mr. C. M. Graham Tel:  714-285-1500    Fax:  714-285-9714** |
|---|---|---|

Dated in London:-  16th November 2004

*Weh*
*10/6/05*

Policy Change
Number.........

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.
**IL 12 01 07 97**
POLICY CHANGES

| POLICY NO. | POLICY CHANGES EFFECTIVE | COMPANY |
|---|---|---|
| A4/7504/134 | 1st October 2004 | |
| **NAMED INSURED** | | **AUTHORIZED REPRESENTATIVES** |
| Rhodes Design & Development Corp. (See Named Insured Endorsement) | | |
| **COVERAGE PARTS AFFECTED** Commercial General Liability | | |

### SCHEDULE OF ENDORSEMENTS/FORMS
### COMMERCIAL GENERAL LIABILITY DECLARATIONS

| | |
|---|---|
| | Nevada Disclaimer |
| | Policy Declaration Page |
| IL 12 01 07 97 | Schedule of Endorsements/Forms |
| CG 00 01 01 96 | Commercial General Liability Coverage Form |
| IL 12 01 07 97 | Named Insured Endorsement |
| IL 12 01 07 97 | Self-Insured Retention Endorsement |
| IL 12 01 07 97 | Minimum & Deposit Liability Premium |
| CG 20 10 10 93 | Additional Insured – Owners, Lessees or Contractors (Form B) |
| CG 24 04 10 93 | Waiver of Transfer of Rights of Recovery Against Others to Us |
| IL 12 01 07 97 | Cancellation by Us |
| IL 12 01 07 97 | Primary Insurance |
| IL 12 01 07 97 | Excess Insurance |
| IL 12 01 07 97 | Signed Application Endorsement |
| IL 00 17 11 85 | Common Policy Conditions |
| IL 12 01 07 97 | Extended Products-Completed Operations Hazard |
| IL 12 01 07 97 | Policy Period Limits of Insurance Endorsement |
| CG 21 44 11 85 | Limitation of Coverage to Designated Premises or Projects |
| IL 12 01 07 97 | Cross Liability Endorsement |
| IL 12 01 07 97 | Amendments to the Exclusions in the CG 00 01 01 96 Commercial General Liability Coverage Form |
| NMA 1998 | Service of Suit Clause |
| LSW 1001 | Several Liability Notice |
| IL 12 01 07 97 | No Reinstatement of Aggregate Limits Endorsement |
| IL 12 01 07 97 | Absolute Limits of Liability Endorsement |
| IL 12 01 07 97 | Annual Audit Condition |
| IL 12 01 07 97 | Close of Escrow Endorsement |
| IL 12 01 07 97 | Audit Margin Clause |
| IL 12 01 07 97 | Non-Construction Self-Insured Retention Endorsement |
| NMA 1168 (Amended) | Small Additional or Return Premium Clause (U.S.A.) |
| IL 12 01 07 97 | Asbestos Exclusion |
| CG 21 47 10 93 | Employment Related Practices Exclusion |

Page 1 of 2



| CG 22 43 07 98 | Exclusion – Engineers, Architects or Surveyors Professional Liability |
| IL 12 01 07 97 | Lead Exclusion |
| IL 00 21 11 94 | Nuclear Energy Liability Exclusion Endorsement |
| CG 21 46 10 93 | Abuse or Molestation Exclusion |
| CG 21 16 07 98 | Exclusion – Designated Professional Services |
| IL 12 01 07 97 | Exclusion – Fiduciary or Representative Liability |
| IL 12 01 07 97 | Mold, Mildew, Spores &/Or Fungus Liability Exclusion |
| IL 12 01 07 97 | War and Terrorism Exclusion |
| IL 12 01 07 97 | Prior Work Exclusion (Products / Completed Operations) |
| IL 12 01 07 97 | Exclusion – Property Damage to Project |
| IL 12 01 07 97 | Punitive or Exemplary Damages Exclusion Clause |
| IL 12 01 07 97 | Chemical, Biological, and Nuclear Explosion, Pollution or Contamination Exclusion Clause. |
| IL 12 01 07 97 | Exclusion – Designated Operations - EIFS. |
| IL 12 01 07 97 | Chromium Copper Arsenate Exclusion. |
| IL 12 01 07 97 | Silica Exclusion |
| IL 12 01 07 97 | Multi-Unit Dwellings Endorsement |
| IL 12 01 07 97 | "Company" Definition Endorsement |
| IL 12 01 07 97 | Choice of Law Clause |
| NMA 2419 | Lines Clause |

COMMERCIAL GENERAL LIABILITY
CG 00 01 01 96

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (SECTION **II**).

