James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File: July 24, 2009

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br>    Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
|---|---|
| Affects:<br>☒    All Debtors<br>☐    Affects the following Debtor(s) | Hearing Date:  August 28, 2009<br>Hearing Time:  1:30 p.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:205455.2

## DECLARATION OF THOMAS ROBINSON IN SUPPORT OF "DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY FILED BY HARSCH INVESTMENT PROPERTIES – NEVADA LLC [Relates to Docket No. 302]"

I, Thomas Robinson, declare as follows:

1. I am the Director of Legal Services of the above-captioned debtor and debtor in possession (the "Debtor") and the other thirty-one affiliated debtors and debtors in possession (collectively, the "Debtors") that are jointly administered under Case No.: BK-S-09-14814-LBR. The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Debtor's Opposition To Motion For Relief From Stay Filed By Harsch Investment Properties – Nevada LLC [Relates to Docket No. 3025]* filed by the Debtor concurrently herewith.

3. On March 31, 2009, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and is operating and managing its businesses, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On March 31, 2009 and April 1, 2009, the remaining Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtor has an insurance policy with Lloyd's of London (the "Insurer"), policy number A4/7504/134 (the "Insurance Policy"), for the time period October 1, 2004 through October 1, 2007, which is the relevant time period regarding the subject state court action.

6. An endorsement (the "Endorsement") to the Insurance Policy, bearing number IL 12 01 07 97, provides that the Insurance Policy is a Self-Insured Retention ("SIR") policy. The SIR amount is $2,000,000 per occurrence, subject to an aggregate of $6,000,000.

Paragraph 2 of the Endorsement provides that the Insurer is responsible only for amounts in excess of the SIR amounts.

7. The Insurance Policy provides for a trail SIR of $250,000 per occurrence. The trail means that once the aggregate $6,000,000 amount is exhausted, then for any new occurrence thereafter there is an SIR of $250,000 per occurrence.

8. There have been no claims thus far against the Insurance Policy.

9. While Paragraph 5 of the Endorsement mentions that there was a possibility that the Insurer may have required the Debtor to obtain a letter of credit with respect to the SIR, in actuality the Insurer never required the Debtor to obtain such a letter of credit. The Debtor never obtained a letter of credit to pay any portion of the SIR amount.

10. Lifting the stay will significantly and irreparably prejudice the Debtors and their estates. Under Paragraph 7 of the Endorsement, the Debtors must provide all defense costs until the Self-Insured retention amount is paid; such amounts are not reimbursable by the Insurer. Thus, if the stay were lifted, the Debtors would be responsible for all defense costs, which would be out-of-pocket costs.

11. As the Insurance Policy covers other Debtors, the treatment of claims under the Insurance Policy affects the other Debtors. The Debtors are still formulating their plan of reorganization and have not yet determined how claims against SIR insurance policies will be treated under the plan. Indeed, the bar date has not yet passed and, as a result, the Debtors cannot yet know the extent of such SIR insurance claims. The Debtors require the proper time to determine the best and fairest SIR insurance strategy for the benefit of all creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 24th day of July, 2009, at Las Vegas, Nevada.

_____
Thomas Robinson