James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File: July 28, 2009

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] | Chapter 11 |
| Debtors. | |
| Affects: | Hearing Date: August 28, 2009 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

☐ All Debtors  
☒ Affects the following Debtor(s)

RHODES RANCH GOLF COUNTRY CLUB

Hearing Time: 1:30 p.m.  
Courtroom 1

# DEBTOR'S OBJECTION TO THE CIT GROUP/COMMERCIAL SERVICES INC.'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 (NON-DEBTOR CLAIM)

Rhodes Ranch Golf Country Club, LLC and its affiliated debtors (collectively, the "Debtors"), by their undersigned counsel, hereby object (the "Objection") to the claim of The CIT Group/Commercial Services Inc. (the "Non-Debtor Claim") attached hereto as **Exhibit A**, because the claim is a non-Debtor claim erroneously filed against the Debtors. Pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors request the entry of an order (the "Order") disallowing and expunging in full the Disputed Claim as indicated in further detail below.[2] In support of this Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Objection to The CIT Group/Commercial Services Inc.'s Claim Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and* 3007 *[Non-Debtor Claim]*, attached hereto as **Exhibit B**. In further support of this Objection, the Debtors respectfully represent as follows:

## BACKGROUND

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. (All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.) The Debtors are continuing in possession of their property and are operating and managing their

---

[2] The Debtors reserve the right to file additional omnibus objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

**LARSON & STEPHENS**  
810 S. Casino Center Blvd., Suite 104  
Las Vegas, Nevada 89101  
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-023\DOCS_LA:205450.1        2

businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

2.     By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Non-Debtor Claim as indicated in further detail below.

## OBJECTION

3.     The Non-Debtor claim relates to expenses of the Rhodes Ranch golf course, which was sold by the Debtors to Rhodes Ranch Golf, Inc., a non-Debtor affiliate of the Debtors, in December 2008, as required under their credit agreement.  The Debtors have not operated the Rhodes Ranch golf course since December 2008; therefore, the Non-Debtor Claim is not a valid claim against the Debtors, but rather is a claim against a non-debtor affiliate of the Debtors upon information and belief.  The Debtor sent the claimant a letter requesting that the claimant withdraw its claim to avoid an objection being filed.  See **Exhibit C.**  As of the date and filing of this Objection, no response has been received.

4.     Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).  The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

> sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

5.     Based on the Debtors' review of their books and records and the proof of claim filed by the claimant, the claimant has no valid legal justification for asserting the filed claim against the Debtors. As a result, the Debtors submit that this claim should be expunged by the Court.

## CONCLUSION

6.     The Debtors object to the allowance of the Non-Debtor Claim as set forth herein for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing and expunging the Non-Debtor Claim.

## NOTICE

7.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this objection has been provided to (i) the United States Trustee for the District of Nevada, (ii) counsel to the Creditors' Committee, (iii) the creditor for which the Debtors are objecting to the claim in this Objection in accordance with the address provided in the proof of claim for the Non-Debtor Claim, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

entered in these cases. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

8. Pursuant to Bankruptcy Rule 3007, the Debtors have provided the claimant affected by this Objection with at least thirty (30) days' notice of the hearing on the Objection.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit D**, disallowing and expunging the Non-Debtor Claim, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 28th day of July, 2009.

**LARSON & STEPHENS**

  /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-023\DOCS_LA:205450.1                5

# EXHIBIT A



**Blumberg's Law Products** T 1031—Proof of claim in bankruptcy, OF B10, with instruction, 10-05 BlumbergExcelsior, Inc., Publisher, NYC 10013 www.blumberg.com

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF __Nevada__ | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor: Rhodes Ranch Golf and Country Club, aka: Rhodes Ranch Golf Club, Rhodes Ranch Country Club | Case Number BK-S-09-14854-LBR | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

The CIT Group/Commercial Services Inc.

Name and address where notices should be sent:

11 West 42nd Street
New York, NY 10036

Telephone number: 212-461-5429

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
1020073

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☒ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #: ___ ___ ___
Unpaid compensation for services performed
from _____ to _____
    (date)           (date)

**2. Date debt was incurred:** 4/16/09 - 4/20/09

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 1,568.75

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____

Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

THIS SPACE IS FOR COURT USE ONLY

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 4/21/09 | /s/ Christine Dery, Asst. Vice President |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



**THE CIT GROUP**

The CIT Group/Commercial Services

**STATEMENT**

| Customer's Name: RHODES RANCH GOLF AND COUNTRY CLUB, A/K/A: RHODES RANCH GOLF CLUB, RHODES RANCH COUNTRY CLUB |
|---|
| Address |
| 20 RHODES RANCH PARKWAY |
| LAS VEGAS, NV 89148 |
| Customer's Acct. No. 1020073 |

Date: 4/21/2009

| Item Type | Item or Invoice Number | Item or Invoice Date | Client No. | Client's Name | Amount | |
|---|---|---|---|---|---|---|
| 10 | 211109 | 04/16/09 | 779B | PIMA DIRECT LLC | 551 | 21 |
| 10 | 211132 | 04/20/09 | " | " | 1017 | 54 |
| | | | | TOTAL | 1568 | 75 |

1

# EXHIBIT B

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>             Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☐    All Debtors | Hearing Date:  August 28, 2009<br>Hearing Time:  1:30 p.m. |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-023\DOCS_LA:205453.1

| ☒ Affects the following Debtor(s) Rhodes Ranch Golf Country Club, LLC 09-14854-LBR | Courtroom 1 |
|---|---|

### DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' OBJECTION TO THE CIT GROUP/COMMERCIAL SERVICES INC.'S CLAIM [NON-DEBTOR CLAIM]

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects of the above-captioned Debtors and Debtors in possession. The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Debtors' Objection to the CIT Group/Commercial Services Inc.'s Claim Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 [Non-Debtor Claim]* (the "Objection").

