1  James I. Stang, Esq. (CA Bar No. 94435)                     E-File:  July 28, 2009
   Shirley S. Cho, Esq. (CA Bar No. 192616)
2  Werner Disse, Esq. (CA Bar No. 143458)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 11th Floor
4  Los Angeles, California 90067-4100
   Telephone: 310/277-6910
5  Facsimile:  310/201-0760
   Email:  jstang@pszjlaw.com
6          scho@pszjlaw.com
           wdisse@pszjlaw.com
7

8  Zachariah Larson, Esq. (NV Bar No. 7787)
   LARSON & STEPHENS
9  810 S. Casino Center Blvd., Ste. 104
   Las Vegas, NV  89101
10 Telephone:  702/382.1170
   Facsimile:  702/382.1169
11 Email: zlarson@lslawnv.com

12
   Attorneys for Debtors and
13 Debtors in Possession

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

14                  **UNITED STATES BANKRUPTCY COURT**

15                         **DISTRICT OF NEVADA**

| | |
|---|---|
| 16 In re: | Case No.: BK-S-09-14814-LBR |
| 17 | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka | |
| 18 "Rhodes Homes," et al.,[1] | Chapter 11 |
| 19          Debtors. | |
| 20 Affects: | Hearing Date:  August 28, 2009 |
| ☐     All Debtors | Hearing Time:  1:30 p.m. |

21

22

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-021\DOCS_LA:205466.1

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

1

2

⊠    Affects the following Debtor(s)    Courtroom 1

RHODES DESIGN AND DEVELOPMENT

3

4

5

## DEBTOR'S OBJECTION TO MARK JERUE'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 (NON-DEBTOR CLAIM)

6

7

8

9

10

11

12

13

14

15

16

Rhodes Ranch Design and Development Corporation and its affiliated debtors (collectively, the "Debtors"), by their undersigned counsel, hereby object (the "Objection") to the claim of Mark Jerue (the "Non-Debtor Claim") attached hereto as **Exhibit A**, because the claim is a non-Debtor claim erroneously filed against the Debtors.  Pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors request the entry of an order (the "Order") disallowing and expunging in full the Disputed Claim as indicated in further detail below.[2]  In support of this Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Objection to Mark Jerue's Claim Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and* 3007 [Non-Debtor Claim], attached hereto as **Exhibit B**.  In further support of this Objection, the Debtors respectfully represent as follows:

17

### BACKGROUND

18

19

20

21

22

23

24

25

26

1.    On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code.  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  (All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.) The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

27

28

[2]  The Debtors reserve the right to file additional omnibus objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

73203-021\DOCS_LA:205466.1                    2

**RELIEF REQUESTED**

2.     By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Non-Debtor Claim as indicated in further detail below.

**OBJECTION**

3.     The Non-Debtor Claim is not a valid claim against the Debtors based on the Debtor's books and records.  No documentation was attached to the claim, but based on the face of the claim, the Debtors believe that the claim is against a non-debtor affiliate of the Debtors. The Debtor sent the claimant a letter requesting that the claimant withdraw its claim to avoid an objection being filed.  See **Exhibit C.**  As of the date and filing of this Objection, no response has been received.

4.     Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.  *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).  The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added).  Following this decision, the District Court for the Northern District of

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1  California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal

2  liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003)

3  (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of

4  claim failed to allege sufficient facts to support a legal liability and consequently disallowed the

5  proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the

6  proof of claim did not allege sufficient facts to support the claim, the proof of claim was

7  disallowed).

8       5.     Based on the Debtors' review of their books and records and the proof of claim

9  filed by the claimant, the claimant has no valid legal justification for asserting the filed claim

10  against the Debtors.  As a result, the Debtors submit that this claim should be expunged by the

11  Court.

12                            **CONCLUSION**

13       6.     The Debtors object to the allowance of the Non-Debtor Claim as set forth herein

14  for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing

15  and expunging the Non-Debtor Claim.

16                            **NOTICE**

17       7.     No trustee or examiner has been appointed in these chapter 11 cases.  Notice of

18  this objection has been provided to (i) the United States Trustee for the District of Nevada, (ii)

19  counsel to the Creditors' Committee, (iii) the creditor for which the Debtors are objecting to the

20  claim in this Objection in accordance with the address provided in the proof of claim for the

21  Non-Debtor Claim, (iv) each person or entity that has filed a notice of appearance and request for

22  special notice, and (v) other required parties pursuant to the Court's case management order

23  entered in these cases.  The Debtors submit that in light of the nature of the relief requested

24  herein, no other or further notice is required.

25       8.     Pursuant to Bankruptcy Rule 3007, the Debtors have provided the claimant

26  affected by this Objection with at least thirty (30) days' notice of the hearing on the Objection.

27

28

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit D**, disallowing and expunging the Non-Debtor Claim, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 28th day of July, 2009.

**LARSON & STEPHENS**

 /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-021\DOCS_LA:205466.1

5

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT     DISTRICT OF NEVADA | PROOF OF CLAIM

| Name of Debtor: **Rhodes Design and Development Corporation** | Case Number: **09-14846** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

Mark Jerue
10 Rue Cezanne
Coto de Caza, CA. 92679

TEL: (949) 766 - 9090     874 1549

☐ Check box to indicate that this claim amends a previously filed claim.

Court Claim Number: ☐☐☐☐
*(If known)*

Name and address where payment should be sent (if different from above):
Name:
Address 1:
Address 2:
Address 3:
Address 4:
Address 5:

TEL: (☐☐☐)☐☐☐-☐☐☐☐

Filed On: ☐☐/☐☐/☐☐

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be sent to: **The Rhodes Companies, LLC, c\o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 477, Encino, CA 91436-2522.**

**1. Amount of Claim as of Date Case Filed:**     $ 1,000,000 . 00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim**     Spanish Hills/ Rhodes Ranch
LIMITED PARTNERSHIP
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor:**
9 9 5 6

**3a. Debtor may have scheduled account as:**
(See instruction #3a on reverse side.)

**4. Secured Claim.**     (See instruction #4 on reverse side.)
☐ Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:     ☐ Real Estate     ☐ Motor Vehicle     ☐ Other
Describe:
Value of Property:     $          .          Annual Interest Rate:          %
Amount of **arrearage** and other charges as of time case filed included in secured claim, if any:     $          .          Basis for perfection:

| Amount Secured | Amount Unsecured |
| $          . | $          . |

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankrupcty petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (          ).

Amount entitled to priority:
$          .

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

THIS SPACE IS FOR COURT USE ONLY

Date 05/14/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Signature *Mark Jerue*

Printed Name: MARK JERUE     Title: PRESIDENT

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

POC0857     0001

**Lee & Associates®**

COMMERCIAL REAL ESTATE SERVICES

Lee & Associates® - Irvine, Inc.
A Member of the Lee & Associates® Group of Companies

7700 Irvine Center Drive, Suite 600
Irvine, CA 92618

RECEIVED
MAY 1 8 2009
BY:

HASLER
U17H15545287
$0.42
05/14/2009
Mailed From 92618
US POSTAGE

91435-32522 0020

The Rhodes Companies, LLC
C/o Omni Management Group, LLC
16161 Ventura Boulevard, Ste.C
Encino, CA 91436

# EXHIBIT B

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
          scho@pszjlaw.com
          wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>　　　　　　　Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☐　　All Debtors<br>☒　　Affects the following Debtor(s) | Hearing Date:  August 28, 2009<br>Hearing Time:  1:30 p.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

**Rhodes Design and Development
Corporation 09-14846-LBR**

3

## DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' OBJECTION TO MARK JERUE'S CLAIM [NON-DEBTOR CLAIM]

4

I, Paul D. Huygens, declare as follows:

5

6

7

1.      I am the Senior Vice President of Special Projects of the above-captioned Debtors and Debtors in possession.  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

8

9

10

2.      This declaration is submitted in support of the *Debtors' Objection to Mark Jerue's Claim Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 [Non-Debtor Claim]* (the "Objection").

11

12

13

14

3.      I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I have read the Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

15

16

17

18

19

4.      The claim and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors.  These efforts have resulted in the identification of the disputed "Non-Debtor Claim", identified in Exhibit "A" to the Objection.  I have personally reviewed the Non-Debtor Claim.

20

21

22

23

24

25

5.      To the best of my knowledge, information and belief, the claim attached as Exhibit "A" is not a valid claim against the Debtors.  The claimant has no valid legal justification for asserting the filed claim against the given Debtor based on the Debtor's book and records.  No documentation was attached to the claim, but based on the face of the claim, the Debtors believe that the claim is against a non-debtor affiliate of the Debtors.  As a result, I believe that this claim should be disallowed and expunged by the Court.

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

73203-021\DOCS_LA:205469.1

2

6.    I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 27th day of July, 2009, at Las Vegas, Nevada.

_____
Paul D. Huygens

# EXHIBIT

# C



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

Michael Matteo

July 8, 2009

mmatteo@pszjlaw.com
310.277.6910

**VIA U.S. FIRST CLASS MAIL**

Mark Jerue
10 Rue Cezanne
Coto De Caza, CA  92679

      **Re:**    **The Rhodes Companies, LLC, et al.**
             **USBC Case No. 09-14814 LBR**

Dear Mark:

     This firm represents Rhodes Design and Development Corporation (the "Debtor") in its Chapter 11 bankruptcy filed in the United States Bankruptcy Court for the District of Nevada (Case No. 09-14846 LBR). You filed a proof of claim on your behalf, designated as proof of claim number 42 in the amount of $1,000,000.00 in the Debtor's bankruptcy case.

     The aforementioned proof of claim is against Tropicana Durango LTD Partnership, which is not a Debtor in these proceedings. Please withdraw your claim by signing and returning the enclosed Notice of Withdrawal of Claim form by July 20, 2009 so that we may avoid having to object to your claim in the Bankruptcy Court. Thank you.

               Very truly yours,

               Michael A. Matteo, Paralegal

Enclosure

73203-021\DOCS_LA:204723.1

# EXHIBIT D

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
David A. Abadir, Esq. (NY Bar No. DA-0741)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

-and-

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382-1170
Facsimile:  702/382-1169

Attorneys for Debtors and Debtors in Possession

**PACHULSKI STANG ZIEHL & JONES LLP**
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No.: 09-14814-LBR (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] | Chapter 11 |
| Debtors. | |

Affects:

☐   All Debtors
☒   Affects the following Debtor(s)

RHODES DESIGN AND DEVELOPMENT

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825);

73203-021\DOCS_LA:205467.1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### ORDER SUSTAINING DEBTOR'S OBJECTION TO MARK JERUE'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 [NON-DEBTOR CLAIM] [RE DOCKET NO. ___]

Upon consideration of *Debtor's Objection to Mark Jerue's Claim Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007[Non-Debtor Claim]* (the "Objection"),[2] filed by The Rhodes Companies, LLC ("Rhodes") and its affiliated debtors (collectively, the "Debtors"), requesting that the Court enter an order disallowing and expunging in full the Disputed Claim; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the claim attached as Exhibit "A" and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection establishes just cause for the relief requested therein; therefore IT IS HEREBY ORDERED THAT:

1.    Claim No. 42 of Mark Jerue filed in the amount of $1,000,000 against Rhodes Design and Development Corporation attached hereto is hereby disallowed; and

2.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order

---

Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case Gwo. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Omnibus Objection.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2    APPROVED AS TO FORM AND CONTENT:

3    DATED this ____ day of July 2009.

4    By: _____
     UNITED STATES TRUSTEE
5    August B. Landis
     Office of the United States Trustee
6    300 Las Vegas Blvd. S., Ste. 4300
     Las Vegas, NV  89101
7

8    Submitted by:
     DATED this __ day of July 2009.
9

10   By: /s/ Zachariah Larson
     LARSON & STEPHENS
11   Zachariah Larson, Esq. (NV Bar No 7787)
     Kyle O. Stephens, Esq. (NV Bar No. 7928)
12   810 S. Casino Center Blvd., Ste. 104
     Las Vegas, NV  89101
13   (702) 382-1170 (Telephone)
     (702) 382-1169
14   zlarson@lslawnv.com
     *Attorneys for Debtors*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

73203-021\DOCS_LA:205467.1                 3