ROGER J. GRANT, ESQ., NVB: 004103
CHARLES M. LITT, ESQ., NVB: 006040
DANIEL CLIFFORD, ESQ., NVB: 007656
FEINBERG GRANT MAYFIELD
KANEDA & LITT, LLP
1955 Village Center Circle
Las Vegas, Nevada 89134
(702) 947-4900 / (702) 947-4901 FAX

Attorneys for Movant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re | CASE NO.: BK-S-09-14846 LBR |
| --- | --- |
| RHODES DESIGN AND DEVELOPMENT CORPORATION, a Nevada corporation; | CHAPTER: 11<br>JUDGE LINDA B. RIEGLE |
| Debtor. | |
| THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC., a Nevada non-profit corporation;<br>Movant,<br>v. | NOTICE OF HEARING ON:<br>MOTION FOR RELIEF FROM AUTOMATIC STAY FOR PURPOSES OF ESTABLISHING LIABILITY AGAINST DEBTOR AS A NOMINAL DEFENDANT [11 U.S.C. § 362] |
| RHODES DESIGN AND DEVELOPMENT CORPORATION, a Nevada corporation;<br>Respondent. | Hearing Date:   8/26/09<br>Hearing Time:   1:30 p.m. |

NOTICE IS HEREBY GIVEN that a Motion for Relief from Automatic Stay was filed on July 23, 2009 by The Preserve at Elkhorn Springs Homeowners Association, Inc. A true and correct copy of the Motion is attached hereto as Exhibit "1". The Motion seeks the following relief from automatic stay for purposes of establishing liability against debtor as a nominal defendant [11 U.S.C. § 362]. Any opposition must be filed pursuant to Local Rule 9014(d)(1).

NOTICE IS FURTHER GIVEN that if you do not want the court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then you must file an opposition with the court, and serve a copy on the person making the Motion *no later than 15 days* after the date of this Notice. If the hearing date has been set on less than 15 days' notice, then the opposition must be filed and served *no later than 5 business days* before the hearing. The opposition must state your position, set forth all relevant facts and legal authority, and be supported by affidavits or declarations that conform to Local Rule 9014( c).

> If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.
>
> If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:
> - The court may *refuse to allow you to speak* at the scheduled hearing; and
> - The court may *rule against you* without formally calling the matter at the hearing.

NOTICE IS FURTHER GIVEN that the hearing on the said Motion will be held before a United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Third Floor, Bankruptcy Courtroom No.#3-220, 3rd Floor, Las Vegas, Nevada 89101 on **August 26, 2009** at the hour of 1:30 p.m.

DATED: July 28, 2009                    *s:/Daniel H. Clifford, Esq.*
                                        Attorneys for Movant

**CERTIFICATE OF E-SERVICE**

The below hereby certifies that on the <u>28th</u> day of July, 2009, she submitted **NOTICE OF HEARING ON: MOTION FOR RELIEF FROM AUTOMATIC STAY FOR PURPOSES OF ESTABLISHING LIABILITY AGAINST DEBTOR AS A NOMINAL DEFENDANT [11 U.S.C. § 362]** to the court for electronic filing and for service upon parties on the Court's service list for the above-referenced case.

<u>s:/ Robin Black</u><br>
An employee of the law firm of FEINBERG<br>
GRANT MAYFIELD KANEDA & LITT, LLP

- 3 -

# EXHIBIT 1

1  ROGER J. GRANT, ESQ., NVB: 004103
   CHARLES M. LITT, ESQ., NVB:006040
2  DANIEL CLIFFORD, ESQ., NVB: 007656
   FEINBERG GRANT MAYFIELD KANEDA & LITT, LLP
3  1955 Village Center Circle
   Las Vegas, Nevada 89134
4  (702) 947-4900 / (702) 947-4901 FAX

5  Attorneys for Movant

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>RHODES DESIGN AND DEVELOPMENT CORPORATION, a Nevada corporation;<br><br>Debtor. | CASE NO.: BK-S-09-14846 LBR<br><br>JUDGE LINDA B. RIEGLE<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY FOR PURPOSES OF ESTABLISHING LIABILITY AGAINST DEBTOR AS A NOMINAL DEFENDANT [11 U.S.C. § 362]** |
| THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC., a Nevada non-profit corporation;<br><br>Movant,<br><br>v.<br><br>RHODES DESIGN AND DEVELOPMENT CORPORATION, a Nevada Corporation;<br><br>Respondent. | DATE:<br>TIME: |

Movant THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC., pursuant to 11 U.S.C. Section 362, requests an Order setting aside and lifting all automatic stays and setting aside all other injunctive relief to permit Movant THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION,

INC. to proceed with its filing of a quiet title action in the Eighth Judicial District Court, County of Clark, State of Nevada. There is no monetary claim. Debtor and the other creditors of the estate will suffer no detriment by reason of Movant's proceeding in the Nevada District Court case. This motion is supported by the attached Memorandum of Points and Authorities.

DATED this 23rd day of July, 2009.

FEINBERG GRANT MAYFIELD
KANEDA & LITT, LLP

By: _____
ROGER J. GRANT, ESQ., NVB: 004103
CHARLES M. LITT, ESQ., NVB: 006040
DANIEL CLIFFORD, ESQ., NVB: 007656
1955 Village Center Circle
Las Vegas, Nevada 89134

Attorneys for Movant

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF CASE**

Moving party, THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC. (hereinafter "Association"), is a non-profit corporation organized and existing under and by virtue of the laws of the State of Nevada in order to protect and enhance the common areas of The Preserve at Elkhorn Springs Homeowners Association, Inc. which is located between Buffalo and Tenaya, in Las Vegas, Nevada (hereinafter "Subject Property"), which Subject Property was planned, designed, developed, constructed and sold by debtor RHODES DESIGN AND DEVELOPMENT CORPORATION (hereinafter "Rhodes").

On March 31, 2009, Rhodes filed for relief in this Court under Chapter 11 of the Bankruptcy Code. Association, through this motion, seeks relief from the provisions of the automatic stay of 11 U.S.C.A. § 362 to quiet title in the common elements to its members as tenants in common.

...

## SUMMARY OF ARGUMENT

Association, as a creditor, is entitled to relief from the automatic stay to proceed with an action against debtor to obtain a declaration of the debtor's liability that could serve as a predicate for Association's recovery under debtor's insurance policies for losses which resulted from debtor's acts or omissions in the planning, design, development, and construction of the Subject Property. Under Nevada law, Association has standing to sue on behalf of its members.

Allowing Association to proceed against debtor as a nominal defendant will not impair debtor's estate and continuing the application of the automatic stay to an action by Association will cause great prejudice by forcing Association and its members, in effect, to write off the cost of repair of the construction defects that have resulted because of debtor's acts or omissions in the planning, design, development, and construction of the Subject Property. Well established law support's Association's motion.

## ARGUMENT

**I. THE COURT SHOULD GRANT THIS MOTION FOR RELIEF UNDER THE AUTOMATIC STAY BECAUSE ASSOCIATION'S ACTION IN STATE COURT AND UNDER STATE LAW WILL NOT DIMINISH DEBTOR'S ESTATE AND BECAUSE FAILURE TO GRANT THE REQUESTED RELIEF WILL VISIT GREAT PREJUDICE TO ASSOCIATION AND ITS MEMBERS.**

Section 362(a) of the Bankruptcy Code bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administration, or other proceedings against a debtor that was or could have been commenced before the commencement of the case under this title." However, although section 362(a) provides a nearly comprehensive stay of proceedings against the debtor, section 362(d) requires the bankruptcy judge "to grant relief from the stay . . . for cause." The term "cause" as used in section 362(d) "has no clear definition and is determined on a case-by-case basis." *In re Tucson Estates*, 912 F.2d, 1162, 1166 (9th Cir.1990).

Courts have adopted a three factor test for determining whether "cause" exists by asking whether:

...

FEINBERG GRANT MAYFIELD
KANEDA & LITT, LLP
1955 Village Center Circle
Las Vegas, Nevada 89134
(702) 947-4900

"a. Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,

b. The hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

c. The creditor has a probability of prevailing on the merits."

*In re Fernstorm Storage and Van Company*, 938 F.2d 731, 735 (1991) (quoting *In re Pro Football Weekly*, 60 B.R. 824, 826 (N.D.Ill. 1986).

In applying this test, this Court can conclude that no great prejudice will affect either the bankrupt estate or the debtor because Association seeks only proceeds from the debtor's insurance. *See In re Turner*, 55 B.R. 498 (Bankr.N.D.Ohio 1985) (suspending the stay is appropriate where all the plaintiff seeks is a declaration of liability with no monetary consequences for the debtor, as opposed to its insuror). It's true that as a nominal defendant, the debtor may be subject to certain discovery and perhaps appearing at trial, but "this is not a burden alleviated by [the automatic stay] when the purpose of the suit is to establish [the debtor's] nominal liability in order to collect from his insurance policy." *In re Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993).[1] The *Edgeworth* court also held that while the insurance policy belongs to the debtor's estate, proceeds from the policy are not assets or property of the estate. *Id.* at 55-56 ("When the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate").

As to the second element of the test, the hardship visited on Association if the stay is not lifted is greater than the hardship to the debtor if the stay is lifted. The Association is made up of homeowners who, unless relief is granted from the stay, will have to pay for the repairs of the common area at the Subject Property; whereas, if relief is granted the debtor's insurance company will pay for the debtor's defense and indemnification. *In re*

---

[1] *In re Edgeworth* dealt with post-discharge permanent injunction under 11 U.S.C. § 524(e), but the reasoning upon which it was bases is applicable to the case before the Court.

*Holtkamp*, 669 F.2d 505, 508-09 (7th Cir. 1982) (no harm to debtor where the debtor's insurance company had "assumed full financial responsibility for defending that litigation); *see also United National Insurance Co. v. Frontier Insurance Company, Inc.*, 99 P.3d 1153, 1158 (2004) (insurance company's duty to defend is greater than its duty to indemnify).

Finally, it is reasonably probable that Association will succeed in the State construct defect action against this developer on the basis that Association's damages arise out of Rhodes' acts or omissions in the planning, design, development and construction of the Subject Property. *See, e.g., Olson v. Richard*, 89 P.3d 31 (2004); *Radaker v. Scott*, 109 Nev. 653, 855 P.2d 1037 (1993).

There can be no doubt that Rhodes will suffer little prejudice if relief of stay is granted because Association seeks nothing more than recovery as against Rhodes' insurers, sureties or guarantors.

## II. THIS COURT HAS THE DISCRETION TO GRANT RELIEF FROM THE STAY AND BY EXERCISING THAT DISCRETION TO ALLOW ASSOCIATION TO LIQUIDATE ITS CLAIM IN A STATE COURT PROCEEDING IT WILL FOSTER CONGRESSIONAL POLICY AND INTENT.

The bankruptcy court has the discretion to grant relief from stay in order to allow a claimant to liquidate its claim in a state court proceeding. *See, e.g., Austin v. Wendell-West Co.*, 539 F.2d 71 (9th Cir. 1976); *In re Wood*, 548 F.2d 216 (8th Cir. 1977); *In re Holtkamp, supra*, 669 F.2d 505 (7th Cir. 1982).

In *Holtkamp*, the court stressed that the action should proceed if it fosters the purpose behind the automatic stay:

> "The purpose of the automatic stay is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured . . . thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts . . . where, as here, the pending action is neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy."

*Holtkamp* 669 F.2d at 508, internal quotes and citations removed.

...

Clearly, granting Association the requested relief from the automatic stay as to insurance proceeds will not setoff a "chaotic and uncontrolled scramble for the debtor's assets" nor will it interfere with the "systematic equitable liquidation procedure" for all other creditors. Therefore, this Court should exercise its discretion and grant Association's requested relief from the automatic stay.

## CONCLUSION

Granting relief from the automatic stay will neither frustrate the goal of the orderly administration of the debtor's estate, nor will it imperil the estate's assets. Moreover, the prejudice the to Association if relief is not granted far outweighs any potential prejudice to Rhodes if relief is granted. Therefore, Association respectfully requests that this Court grant it relief from the automatic stay as a predicate to establishing Rhodes' liability and, thereby, allow Association to seek recompense from Rhodes' insurance such as to make Association and its members whole for the damages that have arisen as a result of Rhodes' acts and omissions.

DATED this 23rd day of July, 2009.

FEINBERG GRANT MAYFIELD
KANEDA & LITT, LLP

By: _____
ROGER J. GRANT, ESQ., NVB: 004103
CHARLES M. LITT, ESQ., NVB: 006040
DANIEL CLIFFORD, ESQ., NVB: 007656
1955 Village Center Circle
Las Vegas, Nevada 89134

Attorneys for Movant

FEINBERG GRANT MAYFIELD
KANEDA & LITT, LLP
1955 Village Center Circle
Las Vegas, Nevada 89134
(702) 947-4900

-6-

F:\Preserves\Pleadings\Mot4ReliefFromAutomaticStay-RD&DC.wpd

## CERTIFICATE OF E-SERVICE

The below hereby certifies that on the 23rd day of July, 2009, she submitted **MOTION FOR RELIEF FROM AUTOMATIC STAY FOR PURPOSES OF ESTABLISHING LIABILITY AGAINST DEBTOR AS A NOMINAL DEFENDANT [11 U.S.C. § 362]** to the court for electronic filing and for service upon parties on the Court's service list for the above-referenced case.

*s:/ Robin Black*
An employee of the law firm of FEINBERG GRANT MAYFIELD KANEDA & LITT, LLP

FEINBERG GRANT MAYFIELD
KANEDA & LITT, LLP
1955 Village Center Circle
Las Vegas, Nevada 89134
(702) 947-4900

-7-

F:\Preserves\Pleadings\Mot4ReliefFromAutomaticStay-RD&DC.wpd