James I. Stang, Esq. (CA Bar No. 94435)  
Shirley S. Cho, Esq. (CA Bar No. 192616)  
Werner Disse, Esq. (CA Bar No. 143458)  
PACHULSKI STANG ZIEHL & JONES LLP  
10100 Santa Monica Blvd., 11th Floor  
Los Angeles, California 90067-4100  
Telephone: 310/277-6910  
Facsimile:  310/201-0760  
Email: jstang@pszjlaw.com  
         scho@pszjlaw.com  
         wdisse@pszjlaw.com  

E-File: August 3, 2009

Zachariah Larson, Esq. (NV Bar No. 7787)  
LARSON & STEPHENS  
810 S. Casino Center Blvd., Ste. 104  
Las Vegas, NV  89101  
Telephone:  702/382.1170  
Facsimile:  702/382.1169  
Email: zlarson@lslawnv.com  

Attorneys for Debtors and  
Debtors in Possession  

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>              Debtors.<br><br>Affects: | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date:  August 28, 2009<br>Hearing Time:  1:30 p.m. |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS  
810 S. Casino Center Blvd., Suite 104  
Las Vegas, Nevada 89101  
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:205836.1

☒ All Debtors   Courtroom 1
☐ Affects the following Debtor(s)

# JOINT MOTION TO APPROVE STIPULATION BETWEEN DEBTORS AND CREDIT SUISSE, CAYMAN ISLANDS BRANCH, AS AGENT, REGARDING PROOFS OF CLAIM

The Rhodes Companies, LLC, and its affiliated debtor entities, as debtors and debtors in possession (collectively, the "Debtors") and Credit Suisse, Cayman Islands Branch, as Agent ("Credit Suisse"), by and through their undersigned counsel, hereby file this Joint Motion to Approve Stipulation Between Debtors and Credit Suisse, Cayman Islands Branch, as Agent, Regarding Proofs of Claim (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION, VENUE, AND PROCEDURAL BACKGROUND

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On either March 31, 2009 or April 1, 2009 (collectively, the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Nevada (the "Court"). Pursuant to an order of the Court, the Debtors' chapter 11 cases are being jointly administered.

5. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

## FACTUAL BACKGROUND

6. On April 10, 2009, the Court entered an Order Authorizing Joint Administration of Related Chapter 11 Cases and Setting Single Bar Date and Meeting of Creditors [Docket No. 128], fixing May 7, 2009, as the date of the meeting of creditors for all Debtors in these cases.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:205836.1                                2

As established by the court-generated Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines [Docket No. 3], all entities other than governmental units holding prepetition claims must file proofs of claim by August 5, 2009, which is 90 days after the date first set at the section 341 meeting of creditors (the "General Bar Date").

7. Credit Suisse, on behalf of itself and as agent for the Claimants,[2] intends to assert prepetition claims against the Debtors on account of outstanding amounts under the Credit Agreement, the Interest Swap Agreement, and related instruments, documents, and agreements executed in connection therewith (the Credit Agreement, the Interest Swap Agreement, and related instruments, documents, and agreements executed in connection therewith, collectively, the "Agreements"), including, but not limited to, outstanding principal, interest, and expenses.

8. The Debtors and Credit Suisse have entered into the Stipulation Between Debtors and Credit Suisse, Cayman Islands Branch, as Agent, Regarding Proofs of Claim, attached to the proposed order as Exhibit A (the "Stipulation"), pursuant to which the Debtors have agreed to permit Credit Suisse to file a Consolidated Proof of Claim on behalf of itself and the Claimants against the Debtors.

9. The Debtors have further agreed, among other things, that the filing by Credit Suisse of the Consolidated Proof of Claim shall be deemed properly filed proofs of claim by Credit Suisse and by each of the Claimants individually in each of the Debtors' respective cases in respect of each party's claims against the Debtors under the Agreements, as if Credit Suisse and each Claimant had individually filed proofs of claim against each of the Debtors.

10. Pursuant to the Stipulation, Credit Suisse shall not be required to file with the Consolidated Proof of Claim any instruments, agreements, notes, or other documents evidencing the amounts due under the Agreements (collectively, all such instruments, agreements, notes, and

---

[2] Capitalized terms used but otherwise not defined herein shall have the same meaning ascribed to them in the Stipulation (as defined below).

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

documents, the "Documents"); provided, however, that, upon reasonable written request to Credit Suisse's counsel, Credit Suisse shall make copies of the Documents available to the requesting party.

11. The Debtors have also agreed that, to the extent that the Court declines to approve the Stipulation, the Debtors shall provide Credit Suisse and each of the Claimants with an extension of time to file proofs of claim through and including the 30th day after the date of entry of any order of the Court denying approval of the Stipulation.

12. This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any of Credit Suisse, the Claimants, the Debtors, or any other party in interest with respect to the validity of the underlying proof of claim.

## RELIEF REQUESTED

13. By this Motion, the Debtors and Credit Suisse request that, pursuant to Bankruptcy Code § 105 and Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Court enter an order approving the Stipulation, *nunc pro tunc* to the execution date of the Stipulation.

## BASIS FOR RELIEF

14. In order to minimize the duplication and cost associated with filing separate proofs of claim in each of the Debtors' cases and to ease the burden on both the Court and the Debtors' estates, the Debtors and Credit Suisse, on behalf of itself and as agent for the Claimants, have entered into the Stipulation and believe that approval of the Stipulation is appropriate under the circumstances.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, approving the Stipulation and granting any other and further relief to which they may be justly entitled.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:205836.1     4

DATED this 3rd day of August, 2009.

By:   /s/Shirley S. Cho
LARSON & STEPHENS
Zachariah Larson, Esq.. (Nevada Bar No. 7787)
810 S. Casino Center Blvd., Ste 104
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Facsimile: (702) 382-1169

and

PACHULSKI STANG ZEIHL & JONES LLP
James I. Stang, Esq.
Shirley S. Cho, Esq.
David A. Abadir, Esq.
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

**Attorneys for the Debtors and Debtors in Possession**

By:   /s/Ramon M. Naguiat
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Van C. Durrer II
Ramon M. Naguiat
300 South Grand Avenue, #3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
van.durrer@skadden.com
ramon.naguiat@skadden.com

**Attorneys for Credit Suisse, Cayman Islands Branch, as Agent**

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com
Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered) |
|---|---|

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

| | |
|---|---|
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Chapter 11 |
| Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s): | Hearing Date: August 28, 2009<br>Hearing Time: 1:30 p.m.<br>Courtroom 1 |

**ORDER APPROVING STIPULATION BETWEEN DEBTORS AND CREDIT SUISSE, CAYMAN ISLANDS BRANCH, AS AGENT, REGARDING PROOFS OF CLAIM**

The Court having considered the Joint Motion to Approve Stipulation Between Debtors and Credit Suisse, Cayman Islands Branch, as Agent, Regarding Proofs of Claim (the "Motion"), filed by The Rhodes Companies, LLC, and its affiliated debtor entities, as debtors and debtors in possession and Credit Suisse, and having found that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b), (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) the relief requested in the Motion is in the best interest of the Debtors and their respective estates, creditors, and equity security holders, (d) proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary, and (e) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings before the Court in connection with the Motion; and after due deliberation and cause appearing therefor, it is hereby:

**ORDERED** that the Motion is **GRANTED** *nunc pro tunc* to the execution date of the Stipulation Between Debtors and Credit Suisse, Cayman Islands Branch, as Agent, Regarding Proofs of Claim (the "Stipulation");

**ORDERED** that the attached Stipulation is approved;

---

(Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-002\DOCS_LA:205834.1            2

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

APPROVED AS TO FORM AND CONTENT:

DATED this ____ day of August 2009.

By: _____
UNITED STATES TRUSTEE
August B. Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

Submitted by:
DATED this 3rd day of August 2009.

By:    /s/Zachariah Larson
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorneys for Debtors and*
*Debtors in Possession*

73203-002\DOCS_LA:205834.1                    3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors.<br><br>Affects:<br>■ All Debtors<br>☐ The following Debtor(s) | Case No.   BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**STIPULATION BETWEEN DEBTORS AND CREDIT SUISSE, CAYMAN ISLANDS BRANCH, AS AGENT, REGARDING PROOFS OF CLAIM** |

The above-captioned debtors and debtors in possession (the "Debtors"), and Credit Suisse, Cayman Islands Branch ("Credit Suisse"), for itself and as agent for (1) the lenders under the first lien Credit Agreement dated November 21, 2005 (as amended, the "Credit Agreement"), by and among the lender parties thereto (the "Lenders"), and borrowers Heritage Land Company, LLC ("Heritage Land"), The Rhodes Companies, LLC, and Rhodes Ranch General Partnership, and (2) the other Secured Parties (as

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, a Nevada limited partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C&J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

1

defined in the Credit Agreement) (the Secured Parties, collectively with the Lenders, the "Claimants"), including Credit Suisse International ("CSI"), under the interest rate swap transaction pursuant to the 1992 ISDA Master Agreement (Multicurrency-Cross Border) (the "Master Agreement"), the letter agreement dated January 16, 2007, between CSI and Heritage Land (the "Confirmation"), and the termination confirmation letter dated April 2, 2009, from CSI to Heritage Land (the "Termination Letter" and together with the Master Agreement and the Confirmation, the "Interest Swap Agreement"), by their respective attorneys, hereby enter into this stipulation (the "Stipulation") authorizing Credit Suisse to file a consolidated proof of claim on behalf of itself and the Claimants in the main case of The Rhodes Companies, LLC (Case No. BK-S-09-14814-LBR) (the "Main Case"):

## RECITALS

A.   On either March 31, 2009 or April 1, 2009 (collectively, the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Nevada (the "Court").  Pursuant to an order of the Court, the Debtors' chapter 11 cases are being jointly administered.

B.   On April 10, 2009, the Court entered an Order Authorizing Joint Administration of Related Chapter 11 Cases and Setting Single Bar Date and Meeting of Creditors [Docket No. 128], fixing May 7, 2009 as the date of the meeting of creditors for all Debtors in these cases.

C.   As established by the court-generated Notice of Chapter 11 bankruptcy Case, Meeting of Creditors, and Deadlines [Docket No. 3], all entities other than governmental

DOCS_LA:205857.2

units holding prepetition claims must file proofs of claim by August 5, 2009, which is 90 days after the date first set at the section 341 meeting of creditors (the "General Bar Date").

D.  Credit Suisse, on behalf of itself and as agent for the Claimants, intends to assert prepetition claims against the Debtors on account of outstanding amounts under the Credit Agreement, the Interest Swap Agreement, and related instruments, documents, and agreements executed in connection therewith (the Credit Agreement, the Interest Swap Agreement, and related instruments, documents, and agreements executed in connection therewith, collectively, the "Agreements"), including, but not limited to, outstanding principal, interest, and expenses.

E.  At Credit Suisse's request, the Debtors have agreed to allow Credit Suisse to file a consolidated proof of claim on behalf of itself and the Claimants in the Main Case.

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the parties to this Stipulation, through their undersigned counsel, that:

1.  To eliminate duplication and minimize costs associated with filing separate proofs of claim in each of the Debtors' cases, and to ease the burden on both the Court and the Debtors' estates, the Debtors hereby agree that Credit Suisse may file a single proof of claim (the "Consolidated Proof of Claim") on behalf of itself and the Claimants in the Main Case.

2.  The filing of the Consolidated Proof of Claim in the Main Case in accordance with this Stipulation shall be deemed properly filed proofs of claim by Credit Suisse and by each of the Claimants individually in each of the Debtors' respective cases in respect

3

of each party's claims against the Debtors under the Agreements, as if Credit Suisse and each Claimant had individually filed proofs of claim against each of the Debtors.

3.  Credit Suisse and the individual Claimants shall not be required to individually file any proofs of claim against any of the Debtors.  Nothing contained herein, however, shall affect the rights of Credit Suisse or any Claimant to file its own proof(s) of claim or to separately vote the amount of its respective claim(s) based upon its holdings and/or claims under the Agreements with respect to any chapter 11 plan for which solicitation of acceptances may be sought in these chapter 11 cases.

4.  Credit Suisse reserves its rights to amend the Consolidated Proof of Claim filed in the Main Case, with any such amendment applying to all Debtors as if such amendment had been filed in each of the Debtors' respective cases.

5.  Credit Suisse shall not be required to file with the Consolidated Proof of Claim any instruments, agreements, notes, or other documents evidencing the amounts due under the Agreements (collectively, all such instruments, agreements, notes, and documents, the "<u>Documents</u>"); provided, however, that, upon reasonable written request to Credit Suisse's counsel, Credit Suisse shall make copies of the Documents available to the requesting party.

6.  To the extent that the Court declines to approve this Stipulation, the Debtors agree to provide Credit Suisse and each of the Claimants with an extension of time to file proofs of claim through and including the 30th day after the date of entry of any order of the Court denying approval of this Stipulation.

7. This Stipulation and the Consolidated Proof of Claim are intended solely for the purpose of administrative convenience and, except to the extent set forth herein or therein, neither this Stipulation nor the Consolidated Proof of Claim shall affect the substantive rights of any of Credit Suisse, the Claimants, the Debtors, or any other party in interest.  In addition, this Stipulation governs only the claims of Credit Suisse and the Claimants arising under the Agreements, and nothing herein shall limit the rights of Credit Suisse or the Claimants to file a proof of claim against any Debtor on account of any claim (as defined in 11 U.S.C. § 101(5) of the Bankruptcy Code) that Credit Suisse or the Claimants may have that is not related to the Agreements.

8. The terms and provisions of this Stipulation shall be binding upon the Debtors and any successors in interest and assigns, including, without limitation, any trustee.

DATED this 3rd day of August, 2009.

**STIPULATED AND AGREED:**

By:     /s/Ramon M. Naguiat
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Van C. Durrer II
Ramon M. Naguiat
300 South Grand Avenue, #3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
van.durrer@skadden.com
ramon.naguiat@skadden.com

**Attorneys for Credit Suisse, Cayman Islands Branch, as Agent**

By:     /s/ Shirley S. Cho
PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang, Esq.
Shirley S. Cho, Esq.
David A. Abadir, Esq.
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

**Attorneys for the Debtors and Debtors In Possession**