1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

James I. Stang, Esq. (CA Bar No. 94435)                    E-File:  August 3, 2009
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702.382.1170
Facsimile:  702.382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>        Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☒    All Debtors<br>☐    Affects the following Debtor(s) | Hearing Date:  August 28, 2009<br>Hearing Time:  1:30 p.m.<br>Courtroom 1 |

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**DEBTORS' MOTION FOR AN ORDER ESTABLISHING
PROCEDURES TO SELL NON-CORE ASSETS;
<u>DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF</u>**

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>") hereby move (the "<u>Motion</u>") this Court for an Order pursuant to sections 105 and 363 of the Bankruptcy Code authorizing and approving procedures by which the Debtors may consummate the sales of certain non-core assets free and clear of liens, claims and encumbrances, and without the need for further Court approval.   A copy of the proposed order approving this Motion is attached hereto as **Exhibit A**.

**I.**

**<u>STATEMENT OF FACTS</u>**

**A.      <u>General Background</u>**

1.      On March 31, 2009, the above-captioned Debtors, except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "<u>Secondary Filers</u>"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**B.      <u>The Non-Core Assets</u>**

2.      The Debtors own certain excess, unused and/or underutilized assets (the "<u>Non-Core Assets</u>") that are no longer necessary for the Debtors' homebuilding operations, including: (a) undeveloped land which the Debtors do not intend to develop (the "<u>Raw Land</u>"); (b) heavy machinery (the "<u>Heavy Machinery</u>"); and (c) various vehicles, equipment and other personal property related to homebuilding activities (the "<u>Surplus Equipment</u>").  In order to generate cash and streamline their operations by discarding assets which are either unproductive or nonessential to their ongoing business operations, the Debtors desire to sell the Non-Core Assets. In order to effect such sales in the most economic manner, the Debtors have determined in their business judgment that it is in the best interests of the estates to establish streamlined sales

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

procedures for the Non-Core Assets.  A preliminary, noncomprehensive list of the Non-Core Assets is attached hereto as **Exhibit B**.

3.      The Debtors shall determine the sales price and terms of the Non-Core Assets pursuant to the exercise of the Debtors' business judgment.  As provided in further detail below, the first step in the proposed procedures is that the Debtors obtain the approval of the First Lien Steering Committee.  Without the approval of the First Lien Steering Committee, which represents lenders that have first priority liens on substantially all of the Debtors' assets, any proposed sale will not be authorized.

4.      Sales pursuant to this Motion will be relatively small in comparison to the value of the Debtors' total assets.  Requiring Court approval of each such transaction would be administratively burdensome to the Court and costly to the Debtors' estates, especially when viewed in the context of the relative size of the transactions.  Moreover, the Debtors believe that the usual sale process pursuant to Bankruptcy Code § 363(b) may hinder the Debtors' ability to take advantage of sale opportunities that may be available only for a limited time.  Therefore, in order to minimize the burdens and costs, the Debtors hereby seek the approval of the procedures described herein regarding the sale of Non-Core Assets falling within the described parameters (the "Non-Core Assets Sales Procedures"). The Debtors propose to use the Non-Core Assets Sales Procedures to obtain more expeditious and cost-effective review by interested parties, in lieu of Court approval, of the types of transactions described below.

5.      The Debtors further seek Court authority to sell the Non-Core Assets on a piecemeal or bulk basis to prospective buyers that, in the Debtors' business judgment, have made the Debtors a reasonable offer for the purchase of any portion of the Non-Core Assets.

6.      The Debtors believe that selling the Non-Core Assets in the manner proposed by this Motion is the most cost-effective way to maximize the value of the Non-Core Assets and will serve to enhance the value of the estates as well as to provide an accounting of such sales to parties in interest.  The relief requested herein is thus in the best interests of the Debtors' estates, their creditors and other parties in interest because the proposed procedures are the most efficient and economical means by which to sell the Non-Core Assets.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

7.       The Debtors submit that the sale of Non-Core Assets is in the ordinary course of the Debtors' business as a homebuilder.  The Debtors have a practice of selling Non-Core Assets once it becomes clear that it is no longer economically beneficial to own or maintain the Non-Core Assets.  Accordingly, the Debtors are seeking to sell Non-Core Assets in the ordinary course of business outside of the scope of this Motion and without need for Court approval pursuant to section 363(b) of the Bankruptcy Code.  If the Court believes, however, that the sale of the Non-Core Assets is outside of the Debtors' ordinary course of business, then the Debtors seek to sell the Non-Core Assets pursuant to the Non-Core Assets Sales Procedures, as provided below, and pursuant to section 363(b) in an abundance of caution.

**The Proposed Non-Core Assets Sales Procedures**

*Transactions to Which the Sales Procedures Will Apply*

8.       The Non-Core Assets Sales Procedures will apply to transactions involving proposed sales prices of (a) $1,000,000 or less for Raw Land; (b) $250,000 or less for any item of Heavy Machinery; and (c) $50,000 or less for any item of Surplus Equipment.  For any proposed sale of Non-Core Assets above these limits, the Debtors will file a separate motion upon notice with this Court.

*Approval of the First Lien Steering Committee*

9.       After the Debtors receive an offer or a proposed contract contemplating a transaction that is subject to the Non-Core Assets Sales Procedures (a "Proposed Transaction"), and if the Debtors desire to accept such offer or proposed contract, the Debtors shall provide notice of the Proposed Transaction to counsel for the First Lien Steering Committee (the "Transaction Notice").  The Debtors shall consult with the financial advisors for the First Lien Steering Committee, Winchester Carlisle Partners ("WCP"), on any Proposed Transaction and provide the First Lien Steering Committee any diligence reasonably requested in connection with a Proposed Transaction.

10.      The Transaction Notice will include the following information regarding the Proposed Transaction:

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

(a)     A description of the Non-Core Asset that is the subject of the Proposed Transaction and its location;

(b)     The identity of the non-debtor party or parties to the Proposed Transaction and any relationships of the party or parties with the Debtors;

(c)     The identities of any parties holding liens on or other interests in the Non-Core Asset;

(d)     A copy of the sale contract, if applicable, and a summary of the major economic terms and conditions of the Proposed Transaction;

(e)     The executory contracts and unexpired leases, if any, that the Debtors propose to assume and assign in connection with the Proposed Transaction and the related cure amounts that the Debtors propose with respect to each such contract or lease;

(f)     Any costs to be charged against the sale proceeds; and

(g)     Instructions consistent with the procedures set forth below regarding potential objections to the Proposed Transaction.  In addition, the Debtors will provide copies of any appraisals if available or other essential information concerning the value of the Non-Core Asset that is the subject of the Proposed Transaction.

11.     If the First Lien Steering Committee, through WCP, does not approve the Proposed Transaction, then the Debtors will not be authorized to consummate the Proposed Transaction pursuant to this Motion.  If the First Lien Steering Committee, through WCP, approves the Proposed Transaction, then the Debtors shall provide notice of the sale transaction to the other notice parties, as provided below.

*Notice and Opportunity to Object*

12.     If the First Lien Steering Committee approves the Proposed Transaction, the Debtors will serve a Transaction Notice by overnight service, telecopier or electronic mail upon (a) the Office of the United States Trustee (the "U.S. Trustee"), (b) counsel to the Agent for the First Lien Lenders, (c) counsel to the Agent for the Second Lien Lenders, (d) counsel to the Unsecured Creditors' Committee, (e) counsel to the First Lien Steering Committee; (f) all parties holding (or, to the Debtors' knowledge, asserting) liens on, or other interests in, the Non-Core

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Assets that are the subject of the Proposed Transaction (the "Lienholders" and each a "Lienholder"), and, if applicable, (g) the nondebtor parties to all executory contracts and unexpired leases that the Debtors propose to assume and assign in connection with the Proposed Transaction (collectively, the "Interested Parties").

13.    Interested Parties will have ten (10) days from service of the Transaction Notice (the "Notice Period") to object to the Proposed Transaction, pursuant to the objection procedures herein.  If no objections are filed prior to the expiration of the Notice Period, the Interested Parties, including the Lienholders, by their silence will be deemed to have consented to the Proposed Transaction and such Proposed Transaction, including the assumption and assignment of executory contracts and unexpired leases in connection with the Proposed Transaction, will be deemed final and fully authorized by the Court, at which time the Debtors may proceed to consummate such sale.  Furthermore, to the extent deemed appropriate or advisable to assist in the closing of any Proposed Transaction, the Debtors may submit an order or series of orders authorizing the sale of any or all of the sales and/or assumption and assignment of executory contracts in connection thereto (even though the requirement of any such orders is waived); provided, that any proposed order shall be reviewed and the terms thereof approved by counsel to the First Lien Steering Committee.

14.    Further, the Debtors may consummate a Proposed Transaction prior to expiration of the applicable Notice Period if the Debtors obtain written consent to the Proposed Transaction from counsel to the Agent for the First Lien Lenders and counsel to the Agent for the Second Lien Lenders.

15.    Any objections to a Proposed Transaction must be (a) in writing, (b) state with specificity the ground for objection, and (c) served by overnight, telecopier or electronic mail on the Interested Parties and counsel to the Debtors so as to be received prior to the expiration of the Notice Period.  If an objection to a Proposed Transaction is properly filed and served, then the Proposed Transaction may not proceed absent (a) withdrawal of the objection or (b) entry of an order of the Court specifically approving the Proposed Transaction.  If an objection is timely filed and served, the objecting party and the Debtors, with the consent of the First Lien Steering

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Committee, shall attempt to resolve the objection on a consensual basis.  If the parties are unable to reach a resolution of the objection, the Debtors may seek to have the Proposed Transaction adjudicated and approved by the Court at the an omnibus hearing.

16.     The Debtors also will send a Transaction Notice to any parties that the Debtors and WCP believe might be interested in purchasing the Non-Core Assets that are the subject of the Proposed Transaction for informational purposes.

*Effects of Sale*

17.     All buyers will take Non-Core Assets sold by the Debtors pursuant to the Non-Core Assets Sales Procedures "as is" and "where is," without any representation or warranties from the Debtors as to the quality or fitness of such assets for either their intended or any particular purposes.  Buyers, however, will take title to the assets free and clear of liens, claims, encumbrances and other interests, pursuant to § 363(f) of the Bankruptcy Code.

18.     Any existing liens, claims, encumbrances and other interests will attach to the net proceeds of any sale pursuant to the Non-Core Assets Sales Procedures.  If there is a dispute regarding the validity or amount of a lien, claim, encumbrance or other interest, the amount of the sale proceeds in controversy shall be held in escrow pending the outcome of any necessary adversary proceeding to determine the validity and extent of any Lienholders' claims, if any, or as otherwise ordered by this Court or agreed by the respective Lienholder and Debtors.

## II.

## THE PROPOSED NON-CORE ASSETS SALES PROCEDURES ARE IN THE BEST INTEREST OF THE ESTATES

The Debtors believe that the sale of the Non-Core Assets is in the ordinary course of business and pursuant to section 363(c) of the Bankruptcy Code, which provides that the Debtors may "enter into transactions, including the sale or lease of property of the estates, in the ordinary course of business without notice or a hearing. . . ."  11 U.S.C. § 363(c)(1).  However, in an

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

abundance of caution, the Debtors also seek relief pursuant to section 363(b)(1) of the

Bankruptcy Code.[2]

Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "the trustee,

after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business,

property of the estate."  11 U.S.C. § 363(b)(1).  A debtor's decision to use, sell, or lease assets

outside the ordinary course of business must be based upon the sound business judgment of the

debtor.  *See Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge

determining a section 363(b) application must find from the evidence presented before him a

good business reason to grant such application); *see also Meyers v. Martin (In re Martin)*, 91

F.3d 389, 395 (3d Cir. 1996); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir.

1986); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063,

1071 (2d Cir. 1983) (court may approve the sale of property outside of the ordinary course of

business where it finds a good business reason for such sale).

The business judgment rule is satisfied where "the directors of a corporation acted on an

informed basis, in good faith and in the honest belief that the action taken was in the best

interests of the company."  *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.*

*(In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d

Cir. 1993) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).  In fact, "[w]here the

debtor articulates a reasonable basis for its business decisions (as distinct from a decision made

arbitrarily or capriciously), courts will generally not entertain objections to the debtor's

conduct."  *Committee of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In*

---

[2] The First Lien Steering Committee has not acknowledged that the sale of the Non-Core Assets is in the ordinary course of the Debtors' business, but does not object to the Motion based on the Non-Core Assets Sales Procedures.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

*re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Courts, absent a showing of bad faith, self-interest, or gross negligence, will uphold a board's decisions as long as they are attributable to any "rational business purpose." *In re Integrated Res. Inc.*, 147 B.R. at 656.

The Non-Core Assets Sales Procedures will expedite the flow of cash into the estates and eliminate the need to prepare and prosecute motions and obtain express court approval of every sale, which would be administratively burdensome to the Court and costly to the Debtors' estates. In addition, the Non-Core Assets Sales Procedures will protect the Debtors against the declining value of the Non-Core Assets, eliminate maintenance costs, eliminate certain administrative costs, reduce professional fees, and expedite the sale of the Non-Core Assets for the benefit of Debtors' estates and creditors. Most critically, as set forth above, the Debtors believe that the sale of the Non-Core Assets in accordance with the Non-Core Assets Sales Procedures is the most efficient and cost-effective way to maximize the value of the Non-Core Assets while protecting the best interests of Debtors, their estates and their creditors. Accordingly, a sale of the Non-Core Assets in accordance with the Non-Core Assets Sales Procedures will be a benefit to the Debtors' estates and their creditors.

**III.**

**THE NON-CORE ASSETS SALES PROCEDURES SATISFY THE REQUIREMENTS OF SECTION 363(F) OF THE BANKRUPTCY CODE FOR A SALE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS**

Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of liens, claims, and encumbrances if one of the following conditions is satisfied: (a) applicable non- bankruptcy law permits sale of the property free and clear of such interest, (b) the entity holding the lien, claim or encumbrance consents to the proposed sale, (c) the interest is a lien and

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

the price at which such property is to be sold is greater than the aggregate value of all liens on the property, (d) the interest is in bona fide dispute, or (e) the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest.  11 U.S.C. § 363(f). *See Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (court may approve sale "free and clear" provided at least one of the subsections is met); *see also In re Dundee Equity Corp.*, No. 89-B-10233, 1992 WL 53743, at *34 (Bankr. S.D.N.Y. 1992) ("Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) has been met.").

The Debtors propose to sell or transfer the Non-Core Assets in a commercially reasonable manner and expect that the value of the proceeds from such sales or transfers will fairly reflect the value of the Non-Core Assets sold.  The Debtors further propose that any party with a lien on any Non-Core Assets sold or transferred pursuant to this Motion shall have a corresponding security interest in the proceeds of such sale or transfer.  If a Lienholder receives this Motion and does not object within the prescribed time period, the Lienholder will be deemed to have consented to the proposed sale and the property may then be sold free and clear of the holder's interest pursuant to section 363(f) with any such liens to be, at the Debtors' sole discretion, either (i) satisfied from the proceeds of the sale or (ii) transferred and attached to the net sale proceeds in the same order or priority that such liens had on the Non-Core Assets sold.  As such, the Debtors submit that the requirements of section 363(f) of the Bankruptcy Code would be satisfied for any proposed sale or transfers free and clear of liens, claims, encumbrances and other interests by the Non-Core Assets Sale Procedures.  Furthermore, in the event of any dispute, Lienholders have the right to request a hearing and the amounts in dispute shall be held in an escrow account pending resolution of the dispute.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

In approving the sales of Non-Core Assets free and clear of liens, the Debtors request the Court find that those who purchase Non-Core Assets in accordance with the Sale Procedures are entitled to the protections afforded by section 363(m) of the Bankruptcy Code.  This relief is appropriate in light of the opportunity for review and objection provided herein.

## IV.

### THE PROPOSED NON-CORE ASSETS SALES PROCEDURES MEET THE STANDARDS OF SECTION 365 OF THE BANKRUPTCY CODE

Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a) (2004).  Courts have uniformly deferred to the business judgment of a debtor to determine whether assumption and assignment of an unexpired lease is appropriate under section 365 (a) of the Bankruptcy Code.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *Lubrizol Enterpr., Inc. v. Richmond Metal Finishers (In re Richmond Metal Finishers, Inc.)*, 756 F.2d 1043, 1046-47 (4th Cir. 1985); *In re Minges*, 602 F.2d 38, 42 (2d Cir. 1979); *In re Frank G. Lawson*, 146 B.R. 663, 664-65 (Bankr. E.D. Va. 1992).  To the extent that sound business reasons justify the assumption and assignment of a particular unexpired lease in connection with a Proposed Sale, such actions should be approved.

## V.

### THE PROPOSED NON-CORE ASSETS SALES PROCEDURES MEET DUE PROCESS REQUIREMENTS

Bankruptcy Rule 2002(a)(2) requires that notice of a sales or lease motion be provided at least twenty days prior to the proposed use, "unless the court for cause shown shortens time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2) (2004) (emphasis added);

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

*see also* Fed. R. Bankr. P. 9006(c) (2004).  These notice and hearing requirements of § 363(b)(1)

are met if the notice and opportunity for hearing that are given are appropriate in the particular

circumstances.  *See* 11 U.S.C. § 102(1)(A) (2004) (defining "after notice and a hearing").

Moreover, courts are authorized to limit notice of sales and uses of property outside of the

ordinary course of the debtor's business, even without a prior showing of cause, to any official

committee appointed under § 1102 of the Bankruptcy Code and any creditor or equity holder

requesting notice.  Fed. R. Bankr. P. 2002(i) (2004).

When determining whether notice is appropriate under the circumstances for purposes of

§ 102(1)(A) of the Bankruptcy Code, it is "guided by fundamental notions of procedural due

process." In re Lomas Fin. Corp., 212 B.R. 46, 54 (Bankr. D. Del. 1997).  Due process "requires

that any notice is 'reasonably calculated, under all the circumstances, to apprise interested parties

of the pendency of the action and afford them an opportunity to present its objections'" *Id.*

(quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *In re Grand

Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997).

In order to permit the timely purchase of the Non-Core Assets and to maximize such

value, the Debtors seek the adoption of the Non-Core Assets Sales Procedures.  The Debtors

believe that these procedures will accommodate the orderly and timely consummation of such

transactions, and that under the circumstances the usual process of obtaining Court approval of

each transaction that would be the subject of the Non-Core Assets Sales Procedures will be

unnecessarily burdensome on the Court and the Debtors' estates.  Therefore, the Debtors propose

to streamline the process and shorten the applicable notice periods as proposed herein.

The Interested Parties represent the key parties in interest who should receive notice of

any Proposed Transaction, in light of (a) their duties relating to the Debtors' chapter 11 cases

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

(the U.S. Trustee and the Committee), (b) their overriding economic interest in these cases (the First Lien Holders and the Second Lien Holders), (c) their direct interests in the Non-Core Assets (the Lienholders), or (d) their interests as contract parties (nondebtor parties to executory contracts and unexpired leases proposed to be assumed and assigned).  The shortened notice provisions of the Non-Core Sales Procedure will make the transaction consummation process as efficient as possible, while preserving fully the rights of Interested Parties.  Accordingly, the limiting of service of the Transaction Notices to the Interested Parties is justified under the circumstances.

Moreover, sales outside the ordinary course of business may be authorized without an actual hearing if no party in interest timely requests an actual hearing.  11 U.S.C. § 102(1)(B)(i) (2004).  As due process is satisfied if parties are given "an opportunity to present their objections," *Mullane*, 339 U.S. at 314, the Debtors believe that the Non-Core Assets Sales Procedures complies with due process requirements by providing ample opportunity to present objections and request a hearing.

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

# VI.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A:  (i) authorizing the Debtors to sell certain individual Non-Core Assets in accordance with the Non-Core Sales Procedures outlined herein free and clear of liens, claims, and encumbrances; (ii) to the extent necessary authorizing the Debtors to assume and assign any unexpired executory contracts or leases in connection with a Proposed Transaction; (iii) reducing, if necessary, any notice period; and (iv) granting such other and further relief as the Court may deem proper.

**DATED** this 3rd day of August 2009.

LARSON & STEPHENS

  /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**DECLARATION OF PAUL D. HUYGENS**

I, Paul D. Huygens, declare as follows:

1.    I am the Senior Vice President of Special Projects for the above-captioned debtors and debtors in possession (the "Debtors").  I submit this Declaration in support of the *Debtors' Motion for an Order Establishing Procedures to Sell Non-Core Assets* (the "Motion").

2.    Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others within the Debtors' organization), my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors.  If called upon to testify, I would testify to the facts set forth in this Declaration.

3.    The Debtors own certain excess, unused and/or underutilized assets (the "Non-Core Assets") that are no longer necessary for the Debtors' homebuilding operations, including: (a) undeveloped land which the Debtors do not intend to develop; (b) heavy machinery; and (c) various vehicles, equipment and other personal property related to homebuilding activities.  In order to generate cash and streamline their operations by discarding assets which are either unproductive or nonessential to their ongoing business operations, the Debtors desire to sell the Non-Core Assets.  In order to effect such sales in the most economic manner, the Debtors have determined in their business judgment that it is in the best interests of the estates to establish streamlined sales procedures for the Non-Core Assets.  A preliminary, noncomprehensive list of the Non-Core Assets is attached hereto as **Exhibit B**.

4.    Sales pursuant to the Motion will be relatively small in comparison to the value of the Debtors' total assets.  Requiring Court approval of each such transaction would be administratively burdensome to the Court and costly to the Debtors' estates, especially when viewed in the context of the relative size of the transactions.  Therefore, in order to minimize the burdens and costs, the Debtors hereby seek the approval of the procedures described herein regarding the sale of Non-Core Assets falling within the described parameters (the "Non-Core Assets Sales Procedures").  The Debtors propose to use the Non-Core Assets Sales Procedures to

obtain more expeditious and cost-effective review by interested parties, in lieu of Court approval, of the types of transactions described below.

5.      The Debtors believe that selling the Non-Core Assets in the manner proposed by the Motion is the most cost-effective way to maximize the value of the Non-Core Assets and will serve to enhance the value of the estates as well as to provide an accounting of such sales to parties in interest.  The relief requested in the Motion is thus in the best interests of the Debtors' estates, their creditors and other parties in interest because the proposed procedures are the most efficient and economical means by which to sell the Non-Core Assets.

6.      The Debtors submit that the sale of Non-Core Assets is in the ordinary course of the Debtors' business as a homebuilder.  The Debtors have a practice of selling Non-Core Assets once it becomes clear that it is no longer economically beneficial to own or maintain the Non-Core Assets.

7.      The Non-Core Assets Sales Procedures will protect the Debtors against the declining value of the Non-Core Assets, eliminate maintenance costs, eliminate certain administrative costs, reduce professional fees, and expedite the sale of the Non-Core Assets for the benefit of Debtors' estates and creditors.  The Debtors believe that the sale of the Non-Core Assets in accordance with the Non-Core Assets Sale Procedures is the most efficient and cost-effective way to maximize the value of the Non-Core Assets while protecting the best interests of Debtors, their estates and their creditors.  Accordingly, a sale of the Non-Core Assets in accordance with the Non-Core Assets Sales Procedures will be a benefit to the Debtors' estates and their creditors.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1    I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true

2 and correct to the best of my knowledge, information, and belief.

3    Executed this 3rd day of August 2009, at Las Vegas, Nevada.

4

5                                                    _____/s/_____

6                                                    Paul D. Huygens

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:205640.3

# EXHIBIT A

James I. Stang, Esq. (SBN 94435)
Shirley S. Cho, Esq. (SBN 192616)
Werner Disse, Esq. (SBN 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702.382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes," et al.,[1]

　　　Debtors.

Case No.: 09-14814-LBR
(Jointly Administered)

Chapter 11

Affects:
☒　All Debtors
☐　Affects the following Debtor(s)

**ORDER ESTABLISHING PROCEDURES TO
SELL NON-CORE ASSETS [RE DOCKET
NO. ___]**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

　　　Upon consideration of the Debtors' Motion for an Order Establishing Procedures to Sell

Non-Core Assets [Docket No. ___] (the "Motion") and good cause appearing, it is hereby

　　　ORDERED that the Motion is approved; and it is further

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:205640.6

1

2      ORDERED that the Debtors shall be permitted to sell the Non-Core Assets, as defined in the

3   Motion, subject to the Non-Core Assets Sale Procedures outlined in the Motion.

4

5   Dated: _____, 2009

       _____

6                                               UNITED STATES BANKRUPTCY JUDGE

7

8   APPROVED AS TO FORM AND CONTENT:
    DATED this _____ day of August 2009.

9

10  By: _____
    UNITED STATES TRUSTEE

11  August Landis
    Office of the United States Trustee

12  300 Las Vegas Blvd. S., Ste. 4300
    Las Vegas, NV  89101

13

14  Submitted by:
    DATED this _____ day of August 2009.

15

16  By: _____
    LARSON & STEPHENS

17  Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)

18  810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101

19  (702) 382-1170 (Telephone)
    (702) 382-1169

20  zlarson@lslawnv.com
    *Attorney for Debtor*

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT B

**Nevada - List of Non-Core Assets to Sell**
**8/3/2009**

| State | Owner | Category | Description | APN |
|---|---|---|---|---|
| NV | Tuscany Acquisitions LLC | Real Estate | Tuscany Commercial Site | 160-32-410-001 |
| NV | Wallboard | Real Estate | Tavern site - Ft Apache and Post | 163-31-801-026 |
| NV | Wallboard | Real Estate | Tavern site - Grand Canyon and Sunset | 176-06-501-017 |

| State | Owner | Category | Vin # | Lic. Plate | Description |
|---|---|---|---|---|---|
| NV | Rhodes Design & Development | Auto - Van | 1GCFG15X541215665 | 400RXP | 2004 Chevy Van |
| NV | Rhodes Design & Development | Auto - Van | 1GCFG15X541214838 | 390RXP | 2004 Chevy Van |
| NV | Rhodes Design & Development | Auto - Van | 1GCFG15XX41216049 | 392RXP | 2004 Chevy Van |
| NV | Rhodes Design & Development | Auto - Van | 1GCEG15X541118431 | 389RXP | 2004 Chevy Van |
| NV | Rhodes Design & Development | Auto - Van | 1GCEG15X541111530 | 391RXP | 2004 Chevy Van |
| NV | Rhodes Design & Development | Auto - Van | 1GCEG15X441216306 | 393RXP | 2004 Chevy Van |
| NV | Arapahoe Cleaning | Auto - Van | 1GAGG25V241109344 | 008SDC | 2004 Chevy Van |
| NV | Rhodes Ranch General Partnership | Auto-Water Truck | 1FDNR72C5VVA20598 | | Water Truck |
| NV | Rhodes Design & Development | Auto - Truck | 1GCCS149278111523 | 399TWX | 2007 Chevy |
| NV | Rhodes Design & Development | Auto - Truck | | 669TGH | 2006 Chevy |
| NV | Rhodes Design & Development | Auto - Truck | 1GCEC14XX32Z298390 | 177RBK | 2003 Chevy |
| NV | Rhodes Design & Development | Auto - Truck | 1GCEC19X36Z142754 | 596TBL | 2005 Chevy |
| NV | Rhodes Design & Development | Auto - Truck | 1GCEC19X66Z164909 | 322TGB | 2006 Chevy |
| NV | Rhodes Design & Development | Auto - Truck | 1GCEC14X54Z26477 | 344RVV | 2004 Chevy |
| NV | Rhodes Design & Development | Auto - Sedan | WDBUF7OJ53A181188 | 605PVS | 2003 Mercedes |

| State | Owner | Category |
|---|---|---|
| NV | Various (primarily RDD) | Miscellaneous Office Equipment |

## Arizona - List of Non-Core Assets to Sell
## 8/3/2009

| State | Owner | Asset Description | Acquisition Date |
|---|---|---|---|
| AZ | Pinnacle Grading | Caterpillar 651B Scraper Parts | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-01 110-001 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-02 110-002 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-03 110-003 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-04 110-004 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-07 110-007 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-08 110-008 | 3/1/2006 |
| AZ | Pinnacle Grading | Caterpillar 651B Parts | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - 651B - 651-10 110-010 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-11 110-011 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-12 110-012 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-13 110-013 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-14 110-014 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-15 110-015 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-17 110-017 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-18 110-018 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-19 110-019 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - 651B - 651-20 110-020 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - CAT 651B - 651-21 110-021 | 3/1/2006 |
| AZ | Pinnacle Grading | Motor Scraper - 651B - 651-22 110-022 | 3/1/2006 |
| AZ | Pinnacle Grading | Engine for 651 Scraper | 8/28/2006 |
| AZ | Pinnacle Grading | Engine for 651 Scraper. Rebuilt and inserted into 110-019 on 2/12/2007 | 2/12/2007 |
| AZ | Pinnacle Grading | Engine for 651 Scraper | 8/10/2006 |
| AZ | Pinnacle Grading | Engine for 651 Scraper | 8/28/2006 |
| AZ | Pinnacle Grading | Engine for 651 Scraper | 5/25/2006 |
| AZ | Pinnacle Grading | Engine for 651 Scraper | 8/28/2006 |
| AZ | Pinnacle Grading | Engine for 651 Scraper | 11/29/2006 |
| AZ | Pinnacle Grading | Engine for Caterpillar 651 Scraper | 8/18/2006 |
| AZ | Pinnacle Grading | Engine for 651 Scraper | 8/31/2006 |
| AZ | Pinnacle Grading | Engine for Caterpllar 651 Scraper | 11/30/2006 |
| AZ | Pinnacle Grading | Engine for 651 Scraper | 9/15/2006 |
| AZ | Pinnacle Grading | Transmission for 651 Scraper | 8/31/2006 |
| AZ | Pinnacle Grading | Transmission for 651 scraper | 1/2/2007 |

| | | | |
|---|---|---|---|
| AZ | Pinnacle Grading | Transmission for 651 Scraper | 11/29/2006 |
| AZ | Pinnacle Grading | Transmission for 651 Scraper | 10/26/2006 |
| AZ | Pinnacle Grading | Transmission for 651 Scraper | 1/9/2007 |
| AZ | Pinnacle Grading | Transmission for 651 Scraper | 1/31/2007 |
| AZ | Pinnacle Grading | Tranmission for 651 Scraper | 8/30/2006 |
| AZ | Pinnacle Grading | Transmission for Caterpillar Scraper Model 651 | 3/28/2007 |
| AZ | Pinnacle Grading | Transmission for 651 Scraper | 8/18/2006 |
| AZ | Pinnacle Grading | Transmisison for 651 Scraper | 9/26/2006 |
| AZ | Pinnacle Grading | Tranmission for 651 scraper | 8/30/2006 |
| AZ | Pinnacle Grading | Hitch for Caterpiller Series 651 Scraper | 2/1/2007 |
| AZ | Pinnacle Grading | Hitch for Caterpillar 651 Scraper | 8/31/2006 |
| AZ | Pinnacle Grading | Hitch for Caterpillar Series 651 Scraper | 2/1/2007 |
| AZ | Pinnacle Grading | Hitch for Caterpillar 651 Scraper | 1/30/2007 |
| AZ | Pinnacle Grading | Hitch for Caterpillar 651 Scraper | 1/30/2007 |
| AZ | Pinnacle Grading | Hitch for Caterpillar Scraper Model 651 | 3/15/2007 |
| AZ | Pinnacle Grading | Hitch for Caterpillar 651 Scraper | 9/27/2006 |
| AZ | Pinnacle Grading | Hoist Cylinder for Cat 651 Scraper | 9/28/2007 |
| AZ | Pinnacle Grading | Drop box for Caterpillar 651 | 2/1/2007 |
| AZ | Pinnacle Grading | Drop Box for 651 scraper | 1/26/2007 |
| AZ | Pinnacle Grading | Radiator, complete for Cat Model 651 scraper | 4/25/2007 |
| AZ | Pinnacle Grading | Radiator for Caterpillar Series 651 Scraper | 2/1/2007 |
| AZ | Pinnacle Grading | Radiator for Catepillar Scraper Model 651 | 3/28/2007 |
| AZ | Pinnacle Grading | Hydraulic Pump for Caterpillar Scraper Model 651 | 3/26/2007 |
| AZ | Pinnacle Grading | Ejector for Caterpillar Model 651 Scraper | 3/13/2007 |
| AZ | Pinnacle Grading | Ejector for Caterpillar Model 651 Scrapper | 2/1/2007 |
| AZ | Pinnacle Grading | Ejector for Cat Model 651 Scraper | 4/19/2007 |
| AZ | Pinnacle Grading | C Dozer - CAT D9L - 9L-03 | 3/1/2006 |
| AZ | Pinnacle Grading | C Dozer - CAT D9L - DL-04 | 3/1/2006 |
| AZ | Pinnacle Grading | Rockbuster Ripper for D-9 Dozer | 1/10/2008 |
| AZ | Pinnacle Grading | CAT D11N - D11-01 | 3/1/2006 |
| AZ | Pinnacle Grading | C Dozer - CAT D10N - ION - 05 | 3/1/2006 |
| AZ | Pinnacle Grading | C Dozer - CAT D10N - ION 9 | 3/1/2006 |
| AZ | Pinnacle Grading | Rebuild of D11 Undercarriage | 8/31/2007 |
| AZ | Pinnacle Grading | Track Guards, complete for Cat D11N Track Dozer | 9/28/2007 |
| AZ | Pinnacle Grading | Tracks Set for D10N Dozer | 5/21/2006 |
| AZ | Pinnacle Grading | Bell Model 4206B Tractor | 12/28/2006 |
| AZ | Pinnacle Grading | Rubber Track set complete for Challenger tractor | 4/9/2007 |
| AZ | Pinnacle Grading | Wheeled Dozer - CAT 834 B - 834-01A 280-001 | 3/1/2006 |

| | | | |
|---|---|---|---|
| AZ | Pinnacle Grading | Wheeled Dozer - CAT 834 B - 834-02 280-002 | 3/1/2006 |
| AZ | Pinnacle Grading | Wheeled Dozer - CAT 834 B - 834-03 280-003 | 3/1/2006 |
| AZ | Pinnacle Grading | Engine for 834B RTD | 9/26/2006 |
| AZ | Pinnacle Grading | Engine for 834 RTD | 8/31/2006 |
| AZ | Pinnacle Grading | Engine for 834 RTD | 10/5/2006 |
| AZ | Pinnacle Grading | Transmission for 834 RTD | 11/21/2006 |
| AZ | Pinnacle Grading | Transmission rebuild complete for Cat 834 RTD | 11/16/2007 |
| AZ | Pinnacle Grading | Transmission for 834 RTD | 10/18/2006 |
| AZ | Pinnacle Grading | Complete rebuild of Caterpillar Model 834 RTD | 2/1/2007 |
| AZ | Pinnacle Grading | Bee Gee Plane | 9/14/2006 |
| AZ | Pinnacle Grading | New Bee Gee | 6/28/2006 |
| AZ | Pinnacle Grading | 631-001 Water Pull | 3/1/2006 |
| AZ | Pinnacle Grading | Transmission for 631 Water Pull | 11/14/2006 |
| AZ | Pinnacle Grading | Retarder for 631 Water Puller | 8/16/2006 |
| AZ | Pinnacle Grading | Waterpull - CAT 651B - 651-28 360-028 | 3/1/2006 |
| AZ | Pinnacle Grading | Engine for 651 Water Puller | 11/10/2006 |
| AZ | Pinnacle Grading | Air Conditioning unit for Cat water wagon Model 621 | 11/16/2007 |
| AZ | Pinnacle Grading | Hydraulic Excavator - CAT 345BL 11 - 345-01 410-001 | 3/1/2006 |
| AZ | Pinnacle Grading | Cat Motor Grader - 16G | 5/5/2006 |
| AZ | Pinnacle Grading | Cat Motor Grader 14H | 5/5/2006 |
| AZ | Pinnacle Grading | 97 Chevy Mechanics Truck - MT 01 610-001 | 3/1/2006 |
| AZ | Pinnacle Grading | 98 Chevy Mechanics Truck - MT 02 610-002 | 3/1/2006 |
| AZ | Pinnacle Grading | 02 Peterbilt Mechanics Truck - MT 03 610-003 | 3/1/2006 |
| AZ | Pinnacle Grading | 02 Ford F650 Mechanics Truck - MT 04 610-004 | 3/1/2006 |
| AZ | Pinnacle Grading | 02 Ford F650 Mechanics Truck - MT 05 610-005 | 3/1/2006 |
| AZ | Pinnacle Grading | 96 Chevy Mechanics Truck - MT 06 610-006 | 3/1/2006 |
| AZ | Pinnacle Grading | 2004 Chevy P/U - 3123 | 6/30/2006 |
| AZ | Pinnacle Grading | F250 2005 Regular Cab | 3/1/2006 |
| AZ | Pinnacle Grading | Ford F150 for Jimmy | 3/31/2006 |
| AZ | Pinnacle Grading | F250 Diesel for Foremen | 9/5/2006 |
| AZ | Pinnacle Grading | 2003 Ford F250 | 9/15/2006 |
| AZ | Pinnacle Grading | Ford F250 Super Cab Gas Powered Pickup | 12/12/2006 |
| AZ | Pinnacle Grading | 2005 Chevrolet Silverado Reg Cab 2 whl drive | 12/31/2007 |
| AZ | Pinnacle Grading | 2005 Chevrolet Silverado Reg Cab 2 whl drive | 12/31/2007 |
| AZ | Pinnacle Grading | IMT Model 3203I 10,000 Lb Crane Rebuild | 8/3/2007 |
| AZ | Pinnacle Grading | Rebuild of IMT Crane controls and compressor for 610-003 service truck | 8/26/2007 |
| AZ | Pinnacle Grading | 10,000 lb crane control and compressor rebuild | 8/27/2007 |
| AZ | Pinnacle Grading | 1984 Kenworth Lube Truck - LT 03 650-001 | 3/1/2006 |

| AZ | Pinnacle Grading | International Lube Truck - LT 01 650.002 | 3/1/2006 |
|----|------------------|------------------------------------------|----------|
| AZ | Pinnacle Grading | 95 Chev Lube Truck - LT 02 650003 | 3/1/2006 |
| AZ | Pinnacle Grading | 2005 Peterbuilt Lube Truck | 6/28/2006 |
| AZ | Pinnacle Grading | Peterbuilt 2008 Model 367 Tractor | 5/8/2007 |
| AZ | Pinnacle Grading | 1999 Peterbuilt Model 379 EXHD Dump Truck | 8/1/2007 |
| AZ | Pinnacle Grading | 1999 Peterbuilt Model 379 EXHD Dump Truck | 8/1/2007 |
| AZ | Pinnacle Grading | 2004 Peterbuilt Model 378 Heavy Haul Tractor | 8/1/2007 |
| AZ | Pinnacle Grading | 1988 GMC Model 2800 Fuel Truck, two wheel drive | 12/31/2007 |
| AZ | Pinnacle Grading | Bumper, Complete for 10-ton Peterbuilt dump truck # 650-007 | 11/15/2007 |
| AZ | Pinnacle Grading | Extec Product Pump TXD-2A | 7/18/2007 |
| AZ | Pinnacle Grading | Honda ATV | 6/30/2006 |
| AZ | Pinnacle Grading | Honda 4-Wheeler ATV | 7/25/2006 |
| AZ | Pinnacle Grading | 27.25 35 Tire for 631 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 27.25 35 Tire for 631 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 27.25 35 Tire for 631 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 27.25 35 Tire for 631 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 29.5 x 29 tire for 621 Water Pull | 1/15/2007 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 11/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 3/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 3/1/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 3/28/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 3/28/2006 |

| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 3/8/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 3/8/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 3/8/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 3/8/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 4/17/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 4/17/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 5/16/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 5/16/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 5/16/2006 |
| AZ | Pinnacle Grading | 37.5 x 39 Tire for 651 Scraper | 5/16/2006 |
| AZ | Pinnacle Grading | 35/65 33 Tire for 834B RTD | 11/1/2006 |
| AZ | Pinnacle Grading | 35/65 33 Tire for 834B RTD | 11/1/2006 |
| AZ | Pinnacle Grading | 35/65 33 Tire for 834B RTD | 11/1/2006 |
| AZ | Pinnacle Grading | 35/65 33 Tire for 834B RTD | 11/1/2006 |
| AZ | Pinnacle Grading | 35/65 33 Tire for 834B RTD | 7/24/2006 |
| AZ | Pinnacle Grading | 35/65 33 Tire for 834B RTD | 7/24/2006 |
| AZ | Pinnacle Grading | Tire 35/65 33" for Caterpillar 834B | 2/1/2007 |
| AZ | Pinnacle Grading | Tire 35/65 33" for Caterpillar 834B | 2/1/2007 |
| AZ | Pinnacle Grading | Tire 35/65 33" for Caterpillar Model 834B | 2/1/2007 |
| AZ | Pinnacle Grading | Tire 35/65 33" for Catepillar 834B Rubber Tire Loader | 2/1/2007 |
| AZ | Pinnacle Grading | 33.25.29 Tire for 14G Grader | 11/1/2006 |
| AZ | Pinnacle Grading | 33.25.29 Tire for 14G Grader | 4/6/2006 |
| AZ | Pinnacle Grading | 33.25.29 Tire for 14G Grader | 4/6/2006 |
| AZ | Pinnacle Grading | 20.5 x 25 inch tires for 520-001 14G Grader | 10/1/2007 |
| AZ | Pinnacle Grading | 20.5 x 25 inch tires for 520-001 14G Grader | 10/1/2007 |
| AZ | Pinnacle Grading | 20.5 x 25 inch tires for 520-001 14G Grader | 10/1/2007 |
| AZ | Pinnacle Grading | 20.5 x 25 inch tires for 520-001 14G Grader | 10/1/2007 |
| AZ | Pinnacle Grading | 20.5 x 25 inch tires for 520-001 14G Grader | 10/1/2007 |
| AZ | Pinnacle Grading | 20.5 x 25 inch tires for 520-001 14G Grader | 10/1/2007 |
| AZ | Pinnacle Grading | 425/65R-22.5 tires for 2005 Peterbuilt | 10/3/2007 |
| AZ | Pinnacle Grading | 425/65R-22.5 tires for 2005 Peterbuilt | 10/3/2007 |
| AZ | Pinnacle Grading | GPS Unit  Single Mast | 7/12/2006 |
| AZ | Pinnacle Grading | GPS Unit for D8 Dozer | 7/12/2006 |
| AZ | Pinnacle Grading | Light Tower 1 - 62766 | 8/5/2006 |
| AZ | Pinnacle Grading | Light Tower 2 - 62760 | 8/2/2006 |
| AZ | Pinnacle Grading | Light Tower 3 - 62784 | 8/5/2006 |
| AZ | Pinnacle Grading | Light Tower 4 - 62761 | 8/5/2006 |
| AZ | Pinnacle Grading | Light Tower 5 - 62765 | 8/5/2006 |

| AZ | Pinnacle Grading | Light Tower 6 - 62768 | 8/5/2006 |
|----|------------------|------------------------|----------|
| AZ | Pinnacle Grading | Light Tower 7 - 62758 | 8/5/2006 |
| AZ | Pinnacle Grading | Light Tower 9  -  62759 | 8/5/2006 |
| AZ | Pinnacle Grading | Light Tower 10 - 62767 | 8/5/2006 |
| AZ | Pinnacle Grading | Light Tower 11 - 62764 | 8/5/2006 |
| AZ | Pinnacle Grading | Ingersoll Rand KTA-1150G Gen Set Complete | 8/1/2007 |
| AZ | Pinnacle Grading | Radiator for Ingersoll Rand KTA-1150G Gen-set | 8/9/2007 |
| AZ | Pinnacle Grading | Tires for Ingersoll Rand KTA-1150G Gen-set | 8/31/2007 |
| AZ | Pinnacle Grading | Hotsy Pressure Washer diesel-powered, liquid cooled 2500 psi system | 3/27/2007 |
| AZ | Pinnacle Grading | Trailer - Freuhauf Parts - FP 01 890-001 | 3/1/2006 |
| AZ | Pinnacle Grading | Cozad 60-ton Lowboy Trailer | 5/5/2007 |
| AZ | Pinnacle Grading | 2004 Cozad Nine Axle Trailer | 8/1/2007 |
| AZ | Pinnacle Grading | Air Compressor for New Shop | 11/17/2006 |
| AZ | Pinnacle Grading | Agtek Modeling Software | 1/12/2007 |
| AZ | Pinnacle Grading | Nordberg Rock Crusher, complete | 8/1/2007 |
| AZ | Pinnacle Grading | Eight Tires and Rims for Nordberg Rock Crusher | 8/31/2007 |
| AZ | Pinnacle Grading | Engine and Transmission | 3/1/2006 |
| AZ | Pinnacle Grading | Computer HP XW 4400 PROMOWINXP1.86GHZ1G | 2/8/2007 |
| AZ | Pinnacle Grading | Computer HP XW4400 PROMOWINXP1.86GHZ1G | 2/8/2007 |
| AZ | Pinnacle Grading | Rollup Digitizer | 7/3/2007 |
| AZ | Pinnacle Grading | Hewlett Packard Model 1906 Engineering Computer | 8/5/2007 |
| AZ | Pinnacle Grading | Pump System | 9/27/2006 |
| AZ | Pinnacle Grading | Capitalized Parts for Scrapers | 3/1/2006 |
| AZ | Pinnacle Grading | Ford F-350 Truck | 1/23/2009 |
| | | | |
| AZ | Rhodes Homes Arizona | 2007 Chevy Colorado Truck VIN #1GCCS149378109019 | 10/1/2006 |
| AZ | Rhodes Homes Arizona | 2003 Int'l Model 4700 Water Truck VIN 1HSSCAAN6VH451398 | 1/8/2007 |