J. Thomas Beckett, Utah Bar 5587
*Admitted Pro Hac Vice, Docket No. 224*
David P. Billings, Utah Bar #11510
*Admitted Pro Hac Vice, Docket No. 225*
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
(801) 536-6700
tbeckett@parsonsbehle.com;
dbillings@parsonsbehle.com

Rew R. Goodenow, Bar 3722
PARSONS BEHLE & LATIMER
50 West Liberty Street, Suite 750
Reno,  NV  89501
(775) 323-1601
rgoodenow@parsonsbehle.com

*Counsel to the Official Committee*

**E-filed:** August 15, 2009

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**THE RHODES COMPANIES,**<br>   aka "Rhodes Homes, *et al*.,"<br><br>Debtors. | Case No.  BK-S-09-14814-LBR<br> (Jointly Administered)<br><br>Chapter 11<br><br>Honorable Linda B. Riegle |

**FIRST INTERIM FEE APPLICATION OF PARSONS BEHLE & LATIMER**
**AS COUNSEL TO THE UNSECURED CREDITORS COMMITTEE**

Parsons Behle & Latimer ("Parsons Behle" or the "Firm"), counsel to the Official Committee (the "Committee") of Unsecured Creditors of The Rhodes Companies, aka "Rhodes Homes," *et al.,* (the "Debtor;" together with its filed affiliates, the "Debtors"), pursuant to 11 U.S.C. §§ 330(a), 331, 503(b)(2) and 507(a)(1), Federal Rule of Bankruptcy Procedure 2016, and pursuant to the procedures set forth in this Court's May 18, 2009 *"Order Granting Debtors' Motion for Administrative Order Pursuant to Sections 105(A) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016 Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Re: Docket No. 62]"* (the "Administrative

Compensation Order") [docket #180], hereby files its First Interim Fee Application (this "Application") for (i) compensation for fees earned in the amount of $31,335.25 and (ii) reimbursement for expenses incurred in the amount of $496.09, for the period of time between May 26, 2009 and June 30, 2009 (the "First Interim Compensation Period"), and respectfully states:

I.      **BACKGROUND.**

1. On March 31, 2009, petitions were filed in this Court to commence involuntary cases against Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On March 31, 2009, all the Debtors filed their "Written Consents to Entry of Orders For Relief" whereby they consented to the entry of orders for relief under the Bankruptcy Code.

3. On April 10, 2009, this Court entered an order authorizing the joint administration of the Debtors' cases. [Docket #18]

4. The Debtors currently operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these cases.

6. The exclusive period under section 1121(d)(1) of the Bankruptcy Code under which only the Debtors may file a plan of reorganization was terminated by Order of the Court on July 21, 2009, which Order further provided that none of the parties may file a plan of

reorganization or facilitate any other person in filing a plan of reorganization prior to August 28, 2009, regardless of the status of the Plan Mediation.

7. The 90-day period under Section 362(d)(3) of the Bankruptcy Code has been extended until August 28, 2009.

## II. THE COMMITTEE AND ITS ENGAGEMENT OF PARSONS BEHLE.

8. The Committee was constituted by the United States Trustee (the "U.S. Trustee") on May 26, 2009. [Docket #201]

9. Parsons Behle was duly selected by the Committee as its counsel on May 26, 2009.

10. Parsons Behle commenced to perform services and incur expenses on behalf of the Committee in the Debtors' bankruptcy cases on May 26, 2009.

11. On June 18, 2009, the Committee filed its Application to Employ Parsons Behle as Counsel to the Committee (the "Employment Application") [docket #249]. This Court's order granting the Employment Application (the "Order") was entered on August 3, 2009 [docket #380]. The terms and conditions of Parsons Behle's engagement as counsel to the Committee are set forth in the Employment Application and the Order.

## III. PARSONS BEHLE'S PREVIOUS MONTHLY STATEMENTS.

12. Parsons Behle has not presented any prior monthly statements to the Debtor pursuant to the Administrative Compensation Order or otherwise.

## IV. PARSONS BEHLE'S PRIOR APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT, AND THIS COURT'S AWARDS THEREON.

13. There have been no previous applications to the Court by Parsons Behle, or awards of interim or final compensation to Parsons Behle by the Court, in this case.

**V.  PAYMENTS TO PARSONS BEHLE IN RESPECT OF PREVIOUS MONTHLY STATEMENTS AND FEE APPLICATIONS.**

14. There have been no previous payments to Parsons Behle in respect of any monthly statements or fee applications or otherwise.

**VI.  PARSONS BEHLE'S PRESENT APPLICATION: FEES.**

15. In performing services for the Committee, Parsons Behle has attempted to minimize fees and expenses by utilizing, where possible, the most economical yet most effective methods, including (i) concentration, supervision and coordination on and of all services by one attorney, J. Thomas Beckett; (ii) assignment of projects to specific persons having sufficient expertise yet the lowest available billing rates; (iii) correspondence with the Committee's members and their constituents primarily by e-mail whenever possible, rather than by courier, postal service or telecopy; and (iv) not billing for unproductive travel time.

16. Parsons Behle has provided detail describing the tasks performed, and the time required to perform those tasks, at Exhibit "A."

17. The following professional employees of Parsons Behle have performed services on behalf of the Committee during the First Interim Compensation Period:

| Individual | Total Hours | Hourly Rate | Compensation |
|---|---|---|---|
| J. Thomas Beckett | 34.20 | $425.00 | $14,535.00 |
| Linda Osmond-Myers | 47.55 | 135.00 | 6,419.25 |
| Rew R. Goodenow | 10.20 | 350.00 | 3,570.00 |
| David P. Billings | 19.40 | 180.00 | 3,492.00 |
| Karl Y. Olsen | 8.00 | 265.00 | 2,120.00 |
| Adam Weinecker | 7.35 | 140.00 | 1,029.00 |
| Mark W. Dykes | 0.50 | 340.00 | 170.00 |

**Total Hours Billed: 127.20**
**Total Compensation Requested: $31,335.25**
**Blended Hourly Rate: $246.35**

18. The compensation requested is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

19. Parsons Behle has categorized its tasks by the following project categories, which are explained in more detail below:

| CODE | CATEGORY | TOTAL HOURS | TOTAL FEES | BLENDED RATE | % (FEES) |
|---|---|---|---|---|---|
| B01 | Case Administration | 62.10 | $9,111.75 | $146.73 | 30% |
| B04 | Hearings and Contested Matters | 14.80 | 5,010.00 | $338.51 | 16% |
| B05 | Plan of Reorganization | 3.00 | 1,157.50 | $385.83 | 3% |
| B06 | Committee Meetings/ Business | 47.30 | 16,056.00 | $339.45 | 51% |

20. These categories, sorted by the fees charged for each category, appear as follows:

| CODE | CATEGORY | TOTAL HOURS | TOTAL FEES | BLENDED RATE | % (FEES) |
|---|---|---|---|---|---|
| B06 | Committee Meetings/ Business | 47.30 | $16,056.00 | $339.45 | 51% |
| B01 | Case Administration | 62.10 | 9,111.75 | $146.73 | 30% |
| B04 | Hearings and Contested Matters | 14.80 | 5,010.00 | $338.51 | 16% |
| B05 | Plan of Reorganization | 3.00 | 1,157.50 | $339.45 | 3% |

21. Parsons Behle performed professional services during the First Compensation Period on behalf of the Committee in the following matters as broken down by project categories:

**A.    Case Administration / Legal Support ("B01")**

22. "Case Administration / Legal Support" is the project category which generally captures the billable administrative services rendered in support of Parsons Behle's representation of the Committee, which services do not easily fit in the other project categories.

23. The following individuals performed services during the First Interim Compensation Period with respect to the Case Administration / Legal Support project category:

05/13/09-06/30/09
**B01 – CASE ADMINISTRATION / LEGAL SUPPORT**

| NAME (INITIALS) | | TITLE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|---|
| J. Thomas Beckett | (JTB) | Shareholder | $425.00 | 1.50 | $ 637.50 |
| David P. Billings | (DPB) | Associate | 180.00 | 5.70 | 1,026.00 |
| Adam Weinacker | (AW) | Clerk | 140.00 | 7.35 | 1,029.00 |
| Linda Osmond-Myers | (LM) | Paralegal | 135.00 | 47.55 | 6,419.25 |
| | | | | | |
| **TOTAL HOURS & FEES** | | | | 62.10 | $9,111.75 |
| **PERCENT OF TOTAL APPLICATION (BY FEES)** | | | | | 30% |
| **BLENDED HOURLY RATE** | | | | | $146.73 |

**B.     Hearings / Contested Matters ("B04")**

24.     "Hearings / Contested Matters" is the project category which was created to hold the time of Parsons Behle professionals' investigation of, research on, preparation for and attendance at hearings on matters pending before the Court for which no other project category has been created.

25.     During the First Interim Compensation Period, such matters included hearings on (i) Application for Order Under Sections 327(a) of the Bankruptcy Code Authorizing the Limited Employment and Retention of Jeff Barcy As Financial Consultant to the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date [docket #152]; (ii) Application to Employ Sullivan Group Real Estate Advisors as Market Research Consultant [docket #155] ; (iii) Application to Employ Noel Bejarano as Business Operations Consultant [docket #158]; (iv) Motion For Authorization to Pay Salary to James M. Rhodes [docket #94]; (v) Emergency Motion to Extend Time on the 90-Day Time Period to File a Plan Under Section 362(d)(3) of the Bankruptcy Code for Certain of the Debtors [docket #233]; (vi) Emergency Motion to Extend Cash Collateral Termination Date [docket #236]; (vii) Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and/or Disclosure Statement [docket #261].

26. The following individuals performed services during the First Interim Compensation Period with respect to the Hearings / Contested Matters project category:

05/31/09-06/30/09
**B04 – HEARINGS / Contested Matters**

| NAME (INITIALS) | TITLE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| J. Thomas Beckett (JTB) | Shareholder | $425.00 | 6.80 | $2,890.00 |
| Karl Y. Olsen (KYO) | Shareholder | 265.00 | 8.00 | 2,120.00 |
| | | | | |
| **TOTAL HOURS & FEES** | | | **14.80** | **$5,010.00** |
| **PERCENT OF TOTAL APPLICATION (BY FEES)** | | | | **16%** |
| **BLENDED HOURLY RATE** | | | | **$338.51** |

### C. Plan of Reorganization ("B05")

27. "Plan of Reorganization" is the project category which was created to hold the time of Parsons Behle's professionals spent researching plan of reorganization issues, negotiating with all interested parties on Term Sheets leading to a reorganization plan.

28. The following individuals performed services during the First Interim Compensation Period with respect to the Plan of Reorganization project category:

05/13/09-06/30/09
**B05 – PLAN OF REORGANIZATION**

| NAME (INITIALS) | TITLE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|
| J. Thomas Beckett (JTB) | Shareholder | $425.00 | 1.500 | $637.50 |
| Rew R. Goodenow (RRG) | Shareholder | $350.00 | 1.00 | 350.00 |
| Mark W. Dykes (MWD) | Shareholder | $340.00 | .50 | 170.00 |
| | | | | |
| **TOTAL HOURS & FEES** | | | **3.00** | **$1,150.70** |
| **PERCENT OF TOTAL APPLICATION (BY FEES)** | | | | **3%** |
| **BLENDED HOURLY RATE** | | | | **$385.83** |

### D. Committee Meetings & Business ("B06")

29. "Committee Meetings & Business" is the project category created to contain the time of Parsons Behle's professionals spent (i) briefing the Committee on pending and impending

issues, (ii) preparing for and conducting meetings of the Committee, and (iii) responding to requests and inquiries from the Committee, its members and its constituency.

30. The following individuals performed services during the First Interim Compensation Period with respect to the Committee Meetings & Business project category:

05/13/09-06/30/09
**B06 – COMMITTEE MEETINGS & BUSINESS**

| NAME (INITIALS) | | TITLE | HOURLY RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|---|---|
| J. Thomas Beckett | (JTB) | Shareholder | $425.00 | 24.40 | $10,370.00 |
| Rew R. Goodenow | (RRG) | Shareholder | 350.00 | 9.20 | 3,220.00 |
| David P. Billings | (DPB) | Associate | 180.00 | 13.70 | 2,466.00 |
| | | | | | |
| **TOTAL HOURS & FEES** | | | | 47.30 | $16,056.00 |
| **PERCENT OF TOTAL APPLICATION (BY FEES)** | | | | | 52% |
| **BLENDED HOURLY RATE** | | | | | $339.45 |

### VII.  PARSONS BEHLE'S PRESENT APPLICATION: EXPENSES.

31. During the First Interim Compensation Period, Parsons Behle incurred actual and necessary expenses in the total amount of $496.09 in connection with its professional services rendered to the Committee. A list of these expenses is attached as Exhibit "B."

32. The amount of costs were computed utilizing the following methods of allocation:

| Cost Code | Description | Amount |
|---|---|---|
| 010 | PHOTOCOPIES | $ 62.97 |
| 161 | MEALS | 19.14 |
| 162 | HOTEL, TAXIS AND PARKING | 413.98 |
| **TOTAL** | | **$496.09** |

**Total Costs:  $496.09**

(Copies are charged at the rate of $.15 each.)
(Long distance calls are charged at actual cost.)
(Mileage is not charged.)

## VIII. OPINIONS, CERTIFICATIONS AND DISCLOSURES.

33. All services performed and expenses incurred for which compensation or reimbursement is requested were actually performed or incurred for and on behalf of the Committee and its constituency and not for the benefit of any other person or entity.

34. In the opinion of the undersigned, all such services actually benefited the estate and its unsecured creditors.

35. In the opinion of the undersigned, Parsons Behle's fees earned and expenses incurred in the First Interim Compensation Period are fair and reasonable in light of the services rendered.

36. Parsons Behle certifies that none of the compensation or reimbursement for costs applied for in this application will be shared with any entity in violation of 11 U.S.C. § 504.

37. Parsons Behle has not made any agreements with the Committee, the Debtor or others for compensation or reimbursement which have not been disclosed to the Court.

38. To the best knowledge of the undersigned, all quarterly fees have been paid to the U. S. Trustee and all monthly operating reports have been filed.

39. The undersigned has recently inquired of all attorneys employed by Parsons Behle with respect to those matters initially disclosed to the Court pursuant to Federal Rule of Bankruptcy Procedure 2014 and has determined, after reviewing the results of that inquiry, that no further disclosure is warranted at this time.

**WHEREFORE**, Parsons Behle prays

1. That interim compensation and reimbursement be awarded to Parsons Behle in the total amount of $33,831.34, which includes $31,335.25 for professional services rendered and $496.09 for expenses incurred during the First Interim Compensation Period;

2. That such amounts be allowed as priority administrative expenses of the estate pursuant to 11 U.S.C. § 503(b)(2) and 507(a)(1);

3. That the Debtor be authorized and directed, pursuant to 11 U.S.C. §§ 330 and 331, to pay such amounts from the estate as set forth herein, to the extent permitted under the Administrative Compensation Order; and

4. For such other and further relief as is just and reasonable in the circumstances.

DATED: this 15th day of August, 2009:

**PARSONS BEHLE & LATIMER**

/s/ J. Thomas Beckett
J. Thomas Beckett
201 S. Main St. Suite 1800
Salt Lake City, Utah   84111
*Counsel to the Committee*