Zachariah Larson, Esq. (NV Bar No. 7787)　　　　　　　　　　E-Filed 8-26-09
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com
Co-Counsel for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,"[1]<br><br>　　　　　Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☒　　All Debtors<br>☐　　Affects the following Debtor(s) | Hearing Date: October 2, 2009<br>Hearing Time: 1:30 PM<br>Courtroom 1 |

**FIRST INTERIM FEE APPLICATION OF LARSON & STEPHENS, LLC
SEEKING COMPENSATION FOR LEGAL SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES**

This first application for allowance of compensation (the "First Application") is filed by LARSON & STEPHENS, LLC ("L&S"), bankruptcy counsel for The Rhodes Companies, LLC

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

and all related Debtors' ("Debtors"). Pursuant to this First Application Period, L&S respectfully requests that the Court enter an Order:

    a)    For the period from April 1, 2009 through June 30, 2009 ("Application Period"), allowing L&S professional compensation in the amount of $75,915.00 and reimbursement of actual and necessary expenses in the amount of $3,612.50;

    b)    Authorizing the Debtors to pay to L&S all unpaid fees and expenses as allowed by the Court;

    c)    Determining that the total amount of professional fees charged by L&S to the Debtors during the Application Period are reasonable within the meaning of 11 U.S.C. § 330(a); and

    d)    Determining that the total amount of reimbursable expenses incurred by L&S during the First Application Period are actual and necessary within the meaning of 11 U.S.C.§330(a).

This First Application is supported by the attached points and authorities and the exhibits to the First Application which contain descriptions and analysis of the professional services rendered and the expenses incurred by L&S.

DATED this 24th day of August, 2009.

LARSON & STEPHENS

By: /s/ Zachariah Larson, Esq.
Zachariah Larson, Esq., Bar No.: 7787
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Attorney for Debtor

## LARSON & STEPHENS
## BILLING SUMMARY

| | |
|---|---|
| Fees Previously Requested | $ 0.00 |
| Fees Previously Awarded | $ 0.00 |
| | |
| Expenses Previously Requested | $ 0.00 |
| Expenses Previously Awarded | $ 0.00 |
| | |
| Retainer Paid | $150,000.00 |
| Drawn on Retainer | $ 11,280.00 |
| Remaining Retainer | $138,710.00 |
| | |
| Current Application Fees Requested | $ 75,915.00 |
| Current Application Expenses Requested | $  3,612.50 |

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

3

**Professional Services**

| NAMES OF PROFESSIONALS & PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| Shareholders: | | | | |
| Zachariah Larson | 2001 | | 350.00 | |
| Kyle O. Stephens | 2001 | | 350.00 | |
| | | | | |
| Associates: | | | | |
| Michael Walsh | 2006 | | 200.00 | |
| | | | | |
| Paraprofessional: | | | | |
| Carey Shurtliff | | | 125.00 | |
| Susan Stanton | | | 125.00 | |
| | | | | |
| *TOTAL & BLENDED HOURLY RATE* | | *397.80* | | *$75,915.00* |

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

4

**EXPENSES**

| Expense | Rate | Total |
|---|---|---|
| Federal Express | | $0.00 |
| Photocopies | $0.25 per page | $897.50 |
| Messenger | $0.44.5 per mile | $310.00 |
| Filing Fees | | $525.00 |
| Postage | | $310.90 |
| Parking expense | | $0.00 |
| Westlaw research fees | | $0.00 |
| Pacer Research | $0.08 per page | $2.00 |
| Out of Office copies at Kinkos | | $34.98 |
| Transcript Costs | | $1,232.12 |
| Meals | | $300.00 |
| **Total** | | **$3,612.50** |

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

# POINTS AND AUTHORITIES

## I. GENERAL BACKGROUND

1. On March 31, 2009 and April 1, 2009 (the "Petition Dates"), the Debtors filed thirty-two (32) voluntary Chapter 11 petitions, thereby commencing this Chapter 11 case which the Court has previously ordered to be joint administered.

2. Debtors continue to operate its business as Debtor-in-possession in accordance with Sections 1107 and 1108 of the United States Bankruptcy Code.

3. This is the First Fee Application for Allowance of Interim compensation and Reimbursement of Expenses filed by L&S in the above-captioned case. L&S continues to hold in its trust account a retainer in the amount of $138,710.00.

4. Pursuant to this First Application, L&S requests allowance of compensation of $75,915.00, and reimbursement of expenses of $3,612.50 in connection with services provided during the Application Period.

5. L&S's First Application is a "core proceeding" which the Court has jurisdiction to decide pursuant to 28 U.S.C. §§ 157(a), (b), and 1334. The statutory authority for the relief requested by L&S is 11 U.S.C. § 330. This First Application has been filed in accordance with Federal Bankruptcy Rule 2016 and the Guidelines of the Office of the United States Trustee for the District of Nevada.

## II. CASE STATUS

The Debtors are in the process of selling substantially all of its assets; however, it continues to operate as Debtor-in-Possession. As such, L&S continues to assist the Debtors with the normal administrative responsibilities that are typical in any Chapter 11 proceeding involving a public company.

**First Day Motions**

<u>General Ex Parte Applications.</u>  Concurrent with the filing of the Petitions on March 31, and April 1, 2009, the Debtor presented to the Bankruptcy Court various motions designed to assist the

6

Debtors in making a smooth transition into Chapter 11, which "first day motions" included:

1. <u>Employment of Professionals</u>.  On the April 13, 2009, the Debtors Submitted Applications for Order Approving Employment of Larson & Stephens, LLC and for Pachulski, Stang, Ziehl and Jones, LLP, as Attorneys for Debtors.  The Orders were entered on May 21, 2009 and May 26, 2009.

2. <u>Payment of Wages and Benefits</u>.  On the April 1, 2009, Debtors submitted an Ex Parte Application for Authorizing to Pay Wages, Salaries, Employee Benefits and Reimbursable Employee Expenses inclusive of prepetition compensation to its Employees; contributions or payments to or for the benefit of its employees with respect to the employee benefit plans; to direct all applicable banks and other financial institutions to receive, process, honor and pay any and all checks representing prepetition compensation drawn on the Debtors' payroll accounts, whether presented prior to or after the Petition Date in accordance with the stated policies with regard thereto, provided sufficient funds exist in the payroll accounts to cover such payment; to pay all costs incident to prepetition compensation and employee benefit contributions (such as payroll-related taxes and processing costs); to honor the vacation accrual; to pay, on behalf of its employees, voluntary insurance premiums; to settle and pay workers' compensation claims, and maintain deposits, surety bonds and excess insurance.  A Final Order approving the Application was entered on April 17, 2009.

3. <u>Cash Collateral</u>.  On the April 1, 2009, Debtors submitted an Emergency Motion For An Interim Order Authorizing Use of Cash Collateral And Related Relief and Scheduling Final Hearing Pursuant to Fed. R. Bankr. P. 4001(b)(2) and moved the Court for a temporary order authorizing use of cash collateral until such time as a final order may be entered regarding Debtors' Motion following a final hearing on the Motion.  An Order Approving the Use of Cash Collateral and setting a final hearing was entered on April 30, 2009.  This Motion was renewed on June 16, 2009 and a Final Order as to the renewed Motion was entered on July 21, 2009.

4. <u>Home Sales</u>.  On the April 1, 2009, Debtors submitted a Motion for Entry of Order (I) Authorizing the Debtor(s) to Sell Homes free and Clear of Liens, Claims,

7

Encumbrances and other Interests, (II) Establishing Procedures for the Resolution and Payment of Liens and Claims and moved the Court to allow the Debtors to honor the home sales contracts. A Final Order approving the Application was entered on April 17, 2009.

5. <u>Joint Administration</u>. On the April 1, 2009, Debtors submitted a Motion for Joint Administration and moved the Court to allow all thirty-two (32) cases to be jointly administered. A Final Order approving the Application was entered on April 17, 2009.

6. <u>Utilities</u>. On the April 1, 2009, Debtors submitted a Motion for an Order under Section 366 of the Bankruptcy Code (A) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Service, (B) Deeming Utilities Adequately Assured of Future Performance, and (C) Establishing Procedures for Determining Adequate Assurance of Payment; Memorandum of Points and Authorities and moved the Court to prohibit all utility providers from refusing or discontinuing services to the Debtors. A Final Order approving the Application was entered on May 18, 2009.

7. <u>Customer Programs</u>. On the April 1, 2009, Debtors submitted a Motion for Entry of an Order Pursuant to Sections 105(a), 363(c), 1107(a), 1108 of the Bankruptcy Code Authorizing the Debtors to Honor Prepetition Obligations to customers and to otherwise Continue Customer Practices and Programs in the Ordinary Course of Business and moved the Court to allow the Debtor to honor all customer programs consisting of warranties and obligations contracted to customers by the Debtors. A Final Order approving the Application was entered on April 17, 2009.

8. <u>Cash Management</u>. On the April 1, 2009, Debtors submitted a Motion for Under 11 U.S.C. 105, 363, 503(b), 1107 and 1108 Authorizing (I) Maintenance of certain Existing Bank Accounts, (II) Continued Use of Existing Business Forms, (III) Continued Use of Existing Cash Management System, (IV) Providing Administrative Priority Status to Filed and moved the Court to maintain and use existing prepetition accounts, forms and cash management system. A Final Order approving the Application was entered on April 30, 2009.

9. <u>Monthly Compensation</u>. On the April 15, 2009, Debtors submitted a Motion for Approval of Procedures for Administrative Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and bankruptcy Rule 2016 Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals and moved the Court to establish procedures for interim monthly compensation and reimbursement of expenses of professionals. A Final Order approving the Application was entered on May 18, 2009.

**Other Pleadings.**

1. On or about April 22, 2009, Debtors filed its Motion to Limit Notice Procedures. Debtor's Motion requested the Court's approval on limiting notice procedures. An order approving the Application was entered on or about May 21, 2009.

2. On or about April 23, 2009, Debtors filed its Application to Employ Real Estate Advisors, LLC. Debtor's Application requested authorization to employ Real Estate Advisors as its Work-Out Consultants. An order approving the Application was entered on or about June 24, 2009.

3. On or about April 23, 2009, Debtors filed its Application for Authorization to Pay Salary of James M. Rhodes, the principal of the thirty-two (32) entities. An order approving Debtors' motion was entered on or about July 21, 2009.

4. On or about April 23, 2009, Debtors filed its Application to Pursuant to Sections 105(A), 363(B), and 507(A)(8) of the Bankruptcy Code Authorizing Payment of Certain Prepetition Sales and Use Taxes. Debtors' Application requested authorization to pay sales and use taxes. An order approving the Application was entered on or about May 18, 2009.

5. On or about April 23, 2009, Debtors filed its Application to Employ Acceleron Group, LLC. The Application sought an order from the Court authorizing the employment of Acceleron Group, LLC as valuation advisors. An order approving the Application was entered on or about May 18, 2009.

6. On or about May 8, 2009, Debtors filed its Motion Pursuant to Sections 105(A), 327, 328, and 330 of the Bankruptcy Code for an Order Authorizing the Debtors to Retain, Employ, and

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1  Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business. An
2  order approving the Application was entered on or about May 19, 2009.

3      7.    On or about May 11, 2009, Debtors filed its Application to Employ Jeff Barcy. The
4  Application sought an order from the Court authorizing the employment of Jeff Barcy as financial
5  consultant. An order approving the Application was entered on or about June 15, 2009.

6      8.    On or about May 11, 2009, Debtors filed its Application to Employ Sullivan Group
7  Real Estate Advisors. The Application sought an order from the Court authorizing the employment of
8  Sullivan Group Real Estate Advisors as market research consultants. An order approving the
9  Application was entered on or about June 15, 2009.

10      9.    On or about May 11, 2009, Debtors filed its Application to Employ Noel Bejarano.
11  The Application sought an order from the Court authorizing the employment of Noel Bejarano as
12  business operations consultants. An order approving the Application was entered on or about June
13  15, 2009.

14      10.    On or about May 27, 2009, Debtors filed its Application for Entry of an Order
15  Authorizing the Debtors to Publish Notice of the Bar Dates and Approving the Form of the
16  Publication Notice Pursuant to FRBP 2002(1). The Application sought an order from the Court
17  authorizing Debtors to publish bar dates and to approve the notice to be used for publication. An
18  order approving the Application was entered on or about June 9, 2009.

19      11.    On or about June 16, 2009, Debtors filed its Motion to Extend the Exclusivity
20  Period. Debtor's Motion requested that the Court enter an Order to extend the exclusivity period for
21  the filing of Debtors' plan of reorganization up to and including August 28, 2009. An order
22  approving a stipulation between the parties was entered on or about July 21, 2009.

23      12.    On or about June 22, 2009, Debtors filed its Motion to Extend Time within which
24  Debtors may Assume or Reject Unexpired Leases. Debtors' Motion requested that the Court
25  entered an Order extending the time within which to accept or reject the unexpired leases and was
26  extended to October 27, 2009. An order approving the Motion was entered on or about July 21,
27  2009.

28

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

The Debtors have filed with the Court and served on the United States Trustee's Office all monthly operating reports. The Debtors are also current on its quarterly fee obligations to the United States Trustee's Office. With respect to accrued but unpaid administrative expenses, the Debtors believe that it is current on all such expenses other than post petition professional fees and cost that are subject to approval by this Court.

### III.  TASKS PERFORMED BY L&S DURING THE APPLICATION PERIOD

The Application Period encompassed by this Application runs from April 1, 2009 through June 30, 2009. During the Application Period, L&S provided a wide range of services to the Debtors. The discussion below provides an overview of the services performed by task category. A detailed description of the work performed by L&S in each of the categories listed below is contained in Exhibit "A" to this First Application.

#### A.  General Case Administration

L&S billed 152.8 hours ($22,017.50) regarding various general matters which otherwise did not fall into specific task categories below or overlapped a number of categories. The majority of the time was spent in conferences and telephone calls with representatives of the Debtors concerning the bankruptcy process and its status; verifying creditor information and updating the master mailing matrices; review and logging incoming documents; and coordinating with the client regarding various notices resulting from the bankruptcy filing. Finally, a significant amount of time was spent conferring with various creditors and former employees about the bankruptcy process and payments to creditors.

#### B.  Preparation of Schedules and Statements

L&S billed 6.3 hours ($1,480.00) for the preparation and filing of Debtors' statements and schedules, as well as preparation of amendments to such statements and schedules. The preparation of Debtors' statements and schedules proved to be difficult due to the state of Debtors' operations and the loss of critical employees on a pre-petition basis.

**C.     Initial Debtor Interview / 341(a) Creditors Meeting**

L&S billed 3.2 hours ($1,120.00) for preparing for and attending the initial debtor interview and preparing for and attending the 341(a) meetings of creditors.

**D.     First Day Motions and Orders**

L&S billed 135.0 hours ($26,310.00) regarding various First Day Motions and Orders filed by the Debtors on the Petition Date as more fully described above. Time included conferring with the Office of the United States Trustee concerning the case, attending the first day hearings, and follow up matters regarding these Motions including the preparation and filing of the applicable orders, as well as noticing to appropriate parties.

**E.     Monthly Operating Reports**

L&S billed 12.5 hours ($2,327.50) regarding debtor-in-possession monthly operating reports.

**F.     L&S Retention, Fee Applications and Budget**

L&S billed 6.9 hours ($1,362.50) during the Application Period regarding various issues concerning L&S's retention and employment by the Debtors. Included in this time were the preparation of task categories for fee application purposes and the review of monthly billings to comply with the Administrative Order.

**G.     Other Professionals Retention and Fee Applications**

L&S billed 15.9 hours ($3,337.50) regarding the retention of other professionals and fee application issues. Time was spent in this category in discussions with Debtors regarding the need for an outside accounting and financing entity, and in preparing employment applications for various individuals and companies to continue in the day-to-day operations of the Debtors' thirty-two (32) entities.

**H.     Claims Administration and Other Litigation**

L&S billed 65.2 hours ($17,960.00) in this category. Time was spent in this category evaluating and reviewing various creditors' claims. Finally, this category includes miscellaneous time evaluating various proofs of claim asserted against the estate conferring with

various creditors over the status of their claims.

## IV. CONTENTS OF THE ATTACHED SUPPORTING EXHIBITS

Exhibit "A" attached to this Application identifies and provides chronologically throughout the Application Period: (a) the dates on which L&S performed professional services for the Debtors; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person. These time entries are grouped by task category.

Also in Exhibit "A" attached to this Application contains a detailed statement of actual and necessary out-of-pocket expenses incurred and paid by L&S during the Application Period in its representation of the Debtors. To date, L&S has not been reimbursed for any of the expenses it has incurred and paid during the Application Period.

Thus, the attached supporting Exhibit "A" contains a thorough and detailed description of L&S's professional services and reimbursable expenses.

## V. STANDARDS RELEVANT TO INTERIM PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT

The fees billed by L&S to the Debtors for professional services rendered during the Application Period total $79,527.50. This amount was calculated (as required by Bankruptcy Code Section 330) in accordance with the standards used to calculate what would be charged for comparable services in a non-bankruptcy situation.

The pertinent factors to be considered in establishing fees for legal services rendered are: (a) the time and labor required, the novelty and the difficulty of the questions involved, and the skill required to perform the legal services properly; (b) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (c) the fee customarily charged for similar services; (d) the amount involved and the results obtained; (e) the time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than in regular business hours; (f) the nature and length of the professional relationship with the client; (g) the experience, reputation, and ability of the lawyers

performing the services; and (h) whether the fee is fixed or contingent. In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), cert. Denied, 431 U.S. 904 (1977); American Bar Association's Code of Professional Responsibility, Disciplinary Rule 2-106.

L&S submits that its requested professional compensation during the Application Period is fair and reasonable under the circumstances of this case and its representation of the Debtors therein.

L&S has also incurred and paid out-of-pocket expenses totaling $3612.50 during the Application Period. The items for which expense reimbursement are being sought are not included in L&S's overhead, and are not, therefore, a part of the hourly rates charged by L&S.

Most of the photocopying charges have been incurred in reproducing: (a) petition, schedules and statements prepared and filed in this case; (b) pleadings prepared, filed and served in this case; and (c) research materials. In each of the above-referenced instances (and other similar situations), copies were needed promptly at the time, and/or it was not otherwise feasible for L&S to make other photocopying arrangements. L&S charges 25¢ per page for photocopying.

L&S submits that the expenses which it has incurred and paid in rendering legal services to the Debtor during the Application Period are reasonable and necessary under the circumstances of this case and that the reimbursement to L&S for such expense is appropriate and should be allowed.

## VI. COMPLIANCE WITH SECTION 504 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016

L&S has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which L&S is seeking compensation and reimbursement as set forth in this First Application, except as permitted by Bankruptcy Code section 504(b)(1).

## VII. CONCLUSION

WHEREFORE, L&S respectfully requests that the Court enter an Order:

1. For the Period from April 1, 2009 through June 30, 2009, allowing L&S professional compensation in the amount of $75,915.00, and reimbursement of actual and necessary expenses in the amount of $3,612.50, for a total of $79,527.50;

14

2.    Determining that the total amount of professional fees charged by L&S to the Debtor during their Chapter 11 case is reasonable within the meaning of 11 U.S.C. § 330(a); and determining that the total amount of reimbursable expenses incurred by L&S during the Chapter 11 case are actual and necessary within the meaning of 11 U.S.C. § 330(a);

3.    Authorizing the Debtor to pay to L&S all unpaid fees and expenses as allowed by the Court; and

4.    Granting such other and further relief as the Court deems just and appropriate.

DATED this 24th day of August, 2009.

                                                                       LARSON & STEPHENS

By:   /s/ Zachariah Larson, Esq.
       Zachariah Larson, Esq., Bar No. 7787
       810 S. Casino Center Blvd., Suite 104
       Las Vegas, NV 89101
       Attorneys for Debtor

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

15