AUGUST B. LANDIS, Assistant United States Trustee
State Bar # IA PK9228
EDWARD M. MCDONALD JR., Attorney
State Bar # NY EM2209
edward.m.mcdonald@usdoj.gov
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 Attorney Ext. 234
Facsimile: (702) 388-6658

Attorneys for the Acting United States Trustee
    SARA L. KISTLER

E-Filed on August 28, 2009

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

**THE RHODES COMPANIES,**
aka "Rhodes Homes, et al.,"[1]

                                Debtor(s).

CASE NOS: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Date: October 2, 2009
Time: 1:30 p.m.
Location: Foley Courtroom 1

**THE ACTING UNITED STATES TRUSTEE'S LIMITED OPPOSITION TO FIRST INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND**

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing, LLC (Case No. 09-14820); Gung-ho Concrete, LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc., (Case No. 09-14843); Rhodes Ranch GP (Case No. 09-14844); Rhodes Design & Dev. (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions, IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackkknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and, Pinnacle Grading, LLC (Case No. 09-14887).

### REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTOR AND DEBTORS IN POSSESSION FOR THE PERIOD MARCH 31, 2009 THROUGH JUNE 30, 2009

The Acting United States Trustee opposes the First Interim Application of Pachulski Stang Ziehl & Jones ("PSZ&L") for Allowance and Payment of Compensation and Reimbursement of Expenses as Co-Counsel to the Debtor and Debtors in Possession for the Period March 31, 2009 Through June 30, 2009 (the "Application") to the extent that the Application seeks payment for services related to a motion for compensation of James Rhodes, a non-debtor insider with separate legal counsel. This objection is supported by the documents comprising the official court docket in this case, and the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

1. Pursuant to 28 U.S.C. § 586(a)(3), the Acting United States Trustee is charged with responsibility for supervising the administration of cases under Chapters 7, 11, 12 and 13 of the United States Bankruptcy Code.[2] The Acting United States Trustee has standing to raise and to "appear and be heard on any issue in any case or proceeding" brought under the Code. 11 U.S.C. § 307.

2. All debtors commenced their respective cases by filing voluntary petitions under the Code on March 31, 2009, with the exception of Rhodes Homes Arizona, LLC, Tuscany Golf Country Club, LLC and Pinnacle Grading, LLC, which filed voluntary petitions under the Code on April 1, 2009.

3. These cases are jointly administered under the lead case styled In re The Rhodes Companies, Case No. 09-14814-LBR. [Docket Entry # 18]

4. Non-debtor James Rhodes is represented in these bankruptcies by Greenberg Traurig LLP. [*See, e.g.*, Docket # 45, Declaration of Brett A. Axelrod at p. 2 of 7, para. 2]

---

[2] 11 U.S.C. § 101 *et seq.* References hereafter to the "Code" refer to the United States Bankruptcy Code. References to "Section" refer to sections of the Code.

|   |   |
|---|---|
| 1 | 5. On April 1, 2009, Debtors filed a Motion for Order Under 11 U.S.C. §§ 105, 363, 503(b), 1107 and 1108 Authorizing (I) Maintenance of Certain Existing Bank Accounts, (II) Continued Use of Business Forms, (III) Continued Use of Existing Cash Management System, (IV) Providing Administrative Priority Status to Postpetition Intercompany Claims, and (V) Waiver of Section 345(b) Deposit and Investment Requirements [Docket Entry # 10]. |

5. On April 1, 2009, Debtors filed a Motion for Order Under 11 U.S.C. §§ 105, 363, 503(b), 1107 and 1108 Authorizing (I) Maintenance of Certain Existing Bank Accounts, (II) Continued Use of Business Forms, (III) Continued Use of Existing Cash Management System, (IV) Providing Administrative Priority Status to Postpetition Intercompany Claims, and (V) Waiver of Section 345(b) Deposit and Investment Requirements [Docket Entry # 10].

6. Pursuant to an agreement between the Acting United States Trustee and the Debtors, the order approving post-petition payment of the employees of the Debtors provided that permission to pay James Rhodes compensation for post-petition wages would be sought by separate motion. [Docket # 19, p. 4 of 5]

7. On April 23, 2009, the Debtors applied to the Court for permission to pay their president, James Rhodes, an annual salary of $400,000, the same salary he was paid before the commencement of the bankruptcies. [Docket # 94] The Acting United States Trustee opposed the application [Docket 144]. On July 21, 2009, the Court entered an order approving an annual salary of $300,000 for Mr. Rhodes during the pendency of the bankruptcies. [Docket # 335]

8. On August 14, 2009, PSZ&J filed the Application seeking approval of $903,777.76 in fees and costs. [Docket # 407]

9. The fees requested by PSZ&J include fees related to the motion to pay James Rhodes. PSZ&J's invoice #83450, dated April 30, 2009, includes a section entitled "Comp.of Prof./Others"[3] that appears to be primarily composed of work in getting Mr. Rhodes paid. [*See* Docket 407-1, pp. 8 - 10 of 28] The fees listed under this section total $17,194.50. [*Id.* at p. 10 of 28] Certain time entries in this section, including the six entries between April 3rd and April 14th and one entry on April 23rd, may not be related to securing Court approval for Mr. Rhodes' salary. [*See* Docket 407-1, pp. 8 and 11 of 28] The other entries in this section do appear to be related to Mr. Rhodes' salary and total $ 15,965.50. [*See* Docket 407-1, pp. 8 - 10 of 28]

---

[3] A description of this sub-section is provided in the Application, which indicates that 42.50 hours of work was performed until this rubric, including work on Mr. Rhodes' compensation, as well as reviewing "fee statements from other professionals for reasonableness." [Docket # 407, p. 13 of 33, para. H/38]

10. PSZ&J's invoice #84134, dated May 31, 2009, also includes the section entitled "Comp.of Prof./Others," which appears to be entirely composed of work to get Mr. Rhodes paid. [*See* Docket 407-5, p. 12 of 62] This section totals $2,393.50 in fees [*Id.*]

11. PSZ&J's invoice #84528, dated June 30, 2009, also includes the section entitled "Comp.of Prof./Others," which appears to be primarily composed of work to get Mr. Rhodes paid. [*See* Docket 407-6, pp. 8 - 9 of 30] The fees listed under this section total $2,989.50. [*Id.* at p. 9 of 30] Certain time entries in this section, including the first three entries in this section, may not be related to securing Court approval for Mr. Rhodes' salary. [*Id.*] The other entries in this section do appear to be related to Mr. Rhodes' salary and total $ 2,811.00. [*Id.*]

12. Together, the fees for work done by PSZ&J in April, May and June 2009 attributable to efforts to secure a post-petition salary for Mr. Rhodes total $21,170.

13. The Code provides that:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103–
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a).

14. The Code also provides that "[i]n determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including ... whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)( C).

15. Taking into account the fact that James Rhodes is not one of the debtors, and has separate counsel representing him in these bankruptcies, the $21,170.00 in fees sought by PSZ&J for work that primarily benefitted James Rhodes should not be borne by the Debtors. These fees

are not reasonable because it was not necessary for PSZ&J to perform this work at the expense of the estates of the Debtors, when Mr. Rhodes' counsel, Greenberg Traurig LLP, was perfectly able to represent Mr. Rhodes' interests.

**WHEREFORE**, the Acting United States Trustee requests that if the Court approves the Application, that it reduce the allowed fees by $21,170.

Dated: August 28, 2009

Respectfully submitted,

**THE UNITED STATES TRUSTEE**

By: _/s/ Edward M. McDonald Jr._
Edward M. McDonald Jr., Esq.
Attorney for the United States Trustee

## CERTIFICATE OF MAILING

I, the undersigned, hereby certify and declare that I deposited a true and correct copy of this limited opposition in first class United States mail, postage fully prepaid, and, if a facsimile number is listed, by facsimile, on this date to each of the parties listed below:

Zachariah Larson, Esq.
Larson & Stephens, LLC
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101

James Stang, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067-4100

Dated: August 28, 2009

**OFFICE OF THE UNITED STATES TRUSTEE**

By: /s/ Edward M. McDonald Jr.
An Authorized Employee of the United States Trustee