James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
scho@pszjlaw.com
wdisse@pszjlaw.com

E-File: September 4, 2009

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br>Hearing Date: October 2, 2009<br>Hearing Time: 1:30 p.m.<br>Courtroom: 1 |
| Affects:<br>☐ All Debtors | |

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

☒ Affects the following Debtor(s)
RHODES DESIGN AND DEVELOPMENT CORPORATION

**MOTION OF DEBTOR FOR ORDER APPROVING STIPULATION TO LIFT THE AUTOMATIC STAY TO EFFECTUATE PREPETITION SETTLEMENT WITH THE FULKS HOMEOWNERS; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

By this Motion (the "Motion"), Rhodes Design & Development Corp. ("RD&D"), one of the above-captioned debtors and debtors in possession (the "Debtors"), respectfully requests that the Court approve the stipulation (the "Stipulation"), attached as Exhibit "1" to the proposed order, with plaintiffs Eric Fulks, Trust Of Henry Hung-Yeh Tiee, Samuel and Ossie L. Wiggins, Kerry Anderson, Willie and Lenell Patrick, Jr., William and Carol Q. Griffith, Heidi Metellus, Robert C. and Lorraine Anthonisen, Jr., Bryan and Carla Bertges, Audrey Gray, Margaret F. Williams-Jones; James Candela and Diane Rosser, Roberto And Veronica Medina, Neville Emerton and Julia Moore, Gwen E. Amie, Andrea Crapanzano, Lynn I. Thayer, Christine Graeven and Antoinette Buyan, Paul H. Evers, Vickie L. Curtis, Jeffrey W. and Brenda S. Baker, William N. Thurston, Donald Fieselman and Lisa Wochinski, David Garcia, Linda L. Dale, Farrow J. and Hellen A. Smith, Michael Orlando; Kevin G. Fellowes; Stephen M. Robison; Lee A. O'Brien; Brad and Amie Modglin; Donell Jackson; Larry J. and Ardis Leavitt; Attila S. and Roanna Maczala; Peter M. Chura and Michael T. Palladino; Portia Powell and Victoria Leigh; James and Simone Cook; Curtis A. and Susan Bunce; and Thomas C. Groce (collectively, the "Homeowners"). The Stipulation provides for the lifting of the automatic stay for the limited purpose of authorizing the parties to take the actions necessary to effectuate a prepetition settlement (the "Settlement"), and the withdrawal of proofs of claim exceeding $4 million in the aggregate.

RD&D believes that the Settlement is a prepetition settlement because it was entered into the record in District Court prior to the Petition Date. Nevertheless, out of an abundance of caution, in case the Court believes the Settlement is not a prepetition settlement because certain actions still need to be taken to effectuate the Settlement, RD&D is seeking court approval of the Settlement pursuant to Federal Rule of Bankruptcy Procedure 9019(a). For the reasons set forth

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

below, including that all payments to obtain the release of claims against RD&D are being made by RD&D's insurer, the Settlement is in the best interests of RD&D's estate, all of the Debtors in these cases, and all parties in interest.

A copy of the proposed order approving this Motion is attached hereto as Exhibit "A."

## I.

## STATEMENT OF FACTS

### A. General Background

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### B. The Litigation

2. The Homeowners are the owners of forty (40) single-family residences in a development known as the Preserve located in Las Vegas, Nevada. The residences were originally developed and sold by RD&D. On September 26, 2006, the Homeowners filed an action (the "Litigation") in Clark County District Court (Eighth Judicial District Court) (the "District Court") to recover for constructional defects in the above-referenced forty (40) homes, which is identified as *Fulks, et al. v. Rhodes Design and Development, et al.*, Clark County District Court Case No. A528806. Defense counsel for RD&D's insurer, Lexington Insurance (the "Insurer"), responded on behalf of RD&D and a third-party complaint was filed which named a number of the original subcontractor entities that worked at the Preserve as third-party defendants (the "Third-Party Defendants"). The Homeowners believe they are entitled to

recover from insurance policies with respect to certain claims and causes of action related to the alleged defects for the forty (40) homes in the Litigation.

**C. Prepetition Settlement**

3. In February of 2009, the Settlement was reached for the construction defect Litigation which, as regards RD&D, consists of certain payments to be made by RD&D's Insurer in return for an executed release from each of the Homeowners. The Settlement was put on the record in District Court in March of 2009. The entirety of RD&D's portion of the Settlement amount, $437,250, for the release of all Claims against RD&D, will be paid by RD&D's Insurer; none of the monies needed to effectuate the Settlement on behalf of RD&D will be provided by funds from the RD&D bankruptcy estate.

**D. The Stipulation**

4. Pursuant to the Stipulation, the Homeowners shall proceed against RD&D as a nominal defendant only so that the Homeowners may proceed with and enforce the Settlement that was reached in the Litigation. As stated above, the monies to be paid on behalf of RD&D are solely through RD&D's available insurance policies.

5. Any and all portions of the Homeowners' claims or causes of action, whether prepetition or postpetition claims or causes of action, that are not fully satisfied by RD&D's available insurance policies under the Settlement are forever waived and discharged as against RD&D and the Debtors, even if the Homeowners are unable to obtain any recovery from any insurance policies. The Homeowners' $4 million in claims that have been filed in the RD&D bankruptcy case, and are listed on Attachment A to the Stipulation, shall be deemed withdrawn and the claims agent shall be directed to reflect such proofs of claims as withdrawn.

6. RD&D supports the Settlement and the Stipulation because the Insurer is paying for the release of RD&D. The compromise reached in the Settlement is a fair and reasonable one, offering the best net result for the estate because the Settlement promptly resolves these disputes, avoiding protracted and expensive litigation, and eliminates RD&D's exposure of approximately $4 million under the Litigation, as represented by the proofs of claim being withdrawn pursuant to the Stipulation, without expending any of RD&D's funds.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

## II.

## CAUSE EXISTS TO LIFT THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF PERMITTING THE PARTIES TO EFFECTUATE THE SETTLEMENT

The automatic stay imposed by section 362(a) of the Bankruptcy Code ("Code"), 11 U.S.C. §362(a), may be terminated, annulled, modified or conditioned upon a finding of cause:

> [T]he court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause ….

11 U.S.C. §362(d)(1). "Cause" has no single definition and is to be determined case-by-case. *In re Tuscon Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985).

Among the "causes" justifying stay relief to permit continuation of a prepetition nonbankruptcy action is that granting stay relief would promote judicial economy and save costs. *In re Kemble*, 776 F.2d 802 (9th Cir. 1985); *In re Universal Life Church, Inc.*, 127 B.R. 453 (E.D. Cal. 1991), *affirmed* 965 F.2d 777.

In the present case, the Stipulation permits all the parties, including RD&D, to avoid protracted and expensive litigation, while eliminating RD&D's exposure under the Litigation at no cost to RD&D's estate. The Stipulation also provides for the withdrawal of 40 claims asserted in RD&D's bankruptcy case in the aggregate amount exceeding $4 million. Accordingly, as the Stipulation promotes judicial economy and saves extensive costs, RD&D respectfully submits that cause exists to lift the automatic stay to permit the Settlement to be effectuated, and the Stipulation should be approved.

## III.

## THE SETTLEMENT IS IN THE BEST INTEREST OF THE ESTATE

As stated above, RD&D believes the Settlement is a prepetition settlement because it was entered into the record in District Court prior to the Petition Date. Nevertheless, out of an abundance of caution, if the Court believes the Settlement is not a prepetition settlement then

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

RD&D is seeking approval of the Settlement pursuant to Federal Rule of Bankruptcy Procedure 9019(a).

**A. <u>Standard for Approval of Settlements</u>**

Federal Rule of Bankruptcy Procedure 9019(a) provides,

> On motion by the trustee and after hearing on notice to creditors, the debtor and indenture trustees as provided in Rule 2002(a) and to such other entities as the court may designate, the court may approve a compromise or settlement.

The standard for approval of a compromise was further addressed by the Supreme Court in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968). There, the Court held that a bankruptcy court in considering whether to approve a compromise, should inform itself regarding

> all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* The court further held in *TMT Trailer* that compromises reached during the course of insolvency proceedings must be "fair and reasonable." 390 U.S. at 424. Significantly, the court stated that "[b]asic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." *Id.*

In determining whether the proposed settlement is fair and equitable, two principles should guide this Court. First, "[c]ompromises are favored in bankruptcy," 10 Lawrence P. King, *Collier on Bankruptcy*, ¶ 9019.01, at 9019-2 (15th ed. rev. 1997) (citing *In re Sassalos*, 160 B.R. 646, 653 (D. Ore. 1993)), and are "a normal part of the reorganization process." *Anderson*, 390 U.S. at 424, 88 S.Ct. at 1163 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130, 60 S.Ct. 1, 14 (1939)); *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986) ("The law favors compromise and not litigation for its own sake…."); *Michael*, 183 B.R. at 232 (Bankr. D. Mont. 1995) ("[I]t is also well established that the law favors compromise.");

*Best Products*, 16 B.R. at 50; *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (Court recognizes "the general rule that settlements are favored….").

Second, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). *See generally In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (Court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis*, 165 B.R. at 123; *In re Tech. for Energy Corp.*, 56 B.R. 307, 311-312 (Bankr. E.D. Tenn. 1985); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 608 (Bankr. N.D. Ohio 1985); 10 *Collier on Bankruptcy* ¶ 9019.02, at 9019-4.

The Ninth Circuit Court of Appeals has held that the determination of whether a proposed settlement agreement meets the requisite standards of fairness, equity and reasonableness, is a function of several factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of creditors and a proper deference to their reasonable views. *See Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied sub nom., Martin v. Robinson*, 479 U.S. 854 (1986); *accord Woodson v. Fireman's Fund Insur. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988); *In re MGS Marketing*, 111 B.R. 264, 267 (B.A.P. 9th Cir. 1990).

**B. <u>Application to the Settlement</u>**

1. <u>Probability of Success in Litigation</u>

By entering into the Settlement, RD&D eliminates the risk of lengthy, costly and potentially unsuccessful litigation.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

2. Difficulty of Collection

This second factor typically applies where a debtor asserts a claim against a third party and that party's collectibility is in issue. This factor is not applicable.

3. Complexity, Expense and Burden of Litigation

This third factor clearly favors approval of the Settlement. By entering into the Settlement, RD&D will avoid any potential expense regarding the Litigation.

4. Interest of Creditors

Under the Settlement, the Insurer is paying for the release of all claims against RD&D. Accordingly, under the Settlement RD&D eliminates future litigation costs and exposure under the Lawsuit, as evidenced by the proofs of claim the Homeowners filed, at no cost to the estate. In addition, RD&D has reviewed the circumstances of the Settlement and does not believe that it has any claims or causes of action that will be released against the Homeowners and, therefore, RD&D does not believe it is relinquishing any *bona fide* claims with respect to the Homeowners.

RD&D submits that the proposed Settlement should be approved because (i) it is supported by sound business justification, (ii) it is reasonable, and (iii) the four *Martin* factors weigh in favor of approval. The Settlement results in a fair and equitable compromise for the estate at no expense to the estate. Given the cost of litigation, RD&D believes that the Settlement is in the best interests of the estate, creditors and all parties in interest. RD&D believes that the terms of the Settlement are fair and reasonable, satisfy the standard promulgated by the Ninth Circuit governing compromise of controversies under Bankruptcy Rule 9019 and should be approved.

**IV.**

**NOTICE**

Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to the secured lenders; (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; (v) counsel to the Homeowners; (vi) counsel to the subcontractors; and (vii) the Insurer and its counsel. RD&D submits that in light of the nature of the relief requested and that no monies of the estate are being expended under the Settlement, no other or further notice need be given.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

## V.

## CONCLUSION

**WHEREFORE**, RD&D respectfully requests that the Court approve the Stipulation, approve the Settlement if the Settlement is not a prepetition settlement and grant such other and further relief as is just and proper under the circumstances.

**DATED** this 4th day of September, 2009.

LARSON & STEPHENS

*/s/ Zachariah Larson, Esq.*
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**DECLARATION OF PAUL D. HUYGENS**

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects for the Debtors.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others within the Debtors' organization), my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors and Rhodes Design & Development Corp. ("RD&D"). If called upon to testify, I would testify to the facts set forth in this Declaration.

3. The Homeowners, as defined in the Motion, are the owners of forty (40) single-family residences in a development known as the Preserve located in Las Vegas, Nevada. The residences were originally developed and sold by RD&D. On September 26, 2006, the Homeowners filed an action (the "Litigation") in Clark County District Court (Eighth Judicial District Court) (the "District Court") to recover for constructional defects in the above-referenced forty (40) homes, which is identified as *Fulks, et al. v. Rhodes Design and Development, et al.*, Clark County District Court Case No. A528806. Defense counsel for RD&D's insurer, Lexington Insurance (the "Insurer"), responded on behalf of RD&D and a third-party complaint was filed which named a number of the original subcontractor entities that worked at the Preserve as third-party defendants (the "Third-Party Defendants"). The Homeowners believe they are entitled to recover from insurance policies with respect to certain claims and causes of action related to the alleged defects for the forty (40) homes in the Litigation.

4. In February of 2009, a settlement was reached for the construction defect Litigation. The settlement was put on the record in District Court in March of 2009. A copy of the stipulation (the "Stipulation") to enable the parties to enforce the settlement (the "Settlement") is attached to the proposed order as Exhibit "1."

5. RD&D supports the Stipulation and the Settlement because the Insurer, which waived its reservation of rights as to the defense of the Lawsuit, is paying for the release of RD&D. The compromise reached in the Settlement is a fair and reasonable one, offering the best

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

net result for the estate because the Settlement promptly resolves these disputes, avoiding protracted and expensive litigation, and eliminates RD&D's exposure of approximately $4 million under the Litigation, as demonstrated by the proofs of claim filed in RD&D's bankruptcy case, without expending any of RD&D's funds.

6. By entering into the Settlement, RD&D eliminates the risk of lengthy, costly and potentially unsuccessful litigation.

7. RD&D has reviewed the circumstances of the Settlement and does not believe that it has any claims or causes of action that will be released pursuant to its release of the Homeowners and, therefore, RD&D does not believe it is relinquishing any *bona fide* claims with respect to the Homeowners.

8. The proposed Settlement results in a fair and equitable compromise for the estate at no expense to the estate. Overall, given the substantial risk of lengthy, costly and potentially unsuccessful litigation, I believe that the Settlement and all its provisions are reasonable, fair and in the best interest of the Debtor, its estate, creditors and all parties in interest.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 3rd day of September 2009, at Las Vegas, Nevada.

*/s/Paul D. Huygens*
Paul D. Huygens

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

# EXHIBIT “A”

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

James I. Stang, Esq. (SBN 94435)
Shirley S. Cho, Esq. (SBN 192616)
Werner Disse, Esq. (SBN 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
scho@pszjlaw.com
wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date: October 2, 2009<br>Hearing Time: 1:30 p.m.<br>Courtroom 1 |

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

Affects:
☐ All Debtors
☒ Affects the following Debtor(s)

RHODES DESIGN AND DEVELOPMENT CORPORATION

**ORDER GRANTING MOTION OF DEBTOR FOR ORDER APPROVING STIPULATION TO LIFT THE AUTOMATIC STAY TO EFFECTUATE PREPETITION SETTLEMENT WITH THE FULKS HOMEOWNERS [DOCKET NO. ___]**

Upon consideration of the *Motion of Debtor for Order Approving Stipulation to Lift the Automatic Stay to Effectuate Prepetition Settlement with the Fulks Homeowners* [Docket No. ___] (the "Motion")[2] and good cause appearing, it is hereby ORDERED

1. The Motion is granted.

2. The Stipulation attached hereto as Exhibit "1" is approved and the automatic stay is lifted for the limited purpose of permitting the parties to take all actions necessary to effectuate the Stipulation and the Settlement pursuant to the Motion.

APPROVED / DISAPPROVED:

DATED this ____ day of September 2009.

By: ___________________________
UNITED STATES TRUSTEE
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV 89101

---

14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] All defined terms not defined herein shall have the same meaning as in the Motion.

Submitted by:
DATED this 4th day of September 2009.

By: *____/s/Zachariah Larson__________*

LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorney for Debtors and Debtors in Possession*

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170 Fax: (702) 382-1169

# EXHIBIT "1"

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
scho@pszjlaw.com
wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[3]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☐ All Debtors<br>☒ Affects the following Debtor(s)<br>Rhodes Design and Development Corporation | |

---

[3] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**STIPULATION FOR MODIFICATION OF AUTOMATIC STAY – FULKS ACTION**

This stipulation (the "Stipulation") is made and entered into by Elkhorn Partners Limited Partnership, a Nevada Limited Partnership; Elkhorn Investments, Inc., a Nevada Corporation; Rhodes Design and Development Corporation, a Nevada Corporation doing business as Rhodes Homes ("RD&D") and Eric Fulks, Trust Of Henry Hung-Yeh Tiee, Samuel and Ossie L. Wiggins, Kerry Anderson, Willie and Lenell Patrick, Jr., William and Carol Q. Griffith, Heidi Metellus, Robert C. and Lorraine Anthonisen, Jr., Bryan and Carla Bertges, Audrey Gray, Margaret F. Williams-Jones; James Candela and Diane Rosser, Roberto And Veronica Medina, Neville Emerton and Julia Moore, Gwen E. Amie, Andrea Crapanzano, Lynn I. Thayer, Christine Graeven and Antoinette Buyan, Paul H. Evers, Vickie L. Curtis, Jeffrey W. and Brenda S. Baker, William N. Thurston, Donald Fieselman and Lisa Wochinski, David Garcia, Linda L. Dale, Farrow J. and Hellen A. Smith, Michael Orlando; Kevin G. Fellowes; Stephen M. Robison; Lee A. O'Brien; Brad and Amie Modglin; Donell Jackson; Larry J. and Ardis Leavitt; Attila S. and Roanna Maczala; Peter M. Chura and Michael T. Palladino; Portia Powell and Victoria Leigh; James and Simone Cook; Curtis A. and Susan Bunce; and Thomas C. Groce (collectively, "Homeowners"), through their respective counsel, and is made in reference to the following facts:

A. Homeowners are the owners of forty (40) single-family residences in a development known as the Preserve located in Las Vegas, Nevada. The residences were originally developed and sold by RD&D. On September 26, 2006, Homeowners filed an action in Clark County District Court (Eighth Judicial District Court) to recover for constructional defects in the above-referenced forty (40) homes. The case is identified as *Fulks, et al. v. Rhodes Design and Development, et al.*, Clark County District Court Case No. A528806. Insurance defense counsel responded on behalf of RD&D and a third-party complaint was filed which named a number of the original subcontractor entities that worked at the Preserve as Third-Party Defendants.

B. Sometime in February of 2009, a settlement (the "Settlement") was reached for the construction defect case, *Fulks, et al. v. Rhodes Design and Development et al.*, and the

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

Settlement was put on the record in March of 2009. Pursuant to the Settlement, Homeowners believe they are entitled to recover from insurance policies with respect to certain claims and causes of action related to the alleged defects for the forty (40) homes in that action. The Settlement consists of certain payments to be made by the various insurance companies which insured the subcontractor Third-Party Defendants and RD&D in return for an executed release from each of the Homeowners.

C. On March 31, 2009, RD&D filed a chapter 11 petition under the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada. As a result of the pendency of the bankruptcy case, all proceedings against RD&D are automatically stayed.

D. RD&D is willing to stipulate to the modification of the automatic stay for the sole purpose of allowing Homeowners to proceed with the Settlement, which was put on the record prior to March 31, 2009, and only as against applicable insurance proceeds pursuant to the terms of the Settlement. The entirety of the Settlement amount will be paid from RD&D's insurance provider; none of the monies needed to effectuate the Settlement will be provided by funds from the RD&D bankruptcy estate.

NOW, THEREFORE, IT IS HEREBY STIPULATED by the undersigned parties, through their counsel and respective representatives that:

(a) The automatic stay under section 362 of the Bankruptcy Code shall be modified, subject to Bankruptcy Court approval, to permit Homeowners to proceed against RD&D as a nominal defendant only so that the Homeowners may proceed with and enforce the Settlement that was reached in *Fulks, et al. v. Rhodes Design and Development, et al.*, Clark County District Court Case No. A528806. The Settlement in that action and the monies to be paid on behalf of RD&D are solely through RD&D's available insurance policies

(b) Any and all portions of the Homeowners' claims or causes of action, whether prepetition or postpetition claims or causes of action, that are not fully satisfied by RD&D's available insurance policies under the Settlement are hereby forever waived and discharged as against RD&D and the Debtors, even if the Homeowners are unable to obtain any recovery from any insurance policies. Upon entry of the Order approving this Stipulation, Homeowners' claims

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

that are filed in the RD&D bankruptcy case, and listed on Attachment A hereto, shall be deemed withdrawn and the claims agent shall be directed to reflect such proofs of claims as withdrawn.

(c) The Bankruptcy Court retains jurisdiction to resolve any dispute arising from the interpretation or enforcement of this Stipulation.

(d) By entering into this Stipulation, RD&D is not waiving any defenses at law or in equity.

DATED this 4th day of September 2009.

By: */s/ Eric Ransavage*
SHINNICK, RYAN & RANSAVAGE P.C.
Duane E. Shinnick, (NV Bar No. 7176)
Eric Ransavage, (NV Bar No. 8876)
2881 Business Park Court, Ste. 210
Las Vegas, Nevada 89128
Telephone: (702) 631-8014
Facsimile: (702) 631-8024
*Counsel for Homeowner Plaintiffs*

DATED this 4th day of September 2009.

By: */s/ Zachariah Larson*
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
(702) 382-1170 (Telephone)
(702) 382-1169 (Facsimile)
zlarson@lslawnv.com
*Counsel for Debtors*

Attachment A

| Claim # | Claimant | Amount | Date |
|---|---|---|---|
| 58 | NEVILLE EMERTON AND JULIA MOORE | $100,000.00 | 07/16/09 |
| 59 | PAUL EVERS | $100,000.00 | 07/16/09 |
| 60 | KEVIN FELLOWES | $100,000.00 | 07/16/09 |
| 61 | MIKELL AND LINDA DALE | $100,000.00 | 07/16/09 |
| 62 | VICKIE CURTIS | $100,000.00 | 07/16/09 |
| 63 | JAMES AND SIMONE COOK | $100,000.00 | 07/16/09 |
| 64 | PETER CHURA AND MICHAEL PALLADINO | $100,000.00 | 07/16/09 |
| 65 | JAMES CANDELA AND DIANE ROSSER | $100,000.00 | 07/16/09 |
| 66 | CURTIS BUNCE | $100,000.00 | 07/16/09 |
| 67 | BRYAN AND CARLA BERTGES | $100,000.00 | 07/16/09 |
| 68 | JEFFREY AND BRENDA BAKER | $100,000.00 | 07/16/09 |
| 69 | SEBASTIAN AND ANDREA CRAPANZANO | $100,000.00 | 07/16/09 |
| 70 | ROBERT AND LORRAINE ANTHONISEN | $100,000.00 | 07/16/09 |
| 71 | KERRY ANDERSON | $100,000.00 | 07/16/09 |
| 72 | GWEN E. AMIE | $100,000.00 | 07/16/09 |
| 73 | MARGARET WILLIAMS-JONES | $100,000.00 | 07/16/09 |
| 74 | SAMUEL AND OSSIE WIGGINS | $100,000.00 | 07/16/09 |
| 75 | HENRY AND HUNG-YEH TIEE & JENNY AND DAVID PEACOCK | $100,000.00 | 07/16/09 |
| 76 | WILLIAM THURSTON | $100,000.00 | 07/16/09 |
| 77 | LYNN THAYER | $100,000.00 | 07/16/09 |
| 78 | FARROW AND HELLEN SMITH | $100,000.00 | 07/16/09 |
| 79 | STEPHEN ROBISON | $100,000.00 | 07/16/09 |
| 80 | WILLIE AND LENELL PATRICK | $100,000.00 | 07/16/09 |
| 81 | MICHAEL AND MICHELLE ORLANDO | $100,000.00 | 07/16/09 |
| 82 | LEE O'BRIEN | $100,000.00 | 07/16/09 |
| 83 | BRAD AND AMIE MODGLIN | $100,000.00 | 07/16/09 |
| 84 | HEIDI METELLUS | $100,000.00 | 07/16/09 |
| 85 | VERONICA AND ROBERTO MEDINA | $100,000.00 | 07/16/09 |
| 86 | ATTILLA AND ROANNA MACZALA | $100,000.00 | 07/16/09 |
| 87 | VICTORIA LEIGH AND PORTIA POWELL | $100,000.00 | 07/17/09 |
| 88 | LARRY AND ARDIS LEAVITT | $100,000.00 | 07/17/09 |
| 89 | DONELL JACKSON | $100,000.00 | 07/17/09 |
| 90 | THOMAS GROCE | $100,000.00 | 07/17/09 |
| 91 | F. WILLARD AND CAROL GRIFFITH | $100,000.00 | 07/17/09 |
| 92 | AUDREY GRAY | $100,000.00 | 07/17/09 |
| 93 | CHRISTINE GRAEVEN AND ANTOINETTE BUYAN | $100,000.00 | 07/17/09 |
| 94 | DAVID GARCIA AND VICKEY MURRAY-GARCIA | $100,000.00 | 07/17/09 |
| 95 | DAVID GARCIA AND VICKEY MURRAY-GARCIA | $100,000.00 | 07/17/09 |
| 96 | ERIC AND CAROLE FULKS | $100,000.00 | 07/17/09 |
| 97 | DONALD FIESELMAN AND LISA WOCHINSKI | $100,000.00 | 07/17/09 |

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169