James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

E-File: September 4, 2009

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☐    All Debtors<br>☒    Affects the following Debtor(s) | Hearing Date:  October 2, 2009<br>Hearing Time:  1:30 p.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:207396.4

RHODES DESIGN AND DEVELOPMENT CORPORATION

## MOTION OF DEBTOR FOR ORDER APPROVING STIPULATION TO LIFT THE AUTOMATIC STAY TO EFFECTUATE PREPETITION SETTLEMENT WITH THE KITEC HOMEOWNERS; <u>DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF</u>

By this Motion (the "<u>Motion</u>"), Rhodes Design & Development Corp. ("<u>RD&D</u>"), one of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), respectfully requests that the Court approve the stipulation (the "<u>Stipulation</u>"), attached as <u>Exhibit "1"</u> to the proposed order, and the members of Creditors Class 6 Plaintiffs, as identified below in paragraph 3, in *In re Kitec Fitting Litigation*, Case No. A493302 (the "<u>Nevada Class Action</u>"), currently pending in District Court of Nevada, Clark County (the "<u>District Court</u>").  The Stipulation provides for the lifting of the automatic stay for the limited purpose of authorizing the parties to take the actions necessary to effectuate a prepetition settlement (the "<u>Settlement</u>"), and the withdrawal by the settling plaintiffs of their portion of the Class proof of claim, which as a result shall be reduced from $5.6 million to $5.3 million.

RD&D believes that the Settlement is a prepetition settlement because it was entered into the record in District Court prior to the Petition Date.  Nevertheless, out of an abundance of caution, in case the Court believes the Settlement is not a prepetition settlement because certain actions still need to be taken to effectuate the Settlement, RD&D is seeking court approval of the Settlement pursuant to Federal Rule of Bankruptcy Procedure 9019(a).  For the reasons set forth below, including that all payments to obtain the release of claims against RD&D are being made by RD&D's insurer, the Settlement is in the best interests of RD&D's estate, all of the Debtors in these cases, and all parties in interest.

A copy of the proposed order approving this Motion is attached hereto as <u>Exhibit "A."</u>

///
///
///
///

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:207396.4

2

# I.

# STATEMENT OF FACTS

**A. General Background**

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**B. The Litigation**

2. The Nevada Class Action is, inter alia, a construction defect class action filed on behalf of all owners of a residence in Clark County, Nevada, that contains or at any time contained a Kitec or PlumbBetter plumbing system or components (the "Class").

**C. Prepetition Settlement**

3. As a result of numerous mediation and settlement discussions held in connection with the Nevada Class Action, on August 26, 2008, RD&D reached an agreement to fully and finally resolve the claims of twenty-five (25) Plaintiff homeowners against RD&D in the Nevada Class Action (the "Rhodes Subclass A"). The settlement was read into the record in the Nevada Class Action on August 26, 2008.

4. Pursuant to the terms of the Settlement, in exchange for RD&D's (1) payment in the amount of $200,000 from insurance proceeds only to be paid by RD&D's insurer, Lexington Insurance (the "Insurer"); (2) assignment of claims against its plumbing subcontractor, Classic Plumbing, Inc., to Rhodes Subclass A; and (3) agreement not to pursue additional insured claims, Rhodes Subclass A will dismiss its claims against RD&D in the Nevada Class Action on an address-by-address basis for the RD&D-constructed residences in The Preserves development.

**D.     The Stipulation**

5.     Pursuant to the Stipulation, RD&D is willing to agree to lift the automatic stay pursuant to 11 U.S.C. § 362 for the sole purposes of permitting: (1) RD&D and Rhodes Subclass A's counsel to jointly move the District Court for preliminary and final approval of their proposed settlement pursuant to NRCP 23(e); (2) RD&D to participate in the Nevada Class Action Formal Fairness Hearing; and (3) the District Court to enter findings, a judgment, and an order in connection with the Nevada Class Action Formal Fairness Hearing if the District Court makes the necessary findings pursuant to NRCP 23(e) and NRS 17.245.

6.     Any and all portions of Rhodes Subclass A's claims or causes of action, whether prepetition or postpetition claims or causes of action, that are not fully satisfied by RD&D's available insurance policies under the Settlement are waived and discharged as against RD&D, even if Rhodes Subclass A is unable to obtain any recovery from any insurance policies.  Upon entry of the Order approving this Stipulation, only that portion of the Class claim, which has been designated as proof of claim number 60 filed in the RD&D bankruptcy case, concerning Rhodes Subclass A shall be deemed withdrawn.  The claims agent shall be directed to amend the claims register to reflect that the amount of proof of claim number 60 is reduced from the unliquidated, estimated amount of $5,605,000 to the still unliquidated, estimated amount of $5,308,125.  This reduction in the amount of proof of claim number 60 reflects that approximately 447 Creditor Class 6 Plaintiffs in the Nevada Class Action remain with claims against RD&D for homes it constructed with Kitec in the Tiburon and Granada Hills communities.  RD&D does not admit to the validity of the remainder of proof of claim number 60 and RD&D reserves any and all defenses and rights to challenge the validity of proof of claim number 60.

7.     RD&D supports the Stipulation and the Settlement because the Insurer is paying for the release of RD&D.  The compromise reached in the Settlement is a fair and reasonable one, offering the best net result for the estate because the Settlement promptly resolves these disputes, avoiding protracted and expensive litigation, eliminates RD&D's exposure of

approximately $300,000 under the Litigation without expending any of RD&D's funds and resolves the portion of the Class proof of claim that pertains to Rhodes Subclass A.

## II.

## CAUSE EXISTS TO LIFT THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF PERMITTING THE PARTIES TO EFFECTUATE THE SETTLEMENT

The automatic stay imposed by section 362(a) of the Bankruptcy Code ("Code"), 11 U.S.C. §362(a), may be terminated, annulled, modified or conditioned upon a finding of cause:

> [T]he court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause ….

11 U.S.C. §362(d)(1). "Cause" has no single definition and is to be determined case-by-case. *In re Tuscon Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985).

Among the "causes" justifying stay relief to permit continuation of a prepetition nonbankruptcy action is that granting stay relief would promote judicial economy and save costs. *In re Kemble*, 776 F.2d 802 (9th Cir. 1985); *In re Universal Life Church, Inc.*, 127 B.R. 453 (E.D. Cal. 1991), *affirmed* 965 F.2d 777.

In the present case, the Stipulation permits all the parties, including RD&D, to avoid protracted and expensive litigation, while eliminating RD&D's exposure under the Litigation at no cost to RD&D's estate. The Stipulation also provides for the withdrawal of the portion of the Class claim asserted in RD&D's bankruptcy case that pertains to Rhodes Subclass A. Accordingly, as the Stipulation promotes judicial economy and saves extensive costs, RD&D respectfully submits that cause exists to lift the automatic stay to permit the Settlement to be effectuated, and the Stipulation should be approved.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

# III.

## THE SETTLEMENT IS IN THE BEST INTEREST OF THE ESTATE

As stated above, RD&D believes the Settlement is a prepetition settlement because it was entered into the record in District Court prior to the Petition Date. Nevertheless, out of an abundance of caution, if the Court believes the Settlement is not a prepetition settlement then RD&D is seeking approval of the Settlement pursuant to Federal Rule of Bankruptcy Procedure 9019(a).

### A.    Standard for Approval of Settlements

Federal Rule of Bankruptcy Procedure 9019(a) provides,

> On motion by the trustee and after hearing on notice to creditors, the debtor and indenture trustees as provided in Rule 2002(a) and to such other entities as the court may designate, the court may approve a compromise or settlement.

The standard for approval of a compromise was further addressed by the Supreme Court in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968). There, the Court held that a bankruptcy court in considering whether to approve a compromise, should inform itself regarding

> all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* The court further held in *TMT Trailer* that compromises reached during the course of insolvency proceedings must be "fair and reasonable." 390 U.S. at 424. Significantly, the court stated that "[b]asic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." *Id.*

In determining whether the proposed settlement is fair and equitable, two principles should guide this Court. First, "[c]ompromises are favored in bankruptcy," 10 Lawrence P. King, *Collier on Bankruptcy*, ¶ 9019.01, at 9019-2 (15th ed. rev. 1997) (citing *In re Sassalos,* 160 B.R. 646, 653 (D. Ore. 1993)), and are "a normal part of the reorganization process."

*Anderson*, 390 U.S. at 424, 88 S.Ct. at 1163 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130, 60 S.Ct. 1, 14 (1939)); *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986) ("The law favors compromise and not litigation for its own sake…."); *Michael*, 183 B.R. at 232 (Bankr. D. Mont. 1995) ("[I]t is also well established that the law favors compromise."); *Best Products*, 16 B.R. at 50; *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (Court recognizes "the general rule that settlements are favored….").

Second, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.,* 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). *See generally In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (Court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis*, 165 B.R. at 123; *In re Tech. for Energy Corp.*, 56 B.R. 307, 311-312 (Bankr. E.D. Tenn. 1985); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 608 (Bankr. N.D. Ohio 1985); 10 *Collier on Bankruptcy* ¶ 9019.02, at 9019-4.

The Ninth Circuit Court of Appeals has held that the determination of whether a proposed settlement agreement meets the requisite standards of fairness, equity and reasonableness, is a function of several factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of creditors and a proper deference to their reasonable views. *See Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied sub nom., Martin v. Robinson*, 479 U.S. 854 (1986); *accord Woodson v. Fireman's Fund Insur. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988); *In re MGS Marketing*, 111 B.R. 264, 267 (B.A.P. 9th Cir. 1990).

**B.       Application to the Settlement**

      1.       Probability of Success in Litigation

By entering into the Settlement, RD&D eliminates the risk of lengthy, costly and potentially unsuccessful litigation.

      2.       Difficulty of Collection

This second factor typically applies where a debtor asserts a claim against a third party and that party's collectibility is in issue. This factor is not applicable.

      3.       Complexity, Expense and Burden of Litigation

This third factor clearly favors approval of the Settlement. By entering into the Settlement, RD&D will avoid any potential expense regarding the Litigation.

      4.       Interest of Creditors

Under the Settlement, the Insurer is paying for the release of all claims against RD&D. Accordingly, under the Settlement RD&D eliminates future litigation costs and exposure under the Lawsuit at no cost to the estate. In addition, RD&D has reviewed the circumstances of the Settlement and does not believe that it has any claims or causes of action that will be released against Rhodes Subclass A and, therefore, RD&D does not believe it is relinquishing any *bona fide* claims with respect to Rhodes Subclass A.

RD&D submits that the Settlement should be approved because (i) it is supported by sound business justification, (ii) it is reasonable, and (iii) the four *Martin* factors weigh in favor of approval. The Settlement results in a fair and equitable compromise for the estate at no expense to the estate. Given the cost of litigation, RD&D believes that the Settlement is in the best interests of the estate, creditors and all parties in interest. RD&D believes that the terms of the Settlement are fair and reasonable, satisfy the standard promulgated by the Ninth Circuit governing compromise of controversies under Bankruptcy Rule 9019 and should be approved.

///
///
///
///

## IV.
## NOTICE

Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to the secured lenders; (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; (v) counsel to the Homeowners; (vi) counsel to the subcontractors; and (vii) the Insurer and its counsel.  RD&D submits that in light of the nature of the relief requested and that no monies of the estate are being expended under the Settlement, no other or further notice need be given.

## V.
## CONCLUSION

**WHEREFORE**, RD&D respectfully requests that the Court approve the Stipulation, approve the Settlement if the Settlement is not a prepetition settlement and grant such other and further relief as is just and proper under the circumstances.

**DATED** this 4th day of September, 2009.

                                      LARSON & STEPHENS

                                      */s/ Zachariah Larson, Esq.*
                                      Zachariah Larson, Bar No. 7787
                                      Kyle O. Stephens, Bar No. 7928
                                      810 S. Casino Center Blvd., Suite 104
                                      Las Vegas, NV  89101
                                      702/382-1170
                                      Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

## DECLARATION OF PAUL D. HUYGENS

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects for the Debtors.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others within the Debtors' organization), my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors and Rhodes Design & Development Corp. ("RD&D"). If called upon to testify, I would testify to the facts set forth in this Declaration.

3. RD&D is seeking approval of the stipulation (the "Stipulation") with the members of Class 6 Plaintiffs, as described below in paragraph 5, in *In re Kitec Fitting Litigation*, Case No. A493302 (the "Nevada Class Action"), currently pending in District Court of Nevada, Clark County (the "District Court"). RD&D believes that the Settlement is a prepetition settlement because it was entered into the record in state court prior to the date of RD&D's chapter 11 petition. A copy of the Stipulation to lift the automatic stay to enable the parties to enforce the settlement of the Nevada Class Action (the "Settlement") is attached to the proposed order as Exhibit "1."

4. The Nevada Class Action is, inter alia, a construction defect class action filed on behalf of all owners of a residence in Clark County, Nevada, that contains or at any time contained a Kitec or PlumbBetter plumbing system or components (the "Class").

5. As a result of numerous mediation and settlement discussions held in connection with the Nevada Class Action, on August 26, 2008, RD&D reached an agreement to fully and finally resolve the claims of twenty-five (25) Class Plaintiff homeowners against RD&D in the Nevada Class Action ("Rhodes Subclass A"). The Settlement was read into the record in the Nevada Class Action on August 26, 2008.

6. RD&D supports the Settlement because RD&D's insurer, Lexington Insurance, is paying for the release of RD&D. The compromise reached in the Settlement is a fair and reasonable one, offering the best net result for the estate because the Settlement promptly resolves these disputes, avoiding protracted and expensive litigation, eliminates RD&D's

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:207396.4              10

exposure of approximately $300,000 under the Litigation without expending any of RD&D's funds, and resolves that portion of the Class proof of claim (proof of claim number 60 filed in RD&D's bankruptcy case) that pertains to Rhodes Subclass A.

7. By entering into the Settlement, RD&D eliminates the risk of lengthy, costly and potentially unsuccessful litigation.

8. RD&D has reviewed the circumstances of the Settlement and does not believe that it has any claims or causes of action that will be released pursuant to its release of Rhodes Subclass A and, therefore, RD&D does not believe it is relinquishing any *bona fide* claims with respect to Rhodes Subclass A.

9. The proposed Settlement results in a fair and equitable compromise for the estate at no expense to the estate. Overall, given the substantial risk of lengthy, costly and potentially unsuccessful litigation, I believe that the Settlement and all its provisions are reasonable, fair and in the best interest of RD&D, its estate, creditors and all parties in interest.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 3rd day of September 2009, at Las Vegas, Nevada.

          */s/Paul D. Huygens*
          Paul D. Huygens

73203-001\DOCS_LA:207396.4     11

# Exhibit "A"

James I. Stang, Esq. (SBN 94435)
Shirley S. Cho, Esq. (SBN 192616)
Werner Disse, Esq. (SBN 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>       Debtors. | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date:  October 2, 2009<br>Hearing Time:  1:30 p.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No.

73203-001\DOCS_LA:207396.4           13

Affects:
☐  All Debtors
☒  Affects the following Debtor(s)
RHODES DESIGN AND DEVELOPMENT CORPORATION

# ORDER GRANTING MOTION OF DEBTOR FOR ORDER APPROVING STIPULATION TO LIFT THE AUTOMATIC STAY TO EFFECTUATE PREPETITION SETTLEMENT WITH THE KITEC HOMEOWNERS [DOCKET NO. ____]

Upon consideration of the *Motion of Debtor for Order Approving Stipulation to Lift the Automatic Stay to Effectuate Prepetition Settlement with the Kitec Homeowners* [Docket No. ____] (the "Motion")[2] and good cause appearing, it is hereby ORDERED

1. The Motion is granted.

2. The Stipulation attached hereto as Exhibit "1" is approved and the automatic stay is lifted for the limited purpose of permitting the parties to take all actions necessary to effectuate the Stipulation and the Settlement pursuant to the Motion.

APPROVED / DISAPPROVED:

DATED this ____ day of September 2009.

By: _____
UNITED STATES TRUSTEE
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

---

09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2]  All defined terms not defined herein shall have the same meaning as in the Motion.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-001\DOCS_LA:207396.4          14

1  Submitted by:
   DATED this 4th day of September 2009.
2

3  By:   /s/Zachariah Larson
   LARSON & STEPHENS
4  Zachariah Larson, Esq. (NV Bar No 7787)
   Kyle O. Stephens, Esq. (NV Bar No. 7928)
5  810 S. Casino Center Blvd., Ste. 104
   Las Vegas, NV  89101
6  (702) 382-1170 (Telephone)
7  (702) 382-1169
   zlarson@lslawnv.com
8  *Attorney for Debtors and Debtors in Possession*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:207396.4            15

# Exhibit "1"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:207396.4        16

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
           scho@pszjlaw.com
           wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[3]<br><br>        Debtors.<br><br>Affects:<br>☐     All Debtors<br>☒     Affects the following Debtor(s)<br>Rhodes Design and Development Corporation | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
|---|---|

---

[3] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:207396.4        17

**STIPULATION FOR MODIFICATION OF AUTOMATIC STAY – KITEC ACTION**

This stipulation and agreed order (the "Stipulation") is made and entered into by Debtor Rhodes Design and Development Corporation ("RD&D") and the members of Creditor Class 6 Plaintiffs in the *In re Kitec Fitting Litigation*, Case No. A493302, currently pending in District Court of Nevada, Clark County, (hereinafter collectively referred to as the "Nevada Class Action") identified below in paragraph A, through their respective counsel, and in reference to the following facts:

A.    The Nevada Class Action is, inter alia, a construction defect class action filed on behalf of all owners of a residence in Clark County, Nevada, that contains or at any time contained a Kitec or PlumbBetter plumbing system or components (the "Class"). As a result of numerous mediation and settlement discussions held in connection with the Nevada Class Action, on August 26, 2008, the Class and RD&D reached an agreement to fully and finally resolve the claims of twenty-five (25) Class Plaintiff homeowners against RD&D in the Nevada Class Action ("Rhodes Subclass A"). *See* Hrg. Trans. *In re Kitec Fitting Litigation*, Eighth Jud. Dist. Ct., Case No. A493302 (August 26, 2008).

B.    Pursuant to the terms of the parties' agreement, in exchange for RD&D's 1) payment in the amount of $200,000.00 from insurance proceeds only; 2) assignment of claims against its plumbing subcontractor, Classic Plumbing, Inc., to the Class; and 3) agreement not to pursue additional insured claims (the A.I. claims), the Rhodes Subclass A will dismiss its claims against RD&D in the Nevada Class Action on an address-by-address basis for the RD&D-constructed residences in The Preserves development ("RD&D Settlement").

C.    On March 31, 2009, RD&D filed a chapter 11 petition under the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada. As a result of the pendency of the bankruptcy case, all proceedings against RD&D are automatically stayed.

D.    RD&D is willing to stipulate to lift the automatic stay pursuant to 11 U.S.C. § 362 for the sole purposes of permitting: 1) RD&D and Class Counsel, on behalf of Rhodes Subclass A, to jointly move the District Court for preliminary and final approval of their proposed settlement pursuant to NRCP 23(e); 2) RD&D to participate in the Nevada Class Action Formal

Fairness Hearing; and 3) the District Court to enter findings, a judgment, and an order in connection with the Nevada Class Action Formal Fairness Hearing if the District Court makes the necessary findings pursuant to NRCP 23(e) and NRS 17.245.

E.    The entirety of the $200,000.00 settlement amount will be paid from RD&D's insurance provider; none of the monies needed to effectuate the Settlement will be provided by funds from the RD&D bankruptcy estate.

NOW, THEREFORE, IT IS HEREBY STIPULATED by the undersigned parties, through their counsel and respective representatives that:

(a)    The automatic stay shall be modified, subject to Bankruptcy Court approval, to permit: 1) RD&D and Class Counsel, on behalf of Rhodes Subclass A, to jointly move the District Court for preliminary and final approval of their settlement; 2) RD&D to participate in the Formal Fairness Hearing in the Nevada Class Action; and 3) the District Court to enter the necessary findings, judgment, and order in the Nevada Class Action Formal Fairness Hearing, and to enter related dismissal orders including orders precluding RD&D from asserting claims against the IPEX Defendants (as defined in the RD&D Settlement) in the Nevada Class Action if the District Court makes the necessary findings. The Settlement in that action and the monies to be paid on behalf of RD&D are solely through RD&D's available insurance policies.

(b)    Any and all portions of Rhodes Subclass A's claims or causes of action, whether prepetition or postpetition claims or causes of action, that are not fully satisfied by RD&D's available insurance policies under the Settlement are hereby forever waived and discharged as against RD&D, even if Rhodes Subclass A is unable to obtain any recovery from any insurance policies. Upon entry of the Order approving this Stipulation, only that portion of the Class claim filed in the RD&D bankruptcy case concerning Rhodes Subclass A, which has been designated as proof of claim number 60, shall be deemed withdrawn. The claims agent shall be directed to amend the claims register to reflect that the amount of proof of claim number 60 is reduced from the unliquidated, estimated amount of $5,605,000 to the still unliquidated, estimated amount of $5,308,125. This reduction in the amount of proof of claim number 60 reflects that approximately 447 Creditor Class 6 Plaintiffs in the Nevada Class Action remain with claims

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

against RD&D for homes it constructed with Kitec in the Tiburon and Granada Hills communities. By this Stipulation, RD&D does not admit to the validity of the remainder of proof of claim number 60 and RD&D reserves any and all defenses and rights to challenge the validity of proof of claim number 60.

(c) The Bankruptcy Court retains jurisdiction to resolve any dispute arising from the interpretation or enforcement of this Stipulation.

(d) By entering into this Stipulation, RD&D and Rhodes Subclass A are not waiving any defenses at law or in equity in connection with their participation in the Nevada Class Action Formal Fairness Hearing

DATED this 4th day of September, 2009.

By: /s/ William Coulthard
KEMP, JONES & COULTHARD, LLP
J. Randall Jones, Esq. (#1927)
William L. Coulthard, Esq. (#3927)
Carol L. Harris, Esq. (#10069)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Tel. (702) 385-6000
wlc@kjc-law.com
*Counsel for In re Kitec Fitting Litigation Class Plaintiffs*

DATED this 4th day of September, 2009.

By: /s/ Zachariah Larson
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
(702) 382-1170 (Telephone)
(702) 382-1169 (Facsimile)
zlarson@lslawnv.com
*Counsel for Debtors*