James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
scho@pszjlaw.com
wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

E-File: September 4, 2009

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☐ All Debtors<br>☒ Affects the following Debtor(s) | Hearing Date: October 2, 2009<br>Hearing Time: 1:30 p.m.<br>Courtroom 1 |

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

RHODES DESIGN AND DEVELOPMENT
CORPORATION

**MOTION OF DEBTOR FOR ORDER APPROVING SETTLEMENT AGREEMENT
WITH THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION
PURSUANT TO BANKRUPTCY RULE 9019;
DECLARATION OF PAUL HUYGENS IN SUPPORT THEREOF**

By this Motion (the "Settlement Motion"), Rhodes Design & Development Corp. ("RD&D"), one of the above-captioned debtors and debtors in possession (the "Debtors"), respectfully requests that the Court approve the settlement agreement (the "Settlement"), attached hereto as Exhibit "1" to the proposed order, with plaintiff, The Preserve at Elkhorn Springs Homeowners Association ("Elkhorn Springs"), and third party defendants, Delta Plastering and Stucco Inc.; K. H. Landscape And Maintenance, Inc.; Marv Black Masonry, Inc.; R.A.M.M. Corporation; Southern Nevada Paving, Inc.; Stewart & Sundell, Inc.; Werco, Inc.; and Western States Contracting, Inc. (collectively, the "Subcontractors"), and to lift the automatic stay so that the parties can take all actions necessary to effectuate the Settlement. For the reasons set forth below, including that all payments to obtain the release of claims against RD&D in the amount of approximately $300,000 are being made by the Debtor's insurer, the Settlement is in the best interests of RD&D's estate, all of the Debtors in these cases, and all parties in interest.

A copy of the proposed order approving this Motion is attached hereto as Exhibit "A."

**I.**

**STATEMENT OF FACTS**

**A.    General Background**

1.    On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Elkhorn Springs filed a *Motion for Relief from Automatic Stay for Purposes of Establishing Liability Against Debtor as Nominal Defendant* [Docket Number 361] (the "Relief from Stay Motion") and scheduled a hearing for August 26, 2009.

3. The Relief from Stay Motion was continued until the omnibus hearing date on October 2, 2009 at 1:30 p.m. [Docket Number 419].

4. The parties have reached a global settlement of the underlying litigation and seek approval of the Settlement pursuant to this Settlement Motion.

**B. The Litigation**

5. On or about January 5, 2006, Elkhorn Springs sent RD&D a notice pursuant to NRS Chapter 40 alleging various constructional defects regarding The Preserve at Elkhorn Springs project located at Elkhorn and Buffalo in Las Vegas, Nevada (the "Subject Property"). On February 16, 2007, Elkhorn Springs filed an action (the "Lawsuit") against RD&D in the District Court of the State of Nevada for the County of Clark entitled *The Preserve at Elkhorn Springs HOA, Inc. vs. Rhodes Design & Development Corporation, et. al.*, Case No. A536359 for claims (the "Claims") arising out of alleged construction deficiencies affecting the masonry walls throughout and surrounding the Subject Property. RD&D served as the developer and general contractor for the construction of all 165 homes and the related common areas. The Lawsuit asserted causes of action for breach of implied warranties, breach of express warranties and negligence.

6. All of the actual construction work performed at the Subject Property was performed by the Subcontractors through written subcontract agreements. RD&D provided NRS Chapter 40 notices to the Subcontractors, whose scope of work was implicated by the Elkhorn Spring's construction defect allegations in order to provide notice of the same and to tender its demand for defense and indemnification pursuant to the contractual obligations established between RD&D and its Subcontractors. RD&D filed a Third-Party Complaint on April 4, 2007,

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

as well as a First Amended Third-Party Complaint filed on July 20, 2007, against the Subcontractors.

7. After discovery, multiple mediation sessions before a mediator and extensive negotiations, Elkhorn Springs, RD&D and the Subcontractors negotiated and reached an "arms length" agreement as to the Claims in April, 2009. After a careful analysis by the parties, a global settlement has been reached relating to the Claims.

8. RD&D and the Subcontractors dispute Elkhorn Spring's Claims and contend that the Subject Property have no construction defects. In making the Settlement, the parties do not admit to the truth or sufficiency of any of the Claims, allegations or defenses asserted against each of the parties who intend by the Settlement to settle, finally and completely, all Claims, demands, actions, causes of action, known and unknown, concerning the work at the Subject Property of RD&D and the Subcontractors.

**C. <u>Proposed Settlement</u>**

9. The terms of the Settlement are summarized as follows[2]:

(1) Lexington Insurance, RD&D's insurer (the "<u>Insurer</u>"), will pay Elkhorn Springs the sum of $197,750 in full settlement of all Claims against RD&D in the Lawsuit.

(2) RD&D is not in any way responsible for the Settlement contributions of any of the Subcontractors.

(3) The Lawsuit shall be dismissed with prejudice.

(4) The parties shall release each other from all claims, whether known or unknown, arising out of the Lawsuit (the "<u>Release</u>").

10. RD&D supports the Settlement because the Insurer, not RD&D, is paying for Elkhorn Spring's Release of RD&D. The compromise reached in the Settlement is a fair and reasonable one, offering the best net result for the estate because the Settlement promptly

[2] The summary contained herein is a summary only, and if and to the extent there is any inconsistency between the summary and the Settlement, the terms of the latter govern.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

resolves these disputes, avoiding protracted and expensive litigation, and eliminates RD&D's exposure of more than $300,000 under the Litigation without expending any of RD&D's funds.

**II.**

**THE PROPOSED SETTLEMENT IS IN THE BEST INTEREST OF THE ESTATE**

**A. Standard for Approval of Settlements**

Federal Rule of Bankruptcy Procedure 9019(a) provides,

> On motion by the trustee and after hearing on notice to creditors, the debtor and indenture trustees as provided in Rule 2002(a) and to such other entities as the court may designate, the court may approve a compromise or settlement.

The standard for approval of a compromise was further addressed by the Supreme Court in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968). There, the Court held that a bankruptcy court in considering whether to approve a compromise, should inform itself regarding

> all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Id.* The court further held in *TMT Trailer* that compromises reached during the course of insolvency proceedings must be "fair and reasonable." 390 U.S. at 424. Significantly, the court stated that "[b]asic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." *Id.*

In determining whether the proposed settlement is fair and equitable, two principles should guide this Court. First, "[c]ompromises are favored in bankruptcy," 10 Lawrence P. King, *Collier on Bankruptcy*, ¶ 9019.01, at 9019-2 (15th ed. rev. 1997) (citing *In re Sassalos*, 160 B.R. 646, 653 (D. Ore. 1993)), and are "a normal part of the reorganization process." *Anderson*, 390 U.S. at 424, 88 S.Ct. at 1163 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130, 60 S.Ct. 1, 14 (1939)); *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

1986) ("The law favors compromise and not litigation for its own sake…."); *Michael*, 183 B.R. at 232 (Bankr. D. Mont. 1995) ("[I]t is also well established that the law favors compromise."); *Best Products*, 16 B.R. at 50; *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (Court recognizes "the general rule that settlements are favored….").

Second, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). *See generally In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (Court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis*, 165 B.R. at 123; *In re Tech. for Energy Corp.*, 56 B.R. 307, 311-312 (Bankr. E.D. Tenn. 1985); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 608 (Bankr. N.D. Ohio 1985); 10 *Collier on Bankruptcy* ¶ 9019.02, at 9019-4.

The Ninth Circuit Court of Appeals has held that the determination of whether a proposed settlement agreement meets the requisite standards of fairness, equity and reasonableness, is a function of several factors: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of creditors and a proper deference to their reasonable views. *See Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied sub nom., Martin v. Robinson*, 479 U.S. 854 (1986); *accord Woodson v. Fireman's Fund Insur. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988); *In re MGS Marketing*, 111 B.R. 264, 267 (B.A.P. 9th Cir. 1990).

///

///

///

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**B. <u>Application to The Settlement</u>**

1. <u>Probability of Success in Litigation</u>

By entering into the Settlement, RD&D eliminates the risk of lengthy, costly and potentially unsuccessful litigation.

2. <u>Difficulty of Collection</u>

This second factor typically applies where a debtor asserts a claim against a third party and that party's collectibility is in issue. This factor is not applicable.

3. <u>Complexity, Expense and Burden of Litigation</u>

This third factor clearly favors approval of the Settlement. By entering into the Settlement, RD&D will avoid any potential expense regarding the Litigation.

4. <u>Interest of Creditors</u>

Under the Settlement, the Insurer is paying for the Release of Elkhorn Spring's Claims; RD&D does not make any payments. Accordingly, under the Settlement RD&D eliminates future litigation costs and the more than $300,000 of exposure under the Lawsuit at no cost to the estate. In addition, RD&D has reviewed the circumstances of the Settlement and does not believe that it has any claims or causes of action that will be released against Elkhorn Springs pursuant to the Release and, therefore, RD&D does not believe it is relinquishing any *bona fide* claims with respect to Elkhorn Springs.

RD&D submits that the proposed Settlement should be approved because (i) it is supported by sound business justification, (ii) it is reasonable, and (iii) the four *Martin* factors weigh in favor of approval. The proposed Settlement results in a fair and equitable compromise for the estate at no expense to the estate. Given the cost of litigation, RD&D believes that the Settlement is in the best interests of the estate, creditors and all parties in interest. RD&D believes that the terms of the Settlement are fair and reasonable, satisfy the standard promulgated by the Ninth Circuit governing compromise of controversies under Bankruptcy Rule 9019 and should be approved.

///

///

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

## III.

## NOTICE

Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to the secured lenders; (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; (v) counsel to Elkhorn Springs; (vi) counsel to the Subcontractors; and (vii) the Insurer and its counsel. RD&D submits that in light of the nature of the relief requested and that no monies of the estate are being expended under the Settlement, no other or further notice need be given.

## IV.

## CONCLUSION

**WHEREFORE**, RD&D respectfully requests that the Court approve the Settlement, authorize RD&D and its advisors, agents and representatives to take all actions necessary to implement the Settlement, and grant such other and further relief as is just and proper under the circumstances.

**DATED** this 4th day of September, 2009.

LARSON & STEPHENS

*/s/ Zachariah Larson, Esq.*
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**DECLARATION OF PAUL D. HUYGENS**

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects for the Debtors.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others within the Debtors' organization), my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors and Rhodes Design & Development Corp. ("RD&D"). If called upon to testify, I would testify to the facts set forth in this Declaration.

3. On or about January 5, 2006, The Preserve at Elkhorn Springs Homeowners Association ("Elkhorn Springs") sent RD&D a notice pursuant to NRS Chapter 40 alleging various constructional defects regarding The Preserve at Elkhorn Springs project located at Elkhorn and Buffalo in Las Vegas, Nevada (the "Subject Property"). On February 16, 2007, Elkhorn Springs filed an action (the "Lawsuit") against RD&D in the District Court of the State of Nevada for the County of Clark entitled *The Preserve at Elkhorn Springs HOA, Inc. vs. Rhodes Design & Development Corporation, et. al.*, Case No. A536359 for claims (the "Claims") arising out of alleged construction deficiencies affecting the masonry walls throughout and surrounding the Subject Property. RD&D served as the developer and general contractor for the construction of all 165 homes and the related common areas. The Lawsuit asserted causes of action for breach of implied warranties, breach of express warranties and negligence.

4. All of the actual construction work performed at the Subject Property was performed by the subcontractors listed in the Motion (the "Subcontractors") through written subcontract agreements. RD&D provided NRS Chapter 40 notices to the Subcontractors, whose scope of work was implicated by the Elkhorn Spring's construction defect allegations in order to provide notice of the same and to tender its demand for defense and indemnification pursuant to the contractual obligations established between RD&D and its Subcontractors. RD&D filed a Third-Party Complaint on April 4, 2007, as well as a First Amended Third-Party Complaint filed on July 20, 2007, against the Subcontractors.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

5. After discovery, multiple mediation sessions before a mediator and after extensive negotiations, Elkhorn Springs, RD&D and the Subcontractors negotiated and reached an "arms" length agreement in April, 2009 as to the Claims. After a careful analysis by the parties, a global settlement has been reached relating to the Claims.

6. RD&D and the Subcontractors dispute Elkhorn Spring's Claims and contend that the Subject Property have no construction defects. In entering into the settlement agreement (the "Settlement"), the parties do not admit to the truth or sufficiency of any of the Claims, allegations or defenses asserted against each of the parties who intend by the Settlement to settle, finally and completely, all Claims, demands, actions, causes of action, known and unknown, concerning the work at the Subject Property of RD&D and the Subcontractors. A copy of the proposed order is attached hereto as Exhibit "A", and a copy of the Settlement is attached to the proposed order as Exhibit "1."

7. RD&D supports the Settlement because Lexington Insurance, RD&D's insurer which waived its reservation of rights as to the defense of the Lawsuit, is paying for Elkhorn Spring's release of RD&D. The compromise reached in the Settlement is a fair and reasonable one, offering the best net result for the estate because the Settlement promptly resolves these disputes, avoiding protracted and expensive litigation, and eliminates RD&D's exposure of more than $300,000 under the Litigation without expending any of RD&D's funds.

8. RD&D faces significant risk of an adverse result if the Lawsuit is litigated. By entering into the Settlement, RD&D eliminates this risk of lengthy, costly and potentially unsuccessful litigation.

9. RD&D has reviewed the circumstances of the Settlement and does not believe that it has any claims or causes of action that will be released pursuant to its release of Elkhorn Springs and, therefore, RD&D does not believe it is relinquishing any *bona fide* claims with respect to Elkhorn Springs.

10. The proposed Settlement results in a fair and equitable compromise for the estate at no expense to the estate. Overall, given the substantial risk of lengthy, costly and potentially

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

unsuccessful litigation, I believe that the Settlement and all its provisions are reasonable, fair and in the best interest of the Debtor, its estate, creditors and all parties in interest.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 3rd day of September 2009, at Las Vegas, Nevada.

*/s/Paul D. Huygens*
Paul D. Huygens

# EXHIBIT "A"

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

James I. Stang, Esq. (SBN 94435)
Shirley S. Cho, Esq. (SBN 192616)
Werner Disse, Esq. (SBN 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
scho@pszjlaw.com
wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date: October 2, 2009<br>Hearing Time: 1:30 p.m.<br>Courtroom 1 |
|---|---|

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Affects:
☐ All Debtors
☒ Affects the following Debtor(s)

RHODES DESIGN AND DEVELOPMENT CORPORATION

**ORDER GRANTING MOTION OF DEBTOR FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION PURSUANT TO BANKRUPTCY RULE 9019 [DOCKET NO. ___]**

Upon consideration of the Motion for Order Approving Settlement Agreement with the Preserve at Elkhorn Springs Homeowners Association Pursuant to Bankruptcy Rule 9019 [Docket No. ___] (the "Motion")[2] and good cause appearing, it is hereby ORDERED that

1. The Motion is granted.

2. The Settlement attached hereto as Exhibit "1" is approved.

3. Notwithstanding the automatic stay, the parties are authorized to take all actions necessary to effectuate the Settlement pursuant to the Motion.

APPROVED / DISAPPROVED:

DATED this ____ day of September 2009.

By: ___________________________
UNITED STATES TRUSTEE
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV 89101

Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] All defined terms not defined herein shall have the same meaning as in the Motion.

Submitted by:
DATED this 4th day of September 2009.

By: ___/s/Zachariah Larson________

LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorney for Debtors and Debtors in Possession*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT "1"

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual release (hereinafter the "AGREEMENT") is made among and between the Plaintiff, THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC. (hereinafter referred to as "PLAINTIFF"); Defendant/Third-Party Plaintiff, RHODES DESIGN & DEVELOPMENT CORPORATION (hereinafter referred to as "RHODES"); and Third-Party Defendants, DELTA PLASTERING AND STUCCO INC.; K. H. LANDSCAPE AND MAINTENANCE, INC.; MARV BLACK MASONRY, INC.; R.A.M.M. CORPORATION; SOUTHERN NEVADA PAVING, INC.; STEWART & SUNDELL, INC.; WERCO, INC.; and WESTERN STATES CONTRACTING, INC. (hereinafter collectively referred to as "SETTLING SUBCONTRACTORS").

PLAINTIFF, RHODES and SETTLING SUBCONTRACTORS are at all times collectively referred to herein as the "SETTLING PARTIES" or individually as a "SETTLING PARTY."

## I. RECITALS

A. Whereas, there is currently pending in the District Court of the State of Nevada for the County of Clark an action entitled The Preserve at Elkhorn Springs HOA, Inc. vs. Rhodes Design & Development Corporation, et. al., Case No. A536359 (hereinafter referred to as "SUBJECT ACTION"); and

B. Whereas the SUBJECT ACTION involves CLAIMS for monetary damages arising from the alleged defective construction by RHODES and the SETTLING SUBCONTRACTORS of the common areas of The Preserve at Elkhorn Springs project located at Elkhorn and Buffalo in Las Vegas, Nevada (hereinafter referred to as "SUBJECT PROPERTY") and whereas, during the course of construction, RHODES hired various design professionals, subcontractors and material

suppliers, including the SETTLING SUBCONTRACTORS, to construct the SUBJECT PROPERTY, other improvements, and the appurtenances related thereto; and

     C.    Whereas, on or about January 5, 2006, the PLAINTIFF sent RHODES a notice pursuant to NRS Chapter 40 alleging various constructional defects regarding the SUBJECT PROPERTY, and whereas PLAINTIFF also filed a Complaint against RHODES on February 16, 2007, for the same construction defect claims asserting causes of action for breach of implied warranties, breach of express warranties, and negligence; and

     D.    Whereas RHODES provided NRS Chapter 40 notices to those subcontractors, including the SETTLING SUBCONTRACTORS, whose scope of work was implicated by the PLAINTIFF's construction defect allegations in order to provide notice of the same and to tender its demand for defense and indemnification pursuant to the contractual obligations established between RHODES and its subcontractors; and

     E.    Whereas RHODES filed a Third-Party Complaint on April 4, 2007, as well as a First Amended Third-Party Complaint filed on July 20, 2007, against those same subcontractors, including the SETTLING SUBCONTRACTORS, whose scope of work were implicated by the PLAINTIFF's defect allegations; and

     F.    Whereas, after discovery and multiple mediation sessions before Mediator, Bruce Edwards, Esq., the SETTLING PARTIES have reached an "arms" length and negotiated settlement of all CLAIMS asserted or that could have been asserted among and between the SETTLING PARTIES in the LITIGATION; and

     G.    Whereas, RHODES and the SETTLING SUBCONTRACTORS dispute the PLAINTIFF's CLAIMS and contend that the SUBJECT PROPERTY have no construction defects.

In making this agreement, the SETTLING PARTIES do not admit to the truth or sufficiency of any of the CLAIMS, allegations or defenses asserted against each of the SETTLING PARTIES. The SETTLING PARTIES intend by this AGREEMENT to settle, finally and completely, all CLAIMS, demands, actions, causes of action, known and unknown, concerning the RHODES and the SETTLING SUBCONTRACTORS' work at the SUBJECT PROPERTY; and

H. Whereas, the SETTLING PARTIES wish to memorialize the terms and conditions of their settlement made for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

## II. DEFINITIONS

As used in this AGREEMENT, the following phrases and words have the following meanings:

A. "LITIGATION" shall mean and refer to any and all CLAIMS arising from or in any manner related to the SUBJECT PROPERTY which were or could have been asserted in the SUBJECT ACTION as defined above or in PLAINTIFF's NRS Chapter 40 Notices.[1]

B. "PARTY" or "PARTIES" shall refer to the PLAINTIFF, RHODES and the SETTLING SUBCONTRACTORS as defined hereinabove.

C. "CLAIM" or "CLAIMS" shall mean and refer to any and all CLAIMS whether in tort, contract or otherwise, at common law or by statute, including, but not limited to demands, liabilities, damages, complaints, causes of action, intentional or negligent acts, intentional or negligent

[1] The CLAIMS contemplated by this provision refer only to those arising from the common areas of The Preserve at Elkhorn Springs community which are defined in Section E below as the SUBJECT PROPERTY and said CLAIMS are not intended in any manner to be extended to include those arising from the individual homes found within The Preserve community.

omissions, misrepresentations, breach of contract, breach of warranty, economic damages, non-economic damages, property damages, loss of use, attorney's fees, expert fees, repair costs, investigative costs, design-related damages, and patent or latent, NRS Chapter 40.600, et. seq.; NRS Chapter 116, any other actionable omissions, conduct or damage of every kind and nature whatsoever, whether seen or unforeseen, whether known or unknown, alleged or which could have been alleged or asserted in the SUBJECT ACTION or which in any way relate to the SUBJECT PROPERTY. This AGREEMENT does not include the release, by RHODES only, of any claims relating to parties not included in this AGREEMENT or that arise out of any additional insured obligations which are or may be asserted by RHODES and/or its insurers. All such claims are specifically excluded.

D. "RELATED PERSONS AND ENTITIES" shall mean and refer to any and all past, present and future parent companies, divisions, subsidiaries, affiliates, related corporations and entities, members, stock holders, directors, officers, employees, agents, insurers, warranty providers, attorneys, experts, lenders, mortgage holders, predecessors, partners, joint venturers, legal representatives, heirs, administrators, trustors, trustees, beneficiaries, creditors, assigns, successors, lessees, tenants, and legal and equitable owners as applicable to all settling PARTIES.

E. "SUBJECT PROPERTY" shall mean and refer to the common areas of The Preserve at Elkhorn Springs project located at Elkhorn and Buffalo in Las Vegas, Nevada.

**III. <u>SETTLEMENT PAYMENTS</u>**

A. In consideration of the recitals and of the mutual promises, covenants, and warranties set forth herein and in accordance with the terms of the AGREEMENT, RHODES and SETTLING

SUBCONTRACTORS through their insurers shall pay to the PLAINTIFF the total sum of NINE HUNDRED FIFTY THOUSAND DOLLARS ($950,00.00). The funding of the SETTLEMENT PAYMENT is comprised of the following amounts:

| PARTY | SETTLEMENT AMOUNT |
|---|---|
| Delta Plastering and Stucco Inc. | $17,500.00 |
| K.H. Landscape and Maintenance, Inc. | $125,000.00 |
| Marv Black Masonry, Inc. | $85,000.00 |
| R.A.M.M. Corporation | $75,000.00 |
| Rhodes Design & Development Corp. | $197,750.00 |
| Southern Nevada Paving, Inc. | $57,500.00 |
| Stewart & Sundell, Inc. | $135,000.00 |
| Werco, Inc. | $250,000.00 |
| Western States Contracting, Inc. | $7,250.00 |
| | |
| **TOTAL** | **$950,000.00** |

RHODES is not in any way responsible or liable for the settlement contributions of any or all of the SETTLING SUBCONTRACTORS.

B. All payments (the "SETTLEMENT PAYMENTS") shall be made payable to the "Feinberg Grant Mayfield Kaneda & Litt, LLP Trust Account" [Tax Identification Number: 88-0471086].

C. Each SETTLEMENT PAYMENT shall be paid in good and clear funds on or before September 7, 2009, subject to the conditions of this AGREEMENT. All SETTLEMENT PAYMENTS shall be held in trust pending full satisfaction of the terms and conditions of this agreement.

D. The PLAINTIFF, the SETTLING SUBCONTRACTORS and/or their counsel on their behalf shall deliver to RHODES the original signature page counterparts of this AGREEMENT, duly executed by the PLAINTIFF or the SETTLING SUBCONTRACTORS and their counsel. No distribution of funds are to be made until RHODES has been provided with all the executed signature pages to this AGREEMENT, and a dismissal with prejudice has been executed.

F. On or before September 7, 2009, RHODES, the PLAINTIFF, and the SETTLING SUBCONTRACTORS and their respective counsel shall execute and deliver one (1) original signature page counterpart of this AGREEMENT, to RHODES.

## IV. DISMISSAL WITH PREJUDICE

The SETTLING PARTIES agree that upon the full execution of this AGREEMENT and tender of the above settlement funds, the PLAINTIFF shall file a Stipulation for Dismissal of the PLAINTIFF's Complaint against RHODES, with prejudice. Similarly, RHODES shall file a Stipulation for Dismissal of the Third-Party Complaint against the SETTLING SUBCONTRACTORS, with prejudice, and the SETTLING SUBCONTRACTORS will file a Stipulation for Dismissal of any Counterclaims or Cross-claims, with prejudice.

The attorneys for the undersigned are hereby authorized and directed to execute said dismissals with prejudice and to take such action as may be necessary or appropriate to have an order entered dismissing same.

## V. RELEASE AND WAIVER

### A. General Release

For good and valuable consideration, each of the SETTLING PARTIES do hereby mutually release, fully and finally settle, release, acquit, forever discharge and covenant not to sue one another

and their respective RELATED PERSONS AND ENTITIES as to any and all demands, liens, CLAIMS, assignments, contracts, covenants, actions, suits, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, controversies, judgments, orders and liabilities of whatsoever kind of nature, at equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which have existed or may have existed, or which do exist, or which hereafter can, shall, or may exist with respect to the SUBJECT PROPERTY or in any way related to the LITIGATION, including without any respect limiting the generality of the foregoing, any and all CLAIMS which were or might have been, or which could have been, alleged in the LITIGATION or in relation to the SUBJECT PROPERTY. This AGREEMENT may be pled as a full and complete defense to any such action or other proceeding as well as a basis for abatement of, or injunction against, such action or other proceeding as provided herein.

It is the intention of the SETTLING PARTIES that the foregoing release shall be effective as a bar to all CLAIMS in regard to the SUBJECT PROPERTIES of whatsoever character, nature and kind, known or unknown, suspected or unsuspected, and whether or not concealed or hidden. In furtherance of this intention, the SETTLING PARTIES expressly, knowingly and voluntarily waive any and all rights which they do not know or suspect to exist in its favor at the time of executing the release.

Furthermore, this AGREEMENT does not include the release, by RHODES only, of any claims relating to parties not included in this AGREEMENT or that arise out of any additional insured obligations which are or may be asserted by RHODES and/or its insurers. All such claims are specifically excluded.

**B. Waiver**

The SETTLING PARTIES and their respective RELATED PERSONS AND ENTITIES acknowledge and understand that there is a risk that now or subsequent to the execution of this AGREEMENT, they may have CLAIMS released herein which are unknown and unanticipated at the time this AGREEMENT is signed, and that any CLAIMS as are known or should be known may become more serious than they now expect or anticipate. Nevertheless, the SETTLING PARTIES and their respective RELATED PERSONS AND ENTITIES hereby expressly assume this risk and expressly waive all rights they may have in such unknown and unexpected consequences or results.

The SETTLING PARTIES and their respective RELATED PERSONS AND ENTITIES agree that this release shall be given full force and effect in accordance with each and all of the express terms and provisions, including those terms and provisions relating to unknown and unsuspected CLAIMS to the same effect as those terms and provisions relating to any other CLAIMS herein above specified.

The SETTLING PARTIES may waive any and all of the conditions precedent set forth in this AGREEMENT; however, any such waiver must be in writing.

## VI. GOOD FAITH DETERMINATION

This AGREEMENT is contingent on the Court granting a Motion for Determination of Good Faith Settlement on behalf of RHODES and SETTLING SUBCONTRACTORS. The SETTLING PARTIES by execution of this AGREEMENT stipulate that the settlement amount is in good faith and expressly represent that there are no other or secret terms or agreements among the SETTLING PARTIES hereto, or any or them, which are not set forth herein and which are or may be designed or entered into in order to unfairly prejudice the rights of any non-settling party.

## VII.    NO PRIOR ASSIGNMENTS

The SETTLING PARTIES, and each of them, represent and warrant that they are the owners of the CLAIMS released, pursuant to Subsection V, above, and that such CLAIMS have not been assigned, transferred, or hypothecated, whether voluntarily or involuntarily, by subrogation, operation of law or otherwise, to any other person or entity, except as reflected in Subsection V, above.

## VIII.    ENFORCEMENT

The SETTLING PARTIES hereby acknowledge, agree, and stipulate that each has the right to enforce any provisions of this AGREEMENT by filing any appropriate action, proceeding, or motion, in the appropriate court or law and motion department of the Eight Judicial Court where the action is venued, or in the appropriate court of law and motion department where any subsequent action is venued. The SETTLING PARTIES further agree, acknowledge, stipulate, and request that the court in this action shall retain jurisdiction over the SETTLING PARTIES to reopen the action after it is dismissed and to hear any motion.

## X.    COVENANT NOT TO SUE

The SETTLING PARTIES covenant and agree that they have not, and shall not, bring any other action, CLAIM, suit, or proceeding against anyone, including but not limited to all RELATED PERSONS and ENTITIES regarding the matters settled and released by this AGREEMENT.

## XI.    MISCELLANEOUS

A.    Capacity: Each of the signatories hereto warrants and represents that he/she is competent and authorized to enter into this AGREEMENT on behalf of the party for which he/she purports to sign.

B. Disputed Claim: This AGREEMENT is the result of a compromise among the SETTLING PARTIES of disputed CLAIMS. This AGREEMENT or any payment made pursuant to it shall never, at any time or for any purpose, be considered an admission of liability and/or responsibility or the part of any of the PARTIES to this AGREEMENT, as they continue to deny such liability and disclaim such responsibility.

C. Fees and Costs: The SETTLING PARTIES acknowledge and agree that each of them, as between them, will bear its own costs, expenses, and attorneys' fees arising out of and/or connected with this LITIGATION.

D. Compromise: This AGREEMENT is the product of negotiation and preparation by and among the SETTLING PARTIES and their respective attorneys. Neither this AGREEMENT nor any provisions thereof shall be deemed prepared or drafted by any one party or another, or its attorneys, and shall not be construed more strongly against any party.

E. Governing Law: This AGREEMENT shall be interpreted in accordance with and be governed in all respects by the laws of the State of Nevada. Any action brought to enforce the terms of this AGREEMENT shall be brought in either Justice Court or District Court, Clark County, Nevada, whichever court has jurisdiction.

F. Benefits and Burdens: This AGREEMENT shall inure to the benefit of, and be binding on, the SETTLING PARTIES to this AGREEMENT and upon their respective successors, assigns, parent companies, divisions, subsidiaries, affiliates, related corporations, members, stockholders, directors, officers, employees, insurers, lenders, mortgage holders, tenants, lessees, residents, creditors, partners, joint venturers, legal representatives, agents, heirs, administrators, trusts, trustees, beneficiaries, creditors, assigns, and legal and equitable owners.

G. Execution of Agreement: This AGREEMENT may be executed in counterparts, and all such counterparts shall constitute an agreement which shall be binding upon all SETTLING PARTIES hereto, notwithstanding that all of SETTLING PARTIES' designated representatives do not appear on the same page.

H. Cooperation: The SETTLING PARTIES to this AGREEMENT shall execute and deliver any document which is reasonably necessary to achieve the goals and purposes of this AGREEMENT.

I. Admissibility of Agreement in Subsequent Action: In any action or proceeding related to this AGREEMENT, the SETTLING PARTIES stipulate that a copy of this AGREEMENT may be admissible to the same extent as the original AGREEMENT.

J. Integrated Agreement: This AGREEMENT, including all exhibits attached hereto, constitutes the entire understanding among the SETTLING PARTIES with regard to the matters set forth herein. There are no representatives, warranties, agreements, arrangements, undertakings, oral or written, between or among the PARTIES hereto relating to the subject matter of this AGREEMENT which are not fully expressed herein. This AGREEMENT is an integrated agreement.

K. Breach of Agreement: No breach of any provision or condition of this AGREEMENT can be waived unless in writing. Waiver of any one breach of any provision or condition hereof shall not be deemed to be a waiver of any other breach of the same or other provisions or conditions contained herein. This AGREEMENT may be modified only by a written agreement executed by the SETTLING PARTIES in interest at the time of the modification.

L. Binding Agreement: The SETTLING PARTIES hereto, and each of them, further represent and declare that they have carefully read this AGREEMENT and know the contents thereof, and that they sign the same freely and voluntarily.

M. Advice of Counsel: The SETTLING PARTIES acknowledge and represent that they have had the benefit of advice of legal counsel in evaluating, finalizing, and executing this AGREEMENT.

**PLAINTIFF**

By: ______________________________

Name: ______________________________

Title: ______________________________

STATE OF ____________________)
) ss.
COUNTY OF __________________)

On this _____ day of ______________________, 2009, before me, the undersigned Notary Public in and for said County and State, appeared ______________________________, as ______________________________ of **THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC.,** known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned.

______________________________
NOTARY PUBLIC

**APPROVED AS TO FORM AND CONTENT:**

FEINBERG, GRANT, MAYFIELD,
KANEDA & LITT

______________________________
CHARLES M. LITT, ESQ.
1955 Village Center Circle
Las Vegas, Nevada 89134

**Attorneys for THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC**

**RHODES DESIGN & DEVELOPMENT CORPORATION**

By: [signature]

Name: Thomas Robinson

Title: Secretary & Dir. of Legal Services

STATE OF Nevada )
) ss.
COUNTY OF Clark )

On this 3rd day of September, 2009, before me, the undersigned Notary Public in and for said County and State, appeared Thomas Robinson, of **RHODES DESIGN & DEVELOPMENT CORPORATION**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned.

LUCIENNE RANSOM
Notary Public State of Nevada
No. 08-6692-1
My appt. exp. Apr. 4, 2012

[signature]
NOTARY PUBLIC

**APPROVED AS TO FORM and CONTENT:**

LEE, HERNANDEZ, BROOKS,
GAROFALO & BLAKE

[signature: Sarah B. Hartig]
DAVID S. LEE, ESQ.
SARAH B. HARTIG, ESQ.
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128

**Attorneys for RHODES DESIGN & DEVELOPMENT CORPORATION**

**DELTA PLASTERING & STUCCO, INC.**

BY: ____________________

NAME: ____________________

TITLE: ____________________

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

On this _____ day of ____________________, 2009, before me, the undersigned Notary Public in and for said County and State, appeared ______________________________, as ____ ______________________________ of **DELTA PLASTERING & STUCCO, INC.**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

______________________________
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

HAWKINS MELENDREZ, APC

______________________________
GEOFFREY W. HAWKINS, ESQ.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

**Attorneys for DELTA PLASTERING AND STUCCO, INC.**

**K.H. LANDSCAPE & MAINTENANCE, INC.**

BY: ____________________________

NAME: ____________________________

TITLE: ____________________________

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

On this _____ day of ______________________, 2009, before me, the undersigned Notary Public in and for said County and State, appeared ______________________________, as ____ ______________________________ of **K.H. LANDSCAPE & MAINTENANCE, INC.**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

____________________________
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

THORNDAL, ARMSTRONG, DELK,
BALKENBUSH & EISINGER

____________________________
MICHAEL HETEY, ESQ.
1100 East Bridger Ave.
Las Vegas, Nevada 89101

**Attorneys for K.H. LANDSCAPE & MAINTENANCE, INC.**

**MARV BLACK MASONRY, INC.**

BY: ____________________

NAME: ____________________

TITLE: ____________________

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

On this _____ day of ____________________, 2009, before me, the undersigned Notary Public in and for said County and State, appeared ______________________________, as ____ ______________________________ of **MARV BLACK MASONRY, INC.**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

______________________________
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

STUTZ ARTIANO SHINOFF & HOLTZ

______________________________
BRET W. EUBANK, ESQ.
1120 Town Center Drive, Suite 220
Las Vegas, Nevada 89144

**Attorneys for MARV BLACK MASONRY, INC.**

**R.A.M.M. CORPORATION**

BY: ________________________

NAME: ________________________

TITLE: ________________________

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

On this _____ day of ______________________, 2009, before me, the undersigned Notary Public in and for said County and State, appeared ______________________________, as ____ ______________________________ of **R.A.M.M. CORPORATION,** known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

________________________________
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

LINCOLN, GUSTAFSON & CERCOS

________________________________
NICHOLAS B. SALERNO, ESQ.
SHANNON G. ROONEY, ESQ.
2300 West Sahara Ave., Ste. 300, Box 2
Las Vegas, Nevada 89102

BRADY, VORWERCK, RYDER & CASPINO

________________________________
TIMOTHY F. HUNTER, ESQ.
CHARLES W. SIMMONS, ESQ.
2795 East Desert Inn Road, Suite 200
Las Vegas, Nevada 89121

**Attorneys for R.A.M.M. CORPORATION**

**SOUTHERN NEVADA PAVING**

BY: ______________________

NAME: ______________________

TITLE: ______________________

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

On this _____ day of ____________________, 2009, before me, the undersigned Notary Public in and for said County and State, appeared ______________________________, as ______________________________ of **SOUTHERN NEVADA PAVING,** known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

______________________________
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

MARKS LAW GROUP

______________________________
EILEEN MULLIGAN MARKS, ESQ.
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144

**Attorneys for SOUTHERN NEVADA PAVING**

**STEWART & SUNDELL CONCRETE, INC.**

BY: ______________________

NAME: ______________________

TITLE: ______________________

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

On this _____ day of ______________________, 2009, before me, the undersigned Notary Public in and for said County and State, appeared ________________________________, as ____ ________________________________ of **STEWART & SUNDELL CONCRETE, INC.**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

________________________________
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

CLAYSON & MARIAS

________________________________
KENNETH M. MARIAS, ESQ.
1140 North Town Center Drive, Suite 200
Las Vegas, Nevada 89144

**Attorneys for STEWART & SUNDELL CONCRETE, INC.**

**WERCO, INC.**

BY: ______________________

NAME: ______________________

TITLE: ______________________

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

On this _____ day of ______________________, 2009, before me, the undersigned Notary Public in and for said County and State, appeared ______________________________, as ____ ______________________________ of **WERCO, INC.**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

______________________________
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

LUH & ASSOCIATES

______________________________
CHARLIE H. LUH, ESQ.
8987 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147

SHERMAN & ASSOCIATES

______________________________
TAYLOR A. HUGHES, ESQ.
1850 East Flamingo Road, Suite 200
Las Vegas, Nevada 89119

STEPHENSON & DICKENSON, P.C.

______________________________
MARSHA L. STEPHENSON, ESQ.
2820 West Charleston Blvd., Ste. 19
Las Vegas, Nevada 89102

**Attorneys for WERCO, INC.**

**WESTERN STATES CONTRACTING, INC.**

BY: ____________________

NAME: ____________________

TITLE: ____________________

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

On this _____ day of ____________________, 2009, before me, the undersigned Notary Public in and for said County and State, appeared ____________________, as ____ ____________________ of **WESTERN STATES CONTRACTING, INC.** known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

____________________
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

BREMER WHYTE BROWN & O'MEARA, LLP

____________________
PETER C. BROWN, ESQ.
7670 West Lake Mead Blvd., Ste. 225
Las Vegas, Nevada 89128

**Attorneys for WESTERN STATES CONTRACTING, INC.**