1   Nile Leatham (NV Bar No. 002838)
    KOLESAR & LEATHAM                          Efile: September 25, 2009
2   Wells Fargo Financial Center
3   3320 W. Sahara Ave.
    Las Vegas, NV 89102
4   Telephone:  702.979.2357
    Facsimile:  702.362.9472
5   E-Mail:  nleatham@klnevada.com

6   Philip C. Dublin (NY Bar No. 2959344)
    Abid Qureshi (NY Bar No. 2684637)
7   AKIN GUMP STRAUSS HAUER & FELD LLP
    One Bryant Park
8   New York, NY 10036
    Telephone:  212.872.1000
9   Facsimile:  212.872.1002

10  E-Mail:  pdublin@akingump.com
11           aqureshi@akingump.com

12  *Counsel for the First Lien Steering Committee*

13

14          **UNITED STATES BANKRUPTCY COURT**
                    **DISTRICT OF NEVADA**
15                 **SOUTHERN DIVISION**

16  **IN RE:**                    §        **Case No. 09-14814-LBR**
                                  §        **(Jointly Administered)**
17  **THE RHODES COMPANIES,**     §
    **LLC,**                      §
18  **aka "Rhodes Homes,"** *et al.*,  §    **Chapter 11**
                                  §
19      **Debtors.**[1]           §
                                  §
20                                §        **Hearing Date: October 30, 2009**
                                  §        **Hearing Time:  1:30 p.m (PST)**
21

22  _____

23      [1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification
    number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060);
24  Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281);
    Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf
25  and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany
    Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design
26  and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090);
    Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC
27  (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada
    Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC
28  (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC
    (4838).

*Left margin (vertical text):* AKIN GUMP STRAUSS HAUER & FELD LLP / One Bryant Park / New York, New York 10036 / Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com



| | |
|---|---|
| **Affects:** | §    <u>Courtroom 1</u> |
| ☒ **All Debtors** | § |
| ☐ **Affects the following** | § **MOTION OF THE FIRST LIEN** |
| **Debtor(s)** | § **STEERING COMMITTEE FOR ENTRY** |
| | § **OF AN ORDER (A) APPROVING THE** |
| | § **ADEQUACY OF THE FIRST LIEN** |
| | § **STEERING COMMITTEE'S** |
| | § **DISCLOSURE STATEMENT; (B)** |
| | § **APPROVING SOLICITATION AND** |
| | § **NOTICE MATERIALS WITH RESPECT** |
| | § **TO CONFIRMATION OF PLAN OF** |
| | § **REORGANIZATION; (C) APPROVING** |
| | § **THE FORM OF VARIOUS BALLOTS** |
| | § **AND NOTICES IN CONNECTION** |
| | § **THEREWITH; AND (D) SCHEDULING** |
| | § **CERTAIN DATES WITH RESPECT** |
| | § **THERETO** |

The First Lien Steering Committee (the "<u>First Lien Steering Committee</u>"), consisting of certain unaffiliated lenders under the first lien Credit Agreement dated as of November 21, 2005 among Heritage Land Company, LLC, The Rhodes Companies, LLC, and Rhodes Ranch General Partnership, as the Borrowers, the Lenders Listed Therein as the Lenders, and Credit Suisse, Cayman Islands Branch, as Administrative Agent, Collateral Agent, Syndication Agent, Sole Bookrunner and Sole Lead Arranger, by and through its undersigned counsel, respectfully requests that this Court enter an order: (a) approving the adequacy of the *Disclosure Statement for the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (as amended from time to time and including all exhibits and supplements, the "<u>Disclosure Statement</u>") filed in support of the *Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (as amended from time to time and including all exhibits and supplements, the "<u>Plan</u>"); (b) approving solicitation and notice procedures (the "<u>Solicitation Procedures</u>") with respect to confirmation of the proposed Plan; (c) approving the forms of various ballots and notices in connection therewith; and (d) scheduling certain dates with

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

2

respect thereto.[2]  In support of this motion (the "<u>Motion</u>"), the First Lien Steering Committee respectfully state as follows.

<b><u>Jurisdiction and Venue</u></b>

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 502, 1123(a), 1124, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended from time to time, the "<u>Bankruptcy Code</u>"), Rules 2002, 3003, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 3016 and 3018 of the Local Rules for the United States Bankruptcy Court for the District of Nevada (the "<u>Local Rules</u>").

<b><u>Background</u></b>

3.      On either March 31, 2009 or April 1, 2009 (collectively, the "<u>Petition Date</u>"), The Rhodes Companies, LLC and certain of its affiliates and subsidiaries (collectively, the "<u>Debtors</u>") each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>").

4.      Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are currently authorized to operate their businesses and manage their properties as debtors in possession.  The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5.      On May 26, 2009, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Nevada appointed an Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>").  The Creditors' Committee currently consists of

---

[2] All capitalized terms used but not defined herein shall have the meaning attributed to such terms in the Plan, the Disclosure Statement, or the Solicitation Procedures, as applicable.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

1   four members: G.C. Wallace, Inc.; Interstate Plumbing & Air Conditioning; M & M

2   Electric, Inc.; and Southwest Iron Works, LLC.

3         6.     On August 17, 24 and 25, 2009, the First Lien Steering Committee, the

4   Second Lien Agent, the Creditors' Committee, the Debtors and the Rhodes Entities

5   (collectively, the "Mediation Parties") participated in a mediation over the terms of a

6   proposed plan of reorganization for the Debtors before the Honorable Richard Neiter, United

7   States Bankruptcy Court, Central District of California.   During the mediation, the

8   Mediation Parties reached agreement in principle on a comprehensive settlement (the

9   "Mediation Settlement").  The Plan embodies the terms of the Mediation Settlement.

10        7.     On September 25, 2009, the First Lien Steering Committee filed the Plan and

11  Disclosure Statement.

12  **Relief Requested**

13        8.     By this Motion, the First Lien Steering Committee respectfully requests that

14  this Court enter an order (the "Solicitation Procedures Order"), in substantially the form

15  attached hereto as Exhibit A: (a) approving the adequacy of the Disclosure Statement;

16  (b) approving the Solicitation Procedures with respect to confirmation of the Plan;

17  (c) approving the forms of various ballots and notices in connection therewith; and (d)

18  scheduling certain dates with respect thereto.[3]

19  **I.   APPROVAL OF NOTICE OF DISCLOSURE STATEMENT HEARING**

20        9.     Bankruptcy Rule 3017(a) governs the approval of the Disclosure Statement.

21  Specifically, Bankruptcy Rule 3017(a) provides, in relevant part, as follows:

22        [A]fter a disclosure statement is filed in accordance with Rule
      3016(b), the court shall hold a hearing on at least 25 days'
23        notice to the debtor, creditors, equity security holders and
      other parties in interest as provided in Rule 2002 to consider
24        the disclosure statement and any objections or modifications
      thereto.   The plan and the disclosure statement shall be mailed
25        with the notice of the hearing only to the debtor, any trustee or

26  _____

27      [3] To the extent there is any inconsistency between the Motion and the Solicitation Procedures, the
28  Solicitation Procedures shall govern.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bank. P. 3017(a).

10.     In addition, Bankruptcy Rule 2002 requires notice by mail to all creditors, indenture trustees, and shareholders of the time set for filing objections to, and the hearing to consider the approval of, a disclosure statement (the "Disclosure Statement Hearing"). Accordingly, the First Lien Steering Committee, through the Claims and Solicitation Agent, within one (1) business day of the filing of this Motion, will mail a notice of the Disclosure Statement Hearing (the "Disclosure Statement Notice"), substantially in the form annexed to the Solicitation Procedures Order as Exhibit 1 and incorporated herein by reference, by first class mail to: (a) the United States Trustee; (b) the Debtors; (c) counsel to the Debtors; (d) counsel to the First Lien Agent; (e) counsel to the Second Lien Agent; (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; (h) the United States Department of Justice; (i) all parties who have requested notice pursuant to Bankruptcy Rule 2002; (j) all Creditors on the Debtors' master mailing matrices; (k) all Creditors listed in the Debtors' schedules; (l) any entity that has filed a proof of claim in these cases; and (m) all Equity Security Holders ((a) through (m) above will be collectively referred to as the "Noticed Parties").

11.     In accordance with Bankruptcy Rule 3017(a), the First Lien Steering Committee, through the Debtors, also will provide, within one (1) day of the filing of this Motion, by first class mail, a copy of the Disclosure Statement and the Plan to: (a) the United States Trustee; (b) the Debtors; (c) counsel to the Debtors; (d) counsel to the First Lien Agent; (e) counsel to the Second Lien Agent; (f) counsel to the Creditors' Committee; and (g) any party that has filed a request for special notice in these cases pursuant to Bankruptcy Rule 2002.

12.     The First Lien Steering Committee will also provide copies of the Disclosure Statement and Plan to any party in interest who specifically requests such documents in the manner specified in the Disclosure Statement Notice and Bankruptcy Rule 3017(a).  Copies

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

5

of the Disclosure Statement and Plan also are on file with the Office of the Clerk of the Bankruptcy Court (the "Clerk of the Court") for review during normal business hours and can be accessed at no charge on the Claims and Solicitation Agent's website: www.omnimgt.com/rhodes.

13.    Further, Bankruptcy Rule 2002(l) permits the Court to order "notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  In addition to mailing the Disclosure Statement Notice to the Noticed Parties, the First Lien Steering Committee will publish a notice substantially in the form of the Disclosure Statement Notice once in The Las Vegas Sun on a date that is not less than seven (7) days prior to the Disclosure Statement Hearing.  The First Lien Steering Committee believes that publication of the Disclosure Statement Notice will provide sufficient notice to persons who do not otherwise receive such notice by mail.

14.    The First Lien Steering Committee submits that upon completion of the foregoing procedures, adequate notice of the Disclosure Statement Hearing will be provided, and accordingly, requests that the Court approve such notice as adequate.

## II.    APPROVAL OF DISCLOSURE STATEMENT

### A.    The disclosure statement contains adequate information

15.    Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed plan of reorganization must provide holders of impaired claims and interests entitled to vote on the plan "adequate information" regarding that plan.  "Adequate information" has been interpreted as information that is "reasonably practicable" to permit "informed judgment" by impaired creditors and interest holders entitled to vote on the plan. *See* 11 U.S.C. § 1125(a)(1).

16.    A court has broad discretion in determining the adequacy of the information contained in a disclosure statement. *See In re Brothby*, 303 B.R. 177, 193 (9th Cir. B.A.P. 2003) ("[T]he determination of what is adequate information . . . is largely within the discretion of the bankruptcy court." (quoting *In re Texas Extrusion Corp.*, 844 F.2d 1142,

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

1157 (5th Cir. 1988))); *see also In re Dakota Rail, Inc.*, 104 B.R. 138, 143 (Bankr. D.Minn. 1989) (stating that the court has "wide discretion to determine . . . whether a disclosure statement contains information, without burdensome, unnecessary and cumbersome detail"). Courts may exercise their broad discretion to determine the adequacy of information on a case-by-case basis. *See* H.R. REP. NO. 595, 95TH CONG., 1ST SESS. 408-09 (1977) ("Precisely what constitutes adequate information in any particular instance will develop on a case-by-base basis. *Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, [and] the need for relative speed in solicitation and confirmation . . .*" ) (emphasis added); *see also In re Diversified Investors Fund XVII*, 91 B.R. 559, 560 (Bankr. C.D. Cal. 1998) (quoting H.R. REP. NO. 595, 95TH CONG., 1ST SESS. 408-09 (1977)); *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995) ("determination of what is adequate information is subjective and made on a case by case basis").

17.    In that regard, courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

a.    the circumstances that gave rise to the filing of the bankruptcy petition;

b.    an explanation of the available assets and their value;

c.    the anticipated future of the debtor;

d.    the source of the information provided in the disclosure statement;

e.    a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

f.    the condition and performance of the debtor while in chapter 11;

g.    information regarding claims against the estate;

h.    a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

i.   the accounting and valuation methods used to produce the financial information in the disclosure statement;

j.   information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

k.   a summary of the plan of reorganization or liquidation;

l.   an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

m.   the collectibility of any accounts receivable;

n.   any financial information, valuations or pro forma projections that would be relevant to a creditor's determination of whether to accept or reject the plan;

o.   information relevant to the risks being taken by the creditors and interest holders;

p.   the actual or projected value that can be obtained from avoidable transfers;

q.   the existence, likelihood, and possible success of non-bankruptcy litigation;

r.   the tax consequences of the plan; and

s.   the relationship of the debtor with its affiliates.

*See, e.g., In re Reilly*, 71 B.R. 132, 134 (Bankr. D. Mont. 1987); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).  This list is not meant to be exhaustive, nor must a debtor provide all the information on the list.  Rather, a bankruptcy court must decide what is appropriate on a case-by-case basis.  *See In re Ferretti*, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991) (adopting similar list); *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (making use of similar list but cautioning that "no one list of categories will apply in every case").

        18.    The First Lien Steering Committee submits that the Disclosure Statement

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

8

provides "adequate information" to allow Holders of Claims entitled to vote on the Plan to cast informed votes on the Plan.  The Disclosure Statement describes the history of the Debtors since their founding in 1988, recounts the events leading to the Debtors' filing of the Chapter 11 Cases, and details the events that have taken place to this point in these Chapter 11 Cases.

19.    In addition, the Disclosure Statement describes the Debtors' corporate structure, as well as an in-depth description of the Debtors' business and portfolio of properties.  In this regard, the Disclosure Statement provides information on the key market drivers affecting the Debtors' financial performance.  The Disclosure Statement also enumerates a variety of risk factors relating to (i) the Debtors' businesses, (ii) the Chapter 11 Cases, and (iii) the New First Lien Notes, Newco Equity Interests and Litigation Trust Interests to be issued under the Plan that Holders of Claims entitled to vote should consider.

20.    The Disclosure Statement also provides Holders of Claims entitled to vote comprehensive information regarding the Plan, including: ranges of projected recoveries for each Class of Claims and Interests based on the Going Concern Analysis attached as Exhibit [D] to the Disclosure Statement; high and low ranges of Allowed Claims on a Class-by-Class basis based on the Debtors' and First Lien Steering Committee's estimates of Allowed Claims in the Chapter 11 Cases; a summary of the Plan's provisions for treatment and classification of Claims and Interests; implementation provisions, including a discussion of the necessity for substantive consolidation of the Estates for distribution purposes, and the sources of consideration under the Plan to satisfy Allowed Claims; the Plan's proposed treatment of executory contracts and unexpired leases; and the Plan's provision for releases by the Debtors and Holders of Claims of certain parties, as well as related injunctions and exculpation of such parties.

21.    The Disclosure Statement also informs Holders of Allowed Claims and Interests of the federal income tax consequences of the Plan, and contains a Liquidation Analysis, which, coupled with the Going Concern Analysis, demonstrates that Holders of Claims are expected to receive recoveries under the Plan equal to or greater than they would

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

receive under a hypothetical chapter 7 liquidation of the Estates.  The Disclosure Statement also explains that confirmation of the Plan is not likely to be followed by the liquidation or need for further reorganization of the Debtors upon their emergence from the Chapter 11 Cases, based on the pro forma financial statements set forth in the Going Concern Analysis, which show that the Debtors will return to viability as a result of the significant de-leveraging to be achieved through the Chapter 11 Cases.

22.    The First Lien Steering Committee will continue to review the Disclosure Statement, and, based upon its ongoing review and further developments in the Chapter 11 Cases, may make additional changes and disclosures prior to the Disclosure Statement Hearing.  Any such additional disclosures would only increase the amount of information being provided to Holders of Claims and Interests, and consequently, will only enhance the adequacy of information in the Disclosure Statement.  Accordingly, the First Lien Steering Committee submits that, given the facts and circumstances, the Disclosure Statement contains more than "adequate information" and, thus, should be approved.

**B.    The Disclosure Statement Complies With The Local Rules**

23.    Local Bankruptcy Rule ("LBR") 3016(f) sets forth a list of items that should be included in a disclosure statement.  As described below, the Disclosure Statement contains all of the requirements set out in LBR 3016(f):

a.    The Disclosure Statement contains a statement regarding the Debtors' background, ownership, and pre-bankruptcy operating and financial history (LBR 3016(f)(1)).  *See* Disclosure Statement, at Article II ("Background," which includes a description of the Debtors' business operations, including organizational structure, history and projects, principal debt and capital structure, a description of the claims by the Rhodes Entities, and the management of the Debtors).

b.    The Disclosure Statement contains a discussion for the reason for the bankruptcy filings (LBR 3016(f)(2)).  *See* Disclosure Statement, at Article III.A ("Events Leading to the Chapter 11 Cases").

c.    The Disclosure Statement contains a summary of proceedings to date in the bankruptcy case (LBR 3016(f)(3)).  *See* Disclosure Statement, at Article III.C, D, E, and F  ("Stabilization of Operations," which describes the first day motions; "Appointment of the Creditors' Committee;"

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

"Claims," which includes a description of the Bar Dates and the results of the Claims filed; and "Other Postpetition Events and Negotiations," which describes the plan negotiations leading up to the filing of the Plan).

d.   The Disclosure Statement contains a summary of assets (LBR 3016(f)(4)).  *See* Disclosure Statement, at Article IV.E ("Means for Implementation of the Plan").

e.   The Disclosure Statement contains a description of unclassified Claims, including estimated amounts of Administrative and Priority Claims (LBR 3016(f)(5)).  *See* Disclosure Statement, at Article IV.B ("Summary of the Plan" and "Administrative and Priority Claims").  The estimated Claim amounts are set forth in Article I.D.1 of the Disclosure Statement in the table entitled "Summary and Treatment of Allowed Unclassified Claims."

f.   The Disclosure Statement contains a description of Claims by Class, including an estimate of the amount of Claims in each Class as reflected by the Schedules and Proofs of Claim on file (LBR 3016(f)(6)).  *See* Disclosure Statement, at Article IV.C ("Summary of the Plan" and "Classification and Treatment of Claims").  The estimated amounts are set forth in Article I.D.1 of the Disclosure Statement in the table that shows the Class number of each Class, description of the Class, estimated value or Claims on a consolidated basis, and the treatment for Allowed Claims, including projected recovery, status (impaired/unimpaired), and voting rights.

g.   The Disclosure Statement contains a summary of the treatment of unclassified and classified Claims under the proposed Plan (LBR 3016(f)(7)).  *See* Disclosure Statement, at Article I.D.1 (the summary is presented in two tables as described above).

h.   The Disclosure Statement contains a summary of the treatment of executory contracts under the proposed Plan (LBR 3016(f)(8)).  *See* Disclosure Statement, at Article IV.F ("Treatment of Executory Contracts and Unexpired Leases").

i.   The Disclosure Statement contains a liquidation analysis (LBR 3016(f)(9)).  *See* Disclosure Statement, at Article V.D.1 ("Liquidation Analysis"); *see also* Liquidation Analysis, attached as Exhibit "[E]" to the Disclosure Statement.

j.   The Disclosure Statement contains a statement as to how the Debtors intend to achieve the payments proposed (LBR 3016(f)(10)).  *See* Disclosure Statement, at Article IV.E ("Means for Implementation of the Plan"); *see also* Going Concern Analysis, attached as Exhibit "[D]" to the Disclosure Statement.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

k.   The Disclosure Statement contains the disclosures required by 11 U.S.C. § 1129(a)(5) (LBR 3016(f)(11)). *See* Disclosure Statement, at Article IV.E.13 ("Directors and Officers of the Reorganized Debtors ").

**C.    The Disclosure Statement Complies With The U.S. Trustee Guidelines**

24.    Additionally, Section 7.1 of the "United States Trustee Region 17 Guidelines" for the United States Bankruptcy Court for the District of Nevada (the "Guidelines") sets forth a list of items recommended for inclusion in a disclosure statement. As described below, the Disclosure Statement complies with the relevant recommended items:

a.   The Disclosure Statement sets forth its purpose (Guideline (a)). *See* Disclosure Statement, at Article I ("Summary").

b.   The Disclosure Statement describes the business of the Debtors (Guideline (b)). *See* Disclosure Statement, at Article II ("Background," which contains a description of the Debtors' business operations, including organizational structure, history and projects, principal debt and capital structure, a description of the claims by the Rhodes Entities, and the management of the Debtors).

c.   The Disclosure Statement sets forth the reasons for the Debtors' financial difficulties and the Debtors' attempts at resolving these difficulties (Guideline (c)). *See* Disclosure Statement, at Article III.A ("Events Leading to the Chapter 11 Cases").

d.   The Disclosure Statement describes the Debtors' historical and current financial information (Guideline (d)). *See* Disclosure Statement, at Article II ("Background," which contains a description of the Debtors' principal debt and capital structure); *see also* the current Cash Collateral Budget attached as Exhibit C to the Disclosure Statement.

e.   The Disclosure Statement describes significant postpetition events (Guideline (e)). *See* Disclosure Statement, at Article III.C, D, E, and F ("Stabilization of Operations," which describes the first day motions; "Appointment of the Creditors' Committee;" "Claims," which includes a description of the Bar Dates and the results of the claims filed; and "Other Postpetition Events and Negotiations," which describes the plan negotiations leading up to the filing of the Plan).

f.   The Disclosure Statement describes all material legal proceedings to which the Debtors are, or may become, a party (Guideline (f)). *See* Disclosure Statement, at Article VI.B.2 ("Other Potential Litigation"); *see*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

*also* Pending Litigation list attached as Exhibit F to the Disclosure Statement.

g. The Disclosure Statement sets forth an estimate of the current value of all of the Debtor's assets (Guideline (g)). *See* Disclosure Statement, at Article V.D.2 ("Going Concern Value").

h. The Disclosure Statement provides a review of Claims Filed in the Chapter 11 Cases and an estimate of the current amounts of all of the Debtors' liabilities (Guideline (h)). *See* Disclosure Statement, at Article I.E ("Claims Estimates"); *see also* Article I.C. and I.D ("The Debtors' Principal Assets and Indebtedness" and "Treatment of Claims and Interests").

i. The Disclosure Statement provides a description of the Plan (Guideline (i)). *See* Disclosure Statement, at Article IV ("Summary of the Plan").

j. The Disclosure Statement describes the means for effectuating the Plan (Guideline (j)). *See* Disclosure Statement, at Article IV.E ("Means for Implementation of the Plan").

k. The Disclosure Statement sets forth the amount and source of Cash to be paid upon Confirmation of the Plan (Guideline (k)). *See* Disclosure Statement, at Article IV.E.2 ("Source of Consideration for Plan Distributions").

l. The Disclosure Statement describes the difference between treatment of Creditors under the Plan and treatment under a chapter 7 liquidation (Guideline (1)). *See* Disclosure Statement, at Article V.D.1 ("Liquidation Analysis"); *see also* Liquidation Analysis attached as Exhibit [E] to the Disclosure Statement.

m. Debtors' Cash Projections are attached to the Disclosure Statement. (Guidelines (m)). *See* Going Concern Analysis attached as Exhibit D to the Disclosure Statement.

n. The Disclosure Statement contains the information required by Bankruptcy Code section 1129(a)(5) (Guideline (n)). *See* Disclosure Statement, at Article IV.E.13 ("Directors and Officers of the Reorganized Debtors ").

o. The Disclosure Statement describes in detail the Insider Claims against the Debtor. (Guideline (o)). *See* Disclosure Statement, at Article II.A.2 ("The Rhodes Entities Claims").

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

p.   The Disclosure Statement describes in detail the issuance of new stock of the Debtors.  (Guidelines (p)).  *See* Disclosure Statement, at Article V.E.2.a ("Newco Equity Interests").

q.   The Disclosure Statement describes in detail the vote required to constitute acceptance of the Plan under Bankruptcy Code section 1126 (Guideline (q)).  *See* Disclosure Statement, at Article V ("Statutory Requirements for Confirmation of the Plan").

r.   The Disclosure Statement is signed by the proponent's representative. (Guideline (r)).  *See* Disclosure Statement, p. 94.

25.    Based upon the foregoing, the First Lien Steering Committee submits that the Disclosure Statement contains "adequate information" for a Creditor to make an informed judgment on the Plan.  Accordingly, the First Lien Steering Committee requests that the Court find that the Disclosure Statement contains "adequate information," as defined in Bankruptcy Code section 1125(a)(1), and approve the Disclosure Statement.

## III.    APPROVAL OF SOLICITATION AND NOTICE PROCEDURES

26.    To solicit acceptances or rejections of the Plan effectively and consistently with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and due process, the First Lien Steering Committee seeks approval of the Solicitation Procedures described herein and set forth in Exhibit 2 to the proposed Solicitation Procedures Order. The Solicitation Procedures will allow the First Lien Steering Committee to distribute solicitation materials and tabulate acceptances of the Plan effectively.   Further, the Solicitation Procedures, in conjunction with the First Lien Steering Committee's proposed Confirmation Hearing Notice (as discussed below), provide adequate notice to all Holders of Claims regarding the solicitation process as well as the relevant dates associated with the Solicitation Procedures.  The Solicitation Procedures are thus appropriate as they address the particular circumstances of the Chapter 11 Cases, and therefore should be approved.[4]

---

[4] To the extent that circumstances require further modifications of, or amendments to, the Solicitation Procedures, the First Lien Steering Committee reserves the right to supplement or amend the Solicitation Procedures to further facilitate the Plan solicitation process.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

**A.      Approval of Form of Solicitation Package and Distribution Thereof**

27.      The First Lien Steering Committee proposes to distribute the materials (the "Solicitation Package") required by Bankruptcy Rule 3017(d) to those parties entitled to vote on the Plan in the form and manner set forth below.

28.      Specifically, the Solicitation Package shall contain copies of:

a.   a cover letter: (i) describing the contents of the Solicitation Package and instructions on how paper copies of any materials that may be provided in CD-ROM format can be obtained at no charge and (ii) urging the Holders in each of the Voting Classes (as defined below) to vote to accept the Plan;

b.   the Solicitation Procedures Order;

c.   a copy of the Solicitation Procedures;

d.   an appropriate form of Ballot;

e.   the Confirmation Hearing Notice (as defined below);

f.   a copy of a letter signed by the Mediation Parties in support of the Plan;

g.   the approved form of the Disclosure Statement (together with the Plan, which is Exhibit A thereto) in either paper or CD-ROM format; and

h.   such other materials as the Bankruptcy Court may direct.

29.      Through the Claims and Solicitation Agent, the First Lien Steering Committee intends to distribute the Solicitation Packages on or before **November 5, 2009** (the "Solicitation Date").    As discussed in section IV below, the First Lien Steering Committee proposes that the Voting Deadline be set for **December 3, 2009**, and that the Confirmation Hearing be set for **December 17, 2009**.  The First Lien Steering Committee submits that distribution of the Solicitation Packages on or before the Solicitation Date will provide the requisite materials to Holders of Claims entitled to vote on the Plan in compliance with Bankruptcy Rules 3017(d) and 2002(b).  *See* Fed. R. Bankr. P. 3017(d) (after approval of disclosure statement, the proponent must transmit the plan, the approved disclosure statement, notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to creditors and equity security holders); Fed. R. Bankr. P. 2002(b) (requiring twenty-five days notice by mail of the time for filing objections to the confirmation of a plan of reorganization).

30.      The Disclosure Statement and Plan are more than 150 pages combined. Thus, the First Lien Steering Committee requests the option to serve the Disclosure Statement and the Plan in CD-ROM form instead of paper format.  Courts have permitted the sending of solicitation documents in CD-ROM format in other large chapter 11 cases in the interest of saving printing and mailing costs.  *See e.g., In re Granite Broadcasting Corp., et al.,* Case No. 06-12984 (Bankr. S.D.N.Y.) (ALG); *In re Tower Automotive, Inc., et al.*, Case No. 05-10578 (Bankr. S.D.N.Y.) (ALG); *In re Adelphia Commc'ns Corp., et al.*, Case No. 02-41729 (Bankr. S.D.N.Y.) (REG); *In re Delta Air Lines, Inc., et al.*, Case No. 05-17923 (Bankr. S.D.N.Y) (ASH); *In re Northwest Airlines Corp., et al.*, Case No. 05-17930 (Bankr. S.D.N.Y.) (ALG); *In re Enron Corp., et al.*, Case No. 01-16034 (Bankr. S.D.N.Y) (AJG); *In re UAL Corp., et al.*, Case No. 02-48191 (Bankr. N.D. Ill.)(ERW).

**B.      Approval of Form of Ballots**

31.      In accordance with Bankruptcy Rule 3017(d), the First Lien Steering Committee proposes to prepare and customize Ballots for Holders of Claims (in substantially the form of the Ballots attached as Exhibit 3 to the proposed Solicitation Procedures Order) to tabulate acceptances of the Plan.

32.      The forms of the Ballots are based on Official Form No. 14, but have been modified to address the particular circumstances of the Chapter 11 Cases and to include certain additional information that the First Lien Steering Committee believes to be relevant and appropriate for each Class of Claims entitled to vote on the Plan.  *See* Fed. R. Bankr. P. 3017(d) (plan proponents shall mail a form of ballot conforming to the appropriate Official Form to creditors and equity security holders entitled to vote on the plan).

33.      Solicitation shall be conducted by the Claims and Solicitation Agent. Pursuant to the Solicitation Procedures, the Claims and Solicitation Agent will distribute the appropriate Ballots to Holders of Claims in Classes A-1, A-2, C-1 and C-2 (the "Voting Classes").   All other Classes are Unimpaired and are conclusively presumed to have accepted the Plan or are Impaired Classes that are conclusively presumed to have rejected the Plan.  Thus, Holders of Claims in Unimpaired Classes will receive the Notice of Non-

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

Voting Status in lieu of the Solicitation Package, as discussed below.[5]

34.    The First Lien Steering Committee submits that the form of the Ballots complies with Bankruptcy Rule 3018(c) and thus should be approved.

**C.    Approval of Disputed Claims Notice and Procedures for Temporary Allowance of Claims or Interests**

35.    Pursuant to section 1126(a) of the Bankruptcy Code, only "holder[s] of claim[s] or interest[s] allowed under section 502 … may accept or reject a plan."  Under section 502(a), "[a] claim or interest, proof of which is filed under section 501 …, is deemed allowed, unless a party in interest … objects."  Based on the foregoing, except as set forth below, Holders of Claims for which an objection is pending are not entitled to vote on the Plan.

36.    Bankruptcy Rule 3018(a) allows for temporary allowance of claims or interests for which an objection is pending at the time when plan votes are solicited so that holders may vote such claims or interests at a temporarily allowed amount.  *See* Fed. R. Bankr. P. 3018(a).  In light of Bankruptcy Rule 3018(a), the First Lien Steering Committee will send Holders of Claims whose Claims are subject to an objection on the Record Date a *Notice of Non-Voting Status with Respect to Disputed Claims* (the "Disputed Claim Notice"), in substantially the form attached as Exhibit 4 to the proposed Solicitation Procedures Order,  in lieu of the Solicitation Package.

37.    The Disputed Claim Notice will inform relevant Holders that their respective Claim is subject to an objection, and that the Holder of such Claim cannot vote any disputed portion of its Claim unless one or more of the following events have taken place at least five business days before the Voting Deadline: (i) an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (ii) an order of the Bankruptcy Court is entered temporarily allowing such Claim

---

[5] In addition, the First Lien Steering Committee does not intend to send the Notice of Non-Voting Status to Holders of Intercompany Claims and Intercompany Interests.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (iii) an order of the Bankruptcy Court approving a stipulation or other agreement by the Holder of such Claim and the Debtors, with the consent of the First Lien Steering Committee, resolving the objection and allowing such Claim in an agreed upon amount; (iv) a stipulation or other agreement is executed by the Holder of the such Claim with the Debtors, with the consent of the First Lien Steering Committee, temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or (v) the pending objection to the such Claim or Interest is voluntarily withdrawn by the objecting party (each, a "Resolution Event").  No later than two business days after a Resolution Event, the Claims and Solicitation Agent shall distribute a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder of such temporarily allowed Claim that has been allowed for voting purposes only by such Resolution Event, which must be returned according to the instructions on the Ballot by no later than the Voting Deadline.

38.     However, if the Holder of a Claim receives a Solicitation Package, but the First Lien Steering Committee or the Debtors object to such Claim after the Record Date but before fifteen days prior to the Confirmation Hearing, the notice of objection will inform such Holder of the rules applicable to Claims subject to a pending objection, and the procedures for temporary allowance for voting purposes.  Furthermore, if the Holder of a Claim receives a Solicitation Package, but the First Lien Steering Committee objects to such Claim after fifteen days prior to the Confirmation Hearing, the Holder's Claim shall be deemed temporarily allowed for voting purposes only without further action by the Holder of such Claim and without further order of the Bankruptcy Court.

39.     In addition, Holders of Claims in certain Classes may have asserted, in their respective Proofs of Claim, Claims for interest accrued after the Petition Date.  While the Plan provides that Holders of Allowed Claims in certain Classes may be entitled to interest accrued after the Petition Date, the First Lien Steering Committee does not necessarily agree that postpetition interest should be allowed on such Claims at the rates sought by such Holders and may object to any such portions of these Claims.  The First Lien Steering

Committee thus proposes that Holders of Claims only be entitled to vote the portion of their Claims that does not include any interest accrued after the Petition Date. However, to the extent the First Lien Steering Committee object to the postpetition interest asserted on account of a particular Claim, the First Lien Steering Committee proposes that the Holder of such Claim would be allowed to vote the principal amount of its Claim without a Resolution Event.

40.    The First Lien Steering Committee submits that such notice procedures with respect to Claims subject to pending objection satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules.

**D.    Approval of Form of Notice to Unclassified Claims and Unimpaired Classes**

41.    In compliance with section 1123(a)(1) of the Bankruptcy Code and as reflected in Article II of the Plan, Administrative and Priority Tax Claims are not classified under the Plan. *See* 11 U.S.C. § 1123(a)(1) (prohibiting classification of administrative and priority claims). These unclassified Claims are not entitled to vote on the Plan as the Bankruptcy Code requires that they not be compromised under a plan. Article III.C of the Plan also sets forth the following Unimpaired Classes of Claims presumed to accept the Plan: A-3 and B. Therefore, Holders of Claims in these Classes also are not entitled to vote on the Plan.

42.    Thus, the First Lien Steering Committee will not solicit votes from unclassified Claims or Claims in Unimpaired Classes. The First Lien Steering Committee will, however, send a *Notice of Non-Voting Status with Respect to Unimpaired Classes Deemed to Accept the Plan and Unclassified Claims*, substantially in the form attached to the proposed Solicitation Procedures Order as <u>Exhibit 5</u> (the "<u>Non-Voting Status Notice</u>"), in lieu of the Solicitation Package to the Holders of such Claims. This notice will explain to the Holder of an unclassified Claim or a Claim in an Unimpaired Class of such Holders' non-voting status and that such Holders may obtain certain materials in the Solicitation Package from the Claims and Solicitation Agent. The First Lien Steering Committee

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

1  submits that the Non-Voting Status Notice complies with the Bankruptcy Code and should

2  thus be approved.

3         **E.**      **Returned Solicitation Packages or Notices**

4        43.      In compliance with Bankruptcy Rules 2002 and 3017, the First Lien Steering

5  Committee will send notice of the Disclosure Statement Hearing to Holders of Claims and

6  Interests.  However, the First Lien Steering Committee anticipates that some of the notices

7  of the Disclosure Statement Hearing that are sent to Holders of Claims and Interests may be

8  returned by the United States Postal Service or other carrier as undeliverable.  The First Lien

9  Steering Committee believes that it would be costly and wasteful to mail Solicitation

10  Packages to the same addresses to which undeliverable notices of the Disclosure Statement

11  Hearing were mailed.  Therefore, the First Lien Steering Committee seeks the Bankruptcy

12  Court's approval for a departure from the strict notice rule, excusing the First Lien Steering

13  Committee from mailing Solicitation Packages to those Entities listed at such addresses,

14  unless the First Lien Steering Committee, through the Claims and Solicitation Agent (by

15  writing to The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16501

16  Ventura Blvd., Suite 400, Encino, California 91436), is provided with or otherwise locates

17  accurate addresses for such Entities not less than ten business days prior to the Solicitation

18  Date.  If a Holder of a Claim or Interest has changed its mailing address after the Petition

19  Date, the burden should be on the Holder, not the First Lien Steering Committee, to advise

20  the Claims and Solicitation Agent of the new address.

21         **F.**      **Plan Supplement**

22        44.      The First Lien Steering Committee will file a complete version of the Plan

23  Supplement on or before the Plan Supplement Filing Date, which is **November 16, 2009**.

24  Based on the volume of such materials, the First Lien Steering Committee does not intend to

25  serve copies of the Plan Supplement.  Instead, the Confirmation Hearing Notice will inform

26  parties of the Plan Supplement Filing Date, and will inform parties that the Plan Supplement

27  may be obtained from the Claims and Solicitation Agent's website at

28  http://www.omnimgt.com/rhodes.  The Confirmation Hearing Notice also will instruct

parties that they may contact the Claims and Solicitation Agent by writing to The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16501 Ventura Blvd., Suite 400, Encino, California 91436, or by calling (866) 989-6144 if they wish to request a copy of the Plan Supplement.

## IV.    VOTING AND GENERAL TABULATION PROCEDURES

45.    The First Lien Steering Committee respectfully requests that the Bankruptcy Court approve the voting and tabulation procedures described herein and in section D of the Solicitation Procedures, in accordance with section 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a).

### A.    Establishment of a Record Date

46.    The First Lien Steering Committee requests that the Bankruptcy Court establish the date that an order is entered approving the Disclosure Statement as the record date (the "Record Date") for determining: (a) the Holders of Claims (including "holders of stocks, bonds, debentures, notes and other securities") that are entitled to receive the Solicitation Package pursuant to the Solicitation Procedures; (b) Holders of Claims entitled to vote to accept the Plan; and (c) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of a Claim.[6]

47.    The First Lien Steering Committee believes that one record date should be established for all Holders of Claims and will prominently display the proposed Record Date in the notice of the Disclosure Statement Hearing.

### B.    Approval of Voting Procedures

48.    The First Lien Steering Committee proposes that only the following Holders of Claims in Impaired Classes shall be entitled to vote:

a.    Holders of Claims for which Proofs of Claim have been timely-filed, as

---

[6] The First Lien Steering Committee's request for the establishment of a Record Date is for voting purposes only and shall have no impact with respect to who is entitled to receive distributions under the Plan.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

reflected on the Claims Register as of the Record Date, which have not been withdrawn or disallowed, provided, however, that Holders of Claims to which an objection is pending at least fifteen days prior to the Confirmation Hearing shall not be entitled to vote unless they become eligible to vote through a Resolution Event;

b.  Holders of Claims that are listed in the Debtors' Schedules, with the exception of those Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled Claims that have been superseded by a timely-filed Proof of Claim); and

c.  Holders whose Claims arise pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court, in an order of the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed.

49.  The assignee of a transferred Claim (whether a timely-filed or scheduled Claim) shall be permitted to vote such Claim only if the transfer or assignment has been fully effectuated pursuant to the procedures dictated by Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Record Date.

**C.  Establishing the Voting Deadline**

50.  The First Lien Steering Committee requests that the Bankruptcy Court establish **December 3, 2009 at 4:00 p.m.** (prevailing Pacific Time) as the voting deadline ("Voting Deadline").  For votes to be counted, all Ballots must be properly executed, completed, and delivered as specified in section B of the Solicitation Procedures by the Voting Deadline.  The Confirmation Hearing Notice will prominently display the Voting Deadline date and time.

**D.  Approval of General Tabulation Procedures**

51.  In tabulating votes, the First Lien Steering Committee proposes that the following hierarchy shall be used to determine the Claim amount associated with each Holder's vote regardless of the amount that the Claim holder may write in on the ballot:

a.  the Claim amount as Allowed by an order of the Bankruptcy Court;

b.  the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under the procedures set forth in section C.3 of the Solicitation Procedures;

22

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

c.   the Claim amount settled and/or agreed upon by the Debtors with the consent of the First Lien Steering Committee prior to the Record Date;

d.   the Claim amount contained in a Proof of Claim that has been timely-filed by the Bar Date (or deemed timely-filed by the Bankruptcy Court under applicable law) that is not the subject of an objection or has not been withdrawn; provided, however, that Ballots cast by Holders whose Claims are listed in unliquidated or unknown amounts that are not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code;

e.   the Claim amount listed in the Debtors' Schedules, provided that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid; and

f.   in the absence of any of the foregoing, zero.

52.    The Claim amount established pursuant to section D.2 of the Solicitation Procedures shall control for voting purposes only, and shall not constitute the Allowed amount of any Claim.

53.    The First Lien Steering Committee also proposes to use the following voting procedures and standard assumptions in tabulating ballots:

a.   except as otherwise provided in the Solicitation Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the First Lien Steering Committee shall reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation;

b.   the Claims and Solicitation Agent will date and time-stamp all Ballots when received.  The Claims and Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court;

c.   the First Lien Steering Committee will file with the Bankruptcy Court, within five days prior to the Confirmation Hearing, a voting report (the "Voting Report").  The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, or damaged ("Irregular Ballots").  The Voting Report shall indicate the First Lien Steering Committee's intentions with regard to such Irregular Ballots;

d.   the method of delivery of Ballots to be sent to the Claims and Solicitation

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Solicitation Agent actually <u>receives</u> the original executed Ballot;

e.   an original executed Ballot is required to be submitted by the Entity submitting such Ballot;

f.   no Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Claims and Solicitation Agent), the Debtors' financial or legal advisors, the First Lien Agent or its legal advisors, the Second Lien Agent or its legal advisors, or the First Lien Steering Committee's financial or legal advisors, and if so sent will not be counted;

g.   the First Lien Steering Committee expressly reserves the right to amend from time to time the terms of the Plan in accordance with the terms thereof (subject to compliance with the requirements of section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification);

h.   if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

i.   Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims within the same Class, the First Lien Steering Committee may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

j.   a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by the applicable nominee or its agent, the Claims and Solicitation Agent, the First Lien Steering Committee, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder;

k.   the First Lien Steering Committee, subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

l.   neither the First Lien Steering Committee, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

m.   unless waived or as ordered by the Bankruptcy Court, any defects or

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

n.  in the event a designation of lack of good faith is requested by a party-in-interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o.  subject to any order of the Bankruptcy Court, the First Lien Steering Committee reserves the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the First Lien Steering Committee, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided however, that any such rejections will be documented in the Voting Report;

p.  if a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Bankruptcy Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution; and

q.  if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth in section C.3 of the Solicitation Procedures.

54.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (ii) any Ballot cast by an Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely-filed; (iv) any unsigned Ballot; (v) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the Solicitation Procedures.

55.    The First Lien Steering Committee believes that the requested Solicitation Procedures and other relief requested herein are cost-effective, provide adequate notice and an opportunity to be heard, and are in the best interests of the Estates, their Creditors, and other parties in interest.  Accordingly, the First Lien Steering Committee submits that they have shown good cause for the relief requested herein.

**E.**     **Special Procedures Related to Proposed Substantive Consolidation**

56.     The Plan is predicated on the substantive consolidation of the Estates into a single consolidated Estate for all purposes associated with confirmation and consummation of the Plan.     Consequently, when tabulating voting results, assuming substantive consolidation, all Ballots shall be counted as if filed against a single consolidated Estate, and any obligation of any of the Debtors and all guaranties thereof by or enforceable against any other Debtors and any joint and several liability of the Debtors will be treated as a single obligation in the amount of the obligation of the primary obligor.

**V.     ESTABLISHING NOTICE AND OBJECTION PROCEDURES RELATING TO CONFIRMATION**

**A.**     **Setting the Confirmation Hearing**

57.     In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code (requiring a plan confirmation hearing), the First Lien Steering Committee requests that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled for **December 17, 2009 at 9:30 a.m.** (prevailing Pacific Time).     The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the First Lien Steering Committee without further notice other than adjournments announced in open court.

58.     The First Lien Steering Committee submits that the proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the First Lien Steering Committee to pursue confirmation and consummation of the Plan in a timely fashion.

**B.**     **Approval of the Form of Confirmation Hearing Notice**

59.     Bankruptcy Rules 2002(b) and (d) require not less than twenty-five days' notice to all Holders of Claims of the time fixed for filing objections to the hearing on confirmation of a chapter 11 plan.  In accordance with Bankruptcy Rules 2002 and 3017(d), the First Lien Steering Committee proposes to provide to all Creditors a copy of a notice

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

substantially in the form annexed to the Solicitation Procedures Order as <u>Exhibit 6</u>, and incorporated herein by reference (the "<u>Confirmation Hearing Notice</u>"), setting forth: (a) the Voting Deadline (as defined below); (b) the time fixed for filing objections to confirmation of the Plan (the "<u>Plan Objection Deadline</u>"); (c) the time, date, and place for the Confirmation Hearing; (d) the Record Date; (e) the procedures for temporary allowance of Claims; (f) the Distribution Record Date; and (g) a disclosure regarding the third-party release, injunction, and exculpation provisions in the Plan.  Additionally, the Confirmation Hearing Notice shall inform the parties that the Solicitation Package (excluding Ballots) can be obtained by accessing the Claims and Solicitation Agent's website or by requesting a copy from the Claims and Solicitation Agent.  Such notice will be sent on or before the Solicitation Date (as defined below), which is at least twenty-five (25) days prior to the Plan.

60.    In addition to mailing the Confirmation Hearing Notice, the First Lien Steering Committee proposes to publish the Confirmation Hearing Notice in <u>The Las Vegas Sun</u> on a date no less than fifteen days prior to the Voting Deadline.  Bankruptcy Rule 2002(l) permits the Bankruptcy Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice."  Fed. R. Bankr. P. 2002(l).  The First Lien Steering Committee believes that publication of the Confirmation Hearing Notice will provide sufficient notice of the approval of the Disclosure Statement, the Confirmation Hearing, the Record Date, the Voting Deadline, and the Plan Objection Deadline to Entities who will not otherwise receive notice by mail as provided in the Solicitation Procedures.

61.    The First Lien Steering Committee submits that the foregoing procedures will provide parties in interest with at least twenty-five (25) days notice of the Plan Objection Deadline and Confirmation Hearing, and accordingly, should be approved.

**C.    Establishing Procedures for Filing Objections to Confirmation of the Plan**

62.    The First Lien Steering Committee requests that the Bankruptcy Court direct the manner in which objections to Confirmation must be made.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

63.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed R. Bankr. P. 3020(b)(1). The Confirmation Hearing Notice provides, and the First Lien Steering Committee requests, that the Court direct that objections to confirmation of the Plan or proposed modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules and Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed, together with proof of service, with the Court, and be served so that they are actually received by:  (i) the Clerk of the Court; (ii) counsel for the First Lien Steering Committee; (iii) the United States Trustee; (iv) counsel to the Debtors; and (v) counsel to the Creditors' Committee, each at the addresses set forth in the Confirmation Hearing Notice, no later than 4:00 p.m. (prevailing Pacific Time) on **December 3, 2009** (which is at least twenty-five (25) days after the proposed distribution of the Confirmation Hearing Notice).

64.    By setting **December 3, 2009** as the Plan Objection Deadline, this Court will be assured that parties in interest will have been provided with at least the requisite twenty-five (25) days notice of the Plan Objection Deadline and that the First Lien Steering Committee and other parties in interest will have sufficient time to consider and reply, if necessary, to any objections and proposed modifications to the Plan, while leaving this Court with sufficient time to consider any such objections and replies before the Confirmation Hearing.

65.    The First Lien Steering Committee submits that, if there are objections to confirmation, it will assist the Court and may expedite the Confirmation Hearing if the First Lien Steering Committee is authorized to file omnibus replies to any such objections. Accordingly, the First Lien Steering Committee requests that it be authorized to file and serve replies to any such objections no later than 4:00 p.m. (prevailing Pacific Time) on December 10, 2009 (which date is seven days prior to the requested date of the

1    Confirmation Hearing).  The First Lien Steering Committee respectfully requests that the

2    Court approve these procedures for filing objections to the Plan and replies thereto pursuant

3    to Bankruptcy Rule 3020 and Local Rule 9014(d).

4            **D.**      **Establishment of Distribution Record Date**

5    66.    The First Lien Steering Committee requests that the Bankruptcy Court

6    establish the date the Confirmation Order is entered on the docket in the Chapter 11 Cases as

7    the Distribution Record Date (the "Distribution Record Date").

8    **VI.**    **COOPERATION BY THE DEBTORS AND DEBTORS' PROFESSIONALS REGARDING IMPLEMENTATION OF AN ORDER APPROVING THE**

9            **MOTION**

10    67.    Certain of the actions necessary to implement the relief requested by this

11    Motion, including, but not limited to, distribution of the Disclosure Statement Notice and the

12    Solicitation Packages, the tabulation of votes and the publication of various notices, are

13    contemplated to be performed by the Claims and Solicitation Agent, a professional retained

14    by the Debtors at the outset of the Chapter 11 cases.  Further, certain information pertaining

15    to the claims register maintained by the Claims and Solicitation Agent is in the possession

16    and control of the Debtors and/or the Debtors' court appointed professionals.  To ensure the

17    efficient implementation for the terms of an order approving this Motion, the First Lien

18    Steering Committee requests that the Court direct the Claims and Solicitation Agent to

19    perform all required actions necessary to implement the relief requested by this Motion.

20    Further, the First Lien Steering Committee requests that the Court direct the Debtors and

21    their professionals to cooperate with all reasonable requests made by the First Lien Steering

22    Committee and its professionals regarding the sharing of information and actions necessary

23    to implement any order approving this Motion.

24    **Summary of Proposed Solicitation-Related Dates**

25    68.    To summarize, the First Lien Steering Committee proposes the following key

26    dates related to the Solicitation and Confirmation process:

27          **Record Date**:  the date that is the date an order is entered approving the

28              Disclosure Statement;

*AKIN GUMP STRAUSS HAUER & FELD LLP*
*One Bryant Park*
*New York, New York 10036*
*Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com*

**Solicitation Date**:  November 5, 2009;

**Plan Objection Deadline**: December 3, 2009, at 4:00 p.m. (prevailing Pacific Time);

**Voting Deadline**:  December 3, 2009, at 4:00 p.m. (prevailing Pacific Time);

**Plan supplement filing deadline**:  November 16, 2009;

**Deadline to file brief in support of plan**:  December 10, 2009;

**Confirmation Hearing**:  December 17, 2009;

**Distribution Record Date**:  the date of the entry of the Confirmation Order.

## Memorandum of Law

69.     This Motion includes citations to the applicable authorities and a discussion of their application to this Motion.   Accordingly, the First Lien Steering Committee respectfully submits that such citations and discussion satisfy the requirements that the First Lien Steering Committee submit a separate memorandum of law in support of the Motion pursuant to Local Rule 9014(c).

## Notice

70.     Pursuant to Bankruptcy Rule 2002(b), notice of the filing of the Motion and the deadline for objecting to the Motion will be provided to: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067-4100, Attn.: James I. Stang, Shirley S. Cho, Werner Disse; (b) co-counsel to the Debtors, Larson & Stephens, 810 S. Casino Center Boulevard, Suite 104, Las Vegas, Nevada 89101, Attn.: Zachariah Larson; (c) the United States Trustee, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101, Attn.: Edward M. McDonald; (d) counsel to the Creditors' Committee, Parsons Behle & Latimer, 50 West Liberty Street, Suite 750, Reno, Nevada 89501, Attn.: Rew R. Goodenow, Karl Y. Olsen, and One Utah Center, 201 South Main Street, Suite 1800, P.O. Box 45898, Salt Lake City, Utah 84145-0898, Attn.: J. Thomas Beckett, David P. Billings; (e) all parties entitled who have requested notice pursuant to Bankruptcy Rule 2002; (f) counsel to the First Lien Agent, Skadden, Arps, Slate Meagher & Flom LLP, 300 South Grand Avenue, Suite 3500, Los

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Angeles, California 90071, Attn: Van C. Durrer II, Ramon M. Naguiat; (g) counsel for the Second Lien Agent, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Don S. De Amicis, Mark R. Somerstein, Benjamin L. Schneiderl; (h) the Internal Revenue Service; (i) the United States Department of Justice; and (j) all Creditors and Interest Holders.   In light of the nature of the relief requested herein, the First Lien Steering Committee submits that no other or further notice is required.   A copy of the Motion is also available on the Claims and Solicitation Agent's website at http://www.omnimgt.com/rhodes.

**No Prior Request**

71.    No prior motion for the relief requested herein has been made to this or any other court.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

## CONCLUSION

72.    WHEREFORE, the First Lien Steering Committee respectfully requests that the Bankruptcy Court enter the proposed Solicitation Procedures Order, substantially in the form attached hereto as Exhibit A, granting the Motion and such further relief as is equitable and just.

A.    **Signed this 25th day of September, 2009.**

By:    */s/ Philip C. Dublin*
Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NV 89102
(702) 979-2357 (Telephone)
(702) 362-9472 (Facsimile)
Nleatham@klnevada.com

AKIN GUMP STRAUSS HAUER & FELD LLP
Philip C. Dublin (NY Bar No, 2959344)
Abid Qureshi (NY Bar No. 2684637)
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
pdublin@akingump.com
aqureshi@akingump.com

*Counsel for the First Lien Steering Committee*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York  10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

## **Exhibit A**

**Proposed Order**



AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-14814-LBR |
| | § | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, | § | |
| aka "Rhodes Homes," *et al.*, | § | Chapter 11 |
| | § | |
| Debtors.[1] | § | Hearing Date: October 30, 2009 |
| | § | Hearing Time:  1:30 p.m (PST) |
| | § | Courtroom 1 |

Affects:
☒ **All Debtors**
☐ **Affects the following**
  **Debtor(s)**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

**ORDER (A) APPROVING THE ADEQUACY OF THE FIRST LIEN STEERING COMMITTEE'S DISCLOSURE STATEMENT; (B) APPROVING SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE FIRST LIEN STEERING COMMITTEE'S PROPOSED PLAN OF REORGANIZATION; (C) APPROVING THE FORM OF VARIOUS BALLOTS AND NOTICES IN CONNECTION THEREWITH; AND (D) SCHEDULING CERTAIN DATES WITH RESPECT THERETO**

Upon consideration of the Disclosure Statement for the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for the Rhodes Companies, LLC, et al. (the "Disclosure Statement") filed by the First Lien Steering Committee and the Motion of the First Lien Steering Committee for Entry of an Order (A) Approving the Adequacy of the First Lien Steering Committee's Disclosure Statement; (B) Approving Solicitation and Notice Materials with Respect to the Plan of Reorganization; (C) Approving the Form of Various of Ballots and Notices in Connection Therewith, and (D) Scheduling Certain Dates with Respect Thereto (the "Motion");[2] and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Disclosure Statement has been given; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the above-captioned Debtors, their estates, creditors and other parties in interest; and sufficient cause appearing therefor, it is hereby:

ORDERED that:

1.    The Motion is granted.

2.    The Disclosure Statement contains "adequate information" as defined in Bankruptcy Code section 1125(a), and is hereby APPROVED in all respects pursuant to Bankruptcy Code section 1125(a).

3.    A hearing to consider confirmation of the Plan of Reorganization Pursuant to

---

[2] Any capitalized term not defined herein shall have the meaning ascribed to such term in the Motion.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

Chapter 11 of the Bankruptcy Code for the Rhodes Companies, LLC, et al. (as may be amended or modified, the "Plan") will be held on [**December 17, 2009 at 9:30 a.m.**] (prevailing Pacific Time), or as soon thereafter as counsel can be heard, before the Honorable Linda B. Riegle, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Nevada, Foley Federal Building, 300 S. Las Vegas Blvd., Las Vegas, Nevada 89101 (the "Confirmation Hearing").  The Confirmation Hearing may be adjourned from time to time without further notice other than the announcement at the Confirmation Hearing of the date or dates of any adjourned hearing.

4.       The record date for purposes of voting to accept or reject the Plan is the date of entry of this order (the "Record Date").

5.       The deadline for the receipt of Ballots accepting or rejecting the Plan shall be [**4:00 p.m.  (Pacific Time) on December 3, 2009**] (the "Voting Deadline").  For a Ballot to be counted, it must be actually received prior to the Voting Deadline at the applicable address indicated in the voting instructions that accompany the Ballot.

6.       [**December 3**, **2009**] is fixed as the last day for filing and serving written objections, comments or responses, including any supporting memoranda, to confirmation of the Plan.  Any such objections must (a) be in writing; (b) conform to the Bankruptcy Rules and Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed, together with proof of service, with the Court, and be served so that they are actually received by:  (i) the Clerk of the Court; (ii) counsel for the First Lien Steering Committee; (iii) the United States Trustee; (iv) counsel to the Debtors; and (v) counsel to the Creditors' Committee, each at the addresses set forth in the Confirmation Hearing Notice, no later than 4:00 p.m. (prevailing Pacific Time) on December 3, 2009 (which is at least twenty-five (25) days after the proposed distribution of the Confirmation Hearing Notice).

7.       The First Lien Steering Committee shall file the Plan Supplement no later

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

than [**November 16**], 2009.

      8.      The First Lien Steering Committee shall file its memorandum in support of Plan confirmation, and any other party supporting the Plan shall file with the Court and serve on the applicable objecting party any response to a timely filed objection to confirmation of the Plan by **[December 10]**, 2009.

      9.      The Claims and Solicitation Agent shall file the Voting Report no later than five days before the Confirmation Hearing.

      10.      Any party in interest may seek further clarification from the Court on vote tabulation and the solicitation process, and retain the right to object or raise any issue with respect to any Ballot.

No Objection by the Office of the United States Trustee

By: _____
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

4