## Exhibit 1

**Notice of Disclosure Statement Hearing**

Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NV 89102
Telephone: 702.979.2357
Facsimile: 702.362.9472
E-Mail:    nleatham@klnevada.com

Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 2684637)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: 212.872.1000
Facsimile: 212.872.1002
E-Mail: pdublin@akingump.com
          aqureshi@akingump.com

*Counsel for the First Lien Steering Committee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: | Case No. 09-14814-LBR |
| | **(JointlyAdministered)** |
| **THE RHODES COMPANIES, LLC,** | |
| aka "Rhodes Homes," *et al.,* | **Chapter 11** |
| | |
| Debtors.[1] | |
| | **Hearing Date: October 30, 2009** |
| | **Hearing Time: 1:30 p.m.** |
| Affects: | |
| ☒ **All Debtors** | **NOTICE OF HEARING ON DISCLOSURE** |
| ☐ **Affects the following** | **STATEMENT FOR THE PLAN OF** |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

<table>
<tr><td>Debtor(s)</td><td>§<br>§<br>§<br>§</td><td>REORGANIZATION PURSUANT TO<br>CHAPTER 11 OF THE UNITED STATES<br>BANKRUPTCY CODE FOR THE RHODES<br>COMPANIES, LLC, <u>ET AL.</u></td></tr>
</table>

**PLEASE TAKE NOTICE** that, on September 25, 2009, the First Lien Steering Committee (the "First Lien Steering Committee") filed the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al. (as may be amended or modified from time to time, the "Plan") and the accompanying Disclosure Statement for the Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code for The Rhodes Companies, LLC, et al. (as may be amended or modified from time to time, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that:

1.    On September 25, 2009, the First Lien Steering Committee filed the Motion of the First Lien Steering Committee for Entry of an Order (A) Approving the Adequacy of the First Lien Steering Committee's Disclosure Statement; (B) Approving Solicitation and Notice Materials with Respect to Confirmation of Plan of Reorganization; (C) Approving the Form of Various Ballots and Notices in Connection Therewith; and (D) Scheduling Certain Dates with Respect Thereto (the "Motion").

2.    A hearing will be held before the Honorable Linda B. Riegle in Courtroom 1 at 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101 on **October 30, 2009 at 1:30 p.m. (PST)** to consider the Motion and the entry of an order, among other things: (i) determining that the Disclosure Statement contains "adequate information" within the meaning ascribed to such term in Bankruptcy Code section 1125, and (ii) approving the Disclosure Statement.

3.    Copies of the Disclosure Statement and the Motion may be obtained (i) by accessing PACER through the website of the United States Bankruptcy Court for the District of Nevada (http://www.nvb.uscourts.gov), (ii) for no charge on the website maintained by Omni Management Group (http://www.omnimgt.com/rhodes), or by sending a written request to the counsel at the addresses and facsimile numbers listed on the first page of this Notice.

4.    Responses and objections, if any, to the approval of the Disclosure Statement must:

(a)    be in writing;
(b)    state the name and address of the objecting party and the nature of the Claim[2] or Interest of such party;
(c)    state with particularity the basis and nature of any objection or proposed modification to the Disclosure Statement;
(d)    be filed with, and served upon, the Bankruptcy Court; and
(e)    be filed with the Bankruptcy Court and served on the following:

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan and the Disclosure Statement.

AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>Tel: 212.872.1000 / Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

1. <u>Office of the U.S. Trustee</u>
Assistant United States Trustee
Attn:   August B. Landis
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, NV  89101

2. <u>Counsel to the Debtors</u>
Pachulski Stang Ziehl & Jones LLP
Attn:   James I. Stang, Esq.
           Shirley S. Cho, Esq.
10100 Santa Monica Blvd., Suite 1100
Los Angeles, California, 90067

3. <u>Counsel for the Official Committee of Unsecured Creditors</u>
Parsons Behle & Latimer
Attn:   J. Thomas Beckett
201 S. Main St., Suite 1800
Salt Lake City, UT  84111

4. <u>Counsel for the First Lien Steering Committee</u>
Akin Gump Strauss Hauer & Feld LLP
Attn:   Philip C. Dublin, Esq.
           One Bryant Park
New York, New York 10036

5. <u>Counsel for the Agent for the Second Lien Lenders</u>
Ropes & Gray LLP
Attn:   Mark Somerstein, Esq.
           Benjamin Schneider, Esq
1211 Avenue of the Americas
New York, New York 10036

6. <u>Counsel for the Agent for the First Lien Lenders</u>
Skadden, Arps, Slate, Meagher & Flom LLP
Attn:   Van C. Durrer II
           Ramon M. Naguiat
300 South Grand Avenue, Suite 3500
Los Angeles, CA 90071

7. <u>Counsel for James M. Rhodes and Sagebrush Enterprises, Inc.</u>
Greenberg Traurig, LLP
Attn:   Brett A. Axelrod, Esq.
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada  89169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

---

**PLEASE TAKE FURTHER NOTICE** that any objection to the Disclosure Statement or the Motion must be filed and served within 25 days after the date of this Notice.

**PLEASE TAKE FURTHER NOTICE** that if you object to the Disclosure Statement or the Motion, you *must* file a **WRITTEN** response to the Disclosure Statement or the Motion with the court. You *must* also serve your written response on the person who sent this notice.

If you do not file a written response with the Court, or if you do not serve your written response on the person who sent you this notice, then:

•    The Court may *refuse to allow you to speak* at the scheduled hearing; and
•    The Court may *rule against you* without formally calling the matter at the hearing.

---

**PLEASE TAKE FURTHER NOTICE** that, upon approval of the Disclosure Statement by the Bankruptcy Court, any party in interest that is entitled to vote on the Plan will receive a copy of the Disclosure Statement, the Plan, and various documents related thereto, unless otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Disclosure Statement and the Motion may be continued without further notice.

DATED this 25th day of September 2009.

By:    */s/ Philip C. Dublin*
Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NV 89102
(702) 979-2357 (Telephone)
(702) 362-9472 (Facsimile)
Nleatham@klnevada.com

AKIN GUMP STRAUSS HAUER & FELD LLP
Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 2684637)
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
pdublin@akingump.com
aqureshi@akingump.com

*Counsel for the First Lien Steering Committee*

4

**Exhibit 2**

**Solicitation Procedures**

# SOLICITATION PROCEDURES

## A.    The Record Date

The Bankruptcy Court has approved the date that an order is entered approving the Disclosure Statement as the Record Date for purposes of determining, among other things, which Holders of Claims are entitled to vote on the Plan.[1]

## B.    The Voting Deadline

The Bankruptcy Court has approved 4:00 p.m. (prevailing Pacific time) on **[December 3, 2009]** as the Voting Deadline.  To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered by using the return envelope provided or by delivery by:  (a) first class mail; (b) overnight courier; (c) personal delivery; (d) email; or (e) fax, so that they are actually <u>received</u>, no later than the Voting Deadline by the Claims and Solicitation Agent.  The Ballots will clearly indicate the appropriate mailing address, email address and fax number to which your Ballot may be sent.

## C.    Solicitation Procedures

1.    <u>The Solicitation Package</u>:  The following materials shall constitute the Solicitation Package:

    a.    a cover letter: (i) describing the contents of the Solicitation Package and instructions on how paper copies of any materials that may be provided in CD-ROM format can be obtained at no charge and (ii) urging the Holders in each of the Voting Classes (as defined below) to vote to accept the Plan;

    b.    the Solicitation Procedures Order;

    c.    a copy of the Solicitation Procedures;

    d.    an appropriate form of Ballot;

    e.    the Confirmation Hearing Notice (as defined below);

    f.    a copy of a letter signed by Mediation Parties in support of the Plan;

    g.    the approved form of the Disclosure Statement (together with the Plan, which is <u>Exhibit A</u> thereto) in either paper or CD-ROM format; and

    h.    such other materials as the Bankruptcy Court may direct.

2.    <u>Distribution of the Solicitation Packages</u>:  The Solicitation Packages shall be served on:

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Disclosure Statement, or Solicitation Procedures Order, as applicable.

a.    Holders of Claims for which Proofs of Claim have been timely-filed, as reflected on the Claims Register as of the Record Date, which have not been withdrawn or disallowed, provided, however, that Holders of Claims to which an objection is pending at least fifteen days prior to the Confirmation Hearing shall not be entitled to vote unless they become eligible to vote through a Resolution Even in section C.3 herein;

b.    Holders of Claims that are listed in the Debtors' Schedules, with the exception of those Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled Claims that have been superseded by a timely-filed Proof of Claim); and

c.    Holders whose Claims arise pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court, in an order of the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been Filed.

d.    the Internal Revenue Service; and

e.    the United States Trustee for the District of Nevada.

3.    Temporary Allowance of Claims for Voting Purposes:  If a Holder's Claim is subject to an objection as of the Record Date, the Holder of such Claim cannot vote any disputed portion of its Claim unless one or more of the following events have taken place at least five business days before the Voting Deadline: (i) an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (ii) an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (iii) an order of the Bankruptcy Court approving a stipulation or other agreement by the Holder of such Claim and the Debtors, with the consent of the First Lien Steering Committee, resolving the objection and allowing such Claim in an agreed upon amount; (iv) a stipulation or other agreement is executed by the Holder of the such Claim with the Debtors, with the consent of the First Lien Steering Committee, temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or (v) the pending objection to the such Claim or Interest is voluntarily withdrawn by the objecting party (each, a "Resolution Event").  No later than two business days after a Resolution Event, the Claims and Solicitation Agent shall distribute a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder of such temporarily allowed Claim that has been allowed for voting purposes only by such Resolution Event, which must be returned according to the instructions on the Ballot by no later than the Voting Deadline.

If the Holder of a Claim receives a Solicitation Package, but the First Lien Steering Committee or the Debtors (with the consent of the First Lien Steering Committee) object to such Claim after the Record Date but before fifteen days prior to the Confirmation Hearing, the notice of objection will inform such Holder of the rules applicable to Claims subject to a pending objection, and the procedures for temporary allowance for voting purposes. Furthermore, if the Holder of a Claim receives a Solicitation Package, but the First Lien Steering Committee or the

2

Debtors (with the consent of the First Lien Steering Committee) object to such Claim after fifteen days prior to the Confirmation Hearing, the Holder's Claim shall be deemed temporarily allowed for voting purposes only without further action by the Holder of such Claim and without further order of the Bankruptcy Court.

4. <u>Form of Notice to Unclassified Claims and Unimpaired Classes</u>: The First Lien Steering Committee will not solicit votes from unclassified Claims or Claims in Unimpaired Classes that are deemed to accept the Plan. The First Lien Steering Committee will, however, send a Notice of Non-Voting Status, in lieu of the Solicitation Package to the Holders of such Claims. This notice will explain to the Holder of an unclassified Claim or a Claim in an Unimpaired Class of such Holders' non-voting status and that such Holders may obtain certain materials in the Solicitation Package from the Claims and Solicitation Agent.

5. <u>The Plan Supplement</u>: The First Lien Steering Committee will file a complete version of the Plan Supplement on or before the Plan Supplement Filing Date, which is November 16, 2009. Based on the volume of such materials, the First Lien Steering Committee does not intend to serve copies of the Plan Supplement. Instead, the Confirmation Hearing Notice will inform parties of the Plan Supplement Filing Date, and will inform parties that the Plan Supplement may be obtained from the Claims and Solicitation Agent's website at http://www.omnimgt.com/rhodes. The Confirmation Hearing Notice also will instruct parties that they may contact the Claims and Solicitation Agent by writing to The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16501 Ventura Blvd., Suite 400, Encino, California 91436, or by calling (866) 989-6144 if they wish to request a copy of the Plan Supplement.

6. <u>Publication of Confirmation Hearing Notice</u>: The First Lien Steering Committee, through the Debtors, shall, one time after the Disclosure Statement Hearing, publish the Confirmation Hearing Notice, which will contain, among other things, the Plan Objection Deadline, the Voting Deadline, and date of the Confirmation Hearing, in *The Las Vegas Sun* to provide notification to those persons who may not receive notice by mail. Such publication of the Confirmation Hearing Notice shall occur on a date no less than fifteen days prior to the Voting Deadline.

**D.    Voting and General Tabulation Procedures**

1. <u>Holders of Claims and Interests Entitled to Vote:</u> Only the following Holders of Claims or Interests in Voting Classes shall be entitled to vote with regard to such Claims:

      a.    Holders of Claims for which Proofs of Claim have been timely-filed, as reflected on the Claims Register as of the Record Date, which have not been withdrawn or disallowed, <u>provided</u>, <u>however</u>, that Holders of Claims to which an objection is pending at least fifteen days prior to the Confirmation Hearing shall not be entitled to vote unless they become eligible to vote through a Resolution Even in section C.3 herein;

      b.    Holders of Claims that are listed in the Debtors' Schedules, with the exception of those Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled Claims that have been superseded by a timely-filed Proof of Claim); and

c.     Holders whose Claims arise pursuant to an agreement or settlement with the Debtors (with the consent of the First Lien Steering Committee), as reflected in a document filed with the Bankruptcy Court, in an order of the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been Filed.

2. <u>Establishing Claim and Interest Amounts</u>:   In tabulating votes, the following hierarchy shall be used to determine the Claim amount associated with each Holder's vote regardless of the amount that the Claim Holder may write in on the Ballot:

a.     the Claim amount as Allowed by an order of the Bankruptcy Court;

b.     the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under the procedures set forth in section C.3 herein;

c.     the Claim amount settled and/or agreed upon by the Debtors with the consent of the First Lien Steering Committee prior to the Record Date;

d.     the Claim amount contained in a Proof of Claim that has been timely-filed by the Bar Date (or deemed timely-filed by the Bankruptcy Court under applicable law) that is not the subject of an objection or has not been withdrawn; provided, however, that Ballots cast by Holders whose Claims are listed in unliquidated or unknown amounts that are not the subject of an objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code, and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code;

e.     the Claim amount listed in the Debtors' Schedules, provided that such Claim is not scheduled as contingent, disputed, or unliquidated and has not been paid; and

f.     in the absence of any of the foregoing, zero.

The Claim amount established herein shall control for voting purposes only, and shall not constitute the Allowed amount of any Claim.

3. <u>General Ballot Tabulation</u>: The following voting procedures and standard assumptions shall be used in tabulating ballots:

a.     except as otherwise provided herein, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the First Lien Steering Committee shall reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation;

b.     the Claims and Solicitation Agent will date and time-stamp all Ballots when received. The Claims and Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after

the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court;

c.      the Claims and Solicitation Agent will file with the Bankruptcy Court, within five days prior to the Confirmation Hearing, a voting report (the "Voting Report"). The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, or damaged ("Irregular Ballots");

d.      the method of delivery of Ballots to be sent to the Claims and Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot or Master Ballot will be deemed delivered only when the Claims and Solicitation Agent actually receives an executed Ballot;

e.      an executed Ballot is required to be submitted by the Entity submitting such Ballot;

f.      no Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Claims and Solicitation Agent), the Debtors' financial or legal advisors, the First Lien Agent or its legal advisors, the Second Lien Agent or its legal advisors, or the First Lien Steering Committee's financial or legal advisors, and if so sent will not be counted;

g.      the First Lien Steering Committee expressly reserves the right to amend from time to time the terms of the Plan in accordance with the terms thereof (subject to compliance with the requirements of section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification);

h.      if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

i.      Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the First Lien Steering Committee may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

j.      a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by the Claims and Solicitation Agent, the First Lien Steering Committee, or the

Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder;

k.     the First Lien Steering Committee, subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot or Master Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

l.     neither the First Lien Steering Committee, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

m.     unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

n.     in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o.     subject to any order of the Bankruptcy Court, the First Lien Steering Committee reserves the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the First Lien Steering Committee, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, however, that any such rejections will be documented in the Voting Report;

p.     if a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Bankruptcy Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution; and

q.     if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth in section C.3 herein.

4.  Special Provisions Related to Proposed Substantive Consolidation:  The Plan is predicated on the substantive consolidation of the Estates into a single consolidated Estate for all purposes associated with confirmation and consummation of the Plan.  Consequently, when tabulating voting results, assuming substantive consolidation, all Ballots shall be counted as if filed against a single consolidated Estate, and any obligation of any of the Debtors and all guaranties thereof by or enforceable against any other Debtors and any joint and several liability of the Debtors will be treated as a single obligation in the amount of the obligation of the primary obligor.

**E.    Third Party Release, Exculpation, and Injunction Language in Plan**

The third party release, exculpation, and injunction language in Article VIII of the Plan will be included in the Disclosure Statement and further notice will be provided in the Confirmation Hearing Notice.

## Exhibit 3

**Sample Form of Ballots**

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA
### SOUTHERN DIVISION

|  |  |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC,<br>aka "Rhodes Homes," *et al.*,<br><br>Debtors. [1] | Case No. 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |

### CLASS A-1 BALLOT FOR ACCEPTING OR
### REJECTING PLAN OF REORGANIZATION

The First Lien Steering Committee filed its Plan of Reorganization Pursuant to chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (the "Plan") in the above-referenced cases on September 25, 2009. The Bankruptcy Court has approved the Disclosure Statement for the Plan (the "Disclosure Statement"), which provides information to assist you in deciding how to vote your Ballot. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. If you do not have a Disclosure Statement, you may obtain a copy on the web by visiting www.omnimgt.com/rhodes or by calling Omni Management at (866) 989-6144.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class A-1 under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

**If your Ballot is not received by 4:00 p.m. (prevailing Pacific Time) on or before [December 3, 2009], and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

*The Ballot is neither a Proof of Claim form, nor an admission by the First Lien Steering Committee or the above-captioned Debtors of the nature, validity or amount of your Claims.* The Plan can be confirmed by the Bankruptcy Court if it is accepted by the Holders of at least two-thirds in dollar amount and more than one-half in number of Claims that actually vote in each Impaired Class of Claims voting on the Plan. If

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class rejecting it and satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote count, you must complete, sign and return this Ballot.

The undersigned, the Holder of a Class A-1 Claim against one of the above captioned Debtors in the unpaid amount of $_____ ,

(Check Only One Box)

| ACCEPTS THE PLAN | ☐ | REJECTS THE PLAN | ☐ |
|---|---|---|---|

If you voted above (regardless of whether you voted to accept or reject the Plan), you may check the box below to opt in to the release provisions contained in Article VIII.F of the Plan.  **IF YOU VOTED ABOVE EITHER TO ACCEPT OR REJECT THE PLAN AND YOU ELECT TO OPT IN TO THE RELEASE PROVISIONS BY CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE FIRST LIEN LENDERS (AS DEFINED IN THE PLAN) THAT ALSO OPTED IN TO THE RELEASE PROVISIONS IN ARTICLE VIII.F OF THE PLAN FROM ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN) SOLELY TO THE EXTENT PROVIDED FOR IN THE PLAN AND YOU WILL RECEIVE A CORRESPONDING RELEASE FROM THE OTHER FIRST LIEN LENDERS THAT OPTED IN TO THE RELEASE PROVISIONS OF ARTICLE VIII.F OF THE PLAN.**

☐ **Opt In** to the release provisions.

DATED: _____ , 2009

Name of Creditor:_____

By:_____

Print Name of Signatory:_____

Title:_____

Address:_____

_____

Telephone:_____

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO:**

| If By U.S. Mail, Hand Delivery, Or Overnight Delivery: | The Rhodes Companies, LLC<br>Omni Management Group<br>Attn:  Brian Osborne<br>16161 Ventura Blvd.<br>Suite C, PMB 477<br>Encino, CA 91436 |
|---|---|
| If By Email: | Nova@omnimgt.com |
| If By Fax: | (818) 783-2737 |

**IN ORDER TO HAVE YOUR VOTE COUNT, THIS BALLOT MUST BE RECEIVED BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON [DECEMBER 3, 2009].**

3

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The First Lien Steering Committee is soliciting the votes of Holders of Claims with respect to the Plan referred to in the Disclosure Statement (a copy of which is being transmitted to you along with the Ballot). All capitalized terms used in the Ballot or voting instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Solicitation Procedures Order, a copy of which also accompanies the Ballot.

2.  The Bankruptcy Court may confirm the Plan and thereby bind you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class voting on the Plan. Please review the Disclosure Statement for more information.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in of the Ballot; and (c) sign and return the Ballot to the postal address, email address or fax number set forth in the Ballot. The Voting Deadline is 4:00 p.m. (prevailing *Pacific Time*) on [**December 3, 2009**.]

4.  If a Ballot is received after the Voting Deadline, it will not be counted unless the First Lien Steering Committee determines otherwise. The method of delivery of Ballots to the Claims and Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Solicitation Agent actually receives the executed Ballot. Instead of effecting delivery by mail, email or fax, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors, the Debtors' financial or legal advisors, the First Lien Steering Committee or the First Lien Steering Committee's financial or legal advisors.

5.  If multiple Ballots are received from an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

6.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the First Lien Steering Committee, the Debtors, nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

7.  This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

8.  Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.  If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

10. You must vote all of your Claims within a particular Plan Class either to accept or reject the Plan and may not split your vote.

11. Any Ballot that is properly completed and executed that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of a Claim; (b) any Ballot cast by an Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no Proof of Claim was timely Filed; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and (f) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures.

13. If you believe you have received the wrong Ballot, please contact the Claims and Solicitation Agent immediately.

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT
OR THE VOTING PROCEDURES,
PLEASE CALL THE CLAIMS AND SOLICITATION AGENT AT (866) 989-6144 OR
CONTACT BRIAN OSBORNE AT <u>BOSBORNE@OMNIMGT.COM</u>.**

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re:

THE RHODES COMPANIES, LLC,
aka "Rhodes Homes," *et al.*,

Debtors. [2]

Case No. 09-14814-LBR
(Jointly Administered)

Chapter 11

## CLASS A-2 BALLOT FOR ACCEPTING OR
## REJECTING PLAN OF REORGANIZATION

The First Lien Steering Committee filed its Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (the "Plan") in the above-referenced cases on September 25, 2009. The Bankruptcy Court has approved the Disclosure Statement for the Plan (the "Disclosure Statement"), which provides information to assist you in deciding how to vote your Ballot. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. If you do not have a Disclosure Statement, you may obtain a copy on the web by visiting www.omnimgt.com/rhodes or by calling Omni Management at (866) 989-6144.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class A-2 under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

**If your Ballot is not received by 4:00 p.m. (prevailing Pacific Time) on or before [December 3, 2009], and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

*The Ballot is neither a Proof of Claim form, nor an admission by the First Lien Steering Committee or the above-captioned Debtors of the nature, validity or amount of your Claims.* The Plan can be confirmed by the Bankruptcy Court if it is accepted by the Holders of at least two-thirds in dollar amount and more than one-half in number of Claims that actually vote in each Impaired Class of Claims voting on the Plan. If

---

[2] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class rejecting it and satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote count, you must complete, sign and return this Ballot.

The undersigned, the Holder of a Class A-2 Claim against one of the above captioned Debtors in the unpaid amount of $_____ ,

(Check Only One Box)

| **ACCEPTS THE PLAN** ☐ | **REJECTS THE PLAN** ☐ |
|---|---|

DATED: _____, 2009

Name of Creditor:_____

By:_____

Print Name of Signatory:_____

Title:_____

Address:_____

_____

Telephone:_____

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO:**

| If By U.S. Mail, Hand Delivery, Or Overnight Delivery: | The Rhodes Companies, LLC<br>Omni Management Group<br>Attn:  Brian Osborne<br>16161 Ventura Blvd.<br>Suite C, PMB 477<br>Encino, CA 91436 |
|---|---|
| If By Email: | Nova@omnimgt.com |
| If By Fax: | (818) 783-2737 |

**IN ORDER TO HAVE YOUR VOTE COUNT, THIS BALLOT MUST BE RECEIVED BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON [DECEMBER 3, 2009].**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

14. The First Lien Steering Committee is soliciting the votes of Holders of Claims with respect to the Plan referred to in the Disclosure Statement (a copy of which is being transmitted to you along with the Ballot). All capitalized terms used in the Ballot or voting instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Solicitation Procedures Order, a copy of which also accompanies the Ballot.

15. The Bankruptcy Court may confirm the Plan and thereby bind you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class voting on the Plan. Please review the Disclosure Statement for more information.

16. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in the Ballot; and (c) sign and return the Ballot to the postal address, email address or fax number set forth in the Ballot. The Voting Deadline is 4:00 p.m. (prevailing *Pacific Time*) on **[December 3, 2009]**.

17. If a Ballot is received after the Voting Deadline, it will not be counted unless the First Lien Steering Committee determines otherwise. The method of delivery of Ballots to the Claims and Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Solicitation Agent actually receives the executed Ballot. Instead of effecting delivery by mail, email or fax, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors, the Debtors' financial or legal advisors, the First Lien Steering Committee or the First Lien Steering Committee's financial or legal advisors.

18. If multiple Ballots are received from an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

19. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the First Lien Steering Committee, the Debtors, nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

20. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

21. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

22. If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

23. You must vote all of your Claims within a particular Plan Class either to accept or reject the Plan and may not split your vote.

24. Any Ballot that is properly completed and executed that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

25. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of a Claim; (b) any Ballot cast by an Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no Proof of Claim was timely Filed; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and (f) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures.

26. If you believe you have received the wrong Ballot, please contact the Claims and Solicitation Agent immediately.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT
OR THE VOTING PROCEDURES,
PLEASE CALL THE CLAIMS AND SOLICITATION AGENT AT (866) 989-6144 OR
CONTACT BRIAN OSBORNE AT BOSBORNE@OMNIMGT.COM.**

## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA
### SOUTHERN DIVISION

In re:

THE RHODES COMPANIES, LLC,
aka "Rhodes Homes," *et al.*,

Debtors. [3]

Case No. 09-14814-LBR
(Jointly Administered)

Chapter 11

### CLASS C-1 BALLOT FOR ACCEPTING OR
### REJECTING PLAN OF REORGANIZATION

The First Lien Steering Committee filed its Plan of Reorganization Pursuant to chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (the "Plan") in the above-referenced cases on September 25, 2009. The Bankruptcy Court has approved the Disclosure Statement for the Plan (the "Disclosure Statement"), which provides information to assist you in deciding how to vote your Ballot. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. If you do not have a Disclosure Statement, you may obtain a copy on the web by visiting www.omnimgt.com/rhodes or by calling Omni Management at (866) 989-6144.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class C-1 under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

**If your Ballot is not received by 4:00 p.m. (prevailing Pacific Time) on or before [December 3, 2009], and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

*The Ballot is neither a Proof of Claim form, nor an admission by the First Lien Steering Committee or the above-captioned Debtors of the nature, validity or amount of your Claims.* The Plan can be confirmed by the Bankruptcy Court if it is accepted by the Holders of at least two-thirds in dollar amount and more than one-half in number of Claims that actually vote in each Impaired Class of Claims voting on the Plan. If

---

[3] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class rejecting it and satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote count, you must complete, sign and return this Ballot.

The undersigned, the Holder of a Class C-1 Claim against one of the above captioned Debtors in the unpaid amount of $_____ ,

(Check Only One Box)

| ACCEPTS THE PLAN ☐ | REJECTS THE PLAN ☐ |
|---|---|

DATED: _____ , 2009

Name of Creditor:_____

By:_____

Print Name of Signatory:_____

Title:_____

Address:_____

_____

Telephone:_____

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO:**

| If By U.S. Mail, Hand Delivery, Or Overnight Delivery: | The Rhodes Companies, LLC Omni Management Group Attn: Brian Osborne 16161 Ventura Blvd. Suite C, PMB 477 Encino, CA 91436 |
|---|---|
| If By Email: | Nova@omnimgt.com |
| If By Fax: | (818) 783-2737 |

**IN ORDER TO HAVE YOUR VOTE COUNT, THIS BALLOT MUST BE RECEIVED BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON [DECEMBER 3, 2009].**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

27. The First Lien Steering Committee is soliciting the votes of Holders of Claims with respect to the Plan referred to in the Disclosure Statement (a copy of which is being transmitted to you along with the Ballot). All capitalized terms used in the Ballot or voting instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Solicitation Procedures Order, a copy of which also accompanies the Ballot.

28. The Bankruptcy Court may confirm the Plan and thereby bind you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class voting on the Plan. Please review the Disclosure Statement for more information.

29. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in of the Ballot; and (c) sign and return the Ballot to the postal address, email address or fax number set forth in the Ballot. The Voting Deadline is 4:00 p.m. (prevailing *Pacific Time*) on [**December 3, 2009**].

30. If a Ballot is received after the Voting Deadline, it will not be counted unless the First Lien Steering Committee determines otherwise. The method of delivery of Ballots to the Claims and Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Solicitation Agent actually receives the executed Ballot. Instead of effecting delivery by mail, email or fax, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors, the Debtors' financial or legal advisors, the First Lien Steering Committee or the First Lien Steering Committee's financial or legal advisors.

31. If multiple Ballots are received from an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

32. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the First Lien Steering Committee, the Debtors, nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

33. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

34. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

35. If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

36. You must vote all of your Claims within a particular Plan Class either to accept or reject the Plan and may not split your vote.

37. Any Ballot that is properly completed and executed that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

38. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of a Claim; (b) any Ballot cast by an Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no Proof of Claim was timely Filed; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and (f) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures.

39. If you believe you have received the wrong Ballot, please contact the Claims and Solicitation Agent immediately.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT
OR THE VOTING PROCEDURES,
PLEASE CALL THE CLAIMS AND SOLICITATION AGENT AT (866) 989-6144 OR
CONTACT BRIAN OSBORNE AT BOSBORNE@OMNIMGT.COM.**

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re:

THE RHODES COMPANIES, LLC,
aka "Rhodes Homes," *et al.*,

Debtors. [4]

Case No. 09-14814-LBR
(Jointly Administered)

Chapter 11

## CLASS C-2 BALLOT FOR ACCEPTING OR
## REJECTING PLAN OF REORGANIZATION

The First Lien Steering Committee filed its Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (the "Plan") in the above-referenced cases on September 25, 2009.  The Bankruptcy Court has approved the Disclosure Statement for the Plan (the "Disclosure Statement"), which provides information to assist you in deciding how to vote your Ballot.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  If you do not have a Disclosure Statement, you may obtain a copy on the web by visiting www.omnimgt.com/rhodes or by calling Omni Management at (866) 989-6144.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class C-2 under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

**If your Ballot is not received by 4:00 p.m. (prevailing Pacific Time) on or before [December 3, 2009], and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

*The Ballot is neither a Proof of Claim form, nor an admission by the First Lien Steering Committee or the above-captioned Debtors of the nature, validity or amount of your Claims.* The Plan can be confirmed by the Bankruptcy Court if it is accepted by the Holders of at least two-thirds in dollar amount and more than one-half in number of Claims that actually vote in each Impaired Class of Claims voting on the Plan. If

---

[4] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if it finds that the Plan accords fair and equitable treatment to the Class rejecting it and satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote count, you must complete, sign and return this Ballot.

The undersigned, the Holder of a Class C-2 Claim against one of the above captioned Debtors in the unpaid amount of $_____ ,

(Check Only One Box)

| **ACCEPTS THE PLAN** ☐ | **REJECTS THE PLAN** ☐ |
|---|---|

DATED: _____ , 2009

Name of Creditor:_____

By:_____

Print Name of Signatory:_____

Title:_____

Address:_____

_____

Telephone:_____

**PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT PROMPTLY TO:**

| If By U.S. Mail, Hand Delivery, Or Overnight Delivery: | The Rhodes Companies, LLC<br>Omni Management Group<br>Attn:  Brian Osborne<br>16161 Ventura Blvd.<br>Suite C, PMB 477<br>Encino, CA 91436 |
|---|---|
| If By Email: | Nova@omnimgt.com |
| If By Fax: | (818) 783-2737 |

**IN ORDER TO HAVE YOUR VOTE COUNT, THIS BALLOT MUST BE RECEIVED BY 4:00 P.M. (PREVAILING PACIFIC TIME) ON [DECEMBER 3, 2009].**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

40. The First Lien Steering Committee is soliciting the votes of Holders of Claims with respect to the Plan referred to in the Disclosure Statement (a copy of which is being transmitted to you along with the Ballot). All capitalized terms used in the Ballot or voting instructions but not otherwise defined therein shall have the meaning ascribed to them in the Plan, the Disclosure Statement or the Solicitation Procedures Order, a copy of which also accompanies the Ballot.

41. The Bankruptcy Court may confirm the Plan and thereby bind you if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in each Impaired Class voting on the Plan. Please review the Disclosure Statement for more information.

42. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in the Ballot; and (c) sign and return the Ballot to the postal address, email address or fax number set forth in the Ballot. The Voting Deadline is 4:00 p.m. (prevailing *Pacific Time*) on [**December 3, 2009**].

43. If a Ballot is received after the Voting Deadline, it will not be counted unless the First Lien Steering Committee determines otherwise. The method of delivery of Ballots to the Claims and Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Solicitation Agent actually receives the executed Ballot. Instead of effecting delivery by mail, email or fax, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors, the Debtors' financial or legal advisors, the First Lien Steering Committee or the First Lien Steering Committee's financial or legal advisors.

44. If multiple Ballots are received from an individual Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

45. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the First Lien Steering Committee, the Debtors, nor the Claims and Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

46. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

47. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

48. If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

49. You must vote all of your Claims within a particular Plan Class either to accept or reject the Plan and may not split your vote.

50. Any Ballot that is properly completed and executed that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

51. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of a Claim; (b) any Ballot cast by an Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no Proof of Claim was timely Filed; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and (f) any Ballot submitted by any party not entitled to vote pursuant to the Solicitation Procedures.

52. If you believe you have received the wrong Ballot, please contact the Claims and Solicitation Agent immediately.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT
OR THE VOTING PROCEDURES,
PLEASE CALL THE CLAIMS AND SOLICITATION AGENT AT (866) 989-6144 OR
CONTACT BRIAN OSBORNE AT BOSBORNE@OMNIMGT.COM.**

## Exhibit 4

**Notice of Non-Voting Status with Respect to Disputed Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-14814-LBR |
| | § | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, | § | |
| aka "Rhodes Homes," *et al.*, | § | Chapter 11 |
| | § | |
| Debtors.[1] | § | |
| | § | |
| | § | |
| Affects: | § | |
| ☒　　All Debtors | § | NOTICE OF NON-VOTING STATUS WITH RESPECT |
| ☐　　Affects the following | § | TO DISPUTED CLAIMS |
| Debtor(s) | § | |
| | § | |

**PLEASE TAKE NOTICE** that on **[October 30, 2009]**, the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") approving the Disclosure Statement for the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (as amended from time to time and including all exhibits and supplements, the "Plan") for use by the First Lien Steering Committee in soliciting acceptances or rejections of the Plan from Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

The Disclosure Statement, Plan, Plan Supplement, Solicitation Procedures Order, and other Solicitation Package materials, except the Ballots, can be obtained by accessing the Claims and Solicitation Agent's website at http://www.omnimgt.com/rhodes, by writing to The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Blvd., Suite C, PMB 477,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

[2] All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Solicitation Procedures, as applicable.

Encino, California 91436, by calling (866) 989-6144, or by sending an email to Nova@omnimgt.com.

You are receiving this notice because as of the Record Date, **[October 30, 2009]**, you are the Holder of a Claim that is subject to a pending objection. You are not entitled to vote on the Plan unless at least five (5) business days before **[December 3, 2009]**, the Voting Deadline: (i) an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (ii) an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (iii) an order of the Bankruptcy Court approving a stipulation or other agreement by the Holder of such Claim and the Debtors, with the consent of the First Lien Steering Committee, resolving the objection and allowing such Claim in an agreed upon amount; (iv) a stipulation or other agreement is executed by the Holder of the such Claim with the Debtors, with the consent of the First Lien Steering Committee, temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or (v) the pending objection to the such Claim or Interest is voluntarily withdrawn by the objecting party (each, a "Resolution Event").

Accordingly, this notice and the Notice of (I) Confirmation Hearing and Objection Deadline with Respect to the First Lien Steering Committee's Plan, and (II) Solicitation and Voting Procedures are being sent to you for informational purposes only.

If a Resolution Event occurs, then, no later than two Business Days thereafter, the Claims and Solicitation Agent shall distribute a Solicitation Package and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Claims and Solicitation Agent no later than the Voting Deadline, which is 4:00 p.m. (prevailing Pacific Time) on **[December 3, 2009]**.

If you have any questions about the status of your Claim(s), you should contact the Claims and Solicitation Agent by writing to The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Blvd., Suite C, PMB 477, Encino, California 91436, or by calling (866) 989-6144. Question may also be sent by email to Nova@omnimgt.com.

Dated:    [        ], 2009
          Las Vegas, Nevada

By:    _____
       Nile Leatham (NV Bar No. 002838)
       KOLESAR & LEATHAM
       Wells Fargo Financial Center
       3320 W. Sahara Ave.
       Las Vegas, NV 89102
       (702) 979-2357 (Telephone)
       (702) 362-9472 (Facsimile)
       Nleatham@klnevada.com

And


Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 2684637)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
pdublin@akingump.com
aqureshi@akingump.com

Counsel for the First Lien Steering Committee

## Exhibit 5

**Notice of Non-Voting Status with Respect to Unimpaired Classes Deemed to Accept the Plan and Unclassified Claims**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-14814-LBR |
| | § | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, | § | |
| aka "Rhodes Homes," *et al.*, | § | Chapter 11 |
| | § | |
| Debtors.[1] | § | |
| | § | |
| | § | |
| Affects: | § | |
| ☒      All Debtors | § | NOTICE OF NON-VOTING STATUS WITH RESPECT |
| ☐      Affects the following | § | TO UNIMPAIRED CLASSES DEEMED TO ACCEPT |
| Debtor(s) | § | THE PLAN AND UNCLASSIFIED CLAIMS |
| | § | |

**PLEASE TAKE NOTICE** that on **[October 30, 2009]**, the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") approving the Disclosure Statement for the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (as amended from time to time and including all exhibits and supplements, the "Disclosure Statement") for the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (as amended from time to time and including all exhibits and supplements, the "Plan") for use by the First Lien Steering Committee in soliciting acceptances or rejections of the Plan from Holders of Impaired Claims who are (or may be) entitled to receive distributions under the Plan.[2]

The Disclosure Statement, Plan, Plan Supplement, Solicitation Procedures Order, and other Solicitation Package materials, except the Ballots, can be obtained by accessing the Claims and Solicitation Agent's website at http://www.omnimgt.com/rhodes, by writing to The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Blvd., Suite C, PMB 477,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

[2] All capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Solicitation Procedures, as applicable.

Encino, California 91436, by calling (866) 989-6144, or by sending an email to Nova@omnimgt.com.

You are receiving this notice because under the terms of Article II or III of the Plan, either: (a) your Claim(s) are not classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code and therefore you are not entitled to vote on the Plan; or (b) your Claim(s) against the Debtors are Unimpaired and, therefore, in accordance with section 1126(f) of the Bankruptcy Code, you are (y) deemed to have accepted the Plan and (z) not entitled to vote on the Plan.

Accordingly, this notice and the Notice of (I) Confirmation Hearing and Objection Deadline with Respect to the First Lien Steering Committee's Plan, and (II) Solicitation and Voting Procedures are being sent to you for informational purposes only.

If you have any questions about the status of your Claim(s), you should contact the Claims and Solicitation Agent by writing to The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Blvd., Suite C, PMB 477, Encino, California 91436, or by calling (866) 989-6144. Question may also be sent by email to Nova@omnimgt.com.

Dated:     [     ], 2009
           Las Vegas, Nevada

By:     _____
        Nile Leatham (NV Bar No. 002838)
        KOLESAR & LEATHAM
        Wells Fargo Financial Center
        3320 W. Sahara Ave.
        Las Vegas, NV 89102
        (702) 979-2357 (Telephone)
        (702) 362-9472 (Facsimile)
        Nleatham@klnevada.com

        And

        Philip C. Dublin (NY Bar No. 2959344)
        Abid Qureshi (NY Bar No. 2684637)
        AKIN GUMP STRAUSS HAUER & FELD LLP
        One Bryant Park
        New York, New York 10036
        (212) 872-1000 (Telephone)
        (212) 872-1002 (Facsimile)
        pdublin@akingump.com
        aqureshi@akingump.com

        Counsel for the First Lien Steering Committee

2

## Exhibit 6

**Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-14814-LBR |
| | § | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, | § | |
| aka "Rhodes Homes," *et al.*, | § | Chapter 11 |
| | § | |
| Debtors.¹ | § | |
| | § | |
| | § | NOTICE OF (I) CONFIRMATION HEARING AND |
| Affects: | § | OBJECTION DEADLINE WITH RESPECT TO |
| ☒    All Debtors | § | THE PLAN OF REORGANIZATION PURSUANT TO |
| ☐    Affects the following | § | CHAPTER 11 OF THE BANKRUPTCY CODE FOR |
| Debtor(s) | § | THE RHODES COMPANIES, LLC, <u>ET AL</u>., AND |
| | § | (II) SOLICITATION AND VOTING PROCEDURES |

TO ALL CREDITORS AND PARTIES IN INTEREST:

**1.    Approval of Disclosure Statement and Solicitation Procedures.**  On **[October 30, 2009]**, the United States Bankruptcy Court for the District of Nevada (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Solicitation Procedures Order</u>") (i) approving the *Disclosure Statement for the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (as amended from time to time and including all exhibits and supplements, the "<u>Disclosure Statement</u>") for the *Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (as amended from time to time and including all exhibits and supplements, the "<u>Plan</u>"), as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and (ii) authorizing the First Lien Steering Committee to solicit votes with regard to the acceptance or rejection of the Plan.  All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

**2.    Plan Supplement.**  The First Lien Steering Committee will file a complete version of the Plan Supplement on or before **[November 16, 2009]** (the "<u>Plan Supplement Filing Date</u>").  After the Plan Supplement Filing Date, the Plan Supplement will be available online at http://www.omnimgt.com/rhodes.  If you would like to request a copy of the Plan Supplement, please write to The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Blvd., Suite C, PMB 477, Encino, California 91436, call (866) 989-6144, or send an email to Nova@omnimgt.com.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

**3.    Confirmation Hearing.**  A hearing to confirm the Plan (the "Confirmation Hearing") will commence at 9:30 a.m. prevailing Pacific Time on **[December 17, 2009,]** before the Honorable Linda B. Riegle, United States Bankruptcy Judge, located at 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101.  The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest. The Bankruptcy Court, in its discretion and prior to the Confirmation Hearing, may put in place additional procedures governing the Confirmation Hearing.  The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

**4.    Record Date. The Record Date for purposes of determining which Holders of Claims and Interests are entitled to vote on the Plan is [October 20, 2009].**

**5.    Voting Deadline.**  If you hold a Claim against one of the Debtors as of the Record Date, and are entitled to vote to accept or reject the Plan, you have received a Ballot and voting instructions appropriate for your Claim(s).  For your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute and return the completed Ballot to the address indicated on the Ballot by 4:00 p.m. prevailing Pacific Time on **[December 3, 2009]** (the "Voting Deadline").  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

**6.    Objections to the Plan.**  The Bankruptcy Court has established **[December 3, 2009]**, at 4:00 p.m. prevailing Pacific Time, as the last date and time for filing and serving objections to the Confirmation of the Plan (the "Plan Objection Deadline").  Any objections to the Plan must be in writing; conform to the Bankruptcy Rules and the Local Rules; state the name and address of the objecting party and the amount and nature of the Claim of such Entity; state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and be filed, together with proof of service, with the Bankruptcy Court and served so that they are actually received no later than the Plan Objection Deadline, by (a) the Clerk of the Bankruptcy Court, Judge Linda B. Riegle's Chambers, Courtroom 1, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101; (b) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, California 90067-4100, Attn.: James I. Stang, Shirley S. Cho; (c) co-counsel to the Debtors, Larson & Stephens, 810 S. Casino Center Boulevard, Suite 104, Las Vegas, Nevada 89101, Attn.: Zachariah Larson; (d) the United States Trustee, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101, Attn.: Edward M. McDonald; (e) counsel to the First Lien Steering Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn.: Ira S. Dizengoff, Philip C. Dublin, Abid Qureshi; (f) co-counsel to the First Lien Steering Committee, Kolesar & Leatham, Wells Fargo Financial Center, 3320 West Sahara Avenue, Las Vegas, Nevada 89102, Attn.: Nile Leatham; (g) counsel to the Creditors' Committee, Parsons Behle & Latimer, 50 West Liberty Street, Suite 750, Reno, Nevada 89501, Attn.: Rew R. Goodenow, Karl Y. Olsen, and One Utah Center, 201 South Main Street, Suite 1800, P.O. Box 45898, Salt Lake City, Utah 84145-0898, Attn.: J. Thomas Beckett, David P. Billings; (h) counsel for the First Lien Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3500, Los Angeles, California 90071, Attn: Van C. Durrer II, Ramon M. Naguiat; (i) counsel for the Second Lien Agent, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Mark Somerstein, Benjamin Schneider; and (j) counsel for James M. Rhodes, Greenberg Traurig, LLP, 3773 Howard Hughes Parkway, Suite 400 North, Las Vegas, Nevada 89169, Attn: Brett A. Axelrod (collectively, the "Noticed Parties').

7.    **Inquiries.**  The First Lien Steering Committee will serve, through the Debtors, paper copies of, or a CD-ROM containing, the Solicitation Procedures Order, the Disclosure Statement, and all exhibits to the Disclosure Statement, including the Plan, on the Noticed Parties.  Holders of Claims who are entitled to vote to accept or reject the Plan shall receive a Solicitation Package containing paper copies of this Confirmation Hearing Notice, applicable Ballot(s), and the Solicitation Procedures.  The Solicitation Package (except the Ballots) may also be obtained from Omni Management Group, LLC's (the "Claims and Solicitation Agent") website at www.omnimgt.com/rhodes, by writing to The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Blvd., Suite C, PMB 477, Encino, California 91436, by calling (866) 989-6144, or by sending an email to Nova@omnimgt.com.  For Holders of Claims, the Claims and Solicitation Agent will answer questions regarding the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, provide additional copies of all materials, and oversee the voting tabulation.  The Claims and Solicitation Agent can be contacted by writing to The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Blvd., Suite C, PMB 477, Encino, California 91436, by calling (866) 989-6144, or by sending an email to Nova@omnimgt.com.

8.    **Temporary Allowance of Claims for Voting Purposes.**  If a Holder's Claim is subject to an objection as of the Record Date, the Holder of such Claim cannot vote any disputed portion of its Claim unless one or more of the following events have taken place at least five business days before the Voting Deadline: (i) an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (ii) an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (iii) an order of the Bankruptcy Court approving a stipulation or other agreement by the Holder of such Claim and the Debtors, with the consent of the First Lien Steering Committee, resolving the objection and allowing such Claim in an agreed upon amount; (iv) a stipulation or other agreement is executed by the Holder of the such Claim with the Debtors, with the consent of the First Lien Steering Committee, temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or (v) the pending objection to the such Claim or Interest is voluntarily withdrawn by the objecting party (each, a "Resolution Event").  No later than two business days after a Resolution Event, the Claims and Solicitation Agent shall distribute a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder of such temporarily allowed Claim that has been allowed for voting purposes only by such Resolution Event, which must be returned according to the instructions on the Ballot by no later than the Voting Deadline.

If the Holder of a Claim receives a Solicitation Package, but the First Lien Steering Committee or the Debtors (with the consent of the First Lien Steering Committee) object to such Claim after the Record Date but before fifteen days prior to the Confirmation Hearing, the notice of objection will inform such Holder of the rules applicable to Claims subject to a pending objection, and the procedures for temporary allowance for voting purposes.  Furthermore, if the Holder of a Claim receives a Solicitation Package, but the First Lien Steering Committee or the Debtors (with the consent of the First Lien Steering Committee) object to such Claim after fifteen days prior to the Confirmation Hearing, the Holder's Claim shall be deemed temporarily allowed for voting purposes only without further action by the Holder of such Claim and without further order of the Bankruptcy Court.

9.    **Distribution Record Date.**  The Bankruptcy Court has approved the date that the Confirmation Order is entered on the docket in these Chapter 11 Cases as the Distribution Record Date for purposes of determining which Creditors are entitled to receive distributions under the Plan.

10.    **Release, Exculpation, and Injunction Language in the Plan.**  Please be advised that the Plan contains certain release and exculpation provisions.  Moreover, Article VIII.I of the Plan proposes an injunction and provides as follows: Except as otherwise expressly provided in

the Plan or for obligations issued pursuant to the Plan, all Entities who have held, hold, or may hold Claims against the Debtors, and all Entities holding Interests, are permanently enjoined, from and after the Effective Date, from: (1) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or Reorganized Debtors on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree or order against the Debtors or Reorganized Debtors on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or Reorganized Debtors or the property or estates of the Debtors or Reorganized Debtors on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtors or Reorganized Debtors or against the property or Estates of the Debtors or Reorganized Debtors on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Confirmation Date, and notwithstanding an indication in a Proof of Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to section 553 of the Bankruptcy Code or otherwise (provided, that, to the extent the Rhodes Entities Claims are Allowed, the Rhodes Entities, without the need to file any such motion, shall retain the right to assert a setoff against any Claims or Causes of Action that the Reorganized Debtors or Litigation Trust may assert against the Rhodes Entities, with the Reorganized Debtors and Litigation Trust, as applicable, reserving the right to challenge the propriety of any such attempted setoff, with any such challenge to be resolved by the Bankruptcy Court); and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

Dated:    [    ], 2009
          Las Vegas, Nevada

By:    /s/ _____
       Nile Leatham (NV Bar No. 002838)
       KOLESAR & LEATHAM
       Wells Fargo Financial Center
       3320 W. Sahara Ave.
       Las Vegas, NV 89102
       (702) 979-2357 (Telephone)
       (702) 362-9472 (Facsimile)
       Nleatham@klnevada.com

       And

4

Philip C. Dublin (NY Bar No, 2959344)
Abid Qureshi (NY Bar No. 2684637)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
pdublin@akingump.com
aqureshi@akingump.com

Counsel for the First Lien Steering Committee