James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors.<br>Affects: | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:207863.1

☒ All Debtors
☐ Affects the following Debtor(s)

## NOTICE TO SELL NON-CORE ASSET

To (a) the Office of the United States Trustee, (b) counsel to the Agent for the First Lien Lenders, (c) counsel to the Agent for the Second Lien Lenders, (d) counsel to the Unsecured Creditors' Committee, (e) counsel to the First Lien Steering Committee; and (f) all parties holding (or, to the Debtors' knowledge, asserting) liens on, or other interests in, the Non-Core Assets (defined below) that are the subject of the Proposed Transaction (defined below) (collectively, the "Interested Parties"):

PLEASE TAKE NOTICE THAT the above-captioned debtors and debtors in possession (the "Debtors") are proposing to sell (the "Proposed Transaction") a non-core asset (the "Non-Core Asset") free and clear of liens, claims and encumbrances, pursuant to the *Order Establishing Procedures to Sell Non-Core Assets* [Docket Number 462] (the "Order"). A further description of the Non-Core Asset and the terms of the sale is set forth on **Attachment A** hereto. As required pursuant to the Order and the Non-Core Assets Sale Procedure, the Debtors have received approval to sell the Non-Core Asset from Winchester Carlisle Partners, the financial advisors to the First Lien Steering Committee.

PLEASE TAKE FURTHER NOTICE THAT you have ten (10) days from service of this Notice (the "Notice Period") to object to the Proposed Transaction. Any objections to this Proposed Transaction must be (a) in writing, (b) state with specificity the ground for objection, and (c) served by overnight, telecopier or electronic mail on the Interested Parties and counsel to the Debtors so as to be received prior to the expiration of the Notice Period.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:207863.1

2

PLEASE TAKE FURTHER NOTICE THAT if there are no objections prior to the expiration of the Notice Period, the Interested Parties will be deemed to have consented to the Proposed Transaction and such Proposed Transaction will be deemed final and fully authorized by the Court, at which time the Debtors may proceed to consummate such sale.

**DATED** this 15th day of September 2009.

PACHULSKI STANG ZIEHL YOUNG & JONES LLP

 /s/ Shirley S. Cho, Esq.
Shirley S. Cho, Esq. (CA Bar No. 192616)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067
310/277-6910

LARSON & STEPHENS

 /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170

Attorneys for Debtors and Debtors in Possession

73203-001\DOCS_LA:207863.1        3

Attachment A
Information Regarding Non-Core Asset Sale Transaction

| | | |
|---|---|---|
| 1 | Date | 09/09/09 |
| | Make / Model | CAT D11N (1997) |
| | Vin# | 074Z75269 |
| | Location | Golden Valley, AZ |
| 2 | Purchaser | Doug Baker, Mud Miners Inc |
| | Relationship to Debtor | None |
| 3 | Current Lienholder | US Bancorp Equipment Finance Inc |
| 4 | Copy of Contract | See Attachment 1 |
| | Summary of Transaction | Sales price of $165,000 |
| 5 | Contracts and Leases to Transfer from Seller to Purchaser | None |
| 6 | Costs to be Charged Against the Sale Proceeds | None |
| 7 | Copies of Appraisals | See Attachment 2 |

73203-001\DOCS_LA:207865v1

# ATTACHMENT 1

68700-001\DOCS_LA:207874.1

# PINNACLE
## GRADING & HEAVY EQUIPMENT

Pinnacle Grading  
313 S. Aztec Rd.  
Golden Valley, AZ 86413

Date: 9/8/2009  
Invoice: 3025

Bill To:  
Doug Baker    President  
Mud Miners Inc.

| Quantity | Description | Amount |
|---|---|---|
| 1 | 1997 D11N Serial #074Z75269 | $165,000.00 |
| | **Total** | **$165,000.00** |

Buyer understands the Seller cannot unconditionally commit to this transaction without the express approval of their creditors. Upon the execution of this contract and service to the seller's creditors, the creditors have 10 days to accept the transaction. All equipment sold strictly as-is, where-is, no warranties expressed or implied. Buyer is responsible for all transportation cost from Golden Valley, AZ and assumes all risk of loss upon payment. Upon verification of funds, equipment will be released within one (1) business day and must be removed from the yard within 90 days. It is understood that purchaser assumes all risk and liability for, and shall hold Pinnacle Grading harmless from all damages for injuries to persons and property arising out of the use, possession, or transportation of the equipment. Payment due in full within three (3) days of buyer's notification of creditor's acceptance of offer. Estimated acceptance date is September 20, 2009. *Offer to sell is good until September 15, 2009 + null and void thereafter.* seller initial / buyer initial

**I (we) have read the contract and agree with its contents.**

Buyer: _____    Date: ___/___/_____

Seller: [signature]    Date: 9/11/2009

Thank You For Your Business!

313 S. Aztec Road, Golden Valley, AZ 86413    Phone 928-565-5003 ~ Fax 928-565-4409

## PARTIAL SETTLEMENT AGREEMENT

This Partial Settlement Agreement is by and among U.S. Bancorp Equipment Finance, Inc. ("USBEF") (Secured Party), Pinnacle Grading LLC (Debtor), Sagebrush Enterprises (a "Corporate Guarantor"), Rhodes Design and Development Corporation (a "Corporate Guarantor"), and James Rhodes ("Personal Guarantor"), collectively referred to herein as the "Parties", and relates to that certain loan Schedule number 666120C dated March 15, 2006 under the Master Loan Agreement entered on or about September 22, 2005.

USBEF agrees to allow Pinnacle Grading LLC to sell a portion of the collateral securing the subject loan, specifically described as follows:
**1997 Cat D11N Dozer, Serial Number: 074Z75269.**

USBEF agrees to accept from Pinnacle Grading LLC the sum of **$165,000.00** as partial satisfaction of its obligations and those of the Personal and Corporate Guarantors in the above-referenced matter.

Upon receipt of this amount in good funds, USBEF will apply 100% of said sum to principal reduction, provided that the interest due is paid current through the last billing cycle, and USBEF will release its rights, title and interests in the above-listed equipment.

**This Partial Settlement Agreement is contingent on the agreed settlement amount of $165,000.00 being received on or before October 10th 2009.**

This Partial Settlement Agreement only constitutes specific conditions as outlined above. All other terms and conditions of the subject Master Loan Agreement and all Schedules thereunder remain in full force and in effect.

IN WITNESS WHEREOF, the undersigned have executed and delivered this Partial Settlement Agreement as of the ___ day of September, 2009:

Pinnacle Grading LLC
By: _____

Rhodes Design and Development Corporation
By: _____

U.S. Bancorp Equipment Finance, Inc.
By: _____
Randy Ernst, VP and Portfolio Manager
Date: 9/11/09

Sagebrush Enterprises
By: _____

_____
James Rhodes, Individual

# ATTACHMENT 2

68700-001\DOCS_LA:207875.1

## Steve Adams

**From:** Steve Passy [s.passy@sbcglobal.net]
**Sent:** Friday, August 28, 2009 2:03 PM
**To:** Steve Adams
**Subject:** PRELIM EVALUATION CAT D11N

STEVE AND SCOTT

A FOLLOW UP FROM MY CONVERSATION TODAY AND
THE PRELIMINARY VALUATION OF THE CAT D11N BULLDOZER AS INSPECTED BY ME ON WEDNESDAY 8/26/09 IN GOLDEN VALLEY,ARIZONA

THIS ITEMIZED VALUATION TO INCLUDE ALL OF THE ASSETS OF PINNACLE GRADING LLC WILL FOLLOW
SOMETIME NEXT WEEK.

MY FINDINGS AS FOLLOWS

CO # D11-01:

CAT D11N CRAWLER TRACTOR S/N 74Z75269
ORIGINAL MFG DATE 1986 - REMANUFACTURED BY CATERPILLAR AS NOTED WITH THE 75 NUMBER IN FRONT OF THE MACHINE ID# 269
EQUIPPED WITH 11SU DOZER W TWIN TILT; M/S REAR RIPPER, ENCLOSED CAB AND A/C,

MACHINE IS REPORTED TO HAVE 30.000 HOURS USE SINCE MANUFACTURE REBUILD (THIS APPRAISER HAS NOT INDEPENDENT CONFIRMATION OF SAME)

THE UNDERCARRIAGE AND ITS WEAR COMPONENTS HAVE BEEN COMPLETELY REBUILT WITH AT LEAST 85% WEAR REMAINING THUS CREATING A GREAT VALUE TO THE POTENTIAL NEW OWNERS OR OPERATORS. TO COMPLETLY OVERAHAUL THE CRAWLER SYSTEM ON THIS MACHINE ONE COULD EXPECT TO SPEND $ 85.000 TO$ 110.000.

AUCTION VALUE    130.000
ORDERLY LIQUIDATION VALUE: 167500
FAIR MARKET VALUE   179.500

AS I STATED EARLIER THIS MACHINE WILL BE INCLUDED IN OUR FINAL REPORT AND THE UNDERSIGNED RESERVES THE RIGHT TO AMEND
THIS REPORT WITHOUT NOTICE

YOURS TRULY

STEPHEN PASSY
MEMBER CAGA
CERTIFIED APPRAISERS GUILD OF AMERICA
310 927 3493   424 204 9760
S.PASSY@SBCGLOBAL.NET

8/31/2009

Appraisal w/Forced Con                                          Page   14

PINNACLE GRADING

41  D11-1
    1997 CATERPILLAR D11N CERTIFIED REBUILD
    CRAWLER TRACTOR
    s/n 74Z75269
    C/W: SU dozer, twin tilt, cab, A/C, 4bbl MSR
    Hours: 30,249
    Tires/ U/C: 90%
    Condition: v good
    Additional Notes: Original S/n N/a indicates
    year model : N/a Original hours were :
    unknown but 30K hours since rebuild.
    Subsequently Remaned by Hoss Equipment-No
    supporting Docs then sold by Hoss to
    Pinnacle. Straight tractor , VG u/c good
    pins in dozer / ripper pin bosses tight.
    R&R Detail: Sandblast & Paint:2,870
    R&R Estimate: 2,870 USD
    Action Note: ss/ Factory Remand ??? Is this
    Certified Rebuild? Is the original year a
    1986? RA amended as info allowed
                                                    FORCD CON       115,000

42  10N-1
    1993 CATERPILLAR D10N CRAWLER TRACTOR
    s/n 2YD02495
    C/W: C dozer, cab, A/C, push cushion
    Hours: 2,456
    Tires/ U/C: 35%
    Condition: good
    R&R Detail: Sandblast & Paint:2,775 Seat:
    200
    R&R Estimate: 2,975 USD
                                                    FORCD CON        70,000

43  D10N-02
    1988 CATERPILLAR D10N CRAWLER TRACTOR
    s/n 2YD00580
    C/W: C dozer, cab, A/C, push block
    Hours: 2,869
    Tires/ U/C: 90%
    Condition: v good
    R&R Detail: Sandblast & Paint:2,775
    R&R Estimate: 2,775 USD
                                                    FORCD CON        85,000


200900058-2009-01-20-12.53.24    Rev:2009-01-15-10.33.18-000343804

Copyright. This document contains confidential proprietary information
and is intended only for uses authorized by Ritchie Bros. Auctioneers.
Any unauthorized use is strictly prohibited.

**CERTIFICATE OF SERVICE**

1. On this 15th day of September, 2009, I served the following document(s) (specify):

    **NOTICE TO SELL NON-CORE ASSET**

2. I served the above-named document(s) by the following means to the persons as listed below:
    *(check all that apply)*

    ☐ **a**. **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

    ☐ **b.** **United States mail, postage fully prepaid**
    *(List persons and addresses. Attach additional paper if necessary)*

    ☐ **c.** **Personal Service** *(List persons and addresses. Attach additional paper if necessary)*

    I personally delivered the document(s) to the persons at these addresses:

    ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    ■ **d.** **By direct email (as opposed to through the ECF System)**
    *(List persons and email addresses. Attach additional paper if necessary)*

    augie.landis@usdoj.gov
    pdublin@AkinGump.com
    TBeckett@parsonsbehle.com
    Ramon.Naguiat@skadden.com
    don.deamicis@ropesgray.com
    randy.ernst@usbank.com

    ☐ **e.** **By fax transmission**
    *(List persons and fax numbers. Attach additional paper if necessary)*

    Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on (date): September 15, 2009

Werner Disse                                                               */s/Werner Disse*
(Name of Declarant)                                                  (Signature of Declarant)

DOCS_LA:208552.1                                    3