1  James I. Stang, Esq. (CA Bar No. 94435)                    E-File:  September 29, 2009
2  Shirley S. Cho, Esq. (CA Bar No. 192616)
   Werner Disse, Esq. (CA Bar No. 143458)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
4  Los Angeles, California 90067-4100
   Telephone: 310/277-6910
5  Facsimile:  310/201-0760
   Email: jstang@pszjlaw.com
6          scho@pszjlaw.com
           wdisse@pszjlaw.com
7
8  Zachariah Larson, Esq. (NV Bar No. 7787)
   LARSON & STEPHENS
9  810 S. Casino Center Blvd., Ste. 104
   Las Vegas, NV  89101
10 Telephone:  702.382.1170
   Facsimile:  702.382.1169
11 Email: zlarson@lslawnv.com
12
13 Attorneys for Debtors and
   Debtors in Possession

14              **UNITED STATES BANKRUPTCY COURT**

15                     **DISTRICT OF NEVADA**

16
   In re:                                    Case No.: BK-S-09-14814-LBR
17                                            (Jointly Administered)
   THE RHODES COMPANIES, LLC, aka
18 "Rhodes Homes, et al.,**[1]**                 Chapter 11

19                                            Hearing Date:      October 30, 2009
                        Debtors.             Hearing Time:      1:30 p.m.
20 _____           Courtroom 1

21
   Affects:
22
   ☐    All Debtors
23 ☒    Affects the following Debtor(s):

24    Pinnacle Grading, LLC, 09-14887 LBR

25 _____

26 _____
   [1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if
27 applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch
   General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837);
28 Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730);
   Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777);
   Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J
   Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

## DEBTORS' OBJECTION TO FORD MOTOR CREDIT'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 (NON-DEBTOR CLAIM)

The Rhodes Companies, LLC and its affiliated debtors (collectively, the "Debtors"), by their undersigned counsel, hereby object (the "Objection") to the claim of Ford Motor Credit (the "Non-Debtor Claim") attached as **Exhibit A** hereto, due to the fact that the claim is a non-Debtor claim erroneously filed against the Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and request the entry of an order (the "Order") disallowing and expunging in full the disputed claim as indicated in further detail below.[2]  In support of this Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Objection to Ford Motor Credit's Claim Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and* 3007 [*Non-Debtor Claim*], attached hereto as **Exhibit B**.  In further support of this Objection, the Debtors respectfully represent as follows:

### BACKGROUND

1.     On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code.  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

[2]  The Debtors reserve the right to file additional objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

**RELIEF REQUESTED**

2.      By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Non-Debtor Claim as indicated in further detail below.

**OBJECTION**

3.      The Non-Debtor claim relates to an unrelated individual Chapter 13 debtor by the name of Norman G. Banister, Case No. 09-15528 in the United States Bankruptcy Court for the District of Nevada.  The Debtors sent the claimant a letter requesting that the claimant withdraw its claim to avoid an objection being filed.  See **Exhibit A.**  As of the date and filing of this Objection, no response has been received.

4.      Bankruptcy Code Section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a).  Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ."  11 U.S.C. § 502(b).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.  *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).  The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

5.     Based on the Debtors' review of their books and records and the proof of claim filed by the claimant, the claimant has no valid legal justification for asserting the filed claim against the given Debtor. As a result, the Debtors submit that this Non-Debtor Claim should be expunged by the Court.

## CONCLUSION

6.     The Debtors object to the allowance of the Non-Debtor Claim as set forth herein for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing and expunging in full the Non-Debtor Claim indentified on **Exhibit A**.

## NOTICE

7.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this objection has been provided to (i) the United States Trustee for the District of Nevada, (ii) counsel to the Creditors' Committee, (iii) the Non-Debtor Claim holder in accordance with the address provided in the proof of claim for such Non-Debtor Claim, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

8.     Pursuant to Bankruptcy Rule 3007, the Debtors have provided the claimant affected by the Objection with at least thirty (30) days' notice of the hearing on the Objection.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit C**, disallowing and expunging the Non-

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Debtor Claim attached as **Exhibit A** hereto, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 29th day of September, 2009.

**LARSON & STEPHENS**

  /s/ *Zachariah Larson, Esq.*
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT A



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

LOS ANGELES
10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

NEW YORK
788 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

WEB: www. pszjlaw.com

August 21, 2009

**VIA U.S. FIRST CLASS MAIL**

Ford Motor Credit
Attn:  Jeffrey G. Sloane, Esq.
PO Box 55000
Detroit, MI 48255-0953

> **Re:    The Rhodes Companies, et al.**
> **Chapter 11 Case No. 09-14814**
> **(Jointly Administered)**

Dear Mr. Sloane:

This firm represents Pinnacle Grading, LLC (the "Debtor") in its Chapter 11 bankruptcy filed in the United States Bankruptcy Court for the District of Nevada (Case No. 09-14887 LBR).  You filed a proof of claim on behalf of Pinnacle, designated as proof of claim number 11 in the amount of $9,639.42 in the Debtor's bankruptcy case.  A copy of such claim is attached hereto for your reference.

As you can see from the attached claim, it was filed in the Debtor's case in error, as such claim relates to a Mr. Norman G. Banister and not the Debtor.

Therefore, please withdraw your claim by signing and returning the enclosed Notice of Withdrawal of Claim form by September 4, 2009 so that we may avoid having to object to your claim in the Bankruptcy Court.  Thank you.

Very truly yours,

*/s/*
Patricia J. Jeffries

PJJ
Enclosure
cc:    Michael A. Matteo

73203-002\DOCS_SF:66929.1

1
2
3
4
5

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

6   In re:                                    Case No.: BK-S-09-14887-LBR

7   PINNACLE GRADING, LLC,                    Chapter 11

8                        Debtor.

9

10   **NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NO. 11**

11

12          FORD MOTOR CREDIT hereby withdraws its proof of claim, designated as Claim No. 11

13   filed in the above-captioned case.

14

15   Dated: _____, 2009

16

17                                         _____
                                                        (signature)
                                           By: _____  (print name)
18                                         Its: _____  (title)

19
20
21
22
23
24
25
26
27
28

73203-002\DOCS_SF:66930.1

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|

| Name of Debtor: NORMAN G. BANISTER | Case Number: 09-15528-BAM |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): FORD MOTOR CREDIT | ⬜ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: Ford Motor Credit Company P.O. Box 55000, Detroit, MI 48255-0953 Telephone number: | **Court Claim Number:**_____ (*If known*) Filed on:_____ |
| Name and address where payment should be sent (if different from above): Ford Motor Credit Company P.O. Box 55000, Drawer 55-953, Detroit, MI 48255-0953 Telephone number: | ⬜ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ⬜ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $ 9,639.42<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>⬜ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>⬜ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** _____<br>(See instruction #2 on reverse side.) | ⬜ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy |
| **3. Last four digits of any number by which creditor identifies debtor:** 2995<br>**3a. Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side.) | petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ⬜ Real Estate ☑ Motor Vehicle ⬜ Other<br>**Describe:** 2001 BMW 325I<br><br>**Value of Property:** $_____ **Annual Interest Rate** ___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____ **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $ 9,639.42 **Amount Unsecured:** $_____ | ⬜ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>⬜ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>⬜ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ⬜ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>**Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: 07/22/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/JEFFERY G. SLOANE, ESQ., Attorney for Ford Motor Credit | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

SIMPLE INTEREST VEHICLE CONTRACT AND SECURITY AGREEMENT

Buyer's Name(s): NORMAN G BANISTER

CREDITOR : GAUDIN FORD
Address: PO BOX 42999

Address: 1655 E SAHARA AVE #1053
City: LAS VEGAS    County: CLARK
State: NV    Zip: 89104
Bus. Phone ( 702)    Res. Phone ( 702)
Stock No. 5T1250A    Salesman GIOVANNI MARTINEZ    Date 04/11/2005

City: LAS VEGAS    County: CLARK
State: NV    Zip: 69116
Phone: ( 702) 731-2121

| SECTION B: | DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH-IN-LENDING ACT |
|---|---|

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 399.93 | MONTHLY BEGINNING 05/11/2005 |
| | N/A | |

**ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate: **12.50 %**

**FINANCE CHARGE** The dollar amount the credit will cost you: **$ 6,219.14**

**Amount Financed** The amount of credit provided to you or on your behalf: **$ 17,776.66**

**Total of Payments** The amount you will have paid after you have made all payments as scheduled: **$ 23,995.80**

**Total Sales Price** The total cost of your purchase on credit, including your down payment of $ 5,000.00: **$ 28,995.80**

INSURANCE: Credit life insurance, credit disability insurance and debt cancellation     (e) means an estimate coverage, which is also known as GAP coverage, are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Term | Signature(s) |
|---|---|---|---|
| Credit life: | $ N/A | | I want credit life insurance: X_____ |
| Joint credit life: | $ N/A | | We want joint credit life insurance: X_____ |
| Credit disability: | $ N/A | | I want credit disability insurance: X_____ |
| Credit life and disability: | $ N/A | | I want credit life and disability insurance: X_____ |
| Joint credit life and disability: | $ N/A | | We want joint credit life and single disability insurance: X_____ |
| Debt cancellation coverage (GAP coverage) | $ N/A | | I want debt cancellation coverage (GAP Coverage) X_____ |

You may obtain property insurance from anyone you want that is acceptable to the Creditor above. If you get the insurance from the Creditor you will pay $ _____ N/A _____ and the term of the insurance will be ____ N/A ____

Security: You are giving a security interest in the goods or property being purchased.

☐ Other (Check if applicable) _____

Filing fee $ ____ N/A ____    Nonfiling insurance $ ____ N/A ____
Late Charge: If a payment is more than 10 days late, you will be charged $15 or 5 percent of the payment, whichever is less.
Prepayment: If you pay off early, you will not have to pay a penalty.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and penalties.

**SECTION D: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

This contract is made the 11TH (day) of APRIL (month) 2005 (year), between you, the Buyer(s) shown above, and us, the Seller shown as Creditor above. Having been quoted a cash price and a credit price and having chosen to pay the credit price (shown on the Total Sales Price in Section B above), you agree to buy and we agree to sell, subject to all the terms of this contract, the following described vehicle, accessories and equipment (all of which are referred to in this contract as "Collateral"):

New or Used USED  Year and Make: 2001 BMW

Series 325I  Body Style: 4DR SDN  No. Cyl.: 6

If truck, ton capacity: _____

Manufacturer's Serial Number: WBAAN37431ND47083

Use for which purchased: ☒ Personal  ☐ Business  ☐ Agriculture
INCLUDING:
☐ Sun/Moon Roof   ☐ Air Conditioning   ☐ Automatic Transmission
☐ Power Steering   ☐ Power Door Locks   ☐ Power Seats
☐ Power Windows   ☐ Tilt Wheel   ☐ Vinyl Top
☐ Cassette   ☐ Cruise Control   ☐ AM/FM Stereo
☐ Compact Disc Player

BLUE ____ Color ____ Trim ____ Lic. No. ____

You, severally and jointly, promise to pay us the Total of Payments (shown in Section B above) according to the Payment Schedule (also shown in Section B above), until paid in full, together with interest after maturity at the Annual Percentage Rate disclosed above.

To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral and in all accessions to and proceeds of the Collateral. Insurance in which we or our assignee are named as beneficiary or loss payee, including any proceeds of such insurance or refunds of unearned premiums, or both, are assigned as additional security for this obligation and any other obligation created in connection with this sale. We, our successors and assigns, hereby waive any other security interest or mortgage which would otherwise secure your obligations under this contract except for the security interests and assignments granted by you in this contract.
Address where Collateral will be located:

Street 1655 E SAHARA AVE #1053  City LAS VEGAS

County CLARK  State NV
Your address after receipt of possession of Collateral:

Street 1655 E SAHARA AVE #1053  City LAS VEGAS

County CLARK  State NV

**NOTICE OF RESCISSION RIGHTS**
If buyer signs here, the notice of rescission rights on the reverse side is applicable to this contract.

Buyer's Signature X _____

Co-Buyer's Signature X _____

STATE DISCLOSURE REQUIREMENTS: The provisions of Section B and Section C above are incorporated in this agreement for purposes of state disclosure requirements.
Additional Terms and Conditions: The additional terms and conditions set forth on the reverse side hereof are a part of this contract and are incorporated herein by reference.
OPTION: _____ You pay no Finance Charge if the Total Amount Financed, item No. 12, Section C, is paid in full on or before the N/A (day) of
N/A (month) of N/A (year).
SELLER'S INITIALS: _____

**SECTION E:**  **NOTICE TO BUYER**
Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completed copy of this agreement. If you fail to perform your obligations under this agreement, the vehicle may be repossessed and you may be liable for the unpaid indebtedness evidenced by this agreement.
If you are buying a used vehicle with this contract, as indicated in the description of the vehicle above, federal regulation may require a special buyer's guide to be displayed on the window.
THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.
The text of the preceding two paragraphs is set forth below in Spanish.
Si usted está comprando un vehículo usado mediante este contrato según la descripción del vehículo arriba, la ley federal podrá exigir que la ventanilla demuestre una guía especial para el comprador.
LA INFORMACIÓN QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHÍCULO ES PARTE DE ESTE CONTRATO. LA INFORMACIÓN EN LA FORMA DE VENTANILLA DOMINA CUALESQUIER ESTIPULACIÓN CONTRARIA EN EL CONTRATO DE VENTA.
BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED-IN COPY OF THIS CONTRACT AND THE ABOVE DISCLOSURE AT THE TIME OF SIGNING.
LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS OTHERWISE INDICATED IN SECTION C ABOVE.

Buyer: X _____  Date: 04/11/2005  Co-Buyer: X _____  Date: _____

Creditor: GAUDIN FORD  Date: 04/11/2005  By: X _____  Title: _____

LAW FORM NO. 553NV _____  ORIGINAL LIENHOLDER

**SECTION C: ITEMIZATION OF AMOUNT FINANCED**

1. Vehicle Selling Price .................................. $ 18275.00
   Plus: Documentary Fees ... = $ 299.00
   Plus: Emission Inspection Fee  $ 31.50
   Plus: Other ( N/A ) ........ $ ____
   Plus: Other ( N/A ) ........ $ ____
   Taxable Selling Price .............................. $ 19,105.50
2. Total Sales Tax .................................... $ 1,432.91
3. Amounts Paid to Public Officials
   a. Titling Fee ............... $ 28.25
   b. Registration Fee ... ... $ N/A
   c. Other ( _____ ) $ N/A
   TOTAL OFFICIAL FEES (Add 3a through 3c) .......... $ 28.25
4. Plus Other Charges
   a. Extended Service Contract* .. $ 2210.00
   b. Driveaway Permit ........... $ N/A
   c. Other ( _____ ) .. $ N/A
   d. Other ( _____ ) ... $ N/A
   Total OTHER CHARGES (Add 4a through 4d) .. $ 2,210.00
5. Total Cash Sales Price (Add 1 through 4) ...... $ 22,776.66
6. Gross Trade-In Allowance ............. $ N/A
   
   | YEAR | MAKE | MODEL |
   |---|---|---|
   
   Minus: Payoff Balance ........... $ N/A
   Net Trade-In Allowance ........................ $ N/A
7. Down Payment (Other Than Net Trade-In Allowance):
   a. Trade-in Sales Tax Credit .. $ N/A
   b. Cash .......................... $ 5,000.00
   c. Manufacturer's Rebate ........ $ N/A
   d. Other ( _____ ) .. $ N/A
   Down Payment (Add 7a through 7d) .............. $ 5,000.00
8. TOTAL DOWN PAYMENT AND
   NET TRADE-IN ALLOWANCE (Add 6 and 7) ........ $ 5,000.00
9. UNPAID BALANCE OF CASH SALES PRICE
   (Subtract 8 from 5) ........................... $ 17,776.66
10. Plus Optional Insurance Charges*
    a. Credit Life Insurance Premium
       Paid to ( _____ ) Term (N/A ) $ N/A
    b. Credit Disability Insurance Premium
       Paid to ( _____ ) Term (N/A ) $ N/A
    c. Debt Cancellation Coverage (GAP Coverage)
       Paid to ( _____ ) Term (N/A ) $ N/A
    d. Other Insurance
       Paid to ( _____ ) Term (N/A ) $ N/A
11. Other Amounts Financed
    a.
       Paid to ( _____ ). ................ $ N/A
    b.
       Paid to ( _____ ). ................ $ N/A
12. TOTAL AMOUNT FINANCED (Add 9, 10 and 11) $ 17,776.66
    *Seller may retain or receive a portion of this amount.

# STATE OF N

## DEPARTMENT OF MOTO

# CERTIFICATE OF TITLE

| VIN | YEAR | MAKE | MODEL | VEHICLE BODY | TITLE NUMBER |
|---|---|---|---|---|---|
| WBAAN37431ND47083 | 2001 | BMW | 325I | P4D | NV000069515 |

| DATE ISSUED | ODOMETER MILES | FUEL TYPE | SALES TAX PD. | EMPTY WT. | GROSS WT. | GVWR |
|---|---|---|---|---|---|---|
| 05/16/2005 | 53120 | G | | | | |

**VEHICLE COLOR**

**ODOMETER BRAND** ACTUAL MILES

**BRANDS**

**OWNER(S) NAME AND ADDRESS**
BANISTER NORMAN G
1655 E SAHARA AVE #1053
LAS VEGAS NV 89104

**LIENHOLDER(S) NAME AND ADDRESS**
FORD MOTOR CREDIT COMPANY
P O BOX 105704
ATLANTA GA 30348

LIENHOLDER(S) RELEASE - INTEREST IN THE VEHICLE DESCRIBED ON THIS TITLE IS HEREBY RELEASED:

_____

SIGNATURE OF AUTHORIZED AGENT                                    DATE

Printed Name

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following buyer(s):

☐ AND
☐ OR

Printed Name of Buyer(s)

Printed Name of Buyer(s)

Address                                    City                    State                    Zip Code

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

| ODOMETER READING | NO TENTHS | ☐ The mileage stated is in excess of its mechanical limits.   Date of Sale _____ |
|---|---|---|
| | | ☐ The odometer reading is not the actual mileage. WARNING: ODOMETER DISCREPANCY. |
| | | ☐ Exempt - Model year over 9 years old. |

Signature of Seller(s)                                    Printed Name of Seller(s)

I am aware of the above odometer certification made by the seller/agent. ☐

Signature of Buyer(s)                                    Printed Name of Buyer(s)

ACCORDING TO THE RECORDS OF THE DEPARTMENT OF MOTOR VEHICLES, THE PERSON NAMED HEREON IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE, SUBJECT TO LIEN(S) AS SHOWN.

CONTROL NO. 2304060A

RD-2 (Rev. 10/01)                                    (THIS IS NOT A TITLE NO.)

ALTERATION OR ERASURE VOIDS THIS TITLE

# EXHIBIT B

## DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' OBJECTION TO FORD MOTOR CREDIT'S CLAIM [NON-DEBTOR CLAIM]

I, Paul D. Huygens, declare as follows:

1.     I am the Senior Vice President of Special Projects of the above-captioned Debtors and Debtors in possession. The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2.     This declaration is submitted in support of the *Debtors' Objection to Ford Motor Credit's Claim Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 [Non-Debtor Claim]* (the "Objection").

3.     I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

4.     The claim and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors. These efforts have resulted in the identification of the disputed "Non-Debtor Claim", identified in Exhibit "A" to the Objection. I have personally reviewed the Non-Debtor Claim.

5.     The Non-Debtor claim relates to an individual Chapter 13 debtor by the name of Norman G. Banister, Case No. 09-15528 in the United States Bankruptcy Court for the District of Nevada.

6.     To the best of my knowledge, information and belief, the claim attached as Exhibit A to the Objection is not a valid claim against the Debtors, but is a claim against an individual Chapter 13 Debtor, unrelated to any of the Debtor entities in these jointly administered cases. The claimant has no valid legal justification for asserting the filed claim against the given Debtor. As a result, I believe that this claim should be disallowed and expunged by the Court.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

7.    I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 29th day of September, 2009, at Las Vegas, Nevada.

/s/ *Paul D. Huygens*

Paul D. Huygens

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT

# C

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,[1]<br><br>                              Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch

73203-002\DOCS_SF:67578.1

Side text: **LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

| Affects: | | Hearing Date: | October 30, 2009 |
| --- | --- | --- | --- |
| ☐ All Debtors | | Hearing Time: | 1:30 p.m. |
| ☒ Affects the following Debtor(s): | | Courtroom 1 | |
| Pinnacle Grading, LLC 09-14887 LBR | | | |

**ORDER SUSTAINING DEBTORS' OBJECTION TO FORD MOTOR CREDIT'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007**
**[NON-DEBTOR CLAIM] [RE: DOCKET NO.    ]**

Upon consideration of *Debtors' Objection to Ford Motor Credit's Claim Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 [Non-Debtor Claim]* (the "Objection"),[2] filed by The Rhodes Companies, LLC ("Rhodes") and its affiliated debtors (collectively, the "Debtors"), requesting that the Court enter an order disallowing and expunging in full the disputed claim; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the claim attached as Exhibit A to the Objection and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection establishes just cause for the relief requested therein; therefore IT IS HEREBY ORDERED THAT:

General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1.     Claim number 11 of Ford Motor Credit in the amount of $9,639.42, filed against Pinnacle Grading, LLC, is hereby disallowed in its entirety; and

2.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order

APPROVED / DISAPPROVED

DATED this _____ day of _____, 2009.

By: _____
        UNITED STATES TRUSTEE
        August B. Landis
        Office of the United States Trustee
        300 Las Vegas Blvd. S., Ste. 4300
        Las Vegas, NV  89101

Submitted by:

DATED this ___ day of October, 2009.

By:_____
        LARSON & STEPHENS
        Zachariah Larson, Esq. (NV Bar No 7787)
        Kyle O. Stephens, Esq. (NV Bar No. 7928)
        810 S. Casino Center Blvd., Ste. 104
        Las Vegas, NV  89101
        (702) 382-1170 (Telephone)
        (702) 382-1169 (Facsimile)
        zlarson@lslawnv.com
        *Attorneys for Debtors*

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

____ The court has waived the requirement of approval under LR 9021.

____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.

Submitted by:
DATED this ____ day of October, 2009.

By: _____

    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
    (702) 382-1170 (Telephone)
    (702) 382-1169
    zlarson@lslawnv.com
    Attorneys for Debtors

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169