1  James I. Stang, Esq. (CA Bar No. 94435)                    E-File:  <u>September 29, 2009</u>
2  Shirley S. Cho, Esq. (CA Bar No. 192616)
   Werner Disse, Esq. (CA Bar No. 143458)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
4  Los Angeles, California 90067-4100
   Telephone: 310/277-6910
5  Facsimile:  310/201-0760
   Email: jstang@pszjlaw.com
6          scho@pszjlaw.com
           wdisse@pszjlaw.com
7

8  Zachariah Larson, Esq. (NV Bar No. 7787)
   LARSON & STEPHENS
9  810 S. Casino Center Blvd., Ste. 104
   Las Vegas, NV  89101
10 Telephone:  702/382.1170
   Facsimile:  702/382.1169
11 Email: zlarson@lslawnv.com

12
   Attorneys for Debtors and
13 Debtors in Possession

14              **UNITED STATES BANKRUPTCY COURT**

15                       **DISTRICT OF NEVADA**

16
   In re:                                    Case No.: BK-S-09-14814-LBR
17                                           (Jointly Administered)
   THE RHODES COMPANIES, LLC, aka
18 "Rhodes Homes, et al.,[1]                 Chapter 11

19                                           Hearing Date:    October 30, 2009
                     Debtors.               Hearing Time:    1:30 p.m.
20 _____          Courtroom 1

21
   Affects:
22
   ☐   All Debtors
23 ☒   Affects the following Debtor(s):

24    Pinnacle Grading, LLC; Rhodes Design
      and Development Corporation; Rhodes
25    Homes Arizona, LLC; Rhodes Realty,
      Inc.; The Rhodes Companies, LLC;
26    Tribes; and Tuscany Golf.

27

28
   _____

   [1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if
   applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS PURSUANT TO
SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007 (PAID CLAIMS)**

The Rhodes Companies, LLC and its affiliated debtors (collectively, the "Debtors"), by their undersigned counsel, hereby object (the "First Omnibus Objection") to each of the claims (the "Paid Claims") listed on **Exhibit "A"** attached hereto, each of which was paid during the course of the case, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and request the entry of an order (the "Order") disallowing and expunging in full each of the disputed claims as indicated in further detail below.[2]  In support of this First Omnibus Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and* 3007 [*Paid Claims*], attached hereto.  In further support of this First Omnibus Objection, the Debtors respectfully represent as follows:

## BACKGROUND

1.      On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code.  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

---

General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

[2]  The Debtors reserve the right to file additional omnibus objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

2.      The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## **RELIEF REQUESTED**

3.      By this First Omnibus Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, disallowing and expunging in full each of the Paid Claims as indicated in further detail below.  In each case, the Debtors requested in writing that such Paid Claim be withdrawn, but as of the date and time of filing of this Objection, the Paid Claims had not been withdrawn.

## **OBJECTION**

4.      Bankruptcy Rule 3007(d) provides that the Debtors may submit objections to more than one claim in an "omnibus" format if the claims have been satisfied or released during the case.  All of the Paid Claims listed in Exhibit A have been paid in the ordinary course of business during the administration of these cases.  The Paid Claims are not valid claims against the Debtors because such claims have been satisfied in full.

5.      Bankruptcy Code Section 502 authorizes a party in interest to object to claims.  *See* 11 U.S.C. §502(a).  Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ."  11 U.S.C. § 502(b).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.  *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).  The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added).  Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid."  *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

6.     Based on the Debtors' review of their books and records and the proof of claim filed by the claimant, in each instance, the claimant has no valid legal justification for asserting the filed claim against the given Debtor.  As a result, the Debtors submit that these claims should be expunged by the Court.

## **CONCLUSION**

7.     The Debtors object to the allowance of the Paid Claims as set forth herein for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing and expunging in full each of the Paid Claims.

## **NOTICE**

8.     Notice of this objection has been provided to (i) the United States Trustee for the District of Nevada, (ii) counsel to the Official Committee of Unsecured Creditors, (iii) each Paid Claim for which the Debtors are objecting to in this First Omnibus Objection in accordance with the addresses provided in the proofs of claim for such Paid Claims, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases.  The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

9. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the First Omnibus Objection with at least thirty (30) days' notice of the hearing on the First Omnibus Objection.

10. WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, disallowing and expunging the Paid Claims set forth in Exhibit "A" attached hereto, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 29th day of September, 2009.

**LARSON & STEPHENS**

 /s/ *Zachariah Larson, Esq.*
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

## DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' FIRST OMNIBUS OBJECTION

I, Paul D. Huygens, declare as follows:

1.     I am the Senior Vice President of Special Projects of the above-captioned Debtors and Debtors in possession.  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2.     This declaration is submitted in support of the *Debtors' First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 (Paid Claims)* (the "First Omnibus Objection").

3.     I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I have read the *Debtors' First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 (Paid Claims),* and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

4.     The claims and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors.  These efforts have resulted in the identification of the disputed "Paid Claims", as identified in Exhibit "A" to the First Omnibus Objection.  I have personally reviewed each of Paid Claims.

5.     All of the claims listed on Exhibit "A" to the First Omnibus Objection were paid in the ordinary course of business during the administration of these cases, as referenced on Exhibit "A".

6.     The information on Exhibit "A" is correct to my knowledge.  In each instance, the claimant has no valid legal justification for asserting the filed claim against the given Debtor, as each such claim has been paid in full.  As a result, I believe that these claims should be disallowed and expunged by the Court.

7.    I believe that granting the relief requested in the First Omnibus Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 29th day of September, 2009, at Las Vegas, Nevada.

/s/ Paul D. Huygens
Paul D. Huygens

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date:    October 30, 2009<br>Hearing Time:    1:30 pm |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837);

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Affects:

☐   All Debtors
☒   Affects the following Debtor(s):

Pinnacle Grading, LLC; Rhodes Design and Development Corporation; Rhodes Homes Arizona, LLC; Rhodes Realty, Inc.; The Rhodes Companies, LLC; Tribes; and Tuscany Golf

Courtroom 1

**ORDER SUSTAINING DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 [PAID CLAIMS] [RE DOCKET NO. _____]**

Upon consideration of *Debtors' First Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 (Paid Claims)* (the "First Omnibus Objection"),[2] filed by The Rhodes Companies, LLC ("Rhodes") and its affiliated debtors (collectively, the "Debtors"), requesting that the Court enter an order disallowing and expunging in full each of the Paid Claims; and the Court having jurisdiction to consider the First Omnibus Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the First Omnibus Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to each holder of a claim listed on Exhibit "A" attached hereto and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the First Omnibus Objection is in the best interests of the Debtors, their estates and creditors; and that the

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

---

Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Omnibus Objection.

legal and factual bases set forth in the First Omnibus Objection establish just cause for the relief requested therein; therefore IT IS HEREBY ORDERED THAT:

1.      The claims identified on Exhibit "A" attached hereto are hereby disallowed in their entirety against the Debtors; and

2.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order

APPROVED / DISAPPROVED:

DATED this _____ day of _____ 2009.

By: _____
        UNITED STATES TRUSTEE
        August B. Landis
        Office of the United States Trustee
        300 Las Vegas Blvd. S., Ste. 4300
        Las Vegas, NV  89101

Submitted by:

DATED this ___ day of October 2009.

By:_____
        LARSON & STEPHENS
        Zachariah Larson, Esq. (NV Bar No 7787)
        Kyle O. Stephens, Esq. (NV Bar No. 7928)
        810 S. Casino Center Blvd., Ste. 104
        Las Vegas, NV  89101
        (702) 382-1170 (Telephone)
        (702) 382-1169 (Facsimile)
        zlarson@lslawnv.com
        *Attorneys for Debtors*

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

**LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

____ The court has waived the requirement of approval under LR 9021.

____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.


Submitted by:
DATED this ____ day of October, 2009.

By: _____
     LARSON & STEPHENS
     Zachariah Larson, Esq. (NV Bar No 7787)
     Kyle O. Stephens, Esq. (NV Bar No. 7928)
     810 S. Casino Center Blvd., Ste. 104
     Las Vegas, NV  89101
     (702) 382-1170 (Telephone)
     (702) 382-1169
     zlarson@lslawnv.com
     Attorneys for Debtors

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT A

| Claim No. | Claim Filed Date | Filed in Debtor Case | Claimant Name | Secured | Priority | Unsecured | Proposed Treatment/ Disposition | Payment |
|---|---|---|---|---|---|---|---|---|
| 12 | 05/06/09 | The Rhodes Companies, LLC | Citrix Systems, Inc. | | | 3,600.00 | Disallow claim in its entirety. | PAID Check # 18125, 4/30/09 |
| 8 | 04/30/09 | Rhodes Design and Development Corporation | GMAC | 1,430.03 | | | Disallow claim in its entirety. | PAID Check # 5484 4/29/09 |
| 53 | 06/22/09 | Rhodes Design and Development Corporation | Signs West, Inc. | | | 3,950.00 | Disallow claim in its entirety. | PAID Check # 7976 6/04/09 |
| 5 | 06/22/09 | Rhodes Realty, Inc. | Signs West, Inc. | | | 3,950.00 | Disallow claim in its entirety. | Duplicate of claim 53 |
| 24 | 06/03/09 | The Rhodes Companies, LLC | Efrain Amecua | 4,000.00 | | | Disallow claim in its entirety. | PAID by workman's compensation carrier |

# CLAIM NO. 12

## CLAIMANT:  CITRIX SYSTEMS, INC.



**PACHULSKI
STANG
ZIEHL
JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

August 21, 2009

**VIA U.S. FIRST CLASS MAIL**

Citrix Systems, Inc.
Attn: Luis Grullon
851 West Cypress Creek Road
Ft. Lauderdale, FL 33309

      Re:    **The Rhodes Companies, et al.
               Chapter 11 Case No. 09-14814
               (Jointly Administered)**

Dear Mr. Grullon:

      This firm represents The Rhodes Companies, LLC (the "Debtor") in its Chapter 11 bankruptcy filed in the United States Bankruptcy Court for the District of Nevada (Case No. 09-14814 LBR). You filed a proof of claim on behalf of Citrix Systems, Inc., designated as proof of claim number 12 in the amount of $3,600.00 in the Debtor's bankruptcy case.

      Our records indicate that payment of $3,600.00 was made by check no. 18125 on April 30, 2009. Our records further indicate that this account has been paid in full.

      Please withdraw your Claim by signing and returning the enclosed Notice of Claim Withdrawal form by September 4, 2009 so that we may avoid having to object to your claim in the Bankruptcy Court. Thank you.

      Very truly yours,

      /s/
      Patricia J. Jeffries

LOS ANGELES

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

DELAWARE

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK

788 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

PJJ
Enclosure
cc:   Michael A. Matteo

73203-002\DOCS_SF:66920.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:                                          Case No.: BK-S-09-14814-LBR

THE RHODES COMPANIES, LLC              Chapter 11
                          Debtor.

---

**NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NO. 12**

---

     CITRIX SYSTEMS INC. hereby withdraws its proof of claim, designated as Claim No. 12, filed in the above-captioned case.


Dated: _____, 2009


                                         _____
                                             (signature)
By: _____ (print name)
Its: _____ (title)

B 10 (Official Form 10) (12/08)

NS-814-297362

| UNITED STATES BANKRUPTCY COURT        DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:   The Rhodes Companies, LLC | Case Number:   09-14814 |
|---|---|

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Citrix Systems Inc.**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Citrix Systems Inc.
851 West Cyperess Creek Road
Fort Lauderdale, FL 33309
USA

ATTN: LUIS GRULLON

Court Claim Number:
*(If known)*

Filed on:

Telephone Number :

Name and address where payment should be sent (if different from above):

Name:
Address 1:
Address 2:
Address 3:
Address 4:
Address 5:
Telephone Number :

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**     $                3 6 0 0 . 0 0

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim**   G O O D S   S O L D
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**   7 8 5 8

**3a. Debtor may have scheduled account as:**
(See instruction #3a on reverse side.)

**4. Secured Claim**     (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

Describe:
Value of property: $          Annual Interest Rate:          %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $          Basis for perfection:

Amount of Secured Claim: $          Amount Unsecured: $

**5. Amount of Claim Entitled to Priority under 11 U.S.C. 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:**   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Documents:**   Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

THIS SPACE IS FOR COURT USE ONLY

**FILED**

**MAY 0 6 2009**

By Omni Management Group, Claims Agent
For U.S. Bankruptcy Court
District of Nevada

Date:   0 4 / 3 0 / 2 0 0 9

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Title:   A/R

Printed name:   LUIS GRULLON

Signature:

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

12

B 10 (Official Form 10) (12/08)

NS-814-297362

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002 (g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of the property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a):**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of debt and of any lien securing the debt. You may also attach a summary. You must also attach copies those documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C § 101(10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offer to Purchase Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provision of the Bankruptcy Code (11 U.S.C. §101 et seq.), and any applicable orders of the bankruptcy court.



CITRIX SYSTEMS, INC.
851 West Cypress Creek Road
Fort Lauderdale, FL 33309
PH. (954) 267-3000

# Invoice

## Information

| | |
|---|---|
| Invoice Number | 90879608 |
| Purchase Order No. | 031809 |
| Sales Order Number | 911689 |
| Sold To Cust. No. | I4177858 |
| Payer No. | I4177858 |
| Invoice Date | 03/18/2009 |
| Payment Terms | NET 30 Days |
| Due Date | 04/17/2009 |
| Currency | USD |
| Sales Person | |

Pg 1 of  1

## Billing Address

Rhodes Homes
4730 S Fort Apache Rd Suite 300
Las Vegas, NV 89147-7947
US
USA

## Ship To Address

Rhodes Homes
4730 S Fort Apache Rd Suite 300
Las Vegas, NV 89147-7947

## Remit Payment To:

Citrix Systems, Inc.
P. O. Box 931686
Atlanta, GA 31193-1686

## Invoice Details

| Material<br>Description | Quantity | Unit Price | Amount | Tax |
|---|---|---|---|---|
| SUBHUDAESAR<br>Citrix Presentation Server, Advanced Edition - Subscription Advantage Renewal<br>Start: 05/15/2009 End: 05/15/2010<br>UP-6146888-29490 | 1 EA | 900.00 | 900.00 | 0.00 % |
| SUBHUDAESAR<br>Citrix Presentation Server, Advanced Edition - Subscription Advantage Renewal<br>Start: 05/15/2009 End: 05/15/2010<br>UP-6146888-29490 | 1 EA | 2,250.00 | 2,250.00 | 0.00 % |
| SUBHUDAESAR<br>Citrix Presentation Server, Advanced Edition - Subscription Advantage Renewal<br>Start: 05/15/2009 End: 05/15/2010<br>UP-6146888-29490 | 1 EA | 450.00 | 450.00 | 0.00 % |

| | | |
|---|---|---|
| Freight | $ | |
| Sub Total | $ | 3,600.00 |
| Tax Amount | $ | |
| Total | $ | 3,600.00 |

*Please make payable to Citrix Systems, Inc. and indicate customer number and invoice number on payment. Payable*

**CLAIM NO. 8**

**CLAIMANT:  GMAC**



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

July 30, 2009

**VIA U.S. FIRST CLASS MAIL**

GMAC
Attn: M. Bohen
PO Box 130424
Roseville, MN 55113

Re:    **The Rhodes Companies, et al.**
       **Chapter 11 Case No. 09-14814**
       **(Jointly Administered)**

Dear M. Bohen:

This firm represents Rhodes Design and Development Corporation (the "Debtor") in its Chapter 11 bankruptcy filed in the United States Bankruptcy Court for the District of Nevada (Case No. 09-14846 LBR). You filed a proof of claim on GMAC's behalf, designated as proof of claim number 8 in the secured amount of $1,430.03 in the Debtor's bankruptcy case.

Our records indicate that payment of $466.62 on behalf of account no. 024-9054-25290 was made by check no. 5484 on 4/29/09. Our records further indicate that this account has been paid in full and there is no amount currently due to GMAC.

Please withdraw your Claim by signing and returning the enclosed Notice of Claim Withdrawal form by August 17, 2009 so that we may avoid having to object to your claim in the Bankruptcy Court. Thank you

Very truly yours,

/s/
Patricia J. Jeffries
Paralegal

PJJ
Enclosure
cc:    Michael A. Matteo

LOS ANGELES
10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK
788 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

WEB: www. pszjlaw.com

73203-002\DOCS_SF:66620.1

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

RHODES DESIGN AND DEVELOPMENT
CORPORATION,
                                   Debtor.

Case No.: BK-S-09-14846-LBR

Chapter 11

---

**NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NO. 8**

       GMAC hereby withdraws its proof of claim, designated as Claim No. 8, filed in the above-
captioned case.


Dated: _____, 2009



                                              _____
                                                                          (signature)
                                              By: _____ (print name)
                                              Its: _____ (title)

73203-002\DOCS_SF:66629.1

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT  DISTRICT OF Nevada | PROOF OF CLAIM |
|---|---|

| Name of Debtor: RHODES DESIGN AND DEVELOPMENT CO | Case Number: 09-14846 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): GMAC | [ ] Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: GMAC P.O. Box 130424 Roseville, MN 55113 Telephone number: (800) 495-1578 | **Court Claim Number:** *(If known)* Filed On: |
| Name and address where payment should be sent (if different from above): GMAC P.O. Box 78367 Phoenix, AZ 85062 Telephone number: : (800) 495-1578 | [ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. [ ] Check this box if you are the debtor or trustee in this case. |

| | | |
|---|---|---|
| 1. Amount of Claim as of Date Case Filed: $1,430.03 ** Monthly Pymt: $481.79 ** *Claimant Reserves Right to Amend its Claim** If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. [] Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. Specify the priority of the claim. |
| 2. Basis for claim: Automobile Financing (See instruction #2 on reverse side.) | | [ ] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 3. Last four digits of any number which creditor identifies debtor: xxx-xxxx-x5290 | | |
| 3a. Debtor may have scheduled account as: (See instruction #3a on reverse side.) | | [ ] Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 4. Secured claim (See instruction #4 on reverse side.) Check the appropriate box if your claim is secured by a lien on property or right of setoff and provide the requested information. Nature of property or right of setoff:  [ ] Real Estate  [X] Motor Vehicle  [ ] Other Describe: N04 CHEVSILVERADO VIN 1GCEK14T04Z213123 Value of property: $1,430.03  Annual Interest Rate:  0.00%** **May not reflect rate entitled to under *In re Till* Amount of arrearage and other charges as of time case filed included in secured claim, if any: $0.00  Basis for perfection: Certificate of Title/Lien Notice Amount of Secured Claim: $1,430.03  Amount Unsecured: $0.00 | | [ ] Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). [ ] Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). [ ] Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | | [ ] Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING If the documents are not available, please explain: | | Amount entitled to priority: $_____ *Amounts are subject to adjustment on 04/01/010 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| Date: 4/13/09 | Signature: This person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  M. Bohen, Agent | FOR COURT USE ONLY APR 30 2009 By Omni Management Group, Claims Agent For U.S. Bankruptcy Court District of Nevada |
|---|---|---|

*Penalty for presenting fraudulent claims:* Fine up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

## CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am an agent of GMAC employed in the City of Roseville, Ramsey County, Minnesota. I am over the age of 18 years and not party to this action. My business address is P.O. Box 130424, Roseville, MN 55113.

I am readily familiar with the business practices of my employer for the collection and processing of documents and correspondence for mailing with the United States Postal Service and those correspondence and documents are deposited with the United State Postal Service that same day, or within one business day, in the ordinary course of business.

On April 13, 2009, I served the following documents:
* **Proof of Claim with all Exhibits and Attachments**

in the method or methods described below and if served via U.S. Mail, by placing copies of said documents in sealed envelopes and served addressed as follows:

**Debtor's Attorney:**
ZACHARIAH LARSON
810 S CASINO CENTER BLVD STE 1
LAS VEGAS, NV 89101

**Trustee:**
INFORMATION NOT AVAILABLE
0

**Debtor:**
RHODES DESIGN AND DEVELOPMENT CO
4730 SOUTH FORT APACHE
SUITE 300
LAS VEGAS, NV 89147

**Non-Filing CoDebtor:**
SAGEBRUSH ENTERPRISES
4730 S FORT APACHE
LAS VEGAS, NV 89148

I then placed said envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the parties so designated above.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 13, 2009, at Roseville, Minnesota.

M. Bohen, Agent

SIMPLE INTEREST VEHICLE CONTRACT AND SECURITY AGREEMENT

| Buyer's Name(s) | CREDITOR | BILL HEARD CHEVROLET |
| RHODES DESIGN & DEVELOPM | | |
| SAGEBRUSH ENTERPRISES | Address | 444 S DECATUR |
| Address  4730 FORT APACHE | City, LAS VEGAS | County |
| City, LAS VEGAS  County CLARK | State NV | Zip  89107 |
| State NV  Zip 89148 | Phone ( 702)-870-9444 | |
| Bus Phone ( 702)873-5338  Res. Phone ( 702)873-5338 | | |
| Stock No.  T42585 | Salesman  GREENBLATT, RICHA | Date  05/14/2004 |

**SECTION A: DISCLOSURES MADE IN COMPLIANCE WITH FEDERAL TRUTH IN LENDING ACT**

Your Payment Schedule will be:

| ANNUAL PERCENTAGE RATE | The cost of your credit as a yearly rate | Number of Payments | Amount of Payments | When Payments Are Due | (s) means an estimate |
|---|---|---|---|---|---|
| 0.00 % | | N/A | N/A | | |
| | | 59 | 481.62 | MONTHLY BEGINNING 06/28/2004 | |
| FINANCE CHARGE | The dollar amount the credit will cost you | 1 | 481.79 | DUE ON:  05/28/2009 | |
| $ 0.00 (s) | | | | | |

AMOUNT FINANCED — The amount of credit provided to you or on your behalf  $ 28897.37

TOTAL OF PAYMENTS — The amount you will have paid after you have made all payments as scheduled  $ 28897.37 (s)

TOTAL SALES PRICE — The total cost of your purchase on credit, including your down payment of $ 1000.00  $ 29897.37 (s)

SECURITY: You are giving a security interest in the goods or property being purchased.

**SECTION B: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

This contract is made this 14TH day of MAY (month), of 2004 (year), between you, the Buyer(s) shown above, and us, the Seller shown as Creditor above.

Year and Make  2004 CHEVROLET

Body Style  PU  No. Cyl.  8

Manufacturer's Serial Number  1GCEK14T04Z213123

Use for which purchased: ☐ Personal ☒ Business ☐ Agriculture

INCLUDING:
☐ Sun/Moon Roof   ☐ Air Conditioning   ☐ Automatic Transmission
☐ Power Steering   ☐ Power Door Locks   ☐ Power Seats
☐ Power Windows    ☐ Tilt Wheel        ☐ Vinyl Top
☐ Cassette         ☐ Cruise Control    ☐ AM/FM Stereo
☐ Compact Disc Player

Color  WHITE   Tires   Lic. No

**SECTION C: ITEMIZATION OF AMOUNT FINANCED**

| 1 Vehicle Selling Price | $ 27785.23 |
|---|---|
| Plus Documentary Fees | $ N/A |
| Plus Emissions Inspection Fee | $ N/A |
| Plus Other | $ N/A |
| Plus Other | $ N/A |
| Taxable Selling Price | $ 27785.23 |
| 2 Total Sales Tax | $ 2063.89 |
| 3 Amounts Paid to Public Officials | |
| a. Titling Fee | $ 28.25 |
| b. Registration Fee | $ N/A |
| c. Other | $ N/A |
| TOTAL OFFICIAL FEES (Add 3a through 3c) | $ 28.25 |
| 4 Plus Other Charges | |
| a. Extended Service Contract | $ N/A |
| b. Driveaway Permit | $ N/A |
| c. Other | $ N/A |
| d. Other | $ N/A |
| Total OTHER CHARGES (Add 4a through 4d) | $ N/A |
| 5 Total Cash Sales Price (Add 1 through 4) | $ 29897.37 |
| 6 Gross Trade-In Allowance | $ N/A |
| Minus Payoff Balance | $ N/A |
| Net Trade-In Allowance | 0.00 |
| 7 Down Payment (Other Than Net Trade-In Allowance) | |
| a. Trade-In Sales Tax Credit | $ N/A |
| b. Cash | $ N/A |
| c. Manufacturer's Rebate | $ 1000.00 |
| d. Other | $ N/A |
| Down Payment (Add 7a through 7d) | $ 1000.00 |
| 8. TOTAL DOWN PAYMENT AND NET TRADE-IN ALLOWANCE | $ 1000.00 |
| 9. UNPAID BALANCE OF CASH SALES PRICE (Subtract 8 from 5) | $ 28897.37 |
| 10 Plus Optional Insurance Charges | |
| a. Credit Life Insurance Premium  N/A | |
| b. Credit Disability Insurance Premium  N/A | $ N/A |
| c. Debt Cancellation Coverage (GAP Coverage)  N/A | $ N/A |
| d. Other Insurance  N/A | $ N/A |
| 11 Other Amounts Financed | |
| a. | $ N/A |
| b. | $ N/A |
| 12. TOTAL AMOUNT FINANCED (Add 9, 10 and 11) | $ 28897.37 |

NOTICE OF RESCISSION RIGHTS

Buyer's Signature X  RHODES DESIGN DEVELOPMENT SAGEBRUSH ENTERPRISES
Buyer's Signature X

**NOTICE TO BUYER**

Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completed copy of this agreement. If you fail to perform your obligations under this agreement, the vehicle may be repossessed and you may be liable for the unpaid indebtedness evidenced by this agreement.

| Buyer X | Date 05/14/2004 | | Date 05/14/2004 |
| Creditor  BILL HEARD CHEVROLET | | By | Title |

ORIGINAL

(REVERSE SIDE OF CONTRACT)
(Simple Interest)
(CONT'D) ADDITIONAL TERMS AND CONDITIONS

**LIABILITY INSURANCE IS NOT REQUIRED BY THIS CONTRACT. YOU HAVE THE RIGHT TO CHOOSE ANY PERSON THROUGH WHOM LIABILITY INSURANCE IS TO BE OBTAINED.**

**NO WARRANTIES: SELLER MAKES NO REPRESENTATIONS, PROMISES OR WARRANTIES, EXPRESS OR IMPLIED, AS TO THE MERCHANTABILITY OR FITNESS OF THE COLLATERAL OR WHETHER THE COLLATERAL IS SUITABLE OR FIT FOR THE PARTICULAR PURPOSE INTENDED UNLESS SELLER HAS DONE SO IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY US AS ORIGINAL SELLER OF THE COLLATERAL. HOWEVER, IF SELLER MAKES AN EXPRESS WARRANTY IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY SELLER OR, WITHIN 90 DAYS AFTER THE DATE OF THIS CONTRACT, ENTERS INTO A SERVICE CONTRACT WITH THE BUYER THAT APPLIES TO THE COLLATERAL, THE EXCLUSION OF IMPLIED WARRANTIES SET FORTH IN THIS PARAGRAPH DOES NOT EXCLUDE ANY IMPLIED WARRANTIES THAT MAY EXIST WITH RESPECT TO THE COLLATERAL DURING THE TERM OF THE CONTRACT OR AGREEMENT IN WHICH THE EXPRESS WARRANTY IS MADE.**

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on the reverse side, federal regulation may require a special buyer's guide to be displayed on the window.

**THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

1. RECOURSE:

2. REPURCHASE:

3. LIMITED ENDORSEMENT:

4. WITHOUT RECOURSE:

Seller _____  By _____
Title _____

BILL HEARD CHEVROLET

GMAC COMMERCIAL SERVICES
P O BOX    251329
PLANO TX   75025

## STATE OF NEVADA
### DEPARTMENT OF MOTOR VEHICLES

# CERTIFICATE OF TITLE

| VIN | YEAR | MAKE | MODEL | VEHICLE BODY | TITLE NUMBER |
|---|---|---|---|---|---|
| 1GCEK14T04Z213123 | 2004 | CHEV | 1500 | PK | 7273585-2510 |

| DATE ISSUED | ODOMETER MILES | FUEL TYPE | SALES TAX PD | EMPTY WT | GROSS WT | GWR |
|---|---|---|---|---|---|---|
| 07/01/2004 | 4 | G | | | 6001 | |

VEHICLE COLOR          ODOMETER BRAND          BRANDS

**ACTUAL MILES**

OWNER(S) NAME AND ADDRESS
RHODES DESIGN & DEVELOPMENT          OR
SAGEBRUSH ENTERPRISES
4730 FORT APACHE
LAS VEGAS NV  89148

LIENHOLDER(S) NAME AND ADDRESS
GMAC COMMERCIAL SERVICES
P O BOX    251329
PLANO TX   75025

LIENHOLDER(S) RELEASE - INTEREST IN THE VEHICLE DESCRIBED ON THIS TITLE IS HEREBY RELEASED:

SIGNATURE OF AUTHORIZED AGENT                                          DATE

Printed Name

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP.
FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following buyer(s)

Printed Name of Buyer(s)                                          ☐ AND
                                                                  ☐ OR
Printed Name of Buyer(s)

Address                    City                    State                    Zip Code

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked
| | NO TENTHS | ☐ The mileage stated is in excess of its mechanical limits |
| ODOMETER READING | | ☐ The odometer reading is not the actual mileage WARNING  ODOMETER DISCREPANCY |
| | | ☐ Exempt - Model year over 9 years old |

Signature of Seller(s)                                          Printed Name of Seller(s)
I am aware of the above odometer certification made by the seller/agent ☐

Signature of Buyer(s)                                          Printed Name of Buyer(s)

ACCORDING TO THE RECORDS OF THE DEPARTMENT OF MOTOR
VEHICLES, THE PERSON NAMED HEREON IS THE OWNER OF THE
VEHICLE DESCRIBED ABOVE, SUBJECT TO LIEN(S) AS SHOWN

CONTROL NO
                    **1677744A**
                    (THIS IS NOT A TITLE NO)

RD-2 (Rev 10/01)

ALTERATION OR ERASURE VOIDS THIS TITLE

**CLAIM NOS. 5 and 53**

**CLAIMANT: SIGNS WEST, INC.**



**PACHULSKI
STANG
ZIEHL
JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

September 3, 2009

<u>**VIA U.S. FIRST CLASS MAIL**</u>

Signs West, Inc.
Attn: Jimmy J. Maez
1100 Mary Crest Road
Henderson, NV 89074

      Re:    **The Rhodes Companies, et al.**
                    **Chapter 11 Case No. 09-14814**
                    <u>**(Jointly Administered)**</u>

Dear Mr. Maez:

        This firm represents Rhodes Design and Development Corporation and Rhodes Realty, Inc. (the "Debtors") in their Chapter 11 bankruptcy cases filed in the United States Bankruptcy Court for the District of Nevada (jointly administered under Case No. 09-14814 LBR). You filed identical proofs of claim on behalf of Signs West, Inc., in the Debtors' bankruptcy cases as follows:

- Rhodes Design and Development Corporation, Case No. 09-14846-LBR, in the amount of $3,950.00, designated as claim number 53; and

- Rhodes Realty, Inc., Case No. 09-14841-LBR, in the amount of $3,950.00, designated as claim number 5.

        Our records indicate that payment of $3,950.00 was made on behalf of Rhodes Design and Development Corporation by check no. 7976 on June 4, 2009. Our records further indicate that this account has been paid in full. Furthermore, we believe that claim number 5, filed in the Rhodes Realty case is a duplicate of claim number 53.

LOS ANGELES
10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK
788 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

WEB: www. pszjlaw.com

73203-002\DOCS_SF:67187.1



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

Mr. Jimmy J. Maez
September 3, 2009
Page 2

Based upon the above, we respectfully request that you withdraw your Claims by signing and returning the enclosed Notices of Claim Withdrawal forms by September 11, 2009 so that we may avoid having to object to your claim in the Bankruptcy Court. Thank you.

Very truly yours,

/s/

Patricia J. Jeffries

PJJ
Enclosure
cc:    Michael A. Matteo

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

RHODES REALTY, INC.,

                                    Debtor.

Case No.: BK-S-09-14841-LBR

Chapter 11

**NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NO. 5**

SIGNS WEST, INC. hereby withdraws its proof of claim, designated as Claim No. 5, filed in the above-captioned case.

Dated: _____, 2009

_____
                        (signature)

By: _____                    (print name)
Its: _____                    (title)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-14846-LBR |
| RHODES DESIGN AND DEVELOPMENT, INC., | Chapter 11 |
| Debtor. | |

## NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NO. 53

SIGNS WEST, INC. hereby withdraws its proof of claim, designated as Claim No. 53, filed in the above-captioned case.

Dated: _____, 2009

_____
(signature)

By: _____ (print name)
Its: _____ (title)

73203-002\DOCS_SF:67189.1

Case 09-14846-lbr    Claim 53-1    Filed 06/22/09    Page 1 of 1

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | District of Nevada | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Rhodes Design and Development Coporation aka Rhodes Homes | Case Number:<br>BK-S-09-14846-LBR |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Signs West, INC | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>Signs West Inc<br>1100 Mary Crest RD  Henderson NV, 89074<br><br>Telephone number:<br>(702) 368-1711 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>SAME AS ABOVE<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:    $_____3,950.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

Specify the priority of the claim.

2. Basis for Claim:  Install clark county sign  (Park + Recreation)
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

   3a. Debtor may have scheduled account as:
       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property:$_____   Annual Interest Rate____%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

- ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

- ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

- ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

- ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   Amount entitled to priority:

   $_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date:<br>06/18/2009<br><br>Jimmy J, Maez | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Jimmy J. Maez  controller* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

53

| Creditor:        (4439808)<br>Signs West, Inc.<br>1100 Mary Crest RD<br>Henderson, NV 89074 | Claim No: 53<br>Original Filed<br>Date: 06/22/2009<br>Original Entered<br>Date: 06/23/2009 | Status:<br>Filed by: CR<br>Entered by: Takashima, VL<br>Modified: |
|---|---|---|

Unsecured claimed: $3950.00

**Total        claimed: $3950.00**

History:

Details    53-1 06/22/2009 Claim #53 filed by Signs West, Inc., total amount claimed: $3950 (Takashima, VL )

Description:

Remarks:

53

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | District of Nevada | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Rhodes Realty, INC | Case Number:<br>BK-09-14841-LBR |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Signs West, INC | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>Signs West Inc<br>1100 Mary Crest RD  Henderson NV, 89074<br><br>Telephone number:<br>(702) 368-1711 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>SAME AS ABOVE<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed: $ 3,950.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Install clark county sign *Cpark & Recreation*
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection:

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>06/18/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Jimmy J. Maez    *Jimmy J. Maez*    Controller | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



| Creditor:          (4408594)<br>Signs West, Inc.<br>1100 Mary Crest RD<br>Henderson, NV 89074 | Claim No: 5<br>Original Filed<br>Date: 06/22/2009<br>Original Entered<br>Date: 06/22/2009 | Status:<br>Filed by: CR<br>Entered by: Ruhge, JD<br>Modified: |
|---|---|---|

| Unsecured claimed:  $3950.00 |
|---|
| **Total       claimed: $3950.00** |

| History: |
|---|
| Details    5-1   06/22/2009 Claim #5 filed by Signs West, Inc., total amount claimed: $3950 (Ruhge, JD ) |
| Description: |
| Remarks: |

5

# CLAIM NO. 24

## CLAIMANT: EFRAIN AMECUA



**PACHULSKI**

**STANG**

**ZIEHL**

**JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

LOS ANGELES

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

DELAWARE

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK

780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

WEB: www. pszjlaw.com

July 31, 2009

**VIA U.S. FIRST CLASS MAIL**

Efrain Amecua
1005 Virgil Street
Las Vegas, NV 89190

Re:   **The Rhodes Companies, et al.**
       **Chapter 11 Case No. 09-14818**
       **(Jointly Administered)**

Dear Efrain:

This firm represents The Rhodes Companies, LLC (the "Debtor") in its Chapter 11 bankruptcy filed in the United States Bankruptcy Court for the District of Nevada (Case No. 09-14814 LBR). You filed a proof of claim on your behalf, designated as proof of claim number 25 in the secured amount of $4,000.00 in the Debtor's bankruptcy case.

The aforementioned proof of claim relates to a workman's compensation claim that has been paid by the Debtor's Workman's Compensation Carrier ("Carrier"). Furthermore, the Carrier has notified you that you are not eligible to receive disability benefits (See attached letter dated 7/31/07). Based on the above information, we believe your claim has been paid in full by the Carrier and no amount is due and owing by the Debtor.

Therefore, we respectfully request that you withdraw your claim by signing and returning the enclosed Notice of Withdrawal of Claim by no later than August 17, 2009 so that we may avoid having to object to your claim in the Bankruptcy Court. Thank you.

Very truly yours,

/s/
Patricia J. Jeffries

PJJ
Enclosure
cc:    Michael A. Matteo

73203-002\DOCS_SF:66609.1



# ASSOCIATED RISK
# MANAGEMENT, INC.

P.O. Box 4930 – Carson City, NV 89702-4930
Phone (800) 935-0640 – (775) 883-4440 – Fax (800) 621-5006 (775) 883-3360

July 31, 2007

Efrain Rivas
6448 Duane Point Ct
Las Vegas, NV 89142

Re:        Injured Worker:        Efrain Rivas
           Claim Number:          5012-0637-2008-0020
           Date of Injury:        07-16-07
           Employer:              Gung Ho Concrete LLC

Dear Mr. Rivas:

We have received information that you are an undocumented citizen; therefore, per the Supreme Court Ruling of <u>Tarango v. SIIS</u>, 117 Nev. 444, 25 P.3d 175 (2001) you are not eligible to receive Total Temporary Disability (TTD) or Temporary Partial Disability (TPD). You may provide documentation to our office to support that you are legally eligible to work in the United States to reinstate your benefits.

Pursuant to NRS 616C.315 (1), if you do not agree with this determination you have the right to appeal. If this is your intent, you must complete the enclosed "Request for Hearing" form and send it to the Department of Administration at the address indicated on the form within seventy - (70) days from the date of this letter.

If you have any questions, please feel free to contact the undersigned at (775) 883-4440 or (800) 935-0640.

Sincerely,

Elizabeth Hickson
Claims Examiner

Enclosure(s)   Request for Hearing

Cc:    Builders Association of Western Nevada
       Gung Ho Concrete LLC
       File

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC,

              Debtor.

Case No.: BK-S-09-14814-LBR

Chapter 11

### NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NO. 25

      Efrain Amecua hereby withdraws his proof of claim, designated as Claim No. 25 filed in the above-captioned case.

Dated: _____, 2009

                                 _____
                                 Efrain Amecua

73203-002\DOCS_SF:66648.1

B 10 (Official Form 10) (12/08)                                                                 NS-814-138150

| UNITED STATES BANKRUPTCY COURT    DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|

Name of Debtor:   The Rhodes Companies, LLC              Case Number:   09-14814

☐ Check this box to indicate that this claim amends a previously filed claim.

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Efrain Amecua**

Court Claim Number:
*(If known)*

Name and address where notices should be sent:

Efrain Amecua
1005 Virgil St
Las Vegas , NV 89190
USA

Filed on:

Telephone Number :   (702) 271-2137

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

Name: _____
Address 1: _____
Address 2: _____
Address 3: _____
Address 4: _____
Address 5: _____
Telephone Number : _____

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $ 4 0 0 0   D O L L A R S

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim**   ENJURY WHILE WORKING
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**   6 1 0 5

**3a. Debtor may have scheduled account as:**
(See instruction #3a on reverse side.)

**4. Secured Claim**       (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

Describe:

Value of property:   $ _____

Annual Interest Rate: _____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$ _____

Basis for perfection: _____

Amount of Secured Claim:   $ 4 0 0 0   D O L L A R S

Amount Unsecured   $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:**   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Documents:**   Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date:   05 , 27 , 2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Title: Bachoe Operator
Printed Name:   EFRAIN AMEZAGA         Signature:   *Efrain Amezaga*

Penalty for presenting fraudulent claim:   Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

THIS SPACE IS FOR COURT USE ONLY

**FILED**

JUN 03 2009

By Omni Management Group, Claims Agent For U.S. Bankruptcy Court District of Nevada

YB 25

B 10 (Official Form 10) (12/08)                                                                                       NS-814-138150

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002 (g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of the property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a):**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

*Debtor*
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

*Creditor*
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C § 101(10).

*Claim*
A claim is the creditor's right to receive payment on a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101(5). A claim may be secured or unsecured.

*Proof of Claim*
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

*Secured Claim Under 11 U.S.C. §506(a)*
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to the other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

*Unsecured Claim*
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

*Claim Entitled to Priority Under 11 U.S.C. §507(a)*
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

*Redacted*
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

*Evidence of Perfection*
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

*Acknowledgment of Filing of Claim*
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

*Offer to Purchase a Claim*
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provision of the Bankruptcy Code (11 U.S.C. §101 et seq.), and any applicable orders of the bankruptcy court.

**Gung Ho Concrete**  Void After 180 Days

No. 10668

| HOURS: REGULAR | OVERTIME | RATE: | REGULAR | EARNINGS: OVERTIME | BASIS | OTHER PAY: RATE | AMOUNT | DESCRIPTION | PAY PERIOD |
|---|---|---|---|---|---|---|---|---|---|
| 8.00 | | 17.00 | 136.00 | | | | | | 7-15 to 7-21-07 |

TOTAL PAY 136.00

EMPLOYEE INFORMATION

Efrain Ameizia

| | | SOC | | MED | | | TOTAL Deductions | |
|---|---|---|---|---|---|---|---|---|
| | 8.44 | | 1.97 | | | | 10.41 | |

GROSS 136.00  FWT  SOC 8.44  MED 1.97  FICA  NET 125.59

*PLEASE DETACH THIS PORTION AND RETAIN FOR YOUR RECORDS*

---

**Gung Ho Concrete**  Void After 180 Days

No. 10667

| HOURS: REGULAR | OVERTIME | RATE | REGULAR | EARNINGS OVERTIME | BASIS | OTHER PAY: RATE | AMOUNT | DESCRIPTION | PAY PERIOD |
|---|---|---|---|---|---|---|---|---|---|
| 40.00 | 4.00 | 17.00 25.50 | 680.00 | 102.00 | | | | | 7-08 to 7-14-07 |

Efrain Ameizia

FWH 30.49  MED  SOC

*PLEASE DETACH THIS PORTION AND RETAIN FOR YOUR RECORDS*



*Spine,*
*Electrodiagnostic,*
*and Rehabilitation*
ASSOCIATES

**John B. Siegler, M.D.**
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner
Board Certified American Board of Electrodiagnostic Medicine
Diplomate, American Board of Pain Medicine

**M. Angela Thomas, M.D.**
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner

**2510 Wigwam Parkway, Suite 201**
**Henderson, NV 89074**

**Phone 45-SPINE (457-7463)**
**Fax:  878-7463**

Patient: Efrain Rivas
Soc. Sec.:
Date of Initial Injury:

Service Date: 11-26-07
Dictator:  John B. Siegler, M.D.
Employer:

CHIEF COMPLAINT:  Lumbar pain.

HISTORY OF PRESENT ILLNESS:  Mr. Rivas is a 26-year-old
gentleman who developed back pain and thoracic pain.  The
thoracic pain improved.  The low back pain has persisted.
His MRI showed no evidence of acute injury.  He has
remained at full duty, but he has failed to respond to
trigger point injections.

He returns today.  Overall, he is about the same.

INTERVAL MEDICAL HISTORY:  Unchanged.

INTERVAL SOCIAL HISTORY:  Unchanged.

INTERVAL FAMILY HISTORY:  Unchanged.

INTERVAL REVIEW OF SYSTEMS:  Negative for any changes.

PHYSICAL EXAM
Vitals:  Pulse:  72.  Respirations:  14.  Blood Pressure:
99/57.

General:
     The patient is alert and oriented.  He appears his
stated age.

Musculoskeletal:

Reveals minimal tenderness over the lumbar midline with full range of motion with flexion, extension, and lateral bending.  No palpable spasms.  Seated slump and straight leg raise are negative.

**IMPRESSION:**
**DIAGNOSES:**

    1.    Lumbar strain.

    2.    Thoracic sprain.

RECOMMENDATIONS:

    1.    Continue home exercise program.

    2.    Continue full duty.

    3.    He is at maximal medical improvement and permanent and stationary without any ratable impairment.  I am releasing him from my care.


John B. Siegler, M.D.

JBS/jjn

dictated but not read





**Spine, Electrodiagnostic, and Rehabilitation ASSOCIATES**

*John B. Siegler, M.D.*
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner
Board Certified American Board of Electrodiagnostic Medicine
Diplomate, American Board of Pain Medicine

*M. Angela Thomas, M.D.*
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner

**2510 Wigwam Parkway, Suite 201**
**Henderson, NV 89074**

**Phone 45-SPINE (457-7463)**
**Fax: 878-7463**

Patient: Efrain Rivas
Soc. Sec.:
Date of Initial Injury:

Service Date: 11-19-07
Dictator: John B. Siegler, M.D.
Employer:

CHIEF COMPLAINT:  Lumbar pain.

HISTORY OF PRESENT ILLNESS:  Mr. Rivas is a 26-year-old gentleman who developed pain in his back and upper thoracic spine.  The thoracic spine has improved, but the low back pain continues, despite completing physical therapy.  He remains at full duty.

INTERVAL MEDICAL HISTORY:  Unchanged.

INTERVAL SOCIAL HISTORY:  Unchanged.

INTERVAL FAMILY HISTORY:  Unchanged.

INTERVAL REVIEW OF SYSTEMS:  Negative for any changes.

PHYSICAL EXAM
General:
     The patient is alert and oriented.  He appears his stated age.

Musculoskeletal:
     There is tenderness over the sacrum and lumbar midline.  There is full range of motion with flexion, extension, and lateral bending.  Seated slump and straight leg raise are negative.



Neurologic:

Lower Extremities:  Reveals 5/5 strength in the lower extremities.  Sensation is intact.  Tone is normal without spasticity, cogwheeling or rigidity.

**IMPRESSION:**
**DIAGNOSES:**

1.    Thoracic sprain/strain improving.

2.    Lumbar contusion.

RECOMMENDATIONS:

1.    Continue full duty.

2.    Soft tissue injection into the lumbar spine.

3.    Continue home exercise program.

4.    I will see him back in one week.

PROCEDURE NOTE
The risks and benefits of the soft tissue injections were discussed with the patient.  The patient was agreeable to proceed.  Informed consent was reviewed and signed.

A 27-gauge, 1/2-inch needle was used.  A 1:1 solution of celestone and 1% preservative-free lidocaine solution was prepared.  The skin was cleansed with alcohol.  The site was injected.

The patient tolerated the procedure well with no complications.  He was observed for 15 minutes following the procedure without any side effects.  He was discharged in his baseline state of health.

John B. Siegler, M.D.

JBS/jjn

dictated but not read





*Spine,*
*Electrodiagnostic,*
*and* *Rehabilitation*
ASSOCIATES

**John B. Siegler, M.D.**
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner
Board Certified American Board of Electrodiagnostic Medicine
Diplomate, American Board of Pain Medicine

**M. Angela Thomas, M.D.**
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner

**2510 Wigwam Parkway, Suite 201**
**Henderson, NV 89074**

**Phone 45-SPINE (457-7463)**
**Fax: 878-7463**

Patient: Efrain Rivas
Soc. Sec.:
Date of Initial Injury:

Service Date: 10-29-07
Dictator: John B. Siegler, M.D.
Employer:

CHIEF COMPLAINT: Lumbar pain.

HISTORY OF PRESENT ILLNESS: Mr. Rivas is a 26-year-old gentleman who was injured when he rolled a tractor, with pain in the back and in the upper thoracic area. MRI showed degenerative changes.

He returns today. He continues to improve. He is doing well with therapy. He is tolerating full duty.

INTERVAL MEDICAL HISTORY: Unchanged.

INTERVAL SOCIAL HISTORY: Unchanged.

INTERVAL FAMILY HISTORY: Unchanged.

INTERVAL REVIEW OF SYSTEMS: Negative for any changes.

PHYSICAL EXAM
Vitals: Pulse: 89. Respirations: 14. Blood Pressure: 109/69.

General:
    The patient is alert and oriented. He appears his stated age.

FAXED

Musculoskeletal:
      There is minimal tenderness over the lumbar spine with
flexion.  There is full range of motion with extension.
Lateral bending is intact.  Seated slump and straight leg
raise are negative.

**IMPRESSION:**
**DIAGNOSIS:**
      1.   Lumbar strain, improving.

RECOMMENDATIONS:
      1.   Continue therapy.

      2.   Continue full duty.

      3.   Continue home exercise program.

      4.   I will see him back in three weeks.  He is
           approaching maximal medical improvement.


John B. Siegler, M.D.

JBS/jjn

dictated but not read



**Spine,**
**Electrodiagnostic,**
**and Rehabilitation**
ASSOCIATES

**John B. Siegler, M.D.**
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner
Board Certified American Board of Electrodiagnostic Medicine
Diplomate, American Board of Pain Medicine

**H. Angela Thomas, M.D.**
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner

**2510 Wigwam Parkway, Suite 201**
**Henderson, NV 89074**

**Phone 45-SPINE (457-7463)**
**Fax: 878-7463**

Patient: Efrain Rivas
Soc. Sec.:
Date of Initial Injury:

Service Date: 10-15-07
Dictator: John B. Siegler, M.D.
Employer:

CHIEF COMPLAINT:  Lumbar pain.

HISTORY OF PRESENT ILLNESS:  Mr. Rivas is a 26-year-old
gentleman who was injured when he rolled a tractor.  He
continued to have pain in his upper thoracic area.

MRI showed degenerative changes.

He returns today.  His upper lumbar area is minorly
painful.  There is full range of motion with flexion,
extension, and lateral bending.  Seated slump and straight
leg raise are negative.

**IMPRESSION:**
**DIAGNOSIS:**
    1.    Lumbar strain, improving.

RECOMMENDATIONS:
    1.    Complete therapy.

    2.    Continue home exercise program.

    3.    Continue ibuprofen and lidocaine patch.



4.    I will see him back in two weeks.


John B. Siegler, M.D.

JBS/jjn

dictated but not read



**Spine,**
**Electrodiagnostic,**
***and* Rehabilitation**
ASSOCIATES

**John B. Siegler, M.D.**
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner
Board Certified American Board of Electrodiagnostic Medicine
Diplomate, American Board of Pain Medicine

**M. Angela Thomas, M.D.**
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner

**2510 Wigwam Parkway, Suite 201**
**Henderson, NV 89074**

**Phone 45-SPINE (457-7463)**
**Fax: 878-7463**

Patient: Efrain Rivas
Soc. Sec.:
Date of Initial Injury:

Service Date: 10-01-07
Dictator: John B. Siegler, M.D.
Employer:

CHIEF COMPLAINT: Lumbar pain.

HISTORY OF PRESENT ILLNESS: Mr. Rivas is a 26-year-old
gentleman who was injured when he rolled a tractor. He has
continued to have pain in the upper thoracic area, a
stabbing and throbbing and radiation into his legs. The
prednisone was not helpful. The MRI showed degenerative
changes only. His symptoms were treated at L5-S1, but his
pain is much higher in the lumbar area.

INTERVAL MEDICAL HISTORY: Unchanged.

INTERVAL SOCIAL HISTORY: Unchanged.

INTERVAL FAMILY HISTORY: Unchanged.

INTERVAL REVIEW OF SYSTEMS: Negative for any changes.

PHYSICAL EXAM
General:
    The patient is alert and oriented. He appears his
stated age.

Musculoskeletal:
    There is tenderness in the right thoracic area with
tenderness to palpation. There is full range of motion
with flexion, extension, and lateral bending.

**IMPRESSION:**
**DIAGNOSIS:**
    1.    Lumbar sprain/strain.

RECOMMENDATIONS:
    1.    Awaiting initiation of physical therapy.

    2.    Continue home exercise program.

    3.    Continue full duty.

    4.    Ibuprofen and lidocaine patches were prescribed.

    5.    I will see him back in two weeks.


John B. Siegler, M.D.

JBS/jjn

dictated but not read



**Spine, Electrodiagnostic, and Rehabilitation ASSOCIATES**

*John B. Siegler, M.D.*
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner
Board Certified American Board of Electrodiagnostic Medicine
Diplomate, American Board of Pain Medicine

*H. Angela Thomas, M.D.*
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner

**2510 Wigwam Parkway, Suite 201**
**Henderson, NV 89074**

**Phone 45-SPINE (457-7463)**
**Fax:  878-7463**

Patient: Efrain Amezcua Rivas
Soc. Sec.:
Date of Initial Injury: 07-16-07

Service Date: 09-17-07
Dictator: John B. Siegler, M.D.
Employer:

CHIEF COMPLAINT:  Lumbar pain.

HISTORY OF PRESENT ILLNESS:  Mr. Rivas is a 26-year-old
gentleman who was injured when he rolled a tractor and
developed increasing back pain.  He underwent brief
physical therapy, but the pain continued.  He reports a
stabbing-like sensation in his back without pain radiating
into his legs.  He reports the prednisone did not help his
symptoms significantly.

INTERVAL MEDICAL HISTORY:  Unchanged.

INTERVAL SOCIAL HISTORY:  Unchanged.

INTERVAL FAMILY HISTORY:  Unchanged.

PHYSICAL EXAM
General:
     The patient is alert and oriented.  He appears his
stated age.

Musculoskeletal:
     There is tenderness over the lumbar area and over the
right flank and lower lumbar midline.  Seated slump and
straight leg raise are negative.



Neurologic:
    Reveals 5/5 strength in the lower extremities.
Sensation is intact.  Tone is normal without spasticity,
cogwheeling or rigidity.

**IMPRESSION:**
**DIAGNOSIS:**
    1.    Lumbar sprain/strain.

RECOMMENDATIONS:
    1.    Resume physical therapy.

    2.    Continue home exercise program.

    3.    Trigger point injections into the lumbar spine.

    4.    Will get a MRI, given the persistence of pain
          this far out from the injury.

    5.    I will see him back in two weeks.

PROCEDURE NOTE
The risks and benefits of the trigger point injections were
discussed with the patient.  The patient was agreeable to
proceed.  Informed consent was reviewed and signed.

A 27-gauge, 1/2-inch needle was used.  A 1% preservative-
free lidocaine solution was prepared.  The skin was
cleansed with alcohol in a sterile fashion.  The following
sites were injected:  The lumbar paraspinals were injected
at one site on the right and one at the left.  The thoracic
paraspinals were injected at one site on the right.  The
quadratus lumborum was injected at one site on the right.

The patient tolerated the procedure well with no complications. He was observed for 15 minutes following the procedure without any side effects. He was discharged in his baseline state of health.


John B. Siegler, M.D.

JBS/jjn

dictated but not read



**Spine,
Electrodiagnostic,
and Rehabilitation**
ASSOCIATES

**John B. Siegler, M.D.**
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner
Board Certified American Board of Electrodiagnostic Medicine
Diplomate, American Board of Pain Medicine

**H. Angela Thomas, M.D.**
Board Certified in Physical Medicine and Rehabilitation
Board Certified Independent Medical Examiner

**2510 Wigwam Parkway, Suite 201
Henderson, NV 89074**

**Phone 45-SPINE (457-7463)
Fax:  878-7463**

Patient: Efrain Amezcua- Rivas
Soc. Sec.:
Date of Initial Injury: 07-16-07

Service Date: 09-10-07
Dictator:  John B. Siegler, M.D.
Employer:

INITIAL CONSULTATION

CHIEF COMPLAINT:  Lumbar pain.

HISTORY OF PRESENT ILLNESS:  Mr. Amezcua-Rivas is a
26-year-old gentleman who reports on 07-16-07 he was
injured when he rolled a tractor and developed increasing
low back pain over the next few days.  He was seen at
Concentra.  He was treated with physical therapy.  The pain
continued.  He was referred to physiatry.

Currently, he is reporting an aching, stabbing pain in his
back, worse when he rides a tractor.  He denies any pain,
numbness or tingling radiating into the legs.  The pain is
worse with sitting and moving.  He reports it is a
pulsating pain, relieved with rest.

DRUG ALLERGIES:  He denies.

PAST MEDICAL HISTORY:  He denies.

CURRENT MEDICATIONS:  He denies.

SOCIAL HISTORY:  He is a nonsmoker.  Occasional alcohol
use.  He denies any illicit drug use.

REVIEW OF SYSTEMS:  All systems are negative.



PHYSICAL EXAM
Vitals: Pulse: 79. Respirations: 20. Blood Pressure: 102/54.

General:
    The patient is alert and oriented. He appears his stated age.

Musculoskeletal:
    There is tenderness over the midline lumbar area with full range of motion with flexion, extension, and lateral bending. Seated slump and straight leg raise are negative. Femoral stretch is negative. Faber's maneuver is negative. There is no pain with cervical compression or axial rotation. There is no change in pain behaviors with distraction.

    Upper Extremities: Reveals full range of motion of the shoulders, elbows, and wrists without subluxation, laxity, crepitus or contractures.

    Lower Extremities: Reveals full range of motion of the hips, knees, and ankles without subluxation, laxity, crepitus or contractures.

Neurologic:
    Upper Extremities: Reveals 5/5 strength in the upper extremities. Sensation is intact. Reflexes are symmetric. Tone is normal without spasticity, cogwheeling or rigidity.

    Lower Extremities: Reveals 5/5 strength in the lower extremities. Sensation is intact. Reflexes are symmetric. Tone is normal without spasticity, cogwheeling or rigidity. No Babinski is present. No clonus is present.

**IMPRESSION:**
**DIAGNOSIS:**
    1.    Lumbar sprain/strain.

RECOMMENDATIONS:
    1.    Tapering dose of prednisone.

    2.    Continue full duty.

    3.    Continue home exercise program.



4.   I will see him back in a week.

John B. Siegler, M.D.

JBS/jjn

dictated but not read

08/28/2007 10:13    800-62  5906    ASSOCIATED RISK    PAGE  03/20
07/20/07 20:26    To: Risk Mgmt 7758833360    Pg 001

**EMPLOYEE'S CLAIM FOR COMPENSATION/REPORT OF INITIAL TREATMENT**
**FORM C-4**
**PLEASE TYPE OR PRINT**

RIVAS

5012-0631-2008-0020

**EMPLOYEE'S CLAIM — PROVIDE ALL INFORMATION REQUESTED**

| First Name | M.I. | Last Name | Birthdate | Sex | Claim Number (Insurer's Use Only) |
|---|---|---|---|---|---|
| Efrain | | Amezcua | 1/19/81 | ☒ M ☐ F | |

| Home Address | | | Age | Height | Weight | Social Security Number |
|---|---|---|---|---|---|---|
| 1005 Wrigley st | | | 26 | 5'7 | 180 | |

| City | State | Zip | Telephone |
|---|---|---|---|
| Las Vegas | NV | 89110 | 702 271 2137 |

| Physical Address | City | State | Zip | Primary Language Spoken |
|---|---|---|---|---|
| Dune Point ct  LV | | NV | 89142 | Spanish |

| INSURER | THIRD-PARTY ADMINISTRATOR | Employee's Occupation (Job Title) When Injury or Occupational Disease Occurred |
|---|---|---|
| | | |

| Employer's Name/Company Name | Telephone |
|---|---|
| Gung Ho Concrete | 739 7649 |

Office Mail Address (Number and Street)   470 Alysar ct  B-106  Henderson NV 89011

| Date of Injury (if applicable) | Hours Injury (if applicable) | Date Employer Notified | Last Day of Work After Injury or Occupational Disease | Supervisor to Whom Injury Reported |
|---|---|---|---|---|
| 7/16/07 | 9:30 am pm | | | Chris |

Address or Location of Accident (if applicable)

What were you doing at the time of the accident? (if applicable)
estaba nevelando un tractor

How did this injury or occupational disease occur? (Be specific and answer in detail. Use additional sheet if necessary)
estaba escarbando cuando se me volteo el tractor

If you believe that you have an occupational disease, when did you first have knowledge of the disability and its relationship to your employment?

Witnesses to the Accident (if applicable)

Nature of Injury or Occupational Disease

Part(s) of Body Injured or Affected
my back

I CERTIFY THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, AND THAT I HAVE PROVIDED THIS INFORMATION IN ORDER TO OBTAIN THE BENEFITS OF NEVADA'S INDUSTRIAL INSURANCE AND OCCUPATIONAL DISEASES ACTS (NRS 616A TO 616D). I HEREBY AUTHORIZE ANY PHYSICIAN, CHIROPRACTOR, SURGEON, PRACTITIONER, OR OTHER PERSON, ANY HOSPITAL INCLUDING VETERANS ADMINISTRATION OR GOVERNMENTAL HOSPITAL, ANY MEDICAL SERVICE ORGANIZATION, ANY INSURANCE COMPANY, OR OTHER INSTITUTION OR ORGANIZATION TO RELEASE TO EACH OTHER, ANY MEDICAL OR OTHER INFORMATION, INCLUDING BENEFITS PAID OR PAYABLE, PERTINENT TO THIS INJURY OR DISEASE, EXCEPT INFORMATION RELATIVE TO DIAGNOSIS, TREATMENT AND/OR COUNSELING FOR AIDS, PSYCHOLOGICAL CONDITIONS, ALCOHOL OR CONTROLLED SUBSTANCES, FOR WHICH I MUST GIVE SPECIFIC AUTHORIZATION. A PHOTOSTAT OF THIS AUTHORIZATION SHALL BE AS VALID AS THE ORIGINAL.

| Date | Place | Employee's Signature |
|---|---|---|
| 7/19/07 | Concentra | Efrain Amezcua |

**THIS REPORT MUST BE COMPLETED AND MAILED WITHIN 3 WORKING DAYS OF TREATMENT**

| Place | Name of Facility |
|---|---|
| | Henderson NV |

| Date | Diagnosis and Description of Injury or Occupational Disease | Is there evidence that the injured employee was under the influence of alcohol and/or another controlled substance at the time of this accident? |
|---|---|---|
| 7/19/07 | T-STRAIN  L-STRAIN | ☒ No  ☐ Yes (if yes, please explain) |

| Hour | | |
|---|---|---|

Treatment: EXAM

Have you advised the patient to remain off work five days or more?
☐ Yes  indicate dates: from ___ to ___
☒ No   If no, is the injured employee capable of: ☐ full duty  ☐ modified duty

X-Ray Findings: N26

If modified duty, specify any limitations/restrictions: ___

From information given by the employee, together with medical evidence, can you directly connect this injury or occupational disease as job incurred? ☒ Yes  ☐ No

Is additional medical care by a physician indicated? ☒ Yes  ☐ No

Do you know of any previous injury or disease contributing to this condition or occupational disease? ☐ Yes  ☒ No  (Explain if yes)

| Date | Print Doctor's Name |  |
|---|---|---|
| 7/19/07 | PMC Webster TO | I certify that the employer's copy of this form was mailed to the employer on: |

Address  1149 N. Gibson Rd 8E H

**INSURER'S USE ONLY**

| City | State | Zip | Provider Tax ID Number | Telephone |
|---|---|---|---|---|
| Henderson | NV | 75204 828 | 1026586275 | |

Doctor's Signature

Degree

**RECEIVED**
JUL 23 2007

ORIGINAL — TREATING PHYSICIAN OR CHIROPRACTOR    PAGE 2 — INSURER/TPA    PAGE 3 — EMPLOYER    PAGE 4 — EMPLOYEE

ASSOCIATED RISK MANAGEMENT, INC.

PAGE 1

communication is confidential; intended only for the person named above. No other recipient is authorized to use the information. If received in error, call sender.



**DESERT RADIOLOGISTS**
1966 40 2006

2020 Palomino Lane, Suite 100, Las Vegas, NV 89106 • 3920 S. Eastern Avenue, Suite 100, Las Vegas, NV 89119
7200 Cathedral Rock Drive, Suite 230, Las Vegas, NV 89128 • 60 N. Pecos Road, Henderson, NV 89074
2811 W. Horizon Ridge Pkwy., Henderson, NV 89052

PATIENT NAME
**RIVAS, EFRAIN  -  Act : 910168401  - DOB: 01/19/1981  -  AGE/SEX: 26/M SSN: ***-**-6185**

**EXAM DATE: 09/24/07  -  EXAM: MRI - LUMBAR WITHOUT CONTRAST**

AT THE REQUEST OF
**JOHN SIEGLER, MD**
**2510 WIGWAM PKY  201**
**HENDERSON, NV 89074**
721480

LOCATION: HORIZON (702)759-4500

ACCESSION: 10549420

**INDICATION FOR EXAM:** 724.2 LOW BACK PAIN NOS, LUMBAGO

**TECHNIQUE:**  Multiplanar imaging was performed using a variety of different pulse sequences on a high field strength magnet.

**FINDINGS:**  Sagittal and axial images of the lumbar spine demonstrate normal appearance of T11-12 and T12-L1 disc interspaces.

The L1-2 disc interspace demonstrates degenerative disc desiccation.  There is anterior spurring and annular bulge present.  Very mild posterior bulge is present.  No significant stenosis is demonstrated.

The L2-3 and L3-4 discs are normal.

The L4-5 disc demonstrates degenerative disc desiccation with a mild annular bulge and mild facet arthropathy, but no significant stenosis.

The L5-S1 disc interspace demonstrates degenerative disc disease with a broad midline disc herniation demonstrating a 15 mm base with approximately 5 mm posterior retropulsion of the disc.  This does not demonstrate mass effect on the thecal sac.  No stenosis seen.

**IMPRESSION:**
1.     Mild degenerative disc changes seen at the L1-2 and L4-5 levels with mild annular bulges.
2.     L5-S1 disc disease with a central disc herniation effacing epidural fat without mass effect on the thecal sac or nerve roots.

PATIENT: EFRAIN   RIVAS - ...COUNT NO: 910168401 - DOB: 01-1_-1981

Thank you for referring your patient to us,


Dictated By: Kevin Hyer, M.D.
kls

This report is based on the radiological examination. Correlation with clinical findings is essential.
Patient was instructed to follow-up with their referring physician regarding the diagnostic/biopsy results.


Released By - Desert Radiologists:

**JOHN B. SIEGLER, M.D.**
2510 Wigwam Pkwy., Suite 201
Henderson, NV 89074
Phone: (702) 457-7463 (45-SPINE) • Fax: (702) 878-7463

FOR: _Efrain Rivas_

ADDRESS: _____

DATE: _11/26/07_

℞
Rx ILLEGAL IF NOT SAFETY BLUE BACKGROUND

Ibuprofen
Sig: 800 mg po TID
Dispense #90

Refills: _0_

Product Selection Permitted

DEA #: _____
AS-058339        Dispense as Written        20blsf

---

**JOHN B. SIEGLER, M.D.**
2510 Wigwam Pkwy., Suite 201
Henderson, NV 89074
Phone: (702) 457-7463 (45-SPINE) • Fax: (702) 878-7463

FOR: _Efrain Rivas_

ADDRESS: _____

DATE: _11/26/07_

℞
Rx ILLEGAL IF NOT SAFETY BLUE BACKGROUND

Lidoderm®
(Lidocaine Patch 5%)
Wear up to 3 patches once a day for
12 hours, apply only over intact skin

#30        #60        #90
(1 box)    (2 boxes)  (3 boxes)

Sig: _____
Refills: _____

Refills: _0_

Product Selection Permitted

DEA #: _____
AS-058339        Dispense as Written        20blsf

**John B. Siegler, MD**
2510 Wigwam Pkwy, Suite 201
Henderson, NV 89074
Phone 702-457-7463 (45-SPINE) • Fax 702-878-7463

For: _Efran Rim_

Address: _____

Date: _10/1/07_

R

Ibuprofen

Sig: 800 y po TID

Dispense #90

Refills: _0_

Product Substitution Permitted

DEA#: _____

Dispense as Written

---

**John B. Siegler, MD**
2510 Wigwam Pkwy, Suite 201
Henderson, NV 89074
Phone 702-457-7463 (45-SPINE) • Fax 702-878-7463

For: _Efran Rios_

Address: _____

Date: _10/1/07_

R

Lidoderm®
(lidocaine Patch 5%)
Wear up to 3 patches once a day for
12 hours, apply only over intact skin
#30            #60            #90
(1 box)      (2 boxes)    (3 boxes)

Refills: _____

Product Substitution Permitted

DEA#: _____

Dispense as Written

**JOHN B. SIEGLER, M.D.**
2510 Wigwam Pkwy., Suite 201
Henderson, NV 89074
Phone: (702) 457-7463 (45-SPINE) • Fax: (702) 878-7463

FOR: _Efrain Rivas_

ADDRESS: _____

DATE: _9/10/07_

Rx ILLEGAL IF NOT SAFETY BLUE BACKGROUND

℞

Prednisone

Sig: 70 mg po qd ×1 then
60 mg po qd ×1 then
50 mg po qd ×1 then
40 mg po qd ×1 then
30 mg po qd ×1 then
20 mg po qd ×1 then
10 mg po qd ×1 then stop

Dispense _7 days_

Refills: _6_

Product Selection Permitted

DEA #: _____
AS-058339

Dispense as Written                    20blsf