1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
         scho@pszjlaw.com
         wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File:  September 29, 2009

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes, et al.,[1]
                              Debtors.
_____

Affects:

☐    All Debtors
☒    Affects the following Debtor(s):

  Rhodes Design and Development
  Corporation 09-14846 LBR; Rhodes
  Homes Arizona, LLC 09-14882 LBR

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date:  October 30 2009
Hearing Time:  1:30 p.m.
Courtroom 1

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963);

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [INSUFFICIENT DOCUMENTATION CLAIMS]; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby object (the "Second Omnibus Objection") to each of the claims (the "Insufficient Documentation Claims") attached hereto as **Exhibit A**, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and request the entry of an order (the "Order") disallowing and expunging in full each of the Insufficient Documentation Claims as indicated in further detail below.[2]   In support of this Second Omnibus Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Second Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Insufficient Documentation Claims]*, attached hereto.  In further support of this Second Omnibus Objection, the Debtors respectfully represent as follows:

## BACKGROUND

1.      On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code.  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their

---

C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

[2]  The Debtors reserve the right to file additional omnibus objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.     The Debtors object to each of the following Insufficient Documentation Claims, true and correct copies of which are attached hereto as **Exhibit A**:

- Claim No. 7, filed by Charles Damus & Associates (the "Charles Damus Claim") in Case No. 09-14846 against Rhodes Design and Development Corporation in the amount of $12,000.00; and

- Claim No. 14, filed by Citibank South Dakota, N.A. (the "Citibank Claim") in Case No. 09-14882 against Rhodes Homes Arizona, LLC in the amount of $4,738.45.

3.     With respect to the Charles Damus Claim, the supporting documentation attached to the claim is insufficient for the Debtors to determine the validity of the claim. On July 17, 2009, the Debtors requested by fax that claimant provide additional information to support its claim, a true and correct copy of which is attached hereto as **Exhibit B**. On July 29, 2009, the Debtors again contacted claimant, this time by telephone, to once again request additional supporting documentation. As of this date, the Debtors have not received any response or documentation supporting the Damus Claim.

4.     With respect to the Citibank Claim, claimant failed to attach any documentation supporting its claim. The Debtors are unable to locate any records pertaining to the claim based on the information provided on the claim, and therefore are unable to determine the validity of the Citibank Claim. On or about July 27, 2009, the Debtors attempted to contact Citibank to request additional documentation supporting its claim. The telephone number provided by the claimant is an automated system, and without a complete account number, the Debtors were unable to access the system or speak to a live representative.

5.     On August 17, 2009, the Debtors sent claimant a letter requesting additional documentation supporting their claim, a true and correct copy of which is attached hereto as **Exhibit C**. As of this date, the Debtors have not received any response or documentation supporting the Citibank Claim.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RELIEF REQUESTED**

6.    By this Second Omnibus Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full each of the disputed claims as indicated in further detail below.

**OBJECTION**

7.    Bankruptcy Rule 3007(d) provides that the Debtors may submit objections to more than one claim in an "omnibus" format if the claims were presented in a form that does not comply with applicable rules, and that the objector is unable to determine the validity of the claim because of the noncompliance.  The disputed claims do not provide sufficient documentation for the Debtors to determine the validity of the claims.  For the reasons set forth herein, the Insufficient Documentation Claims are not valid claims against the Debtors.

8.    Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.  *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).  The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.*, 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.*, 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

9.    Based on the Debtors' review of their books and records and the disputed claims, the claimants have no valid legal justification for asserting the filed Insufficient Documentation Claims against the given Debtor. As a result, the Debtors submit that the Insufficient Documentation Claims should be expunged by the Court.

## CONCLUSION

10.    The Debtors object to the allowance of the Insufficient Documentation Claims as set forth herein for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing and expunging in full each of the Insufficient Documentation Claims indentified herein.

## NOTICE

11.    Notice of this objection has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Creditors' Committee, (iii) each holder of an Insufficient Documentation Claim to which the Debtors are objecting in this Second Omnibus Objection in accordance with the addresses provided in the proofs of claim for such Insufficient Documentation Claims, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

12.     Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Second Omnibus Objection with at least thirty (30) days' notice of the hearing on the Omnibus Objection.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit D**, disallowing and expunging the Insufficient Documentation Claims, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 29th day of September, 2009.

LARSON & STEPHENS

  /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

## **Declaration of Paul D. Huygens in Support of Objection**

I, Paul D. Huygens, declare as follows:

1.      I am the Senior Vice President of Special Projects of the above-captioned debtors and debtors in possession (the "Debtors").  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2.      This declaration is submitted in support of the *Debtors' Second Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007[Insufficient Documentation Claims]* (the "Second Omnibus Objection").

3.      I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I have read the Debtors' Second Omnibus Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein.

4.      The claims and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors.  These efforts have resulted in the identification of the disputed "Insufficient Documentation Claims", as identified in the Second Omnibus Objection, true and correct copies of which are attached as Exhibit A to the Second Omnibus Objection.  I have personally reviewed each of the Insufficient Documentation Claims.

5.      To the best of my knowledge, information and belief, the claims listed in the Second Omnibus Objection, copies of which are attached hereto as **Exhibit A**, are not valid claims against the Debtors for the reasons set forth below and in the Second Omnibus Objection.  As a result, I believe that these the Insufficient Documentation Claims should be disallowed and expunged by the Court.

13.      With respect to the Charles Damus Claim, the supporting documentation attached to the claim is insufficient for the Debtors to determine the validity of the claim.  On July 17, 2009, the Debtors requested by fax that claimant provide additional information to support its claim, a true and correct copy of which is attached as **Exhibit B**.  On July 29, 2009, the Debtors

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

again contacted claimant, this time by telephone, to again request additional supporting documentation.  As of this date, the Debtors have not received any response or documentation supporting the Damus Claim.

14.    With respect to the Citibank Claim, claimant failed to attach any documentation supporting its claim.  The Debtors are unable to locate any records pertaining to the claim based on the information provided on the claim, and therefore are unable to determine the validity of the Citibank Claim.  On or about July 27, 2009, the Debtors attempted to contact Citibank to request additional documentation supporting its claim.  The telephone number provided by the claimant is an automated system, and without a complete account number, the Debtors were unable to access the system or speak to a live representative.

6.    On August 17, 2009, the Debtors sent claimant a letter requesting additional documentation supporting their claim, a true and correct copy of which is attached hereto as **Exhibit C**.    As of this date, the Debtors have not received any response or documentation supporting the Citibank Claim.

7.    I believe that granting the relief requested in the Second Omnibus Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 29th day of September, 2009, at Las Vegas, Nevada.

/s/ *Paul D. Huygens*
_____
Paul D. Huygens

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT A

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE____ DISTRICT OF _NEVADA____ | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>RHODES HOMES | Case Number:<br>09-14882 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Citibank South Dakota NA | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Citibank South Dakota NA<br>DBA<br>4740 121st St<br>Urbandale, IA 50323<br>Telephone number:<br>1-800-248-4284 | **Court Claim Number:**_____<br>(*If known*)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**        $    4378.45 _____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>✔Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:**   _Money Loaned_____<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** ___8796_____<br><br>   **3a. Debtor may have scheduled account as:** _____<br>        (See instruction #3a on reverse side.) | |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**   ☐ Real Estate     ☐ Motor Vehicle     ☐ Other<br>**Describe:**<br><br>**Value of Property:**$_____   **Annual Interest Rate___**%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____      **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>07-15-2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>  /s/BEVERLY BOZUNG | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Citibank (South Dakota) N.A.

**Exception Payment Processing**
**P.O. Box 6305**
**The Lakes, NV  88901-6305**

## STATEMENT

<u>Account Holder</u>
SS#:    XXX-XX-  0000
Name:   RHODES HOMES

<u>Bankruptcy Information</u>
Case#:      09-14882
Court:      NV001
Chapter:    11
File Date:  07/15/2009
341A:

[Account Number]
8796

New Balance: $ 4378.45

Available Credit:          $0.00

[ENTER AMOUNT ENCLOSED]

INCLUDE YOUR ACCOUNT NUMBER ON CHECK AND MAKE PAYABLE TO:

**Citibank, N.A.**

| CARDMEMBER NAME | ACCOUNT NUMBER | CREDIT LINE | AVAILABLE CREDIT | STATEMENT DATE |
|---|---|---|---|---|
| RHODES HOMES | 8796 | $0.00 | $0.00 | 01/27/2009 |

| DATE | DECRIPTION OF TRANSACTION | AMOUNT |
|---|---|---|
| | Principal | 4378.45 |
| | TOTAL: | $    4378.45 |

## STATEMENT SUMMARY

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT        District of Nevada | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>RHODES DESIGN AND DEVELOPMENT CORPORATION | Case Number:<br>09-14846 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Charles M. Damus, Esq. Professional Corporation | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>Charles M. Damus & Associates<br>624 S. Sixth Street, Las Vegas, NV 89101-6920<br><br>Telephone number:<br>(702) 382-5034 | **Court Claim Number:**_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**          $            12,000.00<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:**   Discounted Legal Service<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy |
| **3. Last four digits of any number by which creditor identifies debtor:**   1204<br><br>   **3a. Debtor may have scheduled account as:** _____<br>       (See instruction #3a on reverse side.) | petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).<br><br>☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:**<br><br>**Value of Property:** $_____ **Annual Interest Rate** ___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____   **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____ | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>04/29/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Charles M. Damus, President | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# *Charles M. Damus & Associates*

624 South Sixth St.
Las Vegas   NV   89101-6920
Tax ID: 88-0174047
Telephone:(702) 382-5034   Facsimile: (702) 384-9289
www.damuslaw.com

Rhodes Homes
4730 Fort Apache Rd.  Ste  300
Las Vegas, NV 89147-7947

April 29, 2009

**Attn:** Leslie Walters

| | |
|---|---|
| File No.: | 1204-001 |
| Invoice No.: | 23479 |

**Regarding:**  Dow vs. Rhodes, et. al.

## FEES

| DATE | DESCRIPTION | | | LAWYER |
|---|---|---|---|---|
| Apr-29-09 | Balance forward $29,032.15. | | | CMD |
| Apr-29-09 | Account adjustment for POC per agreed discount  -$17,032.15. | | | CMD |
| | Total Fees | 0.00 | $12,000.00 | |

| | |
|---|---|
| **Total Fees & Costs** | **$12,000.00** |
| Previous Balance | $0.00 |
| Interest accrued since last invoice. | $0.00 |
| **Balance Now Due** | **$12,000.00** |

*Services Rendered and Payments received after    Apr 29/09    will be reflected on your next statement.*

| Creditor:          (4725050)<br>Charles M. Damus &<br>Associates<br>624 S. Sixth Street<br>Las Vegas, NV 89101-<br>6920 | **Claim No: 7**<br>*Original Filed*<br>*Date:* 04/30/2009<br>*Original Entered*<br>*Date:* 04/30/2009 | *Status:*<br>*Filed by:* CR<br>*Entered by:* GRAUBERGER,<br>KENDRICK<br>*Modified:* |
|---|---|---|

Unsecured claimed:  $12000.00

**Total      claimed: $12000.00**

*History:*

| Details | 7-1 | 04/30/2009 Claim #7 filed by Charles M. Damus & Associates, total amount claimed: $12000 (GRAUBERGER, KENDRICK ) |
|---|---|---|

*Description:* (7-1) for legal fees

*Remarks:*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169



# F A X



**Rhodes Homes**

4730 Fort Apache Rd, # 300
Las Vegas, NV  89147
702-873-5338 - phone
702-873-5129 - fax

| | |
|---|---|
| To: Charles M. Dumas | |
| Fax number: 702-384-9289 | |
| From: Nichole Mousaw | |
| Fax number: 702-873-5129 | |
| Date: 7/17/2009 | |
| Regarding: | |
| Invoice #23479, File #1204-001 | |
| Phone number for follow-up: | |
| 702-873-5338, ext. 2299 | |

**Comments:**

Good afternoon, Mr. Damus.

In April you filed a claim against Rhodes Homes with the bankruptcy court in the amount of $12,000.00.

An invoice was attached to the filing, but unfortunately, not enough information was provided.  Your invoice #23479 simply states a balance forward amount and a discount amount.

Please forward to me a copy of the invoice that includes the original charges with any other pertinent backup documentation.

As I am sure you can understand, we are trying to ensure that our records match the court's and proper documentation is critical.

Thank you for your timely response to this matter.

Respectfully,

*Nichole Mousaw*

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            4775
RECIPIENT ADDRESS   93849289
DESTINATION ID
ST. TIME            07/17 14:35
TIME USE            00'16
PAGES SENT          1
RESULT              OK
```

 **F A X**

### Rhodes Homes
4730 Fort Apache Rd, # 300
Las Vegas, NV 89147
702-873-5338 - phone
702-873-5129 - fax



**To:** Charles M. Dumas
**Fax number:** 702-384-9289

**From:** Nichole Mousaw
**Fax number:** 702-873-5129

**Date:** 7/17/2009

**Regarding:**
Invoice #23479, File #1204-001

**Phone number for follow-up:**
702-873-5338, ext. 2299

**Comments:**

Good afternoon, Mr. Damus.

In April you filed a claim against Rhodes Homes with the bankruptcy court in the amount of $12,000.00.

An invoice was attached to the filing, but unfortunately, not enough information was provided. Your invoice #23479 simply states a balance forward amount and a discount amount.

Please forward to me a copy of the invoice that includes the original charges with any other pertinent backup documentation.

As I am sure you can understand, we are trying to ensure that our records match the court's and proper documentation is critical.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT C

73203-001\DOCS_LA:208517.2

11



**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

August 17, 2009

<u>**VIA U.S. FIRST CLASS MAIL**</u>

Citibank South Dakota, N.A.
Attn: Beverly Bozung
4740 121st Street
Urbandale, IA 50323

      **Re:**    **The Rhodes Companies, et al.**
                **Chapter 11 Case No. 09-14814**
                **(Jointly Administered)**

Dear Ms. Bozung:

      This firm represents Rhodes Homes Arizona, LLC (the "Debtor") in its Chapter 11 bankruptcy filed in the United States Bankruptcy Court for the District of Nevada (Case No. 09-14882 LBR). A proof of claim was filed by you on behalf of Citibank, designated as proof of claim number 14 in the amount of $4,378.45, referencing account number 8796, in the Debtor's bankruptcy case.

      We are unable to locate any such account with Citibank based on the information provided with your proof of claim. Further, our records do not indicate that we hold any accounts with Citibank.

      Therefore, we request that you provide additional information, including, but not limited to, the complete name, billing address and account number and other information that will helop us identify this account. Thank you.

            Very truly yours,

            /s/
            Patricia J. Jeffries

PJJ
Enclosure
cc:    Michael A. Matteo

**LOS ANGELES**

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: **310/277 6910**

FACSIMILE: 310/201 0760

**DELAWARE**

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: **302/652 4100**

FACSIMILE: 302/652 4400

**NEW YORK**

788 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: **212/561 7700**

FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

73203-002\DOCS_SF:66918.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:208517.2

12

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
          scho@pszjlaw.com
          wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow,

73203-001\DOCS_LA:208517.2

| | |
|---|---|
| 1 | THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] |
| 2 | Debtors. |

| | | |
|---|---|---|
| 1 | THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] | Chapter 11 |
| 2 | Debtors. | |
| 3 | Affects: | Hearing Date:  October 30, 2009 |
| | ☐    All Debtors | Hearing Time:  1:30 p.m. |
| 4 | ☒    Affects the following Debtor(s): | Courtroom 1 |
| 5 | Rhodes Design and Development Corporation | |
| 6 | 09-14846 LBR; Rhodes Homes Arizona, LLC 09-14882 LBR | |

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

7

## ORDER SUSTAINING DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [INSUFFICIENT DOCUMENTATION CLAIMS] [DOCKET NO.    ]

9

Upon consideration of the *Debtors' Second Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007[Insufficient Documentation Claims]* [Docket No. ___] (the "Second Omnibus Objection"),[2] filed by above-captioned debtors and debtors in possession (collectively, the "Debtors"), requesting that the Court enter an order disallowing and expunging in full the Insufficient Documentation Claims; and the Court having jurisdiction to consider the Second Omnibus Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Second Omnibus Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holders of the Insufficient Documentation Claims and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Second Omnibus Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth

---

LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Second Omnibus Objection.

in the Second Omnibus Objection establishes just cause for the relief requested therein; therefore

IT IS HEREBY ORDERED THAT:

     1.     The Second Omnibus Objection is granted.

     2.     The following claims are disallowed in their entirety:

- Claim No. 7, filed by Charles Damus & Associates in Case No. 09-14846 against Rhodes Design and Development Corporation in the amount of $12,000.00; and

- Claim No. 14, filed by Citibank South Dakota, N.A. in Case No. 09-14882 against Rhodes Homes Arizona, LLC in the amount of $4,738.45.

     3.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

APPROVED/DISAPPROVED:

DATED this 30th day of October 2009.

By: _____

     UNITED STATES TRUSTEE
     August B. Landis
     Office of the United States Trustee
     300 Las Vegas Blvd. S., Ste. 4300
     Las Vegas, NV  89101


Submitted by:
DATED this 30th day of October 2009.

By: /s/ Zachariah Larson
     LARSON & STEPHENS
     Zachariah Larson, Esq. (NV Bar No 7787)
     Kyle O. Stephens, Esq. (NV Bar No. 7928)
     810 S. Casino Center Blvd., Ste. 104
     Las Vegas, NV  89101
     (702) 382-1170 (Telephone)
     (702) 382-1169
     zlarson@lslawnv.com
     *Attorneys for Debtors*

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

**LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

 X  No parties appeared or filed written objections, and there is no trustee appointed in the case.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.

Submitted by:
DATED this ____ day of October, 2009.

By: /s/ Zachariah Larson
        LARSON & STEPHENS
        Zachariah Larson, Esq. (NV Bar No 7787)
        Kyle O. Stephens, Esq. (NV Bar No. 7928)
        810 S. Casino Center Blvd., Ste. 104
        Las Vegas, NV  89101
        (702) 382-1170 (Telephone)
        (702) 382-1169
        zlarson@lslawnv.com
        Attorneys for Debtors