James I. Stang, Esq. (CA Bar No. 94435)          E-File: <u>October 5, 2009</u>
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
         scho@pszjlaw.com
         wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>          Debtors.<br><br>Affects:<br>☐    All Debtors<br>☒    Affects the following Debtor(s): | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date:   October 19, 2009<br>Hearing Time:  9:30 a.m.<br>Courtroom 1 |

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

RHODES DESIGN AND DEVELOPMENT CORPORATION

**MOTION OF DEBTOR FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH NEVADA STATE CONTRACTORS BOARD PURSUANT TO BANKRUPTCY RULE 9019; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

By this Motion, the Debtor Rhodes Design & Development Corp. ("RD&D") respectfully requests that the Court approve the settlement agreement (the "Settlement") with the Nevada State Contractors Board attached as Exhibit A hereto. For the reasons set forth below and in the attached Declaration of Paul D. Huygens (the "Huygens Declaration"), the Settlement is in the best interests of RD&D's estate, all of the Debtors in these cases, and all parties in interest. A copy of the proposed order approving this Motion is attached hereto as Exhibit B.

**I.**

**STATEMENT OF FACTS**

**A.    General Background**

1.    On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2.    The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**B.    Debtor's Dispute with the Board**

3.    Debtor Rhodes Design & Development Corp. is a licensed contractor in the State of Nevada, with an unlimited monetary license limit (i.e., there is no dollar limit on all contracts that the contractor may undertake or perform at any one time), and develops real property in Nevada. In particular, RD&D is the licensed contracting entity that conducts the construction activities and builds the homes in Nevada. In order to build such homes, applicable state law

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

requires RD&D to hold a contractor license. If RD&D did not have a contractor license, the Debtors' homebuilding operations in Nevada would effectively cease.

4. The Nevada State Contractors Board (the "Board") is the State agency that maintains a regulatory licensing system to promote quality construction by State licensed contractors. Among other things, the Board is empowered by the State of Nevada to determine the qualifications of contractors and set forth conditions for State licenses such as limiting the field and scope of the operations of a licensed contractor. The Board can take disciplinary actions against contractors, including, without limitation, suspension or revocation of contractor licenses and imposition of fines.

5. In a letter dated May 26, 2009, the Board informed RD&D that it had initiated a formal disciplinary proceeding against RD&D (the "Proceeding"). In the letter, the Board requested that RD&D provide an audited financial statement current within one year and other information. The Debtors responded on June 29, 2009 that they were not in possession of an audited financial statement that would satisfy the Board's request and that an auditor would need to be retained through the Bankruptcy Court in order to comply, but provided all other requested information and explained the status of the bankruptcy proceedings, reserving its rights to argue that the Board's actions were in violation of the automatic stay. The Board responded by sending further requests for the audited financial statement current within one year and also by sending a letter that the information provided to date showed that RD&D had not met the Board's "financial responsibility" requirement.

6. RD&D disputes the allegations of the Board with respect to whether the "financial responsibility" requirement has been met and also asserts that the Board's actions (through the Proceeding and otherwise) are in violation of the automatic stay under Bankruptcy Code section 362 and the anti-discrimination provisions in Bankruptcy Code section 525.

7. RD&D is informed and believes that the Board's position is that, notwithstanding Bankruptcy Code sections 362 and 525, it has the ability to continue the Board Proceeding against RD&D pursuant to the police powers exception under section 362(b)(4) of the Bankruptcy Code. Potentially, the Board could require RD&D to fully comply with state law

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

requirements relating to, among other things, proof of financial responsibility, and to impose sanctions against RD&D, including potential suspension/revocation of its State contractor license or otherwise limiting RD&D's ability to carry out its ordinary course operations.

8.    While the Debtor disputes the Board's contentions, it has determined in its reasonable business judgment that compromise of the parties' dispute as set forth in the attached Settlement is in the best interest of the estate because it promptly resolves these disputes, avoiding protracted and expensive litigation with a licensing authority and permitting the Debtor to continue with its business operations in Nevada for the benefit of the estates.

**C.    Proposed Settlement**

After arms-length negotiations between RD&D and the Board, the parties determined to enter into the Settlement which provides, among other things[2]:

(i)    License Probation, Satisfaction of Undisputed Claims, and Other Probation Conditions:  The Debtor's State contractor license ("License") will be placed on 6 months probation (the "Probation Period"), effective on the date that the Board approves the Settlement Agreement, which is expected to occur on October 22, 2009 (the "Settlement Effective Date").  During the Probation Period, RD&D will satisfy ("Claim Satisfaction Obligation") all undisputed, outstanding claims already open and all undisputed future claims that may be filed against the License with the Board ("Asserted Claims").  The Board acknowledges and agrees that any such Asserted Claim will be considered satisfied for purposes of the Settlement if (i) in the case of a pre-bankruptcy petition lien claim or a post-bankruptcy petition trade payable claim, such valid or allowed claim is paid by RD&D in the ordinary course to the extent authorized by Bankruptcy Court, or (ii) in the case of a pre-bankruptcy petition unsecured trade claim, such valid or allowed claim receives the treatment permitted under any court approved bankruptcy plan of reorganization applicable to RD&D.  During this period, the Debtor will also, among other things, comply with all applicable State, federal and local laws governing the activities of a licensed contractor in Nevada; appear for interviews with the

---

[2] The summary contained herein is a summary only, and if and to the extent there is any inconsistency between the summary and the Settlement, the terms of the Settlement govern.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Executive Officer of the Board or designee upon reasonable notice; cooperate with Board personnel with respect to any Board investigations; provide monthly reports to the Board regarding its financial condition, which reports shall be satisfied by providing a copy of the monthly operating report filed with the Bankruptcy Court; and comply with any additional conditions as may be reasonably required by the Board or the Executive Officer (with a right to a hearing before the Board if the Debtor disagrees with any such additional condition).  If the Debtor violates the terms and conditions of the probation, the Executive Officer will provide notice and an opportunity for a hearing before the Board, to consider whether such violation occurred and any disciplinary action should be undertaken.  Settlement, pp. 4-6.

(ii)    Fine and Costs:  The Debtor will pay to the Board an administrative fine of $500 (specifically for Debtor's failure to provide a current financial statement that supports the Debtor's license limit) and investigative costs of $1,000.  Id., p. 6.

(iii)    Release:  The Debtor and its successors and assigns ("Releasors") will release and discharge (the "Release") the Board, the State of Nevada, legal counsel for the Board, and each of their members, agents and employees (collectively, "Released Parties") from any and all claims and causes of action, known and unknown, in law or equity, that Releasors have or claim to have against the Released Parties arising out of or by reason of the Board Proceeding or the Settlement.  Id., p. 4.

(iv)    Subsequent License Reactivation:  The Debtor will be required to provide a current financial statement that supports the License limit within six months of the Settlement Effective Date.  Id., p. 6.

(v)    License Revocation:    If all Asserted Claims are not resolved by the Debtor during the Probation Period (as required above), the Debtor's License will be revoked; provided, however, that the Settlement provides that the Debtor reserves all rights under Nevada law to pursue a petition for judicial review of any decision by the Board.  Id., p. 6.

Pursuant to the Settlement, the Debtor will remain qualified to conduct its business in the State of Nevada under the Debtor's License.  Id

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1    As discussed herein, the Debtor believes that the compromise reached in the Settlement is

2    a fair and reasonable one, offering the best net result for the estate – the Debtor retaining its

3    License, thereby allowing the Debtors to continue to generate revenue and conduct its business,

4    while avoiding protracted, costly, risky litigation with the Board.

5                                                **II.**

6    **THE PROPOSED SETTLEMENT IS IN THE BEST INTEREST OF THE ESTATE**

7    **A.    Standard for Approval of Settlements**

8        Federal Rule of Bankruptcy Procedure 9019(a) provides,

9            On motion by the trustee and after hearing on notice to creditors,
10           the debtor and indenture trustees as provided in Rule 2002(a) and
             to such other entities as the court may designate, the court may
11           approve a compromise or settlement.

12   The standard for approval of a compromise was further addressed by the Supreme Court in

13   Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390

14   U.S. 414, reh'g denied, 391 U.S. 909 (1968).  There the Court held that a bankruptcy court in

15   considering whether to approve a compromise, should inform itself regarding

16           all facts necessary for an intelligent and objective opinion of the
             probabilities of ultimate success should the claim be litigated.
17           Further, the judge should form an educated estimate of the
             complexity, expense, and likely duration of such litigation, the
18           possible difficulties of collecting on any judgment which might be
             obtained, and all other factors relevant to a full and fair assessment
19           of the wisdom of the proposed compromise.
20

21   Id.   The court further held in TMT Trailer that compromises reached during the course of

22   insolvency proceedings must be "fair and reasonable."  390 U.S. at 424.  Significantly, the court

23   stated that "[b]asic to this process in every instance, of course, is the need to compare the terms

24   of the compromise with the likely rewards of litigation."   Id.

25       The Ninth Circuit Court of Appeals has held that the determination of whether a proposed

26   settlement agreement meets the requisite standards of fairness, equity and reasonableness, is a

27   function of several factors:  (a) the probability of success in the litigation; (b)  the difficulties, if

28   any, to be encountered in the matter of collection; (c) complexity of the litigation involved, and

the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of creditors and a proper deference to their reasonable views. See Martin v. Kane (In re A&C Properties), 784 F.2d 1377, 1381 (9th Cir.), cert. denied sub nom., Martin v. Robinson, 479 U.S. 854 (1986); accord Woodson v. Fireman's Fund Insur. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988); In re MGS Marketing, 111 B.R. 264, 267 (B.A.P. 9th Cir. 1990).

Finally, the bankruptcy court has wide latitude and discretion in evaluating a proposed compromise because the judge is "uniquely situated to consider the equities and reasonableness." United States v. Alaska National Bank (In re Walsh Construction, Inc.), 669 F.2d 1325, 1328 (9th Cir. 1982). In that vein, the Ninth Circuit has further stated:

> A compromise agreement allows the trustee and the creditor to avoid the expenses and burdens associated with litigating "sharply contested and dubious" claims. The bankruptcy court need not conduct an exhaustive investigation into the validity of the asserted claim. It is sufficient that, after appraising itself of all facts necessary for an intelligent and objective opinion concerning the claim's, validity, the court determines that either (1) the claim has "substantial foundation" and is not "clearly invalid as a matter of law," or (2) the outcome of the claim's litigation is "doubtful."

Id. at 1328 (citations omitted).

Here, although the Debtor believes that its position is the stronger one, there is no guarantee that the Debtor would prevail in any subsequent proceeding or litigation, which would likely be protracted and would unduly require the expenditure of estate resources. Certainly, an adverse proceeding/litigation result against the Debtor would irreparably harm the Debtors, their operations, plan confirmation efforts, and their estates. Indeed, any further material delay regarding the Debtor's License will harm and greatly interfere with the Debtor's business in building and selling homes in its numerous subdivisions. If RD&D did not have a valid contractor license, its operations would cease in Nevada. In the Debtor's view, the Settlement is a reasonable, expedient, and balanced resolution of the parties' disputes.

Further, the Debtor has reviewed the circumstances of the Settlement and the Board's actions and does not believe that it has any claims or causes of action that will be released pursuant to the Release under the Settlement. Thus, the Debtor does not believe it is giving up anything of material value through the Release.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Overall, given the substantial risk of lengthy, costly and potentially unsuccessful litigation, the Debtor believes that the Settlement and all its provisions are reasonable, fair and in the best interest of the Debtors, their estates and creditors.  Absent such consensual resolution, the Debtor's estate will be subject to litigation risks and material costs, the attendant delay, and the possibility of an adverse litigation result which essentially could significantly limit Rhodes Homes' homebuilding business and operations in Nevada.  The Debtor believes that the Settlement strikes a reasonable balance of recognizing the regulatory power of the Board and allowing the Debtor to conduct its business subject to such regulatory power.

### III.

### CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court approve the Settlement, authorize RD&D and its advisors, agents and representatives to take all actions necessary to implement the Settlement, and grant such other and further relief as is just and proper under the circumstances.

**DATED** this 5th day of October, 2009.


LARSON & STEPHENS


  /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**DECLARATION OF PAUL D. HUYGENS**

I, Paul D. Huygens, declare as follows:

1.      I am the Senior Vice President of Special Projects for the Debtors.

2.      Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others within the Debtors' organization), my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors.  If called upon to testify, I would testify to the facts set forth in this Declaration.

3.      Rhodes Design & Development Corporation ("RD&D") is a licensed contractor in the State of Nevada, with an unlimited monetary license limit (i.e., there is no dollar limit on all contracts that the contractor may undertake or perform at any one time), and develops real property in Las Vegas, Nevada.  In particular, RD&D is the licensed contracting entity that conducts the construction activities and builds the homes in Nevada.  In order to build such homes, applicable state law requires RD&D to hold a contractor license.  If RD&D did not have a contractor license, the Debtors' homebuilding operations would effectively cease in Nevada.

4.      In a letter dated May 26, 2009, the Board informed RD&D that it had initiated a formal disciplinary proceeding against RD&D (the "Proceeding").  In the letter, the Board requested that RD&D provide an audited financial statement current within one year and other information.  The Debtors responded on June 29, 2009 that they were not in possession of an audited financial statement that would satisfy the Board's request and that an auditor would need to be retained through the Bankruptcy Court in order to comply, but provided all other requested information and explained the status of the bankruptcy proceedings, reserving its rights to argue that the Board's actions were in violation of the automatic stay.  The Board responded by sending further requests for the audited financial statement current within one year and also by sending a letter that the information provided to date showed that RD&D had not met the Board's "financial responsibility" requirement.

5.      While the Debtor disputes the Board's contentions, it has determined in its reasonable business judgment that compromise of the parties' dispute as set forth in the

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Settlement is in the best interest of the estate because it promptly resolves these disputes, avoiding protracted and expensive litigation with a licensing authority and permitting the Debtor to continue with its business operations in Nevada for the benefit of the estate.  A true and correct copy of the Settlement is attached hereto as <u>Exhibit A</u>.

6.       Although the Debtors believe that their position is the stronger one, there is no guarantee that the Debtors would prevail in any subsequent proceeding or litigation, which would likely be protracted and would unduly require the expenditure of more estate resources. Certainly, an adverse proceeding/litigation result against the Debtors would irreparably harm the Debtors, their operations and estate.  Indeed, any further material delay regarding the Debtors' License will harm and greatly interfere with the Debtors' business in building and selling homes in its numerous subdivisions.  If RD&D did not have a valid contractor license, its operations would cease at the subdivisions in which it is actively selling and building homes.   In the Debtors' view, the Settlement is a reasonable, expedient, and balanced resolution of the parties' disputes.

7.       Further, the Debtor has reviewed the circumstances of the Settlement and the Board's actions and does not believe that it has any claims or causes of action that will be released pursuant to the Release under the Settlement.  Thus, the Debtor does not believe it is giving up anything of material value through the Release.

8.       Overall, given the substantial risk of lengthy, costly and potentially unsuccessful litigation, I believe that the Settlement and all its provisions are reasonable, fair and in the best interest of the Debtor, its estate and creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of October 2009, at Las Vegas, Nevada.


_____/s/ Paul D. Huygens_____
Paul D. Huygens

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT A

**NEVADA STATE CONTRACTORS BOARD**

**2310 CORPORATE CIRCLE, SUITE 200**

**HENDERSON, NEVADA 89074**

IN THE MATTER OF:                                    )    Investigative Case Nos. 30015624 and
                                                     )    30016850,
**RHODES DESIGN AND DEVELOPMENT**                    )
**CORP., dba RHODES HOMES, JAMES**                   )
**MICHAEL RHODES, PRESIDENT AND**                    )          **SETTLEMENT AGREEMENT**
**QUALIFIED INDIVIDUAL, License No.**                )                    **AND**
**28530,**                                           )          **ORDER OF PROBATION**
                                                     )
             RESPONDENT.                             )
_____             )

**SETTLEMENT AGREEMENT**

The Nevada State Contractors Board ("State Board") has two (2) open complaints

against Rhodes Design and Development Corp., dba Rhodes Homes, James Michael Rhodes,

President ("Respondent") alleging violations of certain provisions of Nevada Revised Statues

(NRS) Chapter 624 and the Nevada Administrative Code (NAC) Chapter 624.

**<u>ALLEGATIONS OF STATE BOARD'S COMPLAINT</u>**

The complaints allege one (1) violation of NRS 624.3013(3) for failure to establish

financial responsibility and one (1) violation of NRS 624.3012(2) for failure to pay.  Complaint

30015624 alleges that on or about on or about May 26, 2009, the Respondent was notified in

accordance with NRS 624.283, NRS 624.323 and NAC 624.720, to furnish to the Board a

current financial statement.  On or about June29, 2009, the Respondent provided a bank

verification dated June 24, 2009.  The bank verification did not demonstrate the availability of

sufficient working capital for the operation of a contracting business (Classification B) with an

unlimited monetary limit.  The Respondent failed to establish its financial responsibility.

Complaint 30016850 alleges that on or about January 7, 2006, the Respondent entered

into a written contract with Apple Masonry, Inc. ("Apple Masonry") to provide masonry work at

Respondent's Tuscany Recreation Center Project located at 805 Olivia Parkway, Henderson,

Nevada 89015 for a contract amount of $450,736.00.  The Respondent has paid Apple Masonry

a total of $439,706.00 towards the contract amount.  On or about April 10, 2006, the

Respondent entered into a second written contract with Apple Masonry to provide masonry work at Respondent's Rhodes Ranch Recreation Center Phase 2 Project located at 333 Rhodes Ranch Parkway, Las Vegas, Nevada 89148 for a contract amount of $128,700.00.  The Respondent has paid Apple Masonry a total of $127,689.02 towards the contract amount.  To date, the Respondent has allegedly failed to pay Apple Masonry the balance due on both contracts of $12,040.98 for work performed when due.

On or about April 1, 2009, the Respondent filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court, District of Nevada, Case Number BK-S-09-14814-LBR.

Respondent Rhodes Design and Development Corp., dba Rhodes Homes is licensed in the State of Nevada under license number 28530 and it believes that it has various affirmative defenses to the complaints.

The parties agree to settle the above-captioned matter in an expeditious manner, consistent with public interest, statutory requirements and the responsibilities of the State Board.  This matter is settled and resolved upon the following terms:

**JURISDICTION**

Subject to approval by the Bankruptcy Court of this Settlement Agreement and the Respondents' performance of the obligations thereunder, Respondent acknowledges that the State Board has jurisdiction to determine this matter under the provisions of NRS 624.005 to NRS 624.965, NAC 624.003 to NAC 624.840 and pursuant to NRS 233B.121 to NRS 233B.150.

**VOLUNTARY WAIVER OF RIGHTS**

The Respondent has been represented by competent counsel in this matter.  No coercion has been exerted upon the Respondent, nor have any promises been made other that those reflected in this Agreement.  The Respondent freely and voluntarily enters into this Agreement, motivated only by a desire to resolve the issues addressed herein.  This Settlement Agreement is a public document.

The State Board and the Respondent agree that this Settlement Agreement is made and entered pursuant to subsection 5 of NRS 233B.121. The Respondent hereby waives its right to the procedural protections in contested cases under the Nevada Administrative Procedure Act, NRS 233B.121 to 233B.127.

## RELEASE FROM LIABILITY

Except for such proceedings as are necessary in connection with approval of this Settlement Agreement by the Bankruptcy Court, Respondent for itself, its successors and assigns, releases and discharges the State of Nevada, the Nevada State Contractors Board, legal counsel for the Board, and each of their members, agents and employees in their individual and representative capacities, from any and all manner of actions, causes of actions, claims and demands known and unknown, in law or equity, that Respondent has or claims to have against any or all of the persons or entities named in this paragraph arising out of or by reason of the disciplinary action or this Settlement Agreement.

## AGREEMENT BETWEEN RESPONDENT AND
## THE NEVADA STATE CONTRACTORS BOARD

Respondent Rhodes Design and Development Corp., dba Rhodes Homes, is licensed in the State of Nevada under license number 28530.

The parties agree to settle the above-captioned matter in an expeditious manner, consistent with public interest, statutory requirements and the responsibilities of the State Board. This Settlement Agreement is for settlement purposes only and concerns disputed claims and alleged defenses to those claims.

The Respondent and the Nevada State Contractors Board have entered into an agreement whereby the Respondent's license, number 28530 shall be placed on Probation for a period of six (6) months commencing upon the date of the State Board's approval of this Settlement Agreement. In the six (6) month period of probation, the Respondent shall satisfy all undisputed outstanding claims already open and all undisputed future claims filed against its license with the Nevada State Contractors Board. For purposes of this Agreement, the State

Board agrees that a claim shall be satisfied if (1) in the case of a pre-bankruptcy petition lien claim or a post-bankruptcy petition trade payable claim, such valid or allowed claim is paid by Respondent in the ordinary course to the extent authorized by Bankruptcy Court, or (2) in the case of a pre-bankruptcy petition unsecured trade claim, such valid or allowed claim receives the treatment permitted under any court approved bankruptcy plan of reorganization applicable to Respondent.  The Respondent shall adhere to the following conditions while on Probation, subject to the approval of the Bankruptcy Court if necessary:

    a.    The Respondent shall comply with all state, federal, and local laws governing the activities of a licensed contractor in Nevada.

    b.    The Respondent and any of Respondent's personnel of record must appear in person for interviews with the Executive Officer or designee upon request and upon reasonable notice.

    c.    The Respondent must cooperate at all times with the Board staff engaged in the supervision and investigation of complaints and compliance with the terms of the probation.

    d.    The Respondent must cooperate fully with the Board's staff in the conduct of any investigations and agrees to testify fully and truthfully regarding its knowledge and involvement with any other administrative violations being investigated.

    e.    The Respondent shall submit, with reasonable prior notice, copies of documents directly related to the Respondent's construction operations to the Executive Officer or designee upon demand during the probation period.

    f.    The Respondent shall submit, with reasonable prior notice, documentation related to pending or closed complaints to the Executive Officer or designee, upon demand.  Upon request, the Respondent is required, within ten (10) days of a request from the Executive Officer to submit a copy of any executed contract with a subcontractor or material supplier (a "contract").

g.      The Respondent must comply with any additional terms and conditions as reasonably required by the Board or the Executive Officer.  In the event the Respondent disagrees with any additional term or condition required by the Executive Officer, the Respondent shall be entitled to request and receive a hearing before the Board before such term or condition may be imposed by the Executive Officer.

h.      If Respondent violates probation in any respect during the term of probation, the Executive Officer shall give notice and opportunity to be heard in a formal Board hearing to consider whether a condition of probation has been violated and disciplinary action may be taken.

i.      The Respondent shall provide monthly reports to the Board regarding its financial condition beginning November 20, 2009, which shall be satisfied by providing the monthly operating report filed with the Bankruptcy Court by Respondent.

j.      The Respondent will not enter into any new contracts unless the Respondent provides written notification to the subcontractors and material suppliers that the Respondent proposes to use, and the subcontractors and material suppliers are aware of the probationary status of the Respondent and agree in writing and consent to doing the work on the financial terms proposed by the Respondent during the Respondent's term of probation.

k.      The Respondent shall provide proof of the notification of the probation of the Respondent's license to the subcontractors and material suppliers to the Board upon execution of any new construction contracts.

The Respondent and the Nevada State Contractors Board have entered into an agreement whereby the Respondent shall pay an administrative fine of $500.00 for failure to provide a current financial statement that supports the license limit.

Respondent shall also pay investigative costs in the amount of $1,000.00.  The total amount of the administrative fines and investigative costs is $1,500.00.  Respondent agrees to

pay the sum of $1,500.00 to the Nevada State Contractors Board within six (6) months of the State Board's approval of this Settlement Agreement.

A current financial statement with bank verification for all cash accounts that supports the license limits must be provided within six (6) months of the State Board's approval of this Settlement Agreement.  If the financial statement provided does not support the license limit, the license limit shall be lowered to the amount that the financial statement supports.  If Respondent emerges from bankruptcy prior to the six (6) month timeframe, Respondent may submit to the State Board proof of Respondent's financial responsibility and request that the State Board terminate the probationary period earlier than set forth in this Agreement.

If all the money owing claims are not resolved within the six (6) month timeframe, license number 28530, Rhodes Design and Development Corp., dba Rhodes Homes shall be revoked.  For the purposes of this Agreement, the State Board agrees that a claim shall be satisfied if (1) in the case of a pre-bankruptcy petition lien claim or a post-bankruptcy petition trade payable claim, such valid or allowed claim is paid by Respondent in the ordinary course or pursuant to an order of the Bankruptcy Court, or (2) in the case of a pre-bankruptcy petition unsecured trade claim, such valid or allowed claim receives the treatment permitted under any court approved bankruptcy plan of reorganization.

The State Board and the Respondent agree that the Respondent retains the right to pursue a petition for judicial review pursuant to NRS 233B.130 to 233B150.

Respondent Rhodes Design and Development Corp., dba Rhodes Homes, remains qualified to conduct business in the State of Nevada under license number 28530.

The execution of this Settlement Agreement by the Nevada State Contractors Board resolves the disciplinary complaint filed against the Respondent.

## ACCEPTANCE OF THIS SETTLEMENT AGREEMENT

The Settlement Agreement will become effective when it has been approved by the Board and signed by the Executive Officer of the Nevada State Contractors Board.  The

Respondent's authority to enter into this Settlement Agreement is contingent upon Bankruptcy Court approval of the settlement, which may happen after the effective date of this Agreement.

**COMPLETE AGREEMENT**

This Settlement Agreement consists of seven (7) pages and embodies the entire agreement between the Nevada State Contractors Board and the Respondent.

RESPONDENT:
Rhodes Design and Development Corp., dba Rhodes Homes
James M. Rhodes, President

By: _____

Name: _____

Its: _____

Date: _____

Dated this _____ day of _____, 2009

_____
Margi A. Grein, Executive Officer
Nevada State Contractors Board

Date Approved by Board _____

# **EXHIBIT B**

1
2
3
4
5
6
7

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] | Chapter 11 |
| Debtors. | |
| Affects:<br>☐    All Debtors<br>☒    Affects the following Debtor(s):<br>RHODES DESIGN AND DEVELOPMENT | Hearing Date:  October 30, 2009<br>Hearing Time:  1:30 p.m.<br>Courtroom 1 |

**ORDER APPROVING SETTLEMENT AGREEMENT WITH NEVADA STATE**

**CONTRACTORS BOARD PURSUANT TO BANKRUPTCY RULE 9019 [DOCKET NO.**

**____]**

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

Upon consideration of the *Motion Of Debtor For Order Approving Settlement Agreement With Nevada State Contractors Board Pursuant To Bankruptcy Rule 9019* [Docket No. ___] (the "<u>Motion</u>"),[2] filed by Rhodes Design and Development Corp. (the "<u>Debtor</u>"), IT IS HEREBY ORDERED THAT:

1. The Motion is approved and the Debtor is authorized to take any and all action to effectuate the Settlement.

APPROVED / DISAPPROVED:

DATED this _____ day of October 2009.

By: _____
UNITED STATES TRUSTEE
August B. Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

Submitted by:
DATED this 19th day of October 2009.

By: */s/ Zachariah Larson*
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorneys for Debtors*

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169