James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File: October 16, 2009

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,"[1]

Debtors.

Affects:

☐ All Debtors
☒ Affects the following Debtor(s):

Tuscany Acquisitions, LLC 09-14853 LBR and Rhodes Design and Development Corporation 09-14846 LBR

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date: November 16, 2009
Hearing Time: 9:30 a.m.
Courtroom 1

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC

73203-001\DOCS_SF:67911.1

# DEBTORS' OBJECTION TO CHAVEZ CONSTRUCTION CLEAN UP'S CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 (BOOKS & RECORDS CLAIMS); DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF

Pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby object (the "Objection") to the claims (the "Books & Records Claims") of Chavez Construction Clean Up ("Chavez") attached to the letter in **Exhibit A**, because the Debtors' books and records do not support these claims, and request the entry of an order (the "Order") reducing and reclassifying the disputed claims as indicated in further detail below.[2] In support of this Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Objection to Chavez Construction Clean Up's Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Books & Records Claims]*. In further support of this Objection, the Debtors respectfully represent as follows:

## BACKGROUND

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the

---

(Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] The Debtors reserve the right to file additional objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

3. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, reducing and reclassifying the Books & Records Claims as follows:

- Claim number 12 of Chavez Construction Clean Up in the priority amount of $21,223.62, filed against Tuscany Acquisitions, LLC, be reduced and reclassified to a general unsecured claim in the amount of $16,104.26; and

- Claim number 131 of Chavez Construction Clean Up in the priority amount of $18,540.00, filed against Rhodes Design and Development Corporation, be reduced and reclassified to a general unsecured claim in the amount of $18,240.00.

## OBJECTION

4. The Books & Records Claims relate to two claims filed by Chavez for cleaning services provided by Chavez. The Debtors' books and records are inconsistent with the documentation attached to Chavez's proofs of claim. The Debtors sent Chavez a letter requesting that Chavez reduce and reclassify its claims to avoid an objection being filed. See **Exhibit A**. As of the date and time of filing this Objection, the Debtors have not received a response.

5. The Debtors' books and records reflect the following amounts owed to Chavez:

- $16,104.26 - Claim No. 12 filed in Case No. 09-14853 against Tuscany Acquisitions, LLC; and

- $18,240.00 Claim No. 131 filed in Case No. 09-14846 against Rhodes Design and Development Corporation.

6.  Furthermore, the Debtors have determined that the Books & Records Claims are not entitled to priority under any subsection of section 507(a) of the Bankruptcy Code. The Debtors object to the Books & Records claims on the grounds that the events giving rise to the claims arose prepetition, and the claims should therefore be reclassified as general unsecured claims. More specifically, the Books & Records Claims are (a) not entitled to priority under any subsection of section 507(a) of the Bankruptcy Code, (b) pursuant to section 506(a) of the Bankruptcy Code, the Books & Records Claims are not secured by liens on any property in which the Debtors' estates have an interest or otherwise are not entitled to administrative or priority treatment, and/or (c) Chavez has not provided any information establishing that its claims are entitled to the priority described in either (a) or (b) above.

7.  Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The

burden of persuasion is always on the claimant.

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.*, 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.*, 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

8. Based on the Debtors' review of their books and records and the proof of claims filed by the claimant, and the claimant's lack of response to the Debtors' request to reduce and reclassify the claims, Chavez has no valid legal justification for asserting priority claims. As a result, the Debtors submit that these Books & Records Claims should be reduced and reclassified by the Court as follows:

- Claim No. 12 filed in Case No. 09-14853 against Tuscany Acquisitions, LLC as a general unsecured claim in the amount $16,104.26; and

- Claim No. 131 filed in Case No. 09-14846 against Rhodes Design and Development Corporation as a general unsecured claim in the amount of $18,240.00.

### CONCLUSION

9. The Debtors object to the allowance of the Books & Records Claims for the reasons stated herein, and the Debtors hereby move this Court for an Order reducing and reclassifying the Books & Records Claims as indentified in the proof of claim attached to the letter in **Exhibit A**.

### NOTICE

10. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this objection has been provided to (i) the United States Trustee for the District of Nevada, (ii) counsel to the Creditors' Committee, (iii) the claimant for which the Debtors are objecting to

the claim in this Objection in accordance with the address provided in the proofs of claim for such Books & Records Claims, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

11. Pursuant to Bankruptcy Rule 3007, the Debtors have provided the claimant affected by the Objection with at least thirty (30) days' notice of the hearing on the Objection.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, reducing and reclassifying the Books & Records Claims as provided herein, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 16th day of October, 2009.

**LARSON & STEPHENS**

/s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

## DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' OBJECTION TO CHAVEZ CONSTRUCTION CLEAN UP'S CLAIMS [BOOKS & RECORDS CLAIMS]

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects of the above-captioned Debtors and Debtors in possession. The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Debtors' Objection to Chavez Construction Clean Up's Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 [Books &Records Claims]* (the "Objection").

3. I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

4. The claims and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors. These efforts have resulted in the identification of the disputed "Books & Records Claims," identified in the proof of claim attached to the letter in **Exhibit A**. I have personally reviewed the Books & Records Claims.

5. The Books & Records Claims relate to cleaning services provided by Chavez Construction Clean Up ("Chavez") to the Debtors. The Debtors' books and records do not support the documentation attached to Chavez's proof of claims. The Debtors' books and records reflect the following amounts owed to Chavez:

- $16,104.26 - Claim No. 12 filed in Case No. 09-14853 against Tuscany Acquisitions, LLC; and

- $18,240.00 Claim No. 131 filed in Case No. 09-14846 against Rhodes Design and Development Corporation.

6. Furthermore, the Debtors have determined that the Books & Records Claims are not entitled to priority under any subsection of section 507(a) of the Bankruptcy Code. The Debtors object to the Books & Records claims on the grounds that the events giving rise to the claims arose prepetition, and the claims should therefore be reclassified as general unsecured claims. More specifically, the Books & Records Claims are (a) not entitled to priority under any subsection of section 507(a) of the Bankruptcy Code, (b) pursuant to section 506(a) of the Bankruptcy Code, the Books & Records Claims are not secured by liens on any property in which the Debtors' estates have an interest or otherwise are not entitled to administrative or priority treatment, and/or (c) Chavez has not provided any information establishing that its claims are entitled to the priority described in either (a) or (b) above.

7. As a result, I believe the Books & Records Claims should be reduced as reflected in the Debtors' books and records. The Debtors sent Chavez a letter requesting that Chavez reduce and reclassify its claims to avoid an objection being filed. See **Exhibit A**. As of the date and time of filing this Objection, the Debtors have not received a response.

8. To the best of my knowledge, information and belief, the claimant has no valid legal basis to assert priority claims against the Debtors. As a result, I believe that the Books & Records claims should be reclassified as general unsecured claims.

9. I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 16th day of October, 2009, at Las Vegas, Nevada.

/s/ *Paul D. Huygens*
Paul D. Huygens