James I. Stang, Esq. (CA Bar No. 94435)                    E-File: <u>October 16, 2009</u>
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,[1]<br><br><div align=center>Debtors.</div><br>_____<br><br>Affects:<br><br>☐    All Debtors<br>☒    Affects the following Debtor(s):<br><br>  The Rhodes Companies, LLC 09-14814 LBR | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br><br><br><br><br>Hearing Date:  November 16, 2009<br>Hearing Time:  9:30 a.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case

LARSON & STEPHENS<br>810 S. Casino Center Blvd., Suite 104<br>Las Vegas, Nevada 89101<br>Tel: (702) 382.1170  Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**DEBTORS' OBJECTION TO HERMINIA SCANNICCHIO'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 (NON-DEBTOR CLAIM); DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

Pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby object (the "Objection") to the claim (the "Non-Debtor Claim") of Herminia Scannicchio, attached to the letter in **Exhibit A**, because the claim is against a non-Debtor entity that was erroneously filed against the Debtors. The Debtors request the entry of an order (the "Order") disallowing and expunging in full the Non-Debtor Claim.[2] In support of this Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Objection to Herminia Scannicchio's Claim Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and* 3007 *[Non-Debtor Claim]*. In further support of this Objection, the Debtors respectfully represent as follows:

## BACKGROUND

1.     On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the

No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2]   The Debtors reserve the right to file additional objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

Bankruptcy Code.  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2.    The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## **RELIEF REQUESTED**

3.    By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Non-Debtor Claim.

## **OBJECTION**

4.    The Non-Debtor Claim is not a valid claim against the Debtors based on the Debtors' books and records.  The documentation attached to the claim, indicates the claim is against South Dakota Conservancy, LLC, a non-debtor affiliate of the Debtors.  The Debtors sent the claimant a letter requesting that the claimant withdraw her claim to avoid an objection being filed  See **Exhibit A.**  As of the date of this Objection, the Debtors have not received a withdrawal from the claimant (although in two follow up telephone conversations with the claimant or her husband by the Debtors' representatives, it was promised that such claim would be withdrawn).

5.    Bankruptcy Code Section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a).  Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ."  11 U.S.C. § 502(b).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).  The Bankruptcy Appellate Panel for

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added).  Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid."  *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

6.    Based on the Debtors' review of their books and records and the proof of claim filed by the claimant, and the claimant's lack of response to the Debtors' request to withdraw the claim, the Debtors submit that this Non-Debtor Claim should be disallowed and expunged in full by the Court.

## CONCLUSION

7.    The Debtors object to the allowance of the Non-Debtor Claim for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing and expunging in full the Non-Debtor Claim, as identified in the proof of claim attached to the letter in **Exhibit A.**

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

## NOTICE

8.      No trustee or examiner has been appointed in these chapter 11 cases.  Notice of this Objection has been provided to (i) the United States Trustee for the District of Nevada, (ii) counsel to the Creditors' Committee, (iii) the claimant for which the Debtors are objecting to the claim in this Objection in accordance with the address provided in the proof of claim for such Non-Debtor Claim, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases.  The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

9.      Pursuant to Bankruptcy Rule 3007, the Debtors have provided the claimant affected by the Objection with at least thirty (30) days' notice of the hearing on the Objection.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, disallowing and expunging in full the Non-Debtor Claim attached as **Exhibit A** hereto, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 16th day of October, 2009.

**LARSON & STEPHENS**

_/s/ Zachariah Larson, Esq._
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

**DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' OBJECTION TO HERMINIA SCANNICCHIO'S CLAIM [NON-DEBTOR CLAIM]**

I, Paul D. Huygens, declare as follows:

1.      I am the Senior Vice President of Special Projects of the above-captioned Debtors and Debtors in possession.  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2.      This declaration is submitted in support of the *Debtors' Objection to Herminia Scannicchio's Claim Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Non-Debtor Claim]* (the "Objection").

3.      I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I have read the Debtors' Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

4.      The claim and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors.  These efforts have resulted in the identification of the disputed "Non-Debtor Claim," identified in the proof of claim attached to **Exhibit A**.  I have personally reviewed the Non-Debtor Claim.

5.      To the best of my knowledge, information and belief, the claim attached as part of **Exhibit A** is not a valid claim against the Debtors.  The claimant has no valid legal justification for asserting the filed claim against the given Debtor based on the Debtor's book and records.  Based on the documentation attached to the claim, the Debtors believe that the claim is against South Dakota Land Conservancy, LLC, a non-debtor affiliate of the Debtors.  As a result, I believe that this claim should be disallowed and expunged by the Court.  The Debtors sent the claimant a letter requesting that the claimant withdraw her claim to avoid an objection being filed  See **Exhibit A.**  As of the date of this Objection, the Debtors have not received a withdrawal from the claimant (although in two follow up telephone conversations with the

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

claimant of her husband by the Debtors' representatives, it was promised that such claim would be withdrawn).

6.      I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 16th day of October, 2009, at Las Vegas, Nevada.

/s/ *Paul D. Huygens*
Paul D. Huygens

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT A



**PACHULSKI**

**STANG**

**ZIEHL**

**JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

Michael Matteo                              July 8, 2009                    mmatteo@pszjlaw.com
                                                                              310.277.6910

**VIA U.S. FIRST CLASS MAIL**

Herminia Scannicchio
3206 Ivanhoe Ranch Road
El Cajon, CA  92019

       Re:    **The Rhodes Companies, LLC, et al.**
              **USBC Case No. 09-14814 LBR**

Dear Herminia:

       This firm represents The Rhodes Companies, LLC (the "Debtor") in its Chapter 11 bankruptcy filed in the United States Bankruptcy Court for the District of Nevada (Case No. 09-14814 LBR).  You filed a proof of claim on your behalf, designated as proof of claim number 6 in the amount of $22,163.34 in the Debtor's bankruptcy case.

       The aforementioned proof of claim is against South Dakota Conservancy, which is not a Debtor in these proceedings.  Please withdraw your claim by signing and returning the enclosed Notice of Withdrawal of Claim form by July 20, 2009 so that we may avoid having to object to your claim in the Bankruptcy Court.  Thank you.

       Very truly yours,

Michael A. Matteo, Paralegal

Enclosure

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com                    73203-025\DOCS_LA:204684.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
SOUTHERN DIVISION

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes," et al.,[1]
                           Debtors.

Affects:
☐   All Debtors
☒   Affects the following Debtor(s):

THE RHODES COMPANIES, LLC,

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

---

## NOTICE OF WITHDRAWAL OF PROOF OF CLAIM

Creditor Herminia Scannicchio hereby withdraws her proof of claim, designated as Claim No. 6 in the amount of $22,163.34 filed in Bankruptcy Case No. 09-14814 against The Rhodes Companies, LLC.

Dated: _____, 2009

_____
Herminia Scannicchio

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor: The RHODES COMPANIES, LLC | Case Number: 09-14814-18R |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (The person or other entity to whom the debtor owes money or property):
HERMINIA SCANNICCHIO

Name and address where notices should be sent:
HERMINIA ScANNICCHIO
3206 IVANHOE RANCH Rd.
EL CAJON, CA 92019

Telephone number:
(619) 647-6339

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

| 1. Amount of Claim as of Date Case Filed: $ 22,163.34 |
|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: Real Estate Payments, Interest + Property Taxes
(See instruction #2 on reverse side.)    2007 + 2008

3. Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as: South DAKOTA ConseRVAWAY LLc
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☒ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: 4/23/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

Herminia Scannicchio

APR 30 2009

By Omni Management Group, Claims Agent
For U.S. Bankruptcy Court
District of Nevada

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

015460

# PROMISSORY NOTE SECURED BY DEED OF TRUST

Escrow No. 01495876
Branch Unit # 270

$215,000.00                                   Kingman, Arizona                    Date: November 4, 2005

For value received, **South Dakota Conservancy, LLC, a South Dakota limited liability company**    maker,
promises to pay to **Herminia Scannicchio, a married woman, as her sole and separate property**   , holder
or order, the sum of Two Hundred Fifteen Thousand And 00/100  DOLLARS

payable as follows:

**Payments:**
Payable in regular quarterly payments of interest only payments of $5375.00, or more,  on or before  the ____
day of every  quarter beginning ⸱ May 2, 2006_____ , with interest on all unpaid principal at the rate
of 10.00% per annum from ___February 2, 2006_____ ,  the interest to be first deducted from the regular
payment(s) and the remainder to be applied upon the principal.

**Late Charge:**
Any above noted payment which is at least 5  days past due, shall be subject to a late charge of $268.75.  If said
late charge is not paid with the delinquent payment, said late payment shall be accepted by the Servicing Agent
and the unpaid late charge(s) shall be accumulated as a separate balance that shall not accrue interest.

**Final Payment:**
PROVIDED HOWEVER, if not sooner paid the entire unpaid principal, accrued late penalties and all accrued
interest shall be due and payable on __February 2, 2014_____ .

**Due on Sale:**
It is understood and agreed by the parties hereto that the maker shall not assign or otherwise transfer any right,
title or interest in or to these premises or this encumbrance during the life of this encumbrance, without the
written consent of the holder to such assignment or transfer. In the event of such assignment or transfer without
written consent, the entire unpaid principal balance, accrued late penalties and all accrued interest shall, at the
option of the holder, become all due and payable.

Should default be made in payment of any payment when due, the whole sum of the principal and interest shall
become immediately due at the option of the holder of this note.

Principal and interest payable in lawful money of the United States.

The makers and endorsers hereof waive presentment, demand, notice of dishonor and protest.

If suit be brought to recover on this note, the Maker (Payor) agrees to pay such sum as the Court may fix as
attorney's fees.

This Note is secured by a Deed of Trust, of even date herewith, upon real property.

**Having reviewed, accepted, and approved this Note with all its terms and conditions, this Note shall supercede any and all other agreements, and is hereby accepted in its final form.**

**ACCEPTED AND APPROVED:**

_____
                                             Maker (Payor)

_____
                                             Holder (Payee)

**DO NOT DESTROY THIS NOTE**

**Do Not Destroy this original Note:  When paid, this original note, together with the Deed of Trust securing same must be surrendered to Trustee for Cancellation and retention before reconveyance will be made.**

This Note is secured by a Deed of Trust, of even date herewith, upon real property.

**Having reviewed, accepted, and approved this Note with all its terms and conditions, this Note shall supercede any and all other agreements, and is hereby accepted in its final form.**

**ACCEPTED AND APPROVED:**

_____
                                        Maker (Payor)

_____
                                        Holder (Payee)

**DO NOT DESTROY THIS NOTE**
**Do Not Destroy this original Note:  When paid, this original note, together with the Deed of Trust securing same must be surrendered to Trustee for Cancellation and retention before reconveyance will be made.**

TS No. 98081084
Recorded: September 9, 2008

WHEN RECORDED MAIL TO:
LANDAMERICA TITLE AGENCY
ATTN: TRUST DEPT.
2901 E. CAMELBACK ROAD
PHOENIX, AZ 85016
(602) 954-0022

3/3

NOTICE OF TRUSTEE'S SALE

The following legally described trust property situate in Mohave County, Arizona, will be sold pursuant to the power of sale under that certain Deed of Trust and Assignment of Rents recorded in Docket 6088, Page 770, records of Mohave County, Arizona, at public auction to the highest bidder at the side steps of the Mohave County Courthouse, 401 E. Spring Street, Kingman, AZ on Wednesday, December 10, 2008 at 10:00AM of said day:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

THE PURPORTED STREET ADDRESS, IF ANY, OR IDENTIFIABLE LOCATION OF THE TRUST PROPERTY IS:
    Address Unavailable
    See Legal Description
    Mohave County, AZ

TAX PARCEL NUMBER: 209-27-015 and 209-27-016
ORIGINAL PRINCIPAL BALANCE:        215,000.00

THE NAME AND ADDRESS OF TRUSTEE IS:
LANDAMERICA TITLE AGENCY,
2901 E. CAMELBACK ROAD
PHOENIX, AZ 85016

THE NAME AND ADDRESS OF THE TRUSTOR IS:
        South Dakota Conservancy, LLC, a South Dakota limited
        liability company
 7345 S. Durango Dr. B-107-147
 Las Vegas, NV 89113

THE NAME OF THE APPARENT OWNER OF RECORD IS:
        South Dakota Conservancy, LLC, a South Dakota limited
        liability company
 7345 S. Durango Dr. B-107-147
 Las Vegas, NV 89113

TS No. 98081084

THE NAME AND ADDRESS OF THE BENEFICIARY IS:
        Herminia Scannicchio, a married woman, as her sole and
        separate property
3206 Ivanhoe Ranch Rd.
El Cajon, CA  92019

Dated September  8, 2008

                                        LandAmerica Title Agency

                                        *Barbara Rostad*

                                        By: Barbara Rostad
                                        Its: Trustee Sale Officer

MANNER OF TRUSTEE QUALIFICATION:
A corporation doing business as an Escrow Agent pursuant to 33-803(A)(1)
REGULATORY AGENT:  Arizona State Banking Department

STATE OF ARIZONA        }
                        } ss.
COUNTY OF MARICOPA      }

The foregoing instrument was acknowledged before me September 8,  2008,  by
Barbara Rostad, the Trustee Sale Officer of LandAmerica  Title  Agency,  on
behalf of the corporation.

My commission expires  5/28/2009    Notary Public Jane Kirk

OFFICIAL SEAL
JANE KIRK
Notary Public · State of Arizona
MARICOPA COUNTY
My Comm. Expires May 28, 2009

98081084          EXHIBIT "A"- Legal Description

Parcels No. 87 and 88 as shown on the Roadway and Utility
Easement map recorded November 20, 1975 at Fee No. 75-28148
in the office of the Recorder of Mohave County, Arizona
more particularly described as follows:

The Southeast quarter of the Southeast quarter and the
Southwest quarter of the Southeast quarter of Section 34,
Township 19 North, Range 18 West of the Gila and Salt River
Base and Meridian, Mohave County, Arizona;

EXCEPT the North half of the Northeast quarter of the
Northeast quarter of the Southeast quarter of the Southeast
quarter of said Section 34.

## CAPITAL TITLE AGENCY INC.



# STATEMENT OF BREACH
# OR NON PERFORMANCE

**NOTICE IS HEREBY GIVEN** that a breach or non-performance of that certain Deed of Trust recorded in Mohave County, Arizona, **Book 6088 page 770**, or of the contract secured thereby, dated **November 4, 2005** with **South Dakota Conservancy, LLC, a South Dakota limited liability company** as Trustor and Capital Title Agency Inc., Trustee, has occurred.

The nature of such breach or non-performance is as follows:

**Failure to make Quarterly Interest Only Installments due on or before May 2, 2008 and all subsequent payments thereafter in the amount of $5,375.00 each, said interest at the rate of 10% per annum, from February 2, 2008 on the entire unpaid principal balance.**

**Any above note payment which is at least 5 days past due, shall be subject to a late charge of $268.75.**

**In addition, all other terms of the Note and Deed of Trust.**

**THE UNDERSIGNED BENEFICIARY IS HEREBY DECLARING ALL SUMS OWED UNDER THE TERMS OF THE NOTE IMMEDIATELY DUE AND PAYABLE.**

**YOUR INTEREST IN THE TRUST PROPERTY DESCRIBED ON THE ENCLOSED NOTICE OF TRUSTEE'S SALE MAY BE SUBJECT TO BEING TERMINATED BY SUCH TRUSTEE'S SALE.**

The Beneficiary in said Deed of Trust has elected to sell or cause to be sold the property described in said Deed of Trust at a trustee's sale in compliance with A.R.S. §33-801, et seq.

Dated: _8/1/08_

Beneficiary: Herminia Scannicchio by
Joe Scannicchio, her Attorney in Fact

LANDAMERICA TITLE AGENCY, INC.
2901 E. CAMELBACK ROAD
PHOENIX, AZ 85016
(602) 954-0022

RE: Trustee's Sale No. : 98081084
    Account No. 1495876

To Whom it May Concern:

I (we) the undersigned, hereby instruct LANDAMERICA TITLE AGENCY INC., an Arizona corporation to bid on our behalf at the Trustee's Sale being held in the side steps of the Mohave County Courthouse, 401 E. Spring Street, Kingman, AZ, on December 10, 2008, at 10:00AM or at any postponement thereof, in connection with that certain Deed of Trust and Assignment of Rents dated November 4, 2005 and recorded on February 2, 2006 in Docket 6088, Page 770, by way of off-set (cash equivalent) the amount listed below. I (we) do not intend to be present at the time of the sale.

Enclosed is my (our) check in the amount of ($1,317.62) to cover fees set forth below which we understand will be refunded to us, plus retainer fee previously deposited by me (us), if Trustor brings the Note current prior to sale or if a third party purchases the property.

Amounts due at Sale are as follows:

Principal:              $    215,000.00

Interest to Sale:       $    18,394.36

Late Charges:           $    806.55

Auctioneer's Fee        $      55.00
Certified Mailing Fees  $      65.00
Doc Prep Fee            $      50.00
Posting Costs           $      65.00
Publication Costs       $     381.62
Recording Fees          $      56.00
Service Fee             $     135.00
Trustee Fees            $   1,000.00
TSG Fee                 $     510.00

TOTAL DUE ..............$   236,518.22

We hereby certify the above amounts are correct and instruct Trustee to bid in on Sale the amount of $ 236,518.22

Dated this _25_ day of _November_, 2008.

_____

Recording Requested By: *Capital Title Agency Inc.*

When Recorded mail to:

Joe Scannicchio
3206 Ivanhoe Ranch Rd.
El Cajon, CA 92019

9808108 1/3

PAGE: 1 of 2      FEE # 2008060787

**B: 7301 P: 911**

OFFICIAL RECORDS
OF MOHAVE COUNTY
JOAN MCCALL
COUNTY RECORDER

09/09/2008 04:05 PM  Fee: $14.00
DOC TYPE: GPA
PAID BY:LANDAMERICA

# General Power of Attorney

KNOW ALL MEN BY THESE PRESENTS: That Herminia Scannicchio, the undersigned (jointly and severally if more than one), hereby make, constitute and appoint Joseph G. Scannicchio, Sr. my true and lawful Attorney for me and in my name, place and stead and for my use and benefit.

(a) To ask, demand, sue for, recover, collect and receive each and every sum of money, debt, account, legacy, bequest, interest, dividend, annuity and demand (which now is or hereafter shall become due, owing or payable) belonging to or claimed by me, and to use and take any lawful means for the recovery thereof by legal process or otherwise, and to execute and deliver a satisfaction or release therefor, together with the right and power to compromise or compound any claim or demand;

(b) To exercise any or all of the following powers as to real property, any interest therein and/or any improvements thereon: To contract for, purchase, receive and take possession thereof and of evidence of title thereto; to lease the same for any term or purpose, including leases for business, residence, and oil and/or mineral development; to sell, exchange, subdivide, grant or convey the same with or without warranty, covenant or restrictions; to mortgage, transfer in trust, or otherwise encumber the same to secure payment of a note or performance of any obligation or agreement; and to accept the conveyance thereof as a joint tenant with right of survivorship or as community property with the right of survivorship with any other person or persons, including property wherein my said Attorney is one of the joint tenants or spouses;

Initials: _____ (Principal)      Initials: _____ (Witness)

(c) To exercise any or all of the following powers as to all kinds of personal property and goods, wares and merchandise, checks, chooses in action and other property in possession or in action: To contract for, buy, sell, exchange, transfer, endorse and in any legal manner deal in and with the same; and to mortgage, transfer in trust, or otherwise encumber the same to secure payment of a note or performance of any obligation or agreement;

(d) To borrow money and to execute and deliver notes therefor, with or without security; and to loan money and receive notes therefor with such security as he shall deem proper;

(e) To transact business of any kind or class and as my act and deed to sign, execute, acknowledge and deliver any deed, lease, assignment of lease, covenant, indemnity, agreement, mortgage, deed of trust, assignment of mortgage or beneficial interest under deed of trust, subdivision plat, extension or renewal of any obligation, subordination or waiver of priority, bill of lading, bill of sale, bond, note, receipt, check, evidence of debt, full or partial release of mortgage, judgment or other debt, and such other instruments in writing of any kind or class as may be necessary or proper in the premises;

(f) This power shall not be affected by disability of the principal: All acts done by my Attorney pursuant to this power during any period of disability or incompetence or uncertainty as to whether I am dead or alive shall have the same effect and inure to the benefit of and bind me or my heirs, devisees and personal representative as if I were alive, competent and not disabled.

GIVING AND GRANTING unto my said Attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present, hereby ratifying all that my said Attorney shall lawfully do or cause to be done by virtue of these presents. When the context so requires, the masculine gender includes the feminine or

neuter, and the singular number includes the plural.

I, Herminia Scannicchio, the Principal, sign my name to this Power of Attorney this _____ day of _____, 2008, and being first duly sworn, do declare to the undersigned authority that I sign and execute this instrument as my Power of Attorney and that I sign it willingly, or willingly direct another to sign for me, that I execute it as my free and voluntary act for the purposes expressed in the Power of Attorney and that I am eighteen years of age or older, of sound mind and under no constraint or undue influence.

*Herminia Scannicchio*

PRINCIPAL Herminia Scannicchio

**(NOTE: THE WITNESS CANNOT BE THE NOTARY PUBLIC, THE AGENT, THE AGENT'S SPOUSE OR THE AGENT'S CHILD.)**

I, Lisa M. Leeman, the Witness, sign my name to the foregoing Power of Attorney being first duly sworn do declare to the undersigned authority that the Principal signs and executes this instrument as his/her Power of Attorney and that he/she signs it willingly, or willingly directs another to sign for him/her, that I, in the presence and hearing of the Principal, sign this Power of Attorney as Witness to the Principal's signing and that to the best of my knowledge the Principal is eighteen years of age or older, of sound mind and under no constraint or undue influence.

WITNESS

STATE OF California
COUNTY OF San Diego    }SS:

SUBSCRIBED, SWORN TO AND ACKNOWLEDGED before me by Herminia Scannicchio,

the Principal, and subscribed and sworn to before me by Lisa M. Leeman,

Witness, this ____ day of Aug, 2008.

OFFICIAL SEAL
REZA M. KAGHAZCHI
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1799668
SAN DIEGO COUNTY
MY COMM. EXP. JUNE 26, 2012

Reza M Kaghazchi
Notary Public

My Commission Expires: June 26, 2012

**NOTE: THIS POWER OF ATTORNEY GIVES THE PERSON WHOM YOU DESIGNATE YOUR AGENT BROAD POWERS TO HANDLE YOUR REAL PROPERTY, WHICH MAY INCLUDE POWERS TO PLEDGE, SELL OR OTHERWISE DISPOSE OF REAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU. THESE POWERS WILL EXIST EVEN AFTER YOU BECOME DISABLED, INCAPACITATED OR INCOMPETENT, CONSEQUENTLY, IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU.**

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR |
| | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka | |
| "Rhodes Homes," et al.,[1] | Chapter 11 |
| Debtors. | |
| Affects: | Hearing Date:  November 16, 2009 |
| ☐   All Debtors | Hearing Time:  9:30 a.m. |
| ☒   Affects the following Debtor(s): | Courtroom 1 |
| The Rhodes Companies, LLC 09-14814 LBR | |

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**ORDER SUSTAINING DEBTORS' OBJECTION TO HERMINIA SCANNICCHIO'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [NON-DEBTOR CLAIM] [DOCKET NO.   ]**

Upon consideration of *Debtors' Objection to Herminia Scannicchio's Claim Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Non-Debtor Claim]* [Docket No. ____] (the "Objection"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), requesting that the Court enter an order disallowing and expunging in full the disputed claim; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the claim attached as part of Exhibit A to the Objection and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection establishes just cause for the relief requested therein; therefore

IT IS HEREBY ORDERED THAT:

1.      Claim number 6 of Herminia Scannicchio in the amount of $22,163.34, filed against The Rhodes Companies, LLC, is hereby disallowed and expunged in full.

2.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

///

///

///

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

APPROVED/DISAPPROVED:

DATED this ___ day of November, 2009.

By: _____
     UNITED STATES TRUSTEE
     August B. Landis
     Office of the United States Trustee
     300 Las Vegas Blvd. S., Ste. 4300
     Las Vegas, NV  89101

Submitted by:

DATED this 16th day of November, 2009.

By: /s/ Zachariah Larson
     LARSON & STEPHENS
     Zachariah Larson, Esq. (NV Bar No 7787)
     Kyle O. Stephens, Esq. (NV Bar No. 7928)
     810 S. Casino Center Blvd., Ste. 104
     Las Vegas, NV  89101
     (702) 382-1170 (Telephone)
     (702) 382-1169 (Facsimile)
     zlarson@lslawnv.com
     *Attorneys for Debtors*

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

1

## **LR 9021 Certification**

2

3    In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

4    ___ The court has waived the requirement of approval under LR 9021.

5    ___ No parties appeared or filed written objections, and there is no trustee appointed in the case.

6    ___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing,
7    any unrepresented parties who appeared at the hearing, and any trustee appointed in this case,
     and each has approved or disapproved the order, or failed to respond, as indicated below.

8

9

10   Submitted by:
     DATED this 16th day of November 2009.

11
     By: /s/ Zachariah Larson_____
12        LARSON & STEPHENS
          Zachariah Larson, Esq. (NV Bar No 7787)
13        Kyle O. Stephens, Esq. (NV Bar No. 7928)
          810 S. Casino Center Blvd., Ste. 104
14        Las Vegas, NV  89101
          (702) 382-1170 (Telephone)
15        (702) 382-1169
          zlarson@lslawnv.com
16        Attorneys for Debtors

17

18

19

20

21

22

23

24

25

26

27

28

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169