James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email:  jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File: October 16, 2009

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,¹<br><br>                    Debtors.<br><br>Affects:<br><br>☐  All Debtors<br>☒  Affects the following Debtor(s):<br><br>    The Rhodes Companies, LLC 09-14814 LBR | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br><br><br><br><br><br><br>Hearing Date:  November 16, 2009<br>Hearing Time:  9:30 a.m.<br>Courtroom 1 |

---

¹ The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case

73203-001\DOCS_SF:67920.2

### DEBTORS' OBJECTION TO CLAIM FILED BY MATTHEW LEWIS ON BEHALF OF IOVINO MASONRY PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF

Pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby object (the "Objection") to the claim (the "Homeowner Claim") filed by Matthew Lewis on behalf of Iovino Masonry, attached to the letter in **Exhibit A**, because the claim is a duplicate of another claim filed by Iovino Masonry. The Debtors request the entry of an order (the "Order") disallowing and expunging in full the Homeowner Claim.[2] In support of this Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Objection to Claim Filed by Matthew Lewis on Behalf of Iovino Masonry Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007*. In further support of this Objection, the Debtors respectfully represent as follows:

## BACKGROUND

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the

---

No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] The Debtors reserve the right to file additional objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:67920.2        2

Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

3. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Homeowner Claim.

## OBJECTION

4. Matthew Lewis (the "Homeowner") filed a claim against the Debtors on behalf of Iovino Masonry. Iovino Masonry filed a lien against the homeowner's home for a claim allegedly due and owing by the Debtors.

5. Iovino Masonry has also filed a separate claim against the Debtors, which included the Homeowner's lien amount. The Debtor sent the Homeowner a letter requesting the withdrawal of its claim to avoid an objection being filed. See **Exhibit A.** As of the date of this Objection, the Debtors have not received any response from the Homeowner.

6. Bankruptcy Code Section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). The Bankruptcy Appellate Panel for

the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

7.  Based on the Debtors' review of their books and records and the proof of claim filed by the homeowner on behalf of the claimant, Iovino Masonry, and the Homeowner's lack of response to the Debtors' request to withdraw the claim, the Debtors submit that this claim should be disallowed and expunged in full by the Court.

## **CONCLUSION**

8.  The Debtors object to the allowance of the Homeowner Claim for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing and expunging in full the Homeowner Claim as indentified in the proof of claim attached to the letter in **Exhibit A**.

**NOTICE**

9. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this objection has been provided to (i) the United States Trustee for the District of Nevada, (ii) counsel to the Creditors' Committee, (iii) the claimant for which the Debtors are objecting to the claim in this Objection in accordance with the address provided in the proof of claim for such Homeowner Claim, (iv) the homeowner's address as reflected in the documentation attached to the proof of claim, (v) each person or entity that has filed a notice of appearance and request for special notice, and (vi) other required parties pursuant to the Court's case management order entered in these cases. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

10. Pursuant to Bankruptcy Rule 3007, the Debtors have provided the claimant and the Homeowner affected by the Objection with at least thirty (30) days' notice of the hearing on the Objection.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, disallowing and expunging in full the Homeowner Claim attached as part of **Exhibit A**, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 16th day of October, 2009.

        **LARSON & STEPHENS**

        /s/ Zachariah Larson, Esq.
        Zachariah Larson, Bar No. 7787
        Kyle O. Stephens, Bar No. 7928
        810 S. Casino Center Blvd., Suite 104
        Las Vegas, NV 89101
        702/382-1170
        Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM FILED BY MATTHEW LEWIS ON BEHALF OF IOVINO MASONRY PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007**

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects of the above-captioned Debtors and Debtors in possession. The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Debtors' Objection to Claim Filed by Matthew Lewis on Behalf of Iovino Masonry Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007* (the "Objection").

3. I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

4. The claim and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors. These efforts have resulted in the identification of the disputed "Homeowner Claim", identified in the proof of claim attached to the letter in **Exhibit A**. I have personally reviewed the Homeowner Claim.

5. Based on the documentation attached to the claim, it appears that Matthew Lewis (the "Homeowner") filed a claim against the Debtors on behalf of Iovino Masonry. Iovino Masonry filed a lien against the Homeowner's home for a claim allegedly due and owing by the Debtors.. Iovino Masonry has also filed a separate claim against the Debtors, which includes the Homeowner's lien amount. The Debtors sent the Homeowner a letter requesting the withdrawal its claim to avoid an objection being filed. See **Exhibit A.** As of the date of this Objection, the

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-001\DOCS_SF:67920.2                    6

1  Debtors have not received any response from the Homeowner. As a result, I believe that this
2  claim should be disallowed and expunged by the Court.

3        6.    I believe that granting the relief requested in the Objection is in the best
4  interests of the Debtors, their estates and their creditors.

5     I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true
6  and correct to the best of my knowledge, information, and belief.

7     Executed this 16th day of October, 2009, at Las Vegas, Nevada.

                                                                        /s/ *Paul D. Huygens*
                                                                          Paul D. Huygens

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT A

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:67920.2

8



**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**
FACSIMILE: 415/263 7010

**LOS ANGELES**
10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: **310/277 6910**
FACSIMILE: 310/201 0760

**DELAWARE**
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: **302/652 4100**
FACSIMILE: 302/652 4400

**NEW YORK**
788 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: **212/561 7700**
FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

September 16, 2009

**VIA U.S. FIRST CLASS MAIL**

Mr. Matthew Lewis
929 Via Doccia Court
Henderson, NV 89011-0866

   Re: **The Rhodes Companies, et al.**
     **Chapter 11 Case No. 09-14814**
     **(Jointly Administered)**

Dear Mr. Lewis:

  This firm represents The Rhodes Companies, LLC (the "Debtor") in its Chapter 11 bankruptcy filed in the United States Bankruptcy Court for the District of Nevada (Case No. 09-14814 LBR). You filed a proof of claim on behalf of Iovino Masonry, designated as proof of claim number 56 in the amount of $1,050. in the Debtor's bankruptcy case.

  Iovino Masonry also filed a proof of claim, designated as claim number 108, filed in the amount of $34,632.84 in the Rhodes Design and Development Corporation case (Case No. 09-14846 LBR). Based upon the documentation attached to claim number 108, it appears that Iovino has included your claim within theirs. Therefore, we respectfully request that you withdraw the claim that you filed on behalf of Iovino Masonry.

  Please withdraw your Claim by signing and returning the enclosed Notice of Claim Withdrawal form by October 9, 2009 so that we may avoid having to object to your claim in the Bankruptcy Court. Thank you.

         Very truly yours,

         */s/*
         Patricia J. Jeffries

PJJ
Enclosure
cc: Michael A. Matteo

73203-002\DOCS_SF:67376.1

B 10 (Official Form 10) (12/08)                                                                                         NS-814-485496

| UNITED STATES BANKRUPTCY COURT  DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|

Name of Debtor: The Rhodes Companies, LLC        Case Number: 09-14814

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Iovino Masonry**

Name and address where notices should be sent:
Iovino Masonry
9260 El Camino Rd
Las Vegas, NV 89139

Telephone Number: 702 253 1602

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: __/__/__

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 1050.80

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

2. Basis for Claim: masonry-labor & mat'ls
(See instruction #2 on reverse side)

3. Last four digits of any number by which creditor identifies debtor: ____

3a. Debtor may have scheduled account as:
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☒ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:
Value of property: $ 400,000.00    Annual Interest Rate: ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____

Basis for perfection: lien

Amount of Secured Claim: $ 1050.80     Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$ 1050.80

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 8/02/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Title: _____
Printed Name: Matthew Lewis        Signature: Matthew Lewis

THIS SPACE IS FOR COURT USE ONLY

**FILED**
AUG 0 5 2009
By Omni Management Group, Claims Agent
For U.S. Bankruptcy Court
District of Nevada

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Receipt/Conformed Copy

Requestor:
FRANK IOVINO & SONS MASONRY INC
07/23/2009 13:41:31 T20090254607
Book/Instr: 20090723-0002531
Lien          Page Count: 2
Fees: $15.00   N/C Fee: $0.00

Debbie Conway
Clark County Recorder

When Recorded Return To:

Name: Frank Iovino & Sons Masonry Inc.

Address: 9260 El Camino Road

City: LV     State: NV     Zip Code: 89139

Assessor's Parcel Number: 160-32-313-200

# NOTICE OF LIEN

The undersigned claims a lien upon the property described in this notice for work, or equipment furnished or to be furnished for the improvement of the property:

1. The amount of the Original Contract is: $ 1,050.80

2. The total amount of all additional or changed work, materials and equipment, if any, is: $0

3. The total amount of all payments received to date is: $0

4. The amount of the lien, after deducting all just credits and offsets, is: $ 1,050.80

5. The name of the owner, if known, of the Property is: MATTHEW LEWIS

6. The name of the person by whom the lien claimant was employed or to whom the lien claimant furnished or agreed to furnish work, materials or equipment is: RHODES HOMES

7. A brief statement of the terms of payment of the lien claimant's contract is:

   Contractor will pay the Subcontractor ninety percent (90%) of the value of Work that Contractor In its sole discretion determines was, in fact completed, with (10%) to be withheld as retention.

8. A description of the property to be charged with the lien is: TUSCANY PARCEL 25, PLAT BOOK 125 PAGE 35, LOT 237 BLOCK 5, SEC 32 TWP 21 RNG 63

Name of Lien Claimant:   Frank Iovino & Sons Masonry Inc.

_____
Signed By

(Authorized Signature)

Page 1 of 2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re: | Case No.: BK-S-09-14814 LBR |
|---|---|
| THE RHODES COMPANIES, LLC, | Chapter 11 |
| Debtor. | |

## NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NO. 56

IOVINO MASONRY hereby withdraws its proof of claim, designated as Claim No. 56, in the amount of $1,050.80, filed in the above-captioned case.

Dated: _____, 2009

                                                    _____
                                                                          (signature)
By:                                                         (print name)
Its:                                                          (title)

73203-002\DOCS_SF:67377.1

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

# EXHIBIT B

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☐ All Debtors<br>☒ Affects the following Debtor(s):<br><br>The Rhodes Companies, LLC 09-14814 LBR | Hearing Date: November 16, 2009<br>Hearing Time: 9:30 a.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_SF:67920.2

**ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIM FILED BY MATTHEW LEWIS ON BEHALF OF IOVINO MASONRY PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [DOCKET NO.     ]**

Upon consideration of *Debtors' Objection to Claim Filed by Matthew Lewis on Behalf of Iovino Masonry Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007* [Docket No. ___] (the "Objection"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), requesting that the Court enter an order disallowing and expunging in full the disputed claim; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the claim attached to the letter in Exhibit A to the Objection and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection establishes just cause for the relief requested therein; therefore

IT IS HEREBY ORDERED THAT:

1. Claim number 56 of Iovino Masonry in the amount of $1,050.80 filed against The Rhodes Companies, LLC, is hereby disallowed and expunged in full.

2. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.
LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

APPROVED/DISAPPROVED:

DATED this ___th day of November, 2009.

By: _____
    UNITED STATES TRUSTEE
    August B. Landis
    Office of the United States Trustee
    300 Las Vegas Blvd. S., Ste. 4300
    Las Vegas, NV  89101

Submitted by:

DATED this 16th day of November, 2009.

By: /s/ Zachariah Larson
    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
    (702) 382-1170 (Telephone)
    (702) 382-1169 (Facsimile)
    zlarson@lslawnv.com
    *Attorneys for Debtors*

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:67920.2                      12

**LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

___ No parties appeared or filed written objections, and there is no trustee appointed in the case.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.

Submitted by:
DATED this 16th day of November 2009.

By: /s/ Zachariah Larson
    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
    (702) 382-1170 (Telephone)
    (702) 382-1169
    zlarson@lslawnv.com
    Attorneys for Debtors

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-001\DOCS_SF:67920.2