James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
         scho@pszjlaw.com
         wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File: October 16, 2009

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,**1**<br><br>Debtors.<br><br>Affects:<br><br>☐   All Debtors<br>☒   Affects the following Debtor(s):<br><br>Rhodes Homes Arizona, LLC 09-14882 LBR and Rhodes Design and Development Corporation 09-14846 LBR | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br><br><br><br><br><br>Hearing Date: November 16, 2009<br>Hearing Time: 9:30 a.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC

73203-001\DOCS_SF:67917.3

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

## **DEBTORS' OMNIBUS OBJECTION TO WALL CONSTRUCTORS INC.'S CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 (NON-DEBTOR AND DUPLICATE CLAIMS); DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

Pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby object (the "<u>Objection</u>") to claim numbers 16, 106 and 107 (the "<u>Wall Constructors Claims</u>") of Wall Constructors, Inc. ("<u>Wall Constructors</u>"), as further described below and as attached to the letter in **Exhibit A**, because the Wall Constructor Claims are claims against non-Debtors that erroneously were filed against the Debtors and are also duplicate claims.  The Debtors request the entry of an order (the "<u>Order</u>") disallowing and expunging in full the Wall Constructors Claims.[2] In support of this Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Omnibus Objection to Wall Constructors, Inc.'s Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and* 3007 *[Non-Debtor and Duplicate Claims]*.  In further support of this Objection, the Debtors respectfully represent as follows:

---

(Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] The Debtors reserve the right to file additional objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

73203-001\DOCS_SF:67917.3                             2

## BACKGROUND

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

3. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Wall Constructors Claims.

## OBJECTION

4. Wall Constructors filed the following proofs of claim in the Debtors' cases:

- Tuscany Acquisitions IV, LLC (Case No. 09-14849 LBR), in the amount of $16,847.20, designated as claim number 8;

- Rhodes Design and Development Corporation (Case No. 09-14846 LBR), in the amount of $21,121.00, designated as claim number 106;

- Rhodes Design and Development Corporation (Case No. 09-14846 LBR), in the amount of $24,531.24, designated as claim number 107;

- Rhodes Homes Arizona, LLC (Case No. 09-14882 LBR), in the amount of $21,121.00, designated as claim number 16; and

- Rhodes Ranch General Partnership (Case No. 09-14844 LBR), in the amount of $7,684.04, designated as claim number 18.

5. The Debtors' books and records indicate that Claim number 16 is an invoice for Custom Quality Homes, a non-Debtor entity. Claim number 106 is a duplicate of Claim number 16. Furthermore, claim number 107 is a duplicate of Claim numbers 8 and 18

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

combined.  Accordingly, claim numbers 16, 106 and 107 should be disallowed in their entirety.  The Debtors are not currently objecting to claims 8 and 18.

6. The Debtors sent Wall Constructors a letter requesting that Wall Constructors withdraw claim numbers 16, 106 and 107 to avoid an objection being filed.  See **Exhibit A.**  As of the date of this Objection, the Debtors have not received any response from Wall Constructors.

7. Bankruptcy Code section 502 authorizes a party in interest to object to claims.  *See* 11 U.S.C. §502(a).  Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.  *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).  The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added).  Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal

liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

8.  Based on the Debtors' review of their books and records and the proof of claims filed by Wall Constructors, and Wall Constructors' lack of response to the Debtors' request to withdraw the claims, the Debtors submit that the Wall Constructors Claims should be disallowed and expunged in full by the Court.

## CONCLUSION

9.  The Debtors object to the allowance of the Wall Constructors Claims for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing and expunging in full the Wall Constructors Claims, claim numbers 16, 106 and 107, identified in the attachment to the letter in **Exhibit A**.

## NOTICE

10.  No trustee or examiner has been appointed in these chapter 11 cases. Notice of this objection has been provided to (i) the United States Trustee for the District of Nevada, (ii) counsel to the Creditors' Committee, (iii) the claimant for which the Debtors are objecting to the claim in this Objection in accordance with the address provided in the proof of claims for the Wall Constructors Claims, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

11.  Pursuant to Bankruptcy Rule 3007, the Debtors have provided the claimant affected by the Objection with at least thirty (30) days' notice of the hearing on the Objection.

73203-001\DOCS_SF:67917.3                           5

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, disallowing and expunging in full the Wall Constructors Claims, claim number 16, 106 and 107, attached to the letter in **Exhibit A**, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 16th day of October, 2009.

        **LARSON & STEPHENS**

        /s/ Zachariah Larson, Esq.
        Zachariah Larson, Bar No. 7787
        Kyle O. Stephens, Bar No. 7928
        810 S. Casino Center Blvd., Suite 104
        Las Vegas, NV  89101
        702/382-1170
        Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' OMNIBUS OBJECTION TO WALL CONSTRUCTORS INC.'S CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 (NON-DEBTOR AND DUPLICATE CLAIMS)**

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects of the above-captioned Debtors and Debtors in possession. The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Debtors' Omnibus Objection to Wall Constructors, Inc.'s Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Non-Debtor and Duplicate Claims]* (the "Objection").

3. I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the proposed form of order (the "Proposed Order") and the exhibits attached thereto.

4. The claims and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors. These efforts have resulted in the identification of the disputed "Wall Constructors Claims," claim numbers 16, 106 and 107, identified in the proofs of claim attached to the letter in **Exhibit A**. I have personally reviewed the Wall Constructors Claims.

5. To the best of my knowledge, information and belief, the Wall Constructor Claims are not valid claims against the Debtors.

6. Wall Constructors filed the following proofs of claim in the Debtors' cases:

73203-001\DOCS_SF:67917.3        7

- Tuscany Acquisitions IV, LLC (Case No. 09-14849 LBR), in the amount of $16,847.20, designated as claim number 8;

- Rhodes Design and Development Corporation (Case No. 09-14846 LBR), in the amount of $21,121.00, designated as claim number 106;

- Rhodes Design and Development Corporation (Case No. 09-14846 LBR), in the amount of $24,531.24, designated as claim number 107;

- Rhodes Homes Arizona, LLC (Case No. 09-14882 LBR), in the amount of $21,121.00, designated as claim number 16; and

- Rhodes Ranch General Partnership (Case No. 09-14844 LBR), in the amount of $7,684.04, designated as claim number 18.

7. The Debtors' books and records indicate that Claim number 16 is an invoice for Custom Quality Homes, a non-Debtor entity. Claim number 106 is a duplicate of Claim number 16. Furthermore, claim number 107 is a duplicate of Claim numbers 8 and 18 combined. Accordingly, claim numbers 16, 106 and 107 should be disallowed in their entirety.

8. The Debtors sent Wall Constructors a letter requesting that Wall Constructors withdraw these claims to avoid an objection being filed. See **Exhibit A**. As of the date of this Objection, the Debtors have not received any response from Wall Constructors.

9. I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 16th day of October, 2009, at Las Vegas, Nevada.

/s/ *Paul D. Huygens*
Paul D. Huygens

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169