JANIECE S. MARSHALL, ESQ., Nevada Bar No. 4686
jm@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
777 North Rainbow Boulevard
Suite 145
Las Vegas, Nevada 89107
Telephone: (702) 479-1010 ♦ Facsimile: (702) 479-1025

Attorneys for Creditor,
*Stanley Consultants, Inc.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>THE RHODES COMPANIES, LLC,<br><br>Debtor.<br><br>Affects:<br>☒  All Debtors<br>☐  Affects the following Debtor(s),<br>Apache Framing, LLC<br>Batcave, LP<br>Bravo, Inc.<br>Chalkline, LP<br>Elkhorn Partners, a Nevada LP<br>Geronimo Plumbing, LLC<br>Glynda, LP<br>Gung-Ho Concrete, LLC<br>Heritage Land Company LLC<br>Jackknife, LP<br>Overflow, LP<br>Parcel 20, LLC<br>Pinnacle Grading, LLC<br>Rhodes Homes Arizona, LLC<br>Rhodes Arizona Properties, LLC<br>The Rhodes Companies, LLC<br>Rhodes Ranch Golf Country Club, LLC<br>Rhodes Ranch General Partnership<br>Six Feathers Holdings, LLC<br>Tribes Holdings, LLC<br>Tick, LP<br>Tuscany Golf Country Club, LLC<br>Wallboard, LP | Case No. BK-S-09-14814-LBR<br><br>Chapter 11<br><br>**STANLEY CONSULTANTS, INC.'S OBJECTION TO SUFFICIENCY OF DISCLOSURE STATEMENT**<br><br>Date:     October 30, 2009<br>Time:    1:30 p.m.<br><br>**CREDITOR STANLEY CONSULTANTS, INC.'S OBJECTION TO SUFFICIENCY OF DISCLOSURE STATEMENT FOR THE PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE FOR THE RHODES COMPANIES, LLC, ET AL.** |

756116.1 5835.005

Creditor Stanley Consultants, Inc. ("Stanley") objects as follows to the adequacy of the Disclosure Statement describing the Chapter 11 Plan of Reorganization proposed by The Rhodes Companies, LLC, filed September 25, 2009 (Doc. #501) (the "Disclosure Statement"). Stanley further objects to the Chapter 11 Plan of Reorganization (the "Plan") proposed by the Debtors to the extent that the Plan affects the adequacy of the Disclosure Statement, on the grounds that the Disclosure Statement fails to provide adequate information about the Plan, as required by Section 1125 of Title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code").

Stanley's objection is made and based upon the following points and authorities, the Declaration of David Frohnen ("Frohnen Declaration") and the Certificate(s) of Registration issued by the United States Copyright Office, filed concurrently herewith and in support hereof, the papers and pleadings on file in the above captioned bankruptcy cases and any argument this Court may entertain at the hearing on the adequacy of the Disclosure Statement at the date and time noted above.

## I. Background Information

### A. Stanley Provided Engineering Services to Debtors Pursuant to Written Contracts

1. Stanley entered into an agreement to provide planning, engineering and surveying services to Rhodes Homes Arizona LLC for various projects in Arizona. *Exhibit 1, Frohnen Declaration. See also Stanley's Proof of Claim 52, with attached Itemized Statement of Accounting and supporting documentation.*

2. Stanley fully performed its obligations pursuant to the terms of the Agreement. *Exhibit 1.*

3. Rhodes Homes Arizona LLC failed to pay Stanley for those services. *Id.*

4. Stanley filed Proof of Claim #52 in the amount of $3,467,733.00. *See POC #52.*

5. Stanley entered into an agreement with Rhodes Design and Development Corporation ("Rhodes Design") and Rhodes Ranch General Partnership ("Rhodes Ranch"). *Exhibit 2. See also POC #48 and POC #49 with supporting documentation.*

6. Rhodes Design and Rhodes Ranch failed to pay Stanley for those engineering services. *Id. See also Exhibit 1, Frohnen Declaration.*

7. Stanley's Proofs of Claim (*POC #s 48, 49 and 52*) against these Debtors are unsecured trade claims for services provided to Debtors prepetion. *Exhibit 1.*

8. Pursuant to the express terms of the Agreements between the parties, the work performed by Stanley remains Stanley's intellectual property. *Id.*

9. Stanley copyrighted its work product with respect to the work it performed pursuant to the Agreements with Debtors Rhodes Arizona, Rhodes Design and Rhodes Ranch. *Id. See also Exhibit 2, Certificate(s) of Registration issued by the United States Copyright Office in accordance with title 17, United States Code.*

10. Pursuant to Article 14, the "Use of Work Product" clause in the Agreements and pursuant to Stanley's Copyrights, Debtors did not obtain any ownership rights in Stanley's work product. *Id.*

11. Stanley's copyrighted work is not transferable without Stanley's written permission. *Id.*

**B. Disclosure Statement**

1. Debtors filed its Disclosure Statement for the Plan of Reorganization on September 25, 2009. *See Doc. 501.*

2. The Disclosure Statement provides for a "Class C-1 – Trade Claims" that includes " . . . Unsecured Claims for goods or services provided to the Debtors prepetition, as determined by Debtors, the Creditors' Committee and the First Lien Steering Committee by the hearing on the Disclosure Statement or, if no such agreement can be reached, by the Bankruptcy Court." *Id., at 27:9-12.*

3. The Disclosure Statements provide for "Substantive Consolidation", seeking an order from the Court to substantively consolidate "all of the Estates in to single consolidated Estate for all purposes associated with confirmation and distribution. . . ." *Id., at 29:1-28.*

4. The Disclosure Statement also references the "Stanley Engineering Litigation", defining it in the Plan as: "The litigation styled *Rhodes Homes Arizona, LLC v. Stanley Consultants, Inc.* No. CV2006-011358, currently pending in the Superior Court of Arizona, Maricopa County. *See Disclosure Statement, at 42:25-13. See also Plan at 15, 8-9.*

5.  The Disclosure Statement and Plan provides with respect to the Stanley Engineering Litigation:

> In the event the Stanley Engineering Litigation is resolved either by judgment or settlement in a manner favorable to the Reorganized Debtors and such resolution does not provide for Cash consideration to be received by the Reorganized Debtors and Second Lien Lenders, the Reorganized Debtors and the Second Lien Lenders shall engage in good faith negotiations to ensure that the Second Lien lenders receive consideration equivalent to 50% of the net value of such resolution and to determine the timing of payment of any such consideration. . . .

*Disclosure Statement, at 42:7-11.*

6.  The Plan provides for a "Transfer of Arizona Assets", stating in pertinent part: ". . . the Debtors shall transfer Pravada and the other Arizona Assets set forth on Attachment D to the Mediation Term Sheet, plus the Golden Valley Ranch trade name to the Rhodes Entities free and clear of all liens, claims and encumbrances pursuant to section 363(f) of the Bankruptcy Code. . . ." *Plan, at 40:26-28; 41:1-6.*

## II.  Legal Standard

A disclosure statement may not be approved in connection with a proposed plan of reorganization unless it contains "adequate information." 11 U.S.C. § 1125(b).  Information contained in a disclosure statement is "adequate" only when it is "of a kind and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan. . . ." 11 U.S.C. § 1125(a)(1).

Approval of a disclosure statement "involves a fact-specific inquiry into a particular plan to determine whether it possesses 'adequate information' under § 1125." *See e.g., In re Inonsphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1985).  Accordingly, what constitutes "adequate information" is to be "determined by the facts and circumstances of each case in the discretion of the bankruptcy court." *In re Galerie Des Monnaise of Geneva*, 55 B.R. 253, 259 (Bankr. S.D.N.Y. 1985) (citing the legislative history of § 1125).  In the absence of adequate information, a disclosure statement cannot be approved, and the Debtors cannot solicit acceptances of the Plan. *See* U.S.C. § 1125(b).

III. ARGUMENT

A. **The Disclosure Statement and Plan do Not Contain Adequate Information Regarding Stanley Consultants, Inc.**

The Disclosure Statement in the instant cases fails to provide adequate information that a hypothetical reasonable creditor, such as Stanley, would need to make an informed judgment about the Plan. First, the Disclosure Statement and Plan fail to provide sufficient detail regarding the treatment of Stanley's three Proofs of Claim for the planning, engineering and surveying services Stanley provided pursuant to written Agreements with: (1) Debtor entities Rhodes Homes Arizona LLC (Proof of Claim #52 in the amount of $3,467,733.00) and with (2) Rhodes Design and Development Corporation and Rhodes Ranch General Partnership (Proofs of Claim #48 and #49, respectively, in the amount of and $570,758.00)[1].

Stanley filed its three Proofs of Claim on August 5, 2009. The work performed by Stanley constitutes "Trade Claims" work but appears not to be included under Debtors' "C-1 Trade Claims" because Debtors identify the estimate amount or value of claims as only $500,000.00 to $1,500,000. *See Disclosure Statement, at 7:20-28.* Given that Stanley's claims alone exceed $1,500,000, Debtors have not included Stanley's claims in this classification and neither the Disclosure Statement or Plan explain how or why Stanley's claims are not being identified. And, although the Disclosure Statement and Plan reference the "Stanley Engineering Litigation", Debtors fail to account for Stanley's claims against the Debtors and have failed to file an objection to Stanley's three Proof of Claims.

Second, in their Disclosure Statement Debtors state that of the 453 claims filed, "at least 160 claimants have Filed Claims against the wrong Debtor entity. Therefore, there is confusion amongst the Creditor body as to which Debtor is the Debtor that is legally obligated on the Claim." *Disclosure Statement, at 30:19-21.* Although Debtors have objected to a limited number of claims, Debtors have not filed any where near 160 objections. Additionally, and as of the date

---

[1] Rhodes Design and Development Corporation and Rhodes Ranch General Partnership both entered into the written agreement with Stanley for the engineering services; hence Stanley's filing of the filing of the proofs of claim against each for those at Proofs of Claim 48 and 49.

of this filing, Debtors have failed to file any objections to Stanley's three Proofs of Claims.

Third, with respect to Stanley's three Proofs of Claim, the Disclosure Statement and Plan fail to provide any information regarding whether Debtors are objecting to Stanley's claims in their entirety or otherwise or whether Debtors believe that Stanley's claims were filed against the wrong Debtor entity. As such, the Disclosure Statement and Plan simply fail to provide Stanley with adequate information for Stanley to make an informed decision about the Plan.

Fourth, Stanley is unable to determine from the Disclosure Statement and Plan the basis for classifying Stanley's Proofs of Claim differently than other creditors holding similar claims. There is simply insufficient detail for Stanley to understand how its claims are being classified. Without more information, Stanley cannot make an informed decision regarding the Disclosure Statement and Plan.

Fifth, the Plan fails to include exhibits D and E. No explanation is given why these exhibits are referred to but not attached. If the Disclosure Statement and Plan are based upon these exhibits, then Stanley is entitled to review them. Likewise, the reorganization chart attached to Exhibit B of the Plan is illegible and, therefore, fails to provide sufficient information upon which Stanley can make an informed decision on the Disclosure Statement and the Plan.

### B. Unauthorized Transfer of Stanley's Intellectual Property

Stanley objects to the Disclosure Statement and Plan as it appears that Debtors are improperly attempting to transfer rights to Stanley's copyrighted intellectual property to the Rhodes Entities and/or Jim Rhodes upon reorganization without paying Stanley for the work and without obtaining Stanley's written permission. *See Plan, at 40-41. See also Exhibit 1, ¶¶21-22.*

According to Section E of the Disclosure Statement, Debtors appear to intend to transfer the assets to the Rhodes Entities (what Jim Rhodes will retain after the proposed reorganization) without requiring the Rhodes Entities to pay for the work Stanley performed, contrary to Stanley's copyrights and without Stanley's written permission. It further appears that the transfer will be without compensation to the Reorganized Debtors despite Debtors retaining the burden of the Stanley Engineering Litigation. *See Disclosure Statement at 42:7-13. See also See Plan, at 40-41.*

Article 14 of the Agreements with Debtors provides that any work performed by Stanley

remains the intellectual property of Stanley. *Exhibit 1, Frohnen Declaration.* Additionally, as Debtors have not paid Stanley for the work it performed, Debtors are not entitled to use the work performed by Stanley. *Id.* Furthermore, pursuant to the provisions of the Agreements, Debtors are prohibited from transferring the right to use the work without Stanley's written permission. *Id.* Also, pursuant to the terms of the Agreements Debtors entered into and pursuant to 17 U.S.C. 101, 204-205, upon payment for Stanley's work, Debtors only obtained a nontransferable right to use Stanley's copyrighted intellectual property. *Id.* Given that Debtors have failed to pay for the services provided by Stanley, Debtors are not entitled to use Stanley's work product.

Therefore, to the extent that the Disclosure Statement and Plan propose to the transfer Stanley's intellectual property and copyrighted material or the intellectual property of Stanley's subconsultants and/or propose to transfer derivative works based on Stanley's intellectual property, Stanley objects. Debtors do not own that material, have not paid for the right to use Stanley's work and, therefore, have no legal right to transfer ownership to any entity let alone transfer free and clear to entities that seek to take the benefits of the Agreements without the obligation of paying for Stanley's work.

For these reasons, Stanley objects to the Disclosure Statement and Plan.

DATED: October 20, 2009              ANDERSON, McPHARLIN & CONNERS LLP

By: _____
Janiece S. Marshall, Esq., Bar No. 4686
777 North Rainbow Blvd., #145
Las Vegas, NV  89107
Telephone: (702) 479-1010
Attorneys for Creditor, Stanley Consultants, Inc.

**CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL**

I am employed in Clark County. I am over the age of 18 years and not a party to this action. My business address is Anderson, McPharlin & Conners LLP, 777 North Rainbow Boulevard, Suite 145, Las Vegas, Nevada 89107.

I hereby certify that on this 20th day October, 2009, I did serve, via Electronic Mail by the ECF system (a copy of the U.S. Bankruptcy Court's ECF service list is attached), a copy of the above and foregoing **STANLEY CONSULTANTS, INC.'S OBJECTION TO SUFFICIENCY OF DISCLOSURE STATEMENT**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of October, 2009.

_____
JULIE A. GARCIA
Employee of ANDERSON, McPHARLIN & CONNERS LLP

732177.1 5835.005

# PARTIES

| | | |
|---|---|---|
| **COMMERCE ASSOCIATES, LLC**<br>c/o Janet L. Chubb<br>Jones Vargas<br>100 West Liberty St 12th Flr<br>P.O.Box 281<br>Reno, NV 89504<br>*Added: 04/17/2009*<br>*(Creditor)* | represented by | **JANET L. CHUBB**<br>JONES VARGAS<br>100 W LIBERTY ST 12TH FLR.<br>P. O. BOX 281<br>RENO, NV 89504-0281<br>(775) 786-5000<br>(775) 786 1177 (fax)<br>jlc@jonesvargas.com<br>*Assigned: 04/17/09* |
| **JANINA GUTHRIE**<br>1225 MONTEREY ST.<br>REDLANDS, CA 92373<br>*Added: 04/28/2009*<br>*(Creditor)* | | |
| **PALECEK**<br>PO BOX 225<br>RICHMOND, CA 94804<br>*Added: 04/28/2009*<br>*(Creditor)* | | |
| **JAMES RHODES**<br>c/o BRETT A. AXELROD, ESQ.<br>GREENBERG TRAURIG, LLP<br>3773 HOWARD HUGHES PKWY.<br>SUITE 400 NORTH<br>LAS VEGAS, NV 89169<br>702-792-3773<br>702-792-9002 (fax)<br>axelrodb@gtlaw.com<br>*Added: 04/14/2009*<br>*(Creditor)* | represented by | **BRETT A. AXELROD**<br>GREENBERG TRAURIG, LLP<br>3773 HOWARD HUGHES PKWY,<br>STE 400<br>LAS VEGAS, NV 89169<br>(702) 792-3773<br>(702) 792-9002 (fax)<br>lvecffilings@gtlaw.com<br>*Assigned: 04/14/09* |
| **SAGEBRUSH ENTERPRISES, INC.**<br>c/o BRETT AXELROD, ESQ.<br>GREENBERG TAURIG, LLP<br>3773 HOWARD HUGHES PARKWAY<br>SUITE 400 NORTH<br>LAS VEGAS, NV 89169<br>702-792-3773<br>702-792-9002 (fax)<br>axelrodb@gtlaw.com<br>*Added: 04/14/2009*<br>*(Creditor)* | represented by | **BRETT A. AXELROD**<br>GREENBERG TRAURIG, LLP<br>3773 HOWARD HUGHES PKWY,<br>STE 400<br>LAS VEGAS, NV 89169<br>(702) 792-3773<br>(702) 792-9002 (fax)<br>lvecffilings@gtlaw.com<br>*Assigned: 04/14/09* |
| **STEERING COMMITTEE OF SENIOR SECURED LENDERS**<br>*Added: 04/01/2009*<br>*(Creditor)* | represented by | **NILE LEATHAM**<br>3320 W SAHARA AVE #380<br>LAS VEGAS, NV 89102<br>(702) 362-7800<br>(702) 362-9472 (fax)<br>nleatham@klnevada.com<br>*Assigned: 04/01/09* |

| | | | |
|---|---|---|---|
| | | | TIMOTHY P. THOMAS<br>KOLESAR & LEATHAM, CHTD.<br>3320 WEST SAHARA AVENUE<br>SUITE 380<br>LAS VEGAS, NV 89101<br>(702) 362-7800<br>(702) 362-9472 (fax)<br>tthomas@klnevada.com<br>*Assigned: 04/16/09*<br>*LEAD ATTORNEY* |
| THE RHODES COMPANIES, LLC<br>4730 S. FT. APACHE #300<br>LAS VEGAS, NV 89147<br>Tax ID / EIN: 20-3613060<br>*Added: 03/31/2009*<br>*(Debtor)* | represented by | SHIRLEY S. CHO<br>10100 SANTA MONICA BLVD<br>11TH FLOOR<br>LOS ANGELES, CA 90067<br>(310) 277-6910<br>scho@pszjlaw.com<br>*Assigned: 05/06/09* |
| | | ZACHARIAH LARSON<br>LARSON & STEPHENS<br>810 S. CASINO CENTER BLVD.<br>SUITE 104<br>LAS VEGAS, NV 89101<br>(702) 382-1170<br>(702) 382-1169 (fax)<br>ecf@lslawnv.com<br>*Assigned: 03/31/09*<br>*LEAD ATTORNEY* |
| | | JAMES I STANG<br>10100 SANTA MONICA BLVD #1100<br>LOS ANGELES, CA 90067<br>*Assigned: 05/06/09* |
| U.S. TRUSTEE - LV - 11<br>300 LAS VEGAS BOULEVARD S.<br>SUITE 4300<br>LAS VEGAS, NV 89101<br>USTPRegion17.lv.ecf@usdoj.gov<br>*Added: 03/31/2009*<br>*(U.S. Trustee)* | represented by | EDWARD M. MCDONALD<br>OFFICE OF U.S. TRUSTEE<br>300 LAS VEGAS BLVD., SO., STE 4300<br>LAS VEGAS, NV 89101<br>(702) 388-6600<br>edward.m.mcdonald@usdoj.gov<br>*Assigned: 04/28/09* |
| WELLS FARGO BANK, N.A.<br>*Added: 04/16/2009*<br>*(Creditor)* | represented by | DON S DEAMICIS<br>1 INTERNATIONAL PL<br>BOSTON, MA 02210<br>(617) 951-7732<br>*Assigned: 04/16/09*<br>*LEAD ATTORNEY* |
| | | MARK R. SOMERSTEIN<br>1211 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036<br>*Assigned: 04/16/09*<br>*LEAD ATTORNEY* |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
777 NO. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

732177.1 5835.005

| | |
|---|---|
| **Westar Kitchen & Bath, LLC**<br>c/o Williams & Wiese<br>612 South Tenth Street<br>Las Vegas, NV 89101<br>*Added: 05/11/2009*<br>*(Creditor)* | represented by | **DONALD H. WILLIAMS**<br>501 S. RANCHO DR. #D-22<br>LAS VEGAS, NV 89106<br>(702) 320-7755<br>(702) 320-7760 (fax)<br>DonaldHWilliamsLaw@gmail.com<br>*Assigned: 05/11/09* |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
777 NO. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

732177.1 5835.005

4