# EXHIBIT 1

## DECLARATION OF DAVID FROHNEN

I, David Frohnen, hereby declare as follows:

1. I am over the age of eighteen years and, if called as a witness, could and would testify competently to the matters set forth herein from my own personal knowledge. Except as otherwise indicated herein, all facts set forth in this declaration are based on my personal knowledge, my discussions with other employees of Stanley Consultants, Inc., my review of relevant documents, and/or my opinions, relying on my experience in the industry and my knowledge of work performed by Stanley Consultants pursuant to written agreements with Debtors Rhodes Homes Arizona LLC, Rhodes Ranch General Partnership and Rhodes Design and Development Corporation in The Rhodes Homes, Bankruptcy Case No. 09-14814-LBR. I am authorized by Stanley Consultants, Inc. to submit this declaration.

2. I am a Vice President for Stanley Consultants, Inc. and the Manager of the Las Vegas office with over twenty-five years of professional work experience in engineering design and utility construction/operations, consulting, as well as a Utility Company Operations Executive and Engineering/Construction Manager. I have worked as a Consulting Engineer on land development and utility infrastructure projects in several states including Nevada, Arizona and California. I have also worked as the Engineering and Construction Manager for American Water Works Company in California, and as the Statewide Operations Director for Arizona-American Water Company.

3. I am a licensed engineer in five states: California, Nevada, Washington, Arizona, and Oregon. I also obtained a Certificate in Real Estate Studies from the University of Nevada at Las Vegas and have continuing education in Utility Finance and Accounting, residential land development and construction management.

4. Stanley entered into an agreement to provide planning, engineering and surveying services to Rhodes Homes Arizona LLC ("Rhodes Arizona") for various projects in Arizona. A true and correct copy of that Agreement and itemized statement of unpaid invoices are attached to Stanley's Proof of Claim #52 filed in this action.

5. Stanley fully performed its obligations to Rhodes Homes Arizona pursuant to the terms of the Agreement.

6. Rhodes Homes Arizona failed to pay Stanley for those services.

7. Stanley filed a Proof of Claim (#52) against Rhodes Homes Arizona in the amount of $3,467,733.00. Attached to Proof of Claim #52 is an itemized statement of invoices for which Stanley has not received payment from Rhodes Homes Arizona.

8. Stanley also entered into contracts with Rhodes Design and Development Corporation ("Rhodes Design") and Rhodes Ranch General Partnership ("Rhodes Ranch") to provide planning, engineering and surveying services for various projects in Arizona and Las Vegas, Nevada. A true and correct copy of that Agreement is attached to Stanley's Proofs of Claim #48 and 49.

9. Rhodes Design and Rhodes Ranch failed to pay Stanley for those services.

10. Stanley filed Proofs of Claim against Rhodes Design (#48) and Rhodes Ranch (#49) in the amount of in the amount of $575,768.00.

11. Stanley's Proofs of Claims (#48, #49 and #52) against these Debtors are for unsecured trade claims for services provided to Debtors prepetition.

12. Upon information and belief, Debtors have not filed an objection to Proof of Claims #48, #49 and #52 as of the date of this Declaration.

13. Pursuant to the terms of the above-referenced Agreements as well as pursuant to Certificate(s) of Registration from the United States Copyright Office, all work performed by Stanley remains the intellectual property of Stanley. True and correct copies of the Certificates of Registration for Stanley's work are attached as Exhibit 2 to Stanley's Objection to the Disclosure Statement.

14. Debtors upon payment of the Agreements would have obtained the right to use Stanley's copyrighted work.

15. As Debtors never paid Stanley for the work provided pursuant to the Agreements, Debtors have no right to use or transfer Stanley's work.

16. Even if Debtors had paid Stanley for its work, Debtors are required to obtain Stanley's written permission before transferring any of Stanley's work.

17. The license to use Stanley's copyrighted work is not transferable without Stanley's written permission.

18. Stanley has not granted Debtors permission to transfer any license for the work it performed.

19. Stanley, Debtors, Affiant, Jim Rhodes, Glenda Rhodes as well as other individuals and entities are in litigation over Debtors' failure to pay Stanley for the engineering services provided pursuant to the Complaint in the Superior Court of Arizona, Maricopa County, Case No. CV2006-001358.

20. Upon information and belief, the Arizona litigation has not been proceeding at the request of the Debtors upon their filing for bankruptcy.

21. Declarant has reviewed the Debtors' Disclosure Statement and Plan.

22. Based upon my review of the Disclosure Statement and Plan and my knowledge of the projects for which Stanley provided services to the Debtors, it appears that the Debtors are proposing to transfer Stanley's copyrighted work product to the Rhodes Entities without the permission of Stanley and without compensation to Stanley and/or even compensation to NEWCO.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 20 day of October, 2009.

By: _____
David Frohnen

757660.1 5835.005

3