1    James I. Stang, Esq. (CA Bar No. 94435)                    E-File: October 22, 2009
2    Shirley S. Cho, Esq. (CA Bar No. 192616)
     Werner Disse, Esq. (CA Bar No. 143458)
3    PACHULSKI STANG ZIEHL & JONES LLP
     10100 Santa Monica Blvd., 11th Floor
4    Los Angeles, California 90067-4100
     Telephone: 310/277-6910
5    Facsimile: 310/201-0760
     Email: jstang@pszjlaw.com
6           scho@pszjlaw.com
            wdisse@pszjlaw.com
7
8    Zachariah Larson, Esq. (NV Bar No. 7787)
     LARSON & STEPHENS
9    810 S. Casino Center Blvd., Ste. 104
     Las Vegas, NV  89101
10   Telephone:  702/382.1170
     Facsimile:  702/382.1169
11   Email: zlarson@lslawnv.com
12
     Attorneys for Debtors and
13   Debtors in Possession

14                  **UNITED STATES BANKRUPTCY COURT**

15                       **DISTRICT OF NEVADA**

16   In re:                                  Case No.: BK-S-09-14814-LBR
17                                           (Jointly Administered)
     THE RHODES COMPANIES, LLC, aka
18   "Rhodes Homes," et al.,[1]             Chapter 11

19                          Debtors.
20   Affects:                                Hearing Date:  November 16, 2009
     ☒       All Debtors                     Hearing Time:  9:30 a.m.
21

---

22   [1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache
23   Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-
24   14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843);
25   Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany
26   Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854);
27   Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP
28   (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

☐   Affects the following Debtor(s)          Courtroom 1

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING ADDITIONAL CATEGORIES FOR OMNIBUS OBJECTIONS TO CLAIMS; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

## I.

## RELIEF SOUGHT

There are a significant number of claims (the "Claims") that have been filed or scheduled in the cases of the above-captioned debtors and debtors in possession (the "Debtors").  As the cases progress, the Debtors anticipate preparing and filing an increasing number of objections to invalid Claims.  However, the preparation of individual pleadings for each objection to a Claim (each, an "Objection") would be a time-consuming and expensive process.  Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3007(d) lists certain categories of claims that may be filed together as omnibus objections.  By this Motion, the Debtors seek permission to file omnibus objections (the "Omnibus Objections") for the following additional categories of Claims that are not necessarily covered by one of the existing categories under Bankruptcy Rule 3007(d) (the "Additional Categories"):

(1)     Books & Records:  Objections that seek to reduce or disallow Claims to reconcile differences between the asserted Claim and the Debtors' books and records for any reason, including because (i) the Claim was paid or satisfied in whole or in part, (ii) the Claim is asserted in an improper amount based on arithmetical errors, (iii) the amount of the Claim conflicts with the applicable supporting documentation or the Debtors' books and records, (iv) the Claim is filed as a protective claim based on a contingency that has not occurred (such as a Claim filed by a contract counterparty in anticipation of a potential rejection of the underlying agreement or claims for indemnification or contribution), or (v) the Claim otherwise includes amounts that are not liabilities of the Debtors;

(2)     Scheduled Claims:  Objections to Claims that were listed in the Debtors' Schedules of Assets and Liabilities whereby the scheduled amount is no longer the current amount owing based on payments in the ordinary course of business or because the amounts originally scheduled were incorrect for any reason;

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

(3)    <u>Claims against Non-Debtors</u>:  Objections to Claims that are owed by entities other than the Debtors; and

(4)    <u>Classification of Claims</u>:  Objections that seek, in whole or in part, to reclassify the asserted class of a Claim (including a Claim that asserts that it is a secured claim) for any reason, including (i) the claimant's failure to provide appropriate documentation in support of the proposed classification, or (ii) the failure to meet the necessary legal and factual standards for asserting a Claim with the asserted priority or against the identified Debtor.

The Omnibus Objections for the Additional Categories would continue to be governed by Bankruptcy Rule 3007 and Local Rule 3007 in the same way as any other omnibus objections. The Debtors agree to attach copies of the relevant proofs of claim to the Omnibus Objections. Furthermore, the Debtors will limit each Omnibus Objection to one category of objection.

## II.

## SUPPORTING AUTHORITY

Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a); *see also Wrenn v. American Cast Iron Pipe Co. (In re Wrenn)*, 40 F.3d 1162, 1166 (11th Cir. 1994).  Bankruptcy Rule 3001 states that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See* Fed. R. Bankr. Proc. 3001.  Under section 1111(a) of the Bankruptcy Code, the Scheduled Claims also are treated as proofs of claim. *See* 11 U.S.C. § 1111(a) ("A proof of claim…is deemed filed under section 501 of this title for any claim…that appears in the schedules…except a claim…that is scheduled as disputed, contingent or unliquidated."). Accordingly, all of the approximately 450 Claims in these cases must be reviewed for possible objection or resolution as part of the claims process.

Authority exists to modify certain of the requirements set forth in Bankruptcy Rule 3007(d) pursuant to section 105(a) of the Bankruptcy Code.  Section 105(a) provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. §

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

105(a).  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of the debtor's assets.  *See Kaiser Aero. & Elecs. Corp. v. Teledyne Indus., Inc.*, 229 B.R. 860, 871 (S.D. Fla. 1999) ("Section 105(a)'s broad statutory directive that bankruptcy courts shall have the power to issue any order necessary to effectuate a Chapter 11 plan is consistent with the general understanding that these tribunals are courts of equity"); *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citation omitted); *see also Bird v. Crown Convenience (In re NWFX, Inc.)*, 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy. . . is that equitable principles govern.") (citations omitted).

Permitting the Debtors to file omnibus objections with respect to the above-listed Additional Categories of Claims will facilitate the expeditious reconciliation of Claims and actions filed against the Debtors, while reducing unnecessary expense and effort by the Debtors, their creditors, other parties in interest and this Court.  Accordingly, the Debtors respectfully submit that the relief sought in this Motion is in the best interests of the Debtors' estates.

### III.

### <u>CONCLUSION</u>

For the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, authorizing the Debtors to file omnibus objections with respect to the Additional Categories, and granting such other and further relief as is appropriate.

**DATED** this 22nd day of October, 2009.

LARSON & STEPHENS

 */s/ Zachariah Larson, Esq.*
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

# DECLARATION OF PAUL D. HUYGENS

I, Paul D. Huygens, declare as follows:

1.      I am the Senior Vice President of Special Projects for the above-captioned debtors and debtors in possession (the "Debtors").  I submit this Declaration in support of the *Debtors' Motion for Entry of an Order Authorizing Additional Categories for Omnibus Objections to Claims* (the "Motion").

2.      Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (my own or that gathered from others within the Debtors' organization), my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors.  If called upon to testify, I would testify to the facts set forth in this Declaration.

3.      All of the approximately 450 claims in these cases must be reviewed for possible objection or resolution as part of the claims process.

4.      Permitting the Debtors to file omnibus objections with respect to the additional categories of claims described in the Motion (the "Additional Categories") will facilitate the expeditious reconciliation of claims and actions filed against the Debtors, while reducing unnecessary expense and effort by the Debtors, their creditors, other parties in interest and this Court.  Accordingly, I believe that authorizing the Debtors to file omnibus objections with respect to the Additional Categories will be a benefit to the Debtors' estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 22nd day of October, 2009, at Las Vegas, Nevada.

_____
/s/
Paul D. Huygens

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

1

**EXHIBIT "A"**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

1
2
3
4
5
6
7

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

8              **UNITED STATES BANKRUPTCY COURT**

9                    **DISTRICT OF NEVADA**

10  In re:                                    Case No.: BK-S-09-14814-LBR
                                              (Jointly Administered)
11
    THE RHODES COMPANIES, LLC, aka
12  "Rhodes Homes," et al.,[1]                Chapter 11

13              Debtors.

14  Affects:

15  ☒   All Debtors
    ☐   Affects the following Debtor(s)
16

17       **ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER
18          AUTHORIZING ADDITIONAL CATEGORIES FOR OMNIBUS
                OBJECTIONS TO CLAIMS – [DOCKET NO. _____]**
19

20
21
22

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

Upon consideration of *Debtors' Motion for Entry of an Order Authorizing Additional Categories for Omnibus Objections to Claims* [Docket No. __] (the "Motion")**[2]**, and good cause appearing,

IT IS HEREBY ORDERED THAT

1.      The Motion is granted.

2.      The Debtors are authorized to file Omnibus Objections with respect to the Additional Categories.

3.      All Omnibus Objections for the Additional Categories will be governed by Bankruptcy Rule 3007 and Local Rule 3007.

4.      The Debtors shall attach copies of the relevant proofs of claim to the Omnibus Objections.

5.      The Debtors shall limit each Omnibus Objection to one category of objection.

APPROVED/ DISAPPROVED:

DATED this _____ day of November 2009.

By: _____
UNITED STATES TRUSTEE
August B. Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

Submitted by:
DATED this 16th day of November 2009.

By: /s/ Zachariah Larson _____
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorneys for Debtors*

---

[2]  Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Motion.

## LR 9021 Certification

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

___ No parties appeared or filed written objections, and there is no trustee appointed in the case.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.

Submitted by:
DATED this 16th day of November 2009.

By: /s/ Zachariah Larson
        LARSON & STEPHENS
        Zachariah Larson, Esq. (NV Bar No 7787)
        Kyle O. Stephens, Esq. (NV Bar No. 7928)
        810 S. Casino Center Blvd., Ste. 104
        Las Vegas, NV 89101
        (702) 382-1170 (Telephone)
        (702) 382-1169
        zlarson@lslawnv.com
        Attorneys for Debtors

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169