James I. Stang, Esq. (CA Bar No. 94435)                    E-File:  October 22, 2009
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>            Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382.1170   Fax: (702) 382-1169

| | |
|---|---|
| Affects: Affects:<br><br>☐   All Debtors<br><br>☒   Affects the following Debtor(s):<br><br>Rhodes Homes Arizona,<br>Rhodes Design & Development Corp., and<br>Pinnacle Grading, LLC | Hearing Date:  November 16, 2009<br>Hearing Time:  9:30 a.m.<br>Courtroom 1 |

**DEBTORS' MOTION FOR ORDER AUTHORIZING PAYMENT OF CERTAIN PREPETITION SALES AND USE TAXES AND REAL PROPERTY TAXES; <u>DECLARATION IN SUPPORT THEREOF</u>**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby submit this motion ("the "<u>Motion</u>") pursuant to sections 105(a), 363(b), and 507(a)(8) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") for an order authorizing the Debtors to pay certain prepetition sales and use taxes.  In support of the Motion, the Debtors respectfully represent as follows:

**I.**

**<u>JURISDICTION AND VENUE</u>**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Debtors' chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief sought herein are Bankruptcy Rule 1007(a)(4) and (c).

3.      On March 31, 2009, the above-captioned Debtors (the "<u>Primary Filers</u>") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "<u>Secondary Filers</u>") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On April 1, 2009, the Secondary Filers filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

4.      The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

LARSON & STEPHENS<br>810 S. Casino Center Blvd., Suite 104<br>Las Vegas, Nevada 89101<br>Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

## II.

### RELIEF REQUESTED

5.    The Debtors request entry of an order pursuant to sections 1107 and 1108 of the Bankruptcy Code authorizing the Debtors to pay, in their sole discretion, certain sales and use taxes and real property taxes as set forth on Exhibit A (the "Taxes") accruing prior to the Petition Date in the aggregate amount of $148,773.63 to the appropriate taxing authority plus any penalties and interest thereon (the "Taxing Authorities").  In support of the relief requested in this Motion, the Debtors submit the Declaration of Paul Huygens, which is attached hereto ("Huygens Declaration").

## III.

### THE TAXES

7.     In the ordinary course of their business, the Debtors incur sales and use taxes for materials purchased in their construction activities.  The Debtors had previously filed a motion to pay sales and use taxes at the beginning of these cases, which was granted on May 18, 2009 (Docket No. 179).   Since the filing of that motion, the Debtors have received an additional invoice for sales and use taxes owing in Arizona.  The Debtors have determined that there are $44,412.02 in sales and use taxes owing to the State of Arizona.

8.    The Debtors also incur real estate taxes in the ordinary course of business in connection with real estate that they own.  The Debtors estimate that there is approximately $104,000 owing on account of pre-petition real property taxes.

9.    The Debtors are obligated to pay the Taxes in full on the Effective Date of the plan of reorganization pursuant to the terms of the Bankruptcy Code.  For example, in the case of the real property taxes, Mohave County charges a 16% annual interest rate for late real property taxes.  Given the rate of penalties and late fees accruing on the Taxes, the Debtors believe that payment of these Taxes now is in the best interest of the Debtors' estates and will result in cost savings.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.**

**BASIS FOR REQUESTED RELIEF**

**A.**    **The Sales & Use Taxes are Not Property of the Debtors' Estates**

To the extent that the Debtors have collected Sales and Use Taxes from third parties, the Debtors submit that such amounts are not part of the Debtors' estates under section 541(a) of the Bankruptcy Code; rather, such amounts constitute "trust fund" taxes that are held for the benefit of the Taxing Authorities. *See, Begier v. Internal Revenue Service*, 496 U.S. 53 (1990) (taxes such as excise taxes, FICA taxes and withholding taxes are property held by a debtor in trust for another, and as such, do not constitute property of the estate); *Kannry & Morton, Inc. v Norcal Elecs., Inc. (In re Kannry & Morton, Inc.)*, 91 B.R. 93, 94 (Bankr. N.D. Cal. 1998); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3d Cir. 1994); *In re Al Copeland Enterprises, Inc.*, 991 F.2d 233 (5th Cir. 1993) (debtor's prepetition collection of sales taxes and interest on the tax were held subject to trust for the state and were not property of the estate).  Accordingly, because payment of the sales and use taxes contemplated herein does not implicate property of the estates, such payments will not otherwise be available to the Debtors' estates or their creditors.

Additionally, many state statutes, including those of certain states in which the Debtors do business, hold officers and directors of collecting entities personally liable for sales and use taxes owed by those entities. *See, e.g.,* Nev. Rev. Stat. § 360.297 (2008).  To the extent that any sales and use taxes remain unpaid by the Debtors, the officers and directors of the Debtors may be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases. *See, e.g., John F. Olson, et al., Director & Officer Liability: Indemnification and Insurance* § 3.04, at 3-20.27 (rel.10-1999) ("some states hold corporate officers personally liable for any sales tax and penalty owed and not paid by the corporation, regardless of cause").  Any such lawsuit or criminal prosecution (and the ensuing potential liability) would distract the Debtors and their officers and directors in their attempt to implement a successful bankruptcy strategy, to the detriment of all parties in interest in these chapter 11 cases and could result in indemnification claims.

4

**B.**   <u>Payment of the Taxes Is Authorized Under Sections 105, 362, 363, 1107 of the Bankruptcy Code</u>

The Taxes, including the real property taxes, are afforded priority status under section 507(a)(8) of the Bankruptcy Code. These include unsecured claims of governmental units for a property tax incurred before the Petition Date and last payable without penalty after one year before the petition date (§507(a)(8)(B)) and taxes required to be collected or withheld and for which the debtor is liable in whatever capacity (§507(a)(C)) which would include sales, use, and real property taxes. As priority claims, the Taxes must be paid in full before any general unsecured obligations of a Debtor may be satisfied. *See* § 1129(b)(2)(B)(ii); *see also, e.g. Bank of America Nat. Trust and Sav. Ass'n. v. 203 North LaSalle Street, Partnership*, 526 U.S. 434 (S.Ct. 1999) (describing absolute priority rule). Because the Taxes must be paid in connection with the plan, the Motion merely alters the timing of the payment of these claims.

Furthermore, Courts have recognized additional statutory provisions as valid authority for the relief requested herein. For instance, courts have found a basis for allowing debtors to make payments to creditors under section 363 of the Bankruptcy Code. *See, e.g., In re UAL Corp.*, Case No. 02-48 191 (ERW) (Bankr. N.D. III. Dec. 11, 2002). Authority for such payments also may be found in sections 1107(a) and 1108 of the Bankruptcy Code, which vest debtors in possession with authority to continue operating their businesses. Sometimes this duty and the concomitant fiduciary duty to maximize estate value may be fulfilled only through the pre-plan payment of certain unsecured claims. *See, e.g., In re Mirant Corp.*, 296 BR. 427 (Bankr. N.D. Tex. 2003); *In re CoServ. L.L.C.*, 273 BR. 487, 498 (Bankr. N.D. Tex. 2002). Furthermore, relief similar to that requested herein has been approved in this District. *See, In re Lake at Las Vegas Joint Venture, LLC, et al.*, Case No. 08-17814-LBR (Bankr. D. Nev. July 24, 2008).

The Debtors submit that the present circumstances warrant similar relief in these chapter 11 cases to preserve the Debtors' assets. The Debtors believe that the Taxing Authorities may impose costly penalties or late payment of the Taxes, including, but not limited to interest charges. Because of the rate of the late fees accruing, the Debtors believe that paying the Taxes in advance of the proposed Effective Date will be a cost savings to the estates and the creditors.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREFORE the Debtors respectfully request entry of an order substantially in the form attached hereto granting the relief requested herein and such other an further relief as the Court may deem just and appropriate.

Dated:     October 22, 2009          LARSON & STEPHENS

                                      /s/Zachariah Larson
                                      Zachariah Larson, Esq. (NV Bar No. 7787)
                                      810 S. Casino Center Blvd., Ste. 104
                                      Las Vegas, Nevada  89101

                                      Counsel for Debtors and
                                      Debtors in Possession

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**

**Tel: (702) 382-1170   Fax: (702) 382-1169**

1

## DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF MOTION

2    I, Paul D. Huygens, declare as follows:

3        1.      I am the Senior Vice President of Special Projects for the above-captioned debtors

4    and debtors in possession (the "Debtors").  I submit this Declaration in support of the Debtors'

5    Motion for Order Authorizing Payment of Certain Prepetition Sales and Use Taxes and Real

6    Property Taxes (the "Motion").

7        2.      Except as otherwise stated, all facts contained within this Declaration are based

8    upon personal knowledge (my own or that gathered from others within the Debtors'

9    organization), my review of relevant documents, or my opinion based upon my experience

10    concerning the operations of the Debtors.  If called upon to testify, I would testify to the facts set

11    forth in this Declaration.

12        3.      By the Motion, the Debtors request authority to pay the Taxes on Exhibit A

13    hereto, which were incurred pre-petition.

14        4.      In the ordinary course of their business, the Debtors incur sales and use taxes for

15    materials purchased in connection with their construction activities.   Since the time that the

16    Debtors filed their first motion to pay sales and use taxes at the beginning of these cases, the

17    Debtors have received an additional invoice for sales and use taxes owing in Arizona.  The

18    Debtors have determined that there are $44,412.02 in sales and use taxes owing to the State of

19    Arizona.  The Debtors believe that the applicable Debtor obligor will be assessed penalties by the

20    State of Arizona depending on when the payment of the sales and use taxes is made, which they

21    request authority to pay, in their sole discretion.

22        5.      The Debtors also incur real property taxes in the ordinary course of business in

23    connection with real estate that they own.  The Debtors estimate that there is approximately

24    $104,000 owing on account of pre-petition real property taxes.  The Debtors also request

25    authority to pay any applicable penalties or late fees which may be assessed by the Taxing

26    Authorities, which they request authority to pay, in their sole discretion.  In the case of the real

27    property taxes, Mohave County charges a 16% annual interest rate for late real property taxes.

28

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

7

6.       Given the rate of penalties and late fees accruing on the Taxes, I believe that payment of these Taxes now is in the best interest of the Debtors' estates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of October at Las Vegas, Nevada.

/s/Paul D. Huygens
Paul D. Huygens

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

Tel: (702) 382-1170   Fax: (702) 382-1169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1
2
3
4
5
6
7
8      **UNITED STATES BANKRUPTCY COURT**

9      **DISTRICT OF NEVADA**

10

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] | Chapter 11 |
| Debtors. | |
| Affects: <br> ☐ All Debtors <br> ☒ Affects the following Debtor(s): <br> Rhodes Homes Arizona, <br> Rhodes Design & Development Corp., and <br> Pinnacle Grading, LLC | Hearing Date:  November 16, 2009 <br> Hearing Time:  9:30 a.m. <br> Courtroom 1 |

11
12
13
14
15
16
17
18
19      **ORDER AUTHORIZING PAYMENT OF**
20      **CERTAIN PREPETITION SALES AND USE TAXES AND REAL PROPERTY TAXES;**

21
22   [1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

23
24
25
26
27
28

73203-002\DOCS_LA:209686.11

## DECLARATION IN SUPPORT THEREOF [DOCKET NO. ____]

Upon consideration of the *Debtors' Motion Authorizing Payment of Certain Prepetition Sales and Use Taxes and Real Property Taxes* [Docket No.____] (the "Motion"),[2] filed by the applicable Debtors, IT IS HEREBY ORDERED THAT:

1.    The Motion is approved.

APPROVED / DISAPPROVED:

DATED this ____ day of November 2009

By: _____
UNITED STATES TRUSTEE
August B. Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

Submitted by:
DATED this ____ day of November 2009

By: */s/ Zachariah Larson*          
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorneys for Debtors*

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

73203-002\DOCS_LA:209686.11

# EXHIBIT A

| Vendor | Name | Bal | Description |
|---|---|---:|---|
| 13101 | Mohave County Assessor | 110.00 | Sep of parcels fee |
| 13282 | Mohave County Treasurer | 16.50 | Pcl #21501093 |
| 13282 | Mohave County Treasurer | 16.50 | Pcl #21501094 |
| 13282 | Mohave County Treasurer | 16.50 | Pcl #21501095 |
| 13282 | Mohave County Treasurer | 16.50 | Pcl #21501096 |
| 13282 | Mohave County Treasurer | 16.50 | Pcl #21501097 |
| 13282 | Mohave County Treasurer | 16.50 | Pcl #21501098 |
| 13282 | Mohave County Treasurer | 1,895.15 | Pcl #21501115 |
| 13282 | Mohave County Treasurer | 19,900.76 | Pcl #21501116 |
| 13282 | Mohave County Treasurer | 1,124.55 | Pcl #21517005 |
| 13282 | Mohave County Treasurer | 1,125.98 | Pcl #21517006 |
| 13282 | Mohave County Treasurer | 1,124.01 | Pcl #21517009 |
| 13282 | Mohave County Treasurer | 1,515.79 | Pcl #21711147 5480 S. Peridot |
| 13282 | Mohave County Treasurer | 174.19 | Pcl #21711148 5448 S. Peridot |
| 13282 | Mohave County Treasurer | 1,820.15 | Pcl #21711156 5321 S. Topaz |
| 13282 | Mohave County Treasurer | 246.25 | Pcl #21711182 5320 S. Topaz |
| 13282 | Mohave County Treasurer | 1,820.23 | Pcl #21711212 5484 S. Alexandr |
| 13282 | Mohave County Treasurer | 1,020.21 | Pcl #21711222 5417 S. Opal Rd. |
| 13282 | Mohave County Treasurer | 2,412.96 | Pcl #30624091 |
| 13282 | Mohave County Treasurer | 9,154.32 | Pcl #30624115 1825 S. Aztec |
| 13282 | Mohave County Treasurer | 9,071.64 | Pcl #30624116 1807 S. Aztec |
| 13282 | Mohave County Treasurer | 4,664.54 | Pcl #30630006 |
| 13282 | Mohave County Treasurer | 4,703.15 | Pcl #30630011 |
| 13282 | Mohave County Treasurer | 2,675.68 | Pcl #30642001 1094 S. Aztec |
| 13282 | Mohave County Treasurer | 963.85 | Pcl #30663009 |
| 13282 | Mohave County Treasurer | 963.85 | Pcl #30663010 |
| 13282 | Mohave County Treasurer | 963.85 | Pcl #30663011 |
| 13282 | Mohave County Treasurer | 963.85 | Pcl #30663012 |
| 13282 | Mohave County Treasurer | 963.85 | Pcl #30663013 |
| 13282 | Mohave County Treasurer | 4,536.35 | Pcl #30663017 4536 W. Dora |
| 13282 | Mohave County Treasurer | 2,837.53 | Pcl #30663018 4528 W. Dora |
| 13282 | Mohave County Treasurer | 1,979.79 | Pcl #30642008A 1156 S. Aztec |
| 13282 | Mohave County Treasurer | 919.83 | Pcl #35434045A |
| | Clark County Treasurer | 24,610.30 | Spanish Hills MF property taxes |
| | State Of Arizona | 44,412.02 | Pinnacle Sales and Use Tax |
| | GRAND TOTAL | 148,773.63 | |