ROGER J. GRANT, ESQ., NVB: 004103
CHARLES M. LITT, ESQ., NVB:006040
DANIEL CLIFFORD, ESQ., NVB: 007656
FEINBERG GRANT MAYFIELD
KANEDA & LITT, LLP
1955 Village Center Circle
Las Vegas, Nevada 89134
(702) 947-4900 / (702) 947-4901 FAX

Attorneys for Movant

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | CASE NO.:  BK-S-09-14814 |
| R H O D E S   D E S I G N   A N D DEVELOPMENT   CORPORATION,   a Nevada corporation; RHODES RANCH GENERAL PARTNERSHIP, a Nevada general partnership; | *Motions previously filed in the following cases in error: BK-S-09-14844 and BK-S-09-148646* |
| | CHAPTER:  11 |
| | JUDGE LINDA B. RIEGLE |
| Debtors. | |
| THE   PRESERVE   AT   ELKHORN S P R I N G S   H O M E O W N E R S ASSOCIATION, INC., a Nevada non-profit corporation; | EX PARTE MOTION TO WITHDRAW AND REMOVE COUNSEL FROM CM/ECF SERVICE LIST |
| Movant, | |
| v. | |
| R H O D E S   D E S I G N   A N D DEVELOPMENT   CORPORATION,   a Nevada corporation; RHODES RANCH GENERAL PARTNERSHIP, a Nevada general partnership; | Hearing Date:        n/a Hearing Time:        n/a |
| Respondents. | |

**COMES NOW** Movant, The Preserve at Elkhorn Springs Homeowners Association, Inc., by and through its counsel, Daniel H. Clifford, Esq. of the law firm of Feinberg Grant Mayfield Kaneda & Litt, LLP to bring this Ex Parte Motion to

1  Withdraw and Remove Counsel from the CM/ECF Service List.

2      Movant entered this bankruptcy action for the sole purpose of obtaining a relief

3  from the bankruptcy stay to allow settlement to occur between Movant and Debtors in

4  District Court Case Number A536359.

5      On October 19, 2009, an Order Approving Motion of Debtor for order Approving

6  Settlement Agreement With the Preserve at Elkhorn Springs Homeowners Association

   Pursuant to Bankruptcy Rule 9010 - [Docket No. 472] was entered in this case. A true

7  and correct copy of the Notice of Entry of Order is attached hereto as Exhibit "A".

8      Counsel therefore requests that Movant, Preserve at Elkhorn Springs

9  Homeowners Association, be allowed to withdraw from this case and be removed from

10 the CM/ECF service list in this proceeding.

11 DATED: October 27, 2009                FEINBERG GRANT MAYFIELD
                                          KANEDA & LITT, LLP
12
13                                        s:/Daniel H. Clifford, Esq.
                                          DANIEL CLIFFORD, ESQ., NVB: 007656
14                                        1955 Village Center Circle
                                          Las Vegas, Nevada 89134
15
16                                        Attorneys for Movant, The Preserve at
                                          Elkhorn Springs Homeowners Association, Inc.
17

18

19

20                        **CERTIFICATE OF E-SERVICE**

21      The below hereby certifies that on the 27th day of October, 2009, she submitted

22 EX PARTE MOTION TO WITHDRAW AND REMOVE COUNSEL FROM CM/ECF

23 SERVICE LIST to the court for electronic filing and for service upon parties on the

24 Court's service list for the above-referenced case.

25
26                                        s:/ Robin Black
                                          An employee of the law firm of FEINBERG
27                                        GRANT MAYFIELD KANEDA & LITT, LLP

28
                                          - 2 -

# EXHIBIT A

1   James I. Stang, Esq. (CA Bar No. 94435)                    E-File: October 19, 2009
    Shirley S. Cho, Esq. (CA Bar No. 192616)
2   Werner Disse, Esq. (CA Bar No. 143458)
3   PACHULSKI STANG ZIEHL & JONES LLP
    10100 Santa Monica Blvd., 11th Floor
4   Los Angeles, California 90067-4100
    Telephone: 310/277-6910
5   Facsimile: 310/201-0760
    Email: jstang@pszjlaw.com
6          scho@pszjlaw.com
           wdisse@pszjlaw.com
7
8   Zachariah Larson, Esq. (NV Bar No. 7787)
    LARSON & STEPHENS
9   810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
10  Telephone:  702/382.1170
    Facsimile:  702/382.1169
11  Email: zlarson@lslawnv.com
12
    Attorneys for Debtors and
13  Debtors in Possession

14              **UNITED STATES BANKRUPTCY COURT**

15                    **DISTRICT OF NEVADA**

16  In re:                                    Case No.: BK-S-09-14814-LBR
                                              (Jointly Administered)
17
    THE RHODES COMPANIES, LLC, aka
18  "Rhodes Homes, et al.,[1]                 Chapter 11

19              Debtors.

20  _____

21  [1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-
        14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817);
22      Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho
        Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited
23      Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc.
        (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J
24      Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design
        and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany
25      Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany
        Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch
26      Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No.
        09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-
27      14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC
        (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC
28      (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Affects:
☐     All Debtors
☒     Affects the following Debtor(s)
Rhodes Design and Development Corporation

## NOTICE OF ENTRY OF ORDER

**TO: ALL INTERESTED PARTIES:**

YOU ARE HEREBY NOTICED that an **ORDER APPROVING MOTION OF DEBTOR FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION PURSUANT TO BANKRUPTCY RULE 9019 – [DOCKET NO. 472]** was entered on October 19, 2009. A copy of the Order is attached hereto.

**DATED** this 19th day of October, 2009.

**LARSON & STEPHENS**


 /s/ Zachariah Larson. Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Attorneys for Debtor

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 6 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 17:48:32    Page 3 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 1 of 27

1

2

3    **Entered on Docket**
     **October 19, 2009**

4                                              Hon. Linda B. Riegle
                                            United States Bankruptcy Judge
5

6

7                         **UNITED STATES BANKRUPTCY COURT**
                                    **DISTRICT OF NEVADA**
8
     In re:                                    Case No.: BK-S-09-14814-LBR
9                                              (Jointly Administered)
     THE RHODES COMPANIES, LLC, aka
10   "Rhodes Homes," et al.,[1]                 Chapter 11
                         Debtors.
11
     Affects:                                  Hearing Date:  October 2, 2009
12      ☐  All Debtors                          Hearing Time:  1:30 p.m.
        ☒  Affects the following Debtor(s)      Courtroom 1
13   Rhodes Design and Development Corporation

14

15          **ORDER APPROVING MOTION OF DEBTOR FOR ORDER APPROVING**
         **SETTLEMENT AGREEMENT WITH THE PRESERVE AT ELKHORN SPRINGS**
16       **HOMEOWNERS ASSOCIATION PURSUANT TO BANKRUPTCY RULE 9019 –**
                                **[DOCKET NO. 472]**
17
              Upon consideration of the *Motion of Debtor for Order Approving Settlement Agreement*
18
     *with the Preserve at Elkhorn Springs Homeowners Association Pursuant to Bankruptcy Rule*
19
     *9019)* (the "<u>Motion</u>") [Docket No. 472], and good cause appearing,
20

21   _____
     [1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-
22   14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache
     Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case
23   No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-
     14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa,
24   LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843);
     Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No.
25   09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany
     Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany
26   Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow,
     LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP
27   (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No.
     09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-
28   14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

     LARSON & STEPHENS
     810 S. Casino Center Blvd., Suite 104
     Las Vegas, Nevada 89101
     Tel: (702) 382-1170   Fax: (702) 382-1169

     73203-002\DOCS_LA:208535.1

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 7 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 17:48:32    Page 4 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 2 of 27

IT IS HEREBY ORDERED THAT

1. The Motion is GRANTED.

2. The Settlement Agreement and Mutual Release (the "Settlement Agreement"), attached hereto as Exhibit A, is hereby approved in its entirety.

3. The Debtors are authorized to take such actions and execute and deliver any documents or other instruments that may be reasonably necessary to consummate the terms of the Settlement Agreement.

4. This Court retains jurisdiction (i) to issue any order necessary or appropriate for the interpretation, implementation or enforcement of the Settlement Agreement, and (ii) over any and all disputes between or among the parties thereto, whether in law or equity, arising out of or relating to the Settlement.

APPROVED/DISAPPROVED:

DATED this 2nd day of October 2009.

By: _Edward M. McQuarly_

UNITED STATES TRUSTEE
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV 89101

**Prepared and submitted by:**

FEINBERG GRANT MAYFIELD
KANEDA & LITT, LLP

By:  /s/ Daniel Clifford, Esq.
Daniel Clifford, Esq., Bar No. 007656
1955 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 947-4900
Fax: (702) 947-4901
*Attorneys for Movant*

LARSON & STEPHENS

By: /s/ Zachariah Larson
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
(702) 382-1170 (Telephone)
(702) 382-1169 (Facsimile)
zlarson@lslawnv.com
*Counsel for Debtors*

LARSON & STEPHENS
810 S. Casino Center Blvd, Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:208535.1

2

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 8 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 17:48:32    Page 5 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 3 of 27

## LR 9021 Certification

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

_X_ No parties appeared or filed written objections, and there is no trustee appointed in the case.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.


Submitted by:
DATED this 2nd day of October, 2009.

By: /s/ Zachariah Larson
    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
    (702) 382-1170 (Telephone)
    (702) 382-1169
    zlarson@lslawnv.com
    Attorneys for Debtors

**LARSON & STEPHENS**
810 S. Casino Center Blvd, Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 9 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 17:48:32    Page 6 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 4 of 27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**LARSON & STEPHENS**
810 S. Casino Center Blvd, Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:208535.1

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 10 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 17:48:32    Page 7 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 5 of 27

ORIGINAL

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual release (hereinafter the "AGREEMENT") is made among and between the Plaintiff, THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC. (hereinafter referred to as "PLAINTIFF"); Defendant/Third-Party Plaintiff, RHODES DESIGN & DEVELOPMENT CORPORATION (hereinafter referred to as "RHODES"); and Third-Party Defendants, DELTA PLASTERING AND STUCCO INC.; K. H. LANDSCAPE AND MAINTENANCE, INC.; MARV BLACK MASONRY, INC.; R.A.M.M. CORPORATION; SOUTHERN NEVADA PAVING, INC.; STEWART & SUNDELL, INC.; WERCO, INC.; and WESTERN STATES CONTRACTING, INC. (hereinafter collectively referred to as "SETTLING SUBCONTRACTORS").

PLAINTIFF, RHODES and SETTLING SUBCONTRACTORS are at all times collectively referred to herein as the "SETTLING PARTIES" or individually as a "SETTLING PARTY."

## I.   RECITALS

A.    Whereas, there is currently pending in the District Court of the State of Nevada for the County of Clark an action entitled <u>The Preserve at Elkhorn Springs HOA, Inc. vs. Rhodes Design & Development Corporation, et. al.</u>, Case No. A536359 (hereinafter referred to as "SUBJECT ACTION"); and

B.    Whereas the SUBJECT ACTION involves CLAIMS for monetary damages arising from the alleged defective construction by RHODES and the SETTLING SUBCONTRACTORS of the common areas of The Preserve at Elkhorn Springs project located at Elkhorn and Buffalo in Las Vegas, Nevada (hereinafter referred to as "SUBJECT PROPERTY") and whereas, during the course of construction, RHODES hired various design professionals, subcontractors and material

-1-

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 11 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 17:48:32    Page 8 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 6 of 27

suppliers, including the SETTLING SUBCONTRACTORS, to construct the SUBJECT PROPERTY, other improvements, and the appurtenances related thereto; and

C.      Whereas, on or about January 5, 2006, the PLAINTIFF sent RHODES a notice pursuant to NRS Chapter 40 alleging various constructional defects regarding the SUBJECT PROPERTY, and whereas PLAINTIFF also filed a Complaint against RHODES on February 16, 2007, for the same construction defect claims asserting causes of action for breach of implied warranties, breach of express warranties, and negligence; and

D.      Whereas RHODES provided NRS Chapter 40 notices to those subcontractors, including the SETTLING SUBCONTRACTORS, whose scope of work was implicated by the PLAINTIFF's construction defect allegations in order to provide notice of the same and to tender its demand for defense and indemnification pursuant to the contractual obligations established between RHODES and its subcontractors; and

E.      Whereas RHODES filed a Third-Party Complaint on April 4, 2007, as well as a First Amended Third-Party Complaint filed on July 20, 2007, against those same subcontractors, including the SETTLING SUBCONTRACTORS, whose scope of work were implicated by the PLAINTIFF's defect allegations; and

F.      Whereas, after discovery and multiple mediation sessions before Mediator, Bruce Edwards, Esq., the SETTLING PARTIES have reached an "arms" length and negotiated settlement of all CLAIMS asserted or that could have been asserted among and between the SETTLING PARTIES in the LITIGATION; and

G.      Whereas, RHODES and the SETTLING SUBCONTRACTORS dispute the PLAINTIFF's CLAIMS and contend that the SUBJECT PROPERTY have no construction defects.

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 12 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 17:48:32    Page 9 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 7 of 27

In making this agreement, the SETTLING PARTIES do not admit to the truth or sufficiency of any

of the CLAIMS, allegations or defenses asserted against each of the SETTLING PARTIES. The

SETTLING PARTIES intend by this AGREEMENT to settle, finally and completely, all CLAIMS,

demands, actions, causes of action, known and unknown, concerning the RHODES and the

SETTLING SUBCONTRACTORS' work at the SUBJECT PROPERTY; and

      H.     Whereas, the SETTLING PARTIES wish to memorialize the terms and conditions

of their settlement made for good and valuable consideration, the receipt and sufficiency of which

is hereby acknowledged.

## II.   DEFINITIONS

     As used in this AGREEMENT, the following phrases and words have the following

meanings:

      A.    "LITIGATION" shall mean and refer to any and all CLAIMS arising from or in any

manner related to the SUBJECT PROPERTY which were or could have been asserted in the

SUBJECT ACTION as defined above or in PLAINTIFF's NRS Chapter 40 Notices.[1]

      B.    "PARTY" or "PARTIES" shall refer to the PLAINTIFF, RHODES and the

SETTLING SUBCONTRACTORS as defined hereinabove.

      C.    "CLAIM" or "CLAIMS" shall mean and refer to any and all CLAIMS whether in tort,

contract or otherwise, at common law or by statute, including, but not limited to demands, liabilities,

damages, complaints, causes of action, intentional or negligent acts, intentional or negligent

---

[1] The CLAIMS contemplated by this provision refer only to those arising from the common areas of The
Preserve at Elkhorn Springs community which are defined in Section E below as the SUBJECT PROPERTY and
said CLAIMS are not intended in any manner to be extended to include those arising from the individual homes
found within The Preserve community.

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 13 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 17:28:32    Page 10 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 8 of 27

omissions, misrepresentations, breach of contract, breach of warranty, economic damages, non-economic damages, property damages, loss of use, attorney's fees, expert fees, repair costs, investigative costs, design-related damages, and patent or latent, NRS Chapter 40.600, et. seq.; NRS Chapter 116, any other actionable omissions, conduct or damage of every kind and nature whatsoever, whether seen or unforeseen, whether known or unknown, alleged or which could have been alleged or asserted in the SUBJECT ACTION or which in any way relate to the SUBJECT PROPERTY. This AGREEMENT does not include the release, by RHODES only, of any claims relating to parties not included in this AGREEMENT or that arise out of any additional insured obligations which are or may be asserted by RHODES and/or its insurers. All such claims are specifically excluded.

D.    "RELATED PERSONS AND ENTITIES" shall mean and refer to any and all past, present and future parent companies, divisions, subsidiaries, affiliates, related corporations and entities, members, stock holders, directors, officers, employees, agents, insurers, warranty providers, attorneys, experts, lenders, mortgage holders, predecessors, partners, joint venturers, legal representatives, heirs, administrators, trustors, trustees, beneficiaries, creditors, assigns, successors, lessees, tenants, and legal and equitable owners as applicable to all settling PARTIES.

E.    "SUBJECT PROPERTY" shall mean and refer to the common areas of The Preserve at Elkhorn Springs project located at Elkhorn and Buffalo in Las Vegas, Nevada.

III.    SETTLEMENT PAYMENTS

A.    In consideration of the recitals and of the mutual promises, covenants, and warranties set forth herein and in accordance with the terms of the AGREEMENT, RHODES and SETTLING

-4-

SUBCONTRACTORS through their insurers shall pay to the PLAINTIFF the total sum of NINE

HUNDRED FIFTY THOUSAND DOLLARS ($950,00.00). The funding of the SETTLEMENT

PAYMENT is comprised of the following amounts:

| PARTY | SETTLEMENT AMOUNT |
|---|---|
| Delta Plastering and Stucco Inc. | $17,500.00 |
| K.H. Landscape and Maintenance, Inc. | $125,000.00 |
| Marv Black Masonry, Inc. | $85,000.00 |
| R.A.M.M. Corporation | $75,000.00 |
| Rhodes Design & Development Corp. | $197,750.00 |
| Southern Nevada Paving, Inc. | $57,500.00 |
| Stewart & Sundell, Inc. | $135,000.00 |
| Werco, Inc. | $250,000.00 |
| Western States Contracting, Inc. | $7,250.00 |
| | |
| **TOTAL** | **$950,000.00** |

RHODES is not in any way responsible or liable for the settlement contributions of any or

all of the SETTLING SUBCONTRACTORS.

B.     All payments (the "SETTLEMENT PAYMENTS") shall be made payable to the

"Feinberg Grant Mayfield Kaneda & Litt, LLP Trust Account" [Tax Identification Number: 88-

0471086].

C.     Each SETTLEMENT PAYMENT shall be paid in good and clear funds on or before

September 7, 2009, subject to the conditions of this AGREEMENT. All SETTLEMENT

PAYMENTS shall be held in trust pending full satisfaction of the terms and conditions of this

agreement.

D.     The PLAINTIFF, the SETTLING SUBCONTRACTORS and/or their counsel on their behalf shall deliver to RHODES the original signature page counterparts of this AGREEMENT, duly executed by the PLAINTIFF or the SETTLING SUBCONTRACTORS and their counsel. No distribution of funds are to be made until RHODES has been provided with all the executed signature pages to this AGREEMENT, and a dismissal with prejudice has been executed.

F.     On or before September 7, 2009, RHODES, the PLAINTIFF, and the SETTLING SUBCONTRACTORS and their respective counsel shall execute and deliver one (1) original signature page counterpart of this AGREEMENT, to RHODES.

IV.    **DISMISSAL WITH PREJUDICE**

The SETTLING PARTIES agree that upon the full execution of this AGREEMENT and tender of the above settlement funds, the PLAINTIFF shall file a Stipulation for Dismissal of the PLAINTIFF's Complaint against RHODES, with prejudice. Similarly, RHODES shall file a Stipulation for Dismissal of the Third-Party Complaint against the SETTLING SUBCONTRACTORS, with prejudice, and the SETTLING SUBCONTRACTORS will file a Stipulation for Dismissal of any Counterclaims or Cross-claims, with prejudice.

The attorneys for the undersigned are hereby authorized and directed to execute said dismissals with prejudice and to take such action as may be necessary or appropriate to have an order entered dismissing same.

V.     **RELEASE AND WAIVER**

A.     **General Release**

For good and valuable consideration, each of the SETTLING PARTIES do hereby mutually release, fully and finally settle, release, acquit, forever discharge and covenant not to sue one another

-6-

and their respective RELATED PERSONS AND ENTITIES as to any and all demands, liens, CLAIMS, assignments, contracts, covenants, actions, suits, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, controversies, judgments, orders and liabilities of whatsoever kind of nature, at equity of otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which have existed or may have existed, or which do exist, or which hereafter can, shall, or may exist with respect to the SUBJECT PROPERTY or in any way related to the LITIGATION, including without any respect limiting the generality of the foregoing, any and all CLAIMS which were or might have been, or which could have been, alleged in the LITIGATION or in relation to the SUBJECT PROPERTY. This AGREEMENT may be pled as a full and complete defense to any such action or other proceeding as well as a basis for abatement of, or injunction against, such action or other proceeding as provided herein.

It is the intention of the SETTLING PARTIES that the foregoing release shall be effective as a bar to all CLAIMS in regard to the SUBJECT PROPERTIES of whatsoever character, nature and kind, known or unknown, suspected or unsuspected, and whether or not concealed or hidden. In furtherance of this intention, the SETTLING PARTIES expressly, knowingly and voluntarily waive any and all rights which they do not know or suspect to exist in its favor at the time of executing the release.

Furthermore, this AGREEMENT does not include the release, by RHODES only, of any claims relating to parties not included in this AGREEMENT or that arise out of any additional insured obligations which are or may be asserted by RHODES and/or its insurers. All such claims are specifically excluded.

### B.    Waiver

The SETTLING PARTIES and their respective RELATED PERSONS AND ENTITIES acknowledge and understand that there is a risk that now or subsequent to the execution of this AGREEMENT, they may have CLAIMS released herein which are unknown and unanticipated at the time this AGREEMENT is signed, and that any CLAIMS as are known or should be known may become more serious than they now expect or anticipate. Nevertheless, the SETTLING PARTIES and their respective RELATED PERSONS AND ENTITIES hereby expressly assume this risk and expressly waive all rights they may have in such unknown and unexpected consequences or results.

The SETTLING PARTIES and their respective RELATED PERSONS AND ENTITIES agree that this release shall be given full force and effect in accordance with each and all of the express terms and provisions, including those terms and provisions relating to unknown and unsuspected CLAIMS to the same effect as those terms and provisions relating to any other CLAIMS herein above specified.

The SETTLING PARTIES may waive any and all of the conditions precedent set forth in this AGREEMENT; however, any such waiver must be in writing.

### VI.    GOOD FAITH DETERMINATION

This AGREEMENT is contingent on the Court granting a Motion for Determination of Good Faith Settlement on behalf of RHODES and SETTLING SUBCONTRACTORS. The SETTLING PARTIES by execution of this AGREEMENT stipulate that the settlement amount is in good faith and expressly represent that there are no other or secret terms or agreements among the SETTLING PARTIES hereto, or any or them, which are not set forth herein and which are or may be designed or entered into in order to unfairly prejudice the rights of any non-settling party.

## VII.    NO PRIOR ASSIGNMENTS

The SETTLING PARTIES, and each of them, represent and warrant that they are the owners of the CLAIMS released, pursuant to Subsection V; above, and that such CLAIMS have not been assigned, transferred, or hypothecated, whether voluntarily or involuntarily, by subrogation, operation of law or otherwise, to any other person or entity, except as reflected in Subsection V, above.

## VIII.    ENFORCEMENT

The SETTLING PARTIES hereby acknowledge, agree, and stipulate that each has the right to enforce any provisions of this AGREEMENT by filing any appropriate action, proceeding, or motion, in the appropriate court or law and motion department of the Eight Judicial Court where the action is venued, or in the appropriate court of law and motion department where any subsequent action is venued. The SETTLING PARTIES further agree, acknowledge, stipulate, and request that the court in this action shall retain jurisdiction over the SETTLING PARTIES to reopen the action after it is dismissed and to hear any motion.

## X.    COVENANT NOT TO SUE

The SETTLING PARTIES covenant and agree that they have not, and shall not, bring any other action, CLAIM, suit, or proceeding against anyone, including but not limited to all RELATED PERSONS and ENTITIES regarding the matters settled and released by this AGREEMENT.

## XI.    MISCELLANEOUS

A.    Capacity: Each of the signatories hereto warrants and represents that he/she is competent and authorized to enter into this AGREEMENT on behalf of the party for which he/she purports to sign.

B.    Disputed Claim: This AGREEMENT is the result of a compromise among the SETTLING PARTIES of disputed CLAIMS. This AGREEMENT or any payment made pursuant to it shall never, at any time or for any purpose, be considered an admission of liability and/or responsibility or the part of any of the PARTIES to this AGREEMENT, as they continue to deny such liability and disclaim such responsibility.

C.    Fees and Costs: The SETTLING PARTIES acknowledge and agree that each of them, as between them, will bear its own costs, expenses, and attorneys' fees arising out of and/or connected with this LITIGATION.

D.    Compromise: This AGREEMENT is the product of negotiation and preparation by and among the SETTLING PARTIES and their respective attorneys. Neither this AGREEMENT nor any provisions thereof shall be deemed prepared or drafted by any one party or another, or its attorneys, and shall not be construed more strongly against any party.

E.    Governing Law: This AGREEMENT shall be interpreted in accordance with and be governed in all respects by the laws of the State of Nevada. Any action brought to enforce the terms of this AGREEMENT shall be brought in either Justice Court or District Court, Clark County, Nevada, whichever court has jurisdiction.

F.    Benefits and Burdens: This AGREEMENT shall inure to the benefit of, and be binding on, the SETTLING PARTIES to this AGREEMENT and upon their respective successors, assigns, parent companies, divisions, subsidiaries, affiliates, related corporations, members, stockholders, directors, officers, employees, insurers, lenders, mortgage holders, tenants, lessees, residents, creditors, partners, joint venturers, legal representatives, agents, heirs, administrators, trusts, trustees, beneficiaries, creditors, assigns, and legal and equitable owners.

-10-

G.  Execution of Agreement: This AGREEMENT may be executed in counterparts, and all such counterparts shall constitute an agreement which shall be binding upon all SETTLING PARTIES hereto, notwithstanding that all of SETTLING PARTIES' designated representatives do not appear on the same page.

H.  Cooperation: The SETTLING PARTIES to this AGREEMENT shall execute and deliver any document which is reasonably necessary to achieve the goals and purposes of this AGREEMENT.

I.  Admissibility of Agreement in Subsequent Action: In any action or proceeding related to this AGREEMENT, the SETTLING PARTIES stipulate that a copy of this AGREEMENT may be admissible to the same extent as the original AGREEMENT.

J.  Integrated Agreement: This AGREEMENT, including all exhibits attached hereto, constitutes the entire understanding among the SETTLING PARTIES with regard to the matters set forth herein. There are no representatives, warranties, agreements, arrangements, undertakings, oral or written, between or among the PARTIES hereto relating to the subject matter of this AGREEMENT which are not fully expressed herein. This AGREEMENT is an integrated agreement.

K.  Breach of Agreement: No breach of any provision or condition of this AGREEMENT can be waived unless in writing. Waiver of any one breach of any provision or condition hereof shall not be deemed to be a waiver of any other breach of the same or other provisions or conditions contained herein. This AGREEMENT may be modified only by a written agreement executed by the SETTLING PARTIES in interest at the time of the modification.

-11-

L.    <u>Binding Agreement:</u> The SETTLING PARTIES hereto, and each of them, further represent and declare that they have carefully read this AGREEMENT and know the contents thereof, and that they sign the same freely and voluntarily.

M.    <u>Advice of Counsel:</u> The SETTLING PARTIES acknowledge and represent that they have had the benefit of advice of legal counsel in evaluating, finalizing, and executing this AGREEMENT.

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 22 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 12:48:32    Page 19 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 17 of 27

**PLAINTIFF**

By: _Bob Will_

Name: _Bobby Williamson_

Title: _Pres_

STATE OF _NEVADA_  )

COUNTY OF _CLARK_  ) ss.
                    )

On this _24TH_ day of _September_____, 2009, before me, the undersigned Notary Public in and for said County and State, appeared _BOBBY WILLIAMSON_____, as ____ _PRESIDENT_____ of **THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC.,** known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned.

_Christine N Alaimo_
NOTARY PUBLIC

**APPROVED AS TO FORM AND CONTENT:**

FEINBERG, GRANT, MAYFIELD,
KANEDA & LITT

_[signature]_

CHARLES M. LITT, ESQ.
1955 Village Center Circle
Las Vegas, Nevada 89134

Attorneys for **THE PRESERVE AT ELKHORN SPRINGS
HOMEOWNERS ASSOCIATION, INC**

-13-

Case 09-14814-gwz    Doc 646   Entered 10/27/09 16:20:40   Page 23 of 32
Case 09-14814-lbr   Doc 603   Entered 10/19/09 17:48:32   Page 20 of 29
Case 09-14814-lbr   Doc 596   Entered 10/19/09 12:11:45   Page 18 of 27

RHODES DESIGN & DEVELOPMENT CORPORATION

By: _____

Name: _____

Title: _____


STATE OF _____)
                                 ) ss.
COUNTY OF _____)

     On this _____ day of _____, 2009, before me, the undersigned Notary Public in and for said County and State, appeared _____, of **RHODES DESIGN & DEVELOPMENT CORPORATION**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned.


              _____
              NOTARY PUBLIC

**APPROVED AS TO FORM and CONTENT:**

LEE, HERNANDEZ, BROOKS,
GAROFALO & BLAKE


_____
DAVID S. LEE, ESQ.
SARAH B. HARTIG, ESQ.
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128

**Attorneys for RHODES DESIGN & DEVELOPMENT CORPORATION**

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 24 of 32
Case 09-14814-lbr    Doc 636    Entered 10/19/09 17:48:32    Page 21 of 29
Case 09-14814-lbr    Doc 636    Entered 10/19/09 12:11:45    Page 19 of 27

**DELTA PLASTERING & STUCCO, INC.**

BY: _____

NAME: _____

TITLE: _____

STATE OF NEVADA          )
                         ) ss.
COUNTY OF CLARK          )


On this _____ day of _____, 2009, before me, the undersigned Notary Public in and for said County and State, appeared _____, as _____ _____ of **DELTA PLASTERING & STUCCO, INC.**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:


_____
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

HAWKINS MELENDREZ, APC


_____
GEOFFREY W. HAWKINS, ESQ.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

Attorneys for **DELTA PLASTERING AND STUCCO, INC.**

-15-

**K.H. LANDSCAPE & MAINTENANCE, INC.**

BY: _____

NAME: _____

TITLE: _____

STATE OF NEVADA          )
                          ) ss.
COUNTY OF CLARK          )

On this _____ day of _____, 2009, before me, the undersigned Notary Public in and for said County and State, appeared _____, as _____ _____ of K.H. LANDSCAPE & MAINTENANCE, INC., known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

_____
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

THORNDAL, ARMSTRONG, DELK,
BALKENBUSH & EISINGER

_____
MICHAEL HETEY, ESQ.
1100 East Bridger Ave.
Las Vegas, Nevada 89101

**Attorneys for K.H. LANDSCAPE & MAINTENANCE, INC.**

-16-

**MARV BLACK MASONRY, INC.**

BY: _____

NAME: _____

TITLE: _____

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )


      On this _____ day of _____, 2009, before me, the undersigned Notary Public in and for said County and State, appeared _____, as _____ _____ of **MARV BLACK MASONRY, INC.**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:


                    _____
                         NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

STUTZ ARTIANO SHINOFF & HOLTZ


_____
BRET W. EUBANK, ESQ.
1120 Town Center Drive, Suite 220
Las Vegas, Nevada 89144

**Attorneys for MARV BLACK MASONRY, INC.**

-17-

**R.A.M.M. CORPORATION**

BY:        _____

NAME:      _____

TITLE:     _____

STATE OF NEVADA        )
                       ) ss.
COUNTY OF CLARK        )


      On this _____ day of _____, 2009, before me, the undersigned Notary Public in and for said County and State, appeared _____, as _____ _____ of **R.A.M.M. CORPORATION**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:


                      _____
                      NOTARY PUBLIC


**APPROVED AS TO CONTENT:**

LINCOLN, GUSTAFSON & CERCOS        BRADY, VORWERCK, RYDER & CASPINO


_____      _____
NICHOLAS B. SALERNO, ESQ.         TIMOTHY F. HUNTER, ESQ.
SHANNON G. ROONEY, ESQ.          CHARLES W. SIMMONS, ESQ.
2300 West Sahara Ave., Ste. 300, Box 2   2795 East Desert Inn Road, Suite 200
Las Vegas, Nevada 89102          Las Vegas, Nevada 89121

**Attorneys for R.A.M.M. CORPORATION**

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 28 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 17:48:32    Page 25 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 23 of 27

SOUTHERN NEVADA PAVING

BY: _____

NAME: _____

TITLE: _____

STATE OF NEVADA          )
                         )ss.
COUNTY OF CLARK          )

      On this _____ day of _____, 2009, before me, the undersigned Notary Public in and for said County and State, appeared _____, as _____ _____ of **SOUTHERN NEVADA PAVING**, known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

                                        _____
                                       NOTARY PUBLIC

APPROVED AS TO CONTENT:

MARKS LAW GROUP


_____
EILEEN MULLIGAN MARKS, ESQ.
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144

**Attorneys for SOUTHERN NEVADA PAVING**

-19-

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 29 of 32
Case 09-14814-lbr    Doc 593    Entered 10/19/09 12:48:32    Page 26 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 24 of 27

**STEWART & SUNDELL CONCRETE, INC.**

BY: _____

NAME: _____

TITLE: _____

STATE OF NEVADA          )
                         ) ss.
COUNTY OF CLARK          )


On this _____ day of _____, 2009, before me, the undersigned Notary Public in and for said County and State, appeared _____, as _____ _____ of STEWART & SUNDELL CONCRETE, INC., known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:


_____
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

CLAYSON & MARIAS


_____
KENNETH M. MARIAS, ESQ.
1140 North Town Center Drive, Suite 200
Las Vegas, Nevada 89144

**Attorneys for STEWART & SUNDELL CONCRETE, INC.**

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 30 of 32
Case 09-14814-lbr    Doc 603    Entered 10/19/09 12:48:32    Page 27 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 25 of 27

**WERCO, INC.**

BY: _____

NAME: _____

TITLE: _____

STATE OF NEVADA      )
                    ) ss.
COUNTY OF CLARK    )

On this _____ day of _____, 2009, before me, the undersigned Notary Public in and for said County and State, appeared _____, as _____ _____ of WERCO, INC., known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:

_____
NOTARY PUBLIC

**APPROVED AS TO CONTENT:**

LUH & ASSOCIATES

_____
CHARLIE H. LUH, ESQ.
8987 West Flamingo Road, Suite 100
Las Vegas, Nevada 89147

STEPHENSON & DICKENSON, P.C.

_____
MARSHA L. STEPHENSON, ESQ.
2820 West Charleston Blvd., Ste. 19
Las Vegas, Nevada 89102

**Attorneys for WERCO, INC.**

SHERMAN & ASSOCIATES

_____
TAYLOR A. HUGHES, ESQ.
1850 East Flamingo Road, Suite 200
Las Vegas, Nevada 89119

Case 09-14814-gwz    Doc 646    Entered 10/27/09 16:20:40    Page 31 of 32
Case 09-14814-lbr    Doc 663    Entered 10/19/09 12:48:22    Page 28 of 29
Case 09-14814-lbr    Doc 596    Entered 10/19/09 12:11:45    Page 26 of 27

WESTERN STATES CONTRACTING, INC.

BY: _____

NAME: _____

TITLE: _____

STATE OF NEVADA                )
                               ) ss.
COUNTY OF CLARK                )


On this _____ day of _____, 2009, before me, the undersigned Notary Public in and for said County and State, appeared _____, as _____
_____ of WESTERN STATES CONTRACTING, INC. known to me to be the person who executed the above and foregoing instrument, and who acknowledged to me that he/she did so freely and voluntarily and for the purposes therein mentioned:


_____
NOTARY PUBLIC

APPROVED AS TO CONTENT:

BREMER WHYTE BROWN & O'MEARA, LLP


_____
PETER C. BROWN, ESQ.
7670 West Lake Mead Blvd., Ste. 225
Las Vegas, Nevada 89128

Attorneys for WESTERN STATES CONTRACTING, INC.

## LR 9021 Certification

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

____ The court has waived the requirement of approval under LR 9021.

__X_ No parties appeared or filed written objections, and there is no trustee appointed in the case.

____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.

Submitted by:
DATED this 2nd day of October, 2009.

By: /s/ Zachariah Larson
    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV 89101
    (702) 382-1170 (Telephone)
    (702) 382-1169
    zlarson@lslawnv.com
    Attorneys for Debtors

LARSON & STEPHENS
810 S. Casino Center Blvd, Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-002\DOCS_LA:208535.1

5