# EXHIBIT L

# EXHIBIT L

## Exhibit L

**Schedule of Causes of Action**

## NON-EXCLUSIVE LIST OF RETAINED CAUSES OF ACTION

ARTICLE IV(P) OF THE PLAN PRESERVES **ALL** CAUSES OF ACTION NOT EXPRESSLY WAIVED, RELINQUISHED, EXCULPATED, RELEASED, COMPROMISED, OR SETTLED IN THE PLAN OR A BANKRUPTCY COURT ORDER. THE ATTACHED LIST IS A NONEXCLUSIVE LIST OF ENTITIES AGAINST WHOM THE DEBTORS, OR THE LITIGATION TRUST OR REORGANIZED DEBTORS, AS APPLICABLE, SHALL RETAIN CAUSES OF ACTION.   FAILURE TO INCLUDE AN ENTITY ON THE ATTACHED LIST SHALL NOT CONSTITUTE A RELEASE OF SUCH ENTITY AND SHALL NOT INDICATE THAT CAUSES OF ACTION AGAINST SUCH ENTITY HAVE NOT BEEN RETAINED.

THE DEBTORS AND THE LITIGATION TRUST OR REORGANIZED DEBTORS, AS APPLICABLE, RETAIN ALL CAUSES OF ACTION OF ANY KIND WHATSOEVER AGAINST ALL ENTITIES NOT EXPRESSLY RELEASED PURSUANT TO THE PLAN OR A FINAL ORDER IN THEIR CAPACITIES AS SUCH.

FOR AVOIDANCE OF DOUBT, UNLESS EXPRESSLY RELEASED PURSUANT TO THE PLAN OR A FINAL ORDER <u>IN THEIR CAPACITIES AS SUCH</u>, ENTITIES NOT LISTED ON THE ATTACHED LIST ARE NOT RELEASED AND THE DEBTORS AND THE LITIGATION RUST OR REORGANIZED DEBTORS, AS APPLICABLE, EXPRESSLY RETAIN ALL CAUSES OF ACTION OF ANY KIND WHATSOEVER AGAINST ALL SUCH ENTITIES, INCLUDING <u>WITHOUT LIMITATION</u> THE CATEGORIES OF CAUSES OF ACTION SET FORTH BELOW.

FAILURE TO ATTRIBUTE ANY SPECIFIC CAUSE OF ACTION TO A PARTICULAR ENTITY ON THE ATTACHED LIST SHALL NOT UNDER ANY CIRCUMSTANCE BE INTERPRETED TO MEAN THAT SUCH CAUSE OF ACTION IS NOT RETAINED AGAINST SUCH ENTITY.   ALL POSSIBLE CAUSES OF ACTION, INCLUDING CAUSES OF ACTION NOT LISTED BELOW, ARE RETAINED AGAINST ALL ENTITIES NOT EXPRESSLY RELEASED PURSUANT TO THE PLAN OR A FINAL ORDER IN THEIR CAPACITIES AS SUCH.

IN THE EVENT OF ANY APPARENT INCONSISTENCY BETWEEN THE RELEASES OF ENTITIES IN THEIR CAPACITIES AS SUCH PURSUANT TO THE PLAN OR A BANKRUPTCY COURT ORDER AND THE ATTACHED LIST, SUCH RELEASES GRANTED PURSUANT TO THE PLAN OR FINAL ORDER SHALL GOVERN.

<u>Categories</u> (in each case except as otherwise provided in the Plan):

1.    Causes of Action against vendors, suppliers of goods or services, or other parties for overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities or setoff;

2.    Causes of Action against utilities, vendors, suppliers of services or goods, or other parties for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations;

3.    Causes of Action against vendors, suppliers of goods or services, or other parties for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption of rejection of the subject contracts;

4.    Causes of Action relating to any liens, including mechanic's, artisan's, materialmen's, possessory or statutory liens filed by any contractor or third party against the Debtors' estates;

5.    Claims related to or arising from any warranty or indemnification against any supplier or subcontractor or such supplier or subcontractor's insurance carriers;

6.    Causes of Action against any current or former director, officer, employee or agent of the Debtors arising out of employment related matters, except the Released Parties for the Claims released against them under the Plan;

7.    Causes of Action against insurance carriers, reinsurance carriers, underwriters or surety bond issuers relating to coverage, indemnity, contribution, reimbursement or other matters;

8.    Counterclaims and defenses relating to notes, bonds or other contract obligations;

9.    Counterclaims in connection with any warranty claims or deposit return claims asserted against any of the Debtors;

10.    Causes of Action against local, state, federal and foreign taxing authorities for refunds of overpayments or other payments;

11.    Causes of Action against attorneys, accountants, consultants or other professional service providers relating to services rendered, except the Released Parties for the Claims released against them under the Plan;

12.    Contract, tort or equitable Causes of Action that may exist or subsequently arise;

13.    Causes of Action of the Debtors arising under section 362 of the Bankruptcy Code;

14.    Equitable subordination Causes of Action arising under section 510 of the Bankruptcy Code or other applicable law;

15.    Turnover Causes of Action arising under section 542 or 543 of the Bankruptcy Code;

16.    Causes of Action arising under chapter 5 of the Bankruptcy Code, including preferences under section 547 of the Bankruptcy Code, except as set forth in the Plan;

17.    Causes of Action for unfair competition, interference with contract or potential business advantage, conversion, infringement of intellectual property or other business tort claims.

**CURRENT AND POTENTIAL THIRD-PARTY CLAIMS**

| Debtor Entity | Case Caption, if applicable | Claim Against | Description of Claim |
|---|---|---|---|
| Rhodes Homes Arizona, LLC | Rhodes Homes Arizona, LLC v Stanley Consultants, Inc; Ken Yamada and Jane Doe Yamada; Steve Hagel and Jane Doe Hagel; Dennis Brown and Jane Doe Brown; Denis Atwood and Jane Doe Atwood; David Frohnen and Jane Doe Frohen | Stanley Consultants | Breach of contract, defective design, professional negligence and other claims |
| Rhodes Design and Development/Rhodes Homes | GC Wallace Inc. v Rhodes Design and Development Corp; O'Neil Construction Co of California | GC Wallace Inc | Breach of contract, defective design, professional negligence and other claims |
| Pinnacle Grading, LLC | | Sunland Asphalt | Dispute relating to amounts due under contract |
| Rhodes Design and Development/Rhodes Homes | | Commerce Associates, LLC; Isaac Building and Design | Breach of contract--unfinished common areas, mechanics liens, defective workmanship, claims under the Purchase Agreement and Grant of Options between Commerce Associates, LLC and Rhodes Design and Development Corporation dated November 14, 2003 and related agreements |
| Rhodes Design and Development/Rhodes Homes | | Southwest Iron | Breach of contract, defective workmanship |
| Rhodes Design and Development/Rhodes Homes | | Commerce Associates, LLC; Integrity Masonry; Isaac Building and Design | Third-party work not paid for resulting in liens on debtor's property |
| Rhodes Design and Development/Rhodes Homes | | Commerce Associates, LLC; Isaac Building and Design; Performance Ready Mix | Third-party work not paid for resulting in liens on debtor's property |
| Rhodes Design and Development/Rhodes Homes | | Commerce Associates, LLC; Isaac Building and Design; MS Concrete | Third-party work not paid for resulting in liens on debtor's property |
| Rhodes Design and Development/Rhodes Homes | | Triton Grading | Debtor's subcontractor failed to pay Las Vegas Paving resulting in liens on debtor's property |
| Rhodes Design and Development/Rhodes Homes | | Direct Paving | Debtor's subcontractor failed to pay Wilmar Contracting resulting in liens on debtor's property |
| Rhodes Design and Development/Rhodes Homes | | Alternative Lawns | Defective workmanship--tot lot, Rhodes Ranch parcel 14 |

# EXHIBIT M

# EXHIBIT M

## Exhibit M

**Asset and Stock Transfer Agreement**

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

# PRELIMINARY DRAFT - SUBJECT TO MODIFICATION. FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

## ASSET AND SHARE TRANSFER AGREEMENT

THIS ASSET AND SHARE TRANSFER AGREEMENT (this "*Agreement*"), dated [_____], 2009, is by and among Rhodes Homes Arizona Properties, LLC, a [_____] limited liability company, Rhodes Homes Arizona, LLC, a [_____] limited liability company and Elkhorn Investments, Inc., a [_____] corporation (together, the "*Arizona Entities*"), [Newco], a Delaware limited liability company ("*Newco*"), [_____]¹ (the "*Rhodes Entities*"), and James M. Rhodes ("*Rhodes*", and, together with the Arizona Entities, and the Rhodes Entities, the "*Parties*").

## RECITALS

A.      On either March 31, 2009 or April 1, 2009, the Arizona Entities, as well as certain other affiliated entities, each filed voluntary petitions for relief under chapter 11 of the United States Code, 11 U.S.C. § § 101-1532 (the "**Bankruptcy Code**").

B.      On September 25, 2009, a Plan of Reorganization and Disclosure Statement (the "*Plan*") was filed on behalf of the Arizona Entities as well as certain other affiliated entities pursuant to the Bankruptcy Code.

C.      Pursuant to the Plan, the Arizona Entities are required to transfer to the Rhodes Entities the assets set forth on Schedule 1 to this Agreement (the "*Arizona Assets*").

D.      Pursuant to the Plan, the Rhodes Entities are required to transfer to Newco all of the issued and outstanding Equity Interests (the "*Transferred Shares*") of Rhodes Ranch Golf Course, Inc., a [_____] corporation ("*GCI*"), and certain other assets relating to the operation of the golf course situated within the Rhodes Ranch master-planned community located in the southwestern Las Vegas valley (the "*Rhodes Ranch Golf Course*". "*Equity Interests*" shall mean all capital stock, membership interests, options, warrants, exchangeable or

---

¹ *IDENTITY OF OWNERS OF GCI STOCK TO BE DETERMINED. WILL THIS BE THE SAME PERSON TO WHOM THE ARIZONA ASSETS WILL BE TRANSFERRED?*

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

convertible securities, subscription rights, exchange rights, preemptive rights, stock appreciation rights, phantom stock, profit participation or similar rights, or any other right or instrument pursuant to which any person may be entitled to purchase any security.

## AGREEMENT

NOW, THEREFORE, in consideration of the premises, the respective representations, warranties, covenants and agreements contained in this Agreement, and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties agree as set forth below.

## ARTICLE 1
## TRANSFER OF ARIZONA ASSETS AND TRANSFERRED SHARES[2]

**1.1    Transfer of Arizona Assets.**

(a)    Transfer. The Arizona Entities hereby transfer and deliver to the Rhodes Entities, and the Rhodes Entities hereby accept all right, title and interest in and to all of the Arizona Assets, free and clear of all claims, liens, pledges, restrictions, options, charges, rights of first refusal, preemptive rights, easements, security interests, deeds of trust, mortgages, rights-of-way, encroachments, or encumbrances, whether voluntarily incurred or arising by operation of law, (collectively, "***Encumbrances***"), except for such Encumbrances set forth on Schedule 1.1(a).[3]

(b)    Assumed Liabilities. The Rhodes Entities hereby assume and become responsible for the following liabilities and obligations of the Arizona Entities (collectively, the "***Assumed Liabilities***"): (i) all liabilities under the contracts listed on Schedule 1.1(b)(i) (the "***Assumed Contracts***") whether arising before or after the Closing, (ii) all liabilities under the leases listed on Schedule 1.1(b)(ii) (the "***Assumed Leases***") whether arising before or after the Closing and (iii) any amounts required by section 365(b)(1) of the Bankruptcy Code to cure any defaults by the relevant Arizona Entities under an Assumed Contract or Assumed Lease and to pay any actual pecuniary losses that have resulted from such defaults under such Assumed Contract and Assumed Leases.

**1.2    Transferred Shares.** The Rhodes Entities hereby transfer and deliver to Newco, and Newco hereby accepts, all of the Transferred Shares free and clear of all Encumbrances.

**1.3    Transfer of Cell Tower Contracts.** The Rhodes Entities hereby assign to, and Newco hereby assumes and becomes responsible for, all rights, benefits and obligations under any agreements, contracts, leases, licenses, obligations, or other commitments, whether oral or written, and any and all amendments thereto (each, a "***Contract***") relating to the operation of and

---

[2] *AGREEMENT SUBJECT TO FURTHER REVIEW BY AKIN TAX COUNSEL.*

[3] *SCHEDULE 1.1(a) TO IDENTIFY LIENS TO THE FIRST LIEN LENDERS IN AN AMOUNT NOT TO EXCEED $60,000.*

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

revenue generated by any cell towers located on the Rhodes Ranch Golf Course, including, but not limited to, those Contracts listed on <u>Schedule 1.3</u> (the "***Cell Tower Contracts***").

**1.4     Closing**.  The closing (the "***Closing***") of the transactions contemplated hereby (the "***Transactions***") will take place on the date hereof (the "***Closing Date***") at the offices of Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036.

**1.5     Deliveries.**  On the Closing Date,[4]

(a)     the applicable Arizona Entities shall deliver or cause to be delivered to the Rhodes Entities:

(i)     a bill of sale and an assignment and assumption agreement, each duly executed by the applicable Arizona Entity in the forms of <u>Exhibits A</u> and <u>B</u> hereto; and

(ii)     such other bills of sale, certificates of title or origin, deeds, assignments and other instruments of transfer or conveyance or as may be otherwise necessary to evidence and effect the assignment and delivery of the Arizona Assets to the Rhodes Entities;

(b)     the Rhodes Entities shall deliver or caused to be delivered to the Arizona Entities:

(i)     an assignment and assumption agreement duly executed by each Rhodes Entity in the form of <u>Exhibit B</u>;

(ii)     certificates representing the Transferred Shares, duly endorsed in blank (or accompanied by duly executed stock powers);

(iii)     a certificate of good standing of GCI in the State of [_____], dated no earlier than five (5) days prior to the Closing Date;

(iv)     resignations from each director and officer of GCI effective as of the Closing Date;

(v)     all necessary third party consents in connection with the transfer of the Cell Tower Contracts;

(vi)     an affidavit of non-foreign status that complies with section 1445 of the Internal Revenue Code of 1986, as amended, executed by each of GCI and each Rhodes Entity;

---

[4]  *THIS AGREEMENT CONTEMPLATES A SIMULTANEOUS SIGNING AND CLOSING.    IF AN EXECUTORY PERIOD IS NEEDED, CUSTOMARY COVENANTS AND CONDITIONS WILL BE ADDED.*

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

(vii)    all original minute books and stock transfer ledgers of GCI;

(viii)    a secretary's certificate of GCI certifying as to the organizational documents of GCI, and the resolutions of the board of directors of GCI approving and authorizing this Agreement and the Transactions; and

(ix)    a [Mortgage/Escrow Agreement][5] (as defined below), duly executed by Rhodes.

(c)    The documents listed in (a) and (b) above shall be referred to as the "***Transaction Documents***".

**1.6    [Non-Assignment of Contracts**.  Anything contained herein to the contrary notwithstanding, (i) this Agreement shall not constitute an agreement to assign any Assumed Contract or Cell Tower Contract if, after giving effect to the provisions of sections 363 and 365 of the Bankruptcy Code, as applicable, an attempted assignment thereof, without obtaining a consent, would constitute a breach thereof or in any way negatively affect the rights of the Arizona Entities or the Rhodes Entities, as the assignee of such Assumed Contract or Cell Tower Contract and (ii) no breach of this Agreement shall have occurred by virtue of such nonassignment.  If, after giving effect to the provisions of sections 363 and 365 of the Bankruptcy Code, as applicable, such consent is required but not obtained, the parties shall, at the sole cost and expense of the assigning party, cooperate with the non-assigning party in any reasonable arrangement designed to provide for the non-transferring party the benefits and obligations of or under any such Assumed Contract or Cell Tower Contract, including enforcement for the benefit of the non-assigning of any and all rights of the assigning party against a third party thereto arising out of the breach or cancellation thereof by such third party.][6]

## ARTICLE 2
## REPRESENTATIONS AND WARRANTIES OF RHODES AND THE RHODES ENTITIES

Rhodes and each Rhodes Entity, jointly and severally, represents and warrants to the Arizona Entities and Newco that the statements contained in this <u>ARTICLE 2</u> are true, correct and complete on the Closing Date.

**2.1    Organization of Rhodes Entities.**    Each Rhodes Entity is an entity duly organized, validly existing and in good standing under the Laws of the jurisdiction of its organization.    There is no pending, or threatened, action, suit, arbitration, mediation, investigation or similar proceeding (an "***Action***") that would prohibit, materially delay or negatively affect the consummation of the Transactions contemplated hereby.  "***Law***" shall mean

---

[5] *THE RHODES ENTITIES TO ADVISE WHETHER IT WILL PROVIDE $500,000 IN CASH OR $2.0 MILLION OF REAL PROPERTY AS COLLATERAL FOR THE PUT RIGHT OBLIGATIONS IN SECTION 4.4.*

[6] *TO BE DELETED IF ALL APPLICABLE CONSENTS TO ASSIGN THE CONTRACTS ARE OBTAINED PRIOR TO THE CLOSING DATE.*

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

any law (statutory, common or otherwise), constitution, ordinance, rule, regulation or executive order of any Governmental Body.

**2.2    Authority of Rhodes Entities; Enforceability.**  Each Rhodes Entity has the relevant entity power and authority necessary to execute and deliver each Transaction Document to which it is a party and to perform and consummate the Transactions.  Each Rhodes Entity has taken all action necessary to authorize its execution and delivery of each Transaction Document to which it is a party, the performance of its obligations thereunder and its consummation of the Transactions.  Each Transaction Document to which Rhodes or any Rhodes Entity is a party has been duly authorized, executed and delivered by it and is enforceable against it in accordance with its terms.

**2.3    No Violation.**  The execution and the delivery by Rhodes and each Rhodes Entity of this Agreement and the other Transaction Documents to which any of Rhodes or any Rhodes Entity is a party, the performance by it of its obligations hereunder and thereunder, and the consummation of the Transactions by it will not (a) with or without notice or lapse of time, constitute or create a breach or violation of, or default under, any (i) Law enacted, adopted, promulgated or applied by any legislature, agency, bureau, branch, department, division, commission, court, tribunal or other similar recognized organization or body of any federal, state, county, municipal, local or foreign government or other similar recognized organization or body exercising similar powers or authority (a "***Governmental Body***"), (ii) order, ruling, decision, award, judgment, injunction or other similar determination or finding by, before or under the supervision of any Governmental Body or arbitrator (an "***Order***"), (iii) Contract, or (iv) permit, license, authorization, registration, franchise, approval, certificate, exemption, variance and similar right obtained, or required to be obtained from a Governmental Body (a "***Permit***") to which, in the case of (i), (ii), (iii) or (iv), Rhodes, GCI or any Rhodes Entity is a party or by which it or its assets are bound, or (v) organizational document of any Rhodes Entity as in effect on the Closing Date, (b) require any consent, approval, notification, waiver or other similar action (a "***Consent***") under any Contract or organizational document to which Rhodes, GCI or any Rhodes Entity is a party or by which it or its assets are bound or (c) require any Permit under any Law or Order.

**2.4    Capitalization of GCI; Subsidiaries.**  As of the Closing, GCI has [_____] authorized shares of common stock, of which [_____] shares are issued and outstanding, and [_____] authorized shares of preferred stock, of which [_____] shares are issued and outstanding.  Each Rhodes Entity holds of record and owns beneficially the number of Transferred Shares as set forth next to its name in <u>Schedule 2.4</u>, free and clear of any Encumbrances (other than any restrictions on transfer under the Securities Act of 1933, as amended, and state securities Laws). No Rhodes Entity is a party to any Contract that could require it to sell, transfer, or otherwise dispose of any of the Transferred Shares.  No Rhodes Entity is a party to any other Contract with respect to any capital stock of GCI. The Transferred Shares make up all of the issued and outstanding capital stock of GCI.  All of the Transferred Shares: (a) have been duly authorized and are validly issued, fully paid, and nonassessable, (b) were issued in compliance with all applicable state and federal securities Laws, and (c) were not issued in breach or violation of, or did not cause as a result of the issuance thereof a default under, any Contract with or right granted to any other person.  There are no outstanding options,

warrants, exchangeable or convertible securities, subscription rights, exchange rights, statutory pre-emptive rights, preemptive rights granted under GCI's organizational documents, stock appreciation rights, phantom stock, profit participation or similar rights, or any other right or instrument pursuant to which any person may be entitled to purchase any security of GCI, and no obligations to issue any rights or instruments. There are no Contracts with respect to the voting or transfer of any of GCI's capital stock. GCI is not obligated to redeem or otherwise acquire any of its Equity Interests. GCI has no subsidiaries and owns no Equity Interests in any other Person, or any other right or instrument pursuant to which GCI may be entitled to purchase any security of any other person.

**2.5    Organization of GCI.**  GCI (a) is a corporation duly organized, validly existing and in good standing under the Laws of [_____], (b) is duly qualified to do business as a foreign corporation and is in good standing under the Laws of each jurisdiction in which either the ownership or use of the properties owned or used by it, or the nature of the activities conducted by it, requires such qualification, (c) has the relevant entity power and authority necessary to own or lease its properties and to carry on its businesses as currently conducted and (d) is not in breach or violation of, or default under, any provision of its organizational documents. GCI has never approved or taken any action, nor is there any pending or threatened Action, seeking or otherwise contemplating GCI's dissolution, liquidation, insolvency or rehabilitation.

**2.6    Power and Authority of GCI; Enforceability.**  GCI has the corporate power and authority necessary to execute and deliver each Transaction Document to which it is a party and to perform and consummate the Transactions. GCI has taken all action necessary to authorize the execution and delivery by it of each Transaction Document to which it is a party, the performance of its obligations thereunder, and the consummation by it of the Transactions. Each Transaction Document to which GCI is a party has been duly authorized, executed and delivered by GCI and is enforceable against it in accordance with its terms.

**2.7    No Violation; Necessary Approvals.**  The execution and the delivery by GCI of the Transaction Documents to which it is a party, the performance by GCI of its obligations thereunder and the consummation of the Transactions by it will not (a) with or without notice or lapse of time, constitute, create or result in a breach or violation of, default under, loss of benefit or right under or acceleration of performance of any obligation required under any Law, Order, Contract or Permit to which GCI is a party or by which it is bound or any of its assets are subject, or under any provision of GCI's organizational documents as in effect on the Closing Date, (b) require any Consent under any Contract or organizational document to which it is a party or by which it is bound or any of its assets are subject, (c) require any Permit, (d) trigger any rights of first refusal, preferential purchase or similar rights or (e) cause the recognition of gain or loss for tax purposes with respect to GCI or subject it or its assets to any federal, state, local, or foreign income, gross receipts, license, payroll, employment, excise, occupation, customs, ad valorem, duties, franchise, withholding, social security, unemployment, real property, personal property, sales, use, transfer, registration, estimated or other tax of any kind whatsoever, including any interest, penalty or addition thereto, whether disputed or not ("***Taxes***").

2.8    **Records.** The copies of GCI's organizational documents that were provided to Newco are true, correct and complete and reflect all amendments made through the date hereof. GCI's minute books and other records made available to Newco for review were true, correct and complete as of the date of such review, no further entries have been made through the date of this Agreement, such minute books and records contain the true signatures of the persons purporting to have signed them, and such minute books and records contain an accurate record of all actions of the stockholders, the board of directors and committees of the board of directors of GCI taken by written consent, at a meeting, or otherwise since formation.

2.9    **No Indebtednes**s. Except as set forth on Schedule 2.9, GCI has no (a) indebtedness for borrowed money, (b) obligations for a deferred purchase price, (c) obligations evidenced by notes, bonds, debentures or other similar instruments, (d) indebtedness or obligations created or arising under any conditional sale or other title retention agreement with respect to property acquired by GCI, (e) obligations under capital leases, (f) obligations, contingent or otherwise, as an account party or applicant under or in respect of acceptances, letters of credit, surety bonds or similar arrangements, whether or not drawn, (g) obligations payable under any rate, currency, commodity or other swap, option or derivative agreement, (h) obligations secured by (or for which the holder of such obligation has an existing right, contingent or otherwise, to be secured by) any Encumbrance on property (including accounts and contract rights) owned by GCI, whether or not GCI has assumed or become liable for the payment of such obligation or (i) any obligations of others guaranteed by GCI ((a) through (i), collectively, "*Indebtedness*").

2.10    **No Undisclosed Liabilities.** GCI does not have any liability or obligation, whether accrued or fixed, absolute or contingent, matured or unmatured, determined or undeterminable or known or unknown, including those arising under any Law, Action, Contract, commitment, obligation, undertaking or otherwise (collectively, "*Liabilities*"), and there is no basis for any present or future Action or Order against GCI giving rise to any Liability, except for (a) the Liabilities set forth on Schedule 2.10 as of [_____], 2009 (the "*Schedule Date*"), and (b) Liabilities that have arisen since the Schedule Date in the ordinary course of business (none of which relates to breach of contract, breach of warranty, tort, infringement, violation of Law, Order or Permit, or any Action (including any Liabilities under any Environmental, Health and Safety Requirements (as defined below)) ("*Ordinary Course Liabilities*"). GCI has not assumed or guaranteed any Liabilities of any other person.

2.11    **Legal Compliance.** GCI and each of its predecessors has complied with all Laws and Orders, and no Action is pending or threatened against any of them alleging any failure to so comply. No material expenditures are, or based on any Law, Order or Permit will be, required of GCI for it and its business and operations to remain in compliance with all Laws, Orders and Permits immediately following the Closing.

2.12    **Taxes.** For purposes of this Section 2.12, the following terms shall have the following meanings:

(a)    "*Tax*" or "*Taxes*" means  (i) all federal, state, local and foreign taxes, charges, fees, imposts, levies or other assessments, including income, gross receipts,

excise, employment, sales, use, transfer, license, payroll, franchise, severance, stamp, withholding, Social Security, unemployment, disability, real property, personal property, registration, alternative or add on minimum, estimated or other taxes, charges, fees, imposts, levies or other assessments, including any interest, penalties or additions thereto, whether disputed or not, and (ii) any liability for any items described in clause ii) payable by reason of contract, transferee liability, operation of law (including Treasury Regulation Section 1.1502-6) or otherwise.

(b)     "***Tax Return***" means any report, return, information return, election, filing, declaration, statement, claim for refund or other information, including any schedules or attachments thereto, and any amendments to any of the foregoing required to be supplied to a taxing authority in connection with the determination, assessment, collection or administration of any Taxes, and, to the extent relevant, any report, return, information return, election, filing, declaration, statement, claim for refund or other information to be provided to any other party (e.g., an employee or other payee or distributee).

(c)     GCI has filed all Tax Returns required to be filed by it on or before the Closing Date with any Tax authority (collectively, the "***Pre-Closing Returns***"). The Pre-Closing Returns have been filed in accordance with all applicable Laws and, as of the time of filing, were correct and complete in all material respects regarding the income, costs, business, assets, operations, activities and status of GCI and any other items of information shown therein. GCI has timely paid, withheld or reserved all Taxes due and payable except for such Taxes that are being contested in good faith by appropriate proceedings and which are listed on a schedule attached hereto. GCI has timely paid all estimated taxes for any Pre-Closing Period.

(d)     GCI has withheld and paid all Taxes required to have been withheld and paid in connection with amounts paid or owing to any employee, independent contractor, creditor, stockholder, or other third party, and all Forms W-2 and 1099 required with respect thereto have been properly completed and timely filed.

(e)     GCI is not delinquent in the payment of any Tax due and payable as shown on any Pre-Closing Return, nor has GCI requested an extension of time within which to file or send any Pre-Closing Return which has not since been filed or sent. GCI has not granted any extension or waiver of the limitation period applicable to any Pre-Closing Returns to any Tax authority.

(f)     There is no claim, audit, action, suit, proceeding, or investigation pending or, to the knowledge of the Rhodes Entities or GCI, threatened, against or with respect to GCI in respect of any Tax, and there are no pending adjustments by any Tax authority to assess additional Taxes in connection with any Tax Return filed (or that should have been filed) by GCI..

(g)     GCI has no pending requests for a ruling with any Taxing Authority.

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

(h)     There are no liens for Taxes upon the assets of GCI except liens for current Taxes not yet due.

(i)     Since its organization, GCI has not been a member of an affiliated group filing any return with any Tax authority, or filed or been included in a combined, consolidated or unitary return.  GCI is not under any contractual obligation to indemnify any other Person with respect to Taxes nor is GCI a party to any material agreement providing for payments with respect to Taxes.

(j)     GCI has received all appropriate forms from payees (employees, independent contractors, creditors, stockholders, or other third parties) including, but not limited to, Forms W-4, W-8,W-9, and I-9.

(k)     GCI has not engaged in any reportable transaction under Treasury Regulation Section 1.6011-4.

**2.13    Title to, Sufficiency and Condition of Assets.**  GCI has good, marketable and indefeasible title to, or a valid leasehold interest in, all the assets necessary for the conduct of its business as currently conducted and as currently proposed to be conducted, including, without limitation, the Rhodes Ranch Golf Course (together, the "*Golf Assets*"), in each case free and clear of all Encumbrances other than the Encumbrances set forth on Schedule 2.13 ("*Permitted Encumbrances*").  All tangible assets included as part of the Golf Assets, whether owned or leased, are free from defects (patent and latent), have been maintained in accordance with normal industry practice, are in good operating condition (subject to normal wear and tear) and are suitable for the purposes for which they are currently used and currently proposed to be used.

**2.14    Real Property.**  (a) Schedule 2.14(a) lists all real property owned by GCI (the "*Owned Real Property*").  GCI has good, marketable, and indefeasible title to the Owned Real Property, subject to no Encumbrances other than Permitted Encumbrances.  (b) Schedule 2.14(b) lists all of the real property leased by GCI (the "*Leased Real Property*").  All of the Leased Real Property is held subject to written leases or other agreements which are valid and effective in accordance with their respective terms, and there are no existing defaults or events of default, or events which with notice or lapse of time or both would constitute defaults thereunder.  True, correct and complete copies of all such leases, together with any amendments thereto, have been delivered to Newco.  GCI has not received any oral or written notice to the effect that any lease will not be renewed at the termination of the term thereof or that any such lease will be renewed only at a substantially higher rent.

**2.15    Contracts.**  Schedule 2.15 lists each Cell Tower Contract and each Contract to which GCI is a party or any of its assets are bound (the "*Material Contracts*").  GCI has delivered to Newco a true, correct and complete copy of each written Material Contract and a summary of each oral Material Contract (as amended to date) listed in Schedule 2.15.  Each Material Contract is legal, valid and enforceable and will continue to be legal, valid and enforceable on identical terms following the consummation of the Transactions.  There are no existing defaults or events of default, or events which with notice or lapse of time or both would constitute defaults under any Material Contracts.

**2.16    Litigation.**  Schedule 2.16 sets forth each instance in which GCI (a) is subject to any outstanding Order or (b) is a party to, the subject of or threatened to be made a party to or the subject of, any Action.  No Order or Action required to be set forth in Schedule 2.16 questions the validity or enforceability of any Transaction Document or any Transaction, or could result in any material adverse effect on GCI, and no Rhodes Entity has any basis to believe that any such Action may be brought or threatened against GCI.

**2.17    Environmental, Health and Safety Matters.**    Except as set forth in Schedule 2.17, (a) GCI and each person for whose conduct GCI may be held liable is, and has at all times been, in compliance with all Environmental, Health and Safety Requirements in connection with owning, using, maintaining or operating its business, operations and assets; (b) each location at which GCI currently operates, or has operated, any portion of its business or currently maintains, or has maintained, any of its properties or assets is, and has at all times been, in compliance with all Environmental, Health and Safety Requirements; and (c) there are no pending or threatened allegations by any person that any of GCI's properties, assets or businesses is or has not been conducted in compliance with all Environmental, Health and Safety Requirements.  "*Environmental, Health and Safety Requirements*" means all Laws, Orders, Permits, Contracts and programs (including those promulgated or sponsored by industry associations, insurance companies and risk management companies) concerning or relating to public health and safety, worker/occupational health and safety and pollution or protection of the environment, including those relating in any way to noises, radiation or chemicals, toxic or hazardous materials, substances or wastes, each as amended and as now in effect.

**2.18    Permits.**  GCI possesses all Permits required to be obtained for its businesses and operations.  Schedule 2.18 sets forth a list of all such Permits.  With respect to each such Permit: (a) it is valid, subsisting and in full force and effect; (b) there are no violations of such Permit that would result in a termination of such Permit; and (c) GCI has not received notice that such Permit will not be renewed.

**2.19    Related Party Agreements.**  Except as set forth on Schedule 2.19 (the "*Related Party Transactions*"), no Rhodes Entity or any of Affiliate of any Rhodes Entity or any of their respective current or former employees, officers, directors, members, partners, managers or shareholders is a party to any Contract or other arrangement with GCI.  "*Affiliate*" means any specified person who, directly or indirectly, through one or more intermediaries, controls or is controlled by, or is under common control with, the specified person.

**2.20    Transfer of Course Conversion Funds.**  All funds received after July 31, 2009 by GCI or any of the Rhodes Entities from the Las Vegas Valley Water District or similar entity as an incentive for converting the Rhodes Ranch Golf Course from a green course to a desert course (the "*Course Conversion Funds*") have been used in the ordinary course of operating the Rhodes Ranch Golf Course.

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

## ARTICLE 3
## REPRESENTATIONS AND WARRANTIES OF THE ARIZONA ENTITIES AND NEWCO

Each Arizona Entity and Newco, jointly and severally, represents and warrants to the Rhodes Entities that the statements contained in this <u>ARTICLE 3</u> are true, correct and complete on the Closing Date.

**3.1** **Organization of Arizona Entities and Newco.** Each Arizona Entity and Newco is an entity duly organized, validly existing and in good standing under the Laws of the jurisdiction of its organization. There is no pending, or (to the knowledge of the Arizona Entities) threatened, Action that would prohibit, materially delay or negatively affect the consummation of the transactions contemplated hereby.

**3.2** **Authority of Arizona Entities and Newco; Enforceability.** Each Arizona Entity and Newco has the relevant entity power and authority necessary to execute and deliver each Transaction Document to which it is a party and to perform and consummate the Transactions. Each Arizona Entity and Newco has taken all action necessary to authorize its execution and delivery of each Transaction Document to which it is a party, the performance of its obligations thereunder and its consummation of the Transactions. Each Transaction Document to which any Arizona Entity or Newco is a party has been duly authorized, executed and delivered by it and is enforceable against it in accordance with its terms.

**3.3** **No Violation.** The execution and the delivery by each Arizona Entity and Newco of this Agreement and the other Transaction Documents to which any Arizona Entity or Newco is a party, the performance by it of its obligations hereunder and thereunder, and the consummation of the Transactions by it will not (a) with or without notice or lapse of time, constitute or create a breach or violation of, or default under, any (i) Law enacted, adopted, promulgated or applied by any Governmental Body, (ii) Order, (iii) Contract, or (iv) Permit to which, in the case of (i), (ii), (iii) or (iv), any Arizona Entity or Newco, respectively, is a party or by which it or its assets is bound, or (v) organizational document of any Arizona Entity or Newco, respectively, as in effect on the Closing Date, (b) require any Consent under any Contract or organizational document to which any Arizona Entity or Newco is a party or by which it or its assets is bound or (c) require any Permit under any Law or Order.

**3.4** **Title to Arizona Assets.** The Arizona Entities have good, marketable and indefeasible title to, or a valid leasehold interest in, all of the Arizona Assets, in each case free and clear of all Encumbrances except as set forth on <u>Schedule 1.1(a)</u>.

## ARTICLE 4
## COVENANTS

**4.1** **General.** If any time after the Closing any further action is necessary or desirable to carry out this Agreement's purposes, each Party will take such further action (including executing and delivering any further instruments and documents, obtaining any Permits and Consents and providing any reasonably requested information) as any other Party may

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

reasonably request, all at the requesting Party's sole cost and expense (unless the requesting Party is entitled to indemnification therefor under <u>ARTICLE 5</u>).

4.2    **Confidentiality.** The Rhodes Entities will, and will cause each of its respective Affiliates, directors, officers, employees, agents, representatives and similarly situated persons to (a) treat and hold as confidential, and not use or disclose, all of the information concerning the Transferred Stock and GCI ("***Confidential Information***"), except for (i) disclosures to the person's professional advisors, the actions for which the disclosing person will be responsible and (ii) disclosures required for such person to perform obligations it may have under this Agreement, and (b) deliver promptly to Newco, all tangible embodiments (and all copies) of the Confidential Information which are in such person's possession.  If any person subject to these confidentiality provisions is ever requested or required (by oral question or request for information or documents in any Action) to disclose any Confidential Information, such person will notify Newco promptly of the request or requirement so that Newco may seek an appropriate protective Order or waive compliance with this <u>Section 4.2</u>.

4.3    **Call Right.**  On the eighth anniversary of the Closing Date (assuming a Put Notice has not been previously delivered), Rhodes or a permitted designee of Rhodes shall have the right (the "***Call Right***") to repurchase the Transferred Shares for an amount in cash equal to $5,900,000.  Rhodes or a permitted designee of Rhodes may exercise the Call Right by providing at least thirty (30) days' prior written notice to Newco stating his intent to exercise the Call Right (the "***Call Notice***").  Except as set forth in <u>Section 4.6</u>, the Call Notice shall be irrevocable.  The parties shall consummate the sale at the time and place designated in the Call Notice, but in any event within sixty (60) days of Newco's receipt of the Call Notice, subject to reasonable extension as necessary to obtain any required approvals in connection therewith.  At the closing of such sale, (a) Newco shall deliver to Rhodes (or its designee) the Transferred Shares, free and clear of all Encumbrances and duly endorsed for transfer and (b) Rhodes shall deliver to Newco an amount in cash equal to $5,900,000.  Notwithstanding anything to the contrary contained herein, neither Rhodes nor any of his designees shall be permitted to exercise its Call Right under <u>Section 4.3</u> if Rhodes has defaulted, at any time, on its obligations under this Agreement.

4.4    **Put Right**. At any time after the fourth anniversary of the Closing Date and prior to the eighth anniversary of the Closing Date, Newco shall have the right (the "***Put Right***") to require Rhodes to repurchase the Transferred Shares for an amount in cash equal to $5,900,000.  Newco may exercise the Put Right by providing written notice to Rhodes at least one (1) year prior to the intended closing date of such transaction (the "***Notice Period***") stating its intent to exercise the Put Right (the "***Put Notice***").  The Parties shall consummate the sale at the time and place designated by Newco in the Put Notice, but in any event within fifteen (15) days of the expiration of the Notice Period.  At the closing of such sale, (a) Newco shall deliver to Rhodes the Transferred Shares, free and clear of all Encumbrances and duly endorsed for transfer and (b) Rhodes shall deliver to Newco an amount in cash equal to $5,900,000.  If fifteen (15) days after the expiration of the Notice Period, Rhodes has not consummated the transaction, (i) Rhodes shall be deemed to have permanently waived the Call Right and (ii) [the Escrow Amount (as defined below) shall be distributed to Newco/Newco shall be entitled to foreclose on the Mortgage] as liquidated damages.

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

**4.5**    **[Escrow/Mortgage]**[7]

(a)    Simultaneously with the execution hereof, Rhodes shall [deposit into an escrow account (the "*Escrow Account*") established in accordance with the terms of an escrow agreement in the form attached as Exhibit C (the "*Escrow Agreement*") an amount in cash equal to $500,000 (the "*Escrow Amount*")/ deliver to Newco a fully executed and notarized mortgage in the form attached as Exhibit C on property with a fair market value of at least $2,000,000], (the "*Mortgage*")].

(b)    [For so long as Rhodes is not in default of its obligations under Section 4.4, Rhodes shall have the right, upon thirty (30) days' prior written notice to Newco, to terminate the Mortgage and simultaneously therewith deposit an amount in cash equal to $500,000 in the Escrow Account.]

(c)    [Upon Rhodes' exercise of the Call Right or Newco's exercise of the Put Right, (i) if the Escrow Amount consists of cash equal to $500,000, then such amount shall be distributed to Newco as a credit towards the purchase price thereof and (ii) if the Escrow Amount consists of the Mortgage, such Mortgage shall be terminated upon consummation of the transactions contemplated by the Call Right.]

**4.6**    **Maintenance of Rhodes Ranch Golf Course.**  At all times prior to the earliest of (x) the eighth anniversary of the Closing Date, (y) the exercise of the Call Right, and (z) the exercise of the Put Right, Newco shall maintain the Rhodes Ranch Golf Course in substantially the same performance and rating criteria as in effect on the date hereof, as verified by an independent third party rating agency acceptable to Newco and Rhodes (the "*Standard Condition*"). If, upon the date specified as the closing date in any Call Notice, the Rhodes Ranch Golf Course is not in the Standard Condition, Rhodes may, at his option (a) require Newco to return the Rhodes Ranch Golf Course to the Standard Condition, provided, that the cost of such improvements does not exceed $500,000 or (b) revoke his Call Notice, in which case, [the Escrow Amount shall be returned to Rhodes/ the Mortgage shall be terminated] within thirty (30) days of such notice of evocation of the Call Notice.[8]

**4.7**    **Related Party Transactions.**  Except for the Transaction Documents, all Related Party Transactions are hereby automatically terminated as of the Closing and GCI shall not have any Liability for any Related Party Transactions after the Closing.

**4.8**    **Transfer of Course Conversion Funds.**  All Course Conversion Funds which have not been used in the ordinary course of operating the Rhodes Ranch Golf Course as of the Closing Date shall be hereby transferred to GCI.

---

[7] *THE RHODES ENTITIES TO ADVISE WHETHER IT WILL PROVIDE $500,000 IN CASH OR $2.0 MILLION OF REAL PROPERTY AS COLLATERAL FOR THE PUT RIGHT OBLIGATIONS IN SECTION 4.4*

[8] *TO BE DISCUSSED WHETHER AGREEMENT NEEDS TO INCLUDE COVENANT BY RHODES TO CONTINUE OPERATING THE PROPERTY AS A GOLF COURSE AFTER THE EXERCISE OF THE CALL RIGHT OR PUT RIGHT.*

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

## ARTICLE 5
## INDEMNIFICATION

**5.1**    **Survival of Representations, Warranties and Covenants.**  Each representation, warranty, covenant and obligation of the Parties contained herein will survive the Closing and continue in full force and effect.

**5.2**    **Indemnification Provisions for Newco's Benefit.**  Rhodes and the Rhodes Entities, jointly and severally, will indemnify and hold Newco and its Affiliates, and their respective officers, directors, managers, employees, agents, representatives, controlling persons, stockholders and similarly situated persons, harmless from and pay any and all Damages directly or indirectly resulting from, relating to, arising out of or attributable to any of the following: (a) any breach of any representation or warranty Rhodes or any Rhodes Entity has made in this Agreement; (b) any breach, violation or default by Rhodes or any Rhodes Entity of any obligation of Rhodes or such Rhodes Entity in this Agreement; (c) any and all Indebtedness or other Liabilities of GCI as of the Schedule Date not expressly set forth on Schedule 2.9 or 2.10 or in excess of the amount of such Indebtedness or other Liabilities set forth on Schedule 2.9 or 2.10 and (d) all Liabilities incurred after the Schedule Date which are not Ordinary Course Liabilities.  "*Damages*" means all losses (including diminution in value), damages and other costs and expenses of any kind or nature whatsoever, whether known or unknown, contingent or vested, matured or unmatured, and whether or not resulting from third-party claims, including costs (including reasonable fees and expenses of attorneys, other professional advisors and expert witnesses and the allocable portion of the relevant person's internal costs) of investigation, preparation and litigation in connection with any Action or threatened Action.

## ARTICLE 6
## MISCELLANEOUS

**6.1**    **Entire Agreement.**    This Agreement, together with the other Transaction Documents and all schedules, exhibits, annexes or other attachments hereto or thereto, and the certificates, documents, instruments and writings that are delivered pursuant hereto or thereto, constitutes the entire agreement and understanding of the Parties in respect of the subject matter hereof and supersedes all prior understandings, agreements or representations by or among the Parties, written or oral, to the extent they relate in any way to the subject matter hereof.  Except as provided in ARTICLE 5, there are no third party beneficiaries having rights under or with respect to this Agreement.

**6.2**    **Assignment; Binding Effect.**    No Party may assign either this Agreement or any of its rights, interests or obligations hereunder without the prior written approval of the other Parties, and any such assignment by a Party without prior written approval of the other Parties will be deemed invalid and not binding on such other Parties.  All of the terms, agreements, covenants, representations, warranties and conditions of this Agreement are binding upon, inure to the benefit of and are enforceable by, the Parties and their respective successors and permitted assigns.

**6.3**    **Notices.**    All notices, requests and other communications provided for or permitted to be given under this Agreement must be in writing and must be given by personal

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

delivery, by certified or registered United States mail (postage prepaid, return receipt requested), by a nationally recognized overnight delivery service for next day delivery, or by facsimile transmission, to the intended recipient at the address set forth for the recipient on the signature page (or to such other address as any Party may give in a notice given in accordance with the provisions hereof). All notices, requests or other communications will be effective and deemed given only as follows: (i) if given by personal delivery, upon such personal delivery, (ii) if sent by certified or registered mail, on the fifth business day after being deposited in the United States mail, (iii) if sent for next day delivery by overnight delivery service, on the date of delivery as confirmed by written confirmation of delivery or (iv) if sent by facsimile, upon the transmitter's confirmation of receipt of such facsimile transmission, except that if such confirmation is received after 5:00 p.m. (in the recipient's time zone) on a business day, or is received on a day that is not a business day, then such notice, request or communication will not be deemed effective or given until the next succeeding business day. Notices, requests and other communications sent in any other manner, including by electronic mail, will not be effective.

      **6.4**    **Specific Performance; Remedies.** Each Party acknowledges and agrees that the other Parties would be damaged irreparably if any provision of this Agreement were not performed in accordance with its specific terms or were otherwise breached. Accordingly, the Parties will be entitled to an injunction or injunctions to prevent breaches of the provisions of this Agreement and to enforce specifically this Agreement and its provisions in any action or proceeding instituted in any federal court sitting in Nevada having jurisdiction over the Parties and the matter, in addition to any other remedy to which they may be entitled, at law or in equity. Except as expressly provided herein, the rights, obligations and remedies created by this Agreement are cumulative and in addition to any other rights, obligations or remedies otherwise available at law or in equity. Nothing herein will be considered an election of remedies.

      **6.5**    **Headings.** The article and section headings contained in this Agreement are inserted for convenience only and will not affect in any way the meaning or interpretation of this Agreement.

      **6.6**    **Governing Law.** This Agreement will be governed by and construed in accordance with the laws of the State of Nevada, without giving effect to any choice of law principles.

      **6.7**    **Amendment; Extensions; Waivers.** No amendment, modification, waiver, replacement, termination or cancellation of any provision of this Agreement will be valid, unless the same is in writing and signed by all of the Parties hereto. Each waiver of a right hereunder does not extend beyond the specific event or circumstance giving rise to the right. No waiver by any Party of any default, misrepresentation or breach of warranty or covenant hereunder, whether intentional or not, may be deemed to extend to any prior or subsequent default, misrepresentation or breach of warranty or covenant hereunder or affect in any way any rights arising because of any prior or subsequent such occurrence. Neither the failure nor any delay on the part of any Party to exercise any right or remedy under this Agreement will operate as a waiver thereof, nor does any single or partial exercise of any right or remedy preclude any other or further exercise of the same or of any other right or remedy.

 **6.8** **Severability.** The provisions of this Agreement will be deemed severable and the invalidity or unenforceability of any provision will not affect the validity or enforceability of the other provisions hereof; provided, however, that if any provision of this Agreement, as applied to any Party or to any circumstance, is judicially determined not to be enforceable in accordance with its terms, the Parties agree that the court judicially making such determination may modify the provision in a manner consistent with its objectives such that it is enforceable, and/or to delete specific words or phrases, and in its modified form, such provision will then be enforceable and will be enforced.

 **6.9** **Expenses; Transfer Taxes.** Except as otherwise expressly provided in this Agreement, each Party will bear its own costs and expenses incurred in connection with the preparation, execution and performance of this Agreement and the Transactions, including all fees and expenses of agents, representatives, financial advisors, legal counsel and accountants. Any and all transfer taxes, stamp taxes or similar taxes payable in connection with the Transactions shall be paid by the Rhodes Entities.

 **6.10** **Counterparts; Effectiveness.** This Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

 **6.11** **Construction.** This Agreement has been freely and fairly negotiated among the Parties. If an ambiguity or question of intent or interpretation arises, this Agreement will be construed as if drafted jointly by the Parties and no presumption or burden of proof will arise favoring or disfavoring any Party because of the authorship of any provision of this Agreement. Any reference to any law will be deemed to refer to such law as in effect on the date hereof and all rules and regulations promulgated thereunder, unless the context requires otherwise. The words "include," "includes," and "including" will be deemed to be followed by "without limitation." The word "person" includes individuals, entities and Governmental Bodies. Pronouns in masculine, feminine and neuter genders will be construed to include any other gender, and words in the singular form will be construed to include the plural and vice versa, unless the context otherwise requires. The words "this Agreement," "herein," "hereof," "hereby," "hereunder," and words of similar import refer to this Agreement as a whole and not to any particular subdivision unless expressly so limited. The Parties intend that each representation, warranty and covenant contained herein will have independent significance. If any Party has breached any representation, warranty or covenant contained herein in any respect, the fact that there exists another representation, warranty or covenant relating to the same subject matter (regardless of the relative levels of specificity) which the Party has not breached will not detract from or mitigate the fact that the Party is in breach of the first representation, warranty or covenant.

**[SIGNATURE PAGES FOLLOW]**

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

**IN WITNESS WHEREOF**, the Parties have caused this Asset and Share Transfer Agreement to be executed as of the date stated in the introductory paragraph of this Agreement.

**RHODES HOMES ARIZONA PROPERTIES, LLC**

By: _____

Name: _____

Title: _____

Address: _____


**RHODES HOMES ARIZONA, LLC**

By: _____

Name: _____

Title: _____

Address: _____


**ELKHORN INVESTMENTS, INC.**

By: _____

Name: _____

Title: _____

Address: _____

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

**[NEWCO]**

By: _____

Name: _____

Title: _____

Address: _____


**[RHODES ENTITIES]**

By: _____

Name: _____

Title: _____

Address: _____


_____

James Rhodes

Address: _____

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT
## SCHEDULE I

## ARIZONA ASSETS

| OWNER | APN NUMBERS | Acres # | ADDRESS | Type |
|---|---|---|---|---|
| RHODES ARIZONA PROPERTIES LLC | 306-24-115 | 20.25 | 1825 S AZTEC RD | Model Home |
| RHODES ARIZONA PROPERTIES LLC | 306-24-116 | 20.24 | 1807 AZTEC RD | Model Home |
| RHODES ARIZONA PROPERTIES LLC | 306-63-017 | 7.35 | 4536 W DORA DR | Model Home |
| RHODES ARIZONA PROPERTIES LLC | 306-63-018 | 6.83 | 4528 W DORA DR | Model Home |
| RHODES ARIZONA PROPERTIES LLC | 306-42-008A | 19.92 | 1156 S AZTEC RD | Dirt |
| RHODES ARIZONA PROPERTIES LLC | 306-42-001 | 40 | 10-94 S AZTEC RD | Dirt |

**Total Acreage**        **114.59**

| Inside Pravada |
|---|
| Pravada and all parts of Pravada lying within Sections 2, 3, 4, 9 and 10, in all Township 20 North, Range 18 West of the Gila and Salt River Base and Meridian, Mohave County, Arizona and within the following APN numbers. |

| OWNER | APN NUMBERS | Acres # | ADDRESS | Type |
|---|---|---|---|---|
| Rhodes Arizona Properties | 215-01-116 | | | Partially Graded |
| Rhodes Arizona Properties | 215-01-113 | | | Partially Graded |
| Rhodes Arizona Properties | 215-01-114 | | | Partially Graded |
| Rhodes Arizona Properties | 215-01-111 | | | Partially Graded |

**Total Acreage**        **1,306±**

## Arizona Personal Property

| Computers | Serial Number |
|---|---|
| HP5150 | 2UA6030J6N |
| HP 5150 | MXL615027R |
| HP 5150 | 2UA6030J57 |
| HPWX4400 | 2UA70608F7 |

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

HP WX4400                                    2UA70608HV
HP XW4200                                    2UA54215GL
Dell                                         GZOGR61

**Laptops**                                  **Serial
                                             Number**
HPNX6125                                     CND54803LY
HPNX9600                                     CNF6071GBR

**Printers**
HP Laser Jet 4250                            CNBXD06564
HP Laser Jet 4101                            USLGY26030
HP Laser Jet 4100                            USLGY42771
HP Laser Jet 1320                            CNHC620168
HP color Laser Jet 2600                      CNGC64C1KC
HP color Laser Jet 2804                      JPBG532058
HP color Laser Jet 5550                      JPDC4D2072
HP office jet 6310                           CN639BGOYK
HP Photosmart D5160                          MY67G110DC
Lexmark 7001-001                             890CSTB
Lexmark 7001-001                             890 CD3N
Super G3 Printer-Scanner                     J8141101150

**Fax Machines**

2-HP office jets 7310

6 of the printers and the fax machines have copier capabilities

**Miscellaneous Equipment**
Dell Power Edge Server 2850                  85172579422
HP Design Jet 1055CM Plus Plotter
10 Battery Surge boxes and 10 power strips
11 computer monitors 20" flat screen
4 calculators
14 telephones owned by Rhodes

**Office Furniture**
2 – drafting tables
3 – work tables with open shelves for plans
12 – file cabinets
        2 – 5 drawer 63 x 18
        1 – 3 drawer 36 x 20
        7 – 4 drawer 18 x 48
        2 – 4 drawer 20 x 48
2 – 3 shelf wood bookcases
4 – 4 shelf bookcases: (2) metal, (2) wood
1 - hanging file for plans
1 – metal storage cabinet: 2-door, 4 shelves
2 – wooden storage cabinets: 2-door, 1 shelf

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

11 – desks: (1) metal, (10) wood
12 – desk chairs
12 – guest chairs
5 – stacking chairs
1 – 4 x 6 rotating white board
1 – garbage can
10 – waste baskets
3 – 6 foot tables
2 – metal storage shelves – dimensions 5′ h x 3′ w x 18.5″d
2 – plastic storage shelves – dimensions 6′ h x 3′ w x 18″d

## Trademarks and Tradenames
Rhodes Arizona Properties
Rhodes Arizona
Golden Valley Ranch
Pravada

## Intangibles
All architectural and engineering drawings, plus work product associated with Pravada and
Golden Valley Ranch.
Arizona general contractor's license.

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

## EXHIBIT A

## BILL OF SALE

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT
**EXHIBIT B**

**ASSIGNMENT AND ASSUMPTION AGREEMENT**

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

**EXHIBIT C**

**[ESCROW AGREEMENT/MORTGAGE]**

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

## SCHEDULE 1.1(a)

### LIENS

Liens in an amount not to exceed $60,000 held by the First Lien Lenders.

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

**SCHEDULE 1.1(b)(i)**

**ASSUMED CONTRACTS**

**[Executory Contracts and Unexpired Leases**
To be provided by Plan Supplemental Date but shall include, but not be limited to all development agreements and subcontractor agreements][9]

All agreements with municipalities and utilities with respect to Pravada and Golden Valley Ranch.[10]

---

[9] *THE DEBTORS SHOULD PROVIDE LIST.*

[10] *THE DEBTORS SHOULD PROVIDE LIST.*

PRELIMINARY DRAFT
SUBJECT TO MODIFICATION
FINAL VERSION MUST BE ACCEPTABLE TO FIRST LIEN STEERING COMMITTEE
AND RHODES ENTITIES PURSUANT TO MEDIATION SETTLEMENT

# SCHEDULE 1.1(b)(ii)

## ASSUMED LEASES

# EXHIBIT N

# EXHIBIT N

## Exhibit N

**Schedule of Assumed Executory Contracts and Unexpired Leases**

Schedule of Assumed Executory Contracts and Unexpired Leases

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Toshiba Business Solutions PO Box 3083 Cedar Rapids, IA 52406-3083 | Rhodes Design and Development | FMV Lease Agreement (copiers) | Rhodes Ranch Golf Club | $0.00 |
| Taylor Made Golf Company Inc. d/b/a TaylorMade-adidas Golf Company 5545 Fermi Court Carlsbad, CA 92008 | Rhodes Ranch | Rental Product Agreement (golf equipment) | Rhodes Ranch Golf Club | $0.00 |
| National City Golf Finance 996 Dalton Avenue Cincinnati, OH 45203 | Rhodes Ranch Golf Country Club, LLC | Lease Agreement (2007 EZGO Electric Golf Carts) | Rhodes Ranch Golf Club | $0.00 |
| EZGO, A Textron Company 1475 Sampson Avenue Corona, CA 92879 National City Commercial Capital Company, LLC 995 Dalton Avenue Cincinnati, OH 46203 | Rhodes Ranch Golf Country Club, LLC | EZGO Refresher Gasoline vehicles | Rhodes Ranch Golf Club | $0.00 |
| Ecolab Inc. 370 Wabash Street St. Paul, MN 55102 | Rhodes Ranch Golf Country Club, LLC | Ecotemp Lease Agreement | Rhodes Ranch Golf Club | $0.00 |
| Advantage Financial Services, LLC 108 Foxcroft Road West Hartford, CT 06119 | Rhodes Ranch Golf Country Club, LLC | Rental Agreement (GPS Units) | Rhodes Ranch Golf Club | $0.00 |
| EZLinks Golf, Inc. 401 S. LaSalle, Suite 500 Chicago, IL 60605 | Rhodes Ranch Golf Country Club, LLC | Product license agreement | Rhodes Ranch Golf Club | $0.00 |
| Textron Financial 11575 Great Oaks Way, Suite 210 | Rhodes Ranch Golf Country Club, LLC | Lease Agreement (gas vehicles) | Rhodes Ranch Golf Club | $0.00 |

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Alpharetta, GA 30022 Cybergolf 110 W. Dayton, Suite 103 Edmonds, WA 98020 | Rhodes Ranch Golf Country Club, LLC | Email marketing | Rhodes Ranch Golf Club | $0.00 |
| Brink's U.S., a division of Brink's Incorporated 3200 E. Charleston Blvd. Las Vegas, NV 89104 | Tuscany Golf Club | Services Agreement | Tuscany Golf Club | $0.00 |
| Modular Space Corporation 5950 Emerald Ave Las Vegas, NV 89122 | Tuscany Golf Club | Equipment Lease (Club House) | Tuscany Golf Club | $0.00 |
| Modular Space Corporation 5950 Emerald Ave Las Vegas, NV 89122 | Tuscany Golf Club | Equipment Lease (Office Trailer) | Tuscany Golf Club | $0.00 |
| Modular Space Corporation 5950 Emerald Ave Las Vegas, NV 89122 | Tuscany Golf Club | Equipment Lease (Restroom Trailer) | Tuscany Golf Club | $0.00 |
| National City Golf Finance, Division of National City Commercial Capital Company, LLC 995 Dalton Avenue Cincinnati, OH 45203 | Tuscany Golf Country Club, LLC | Equipment Lease (EZGO Refreshers) | Tuscany Golf Club | $0.00 |
| National City Golf Finance, Division of National City Commercial Capital Company, LLC 995 Dalton Avenue Cincinnati, OH 45203 | Tuscany Golf Country Club, LLC | Equipment Lease (Gas utility vehicle) | Tuscany Golf Club | $0.00 |
| National City Golf Finance, Division of National City Commercial Capital Company, LLC | Tuscany Golf Country Club, LLC | Equipment Lease (EZGO electric golf cars) | Tuscany Golf Club | $0.00 |

2

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| 995 Dalton Avenue Cincinnati, OH 45203 | | | | |
| Golflogix Systems 3960 E. Expedition Way Phoenix, AZ  85050 | Tuscany Golf Country Club, LLC | GPS System | Tuscany Golf Club | $0.00 |
| Alamco 2007 Las Vegas Bl So Las Vegas, NV  89104 | Tuscany Golf Country Club, LLC | Alarm Monitoring | Tuscany Golf Club | $0.00 |
| Unifirst Corporation 568 Parkson Rd Henderson, NV  89011 | Tuscany Golf Country Club, LLC | Maintenance Uniform Service Company | Tuscany Golf Club | $0.00 |
| Alyssa L. and Roger L. Frank 1011 West 27th Street Scottsbluff, NE  69361 3609 Bison Street, Scottsbluff, NE  69361 | Rhodes Design and Development Corporation | Lease Agreement | 1036 Via Camelia Street Henderson, NV  89011 | $0.00 |
| Alyssa L. and Roger L. Frank 1011 West 27th Street Scottsbluff, NE  69361 3609 Bison Street, Scottsbluff, NE  69361 | Rhodes Design and Development Corporation | Lease Agreement | 1040 Via Camelia Street Henderson, NV  89011 | $0.00 |
| Alyssa L. and Roger L. Frank 1011 West 27th Street Scottsbluff, NE  69361 3609 Bison Street, Scottsbluff, NE  69361 | Rhodes Design and Development Corporation | Lease Agreement | 1044 Via Camelia Street Henderson, NV  89011 | $0.00 |
| Alyssa L. and Roger L. Frank 1011 West 27th Street Scottsbluff, NE  69361 | Rhodes Design and Development Corporation | Lease Agreement | 1048 Via Camelia Street Henderson, NV  89011 | $0.00 |

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| 3609 Bison Street, Scottsbluff, NE 69361 | | | | |
| Hua Hui Tseng Huang 534 N. Orange #A La Puente, CA 91744 | Rhodes Design and Development Corporation | Lease Agreement | 765 Orchard Course Dr. Las Vegas, NV 89148 | $0.00 |
| I-Chieh E. Wang and Da Ching P. Wang 52 Redwood Lane South Glastonbury, CT 06073 | Rhodes Design and Development Corporation | Lease Agreement | 749 Orchard Course Dr. Las Vegas, NV 89148 | $0.00 |
| Xijuan Xu and Xikui Xu 12845 Crestfield Court Rancho Cucamonga, CA 91739-8011 | Rhodes Design and Development Corporation | Lease Agreement | 757 Orchard Course Dr. Las Vegas, NV 89148 | $0.00 |
| Elena Elamparo 5261 Polis Drive La Palma, CA 90623 | Rhodes Design and Development Corporation | Lease Agreement | 111 Sandy Bunker Lane Las Vegas, NV | $0.00 |
| Tin Kerine Cheung 2346 Indian Creek Rd Diamond Bar, CA 91765 | Rhodes Design and Development Corporation | Lease Agreement | 101 Sandy Bunker Lane Las Vegas, NV | $0.00 |
| Glynda Rhodes 5068 Spanish Heights Las Vegas, NV 89148 | Rhodes Design and Development Corporation | Lease Agreement | 22 Indian Run Way Las Vegas, NV | $0.00 |
| Flamingo Self Storage 8525 West Flamingo Road Las Vegas, NV 89147 | Rhodes Design and Development Corporation | Lease Agreement | 8525 West Flamingo Road, Unit 2258 Las Vegas, NV 89147 | $0.00 |
| Fort Apache Self Storage 9345 W. Flamingo Road Las Vegas, NV 89147 | Rhodes Design and Development Corporation | Lease Agreement | 9345 W. Flamingo Rd Unit 2228 Las Vegas, NV 89147 | $0.00 |
| Fort Apache Self Storage 9345 W. Flamingo Road | Rhodes Design and Development | Lease Agreement | 9345 W. Flamingo Rd Unit 2543 Las Vegas, NV | $0.00 |

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Las Vegas, NV 89147 | Corporation | | 89147 | |
| Fort Apache Self Storage 9345 W. Flamingo Road Las Vegas, NV 89147 | Rhodes Design and Development Corporation | Lease Agreement | 9345 W. Flamingo Rd Unit 1012 Las Vegas, NV 89147 | $0.00 |
| Fort Apache Self Storage 9345 W. Flamingo Road Las Vegas, NV 89147 | Rhodes Realty, Inc. | Lease Agreement | 9345 W. Flamingo Rd Unit 2135 Las Vegas, NV 89147 | $0.00 |
| Recall Information Management 1428 Pama Lane Las Vegas, NV 89118 | Rhodes Design and Development Corporation | Lease Agreement | 1428 Pama Lane Las Vegas, NV 89118 | $0.00 |
| Silverado Self Storage II 9545 West Russell Road Las Vegas, NV 89148 | Rhodes Design and Development Corporation | Lease Agreement | 9545 West Russell Rd. Unit 3016 Las Vegas NV 89148 | $0.00 |
| Stow Away 921 Olsen Street Henderson, NV 89015 | Rhodes Realty, Inc. | Lease Agreement | 921 Olsen Street, Unit 136 Henderson, NV 89015 | $0.00 |
| Warm Springs R.V. & Mini Storage 721 Cape Horn Avenue Henderson, NV 89011 | Tribes Holdings, LLC | Lease Agreement | Unit D01 & W44 721 Cape Horn Avenue Henderson, NV 89011 | $0.00 |
| Tuscany Master Association 133 Rhodes Ranch Parkway Las Vegas, NV 89148 | Rhodes Realty, Inc. | Lease Agreement | 850 Olivia Parkway Henderson, NV 89011 | $0.00 |
| Tyler Dion 452 Punto Vallata Dr Henderson, NV 89011 | Rhodes Design and Development Corp | Home sale contract | Avellino | $0.00 |

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Ernesto N. Tumbaga 610 Over Par Ct. Las Vegas, NV 89148 | Rhodes Ranch General Partnership | Home sale contract | Collections | $0.00 |
| Jen Chieh Wang 351 Center Green Dr Las Vegas, NV 89148 | Rhodes Ranch General Partnership | Home sale contract | Collections | $0.00 |
| Edward Vien 1072 Via Corto St Henderson, NV 89011 | Tuscany Acquisitions III, LLC | Home sale contract | Fiori Townhomes | $0.00 |
| Eunji Ko 312 Trailing Putt Way Las Vegas, NV 89148 | Rhodes Ranch General Partnership | Home sale contract | Greens | $0.00 |
| Jenilee Andres 283 Trailing Putt Way Las Vegas, NV 89148 | Rhodes Ranch General Partnership | Home sale contract | Greens | $0.00 |
| Xu Xuan Huang 271 Trailing Putt Way Las Vegas, NV 89148 | Rhodes Ranch General Partnership | Home sale contract | Greens | $0.00 |
| Josephine J. So 265 Trailing Putt Way Las Vegas, NV 89148 | Rhodes Ranch General Partnership | Home sale contract | Greens | $0.00 |
| Maridel D. Rivera 382 Broken Par Drive Las Vegas, NV 89148 | Rhodes Ranch General Partnership | Home sale contract | Greens | $0.00 |
| Allison S. Brodish 304 Ladies Tee Court Las Vegas, NV 89148 | Rhodes Ranch General Partnership | Home sale contract | Greens | $0.00 |
| Yana Z. Fayad 384 Cart Crossing Way Las Vegas, NV 89148 | Rhodes Ranch General Partnership | Home sale contract | Greens | $0.00 |
| Maher Mark Awar 386 Dog Leg Dr Las Vegas, NV 89148 | Rhodes Ranch General Partnership | Home sale contract | Greens | $0.00 |

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Chun Hong Wang<br>385 Dog Leg Drive<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Greens | $0.00 |
| Chun Hong Wang<br>381 Dog Leg Drive<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Greens | $0.00 |
| Chun Hong Wang<br>377 Dog Leg Drive<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Greens | $0.00 |
| Melba P. Page<br>259 Trailing Putt Way<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Greens | $0.00 |
| David L. Downer<br>382 Dog Leg Drive<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Greens | $0.00 |
| Ruben P. Deang Jr.<br>378 Dog Leg Drive<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Greens | $0.00 |
| Christopher & Li Yun Zhang<br>126 Cooks Creek Court<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Irons | $0.00 |
| Suzanne Z. Broadbent<br>933 Via Stellato<br>Henderson, NV 89011 | Tuscany<br>Acquisitions, LLC | Home sale contract | LaLuna | $0.00 |
| Roy M. Brown<br>976 Via Stellato<br>Henderson, NV 89011 | Tuscany<br>Acquisitions, LLC | Home sale contract | La Luna | $0.00 |
| Matthew Lewis<br>929 Via Doccia Ct<br>Henderson, NV 89011 | Tuscany<br>Acquisitions, LLC | Home sale contract | LaLuna | $0.00 |
| Danilo B. Mupas<br>93 Honors Course Drive | Rhodes Ranch<br>General Partnership | Home sale contract | Majors | $0.00 |

7

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Patrick M. Cheng<br>81 Honors Course Dr<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Majors | $0.00 |
| Jeffrey Chung<br>77 Honors Course Dr<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Majors | $0.00 |
| Nobuhiko Ikushima<br>115 Honors Course Dr<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Majors | $0.00 |
| Eleanor Louise Charboneau<br>945 Rue Grand Paradis Ln<br>Henderson, NV 89011 | Tuscany<br>Acquisitions IV LLC | Home sale contract | Melani | $0.00 |
| Rui Ling Huang Chang<br>211 Fairway Woods Dr<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Pacific Mist | $0.00 |
| Jin Huang<br>217 Fairway Woods Dr<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Pacific Mist | $0.00 |
| Hao Zhang<br>555 Halloran Springs Rd<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Palms Bay | $0.00 |
| Won Kyung Lee<br>579 Halloran Springs Rd<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Palms Bay | $0.00 |
| Joel P. Laurel<br>71 Myrtle Springs Ct<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Palms Bay | $0.00 |
| Peter K. Lee<br>86 Myrtle Springs Ct<br>Las Vegas, NV 89148 | Rhodes Ranch<br>General Partnership | Home sale contract | Palms Bay | $0.00 |
| Christopher S. Rogers<br>94 Myrtle Springs Court | Rhodes Ranch<br>General Partnership | Home sale contract | Palms Bay | $0.00 |

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Las Vegas, NV 89148 | | | | |
| David J. Braucher 1073 Via Saint Andrea Henderson, NV 89011 | Tuscany Acquisitions, LLC | Home sale contract | Terrazzo | $0.00 |
| Elise Imbert-Sielaw 1070 Via Saint Andrea Henderson, NV 89011 | Tuscany Acquisitions, LLC | Home sale contract | Terrazzo | $0.00 |
| Wendy Butensky 1038 Via Nandina Henderson, NV 89011 | Tuscany Acquisitions, LLC | Home sale contract | Terrazzo | $0.00 |
| Manuel A. & Jessica N. Del Toro 1066 Via Nandina Henderson, NV 89011 | Tuscany Acquisitions, LLC | Home sale contract | Terrazzo | $0.00 |
| Bruno Van Dierendonck 580 Via Colmo Henderson, NV 89011 | Tuscany Acquisitions, LLC | Home sale contract | Terrazzo | $0.00 |
| Wilfredo DeLeon 1006 Via Nandina Henderson, NV 89011 | Tuscany Acquisitions, LLC | Home sale contract | Terrazzo | $0.00 |
| Gale Genevieve Glepa 6442 Aether St Las Vegas, NV | Rhodes Ranch General Partnership | Home sale contract | West 57th | $0.00 |
| Jennifer Thomas 6448 Aether St Las Vegas, NV | Rhodes Ranch General Partnership | Home sale contract | West 57th | $0.00 |
| Stanley Schiff 988 Via Canale Dr Henderson, NV 89011 | Tuscany Acquisitions, LLC | Home sale contract | Zanetti | $0.00 |
| Neopost Leasing P.O. Box 45840 San Francisco, CA 94145-0840 | Rhodes Homes | Postage machine lease | | $0.00 |

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Insight Direct USA, Inc. P.O. Box 550599 Jacksonville, FL 32255-0599 | Rhodes Design and Development/Rhodes Homes | Equipment Lease (computer equipment) | | $0.00 |
| Tuscany Master Association 850 Olivia Pkwy Henderson, NV 89011 | C&J Holdings (Neighborhood Association Group) | Homeowners association management agreement | Tuscany | $0.00 |
| Rhodes Ranch Association, Inc. 133 Rhodes Ranch Pkwy. Las Vegas, NV 89148 | C&J Holdings (Neighborhood Association Group) | Homeowners association management agreement | Rhodes Ranch | $0.00 |
| X-IT Homeowners Association 9050 W. Tropicana Avenue Las Vegas, NV 89147 | C&J Holdings (Neighborhood Association Group) | Homeowners association management agreement | X-IT | $0.00 |
| Clark County Nevada Development Services 500 S. Grand Central Pkwy 1st Floor Box 551799 Las Vegas, NV 89155-1799 | Rhodes Ranch GP | Off-Site Improvements Agreement | Rhodes Ranch Parcel 20 Unit 2, HTE 05-46722/HTE 09-2990 | $0.00 |
| Clark County Nevada Development Services 500 S. Grand Central Pkwy 1st Floor Box 551799 Las Vegas, NV 89155-1799 | Rhodes Ranch GP | Off-Site Improvements Agreement | Seeliger Street, HTE 06-51550 (APN 176-17-310-002) | $0.00 |
| Clark County Nevada Development Services 500 S. Grand Central Pkwy 1st Floor Box 551799 Las Vegas, NV 89155-1799 | Rhodes Ranch GP | Off-Site Improvements Agreement | Seeliger Street Phase, 2 HTE 06-8770 | $0.00 |

10

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Clark County Nevada Development Services 500 S. Grand Central Pkwy 1st Floor Box 551799 Las Vegas, NV 89155-1799 | Rhodes Ranch GP | Off-Site Improvements Agreement | Rhodes Ranch Parcel 10 Unit 11, HTE 06-37497 (APN 176-08-201-011) | $0.00 |
| Clark County Nevada Development Services 500 S. Grand Central Pkwy 1st Floor Box 551799 Las Vegas, NV 89155-1799 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Spanish Hills 5A, HTE 01-31446 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Maintenance Facility (APN 160-32-210-001) #2002705001 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Maintenance Water/Sewer #2004870064 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Parcel 6A #2006870049 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Parcel 10 (APN 160-32-612-001) #2005870194 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Parcel 11 #2006870000 | $0.00 |
| City of Henderson | Rhodes Design and | Off-Site | Tuscany Parcel 12 #2004870179 | $0.00 |

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Development/Rhodes Homes | Improvement Agreement | | |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Parcel 14 (APN 160-32-610-001) #2006870001 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Parcel 15 #2005870136 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Parcels 16 & 17 #2002702075 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Parcel 18 #2002705132 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Parcel 19 #2002405133 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Parcels 23 & 25 #2005870045 | $0.00 |
| City of Henderson 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development/Rhodes Homes | Off-Site Improvement Agreement | Tuscany Parcel 24 #2002705045 | $0.00 |
| Lexon Insurance Company | Rhodes Ranch | Bond | Bond # 5020298 (Rhodes Ranch | $0.00 |

12

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Bond Safeguard Insurance Company<br>1919 S. Highland Dr. Bldg. A<br>Suite 300<br>Lombard, IL 60148 | Limited Partnership | | Parcel 20 Unit 2) | |
| Zurich American Insurance<br>601 Oakmont Lane, Ste. 400<br>Westmont, IL 60559 | Rhodes Ranch<br>General Partnership | Bond | Bond # 8842781 (Seeliger Street) | $0.00 |
| Zurich American Insurance<br>601 Oakmont Lane, Ste. 400<br>Westmont, IL 60559 | Rhodes Ranch<br>General Partnership | Bond | Bond # 8825616 (Seeliger Street Phase 2) | $0.00 |
| Zurich American Insurance<br>601 Oakmont Lane, Ste. 400<br>Westmont, IL 60559 | Rhodes Ranch<br>General Partnership | Bond | Bond # 8840999 (Rhodes Ranch Parcel 10 Unit 11) | $0.00 |
| Lexon Insurance Company<br>Bond Safeguard Insurance Company<br>1919 S. Highland Dr. Bldg. A<br>Suite 300<br>Lombard, IL 60148 | Rhodes Design and Development Corporation | Bond | Bond # 5018764 (Spanish Hills 5A) | $0.00 |
| Lexon Insurance Company<br>Bond Safeguard Insurance Company<br>1919 S. Highland Dr. Bldg. A<br>Suite 300<br>Lombard, IL 60148 | Rhodes Ranch<br>General Partnership | Bond | Bond # 5014307 (Tuscany Maint. OS Imp.) | $0.00 |
| Lexon Insurance Company<br>Bond Safeguard Insurance Company | Rhodes Ranch<br>General Partnership | Bond | Bond # 5014306 (Tuscany Maint. Water Sewer) | $0.00 |

13

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| 1919 S. Highland Dr. Bldg. A Suite 300 Lombard, IL 60148 | | | | |
| Lexon Insurance Company Bond Safeguard Insurance Company 1919 S. Highland Dr. Bldg. A Suite 300 Lombard, IL 60148 | Tuscany Acquisitions IV, LLC | Bond | Bond # 5029286 (Tuscany 6A) | $0.00 |
| Zurich American Insurance 601 Oakmont Lane, Ste. 400 Westmont, IL 60559 | Rhodes Design and Development Corporation | Bond | Bond # 8826397 (Tuscany 10) | $0.00 |
| Zurich American Insurance 601 Oakmont Lane, Ste. 400 Westmont, IL 60559 | Rhodes Design and Development Corporation | Bond | Bond # 8865454 (Tuscany 11) | $0.00 |
| Zurich American Insurance 601 Oakmont Lane, Ste. 400 Westmont, IL 60559 | Rhodes Design and Development Corporation | Bond | Bond # 8780430 (Tuscany 12) | $0.00 |
| Lexon Insurance Company Bond Safeguard Insurance Company 1919 S. Highland Dr. Bldg. A Suite 300 Lombard, IL 60148 | Rhodes Design and Development Corporation | Bond | Bond # 5026672 (Tuscany 14) | $0.00 |
| Lexon Insurance Company Bond Safeguard Insurance Company 1919 S. Highland Dr. Bldg. A Suite 300 | Tuscany Acquisitions III, LLC | Bond | Bond # 5021428 (Tuscany 15) | $0.00 |

14

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Lombard, IL 60148 | | | | |
| Lexon Insurance Company Bond Safeguard Insurance Company 1919 S. Highland Dr. Bldg. A Suite 300 Lombard, IL 60148 | Rhodes Design and Development Corporation | Bond | Bond # 5019816 (Tuscany 16 & 17) | $0.00 |
| Lexon Insurance Company Bond Safeguard Insurance Company 1919 S. Highland Dr. Bldg. A Suite 300 Lombard, IL 60148 | Rhodes Design and Development Corporation | Bond | Bond # 5017092 (Tuscany 18) | $0.00 |
| Lexon Insurance Company Bond Safeguard Insurance Company 1919 S. Highland Dr. Bldg. A Suite 300 Lombard, IL 60148 | Rhodes Design and Development Corporation | Bond | Bond # 5017134 (Tuscany 23 & 25) | $0.00 |
| Zurich American Insurance 601 Oakmont Lane, Ste. 400 Westmont, IL 60559 | Rhodes Design and Development Corporation | Bond | Bond # 8664399 (Tuscany 24) | $0.00 |
| Lexon Insurance Company Bond Safeguard Insurance Company 1919 S Highland Dr. Bldg. A Suite 300 Lombard, IL 60148 | Pinnacle Grading, LLC | Bond | Bond # 5034264 (Mohave AZ—Sheriff s Office Detention) | $0.00 |
| Lexon Insurance Company | Tuscany Golf | Bond | Bond # 1008343 (NV Dept Tax | $0.00 |

15

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Bond Safeguard Insurance Company 1919 S. Highland Dr. Bldg. A Suite 300 Lombard, IL 60148 | Country Club, LLC | | Sales Tax Tuscany Golf Course) | |
| Lexon Insurance Company Bond Safeguard Insurance Company 1919 S. Highland Dr. Bldg. A Suite 300 Lombard, IL 60148 | Rhodes Framing/Bravo, Inc. | Bond | Bond # 5019324 (State Contractors Board—Bravo) | $0.00 |
| County of Clark 500 S. Grand Central Pkwy Las Vegas, NV 89155 | Rhodes Ranch General Partnership | Rhodes Ranch Development Agreement | Rhodes Ranch | $0.00 |
| Las Vegas Valley Water District 1001 South Valley View Las Vegas, NV 89153 | Rhodes Design and Development Corporation/Rhodes Homes | Construction agreement for water facilities | Rhodes Ranch Parcel 10 Unit 11 | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Construction agreement for water facilities | Tuscany Parcel 6A | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Construction agreement for water facilities | Tuscany Parcel 10 | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street | Rhodes Design and Development Corporation/Rhodes | Construction agreement for water facilities | Tuscany Parcel 11 | $0.00 |

73203-002\DOCS_LA.210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| P.O. Box 95050 Henderson, NV 89009-5050 | Homes | | | |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Construction agreement for water facilities | Tuscany Parcel 14 | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Construction agreement for water facilities | Tuscany Parcel 15 | $0.00 |
| Las Vegas Valley Water District 1001 South Valley View Las Vegas, NV 89153 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Rhodes Ranch Parcel 20 Unit 1 | $0.00 |
| Las Vegas Valley Water District 1001 South Valley View Las Vegas, NV 89153 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Rhodes Ranch Parcel 20 Unit 2 | $0.00 |
| Las Vegas Valley Water District 1001 South Valley View Las Vegas, NV 89153 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Rhodes Ranch Parcel 10 Unit 11 | $0.00 |
| Las Vegas Valley Water District 1001 South Valley View Las Vegas, NV 89153 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Rhodes Ranch Parcel 12 | $0.00 |
| Las Vegas Valley Water District 1001 South Valley View Las Vegas, NV 89153 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Rhodes Ranch Parcel 14 | $0.00 |
| Las Vegas Valley Water | Rhodes Design and | Water supply | West 57th | $0.00 |

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| District 1001 South Valley View Las Vegas, NV 89153 | Development Corporation/Rhodes Homes | agreement and/or application for water service | | |
| Las Vegas Valley Water District 1001 South Valley View Las Vegas, NV 89153 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Spanish Hills | $0.00 |
| Las Vegas Valley Water District 1001 South Valley View Las Vegas, NV 89153 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Spanish Hills multi-family/X-IT | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 6A | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 10 | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 11 | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 12 | $0.00 |
| City of Henderson Dept of Utility Services | Rhodes Design and Development | Water supply agreement and/or | Tuscany Parcel 14 | $0.00 |

18

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Corporation/Rhodes Homes | application for water service | | |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 15 | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 16 | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 17 | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 18 | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 19 | $0.00 |
| City of Henderson Dept of Utility Services 240 Water Street P.O. Box 95050 Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 23 | $0.00 |

19

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| City of Henderson Dept of Utility Services<br>240 Water Street<br>P.O. Box 95050<br>Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 24 | $0.00 |
| City of Henderson Dept of Utility Services<br>240 Water Street<br>P.O. Box 95050<br>Henderson, NV 89009-5050 | Rhodes Design and Development Corporation/Rhodes Homes | Water supply agreement and/or application for water service | Tuscany Parcel 25 | $0.00 |
| Nevada Power<br>6226 West Sahara Avenue<br>Las Vegas, Nevada 89146 | Rhodes Design and Development Corporation/Rhodes Homes | Feeder line agreement | Rhodes Ranch RR2 MPA 90777 | $0.00 |
| Nevada Power<br>6226 West Sahara Avenue<br>Las Vegas, Nevada 89146 | Rhodes Design and Development Corporation/Rhodes Homes | Feeder line agreement | Rhodes Ranch RR3 MPA 175637 | $0.00 |
| Nevada Power<br>6226 West Sahara Avenue<br>Las Vegas, Nevada 89146 | Rhodes Design and Development Corporation/Rhodes Homes | Feeder line agreement | Palm Hills MPA 84071 | $0.00 |
| Nevada Power<br>6226 West Sahara Avenue<br>Las Vegas, Nevada 89146 | | Feeder line agreement | Tuscany 172531 | $0.00 |
| Nevada Power<br>6226 West Sahara Avenue<br>Las Vegas, Nevada 89146 | | Feeder line agreement | Tuscany 177546 | $0.00 |
| Health Plan of Nevada<br>P. O. Box 15645<br>Las Vegas, NV 89114-5645 | Rhodes Design and Development Corporation/Rhodes Homes | Health insurance agreement | | $0.00 |
| Ceridian | Rhodes Design and | Cobra and HIPPA | | $0.00 |

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| 3201 34th Street South St. Petersburg, FL 33711 | Development Corporation/Rhodes Homes | services | | |
| American Family Life Assurance Company (AFLAC) 2990 Sunridge Heights Pkwy Suite 140 Henderson, NV 89052 | Rhodes Design and Development Corporation/Rhodes Homes | Reimbursement services agreement | | $0.00 |
| Sage Software, Inc. 15195 NW Greenbrier Pkwy Beaverton, OR 97006 | Rhodes Design and Development Corporation/Rhodes Homes | Software license agreement | | $0.00 |
| Builder MT 200 Union Boulevard Suite 500 Lakewood, CO 80228 | Rhodes Design and Development Corporation/Rhodes Homes | Software license agreement | | $0.00 |
| Builder 1440, Inc. 2000 W. 41st Street Baltimore, MD 21211 | Rhodes Design and Development Corporation/Rhodes Homes | Software license agreement | | $0.00 |
| BNA P.O. Box 17009 Baltimore, MD 21297-1009 | Rhodes Design and Development Corporation/Rhodes Homes | Software license agreement | | $0.00 |
| ICB Consulting, Inc. 2855 N. Speer Suite #B Denver, CO 80211 | Rhodes Design and Development Corporation/Rhodes Homes | Software license agreement (Crystal Reports) | | $0.00 |
| Strata Systems LC PO Box 91358 Austin, TX 78709-1358 | Rhodes Design and Development Corporation/Rhodes Homes | Software license agreement (Punchlist Manager) | | $0.00 |

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Microsoft Licensing, GP 6100 Neil Road, Suite 210 Reno, NV 89511-1137 Microsoft Corporation One Microsoft Way Redmond, WA 98052 | Rhodes Design and Development Corporation/Rhodes Homes | Software license agreement/volume licensing program | | $0.00 |
| De Lage Landen Financial Services, Inc. 1111 Old Eagle School Road Wayne, PA 19087 | Rhodes Design and Development/Rhodes Homes | Loan Agreement | | $0.00 |
| Symantec P.O. Box 202475 Dallas, TX 75320 | Rhodes Design and Development/Rhodes Homes | Software license | | $0.00 |
| Piracle 556 Confluence Avenue Murray, UT 84123 | Rhodes Design and Development Corporation/Rhodes Homes | Software license agreement (Create-a-check) | | $0.00 |
| | Rhodes Ranch Limited Partnership/Rhodes Homes | Declaration of CC&Rs | Rhodes Ranch | $0.00 |
| | Rhodes Design and Development/Rhodes Homes | Declaration of CC&Rs | Tuscany | $0.00 |

22

73203-002\DOCS_LA:210795.1

RHODES ARIZONA CONTRACTS TO BE ASSUMED AND ASSIGNED TO THE RHODES ENTITIES

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| UNS Electric, Inc. (UniSource Services) 2498 Airway Ave Kingman, AZ 86409 | Rhodes Homes Arizona, LLC | Extension of power distribution line | Golden Valley Ranch, Mohave County, AZ | $0.00 |
| Slater Hanifan Group, Inc. 5740 South Arville St. #216 Las Vegas, NV | Rhodes Homes Arizona, LLC | Master Consulting and Professional Services Agreement | Golden Valley Ranch, Mohave County, AZ | $0.00 |
| Utilities Inc. 2335 Sanders Rd Northbrook, IL 60062-6108 | Rhodes Homes Arizona, LLC | Provision of water service | Golden Valley Ranch, Mohave County, AZ | $0.00 |
| Arizona Corporation Commission Utilities Division 1200 West Washington Phoenix, AZ 85007-2996 | Rhodes Homes Arizona, LLC | Approval for master plan | Golden Valley Ranch, Mohave County, AZ | $0.00 |
| Arizona Department of Water Resources 3550 N. Central Ave. Phoenix, AZ 85012 | Rhodes Homes Arizona, LLC | Proof of adequate water supply | Golden Valley Ranch, Mohave County, AZ | $0.00 |
| Arizona Department of Environmental Quality Phoenix Main Office 1110 W. Washington St. Phoenix, AZ 85007 | Rhodes Homes Arizona, LLC | Water and sewer master plan for Pravada | Golden Valley Ranch, Mohave County, AZ | $0.00 |
| County of Mohave Development Services Attn: Nicholas S. Hont, PE 3675 E. Andy Devine Ave Kingman, AZ 86401 | Rhodes Homes Arizona, LLC | Development agreement/specific zoning agreement | Golden Valley Ranch, Mohave County, AZ | $0.00 |

23

73203-002\DOCS_LA:210795.1

| CONTRACT COUNTER-PARTY NAME & SERVICE ADDRESS | DEBTOR | TYPE OF CONTRACT | PROJECT/DEVELOPMENT | CURE AMOUNT (LESS RETAINER OR DEPOSIT |
|---|---|---|---|---|
| Mohave County Development Services Attn: Nicholas S. Hont, PE 3675 E. Andy Devine Ave Kingman, AZ 86401 | Rhodes Homes Arizona, LLC | Off-Site Improvement Agreement | Mohave Co, AZ – Golden Valley Ranch Phase 1 Grading #B06-01258K | $0.00 |
| Lexon Insurance Company Bond Safeguard Insurance Company 1919 S Highland Dr. Bldg. A Suite 300 Lombard, IL 60148 | Rhodes Homes Arizona, LLC | Bond | Bond # 5022081 (Mohave AZ—golden Valley Ranch Phase 1 Grading) | $0.00 |

24

73203-002\DOCS_LA:210795.1