Zachariah Larson, Esq. (NV Bar No. 7787)    E-Filed 11-13-09
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com
Co-Counsel for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,"[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s) | Hearing Date:  January 14, 2010<br>Hearing Time:  1:30 PM<br>Courtroom 1 |

**SECOND INTERIM FEE APPLICATION OF LARSON & STEPHENS, LLC SEEKING COMPENSATION FOR LEGAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

This second application for allowance of compensation (the "Second Application") is filed by LARSON & STEPHENS, LLC ("L&S"), bankruptcy counsel for The Rhodes

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

Companies, LLC and all related Debtors' ("Debtors"). Pursuant to this Second Application Period, L&S respectfully requests that the Court enter an Order:

    a) For the period from July 1, 2009 through September 30, 2009 ("Application Period"), allowing L&S professional compensation in the amount of $48,287.50 and reimbursement of actual and necessary expenses in the amount of $772.30;

    b) Authorizing the Debtors to pay to L&S all unpaid fees and expenses as allowed by the Court;

    c) Determining that the total amount of professional fees charged by L&S to the Debtors during the Application Period are reasonable within the meaning of 11 U.S.C. § 330(a); and

    d) Determining that the total amount of reimbursable expenses incurred by L&S during the First Application Period are actual and necessary within the meaning of 11 U.S.C.§330(a).

This First Application is supported by the attached points and authorities and the exhibits to the First Application which contain descriptions and analysis of the professional services rendered and the expenses incurred by L&S.

DATED this 13th day of November, 2009.

                                LARSON & STEPHENS

                         By: /s/ Zachariah Larson, Esq.
                             Zachariah Larson, Esq., Bar No.: 7787
                             810 S. Casino Center Blvd., Suite 104
                             Las Vegas, NV 89101
                             Attorney for Debtor

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**LARSON & STEPHENS**
**BILLING SUMMARY**

| | |
|---|---|
| Fees Previously Requested | $ 75,915.00 |
| Fees Previously Awarded | $ 75,915.00 |
| | |
| Expenses Previously Requested | $ 3,612.50 |
| Expenses Previously Awarded | $ 3,612.50 |
| | |
| Retainer Paid | $150,000.00 |
| Drawn on Retainer | $ 82,500.88 |
| Remaining Retainer | $ 67,499.12 |
| | |
| Current Application Fees Requested | $ 48,287.50 |
| Current Application Expenses Requested | $     772.30 |

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**Professional Services**

| NAMES OF PROFESSIONALS & PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| Shareholders: | | | | |
| Zachariah Larson | 2001 | | 350.00 | |
| Kyle O. Stephens | 2001 | | 350.00 | |
| | | | | |
| Associates: | | | | |
| Michael Walsh | 2006 | | 200.00 | |
| | | | | |
| Paraprofessional: | | | | |
| Carey Shurtliff | | | 125.00 | |
| Susan Stanton | | | 125.00 | |
| | | | | |
| ***TOTAL & BLENDED HOURLY RATE*** | | ***212.60*** | | ***$48,287.50*** |

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

4

1
2

**EXPENSES**

| Expense | Rate | Total |
|---|---|---|
| Federal Express | | $0.00 |
| Photocopies | $0.25 per page | $314.25 |
| Messenger | $0.44.5 per mile | $140.00 |
| Filing Fees | | $312.00 |
| Postage | | $6.05 |
| Parking expense | | $0.00 |
| Westlaw research fees | | $0.00 |
| Pacer Research | $0.08 per page | $0.00 |
| Out of Office copies at Kinkos | | $0.00 |
| Transcript Costs | | $0.00 |
| Meals | | $0.00 |
| **Total** | | **$772.30** |

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**POINTS AND AUTHORITIES**

I.  **GENERAL BACKGROUND**

1. On March 31, 2009 and April 1, 2009 (the "Petition Dates"), the Debtors filed thirty-two (32) voluntary Chapter 11 petitions, thereby commencing this Chapter 11 case which the Court has previously ordered to be joint administered.

2. Debtors continue to operate its business as Debtor-in-possession in accordance with Sections 1107 and 1108 of the United States Bankruptcy Code.

3. This is the Second Fee Application for Allowance of Interim compensation and Reimbursement of Expenses filed by L&S in the above-captioned case. L&S continues to hold in its trust account a retainer in the amount of $67,499.12.

4. Pursuant to this Second Application, L&S requests allowance of compensation of $48,287.50, and reimbursement of expenses of $772.30 in connection with services provided during the Application Period.

5. L&S's First Application is a "core proceeding" which the Court has jurisdiction to decide pursuant to 28 U.S.C. §§ 157(a), (b), and 1334. The statutory authority for the relief requested by L&S is 11 U.S.C. § 330. This First Application has been filed in accordance with Federal Bankruptcy Rule 2016 and the Guidelines of the Office of the United States Trustee for the District of Nevada.

II. **CASE STATUS**

The Debtors are in the process of selling substantially all of its assets; however, it continues to operate as Debtor-in-Possession. As such, L&S continues to assist the Debtors with the normal administrative responsibilities that are typical in any Chapter 11 proceeding involving a public company.

. . .

. . .

. . .

6

**Motions Filed During this Application Period.**

1. On August 14, 2009 the Acceleron Group filed its first application for fees and expenses. The application was approved on October 2, 2009 and an Order was entered on October 5, 2009.

2. On August 14, 2009 the Sulivan Group Real Estate Advisors filed its first application for fees and expenses. The application was approved on October 2, 2009 and an Order was entered on October 5, 2009.

3. On August 14, 2009 the Jeff Barcy filed its final application for fees and expenses. The application was approved on October 2, 2009 and an Order was entered on October 5, 2009.

4. On August 14, 2009 the Noel Bejarno filed its first and final application for fees and expenses. The application was approved on October 2, 2009 and an Order was entered on October 5, 2009.

5. On August 14, 2009 the Pachulski, Stang, Ziehl & Jones filed its first application for fees and expenses. The application was approved on October 2, 2009 and an Order was entered on October 5, 2009.

6. On August 26, 2009 the Larson & Stephens filed its first application for fees and expenses. The application was approved on October 2, 2009 and an Order was entered on October 19, 2009.

7. On September 29, 2009 an omnibus objection to proof of claims were filed during this application period. The objections are currently awaiting hearing

The Debtors have filed with the Court and served on the United States Trustee's Office all monthly operating reports. The Debtors are also current on its quarterly fee obligations to the United States Trustee's Office. With respect to accrued but unpaid administrative expenses, the Debtors believe that it is current on all such expenses other than post petition professional fees and cost that are subject to approval by this Court.

### III. TASKS PERFORMED BY L&S DURING THE APPLICATION PERIOD

The Application Period encompassed by this Application runs from July 1, 2009 through September 30, 2009. During the Application Period, L&S provided a wide range of services to the Debtors. The discussion below provides an overview of the services performed by task category. A detailed description of the work performed by L&S in each of the categories listed below is contained in Exhibit "A" to this First Application.

#### A. General Case Administration

L&S billed 11.2 hours ($2,907.50) regarding various general matters which otherwise did not fall into specific task categories below or overlapped a number of categories. The majority of the time was spent in conferences and telephone calls with representatives of the Debtors concerning the bankruptcy process and its status; verifying creditor information and updating the master mailing matrices; review and logging incoming documents; and coordinating with the client regarding various notices resulting from the bankruptcy filing. Finally, a significant amount of time was spent conferring with various creditors and former employees about the bankruptcy process and payments to creditors.

#### B. Preparation of Schedules and Statements

L&S billed 30.6 hours ($3,825.00) for the preparation and filing of Debtors' statements and schedules, as well as preparation of amendments to such statements and schedules. The preparation of Debtors' statements and schedules proved to be difficult due to the volume of the 32 separate schedules and statements.

#### C. Initial Debtor Interview / 341(a) Creditors Meeting

L&S billed 0 hours ($0.00) for preparing for and attending the initial debtor interview and preparing for and attending the 341(a) meetings of creditors.

#### D. First Day Motions and Orders

L&S billed 21.3 hours ($5,767.50) regarding various First Day Motions and Orders filed by the Debtors on the Petition Date as more fully described in the first application for compensation and expenses. Time included conferring with the Office of the United States Trustee concerning the

case, attending the first day hearings, and follow up matters regarding these Motions including the preparation and filing of the applicable orders, as well as noticing to appropriate parties.

### E. Monthly Operating Reports

L&S billed 15.1 hours ($3,372.50) regarding debtor-in-possession monthly operating reports.

### F. L&S Retention, Fee Applications and Budget

L&S billed 23.0 hours ($2,875.00) during the Application Period regarding various issues concerning L&S's retention and employment by the Debtors. Included in this time were the preparation of task categories for fee application purposes and the review of monthly billings to comply with the Administrative Order.

### G. Other Professionals Retention and Fee Applications

L&S billed 5.4 hours ($1,440.00) regarding the retention of other professionals and fee application issues. Time was spent in this category in discussions with Debtors regarding the need for an outside accounting and financing entity, and in preparing employment applications for various individuals and companies to continue in the day-to-day operations of the Debtors' thirty-two (32) entities.

### H. Claims Administration and Other Litigation

L&S billed 90.4 hours ($22,797.50) in this category. Time was spent in this category evaluating and reviewing various creditors' claims. Finally, this category includes miscellaneous time evaluating various proofs of claim asserted against the estate conferring with various creditors over the status of their claims.

### I. Disclosure Statement and Plan Confirmation

L&S billed 15.6 hours ($5,302.50) in this category. Time was spent in this category reviewing and responding to matters concerning the disclosure statement, plan of reorganization and getting a plan approved and confirmed by the Court.

. . .

. . .

## IV. CONTENTS OF THE ATTACHED SUPPORTING EXHIBITS

Exhibit "A" attached to this Application identifies and provides chronologically throughout the Application Period: (a) the dates on which L&S performed professional services for the Debtors; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person. These time entries are grouped by task category.

Also in Exhibit "A" attached to this Application contains a detailed statement of actual and necessary out-of-pocket expenses incurred and paid by L&S during the Application Period in its representation of the Debtors. To date, L&S has not been reimbursed for any of the expenses it has incurred and paid during the Application Period.

Thus, the attached supporting Exhibit "A" contains a thorough and detailed description of L&S's professional services and reimbursable expenses.

## V. STANDARDS RELEVANT TO INTERIM PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT

The fees billed by L&S to the Debtors for professional services rendered during the Application Period total $48,287.50. This amount was calculated (as required by Bankruptcy Code Section 330) in accordance with the standards used to calculate what would be charged for comparable services in a non-bankruptcy situation.

The pertinent factors to be considered in establishing fees for legal services rendered are: (a) the time and labor required, the novelty and the difficulty of the questions involved, and the skill required to perform the legal services properly; (b) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (c) the fee customarily charged for similar services; (d) the amount involved and the results obtained; (e) the time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than in regular business hours; (f) the nature and length of the professional relationship with the client; (g) the experience, reputation, and ability of the lawyers performing the services; and (h) whether the fee is fixed or contingent. In re First Colonial Corp. of

America, 544 F.2d 1291 (5th Cir. 1977), cert. Denied, 431 U.S. 904 (1977); American Bar Association's Code of Professional Responsibility, Disciplinary Rule 2-106.

L&S submits that its requested professional compensation during the Application Period is fair and reasonable under the circumstances of this case and its representation of the Debtors therein.

L&S has also incurred and paid out-of-pocket expenses totaling $772.30 during the Application Period. The items for which expense reimbursement are being sought are not included in L&S's overhead, and are not, therefore, a part of the hourly rates charged by L&S.

Most of the photocopying charges have been incurred in reproducing: (a) petition, schedules and statements prepared and filed in this case; (b) pleadings prepared, filed and served in this case; and (c) research materials. In each of the above-referenced instances (and other similar situations), copies were needed promptly at the time, and/or it was not otherwise feasible for L&S to make other photocopying arrangements. L&S charges 25¢ per page for photocopying.

L&S submits that the expenses which it has incurred and paid in rendering legal services to the Debtor during the Application Period are reasonable and necessary under the circumstances of this case and that the reimbursement to L&S for such expense is appropriate and should be allowed.

## VI. COMPLIANCE WITH SECTION 504 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016

L&S has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which L&S is seeking compensation and reimbursement as set forth in this First Application, except as permitted by Bankruptcy Code section 504(b)(1).

## VII. CONCLUSION

WHEREFORE, L&S respectfully requests that the Court enter an Order:

1. For the Period from July 1, 2009 through September 30, 2009, allowing L&S professional compensation in the amount of $48,287.50, and reimbursement of actual and necessary expenses in the amount of $772.30, for a total of $49,059.80;

2. Determining that the total amount of professional fees charged by L&S to the Debtor during their Chapter 11 case is reasonable within the meaning of 11 U.S.C. § 330(a); and

11

determining that the total amount of reimbursable expenses incurred by L&S during the Chapter 11 case are actual and necessary within the meaning of 11 U.S.C. § 330(a);

    3.    Authorizing the Debtor to pay to L&S all unpaid fees and expenses as allowed by the Court; and

    4.    Granting such other and further relief as the Court deems just and appropriate.

DATED this 13th day of November, 2009.

                              LARSON & STEPHENS

By:   /s/ Zachariah Larson, Esq.
      Zachariah Larson, Esq., Bar No. 7787
      810 S. Casino Center Blvd., Suite 104
      Las Vegas, NV 89101
      Attorneys for Debtor

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169