James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@PSZJlaw.com
        scho@PSZJlaw.com
        wdisse@PSZJlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

E-File:  November 13, 2009

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Chapter 11 |
| Affects:<br>☒　　All Debtors<br>☐　　Affects the following Debtor(s) | Hearing Date:　December 17, 2009<br>Hearing Time:  9:30 a.m.<br>Courtroom 1 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**SECOND INTERIM APPLICATION OF
PACHULSKI STANG ZIEHL & JONES LLP FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR THE PERIOD JULY 1, 2009 THROUGH SEPTEMBER 30, 2009;
DECLARATION IN SUPPORT THEREOF**

**TO THE HONORABLE LINDA B. RIEGLE, UNITED STATES BANKRUPTCY JUDGE:**

By this Application, Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), as co-counsel for the debtors and debtors in possession in the above-captioned cases (the "Debtors"), respectfully applies for an order of this Court: (i) allowing interim compensation to PSZJ for services rendered and expenses incurred in its representation of the Debtors during the period from July 1, 2009 through September 30, 2009 (the "Interim Period"), in the total amount of $658,505.55 (which amount reflects a voluntary write-off of professional fees and costs in the amount of $12,606.33), comprising services rendered in the amount of $631,984.00 and expenses incurred in the amount of $26,521.55; (ii) authorizing and directing the Debtors to pay PSZJ the unpaid balance of that amount, or $94,797.60; (iii) authorizing PSZJ to be paid the unpaid balance of $11,530.56 for PSZJ's prepetition expenses; and (iv) granting any other relief that this Court deems necessary and appropriate (the "Application").

PSZJ submits this Application in accordance with the "Order Granting Debtors' Motion for Administrative Order Pursuant to Sections 105(A) and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016 Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals", entered May 18, 2009 (the "Interim Compensation Order"), 11 U.S.C. §331, Rules 2002(a)(6) and 2016 of the Federal Rules of Bankruptcy Procedure, LR 2016, and the Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses Filed Under 11 U.S.C. §330 (the "Fee Guidelines"). In support of this Application, PSZJ respectfully represents and shows as follows:

## I.

## SUMMARY OF PSZJ ENGAGEMENT

1.    PSZJ is a national firm that specializes in business reorganizations, corporate insolvency matters, commercial litigation, bankruptcy-related asset acquisitions, real estate matters in the bankruptcy context, bankruptcy litigation and appellate advocacy-all of which are areas in

which PSZJ attorneys have extensive experience.  In the insolvency area, PSZJ represents debtors, creditors, equity holders, committees, trustees, landlords, potential acquirers of assets, and other parties with interests in financially distressed businesses.  PSZJ has offices in Los Angeles, San Francisco, Delaware and New York, and handles matters throughout the United States.

2.      Pursuant to the "Order Granting Application of Debtors and Debtors in Possession to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel *Nunc Pro Tunc* to the Petition Date" (the "Retention Order"), entered on May 21, 2009, this Court authorized the Debtors to employ PSZJ as bankruptcy counsel in these proceedings.  The terms and conditions of employment and compensation, source of compensation are all set forth in the engagement letter previously filed and approved by the Retention Order.

3.      Except as otherwise set forth in this Application, no payments have been made or promised to PSZJ for services rendered or to be rendered in any capacity whatsoever in connection with these cases other than as may be authorized upon application to and order of this Court. Neither PSZJ nor any shareholders or associates of the Firm has any agreement or any understanding of any kind or nature to divide, pay over, or share any portion of the fees to be awarded with any other person or attorney except among partners and associates of the Firm.

4.      The PSZJ attorneys who have been principally responsible for rendering services to the Debtors during this Interim Period have been James I. Stang, Shirley S. Cho, and Werner Disse. Other PSZJ attorneys and staff have rendered services as needed.  In general, tasks have been allocated among PSZJ's attorneys based upon the comparative expertise of a particular attorney in various aspects of these cases.  Whenever feasible, work was allocated to attorneys with lower hourly rates.  PSZJ believes that it provided services were provided in an efficient and economic manner.  Nevertheless, in the exercise of it billing discretion, PSZJ has written off $12,606.33 in professionals fees and costs incurred by PSZJ during the Interim Period.

5.      The following exhibits covering the Interim Period are annexed to this Application:

· Exhibit 1 lists the billing rates for all PSZJ professionals who rendered services to the Debtors, and a summary of the hours billed and fees incurred on behalf of the Debtors by each of those persons.

• Exhibit 2 contains a summary of the total fees incurred for each activity category on a monthly basis.

• Exhibit 3 contains a summary of the total expenses incurred for each of the expense categories on a monthly basis.

• Exhibit 4 contains a summary of the total fees incurred for each activity on a Debtor-by-Debtor basis.

• Exhibit 5 contains copies of invoices.

## II.

## SUMMARY OF PRIOR FEE REQUESTS

6.    On August 14, 2009, PSZJ filed its First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses as Co-Counsel to the Debtors and Debtors in Possession for the Period of March 31, 2009 through June 30, 2009 [Docket No. 608] (the "First Interim Fee Application") seeking allowance of $903,777.76, consisting of services rendered in the amount of $865,249.50 and expenses incurred in the amount of $38,528.26.  On August 28, 2009, the United States Trustee filed its objection to the First Interim Fee Application [Docket No. 448] (the "UST Objection").  The UST Objection was resolved by PSZJ further reducing its fees by $5,204.50.  On October 20, 2009, the Court entered an order granting the First Interim Fee Application in the amount of $898,573.26 [Docket No. 612].  On account of such Order, PSZJ was paid the 15% holdback of fees in the amount of $124,500.63.

## III.

## SUMMARY OF COMPENSATION REQUEST

7.    As set forth in Exhibit 5, during the Interim Period, PSZJ incurred $631,984.00 in fees, representing 1,290.80 hours of service, and $26,521.55 in costs and expenses.  PSZJ served monthly fee statements for the months of July, August and September, 2009 on all required parties pursuant to the Interim Compensation Order.  No party objected to the monthly fee statements, and the Debtors paid PSZJ eighty-five percent (85%) of the requested fees and one-hundred percent (100%) of the requested expenses in accordance with the Interim Compensation Order.  The Debtors have also been provided the monthly fee statements and have approved the monthly fee statements.

As of the date hereof, the balance owed to PSZJ for services rendered during the Interim Period is $94,797.60.

8.      The following table summarizes the monthly fees and expenses incurred and payments made to PSZJ during the Interim Period:

| Period | Fees and Expenses Incurred | Payment Received | Date Payment Received | Amount Owed (15% Holdback) |
|---|---|---|---|---|
| July 1, 2009 – July 31, 2009 | $243,598.50 (fees)<br>$   8,788.13 (expenses) | $207,058.73        (fees)<br>$   8,788.13 (expenses) | 11/3/09 | $36,539.78 |
| August 1, 2009 – August 31, 2009 | $227,179.50        (fees)<br>$   8,755.37 (expenses) | $193,102.57        (fees)<br>$   8,755.37 (expenses) | 10/06/09 | $34,076.93 |
| September 1, 2009 – September 30, 2009 | $161,206.00        (fees)<br>$   8,978.05 (expenses) | $137,025.10        (fees)<br>$   8,978.05 (expenses) | 11/13/09 | $24,180.90 |
| **Totals** | $631,984 (fees)<br>$  26,521.55 (expenses) | $537,186.40        (fees)<br>$  26,521.55 (expenses) | | **$94,797.60** |
| **Total Due** | | | | **$94,797.60** |

9.      PSZJ received advance payments from the Debtors prior to the Petition Date in the amount of $1,159,893[2] in connection with its prepetition representation of the Debtors (the "Advance Payment Retainer"). The payment on account of PSZJ's July monthly fee statement was drawn against the retainer held by PSZJ by agreement with the Debtors. Currently, the remaining balance of PSZJ's Advance Payment Retainer is $671,830.66.

10.     By this Application, PSZJ is also requesting that the Debtors be authorized to pay PSZJ $11,530.56 from the Advance Payment Retainer on account of prepetition expenses. Just before the Petition Date, PSZJ estimated its prepetition fees and expenses to be $234,978 and paid itself this estimated amount from the Advance Payment Retainer. Based on actual expenses posted after the Petition Date, the amount of prepetition fees and costs was $246,508.56 rather than $234,978.00. As a result, PSZJ underestimated its prepetition costs by $11,530.56 and has not been paid for this amount. Because PSZJ is holding a retainer in excess of the underestimated amount, or $671,830.66, PSZJ respectfully requests that it be allowed to draw down on the Advance Payment Retainer for this amount.

---

[2]  This amount was incorrectly listed as $1,149,893 in PSZJ's *Application of Debtors and Debtors in Possession to Employ Pachulski Stang Ziehl & Jones LLP as General Bankruptcy Counsel Nunc Pro Tunc to the Petition Date* [Docket Number 37] (the "Employment Application").

11.     This Application is timely filed pursuant to the Interim Compensation Order, which requires that each interim fee application for all professionals be filed within 45 days of the last day of the interim period for which reimbursement is sought, or November 14, 2009.

## IV.

## GENERAL BACKGROUND AND NARRATIVE HISTORY OF CASE

A.     **General Background**

12.     Rhodes Homes and its affiliated entities are engaged primarily in the business of home building and sales in Nevada and Arizona.  Rhodes Homes is a leading Nevada home builder and has developed 40 communities since its founding in 1988, generating over $2.4 billion in total revenues.  Rhodes Homes has built more than 6,000 homes in the Las Vegas Valley during the past two decades.  In addition, the Debtors operate ancillary businesses.  Tuscany Golf Country Club, LLC, one of the Debtors, owns and operates an 18-hole golf course, which is the center of the Tuscany Residential Village development.  Pinnacle Grading, LLC, another Debtor, provides grading and excavation services to the Debtors and third parties.

13.     Although the Debtors had made significant cost reductions in general overhead and other areas, including employee layoffs, the severe downturn of the Las Vegas market, significant supply overhang, and general economic malaise have combined to create an environment where the Debtors were unable to meet their March 2009 debt and amortization payments.  Despite several months of pre-petition negotiation efforts with senior secured lenders, a forbearance deal was not timely reached.

14.     On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed a voluntary petition for relief under the Bankruptcy Code.  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.  The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to

sections 1107 and 1108 of the Bankruptcy Code.  The Debtors have paid all invoices received to the United States Trustee and have filed all monthly operating reports for 32 entities.

15.    On April 13, 2009, the Court granted the Debtors' Motion for Joint Administration of Related Chapter 11 Cases and Setting Single Bar Date and Meeting of Creditors (the "Joint Administration Motion").  Pursuant to the Joint Administration Motion, these cases are being jointly administered for procedural purposes only.

16.    On May 26, 2009 the Court appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code in the Debtors' jointly administered cases.

**B.    Progress Towards Reorganization**

17.    During the Interim Period, PSZJ spent the most time for work under the Plan and Disclosure Statement category, or $254,333.00.  In response to the Debtors' request for an extension of their exclusivity periods to file a plan of reorganization and solicit acceptances thereon, the First Lien Steering Committee objected.  The exclusivity extension motion was resolved by the Debtors agreeing to terminate exclusivity in exchange for the First Lien Steering Committee's agreement to mediate before a neutral third party.  On July 21, 2009, this Court approved the stipulation by all key parties (the Creditors' Committee, the First Lien Steering Committee, the First Lien Agent, the Second Lien Agent, and the non-Debtor Rhodes Entities) agreeing to mediate in exchange for the termination of exclusivity.  [Docket No. 336]

18.    Accordingly, during the Interim Period, PSZJ coordinated the format of the mediation, prepared the Debtors' mediation statement, and participated in a mediation pre-conference with Judge Neiter.  PSZJ also responded to information requests from Judge Neiter and spent time preparing a mediation presentation for the mediation itself outlining the key issues at the suggestion of Judge Neiter.  The mediation occurred on August 17, 2009, August 24, 2009 and August 25, 2009 before the Honorable Richard Neiter, Central District of California, in Los Angeles. PSZJ participated in the mediation on behalf of the Debtors.

19.     Both prior to and after the mediation, the Debtors continued negotiations with the key mediation parties regarding the structure of a consensual plan.  PSZJ conducted analysis into various issues concerning the proposed plan structure.  After the mediation, several rounds of term sheets were exchanged for several weeks, ultimately culminating in the final term sheet that was signed on September 25, 2009.

20.     During the Interim Period, PSZJ also reviewed and commented on several drafts of the consensual plan and disclosure statement, which were also filed on September 25, 2009.  PSZJ also reviewed ancillary documents relating to the plan, such as the plan timeline, the solicitation motion, and solicitation order.

## C.     Other Majority Activity During the Second Interim Fee Period

21.     PSZJ spent the second most amount of time during the Interim Period for work under the Claims Analysis and Objection category, or $113,291.00.  PSZJ worked closely with the Debtors in reviewing and reconciling the over 460 claims filed in these cases.  During the Interim Period, PSZJ sent out dozens of letters to creditors asking them to withdraw or amend their filed claims as appropriate, resulting in 88 claim withdrawal or amendment forms being filed totaling $1,465,650.43 in reduction of filed claims against the Debtors' estates.  PSZJ also filed 5 claim objections to filed claims, resulting in a disallowance of 8 claims totaling $1,037,327.90.

22.     Additionally, the IRS filed over $2.8 million in claims during the Interim Period, of which the Debtors were able to obtain a reduction of over $1.2 million in IRS claims.  In total, PSZJ assisted the Debtors in obtaining a reduction of $8.7 million of claims during the Interim Period (including the amounts discussed in the next paragraph).

23.     PSZJ spent the third most amount of time during the Interim Period for work under the Stay Litigation category, or $61,442.50.  PSZJ worked on six relief from stay requests during the Interim Period.  In three cases, PSZJ coordinated the consensual lifting of the stay to allow various settlements to proceed and in connection therewith, negotiated the stipulations for lifting the stay resulting in the withdrawal of 41 claims associated with the litigation totaling more than $5 million, and drafted the corresponding motions to approve 9019 settlements.  PSZJ also coordinated the lift stay of two other relief from stay requests where the claimant sought relief to pursue insurance

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

proceeds.  Finally, PSZJ opposed a relief from stay request filed by Harsch Investments, which motion has been continued from time to time at the request of movant's counsel.

**V.**

**SUMMARY OF SERVICES RENDERED**

**A.**     **Project Billing and Narrative Statement of Services**

24.     In accordance with the Fee Guidelines, PSZJ classified all services performed for which compensation is being sought into categories.  PSZJ attempted to place the services performed for which compensation in the category that best relates to the service provided.  However, because certain services may relate to one or more categories, services pertaining to one category may, in fact, be included in another category.  PSZJ has established the following billing categories and used such categories in these cases:

- Asset Analysis
- Avoidance Actions
- Asset Disposition
- Bankruptcy Litigation
- Case Administration
- Claims Analysis/Objection
- Compensation of Professionals
- Compensation of Professionals/Others
- Employee Benefit/Pension
- Executory Contracts
- Email Exchange
- Fee/Employment Applications
- Financial Filings
- Financing
- General Creditors' Committee
- Hearings
- Insurance Coverage
- Litigation (Non-Bankruptcy)
- Operations
- Plan and Disclosure Statement
- Retention of Professionals/Other
- Stay Litigation
- Travel

25.     A more detailed summary of work performed under each category is below.

**B.**     **Asset Analysis:**                    Fees:  $119.00   Hours:  .20

26.     This category relates to issues regarding asset analysis.  During the Interim Period, PSZJ communicated with the Creditors' Committee regarding extension of its deadline to challenge the liens of the First Lien Lenders under the terms of the final cash collateral order.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**C.**    **Avoidance Actions:**                    Fees:  $1,892.50        Hours:  4.50

27.    This category relates to time spent analyzing preference claims.

**D.**    **Asset Disposition:**                    Fees:  $18,899.50        Hours:  36.50

28.    This category relates to issues regarding asset disposition.  During the Interim Period, PSZJ, among other things, drafted a noncore asset sale procedures motion, which was approved by the Court [Docket No. 462] and assisted with the sale of a noncore asset pursuant to the terms of the noncore asset sale procedures order.

**E.**    **Bankruptcy Litigation:**                Fees:  $52,984.00        Hours:  74.80

29.    This category relates to issues regarding bankruptcy litigation.  During the Interim Period, PSZJ, among other things, spent time preparing for and conducting the deposition of the First Lien Steering Committee's witness and defending the Debtors' witness in connection with the contested exclusivity and cash collateral motions.  PSZJ also spent time responding to various relief from stay requests.

**F.**    **Case Administration:**                Fees:  $4,490.50        Hours:  12.30

30.    This category relates to issues regarding case administration.  PSZJ performed case management functions such as:  (1) maintaining a memorandum of critical dates; (2) coordinating the filing of various notice of entries of orders; and (3) coordinating service of pleadings.

**G.**    **Claims Administration and Objection:**    Fees:  $113,291.00    Hours:  370.8

31.    This category relates to issues regarding claims administration and objection, as discussed in more detail above.  During the Interim Period, PSZJ, among other things:  (1) responded to inquiries from creditors; (2) reviewed and analyzed asserted claims, tax claims, administrative claims; (3) reached out to claimants to withdraw claims; (4) prepared objections to claims asserted for amounts that were not owed by the Debtors; and (5) analyzed potential additional claims objections.

**H.**    **Compensation of Professionals:**        Fees:  $3,204.00        Hours:  6.40

32.    This category relates to issues regarding the compensation of PSZJ.  During the Interim Period, PSZJ, among other things, performed work regarding preparation and service of monthly fee statements.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**I.**    **Compensation of Professionals-Others:** Fees: $16,060.50    Hours: 31.90

33.    This category relates to issues regarding the compensation of professionals other than PSZJ.  During the Interim Period, PSZJ, among other things:  (1) reviewed fee statements from other professionals for reasonableness; (2) coordinated the filing of fee applications of the Debtors' professionals; and (3) coordinated the return of retainers of certain professionals whose services were no longer needed.

**J.**    **Employee Benefits:**    Fees: $892.50    Hours: 1.50

34.    This category relates to issues regarding employee benefits and general employee issues.  During the Interim Period, PSZJ researched and reviewed issues relating to specific employee matters.

**K.**    **Executory Contracts:**    Fees: $11,871.50    Hours: 28.10

35.    This category relates to issues regarding executory contracts and unexpired leases of real property.  During the Interim Period, PSZJ, among other things:  (1) contacted the landlords to receive written consent to extend the deadline to assume or reject non-residential real estate leases; (2) drafted the second Motion to Extend Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Proper [Docket No. 497], which motion was granted by Order entered on October 29, 2009 [Docket No. 657]; and (3) analyzed contracts for assumption in connection with the plan.

**L.**    **Email Exchange:**    Fees: $3,817.00    Hours: 6.80

36.    This category relates to issues regarding employee benefits and general employee issues that should have been billed under the category of Employee Benefits above, but were inadvertently billed under the category Email Exchange.  During the Interim Period, PSZJ researched and reviewed issues relating to specific employee matters.

**M.**    **Fee/Employment Application:**    Fees: $21,131.50    Hours: 56.50

37.    This category relates to issues regarding fee application issues.  During the Interim Period, PSZJ, among other things:  (1) prepared the first interim fee application; (2) performed work regarding fee statement letters; and (3) corresponded and conferred regarding fee issues.

**N.**    **Financial Filings:**                    Fees:  $3,285.00        Hours:  10.20

38.    This category relates to issues regarding compliance with reporting requirements. During the Interim Period, PSZJ, among other things, (1) performed work regarding the Debtors' amended Schedules and Statements and (2) attended to questions regarding the monthly operating reports.

**O.**    **Financing:**                            Fees:  $15,500.50       Hours:  26.70

39.    This category relates to issues regarding use of cash collateral.  During the Interim Period, PSZJ, among other things:  (1) drafted a reply to the First Lien Steering Committee's objection to use of cash collateral order; (2) reviewed and commented on several budgets; (3) drafted and negotiated cash collateral stipulations and orders; and (4) conferred regarding financing issues.

**P.**    **General Creditors Committee:**           Fees:  $714.00          Hours:  1.20

40.    This category relates to general Creditors' Committee issues.  During the Interim Period, PSZJ, among other things, provided information requested to the Creditors' Committee.

**Q.**    **Hearing:**                              Fees:  $17,158.00       Hours:  37.80

41.    This category relates to issues regarding hearings.  During the Interim Period, PSZJ, among other things:  (1) prepared for and attended Court hearings on various matters before the Court; (2) prepared hearing agendas for the hearings; (3) prepared exhibits and other necessary documents for the hearings; and (4) performed follow-up tasks following the hearings.

**R.**    **Insurance Coverage:**                    Fees:  $9,988.00        Hours:  14.40

42.    This category relates to issues regarding insurance issues.  During the Interim Period, PSZJ, among other things analyzed insurance issues as they relate to the plan of reorganization and also the Debtors' operations.

**S.**    **Operations:**                           Fees:  $10,548.50       Hours:  18.30

43.    This category relates to issues regarding business operations.  During the Interim Period, PSZJ, among other things:  (1) performed work regarding insurance issues; and (2) attended to issues regarding closing certain bank accounts.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**T.**    **Plan and Disclosure Statement:**        Fees: $254,333.00    Hours: 413.80

This category relates to issues regarding the plan and disclosure statement, as discussed in more detail above.

**U.**    **Retention of Professionals—Others:**    Fees: $3,228.00    Hours: 6.20

44.    This category relates to issues regarding the retention of professionals, other than the Firm.  During the Interim Period, PSZJ, among other things, coordinating the retention of various ordinary course professionals.

**V.**    **Stay Litigation:**        Fees: $61,442.50    Hours: 122.30

45.    This category relates to issues regarding stay litigation and is described in more detail above.  During the Interim Period, PSZJ, among other things:  (1) performed work regarding notices of stay; (2) performed work regarding relief from stay motions; (3) reviewed and analyzed the Harsch relief from stay motion and prepared an opposition to such motion; (4) performed research; and (5) corresponded and conferred regarding stay litigation matters.

**W.**    **Travel:**            Fees: $7,133.00    Hours: 9.60

46.    During the Interim Period, PSZJ attorneys incurred non-working time while traveling on case matters.  Such time is billed at one-half the normal time.

**VI.**

**SUMMARY OF COSTS AND EXPENSES**

47.    The Fee Guidelines require that an application seeking reimbursement of expense include a summary listing of all expenses by category and month.  Accordingly, annexed hereto as Exhibit 4 is a summary of the total reimbursable expenses incurred by PSZJ on a monthly basis during the Interim Period broken down by expense category.  The total costs and expenses incurred during the Interim Period for which PSZJ seeks reimbursement is $26,521.55.

48.    To assist the Court in reviewing PSZJ's request for reimbursement of the expenses incurred in connection with its representation of the Debtors during the Interim Period, PSZJ's accounting procedures for the general categories of costs and expenses for which it seeks reimbursement by this Application are described below.  The majority of the requested expenses are charged at rates customarily applied to PSZJ's non-debtor clients**.**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.**    **Air Fare**

49.    The total expenses in this expense category for the Interim Period were $2,056.20.

**C.**    **Airport Parking**

50.    The total expenses in this expense category for the Interim Period were $137.00.

**D.**    **Auto Travel Expense**

51.    The total expenses in this expense category for the Interim Period were $360.48.

**E.**    **Working Meals**

52.    The total expenses in this expense category for the Interim Period were $335.55.

**F.**    **Conference Call**

53.    The Firm bills the actual cost of conference call services directly to its clients, without any surcharge.  The total expenses in this expense category for the Interim Period were $328.82.

**G.**    **Federal Express**

54.    When the exigencies require, the Firm used messenger and overnight courier services, such as Federal Express, to deliver documents.  The Firm charges its clients for the actual costs of such services.  The total expenses in this expense category for the Interim Period were $388.91.

**H.**    **Hotel Expense**

55.    The total expenses in this expense category for the Interim Period were $1,103.30.

**I.**    **Incoming Faxes**

56.    The total expenses in this expense category for the Interim Period were $2.00.

**J.**    **In-House Messenger Service**

57.    The total expenses in this expense category for the Interim Period were $40.64.

**K.**    **Lexis/Nexis –Legal Research**

58.    The total expenses in this expense category for the Interim Period were $6,224.62.

**L.**    **Outside Services**

59.    The total expenses in this expense category for the Interim Period were $844.77.

**M.**    **Pacer – Court Research**

60.    The total expenses in this expense category for the Interim Period were $950.08.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**N.**      **Postage**

61.      The Firm bills the actual postage costs without surcharge.  The total expenses in this expense category for the Interim Period were $555.72.

**O.**      **Reproduction Expense**

62.      The Firm's internal photocopying projects are billed at the rate of $.20 per page.  This rate is comparable to the rate charged by a substantial number of other law firms in the community in both bankruptcy and non-bankruptcy engagements.  However, for this engagement, the Debtors wrote down their copy costs to $.10 per page.  The total expenses in this expense category for the Interim Period were $6,764.90.

**P.**      **Reproduction/Scan Copy**

63.      Items in this category are billed at the rate of $.10 per page.  The total expenses in this expense category for the Interim Period were $1,422.20.

**Q.**      **Travel Expense**

64.      The total expenses in this expense category for the Interim Period were $580.00.

**R.**      **Transcript**

65.      This expense category includes costs incurred by the Firm for copies of transcripts in connection with deposition testimony.  The total expenses in this expense category for the Interim Period were $2,398.50.

**S.**      **Westlaw – Legal Research**

66.      The total expenses in this expense category for the Interim Period were $2,027.86.

**VII.**

**THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED**

**BASED UPON APPLICABLE LAW**

The fees and expenses requested by this Application are an appropriate award for PSZJ's services in acting as counsel to the Debtors.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

A.    **Factors in Evaluating Requests for Compensation**

Pursuant to section 330 of the Bankruptcy Code, the Court may award to a professional person, reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred.  11 U.S.C. § 330.  As set forth above, the fees for which the Firm requests compensation and the costs incurred for which the Firm requests reimbursement are for actual and necessary services rendered and costs incurred.

The professional services rendered by the Firm have required an expenditure of substantial time and effort.  During the Interim Period, in excess of 1,290.80 hours have been recorded by members of the Firm, and additional hours of work were incurred and was written off.  The Firm's blended hourly rate in this case for the Interim Period, including paraprofessionals, is $489.61.

Moreover, time and labor devoted is only one of many pertinent factors in determining an award of fees and costs.  Based on the skills brought to bear in this case by the Firm and the results obtained and in light of the accepted lodestar approach, the Firm submits that the compensation requested herein is reasonable and appropriate.

B.    **The Lodestar Award Should Be Calculated by Multiplying a Reasonable Hourly Rate by the Hours Expended**

In determining the amount of allowable fees under section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters."  *Burgess v. Klenske (In re Manoa Finance Co.)*, 853 F.2d 687, 691 (9th Cir. 1988); *see also In re Schaeffer*, 71 B.R. 559, 563 (Bankr. S.D. Ohio 1987).  Twelve factors relevant to determining such fees were identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) (a Title VII class action case under the Civil Rights Act of 1964), and *Kerr v. Screen Extras Guild, Inc.*, 526 F. 2d 67, 70 (9th Cir. 1975):  (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the

client, and (12) awards in similar cases. *See American Benefit Life v. Baddock (In re First Colonial Corp.)*, 544 F.2d 1291 (5th Cir. 1977), (*Johnson* criteria applicable in bankruptcy cases).

While the *Johnson* and *Kerr* courts only offered guidelines as to relevant factors, in 1984, the Supreme Court, in enunciating guidelines to determine reasonable fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, held:

> The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Adjustments to that fee then may be made as necessary in the particular case.

*Blum vs. Stenson*, 465 U.S. 886 (1984) (citation omitted). This is the so-called "lodestar" calculation.

While the lodestar approach is the primary basis for determining fee awards under the federal fee-shifting statutes and under the Bankruptcy Code, the other factors still apply in calculating the appropriate hourly rate to use under the lodestar approach. For example, when, in *Boddy v. Bankruptcy Court (In re Boddy)*, 950 F.2d 334, 337 (6th Cir. 1991), the Sixth Circuit Court of Appeals rejected an approach to fees (in chapter 13 cases) that dictated only a "normal and customary" fee should be awarded absent exceptional results, the Sixth Circuit nonetheless acknowledged that:

> The court can legitimately take into account the typical compensation that is adequate for attorney's fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours worked and a reasonable hourly rate. The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results
>
> obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area.

950 F.2d at 338. Thus, the twelve oft-cited *Johnson* and *Kerr* factors remain relevant:

1. <u>The Time and Labor Required</u>: The time for which compensation is sought is set forth in detail in the exhibits hereto. In light of the scope of services rendered and the results achieved during the Interim Period, the Firm's services and time expenditures are reasonable.

2. <u>The Novelty and Difficulty of the Questions Involved</u>: The case included a number of matters and issues requiring a high degree of knowledge and skill.

3.      <u>The Skill Requisite to Perform the Legal Services Properly</u>:  The Firm believes its professionals have exhibited a high level of skill in representing the Debtors and dealing with issues and disputes regarding investigation of assets and claims, and litigation.

4.      <u>The Preclusion of Other Employment by the Attorney Due to the Acceptance of the Case</u>:  The case involved a number of matters and issues that required substantial amounts of time clearly precluding the acceptance of alternative employment as to the many hours worked.

5.      <u>The Customary Fee</u>:  The compensation the Firm seeks by way of this Application is the customary compensation sought by the Firm and other professionals representing trustees, committees, and debtors in similar circumstances.  In addition to write offs of charges typically billed by the Firm to private clients but not typically permitted by this Court and in addition to time for which attorneys and paralegals of the Firm elected not to bill, the Firm has additionally voluntarily reduced its total fee request by $12,606.33.

6.      <u>Whether the Fee Is Fixed or Contingent</u>:  The Firm seeks fixed compensation based on the lodestar formula, which it believes is appropriate in this case.

7.      <u>Time Limitations Imposed by the Circumstances</u>:  The time demands on the Firm have varied during the Fee Period, and have included some periods of time where the Firm's attorneys had to work very extensive hours for a number of the matters that arose during the Fee Period.

8.      <u>The Amount Involved and the Results Obtained</u>:  The Firm obtained demonstrable results for its work and the amounts incurred were reasonable and appropriate.

9.      <u>The Experience, Reputation and Abilities of the Firm</u>:  The experience, reputation, and abilities of the Firm's attorneys are well known and respected in this community.

10.     <u>The Undesirability of This Case</u>:  This case was not undesirable.

11.     <u>The Nature and Length of the Professional Relationship with the Client</u>:  Applicant has represented the Debtors since December 2008.

12.     <u>Awards in Similar Cases</u>:  The award Applicant seeks in this case is similar to awards that counsel has received in similar cases.  Exhibit 5 is a copy of the Firm's time reports and records kept in the regular course of business reflecting the services rendered and the expenses

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

incurred by the Firm during the Interim Period.  The time reports are organized on a daily basis.  The Firm is sensitive to issues of "lumping" and, unless time was spent in one time-frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  The Firm's charges for its professional services are based upon the time, nature, extent and value of such services, and the cost of comparable services in this area, other than in a case under the Bankruptcy Code.

The Firm's charges for its professional services are based upon the time, nature, extent and value of such services, and the cost of comparable services in the Los Angeles area other than in a case under the Bankruptcy Code.  The Firm customarily charges its clients only for copying charges, facsimile transmissions, postage, and unusual expenses, i.e., travel, court costs, electronic research and special delivery services, including Federal Express.  In-house photocopying for this case is charged at $.10 per copy; for voluminous photocopying projects, the Firm uses an outside service, and passes through the actual charge.  Similarly, electronic research, court costs, and messenger, mail and other delivery charges are passed through at actual charge.  Facsimile transmission for this case is charged at $1.00 per page for outgoing faxes, and $.10 cents per page for incoming faxes.

The requested fees and expenses shall be paid from the estate only as and when available.  As of the date of this Application, PSZJ is informed that the Debtors are holding in their trust accounts in excess of $5 million.

**VIII.**

**CONCLUSION**

PSZJ believes that the services rendered for which compensation is sought by this Application have been beneficial to the estates, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and costs incurred are fair and reasonable.

The interim compensation sought in this Application is not final.  Upon the conclusion of this case, PSZJ will seek final approval of fees and costs for the totality of the services rendered in this

case.  Any interim fees approved by the Court and received by PSZJ will be credited against such final fees and costs as this Court may allow.

WHEREFORE, PSZJ respectfully requests that this Court, issues an order:  (i) allowing PSZJ interim compensation for services rendered and expenses incurred during the Interim Period in the amount of $658,505.55 representing services rendered in the amount of $631,984.00 and expenses incurred in the amount of $26,521.55 (ii) authorizing and directing the Debtors to pay the unpaid balance of that amount, $94,797.60 to PSZJ; (iii) authorizing and directing the Debtors to pay PSZJ the unpaid balance of $11,530.56 for PSZJ's prepetition fees and costs; and (iv) granting any other relief that this Court deems necessary and appropriate.

**DATED** this <u>13th</u> day of November 2009

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James I . Stang*

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho., Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone:  310/277-6910
Facsimile:  310/201-0760
Email:  jstang@PSZJlaw.com
        scho@PSZJlaw.com
        wdisse@PSZJlaw.com

Attorneys for Debtors and Debtors in Possession

**DECLARATION OF JAMES I. STANG**

I, James I. Stang, declare:

1.      I am a principal of Pachulski, Stang, Ziehl, & Jones LLP ("PSZJ" or the "Firm").  I submit this Declaration in support of the First Interim Application of Pachulski Stang Ziehl & Jones LLP for Allowance and Payment of Compensation and Reimbursement of Expenses as Co-Counsel to the Debtors and Debtors in Possession for the Period July 1, 2009 through September 30, 2009 (the "Application").

2.      I am familiar with the services rendered by the Firm as counsel for the Debtors and Debtors in Possession.

3.      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of November 2009 at Los Angeles, California.

_____*/s/ James I. Stang*_____
James I. Stang

# EXHIBIT 1

## FEE SUMMARY BY PROFESSIONAL

| PROFESSIONAL / PARAPROFESSIONAL | DATE OF BAR ADMISSION | HOURLY RATE | HOURS BILLED | TOTAL FEES |
|---|---|---|---|---|
| James I. Stang | CA Bar No. 94435 (1980) | 795.00 | 109.10 | 90,007.50 |
| Alan J. Kornfeld | CA Bar No. 130063 (1987) DC Bar No. 478826 (2002) NY Bar No. 640029 (2004) | 725.00 | 41.20 | 31,930.00 |
| Andrew W. Caine | CA Bar No. 110345 (1983) | 675.00 | .60 | 417.00 |
| Iain A.W. Nasatir | CA Bar No. 148977 (1990) | 675.00 | 29.30 | 20,363.50 |
| Daryl G. Parker | CA Bar No. 47048 (1970) | 625.00 | 1.90 | 1,282.50 |
| Shirley S Cho | CA Bar No. 192616 (1997) NY Bar No. 4061628 (2002) | 595.00 | 450.80 | 268,226.00 |
| Jeffrey L. Kandel | CA Bar No. 115832 (1984) | 525.00 | 6.70 | 3,517.50 |
| Michael R. Seidl | DE Bar No. 3889 (2000) | 525.00 | .10 | 52.50 |
| Jason S. Pomerantz | CA Bar No. 157216 (1991) | 495.00 | .20 | 145.00 |
| Werner Disse | CA Bar No. 143458 (1989) | 495.00 | 236.30 | 116,028.00 |
| Gillian N. Brown | CA Bar No. 205132 (1999) DC Bar No. 979289 (2008) | 475.00 | .50 | 247.50 |
| William L. Ramseyer | CA Bar No. 94268 (1980) | 475.00 | 17.90 | 10,051.00 |
| David A. Abadir | MA Bar No. 669543 (2007) | 350.00 | 16.50 | 6,517.50 |
| Leslie Anne Forrester | | 250.00 | 4.40 | 850.00 |
| Patricia J. Jeffries | | 225.00 | 305.50 | 68,737.50 |
| Michael A. Matteo | | 195.00 | 69.80 | 13,611.00 |
| **Totals** | | | **1,290.80** | **$631,984.00** |
| **Blended Hourly Rate** | | **489.61** | | |
| **Blended Hourly Rate Excluding Paraprofessionals** | | **602.33** | | |

## EXHIBIT 2

## FEE SUMMARY BY CATEGORY BY MONTH

| CATEGORY | JULY | AUGUST | SEPTEMBER | TOTAL |
|---|---|---|---|---|
| Asset Analysis | $ 0.00 | $ 0.00 | $ 119.00 | $ 119.00 |
| Avoidance Actions | $ 238.00 | $ 1,654.50 | $ 0.00 | $ 1,892.50 |
| Asset Disposition | $ 9,836.00 | $ 3,091.00 | $ 5,972.50 | $ 18,899.50 |
| Bankruptcy Litigation | $48,399.50 | $ 4,152.00 | $ 432.50 | $ 52,984.00 |
| Case Administration | $ 1,537.00 | $ 1,075.00 | $ 1,878.50 | $ 4,490.50 |
| Claims Analysis/Objection | $44,580.00 | $ 24,014.50 | $44,696.50 | $113,291.00 |
| Compensation of Professionals | $ 0.00 | $ 3,204.00 | $ 0.00 | $ 3,204.00 |
| Compensation of Professionals/Others | $ 3,476.00 | $ 7,920.50 | $ 4,664.00 | $ 16,060.50 |
| Employee Benefit/Pension | $ 0.00 | $ 357.00 | $ 535.50 | $ 892.50 |
| Executory Contracts | $ 2,392.00 | $ 1,594.00 | $ 7,885.50 | $ 11,871.50 |
| Email Exchange | $ 3,817.00 | $ 0.00 | $ 0.00 | $ 3,817.00 |
| Fee/Employment Applications | $ 6,789.00 | $ 11,766.00 | $ 2,576.50 | $ 21,131.50 |
| Financial Filings | $ 2,839.00 | $ 446.00 | $ 0.00 | $ 3,285.00 |
| Financing | $10,159.00 | $ 2,082.50 | $ 3,259.00 | $ 15,500.50 |
| General Creditors' Committee | $ 714.00 | $ 0.00 | $ 0.00 | $ 714.00 |
| Hearings | $ 3,236.50 | $ 7,139.50 | $ 6,782.00 | $ 17,158.00 |
| Insurance Coverage | $ 4,309.00 | $ 5,679.00 | $ 0.00 | $ 9,988.00 |
| Operations | $ 4,183.50 | $ 2,696.00 | $ 3,669.00 | $ 10,548.50 |
| Plan and Disclosure Statement | $77,478.50 | $123,647.00 | $53,207.50 | $254,333.00 |
| Retention of Professionals/Other | $ 0.00 | $ 1,911.00 | $ 1,317.00 | $ 3,228.00 |
| Stay Litigation | $13,909.50 | $ 23,322.01 | $24,211.00 | $ 61,442.51 |
| Travel | $ 5,705.00 | $ 1,428.00 | $ 0.00 | $ 7,133.00 |
| **TOTAL** | **$243,598.50** | **$227,179.51** | **$161,206.00** | **$631,984.01** |

## EXHIBIT 3

### EXPENSE SUMMARY BY CATEGORY

| CATEGORY | JULY | AUGUST | SEPTEMBER | TOTAL |
|---|---|---|---|---|
| Air Fare | $1,074.60 | $  644.40 | $  337.20 | $  981.60 |
| Airport Parking | $  107.00 | $   30.00 | $    0.00 | $  137.00 |
| Auto Travel Expense | $  227.48 | $  133.00 | $    0.00 | $  360.48 |
| Working Meals | $  146.86 | $  167.59 | $   21.10 | $  335.55 |
| Conference Call | $  111.01 | $  111.98 | $  105.83 | $  328.82 |
| FedEx | $   78.90 | $   33.93 | $  276.08 | $  388.91 |
| Hotel Expense | $  891.62 | $    0.00 | $  211.68 | $1,103.30 |
| Incoming Facsimile | $    1.20 | $     .20 | $     .60 | $    2.00 |
| In-House Messenger Service | $   31.64 | $    9.00 | $    0.00 | $   41.63 |
| Lexis/Nexis Legal Research | $3,075.90 | $1,196.88 | $1,951.84 | $6,224.62 |
| Outside Services | $    0.00 | $  563.02 | $  281.75 | $  844.77 |
| Pacer | $  272.40 | $  448.08 | $  229.60 | $  950.08 |
| Postage | $   67.48 | $   69.27 | $  418.97 | $  555.72 |
| Reproduction Expense | $1,073.70 | $1,839.40 | $3,851.80 | $6,764.90 |
| Reproduction / Scan Copy | $  396.40 | $  455.20 | $  570.60 | $1,422.20 |
| Travel Expense | $  260.00 | $  160.00 | $  160.00 | $  580.00 |
| Transcript | $    0.00 | $2,398.50 | $    0.00 | $2,398.50 |
| Westlaw Legal Research | $  971.94 | $  494.92 | $  561.00 | $2,027.86 |
| **TOTAL** | **$8,788.13** | **$8,755.37** | **$8,978.05** | **$26,521.55** |

**Exhibit 4**
**Summary by Category by Debtor**

| Debtor | Asset Analysis | Avoidance Actions | Asset Disposition | Bankruptcy Litigation | Case Administration | Claims Analysis/Objection | Compensation of Professionals | Compensation of Professionals (Other) |
|---|---|---|---|---|---|---|---|---|
| Jointly Administered (All Debtors) | 119.00 | 1,892.50 | 18,899.50 | 48,525.50 | 4,490.50 | 104,759.00 | 3,204.00 | 16,060.50 |
| Apache Framing, LLC | | | | | | 220.50 | | |
| Batcave, LP | | | | | | 45.00 | | |
| Bravo, Inc. | | | | 2,261.00 | | 353.50 | | |
| C & J Holdings, Inc. | | | | 297.50 | | 45.00 | | |
| Chalkline, LP | | | | | | 22.50 | | |
| Elkhorn Investments, Inc. | | | | | | 135.00 | | |
| Elkhorn Partners, a Nevada Limited Partnership | | | | | | 135.00 | | |
| Geronimo Plumbing, LLC | | | | | | 22.50 | | |
| Glynda, LP | | | | | | 22.50 | | |
| Gung-Ho Concrete, LLC | | | | | | 45.00 | | |
| Heritage Land Company, LLC | | | | | | 45.00 | | |
| Jackknife, LP | | | | | | 22.50 | | |
| Jarupa, LLC | | | | | | 22.50 | | |
| Overflow, LP | | | | | | 22.50 | | |
| Parcel 20, LLC | | | | | | 135.00 | | |
| Pinnacle Grading, LLC | | | | | | 1,024.50 | | |
| Rhodes Arizona Properties, LLC | | | | | | 45.00 | | |
| Rhodes Homes Arizona, LLC | | | | | | 193.50 | | |
| Rhodes Design and Development Corporation | | | | 1,900.00 | | 1,024.50 | | |
| Rhodes Ranch General Partnership | | | | | | 213.00 | | |
| Rhodes Ranch Golf and Country Club | | | | | | 2,331.50 | | |
| Rhodes Realty, Inc. | | | | | | 45.00 | | |
| The Rhodes Companies, LLC | | | | | | 201.00 | | |
| Six Feathers Holdings, LLC | | | | | | 45.00 | | |
| Tick, LP | | | | | | 22.50 | | |
| Tribes Holdings, LLC | | | | | | 22.50 | | |
| Tuscany Acquisitions, LLC | | | | | | 180.00 | | |
| Tuscany Acquisitions II, LLC | | | | | | 180.00 | | |
| Tuscany Acquisitions III, LLC | | | | | | 180.00 | | |
| Tuscany Acquisitions IV, LLC | | | | | | 1,462.50 | | |
| Tuscany Golf Country Club, LLC | | | | | | 45.00 | | |
| Wallboard, LP | | | | | | 22.50 | | |
| | 119.00 | 1,892.50 | 18,899.50 | 52,984.00 | 4,490.50 | 113,291.00 | 3,204.00 | 16,060.50 |

**Exhibit 4**
## Summary by Category by Debtor

| Debtor | Employee Benefits/Pension | Executory Contracts | Email Exchange | Fee/Employment Applications | Financial Filings | Financing | General Creditors' Committee | Hearing | Insurance Coverage | Operations |
|---|---|---|---|---|---|---|---|---|---|---|
| Jointly Administered (All Debtors) | 892.50 | 11,871.50 | 3,817.00 | 21,131.50 | 2,889.00 | 15,500.50 | 714.00 | 17,158.00 | 9,988.00 | 5,016.00 |
| Apache Framing, LLC | | | | | | | | | | |
| Batcave, LP | | | | | | | | | | |
| Bravo, Inc. | | | | | | | | | | 119.00 |
| C & J Holdings, Inc. | | | | | | | | | | |
| Chalkline, LP | | | | | | | | | | |
| Elkhorn Investments, Inc. | | | | | | | | | | |
| Elkhorn Partners, a Nevada Limited Partnership | | | | | | | | | | |
| Geronimo Plumbing, LLC | | | | | | | | | | |
| Glynda, LP | | | | | | | | | | |
| Gung-Ho Concrete, LLC | | | | | 112.50 | | | | | |
| Heritage Land Company, LLC | | | | | 58.50 | | | | | |
| Jackknife, LP | | | | | | | | | | |
| Jarupa, LLC | | | | | | | | | | |
| Overflow, LP | | | | | | | | | | |
| Parcel 20, LLC | | | | | | | | | | |
| Pinnacle Grading, LLC | | | | | | | | | | 535.50 |
| Rhodes Arizona Properties, LLC | | | | | | | | | | |
| Rhodes Homes Arizona, LLC | | | | | 112.50 | | | | | |
| Rhodes Design and Development Corporation | | | | | | | | | | 4,878.00 |
| Rhodes Ranch General Partnership | | | | | | | | | | |
| Rhodes Ranch Golf and Country Club | | | | | | | | | | |
| Rhodes Realty, Inc. | | | | | | | | | | |
| The Rhodes Companies, LLC | | | | | | | | | | |
| Six Feathers Holdings, LLC | | | | | | | | | | |
| Tick, LP | | | | | | | | | | |
| Tribes Holdings, LLC | | | | | | | | | | |
| Tuscany Acquisitions, LLC | | | | | 112.50 | | | | | |
| Tuscany Acquisitions II, LLC | | | | | | | | | | |
| Tuscany Acquisitions III, LLC | | | | | | | | | | |
| Tuscany Acquisitions IV, LLC | | | | | | | | | | |
| Tuscany Golf Country Club, LLC | | | | | | | | | | |
| Wallboard, LP | | | | | | | | | | |
| | 892.50 | 11,871.50 | 3,817.00 | 21,131.50 | 3,285.00 | 15,500.50 | 714.00 | 17,158.00 | 9,988.00 | 10,548.50 |

**Exhibit 4**
**Summary by Category by Debtor**

| Debtor | Plan and Disclosure Statement | Retention of Professionals (Other) | Stay Litigation | Travel | Totals |
|---|---|---|---|---|---|
| Jointly Administered (All Debtors) | 254,333.00 | 3,228.00 | | 7,133.00 | **551,622.50** |
| Apache Framing, LLC | | | | | **220.50** |
| Batcave, LP | | | | | **45.00** |
| Bravo, Inc. | | | 20,807.00 | | **23,540.50** |
| C & J Holdings, Inc. | | | 1,039.50 | | **1,382.00** |
| Chalkline, LP | | | | | **22.50** |
| Elkhorn Investments, Inc. | | | | | **135.00** |
| Elkhorn Partners, a Nevada Limited Partnership | | | | | **135.00** |
| Geronimo Plumbing, LLC | | | | | **22.50** |
| Glynda, LP | | | | | **22.50** |
| Gung-Ho Concrete, LLC | | | 1,435.50 | | **1,593.00** |
| Heritage Land Company, LLC | | | | | **103.50** |
| Jackknife, LP | | | | | **22.50** |
| Jarupa, LLC | | | | | **22.50** |
| Overflow, LP | | | | | **22.50** |
| Parcel 20, LLC | | | | | **135.00** |
| Pinnacle Grading, LLC | | | | | **1,560.00** |
| Rhodes Arizona Properties, LLC | | | | | **45.00** |
| Rhodes Homes Arizona, LLC | | | | | **306.00** |
| Rhodes Design and Development Corporation | | | 35,834.00 | | **43,636.50** |
| Rhodes Ranch General Partnership | | | 2,326.50 | | **2,539.50** |
| Rhodes Ranch Golf and Country Club | | | | | **2,331.50** |
| Rhodes Realty, Inc. | | | | | **45.00** |
| The Rhodes Companies, LLC | | | | | **201.00** |
| Six Feathers Holdings, LLC | | | | | **45.00** |
| Tick, LP | | | | | **22.50** |
| Tribes Holdings, LLC | | | | | **22.50** |
| Tuscany Acquisitions, LLC | | | | | **292.50** |
| Tuscany Acquisitions II, LLC | | | | | **180.00** |
| Tuscany Acquisitions III, LLC | | | | | **180.00** |
| Tuscany Acquisitions IV, LLC | | | | | **1,462.50** |
| Tuscany Golf Country Club, LLC | | | | | **45.00** |
| Wallboard, LP | | | | | **22.50** |
| | **254,333.00** | **3,228.00** | **61,442.50** | **7,133.00** | **631,984.00** |