James I. Stang, Esq. (CA Bar No. 94435)          E-File: <u>November 17, 2009</u>
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

*LARSON & STEPHENS*
*810 S. Casino Center Blvd., Suite 104*
*Las Vegas, Nevada 89101*
*Tel: (702) 382-1170   Fax : (702) 382-1169*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,[1]<br><br>                        Debtors.<br><br>Affects:<br><br>☐   All Debtors<br>☒   Affects the following Debtor(s):<br><br>    Apache Framing, LLC 09-14818 | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br><br><br><br><br><br><br><br>Hearing Date:  December 17, 2009<br>Hearing Time:  9:30 a.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

### DEBTORS' OBJECTION TO DANIEL BRENNAN'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 (BOOKS & RECORDS CLAIM); DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF

Pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby object (the "Objection") to the claim (the "Books & Records Claim") of Daniel Brennan ("Mr. Brennan"), attached hereto as **Exhibit A**, because the Debtors' books and records indicate that no sums are owing.  The Debtors request the entry of an order (the "Order") disallowing and expunging in full the Books & Records Claim.[2]  In support of this Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Objection to Daniel Brennan's Claim [Books & Records Claim]*.  In further support of this Objection, the Debtors respectfully represent as follows:

### BACKGROUND

1.    On March 31, 2009, the above-captioned Debtors (the "Primary Filers"), except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers"), filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code.  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief

---

14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2]  The Debtors reserve the right to file additional objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

73203-001\DOCS_SF:68647.1

under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2.      The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### RELIEF REQUESTED

3.      By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Books & Records Claim.

### OBJECTION

4.      The Books and Records Claim is for an alleged mortgage note. The Debtors are not engaged in the business of mortgage lending, and have no such obligation to Mr. Brennan, as indicated by the Debtors' books and records. Furthermore, Mr. Brennan failed to provide any documentation to support his claim against the Debtors. Therefore, the Debtors believe that the Books & Records Claim is invalid and should be disallowed and expunged in full by the Court.

5.      Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a). Upon such objection, this Court, "after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition . . . ." 11 U.S.C. § 502(b). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1

2

3

4

5

6

7

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

8

9

10

11

12

13

14

15

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

16

17

18

      6.     Based on the Debtors' review of their books and records and the proof of claim filed by Mr. Brennan, the Debtors believe that the Books & Records Claim should be disallowed and expunged in full by the Court.

19

**CONCLUSION**

20

21

22

23

      7.     The Debtors object to the allowance of the Books & Records Claim for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing and expunging in full the Books & Records Claim identified as the proof of claim attached hereto as **Exhibit A**.

24

**NOTICE**

25

26

27

      8.     Notice of this objection has been provided to (i) the United States Trustee for the District of Nevada, (ii) counsel to the Creditors' Committee, (iii) the claimant to whose claim the Debtors are objecting in this Objection in accordance with the address provided in the proof

28

of claim for such Books & Records Claim, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases.  The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

9.      Pursuant to Bankruptcy Rule 3007, the Debtors have provided the claimant affected by the Objection with at least thirty (30) days' notice of the hearing on the Objection.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, disallowing and expunging in full the Books & Records Claim attached as **Exhibit A**, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 17th day of November, 2009.

LARSON & STEPHENS

 /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-001\DOCS_SF:68647.1

5

**DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' OBJECTION TO DANIEL BRENNAN'S CLAIM [BOOKS & RECORDS CLAIM]**

I, Paul D. Huygens, declare as follows:

1.    I am the Senior Vice President of Special Projects of the above-captioned debtors and debtors in possession (the "Debtors").  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2.    This declaration is submitted in support of the *Debtors' Objection to Daniel Brennan's Claim [Books &Records Claim]* (the "Objection").

3.    I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I have read the Debtors' Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the exhibits attached thereto, and the proposed form of order.

4.    Daniel Brennan's claim was carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors.  These efforts have resulted in the identification of the disputed "Books & Records Claim," indentified as the proof of claim attached hereto as **Exhibit A**.  I have personally reviewed the Books & Records Claim.

5.    The Books and Records Claim is for an alleged mortgage note.  The Debtors are not engaged in the business of mortgage lending, and have no such obligation to Mr. Brennan, as demonstrated by the Debtors' books and records.  Furthermore, Mr. Brennan failed to provide any documentation to support his claim against the Debtors.  As a result, I believe the Books & Records Claim should be disallowed and expunged in full by the Court.

6.    I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

///

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1    I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true

2  and correct to the best of my knowledge, information, and belief.

3    Executed this 17th day of November, 2009, at Las Vegas, Nevada.

4

5                                                            /s/ *Paul D. Huygens*
                                                        Paul D. Huygens

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68647.1                                7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT A

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor: APACHE FRAMING, LLC. | Case Number: |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): DANIEL BRENNAN

Name and address where notices should be sent:
DANIEL BRENNAN
531-2 WILLOW ROAD EAST
STATEN ISLAND, NEW YORK 10314
Telephone number: 347 - 284 - 8443

❏ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

( SAME AS ABOVE )

Telephone number:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

❏ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 200,000

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

❏ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** MORTGAGE NOTE
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 8762

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☒Real Estate  ❏ Motor Vehicle  ❏ Other
**Describe:**

**Value of Property:** $ 200,000  **Annual Interest Rate** 6½ %

**Amount of arrearage and other charges as of time case filed included in secured claim,**

if any: $ _____  **Basis for perfection:** _____

**Amount of Secured Claim:** $ _____  **Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

❏ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❏ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 6/1/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Daniel Brennan* | FOR COURT USE ONLY<br><br>**FILED**<br><br>JUN 10 2009<br><br>The Omni Management Group, Claims Agent<br>**for U.S. Bankruptcy Court<br>District of Nevada** |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

037765

FRI-20607 0978-2 pdf959 09-14818
ZACHARIAH LARSON
810 S. CASINO CENTER BLVD.
SUITE 104
LAS VEGAS, NV 89101

037765  37765 1 MB 0.369  10314  9 5  6221-1-38114

Daniel Brennan
531 Willow Rd E No 2
Staten Island, NY 10314-1679

## Electronic Bankruptcy Noticing

### Go Green!
### Sign up for electronic notices. FREE!
### Receive notices 24 X 7 and days faster than through US Mail.

### Try our new Email Link service.

### To find out how, visit:
### http://EBN.uscourts.gov

037765        20607037802041



U.S. POSTAGE
PAID
STATEN ISLAND, NY
10303
JUN 05 09
AMOUNT

$5.10

0003G237-20

1000    91436

UNITED STATES
POSTAL SERVICE

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7008 3230 0002 2523 4113

RETURN RECEIPT
REQUESTED

RECEIVED
JUN 0 9 2009
BY: _____
91436

BRENNAN
531-2 WILLOW ROAD EAST
STATEN ISLAND, NEW YORK
10314

Heritage Land Company, LLC
c/o Omni Management Group, LLC
16161 Ventura Blvd. Suite C
PMB 477
Encino, California 91436

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68647.1

9

1
2
3
4
5
6
7
8

**UNITED STATES BANKRUPTCY COURT**

9

**DISTRICT OF NEVADA**

10

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR |
| | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] | Chapter 11 |
| Debtors. | |

11
12
13

Affects:
☐  All Debtors
☒  Affects the following Debtor(s):

Apache Framing, LLC 09-14818

Hearing Date:  December 17, 2009
Hearing Time:  9:30 a.m.
Courtroom 1

14
15
16
17
18

**ORDER SUSTAINING DEBTORS' OBJECTION TO DANIEL BRENNAN'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [BOOKS & RECORDS CLAIM] [DOCKET NO.    ]**

19
20
21

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

22
23
24
25
26
27
28

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1    Upon consideration of *Debtors' Objection to Daniel Brennan's Claim Pursuant to*

2  *Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Books & Records*

3  *Claim]* [Docket No. ___] (the "<u>Objection</u>"),[2] filed by the above-captioned debtors and debtors in

4  possession (collectively, the "<u>Debtors</u>"), requesting that the Court enter an order disallowing and

5  expunging in full the disputed claim; and the Court having jurisdiction to consider the Objection

6  and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested

7  therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

8  this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the

9  Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal

10  Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the

11  claim attached as Exhibit A to the Objection and all other parties entitled to notice; and no other

12  or further notice is necessary; and the relief requested in the Objection is in the best interests of

13  the Debtors, their estates and creditors; and that the legal and factual bases set forth in the

14  Objection establishes just cause for the relief requested therein; therefore

15    IT IS HEREBY ORDERED THAT:

16    1.    Claim number 5 of Daniel Brennan in the amount of $200,000.00, filed against

17  Apache Framing, LLC is hereby disallowed and expunged in full.

18    2.    This Court shall retain jurisdiction to hear and determine all matters arising from

19  the implementation of this Order.

20

21  APPROVED/DISAPPROVED:

22  DATED this ___ day of December, 2009.

23  By: _____

24        UNITED STATES TRUSTEE
        August B. Landis
25        Office of the United States Trustee
        300 Las Vegas Blvd. S., Ste. 4300
26        Las Vegas, NV  89101

27

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Submitted by:

DATED this 17th day of December, 2009.

By: /s/ Zachariah Larson
      LARSON & STEPHENS
      Zachariah Larson, Esq. (NV Bar No 7787)
      Kyle O. Stephens, Esq. (NV Bar No. 7928)
      810 S. Casino Center Blvd., Ste. 104
      Las Vegas, NV  89101
      (702) 382-1170 (Telephone)
      (702) 382-1169 (Facsimile)
      zlarson@lslawnv.com
      *Attorneys for Debtors*

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

**LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

____ The court has waived the requirement of approval under LR 9021.

___No parties appeared or filed written objections, and there is no trustee appointed in the case.

____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.

Submitted by:
DATED this 17th day of December 2009.

By: /s/ Zachariah Larson
      LARSON & STEPHENS
      Zachariah Larson, Esq. (NV Bar No 7787)
      Kyle O. Stephens, Esq. (NV Bar No. 7928)
      810 S. Casino Center Blvd., Ste. 104
      Las Vegas, NV  89101
      (702) 382-1170 (Telephone)
      (702) 382-1169
      zlarson@lslawnv.com
      Attorneys for Debtors

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-001\DOCS_SF:68647.1