James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File:  November 17, 2009

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,[1]<br>　　　　　　　Debtors.<br><br>Affects:<br><br>☐　All Debtors<br>☒　Affects the following Debtor(s):<br><br>　Parcel 20<br>　Rhodes Design and Development Corporation<br>　Rhodes Ranch General Partnership<br>　Rhodes Realty, Inc. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br><br>Hearing Date:　　December 17 2009<br>Hearing Time:　　9:30 a.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa,

73203-001\DOCS_SF:68633.1

**DEBTORS' SIXTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [SCHEDULED CLAIMS]; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby object (the "Sixth Omnibus Objection") to each of the scheduled claims (the "Scheduled Claims"), identified herein on **Exhibit A**, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and request the entry of an order (the "Order") reducing each of the Scheduled Claims as indicated in further detail below.[2] In support of this Sixth Omnibus Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Sixth Omnibus Objection to Claims [Scheduled Claims]*, attached hereto. In further support of this Sixth Omnibus Objection, the Debtors respectfully represent as follows:

**BACKGROUND**

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers"), except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers"), filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their

---

LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] The Debtors reserve the right to file additional omnibus objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

---

73203-001\DOCS_SF:68633.1                             2

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On or about April 30, 2009, the Debtors each filed their Schedules of Assets and Liabilities (the "<u>Schedules</u>"). The Schedules have been amended from time to time.

## **RELIEF REQUESTED**

3. By this Sixth Omnibus Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, reducing the Scheduled Claims as set forth in the Column marked "Total Modified Amount" in **Exhibit A**.

## **OBJECTION**

4. The Debtors object to each of the Scheduled Claims set forth in **Exhibit A**. The Scheduled Claim holders did not file corresponding proofs of claims, but rather are scheduled on the Debtors' Schedules as indicated on Exhibit A. Based on the review of their books and records, the Debtors have determined that each Scheduled Claim, identified on **Exhibit A**, has been (i) entirely or partially paid in the ordinary course of business, or by authorized agreement; or (ii) inaccurately scheduled by the Debtors. Accordingly, the Debtors propose that the Scheduled Claims should be reduced to the amounts as set forth in Exhibit A.

5. With certain exceptions, § 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim:

> … the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

6. Based on the Debtors' review of their books and records and the disputed Scheduled Claims, the Debtors submit that the Scheduled Claims should be reduced as set forth in the Column marked "Total Modified Amount" in **Exhibit A**.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68633.1

3

## CONCLUSION

7.  The Debtors object to the allowance of the Scheduled Claims for the reasons stated herein, and the Debtors hereby move this Court for an Order reducing each of the Scheduled Claims as set forth in the Column marked in **Exhibit A**.

## NOTICE

8.  Notice of this objection has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Creditors' Committee, (iii) each holder of a Scheduled Claim to which the Debtors are objecting in this Sixth Omnibus Objection in accordance with the addresses provided in the Debtors' Schedules, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases.  The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

9.  Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Sixth Omnibus Objection with at least thirty (30) days' notice of the hearing on the Omnibus Objection.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, reducing each of the Scheduled Claims as set forth in **Exhibit A**, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 17th day of November, 2009.

**LARSON & STEPHENS**

 /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68633.1                    4

### DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' SIXTH OMNIBUS OBJECTION TO CLAIMS [SCHEDULED CLAIMS]

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects of the above-captioned debtors and debtors in possession (the "Debtors"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Debtors' Sixth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Scheduled Claims]* (the "Sixth Omnibus Objection").

3. I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Sixth Omnibus Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein.

4. The Debtors' have been reconciling their books and records with prepetition invoices that have been presented postpetition, utilizing due diligence by appropriate personnel of the Debtors. These efforts have resulted in the identification of the "Scheduled Claims," as listed in **Exhibit A** to the Sixth Omnibus Objection. I have personally reviewed each of the Scheduled Claims.

5. To the best of my knowledge, information and belief, the claims listed in **Exhibit A** to the Sixth Omnibus Objection are not valid claims against the Debtors for the reasons set forth below and in the Sixth Omnibus Objection. As a result, I believe that the Scheduled Claims should be reduced as set forth in the column marked "Total Modified Amount" in **Exhibit A**.

6. After a diligent and thorough review of their books and records, the Debtors submit that each identified claimant is not entitled to the amount listed in the Debtors' Schedules. The Debtors' books and records show that the amount alleged exceeds the amount owed. Therefore, the Schedules Claims listed in **Exhibit A** should be reduced as set forth in **Exhibit A**.

7.  I believe that granting the relief requested in the Sixth Omnibus Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 17th day of November, 2009, at Las Vegas, Nevada.

/s/ *Paul D. Huygens*
Paul D. Huygens

# EXHIBIT A

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68633.1                7

# EXHIBIT A
## To Sixth Omnibus Objection to Claims
### [Scheduled Claims]

| Scheduled Claimant Name | Filed in Debtor Case | Scheduled Amount Unsecured | Total Scheduled Amount | Modified Amount Unsecured | Total Modified Amount | Proposed Treatment/ Disposition |
|---|---|---|---|---|---|---|
| M S CONCRETE<br>3840 NORTH COMMERCE<br>LS VEGAS, NV 89032 | 09-14844<br>[Docket No. 16 – Schedule F] | 15,145.75 | **15,145.75** | 11,599.20 | **11,599.20** | Reduce and allow as a general unsecured claim in the modified amount |
| SALESTRAQ<br>9101 ALTA DR. #1406<br>LAS VEGAS, NV 89145 | 09-14841<br>[Docket No. 11- Schedule F] | 557.52 | **557.52** | 257.52 | **257.52** | Reduce and allow as a general unsecured claim in the modified amount |
| STERLING NEVADA, LLC<br>2825 COLEMAN STREET<br>N. LAS VEGAS, NV 89032 | 09-14854<br>[Docket No. 11- Schedule F] | 1,936.94 | **1,936.94** | 574.70 | **574.70** | Reduce and allow as a general unsecured claim in the modified amount |
| TELEPACIFIC COMMUNICATIONS<br>PO BOX 526015<br>SACRAMENTO, CA 95812-6015 | 09-14846<br>[Docket No. 12- Schedule F] | 7,768.91 | **7,768.91** | 2,217.80 | **2,217.80** | Reduce and allow as a general unsecured claim in the modified amount |
| THE MASONRY GROUP NEVADA, INC.<br>4685 BERG STREET<br>N. LAS VEGAS, NV 89081 | 09-14848<br>[Docket No. 16- Schedule F] | 7,869.15 | **7,869.15** | 5,229.50 | **5,229.50** | Reduce and allow as a general unsecured claim in the modified amount |

# EXHIBIT B

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68633.1                8

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,**[1]**

        Debtors.

Affects:

☐ All Debtors
☒ Affects the following Debtor(s):

Parcel 20, LLC 09-14848; Rhodes Design and Development Corporation 09-14846; Rhodes Ranch General Partnership 09-14844; and Rhodes Realty, Inc. 09-14841

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date: December 17 2009
Hearing Time: 9:30 a.m.
Courtroom 1

## ORDER GRANTING DEBTORS' SIXTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [SCHEDULED CLAIMS] [DOCKET NO. ____]

Upon consideration of the *Debtors' Sixth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Scheduled*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

73203-001\DOCS_SF:68633.1

*Claims]* [Docket No. ___] (the "Sixth Omnibus Objection"),[2] filed by above-captioned debtors and debtors in possession (collectively, the "Debtors"), requesting that the Court enter an order disallowing and or reducing the Scheduled Claims as set forth in the Column marked "Total Modified Amount" in **Exhibit A** attached hereto; and the Court having jurisdiction to consider the Sixth Omnibus Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Sixth Omnibus Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holders of the Scheduled Claims and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Sixth Omnibus Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Sixth Omnibus Objection establish just cause for the relief requested therein; therefore

IT IS HEREBY ORDERED THAT:

1. The Sixth Omnibus Objection is granted.

2. The claims identified on **Exhibit A** attached hereto are hereby and shall be reduced as set forth in **Exhibit A**.

3. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sixth Omnibus Objection.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

APPROVED/DISAPPROVED:

DATED this _____ day of December 2009.

By: _____
    UNITED STATES TRUSTEE
    August B. Landis
    Office of the United States Trustee
    300 Las Vegas Blvd. S., Ste. 4300
    Las Vegas, NV  89101


Submitted by:
DATED this 17th day of December 2009.

By: /s/ Zachariah Larson
    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
    (702) 382-1170 (Telephone)
    (702) 382-1169
    zlarson@lslawnv.com
    *Attorneys for Debtors*

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

**LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

___ No parties appeared or filed written objections, and there is no trustee appointed in the case.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.

Submitted by:
DATED this 17th day of December, 2009.

By: /s/ Zachariah Larson
    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
    (702) 382-1170 (Telephone)
    (702) 382-1169
    zlarson@lslawnv.com
    Attorneys for Debtors

73203-001\DOCS_SF:68633.1