James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File:  November 17, 2009

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes, et al.,[1]
                Debtors.

Affects:

☐ All Debtors
☒ Affects the following Debtor(s):

Rhodes Design and Development Corporation
The Rhodes Companies

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date:    December 17 2009
Hearing Time:    9:30 a.m.
Courtroom 1

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [BOOKS AND RECORDS CLAIMS – REDUCE & ALLOW]; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby object (the "Eighth Omnibus Objection") to each of the claims (the "Books and Records Claims"), identified on **Exhibit A**, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and request the entry of an order (the "Order") reducing and allowing each of the Books and Records Claims as indicated in further detail below and in **Exhibit A**.[2]  The proofs of claim for the Books and Records Claims are attached hereto as **Exhibit B**.  In support of this Eighth Omnibus Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Eighth Omnibus Objection to Claims [Books and Records Claims – Reduce & Allow]*, attached hereto.  In further support of this Eighth Omnibus Objection, the Debtors respectfully represent as follows:

## BACKGROUND

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers"), except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers"), filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code.  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their

---

Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] The Debtors reserve the right to file additional omnibus objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68723.2                    2

businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### RELIEF REQUESTED

2. By this Eighth Omnibus Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, reducing the Books and Records Claims as set forth in **Exhibit A** to the "Total Modified Amount" as listed on Exhibit A.

### OBJECTION

3. The Debtors object to the Books and Records Claims listed on **Exhibit A** because the amounts asserted exceed what is in the Debtors' books and records. The Debtors request that the Books and Records Claims listed on **Exhibit A** should be reduced to the amounts set forth in the "Total Modified Amount" column on **Exhibit A**.

4. Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68723.2                3

burden of persuasion is always on the claimant.

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

5. Based on the Debtors' review of their books and records and the Books and Records Claims, the amounts asserted in the Books and Records Claims are in excess of what is owing to each claimant. As a result, the Debtors submit that the Books and Records Claims should be reduced as set forth in **Exhibit A**.

## CONCLUSION

6. The Debtors object to the allowance of the Books and Records Claims for the reasons stated herein, and the Debtors hereby move this Court for an Order reducing each of the Books and Records Claims to the "Total Modified Amount" listed in **Exhibit A**.

## NOTICE

7. Notice of this objection has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Creditors' Committee, (iii) each holder of a Books and Records Claim to which the Debtors are objecting in this Eighth Omnibus Objection in accordance with the addresses provided in the proof of claim for each Books and Records Claim, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

73203-001\DOCS_SF:68723.2                    4

8. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Eighth Omnibus Objection with at least thirty (30) days' notice of the hearing on the Omnibus Objection.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit C**, reducing each of the Books and Records Claims as set forth in the Column marked "Total Modified Amount" in **Exhibit A**, and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 17th day of November, 2009.

**LARSON & STEPHENS**

 /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

# DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' EIGHTH OMNIBUS OBJECTION TO CLAIMS
## [BOOKS AND RECORDS CLAIMS – REDUCE & ALLOW]

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects of the above-captioned debtors and debtors in possession (the "Debtors"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Debtors' Eighth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Books and Records Claims – Reduce & Allow]* (the "Eighth Omnibus Objection").

3. I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Eighth Omnibus Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein.

4. The claims and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors. These efforts have resulted in the identification of the disputed "Books and Records Claims," as identified in **Exhibit A** to the Eighth Omnibus Objection. The proofs of claim for the Books and Records Claims are attached as **Exhibit B** to the Eighth Omnibus Objection. I have personally reviewed each of the Books and Records Claims.

5. Based on a thorough review of their books and records, the Debtors submit that the Debtors' books and records show that the amount alleged exceeds the amount owed. Therefore, Books and Records Claims listed on **Exhibit A** should be reduced as set forth in the Column marked "Total Modified Amount" in **Exhibit A**.

6. I believe that granting the relief requested in the Eighth Omnibus Objection is in the best interests of the Debtors, their estates and their creditors.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 17th day of November, 2009, at Las Vegas, Nevada.

/s/ *Paul D. Huygens*
Paul D. Huygens

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

# EXHIBIT A

# EXHIBIT A

**To Eighth Omnibus Objection to Claims**
**[Books & Records – Reduce and Allow]**

| Claim No. | Claimant Name | Filed in Debtor Case | Claim Amount Secured | Claimed Amount Unsecured | Claimed Amount Priority | Total Claimed Amount | Modified Amount Secured | Modified Amount Priority | Modified Amount Unsecured | Total Modified Amount | Proposed Treatment/ Disposition |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 74 | CAPITOL NORTH AMERICAN<br>1780 SOUTH MOJAVE ROAD<br>LAS VEGAS, NV 89104 | 09-14814 | | 2,664.00 | | **2,664.00** | | | 1,852.10 | **1,852.10** | Reduce and allow as a general unsecured claim in the modified amount |
| 22 | KYLE MOYER & COMPANY<br>JANET BETTS<br>HOLME ROBERTS & OWEN, LLP<br>16427 N. SCOTTSDALE RD, STE 300<br>SCOTTSDALE, AZ 85254 | 09-14814 | | 34,104.74 | | **34,104.74** | | | 30,000.00 | **30,000.00** | Reduce and allow as a general unsecured claim in the modified amount |
| 8 | OFFICE DEPOT<br>ATTN: KATHLEEN LARAMORE<br>6600 N. MILITARY TRAIL -S413G<br>BOCA RATON, FL 33496 | 09-14814 | | 3,270.88 | | **3,270.88** | | | 2,666.88 | **2,666.88** | Reduce and allow as a general unsecured claim in the modified amount |
| 3 | QUALCOMM INCORPORATED<br>SALLY CADIRCI, LEGAL ANALYST<br>5775 MOREHOUSE DRIVE, AA-4420<br>SAN DIEGO, CA 82121 | 09-14817 | | 6,073.00 | | **6,073.00** | | | 1,500.00 | **1,500.00** | Reduce and allow as a general unsecured claim in the modified amount |
| 29 | ROADSAFE TRAFFIC SYSTEMS INC<br>ATTN: ELISEO SEGUI<br>3015 E ILLINI ST<br>PHOENIX, AZ 85040 | 09-14846 | | 6,173.00 | | **6,173.00** | | | 2,097.33 | **2,097.33** | Reduce and allow as a general unsecured claim in the modified amount |
| 132 | WILMAR CONTRACTING, INC.<br>ATTN: MELANIE HENRY<br>4525 W. HACIENDA AVE., SUITE 1<br>LAS VEGAS, NV 89118 | 09-14846 | | 9,191.50 | | **9,191.50** | | | 5,688.00 | **5,688.00** | Reduce and allow as a general unsecured claim in the modified amount |

73203-002\DOCS_SF:68720.1