UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA

**PROOF OF CLAIM**

Name of Debtor: **Tribes Holdings, LLC**

Case Number: **09-14817**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
QUALCOMM INCORPORATED

Name and address where notices should be sent:
Sally Cadirci, Legal Analyst
Qualcomm Incorporated
5775 Morehouse Drive, AA-4420
San Diego, CA 92121

TEL: (858) 651 - 6047

Name and address where payment should be sent (if different from above):
Name:
Address 1:
Address 2:
Address 3:
Address 4:
Address 5:
TEL: ( ) -

☐ Check box to indicate that this claim amends a previously filed claim.

Court Claim Number: (If known)

Filed On: / /

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be sent to: **The Rhodes Companies, LLC, c\o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 477, Encino, CA 91436-2522.**

**1. Amount of Claim as of Date Case Filed:** $ 6073.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim** goods and services
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor:** 5670

**3a. Debtor may have scheduled account as:**
(See instruction #3a on reverse side.)

**4. Secured Claim.** (See instruction #4 on reverse side.)
☐ Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other

**Describe:**

**Value of Property:** $ . **Annual Interest Rate:** %

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $ . **Basis for perfection:**

**Amount Secured** $ . **Amount Unsecured** $ .

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( ).

Amount entitled to priority:
$ .

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

THIS SPACE IS FOR COURT USE ONLY

FILED
JUN 19 2009
By Omni Management Group, Claims Agent
For U.S. Bankruptcy Court
District of Nevada

Date 06/15/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Signature: Sally Cadirci

Printed Name: SALLY CADIRCI

Title: Legal Analyst

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

POC0857 0001

3
PCB

B10 (Official Form 10) (12/08)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim Form (if not already filled in)

**Court, Name of Debtor, and Case Number:**

Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002 (g).

**1. Amount of Claim as of Date Case Filed:**

State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**

Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**

Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state the annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a):**

If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**

Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**

The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## — DEFINITIONS —

***Debtor***

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

***Creditor***

A creditor is the person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing.

***Claim***

A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

***Proof of Claim***

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

***Secured Claim Under 11 U.S.C. §506(a)***

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to the other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

***Unsecured Claim***

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

***Claim Entitled to Priority Under 11 U.S.C. §507(a)***

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

***Redacted***

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

***Evidence of Perfection***

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## — INFORMATION —

***Acknowledgment of Filing of Claim***

To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

***Offer to Purchase Claim***

Certain entities are in the business of purchasing claims for an amount less than the fact value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. §101 et seq.), and any applicable orders of the bankruptcy court.

In re: **Tribes Holdings, LLC**
Chapter 11 Case No. 09-14817
United States Bankruptcy Court
**District of Nevada**

## SUMMARY OF PROOF OF CLAIM BY QUALCOMM INCORPORATED

Qualcomm Incorporated ("Qualcomm") holds an unsecured claim against **Tribes Holdings, LLC, ("Tribes")** in a total sum of **$6,073.00** pursuant to the terms of a written contract for certain services rendered and goods provided in connection with the operation of certain GlobalTRACS Terminals ("GTs") purchased from Qualcomm. **Tribes** entered into that certain GlobalTRACS Contract dated December 7, 2006 (the "Contract") pursuant to which Qualcomm provided data transmission services, licensed certain software, shipped certain communications equipment and parts and provided certain maintenance, repair and other ancillary services in connection with the GTs. A true and correct copy of the Contract is attached hereto as Exhibit A. Pursuant to the invoices, copies of which are attached hereto as Exhibit B, as of the petition date of March 24, 2009 **Tribes** owed Qualcomm the amount of **$4,588.00** for goods and services rendered under the terms of the Contract. **Tribes** terminated the Contract prior to its expiration date and incurred termination fees in the sum of $**1,485.00** for such early termination. (See Exhibit C)

Qualcomm reserves the right to amend this claim to add any additional pre-petition unpaid amounts that may be hereafter discovered.

**EXHIBIT A**

**CONTRACT**

QUALCOMM

# GLOBALTRACS CONTRACT
## GlobalTRACS Cover Page

This GlobalTRACS contract ("Contract") is made and entered into as of this 7th day of December 2006 ("Effective Date") by and between the company listed as the customer ("Customer") and QUALCOMM Incorporated ("QUALCOMM"). The Contract shall consist of: (i) this GlobalTRACS Cover Page, (ii) the GlobalTRACS Terms and Conditions, and (iii) the GlobalTRACS Price List. The term of this Contract shall commence upon the Effective Date and shall continue in effect for a period of three (3) years ("Term"). Thereafter, the Contract shall be automatically extended on a year-to-year basis ("Extended Term") unless terminated by either party in writing on not less than ninety (90) days prior written notice to the other party prior to the applicable anniversary of the Effective Date.

The prices and delivery schedule are predicated on this Contract being executed by both parties on or prior to: ~~11/??/2006~~ 12-1-06 [initials]

**CUSTOMER INFORMATION**

| | |
|---|---|
| Customer Name: Tribes Holdings LLC | |
| Invoice Address: 470 Mirror Ct. Ste B-108 | Shipping Address: same |
| Henderson, NV 89015 | |
| Attn: Ian Rosen E-mail: ian@rhodeshomes.com | Attn: same E-mail: |
| Phone: 702-738-7649 Fax: | Phone: 208-948-0302 Fax: |

**HARDWARE**

| ITEM | DESCRIPTION | QUANTITY | PRICE |
|---|---|---|---|
| 1 | GlobalTRACS Terminal: includes terminal, standard power and sensor cable assembly, standard combined communication/GPS antenna, cable, and installation kit with standard mounting hardware | | $ 850.00 each |
| 2 | Low Profile Antenna: Upgrade charge | | $55.00 each |
| 3 | Terminal Activation Fee: One-time fee per Terminal | 4 | $25.00 each |

**SERVICE PLANS**
Service plan fees are based on the number of event usage per month, per terminal and apply only to standard event usage as described in the GlobalTRACS Price List. Value Added Services are at the fees set forth in the GlobalTRACS Price List.

| ITEM | TIER | NUMBER OF MONTHLY EVENT USAGE | MONTHLY PRICE PER TERMINAL |
|---|---|---|---|
| 4 | Tier # 5 | 32 to 75* events | $30.00 |
| | Tier # 4 | 11 to 31 events | $25.00 |
| | Tier # 3 | 6 to 10 events | $22.00 |
| | Tier # 2 | 1 to 5 events | $18.00 |
| | Tier # 1 | 0 (no activity) | $11.50 |
| 5 | Reporting Interval: Initial setting for Scheduled Status reports. ☐ DAILY ☒ WEEKLY ☐ OTHER ______ | | |

**HARDWARE DELIVERY SCHEDULE**

| ITEM | DELIVERY SCHEDULE | QUANTITY | DELIVERY SCHEDULE | QUANTITY |
|---|---|---|---|---|
| 6 | Terminals (prior to 11/24/2006) | 4 | Terminals (prior to ) | |
| | Terminals (prior to ) | | Terminals (prior to ) | |

**Item 1, 1 GlobalTRACS Starter Kit w/ low profile antenna @ $2495.00.**
**No Charge on Item 1 low profile antennas on any units ordered on or before December 29, 2006.**

Tare Ranzy/Steven Vaughn

Customer acknowledges that it has read and agreed to the attached GlobalTRACS Terms and Conditions. As of the Effective Date, the parties have executed this Contract by their duly authorized representatives.

| QUALCOMM Incorporated | CUSTOMER: |
|---|---|
| Signature: [signature] | Signature: [signature] |
| Print Name: Brigette P. Sheils | Print Name: IAN ROSEN |
| Title: Contracts Specialist | Title: FLEET MANAGER |

QUALCOMM Pro[prietary]

REV # 10/04/06

GLOBALTRACS CONTRACT

# GlobalTRACS Terms and Conditions

1. Hardware.

1.1. Purchase of Hardware. The GlobalTRACS mobile communications terminals ("Terminals") and other equipment ordered under the Contract (collectively, the "Hardware") shall be delivered in accordance with the Delivery Schedule. Evaluation Terminals and other evaluation equipment, if applicable, shall be converted to production and QUALCOMM shall invoice Customer for converted Terminals and other evaluation equipment in accordance with the pricing set forth herein. [illegible]

1.2. Delivery, Acceptance and Installation. QUALCOMM will ship Hardware ordered under this Contract FOB QUALCOMM's San Diego facility. Risk of loss in transit and the cost of any cargo insurance shall be borne by Customer. [illegible]

The Terminal installation, user training price, and installation training price does not include travel and per diem expenses (the "Expenses"), as set forth in this Contract. [illegible] to the sum of $125.00 multiplied by the number of machines below the minimum machine availability requirement set forth herein.

1.3. Installation Warranty. QUALCOMM warrants that for ninety (90) days from the date on which the Service (as defined in Section 2.1) is first activated for any Terminal installed by QUALCOMM and operated in accordance with QUALCOMM's operating instructions, such Terminal will provide the Service. [illegible]

1.4. Firmware. The Terminal applications and modem software are resident in the Hardware for use of the GlobalTRACS System ("Firmware"). [illegible]

1.5. Terminal Warranty and Extended Maintenance. QUALCOMM warrants that for twelve (12) months after shipment of Terminals and for twelve (12) months following conversion of evaluation Terminals (the "Warranty Period"), the Terminals (including Firmware) shall be free from material defects in materials or workmanship and capable of providing the Service in accordance with QUALCOMM's specifications for the Terminals as of the date of shipment ("Good Working Order") (the "Warranty"). [illegible]

After the expiration of the Warranty Period, Customer may elect to obtain QUALCOMM's Extended Maintenance service on a fixed-rate basis only, by paying for Extended Maintenance with the first invoice for monthly Extended Maintenance fees at the rates set forth in this Contract. [illegible]

1.6. Warranty Exclusions. QUALCOMM excludes from the Warranty and from Extended Maintenance, and has no obligation to repair or replace, any Terminal which is not in Good Working Order due to: [illegible]

2. Service.

2.1. Service. The GlobalTRACS Service is a two-way terrestrial-based, mobile data messaging and position location reporting service that uses a digital, CDMA wireless network and AMPS (the "GlobalTRACS Service"). The GlobalTRACS Web Service is QUALCOMM's proprietary web-based solution resident on a server (the "Server") at QUALCOMM's facility (the "Web Service"). [illegible] The GlobalTRACS Service and the Web Service are collectively referred to as the "Service".

2.2. Customer Service. Customer may call the QUALCOMM Customer Service Center at (800)541-7490 if there is an operational issue with the Hardware or the Service, or if other service/information is required.

2.3. Activation of the Service. The Service for each Terminal is considered to be activated in Customer's message service account upon the earlier of (i) the date upon Customer's first transmission of an event, or (ii) thirty (30) days after the date of shipment of the Terminal. [illegible]

2.4. Web Service Use. During the Term, Customer will have access to and use of the Web Service in conjunction with the System. [illegible]

2.5. Service Warranty. QUALCOMM warrants to Customer that (i) Service Availability shall be at least 98% per month for all hours excluding "Planned Downtime" and (ii) the QUALCOMM shall maintain the Service and reduce any outages in the Service in accordance with industry professional standards for maintenance and operation of Tier 3 data management network. [illegible] "Service Availability" shall mean provision of the Service to Customer in Covered Areas free from interruption or break and shall include, in addition to the ability of QUALCOMM's Network Management Center ("NMC") to receive Customer's outbound messaging events to the Terminal, the ability to transmit the outbound messaging events from the NMC to the wireless network for transmission to the Terminal, and the ability to receive at the NMC from the wireless network an acknowledgment that originated at the Terminal that the messaging event has been received. "Covered Areas" shall mean those geographic areas in the continental United States where the wireless network provider is providing coverage for commercial use that is data-capable. Service Availability is predicated upon normal usage for Terminals in service in the United States and does not include interruption of service as a result of force majeure events. For purposes of this Paragraph, "force majeure events" shall include, without limitation, satellite or transponder failure, ground telecommunications failure, wireless digital or AMPS network outages or constraints, acts of God, natural disasters, strikes, acts of terrorism, civil disturbances, compliance with governmental laws or orders, and other events which are beyond the reasonable control of QUALCOMM. Wireless digital or AMPS network outages or constraints shall mean that the availability of the wireless network for the Service may be temporarily interrupted, curtailed or otherwise limited by factors including but not limited to atmospheric, environmental or topographical conditions, physical features such as buildings, tunnels or landmass features, coverage gaps, capacity constraints, or wireless provider network facilities changes, modifications, updates, relocations, repairs, maintenance or other similar activities necessary for the proper or improved operation of the wireless provider network.

2.6. Service Warranty Remedies. In any month in which QUALCOMM does not provide at least 98% Service Availability, Customer shall be entitled to receive upon written request, a credit against Customer's Service account for the Service for each affected Terminal, in an amount equal to: (a) twenty percent (20%) of the monthly message service charges for the Service for such month, if Service Availability is less than 98% but more than 95%; or (b) 40% of the monthly message service charges for the Service for such month, if Service Availability is 85% or less. In the event Service Availability is less than 85% in any month, Customer shall not be charged any monthly service message charges for the Service for such month for each affected Terminal.

2.7. Customer Data Retention Policy. The data generated by Customer's use of the System is the property of Customer. QUALCOMM will store Customer's data on the Server for a minimum of ninety (90) days. QUALCOMM shall have the right, but not the obligation, to store indefinitely Customer's data, or to delete the data at any time upon expiration of the ninety day period. Customer acknowledges and agrees that messaging and position data deleted from the NMC and the Server(s) cannot be retrieved or re-created. In addition, QUALCOMM may retain Customer data beyond the ninety day period: (i) if QUALCOMM is notified by a third party to preserve such data for evidentiary purposes in a civil or criminal investigation or proceeding and, in the judgment of QUALCOMM's counsel, failure to comply with such request may subject QUALCOMM to civil or criminal liability, provided that in such event QUALCOMM shall notify Customer of such retention unless QUALCOMM's disclosure is otherwise prohibited by law; (ii) for temporary use in analyzing any System performance anomalies or for similar maintenance purposes, provided that such data shall be deleted after such use is completed; and (iii) for use for other general purposes, provided that such data is used in combination with other compiled GlobalTRACS user data and QUALCOMM has removed any identification to Customer. In addition, the wireless network provider for the GlobalTRACS Service will generate call data records ("CDRs") for billing and invoicing purposes, and the wireless network provider may retain the CDRs for longer than the ninety day period. QUALCOMM may modify this customer data retention policy on notice to Customer.

2.8. International Use. QUALCOMM has not received permission to transmit or operate the Service in Mexico and therefore Customer is not authorized to use the Service in Mexico.

2.9. Unauthorized Use of the Service. Customer shall not use the Service for any Unauthorized Purpose or in such a manner as to interfere with use by other customers of the System. "Unauthorized Purpose" includes: (i) use with intent to avoid payment of charges due under this Contract, (ii) access to, use of, alteration of, or destruction of the data files, programs, procedures, or information of Customer or any other QUALCOMM customer, (iii) use with the intent to reverse engineer or clone the System; or (iv) use for any illegal or fraudulent purpose. QUALCOMM may, without liability to QUALCOMM, discontinue the Service to prevent use for an Unauthorized Purpose or in response to an order from the FCC or other government agency. QUALCOMM will use reasonable efforts to provide Customer with no less than twelve (12) hours notification prior to discontinuing the Service. QUALCOMM shall restore the Service as soon as reasonably practicable. Customer shall not be credited message service charges for Service interruptions resulting from QUALCOMM's actions under this Section.

2.10. Internet Service Provider. To use the Web Service, Customer shall contract with an Internet Service Provider ("ISP") and have a personal computer and connection to the world wide web, both meeting QUALCOMM's specifications. Customer shall be solely responsible for the choice of its ISP and for any ISP fees, maintenance support, and other ISP expenses. QUALCOMM shall have no responsibility for the ISP connection or any Internet communications link between Customer facilities and the Server. Customer's use of an ISP does not permit QUALCOMM to provide backup for access to the Service and Web Service in the event of a failure of the ISP or Internet, and any interruption or break in the Web Service as a result of downtime or failure of any Internet or ISP connection is excluded from the Service Availability warranty set forth in Section 2.5.

3. THIRD PARTY DATA ACCESS SERVICES.

3.1. Third Party Data Access Services. During the Term, Customer may request that QUALCOMM provide certain of Customer's GlobalTRACS data to Customer's business partners, customers or other third parties through QUALCOMM's third party data access services feature (the "Data Access Services"). Upon Customer's written request specifying the GlobalTRACS data to be provided and identifying the third parties that are permitted to receive such data, QUALCOMM will provide such data to such third parties through its Data Access Services. Upon receipt by QUALCOMM of such written request from Customer, QUALCOMM will establish a separate, individual account on the GlobalTRACS website for the permitted third parties (and in the NMC, for those third parties that have activated their own Terminals) containing appropriate security, administration and use rights. QUALCOMM will charge such third parties for such data received through the Data Access Services, and QUALCOMM will pay to Customer commissions on the Data Access Services as set forth below, whether such third parties are using the Data Access Services through their own individual accounts or through Customer's account using Customer's password. Notwithstanding the foregoing, QUALCOMM is in no way obligated to provide Data Access Services to Customer or to any third party.

3.2. Commissions. In the event that Customer requests QUALCOMM to provide its GlobalTRACS data to any third party as set forth above, and QUALCOMM agrees to such request, QUALCOMM shall pay to Customer on a quarterly basis within thirty (30) days after the end of the applicable quarter commissions for Data Access Services in the amount of: (i) twenty-five percent (25%) of all net revenues for view-only Data Access Services initiated by a third party; and (ii) five percent (5%) of all net revenues for any incremental Data Access Services messages initiated by a third party (the "Commissions"). Commissions shall exclude applicable taxes, fees, and Internet or telecommunications link charges, and any other charges waived by agreement of the parties. In addition, Commissions shall be paid only on Data Access Services revenue actually collected by QUALCOMM that were derived from Data Access Services initiated by Customer on machines owned or leased by Customer. Commissions shall not be paid after the expiration or termination of this Contract, and Commissions shall not be paid where prohibited by the U.S. federal, state or local governments.

4. INVOICING AND PAYMENT.

4.1. Invoicing and Payment. Hardware will be invoiced upon shipment. All other charges, including Service charges, will be invoiced as of the end of the monthly cycle in which such charges are incurred. Customer shall pay all invoices issued within thirty (30) days from the date of invoice. A late charge of the lesser of 1.5% per month or the maximum amount permitted by law will be added to past due accounts. All reasonable costs and expenses including but not limited to attorneys' fees, court costs and service charges incurred by QUALCOMM in collecting payment will be an expense of and charge to Customer. QUALCOMM may change credit terms at any time. If Customer becomes delinquent in the payment of any sum due, QUALCOMM, after ten (10) calendar days from the date of written notice to Customer, shall not be obligated to continue performance under this Contract. All prices are in U.S. dollars.

4.2. Taxes. All prices and rates under this Contract do not include sales, use, excise or similar taxes assessed at any time. Excepting those taxes imposed upon QUALCOMM's income and FCC license fees, all applicable taxes and/or assessments shall be paid by Customer. Customer is responsible for payment of tax whether it is concurrently invoiced to Customer with the original invoiced amount or subsequently invoiced based on QUALCOMM's later review of facts affecting Customer's tax status or determination that the laws of the state where the Hardware, Software or Service was delivered requires assessment and collection of tax. In the event that QUALCOMM pays for any such taxes on behalf of Customer, Customer shall reimburse QUALCOMM in accordance with Section 4.1 above.

5. TERM AND TERMINATION.

5.1 Term. The term of this Contract shall be as set forth on the GlobalTRACS Cover Page of this Contract.

5.2. Termination. The occurrence of any of the following shall constitute a material default and breach of this Contract and shall allow the non-defaulting party to terminate this Contract for cause after the expiration of the applicable period of cure, if any: (i) Any failure by Customer to pay all sums which it is obligated to pay hereunder within ten (10) calendar days of written notice that such sums are due; (ii) Any unauthorized disclosure or use regarding the Hardware or the Service shall permit QUALCOMM to terminate upon written notice; (iii) Any event which would constitute a material default or breach of any agreement between Customer and QUALCOMM, or with any third party for the lease of the Hardware, which is not cured within the time permitted for such cure, if any; or (iv) Any material default by either party other than those set forth above, which is not cured within thirty (30) calendar days after the defaulting party receives written notice of such default.

6. OTHER TERMS.

6.1. Confidentiality of Contract and Information. The terms of this Contract, including its pricing, are confidential information of QUALCOMM. Any business, operations, or technical information furnished by either party which is marked with a confidential or proprietary data legend shall be deemed to be the confidential information of such party ("Information"). During the Term and for a period of three (3) years thereafter, the receiving party shall (a) hold all Information received from the disclosing party in confidence, (b) use such Information only for the purpose of performance under this Contract, (c) reproduce such Information only to the extent necessary for such purpose, (d) restrict disclosure of such Information to its employees and consultants with a need to know in the course of fulfilling their scope of work, provided Customer advises them of their confidentiality obligations, and (e) not disclose such Information to any third party, without prior written approval of the disclosing party.

The restrictions on the receiving party's use and disclosure of Information shall not apply to any Information which the receiving party can demonstrate: (i) is wholly and independently developed by the receiving party without the use of Information of the disclosing party; (ii) is or has become generally available to the public without breach of this Contract by the receiving party; (iii) at the time of disclosure, was known to the receiving party to be free of restriction; (iv) is approved for release by written authorization of the disclosing party; or (v) is disclosed in response to a valid order of a court or other governmental body in the United States, but only to the extent of and for the purposes of such order, provided, however, that the receiving party shall first notify the disclosing party in writing of the order and permit the disclosing party to seek an appropriate protective order, unless such notification is otherwise prohibited by law. Upon the termination or earlier cancellation of this Contract, each party shall promptly return to the other party or destroy (and certify such destruction) all confidential or proprietary information received. If the parties have executed a separate Non-Disclosure Agreement for the protection of confidential or proprietary Information, the terms and conditions of such Non-Disclosure Agreement shall take precedence over this Section.

6.13. Limitation of Liability and Remedies. QUALCOMM's entire liability and Customer's sole and exclusive remedies for any damages arising from the performance or nonperformance under this Contract shall be: (i) for breach of warranty for the Hardware or for installation or maintenance obligations, relating to the Hardware, the repair or replacement remedies set forth in Section 1; (ii) for breach of warranty for the GlobalTRACS Service, the credit remedies set forth in Section 2; and (iii) for claims other than as set forth above, QUALCOMM's liability shall be limited to direct damages proven in an amount not to exceed the greater of the amount paid by Customer for the Hardware or the Service during the calendar year in which the claim arose.

If any of the remedies in subsections (i) or (ii) above fails of its essential purpose, Customer's remedy shall be for QUALCOMM to repurchase from Customer the Hardware for which Customer has a claim, in an amount not to exceed the purchase price paid for the Hardware, depreciated on a five (5) year straight line basis from the date of shipment.

IN NO EVENT SHALL QUALCOMM, ITS WIRELESS NETWORK PROVIDER, OR ITS LICENSORS BE LIABLE TO CUSTOMER FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL OR SPECIAL DAMAGES, INCLUDING BUT NOT LIMITED TO ANY LOST PROFITS, LOST SAVINGS OR OTHER INCIDENTAL DAMAGES ARISING OUT OF THE USE OR INABILITY TO USE THE GLOBALTRACS EQUIPMENT OR THE SERVICE PROVIDED UNDER THIS CONTRACT, EVEN IF QUALCOMM, ITS WIRELESSS NETWORK PROVIDER, OR ITS LICENSORS HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

6.3. Disclaimer of Warranties. EXCEPT FOR THE WARRANTIES SPECIFICALLY SET FORTH IN SECTION 1 FOR THE GLOBALTRACS EQUIPMENT AND SECTION 2 FOR SERVICE, THE GLOBALTRACS EQUIPMENT AND SERVICE PROVIDED UNDER THIS CONTRACT ARE PROVIDED "AS IS" AND THERE ARE NO OTHER WARRANTIES MADE BY QUALCOMM, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

6.4. Indemnification. Customer shall indemnify, defend and hold QUALCOMM and its directors, officers, employees and agents harmless against any and all losses, claims, damages or expenses (including attorneys' fees) arising out of or related to: (i) any personal injury to or death of any person or persons, any loss or damage of any property or any interruption of services which are caused or claimed to have been caused directly or indirectly from Customer's (including its employees or independent contractors) negligent use or intentional misuse of the System; (ii) use of any mounting bracket or other equipment not provided or approved for use with the Hardware by QUALCOMM; (iii) any use of the System by Customer for an Unauthorized Purpose; (iv) data content or other information transmitted by Customer, its employees or its independent contractors over the System, excluding any database provided by QUALCOMM; or (v) any material breach by Customer of any of the terms and conditions of this Contract.

6.5. Future Products. If QUALCOMM commercially introduces future equipment and/or other products ("Future Products") which provide substantially the same or improved functionality, and QUALCOMM makes such Future Products available to Customer at prices which are no more than the prices for Hardware supplied under this Contract, QUALCOMM shall have the right to obsolete and discontinue supply of the replaced Hardware for unit purchase orders under the Delivery Schedule and subsequent orders.

6.6. Choice of Law, Venue and Attorney's Fees. This Contract shall be governed by and construed under the laws of the State of California, without reference to its conflict of laws provisions. All disputes arising under this Contract shall be heard only by a court of competent jurisdiction in the County of San Diego, State of California, and Customer submits to the jurisdiction of such courts for the purpose of litigating such disputes. If any party commences an action arising out of or in connection with this Contract, the prevailing party shall be entitled to recover from the losing party reasonable attorneys' fees and costs of suit.

6.7. Assignability. Neither this Contract, nor any rights, duties or interest herein, shall be assigned, transferred or sublicensed by Customer without QUALCOMM's prior written consent, not to be unreasonably withheld. Any such action shall be void and shall constitute a material default entitling QUALCOMM to terminate this Contract.

6.8. Severability; Waiver. If any of the provisions of this Contract is determined to be unenforceable, the enforceability of the remaining provisions shall not in any way be affected or impaired, and the parties shall substitute for the affected provision an enforceable provision which approximates the intent and economic effect of the affected provision as closely as possible. The waiver by any party of a breach of any of the provisions of this Contract shall not operate as a waiver of any subsequent breach.

6.9. Survivability. The following provisions of this Contract shall survive any expiration or complete termination of this Contract: 2.7, 4.2, 6.1 through 6.4 inclusive, 6.6, 6.10 and 6.12.

6.10. Notices. All notices must be in writing and shall be deemed given: (i) when delivered personally; (ii) when delivered by facsimile if confirmation of receipt is obtained; (iii) five (5) days after having been mailed registered or certified mail, return receipt requested, postage prepaid; and (iv) one (1) day after having been mailed by overnight mail with a reliable express mail courier. Notices shall be addressed or delivered to the Customer invoice address on Page 1 and to QUALCOMM at 5775 Morehouse Drive, San Diego, CA 92121-1714, Attn: QWBS Contracts Department.

6.11. Force Majeure. Except for the payment of money, neither party shall be liable to the other for failure or delay in the performance of a required obligation if such failure or delay is caused by acts of God, natural disasters, strikes, acts of terrorism, civil disturbances, compliance with governmental laws or orders, or other events which are beyond the reasonable control of such party, provided that such party gives prompt written notice of such condition and resumes its performance as soon as possible, and provided that the other party may terminate this Contract if such condition continues for a period of ninety (90) days without commencement by the non-performing party of the ability to resume performance of its obligations within a reasonable period.

6.12. Export Compliance. Customer acknowledges that all Hardware, software, Firmware, proprietary data, know-how, or other data or information (herein referred to as "Products") obtained from QUALCOMM are subject to United States (US) Government export control laws and accordingly their use, export and re-export, may be restricted or prohibited. Customer, therefore, agrees not to directly or indirectly export, re-export, or cause to be exported or re-exported, any such Products or any direct Product thereof, to any destination, entity, or persons prohibited or restricted under US law, unless it shall have first obtained prior written consent of QUALCOMM and the US Department of Commerce (or other applicable agency of the US Government, either in writing or as provided by applicable regulation, as the same may be amended from time to time). Customer agrees that no Products received from QUALCOMM will be directly employed in missile technology, sensitive nuclear, or chemical biological weapons end uses or in any manner transferred to any party for any such end use.

6.13. Entire Contract. The Contract contains the entire understanding, agreement and representations of the parties. This Contract supersedes all prior writings, discussions and understandings concerning the subject matter, including any prior GlobalTRACS evaluation agreement. Any additional or different terms or conditions proposed by Customer or contained in any purchase order are rejected and shall be of no force and effect unless expressly agreed to in writing by QUALCOMM. In order to be binding, any amendment or modification of any of the provisions of this Contract must be in writing and signed by a duly authorized representative of each party.

**EXHIBIT B**

**INVOICES**

QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98048769 | 04/10/08 | 03/31/08 | 05/10/08 |

**CURRENT CHARGES**

| | |
|---|---|
| GlobalTRACS® equipment management system<br>15 Billed Units | $350.00 |

**TOTAL CURRENT CHARGES** **$350.00 USD**

**TOTAL DUE BY**
**05/10/08**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm® Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and T2 Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.™**

QUALCOMM®

QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98056259 | 05/11/08 | 04/30/08 | 06/10/08 |

**CURRENT CHARGES**

GlobalTRACS® equipment management system — $383.00
15 Billed Units

**TOTAL CURRENT CHARGES** — **$383.00 USD**

TOTAL DUE BY
**06/10/08**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm®Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and T2 Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

KNOWLEDGE UNLEASHED.
BUSINESS UNBOUND.™

QUALCOMM®

QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98065894 | 06/06/08 | 05/31/08 | 07/06/08 |

**CURRENT CHARGES**

| | |
|---|---|
| GlobalTRACS® equipment management system<br>15 Billed Units | $412.00 |

**TOTAL CURRENT CHARGES** **$412.00 USD**

**TOTAL DUE BY**
**07/06/08**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm®Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.**

QUALCOMM

QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98075145 | 07/04/08 | 06/30/08 | 08/03/08 |

**CURRENT CHARGES**

GlobalTRACS® equipment management system — $407.00
15 Billed Units

**TOTAL CURRENT CHARGES** — **$407.00 USD**

**TOTAL DUE BY**
**08/03/08**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm® Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.**™



QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98085023 | 08/05/08 | 07/31/08 | 09/04/08 |

**CURRENT CHARGES**

| | |
|---|---|
| GlobalTRACS® equipment management system<br>15 Billed Units | $407.00 |

**TOTAL CURRENT CHARGES** **$407.00 USD**

**TOTAL DUE BY**
**09/04/08**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm® Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.™**



QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98104946 | 09/16/08 | 08/31/08 | 10/16/08 |

**CURRENT CHARGES**

GlobalTRACS® equipment management system — $388.00
15 Billed Units

**TOTAL CURRENT CHARGES** — **$388.00 USD**

**TOTAL DUE BY**
**10/16/08**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm® Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.**

QUALCOMM

QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98115083 | 10/13/08 | 09/30/08 | 11/12/08 |

**CURRENT CHARGES**

| | |
|---|---|
| GlobalTRACS® equipment management system<br>15 Billed Units | $393.00 |
| **TOTAL CURRENT CHARGES** | **$393.00 USD** |

**TOTAL DUE BY**
**11/12/08**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm®Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.**

QUALCOMM®

QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98126577 | 11/13/08 | 10/31/08 | 12/13/08 |

**CURRENT CHARGES**

| | |
|---|---|
| GlobalTRACS® equipment management system<br>15 Billed Units | $388.00 |

**TOTAL CURRENT CHARGES** **$388.00 USD**

TOTAL DUE BY
**12/13/08**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm® Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.™**    

QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98136244 | 12/13/08 | 11/30/08 | 01/12/09 |

**CURRENT CHARGES**

| | |
|---|---|
| GlobalTRACS® equipment management system<br>15 Billed Units | $383.00 |

**TOTAL CURRENT CHARGES** **$383.00 USD**

TOTAL DUE BY
**01/12/09**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm® Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.™**



QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98151352 | 01/13/09 | 12/31/08 | 02/12/09 |

**CURRENT CHARGES**

GlobalTRACS® equipment management system — $367.00
15 Billed Units

**TOTAL CURRENT CHARGES** — **$367.00 USD**

**TOTAL DUE BY**
**02/12/09**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm® Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.**™

QUALCOMM®

QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98161169 | 02/13/09 | 01/31/09 | 03/15/09 |

**CURRENT CHARGES**

| | |
|---|---|
| GlobalTRACS® equipment management system<br>15 Billed Units | $355.00 |

**TOTAL CURRENT CHARGES** **$355.00 USD**

**TOTAL DUE BY**
**03/15/09**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm® Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.™**



QUALCOMM ENTERPRISE SERVICES

**ACCOUNTS PAYABLE**
**TRIBES HOLDINGS, LLC.**
**470 MIRROR CT #106**
**HENDERSON, NV 89011**

**PLEASE REMIT TO:**

Qualcomm Incorporated
File No. 54210
Los Angeles, CA 90074-4210

| CUSTOMER NUMBER | INVOICE NUMBER | INVOICE DATE | MONTH ENDING | DATE DUE |
|---|---|---|---|---|
| 1015670 | 98171401 | 03/13/09 | 02/28/09 | 04/12/09 |

**CURRENT CHARGES**

GlobalTRACS® equipment management system — $355.00
15 Billed Units

**TOTAL CURRENT CHARGES** — **$355.00 USD**

TOTAL DUE BY
**04/12/09**

**WIRE INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #0260-0959-3
SWIFT: BOFAUS3N

**ACH INSTRUCTIONS**

Qualcomm Incorporated
Account # 12330-17914
Ref: QES
Bank of America
San Francisco, CA
ABA #121-000-358

©2007 Qualcomm® Incorporated. All rights reserved. Qualcomm, Fleet Advisor, GlobalTRACS, JTRACS Pro, OmniExpress, OmniTRACS and ViaWeb are registered trademarks of Qualcomm Incorporated. Knowledge Unleashed. Business Unbound., GlobalTRACS Lite, OmniVision, QConnect, QTRACS, SensorTRACS, and Untethered TrailerTRACS are trademarks of Qualcomm Incorporated.

**KNOWLEDGE UNLEASHED.**
**BUSINESS UNBOUND.™**

