James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File:  December 14, 2009

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br>　　　　　　　　Debtors.<br><br>Affects:<br><br>☐　All Debtors<br>☒　Affects the following Debtor(s):<br><br>　The Rhodes Companies, LLC 09-14814; Rhodes Ranch General Partnership 09-14844; and Tuscany Acquisitions, LLC 09-14853 | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br><br>Hearing Date: January 14, 2010<br>Hearing Time: 9:00 a.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843);

73203-001\DOCS_SF:68731.3

**DEBTORS' OMNIBUS OBJECTION TO CABINETEC INC.'S CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby object (the "Omnibus Objection") to each of the claims (the "Cabinetec Claims"), identified herein on **Exhibit A**, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and request the entry of an order (the "Order") reclassifying and allowing each of the Cabinetec Claims as indicated in further detail below.[2] The proofs of claim for the Cabinetec Claims are attached hereto as **Exhibit B**. In support of this Omnibus Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Omnibus Objection to Cabinetec Inc.'s Claims,* attached hereto. In further support of this Omnibus Objection, the Debtors respectfully represent as follows:

**BACKGROUND**

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers"), except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers"), filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] The Debtors reserve the right to file additional omnibus objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68731.3                           2

2.      The Debtors object to each of the Cabinetec Claims as set forth in detail on **Exhibit A** hereto.  The proofs of claim are attached hereto as **Exhibit B.**

### RELIEF REQUESTED

3.      By this Omnibus Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing in full and/or reclassifying the Cabinetec Claims as set forth in **Exhibit A**.

### OBJECTION

4.      The Debtors object to the Cabinetec Claims listed on **Exhibit A** because the Cabinetec Claims are not supported by the Debtors' books and records, which indicate, in some cases, no amount is owing, or in other cases, the amount alleged purports to assert a security interest in property of the Debtors' estates.

5.      Claimant filed four separate claims in four different Debtor cases as follows:

- Tuscany Acquisitions II, LLC (Case No. 09-14852 LBR), in the amount of $125.00, designated as claim number 9;

- Tuscany Acquisitions, LLC (Case No. 09-14853 LBR), in the amount of $17,528.88, designated as claim number 13;

- Rhodes Ranch General Partnership (Case No. 09-14844-LBR), in the amount of $52,374.36, designated as claim number 35; and

- The Rhodes Companies, LLC, (Case No. 09-14814 LBR), in the amount of $79,288.78, designated as claim number 31.

6.      The Debtors agree with the total dollar amounts for claim numbers 9, 13 and 35, however they do not agree with the security basis asserted in claims 13 and 35, and therefore request that claim numbers 13 and 35 be reclassified as general unsecured claims.  Claim number 9 is not the subject of an objection by this Omnibus Objection.

7.      In addition, based upon the supporting documentation attached to claim number 31, claim number 31 includes the same invoices attached to claim numbers 13 and 35, and therefore is duplicative in that respect.  There are additional invoices attached to Claim number 31 that are not supported by the Debtors' books and records.  Therefore, the Debtors request that claim number 31 be withdrawn in its entirety.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68731.3

3

8.      Furthermore, the Debtors have determined that there is no evidence, either in the proofs of claim or in the Debtors' books and records, indicating that these claims are secured by property of the estates. Bankruptcy Code section 506(a) states that a claim is secured only to the extent of a creditor's interest in estate property and is otherwise unsecured. 11 U.S.C § 506(a). Therefore, the Cabinetec Claims listed on **Exhibit A** should be disallowed in their entirety or reclassified as set forth in the Column marked "Proposed Treatment/Disposition" in **Exhibit A**.

9.      As a threshold matter, consideration of whether a particular claim qualifies as a "secured claim" within the meaning of 506(a) begins with the examination of whether the claim is actually "secured," meaning whether it carries with it any special collection right with respect to specific items of property owned by the bankruptcy estate. *4 Collier On Bankruptcy, §506.03* (*Resnick & Sommer eds.*, 15 ed. rev.) Thereafter, the amount of the creditor's claim, as compared to the value of the creditor's collateral (i.e. whether the claim is "oversecured" or "undersecured") is analyzed in order to determine the extent to which the creditor's claim is to be treated as secured for the purposes of the Bankruptcy Code. *Id.*

10.     Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that

> alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

11. Based on the Debtors' review of their books and records of the Cabinetec Claims, the Claims should either be reclassified as general unsecured claims or disallowed as set forth on Exhibit A hereto.

**CONCLUSION**

12. The Debtors object to the allowance of the Cabinetec Claims for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing or reclassifying each of the Cabinetec Claims as set forth in the column marked "Proposed Treatment/Disposition" in **Exhibit A**.

**NOTICE**

13. Notice of this objection has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Creditors' Committee, (iii) the claimant to which the Debtors are objecting to the claim in this Omnibus Objection in accordance with the addresses provided in the proof of claim for each Cabinetec Claim, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

14. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Omnibus Objection with at least thirty (30) days' notice of the hearing on the Omnibus Objection.

///

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit C**, disallowing or reclassifying each of the Cabinetec Claims as set forth in the Column marked "Proposed Treatment/Disposition" in **Exhibit A** and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 14th day of December, 2009.

**LARSON & STEPHENS**

/s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

# DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' OMNIBUS OBJECTION TO CABINETEC INC.'S CLAIMS

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects of the above-captioned debtors and debtors in possession (the "Debtors"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Debtors' Omnibus Objection to Cabinetec Inc.'s Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007* (the "Omnibus Objection").

3. I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Omnibus Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein.

4. The claims and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors. These efforts have resulted in the identification of the disputed "Cabinetec Claims", as identified in **Exhibit A** to the Omnibus Objection. The proofs of claim for the Cabinetec Claims are attached as **Exhibit B** to the Omnibus Objection. I have personally reviewed each of the Cabinetec Claims.

5. To the best of my knowledge, information and belief, the Cabinetec Claims are not valid secured claims against the Debtors. After a diligent and thorough review of its books and records, the Debtors submit that each Cabinetec Claim is not entitled to a security interest. The Debtors have determined that there is no evidence, either in the proofs of claim themselves or in the Debtors' books and records, indicating that these claims are secured by property of the estates, and therefore should be reclassfied as general unsecured claims.

6. Furthermore, based on a thorough review of their books and records, the Debtors submit that the Debtors' books and records show that, in at least one instance, no amount is owing, based upon the supporting documentation attached to the Cabinetec Claims. Upon review of the Cabinetec Claims, it appears that a portion of Claim number 31 is

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-001\DOCS_SF:68731.3          7

encompased within claim numbers 13 and 35, and the remaning balance is not consistent with the Debtors' books and records. Therefore, the I believe that Claim number 31 should be disallowed in its entirety.

       7.    I believe that granting the relief requested in the Omnibus Objection is in the best interests of the Debtors, their estates and their creditors and that the Cabinetec Claims listed on **Exhibit A** should be disallowed in their entirety or reclassified as set forth in the Column marked "Proposed Treatment/Disposition" in **Exhibit A**.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 14th day of December, 2009, at Las Vegas, Nevada.

                                               /s/ *Paul D. Huygens*
                                                 Paul D. Huygens

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT A

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:68731.3

# EXHIBIT A

**To Omnibus Objection to Cabinetec Inc.'s Claims**

| Claim No. | Claimant Name | Filed in Debtor Case | Claim Amount Secured | Claimed Amount Unsecured | Claimed Amount Priority | Total Claimed Amount | Modified Amount Secured | Modified Amount Unsecured | Modified Amount Priority | Total Modified Amount | Proposed Treatment/ Disposition |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | CABINETEC, INC. ATTN: SHERI FOREMAN 2711 EAST CRAIG RD, #A N LAS VEGAS, NV 89030 | 09-14853 | 12,285.52 | 5,243.36 | | **17,528.88** | | 17,258.88 | | **17,258.88** | Reclassify as a general unsecured claim in the original amount |
| 35 | CABINETEC, INC. ATTN: SHERI FOREMAN 2711 EAST CRAIG RD, #A N LAS VEGAS, NV 89030 | 09-14844 | 45,445.36 | 6,929.00 | | **52,374.36** | | 52,374.36 | | **52,374.36** | Reclassify as a general unsecured claim in the original amount |
| 31 | CABINETEC, INC. ATTN: SHERI FOREMAN 2711 EAST CRAIG RD, #A N LAS VEGAS, NV 89030 | 09-14814 | 59,169.68 | 20,119.10 | | **79,288.78** | 0.00 | 0.00 | | **0.00** | Disallow claim in its entirety |

73203-002\DOCS_SF:68732.2