James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File:  December 14, 2009

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br>      Debtors.<br><br>Affects:<br><br>☐ All Debtors<br>☒ Affects the following Debtor(s):<br><br> The Rhodes Companies, LLC 09-14814; Rhodes Design and Development Corporation 09-14846; and Rhodes Ranch Golf and Country Club 09-14854 | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date:  January 14, 2010<br>Hearing Time:  9:00 a.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843);

73203-001\DOCS_SF:69112.1

**DEBTORS' OMNIBUS OBJECTION TO
LAS VEGAS VALLEY WATER DISTRICT'S CLAIMS
PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 3003 AND 3007;
<u>DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF</u>**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby object (the "<u>Omnibus Objection</u>") to each of the claims (the "<u>LVVWD Claims</u>"), identified herein on **Exhibit A**, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and request the entry of an order (the "<u>Order</u>") disallowing or reducing each of the LVVWD Claims as indicated in further detail below.[2] The proofs of claim for the LVVWD Claims are attached hereto as **Exhibit B**. In support of this Omnibus Objection, the Debtors rely on the *Declaration of Paul D. Huygens in Support of Debtors' Omnibus Objection to Las Vegas Valley Water District's Claims,* attached hereto. In further support of this Omnibus Objection, the Debtors respectfully represent as follows:

**BACKGROUND**

1. On March 31, 2009, the above-captioned Debtors (the "<u>Primary Filers</u>"), except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "<u>Secondary Filers</u>"), filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their

---

Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2]  The Debtors reserve the right to file additional omnibus objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-001\DOCS_SF:69112.1            2

businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors object to each of the LVVWD Claims as set forth in detail on **Exhibit A** hereto. The proofs of claim are attached hereto as **Exhibit B.**

### RELIEF REQUESTED

3. By this Omnibus Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing in full or reducing the LVVWD Claims as set forth in **Exhibit A**.

### OBJECTION

4. The Debtors object to the LVVWD Claims listed on **Exhibit A** because the LVVWD Claims are not supported by the Debtors' books and records. LVVWD filed the following three separate claims in three different Debtor cases:

- Rhodes Ranch Golf and Country Club (Case No. 09-14854-LBR), in the amount of $50,418.62, designated as Claim No. 24;

- Rhodes Design and Development Corporation (Case No. 09-14846-LBR), in the amount of $11,029.62, designated as Claim No. 138; and

- The Rhodes Companies, LLC (Case No. 09-14814-LBR), in the amount of $74,340.65, designated as Claim No. 72.

5. On or about October 21 2009, the Debtors sent LVVWD a letter requesting it withdraw two of its claims, and reduce the third. See **Exhibit C.** The Debtors requested that LVVWD withdraw claim number 24 based on the fact that the invoice attached to claim 24 (acct no. 7350542962-2) is a duplicate of an invoice already attached to Claim No. 72. In addition, the Debtors' further requested that LVVWD withdraw claim number 138 because the invoice attached to claim 138 (acct no. 8714542962-4) is a duplicate of an invoice already attached to Claim No. 72. Lastly, with respect to claim number 72, the Debtors requested that LVVWD reduce their claim to the amount of $72.49, based on the Debtors' books and records because portions of the claim have already been paid and other portions of the claim relate to non-Debtors. The Debtors set all this forth on an account number basis in the letter sent to LVVWD. *See* Exhibit C for details.

73203-001\DOCS_SF:69112.1                 3

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

6. On or about November 4, 2009, counsel to LVVWD responded to Debtors' letter by telephone requesting an extension of time to respond to the Debtors letter, up to and including December 4, 2009. On December 8, 2009, Debtors' counsel left a follow-up voicemail for LVVWD's counsel. As of the date of this filing, the Debtors have not received any additional response from LVVWD or their counsel.

7. Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.*, 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.*, 178 B.R. at 227 (holding that because the

proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

8. Based on the Debtors' review of their books and records and the disputed LVVWD Claims, the claimants have no valid legal justification for asserting the LVVWD Claims against the given Debtor as filed. As a result, the Debtors submit that the LVVWD Claims should be disallowed in their entirety or reduced as set forth in the Column marked "Proposed Treatment/Disposition" in **Exhibit A** by the Court

## CONCLUSION

9. The Debtors object to the allowance of the LVVWD Claims for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing or reducing each of the LVVWD Claims as set forth in the column marked "Proposed Treatment/Disposition" in **Exhibit A**.

## NOTICE

10. Notice of this objection has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Creditors' Committee, (iii) the claimant to which the Debtors are objecting to the claim in this Omnibus Objection in accordance with the addresses provided in the proof of claim for each LVVWD Claim, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

11. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Omnibus Objection with at least thirty (30) days' notice of the hearing on the Omnibus Objection.

///
///
///
///
///

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit D**, disallowing or reducing each of the LVVWD Claims as set forth in the Column marked "Proposed Treatment/Disposition" in **Exhibit A** and granting such other and further relief as the Court deems just an proper under the circumstances of these chapter 11 cases.

**DATED** this 14th day of December, 2009.

**LARSON & STEPHENS**

/s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:69112.1          6

### DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF DEBTORS' OMNIBUS OBJECTION TO LAS VEGAS VALLEY WATER DISTRICT'S CLAIMS

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects of the above-captioned debtors and debtors in possession (the "Debtors"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Debtors' Omnibus Objection to Las Vegas Valley Water District's Claims Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007* (the "Omnibus Objection").

3. I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Omnibus Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein and the facts stated therein are correct and accurate.

4. The claims and attached information and documentation were carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors. These efforts have resulted in the identification of the disputed "LVVWD Claims", as identified in **Exhibit A** to the Omnibus Objection. The proofs of claim for the LVVWD Claims are attached as **Exhibit B** to the Omnibus Objection. I have personally reviewed each of the LVVWD Claims.

5. Based on a thorough review of their books and records, the Debtors submit that the Debtors' books and records show that, in some cases, no amount is owing, or in other cases, the amount alleged exceeds the amount owed. Therefore, the LVVWD Claims listed on **Exhibit A** should be disallowed in their entirety or reduced as set forth in the Column marked "Proposed Treatment/Disposition" in **Exhibit A**.

///
///
///
///

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

6. I believe that granting the relief requested in the Omnibus Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 14th day of December, 2009, at Las Vegas, Nevada.

/s/ *Paul D. Huygens*
Paul D. Huygens

# EXHIBIT A

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_SF:69112.1

# EXHIBIT A

**To Omnibus Objection to Las Vegas Valley Water District's Claims**

| Claim No. | Claimant Name | Filed in Debtor Case | Total Claimed Amount | Total Modified Amount | Proposed Treatment/ Disposition |
|---|---|---|---|---|---|
| 138 | LAS VEGAS VALLEY WATER DISTRICT<br>C/O SHERILYN A. OLSEN, ESQ.<br>HOLLAND & HART LLP<br>60 E. SOUTH TEMPLE<br>SUITE 2000<br>SALT LAKE CITY, UT 84111 | 09-14846 | 11,029.62 | 0.00 | Disallow claim in its entirety |
| 24 | LAS VEGAS VALLEY WATER DISTRICT<br>C/O SHERILYN A. OLSEN, ESQ.<br>HOLLAND & HART LLP<br>60 E. SOUTH TEMPLE<br>SUITE 2000<br>SALT LAKE CITY, UT 84111 | 09-14854 | 50,418.62 | 0.00 | Disallow claim in its entirety |
| 72 | LAS VEGAS VALLEY WATER DISTRICT<br>C/O SHERILYN A. OLSEN, ESQ.<br>HOLLAND & HART LLP<br>60 E. SOUTH TEMPLE<br>SUITE 2000<br>SALT LAKE CITY, UT 84111 | 09-14818 | 74,340.65 | 72.49 | Reduce and allow as a general unsecured claim in the modified amount |

73203-002\DOCS_SF:69113.1