James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

E-File:  December 18, 2009

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☒   All Debtors<br>☐   Affects the following Debtor(s) | Hearing Date:  January 14, 2010<br>Hearing Time:  9:00 a.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:212906.2

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

**Preliminary Statement**

The above-captioned debtors and debtors in possession (the "Debtors") are parties to certain unexpired leases of nonresidential real property. The Debtors file this motion ("Motion") seeking an extension of the time within which the Debtors must assume or reject unexpired leases of nonresidential real property (the "Leases"). The Leases include, among other things, the Debtors' corporate headquarters lease in Las Vegas, Nevada, various leases for storage, and the leases for model homes that the Debtors are leasing back from their customers who purchased the model homes.

A confirmation hearing is scheduled for January 14, 2010 and the deadline for the Debtors to assume or reject unexpired leases of nonresidential real property currently is January 31, 2010. The Leases consist of those leases of nonresidential real property that are being assumed pursuant to the *Second Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for the Rhodes Companies, LLC et al.* [Docket Number 797] (the "Plan") proposed by the First Lien Steering Committee. The Leases are being assumed as of the effective date (the "Effective Date") of the Plan and, as a result, the Debtors do not want to assume the Leases prior to the Effective Date. Because it is possible that the January 31, 2010 deadline will expire prior to the Effective Date, out of an abundance of caution the Debtors are seeking to extend the deadline to ensure that the Leases will not be rejected by operation of law to the detriment of the Debtors' estates and contrary to the intention of the Plan.

**General Background**

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club LLC, Pinnacle Grading LLC, and Rhodes Homes Arizona LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11, United States Bankruptcy Code (the "Bankruptcy Code"). On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2. The Debtors are operating their businesses and managing their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes.

3. The original period for assuming or rejecting the Leases was by July 29, 2009 for the Primary Filers and by July 30, 2009 for the Secondary Filers.

4. On June 27, 2009, the Debtors filed a motion to extend the time period within which the Debtors may assume or reject unexpired leases of nonresidential real property pursuant to section 365(d)(4) of the Bankruptcy Code (the "First Extension Motion") [Docket Number 264].

5. On July 21, 2009, the Court entered an order approving the First Extension Motion [Docket Number 334] and extending the time period within which all of the Debtors assume or reject unexpired leases of nonresidential real property until October 27, 2009.

6. On September 24, 2009, the Debtors filed a motion to extend the time period within which the Debtors may assume or reject unexpired leases of nonresidential real property pursuant to section 365(d)(4) of the Bankruptcy Code (the "Second Extension Motion") [Docket Number 497].

7. On October 28, 2009, the Court entered an order approving the Second Extension Motion [Docket Number 657] and extending the time period within which all of the Debtors assume or reject unexpired leases of nonresidential real property until January 31, 2010 (the "Deadline").

8. On or about December 14, 2009, the Debtors contacted the landlords on the Leases for an extension of the Deadline by sending a letter requesting the landlords' consent to extend the Deadline (the "Consent Letters"). A summary chart of the landlords and the affected Leases is set forth on Exhibit A attached hereto.

**Relief Requested**

9. By this Motion, the Debtors request entry of an order in the form attached hereto extending the time period by which the Debtors must assume or reject the Leases pursuant to section 365(d)(4) of the Bankruptcy Code through the earlier of (i) March 31, 2010 or (ii) the Effective Date of the Plan. A confirmation hearing has been set for January 14, 2010.

10. In the event that landlords do not return their Consent Letters prior to the Deadline, those Leases shall be deemed automatically rejected as of the Deadline by operation of Bankruptcy Code section 365(d)(4) (the "Deemed Rejected Leases"). By this Motion, the Debtors request that the landlords for the Deemed Rejected Leases be required to file any claim arising from the rejection of their Deemed Rejected Lease within thirty days after the Deadline or else such claim shall be disallowed and barred from assertion against the Debtors.

**Basis for Relief**

Extensions of the deadline to assume or reject unexpired leases of non-residential real property are governed by Bankruptcy Code section 365(d)(4)(A)-(B), which provides that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of – (i) the date that is 120 days after the order for relief; or (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) The Court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4)(A) – (B). Thus, the Court may, for cause, order a subsequent extension of the Deadline if the applicable landlord has consented in writing. See id.

Courts have recognized the benefits to granting additional time under section 365(d)(4) of the Bankruptcy Code. See In re Channel Home Ctrs., Inc., 989 F.2d 682, 689 (3d Cir. 1993) ("[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

called for by the plan of reorganization that it is attempting to develop."); see also In re Circle K Corp., 127 F.3d 904, 909 (9th Cir. 1997) (noting that bankruptcy courts often grant debtor's request for an extension).

Although the term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code, in determining whether cause exists for an extension of the assumption or rejection time period under Bankruptcy Code section 365(d)(4), courts have relied on several factors, including the following:

  (a) whether the case is complex and involves a large number of leases;
  (b) whether the leases are primary among the debtor's assets;
  (c) whether the lessor continues to receive postpetition rental payments;
  (d) whether the continued occupation could damage the lessor and such lessor could not receive compensation under the Bankruptcy Code; and
  (e) whether the debtor has been afforded enough time to develop a plan.

See In re Burger Boys, Inc., 94 F.3d 755, 761 (2d Cir. 1996); In re Wedtech Corp., 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); see also Channel Home Ctrs., 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing Wedtech, 72 B.R. at 471-72.); see generally In re Pier 5 Management Co., Inc., 83 B.R. 392, 394 (Bankr. E.D. Va. 1988) (finding that cause existed to grant extension when party objecting to the extension hindered debtor's ability to decide whether to assume or reject lease).

The circumstances of the Debtors' cases satisfy certain of the factors set forth above. Without an extension, it is possible that the Deadline will expire prior to the Effective Date, in which case the Leases would expire by operation of law under section 365(d)(4) to the detriment of the Debtors' estates and contrary to the intention of the Plan. With an extension, the Debtors will be able to preserve the value of the Leases as provided under the Plan.

Furthermore, the Debtors are current on all of their postpetition rent obligations arising from and after the Petition Date for those Leases covered by the extension sought by this Motion.

Accordingly, for the reasons set forth above, the Debtors seek an extension of the Deadline within which the Debtors must move to assume or reject as set forth above to the extent that the landlords for the applicable Leases have consented in writing. The present request is without prejudice to the Debtors' right to seek a further extension of the section 365(d)(4) deadline if circumstances so warrant and in accordance with section 365(d)(4)(B)(ii) of the Bankruptcy Code.

### Notice

Pursuant to the *Order for Case Management*, entered on April 28, 2009 [Docket No. 119], the Debtors have provided notice of this Motion via first class mail to: (a) the Office of the United States Trustee for the District of Nevada; (b) counsel to the First Lien Steering Committee; (c) counsel to the Second Lien Steering Committee; (d) counsel to the Official Committee of Unsecured Creditors; (e) landlords to the Leases; and (f) any persons who have filed a request for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, granting the relief requested in the Motion and such other and further relief as may be just and proper.

**DATED** this 18th day of December, 2009.

LARSON & STEPHENS

 */s/ Zachariah Larson, Esq.*
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

73203-001\DOCS_LA:212906.2                6

## DECLARATION OF PAUL D. HUYGENS

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects for the Debtors. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others within the Debtors' organization), my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors . If called upon to testify, I would testify to the facts set forth in this Declaration.

2. The Debtors are parties to certain unexpired leases of nonresidential real property. The Debtors are seeking a further extension of the time within which the Debtors must assume or reject unexpired leases of nonresidential real property (the "Leases"). The Leases include the Debtors' corporate headquarters lease in Las Vegas, Nevada, lease-backs on model homes, and various leases for storage.

3. On October 28, 2009, the Court entered an order [Docket Number 657] extending the time period within which all of the Debtors assume or reject unexpired leases of nonresidential real property until January 31, 2010 (the "Deadline").

4. On or about December 14, 2009, the Debtors contacted the landlords on the Leases for an extension of the Deadline by sending a letter requesting the landlords' consent to extend the Deadline. A summary chart of the landlords and the affected Leases is set forth on Exhibit A attached hereto.

5. A confirmation hearing is scheduled for January 14, 2010 and the Deadline is January 31, 2010. The Leases consist of those leases of nonresidential real property that are being assumed pursuant to the *Second Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for the Rhodes Companies, LLC et al.* [Docket Number 797] (the "Plan") proposed by the First Lien Steering Committee. The Leases are being assumed as of the effective date (the "Effective Date") of the Plan and, as a result, the Debtors do not want to assume the Leases prior to the Effective Date.

6. Without an extension, it is possible that the January 31, 2010 Deadline will expire prior to the Effective Date, in which case the Leases would expire by operation of law under

section 365(d)(4) to the detriment of the Debtors' estates and contrary to the intention of the Plan. With an extension, the Debtors will be able to preserve the value of the Leases as provided under the Plan.

7. The Debtors are current on all of their postpetition rent obligations arising from and after the Petition Date for those Leases covered by the extension sought by this Motion.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 18th day of December 2009, at Las Vegas, Nevada.

*/s/Paul D. Huygens*
Paul D. Huygens

# EXHIBIT "A"

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

| Landlord | Service Address | Landlord Consent? | Debtor/Counter party | Rental property |
|---|---|---|---|---|
| Glynda Rhodes | 5068 Spanish Heights Las Vegas, NV 89148<br><br>252 Angels Trace Court, Las Vegas 89148 | Letter sent 12/14/09, awaiting response | Rhodes Ranch General Partnership | 22 Indian Run Way<br>Las Vegas, NV |
| Alyssa L. and Roger L. Frank | 1011 West 27th Street Scottsbluff, NE 69361<br><br>3609 Bison Street, Scottsbluff, NE 69361 | Letter sent 12/14/09, awaiting response | Rhodes Design and Development Corporation | 1036 Via Camelia Street<br>Henderson, NV 89011 |
| Alyssa L. and Roger L. Frank | 1011 West 27th Street Scottsbluff, NE 69361<br><br>3609 Bison Street, Scottsbluff, NE 69361 | Letter sent 12/14/09, awaiting response | Rhodes Design and Development Corporation | 1040 Via Camelia Street<br>Henderson, NV 89011 |
| Alyssa L. and Roger L. Frank | 1011 West 27th Street Scottsbluff, NE 69361<br><br>3609 Bison Street, Scottsbluff, NE 69361 | Letter sent 12/14/09, awaiting response | Rhodes Design and Development Corporation | 1044 Via Camelia Street<br>Henderson, NV 89011 |
| Alyssa L. and Roger L. Frank | 1011 West 27th Street Scottsbluff, NE 69361<br><br>3609 Bison Street, Scottsbluff, NE | Letter sent 12/14/09, awaiting | Rhodes Design and Development Corporation | 1048 Via Camelia Street<br>Henderson, NV 89011 |

| Landlord | Service Address | Landlord Consent? | Debtor/Counter party | Rental property |
|---|---|---|---|---|
| | 69361 | response | | |
| Hua Hui Tseng Huang | 534 N. Orange #A La Puente, CA 91744 | Letter sent 12/14/09, awaiting response | Parcel 20, LLC (RCO) | 765 Orchard Course Dr. Las Vegas, NV 89148 |
| I-Chieh E. Wang and Da Ching P. Wang | 52 Redwood Lane South Glastonbury, CT 06073 | Letter sent 12/14/09, awaiting response | Parcel 20, LLC (RCO) | 749 Orchard Course Dr. Las Vegas, NV 89148 |
| Xijuan Xu and Xikui Xu | 12845 Crestfield Court Rancho Cucamonga, CA 91739-8011 | Letter sent 12/14/09, awaiting response | Parcel 20, LLC (RCO) | 757 Orchard Course Dr. Las Vegas, NV 89148 |
| Elena Elamparo | 5261 Polis Drive La Palma, CA 90623 | Yes | Rhodes Ranch General Partnership | 111 Sandy Bunker Lane Las Vegas, NV |
| Tin Kerine Cheung | 2346 Indian Creek Rd Diamond Bar, CA 91765 | Letter sent 12/14/09, awaiting response | Rhodes Ranch General Partnership | 101 Sandy Bunker Lane Las Vegas, NV |
| REEF Colonial, LLC | 1301 Fifth Avenue Suite 1500 Seattle, WA 98101 | Yes | Rhodes Design and Development Corporation | 4730 S. Fort Apache Rd. Suite 300 Las Vegas NV 89147 |
| Fort Apache Self Storage | 9345 W. Flamingo Road | Yes | Rhodes Design and Development | 9345 W. Flamingo Rd |

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:212906.2        11

| Landlord | Service Address | Landlord Consent? | Debtor/Counter party | Rental property |
|---|---|---|---|---|
| | Las Vegas, NV 89147 | | Corporation | Unit 2228 Las Vegas, NV 89147 |
| Fort Apache Self Storage | 9345 W. Flamingo Road Las Vegas, NV 89147 | Yes | Rhodes Design and Development Corporation | 9345 W. Flamingo Rd Unit 2543 Las Vegas, NV 89147 |
| Fort Apache Self Storage | 9345 W. Flamingo Road Las Vegas, NV 89147 | Yes | Rhodes Design and Development Corporation | 9345 W. Flamingo Rd Unit 1012 Las Vegas, NV 89147 |
| Fort Apache Self Storage | 9345 W. Flamingo Road Las Vegas, NV 89147 | Yes | Rhodes Realty, Inc. | 9345 W. Flamingo Rd Unit 2135 Las Vegas, NV 89147 |
| Fort Apache Self Storage | 9345 W. Flamingo Road Las Vegas, NV 89147 | Yes | Rhodes Design and Development Corporation | 9345 W. Flamingo Rd Unit 1002 Las Vegas, NV 89147 |
| Mini Storage of Nevada | 4303 South Arville Las Vegas, NV 89103 | Letter sent 12/14/09, awaiting response | Rhodes Design and Development Corporation | 4303 South Arville, Unit D-232 Las Vegas, NV 89103 |
| Recall Information Management | 1428 Pama Lane Las Vegas, NV 89118 | Letter sent 12/14/09, awaiting response | Rhodes Design and Development Corporation | 1428 Pama Lane Las Vegas, NV 89118 |
| Silverado Self Storage II | 9545 West Russell Road Las Vegas, NV 89148 | Letter sent 12/14/09, awaiting response | Rhodes Design and Development Corporation | 9545 West Russell Rd, Unit 3016 Las Vegas NV 89148 |

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:212906.2

12

| Landlord | Service Address | Landlord Consent? | Debtor/Counter party | Rental property |
|---|---|---|---|---|
| Stow Away | 921 Olsen Street Henderson, NV 89015 | Letter sent 12/14/09, awaiting response | Rhodes Realty, Inc. | 921 Olsen Street, Unit 136 Henderson, NV 89015 |
| Warm Springs R.V. & Mini Storage | 721 Cape Horn Avenue Henderson, NV 89011 | Letter sent 12/14/09, awaiting response | Tribes Holdings, LLC | Unit D01 & W44 721 Cape Horn Avenue Henderson, NV 89011 |
| Neighborhood Association Group  Attn: Master Association President and Tuscany Master Association Management Company | 133 Rhodes Ranch Parkway Las Vegas, NV 89148 | Letter sent 12/14/09, awaiting response | Rhodes Realty, Inc. | 850 Olivia Parkway  Henderson, NV 89011 |

**LARSON & STEPHENS**  
**810 S. Casino Center Blvd., Suite 104**  
**Las Vegas, Nevada 89101**  
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT "B"

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:212906.2          14

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No.: BK-S-09-14814-LBR |
|---|---|
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] | (Jointly Administered) |
| Debtors. | Chapter 11 |
| Affects: ☒ All Debtors ☐ Affects the following Debtor(s) | |

**ORDER APPROVING MOTION OF DEBTORS FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF <u>NONRESIDENTIAL REAL PROPERTY – [DOCKET NO.    ]</u>**

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-001\DOCS_LA:212906.2

Upon consideration of the *Motion of Debtors for Entry of an Order Under Bankruptcy Code Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property* (the "Motion") [Docket No. __], and good cause appearing,

IT IS HEREBY ORDERED THAT

1. The Motion is granted.

2. The time within which the Debtors[2] must assume or reject the Leases, pursuant to section 365(d)(4) of the Bankruptcy Code, is hereby extended through the earlier of (i) March 31, 2010 or (ii) the Effective Date of the Plan.

3. Nothing contained herein shall be deemed to authorize the assumption or rejection of any of the Leases, except that the Deemed Rejected Leases shall be deemed rejected on January 31, 2010 if the Debtors have not received the Consent Letters by such date.

4. Any claims arising out of the rejection of the Deemed Rejected Leases must be filed within 30 days of January 31, 2010 or else such claim shall be disallowed and barred from being asserted against the Debtors.

5. The extension granted in this Order is without prejudice to the Debtors' right to seek further extension(s) of their time to assume or reject some or all of the Leases.

6. All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Motion.

73203-001\DOCS_LA:212906.2     16

APPROVED/ DISAPPROVED:

DATED this _____ day of January, 2010.

By: _____
UNITED STATES TRUSTEE
August B. Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

Submitted by:
DATED this 14th day of January, 2010.

By: /s/ Zachariah Larson
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorneys for Debtors*

73203-001\DOCS_LA:212906.2             17

**LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

___ No parties appeared or filed written objections, and there is no trustee appointed in the case.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.

Submitted by:
DATED this 14th day of January, 2010.

By: /s/ Zachariah Larson
    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
    (702) 382-1170 (Telephone)
    (702) 382-1169
    zlarson@lslawnv.com
    Attorneys for Debtors

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-001\DOCS_LA:212906.2        18