James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
scho@pszjlaw.com
wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

E-File: December 18, 2009

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170 Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date: January 14, 2010<br>Hearing Time: 9:00 a.m.<br>Courtroom: 1 |
| Affects: | |

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

☐ All Debtors
☒ Affects the following Debtor(s)
BRAVO, INC., ELKHORN INVESTMENTS, INC., ELKHORN PARTNERS, LP

**MOTION OF DEBTORS FOR ORDER TO LIFT THE AUTOMATIC STAY TO EFFECTUATE PREPETITION SETTLEMENT; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF**

By this Motion (the "Motion"), Bravo, Inc. ("Bravo"), Elkhorn Investments, Inc. ("Elkhorn Investments") and Elkhorn Partners, LP ("Elkhorn Partners"), three of the above-captioned debtors and debtors in possession (the "Debtors"), seek an order lifting the automatic stay under section 362 of the Bankruptcy Code to permit them to consummate a global prepetition settlement (the "Global Settlement") involving forty homeowner-plaintiffs (the "Fulks Homeowners"), Rhodes Design & Development Corp. ("RD&D"), Elkhorn Investments, Elkhorn Partners, Bravo and various subcontractors. The Fulks Homeowners had sued RD&D as general contractor, and Elkhorn Investments and Elkhorn Partners as additional defendants. In turn, RD&D, Elkhorn Investments and Elkhorn Partners (collectively, the "Defendants") sued various subcontractors (the "Subcontractors"), including Bravo.

On September 4, 2009, the Debtors filed their *Motion of Debtor for Order Approving Stipulation to Lift the Automatic Stay to Effectuate Prepetition Settlement with the Fulks Homeowners* [Docket Number 468] (the "RD&D Stay Motion") in order to permit RD&D to effectuate the Global Settlement. On October 19, 2009, the Court entered its order approving the RD&D Stay Motion [Docket Number 595] (the "RD&D Stay Motion Order").

The RD&D Stay Motion did not seek to lift the automatic stay with respect to Elkhorn Investments and Elkhorn Partners, as co-defendants and co-third party plaintiffs, and Bravo, as Subcontractor and third-party defendant. Accordingly, in order to consummate the Global Settlement, Bravo, Elkhorn Investments and Elkhorn Partners also need relief from stay. All obligations of the Debtors under the Global Settlement are being made by their insurers.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**I.**

**STATEMENT OF FACTS**

**A. General Background**

1. On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**B. The Litigation**

2. The Fulks Homeowners are the owners of forty (40) single-family residences in a development known as the Preserve located in Las Vegas, Nevada. The residences were originally developed and sold by RD&D. On September 26, 2006, the Homeowners filed an action (the "Litigation") in Clark County District Court (Eighth Judicial District Court) (the "District Court") to recover for constructional defects in the above-referenced forty (40) homes, which is identified as *Fulks, et al. v. Rhodes Design and Development, et al.*, Clark County District Court Case No. A528806. Defense counsel for the Defendants' insurer, Lexington Insurance (the "Defendants' Insurer"), responded on behalf of the Defendants and a third-party complaint was filed which named a number of the original Subcontractor entities that worked at the Preserve as third-party defendants, including Bravo. The Fulks Homeowners believe they are entitled to recover from insurance policies with respect to certain claims and causes of action related to the alleged defects for the forty (40) homes in the Litigation.

**C. Prepetition Settlement**

3. In February of 2009, the Global Settlement was reached for the construction defect Litigation which, as regards the Defendants, consists of certain payments to be made by

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

the Defendants' Insurer in return for an executed release from each of the Homeowners. The Global Settlement, as regards Bravo, consists of certain payments to be made by its insurers, Zurich Insurance and National Fire and Marine Insurance Company (collectively, the "Bravo Insurers") and mutual releases with the Defendants regarding claims arising out of the Litigation. The Global Settlement was put on the record in District Court in March of 2009. The entirety of Bravo's portion of the Global Settlement amount, $180,000, for the release of all Claims by the Defendants against Bravo with respect to the Litigation, will be paid by the Bravo Insurers; none of the monies needed to effectuate the Global Settlement on behalf of Bravo will be provided by funds from the Bravo bankruptcy estate. Bravo supports the Global Settlement because the Bravo Insurers are paying for the release of Bravo.

4. Elkhorn Investments and Elkhorn Partners support the Global Settlement because the Defendants' Insurer is paying for the release of Elkhorn Investments and Elkhorn Partners (and RD&D). The compromise reached in the Global Settlement is a fair and reasonable one, offering the best net result for the estate because the Global Settlement promptly resolves these disputes, avoiding protracted and expensive litigation, and eliminates the exposure of Elkhorn Investments, Elkhorn Partners and Bravo under the Litigation, without expending any of their funds.

## II.

## CAUSE EXISTS TO LIFT THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF PERMITTING THE PARTIES TO EFFECTUATE THE SETTLEMENT

The automatic stay imposed by section 362(a) of the Bankruptcy Code ("Code"), 11 U.S.C. §362(a), may be terminated, annulled, modified or conditioned upon a finding of cause:

> [T]he court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause ….

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

11 U.S.C. §362(d)(1). "Cause" has no single definition and is to be determined case-by-case. *In re Tuscon Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985).

Among the "causes" justifying stay relief to permit continuation of a prepetition nonbankruptcy action is that granting stay relief would promote judicial economy and save costs. *In re Kemble*, 776 F.2d 802 (9th Cir. 1985); *In re Universal Life Church, Inc.*, 127 B.R. 453 (E.D. Cal. 1991), *affirmed* 965 F.2d 777.

In the present case, the Global Settlement permits all the parties, including Elkhorn Investments, Elkhorn Partners and Bravo, to avoid protracted and expensive litigation, while eliminating their exposure under the Litigation at no cost to their estates. Bravo has reviewed the circumstances of the Global Settlement and does not believe that it has any claims or causes of action that will be released pursuant to its release of the Defendants and, therefore, Bravo does not believe it is relinquishing any *bona fide* claims with respect to the Defendants. The Global Settlement results in a fair and equitable compromise for the estate at no expense to the estate. Overall, given the substantial risk of lengthy, costly and potentially unsuccessful litigation, Elkhorn Investments, Elkhorn Partners and Bravo believe that the Global Settlement and all its provisions are reasonable, fair and in the best interest of their estates, creditors and all parties in interest.

Accordingly, as the Global Settlement promotes judicial economy and saves extensive costs, Elkhorn Investments, Elkhorn Partners and Bravo respectfully submit that cause exists to lift the automatic stay to permit the Global Settlement to be effectuated. The Court previously granted the same relief to RD&D with respect to the Global Settlement Agreement pursuant to the RD&D Stay Motion Order.

## III.

## NOTICE

Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to the secured lenders; (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; (v)

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

counsel to the Homeowners; (vi) counsel to the subcontractors; and (vii) the Insurer and its counsel. The moving Debtors submit that in light of the nature of the relief requested and that no monies of the estate are being expended under the Global Settlement, no other or further notice need be given.

**IV.**

**CONCLUSION**

**WHEREFORE**, Elkhorn Investments, Elkhorn Partners and Bravo respectfully request that the Court lift the automatic stay to permit all parties to effectuate the Global Settlement, and grant such other and further relief as is just and proper under the circumstances. A copy of the proposed order approving this Motion is attached hereto as Exhibit A.

**DATED** this 18th day of December, 2009.

LARSON & STEPHENS

*/s/ Zachariah Larson, Esq.*
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
702/382-1170
Attorneys for Debtors and Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**DECLARATION OF PAUL D. HUYGENS**

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects for the Debtors.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others within the Debtors' organization), my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors, Bravo, Inc. ("Bravo"), Elkhorn Investments, Inc. ("Elkhorn Investments"), Elkhorn Partners, LP ("Elkhorn Partners") and Rhodes Design & Development Corp. ("RD&D"). If called upon to testify, I would testify to the facts set forth in this Declaration.

3. The Fulks Homeowners are the owners of forty (40) single-family residences in a development known as the Preserve located in Las Vegas, Nevada. The residences were originally developed and sold by RD&D. On September 26, 2006, the Homeowners filed an action (the "Litigation") in Clark County District Court (Eighth Judicial District Court) (the "District Court") to recover for constructional defects in the above-referenced forty (40) homes, which is identified as *Fulks, et al. v. Rhodes Design and Development, et al.*, Clark County District Court Case No. A528806. Defense counsel for the Defendants' insurer, Lexington Insurance (the "Defendants' Insurer"), responded on behalf of the Defendants and a third-party complaint was filed which named a number of the original Subcontractor entities that worked at the Preserve as third-party defendants, including Bravo. The Fulks Homeowners believe they are entitled to recover from insurance policies with respect to certain claims and causes of action related to the alleged defects for the forty (40) homes in the Litigation.

4. In February of 2009, the Global Settlement was reached for the construction defect Litigation which, as regards the Defendants, consists of certain payments to be made by the Defendants' Insurer in return for an executed release from each of the Homeowners. The Global Settlement, as regards Bravo, consists of certain payments to be made by its insurers, Zurich Insurance and National Fire and Marine Insurance Company (collectively, the "Bravo Insurers") and mutual releases with the Defendants regarding claims arising out of the Litigation.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

The Global Settlement was put on the record in District Court in March of 2009. The entirety of Bravo's portion of the Global Settlement amount, $180,000, for the release of all Claims by the Defendants against Bravo with respect to the Litigation, will be paid by the Bravo Insurers; none of the monies needed to effectuate the Global Settlement on behalf of Bravo will be provided by funds from the Bravo bankruptcy estate.

5. Elkhorn Investments and Elkhorn Partners support the Global Settlement because the Defendants' Insurer is paying for the release of Elkhorn Investments and Elkhorn Partners (and RD&D). Bravo supports the Global Settlement because the Bravo Insurers are paying for the release of Bravo. The compromise reached in the Global Settlement is a fair and reasonable one, offering the best net result for the estate because the Global Settlement promptly resolves these disputes, avoiding protracted and expensive litigation, and eliminates the exposure of Elkhorn Investments, Elkhorn Partners and Bravo under the Litigation, without expending any of their funds.

6. By entering into the Global Settlement, Elkhorn Investments, Elkhorn Partners and Bravo eliminate the risk of lengthy, costly and potentially unsuccessful litigation.

7. Bravo has reviewed the circumstances of the Global Settlement and does not believe that it has any claims or causes of action that will be released pursuant to its release of the Defendants and, therefore, Bravo does not believe it is relinquishing any *bona fide* claims with respect to the Defendants.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

8. The Global Settlement results in a fair and equitable compromise for the estates of Elkhorn Investments, Elkhorn Partners and Bravo at no expense to their estates. Overall, given the substantial risk of lengthy, costly and potentially unsuccessful litigation, I believe that the Global Settlement and all its provisions are reasonable, fair and in the best interest of Elkhorn Investments, Elkhorn Partners and Bravo, their estates, creditors and all parties in interest.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 18th day of December 2009, at Las Vegas, Nevada.

*_/s/Paul D. Huygens_*
Paul D. Huygens

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

# EXHIBIT "A"

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br>☐ All Debtors<br>☒ Affects the following Debtor(s)<br><br>BRAVO, INC., ELKHORN INVESTMENTS, INC., ELKHORN PARTNERS, LP | Hearing Date: January 14, 2010<br>Hearing Time: 9:00 a.m.<br>Courtroom 1 |

**ORDER GRANTING MOTION OF DEBTORS FOR ORDER TO LIFT THE AUTOMATIC STAY TO EFFECTUATE PREPETITION SETTLEMENT [DOCKET NO. ___]**

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

Upon consideration of the *Motion of Debtor for Order to Lift the Automatic Stay to Effectuate Prepetition Settlement* [Docket No. ___] (the "Motion")[2] and good cause appearing, it is hereby ORDERED

1. The Motion is granted.

2. The automatic stay is lifted for the limited purpose of permitting all parties to the Global Settlement, including Elkhorn Investments, Elkhorn Partners and Bravo, to take all actions necessary to effectuate the Global Settlement pursuant to the Motion.

APPROVED / DISAPPROVED:

DATED this ____ day of January, 2010.

By: ___________________________
UNITED STATES TRUSTEE
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV 89101

Submitted by:
DATED this 14th day of January, 2010.

By: *__/s/Zachariah Larson________*
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorney for Debtors and Debtors in Possession*

[2] All defined terms not defined herein shall have the same meaning as in the Motion.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021.

___No parties appeared or filed written objections, and there is no trustee appointed in the case.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below.