## * * § 362 INFORMATION COVER SHEET * *

| | | |
|---|---|---|
| Rhodes Design & Development | 09-14814-LBR | |
| DEBTOR | Case No: | MOTION #: |
| Homeowners Leslie Blasco, et al | CHAPTER: 11 | |
| MOVANT | | |

**_Certification of Attempt to Resolve the Matter Without Court Action:_**

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

*Date:* 12/22/09          *Signature:* _____

*Attorney for Movant*

PROPERTY INVOLVED IN THIS MOTION: 45 single family homes in Rhodes Ranch

NOTICE SERVED ON: Debtor(s)☐ ; Debtor's counsel ☑ ; Trustee ☐ ;

DATE OF SERVICE: _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st N/A | 1st _____ |
| 2nd _____ | 2nd _____ |
| 3rd _____ | 3rd _____ |
| 4th _____ | 4th _____ |
| Other: _____ | Other: _____ |
| Total Encumbrances: _____ | Total Encumbrances: _____ |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT . |
|---|---|
| Amount of Note: N/A | . |
| Interest Rate: _____ | . |
| Duration: _____ | . |
| Payment per Month: _____ | . |
| Date of Default: _____ | . |
| Amount in Arrears: _____ | . |
| Date of Notice of Default: _____ | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: _____ | SUBMITTED BY: _____ |
| _____ | SIGNATURE: _____ |

Duane E. Shinnick, Esq.
Bar No. 7176
Eric Ransavage, Esq.
Bar. No. 8876
SHINNICK, RYAN & RANSAVAGE P.C.
2881 Business Park Court, Suite 210
Las Vegas, NV 89128
Tel. (702) 631-8014
Fax (702) 631-8024
eransavage@ssllplaw.com

Attorneys for Creditors/ Homeowners Leslie Blasco, et al.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Chapter 11 |
| THE RHODES COMPANIES, LLC aka | ) Case No. BK-S-09-14814-LBR |
| "Rhodes Homes", et al.1 | (Jointly Administered) |
| | ) JUDGE LINDA B. RIEGLE |
| | ) **NOTICE OF MOTION FOR MODIFICATION** |
| | **OF AUTOMATIC STAY IN ORDER TO** |
| | **PROCEED AGAINST DEBTOR AS A** |
| | ) **NOMINAL DEFENDANT AND AS AGAINST** |
| | **INSURANCE PROCEEDS ONLY** |
| Debtors. | ) Hearing Date: February 18, 2010 |
| | Hearing Time: 1:30 PM |
| | Estimated Time: 30 Minutes |
| | Courtroom: 1 |
| | ) |

1  The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C&J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14844); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcav, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties,

**NOTICE OF HEARING ON MOTION FOR MODIFICATION OF AUTOMATIC STAY IN ORDER TO PROCEED AGAINST DEBTOR AS A NOMINAL DEFENDANT AND AS AGAINST INSURANCE PROCEEDS ONLY**

**NOTICE IS HEREBY GIVEN** that on February 18, 2010 at 1:30 p.m. a hearing will be heard before the Honorable Linda B. Riegle in Courtroom 1 at 300 Las Vegas Boulevard South, Las Vegas, NV, 89101, on the Motion for Modification of Automatic Stay in Order to Proceed Against Debtor as a Nominal Defendant and as Against Insurance Proceeds Only.

The Motion is brought pursuant to Section 362(d) of Title 11, United States Code, Bankruptcy Rule 4001, and Local Rule 4001; and is based upon the grounds that:

    (1)    Creditors/Homeowners desire the dissolution of the injunction restraining the prosecution of its State Court proceedings against RHODES HOMES;

    (2)    Creditors/Homeowners seek to establish the liability of RHODES HOMES in the State Court action in order to collect on insurance policies of RHODES HOMES;

    (3)    The Bankruptcy Automatic Stay does not prohibit a State Court action to establish a debtor's liability for the sole purpose of collecting damages from debtors' insurance policies according to proof.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the declaration of Eric Ransavage, Esq., the Relief from Stay Information Sheet filed concurrently with this Motion. Also, the pleadings, documents, records and files in this action, and oral and documentary evidence as may be presented at the hearing on this matter.

LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**NOTICE IS FURTHER GIVEN** that any party opposing the Motion must appear at the hearing at the time and place referenced in the caption above.

**NOTICE IS FURTHER GIVEN** that any opposition to the requested relief in the Motion must be filed and served pursuant to Local Rule 9014(d)(1), which provides: "Oppositions to a motion must be filed and served on the movant no later than fifteen (15) days after the motion is served except as provided by LR 3007(b) and LR 9006. If the hearing has been set on less than fifteen (15) business days' notice, the opposition must be filed no later than five (5) business days before the hearing, unless the court orders otherwise. The opposition must set forth all relevant facts and any relevant legal authority. An opposition must be supported by affidavits or declarations that conform to the provisions of subsection (c) of this rule." If an objection is not timely filed and served, the relief requested may be granted without a hearing pursuant to LR 9014(d)(3).

**PLEASE TAKE FUTHER NOTICE** that if you object to the relief requested, you must file a WRITTEN response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

- The court may *refuse to allow you to speak* at the scheduled hearing; and

- The court may *rule against you* without formally calling the matter at the hearing.

**PLEASE TAKE FURTHER NOTICE** that the hearing may be continued from time to time without further notice except for the announcement of any adjourned dates and time at the above-noticed hearing or any adjournment thereof.

Dated: 12-22-09

SHINNICK, RYAN & RANSAVAGE, PC

Eric Ransavage, Esq.
NV Bar No. 8876
SHINNICK RYAN & RANSAVAGE P.C.
2881 Business Park Ct., Suite 210
Las Vegas, Nevada

Attorney for Creditors/ Homeowners Leslie Blasco, et al.

Duane E. Shinnick, Esq.
Bar No. 7176
Eric Ransavage, Esq.
Bar. No. 8876
SHINNICK, RYAN & RANSAVAGE P.C.
2881 Business Park Court, Suite 210
Las Vegas, NV 89128
Tel. (702) 631-8014
Fax (702) 631-8024
eransavage@ssllplaw.com

Attorneys for Creditors Leslie Blasco, et al.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re:<br>THE RHODES COMPANIES, LLC aka<br>"Rhodes Homes", et al.1 | Chapter 11<br><br>Case No. BK-S-09-14814-LBR<br>(Jointly Administered)<br>JUDGE LINDA B. RIEGLE |
|  | **MOTION FOR MODIFICATION OF<br>AUTOMATIC STAY IN ORDER TO<br>PROCEED AGAINST DEBTOR AS A<br>NOMINAL DEFENDANT AND AS AGAINST<br>INSURANCE PROCEEDS ONLY** |
| Debtors. | Hearing Date: February 18, 2010<br>Hearing Time: 1:30 PM<br>Estimated Time:  30 Minutes<br>Courtroom:  1 |

Affects the following Debtors:
RHODES DESIGN & DEVELOPMENT CORP. and RHODES RANCH GENERAL PARTNERSHIP

---

1  The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C&J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14844); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcav, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

NOTICE IS HEREBY GIVEN that, in compliance with Local Rule 4001, of the Local Rules of Practice of the United States Bankruptcy Court, District of Nevada, LESLIE BLASCO, NEIL & NANCY SCELSA, EMILIE C. LIAO, VIRGILIO BERTO, JOHN P. & DAWN M. LIBERTI, DARLENE J. COOK, JIMMY L. & HAZEL M. BOONE, AMY Y. CHENG, GREGORIO V. & VIOLETA L. CORTEZ, YVETTE DANG, 266 BR, LLC, ANTHONY DEVRIES, JOSE A. ELIQUE, ROLANDO GARCIA, ROMAN GARZON & MARTHA VALDEZ, PRASHANT N. & RUPALI P. GUPTE, JAMES R. & LESLIE L. HAEFELI, ALI JORDAN, HENRY F. MAZE, KENNETH MUMBY, KEVIN & LISA OLSEN, BENJAMIN & DONNA OWYOUNG, CLARENCE J. RICHWALSKI, ANDREW & ALEXANDRA TAXIARCHOS, FAIZA & WALID YOUSIF, TATYANA ANTOKHINA, ROSALINDA T. CATALANO, LEOPOLDO & ROSARIO FRAUSTO, AMALIA GARCIA, JOHN A. & PIA HERMANN, NOEL IGNACIO, NAURRY S. KWON, WILLIAM A. & DELIA A. LAMB, THOMAS LOMBINO, RONNEL MENDOZA, PEARL H. NEAL, JIM REICHERT, JAMES REMMERT, PATRICK RUSH & AMY DOUGHERTY, FELY SANTIAGO, YVONNE SKRZECZYNA, ANNA SLOMKA, JAIME TYCANGCO, LAURA YANG, JUNGTAE LEE, LOUIS C. & JOAN K. NOLAN ("HOMEOWNERS") file this Motion for Relief from the Automatic Stay imposed with respect to RHODES RANCH LIMITED PARNTERSHIP and RHODES DESIGN AND DEVELOPMENT CORPORATION, ("RHODES HOMES").

The hearing on the Motion will be on February 18, 2010, at1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the above-entitled Court located at 300 Las Vegas Blvd South, Las Vegas, Nevada, before The Honorable Linda B. Riegle, United States Bankruptcy Judge.

NOTICE IS FURTHER GIVEN that any party opposing the Motion must appear at the hearing at the time and place referenced in the caption above.

The Motion is brought pursuant to Section 362(d) of Title 11, United States Code, Bankruptcy Rule 4001, and Local Rule 4001; and is based upon the grounds that:

(1)     Creditors/Homeowners desire the dissolution of the injunction restraining the prosecution of its State Court proceedings against RHODES;

(2)     Creditors/Homeowners seek to establish the liability of RHODES in the State Court action in order to collect on insurance policies of RHODES;

(3)     The Bankruptcy Automatic Stay does not prohibit a State Court action to establish a debtor's liability for the sole purpose of collecting damages from debtors' insurance policies according to proof.

Dated: _12-22-09_                        SHINNICK, RYAN & RANSAVAGE, PC


Eric Ransavage, Esq.
NV Bar No. 8876
SHINNICK RYAN & RANSAVAGE P.C.
2881 Business Park Ct., Suite 210
Las Vegas, Nevada


Attorney for Creditors/ Homeowners Leslie Blasco, et al.

# I.
## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

### A.  General Background

On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers")

filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. Upon information and belief, the Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### B. The Litigation.

HOMEOWNERS are the owners of forty-five (45) single-family residences in a development known as the Greens/ Fairways which is a subunit of the Rhodes Ranch community in Las Vegas, Nevada. The residences were originally developed and sold by RHODES. On December 17, 2008, HOMEOWNERS filed an action (the "Litigation") in Clark County District Court (Eighth Judicial District Court) (the "District Court") to recover for constructional defects in the above referenced homes which is identified as *Blasco, et al. v. Rhodes Ranch, LP et al.* Clark County District Court Case No. A578060. In their Complaint and the Amended Complaint, HOMEOWNERS allege causes of action for strict liability, breach of warranties, and negligence arising out of defective construction in the Greens/ Fairways tract of homes located in Las Vegas, Nevada. (Exhibit "A", Complaint and Amended Complaint from *Blasco, et al. v. Rhodes Ranch*, Case No. A578060).

A portion of the HOMEOWNERS, specifically, AMALIA GARCIA, JOHN A. & PIA HERMANN, NOEL IGNACIO, NAURRY S. KWON, WILLIAM A. & DELIA A. LAMB, THOMAS LOMBINO, PEARL H. NEAL, JIM REICHERT, JAMES REMMERT, PATRICK RUSH & AMY DOUGHERTY, YVONNE SKRZECZYNA, ANNA SLOMKA, JAIME TYCANGCO, LAURA YANG, JUNGTAE LEE, LOUIS C. & JOAN K. NOLAN, are homeowners who have not been joined formally into the *Blasco* action, *supra,* but have issued pre-litigation notices to RHODES HOMES. Furthermore, the following five (5) sets of homeowners have retained Plaintiffs' counsel and will also be included into the Blasco action but have not had pre-litigation notices issued yet: TATYANA ANTOKHINA, RONNEL MENDOZA, ROSALINDA T. CATALANO, LEOPOLDO & ROSARIO

FRAUSTO, FELY SANTIAGO.  Thus, these additional 21 sets of HOMEOWNERS will eventually be joined into the *Blasco* action if the instant motion is granted.

Defense counsel was retained by RHODES HOMES' insurer, Lexington Insurance, who then responded on behalf of RHODES sometime in early 2009.  That defense counsel has remained counsel of record in the *Blasco* matter.    Indeed, prior to filing the instant motion, HOMEOWNERS contacted both bankruptcy counsel for RHODES and insurance defense counsel in an attempt to stipulate to modifying the stay in order to avoid the instant motion.  (Declaration of Eric Ransavage, Esq. attached). Neither set of counsel would agree to such a stipulation.  HOMEOWNERS believe that they are entitled to recover from insurance policies with respect to certain claims and causes of action related to the alleged defects for these forty-five (45) homes.

## II.
## ARGUMENT

### A.    THE COURT SHOULD GRANT THIS MOTION FOR RELIEF UNDER THE AUTOMATIC STAY BECAUSE THE HOMEOWNERS' STATE COURT ACTION WILL NOT DIMINISH DEBTOR'S ESTATE AND BECAUSE FAILURE TO GRANT THE REQUESTED RELIEF WILL VISIT GREAT PREJUDICE TO THE HOMEOWNERS.

HOMEOWNERS  respectfully request relief from a stay as provided in Section 362(d) of Title XI, United States Code, and Bankruptcy Rule 4001. This Motion is brought under Local Rule 4001-1.

Section 362(a) of the Bankruptcy Code bars the "commencement or continuation, including the issuance or employment of process, or a judicial, administration, or other proceedings against a debtor that was or could have been commenced before the commencement of the case under this title." However, although section 362(a) provides a nearly comprehensive stay of the proceedings against the debtor, section 362(d) requires the bankruptcy judge "to grant relief from the stay...for cause."  The

term "cause" as used in section 362(d) "has no clear definition and is determined on a case-by-case basis." *In re Tucson Estates,* 912 F.2d 1162, 1166 (9th Cir. 1990).

Courts have adopted a three factor test for determining whether "cause" exists by asking whether:

a.)    "Any great prejudice to either the bankrupt estate or the debtor will result from the continuation of the civil suit,

b.)    The hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

c.)    The creditor has a probability of prevailing on the merits."

*In re Fernstorm Storage and Van Company,* 938 F.2d 731, 735 (1991) (quoting *In re Pro Football Weekly,* 60 B.R. 824, 826 (N.D.Ill. 1986).

In applying this test, this Court can conclude that no great prejudice will affect either the bankruptcy estate or the Debtor because HOMEOWNERS seek only proceeds from the Debtor's insurance. *See In re Turner*, 55 B.R. 498 (Bankr.N.D. Ohio 1985)(suspending the stay is appropriate where all the plaintiff seeks is a declaration of liability with no monetary consequences for the debtor, as opposed to its insurer). It is true that as a nominal defendant, the debtor may be subject to certain discovery and perhaps appearing at trial, but "this is not a burden alleviated by [the automatic stay] when the purpose of the suit is to establish [the debtor's] nominal liability in order to collect from his insurance policy." *In re Edgeworth,* 993 F.2nd 51, 54 (5th Cir. 1993)2. The *Edgeworth* court also held that while insurance policy belongs to the debtor's estate, proceeds from the policy are not assets or property of the estate. *Id.* At 55-56 ("When the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate").

---

2 *In re Edgeworth* dealt with post-discharge permanent injunction under 11 U.S.C. section 524(e), but the reasoning upon which it was based is applicable to the case at hand.

As to the second element of the test, the hardship visited on the HOMEOWNERS is greater than the hardship to the debtor if the stay is lifted. The HOMEOWNERS will, unless the stay is lifted, have to pay for repairs of their homes themselves; whereas, if relief is granted the Debtor's insurance company will pay for the Debtor's defense and indemnification. *In re Holtkamp*, 669 F.2d 505, 509-09 (7th Cir. 1982) (no harm to debtor where the debtor's insurance company had "assumed full financial responsibility for defending that litigation"); *see also, United National Insurance Co. v. Frontier Insurance Company, Inc.,* 99 P.3d 1153, 1158 (2004) (insurance company's duty to defend is greater than its duty to indemnify).

Finally, it is reasonably probable that HOMEOWNERS will succeed in the State construction defect action against this developer on the basis that the HOMEOWNERS damages arise out of RHODES' acts or omissions in the planning, design, development and construction of the subject property. *See e.g., Olson v. Richard,* 89 P.3d 31 (2004); *Radaker v. Scott,* 109 Nev. 653, 855 P.2d 1037 (1993).

RHODES will suffer little or no prejudice if the relief of stay is granted because HOMEOWNERS seek nothing more than recovery as against RHODES' insurers.

## B.  THIS COURT HAS THE DISCRETION TO GRANT RELIEF FROM THE STAY AND BY EXERCISING THAT DISCRETION TO ALLOW HOMEOWNERS TO LIQUIDATE ITS CLAIM IN A STATE COURT PROCEEDING IT WILL FOSTER CONGRESSIONAL POLICY AND INTENT.

The bankruptcy court has the discretion to grant relief from stay in order to allow a claimant to liquidate its claim in a state court proceeding. *See, e.g., Austin v. Wendell-West Co.,* 539 F.2d 71 (9th Cir. 1976); *In re* Wood, 548 F.2d 216 (8th Cir. 1977); *In re Holtkamp, supra,* 669 F.2d 505 (7th Cir. 1982).

In *Holtkamp,* the court stressed that the action should proceed if it fosters the purpose behind the automatic stay:

"The purpose of the automatic stay is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured...thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts...where, as here, the pending action is neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy."

*Holtkamp*, 669 F.2d at 508, internal quotes and citations removed.

Granting HOMEOWNERS the requested relief from the automatic stay as to insurance proceeds will not setoff a "chaotic and uncontrolled scramble for the debtor's assets" nor will it interfere with the "systematic equitable liquidation procedure" for all other creditors.    Therefore, this Court should exercise its discretion and grant the instant Motion.

### III.

### CONCLUSION

Granting relief from the automatic stay will neither frustrate the goal of the orderly administration of the debtor's estate, nor will it imperil the estate's assets.  Moreover, the prejudice to the HOMEOWNERS if relief is not granted far outweighs any potential prejudice to RHODES if relief is granted.  Therefore, HOMEOWNERS respectfully requests that this Court grant them relief from the automatic stay as a predicate to establishing RHODES' liability and, thereby, allow HOMEOWNERS to seek recompense from RHODES' insurance for constructional defects at HOMEOWNERS' homes at issue.

Dated: 12-22-09

SHINNICK, RYAN & RANSAVAGE LLP

Eric Ransavage, Esq.
NV Bar No. 8876
SHINNICK RYAN & RANSAVAGE P.C.
2881 Business Park Ct., Suite 210
Las Vegas, Nevada
Tel: (702) 631-8014

Attorney for HOMEOWNERS

## DECLARATION OF ERIC RANSAVAGE, ESQ.

I, Eric Ransavage, Esq. do declare and state as follows:

1.      I am an attorney at law and licensed to practice in all courts of the State of Nevada. I am a partner in the law firm of SHINNICK, RYAN & RANSAVAGE PC, counsel of record for homeowners Leslie Blasco, et al. in the state court construction defect case of *Blasco, et al. v. Rhodes Design & Development Corp., Case No. A578060.*    I am also counsel for AMALIA GARCIA, JOHN A. & PIA HERMANN, NOEL IGNACIO, NAURRY S. KWON, WILLIAM A. & DELIA A. LAMB, THOMAS LOMBINO, PEARL H. NEAL, JIM REICHERT, JAMES REMMERT, PATRICK RUSH & AMY DOUGHERTY, YVONNE SKRZECZYNA, ANNA SLOMKA, JAIME TYCANGCO, LAURA YANG, JUNGTAE LEE, LOUIS C. & JOAN K. NOLAN. These are other homeowners at the Greens/ Fairways for which NRS Chapter 40 pre-litigation notices have been issued to RHODES HOMES. Furthermore, the following five (5) sets of homeowners have retained Plaintiffs' counsel and will also be included into the Blasco action but no pre-litigation notices have been issued yet on their behalf: TATYANA ANTOKHINA, RONNEL MENDOZA, ROSALINDA T. CATALANO, LEOPOLDO & ROSARIO FRAUSTO, FELY SANTIAGO. Thus, the instant motion seeks the same relief as to all 45 homeowners ("HOMEOWNERS"), both those already named in the state court action and those that will be joined into that action.

2.      On December 17, 2008, the HOMEOWNERS filed an action in Clark County District Court (Eighth Judicial District Court) (the "District Court") to recover for constructional defects in homes in the Greens/ Fairways development. (See Exhibit "A", Complaint and Amended Complaint from *Blasco, et al. v. Rhodes Ranch*, Case No. A578060).

3.      Upon information and belief, Rhodes Design & Development Corp., et al. ("RHODES HOMES") is insured by Lexington Insurance. Insurance defense counsel responded on behalf of

RHODES HOMES in early 2009 and continues to represent RHODES HOMES.  Prior to filing the instant motion, I contacted both bankruptcy counsel for RHODES HOMES at  Pachulski Stang Ziehl & Jones LLP in Los Angeles and local insurance defense counsel in an attempt to come to an agreement to modify the stay to allow the state court action to proceed as against insurance proceeds only.  (LR 4001(3)).  An agreement could not be reached.

5.      HOMEOWNERS believe that they are entitled to recover from insurance policies with respect to certain claims and causes of action related to the alleged defects for these forty-five  (45) combined homes.

I declare under the penalty of perjury pursuant to 28 U.S.C. section 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this _____ day of December, 2009, at Las Vegas, Nevada.

_____
Eric Ransavage, Esq.

1  Duane E. Shinnick, Esq.
   Bar No. 7176
2  Eric Ransavage, Esq.
   Bar. No. 8876
3  SHINNICK, RYAN & RANSAVAGE P.C.
   2881 Business Park Court, Suite 210
4  Las Vegas, NV 89128
   Tel. (702) 631-8014
5  Fax (702) 631-8024
   eransavage@ssllplaw.com
6
   Attorneys for Creditors/ Homeowners Leslie Blasco, et al.
7

8
                    UNITED STATES BANKRUPTCY COURT
9

10
                          DISTRICT OF NEVADA
11
                                        )   Chapter 11
12  In re:                              )
    THE RHODES COMPANIES, LLC aka       )   Case No. BK-S-09-14814-LBR
13  "Rhodes Homes", et al.1             )   (Jointly Administered)
                                        )   JUDGE LINDA B. RIEGLE
14
                                        )
15                                      )
              Debtors.                  )   Hearing Date: February 18, 2009
16                                      )   Hearing Time: 1:30 PM
                                            Estimated Time:  30 Minutes
17                                          Courtroom:  1
18                                      )

19  Affects only the following Debtor(s):
20  RHODES DESIGN & DEVELOPMENT CORP. and
    RHODES RACNH GENERAL PARTNERSHIP
21

22

23  ────────────────────────────

24  1  The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14814); Tribes Holdings,
    LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho
25  Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-
    14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-
26  14839); Rhodes Realty, Inc. (Case No. 09-14841); C&J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No.
    09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14844); Tuscany
27  Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case
    No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854);
28  Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcav, LP (Case No. 09-
    14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties,
    LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884);
    and Pinnacle Grading, LLC (Case No. 09-14887).

                              {00059325.DOC}1
                                  ORDER

**ORDER GRANTING MOTION OF CERTAIN CREDITOR/ HOMEOWNERS FOR A MODIFICATION OF AUTOMATIC STAY IN ORDER TO PROCEED AGAINST DEBTOR AS A NOMINAL DEFENDANT AND AS AGAINST INSURANCE PROCEEDS ONLY**

Upon consideration of the *Motion of Creditors/ Homeowners Leslie Blasco, et al. for a Modification of the Automatic Stay in Order to Proceed against Debtor as a Nominal Defendant and as Against Insurance Proceeds Only in the State Court Action of Blasco et al. v. Rhodes Design & Development Corp., et al. CCDC Case No. A578060*, and good cause appearing, it is hereby ORDERED

1. The Motion is granted.

2. The Automatic Stay is Modified such that Creditors/ Homeowners Leslie Blasco, et al. may proceed in their state court action, identified as *Blasco et al. v. Rhodes Design & Development Corp., et al. CCDC Case No. A578060,* as against Debtor Rhodes Design & Development Corp. and Rhodes Ranch General Partnership as nominal defendants only and as against insurance proceeds only.

**IT IS SO ORDERED.**

Dated this _____ day of January, 2010.


By:_____
    Honorable Linda B. Riegle
    United States Bankruptcy Judge
    District of Nevada

Submitted by:

Dated: _____

SHINNICK, RYAN & RANSAVAGE, PC

_____

Eric Ransavage, Esq.
NV Bar No. 8876
SHINNICK RYAN & RANSAVAGE P.C.
2881 Business Park Ct., Suite 210
Las Vegas, Nevada

Attorney for Creditors/ Homeowners Leslie Blasco, et al.

# Exhibit A

*"ORIGINAL*

**COMP**
Duane E. Shinnick, Esq.
Bar No. 7176
Eric Ransavage, Esq.
Bar. No. 8876
Megan M. Chodzko, Esq.
Bar No. 8780
SHINNICK LAW FIRM, P.C.
2881 Business Park Court, Suite 210
Las Vegas, NV 89128
Tel. (702) 631-8014
Fax (702) 631-8024

Attorneys for Plaintiffs

FILED

Dec 17  2 19 PM '08

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

LESLIE BLASCO, individually; NEIL and
NANCY SCELSA, individually; EMILIE C.
LIAO, individually; VIRGILIO BERTO,
individually; JOHN P. and DAWN M. LIBERTI,
individually; DARLENE J. COOK, individually;
and the same on behalf of themselves and on
behalf of others similarly situated, and ROES 1-
600, inclusive

        Plaintiffs,

v.

RHODES RANCH LIMITED PARTNERSHIP,
a Nevada Limited Partnership; RHODES
DESIGN AND DEVELOPMENT
CORPORATION dba RHODES HOMES, a
Nevada Corporation; and DOES 1 through 500,
inclusive,

        Defendants.

) CASE NO.
) DEPT. NO.
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

A578060

XXII

**ARBITRATION EXEMPTION CLAIMED:**
   Action seeking Extraordinary Relief

**CONSTRUCTION DEFECT
CLASS ACTION COMPLAINT**

## COMPLAINT FOR DAMAGES

Come Now Plaintiffs, LESLIE BLASCO, individually; NEIL and NANCY SCELSA,

individually; EMILIE C. LIAO, individually; VIRGILIO BERTO, individually; JOHN P. and DAWN

{00045951.DOC}

M. LIBERTI, individually; DARLENE J. COOK, individually; and the same on behalf of themselves

and on behalf of others similarly situated (hereinafter "Plaintiffs"), by and through their attorneys,

Duane E. Shinnick, Esq. and Eric Ransavage, Esq. of the law firm of Shinnick Law Firm, P.C., and for

causes of action against Defendants, and each of them, allege and complain as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs are owners of individual residences within the housing development known as

THE GREENS in Clark County (Spring Valley), Nevada, more specifically described as residences in

the subdivision of RHODES RANCH PHASE 3 as recorded with the Clark County Recorder in Plat

Book 84, page 68, and the materials and workmanship of their residences are substantially the same

as the other 307 residences at THE GREENS.

2. Pursuant to NRS 40.600 through 40.695 inclusive, Plaintiffs seek recovery for damages

suffered by each unit owner as to their separate interests as delineated by law.

2a. Pursuant to NRS 40.645 Plaintiffs have in good faith attempted to serve written notice

on all defendants by certified mail at the addresses listed on the Nevada State Contractors Board

records, or at their last known addresses. Plaintiffs have substantially complied with the notice and

pre-filing requirements of NRS 40.645.

3. The property and buildings thereupon will hereinafter sometimes be referred to as the

"subject property."

4. A class action is alleged pursuant to Nevada Rules of Civil Procedure Rule 23. The class

consists of all owners of the subject property. Class Representative Plaintiffs bring this action as a

class action, as representatives of all individuals who own one or more single family homes at the

subject property in Clark County, Nevada.

a) Plaintiffs allege that the class, consisting of the owners of approximately 307 units, is

{00045951.DOC}

so numerous that joinder of all homeowners individually would be impractical and that disposition of their claims in a representative suit is a benefit to the court.

b)    Plaintiffs have a well defined community of interest or questions of fact and law common to each member of the class in that all members of the class have suffered injuries due to construction defects, the related stigma, diminution in value, lost rents, and personal property damage, as a result of expansive soils and other defects, relevant causes, and the claims herein alleged by Plaintiffs are representative of those claims which could be alleged by such members of the class.

c)    Plaintiffs allege that the relief herein sought is typical of the relief which could be sought by each of the class members.

d)    Plaintiffs allege that questions of law and fact common to the class predominate over questions affecting the individual class members, and that the interest of justice and efficiency will be best served by bringing this action as a class action with regard to the aforementioned interests.

e)    Plaintiffs allege that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct by the parties opposing the class, and adjudication with respect to individual members of the class would be dispositive of the interest of other members not parties to the adjudication, or would substantially impair or impeded their ability to protect their interests.

f)    The Class Representative Plaintiffs have typical claims as the members of the class and were damaged by the acts and practices of the Defendants. They will fairly and

{00045951.DOC}

adequately protect the interest of the class, as each is an owner of real property within the affected area identified below, and each was damaged by the acts and practices of Defendants, and each of them. Class Representative Plaintiffs have no conflicts with the other homeowners of the subject property single family homes, with respect to the claims alleged and have retained competent and experienced counsel to represent them.

g)    The members of the class are easily located and identified as all individual homeowners at the subject property. The names and addresses of the individuals who own single family homes at the subject property are maintained as public records.

There is no plain, speedy, or adequate remedy other than maintenance of this class action. Consequently, there would be a failure of justice and efficiency, but for the maintenance of this class action.

5.  The Defendants are identified as follows:  Plaintiffs allege that Defendant RHODES RANCH LIMITED PARTNERSHIP, a Nevada Limited Partnership, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

5a.  Plaintiffs allege that Defendant RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES, a Nevada Corporation, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

{00045951.DOC}

6. Plaintiffs allege that at all times herein mentioned, Defendants, and each of them, were the agents, servants and employees of each other and were acting in the course and scope of their agency or employment in doing the acts herein alleged.

7. Plaintiffs do not know the true names and capacities of defendants sued herein as Does 1 to 500, including, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the said fictitiously named defendants are responsible in some manner for the defective and negligent engineering, architecture, construction, supply of improper materials, and inspection of the subject property single family homes, or in some other actionable manner were an integral part of the chain of development, construction and marketing of the subject property single family homes, and that Plaintiffs damages as herein alleged were proximately caused by their conduct. Plaintiffs pray for leave to amend this Complaint when the true names and capacities of such defendants are ascertained.

8. Defendants Does 1 through 500, inclusive, whether individual, corporate, associate or otherwise are fictitious names of defendants whose true names and capacities, at this time, are unknown to Plaintiffs. Plaintiffs are informed and believe and thereupon allege that at all times herein mentioned each of the defendants sued herein as Does 1 through 500 was the agent, servant and employee of his or her co-defendants, and in doing the things hereinafter mentioned was acting in the scope of his or her authority as such agent, servant and employee, and with the permission and consent of his or her co-defendants; and that each of said fictitiously named defendants, whether an agent, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged. At such time as defendant's true names become known to Plaintiffs, Plaintiffs will ask leave of this Court to amend this Complaint to insert said true names and capacities.

{00045951.DOC}

9. Plaintiffs have discovered defects and damages within the periods of the applicable statutes of limitations that the subject property has and is experiencing defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

It was the result of the representations by Defendants that they would repair the defects and their conduct in so performing some works of repair, as well their proposals for correcting the defects that induced Plaintiffs to withhold conducting their own independent investigation and/or filing suit against said Defendants. By virtue of the fact that Defendants were the developers, contractors and sellers of the subject property and aware of the particular nature of the project, including its design, composition, and component parts, and when said Defendants represented that Defendants would repair the defects and, in fact, some works of repair were commenced, Plaintiffs were justified in relying on said representations and conduct by said Defendants in permitting them to investigate and repair the defects. As a result of Defendants' conduct, Plaintiffs' obligation to commence an action against Defendants for the defects and/or damages set forth above was tolled pursuant to NRS 11.190.

On numerous occasions Defendants represented to Plaintiffs that the defective systems and materials were not inadequate, and that repairs had been successfully performed thereby inducing reasonable reliance thereupon by Plaintiffs that conditions were not in need of repairs, therefore, Defendants are estopped from asserting any potentially applicable statutes of limitations. Damage has also occurred at various times in the past, including progressive damage.

10. Within the last year, Plaintiffs have discovered that the subject property has and is experiencing additional defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall

{00045951.DOC}

cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

## FIRST CAUSE OF ACTION

### (Breach of Contract and Breach of Express Warranties as Against

### All Defendants and Does 1 through 400)

11. Plaintiffs reallege and incorporate by reference paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. On or about various dates commencing in 1999, and continuing thereafter in the County of Clark, State of Nevada, the Plaintiffs and each of them or their predecessors in interest, entered into contracts in writing with Defendants for the purchase from said Defendants of one or more of the units in the subject property.

13. At the time of negotiations of said contracts, but before said contracts were executed between the Plaintiffs and/or their predecessors in interest and said Defendants, as an inducement to the Plaintiffs and/or their predecessors in interest to purchase said units, and as a part of the basis of the bargain of the parties that culminated in the making of the contracts, said Defendants expressly warranted to Plaintiffs and/or their predecessors in interest that said units were constructed in conformity with the applicable building codes and the specific codes and regulations of Clark County, the approved plans and specifications, and that said structures were and are sound and safe, and would remain so.

14. The Plaintiffs purchased said homes in reliance on the express warranties, affirmations of fact, and promises made by Defendants. Plaintiffs, and each of them, have duly performed all the conditions and covenants of said contracts on their part to be performed.

{00045951.DOC}

15. Certain Plaintiffs and/or homeowners of the subject property, notified Defendants of said breach of contract and breach of warranties, and said Defendants have refused, and continue to refuse, to remedy these defects.

16. As a direct and proximate result of the breach of the express warranties (written and oral) by Defendants, and each of them, as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

17. Plaintiffs have suffered damages in an amount not fully known, but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition. Plaintiffs will establish the precise amount of such damages at trial, according to proof.

18. Plaintiffs are entitled to all damages set forth at NRS 40.655.

## SECOND CAUSE OF ACTION

### (Breach of Implied Warranties-Third Party Beneficiary

### as against Does 1 through 400)

19. Plaintiffs reallege and incorporate by reference paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Plaintiffs are informed and believe and on that basis allege that Defendants and Doe defendants other than RHODES RANCH LIMITED PARTNERSHIP and RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES entered into contracts with these entities to perform certain services or work with regard to the design, construction and inspection of

{00045951.DOC}

construction of the residences at the subject property. Plaintiffs and/or their predecessors in interest were third party beneficiaries of each and every such contract.

21. Further, said Doe defendants by entering into said contracts with RHODES RANCH LIMITED PARTNERSHIP and RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES and/or Plaintiffs and/or their predecessors in interest, impliedly warranted that said homes would be of good and merchantable quality and would be at least a quality as would be fit for the ordinary purpose for which such homes were to be used and would be habitable. Further, said Doe defendants impliedly warranted the quality of construction of the homes and common areas as provided in NRS 116.4114.

22. The Plaintiffs purchased their homes in reliance on the implied warranties and promises made by Doe defendants, and each of them. Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

23. Certain Plaintiffs and/or Homeowners at the subject property have notified Doe defendants of said breach of implied warranties and said Doe defendants have refused and continue to refuse to remedy these defects.

24. As a direct and proximate result of the breach of the implied warranties by Doe defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship. Numerous additional defective conditions exist as more particularly described in Plaintiffs' expert reports. Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at trial according to proof, and in accordance with NRS 40.655.

{00045951.DOC}

### THIRD CAUSE OF ACTION

### (Negligence and Negligence per se

### As to All Defendants, and Does 1 through 400)

25. Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Plaintiffs allege that Defendants, and each of them, knew or should have known that if the subject structure and subject premises were not properly or adequately designed, engineered, marketed, supervised and/or constructed, that the owners and users would be substantially damaged thereby, and that the subject structures would be defective and not of merchantable quality.

27. Plaintiffs allege that the Defendants, and each of them, named herein were under a duty to exercise ordinary care to avoid reasonably foreseeable injury to users and purchasers of the subject premises and structures, and knew or should have foreseen with reasonable certainty that purchasers and/or users would suffer the monetary damages set forth herein, if said Defendants, and each of them, failed to perform their duty to cause the subject premises and subject structures to be designed, engineered and completed in a proper and workmanlike manner and fashion.

28. Said Defendants, and each of them, breached their duty owed to Plaintiffs, failed and neglected to perform the work, labor and services properly or adequately in that each said Defendants so negligently, carelessly, recklessly and in an unworkmanlike manner designed, constructed and inspected the subject property and performed the aforesaid work, labor and/or services, such that the subject premises and subject structures as described herein were designed, engineered and/or constructed improperly, negligently, carelessly and/or in an unworkmanlike manner, thereby breaching the duty owed to Plaintiffs. Further, Defendant sellers knew or should have known that the premises were constructed in an unworkmanlike manner.

{00045951.DOC}

29. Defendants' negligence alleged above includes the failure to meet the applicable building codes and ordinances which were in effect. Plaintiffs' members and their predecessors in interest were members of the class of persons which the building codes and ordinances were designed to protect. Such violations are negligence per se on the part of Defendants, and each of them.

30. As a direct and proximate result of the foregoing negligence and negligence per se, carelessness and unworkmanlike conduct, actions and/or omissions by said Defendants, and each of them, Plaintiffs have suffered damages in an amount in excess of $10,000.00. Plaintiffs are presently unaware of the precise amount of damages needed in order to correct the defective conditions of the subject property and subject structures, but will establish the same at trial according to proof.

31. Plaintiffs are also entitled to the damages set forth at NRS 40.655.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation and Negligent Failure to Disclose

### as to All Defendants and Does 1 through 400)

32. Plaintiffs reallege and incorporate by referenced paragraphs 1 through 31 of the Complaint, as though fully set forth herein.

33. Plaintiffs allege that, at all relevant times, Defendants, and each of them, owed to Plaintiffs and members of the general public, a duty to disclose all conditions potentially having adverse impact upon the subject properties, their value and their safety as well as stability. Plaintiffs allege that Defendants, and each of them, also owed Plaintiffs and members of the general public a duty to represent with reasonable accuracy the actual conditions, quality and significant factors concerning value, safety and stability of the subject properties. As the builders, developers and sellers of said subject properties, Defendants, and each of them, held a special relationship of trust

{00045951.DOC}

and confidence with potential buyers such that duties of disclosure and accurate representations were incumbent upon Defendants, and each of them.

34. Plaintiffs allege that Defendants, and each of them, at all relevant times, in breach of the duties set forth above, negligently misrepresented and/or failed to disclose to Plaintiffs and members of the general public, facts and information regarding the defective conditions known to Defendants and affecting the subject properties, as described herein above.

35. Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, knew or should have known that members of the public, including the Plaintiffs, would purchase the single family homes and that Defendants who have superior knowledge and expertise as builders, developers and sellers of the subject properties, were required to correct any such defects in the properties and were further required not to sell such defective properties, and were also required to make such defects in the properties known to Plaintiffs as prospective purchasers.

36. Had Plaintiffs known the undisclosed facts, Plaintiffs would have either investigated the condition and integrity of said homes and common areas or would have declined to purchase the residences, nor would Plaintiffs have relied, as they did, upon Defendants, and each of their, representations that the subject homes were generally in good condition and fit for their intended use and that all repair work and/or renovations had been successfully completed.

37. Plaintiffs allege that as a direct and proximate result of the defects set forth herein, Plaintiffs have suffered damages in an amount not fully known, but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition. Plaintiffs will establish the precise amount of such damages at trial, according to proof.

{00045951.DOC}

38.  Plaintiffs are also entitled to the damages set forth at NRS 40.655.

## FIFTH CAUSE OF ACTION

**(Breach of Implied Warranty of Habitability as to All Defendants and Does 1 through 400)**

39.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 38 of the Complaint, as though fully set forth herein.

40.  All Defendants each impliedly warranted that said homes would be of good and merchantable quality, would be habitable, and would be completed in a workmanlike manner. Further, said Defendants impliedly warranted the quality of construction of the homes and common areas as provided in NRS 116.4114.

41.  The Plaintiffs purchased their homes in reliance on the implied warranties and promises made by Defendants, and each of them.   Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

42.  Certain Plaintiffs and/or Homeowners at the subject property have notified Defendants of said breach of implied warranties and said Defendants have refused and continue to refuse to remedy these defects.

43. As a direct and proximate result of the breach of the implied warranties by Defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.  Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at trial according to proof.

{00045951.DOC}

**WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:**

1. For general and special damages in excess of $10,000.00 including but not limited to, costs of repair, loss of market value, loss of use, loss of financing, loss of investment and out-of-pocket expenses to be determined at time of trial;

2. For damages in an amount according to proof;

3. For reasonable attorneys fees and costs according to proof.

4. For prejudgment and post-judgment interest on all sums awarded, according to proof at the maximum legal rate;

5. For all damages pursuant to NRS 40.600 through 40.695; in particular 40.650 and 40.655;

6. For costs of suit incurred;

7. For such other and further relief as the Court may deem just and proper.

DATED this 16th day of December, 2008

SHINNICK LAW FIRM, P.C.

By_____
Duane E. Shinnick, Esq.
Bar No. 7176
Megan M. Chodzko, Esq.
Bar. No. 8780
Eric Ransavage, Esq.
Bar. No. 8876
2881 Business Park Court, Suite 210
Las Vegas, NV 89128
Attorneys for Plaintiffs

{00045951.DOC}

14

**COMPLAINT FOR DAMAGES**

Electronically Filed
04/07/2009 01:43:38 PM

**CLERK OF THE COURT**

1  **ACOM**
   Duane E. Shinnick, Esq.
2  Bar No. 7176
   Eric Ransavage, Esq.
3  Bar. No. 8876
   Megan M. Chodzko, Esq.
4  Bar No. 8780
   SHINNICK, RYAN & RANSAVAGE P.C.
5  2881 Business Park Court, Suite 210
   Las Vegas, NV 89128
6  Tel. (702) 631-8014
   Fax (702) 631-8024
7

8  Attorneys for Plaintiffs

9

10

11                          DISTRICT COURT

12                      CLARK COUNTY, NEVADA

13 | LESLIE BLASCO, individually; NEIL and          ) CASE NO. A578060
14 | NANCY SCELSA, individually; EMILIE C.           )
   | LIAO, individually; VIRGILIO BERTO,            ) DEPT. NO. XXII
15 | individually; JOHN P. and DAWN M. LIBERTI,     )
   | individually; DARLENE J. COOK, individually;   )
16 | JIMMY L. and HAZEL M. BOONE,                   ) **PLAINTIFFS' FIRST AMENDED**
   | individually; AMY Y. CHENG, individually;      ) **CONSTRUCTION DEFECT**
17 | GREGORIO V. and VIOLETA L. CORTEZ,             ) **CLASS ACTION COMPLAINT**
18 | individually; YVETTE DANG, individually; 266   )
   | BR, LLC and ANTHONY DEVRIES,                   )
19 | individually; JOSE A. ELIQUE, individually;    )
20 | ROLANDO GARCIA, individually; ROMAN            )
   | GARZON and MARTHA VALDEZ,                      )
21 | individually; PRASHANT N. and RUPALI P.        )
   | GUPTE, individually; JAMES R. and LESLIE L.    )
22 | HAEFELI, individually; ALI JORDAN,             )
   | individually; HENRY F. MAZE, individually;     )
23 | KENNETH MUMBY, individually; KEVIN and         )
24 | LISA OLSEN, individually; BENJAMIN and         )
   | DONNA OWYOUNG, individually;                   )
25 | CLARENCE J. RICHWALSKI, individually;          )
26 | ANDREW and ALEXANDRA TAXIARCHOS,               )
   | individually; FAIZA and WALID YOUSIF,          )
27 | individually; and the same on behalf of        )
   | themselves and on behalf of others similarly   )
28 | situated, and ROES 29-600, inclusive           )
   |                          Plaintiffs,           )

{00049916.DOC}

                                  1
                   AMENDED COMPLAINT FOR DAMAGES

v.

RHODES RANCH LIMITED PARTNERSHIP,
a Nevada Limited Partnership; RHODES
DESIGN AND DEVELOPMENT
CORPORATION dba RHODES HOMES, a
Nevada Corporation; and DOES 1 through 500,
inclusive,

          Defendants.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

     PLEASE TAKE NOTICE THAT PLAINTIFFS hereby file this FIRST AMENDED CONSTRUCTION DEFECT CLASS ACTION COMPLAINT pursuant to N.R.C.P. 15(a). This First Amended Complaint is being filed to identify by name the following Plaintiffs:

| ROE | PLAINTIFF | ADDRESS |
|---|---|---|
| 1 | JIMMY L. BOONE | 382 Grandover Court |
| 2 | HAZEL M. BOONE | Las Vegas, NV 89148 |
| 3 | AMY Y. CHENG | 272 Turtle Peak Ave. |
| | | Las Vegas, NV 89148 |
| 4 | GREGORIO V. CORTEZ | 254 Sea Rim Ave. |
| 5 | VIOLETA L. CORTEZ | Las Vegas, NV 89148 |
| 6 | YVETTE DANG | 351 Turtle Peak Ave. |
| | | Las Vegas, NV 89148 |
| 7 | 266 BR, LLC | 266 Blackstone River Ave. |
| 8 | ANTHONY DEVRIES | Las Vegas, NV 89148 |
| 9 | JOSE A. ELIQUE | 354 Harpers Ferry Ave. |
| | | Las Vegas, NV 89148 |
| 10 | ROLANDO GARCIA | 201 Waterton Lakes Ave. |
| | | Las Vegas, NV 89148 |
| 11 | ROMAN GARZON | 353 Harpers Ferry Ave. |
| 12 | MARTHA VALDEZ | Las Vegas, NV 89148 |
| 13 | PRASHANT N. GUPTE | 161 Tayman Park Ave. |
| 14 | RUPALI P. GUPTE | Las Vegas, NV 89148 |
| 15 | JAMES R. HAEFELI | 173 Lakewood Garden Drive |
| 16 | LESLIE L. HAEFELI | Las Vegas, NV 89148 |
| 17 | ALI JORDAN | 271 Waterton Lakes Ave. |
| | | Las Vegas, NV 89148 |
| 18 | HENRY F. MAZE | 263 Sea Rim Ave. |
| | | Las Vegas, NV 89148 |

{00049916.DOC}

AMENDED COMPLAINT FOR DAMAGES

| 19 | KENNETH MUMBY | 334 Sea Rim Ave. |
| | | Las Vegas, NV 89148 |
| 20 | KEVIN OLSEN | 311 Turtle Peak Ave. |
| 21 | LISA OLSEN | Las Vegas, NV 89148 |
| 22 | BENJAMIN OWYOUNG | 270 Tayman Park Ave. |
| 23 | DONNA OWYOUNG | Las Vegas, NV 89148 |
| 24 | CLARENCE J. RICHWALSKI | 309 Lakewood Garden Drive |
| | | Las Vegas, NV 89148 |
| 25 | ANDREW TAXIARCHOS | 277 Lakewood Garden Drive |
| 26 | ALEXANDRA TAXIARCHOS | Las Vegas, NV 89148 |
| 27 | FAIZA YOUSIF | 312 Turtle Peak Ave. |
| 28 | WALID YOUSIF | Las Vegas, NV 89148 |

## COMPLAINT FOR DAMAGES

Come Now Plaintiffs, LESLIE BLASCO, individually; NEIL and NANCY SCELSA, individually; EMILIE C. LIAO, individually; VIRGILIO BERTO, individually; JOHN P. and DAWN M. LIBERTI, individually; DARLENE J. COOK, individually; JIMMY L. and HAZEL M. BOONE, individually; AMY Y. CHENG, individually; GREGORIO V. and VIOLETA L. CORTEZ, individually; YVETTE DANG, individually; 266 BR, LLC and ANTHONY DEVRIES, individually; JOSE A. ELIQUE, individually; ROLANDO GARCIA, individually; ROMAN GARZON and MARTHA VALDEZ, individually; PRASHANT N. and RUPALI P. GUPTE, individually; JAMES R. and LESLIE L. HAEFELI, individually; ALI JORDAN, individually; HENRY F. MAZE, individually; KENNETH MUMBY, individually; KEVIN and LISA OLSEN, individually; BENJAMIN and DONNA OWYOUNG, individually; CLARENCE J. RICHWALSKI, individually; ANDREW and ALEXANDRA TAXIARCHOS, individually; FAIZA and WALID YOUSIF, individually; and the same on behalf of themselves and on behalf of others similarly situated (hereinafter "Plaintiffs"), by and through their attorneys, Duane E. Shinnick, Esq. and Eric Ransavage, Esq. of the law firm of SHINNICK, RYAN & RANSAVAGE P.C., and for causes of action against Defendants, and each of them, allege and complain as follows:

{00049916.DOC}

## GENERAL ALLEGATIONS

1. Plaintiffs are owners of individual residences within the housing development known as THE GREENS/FAIRWAYS in Clark County (Spring Valley), Nevada, more specifically described as residences in the subdivision of RHODES RANCH PHASE 3 as recorded with the Clark County Recorder in Plat Book 84, page 68, and the materials and workmanship of their residences are substantially the same as the other 307 residences at THE GREENS/FAIRWAYS.

2. Pursuant to NRS 40.600 through 40.695 inclusive, Plaintiffs seek recovery for damages suffered by each unit owner as to their separate interests as delineated by law.

2a. Pursuant to NRS 40.645 Plaintiffs have in good faith attempted to serve written notice on all defendants by certified mail at the addresses listed on the Nevada State Contractors Board records, or at their last known addresses. Plaintiffs have substantially complied with the notice and pre-filing requirements of NRS 40.645.

3. The property and buildings thereupon will hereinafter sometimes be referred to as the "subject property."

4. A class action is alleged pursuant to Nevada Rules of Civil Procedure Rule 23. The class consists of all owners of the subject property. Class Representative Plaintiffs bring this action as a class action, as representatives of all individuals who own one or more single family homes at the subject property in Clark County, Nevada.

a) Plaintiffs allege that the class, consisting of the owners of approximately 307 units, is so numerous that joinder of all homeowners individually would be impractical and that disposition of their claims in a representative suit is a benefit to the court.

b) Plaintiffs have a well defined community of interest or questions of fact and law common to each member of the class in that all members of the class have suffered

{00049916.DOC}

AMENDED COMPLAINT FOR DAMAGES

injuries due to construction defects, the related stigma, diminution in value, lost rents, and personal property damage, as a result of expansive soils and other defects, relevant causes, and the claims herein alleged by Plaintiffs are representative of those claims which could be alleged by such members of the class.

c)    Plaintiffs allege that the relief herein sought is typical of the relief which could be sought by each of the class members.

d)    Plaintiffs allege that questions of law and fact common to the class predominate over questions affecting the individual class members, and that the interest of justice and efficiency will be best served by bringing this action as a class action with regard to the aforementioned interests.

e)    Plaintiffs allege that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct by the parties opposing the class, and adjudication with respect to individual members of the class would be dispositive of the interest of other members not parties to the adjudication, or would substantially impair or impeded their ability to protect their interests.

f)    The Class Representative Plaintiffs have typical claims as the members of the class and were damaged by the acts and practices of the Defendants. They will fairly and adequately protect the interest of the class, as each is an owner of real property within the affected area identified below, and each was damaged by the acts and practices of Defendants, and each of them. Class Representative Plaintiffs have no conflicts with the other homeowners of the subject property single family homes, with respect to the

claims alleged and have retained competent and experienced counsel to represent them.

g)   The members of the class are easily located and identified as all individual homeowners at the subject property. The names and addresses of the individuals who own single family homes at the subject property are maintained as public records.

There is no plain, speedy, or adequate remedy other than maintenance of this class action. Consequently, there would be a failure of justice and efficiency, but for the maintenance of this class action.

5.   The Defendants are identified as follows: Plaintiffs allege that Defendant RHODES RANCH LIMITED PARTNERSHIP, a Nevada Limited Partnership, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

5a.   Plaintiffs allege that Defendant RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES, a Nevada Corporation, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

6. Plaintiffs allege that at all times herein mentioned, Defendants, and each of them, were the agents, servants and employees of each other and were acting in the course and scope of their agency or employment in doing the acts herein alleged.

7. Plaintiffs do not know the true names and capacities of defendants sued herein as Does 1 to 500, including, and therefore sue these defendants by such fictitious names. Plaintiffs are informed

{00049916.DOC}

and believe, and thereon allege, that each of the said fictitiously named defendants are responsible in some manner for the defective and negligent engineering, architecture, construction, supply of improper materials, and inspection of the subject property single family homes, or in some other actionable manner were an integral part of the chain of development, construction and marketing of the subject property single family homes, and that Plaintiffs damages as herein alleged were proximately caused by their conduct. Plaintiffs pray for leave to amend this Complaint when the true names and capacities of such defendants are ascertained.

8. Defendants Does 1 through 500, inclusive, whether individual, corporate, associate or otherwise are fictitious names of defendants whose true names and capacities, at this time, are unknown to Plaintiffs. Plaintiffs are informed and believe and thereupon allege that at all times herein mentioned each of the defendants sued herein as Does 1 through 500 was the agent, servant and employee of his or her co-defendants, and in doing the things hereinafter mentioned was acting in the scope of his or her authority as such agent, servant and employee, and with the permission and consent of his or her co-defendants; and that each of said fictitiously named defendants, whether an agent, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged. At such time as defendant's true names become known to Plaintiffs, Plaintiffs will ask leave of this Court to amend this Complaint to insert said true names and capacities.

9. Plaintiffs have discovered defects and damages within the periods of the applicable statutes of limitations that the subject property has and is experiencing defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

It was the result of the representations by Defendants that they would repair the defects and their conduct in so performing some works of repair, as well their proposals for correcting the defects that induced Plaintiffs to withhold conducting their own independent investigation and/or filing suit against said Defendants. By virtue of the fact that Defendants were the developers, contractors and sellers of the subject property and aware of the particular nature of the project, including its design, composition, and component parts, and when said Defendants represented that Defendants would repair the defects and, in fact, some works of repair were commenced, Plaintiffs were justified in relying on said representations and conduct by said Defendants in permitting them to investigate and repair the defects. As a result of Defendants' conduct, Plaintiffs' obligation to commence an action against Defendants for the defects and/or damages set forth above was tolled pursuant to NRS 11.190.

On numerous occasions Defendants represented to Plaintiffs that the defective systems and materials were not inadequate, and that repairs had been successfully performed thereby inducing reasonable reliance thereupon by Plaintiffs that conditions were not in need of repairs, therefore, Defendants are estopped from asserting any potentially applicable statutes of limitations. Damage has also occurred at various times in the past, including progressive damage.

10. Within the last year, Plaintiffs have discovered that the subject property has and is experiencing additional defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

{00049916.DOC}

AMENDED COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION

## (Breach of Contract and Breach of Express Warranties as Against

## All Defendants and Does 1 through 400)

11. Plaintiffs reallege and incorporate by reference paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. On or about various dates commencing in 1999, and continuing thereafter in the County of Clark, State of Nevada, the Plaintiffs and each of them or their predecessors in interest, entered into contracts in writing with Defendants for the purchase from said Defendants of one or more of the units in the subject property.

13. At the time of negotiations of said contracts, but before said contracts were executed between the Plaintiffs and/or their predecessors in interest and said Defendants, as an inducement to the Plaintiffs and/or their predecessors in interest to purchase said units, and as a part of the basis of the bargain of the parties that culminated in the making of the contracts, said Defendants expressly warranted to Plaintiffs and/or their predecessors in interest that said units were constructed in conformity with the applicable building codes and the specific codes and regulations of Clark County, the approved plans and specifications, and that said structures were and are sound and safe, and would remain so.

14. The Plaintiffs purchased said homes in reliance on the express warranties, affirmations of fact, and promises made by Defendants. Plaintiffs, and each of them, have duly performed all the conditions and covenants of said contracts on their part to be performed.

15. Certain Plaintiffs and/or homeowners of the subject property, notified Defendants of said breach of contract and breach of warranties, and said Defendants have refused, and continue to refuse, to remedy these defects.

{00049916.DOC}

16. As a direct and proximate result of the breach of the express warranties (written and oral) by Defendants, and each of them, as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

17. Plaintiffs have suffered damages in an amount not fully known, but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition. Plaintiffs will establish the precise amount of such damages at trial, according to proof.

18. Plaintiffs are entitled to all damages set forth at NRS 40.655.

## SECOND CAUSE OF ACTION

### (Breach of Implied Warranties-Third Party Beneficiary

### as against Does 1 through 400)

19. Plaintiffs reallege and incorporate by reference paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Plaintiffs are informed and believe and on that basis allege that Defendants and Doe defendants other than RHODES RANCH LIMITED PARTNERSHIP and RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES entered into contracts with these entities to perform certain services or work with regard to the design, construction and inspection of construction of the residences at the subject property. Plaintiffs and/or their predecessors in interest were third party beneficiaries of each and every such contract.

{00049916.DOC}

AMENDED COMPLAINT FOR DAMAGES

21. Further, said Doe defendants by entering into said contracts with RHODES RANCH LIMITED PARTNERSHIP and RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES and/or Plaintiffs and/or their predecessors in interest, impliedly warranted that said homes would be of good and merchantable quality and would be at least a quality as would be fit for the ordinary purpose for which such homes were to be used and would be habitable. Further, said Doe defendants impliedly warranted the quality of construction of the homes and common areas as provided in NRS 116.4114.

22. The Plaintiffs purchased their homes in reliance on the implied warranties and promises made by Doe defendants, and each of them. Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

23. Certain Plaintiffs and/or Homeowners at the subject property have notified Doe defendants of said breach of implied warranties and said Doe defendants have refused and continue to refuse to remedy these defects.

24. As a direct and proximate result of the breach of the implied warranties by Doe defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship. Numerous additional defective conditions exist as more particularly described in Plaintiffs' expert reports. Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at trial according to proof, and in accordance with NRS 40.655.

{00049916.DOC}

## THIRD CAUSE OF ACTION

### (Negligence and Negligence per se

### As to All Defendants, and Does 1 through 400)

25. Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Plaintiffs allege that Defendants, and each of them, knew or should have known that if the subject structure and subject premises were not properly or adequately designed, engineered, marketed, supervised and/or constructed, that the owners and users would be substantially damaged thereby, and that the subject structures would be defective and not of merchantable quality.

27. Plaintiffs allege that the Defendants, and each of them, named herein were under a duty to exercise ordinary care to avoid reasonably foreseeable injury to users and purchasers of the subject premises and structures, and knew or should have foreseen with reasonable certainty that purchasers and/or users would suffer the monetary damages set forth herein, if said Defendants, and each of them, failed to perform their duty to cause the subject premises and subject structures to be designed, engineered and completed in a proper and workmanlike manner and fashion.

28. Said Defendants, and each of them, breached their duty owed to Plaintiffs, failed and neglected to perform the work, labor and services properly or adequately in that each said Defendants so negligently, carelessly, recklessly and in an unworkmanlike manner designed, constructed and inspected the subject property and performed the aforesaid work, labor and/or services, such that the subject premises and subject structures as described herein were designed, engineered and/or constructed improperly, negligently, carelessly and/or in an unworkmanlike manner, thereby breaching the duty owed to Plaintiffs. Further, Defendant sellers knew or should have known that the premises were constructed in an unworkmanlike manner.

{00049916.DOC}

29. Defendants' negligence alleged above includes the failure to meet the applicable building codes and ordinances which were in effect. Plaintiffs' members and their predecessors in interest were members of the class of persons which the building codes and ordinances were designed to protect. Such violations are negligence per se on the part of Defendants, and each of them.

30. As a direct and proximate result of the foregoing negligence and negligence per se, carelessness and unworkmanlike conduct, actions and/or omissions by said Defendants, and each of them, Plaintiffs have suffered damages in an amount in excess of $10,000.00. Plaintiffs are presently unaware of the precise amount of damages needed in order to correct the defective conditions of the subject property and subject structures, but will establish the same at trial according to proof.

31. Plaintiffs are also entitled to the damages set forth at NRS 40.655.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation and Negligent Failure to Disclose

### as to All Defendants and Does 1 through 400)

32. Plaintiffs reallege and incorporate by referenced paragraphs 1 through 31 of the Complaint, as though fully set forth herein.

33. Plaintiffs allege that, at all relevant times, Defendants, and each of them, owed to Plaintiffs and members of the general public, a duty to disclose all conditions potentially having adverse impact upon the subject properties, their value and their safety as well as stability. Plaintiffs allege that Defendants, and each of them, also owed Plaintiffs and members of the general public a duty to represent with reasonable accuracy the actual conditions, quality and significant factors concerning value, safety and stability of the subject properties. As the builders, developers and sellers of said subject properties, Defendants, and each of them, held a special relationship of trust

{00049916.DOC}

and confidence with potential buyers such that duties of disclosure and accurate representations were incumbent upon Defendants, and each of them.

34. Plaintiffs allege that Defendants, and each of them, at all relevant times, in breach of the duties set forth above, negligently misrepresented and/or failed to disclose to Plaintiffs and members of the general public, facts and information regarding the defective conditions known to Defendants and affecting the subject properties, as described herein above.

35. Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, knew or should have known that members of the public, including the Plaintiffs, would purchase the single family homes and that Defendants who have superior knowledge and expertise as builders, developers and sellers of the subject properties, were required to correct any such defects in the properties and were further required not to sell such defective properties, and were also required to make such defects in the properties known to Plaintiffs as prospective purchasers.

36. Had Plaintiffs known the undisclosed facts, Plaintiffs would have either investigated the condition and integrity of said homes and common areas or would have declined to purchase the residences, nor would Plaintiffs have relied, as they did, upon Defendants, and each of their, representations that the subject homes were generally in good condition and fit for their intended use and that all repair work and/or renovations had been successfully completed.

37. Plaintiffs allege that as a direct and proximate result of the defects set forth herein, Plaintiffs have suffered damages in an amount not fully known, but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition. Plaintiffs will establish the precise amount of such damages at trial, according to proof.

{00049916.DOC}

38.  Plaintiffs are also entitled to the damages set forth at NRS 40.655.

## FIFTH CAUSE OF ACTION

**(Breach of Implied Warranty of Habitability as to All Defendants and Does 1 through 400)**

39.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 38 of the Complaint, as though fully set forth herein.

40.   All Defendants each impliedly warranted that said homes would be of good and merchantable quality, would be habitable, and would be completed in a workmanlike manner. Further, said Defendants impliedly warranted the quality of construction of the homes and common areas as provided in NRS 116.4114.

41.  The Plaintiffs purchased their homes in reliance on the implied warranties and promises made by Defendants, and each of them.   Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

42.  Certain Plaintiffs and/or Homeowners at the subject property have notified Defendants of said breach of implied warranties and said Defendants have refused and continue to refuse to remedy these defects.

43. As a direct and proximate result of the breach of the implied warranties by Defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.  Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at trial according to proof.

{00049916.DOC}

**WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:**

1.  For general and special damages in excess of $10,000.00 including but not limited to, costs of repair, loss of market value, loss of use, loss of financing, loss of investment and out-of-pocket expenses to be determined at time of trial;

2.  For damages in an amount according to proof;

3.  For reasonable attorneys fees and costs according to proof.

4.  For prejudgment and post-judgment interest on all sums awarded, according to proof at the maximum legal rate;

5.  For all damages pursuant to NRS 40.600 through 40.695; in particular 40.650 and 40.655;

6.  For costs of suit incurred;

7.  For such other and further relief as the Court may deem just and proper.

DATED this 7th day of April, 2009

SHINNICK, RYAN & RANSAVAGE P.C.

By____/s/ Duane E. Shinnick_____

Duane E, Shinnick, Esq.
Bar No. 7176
Megan M. Chodzko, Esq.
Bar. No. 8780
Eric Ransavage, Esq.
Bar. No. 8876
2881 Business Park Court, Suite 210
Las Vegas, NV 89128
Attorneys for Plaintiffs

{00049916.DOC}

**CERTIFICATE OF SERVICE**

STATE OF NEVADA     )
                         ) ss.
CLARK COUNTY      )

I, ARIANA GUTIERREZ, declare:

      I am a resident of and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within action. My business address is 2881 Business Park Court, Suite 210, Las Vegas, NV 89128.

      On December 22, 2009, I served the documents described as **MOTION AND NOTICE OF MOTIN FOR MODIFICATION OF AUTOMATIC STAY IN ORDER  TO PROCEED AGAINST DEBTOR AS A NOMINAL DEFENDANT AND AS AGAINST INSURANCE PROCEEDS ONLY** upon parties on the Court's service list for the above referenced case.

| | |
|---|---|
| ___ | VIA U.S. MAIL: by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. |
| _X_ | VIA E-SERVICE through the Federal Bankruptcy Court, District of Nevada, Electronic Case Filing System. |

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed at Las Vegas, Nevada, on December 22, 2009

                              _/s/ Ariana Gutierrez_
                              Ariana Gutierrez

{00059277.DOC}