<div style="writing-mode: vertical">
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com
</div>

1
2
3
4
5
6
7

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-14814-LBR |
| | § | (Jointly Administered) |
| THE RHODES | § | |
| COMPANIES, LLC, | § | |
| aka "Rhodes Homes," *et al.*, | § | Chapter 11 |
| | § | |
| Debtors.[1] | § | Hearing Date: January 21, 2010 |
| | § | Hearing Time:  9:30 a.m. (PST) |
| | § | Courtroom 1 |
| Affects: | § | |
| ☒ All Debtors | § | |
| ☐ Affects the following | § | |
| Debtor(s) | § | |
| | § | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

**PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE FIRST LIEN STEERING COMMITTEE'S SECOND AMENDED MODIFIED PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE FOR THE RHODES COMPANIES, LLC, ET AL.**

## RECITALS[2]

A.      On either March 31, 2009 or April 1, 2009 (collectively, the "Petition Date"), each of the Debtors commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B.      Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are currently authorized to operate their businesses and manage their properties as debtors in possession.  The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only.  No trustee or examiner has been appointed in these Chapter 11 Cases.

C.      On May 26, 2009, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Nevada appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").  The Creditors' Committee currently consists of four members: G.C. Wallace, Inc.; Interstate Plumbing & Air Conditioning; M & M Electric, Inc.; and Southwest Iron Works, LLC.

D.      On November 23, 2009, the First Lien Steering Committee filed (i) the Second Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al*. (the "Plan") and (ii) the accompanying Second Amended Modified Disclosure Statement for the Plan of

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan (as defined herein) or the Disclosure Statement (as defined herein), as applicable.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

1    Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies,

2    LLC, *et al*. (the "Disclosure Statement").

3         E.    On December 1, 2009, the Court entered the Order (A) Approving the

4    Adequacy of the First Lien Steering Committee's Disclosure Statement; (B) Approving

5    Solicitation and Notice Procedures with Respect to Confirmation of the First Lien Steering

6    Committee's Proposed Plan of Reorganization; (C) Approving the Form of Various Ballots

7    and Notices in Connection Therewith; and (D) Scheduling Certain Dates with Respect

8    Thereto (Docket No. 809) (the "Solicitation Procedures Order").  The Solicitation

9    Procedures Order (i) approved the Disclosure Statement as containing adequate information

10   within the meaning of Bankruptcy Code section 1125(a), (ii) fixed December 1, 2009, as the

11   record date for purposes of determining eligibility to vote to accept or reject the Plan,

12   (iii) fixed January 4, 2010, at 4:00 p.m. (Pacific Time) as the deadline for submitting ballots

13   accepting or reject the Plan, (iv) fixed January 4, 2010 at 4:00 p.m. (Pacific Time) as the

14   deadline for filing objections to the Plan, (v) fixed January 11, 2010, as the deadline for

15   filing the Memorandum (as defined below), (vi) fixed January 11, 2010 as the deadline by

16   which Omni Management Group, LLC (the "Claims and Solicitation Agent") must file its

17   report summarizing the results of voting on the Plan (the "Voting Report"), and (vii) fixed

18   January 14, 2010, at 9:00 a.m. as the date and time for the commencement of the hearing of

19   the confirmation hearing (the "Confirmation Hearing") on the Plan.  The Solicitation

20   Procedures Order also approved certain procedures for soliciting votes to accept or reject the

21   Plan (the "Solicitation Procedures").

22        F.    In accordance with the Solicitation Procedures Order, the solicitation

23   materials described in the Solicitation Procedures were transmitted to and served on all

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

1  Holders of Claims that were entitled to vote to accept or reject the Plan, as well as certain

2  other parties in interest in the Debtors' Chapter 11 Cases.

3         G.      Adequate and sufficient notice of the Confirmation Hearing and other

4  requirements and deadlines, hearings and matters described in the Solicitation Procedures

5  Order was provided in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the

6  Solicitation Procedures Order.  As evidenced by the Osborne Declaration (as defined

7  below), the Amended Osborne Declaration (as defined below) and various certificates of

8  service filed by Nova George (*see* Docket Nos. 819, 822, 823, 824, 825 and 826), the

9  Confirmation Hearing Notice was mailed on or about December 4, 2009 to Holders of

10  Claims against and Interests in the Debtors and other parties in interest.

11         H.      On January 11, 2010, the First Lien Steering Committee filed the Declaration

12  of Brian Osborne Certifying the Tabulation of Ballots Regarding Vote on Second Amended

13  Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The

14  Rhodes Companies, LLC, *et al.*, dated and sworn to on January 11, 2010, attesting to and

15  certifying the methods and results of the ballot tabulation for the Classes of Claims entitled

16  to vote to accept or reject the Plan (the "Osborne Declaration").

17         I.      On January 15, 2010, the First Lien Steering Committee filed the Amended

18  Declaration of Brian Osborne Certifying the Tabulation of Ballots Regarding Vote on

19  Second Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the

20  Bankruptcy Code for The Rhodes Companies, LLC, *et al.*, dated and sworn to on January

21  15, 2010, attesting to and certifying the methods and results of the ballot tabulation for the

22  Classes of Claims entitled to vote to accept or reject the Plan (the "Amended Osborne

23  Declaration").  As evidenced by the Osborne Declaration and the Amended Osborne

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

1    Declaration, the ballots were tabulated in compliance with the Bankruptcy Code, the

2    Bankruptcy Rules and the Solicitation Procedures Order.

3         J.       The following pleadings were filed prior to the deadline for filing objections

4    to the Plan: (i) the Conditional Objection to Chapter 11 Plan filed by Caterpillar Financial

5    Services Corporation on January 4, 2010 (Docket No. 895); and (ii) the Limited Response to

6    Second Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the

7    Bankruptcy Code for The Rhodes Companies, LLC, *et al*. filed by Credit Suisse AG,

8    Cayman Islands Branch on January 5, 2010 (Docket No. 899).  No other objections to

9    confirmation of the Plan were filed.  The filed conditional objection and limited response to

10   confirmation of the Plan are collectively referred to herein as the "Objections."

11        K.       On January 11, 2010, the First Lien Steering Committee filed (a) the First

12   Lien Steering Committee's Memorandum of Law (I) in Support of Confirmation of the

13   Second Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the

14   Bankruptcy Code for The Rhodes Companies, LLC, *et al.* and (II) in Response to Objections

15   Thereto (the "Memorandum"), (b) the Declaration of Richard Dix in Support of

16   Confirmation of the Second Amended Modified Plan of Reorganization Pursuant to Chapter

17   11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* dated January 11, 2010

18   (the "Dix Declaration"), (c) the Osborne Declaration, and (d) the Amended Osborne

19   Declaration (collectively, the "Confirmation Papers").

20        L.       The Confirmation Hearing was held before the Court on January 14, 2010.

21        NOW, THEREFORE, the Court having reviewed and considered the Disclosure

22   Statement, the Plan and all documents contained therein, the Voting Report, the Objections,

23   and the Confirmation Papers; the Court having heard statements of counsel in support of and

24   in opposition to confirmation of the Plan at the Confirmation Hearing; the Court having

considered all testimony presented and evidence admitted at the Confirmation Hearing; the Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Cases; it appearing to the Court that (i) notice of the Confirmation Hearing was adequate and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby and (ii) the legal and factual bases set forth in the Confirmation Papers and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon, good cause appearing therefor, and for the reasons stated herein, it is hereby DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157, 1334(a), 1408, and 1409).  The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Venue in the District of Nevada was proper as of the Petition Date and continues to be proper.

2.    Commencement and Joint Administration of the Chapter 11 Cases.  Beginning on the Petition Date, each of the above-captioned Debtors commenced a case under chapter 11 of the Bankruptcy Code.  By prior order of the Court, the Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015.  The Debtors have operated their businesses and managed their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee or examiner has been appointed in the Chapter 11 Cases.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

3.    <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Cases.

4.    <u>Transmittal and Mailing of Materials; Notice; Solicitation</u>.  The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, applicable nonbankruptcy law, and the Solicitation Procedures Order.  Such transmittal and service of the Solicitation Packages were adequate and sufficient.  Adequate and sufficient notice of the Confirmation Hearing was given in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order, and no further notice is or shall be required.  Votes for acceptance and rejection of the Plan were solicited in good faith and such solicitation complied with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, the Solicitation Procedures Order, and all other applicable rules, laws and regulations.

5.    <u>Burden of Proof</u>.  The First Lien Steering Committee, as the proponent of the Plan, has met its burden of proving the elements of Bankruptcy Code sections 1129(a) and (b) by a preponderance of evidence.

6.    <u>Voting</u>.  Votes on the Plan were solicited after the disclosure of  "adequate information" as defined in Bankruptcy Code section 1125.  As evidenced by the Amended Osborne Declaration, votes to accept the Plan have been solicited and tabulated fairly, in good faith and in a manner consistent with the Solicitation Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

7.      Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(1).

(a)      Proper Classification of Claims and Interests (11 U.S.C. §§ 1122 and 1123(a)(1)).  In addition to Administrative Claims and Priority Tax Claims, which need not be classified, Article III.A of the Plan designates nine Classes of Claims and one Class of Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among Holders of Claims or Interests.  The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

(b)      Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Article III.B of the Plan specifies that each of Classes A-3 and B are Unimpaired under the Plan, thereby satisfying Bankruptcy Code section 1123(a)(2).

(c)      Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Article III.B of the Plan designates each of Classes A-1, A-2, C-1, C-2, C-3, C-4, D and E as Impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying Bankruptcy Code section 1123(a)(3).

(d)      Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4)).  Article III.B of the Plan provides for the same treatment for each Claim or Interest in a particular Class, thereby satisfying Bankruptcy Code section 1123(a)(4).

(e)      Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan provides adequate and proper means for implementation of the Plan, including, but not limited to, among other things: (i) the substantive consolidation of the Estates into a single Estate for all

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

1    purposes associated with Confirmation and distributions to be made under the Plan (*See* Plan

2    Art. IV.A); (ii) the issuance of Newco Equity Interests (based upon the Newco Total

3    Enterprise Value) to the Holders of First Lien Lender Secured Claims (*See* Plan Art.

4    IV.B.1); (iii) the issuance of $50 million in New First Lien Notes to the Holders of First

5    Lien Lender Secured Claims (*See* Plan Art. IV.B.2); (iv) the cancellation of Old Equity

6    Interests and certain other existing securities (*See* Plan Art. IV.E); (v) any restructuring

7    transaction deemed necessary or appropriate to effectuate the Plan (*See* Plan Art. IV.G); (vi)

8    the selection of the initial board of directors and officers of the Reorganized Debtors (*See*

9    Plan Art. IV.M); (vii) the establishment of a Litigation Trust for the benefit of Holders of

10    Allowed Claims in Classes C-1, C-2 and C-3 (*See* Plan Art. IV.O); (viii) the transfer of the

11    Rhodes Ranch Golf Course to the Reorganized Debtors pursuant to the terms of a stock and

12    asset transfer agreement (*See* Plan Art. IV.S); (ix) the payment of $3.5 million in Cash to the

13    Reorganized Debtors by the Rhodes Entities on the Effective Date (*See* Plan Art. IV.T); and

14    (x) the transfer of the Arizona Assets set forth on Attachment D to the Mediation Term

15    Sheet to the Rhodes Entities (*See* Plan Art. IV.U).  In addition, the Plan provides that the

16    Holders of First Lien Lender Secured Claims will receive $1.5 million in Cash from the

17    proceeds of the First Lien Lenders' Collateral for the purpose of purchasing the General

18    Unsecured Claims set forth on Exhibit H to the Disclosure Statement.  *See* Plan Art. VII.F-

19    G.  Therefore, the Plan satisfies Bankruptcy Code section 1123(a)(5).

20         (f)    Charter Provisions (11 U.S.C. § 1123(a)(6)).  Article IV.J of the Plan

21    provides that the organizational documents for Newco, among other things, shall (i)

22    authorize the issuance of the Newco Equity Interests, and (ii) pursuant to and only to the

23    extent required by Bankruptcy Code section 1123(a)(6), include a provision prohibiting the

24    issuance of non-voting Equity Securities, thereby satisfying Bankruptcy Code section

9

1123(a)(6).

(g)    Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).  Article IV.M of the Plan provides that (i) the board of directors of the Reorganized Debtors or similar governing entities will be composed of one or more members appointed by the First Lien Steering Committee, (ii) on or after the Effective Date, a chief executive officer or similar person in control shall be appointed, and (iii) the identity of such officers and directors shall be disclosed at or prior to the Confirmation Hearing.  The provisions of the Plan for the selection of directors and officers are consistent with the interests of creditors and with public policy as to the manner and selection of any officer or director and any successor thereto, thereby satisfying Bankruptcy Code section 1123(a)(7).  Pursuant to Bankruptcy Code section 1129(a)(5), the First Lien Steering Committee has disclosed, on or prior to the Confirmation Date, the identity and affiliations of any Person proposed to serve on the initial boards of directors of the Reorganized Debtors and, to the extent such Person is an insider, the nature of any compensation to be paid to such Person.

(h)    Future Income (11 U.S.C. § 1123(a)(8)).  Each of the Debtors is a business entity, and not an individual.  Accordingly, Bankruptcy Code section 1123(a)(8) is not implicated by the Plan.

8.    Plan Compliance with Bankruptcy Code Section 1123(b).  The Plan contains other permissive provisions that are consistent with the applicable provisions of the Bankruptcy Code and, thus, the Plan satisfies the requirements of Bankruptcy Code section 1123(b).

9.    Bankruptcy Rule 3016.  The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Statement with the Clerk of the Court satisfies Bankruptcy Rule 3016(b).

10.    <u>Bankruptcy Rule 3017</u>.  The First Lien Steering Committee has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d), the Solicitation Procedures Order or as otherwise required.  The transmittal and service of the Solicitation Packages were (i) in compliance with the Solicitation Procedures Order, the Bankruptcy Code and the Bankruptcy Rules and (ii) adequate and sufficient under the Bankruptcy Rules and the circumstances surrounding the Chapter 11 Cases.

11.    <u>Bankruptcy Rule 3018</u>.  The solicitation of votes to accept or reject the Plan solely from Holders of Allowed Claims in Classes entitled to vote to accept or reject the Plan, as of the Record Date, satisfies Bankruptcy Rule 3018.  Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order.

12.    <u>First Lien Steering Committee's Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  The First Lien Steering Committee has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2).  Specifically:

(a)    the Debtors are proper debtors under Bankruptcy Code section 109 and the First Lien Steering Committee is a proper proponent of the Plan under Bankruptcy Code section 1121(a);

(b)    the First Lien Steering Committee has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

(c)    the First Lien Steering Committee has complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126(b), the Bankruptcy Rules, and the Solicitation Procedures Order in transmitting the Solicitation Package and in soliciting and tabulating votes on the Plan.

13.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The First Lien

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Steering Committee has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying the requirements of Bankruptcy Code section 1129(a)(3).  The First Lien Steering Committee's good faith is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement and the hearing thereon, and the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Cases.  The Plan is the product of extensive negotiations and embodies the terms of the Mediation Settlement.  The Plan itself and the process leading to its formulation provide independent evidence of the First Lien Steering Committee's good faith, and that the Plan serves the public interest and assures fair treatment of Holders of Claims and Interests.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' estates and to effectuate a successful reorganization of the Debtors.

14.      Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  Any payment made or to be made by the Debtors for services or for costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

15.      Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).  The First Lien Steering Committee has complied with Bankruptcy Code section 1129(a)(5).  On January 11, 2010, the First Lien Steering Committee filed the Notice of Disclosure of Directors and Officers Pursuant to 11 U.S.C. § 1129(a)(5) for Second Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (the "Notice of Disclosure") (Docket No. 911) disclosing that as of the Effective Date, Dunhill Homes will provide management services to the Reorganized Debtors and disclosing the terms of compensation to be paid for such management services.  The Notice

of Disclosure also discloses (i) the identity of the members of the initial board of directors of the Reorganized Debtors, (ii) the identity of the Litigation Trustee, and (iii) the compensation to be provided to each of the foregoing.

16.    No Rate Changes (11 U.S.C. § 1129(a)(6)).  The Plan does not provide for a change in any rates subject to regulatory approval.  Thus, Bankruptcy Code section 1129(a)(6) is not applicable in the Chapter 11 Cases.

17.    Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)).  The Plan satisfies Bankruptcy Code section 1129(a)(7).  The Liquidation Analysis attached to the Disclosure Statement as Exhibit E and other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been successfully challenged or controverted by other evidence, (iii) establish that each Holder of a Claim or Interest in an Impaired Class either (x) has accepted the Plan or (y) will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would have received if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

18.    Acceptance or Rejection by Certain Classes (11 U.S.C. § 1129(a)(8)).  Classes A-3 and B are each Classes of Unimpaired Claims that are conclusively presumed to have accepted the Plan under Bankruptcy Code section 1126(f).  Classes A-1, A-2, C-1, C-2 and C-3 have each voted to accept the Plan in accordance with Bankruptcy Code section 1126(c).  Classes C-4, D and E are not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to Bankruptcy Code section 1126(g).  Although Bankruptcy Code section 1129(a)(8) has not been satisfied with respect to Classes C-4, D and E (collectively, the "Rejecting Classes"), the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

respect to the Rejecting Classes and therefore satisfies Bankruptcy Code section 1129(b) with respect to the Rejecting Classes.

19.    <u>Treatment of Administrative Claims and Priority Tax Claims (11 U.S.C. 1129(a)(9))</u>.  The treatment of Administrative Claims pursuant to Article II.A of the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (B).  The treatment of Priority Tax Claims pursuant to Article II.B of the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9)(C).

20.    <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>.  As set forth in the Amended Osborne Declaration, each of Classes A-1, A-2, C-1, C-2 and C-3 are Impaired Classes that have voted to accept the Plan, without including any acceptance of the Plan by any insider.  As such, there is at least one Class of Claims against the Debtors that is Impaired under the Plan and has accepted the Plan, determined without including any acceptance by any insider, thus satisfying the requirements of Bankruptcy Code section 1129(a)(10).

21.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The evidence submitted regarding feasibility, including the Going Concern Analysis attached to the Disclosure Statement as Exhibit D, (i) is persuasive and credible, (ii) has not been controverted by other evidence and (iii) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtors, thus satisfying the requirements of Bankruptcy Code section 1129(a)(11).

22.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  All fees payable under 28 U.S.C. § 1930 either have been paid or will be paid pursuant to Article II.A of the Plan.  Accordingly, the Plan satisfies Bankruptcy Code section 1129(a)(12).

23.    <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  The Debtors

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

have no retiree benefit obligations and, thus, Bankruptcy Code section 1129(a)(13) is inapplicable.

24.    <u>Postpetition Domestic Support Obligations and Disposable Income (11 U.S.C. § 1129(a)(14) and (15))</u>.  Bankruptcy Code sections 1129(a)(14) and (15) impose certain requirements on individual chapter 11 debtors.  Each of the Debtors is a business entity, and not an individual.  Accordingly, Bankruptcy Code sections 1129(a)(14) and (15) are not implicated by the Plan.

25.    <u>Transfers of Property by Nonprofit Entities (11 U.S.C. § 1129(a)(16))</u>.  Bankruptcy Code section 1129(a)(16) imposes certain requirements on corporations or trusts that are not a moneyed, business or commercial corporation or trust.  Each of the Debtors is a moneyed, business or commercial corporation, partnership or limited liability company.  Accordingly, Bankruptcy Code section 1129(a)(16) is not implicated by the Plan.

26.    <u>Confirmation of Plan Over Nonacceptance of Impaired Classes (11 U.S.C. § 1129(b))</u>.  Notwithstanding the fact that the Rejecting Classes have not accepted the Plan, the Plan may be confirmed pursuant to Bankruptcy Code section 1129(b)(1) because (i) at least one Impaired Class has voted to accept the Plan, and (ii) the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Classes.  Thus, the Plan may be confirmed notwithstanding the First Lien Steering Committee's failure to satisfy Bankruptcy Code section 1129(a)(8).  After entry of the Confirmation Order and upon the occurrence of the Effective Date, the Plan shall be binding upon the members of the Rejecting Classes.

27.    The Plan does not unfairly discriminate because (i) Classes C-4 and D are comprised of Claims and Interests that are dissimilar in their legal nature from, and subordinate to, the Secured and Unsecured Claims receiving distributions under the Plan,

and (ii) there is a reasonable basis for the disparate treatment of the Claims in Class E.

28.     In addition, the Plan is "fair and equitable" under Bankruptcy Code section 1129(b)(2) because the Holders of (i) Interests in Class D and (ii) Claims in Classes C-4 and E are not entitled to any recovery under the Plan and no Classes junior to Classes C-4, D and E will receive any distributions or retain any property under the Plan.  Thus, the Plan is fair and equitable and satisfies the requirements of Bankruptcy Code section 1129.

29.     <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan is the only plan of reorganization filed in the Chapter 11 Cases.  Accordingly, Bankruptcy Code section 1129(c) is inapplicable.

30.     <u>Principal Purpose of Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of section 5 of the Securities Act, and no governmental unit has objected to the confirmation of the Plan on such grounds.  The Plan, therefore, satisfies the requirements of Bankruptcy Code section 1129(d).

31.     <u>Good Faith Solicitation (11 U.S.C. § 1129(e))</u>.  Based on the record before the Court in the Chapter 11 Cases, the First Lien Steering Committee is deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 1125(a) and (e), and any applicable nonbankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation.

32.     <u>Satisfaction of Confirmation Requirements</u>.  For all of the foregoing reasons, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

33.     <u>Good Faith</u>.  The First Lien Steering Committee, the Debtors, the Creditors'

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

Committee, the Rhodes Entities, the Second Lien Agent and all other parties (and all of their respective members, officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates and representatives) will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions and transfers contemplated thereby and (ii) take the actions authorized and directed by this Confirmation Order.

34.    Substantive Consolidation.  A preponderance of the evidence presented to the Court demonstrates that (i) no Creditor will be harmed by the proposed substantive consolidation of the Debtors' Estates into a single consolidated Estate for purposes of confirmation and distributions to be made under the Plan and (ii) the proposed substantive consolidation of the Debtors' Estates is appropriate in light of the fact that the Debtors: (a) operate as a single business enterprise under a single name; (b) operate on a centralized basis with a centralized cash management system; (c) share common parent companies; (d) rely on a single corporate office for operational and other support services; (e) regularly conduct business with each other such that the flow of funds and transactions would be difficult to entangle; and (f) are all obligated on the First Lien Lender Claims and the Second Lien Lender Claims.  In addition, substantial Intercompany Claims existed between the various Debtors as of the Petition Date, and numerous Proofs of Claim were filed against the incorrect Debtor entity.  The substantive consolidation of the Debtors' Estates into a single Estate for purposes of confirmation and distributions under the Plan will also provide significant advantages that benefit all of the Debtors' creditors.

35.    Mediation Settlement.  As described in Article I.A of the Disclosure Statement, the Plan embodies the terms of the Mediation Settlement.  In order to determine whether a compromise may be approved under Bankruptcy Rule 9019, the Bankruptcy

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Court must consider four factors: (i) the probability of success of the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views. *See, e.g., Martin v. Kane (In re A&C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986). A compromise may be approved even if all four of the factors do not favor the compromise so long as the factors weigh in favor of the compromise when taken as a whole. *See In re Pac. Gas and Elec. Co.*, 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004). In addition, a compromise does not have to be the best compromise that could have possibly been obtained but, instead, must only fall within a reasonable range of possible outcomes. *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002).

36.     Based on the foregoing standard, the Court hereby finds that the Mediation Settlement is fair, equitable and reasonable because, among other things, the Mediation Settlement allows for the resolution of (i) potential preference actions relating to transfers in excess of $9 million to certain of the Rhodes Entities within the one year period prior to the Petition Date that would have been heavily contested by the Rhodes Entities and (ii) potential fraudulent conveyance actions held by the Debtors' Estates against the Rhodes Entities that likewise would have been heavily contested by the Rhodes Entities. In addition, the creditors of the Estates will derive a material benefit from the approval of the Mediation Settlement because, among other things, the Mediation Settlement (i) contemplates a $3.5 million cash payment from the Rhodes Entities to the Reorganized Debtors, which payment will be used to fund working capital needs and distributions contemplated by the Plan, (ii) provides for the transfer of the Arizona Assets, which were non-core assets to the Reorganized Debtors that likely would have required significant

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

additional funding for development, to the Rhodes Entities, (iii) provides for the transfer of the Rhodes Ranch Golf Course, the maintenance and continued operation of which is paramount to maximizing the value of the Reorganized Debtors' assets, to the Reorganized Debtors, (iv) avoids the significant expense and time delay associated with litigating the Claims released under the Plan, which would have yielded uncertain results, and (v) enables the Debtors to emerge from bankruptcy expeditiously and consensually, without any unnecessary eradication of value through a prolonged stay in chapter 11.  In addition, all Claims and Causes of Action against the Rhodes Entities that are not covered by the limited release provided for in the Mediation Settlement will be transferred to the Litigation Trust for the benefit of all creditors, to be prosecuted and/or settled post-emergence, as deemed appropriate by the Litigation Trust, and the Mediation Settlement will ensure a smooth transition to new ownership under the Plan.

37.    Assumption of Executory Contracts and Unexpired Leases.  The Plan satisfies all requirements for the assumption of executory contracts and unexpired leases contained in the Bankruptcy Code, including, without limitation, the requirement to cure all outstanding defaults, if any, and to provide adequate assurance of performance under such contracts and leases.

38.    Releases, Exculpations and Injunctions.  Pursuant to Bankruptcy Code section 1123(b) and Bankruptcy Rule 9019, the settlements, compromises, releases, discharges, exculpations and injunctions set forth in Article VIII of the Plan are fair, equitable, reasonable, in good faith, and are in the best interests of the Debtors, the Reorganized Debtors, the Estates and the Holders of Claims and Interests.  In addition, the releases, injunctions and exculpations set forth in Article VIII of the Plan are integral components of the Mediation Settlement that is embodied in the Plan.  The record of the

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Confirmation Hearing and the Chapter 11 Cases is sufficient to support the releases, exculpations and injunctions provided for in Article VIII of the Plan.

39.    Conditions to Confirmation.  Entry of this Confirmation Order shall satisfy the conditions to Confirmation set forth in Article X.A of the Plan.

### DECREES

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

40.    Confirmation.  For the reasons set forth herein, all requirements for confirmation of the Plan have been satisfied.  Accordingly, the Plan is confirmed under Bankruptcy Code section 1129.

41.    Objections.  All Objections that have not been withdrawn, waived or settled, and all reservations of rights pertaining to the confirmation of the Plan, are overruled on the merits.

42.    Plan Documents.  The documents attached as exhibits to the Disclosure Statement (collectively, the "Plan Documents"), and any amendments, modifications, and supplements thereto, and all documents and agreements introduced into evidence by the First Lien Steering Committee at the Confirmation Hearing (including all exhibits and attachments thereto and documents referred to therein), and the execution, delivery and performance thereof by the Reorganized Debtors, are authorized and approved.  Without further order or authorization of the Court, the First Lien Steering Committee or the Reorganized Debtors, as applicable, and their respective successors are authorized and empowered to make all modifications to all documents included as part of the Plan Documents that are consistent with the Plan.  Execution versions of the documents comprising the Plan Documents shall constitute legal, valid, binding, and authorized

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all liens and other security interests purported to be created thereby.

43.     Plan Classification Controlling.  The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classification and amounts of Claims, if any, set forth on the ballots returned by the Debtors' creditors in connection with voting on the Plan (i) were set forth on the ballots solely for purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual amount or classification of such Claims under the Plan for distribution purposes and (iii) shall not be binding on the First Lien Steering Committee, the Debtors or the Reorganized Debtors except with respect to voting on the Plan.

44.     Mediation Settlement.  As described in Article I.A of the Disclosure Statement, the Plan embodies the terms of the Mediation Settlement.  The entry of the Confirmation Order shall constitute the Court's approval, pursuant to Bankruptcy Rule 9019, of the compromise and settlement of the matters subject to the Mediation Settlement.

45.     The Court's approval of the Mediation Settlement is appropriate in light of the fact that the Court has found that the Mediation Settlement is fair, equitable and reasonable because, among other things, the Mediation Settlement allows for the resolution of (i) potential preference actions relating to transfers in excess of $9 million to certain of the Rhodes Entities within the one year period prior to the Petition Date that would have been heavily contested by the Rhodes Entities and (ii) potential fraudulent conveyance actions held by the Debtors' Estates against the Rhodes Entities that likewise would have been heavily contested by the Rhodes Entities.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

46.      In addition, the Court has found that creditors of the Estates will derive a

material benefit from the approval of the Mediation Settlement because, among other things,

the Mediation Settlement (i) contemplates a $3.5 million cash payment from the Rhodes

Entities to the Reorganized Debtors, which payment will be used to fund working capital

needs and distributions contemplated by the Plan, (ii) provides for the transfer of the

Arizona Assets, which were non-core assets to the Reorganized Debtors that likely would

have required significant additional funding for development, to the Rhodes Entities, (iii)

provides for the transfer of the Rhodes Ranch Golf Course, the maintenance and continued

operation of which is paramount to maximizing the value of the Reorganized Debtors'

assets, to the Reorganized Debtors, (iv) avoids the significant expense and time delay

associated with litigating the Claims released under the Plan, which would have yielded

uncertain results, and (v) enables the Debtors to emerge from bankruptcy expeditiously and

consensually, without any unnecessary eradication of value through a prolonged stay in

chapter 11.  Moreover, the Court has found that all Claims and Causes of Action against the

Rhodes Entities that are not covered by the limited release provided for in the Mediation

Settlement will be transferred to the Litigation Trust for the benefit of all creditors, to be

prosecuted and/or settled post-emergence (as deemed appropriate by the Litigation Trust),

and that the Mediation Settlement will ensure a smooth transition to new ownership under

the Plan.

47.      Substantive Consolidation.  The substantive consolidation of the Debtors'

Estates into a single consolidated Estate for purposes of confirmation and distributions under

the Plan is approved.

48.      Continued Corporate Existence.  Except as otherwise provided in the Plan,

each Debtor shall continue to exist after the Effective Date as a separate corporate entity,

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

limited liability company, partnership, or other form, as the case may be, with all the powers

of a corporation, limited liability company, partnership, or other form, as the case may be,

pursuant to the applicable law in the jurisdiction in which each applicable Debtor is

incorporated or formed and pursuant to the respective certificate of incorporation and

bylaws (or other formation documents) in effect prior to the Effective Date, except to the

extent such certificate of incorporation and bylaws (or other formation documents) are

amended by the Plan or otherwise, and to the extent such documents are amended, such

documents are deemed to be pursuant to the Plan and require no further action or approval.

49.    Vesting of Assets in the Reorganized Debtors.  Except for any Claims or

Causes of Action transferred to the Litigation Trust and unless otherwise provided in the

Plan or any agreement, instrument, or other document incorporated therein, on the Effective

Date, all property in each Estate, all Causes of Action, and any property acquired by any of

the Debtors pursuant to the Plan shall vest in each respective Reorganized Debtor, free and

clear of all Liens, Claims, charges, or other encumbrances.  On and after the Effective Date,

except as otherwise provided in the Plan, each Reorganized Debtor may operate its business

and may use, acquire, or dispose of property and compromise or settle any Claims, Interests,

or Causes of Action without supervision or approval by the Court and free of any restrictions

of the Bankruptcy Code or Bankruptcy Rules.

50.    Cancellation of Equity Securities and Related Obligations.  On the Effective

Date, except as otherwise specifically provided for in the Plan: (1) the Old Equity Interests

and any other Certificate, note, bond, indenture, purchase right, option, warrant, or other

instrument or document directly or indirectly evidencing or creating any indebtedness or

obligation of or ownership interest in the Debtors giving rise to any Claim or Interest (except

such Certificates, notes, other instruments or documents evidencing indebtedness or

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

1    obligations of the Debtors that are reinstated pursuant to the Plan), shall be cancelled solely

2    as to the Debtors, and the Reorganized Debtors shall not have any continuing obligations

3    thereunder and (2) the obligations of the Debtors pursuant, relating, or pertaining to any

4    agreements, indentures, certificates of designation, bylaws, or certificate or articles of

5    incorporation or similar documents governing the Old Equity Interests and any other

6    Certificates, notes, bonds, indentures, purchase rights, options, warrants, or other

7    instruments or documents evidencing or creating any indebtedness or obligation of the

8    Debtors (except such agreements or certificates, notes or other instruments evidencing

9    indebtedness or obligations of the Debtors that are specifically Reinstated pursuant to the

10   Plan) shall be released and discharged; provided, however, that notwithstanding

11   Confirmation, any such indenture or agreement that governs the rights of the Holder of a

12   Claim shall continue in effect solely for purposes of: (w) allowing Holders to receive

13   distributions under the Plan; (x) allowing a Servicer to make distributions on account of

14   such Claims as provided in the applicable governing agreement; (y) permitting such Servicer

15   to maintain any rights and Liens it may have against property other than the Reorganized

16   Debtors' property for fees, costs, and expenses pursuant to such indenture or other

17   agreement; and (z) governing the rights and obligations of non-Debtor parties to such

18   agreements vis-à-vis each other (including, without limitation, the rights and obligations of

19   non-Debtor parties under the First Lien Credit Agreement and the Second Lien Credit

20   Agreement, which, for the avoidance of doubt, shall not be affected by the Plan except as

21   otherwise expressly provided in the Plan); provided, further, however, that the preceding

22   proviso shall not affect the discharge of Claims or Interests pursuant to the Bankruptcy

23   Code, the Confirmation Order, or the Plan, or result in any expense or liability to the

24   Reorganized Debtors.  The Reorganized Debtors shall not have any obligations to any

Servicer for any fees, costs, or expenses, except as expressly otherwise provided in the Plan.

51.    <u>Section 1145 Exemption</u>.  Pursuant to Bankruptcy Code section 1145, the offering, issuance, and distribution of any Securities contemplated by the Plan and any and all settlement agreements incorporated therein, including the Newco Equity Interests, shall, to the fullest extent permitted by applicable law, be exempt from, among other things, the registration requirements of section 5 of the Securities Act and any other applicable law requiring registration prior to the offering, issuance, distribution, or sale of Securities.  In addition, under Bankruptcy Code section 1145 any Securities contemplated by the Plan, including the Newco Equity Interests and New First Lien Notes, will be freely tradable and transferable by the recipients thereof, subject to (i) the provisions of Bankruptcy Code section 1145(b)(1) relating to the definition of an underwriter in section 2(a)(11) of the Securities Act, and compliance with any rules and regulations of the Securities and Exchange Commission, if any, applicable at the time of any future transfer of such Securities or instruments; (ii) the restrictions, if any, on the transferability of such Securities and instruments set forth in the Newco LLC Operating Agreement, a draft of which is attached to the Disclosure Statement as Exhibit J; and (iii) applicable regulatory approval.

52.    <u>Exemption from Certain Transfer Taxes and Recording Fees</u>.  Pursuant to Bankruptcy Code section 1146(a), any transfer from a Debtor to a Reorganized Debtor or to any Entity pursuant to, in contemplation of, or in connection with the Plan or pursuant to: (1) the issuance, distribution, transfer, or exchange of any debt, equity security, or other interest in the Debtors or the Reorganized Debtors; (2) the creation, modification, consolidation, or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (3) the making, assignment, or

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

recording of any lease or sublease; or (4) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee or other similar tax or governmental assessment, and the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

53.    <u>Restructuring Transactions</u>.  On the Effective Date or as soon as reasonably practicable thereafter, the Reorganized Debtors may take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan, including: (1) the execution and delivery of appropriate agreements or other documents of merger, consolidation, or reorganization containing terms that are consistent with the terms of the Plan and that satisfy the requirements of applicable law; (2) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any property, right, liability, duty, or obligation on terms consistent with the terms of the Plan; (3) the filing of appropriate certificates of incorporation, merger, or consolidation with the appropriate governmental authorities pursuant to applicable law; (4) the Roll-Up Transactions; (5) the establishment of a liquidation trust or other appropriate vehicle to hold assets for sale that will not be utilized in the business of the Reorganized Debtors; and (6) all other actions that the Reorganized

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Debtors determine are necessary or appropriate, including the making of filings or recordings in connection with the relevant Roll-Up Transactions.  The form of each Roll-Up Transaction shall be determined by the Reorganized Debtor that is party to such Roll-Up Transaction.  Implementation of the Roll-Up Transactions shall not affect any distributions, discharges, exculpations, releases, or injunctions set forth in the Plan.

54.    Effectuating Documents, Further Transactions.  On and after the Effective Date, the Reorganized Debtors, and the officers and members of the boards of directors (or other governing bodies) thereof, are authorized to and may issue, execute, deliver, file, or record such contracts, Securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan and the Securities issued pursuant to the Plan in the name of and on behalf of the Reorganized Debtors, without the need for any approvals, authorizations, or consents except for those expressly required pursuant to the Plan.

55.    Preservation of Causes of Action.  In accordance with Bankruptcy Code section 1123(b), except as otherwise provided in the Plan, the Reorganized Debtors and the Litigation Trust shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated on Exhibit L to the Disclosure Statement, and the Reorganized Debtors' rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date.  The Reorganized Debtors and the Litigation Trust, as applicable, may pursue such Causes of Action, as appropriate, in accordance with the best interests of the Reorganized Debtors and the Litigation Trust, as applicable.  No Entity may rely on the absence of a specific reference in

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

the Plan or the Disclosure Statement to any Cause of Action against them as any indication that the Debtors, Reorganized Debtors or the Litigation Trust, as applicable, will not pursue any and all available Causes of Action against them.  The Reorganized Debtors and the Litigation Trust, as applicable, shall be deemed to have expressly reserved all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan.  Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an order of the Court, the Reorganized Debtors and the Litigation Trust, as applicable, shall be deemed to expressly reserve all Causes of Action for later adjudication and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of Confirmation or the occurrence of the Effective Date.

56.     The Reorganized Debtors and the Litigation Trust, as applicable, shall be deemed to reserve and shall retain the foregoing Causes of Action notwithstanding the rejection or repudiation of any executory contract or unexpired lease during the Chapter 11 Cases or pursuant to the Plan.  In accordance with Bankruptcy Code section 1123(b)(3), any Causes of Action that a Debtor may hold against any Entity shall vest in the Reorganized Debtors and the Litigation Trust, as the case may be, on the Effective Date.  The applicable Reorganized Debtor and the Litigation Trust, as applicable, through its authorized agents or representatives, shall retain and may exclusively enforce any and all such Causes of Action belonging to it.  The Reorganized Debtors and the Litigation Trust, as applicable, shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Causes of Action and to decline to do any of the foregoing without the consent or approval of any third party or further notice to or action, order, or approval of the Court.  Neither the Litigation Trust nor the Reorganized Debtors shall commence any litigation against the Rhodes Entities until the Court rules on the allowance of the Rhodes Entities Claims set forth in Proofs of Claim, included in the Debtors' Schedules or otherwise set forth in the Mediation Term Sheet.  To the extent any statute of limitations to pursue any claims belonging to the Debtors against the Rhodes Entities would lapse from the execution date of the Mediation Term Sheet through the Court's resolution of the allowance of the Rhodes Entities Claims, the Rhodes Entities shall be deemed to have consented to an extension of the applicable statute of limitations until sixty days following the Court's ruling on the allowance of the Rhodes Entities Claims.  The Litigation Trust shall have no liability to any entity for any Claims or Causes of Action it determines not to pursue.

57.    <u>Assumption and Rejection of Executory Contracts and Unexpired Leases</u>. Except as otherwise provided in the Plan, the Debtors' executory contracts or unexpired leases not assumed or rejected pursuant to an order of the Court prior to the Effective Date shall be deemed rejected pursuant to Bankruptcy Code sections 365 and 1123, except for those executory contracts or unexpired leases: (1) listed on the schedule of Assumed Executory Contracts and Unexpired Leases attached to the Disclosure Statement as Exhibit N; (2) that are Intercompany Contracts, in which case such Intercompany Contracts are deemed automatically assumed by the applicable Debtor as of the Effective Date, unless such Intercompany Contract previously was rejected by the Debtors pursuant to an order of the Court or is the subject of a motion to reject pending on the Effective Date; (3) that are the subject of a motion to assume or reject pending on the Effective Date (in which case such assumption or rejection and the effective date thereof shall remain subject to an order

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

of the Court); (4) that are subject to a motion to reject with a requested effective date of rejection after the Effective Date; or (5) that are otherwise expressly assumed or rejected pursuant to the Plan.  Entry of the Confirmation Order shall constitute an order of the Court approving the assumptions or rejections of such executory contracts or unexpired leases as set forth in the Plan, all pursuant to Bankruptcy Code sections 365(a) and 1123.  Unless otherwise indicated, all assumptions or rejections of such executory contracts and unexpired leases in the Plan are effective as of the Effective Date.  Each such executory contract and unexpired lease assumed pursuant to the Plan or by Court order but not assigned to a third party prior to the Effective Date shall revest in and be fully enforceable by the applicable contracting Reorganized Debtor in accordance with its terms, except as such terms may have been modified by such order.  Notwithstanding anything to the contrary in the Plan, the First Lien Steering Committee and the Reorganized Debtors, as applicable, reserve the right to alter, amend, modify, or supplement the schedules of executory contracts or unexpired leases identified in Exhibit N to the Disclosure Statement at any time through and including fifteen days after the Effective Date.  All executory contracts and unexpired leases associated solely with the Arizona Assets shall be assumed and assigned to the Rhodes Entities (or their designee) to the extent set forth on the schedule of Assumed Executory Contracts and Unexpired Leases attached to the Disclosure Statement as Exhibit N, at no cost to the Debtors or the Reorganized Debtors and all Cure costs associated with such scheduled Arizona contracts or leases shall be borne by the Rhodes Entities.

58.    <u>Claims Based on Rejection or Repudiation of Executory Contracts and Unexpired Leases</u>.  Unless otherwise provided by an order of the Court, any Proofs of Claim asserting Claims arising from the rejection or repudiation of the Debtors' executory contracts and unexpired leases pursuant to the Plan or otherwise must be filed with the

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Claims and Solicitation Agent no later than the Rejection Damages Claim Deadline.  Any

Proofs of Claim arising from the rejection or repudiation of the Debtors' executory contracts

or unexpired leases that are not timely filed by the Rejection Damages Claim Deadline shall

be disallowed automatically, forever barred from assertion, and shall not be enforceable

against any Reorganized Debtor without the need for any objection by the Reorganized

Debtors or further notice to or action, order, or approval of the Court, and any Claim arising

out of the rejection or repudiation of the executory contract or unexpired lease shall be

deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules

or a Proof of Claim to the contrary.  All Allowed Claims arising from the rejection or

repudiation of the Debtors' executory contracts and unexpired leases shall be classified as

General Unsecured Claims.

59.    Home Sales.  All pending home sale contracts shall be assumed by the

applicable Reorganized Debtor.

60.    Warranties.  All eligible prepetition home sale contracts with one-year

warranty obligations shall be performed in the ordinary course of business of the

Reorganized Debtors.  Upon the Effective Date, any remaining warranty obligations that are

to be assumed by the Reorganized Debtors, which shall only be assumed with the consent of

the First Lien Steering Committee, shall be transferred to the Reorganized Debtors.

Warranty obligations that are not expressly assumed shall be rejected and treated as General

Unsecured Claims.

61.    Procedures for Resolving Disputed Claims.  The provisions contained in

Article VI of the Plan are found to be reasonable and are hereby approved.

62.    Provisions Governing Distributions.  The provisions contained in Article VII

of the Plan, including, without limitation, (i) the provisions governing the payment of $1.5

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

million to the First Lien Lenders and (ii) the provisions regarding the purchase of certain General Unsecured Claims, are found to be reasonable and are hereby approved.

63.    <u>Discharge of Claims and Termination of Interests</u>.  Pursuant to Bankruptcy Code section 1141(d), and except as otherwise specifically provided in the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors prior to the Effective Date and that arise from a termination of any employee, regardless of whether such termination occurred prior to or after the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in Bankruptcy Code sections 502(g), 502(h), or 502(i), in each case whether or not: (1) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to Bankruptcy Code section 501; (2) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to Bankruptcy Code section 502; or (3) the Holder of such a Claim has accepted the Plan.  Any default by the Debtors with respect to any Claim or Interest that existed immediately prior to or on account of the filing of the Chapter 11 Cases shall be deemed Cured on the Effective Date.  The Confirmation Order shall be a judicial determination of the discharge of all

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Claims and Interests subject to the Effective Date occurring.

64.    <u>Releases by the Debtors of the Released Parties</u>.  Pursuant to Bankruptcy Code section 1123(b) and except as otherwise specifically provided in the Plan, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, and as part of the global settlement described in Article I.B of the Disclosure Statement, on and after the Effective Date, the Released Parties are deemed released by the Debtors, the Reorganized Debtors, and the Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims asserted on behalf of the Debtors, taking place on or before the Effective Date, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, the Reorganized Debtors or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any of the Released Parties, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

65. <u>Releases by the Debtors of the Rhodes Entities</u>. The Rhodes Entities shall be deemed released from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever arising under chapter 5 of the Bankruptcy Code with respect to transfers made by the Debtors to the Rhodes Entities during the 2 years prior to the Petition Date; <u>provided</u>, <u>however</u>, that such release shall only apply to transfers expressly set forth in the Schedules as filed with the Court as of August 1, 2009 or as disclosed in Attachment B to the Mediation Term Sheet.

66. <u>Releases by First Lien Lenders of First Lien Lenders</u>. Pursuant to Bankruptcy Rule 9019, and except as otherwise specifically provided in the Plan, to the extent a First Lien Lender elected on its ballot to release the First Lien Lenders in accordance with Article VIII.F of the Plan, for good and valuable consideration, on and after the Effective Date, each of the First Lien Lenders that elected to grant a release, shall be deemed to release each of the other First Lien Lenders that elected to grant a release and each of their affiliates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such First Lien Lender would have been legally entitled to assert against any other First Lien Lender that elected to grant a release, based on or relating to, or in any manner arising from, in whole or in part, the First Lien Credit Agreement, the First Lien Lender Claims, any other claims arising under or related to the First Lien Credit Agreement, the Debtors, the Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to any First Lien Lender Claim, the restructuring of the First Lien Lender Claims prior to or during the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, upon any other act or

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

omission, transaction, agreement, event, or other occurrence taking place on or before the

Effective Date; with such releases constituting an express waiver and relinquishment by

each First Lien Lender electing to grant a release of any claims, whether known or unknown

that such First Lien Lender may have under Section 1542 of the California Civil Code or

other analogous state or federal law related to the matters being released; provided, however,

that Claims or liabilities arising out of or relating to any act or omission of any First Lien

Lender or any of its affiliates that constitutes gross negligence or willful misconduct shall

not be released.

67.    Exculpation.  Except as otherwise specifically provided in the Plan, no

Exculpated Party shall have or incur, and each Exculpated Party is hereby released and

exculpated from, any Claim, obligation, Cause of Action, or liability to one another or to any

Exculpating Party for any Exculpated Claim, except for gross negligence, willful

misconduct or fraud, but in all respects such Entities shall be entitled to reasonably rely

upon the advice of counsel with respect to their duties and responsibilities pursuant to the

Plan.  The Debtors, the First Lien Steering Committee and the Reorganized Debtors (and

each of their respective agents, members, directors, officers, employees, advisors, and

attorneys) have, and upon confirmation of the Plan shall be deemed to have, participated in

good faith and in compliance with the applicable provisions of the Bankruptcy Code with

regard to the distributions of the Securities pursuant to the Plan, and therefore are not, and

on account of such distributions shall not be, liable at any time for the violation of any

applicable law, rule, or regulation governing the solicitation of acceptances or rejections of

the Plan or such distributions made pursuant to the Plan.

68.    Injunction.  Except as otherwise expressly provided in the Plan or for

obligations issued pursuant to the Plan, all Entities who have held, hold, or may hold Claims

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

against the Debtors, and all Entities holding Interests, are permanently enjoined, from and after the Effective Date, from: (1) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or Reorganized Debtors on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree or order against the Debtors or Reorganized Debtors on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or Reorganized Debtors or the property or Estates of the Debtors or Reorganized Debtors on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtors or Reorganized Debtors or against the property or Estates of the Debtors or Reorganized Debtors on account of or in connection with or with respect to any such Claims or Interests unless such Holder has filed a motion requesting the right to perform such setoff on or before the Confirmation Date, and notwithstanding an indication in a Proof of Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to Bankruptcy Code section 553 or otherwise (provided, that, to the extent the Rhodes Entities Claims are Allowed, the Rhodes Entities, without the need to file any such motion, shall retain the right to assert a setoff against any Claims or Causes of Action that the Reorganized Debtors or Litigation Trust may assert against the Rhodes Entities, with the Reorganized Debtors and Litigation Trust, as applicable, reserving the right to challenge the propriety of any such attempted setoff, with any such challenge to be resolved by the Court); and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

1  to the Plan.

2

3      69.    Setoffs.  Except as otherwise expressly provided for in the Plan, each

4  Reorganized Debtor, pursuant to the Bankruptcy Code (including Bankruptcy Code section

5  553), applicable non bankruptcy law, or as may be agreed to by the Holder of a Claim, may

6  setoff against any Allowed Claim and the distributions to be made pursuant to the Plan on

7  account of such Allowed Claim (before any distribution is made on account of such Allowed

8  Claim), any Claims, rights, and Causes of Action of any nature that such Debtor,

9  Reorganized Debtor or the Litigation Trust, as applicable, may hold against the Holder of

10  such Allowed Claim, to the extent such Claims, rights, or Causes of Action against such

11  Holder have not been otherwise compromised or settled on or prior to the Effective Date

12  (whether pursuant to the Plan or otherwise); provided, however, that neither the failure to

13  effect such a setoff nor the allowance of any Claim pursuant to the Plan shall constitute a

14  waiver or release by such Reorganized Debtor or the Litigation Trust of any such Claims,

15  rights, and Causes of Action that such Reorganized Debtor or the Litigation Trust may

16  possess against such Holder.  In no event shall any Holder of Claims be entitled to setoff any

17  Claim against any Claim, right, or Cause of Action of the Debtor or Reorganized Debtor, as

18  applicable, unless such Holder had filed a motion with the Court requesting the authority to

19  perform such setoff on or before the Confirmation Date, and notwithstanding any indication

20  in any Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any

21  right of setoff pursuant to section 553 or otherwise; provided, however, that, to the extent

22  the Rhodes Entities Claims are Allowed, the Rhodes Entities, without the need to file any

23  such motion, shall retain the right to assert a setoff against any Claims or Causes of Action

24  that the Reorganized Debtors or Litigation Trust may assert against the Rhodes Entities,

with the Reorganized Debtors and Litigation Trust, as applicable, reserving the right to challenge the propriety of any such attempted setoff, with any such challenge to be resolved by the Court.

70.    Professional Claims.  The provisions contained in Article IX.A of the Plan relating to Claims for fees and expenses incurred in connection with the Chapter 11 Cases are found to be reasonable and are hereby approved.

71.    Other Administrative Claims.  All requests for payment of an Administrative Claim must be filed with the Claims and Solicitation Agent and served upon counsel to the Debtors or Reorganized Debtors, as applicable, and the First Lien Steering Committee on or before the Administrative Claim Bar Date.  Any request for payment of an Administrative Claim that is not timely filed and served shall be disallowed automatically without the need for any objection by the Debtors, Reorganized Debtors, or the First Lien Steering Committee.  The Reorganized Debtors may settle and pay any Administrative Claim in the ordinary course of business without any further notice to or action, order, or approval of the Court.  In the event that any party with standing objects to an Administrative Claim, the Court shall determine the Allowed amount of such Administrative Claim.  Notwithstanding the foregoing, no request for payment of an Administrative Claim need be filed with respect to an Administrative Claim previously Allowed by Final Order.

72.    Immediate Binding Effect.  Subject to Article X.B of the Plan and notwithstanding Bankruptcy Rules 3020(e), 6004(g), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors, the Reorganized Debtors, and any and all Holders of Claims or Interests (irrespective of whether such Claims or Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements,

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

compromises, releases, discharges, and injunctions described in the Plan or herein, each Entity acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors.

73.    Notice of Entry of Confirmation Order.  In accordance with Bankruptcy Rules 2002 and 3020(c), within ten business days of the date of entry of the Confirmation Order, the First Lien Steering Committee shall serve the Notice of Confirmation by United States mail, first class postage prepaid, by hand, or by overnight courier service to all parties having been served with the Confirmation Hearing Notice; provided, however, that no notice or service of any kind shall be required to be mailed or made upon any Entity to whom the First Lien Steering Committee mailed a Confirmation Hearing Notice, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the First Lien Steering Committee has been informed in writing by such Entity, or is otherwise aware, of that Entity's new address. To supplement the notice described in the preceding sentence, within twenty days of the date of the Confirmation Order, the First Lien Steering Committee shall publish the Notice of Confirmation once in the Vegas Sun.  Mailing and publication of the Notice of Confirmation in the time and manner set forth in the this paragraph shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no further notice is necessary.

74.    Additional Documents.  On or before the Effective Date, the First Lien Steering Committee may file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.  The Debtors or the Reorganized Debtors, as applicable, the First Lien Steering Committee and all Holders of Claims receiving distributions pursuant to the Plan and all

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

other parties in interest shall, from time to time, prepare, execute, and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan, in each case as may be determined by the First Lien Steering Committee.

75.     <u>Payment of Statutory Fees</u>.  All fees payable pursuant to section 1930(a) of the Judicial Code, as determined by the Court at a hearing pursuant to Bankruptcy Code section 1128, shall be paid for each quarter (including any fraction thereof) until the Chapter 11 Cases are converted, dismissed, or closed, whichever occurs first.

76.     <u>Dissolution of Creditors' Committee</u>.  Upon the Effective Date, the Creditors' Committee shall dissolve automatically (except with respect to the resolution of applications for Professional Claims), and members thereof shall be released and discharged from all rights, duties, responsibilities, and liabilities arising from, or related to, the Chapter 11 Cases and under the Bankruptcy Code.

77.     <u>Reservation of Rights</u>.  Except as expressly provided by the Plan, none of the filing of the Plan, any statement or provision contained in the Plan, or the taking of any action by any Debtor or the First Lien Steering Committee with respect to the Plan, the Disclosure Statement, or any documents ancillary to either the Plan or the Disclosure Statement, shall be deemed to be an admission or waiver of any rights of any Debtor or the First Lien Steering Committee with respect to the Holders of Claims or Interests prior to the Effective Date.

78.     <u>Successors and Assigns</u>.  The rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Entity.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

79.     <u>Term of Injunctions or Stays</u>.  Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to Bankruptcy Code sections 105, 362, or 525 or otherwise, or any order of the Court, and extant on the date of the Confirmation Order (excluding any injunctions or stays contained in the Plan or this Confirmation Order) shall remain in full force and effect until the Effective Date.  All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.  The Confirmation Order will permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any Claims, Causes of Action, obligations, suits, judgments, damages, demands, debts, rights or liabilities released pursuant to the Plan.

80.     <u>Governing Law</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Nevada, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control), and corporate governance matters; <u>provided</u>, <u>however</u>, that corporate governance matters relating to the Debtors or Reorganized Debtors, as applicable, not incorporated or organized in Nevada shall be governed by the laws of the state of incorporation or organization of the applicable Debtor or Reorganized Debtor, as applicable.

81.     <u>Modifications and Amendments to Plan</u>.  The First Lien Steering Committee shall not modify materially the terms of the Plan without the prior consent of the parties to the Mediation Term Sheet; provided, that in the event the Rhodes Entities fail to comply

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

1  with any of their obligations under the Mediation Term Sheet or the Plan by the Effective

2  Date (or such other date set forth in the Plan) and fail to cure such alleged breach within ten

3  (10) days' written notice to the Rhodes Entities, then the First Lien Steering Committee shall

4  be entitled to file a motion on at least seven (7) days notice to (i) determine that a breach has

5  occurred (except that the failure of the parties to agree on the refinancing of the Rhodes

6  Ranch Golf Course solely as a result of the First Lien Steering Committee acting

7  unreasonably or in bad faith shall not be deemed a failure of the Rhodes Entities to comply

8  with their obligations under the Plan), and the Rhodes Entities reserve their right to object to

9  such motion; (ii) modify the Plan to remove any provisions of the Plan that were included

10  for the benefit of the Rhodes Entities; and (iii) consummate the Plan, as modified.  Upon

11  entry of an order of the Court finding a breach by the Rhodes Entities and authorizing the

12  modifications to the Plan to remove any provisions that were included for the benefit of the

13  Rhodes Entities, the First Lien Steering shall be authorized to make such modifications and

14  consummate the Plan.  Subject to certain restrictions and requirements set forth in

15  Bankruptcy Code section 1127 and Bankruptcy Rule 3019 and those restrictions on

16  modifications set forth in the Plan, the First Lien Steering Committee expressly reserves its

17  rights to revoke, withdraw, alter, amend, or modify materially the Plan with respect to any

18  Debtor, one or more times, after Confirmation, and, to the extent necessary, may initiate

19  proceedings in the Court to so alter, amend, or modify the Plan, or remedy any defect or

20  omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the

21  Confirmation Order, in such matters as may be necessary to carry out the purposes and

22  intent of the Plan.  Any such modification or supplement shall be considered a modification

23  of the Plan and shall be made in accordance with Article XI.A of the Plan.

24          82.     Nonseverability of Plan Provisions.  The provisions of the Confirmation

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (1) valid and enforceable pursuant to its terms; (2) integral to the Plan and may not be deleted or modified without the First Lien Steering Committee's consent; and (3) nonseverable and mutually dependent.

83.  <u>References to Plan Provisions</u>.  Captions and headings to Articles of the Plan are inserted for convenience of reference only and are not intended to be part of or to affect the interpretation of the Plan.  The failure specifically to include or to refer to any particular provision of the Plan in the Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

84.  <u>Conflicts Between Confirmation Order and Plan</u>.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is determined to be any inconsistency between any Plan provision and any provisions of this Confirmation Order that cannot so be reconciled, then, solely to the extent of such inconsistency, the provisions of the Confirmation Order shall control.

85.  <u>Findings of Fact</u>.  The determinations, findings, judgments, decrees and orders set forth and incorporated herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  Each finding of fact set forth or incorporated herein, to the extent that it is or may be deemed a conclusion of law, shall also constitute a conclusion of law.  Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

1    86.    <u>Substantial Consummation</u>.  Substantial consummation of the Plan shall be

2    deemed to occur on the Effective Date.

3    87.    <u>Final Order</u>.  The Confirmation Order is a final order and the period in which

4    an appeal must be filed shall commence upon entry hereof.

5    88.    <u>Retention of Jurisdiction</u>.  Notwithstanding the entry of this Confirmation

6    Order and the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction

7    over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to

8    Bankruptcy Code sections 105(a) and 1142 and Article XII of the Plan.

9

10    Submitted by:

11

12

13    /s/ Nile Leatham, Esq.
     Nile Leatham (NV Bar No. 002838)

14    KOLESAR & LEATHAM
     Wells Fargo Financial Center

15    3320 W. Sahara Ave.
     Las Vegas, NV 89102

16    (702) 979-2357 (Telephone)
     (702) 362-9472 (Facsimile)

17    Nleatham@klnevada.com

18    Dated:  January 15, 2010

19

20                                        # # #

21

22

23

24

25

26

27

28

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com