James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

E-File: January 19, 2010

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR |
| | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1] | Chapter 11 |
| Debtors. | |
| Affects: | Hearing Date: February 18, 2010 |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-002\DOCS_LA:214350.1

Affects:
☐ All Debtors
☒ Affects the following Debtor(s)
RHODES DESIGN AND DEVELOPMENT CORPORATION

Hearing Time: 1:30 p.m.
Courtroom 1

# NOTICE OF HEARING ON MOTION OF DEBTOR FOR ORDER APPROVING STIPULATION TO LIFT THE AUTOMATIC STAY RE CLAIMS OF REMAINING KITEC HOMEOWNERS

**PLEASE TAKE NOTICE** that on February 18, 2010 at 1:30 p.m. a hearing will be held before the Honorable Linda B. Riegle in Courtroom 1 at 300 Las Vegas Boulevard South, Las Vegas, Nevada, 89101, on the *Motion of Debtor for Order Approving Stipulation to Lift the Automatic re Claims of Remaining Kitec Homeowners* (the "Motion").

By the Motion, Rhodes Design & Development Corp. ("RD&D"), one of the above-captioned debtors and debtors in possession (the "Debtors"), seeks Court-approval of the *Stipulation to Lift the Automatic Stay Regarding Claims of Remaining Kitec Plaintiffs* (the "Stipulation"). The Stipulation provides for the lifting of the automatic stay for the limited purpose of authorizing the Remaining Kitec Plaintiffs, as defined in the Motion, to liquidate their claims in the litigation entitled *In re Kitec Fitting Litigation*, Case No. A493302 (the "Nevada Class Action"), currently pending in District Court of Nevada, Clark County.

The Stipulation permits RD&D to avoid protracted and expensive litigation. At the same time, because the Remaining Kitec Plaintiffs have agreed to collect only from RD&D's insurance policies, the Stipulation enables RD&D to eliminate its exposure under the Nevada Class Action at no cost to RD&D's estate. The Stipulation provides for the withdrawal of the Remaining Kitec Plaintiffs' proof of claim, which eliminates claims in the amount of $5,308,125. Under the Stipulation, the Remaining Kitec Plaintiffs have also agreed not to oppose or object to confirmation of the plan of reorganization proposed by the First Lien Steering Committee, which helps promote the Debtors' reorganization. Accordingly, RD&D submits that cause exists to lift the automatic stay pursuant to the terms of the Stipulation.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion is being served concurrently on you and is also on file with and available from the clerk of the United States Bankruptcy Court for the District of Nevada, Foley Federal Building, 300 S. Las Vegas Blvd.,

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-002\DOCS_LA:214350.1                 2

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1  Las Vegas, Nevada 89101; via the bankruptcy court's website at www.nvb.uscourts.gov (a

2  PACER account is required); and through the Debtors' claims agent's website:

3  www.omnimgt.com/rhodes; or by calling (866) 989-6144.

4  **PLEASE TAKE FURTHER NOTICE** that any opposition to the requested relief in the Motion must be filed and served pursuant to Local Rule 9014(d)(1), which provides: "Oppositions to a motion must be filed and served on the movant no later than fifteen (15) days after the motion is served except as provided by LR 3007(b) and LR 9006.  If the hearing has been set on less than fifteen (15) business days' notice, the opposition must be filed no later than five (5) business days before the hearing, unless the court orders otherwise.  The opposition must set forth all relevant facts and any relevant legal authority.  An opposition must be supported by affidavits or declarations that conform to the provisions of subsection (c) of this rule."  If an objection is not timely filed and served, the relief requested may be granted without a hearing pursuant to LR 9014(d)(3).

If you object to the relief requested, you *must* file a WRITTEN response to this pleading with the court.  You *must* also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

- The court may *refuse* to allow you to *speak* at the scheduled hearing; and
- The court may *rule against you* without formally calling the matter at the hearing.

///

///

///

73203-002\DOCS_LA:214350.1

3

1  **PLEASE TAKE FURTHER NOTICE** that the hearing may be continued from time to
2  time without further notice except for the announcement of any adjourned dates and time at the
3  above-noticed hearing or any adjournment thereof.
4  **DATED** this 19th day of January, 2010.

**LARSON & STEPHENS**

 */s/ Zachariah Larson, Esq.*
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
702/382.1170
Attorneys for Debtors

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:214350.1        4