CARLETON R. BURCH, ESQ., Nevada Bar No. 10527
crb@amclaw.com
JANIECE S. MARSHALL, ESQ., Nevada Bar No. 4686
jm@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
777 North Rainbow Boulevard, Suite 145
Las Vegas, Nevada 89107
Telephone: (702) 479-1010 ♦ Facsimile: (702) 479-1025

Attorneys for Creditor,
*Stanley Consultants, Inc.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>THE RHODES COMPANIES, LLC,<br><br>Debtor.<br><br>Affects:<br>☒   All Debtors<br>☐   Affects the following Debtor(s),<br>Apache Framing, LLC<br>Batcave, LP<br>Bravo, Inc.<br>Chalkline, LP<br>Elkhorn Partners, a Nevada LP<br>Geronimo Plumbing, LLC<br>Glynda, LP<br>Gung-Ho Concrete, LLC<br>Heritage Land Company LLC<br>Jackknife, LP<br>Overflow, LP<br>Parcel 20, LLC<br>Pinnacle Grading, LLC<br>Rhodes Homes Arizona, LLC<br>Rhodes Arizona Properties, LLC<br>The Rhodes Companies, LLC<br>Rhodes Ranch Golf Country Club, LLC<br>Rhodes Ranch General Partnership<br>Six Feathers Holdings, LLC<br>Tribes Holdings, LLC<br>Tick, LP<br>Tuscany Golf Country Club, LLC<br>Wallboard, LP | Case No. BK-S-09-14814-LBR<br><br>Chapter 11<br><br>**OBJECTION BY STANLEY CONSULTANT, INC TO REDUCTION IN VALUATION OF CLAIMS FOR PURPOSES OF "TABULATION" AND AMENDED DECLARATION OF BRIAN OSBORN CERTIFYING TABULATION OF BALLOTS REGARDING VOTE ON SECOND AMENDED MODIFIED PLAN OF REORGANIZATION (DOC. 914)** |

771856.1 5835.005

I.  **INTRODUCTION**

On Thursday, January 14, 2010, this Court held a plan confirmation hearing on the Second Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et. al,* filed by the First Lien Steering Committee (the "Plan"). During the hearing, the First Lien Steering Committee (Plan proponent) requested that this Court reduce the dollar value of the claims of certain creditors, including Stanley Consultants, Inc. ("Stanley") and other unsecured creditors in Class C-1 – General Unsecured Claims, to $1.00 for purposes of tabulating votes to approve or reject the Plan.   Pursuant to the Ballot Report filed on January 11, 2010, Class C-1 rejected the Plan. *See Doc. #914, Declaration of Brian Osborn, Exhibit A, ("Ballot Report").*  This Court granted Stanley and the other creditors leave to object to file an objection to this reduction in dollar valuation. On January 15, 2010, the First Lien Steering Committee filed an Amended Declaration of Brian Osborn ("Amended Ballot Report"). See Doc. 929, Exhibit A.  The Amended Ballot Report reduces Stanley's Tabulated Amount from $4,609,249.00 to $1.00 for voting tabulation purposes. *Id.*

As set forth below and pursuant to the attached exhibits, Stanley hereby objects to this reduction in the dollar value of its claims for purposes of tabulating votes on the following grounds:

(1)   The procedure provides inadequate notice and opportunity to be heard to Stanley as well as other creditors in the Unsecured Class and

(2)   Contrary to the arguments advanced by the First Lien Steering Committee and the Amended Ballot Report, Stanley's claims against the Debtors are not "contingent" or "unliquidated," but are an uncontingent, liquidated amount for services provided to the Debtors pursuant to written agreements.

II. **ANALYSIS**

   A.   **Stanley Objects to the Tabulation Procedure in the Amended Ballot Report**

Stanley objects to the tabulation procedure requested by the First Lien Steering Committee during the January 14, 2010 Plan confirmation hearing and as tabulated in the Amended Ballot Report (Doc. #929, Exhibit A thereto).   While the Rules of Bankruptcy Procedure do not provide

any express guidance as to the valuations method a court is to employ in assigning a value to a creditor's claim for purposes of voting, Rule 3018(a) provides in pertinent part:  "Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for purpose of accepting or rejecting a plan. . . ."

Although Rule 3018(a) allows a court some discretion, it is equally clear where objection to such valuation has been made, such valuation must be reached upon review of evidence presented after reasonable notice and an opportunity to be heard.  See *In re Marin Town Center* 142 BR 374, 379, 380.  Moreover, the procedure set forth in FRCP 3018(a) was created for the purpose of protecting dissenting creditors. See 9 *Colliers on Bankruptcy* ¶ 3018.01[5], at 3018-9 (16th Ed. 2009).  See also *In re Gardinier Inc*. 55 BR 601, 604 (Bktcy., R.D. Fla. 1985), *In re Orosco*, 77 BR 246, 250 (Bktcy., NDCA 1987), *In re Stonehenge Properties*, 191 BR 59, 64 (Bktcy., MD PA 1995).  Consistent with this, it is preferable that such procedure be initiated by way of a notice to motion.  See 9 Colliers, *supra*, ¶ 3018.01, 01[5], Page 3018-9, fn. 35, citing FRBP 9013, FRBP 9014, *In re Belucci*, 119 Bankruptcy Reporter 763, 778 (Bankruptcy Eastern District of California 1990).

*In re Orosco* held that litigation of the issue in connection with hearings on a confirmation of the plan was proper. *Collier, supra, citing* 11 USC 1129(A), (3), (8).  See also *In re Orosco, supra*, 77 BR 246, 250.[1]

In this case, Debtors have failed to object to Stanley's proofs of claim. *Exhibit 1, Declaration of Janiece S. Marshall, attaching true and correct copies of Stanley's Proof(s) of*

---

[1] The court in *In re Orosco* noted that a court has the authority on request to use its discretion to continue the confirmation hearing to allow sufficient presentation of evidence necessary to make the proper determinations under FRBP 3018(A).  See *In re Orosco,* 77 BR 246, 250.

*Claim.* Stanley timely filed its claims, its claims were never objected to and are based upon services provided pursuant to written agreements with Debtors. The First Lien Steering Committee has requested that this Court permit them to revise the tabulation procedure by reducing the dollar value of Stanley's claims from over $4 million to $1.00 for tabulation purposes of the Amended Ballot Report. *See Doc. #929, Exhibit A.*

As such, Stanley requests that either this Court order the new tabulation procedure be determined by way of noticed motion on regular notice or, alternatively, set a continued hearing date sufficient to allow the presentation of declaration or other evidence as this Court may entertain for purposes of valuation of Stanley's claims for purposes of tabulation.

B.   **Stanley's Claims are Neither Unliquidated Nor Contingent**

Contrary to the First Lien Steering Committee's request and the Amended Ballot Report, Stanley's claims are neither unliquidated or contingent. Stanley's claims are the primary obligation of the debtor entities. *See exhibits to Marshal Declaration, Second Amended Complaint and Amended Answer and Amended Counterclaim filed in Rhodes Homes Arizona LLC v. Stanley, Superior Court case of Arizona, Maricopa County Case No.CV2006-01138 ("Arizona Litigation").* Stanley's claims are based upon invoices for amounts owed for services rendered. Stanley's claims are not contingent upon any future event.

Here, the First Lien Steering Committee has requested that the Court find that Stanley's claims be deemed contingent and thus valued at $1.00 for purposes of voting. This is incorrect. The term "contingent" as used under the Code is given its ordinary meaning. As stated by one court, a contingent claim is ". . . which has not accrued and which is dependent upon some future event that may never happen. ..." *In re Dill* 30 BR 546 at (9th Circuit BAP Nevada 1983). As the *Dill* Court explained: "contingency is one of many characteristics of a claim as defined in 11 USC § 101(4)(A). Contingency is thus distinguishable from other defined characteristics e.g. liquidated, in which would, unadjudicated, disputed. . . ."

The *Dill* Court concluded that "… a claim is contingent as to liability when it has not accrued and assessed dependent on some future event that may never happen …" *Id.* at 549. Unlike the claims sounding in tort filed against it by the debtor in Arizona, Stanley's claim is for a

liquidated amount certain for services rendered in the past. This is a textbook liquidated, uncontingent claim.

### III. CONCLUSION

For the foregoing reasons Stanley request as follows:

1. This Court deny the First Lien Steering Committee's request to set the valuation of the claims of Stanley at $1.00 for purposes of voting;

2. The Court require a properly noticed hearing in the ordinary course be set regarding the question of the valuation of such claims for voting purposes; or

3. The Court continue the hearing (set for January 21, 2010) on the question in the context of the plan confirmation hearing for a date convenient to the calendar not sooner than February 2, 2010, to allow presentation of evidence and briefing as might be relevant to the determination of such valuation; and

4. Such other relief as this court in its discretion may deem just.

January 19, 2010

ANDERSON, McPHARLIN & CONNERS LLP

By  /s/ Janiece S. Marshall
Carleton R. Burch, Esq.
Janiece S. Marshall, Esq.
777 North Rainbow Boulevard, Suite 145
Las Vegas, Nevada 89107
Telephone (702) 479-1010
Attorneys for Creditor, Stanley Consultants, Inc.

771856.1 5835.005

5