# EXHIBIT 1

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
777 NO. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 478-1010 • FAX (702) 478-1025

## DECLARATION OF JANIECE S. MARSHALL

I, Janiece S. Marshall, declare as follows:

1. I am an attorney-at-law, counsel of record for Creditor Stanley Consultants in the Rhodes Bankruptcy.

2. I have personal knowledge of the matters set forth herein, and if called upon as a witness to testify thereto, I could and would competently do so.

3. Attached hereto are true and correct copies of the Second Amended Complaint and Amended Answer and Counterclaim filed in the Arizona litigation between Debtors and Stanley.

4. Stanley filed Proofs of Claim against Rhodes Design (POC #48), against Rhodes Ranch General Partnership (POC #49) in the amount of $575,768.00.

5. Stanley also filed a Proof of Claim against Rhodes Homes Arizona in the amount of $3,467,733.00 (POC #52).

6. Upon information and belief, Debtors have not objected to Stanley's proofs of claim.

7. Stanley incorporates by reference Creditor Stanley Consultants, Inc.'s Objection to Sufficiency of Disclosure Statement for the Plan of Reorganization Pursuant (Doc. #617) and exhibit 1 thereto, Declaration of David Frohnen in support thereof, establishing that Stanley's Proofs of Claim were for work performed by Stanley pursuant to written agreements and are for unsecured trade claims for services provided to Debtors.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct and that this declaration was executed on January 19, 2010, at Las Vegas, Nevada.

_____/s/    Janiece S. Marshall_____
Janiece S. Marshall

771856.1 5835.005

1     BAIRD, WILLIAMS & GREER, L.L.P.
            6225 NORTH 24TH STREET, SUITE 125
2              PHOENIX, ARIZONA 85016
             TELEPHONE (602) 256-9400
3

4 Michael C. Blair (018994)

5 Attorneys for plaintiff/counterdefendants

6       IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7         IN AND FOR THE COUNTY OF MARICOPA

8   Rhodes Homes Arizona, LLC, an Arizona     No. CV2006-011358
    limited liability company,
9

10            Plaintiff,                **Second Amended Complaint**

11   vs.

12   Stanley Consultants, Inc., an Iowa corporation;
   Ken Yamada and Kristine M. Yamada,     (Assigned to the Honorable Pendleton
   husband and wife; Steve Hagel and Carrie J.    Gaines)
13   Wright-Hagel, husband and wife; Dennis
   Brown and Deborah S. Brown, husband and
14   wife; Denis Atwood and Kimberly E. Atwood,
   husband and wife; David Frohnen and
15   Christine H. Frohen, husband and wife; Henry
   Marquard, an individual; Gregs Thomopolus,
16   an individual; Todd Frohnen, an individual;
   Evan Hamilton, an individual,
17

18           Defendants.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

Stanley Consultants, Inc., an Iowa
corporation,

               Counterclaimant,

vs.

Rhodes Homes Arizona, LLC, an Arizona
limited liability company; Rhodes Ranch
General Partnership, a Nevada general
partnership; Rhodes Design and Development
Corporation, a Nevada corporation; James M.
Rhodes and Glynda Rhodes, husband and
wife,

               Counterdefendants.

Plaintiff, Rhodes Homes Arizona, LLC ("Rhodes"), alleges for its second amended complaint as follows:

1.     Rhodes is an Arizona limited liability company which is in the process of developing master planned communities in Mohave County, Arizona.

2.     Defendant Stanley Consultants, Inc. ("Stanley") is an Iowa corporation with offices in Maricopa County, Arizona, which was engaged by Rhodes to do civil engineering and construction-related and development services. The transactions, events and occurrences giving rise to this claim occurred in Arizona.

3.     Defendant Ken Yamada is an engineer who was and may still be employed by Stanley who worked on Rhodes' projects in Mohave County. Upon information and belief, the actions of Mr. Yamada were done on behalf of his marital community. Kristine M. Yamada is named as a defendant for community property purposes.

4.     Defendant Steve Hagel is an engineer who was and may still be employed by Stanley who worked on Rhodes' projects in Mohave County. Upon information and belief, the actions

2

*8*

of Mr. Hagel were done on behalf of his marital community. Carrie J. Wright-Hagel is named as a defendant for community property purposes.

5.     Defendant Dennis Brown is an engineer who was and may still be employed by Stanley who worked on Rhodes' projects in Mohave County. Upon information and belief, the actions of Mr. Brown were done on behalf of his marital community. Deborah S. Brown is named as a defendant for community property purposes.

6.     Defendant Denis Atwood is an engineer who was and may still be employed by Stanley who worked on Rhodes' projects in Mohave County. Upon information and belief, the actions of Mr. Atwood were done on behalf of his marital community. Kimberly E. Atwood is named as a defendant for community property purposes.

7.     Defendant David Frohnen is an engineer who was and may still be employed by Stanley who worked on Rhodes' projects in Mohave County. Upon information and belief, the actions of Mr. Frohnen were done on behalf of his marital community. Christine H. Frohnen is David Frohnen's spouse.

8.     Defendant Christine H. Frohnen submitted a bid to the City of Kingman, Arizona, in April 2007 to purchase four one-acre well sites located in Rhodes' master planned development.

9.     Defendant Henry Marquard is Stanley's general counsel.

10.    Defendant Gregs Thomopolus is Stanley's CEO.

11.    Defendant Todd Frohnen is David Frohnen's brother. Upon information and belief, Todd Frohnen participated in Christine Frohnen's April 2007 bid to purchase the well sites.

12.    Defendant Evan Hamilton is David Frohnen's brother-in-law. Upon information and belief, Evan Hamilton participated in Christine Frohnen's April 2007 bid to purchase the well sites.

3

13.    Rhodes is the actual contracting party with Stanley notwithstanding the fact that certain "consultant agreements" and other documents forming the basis of this action refer to Rhodes Design and Development Corporation and Rhodes Ranch General Partnership, neither of which is a proper party to this case.

14.    Although Stanley's Phoenix office was involved in the work done for Rhodes, the bulk of the work was out of Stanley's Las Vegas office.

15.    Stanley began working for Rhodes in approximately July 2004.

16.    Stanley has billed Rhodes in excess of $7,000,000 for work it claims has been performed, and Rhodes has paid approximately $5,500,000, leaving an unpaid balance, according to Stanley, of approximately $1,500,000.

17.    Stanley was employed by Rhodes because it represented it had the expertise and the experience to do the engineering and consulting work necessary to help Rhodes with the government approval process and the development of master planned communities in Mohave County efficiently and expeditiously. Stanley knew that Rhodes was relying upon its representations as to its expertise, acumen and capabilities for the development and necessary engineering and permitting of the projects being developed by Rhodes.

18.    Rhodes specifically directed Stanley to stop work on certain projects, but Stanley disregarded instructions, and continued the projects and billings which resulted in payments to Stanley that did not have value to Rhodes.

19.    Stanley's activities on behalf of Rhodes were dilatory and, contrary to the representations which had been made to Rhodes, involved activities in which Stanley did not have experience so that Stanley's dilatoriness was exacerbated by its lack of familiarity with processes and requirements by governmental agencies.

20.    Significant parts of work done by Stanley were ineffective.

4

21.    Rhodes has suffered damages because of the loss of good will at various government offices and agencies, including Mohave County, the Arizona Department of Environmental Quality, the Arizona Department of Water Resources, and the Arizona Corporation Commission.

22.    Rhodes has suffered damages occasioned by the delay in the development of the project.

23.    Rhodes has been damaged because of Stanley's over-billing.

24.    Rhodes will suffer damages because of the expenses which will be incurred because of Stanley's defective work.

25.    In April 2007, David and Christine Frohnen submitted a bid to the City of Kingman to purchase four one-acre well sites located within Rhodes' master planned development.

26.    David and Christine Frohnen used Whatcom Investments, an unorganized LLC, to submit their bid.

27.    David Frohnen has sworn under oath that Todd Frohnen and Evan Hamilton agreed to participate in the bidding process.

28.    Before submitting their bid, David Frohnen contacted Henry Marquard and Gregs Thomopulos regarding whether Stanley should submit a bid.

29.    Although Stanley did not bid on the well sites, both Henry Marquard and Gregs Thomopulos participated with David Frohnen and his wife in a plan to obtain the well sites in an attempt to hinder Rhodes' development of its property.

30.    David Frohnen, Henry Marquard, and Gregs Thomopulos knew that Rhodes needed the well sites to develop its property because Stanley prepared plans for the development.

31.    The Frohnens' bid was in competition with the bid Rhodes submitted.

32.    The city rejected all bids.

5

## COUNT ONE
### (Breach of Contract—Stanley)

33.    Stanley's actions constitute a breach of numerous contracts entitling Rhodes to damages as will be proven at trial.

## COUNT TWO
### (Bad Faith—Stanley)

34.    Stanley violated its obligations of good faith and fair dealing in its relationships with Rhodes, entitling Rhodes to damages as will be proven at trial.

35.    Stanley acted in bad faith by acquiescing to the Frohnens submitting a bid for the purchase of the well sites.

36.    Stanley knew Rhodes intended to purchase the well sites from the City of Kingman.

37.    By allowing its manager to submit a bid to purchase the well sites in Rhodes' development, Stanley became a competitor to its former client thereby acting in bad faith.

## COUNT THREE
### (Fraud—Stanley)

38.    When Stanley induced Rhodes to enter into its relationships with respect to the various projects involved in this case, it materially misrepresented that it was competent and capable of doing the project when in fact it knew that these misrepresentations were false and that Rhodes did not know they were false. Rhodes relied upon the representations as to Stanley's competency, had a right to rely upon them, and as a direct and proximate result, was damaged so that Rhodes is entitled to recover for those damages.

39.    During the course of the billing process, Stanley has intentionally misrepresented the work that it has done, these misrepresentations being material and the falsity of these representations being known to Stanley. Stanley also knew that Rhodes did not know the falsity, made the representations with the intent that Rhodes would rely upon them, Rhodes did rely upon them, had the right to rely upon them, and as a result, overpaid Stanley.

6

12

## COUNT FOUR
### (Punitive Damages—Stanley)

40.    In all factual allegations in paragraphs 1-40, *supra*, Stanley acted to serve its own interests and knew or should have known, yet consciously disregarded, the substantial risk that its conduct might significantly injure the rights of others, including Rhodes, thereby entitling Rhodes to recover punitive damages.

## COUNT FIVE
### (Professional Negligence—Yamada, Hagel, Brown, Atwood, Frohnen)

41.    Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen owed Rhodes a duty to exercise due care in their work as professional engineers.

42.    The work performed by Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, fell below the professional standard of care when they failed to adequately coordinate work with Mohave County and other designers on the project.

43.    The work performed by Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, fell below the professional standard of care when they miscalculated the water and drainage issues at the project.

44.    The work performed by Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, fell below the professional standard of care when they designed a project which could not be built.

45.    The work performed by Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, fell below the professional standard of care when they proceeded with work on a project that was not fully designed.

46.    The work performed by Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, fell below the professional standard of care when they had the project staked.

47.   Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen's breach of the standard of care was a proximate cause of Rhodes' damages.

48.   By submitting a bid on the well sites, David Frohnen violated the engineer's professional code of conduct.

**COUNT SIX**
**(Interference With Prospective Business Relations—Stanley,**
**David Frohnen, Christine Frohnen)**

49.   Rhodes had prospective business relations with the City of Kingman for the purchase of the four one-acre well site parcels in Rhodes' development.

50.   Stanley and the Frohnens knew of Rhodes' prospective business relations with the City of Kingman.

51.   By allowing its manager to submit a competing bid to purchase the well sites, Stanley interfered with and prevented Rhodes from acquiring or continuing its prospective business relations with the City of Kingman.

52.   By submitting a competing bid to purchase the well sites, the Frohnens interfered with and prevented Rhodes from acquiring or continuing its prospective business relations with the City of Kingman.

53.   Stanley's and the Frohnens' interference with Rhodes' prospective business relations with the City of Kingman was improper.

54.   Rhodes was damaged by Stanley's and the Frohnens' interference with its prospective business relations with the City of Kingman in an amount to be determined at trial.

**COUNT SEVEN**
**(Breach of Fiduciary Duty—Stanley, David Frohnen)**

55.   Rhodes placed a high degree of trust in Stanley's abilities and the abilities of Stanley's professional engineers.

56.   Rhodes relied upon Stanley's professed expertise.

8

57.    Rhodes entrusted the entire government-permitting process for its development to Stanley because of its purported expertise.

58.    David Frohnen is a professional engineer so he is subject to the engineer's professional code of conduct.

59.    Stanley and David Frohnen owed Rhodes a fiduciary duty of care.

60.    Stanley breached its fiduciary duty to Rhodes when it allowed David and Christine Frohnen to submit a competing bid on the four one-acre well sites.

61.    David Frohnen breached his fiduciary duty to Rhodes when he and Christine Frohnen submitted a competing bid on the four one-acre well sites.

62.    Rhodes was damaged by Stanley's and David Frohnen's breaches of their fiduciary duties in an amount to be determined at trial.

**COUNT EIGHT**
**(Conspiracy to Commit Tortious Acts—Stanley, David Frohnen, Christine Frohnen, Todd Frohnen, Evan Hamilton, Henry Marquard, Gregs Thomopulos)**

63.    David Frohnen, Christine Frohnen, Todd Frohnen, Evan Hamilton, Henry Marquard, Gregs Thomopulos, and Stanley acted in concert with each other to interfere with Rhodes' prospective business relations with the City of Kingman, to assist Stanley in its acts of bad faith, and to assist Stanley and David Frohnen to breach their fiduciary duties owing to Rhodes.

64.    David Frohnen, Christine Frohnen, Todd Frohnen, Evan Hamilton, Henry Marquard, Gregs Thomopulos, and Stanley gave substantial assistance or encouragement to each other to assist in the interference with Rhodes' prospective business relations with the City of Kingman, to assist Stanley in its acts of bad faith, and to assist Stanley and David Frohnen to breach their fudiciary duties owing to Rhodes.

9

1    65.    Rhodes was damaged by the actions of David Frohnen, Christine Frohnen, Todd

2 Frohnen, Evan Hamilton, Henry Marquard, Gregs Thomopulos, and Stanley in an amount to be

3 determined at trial.

**COUNT NINE**
**(Punitive Damages—Stanley, David Frohnen, Christine Frohnen, Henry Marquard,**
**Gregs Thomopulos)**

6    66.    The actions taken by Stanley, David Frohnen, Christine Frohnen, Henry Marquard,

7 and Gregs Thomopulos to interfere with Rhodes' prospective business relations and to breach the

8 fiduciary duty Stanley and David Frohnen owed to Rhodes were done willfully and recklessly, in

9 wanton disregard for the intended harm it would cause Rhodes if Rhodes could not purchase the

10 four well sites.

11    67.    Because the actions of Stanley, David Frohnen, Christine Frohnen, Henry Marquard,

12 and Gregs Thomopulos were done with an evil hand guided by an evil mind to injure Rhodes,

13 punitive damages should be awarded in an amount to be determined at trial.

14    Wherefore, judgment is demanded as follows:

15    A.    awarding Rhodes damages against Stanley for breach of contract, bad faith, and fraud

16 as will be established at trial;

17    B.    awarding Rhodes punitive damages against Stanley, David Frohnen, Christine

18 Frohnen, Henry Marquard, and Gregs Thomopulos in an amount to be determined at trial;

19    C.    awarding Rhodes damages against Ken Yamada, Steve Hagel, Dennis Brown, Denis

20 Atwood, and David Frohnen, and their respective marital communities, for their professional

21 negligence in an amount to be determined at trial;

22    D.    awarding Rhodes damages against Stanley, David Frohnen, and Christine Frohnen

23 for their interference with business relations;

24

25

10

1    E.    awarding Rhodes damages against Stanley and David Frohnen for their breaches of

2  the fiduciary duty they owed to Rhodes;

3    F.    awarding Rhodes damages against Stanley, David Frohnen, Christine Frohnen, Todd

4  Frohnen, Evan Hamilton, Henry Marquard, and Gregs Thomopulos for their conspiracy to commit

5  tortious acts;

6    G.    awarding Rhodes attorney fees and costs pursuant to contract and statute;

7    H.    awarding Rhodes pre- and post-judgment interest at 10% per annum on all amounts

8  awarded until paid in full; and

9    I.    for such other relief as the court deems appropriate.

10    Respectfully submitted this 12th day of June 2008.

11

12

13                                        Michael C. Blair
                                          Baird, Williams & Greer, L.L.P.
14                                        6225 North 24th Street, Suite 125
                                          Phoenix, Arizona 85016
15                                        Attorneys for Rhodes Homes Arizona, LLC

16  The original of the foregoing
    was electronically filed through
17  LexisNexis this 12th day of
    June 2008, with:

18
    Clerk of the Superior Court
19  Maricopa County Superior Court
    201 West Jefferson Avenue
20  Phoenix, Arizona  85003

21  A copy of the foregoing was
    mailed this 12th day of June
22  2008, to:

23  The Honorable Pendleton Gaines
    Maricopa County Superior Court
24  101 W. Jefferson, ECB-814
    Phoenix, Arizona  85003-2005

25

11

1  An electronic copy of the foregoing
   was sent through LexisNexis and
2  mailed this same date to:

3  P. Douglas Folk
   Christopher Hossack
4  Heather Seiferth
   *Folk & Associates*
5  One Columbus Plaza, Suite 600
   3636 North Central Avenue
6  Phoenix, Arizona  85012-8503
   Attorney for defendants/counterclaimant/
7     third party plaintiff

8  _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

12

*18*

*Stanley / Rhodes*
*pldgs*

1   P. Douglas Folk (006340)
    Christopher D.C. Hossack (03420)
2   Heather K. Seiferth (024776)

3   **FOLK & ASSOCIATES, P.C.**
    One Columbus Plaza, Suite 600
4   3636 N. Central Avenue
    Phoenix, Arizona 85012-8503
5   (602) 222-4400
    orders@folklaw.com
6   Attorneys for Defendants/Counter-Plaintiff

7

8                **SUPERIOR COURT OF ARIZONA**

9                    **MARICOPA COUNTY**

| | |
|---|---|
| 10  **RHODES HOMES ARIZONA, LLC an Arizona limited liability company,** | NO. CV2006-011358 |
| 11 | |
| 12         **Plaintiff,** | **AMENDED ANSWER TO RHODES HOMES ARIZONA, LLC'S FIRST AMENDED COMPLAINT** |
| 13       **vs.** | |
| 14  **STANLEY CONSULTANTS, INC., an Iowa Corporation, KEN YAMADA and** | **-AND-** |
| 15  **JANE DOE YAMADA, husband and wife; STEVE HAGEL and JANE DOE HAGEL,** | **AMENDED COUNTERCLAIM** |
| 16  **husband and wife; DENNIS BROWN and JANE DOE BROWN, husband and wife;** | **(Breach of Contract, Quantum Meruit and Unjust Enrichment)** |
| 17  **DENIS ATWOOD and JANE DOE ATWOOD, husband and wife; DAVID** | |
| 18  **FROHNEN and JANE DOE FROHNEN, husband and wife,** | **(Assigned to the Honorable Pendleton Gaines)** |
| 19         **Defendants.** | |
| 20 | |
| 21  **STANLEY CONSULTANTS, INC., an Iowa Corporation,** | |
| 22        **Counter-Plaintiff** | |
| 23       **vs.** | |
| 24  **RHODES HOMES ARIZONA, LLC an Arizona limited liability company;** | |
| 25  **RHODES RANCH GENERAL** | |
| 26  **PARTNERSHIP; a Nevada general** | |

1

4/18/08

1 | partnership; JAMES M. RHODES AND
GLYNDA RHODES, husband and wife;
2 | RHODES DESIGN AND DEVELOPMENT
CORPORATION, a Nevada corporation
3 | d.b.a. RHODES HOMES; DOES I-X; ABC
PARTNERSHIPS I-X; and XYZ
4 | CORPORATIONS,

5 |     **Counter-Defendants.**

6

7     For its Answer to Plaintiff's First Amended Complaint, Stanley Consultants, Inc.

8 ("Stanley"), Ken Yamada and Jane Doe Yamada ("Yamada"), Steve Hagel and Jane

9 Doe Hagel ("Hagel"), Dennis Brown and Jane Doe Brown ("Brown"), Denis Atwood

10 and Jane Doe Atwood ("Atwood") and David Frohnen and Jane Doe Frohnen

11 ("Frohnen"), (collectively "Defendants") admit, deny, and allege as follows:

12     1.     Defendants deny any and all allegations of the Complaint which are not

13 expressly admitted in this Answer.

14                              **GENERAL ALLEGATIONS**

15     2.     Stanley is without sufficient information to form a belief as to the truth of

16 the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint, and

17 therefore denies such allegations.    Stanley affirmatively alleges that Plaintiff is

18 registered with the Arizona Corporation Commission and is identified as having a

19 domestic address of 2215 Hualapai Mountain Road, Suite H, Kingman, Arizona 86401.

20     3.     Defendants admit that Stanley is an Iowa corporation with offices in

21 Maricopa County, Arizona, but affirmatively states that the agreements/instruments

22 entered into between Stanley and Plaintiff Rhodes Homes Arizona, LLC ("RHA") speak

23 for themselves as to the nature and scope of services that Stanley agreed to perform

24 for RHA. Stanley is without sufficient information to form a belief as to the truth of the

25 remaining allegations in Paragraph 2 of Plaintiff's First Amended Complaint and

26 therefore denies such allegations.

4.    Defendants admit that Ken Yamada was employed by Stanley as alleged in Paragraph 3 of Plaintiff's First Amended Complaint but affirmatively allege that Yamada is no longer employed by Stanley. Defendants affirmatively allege that the true and correct name of Jane Doe Yamada is Kristine M. Yamada.   Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

5.    Defendants admit that Steve Hagel was employed by Stanley as alleged in Paragraph 4 of Plaintiff's First Amended Complaint but affirmatively allege that Hagel is no longer employed by Stanley. Defendants affirmatively allege that the true and correct name of Jane Doe Hagel is Carrie J. Wright-Hagel.   Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

6.    Defendants admit that Dennis Brown was and is still employed by Stanley as alleged in Paragraph 5 of Plaintiff's First Amended Complaint.  Defendants affirmatively allege that the true and correct name of Jane Doe Brown is Deborah S. Brown.   Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

7.    Defendants admit that Denis Atwood was and is still employed by Stanley as alleged in Paragraph 6 of Plaintiff's First Amended Complaint. Defendants affirmatively allege that the true and correct name of Jane Doe Atwood is Kimberly E. Atwood.   Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

8.    Defendants admit that David Frohnen was and is still employed by Stanley as alleged in Paragraph 7 of Plaintiff's First Amended Complaint. Defendants affirmatively allege that the true and correct name of Jane Doe Frohnen is Christine H. Frohnen.   Defendants deny the remaining allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

1        9.    Defendants deny allegations contained in Paragraph 8 of the complaint,

2    and affirmatively allege that it contracted with Rhodes Homes Arizona, LLC, an Arizona

3    limited liability company; Rhodes Ranch General Partnership, upon information and

4    belief, a Nevada general partnership; and Rhodes Design & Development Corporation

5    d.b.a. Rhodes Homes, a Nevada corporation not licensed to transact business in

6    Arizona. Defendants further allege that all of these entities are indispensable parties to

7    this litigation and the unnamed parties should be joined pursuant to Rules19(a) and

8    20(a), *A.R.C.P.*

9        10.    As to the allegations contained in Paragraph 9 of the First Amended

10   Complaint, Defendants admit that Stanley has offices in both Phoenix, Arizona and Las

11   Vegas, Nevada and that both offices performed services for the projects that are the

12   subject of this litigation. Defendants are without sufficient information to admit or deny

13   the remaining allegations contained in Paragraph 9 of the First Amended Complaint

14   and therefore those allegations are denied.

15       11.    Defendants admit the allegations contained in Paragraph 10 of the First

16   Amended Complaint.

17       12.    Answering Paragraph 11 of the First Amended Complaint, Defendants

18   affirmatively allege that Plaintiff's unpaid balance owed to Stanley is approximately

19   $2,584,994.81. Plaintiff's attempts to calculate the accounts payable and accounts

20   receivable of Stanley contained in Paragraph 11 of the First Amended Complaint are

21   denied.

22       13.    Defendants are without sufficient information to form a belief as to the

23   truth of the allegations contained in Paragraphs 12 and 13 of Plaintiff's First Amended

24   Complaint. As such, these allegations are denied.

25       14.    Defendants deny the allegations in Paragraphs 14 through 19 of

26   Plaintiff's First Amended Complaint.

1     15.    Defendants affirmatively allege that damages alleged by RHA, if any,

2 were caused by delays occasioned by RHA's inability to obtain the Certificates of

3 Convenience and Necessity from by the Arizona Corporation Commission to own and

4 operate water and utilities companies within the State of Arizona. On information and

5 belief, Defendants allege that the Commission's approvals have been withheld due to

6 questions of the fitness of RHA and its principals – including Jim Rhodes - to own and

7 operate regulated utility companies.

8     16.    Defendants affirmatively allege that jurisdiction and venue are proper with

9 regard to all of the claims enumerated in Plaintiff's First Amended Complaint with the

10 exception that, according to 28 U.S.C. § 1338, this Court does not have subject matter

11 jurisdiction to hear or decide claims relating to copyright issues.

12 **COUNT ONE**

13 **(Breach of Contract)**

14     17.    Defendant Stanley denies the allegations in Paragraph 20 of Plaintiff's

15 First Amended Complaint.

16     18.    No cause of action is asserted in Count One of the First Amended

17 Complaint against Defendants Yamada, Hagel, Brown, Atwood and Frohnen. In the

18 event that any allegations of this Count are directed at these Defendants, they are

19 denied.

20     19.    Defendants have incurred, and will continue to incur, reasonable

21 attorneys' fees for answering and defending the Complaint, and they are entitled to

22 recover such reasonable attorneys' fees pursuant to A.R.S. §§ 12-341.01 and/or 12-

23 349, Rule 11, A.R.C.P., by contract, or otherwise by operation of law.

24 **COUNT TWO**<br>**(Bad Faith)**

25

26     20.    Defendant Stanley denies the allegations in Paragraph 21 of Plaintiff's

5

23

1    First Amended Complaint.

2        21.    No cause of action is asserted in Count Two of the First Amended

3    Complaint against Defendants Yamada, Hagel, Brown, Atwood and Frohnen. In the

4    event that any allegations of this Count are directed at these Defendants, they are

5    denied.

6                                **COUNT THREE**
                          **(Declaratory Relief and Replevin)**

7

8        In response to the allegations in Paragraph 22 of Plaintiff's First Amended

9    Complaint, Defendant Stanley affirmatively alleges that Stanley retains all ownership

10   rights and copyrights relating to any work product produced under the Contracts at

11   issue in this litigation.

12       22.    In response to the allegations contained in Paragraph 23 of Plaintiff's First

13   Amended Complaint, Stanley reserves the right to assert any claims or defenses

14   against Plaintiff for use of Stanley's copyrighted work product.

15       23.    Defendant Stanley denies the allegations in Paragraphs 24 and 25 of

16   Plaintiff's First Amended Complaint. Defendants affirmatively allege that Plaintiff has

17   not complied with A.R.S. § 12-1301, *et seq.*, and all claims regarding copyright issues

18   must be litigated in Federal Court per 28 U.S.C. § 1338.

19       24.    Defendants affirmatively allege that Plaintiff has not complied with Rule

20   11, A.R.C.P., and A.R.S. § 12-2404, by failing to verify its First Amended Complaint in

21   an action for Replevin.

22       25.    No cause of action is asserted in Count Three of the First Amended

23   Complaint against Defendants Yamada, Hagel, Brown, Atwood and Frohnen. In the

24   event that any allegations of this Count are directed at these Defendants, they are

25   denied.

26   / / /

### COUNT FOUR
### (Fraud)

26.    Defendant Stanley denies the allegations in Paragraphs 26 and 27 of Plaintiff's First Amended Complaint.

27.    No cause of action is asserted in Count Four of the First Amended Complaint against Defendants Yamada, Hagel, Brown, Atwood and Frohnen. In the event that any allegations of this Count are directed at these Defendants, they are denied.

### COUNT FIVE
### (Punitive Damages)

28.    Defendant Stanley denies the allegations in Paragraph 28 of Plaintiff's First Amended Complaint and affirmatively states that Plaintiffs are not entitled to punitive damages in this action.

29.    No cause of action is asserted in Count Five of the First Amended Complaint against Defendants Yamada, Hagel, Brown, Atwood and Frohnen. In the event that any allegations of this Count are directed at these Defendants, they are denied.

### COUNT SIX
### (Professional Negligence)

30.    Answering the allegation in Paragraph 29 of the First Amended Complaint, Defendants Yamada, Hagel, Brown, Atwood and Frohnen admit that they have a duty to exercise due care as professional engineers.  Except for this admission, the remainder of Paragraphs 29 is denied.

31.    The allegations contained in Paragraphs 30 through 35 of the First Amended Complaint are denied.

///

///

7

25

**AFFIRMATIVE DEFENSES**

32.    Plaintiff has failed to comply with A.R.S. §12-2602 and its First Amended Complaint should be stayed or dismissed.

33.    Plaintiff has not complied with Rule 11, A.R.C.P., by failing to verify its First Amended Complaint in an action for Replevin.

34.    The First Amended Complaint fails to state a claim for which relief may be granted and is barred by Rule 12(b)(6), A.R.C.P.

35.    Plaintiff acted contrary to sound and accepted practices in the real estate development industry and is comparatively negligent, for which it bears the sole comparative fault.

36.    At all times Defendants complied with the professional standard of care.

37.    Defendants' alleged negligence is not the proximate cause of the damages alleged.

38.    Plaintiff's recovery is barred or reduced by their failure to mitigate damages.

39.    The injuries and damages alleged were proximately caused by other persons or entities for whom Defendants are neither responsible nor liable, and such other persons or entities bear the sole comparative fault for such injuries and damages.

40.    Defendants affirmatively allege that Plaintiff has not suffered damage in the manner or amounts alleged.

41.    Defendants assert the following affirmative defenses: estoppel, anticipatory breach, waiver, statute of limitations, statute of frauds, lack of privity, non-occurrence of conditions precedent including without limitation Plaintiff's failure to pay Stanley for work that was completed and accepted, and Plaintiffs failure to perform its own contractual obligations; Plaintiff's initiation of construction without obtaining the necessary permits, the economic loss doctrine, the economic waste doctrine, any other

1 affirmative defense recognized by applicable law that future discovery, or disclosure

2 may support.

3     42.   In defending this First Amended Complaint, Defendants have incurred,

4 and will continue to incur, reasonable attorneys' fees, and in order that such claim is not

5 waived, Defendants affirmatively allege that they are entitled to recover their

6 reasonable attorneys' fees pursuant to A.R.S. §§ 12-341.01 and/or 12-349, Rule 11,

7 A.R.C.P., by contract, or otherwise by operation of law.

8     43.   Defendants reserve the right to amend their Answer to the First Amended

9 Complaint, to assert any other defenses allowed by Rule 8, A.R.C.P., or operation of

10 law, as further investigation of this claim reveals and permits;

11     Defendants request the entry of judgment in their favor as follows:

12     A.   That Plaintiff's First Amended Complaint is dismissed with prejudice and

13 that Plaintiff recovers nothing on its First Amended Complaint against Defendants;

14     B.   That Plaintiff's claim for punitive damages be denied;

15     C.   That this Court deny Plaintiff's request for an order declaring that Plaintiff

16 is entitled to use the work product of Stanley Consultants, Inc.;

17     D.   That this Court deny Plaintiff's request for issuance of a Writ of Replevin;

18     E.   For an award of Defendants' attorneys' fees and costs incurred in

19 defending Plaintiff's First Amended Complaint and pursuant to ARS § 12-341 and §

20 12-341.01 and the subject contract, with interest thereon at the maximum rate

21 permitted by law; and

22 ///

23 ///

24 ///

25 ///

26 ///

9

1    F.    For such other and further relief as the Court deems just and proper

2    under the circumstances.

3    DATED this 17<u>th</u> day of April 2008.

4                        **FOLK & ASSOCIATES, P.C.**

5

6

7    By: /s/ P. Douglas Folk
        P. Douglas Folk
8        pdfolk@folklaw.com
        Christopher D. C. Hossack
9        cdhossack@folklaw.com
        Heather K. Seiferth
10        hkseiferth@folklaw.com
        Attorneys for Defendants/Counter-Plaintiff

11

12                        <u>**COUNTER-CLAIM**</u>

13    Defendant/Counter-Plaintiff Stanley Consultants, Inc. ("Stanley"), for its

Counterclaim against Rhodes Homes Arizona, LLC ("RHA"), Rhodes Ranch General
14
Partnership, James M. Rhodes and Glynda Rhodes, and Rhodes Design and
15
Development Corporation d.b.a. Rhodes Homes, alleges as follows:
16
                        **GENERAL ALLEGATIONS**
17
    1.    This Court has jurisdiction over the parties and the subject matter of this
18
Counterclaim by reason of Plaintiff's Complaint in this action and pursuant to Rules
19
13(h), 19 and 20, *Arizona Rules of Civil Procedure*.
20
    2.    Counterclaimant Stanley is a corporation organized under the laws of the
21
State of Iowa and is authorized to conduct business in the State of Arizona.  Stanley
22
provides civil engineering services and is doing business in both Mohave County,
23
Arizona and Maricopa County, Arizona.
24
    3.    Plaintiff/Counter-Defendant RHA entered into one or more written
25
agreements with Stanley in which RHA promised to pay Stanley for civil engineering
26

1  services on various projects Mohave County, Arizona (collectively referred to as the
2  "Contract").

3      4.      Counter-Defendant Rhodes Ranch General Partnership ("RRGP"), upon
4  information and belief, is a Nevada general partnership, transacting business in
5  Arizona, that caused the acts alleged herein to occur in Mohave County, Arizona, and
6  Maricopa County, Arizona, and entered into one or more written agreements with
7  Stanley in which RRGP promised to pay Stanley for civil engineering services on
8  various projects Mohave County, Arizona (collectively referred to as the "Contract")..

9      5.      Counter-Defendant James M. Rhodes and Glynda Rhodes (collectively
10  "Rhodes"), upon information and belief, are husband and wife, residing in the State of
11  Nevada, who acted on behalf of their marital community.  Upon information and belief,
12  James M. Rhodes is a general partner of Counter-Defendant RRGP and entered into
13  one or more written agreements with Stanley in which Rhodes and RRGP promised to
14  pay Stanley for civil engineering services on various projects Mohave County, Arizona
15  (collectively referred to as the "Contract")..

16      6.      Counter-Defendant Rhodes Design and Development Corporation
17  ("RDDC"), is a Nevada corporation transacting business under its registered Nevada
18  trade name of Rhodes Homes. Upon information and belief, RDDC may also be a
19  general partner of RRGP.  RDDC is not authorized to transact business in the State of
20  Arizona, and entered into one or more written agreements with Stanley in which RDDC
21  and RRGP promised to pay Stanley for civil engineering services on various projects
22  Mohave County, Arizona (collectively referred to as the "Contract").

23      7.      Does I-X, ABC Partnerships I-X, and XYZ Corporations I-X, and are
24  fictitiously-identified Counter-Defendant whose true names and legal capacities are
25  presently unknown, who acted individually or in concert with those named Counter-
26  Defendants to cause those damages alleged and Stanley will seek leave to amend this

1  Counterclaim when the true names and interests of such Counter-Defendants are
2  ascertained.

### COUNT ONE
### (Breach of Contract)

8.    Stanley incorporates the allegations in paragraphs 1 through 7 of this Counterclaim as though fully set forth in this Count One.

9.    Plaintiff/Counter-Defendant RHA, together with those other Counter-Defendants named herein, and Stanley entered into one or more Consultant Agreements (the "Contracts"), and CounterDefendant  and Stanley fully performed professional services requested by Counter-Defendants under the Contracts until Counter-Defendants ordered Stanley to cease work.

10.    Stanley provided civil engineering services under the Contracts and issued invoices to Counter-Defendants for these services.  These services were accepted by Counter-Defendants, incorporated into Counter-Defendants' projects and planning for the projects and delivered to various governmental entities for approval, at the direction of Counter-Defendants.

11.    Counter-Defendants have not paid Stanley for its work and there is a remaining balance due to Stanley in excess of $2,584,994.81.

12.    Counter-Defendants are default of its obligations under the Contracts.

Stanley requests judgment against Counter-Defendants on Count One of Stanley's Counterclaim as follows:

A. For damages in excess of $2,584,994.81, the exact amount will be proved at trial, with pre-judgment interest, calculated at the statutory rate (A.R.S. §44-1201) of ten percent (10%) per annum on each invoice until paid, plus post-judgment interest on the cumulative amount calculated at the same statutory rate of ten percent until paid;

12

30

B. For its reasonable attorneys' fees incurred and to be incurred herein pursuant to the Contracts and A.R.S. §12-341.01 which, in the event of default, will not be less than $150,000.00;

C. For its costs incurred in this action pursuant to the terms of the Contract and A.R.S. §12-341; and

D. For such other and further relief as the court deems just and proper.

### COUNT TWO
### (Quantum Meruit)

13.    Stanley incorporates the allegations in paragraphs 1 through 12 of this Counterclaim as though fully set forth in this Count Two.

14.    Beginning in July 2004 Stanley provided civil engineering design services to Counter-Defendants under the Contracts in connection with various projects.

15.    Stanley provided the civil engineering services requested by Counter-Defendants in reliance on the promises of Counter-Defendants to pay the reasonable value of such civil engineering services.

16.    Counter-Defendants have failed and refused to pay Stanley for the reasonable value of the civil engineering services provided by Stanley, and as a consequence, Counter-Defendants have been unjustly enriched through its use of Stanley's civil engineering services in the improvement of the various projects.

17.    There remains due and owing to Stanley an amount in excess of $2,584,994.81 for the reasonable and agreed value of the civil engineering services provided by Stanley to Counter-Defendants.

Stanley requests judgment against Counter-Defendants on Count Two of Stanley's Counterclaim as follows:

A. For a determination that the fair and reasonable value of the civil engineering services provided by Stanley to Counter-Defendants, is in

1    excess of $2,584,994.81;

2    B. For damages in excess of $2,584,994.81, the exact amount to be proved at

3        trial, with pre-judgment interest, calculated at the statutory rate (A.R.S. § 44-

4        1201) of ten percent  (10%) per annum on each invoice until paid, plus post-

5        judgment interest on the cumulative amount calculated at the same statutory

6        rate of ten percent until paid;

7    C. For its reasonable attorneys' fees and costs, which in the event of default will

8        not be less than $150,000.00;

9    D. For its costs incurred in this action pursuant to the terms of the Contract and

10        A.R.S. §12-341;  and

11    E. For such other and further relief as the Court deems just and proper.

12
13                          **COUNT THREE**
                          **(Unjust Enrichment)**

14        18.    Stanley incorporates the allegations in paragraphs 1 through 17 of this

15    Counterclaim as though fully set forth in this Count Three.

16        19.    Stanley provided civil engineering services in connection with various real

17    estate development projects as requested by Counter-Defendants.

18        20.    On information and belief, Stanley alleges that the civil engineering

19    services it furnished to Counter-Defendants for the various projects have benefited

20    Counter-Defendants and the various projects.

21        21.    Counter-Defendants have been unjustly enriched through their use of

22    Stanley's civil engineering services in the improvement of various projects for which

23    Stanley has not been paid.

24        Stanley requests judgment against Counter-Defendants on Count Three of its

25    Counterclaim as follows:

26        A.    For a determination that the fair and reasonable value of the civil

14

32

1    engineering services provided by Stanley to Counter-Defendants is

2    in excess of $2,584,994.81;

3    B.    For damages in excess of $2,584,994.81, the exact amount will be

4    proved at trial, plus prejudgment interest,    until paid at the

5    statutory rate of ten percent (10%) per annum on each invoice,

6    pursuant to A.R.S. §44-1201;

7    C.    For its reasonable attorneys' fees and costs, which in the event of

8    default, will not be less than $150,000.00.

9    D.    For its costs incurred herein;

10    E.    For post-judgment interest at the statutory rate (A.R.S. § 44-1201)

11    of ten percent (10%) from the date of judgment on the cumulative

12    amount until payment thereon; and

13    F.    For such other and further relief as the Court deems just and

14    proper.

15    DATED this 18th day of April 2008.

16                            **FOLK & ASSOCIATES, P.C.**

17

18                            By: /s/ P. Douglas Folk
                                  P. Douglas Folk
19                                pdfolk@folklaw.com
                                  Christopher D. C. Hossack
20                                cdhossack@folklaw.com
                                  Heather K. Seiferth
21                                hkseiferth@folklaw.com
                                  Attorneys for Defendants/Counter-Plaintiff

22

23    Unless otherwise indicated below, the original of the foregoing was electronically filed
      through LexisNexis this 18th day of April 2008 with:

24

      Clerk of Superior Court                 (602) 506-2168          Mailed          ☐
25    Maricopa County Superior Court                                  Faxed/Emailed   ☐
      201 West Jefferson Avenue
26    Phoenix, AZ  85003

15

1    Unless otherwise indicated below, an electronic copy of the foregoing was sent through
     LexisNexis this <u>18</u>[th] day of April 2008 to:

2

3    The Honorable Pendleton Gaines                          Hand Delivered        ☐
     Maricopa County Superior Court                          Faxed/Emailed         ☐
     101 W. Jefferson, ECB-814
4    Phoenix AZ 85003-2005

5    Daryl L. Williams, Esq.                (602) 256-9400    Hand Delivered        ☐
     Baird, Williams & Greer, LLP                            Faxed/Emailed         ☐
6    6225 North 24th Street, Suite 125
     Phoenix, Arizona 85016
7    Attorneys for Plaintiff

8

9
     /s/ Kami Ellison
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Case 09-14814-lbr    Claim 48-1    Filed 08/05/09    Page 1 of 1

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Rhodes Design and Development Corporation | Case Number:<br>BK-S-09-14846 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Stanley Consultants, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>Janiece S. Marshall, Esq., Nevada Bar No. 4686<br>Anderson, McPharlin & Conners LLP, 777 N. Rainbow Bl. #145, Las Vegas NV 89107<br><br>Telephone number:<br>(702) 479-1010 | Court Claim Number:_____<br>(If known)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>Stanley Consultants, Inc.<br>5820 S. Eastern Avenue, #140, Las Vegas, NV  89119<br><br>Telephone number:<br>(702) 369-9396 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:    $                570,758.00 |
|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**   Services Rendered
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**   1963

**3a.** Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>07/31/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*signature* DAVID J. FROHNEN VICE PRESIDENT

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

STANLEY CONSULTANTS, INC., 5820 S. Eastern Av., #140, Las Vegas NV 89119
Tel. 702-369-9396

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Rhodes Ranch General Partnership | Case Number: BK-S-09-14844 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Stanley Consultants, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: Janlece S. Marshall, Esq., Nevada Bar No. 4686 Anderson, McPharlin & Conners LLP, 777 N. Rainbow Bl. #145, Las Vegas NV 89107  Telephone number: (702) 479-1010 | Court Claim Number: _____ (*If known*)  Filed on: _____ |
| Name and address where payment should be sent (if different from above): Stanley Consultants, Inc. 5820 S. Eastern Avenue, #140, Las Vegas, NV 89119  Telephone number: (702) 369-9396 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.  ☐ Check this box if you are the debtor or trustee in this case. |
| 1. Amount of Claim as of Date Case Filed:    $    570,758.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.  If all or part of your claim is entitled to priority, complete item 5.  ☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim.  ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. Basis for Claim:    Services Rendered (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor:    1760  3a. Debtor may have scheduled account as: _____ (See instruction #3a on reverse side.) | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). |
| 4. Secured Claim (See instruction #4 on reverse side.) Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.  Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other Describe:  Value of Property: $_____ Annual Interest Rate_____%  Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____ Basis for perfection: _____  Amount of Secured Claim: $_____ Amount Unsecured: $_____ | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).  ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).  ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | Amount entitled to priority:  $_____ |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)  DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.  If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
| Date: 07/31/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  *[signature]*  DAVID J. FROHNEN, VICE PRESIDENT | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

STANLEY CONSULTANTS, INC, 5820 S. Eastern Av., #140, Las Vegas NV 89119
Tel. 702-369-9396

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Rhodes Homes Arizona LLC | Case Number: BK-S-09-14882 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Stanley Consultants, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: Janiece S. Marshall, Esq., Nevada Bar No. 4686 Anderson, McPharlin & Conners LLP, 777 N. Rainbow Bl. #145, Las Vegas NV 89107 Telephone number: (702) 479-1010 | Court Claim Number:_____ *(If known)* Filed on:_____ |
| Name and address where payment should be sent (if different from above): Stanley Consultants, Inc. 5820 S. Eastern Avenue, #140, Las Vegas NV 89119 Telephone number: (702) 369-9396 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:        $            3,467,733.00 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. | |
| If all or part of your claim is entitled to priority, complete item 5. | |
| ☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim. |
| 2. Basis for Claim:   Services Rendered (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 3. Last four digits of any number by which creditor identifies debtor:   7248 | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3a. Debtor may have scheduled account as: _____ (See instruction #3a on reverse side.) | |
| 4. Secured Claim (See instruction #4 on reverse side.) Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. | |
| Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other Describe: | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). |
| Value of Property:$_____   Annual Interest Rate_____% | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). |
| Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____   Basis for perfection: _____ | |
| Amount of Secured Claim: $_____   Amount Unsecured: $_____ | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.) | Amount entitled to priority: $_____ |
| DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | | |
|---|---|---|
| Date: 07/31/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
| | *David J. Frohnen*   DAVID J. FROHNEN   VICE PRESIDENT | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1    **CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL**

2        I am employed in Los Angeles County. I am over the age of 18 years and not a party to

3    this action. My business address is Anderson, McPharlin & Conners LLP, 444 South Flower

4    Street, 31st Floor, Los Angeles, CA 90071.

5        I hereby certify that on this 19th day January, 2010, I did serve, via Electronic Mail by the

6    ECF system (a copy of the U.S. Bankruptcy Court's ECF service list is attached), a copy of the above

7    and foregoing **OBJECTION BY STANLEY CONSULTANT, INC TO REDUCTION IN**

8    **VALUATION OF CLAIMS FOR PURPOSES OF "TABULATION" AND AMENDED**

9    **DECLARATION OF BRIAN OSBORN CERTIFYING TABULATION OF BALLOTS**

10   **REGARDING VOTE ON SECOND AMENDED MODIFIED PLAN OF**

11   **REORGANIZATION (DOC. 914).**

12       I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th

13   of January, 2010.

14

15                    /s/   Lynn V. Mendiola

16                    _____
                     LYNN V. MENDIOLA
17                    Employee of ANDERSON, McPHARLIN &  CONNERS LLP

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
777 No. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

732177.1 5835.005

**ANDERSON, McPHARLIN & CONNERS LLP**
LAWYERS
777 No. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PARTIES

**COMMERCE ASSOCIATES, LLC**
c/o Janet L. Chubb
Jones Vargas
100 West Liberty St 12th Flr
P.O.Box 281
Reno, NV 89504
*Added: 04/17/2009*
*(Creditor)*

represented by

**JANET L. CHUBB**
JONES VARGAS
100 W LIBERTY ST 12TH FLR.
P. O. BOX 281
RENO, NV 89504-0281
(775) 786-5000
(775) 786 1177 (fax)
jlc@jonesvargas.com
*Assigned: 04/17/09*

**JANINA GUTHRIE**
1225 MONTEREY ST.
REDLANDS, CA 92373
*Added: 04/28/2009*
*(Creditor)*

**PALECEK**
PO BOX 225
RICHMOND, CA 94804
*Added: 04/28/2009*
*(Creditor)*

**JAMES RHODES**
c/o BRETT A. AXELROD, ESQ.
GREENBERG TRAURIG, LLP
3773 HOWARD HUGHES PKWY.
SUITE 400 NORTH
LAS VEGAS, NV 89169
702-792-3773
702-792-9002 (fax)
axelrodb@gtlaw.com
*Added: 04/14/2009*
*(Creditor)*

represented by

**BRETT A. AXELROD**
GREENBERG TRAURIG, LLP
3773 HOWARD HUGHES PKWY,
STE 400
LAS VEGAS, NV 89169
(702) 792-3773
(702) 792-9002 (fax)
lvecffilings@gtlaw.com
*Assigned: 04/14/09*

**SAGEBRUSH ENTERPRISES, INC.**
c/o BRETT AXELROD, ESQ.
GREENBERG TAURIG, LLP
3773 HOWARD HUGHES PARKWAY
SUITE 400 NORTH
LAS VEGAS, NV 89169
702-792-3773
702-792-9002 (fax)
axelrodb@gtlaw.com
*Added: 04/14/2009*
*(Creditor)*

represented by

**BRETT A. AXELROD**
GREENBERG TRAURIG, LLP
3773 HOWARD HUGHES PKWY,
STE 400
LAS VEGAS, NV 89169
(702) 792-3773
(702) 792-9002 (fax)
lvecffilings@gtlaw.com
*Assigned: 04/14/09*

**STEERING COMMITTEE OF SENIOR
SECURED LENDERS**
*Added: 04/01/2009*
*(Creditor)*

represented by

**NILE LEATHAM**
3320 W SAHARA AVE #380
LAS VEGAS, NV 89102
(702) 362-7800
(702) 362-9472 (fax)
nleatham@klnevada.com
*Assigned: 04/01/09*

732177.1 5835.005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
777 No. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

**THE RHODES COMPANIES, LLC**
4730 S. FT. APACHE #300
LAS VEGAS, NV 89147
Tax ID / EIN: 20-3613060
Added: 03/31/2009
*(Debtor)*

represented by

**TIMOTHY P. THOMAS**
KOLESAR & LEATHAM, CHTD.
3320 WEST SAHARA AVENUE
SUITE 380
LAS VEGAS, NV 89101
(702) 362-7800
(702) 362-9472 (fax)
tthomas@klnevada.com
*Assigned: 04/16/09*
*LEAD ATTORNEY*

**SHIRLEY S. CHO**
10100 SANTA MONICA BLVD
11TH FLOOR
LOS ANGELES, CA 90067
(310) 277-6910
scho@pszjlaw.com
*Assigned: 05/06/09*

**ZACHARIAH LARSON**
LARSON & STEPHENS
810 S. CASINO CENTER BLVD.
SUITE 104
LAS VEGAS, NV 89101
(702) 382-1170
(702) 382-1169 (fax)
ecf@lslawnv.com
*Assigned: 03/31/09*
*LEAD ATTORNEY*

**JAMES I STANG**
10100 SANTA MONICA BLVD #1100
LOS ANGELES, CA 90067
*Assigned: 05/06/09*

**U.S. TRUSTEE - LV - 11**
300 LAS VEGAS BOULEVARD S.
SUITE 4300
LAS VEGAS, NV 89101
USTPRegion17.lv.ecf@usdoj.gov
Added: 03/31/2009
*(U.S. Trustee)*

represented by

**EDWARD M. MCDONALD**
OFFICE OF U.S. TRUSTEE
300 LAS VEGAS BLVD., SO., STE 4300
LAS VEGAS, NV 89101
(702) 388-6600
edward.m.mcdonald@usdoj.gov
*Assigned: 04/28/09*

**WELLS FARGO BANK, N.A.**
Added: 04/16/2009
*(Creditor)*

represented by

**DON S DEAMICIS**
1 INTERNATIONAL PL
BOSTON, MA 02210
(617) 951-7732
*Assigned: 04/16/09*
*LEAD ATTORNEY*

**MARK R. SOMERSTEIN**
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
*Assigned: 04/16/09*
*LEAD ATTORNEY*

732177.1 5835.005

40

1

**Westar Kitchen & Bath, LLC**
c/o Williams & Wiese
612 South Tenth Street
Las Vegas, NV 89101
*Added: 05/11/2009*
*(Creditor)*

represented by

**DONALD H. WILLIAMS**
501 S. RANCHO DR. #D-22
LAS VEGAS, NV 89106
(702) 320-7755
(702) 320-7760 (fax)
DonaldHWilliamsLaw@gmail.com
*Assigned: 05/11/09*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
777 No. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

732177.1 5835.005

41