James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and Debtors in Possession

E-file: January 29, 2010

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]

Debtors.

Affects:

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

**No Hearing Required**

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-002\DOCS_LA:209157.2

☐ All Debtors
☒ Affects the following Debtor(s):
Pinnacle Grading, LLC

### NOTICE PURSUANT TO PARAGRAPH 3(F) OF THE FINAL STIPULATED ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, ETC. FOR AUTHORIZATION TO PAY PRE-PETITION AMOUNTS RE CITY OF FLAGSTAFF PROJECT (SECOND INSTALLMENT)

TO THE AGENT FOR THE FIRST LIEN LENDERS, THE AGENT FOR THE SECOND LIEN LENDERS, THE UNITED STATES TRUSTEE, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:

On April 30, 2009, the Bankruptcy Court for the above-captioned Debtors entered that *Final Stipulated Order (I) Authorizing Use of Cash Collateral, Etc.* [Docket No. 126] (the "Final Cash Collateral Order").  Pursuant to paragraph 3(f) of the Final Cash Collateral Order, the Debtors have identified certain pre-petition payments that they require to be made in their business judgment pursuant to the Budget, which payment is permissible pursuant to the procedure set forth in paragraph 3(f) of the Final Cash Collateral Order.  Specifically, the Final Cash Collateral Order provides that upon (i) the consent of the First Lien Steering Committee (through their financial advisor, Winchester Carlisle Real Estate Partners "WCP")) and (ii) upon no objection being received after five business days notice advance of any proposed payments to the following parties:  (a) Agent for the First Lien Lenders, (b) Agent for the Second Lien Lenders, (c) the U.S. Trustee, and (d) any counsel to any official committee of unsecured creditors appointed in these cases (the "Notice Parties"), that the Debtors shall be authorized to pay the pre-petition amounts identified in this Notice.

WCP has consented to the payments listed on **Exhibit A** hereto.  By this Notice, the Debtor Pinnacle Grading, LLC (the "Debtor") hereby provides notice to the Notice Parties that if any of the Notice Parties objects to such payments, such objection should be made within writing to the below counsel for the Debtor within five business days of the date of this Notice.

**Payment Of The Amounts On Exhibit A Are In The Best Interest Of The Estate**

1.  The Debtor has provided comprehensive land development services to the City of Flagstaff's Aspen Place project (the "City of Flagstaff Project").  Upon completion of the City of

73203-002\DOCS_LA:209157.2                    2

Flagstaff Project, the City of Flagstaff is obligated to pay to the Debtor approximately $2 million as a retention payment (the "Retention Payment").

2. The Debtor completed the City of Flagstaff Project. The City of Flagstaff has agreed to make the Retention Payment to the Debtor in two payments-- $1,228,848.68 of which was received in October 2009 (the "First Installment") and the remainder of approximately $846,000 remains to be received (the "Second Installment"). The First Installment was the subject of the previous Notice that the Debtor filed on October 13, 2008 [Docket No. 566]. The Second Installment is the subject of this Notice.

3. The Retention Payments by the City of Flagstaff to the Debtor is expressly contingent upon the Debtor paying the service providers for the City of Flagstaff Project, some of which may arguably hold pre-petition claims. In addition, the City of Flagstaff requires that the Debtor provide executed lien releases to the City of Flagstaff from the vendors that have received payments from the Debtor. The Debtor has set forth on Exhibit A the vendor that will be paid by the Second Installment of the Retention Payment pursuant to this Notice, which WCP has approved.

4. The City of Flagstaff requires that the Debtor pays off any vendor that has performed work on the City of Flagstaff Project in order for the Debtor to receive its Retention Payment. Because payment of the amounts on Exhibit A along with previous payments on account of the First Installment will result in a net cash positive to the estates in the amount of approximately $546,000, payment of the claims listed on Exhibit A is in the best interest of the estate. For the foregoing reasons, payment of the amounts on Exhibit A is in the best interest of the estates and all creditors hereto.

**DATED** this 22nd day of January, 2010.

**LARSON & STEPHENS**

　/s/ Zachariah Larson, Esq.　
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170

-and-

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100

Attorneys for Debtors and Debtors in Possession

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:209157.2

4

**Exhibit A**

| Creditor Name | Payment Amount |
|---|---|
| Sunland Asphalt | $300,000 |

**CERTIFICATE OF SERVICE**

1. On the 22nd day of January 2010, I served the following document(s) (specify):

    a. **NOTICE PURSUANT TO PARAGRAPH 3(F) OF THE FINAL STIPULATED ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, ETC. FOR AUTHORIZATION TO PAY PRE-PETITION AMOUNTS RE CITY OF FLAGSTAFF PROJECT (SECOND INSTALLMENT)**

2. I served the above-named document(s) by the following means to the persons as listed below:
*(check all that apply)*

    ☐ a.  **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*
    **09-14814-lbr Notice will be electronically mailed to:**

    ☐ b.  **United States mail, postage fully prepaid**
    *(List persons and addresses. Attach additional paper if necessary)*

    ☐ c.  **Personal Service** *(List persons and addresses. Attach additional paper if necessary)*

    I personally delivered the document(s) to the persons at these addresses:

    ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    ■ d.  **By direct email (as opposed to through the ECF System)**
    *(List persons and email addresses. Attach additional paper if necessary)*

    August B. Landis, US Trustee's Office        august.b.landis@usdoj.gov

    Philip C. Dublin
    Akin Gump Strauss Hauer & Feld LLP        pdublin@akingump.com

    Mark Somerstein                                        mark.somerstein@ropesgray.com
    Ropes & Gray LLP

    Ramon M. Naguiat                                    ramon.naguiat@skadden.com
    Skadden, Arps, Slate, Meagher & Flom LLP

    J. Thomas Beckett                                      TBeckett@parsonsbehle.com
    Parsons Behle & Latimer

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:209157.2

6

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

☐     **e.**     **By fax transmission**
*(List persons and fax numbers.  Attach additional paper if necessary)*

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

☐     **f.**     **By messenger** *(List persons and addresses.  Attach additional paper if necessary)*

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.  *(A declaration by the messenger must be attached to this Certificate of Service)*

☐     **g.**     **By overnight delivery.**

By sending by FEDERAL EXPRESS (standard next day delivery) to the addressee(s) as indicated on the attached list

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on (date): January 29, 2010

Shirley S. Cho                                  /s/Shirley S. Cho
(Name of Declarant)                          (Signature of Declarant)