James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Efile: February 1, 2010

Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors.<br><br>Affects: | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**Hearing Date:** February 11, 2010 |
|---|---|

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-002\DOCS_LA:214907.2

☒ All Debtors
☐ Affects the following Debtor(s):

**Time:** 9:30 a.m.
**Courtroom:** 1

# DEBTORS' STATEMENT IN SUPPORT OF CONFIRMATION OF THE SECOND AMENDED MODIFIED PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE FOR THE RHODES COMPANIES, LLC, ET AL.; DECLARATION OF PAUL D. HUYGENS IN SUPPORT THEREOF

The Second Amended Modified Plan of Reorganization (the "Plan") as proposed by the First Lien Steering Committee should be confirmed. The outcome of the Plan is positive for all stakeholders involved. On the Effective Date, the First Lien Lenders will purchase $1.5 million of undisputed unsecured claims held by approximately 170 creditors. What this means by the Debtors' estimation is that the Debtors' trade creditors who are necessary for go forward operations are receiving a 100% recovery under the Plan in a case where the secured lenders are not even projecting anywhere near a 100% recovery for themselves. Under the Plan, the Reorganized Debtors will continue to build out their developments in the state of Nevada. Not only will continued homebuilding maximize the value of the Debtors' remaining assets for the benefit of all creditors, but this will also produce a favorable outcome for the Las Vegas community in general.

Assuming that the new value corollary applies, the Court has required further briefing from the First Lien Steering Committee on the issue of the value of contribution of the Rhodes Entities under the Plan. The Debtors have consistently maintained that without the concessions from the Rhodes Entities as embodied in the Mediation Settlement and now under the Plan, a going forward plan of reorganization, whether proposed by the Debtors or the First Lien Steering Committee, simply would not have been possible for several reasons:

1. The Debtors' most valuable asset is the Rhodes Ranch development, which contains several hundred lots remaining to be developed and sold. The centerpiece of the Rhodes Ranch community, literally and figuratively, is a Ted Robinson-designed 18-hole championship golf course that the Rhodes Entities were required to purchase from the First Lien Lenders in December 2008. Because the golf course is now owned by a non-debtor, the Debtors do not have easements or any maintenance agreement in place with respect to the golf course that

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-002\DOCS_LA:214907.2

2

would be necessary to ensure that the golf course were optimally maintained to preserve the value of the Rhodes Ranch development. Under the Plan, the parties have worked out the necessary fix for this situation. Without an agreement on the golf course from the Rhodes Entities, a viable go-forward business plan would have been risky and uncertain. Thus, the Debtors concur with the First Lien Steering Committee's assessment of value that the resolution on the golf course as set forth in the Plan is of "indeterminable positive value" over and above the quantifiable values associated with the golf course of $8 million of appraised value and $2.1 million of equity.

2.      Under the Plan, the Rhodes Entities have agreed to maintain the bonds for a period of time to allow for an orderly transition of replacement bonds. Without the bonds in place, or the guaranty of the Rhodes Entities on the bonds in place, the Debtors would not be able to operate without posting cash deposits equivalent to the face amount of the bonds in many instances. Given the amount of the outstanding bonds, the Debtors would not have enough cash to backstop the bonds and the Reorganized Debtors would not be able to operate. Even if Debtors did have sufficient cash, the replacement of performance bonds is a lengthy endeavor, and the effort required would unnecessarily delay Debtors' ability to exit their bankruptcy proceedings quickly. Again, the cooperation of the Rhodes Entities on this point is an essential component of permitting the Debtors to reorganize and operate after the Effective Date.

3.      There are other intangible benefits as outlined in the First Lien Steering Committee's Supplemental Memorandum in the form of the Rhodes Entities' agreement to ensure a smooth transition on the licenses and the HOA board designations that all serve to maximize the value of these assets for the estates' creditors.

Ultimately, the Plan is the end product of not only extensive, good faith, arms-length negotiations between all of the key constituencies in this case, but also extensive diligence provided by the Debtors at the request of the First Lien Steering Committee. Each of the following constituencies, represented by counsel and advisors, have determined that the Plan is the best deal possible: The Debtors, the First Lien Steering Committee, the agent for the first lien lenders, the agent for the second lien lenders, the Official Committee of Unsecured

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1  Creditors, and the equity.  The Debtors believe that the Plan is in the best interests of all of their
2  constituents and should be confirmed.

4  **DATED** this 1st day of February, 2010.

**LARSON & STEPHENS**

  /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170

-and-

James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100

Attorneys for Debtors and Debtors in Possession

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:214907.2                    4

## Declaration of Paul D. Huygens

I, Paul D. Huygens, declare as follows:

1. I am the Senior Vice President of Special Projects for the above-captioned debtors and debtors in possession (the "Debtors"). I submit this Declaration to the above Debtors' Statement (the "Statement") in support of the Second Amended Modified Plan of Reorganization (the "Plan").

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (my own or that gathered from others within the Debtors' organization), my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtors. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. The Debtors support the Plan for the reasons set forth in the Statement. I believe that the Plan is in the best interests of all of the Debtors' constituents and should be confirmed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of February, 2010 at Las Vegas, Nevada.

*/s/Paul D. Huygens*
Paul D. Huygens

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169