James I. Stang, Esq. (CA Bar No. 94435)                    E-File:  February 8, 2010
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702.382.1170
Facsimile:  702.382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, et al.,[1]<br><br>Debtors. | Case No.: BK-S-09-14814-LBR<br><br>Chapter 11<br><br>Date:   February 11, 2010<br>Time:    9:30 a.m.<br>Place: Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

**DECLARATION OF PAUL D. HUYGENS IN RESPONSE TO STANLEY CONSULTANT INC.'S OPPOSITION TO FIRST LIEN STEERING COMMITTEE'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF SECOND AMENDED MODIFIED PLAN [DOCKET NO. 975]**

I, Paul D. Huygens, declare as follows:

**Qualifications**

1.      I am the Senior Vice President of Special Projects of the above-captioned Debtors and Debtors in possession.

2.      I was the Chief Financial Officer from mid 2004 through mid 2007 of the above-captioned debtors and debtors in possession (the "Debtors").  I was responsible for all areas of finance, accounting and treasury, including cash management and sourcing and closing debt transactions for the Debtors and its non-Debtor affiliates.  During my tenure as CFO, the Debtors consummated the senior secured credit facilities with Credit Suisse that are currently in place.

3.      Prior to my work with the Debtors, I was a manager of assurance and advisory services for Deloitte & Touche, LLP, with an emphasis in real estate.  I was responsible for coordinating Deloitte & Touche's efforts for numerous financial transactions including public equity offerings, public and private debt offerings, and purchase and merger transactions.  While at Deloitte & Touche, LLP, I also audited the Rhodes Homes' companies for 5 years, during which time I was intimately involved in the companies' financial reporting, accounting, and related controls.

4.      I am a member of the Nevada Society of Certified Public Accountants.

5.      The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

6.      This declaration is submitted in response to *Stanley Consultant Inc.'s Opposition to First Lien Steering Committee's Supplemental Memorandum of Law in Support of Confirmation of Second Amended Modified Plan* (the "Objection") [Docket No. 975].

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**The Stanley Objection Is Patently Misleading As To The Dealings Between The Debtors And Its Non-Debtor Affiliates**

7.      Without factual basis or support, in its Objection, Stanley accuses the Debtors and its non-Debtor affiliates of misappropriating Debtor resources to fund operations of its non-Debtor affiliates.  Nothing could be further from the truth nor does Stanley explain why such allegations are relevant to plan confirmation.  Even if relevant, the Reorganized Debtors under the Plan are reserving all claims against the non-Debtor affiliates for such claims.

8.      Stanley relies on the Declaration of David Frohnen, who himself is a defendant in the lawsuit currently pending against Stanley.  Mr. Frohnen alleges:

a.      "Debtors, Jim Rhodes and other nondebtor Rhodes entities used the Plans and Documents prepared by Stanley to entitle property owned not only by Debtors but also by Jim Rhodes and his other nondebtor Rhodes."  (Frohnen Decl., ¶ 19.B)

b.      "When Stanley inquired about Rhodes' source of funds to purchase land and design and develop the properties, Stanley was specifically told by Rhodes that it had $500 million of funding from Credit Suisse to prosecute the program in Arizona as he saw fit and that there was no credit risk to Stanley Consultants."  (Frohnen Decl., ¶ 23)

c.      "Stanley also performed services for the development of the master plan for the entire region of Golden Valley."  (Frohnen Decl., ¶ 31)

d.      "Upon information and belief based upon Stanley's work in this area, Affiant believes that this work was partially financed with proceeds of the Credit Suisse financing."  (Frohnen Decl., ¶ 32)

e.      "Jim Rhodes also had Stanley perform services on the Aztec Park and Well site adjacent, services that form part of the basis of Stanley's proof of claims.  The ownership of these improvements is not mentioned or identified in the mediation agreement."  (Frohnen Decl., ¶ 33)

9.      Based on Mr. Frohnen's assertions, Stanley appears to allege that certain non-Debtor projects were financed with proceeds from the Debtors' senior secured Credit Suisse facility.  During the years in question in which Stanley's claims allegedly arose (or 2005 through

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

2007 per Stanley's proofs of claims), I was the Chief Financial Officer for the Debtors.  During that time, the Debtors had a systematic method of accounting to reconcile amounts owing to and from its non-Debtor affiliates.  Not only did the Debtors keep track of what was owing to and from the non-Debtor affiliates, the Debtors and non-Debtors also engaged in year-end reconciliation to true up the amounts that were owed between the Debtors and non-Debtors.

10.     It is not clear from Mr. Frohnen's Declaration specifically what payments he believes were made by the Debtors on account of the non-Debtor affiliates.  Regardless, if any such payments were made, it was standard practice to duly record and reconcile those amounts as an intercompany payable or receivable in the ordinary course of business.

11.     Since I have been involved with the Debtors beginning in 1999 first as their auditor and then as Chief Financial Officer, the Debtors' books and records have been audited by Deloitte & Touche LLP on a yearly basis (with the exception of the most recent year because of the bankuptcy filing).  From the inception of the Credit Suisse credit facility in 2005, these audits included delineations between Debtor and non-Debtor financial positions and operating results.  To my knowledge, the Debtors have never received a qualifying opinion or management letter comments related to inaccurate intercompany allocations or reconciliations.

12.     Additionally, to alleviate concerns raised by the first lien senior secured lenders prior to the filing of the bankruptcy, the Debtors commissioned another independent auditing firm, Main Amundsen, to specifically review intercompany transactions since the inception of the Credit Suisse credit facility.  None of Main Amundsen's findings in any way involved Stanley Engineering projects.

13.     The Debtors' books and records are transparent and have been vetted by not only two separate independent accounting firms, but also the senior secured lenders in these cases.  As a requirement of the Credit Suisse credit facility, the Debtors were required to report all of their financial activity, including any amounts due to or from their non-Debtor affiliates.  During the course of these bankruptcy cases, the First Lien Steering Committee has conducted extensive diligence into the Debtors' activities including transactions with non-Debtor affiliates as well and have been satisfied enough to reach the deal that is captured in the Plan.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**The Debtors Will Duly Object to Stanley's Claims and Frohnen's Claims**

14.     It is true that the Debtors have not filed their objections to the Stanley proofs of claims.  Neither have the Debtors filed objections yet to the proof of claim filed by Mr. Frohnen.  The Debtors are in the process of analyzing these claims.  Either the Debtors or the Reorganized Debtors will duly file objections to these claims on or before the claim objection filing deadline set forth in the Plan.

15.     Rhodes Homes Arizona, LLC, one of the Debtors, has sued Stanley Consultants, Inc. and Mr. Frohnen, the chief engineer on the Stanley project, which action is currently pending in the State Court of Arizona (the "Stanley Suit").  As set forth in the Stanley Suit, a copy of which is attached hereto as **Exhibit A**, the Debtor is seeking in excess of $25 million from the defendants for bad faith, fraud, professional negligence, and breach of fiduciary duty.  The Debtor's asserted claim far exceeds the proofs of claim filed by Stanley against the Debtors.

16.     In support of Stanley's Objection, Mr. Frohnen alleges that work by Stanley enhanced or increased the "value" to the Debtors' land as follows:

a.     "These Area Plan approvals are valuable land entitlement improvements to the Arizona Properties."  (Frohnen Decl., ¶ 19.A)

b.     "Stanley performed the work on Red Lake and Hafley Ranch on the belief the Rhodes' ongoing development and homebuilding companies controlled and owned the properties that Stanley's contracts for the work improved the value of the land."  (Frohnen Decl., ¶ 29)

c.     "Stanley's work for this land increased its value."  (Frohnen Decl., ¶ 30)

17.     The above allegations are precisely why the Debtor has filed the Stanley Suit against the Defendants, which litigation is proceeding in the Superior Court of the State of Arizona.  In the Stanley Suit, the Debtor alleges that Frohnen and Stanley's work arose to the level of professional negligence and that their services did not provide any value to the Debtor.  (See Seconded Amended Compl. ¶¶ 16 – 20, 41 - 48).  Among other things, the Debtor asserts

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

that "Significant parts of work done by Stanley were ineffective" and that "Stanley's activities on behalf of Rhodes were dilatory and, contrary to the representations which had been made to Rhodes, involved activitites in which Stanley did not have experience so that Stanley's dilatoriness was exacerbated by its lack of familiarity with processes and requirements by governmental agencies." (*See* Second Amended Compl., ¶¶ 19 – 20).

18.     Discovery is ongoing in the Stanley Suit and no trial date has yet been set.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 6th day of February, 2010, at Las Vegas, Nevada.

*/s/ Paul D. Huygens*
Paul D. Huygens

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax : (702) 382-1169

# EXHIBIT A

BAIRD, WILLIAMS & GREER, L.L.P.
6225 NORTH 24TH STREET, SUITE 125
PHOENIX, ARIZONA 85016
TELEPHONE (602) 256-9400

Michael C. Blair (018994)

Attorneys for plaintiff/counterdefendants

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Rhodes Homes Arizona, LLC, an Arizona limited liability company, | No. CV2006-011358 |
| Plaintiff, | |
| vs. | **Second Amended Complaint** |
| Stanley Consultants, Inc., an Iowa corporation; Ken Yamada and Kristine M. Yamada, husband and wife; Steve Hagel and Carrie J. Wright-Hagel, husband and wife; Dennis Brown and Deborah S. Brown, husband and wife; Denis Atwood and Kimberly E. Atwood, husband and wife; David Frohnen and Christine H. Frohen, husband and wife; Henry Marquard, an individual; Gregs Thomopolus, an individual; Todd Frohnen, an individual; Evan Hamilton, an individual, | (Assigned to the Honorable Pendleton Gaines) |
| Defendants. | |

///

///

///

///

///

///

///

PL00686

| | |
|---|---|
| Stanley Consultants, Inc., an Iowa corporation, | ) ) ) |
| Counterclaimant, | ) ) |
| vs. | ) ) ) |
| Rhodes Homes Arizona, LLC, an Arizona limited liability company; Rhodes Ranch General Partnership, a Nevada general partnership; Rhodes Design and Development Corporation, a Nevada corporation; James M. Rhodes and Glynda Rhodes, husband and wife, | ) ) ) ) ) ) ) ) ) |
| Counterdefendants. | ) ) |

Plaintiff, Rhodes Homes Arizona, LLC ("Rhodes"), alleges for its second amended complaint as follows:

1.    Rhodes is an Arizona limited liability company which is in the process of developing master planned communities in Mohave County, Arizona.

2.    Defendant Stanley Consultants, Inc. ("Stanley") is an Iowa corporation with offices in Maricopa County, Arizona, which was engaged by Rhodes to do civil engineering and construction-related and development services. The transactions, events and occurrences giving rise to this claim occurred in Arizona.

3.    Defendant Ken Yamada is an engineer who was and may still be employed by Stanley who worked on Rhodes' projects in Mohave County. Upon information and belief, the actions of Mr. Yamada were done on behalf of his marital community. Kristine M. Yamada is named as a defendant for community property purposes.

4.    Defendant Steve Hagel is an engineer who was and may still be employed by Stanley who worked on Rhodes' projects in Mohave County. Upon information and belief, the actions

2

of Mr. Hagel were done on behalf of his marital community. Carrie J. Wright-Hagel is named as a defendant for community property purposes.

5.    Defendant Dennis Brown is an engineer who was and may still be employed by Stanley who worked on Rhodes' projects in Mohave County. Upon information and belief, the actions of Mr. Brown were done on behalf of his marital community. Deborah S. Brown is named as a defendant for community property purposes.

6.    Defendant Denis Atwood is an engineer who was and may still be employed by Stanley who worked on Rhodes' projects in Mohave County. Upon information and belief, the actions of Mr. Atwood were done on behalf of his marital community. Kimberly E. Atwood is named as a defendant for community property purposes.

7.    Defendant David Frohnen is an engineer who was and may still be employed by Stanley who worked on Rhodes' projects in Mohave County. Upon information and belief, the actions of Mr. Frohnen were done on behalf of his marital community. Christine H. Frohnen is David Frohnen's spouse.

8.    Defendant Christine H. Frohnen submitted a bid to the City of Kingman, Arizona, in April 2007 to purchase four one-acre well sites located in Rhodes' master planned development.

9.    Defendant Henry Marquard is Stanley's general counsel.

10.    Defendant Gregs Thomopolus is Stanley's CEO.

11.    Defendant Todd Frohnen is David Frohnen's brother. Upon information and belief, Todd Frohnen participated in Christine Frohnen's April 2007 bid to purchase the well sites.

12.    Defendant Evan Hamilton is David Frohnen's brother-in-law. Upon information and belief, Evan Hamilton participated in Christine Frohnen's April 2007 bid to purchase the well sites.

3

13. Rhodes is the actual contracting party with Stanley notwithstanding the fact that certain "consultant agreements" and other documents forming the basis of this action refer to Rhodes Design and Development Corporation and Rhodes Ranch General Partnership, neither of which is a proper party to this case.

14. Although Stanley's Phoenix office was involved in the work done for Rhodes, the bulk of the work was out of Stanley's Las Vegas office.

15. Stanley began working for Rhodes in approximately July 2004.

16. Stanley has billed Rhodes in excess of $7,000,000 for work it claims has been performed, and Rhodes has paid approximately $5,500,000, leaving an unpaid balance, according to Stanley, of approximately $1,500,000.

17. Stanley was employed by Rhodes because it represented it had the expertise and the experience to do the engineering and consulting work necessary to help Rhodes with the government approval process and the development of master planned communities in Mohave County efficiently and expeditiously. Stanley knew that Rhodes was relying upon its representations as to its expertise, acumen and capabilities for the development and necessary engineering and permitting of the projects being developed by Rhodes.

18. Rhodes specifically directed Stanley to stop work on certain projects, but Stanley disregarded instructions, and continued the projects and billings which resulted in payments to Stanley that did not have value to Rhodes.

19. Stanley's activities on behalf of Rhodes were dilatory and, contrary to the representations which had been made to Rhodes, involved activities in which Stanley did not have experience so that Stanley's dilatoriness was exacerbated by its lack of familiarity with processes and requirements by governmental agencies.

20. Significant parts of work done by Stanley were ineffective.

4

PL00689

21.     Rhodes has suffered damages because of the loss of good will at various government offices and agencies, including Mohave County, the Arizona Department of Environmental Quality, the Arizona Department of Water Resources, and the Arizona Corporation Commission.

22.     Rhodes has suffered damages occasioned by the delay in the development of the project.

23.     Rhodes has been damaged because of Stanley's over-billing.

24.     Rhodes will suffer damages because of the expenses which will be incurred because of Stanley's defective work.

25.     In April 2007, David and Christine Frohnen submitted a bid to the City of Kingman to purchase four one-acre well sites located within Rhodes' master planned development.

26.     David and Christine Frohnen used Whatcom Investments, an unorganized LLC, to submit their bid.

27.     David Frohnen has sworn under oath that Todd Frohnen and Evan Hamilton agreed to participate in the bidding process.

28.     Before submitting their bid, David Frohnen contacted Henry Marquard and Gregs Thomopulos regarding whether Stanley should submit a bid.

29.     Although Stanley did not bid on the well sites, both Henry Marquard and Gregs Thomopulos participated with David Frohnen and his wife in a plan to obtain the well sites in an attempt to hinder Rhodes' development of its property.

30.     David Frohnen, Henry Marquard, and Gregs Thomopulos knew that Rhodes needed the well sites to develop its property because Stanley prepared plans for the development.

31.     The Frohnens' bid was in competition with the bid Rhodes submitted.

32.     The city rejected all bids.

5

PL00690

## COUNT ONE
### (Breach of Contract—Stanley)

33.    Stanley's actions constitute a breach of numerous contracts entitling Rhodes to damages as will be proven at trial.

## COUNT TWO
### (Bad Faith—Stanley)

34.    Stanley violated its obligations of good faith and fair dealing in its relationships with Rhodes, entitling Rhodes to damages as will be proven at trial.

35.    Stanley acted in bad faith by acquiescing to the Frohnens submitting a bid for the purchase of the well sites.

36.    Stanley knew Rhodes intended to purchase the well sites from the City of Kingman.

37.    By allowing its manager to submit a bid to purchase the well sites in Rhodes' development, Stanley became a competitor to its former client thereby acting in bad faith.

## COUNT THREE
### (Fraud—Stanley)

38.    When Stanley induced Rhodes to enter into its relationships with respect to the various projects involved in this case, it materially misrepresented that it was competent and capable of doing the project when in fact it knew that these misrepresentations were false and that Rhodes did not know they were false.  Rhodes relied upon the representations as to Stanley's competency, had a right to rely upon them, and as a direct and proximate result, was damaged so that Rhodes is entitled to recover for those damages.

39.    During the course of the billing process, Stanley has intentionally misrepresented the work that it has done, these misrepresentations being material and the falsity of these representations being known to Stanley.  Stanley also knew that Rhodes did not know the falsity, made the representations with the intent that Rhodes would rely upon them, Rhodes did rely upon them, had the right to rely upon them, and as a result, overpaid Stanley.

6

## COUNT FOUR
### (Punitive Damages—Stanley)

40.    In all factual allegations in paragraphs 1-40, *supra*, Stanley acted to serve its own interests and knew or should have known, yet consciously disregarded, the substantial risk that its conduct might significantly injure the rights of others, including Rhodes, thereby entitling Rhodes to recover punitive damages.

## COUNT FIVE
### (Professional Negligence—Yamada, Hagel, Brown, Atwood, Frohnen)

41.    Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen owed Rhodes a duty to exercise due care in their work as professional engineers.

42.    The work performed by Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, fell below the professional standard of care when they failed to adequately coordinate work with Mohave County and other designers on the project.

43.    The work performed by Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, fell below the professional standard of care when they miscalculated the water and drainage issues at the project.

44.    The work performed by Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, fell below the professional standard of care when they designed a project which could not be built.

45.    The work performed by Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, fell below the professional standard of care when they proceeded with work on a project that was not fully designed.

46.    The work performed by Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, fell below the professional standard of care when they had the project staked.

7

PL00692

47.    Stanley's engineers Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen's breach of the standard of care was a proximate cause of Rhodes' damages.

48.    By submitting a bid on the well sites, David Frohnen violated the engineer's professional code of conduct.

### COUNT SIX
**(Interference With Prospective Business Relations—Stanley, David Frohnen, Christine Frohnen)**

49.    Rhodes had prospective business relations with the City of Kingman for the purchase of the four one-acre well site parcels in Rhodes' development.

50.    Stanley and the Frohnens knew of Rhodes' prospective business relations with the City of Kingman.

51.    By allowing its manager to submit a competing bid to purchase the well sites, Stanley interfered with and prevented Rhodes from acquiring or continuing its prospective business relations with the City of Kingman.

52.    By submitting a competing bid to purchase the well sites, the Frohnens interfered with and prevented Rhodes from acquiring or continuing its prospective business relations with the City of Kingman.

53.    Stanley's and the Frohnens' interference with Rhodes' prospective business relations with the City of Kingman was improper.

54.    Rhodes was damaged by Stanley's and the Frohnens' interference with its prospective business relations with the City of Kingman in an amount to be determined at trial.

### COUNT SEVEN
**(Breach of Fiduciary Duty—Stanley, David Frohnen)**

55.    Rhodes placed a high degree of trust in Stanley's abilities and the abilities of Stanley's professional engineers.

56.    Rhodes relied upon Stanley's professed expertise.

8

57.    Rhodes entrusted the entire government-permitting process for its development to Stanley because of its purported expertise.

58.    David Frohnen is a professional engineer so he is subject to the engineer's professional code of conduct.

59.    Stanley and David Frohnen owed Rhodes a fiduciary duty of care.

60.    Stanley breached its fiduciary duty to Rhodes when it allowed David and Christine Frohnen to submit a competing bid on the four one-acre well sites.

61.    David Frohnen breached his fiduciary duty to Rhodes when he and Christine Frohnen submitted a competing bid on the four one-acre well sites.

62.    Rhodes was damaged by Stanley's and David Frohnen's breaches of their fiduciary duties in an amount to be determined at trial.

**COUNT EIGHT**
**(Conspiracy to Commit Tortious Acts—Stanley, David Frohnen, Christine Frohnen, Todd Frohnen, Evan Hamilton, Henry Marquard, Gregs Thomopulos)**

63.    David Frohnen, Christine Frohnen, Todd Frohnen, Evan Hamilton, Henry Marquard, Gregs Thomopulos, and Stanley acted in concert with each other to interfere with Rhodes' prospective business relations with the City of Kingman, to assist Stanley in its acts of bad faith, and to assist Stanley and David Frohnen to breach their fiduciary duties owing to Rhodes.

64.    David Frohnen, Christine Frohnen, Todd Frohnen, Evan Hamilton, Henry Marquard, Gregs Thomopulos, and Stanley gave substantial assistance or encouragement to each other to assist in the interference with Rhodes' prospective business relations with the City of Kingman, to assist Stanley in its acts of bad faith, and to assist Stanley and David Frohnen to breach their fidiciary duties owing to Rhodes.

9

65. Rhodes was damaged by the actions of David Frohnen, Christine Frohnen, Todd Frohnen, Evan Hamilton, Henry Marquard, Gregs Thomopulos, and Stanley in an amount to be determined at trial.

**COUNT NINE**
**(Punitive Damages—Stanley, David Frohnen, Christine Frohnen, Henry Marquard, Gregs Thomopulos)**

66. The actions taken by Stanley, David Frohnen, Christine Frohnen, Henry Marquard, and Gregs Thomopulos to interfere with Rhodes' prospective business relations and to breach the fiduciary duty Stanley and David Frohnen owed to Rhodes were done willfully and recklessly, in wanton disregard for the intended harm it would cause Rhodes if Rhodes could not purchase the four well sites.

67. Because the actions of Stanley, David Frohnen, Christine Frohnen, Henry Marquard, and Gregs Thomopulos were done with an evil hand guided by an evil mind to injure Rhodes, punitive damages should be awarded in an amount to be determined at trial.

Wherefore, judgment is demanded as follows:

A. awarding Rhodes damages against Stanley for breach of contract, bad faith, and fraud as will be established at trial;

B. awarding Rhodes punitive damages against Stanley, David Frohnen, Christine Frohnen, Henry Marquard, and Gregs Thomopulos in an amount to be determined at trial;

C. awarding Rhodes damages against Ken Yamada, Steve Hagel, Dennis Brown, Denis Atwood, and David Frohnen, and their respective marital communities, for their professional negligence in an amount to be determined at trial;

D. awarding Rhodes damages against Stanley, David Frohnen, and Christine Frohnen for their interference with business relations;

10

1    E.      awarding Rhodes damages against Stanley and David Frohnen for their breaches of

2  the fiduciary duty they owed to Rhodes;

3    F.      awarding Rhodes damages against Stanley, David Frohnen, Christine Frohnen, Todd

4  Frohnen, Evan Hamilton, Henry Marquard, and Gregs Thomopulos for their conspiracy to commit

5  tortious acts;

6    G.      awarding Rhodes attorney fees and costs pursuant to contract and statute;

7    H.      awarding Rhodes pre- and post-judgment interest at 10% per annum on all amounts

8  awarded until paid in full; and

9    I.      for such other relief as the court deems appropriate.

10    Respectfully submitted this 12th day of June 2008.

11

12

13                                          Michael C. Blair
                                            Baird, Williams & Greer, L.L.P.
14                                          6225 North 24th Street, Suite 125
                                            Phoenix, Arizona 85016
15                                          Attorneys for Rhodes Homes Arizona, LLC

16  The original of the foregoing
    was electronically filed through
17  LexisNexis this 12th day of
    June 2008, with:

18
    Clerk of the Superior Court
19  Maricopa County Superior Court
    201 West Jefferson Avenue
20  Phoenix, Arizona  85003

21  A copy of the foregoing was
    mailed this 12th day of June
22  2008, to:

23  The Honorable Pendleton Gaines
    Maricopa County Superior Court
24  101 W. Jefferson, ECB-814
    Phoenix, Arizona  85003-2005

25

                            11

PL00696

1  An electronic copy of the foregoing
   was sent through LexisNexis and
2  mailed this same date to:

3  P. Douglas Folk
   Christopher Hossack
4  Heather Seiferth
   *Folk & Associates*
5  One Columbus Plaza, Suite 600
   3636 North Central Avenue
6  Phoenix, Arizona  85012-8503
   Attorney for defendants/counterclaimant/
7   third party plaintiff

8

9  _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

12

PL00697

Your transaction has been successfully submitted to LexisNexis File & Serve. Your transaction information appears below. To print this information for your records, click anywhere on the transaction information, then click the browser Print button.
To perform another transaction, click **Begin a New Transaction.**
To exit File & Serve, click **Return to My File & Serve.**

   *TIP:*  Receive notifications of new Filing & Service activity that match your search criteria. Click on the Alerts tab.

## LexisNexis File & Serve Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 20217996 |
| **Submitted by:** | Gail Rossi, Baird Williams & Greer LLP |
| **Authorized by:** | Michael C Blair, Baird Williams & Greer LLP |
| **Authorize and file on:** | Jun 12 2008 9:39AM MST |

| | |
|---|---|
| **Court:** | AZ Maricopa County Superior Court |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Complex Civil |
| **Case Type:** | Tort Non-Motor Vehicle - Other |
| **Case Number:** | CV2006011358 |
| **Case Name:** | Rhodes Homes Arizona LLC vs Stanley Consultants Inc |

| | |
|---|---|
| **Transaction Option:** | File and Serve |
| **Billing Reference:** | Rhodes/Stanley |

**Documents List**
**1 Document(s)**
**Attached Document, 12 Pages   Document ID: 15469727**

PDF Format  |  Original Format

| | | | |
|---|---|---|---|
| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
| Amended Complaint | Public | $0.00 | |

**Document title:**
Second Amended Complaint

Expand All

⊟ **Sending Parties (1)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Rhodes Homes Arizona LLC | Plaintiff | Williams, Daryl | Baird Williams & Greer LLP | Attorney in Charge |

⊟ **Recipients (3)**

⊟ **Service List (3)**

| Delivery Option | Party | Party Type | Attorney | Firm | Attorney Type | Method |
|---|---|---|---|---|---|---|
| Service | Stanley Consultants Inc | Defendant | Hossack, Christopher Dc | Folk & Associates PC-Phoenix | Co-Counsel | E-Service |
| Service | Stanley Consultants Inc | Defendant | Folk, P Douglas | Folk & Associates PC-Phoenix | Attorney in Charge | E-Service |
| Service | Stanley Consultants Inc | Defendant | Seiferth, Heather K | Folk & Associates PC-Phoenix | Co-Counsel | E-Service |

⊟ **Additional Recipients (0)**

⊞ **Case Parties**

Begin a New Transaction    Return to My File & Serve    Print



About LexisNexis | Terms & Conditions | Privacy | Customer Support – 1-888-529-7587
Copyright © 2008 LexisNexis®. All rights reserved.

| | |
|---|---|
| **From:** | "LexisNexis File & Serve" <efile@fileandserve.lexisnexis.com> |
| **To:** | <Grossi@bwglaw.net> |
| **Date:** | 6/12/2008 9:42:46 AM |
| **Subject:** | Case: CV2006011358; Transaction: 20217996 Transaction Receipt |

To: Gail M Rossi
Subject: Transaction Receipt

This email is to confirm receipt of your documents. The transaction option you selected was "File And Serve". The details for this transaction are listed below.

Court:                               AZ Maricopa County Superior Court
Case Name:                      Rhodes Homes Arizona LLC vs Stanley Consultants Inc
Case Number:                   CV2006011358
Transaction ID:                  20217996
Document Title(s):
        Second Amended Complaint (12 pages)
Authorized Date/Time:       Jun 12 2008  9:39AM MST
Authorizer:                         Michael C Blair
Authorizer's Organization:  Baird Williams & Greer LLP
Sending Parties:
        Rhodes Homes Arizona LLC
Served Parties:
        Stanley Consultants Inc

Thank you for using LexisNexis File & Serve.

Questions? For prompt, courteous assistance please contact LexisNexis Customer Service by phone at 1-888-529-7587 (24/7).