JANIECE S. MARSHALL, ESQ., Nevada Bar No. 4686
jm@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
777 North Rainbow Boulevard, Suite 145
Las Vegas, Nevada 89107
Telephone: (702) 479-1010 ♦ Facsimile: (702) 479-1025

Attorneys for Creditor,
*Stanley Consultants, Inc.*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re | Case No. BK-S-09-14814-LBR |
|---|---|
| THE RHODES COMPANIES, LLC, | Chapter 11 |
| Debtor. | **STANLEY CONSULTANTS, INC.'S OBJECTION TO PROPOSED THIRD AMENDED PLAN (DOC. # 1013)** |
| Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s),<br>Apache Framing, LLC<br>Batcave, LP<br>Bravo, Inc.<br>Chalkline, LP<br>Elkhorn Partners, a Nevada LP<br>Geronimo Plumbing, LLC<br>Glynda, LP<br>Gung-Ho Concrete, LLC<br>Heritage Land Company LLC<br>Jackknife, LP<br>Overflow, LP<br>Parcel 20, LLC<br>Pinnacle Grading, LLC<br>Rhodes Homes Arizona, LLC<br>Rhodes Arizona Properties, LLC<br>The Rhodes Companies, LLC<br>Rhodes Ranch Golf Country Club, LLC<br>Rhodes Ranch General Partnership<br>Six Feathers Holdings, LLC<br>Tribes Holdings, LLC<br>Tick, LP<br>Tuscany Golf Country Club, LLC<br>Wallboard, LP | |

778763.1 5835.005

Stanley Consultants Inc. objects to the Third Amended Modified Plan (Doc. #1013) ("Plan") for the reasons set forth below. Stanley notes that it lodged its objections to the First Lien Steering Committee; however, the First Lien Steering Committee proceeded with filing the Plan without giving Stanley or any other Creditor meaningful opportunity to analyze the revised provisions. *Exhibit 1, Marshall Correspondence to First Lien Steering Committee.*

### 1. Debtors Have Now Revealed that the "Arizona Assets" Includes "Engineering Plans"

The Rhodes Entities have now revealed that the Arizona Assets include "engineering plans" rather than merely the parcels, an old trailer and the Golden Valley Ranch trademark as testified to by Mr. Paul D. Huygens during the Hearing on Thursday, February 11, 2010 and represented to the Court. *Exhibit 2, proposed Exhibit 3 Arizona Assets, Intangibles, at 3.*

Pursuant to a list prepared by Debtors provided to Stanley late this afternoon, the "Intangibles" included in the Arizona Assets are: "All architectural and engineering drawings, plus work product associated with Pravada and Golden Valley Ranch." *Id.*

As set forth in Stanley's Objection to Disclosure Statement (Doc. #975) and as ordered by this Court in accepting the beneficial modification proffered by the First Lien Steering Committee, the Debtors and the Rhodes Nondebtor Entities, no transfer of intellectual property rights would occur where the rights did not exist. Stanley provided the Court with the copyrights of the engineering work provided by Stanley for which Stanley has not been paid and is the subject of Stanley's three proofs of claim (POC 48, 49 and 52), as well as Stanley's counterclaims against the Debtors in the Arizona state court litigation.

Upon receipt of the Arizona Assets, Stanley requested that the First Lien Steering Committee specify which "engineering plans" are included in the Arizona Assets. Stanley requested the information to determine whether the engineering plans were prepared by Stanley or prepared by another that used or relied upon Stanley's work. The First Lien Steering Committee did not provide the requested information, but elected not attach Exhibit 3 to the Plan opting to replace it with the following language: "Approximately 1,400 acres of land in Arizona, including four model homes, four partially-completed homes, and miscellaneous office equipment and other items of personal property including certain intellectual property."

Now that Debtors have revealed that the "certain intellectual property" includes engineering plans, Stanley is entitled to full disclosure of the engineering plans to determine if the plans were prepared by Stanley or prepared by another that used or relied upon Stanley's intellectual property. The First Lien Steering Committee should not be permitted to rush through this Plan given that this Court ordered that no intellectual property rights which Debtors had no right to transfer, including Stanley's intellectual property rights, would not be included in the Arizona Assets.

2. **Stanley Objects to Provisions in Article IV Section U of the Plan**

Stanley objects to certain provisions included in Article IV, Subsection U to the Plan as they were not authorized by the Court when the Court accepted the beneficial modification of the Plan and because it appears that the provisions unfairly benefit only the Rhodes Nondebtor Entities. *See Plan, Doc. 1013, Art. IV, Sec. U, at 34.* Stanley requested authorization for including these provisions, but the Committee did not provide.

First, and at minimum, Stanley requests that the Court give Stanley and the other Creditors a meaningful opportunity to analyze and review the Plan as well as the late-disclosed Arizona Assets. The First Lien Steering Committee provided the revised Plan and the list of the Arizona Assets to Stanley's counsel late this afternoon. Stanley requested the basis for the inclusion of the language, objected and requested revisions. The First Lien Steering Committee refused and proceeded with filing the Plan in order to have the Court enter the order approving the Plan before the Honorable Linda B. Riegle leaves to go out of town.

Second, the First Lien Steering Committee has included provisions never ordered by the Court. For example, the Court ordered that it would approve the Arizona Assets Sale Procedures. The Court did not order that First Lien Steering Committee, Debtors or the Rhodes Nondebtor Entities would have approval of those procedures. Article IV, Section U of the proposed Plan provides: "The terms of the of the Arizona Assets Sale Order shall be acceptable to the First Lien Steering Committee, the Reorganized Debtors and the winning bidder for the Arizona Assets." This is not what the Court ordered. The Court ordered that she would determine the Arizona Assets Sale Procedures.

Additionally, Stanley further objects to inclusion of a provision within Article IV, Section U, crafted by the First Lien Steering Committee, Debtors and the Rhodes Nondebtor Entities, not ordered by the Court, that appears to permit the Rhodes Nondebtor Entities to obtain a transfer of stock and therefore is unfairly benefiting the Rhodes Nondebtor entities, namely:

"The Arizona Assets may be transferred through the winning bidder's acquisition of the stock of Rhodes Arizona Properties LLC and Elkhorn Investments, Inc., in each case, as reorganized and certain assets of Rhodes Homes Arizona LLC." *See Amended Chapter 11 Plan, Doc. #1013, Art. IV, Sec. U, at 34.*

Stanley objects to this provision for the following reasons:

1. No request was made to permit a stock transfer after the Court ordered the Arizona Assets to be sold at public sale;

2. Stanley and other Creditors have not been given sufficient opportunity to determine what this provision means or why it was included. Stanley repeatedly requested that the language be removed and or revised, but the First Lien Steering Committee refused to provide any basis for including the language or why the transfer of stock should be permitted. It would appear that only the Rhodes Nondebtor Entities would benefit from such a provision. Given that only the Rhodes Nondebtor Entities would benefit from such a provision this provision should not be included.

For the above reasons, Stanley objects to the proposed Third Amended Modified Plan and requests that the Court deny entry of order approving the Plan.

February 16, 2010

Respectfully submitted,

ANDERSON, McPHARLIN & CONNERS LLP

By _____
Janiece S. Marshall, Esq.
777 North Rainbow Boulevard, Suite 145
Las Vegas, Nevada 89107
Telephone (702) 479-1010
Attorneys for Creditor, Stanley Consultants, Inc.

## CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL

I am employed in Clark County. I am over the age of 18 years and not a party to this action. My business address is Anderson, McPharlin & Conners LLP, 777 North Rainbow Boulevard, Suite 145, Las Vegas, Nevada 89107.

I hereby certify that on this 18th day February 2010, I did serve, via Electronic Mail by the ECF system (a copy of the U.S. Bankruptcy Court's ECF service list is attached), a copy of the above and foregoing **STANLEY CONSULTANTS, INC.'S OBJECTION TO PROPOSED THIRD AMENDED PLAN (DOC. # 1013)** as follows:

Pachulski Stang Ziehl & Jones LLP
Attn: James I. Stang
10100 Santa Monica Boulevard #1100
Los Angeles, CA 90067

Larson & Stephens
Attn: Zachariah Larson
810 S. Casino Center Boulevard, Suite 104
Las Vegas, NV 89101

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin
One Bryant Park
New York, NY 10036

Kolesar & Leatham, Chtd.
3320 West Sahara Avenue, Suite 380
Las Vegas, NV 89102

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of February, 2010.

_____
JULIE A. GARCIA
Employee of ANDERSON, McPHARLIN & CONNERS LLP

778763.1 5835.005

5