Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NV 89102
Telephone:  702.979.2357
Facsimile:  702.362.9472
E-Mail:    nleatham@klnevada.com

Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 2684637)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone:  212.872.1000
Facsimile:  212.872.1002
E-Mail:    pdublin@akingump.com
           aqureshi@akingump.com

*Electronically Filed*
*February 19, 2010*

*Counsel for the First Lien Steering Committee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: § | Case No. 09-14814-LBR |
| § | (JointlyAdministered) |
| THE RHODES COMPANIES, LLC, § | |
|    aka "Rhodes Homes," *et al.*, § | Chapter 11 |
| § | |
| Debtors.[1] § | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

| | |
|---|---|
| Affects:  §<br>☒ All Debtors  §<br>☐ Affects the following  §<br>  Debtor(s)  § | **FIRST LIEN STEERING COMMITTEE'S REPLY TO STANLEY CONSULTANTS, INC.'S OBJECTION TO PROPOSED THIRD AMENDED PLAN** |

The First Lien Steering Committee (the "First Lien Steering Committee"), consisting of certain unaffiliated lenders under the Credit Agreement dated as of November 21, 2005 among Heritage Land Company, LLC, The Rhodes Companies, LLC, and Rhodes Ranch General Partnership, as the Borrowers, the Lenders Listed Therein as the Lenders (collectively, the "First Lien Lenders"), and Credit Suisse, Cayman Islands Branch, as Administrative Agent, Collateral Agent, Syndication Agent, Sole Bookrunner and Sole Lead Arranger, by and through its undersigned counsel, hereby files this Reply (the "Reply") to Stanley Consultants, Inc.'s ("Stanley") Objection to Proposed Third Amended Plan (the "Stanley Objection"). In support of this Reply, the First Lien Steering Committee respectfully represents as follows:

**REPLY[2]**

1. On February 18, 2010, the First Lien Steering Committee filed its Third Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (the "Plan") to reflect, among other things, certain changes announced on the record at the Confirmation Hearing held on February 11 and 12, 2010. More specifically, the Plan was amended to provide that the Arizona Assets will be sold pursuant to a public auction rather than transferred to the Rhodes Entities in connection with the Mediation Settlement.

2. By the Stanley Objection, Stanley objects to the Plan on the grounds that the

---
[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

Plan allegedly includes provisions that (i) improperly vest the First Lien Steering Committee, the Reorganized Debtors and the Rhodes Entities (the "Parties") with the ability to approve the bid procedures pursuant to which the Arizona Assets will be sold and (ii) unfairly benefit the Rhodes Entities by providing that the Arizona Assets may be transferred through the winning bidder's acquisition of the stock of the Debtor entities that own the Arizona Assets. In addition, Stanley alleges that the First Lien Steering Committee has not adequately disclosed the nature of the intellectual property to be transferred in connection with the sale of the Arizona Assets.

3. As an initial matter, Stanley's assertion that the Plan improperly vests the Parties with the authority to determine the procedures pursuant to which the Arizona Assets will be sold is simply inaccurate and inconsistent with the proposed language of the Plan. The Parties have always intended that the bid procedures would be approved by order of the Court. As proposed, the Plan merely provides that the Parties will agree in advance on the form of the bid procedures to be submitted for the Court's approval. See Plan, Art. IV.U. Nevertheless, in order to avoid unnecessary delay in the Debtors' Chapter 11 Cases, the First Lien Steering Committee has agreed to strike that portion of Article IV.U of the Plan that requires the bid procedures to be acceptable to all Parties. Article IV.U will instead provide solely that the bid procedures will be submitted to the Court for approval.[3]

4. The First Lien Steering Committee also disputes Stanley's assertion that the provisions of the Plan relating to the transfer of the Arizona Assets through the acquisition of stock unfairly benefits the Rhodes Entities. As proposed, the Plan provides that "the Arizona Assets may be transferred through the winning bidder's acquisition of the stock of

---

[3] A blackline showing the modifications to the Plan described herein is attached as Exhibit A hereto.

3

Rhodes Arizona Properties LLC and Elkhorn Investments, Inc., in each case, as reorganized, and certain assets of Rhodes Homes Arizona LLC." <u>See</u> Plan, Art. IV.U.  Because this language is merely permissive and does not by its terms apply only to the Rhodes Entities, the First Lien Steering Committee does not believe that this provision provides an unfair benefit to the Rhodes Entities.  Notwithstanding the foregoing, in the interest of facilitating the Debtors' expeditious emergence from chapter 11, the First Lien Steering Committee will modify Article IV.U of the Plan to provide that the Arizona Assets will be transferred in a manner to be agreed upon with the winning bidder.

5. Finally, the First Lien Steering Committee believes that Stanley's assertion that the nature of intellectual property to be transferred in connection with the sale of the Arizona Assets has not be adequately disclosed should not delay the confirmation of the Plan.  As an initial matter, Stanley's assertion that it is only now learning which assets constitute the Arizona Assets is simply not true.  A draft list of assets comprising the Arizona Assets was included in Exhibit M to the Disclosure Statement, which Exhibit was filed on November 12, 2009 (Docket No. 713).  Moreover, the Debtors intend to file a motion (the "<u>Bid Procedures Motion</u>") in the near term seeking the Court's approval of bid procedures pursuant to which the Arizona Assets will be sold.  Among other things, the Bid Procedures Motion will set forth the date, subject to the Court's approval, on which a list of the Arizona Assets to be auctioned will be filed with the Court.  If, at that time, Stanley determines that the Arizona Assets include intellectual property that may not be transferred by the Debtors, Stanley may file an objection to the inclusion of such intellectual property in the sale of the Arizona Assets.

6. Based on the foregoing, the Stanley Objection should be overruled.  The First

4

Lien Steering Committee will modify the Plan as described herein to address Stanley's concerns regarding (i) the approval of bid procedures pursuant to which the Arizona Assets will be sold, and (ii) the transfer of the Arizona Assets through the acquisition of stock in the Debtor entities that own such assets.  In addition, Stanley will have ample opportunity to object, if necessary, to the sale of the Arizona Assets if Stanley determines that the Debtors are seeking to transfer intellectual property in which the Estates do not have an interest.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the First Lien Steering Committee respectfully requests that the Court (i) overrule the Stanley Objection, (ii) enter an order confirming the Plan and (iii) grant the First Lien Steering Committee such other and further relief as is just, proper and equitable.

Dated this 19th day of February, 2010.

By:  /s/ Philip C. Dublin
Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NV 89102
(702) 979-2357 (Telephone)
(702) 362-9472 (Facsimile)
Nleatham@klnevada.com

AKIN GUMP STRAUSS HAUER & FELD LLP
Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 2684637)
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
pdublin@akingump.com
aqureshi@akingump.com

*Counsel for the First Lien Steering Committee*

**Exhibit A**