Other words and phrases that appear in quotation marks have special meaning. Refer to DEFINITIONS (SECTION **V**).

## SECTION I – COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION **III**); and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(2)** The "bodily injury" or "property damage" occurs during the policy period.

**c.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2. Exclusions**

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and



(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

### c. Liquor Liability

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

### d. Workers Compensation and Similar Laws

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

### e. Employer's Liability

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

### f. Pollution

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations:

(i) If the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

(ii) If the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants.

Subparagraph (d)(i) does not apply to "bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the fuels, lubricants or other operating fluids are intentionally discharged, dispersed or released, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent to be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor.

Copyright, Insurance Services Office, Inc., 1994

CG 00 01 01 96    □

Subparagraphs **(a)** and **(d)(l)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire.

As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

**(2)** Any loss, cost or expense arising out of any:

**(a)** Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

**(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**g. Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

**(a)** Less than 26 feet long; and

**(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

**(5)** "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

**h. Mobile Equipment**

"Bodily injury" or "property damage" arising out of:

**(1)** The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

**(2)** The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

**i. War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**j. Damage to Property**

"Property damage" to:

**(1)** Property you own, rent, or occupy;

**(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(3)** Property loaned to you;

**(4)** Personal property in the care, custody or control of the insured;

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Exclusions **c.** through **n.** do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in LIMITS OF INSURANCE (Section III).

## COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal injury" or "advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

**b.** This insurance applies to:

**(1)** "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

**(2)** "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

but only if the offense was committed in the "coverage territory" during the policy period.

**2. Exclusions**

This insurance does not apply to:

**a.** "Personal injury" or "advertising injury":

**(1)** Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

**(2)** Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

**(3)** Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured;

**(4)** For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement; or

**(5)** Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

**b.** "Advertising injury" arising out of:

**(1)** Breach of contract, other than misappropriation of advertising ideas under an implied contract;

**(2)** The failure of goods, products or services to conform with advertised quality or performance;

**(3)** The wrong description of the price of goods, products or services; or

**(4)** An offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

**c.** Any loss, cost or expense arising out of any:

**(1)** Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

## COVERAGE C. MEDICAL PAYMENTS

### 1. Insuring Agreement

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises you own or rent;

**(2)** On ways next to premises you own or rent; or

**(3)** Because of your operations;

provided that:

**(1)** The accident takes place in the "coverage territory" and during the policy period;

**(2)** The expenses are incurred and reported to us within one year of the date of the accident; and

**(3)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**b.** We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

**(1)** First aid administered at the time of an accident;

**(2)** Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

**(3)** Necessary ambulance, hospital, professional nursing and funeral services.

### 2. Exclusions

We will not pay expenses for "bodily injury":

**a.** To any insured.

**b.** To a person hired to do work for or on behalf of any insured or a tenant of any insured.

**c.** To a person injured on that part of premises you own or rent that the person normally occupies.

**d.** To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers compensation or disability benefits law or a similar law.

**e.** To a person injured while taking part in athletics.

**f.** Included within the "products-completed operations hazard".

**g.** Excluded under Coverage A.

**h.** Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.



## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

**1.** All expenses we incur.

**2.** Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

**3.** The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

**4.** All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

**5.** All costs taxed against the insured in the "suit".

**6.** Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**7.** All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

**a.** The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

**b.** This insurance applies to such liability assumed by the insured;

**c.** The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

**d.** The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

**e.** The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

**f.** The indemnitee:

  **(1)** Agrees in writing to:

    **(a)** Cooperate with us in the investigation, settlement or defense of the "suit";

    **(b)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

    **(c)** Notify any other insurer whose coverage is available to the indemnitee; and

    **(d)** Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

  **(2)** Provides us with written authorization to:

    **(a)** Obtain records and other information related to the "suit"; and

    **(b)** Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of paragraph **2.b.(2)** of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Coverages), such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys fees and necessary litigation expenses as Supplementary Payments ends when:

**a.** We have used up the applicable limit of insurance in the payment of judgments or settlements; or

**b.** The conditions set forth above, or the terms of the agreement described in paragraph **f.** above, are no longer met.

Copyright, Insurance Services Office, Inc., 1994
CG 00 01 01 96        □

## SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

  **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

  **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

  **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

  **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**2.** Each of the following is also an insured:

  **a.** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:

    **(1)** "Bodily injury" or "personal injury":

      **(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;

      **(b)** To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of paragraph **(1)(a)** above;

      **(c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in paragraphs **(1)(a)** or **(b)** above; or

      **(d)** Arising out of his or her providing or failing to provide professional health care services.

    **(2)** "Property damage" to property:

      **(a)** Owned, occupied or used by,

      **(b)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

    you, any of your "employees", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

  **b.** Any person (other than your "employee"), or any organization while acting as your real estate manager.

  **c.** Any person or organization having proper temporary custody of your property if you die, but only:

    **(1)** With respect to liability arising out of the maintenance or use of that property; and

    **(2)** Until your legal representative has been appointed.

  **d.** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

**3.** With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

  **a.** "Bodily injury" to a co-"employee" of the person driving the equipment; or

  **b.** "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

**4.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

  **a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

    Copyright, Insurance Services Office, Inc., 1994       □

**b.** Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

**c.** Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III – LIMITS OF INSURANCE

**1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

**a.** Insureds;

**b.** Claims made or "suits" brought; or

**c.** Persons or organizations making claims or bringing "suits".

**2.** The General Aggregate Limit is the most we will pay for the sum of:

**a.** Medical expenses under Coverage C;

**b.** Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

**c.** Damages under Coverage B.

**3.** The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

**4.** Subject to **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal injury" and all "advertising injury" sustained by any one person or organization.

**5.** Subject to **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

**a.** Damages under Coverage A; and

**b.** Medical expenses under Coverage C

because of all "bodily injury" and "property damage" arising out of any one "occurrence".

**6.** Subject to **5.** above, the Fire Damage Limit is the most we will pay under Coverage A for damages because of "property damage" to premises, while rented to you or temporarily occupied by you with permission of the owner, arising out of any one fire.

**7.** Subject to **5.** above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

**1. Bankruptcy**

Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a. **Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

b. **Excess Insurance**

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

(1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(2) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

(3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Coverage A (Section I).

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c. **Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

## 5. Premium Audit

**a.** We will compute all premiums for this Coverage Part in accordance with our rules and rates.

**b.** Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

**c.** The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

## 6. Representations

By accepting this policy, you agree:

**a.** The statements in the Declarations are accurate and complete;

**b.** Those statements are based upon representations you made to us; and

**c.** We have issued this policy in reliance upon your representations.

## 7. Separation Of Insureds

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

**a.** As if each Named Insured were the only Named Insured; and

**b.** Separately to each insured against whom claim is made or "suit" is brought.

## 8. Transfer Of Rights Of Recovery Against Others To Us

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

## 9. When We Do Not Renew

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

## SECTION V – DEFINITIONS

**1.** "Advertising injury" means injury arising out of one or more of the following offenses:

**a.** Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**b.** Oral or written publication of material that violates a person's right of privacy;

**c.** Misappropriation of advertising ideas or style of doing business; or

**d.** Infringement of copyright, title or slogan.

**2.** "Auto" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**4.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

**b.** International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or

**c.** All parts of the world if:

    **(1)** The injury or damage arises out of:

        **(a)** Goods or products made or sold by you in the territory described in **a.** above; or

Copyright, Insurance Services Office, Inc., 1994

CG 00 01 01 96     ☐

**(b)** The activities of a person whose home is in the territory described in **a.** above, but is away for a short time on your business; and

**(2)** The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in **a.** above or in a settlement we agree to.

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**6.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

**7.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or

**b.** Your fulfilling the terms of the contract or agreement.

**8.** "Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

**(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

**(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

**(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

**9.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**10.** "Loading or unloading" means the handling of property:

**a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

**b.** While it is in or on an aircraft, watercraft or "auto"; or

**c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

**11.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

**a.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**b.** Vehicles maintained for use solely on or next to premises you own or rent;

**c.** Vehicles that travel on crawler treads;

**d.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

**(1)** Power cranes, shovels, loaders, diggers or drills; or

**(2)** Road construction or resurfacing equipment such as graders, scrapers or rollers;

**e.** Vehicles not described in **a.**, **b.**, **c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

**(1)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

**(2)** Cherry pickers and similar devices used to raise or lower workers;

**f.** Vehicles not described in **a.**, **b.**, **c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

**(1)** Equipment designed primarily for:

**(a)** Snow removal;

**(b)** Road maintenance, but not construction or resurfacing; or

**(c)** Street cleaning;

**(2)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

**(3)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

**12.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**13.** "Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

**e.** Oral or written publication of material that violates a person's right of privacy.

**14.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.



   Copyright, Insurance Services Office, Inc., 1994   CG 00 01 01 96   □

**b.** Does not include "bodily injury" or "property damage" arising out of:

   **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

   **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

   **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**15.** "Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**16.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

   **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

**17.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**18.** "Your product" means:

   **a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      **(1)** You;

      **(2)** Others trading under your name; or

      **(3)** A person or organization whose business or assets you have acquired; and

   **b.** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   "Your product" includes:

   **a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

   **b.** The providing of or failure to provide warnings or instructions.

   "Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

**19.** "Your work" means:

   **a.** Work or operations performed by you or on your behalf; and

   **b.** Materials, parts or equipment furnished in connection with such work or operations.

   "Your work" includes:

   **a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

   **b.** The providing of or failure to provide warnings or instructions.

Policy Change
Number.........

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**IL 12 01 07 97**

POLICY CHANGES

| POLICY NO.<br><br>A4/7504/134 | POLICY CHANGES EFFECTIVE<br>1st October 2004 | COMPANY |
|---|---|---|
| **NAMED INSURED**<br>Rhodes Design & Development<br>(See Named Insured Endorsement) | **AUTHORIZED REPRESENTATIVES** | |
| **COVERAGE PARTS AFFECTED**<br><br>Commercial General Liability | | |

### NAMED INSURED ENDORSEMENT

**Rhodes Design & Development,** and all owners, Contractors and enrolled Subcontractors in the scheduled projects.

**Definitions:-**
**Contractor:** Any individual, partnership, firm or corporation which has entered into a contract for construction with Rhodes Design & Development to perform work at the project site and have been enrolled under this policy unless specifically excluded from the policy.

**Subcontractor:** Any individual, partnership, firm or corporation which has entered into a contract for construction with Rhodes Design & Development or any tier of subcontractor to perform work at the project site and have been enrolled under this policy unless specifically excluded from the policy.

**Rhodes Ranch General Partnership**
**Rhodes Ranch Golf Country Club, LLC.**
**Sagebrush Enterprises, Inc.**
**Rhodes Ranch, LLC.**
**Desert Communities, Inc.**
**Bravo, Inc. dba Rhodes Framing**
**Rhodes Realty, Inc.**
**Elkhorn Investments, Inc.**
**Elkhorn Partners, LP**
**Gung-Ho Concrete, LLC**
**Spirit Underground, LLC**
**C&J Holdings, Inc. dba Neighborhood Association Group**
**Tuscany Golf course, LLC**
**Palm Gardens Corporation**
**Palm Gardens Limited Partnership**
**Gypsum Resources, LLC**
**Sedora Holdings, LLC**
**Tick, LP**

Tock, LP
Glynda, LP
Chalkline, LP
Batcave, LP
Jackknife, LP
Wallboard, LP
Tape Measure, LP
Overflow, LP
James Michael Rhodes Irrevocable Children's Education Trust
Ryan R. Rhodes Investment Trust
Michael J. Rhodes Investment Trust
Badger Security, Inc. dba  Rhodes Engineering Services
Barcelona Investments, Inc.
Madrid Investments, Inc.
Madrid Properties, LP.
Tropicana Durango Ltd.
Tropicana Durango Investments Corporation
West Tropicana Properties, LP.
Westwood Partners, Ltd.
The Granada Hills Partnership, GP.
Rainbow Canyon, LLC.
Coronado Properties, Inc.
Durango Springs Properties, LP
Rhodes Ranch Limited Partnership
Southwestern Opportunities, Ltd.
Mustang Properties, Inc.
RR Properties, LP

Policy Change
Number..........

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.
**IL 12 01 07 97**
POLICY CHANGES

| POLICY NO.  A4/7504/134 | POLICY CHANGES EFFECTIVE  1ˢᵗ October 2004 | COMPANY |
|---|---|---|
| **NAMED INSURED**  Rhodes Design & Development Corp.  (See Named Insured Endorsement) | **AUTHORIZED REPRESENTATIVES** | |
| **COVERAGE PARTS AFFECTED**  Commercial General Liability | | |

### SELF-INSURED RETENTION ENDORSEMENT

The Self-Insured Retention amount **US$ 2,000,000 per occurrence, subject to an aggregate of US$ 6,000,000 and a trail Self-Insured Retention of US$ 250,000 per occurrence.**

In consideration of the premium charged, it is understood and agreed that the Named Insured will maintain the following the Self-Insured Retention.

**COVERAGE:**
The Self-Insured Retention will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury", "personal injury", "property damage" or "advertising liability" to which this insurance applies, subject to the following provisions:

1. The limit of liability as stated in the policy declarations shall apply in excess of the Self-Insured Retention as stated in this endorsement, and the Named Insured agrees to assume the Self-Insured Retention.

2. Our limit of liability as stated in the policy declarations shall apply in excess of the Self-Insured Retention as stated in this endorsement. Our obligation under this Policy applies only to the amount in excess of the Self-Insured Retention.

3. It is a requirement that there be a service agreement between the Named Insured's and the Third Party Administrator (herein referred to as the TPA), named below. The service agreement shall require that all "claims" or "suits" shall be administered by the TPA:-

    **Devonshire Group,1851 East First Street,**
    **Suite 1400, Santa Ana, CA 92705**
    **- Attention of Mr. C. M. Graham**
    **Tel:  714-285-1500   Fax:  714-285-9714**

The Named Insured's may not, without our consent, cancel, amend, or suspend the service agreement between the above named TPA and the Named Insured's.

Page 1 of 4



4. In the event of a claim or claims arising where the Insured's liability appears likely to exceed the Self-Insured Retention, no costs other than defense and investigation expenses shall be incurred by the Insured without our consent. If a claim is made or suit is brought against the Insured which appears likely to exceed the Self-Insured Retention, the Insured will immediately forward to us every notice, summons or other process received by the Insured or the representatives of the Insured.

5. We have the right in all cases, at our own expense, to assume charge of the defense and/or settlement of any claim where the Insured's liability is reasonably expected to exceed the Self-Insured Retention and, upon written request from us, you will tender such portion of the Self-Insured Retention as we may deem necessary to complete the settlement of such claim. In order to satisfy payment of the Self-Insured Retention, we have the right to draw on any Letter of Credit (LOC) that may have been required of the Insured by us.

6. Whenever the Insured has information from which it is reasonable to conclude that an occurrence involves injuries or damages likely to **exceed 20% of the Self-Insured Retention**, the Insured will give to us as soon as practicable, written notice containing full details of such occurrence. Furthermore, the following injuries will be reported immediately: Death, brain injury, paraplegia, quadriplegia, spinal injury, amputation, massive burns, massive internal injuries affecting body organs, blindness or total disability. Failure to notify us of any occurrence which, at the time of its happening, did not appear likely to exceed 20% of the Self-Insured Retention but which, at a later date, would appear to give rise to claims likely to exceed 20% of the Self-Insured Retention hereunder, shall not prejudice such claims if we are notified as soon as the Insured reasonably concludes the injuries or damages are likely to exceed 20% of the Self-Insured Retention.

In the event of an occurrence, the Insured will promptly take, at the expense of the Insured, all reasonable steps to prevent additional injuries or damages arising out of the same or similar conditions at the same location.

7. The Insured agrees to provide defense costs until the Self-Insured Retention amount, limit of liability, or aggregate limit is paid. Defense costs will erode the Self-Insured Retention amount.

8. With respect to liability to which this insurance applies, the Insured agrees to cooperate with us and, upon request, assist in making settlement in the conduct of suits and in enforcing any right of contribution or indemnity against any persons or organization who may be liable to the Insured and shall attend all hearings and trials and assist in securing and giving evidence and obtaining witnesses.

9. In consideration of the premium charged, and notwithstanding any of the terms of this policy that might be construed otherwise, this insurance shall not take the place of any Self-Insured Retention which is or becomes invalid, uncollectible or otherwise unavailable due to the insolvency of any Insured. The risk of such insolvency is retained by the Named Insured and not by us. These provisions apply both to our obligation to indemnify or to pay on behalf of the Insured and our obligation to defend.



10. In consideration of the premium charged, and notwithstanding any of the terms of this policy that may be construed otherwise, payment of the Self-Insured Retention amount is solely the responsibility of the Named Insured and may not be delegated to any other person or entity whether or not an insured under this policy.

11. On a **quarterly basis beginning 1st October 2004, The Devonshire Group, on your behalf,** must provide a written summary of all occurrences, claims or suits which have or may result in payments within the Self-Insured Retention to **Lloyd's Underwriters.**
    This written summary must show:

    a. The date of the occurrence, and
    b. The name(s) of the injured person(s) or indemnification of the damaged property, and
    c. The description of the injury or damage, and
    d. The amount paid or set aside as a reserve, including settlement expenses, resulting from the occurrence, claim or suit.

12. The Self-Insured Retention amounts stated in this endorsement apply as follows:-

    a. **PER OCCURRENCE BASIS** – If the Self-Insured Retention is on a "per occurrence" basis, the Self-Insured Retention amount applies under Coverage A and Coverage B to all damages because of "bodily injury", "property damage", "personal injury" and "advertising liability" as a result of any one "occurrence" regardless of the number of persons or organizations who sustain damages because of that "occurrence".

    b. **PER CLAIM BASIS** - If the Self-Insured Retention is on a "per claim" basis, the Self-Insured Retention amount applies under Coverage A and Coverage B to all damages because of "bodily injury", "property damage", "personal injury" and "advertising liability" and sustained by any one person or organization as the result of any one "occurrence".

    c. **PER CLAIMANT BASIS** - If the Self-Insured Retention is on a "per claimant" basis, the Self-Insured Retention amount applies as follows:

        i. Under the Bodily Injury Liability Coverage, to all damages sustained by any one "person" because of "bodily injury";

        ii. Under Property Damage Liability Coverage, to all damages sustained by any one "person" because of "property damage", or;

        iii. Under the Bodily Injury Liability and/or Property Damage Liability Coverage combined, to all damages sustained by any one "person" because of:
            (a) "bodily injury", or
            (b) "property damage" or
            (c) "bodily injury" and "property damage" combined
        as the result of any one "occurrence".

    For the purposes of this clause 12.c. the following apply:

    Page 3 of 4



Where the claim is a class action or similar:
  i.   each member of the class participating in the action is considered a "person".

Where the claim is brought partly or wholly by an association:
  i.   each individual (other than the owners of the dwelling units) represented by the association in the claim is considered a "person".
  ii.  each owner of a dwelling unit represented by the association in the claim is considered a "person".
  iii. any claim arising out of a common area or other jointly owned area not occupied as a residential dwelling unit shall be considered brought by a "person";

Where the claim is brought by any other entity:
  i.   each member of the entity is considered a "person";
  ii.  each individual potentially benefiting from the proceeds of the claim is considered a "person".

All other terms, conditions and warranties remain unchanged.