3. I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Objection, and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

4. The claim and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors. These efforts have resulted in the identification of the disputed "Non-Debtor Claim", identified in Exhibit "A" to the Objection. I have personally reviewed the Non-Debtor Claim.

5. The Non-Debtor claim relates to expenses of the Rhodes Ranch golf course, which was sold by the Debtors to Rhodes Ranch Golf, Inc. in December 2008. Rhodes Ranch Golf, Inc. is a non-Debtor affiliate of the Debtors. The Debtors have not operated the Rhodes Ranch golf course since December 2008.

6. To the best of my knowledge, information and belief, the claim attached as Exhibit "A" is not a valid claim against the Debtors, but is a claim against non-debtor affiliates

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-023\DOCS_LA:205453.1

2

of the Debtors. The claimant has no valid legal justification for asserting the filed claim against the given Debtor. As a result, I believe that this claim should be disallowed and expunged by the Court.

7. I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 24th day of July, 2009, at Las Vegas, Nevada.

_____
Paul D. Huygens

# EXHIBIT C



# PACHULSKI STANG ZIEHL JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

Michael Matteo

July 8, 2009

mmatteo@pszjlaw.com
310.277.6910

**VIA U.S. FIRST CLASS MAIL**

Christine Dery
The CIT Group/Commercial
Services Inc.
11 West 42nd Street
New York, NY 10036

  **Re:**  **The Rhodes Companies, LLC, et al.**
     **USBC Case No. 09-14814 LBR**

Dear Christine:

  This firm represents Rhodes Ranch Golf Country Club (the "Debtor") in its Chapter 11 bankruptcy filed in the United States Bankruptcy Court for the District of Nevada (Case No. 09-14854 LBR). You filed a proof of claim on behalf of The CIT Group/Commercial Services Inc. designated as proof of claim number 1 in the amount of $1,568.75 in the Debtor's bankruptcy case.

  Based on the invoice attached to your company's proof of claim, the claim relates to services or goods provided to the Rhodes Ranch golf course, which is no longer owned by the Debtor. In December 2008, the Debtor sold the golf course to a non-Debtor affiliate called Rhodes Ranch Golf, Inc. Rhodes Ranch Golf, Inc. is not a Debtor in these proceedings and is not in bankruptcy. The Debtor has not operated the Rhodes Ranch golf course since December 2008. Furthermore, it is our understanding that your claim has been or will be paid by Rhodes Ranch Golf, Inc.

73203-023\DOCS_LA:204701.1



LAW OFFICES

July 8, 2009
Page 2

    Therefore, please withdraw your claim by signing and returning the enclosed Notice of Withdrawal of Claim form by July 20, 2009 so that we may avoid having to object to your claim in the Bankruptcy Court. Thank you.

Very truly yours,

Michael A. Matteo, Paralegal

Enclosure

# EXHIBIT D

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
David A. Abadir, Esq. (NY Bar No. DA-0741)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

-and-

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382-1170
Facsimile:  702/382-1169

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>    Debtors.<br><br>Affects:<br><br>☐  All Debtors<br>☒  Affects the following Debtor(s)<br><br>Rhodes Ranch Golf Country Club, LLC<br>09-14854-LBR | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
|---|---|

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**ORDER SUSTAINING DEBTOR'S OBJECTION TO THE CIT GROUP/COMMERCIAL SERVICES INC.'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 [NON-DEBTOR CLAIM] [RE DOCKET NO. ___]**

Upon consideration of *Debtor's Objection to The CIT Group/Commercial Inc.'s Claim Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 [Non-Debtor Claim]* (the "Objection"),[2] filed by The Rhodes Companies, LLC ("Rhodes") and its affiliated debtors (collectively, the "Debtors"), requesting that the Court enter an order disallowing and expunging in full the Non-Debtor Claim; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the claim attached as Exhibit "A" and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection establishes just cause for the relief requested therein; therefore IT IS HEREBY ORDERED THAT:

1. Claim number 1 of The CIT Group/Commercial Inc. filed in the Rhodes Ranch Golf Country Club case in the amount of $1,568.75 is hereby disallowed, and

2. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

1  APPROVED AS TO FORM AND CONTENT:

2  DATED this _____ day of July 2009.

3
   By:  _____
4  UNITED STATES TRUSTEE
   August B. Landis
5  Office of the United States Trustee
   300 Las Vegas Blvd. S., Ste. 4300
6  Las Vegas, NV  89101

7
   Submitted by:
8  DATED this __ day of July 2009.

9  By: /s/ Zachariah Larson
   LARSON & STEPHENS
10 Zachariah Larson, Esq. (NV Bar No 7787)
   Kyle O. Stephens, Esq. (NV Bar No. 7928)
11 810 S. Casino Center Blvd., Ste. 104
   Las Vegas, NV  89101
12 (702) 382-1170 (Telephone)
   (702) 382-1169
13 zlarson@lslawnv.com
   *Attorneys for Debtors*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA