Daryl M. Williams, Esq. (004631)
BAIRD, WILLIAMS & GREER, L.L.P.
6225 North 24 Street, Suite 125
Phoenix, Arizona 85016
Telephone: (602) 256-9400
Facsimile: (602) 271-9308
Email: darylwilliams@bwglaw.net

E-File: March 10, 2010

Attorneys for Rhodes Homes Arizona, LLC,
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes," et al.,[1]

Debtors.

Affects:
☒ All Debtors
☐ Affects the following Debtor(s)

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date: April 8, 2010
Hearing Time: 9:30 a.m.
Courtroom 1

**APPLICATION OF ORDINARY COURSE PROFESSIONAL BAIRD, WILLIAMS & GREER, LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES IN EXCESS OF CAP PERMITTED BY THE ORDINARY COURSE PROFESSIONAL COMPENSATION ORDER; DECLARATION OF DARYL M. WILLIAMS IN SUPPORT THEREOF**

By this Application, Baird, Williams & Greer, LLP ("Baird Williams"), as an ordinary course professional for Rhodes Homes Arizona, LLC (the "Debtor"), one of the debtors and debtors in possession in the above-captioned cases (the "Debtors"), respectfully applies for an order of this

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Court (a) allowing Baird Williams' fees and costs for each of the months December 2009, January 2010 and February 2010 (collectively, the "Payment Period") in excess of $25,000 for each of the months during the Payment Period in the total amount of $104,051.73; (b) allowing an administrative claim of Baird Williams in the amount of $18,120.84 for fees incurred prior to the Payment Period, but post-petition; and (c) granting any other relief that this Court deems necessary and appropriate (the "Application").

Baird Williams submits this Application in accordance with the *Order Granting Debtors' Motion Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* [Docket Number 187] entered on May 18, 2009 (the "OCP Order").  In support of this Application, Baird Williams respectfully represents as follows:

## I.

## SUMMARY OF BAIRD WILLIAMS ENGAGEMENT

1.      Baird Williams has been acting as the Debtor's litigation counsel in the matter of *Rhodes Homes Arizona, LLC v. Stanley Consultants, Inc.*, County of Maricopa Superior Court for the State of Arizona, CV 2006-011358 (the "Stanley Litigation"), which Baird Williams filed for the Debtor in August, 2006.  The case involves civil engineering work performed by Stanley Consultants, Inc. ("Stanley") for the Debtor between 2004 and the end of 2006.  The parties dispute the value of Stanley's civil engineering.  The Debtor is claiming damages in excess of $25 million based upon a variety of legal grounds, including both breach of contract and professional malpractice.  Stanley filed a counterclaim in the Stanley Litigation for unpaid invoices totaling in excess of $2 million (the "Stanley Claim").

## II.
## THE OCP ORDER

2.      Paragraph 3 of the OCP Order provides that an ordinary course professional's date of employment is the date the ordinary course professional files a disclosure declaration (the "Disclosure Declaration") in the form approved by the OCP Order.  Baird Williams filed its

Disclosure Declaration on September 11, 2009 [Docket No. 487], and no objections were filed. Accordingly, Baird Williams' date of retention is September 11, 2009 (the "Retention Date").

3.    Paragraph 8 of the OCP Order states:  "The Debtors are authorized to pay to each Ordinary Course Professional . . . without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to the lesser of (a) $25,000 per month per Ordinary Course Professional; or (b) $60,000 per month, in the aggregate, for all Ordinary Course Professionals."

4.    Paragraph 10 of the OCP Order states:  "If in any given month the fees and expenses for any one Ordinary Course Professional . . . exceed $25,000, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's fees and expenses for such month; provided, however, that such Ordinary Course Professional shall be entitled to an interim payment of up to $25,000 in fees and expenses as a credit against the invoices for such month ultimately allowed by this Court."

5.    Baird Williams is filing this Application pursuant to Paragraph 10 of the OCP Order to obtain an order authorizing the Debtor to pay the fees and expenses in excess of $25,000 (the "Monthly Overages") for each of the months December 2009, January 2010 and February 2010.  In addition, prior to the Retention Date, Baird Williams incurred fees and expenses for post-petition work in the amount of $18,120.84 for which it seeks reimbursement herein.

**III.**

**SUMMARY OF INVOICES, MONTHLY OVERAGES AND PAYMENTS;**

**COMPENSATION REQUEST**

6.    In an invoice dated November 1, 2009 covering October 2009 fees and costs, Baird Williams billed the Debtor $8,195.00 in fees and $203.33 in costs, for a total of $8,398.33.  As this amount was under $25,000 and total payments to ordinary course professionals for the month did not exceed $60,000, pursuant to Paragraph 8 of the OCP Order the Debtor paid this invoice in full on November 16, 2009.

7.      In an invoice dated December 1, 2009 covering November 2009 fees and costs, Baird Williams billed the Debtor $19,270.00 in fees and $440.62 in costs, for a total of $19,710.62.  As this amount was under $25,000 and total payments to ordinary course professionals for the month did not exceed $60,000, pursuant to Paragraph 8 of the OCP Order the Debtor paid this invoice in full on December 21, 2009.

8.      In an invoice dated January 1, 2010 covering December 2009 fees and costs, Baird Williams billed the Debtor $61,771.50 in fees and $2,533.46 in costs, for a total of $64,304.96.  As this amount exceeded $25,000, pursuant to Paragraph 10 of the OCP Order the Debtor paid Baird Williams $25,000 on January 13, 2010.  Pursuant to Paragraph 10 of the OCP Order, Baird Williams is seeking payment of the $39,304.96 Monthly Overage.  A redacted copy of the January 1, 2010 invoice is attached hereto as **Exhibit 1**.  All the invoices attached to the Application are redacted in order to protect attorney-client privilege and confidential information in the Stanley Litigation.

9.      In an invoice dated February 1, 2010 covering January 2010 fees and costs, a redacted copy of which is attached hereto as **Exhibit 2**, Baird Williams billed the Debtor $26,815.50 in fees and $7,578.28 in costs, for a total of $34,393.78.  As this amount exceeded $25,000, pursuant to Paragraph 10 of the OCP Order the Debtor paid Baird Williams a total of $25,000.00 on February 3, 2010 and February 18, 2010.  Pursuant to Paragraph 10 of the OCP Order, Baird Williams is seeking payment of the $9,393.78 Monthly Overage.

10.      In an invoice dated March 1, 2010 covering February 2010 fees and costs, a redacted copy of which is attached hereto as **Exhibit 3**, Baird Williams billed the Debtor $75,510.28 in fees and $4,842.71 in costs, for a total of $80,352.99.  As this amount exceeded $25,000, pursuant to Paragraph 10 of the OCP Order the Debtor paid Baird Williams $25,000 on March 1, 2010.  Pursuant to Paragraph 10 of the OCP Order, Baird Williams is seeking payment of the $55,352.99 Monthly Overage.

11.      The following table summarizes the monthly fees and expenses incurred, payments made to Baird Williams and the Monthly Overages during the Payment Period:

| Period | Fees and Expenses Incurred | Payment Received | Date Payment Received | Amount Owed (Amount in excess of $25,000) |
|---|---|---|---|---|
| December 1, 2009 – December 30, 2009 | $64,304.96 | $25,000.00 | 01/13/10 | $39,304.96 |
| January 1, 2010 – January 31, 2010 | $34,393.78 | $23,107.55 $1,892.45 | 02/03/10 and 02/18/10 | $9,393.78 |
| February 1, 2010 – February 28, 2010 | $80,352.99 | $25,000.00 | 03/1/10 | $55,352.99 |
| **Totals for Payment Period** | **$179,051.73** | **$75,000.00** | | **$104,051.73** |

12.     In December 2009, the Debtor made payments totaling $14,377.65 on account of $19,408.47 invoices received (the "Other Charges") from Baird Williams for fees and cost incurred during the post-petition period but prior to the Retention Date.  The relevant invoices are attached hereto as **Exhibit 4**.  Of the $19,408.47 invoices received, the parties have agreed that $1,287.63 is not owing, so the Debtors seek authority to pay $18,120.84 as an administrative expense claim.

13.     **Exhibit 5** lists the Baird Williams professionals who performed services for the Debtor during the Payment Period, their billing rates and a summary of the hours billed and fees incurred on behalf of the Debtor by each of those persons.

14.     Pursuant to this Application Baird Williams is seeking payment of both the Monthly Overages and the unpaid portion of the Other Charges.

**IV**.

**SUMMARY OF SERVICES RENDERED DURING THE PAYMENT PERIOD**

**A.     Narrative Statement of Services**

15.     All of Baird Williams' services for the Debtors' estates are related to the Stanley Litigation.  The discovery cutoff date in the Stanley Litigation is April 2, 2010 (the "Discovery Cutoff Date").  Monthly Overages occurred during the months of December 2009, January 2010 and February 2010.

16.     In December 2009, Baird Williams spent a substantial amount of time: (a) defending a motion for summary judgment in the Stanley Litigation; (b) analyzing the discovery produced by Stanley; (c) preparing a supplemental disclosure statement (the "Supplemental Disclosure

73203-002\DOCS_LA:216303.4}

Statement") required by the judge in order for the Stanley Litigation to proceed in District Court; and (d) preparing for discovery, including travel time to meet with witnesses.

17.     Most of the $39,304.96 Monthly Overage for December 2009 is attributable to the increase in time devoted to discovery, including considerable preparation time, which was necessitated by the looming April 2, 2010 Discovery Cutoff Date.

18.     In January 2010, Baird Williams prepared the Supplemental Disclosure Statement, prepared for and conducted discovery in order to meet the Discovery Cutoff Date, and explored settlement alternatives.

19.     Most of the $9,393.78 Monthly Overage for January 2010 is attributable to the need to prosecute the Stanley Litigation in order to meet Court-ordered deadlines for the Supplemental Disclosure Statement and the Discovery Cutoff Date.

20.     In February 2010, Baird Williams spent extensive time preparing for and conducting depositions of key witnesses for the Stanley Litigation.  In addition, Baird Williams also researched and prepared pleadings to defend a summary judgment motion filed by Stanley in the Stanley Litigation.

21.     As in December 2009 and January 2010, the $55,352.99 Monthly Overage was mainly due to the need to accelerate the completion of discovery prior to the April 2, 2010 Discovery Cutoff Date.  Such work involved significant time preparing for depositions, attending lengthy depositions and travelling to the venue of the depositions.  Such discovery was necessary in order to help provide the Debtor with the factual evidence necessary to support the Debtor's $25 million claim in the Stanley Litigation.

## V.

### SUMMARY OF COSTS AND EXPENSES

The Fee Guidelines require that an application seeking reimbursement of expenses include a summary listing of all expenses by category and month.  To assist the Court in reviewing Baird Williams' request for reimbursement of the expenses incurred in connection with his work for the Debtors during the Payment Period, the general categories of costs and expenses for which Baird Williams seeks reimbursement by this Application are described below.  The total costs and

expenses incurred during the Payment Period for which Baird Williams seeks reimbursement are $14,954.45.

**A.     Air Fare**

The expenses in this category for the Payment Period were $2,411.05 in December 2009, $7,251.17 in January 2010 and $3,794.12 in February 2010, for a total of $13,456.34.

**B.     Copies**

The expenses in this category for the Payment Period were $110.35 in December 2009, $202.14 in January 2010 and $497.16 in February 2010, for a total of $809.65.

**C.     Westlaw Legal Research**

The expenses in this expense category for the Payment Period were $12.06 in December 2009, $55.79 in January 2010 and $541.33 in February 2010, for a total of $609.18.

**D.     Mail/Data**

The expenses in this expense category for the Payment Period were $69.18 in January 2010 and $10.02 in February 2010, for a total of $79.20

**VI.**

## THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED

## BASED UPON APPLICABLE LAW

**Factors in Evaluating Requests for Compensation**

Pursuant to section 330 of the Bankruptcy Code, the Court may award to a professional person, reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred.  11 U.S.C. § 330.  As set forth above, the fees for which Baird Williams requests compensation and the costs incurred are for actual and necessary services rendered and costs incurred.

The fees and expenses requested by this Application are an appropriate award for the services of Baird Williams in acting as an ordinary course professional.  The Stanley Litigation, which requests damages in the amount of $25 million, is an important asset of the Debtors' estates, the successful litigation of which is essential to maximizing the value of the estates' assets.

During the Payment Period, 568.9 hours have been recorded by Baird Williams, and the hourly blended rate for the Payment Period is $288.45.

Moreover, time and labor devoted is only one of many pertinent factors in determining an award of fees and costs.  Based on the skills brought to bear in this case by Baird Williams and the

benefit inured to the estates of the Debtors as a result of its work, Baird Williams submits that the compensation requested herein is reasonable and appropriate.

**The Time and Labor Required**

The time for which compensation is sought is set forth, in detail, in the professional fee statements of Baird Williams contained in the exhibits hereto.  In light of the scope of services rendered and the results achieved during the Payment Period, Baird Williams' services and time expenditures are reasonable.

**The Skill Requisite to Perform the Professional Services Properly**

Baird Williams believes it has exhibited a high level of skill in services provided to the Debtors and working on the behalf of the Debtors to fulfill their obligations to the Debtors' estates, creditors and this Court.

**The Preclusion of Other Employment by Baird Williams Due to the Demands of Projects Completed on Behalf of the Debtors**

The projects involved a number of matters and issues that required substantial amounts of time, clearly precluding the acceptance of alternative employment as to the many hours worked.

**The Customary Fee**

The compensation Baird Williams seeks by way of this Application is the customary compensation sought by Baird Williams and other business professionals working on behalf of litigation clients in similar circumstances.

**The Amount Involved and the Results Obtained**

Baird Williams obtained excellent results on behalf of the Debtors' estates for its work and the amounts incurred were reasonable and appropriate.

**The Experience, Reputation and Abilities of Baird Williams**

The experience, reputation, and abilities of Baird Williams are well known and respected in this community.

**Awards in Similar Cases**

The award Baird Williams seeks in this case is similar to awards that business professionals have received in similar cases.  **Exhibits 1-3** contain copies of Baird Williams' time reports and

records kept in the regular course of business reflecting the services rendered and the expenses incurred by Baird Williams during the Payment Period.  The time reports are organized on a daily basis.  Baird Williams charges for its professional services are based upon the time, nature, extent and value of such services, and the cost of comparable services in the Arizona and Nevada areas.

The Debtors have reviewed the Application and support the relief requested herein.

The requested fees and expenses shall be paid from the estates only as and when available.

## VII

### ADMINISTRATIVE CLAIM

Section 503(b)(3)(D) of the Bankruptcy Code provides that an administrative expense shall be allowed for the actual, necessary expenses of a creditor making a substantial contribution in a chapter 11 case:

> After notice and a hearing, there shall be allowed administrative expenses . . ., including – . . . the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by – . . . a committee representing creditors . . . other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter . . . 11 of this title.

11 U.S.C. § 503(b)(3)(D).

Section 503(b)(4) of the Bankruptcy Code provides that:

> After notice and a hearing, there shall be allowed administrative expenses . . ., including – . . . reasonable compensation for professional services rendered by an attorney or accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

11 U.S.C. § 503(b)(4).

The Ninth Circuit has stated that, generally, the test for substantial contribution is the "extent of benefit to the estate." *In re Christian Life Center*, 821 F.2d 1370, 1373 (9th Cir. 1987).  The motive behind the creditor's efforts that benefit the estate is irrelevant. *In re Celotex Corp.*, 227 F.3d 1336, 1338 (11th Cir. 2000) ("[I]t is difficult to imagine a circumstance in which a creditor will

9

not be motivated by self-interest in a bankruptcy proceeding."); *In re DP Partners Ltd. Partnership*, 106 F.3d 667, 673 (5th Cir. 1997) ("[N]othing in the Bankruptcy Code requires a self-deprecating, altruistic intent as a prerequisite to recovery of fees and expenses under section 503"). In most cases, any concern about a creditor benefiting is "outweighed by the extent of the benefit . . . conferred on the estate." *Cellular 101,* 377 F.3d at 1097.

In the present case, Baird Williams has provided a substantial benefit to the estate because Baird Williams has been prosecuting the Stanley Litigation, which is a valuable asset of the Debtor's estate. Baird Williams has prosecuted the Stanley Litigation from its inception and through its expertise and institutional knowledge has advanced the litigation to the point where it will soon be ready for trial. Accordingly, the Debtor requests that payments for the Monthly Overages as well as the unpaid portion of the Other Charges be approved.

**VIII**

**CONCLUSION**

The Debtors believe that the services rendered for which compensation is sought by this Application have been beneficial to the estates, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and costs incurred are fair and reasonable.

73203-002\DOCS_LA:216303.4}

WHEREFORE, Baird Williams requests that this Court issue an order: (i) allowing Baird Williams' compensation for services rendered and expenses incurred during the Payment Period for the Monthly Overages of $104,051.73; (ii) allowing Baird Williams' $18,120.84 administrative claim for fees and costs incurred post-petition, but prior to the Retention Date; and (iii) granting such other relief as the Court deems necessary and appropriate.

**DATED** this 10th day of March, 2010

**BAIRD, WILLIAMS & GREER, LLP**

Daryl M. Williams, Esq. (004631)
6225 North 24 Street, Suite 125
Phoenix, Arizona 85016
Telephone: (602) 256-9400
Facsimile: (602) 271-9308
Email: darylwilliams@bwglaw.net

Attorneys for Debtors and Debtors in Possession

73203-002\DOCS_LA:216303.4}

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF DARYL M. WILLIAMS

I, Daryl M. Williams, declare:

1.      I am a principal of Baird, Williams & Greer, LLP ("Baird Williams").  I submit this Declaration in support of the *Application of Ordinary Course Professional Baird, Williams & Greer, LLP for Allowance and Payment of Compensation and Reimbursement of Expenses in Excess of Cap Permitted by the Ordinary Course Professional Compensation Order* (the "Application").

2.      I am familiar with the services rendered by Baird Williams as counsel for the Debtors and Debtors in Possession.

3.      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of March, 2010 at Phoenix, Arizona.

Daryl M. Williams

# EXHIBIT 1

# BAIRD, WILLIAMS & GREER, LLP

6225 N 24th Street, Suite 125
Phoenix, AZ  85016

(602) 256-9400

Tax ID# 86-0808700

Bruce Jorgensen
Director of Legal Services
bjorgensen@rhodeshomes.com

January 01, 2010

Re:    Rhodes Homes v. Stanley Consultants

Invoice #18309

Professional Services

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 12/1/2009 | MCB | Continue reading█████ deposition for purpose of getting back up to speed in case and preparation for status conference (1.2) | 1.20 | 360.00 |
|  | JHE | Conference with Craig M. LaChance; review draft of motion for summary judgment and statement of facts regarding claims against Rhodes, etux., and parties other than Rhodes Homes Arizona; begin preparation and assembly of exhibits (.9) | 0.90 | 148.50 |
|  | CML | Additional revisions to motion for partial summary and to separate statement of facts (1.4) | 1.40 | 315.00 |
|  | CML | Conference with Jeff H. Elder re preparation of exhibits for motion for partial summary judgment (.2) | 0.20 | 45.00 |
| 12/2/2009 | MCB | Complete reading and indexing of█████ deposition (1.7) | 1.70 | 510.00 |
|  | CML | Conference with Jeff H. Elder re exhibits to statement of facts in support of motion for partial summary judgment (.3) | 0.30 | 67.50 |
|  | JHE | Intraoffice conference with Craig M. LaChance; review draft of motion for summary judgment and statement of facts; prepare and assemble exhibits to statement of facts (3.4) | 3.40 | 561.00 |
| 12/3/2009 | MCB | Review file in preparation for status conference and oral argument on motion to dismiss (.1) | 1.10 | 330.00 |
|  | JHE | Intraoffice conferences with Craig M. LaChance; edit and revise motion for summary judgment and statement of facts; prepare and assemble exhibits to statement of facts (2.7) | 2.70 | 445.50 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen

Re: Rhodes Homes v. Stanley Consultants

Page    2

| | | | Hours | Amount |
|---|---|---|---|---|
| 12/3/2009 CML | Conference with Jeff H. Elder re preparation of statement of facts in support of motion for partial summary judgment (.4) | | 0.40 | 90.00 |
| CML | Review final draft of separate statement of facts and exhibits to statement of facts (.7) | | 0.70 | 157.50 |
| 12/4/2009 DMW | Email from ███████ about testimony during deposition, review of witness folder and response (.5) | | 0.50 | 225.00 |
| JHE | Review and index depostions transcripts and videos (1.2); intraoffice conference with Daryl M. Williams; format and load ███████ deposition into Sanction and WordPerfect case file; edit and update ███████ witness folder (.6); re-format and load ███████ deposition into Sanction (.4) | | 2.20 | 363.00 |
| DMW | Intraoffice conference with Michael C. Blair, jhe and Daryl M. Williams about pre-trial conference and orders, including work to be done on the supplementation of expert opinions and discovery and, importantly, the ███████ project with client and ███████ (.6) | | 0.60 | 270.00 |
| MCB | Conference with Daryl M. Williams and he re discovery to be done and comments on draft motion for summary judgment from draft motion for summary judgment and statement of facts in support thereof drafted by Craig M. LaChance (.4); continue file review in preparation for hearing (2.3); travel to and from court to attend oral argument on motion to dismiss and participate in status conference (2.0); office conference with Daryl M. Williams re hearing (.1); review file in preparation for and telephone call to ███████ re ███████ - left message (.2) | | 5.60 | 1,680.00 |
| 12/6/2009 JHE | Analysis and reconciliation of ███████; prepare individual project spread sheets regarding same. (3.6) | | 3.60 | 594.00 |
| 12/7/2009 DMW | Email from ███████, review and update his witness folder (.1); review Stanley's claim and intraoffice conference with Jeff H. Elder to review his work and give further directions on ███████ project analysis (2.7) | | 2.80 | 1,260.00 |
| JHE | Checks and invoices reconciliation; analysis of ███████ intraoffice conference with Daryl M. Williams (6.7) | | 6.70 | 1,105.50 |
| MCB | Telephone conference with Craig M. LaChance re revising motion for summary judgment (.1); complete reading ███████ deposition (.6); read ███████ deposition (1.6); review message from ███████ in preparation for and return telephone call to ███████ re ███████ (.2); draft email to ███████ with statute information (.2) | | 2.70 | 810.00 |
| CML | Conference with Michael C. Blair re motion for summary judgment to dismiss individual parties (.3) | | 0.30 | 67.50 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page        3

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 12/8/2009 | MCB | Continue reading ████████ deposition (1.8); read email from Hossack re claims and forward to Craig M. LaChance (.1) | 1.90 | 570.00 |
| | DMW | Analysis of ████████ vis-a-vis ████████ as part of analysis of ████ via timeline exhibit (1.9) | 1.90 | 855.00 |
| | CML | Revise motion for partial summary judgment to limit its scope to ████████ ████████ only (1.8) | 1.80 | 405.00 |
| | JHE | Review and analyze Stanley accounting provided with last supplemental disclosure statement; compare and confirm invoices and checks in Sanction (2.8); review and prepare ████████ email and various bankruptcy documents for scanning (.2); telephone calls and email with Therese Mayo regarding coordination of depositions; review and update witness folders for Stanley experts Larry Welton, John Jozwick, Steven Ainsworth and Jim Geiser (1.4) | 4.40 | 726.00 |
| 12/9/2009 | MCB | Complete reading of ████████ deposition (2.0); read ████████ deposition (.8); read ████████ deposition (.4) | 3.20 | 960.00 |
| | DMW | Continued analysis of ████████ (2.0) | 2.00 | 900.00 |
| 12/10/2009 | DMW | Analysis of ████████, including comparison to ████ and issues to be resolved in discovery and objections to ████████ (2.0) | 2.00 | 900.00 |
| | JHE | Review revised email/proposed deposition schedule from opposing counsel; prepare intraoffice email to Daryl M. Williams and Michael C. Blair re same; review and analysis of Stanley's 23rd supplemental disclosure statement (1.6) | 1.60 | 264.00 |
| | MCB | Read email from Jeff H. Elder re scheduling upcoming depositions and review calendar for availability (.1); read minute entry and signed order from court re clarifying Letzring's opinions and containing discovery deadlines (.1); | 0.20 | 60.00 |
| 12/11/2009 | JHE | Continue analysis and reconciliation of ████████; prepare individual project comparisons and spread sheets (2.8) | 2.80 | 462.00 |
| | MCB | Office conference with Daryl M. Williams re settlement of some claims as contained in email from Hossack (.1); read email from ████████ re his fees and office conference with Daryl M. Williams re same (.1); draft email to Hossack re settlement of some of the claims and need for bankruptcy plan approval before responding to offer (.1); | 0.30 | 90.00 |
| 12/14/2009 | JHE | Review, format and load ████████ deposition transcript and videos into Sanction database and WordPerfect case file; telephone call with court reporter re missing synchronized text file; edit and update ████████ ████ witness folder (.8); review and analyze disclosure statements | 2.40 | 396.00 |

**BAIRD, WILLIAMS & GREER, LLP**

Bruce Jorgensen

Re:  Rhodes Homes v. Stanley Consultants

Page    4

| | | | Hours | Amount |
|---|---|---|---|---|
| | | and documents in Sanction; edit and update document index; intraoffice conference with Daryl M. Williams re deposition scheduling (1.6) | | |
| 12/15/2009 | JHE | Intraoffice conference with Daryl M. Williams re deposition scheduling; prepare email to opposing counsel re same. (.5) | 0.50 | 82.50 |
| | DMW | Reconciliation of ██████ (6.2) | 6.20 | 2,790.00 |
| 12/16/2009 | JHE | Telephone call with paralegal at Folk & Associates re damages calculations and scheduling  of depositions (.6); continue analysis and reconciliation of ██████; prepare individual project comparisons and spread sheets (2.9) | 3.50 | 577.50 |
| | DMW | Analysis of ██████ and status conference with ██████ (3.5) | 3.50 | 1,575.00 |
| 12/17/2009 | MCB | Review message from ██████ re his work and forward to Daryl M. Williams (.1) | 0.10 | 30.00 |
| | DMW | Telephone call to ██████ number; work on contract time line (6.2) return telephone call from ██████ (.1) | 6.30 | 2,835.00 |
| | JHE | Continue analysis and reconciliation of ██████; prepare individual project comparisons and spread sheets; intraoffice conference with Daryl M. Williams re time line (5.2) | 5.20 | 858.00 |
| 12/18/2009 | JHE | Telephone call with Therese Mayo re scheduling of depositions; intraoffice conference with Daryl M. Williams re same (.5); continue analysis and reconciliation of ██████; prepare individual project comparisons and spread sheets (4.3) | 4.80 | 792.00 |
| | DMW | Work on objection to proof of claim and associated time line (4.8) | 4.80 | 2,160.00 |
| | MCB | Office conference with Daryl M. Williams re deposition of ██████ and telephone conference with Daryl M. Williams and Hossack re same (.1); office conference with Daryl M. Williams re case status (.1); second office conference with Daryl M. Williams re ██████ (.1); telephone call to with ██████ re ██████ (.2); start reading ██████ deposition (.1) | 0.60 | 180.00 |
| 12/21/2009 | DMW | Work on time line of contract events, including intraoffice conference with Jeff H. Elder about ██████ analysis and intraoffice conference with Michael C. Blair about expert opinions (8.2) | 8.20 | 3,690.00 |
| | JHE | Continue analysis and reconciliation of ██████; prepare individual project comparisons and spreadsheets; begin draft of second set of non-uniform interrogatories; intraoffice conference with Daryl M. Williams re same (5.1) | 5.10 | 841.50 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page    5

| | | | Hours | Amount |
|---|---|---|---|---|
| 12/21/2009 MCB | Continue reading ████████ deposition (.8); office conference with Daryl M. Williams and Jeff H. Elder re case status and strategy (.3) | | 1.10 | 330.00 |
| 12/22/2009 DMW | Work on time line, telephone conference with ████████████ (1.6; telephone call from ████████████ (4.7) | | 6.30 | 2,835.00 |
| JHE | Continue analysis and reconciliation of ████████████; prepare individual project comparisons and spread sheets; intraoffice conference with Daryl M. Williams and Michael C. Blair (6.1) | | 6.10 | 1,006.50 |
| MCB | Telephone call to ████████ re ████████████ (.1); office conference with Daryl M. Williams re ████████████ (.1); multiple and extended telephone conferences with Daryl M. Williams and ████████ re case (1.6); complete reading of ████████ deposition (.2); index ████████ deposition (.9); review file for documents to send to ████████ (.4); office conference with Jeff H. Elder re documents to scan for ████████ and re status of ████████████ (.1); draft email to ████████ with copies of additional documents (.1); read and index ████████ deposition (1.4); | | 4.90 | 1,470.00 |
| 12/23/2009 DMW | Email from ████████████ and resulting telephone conference with ████████████ and telephone conference with ████████ (1.4); telephone call to ████████████ and conference call with ████████ and intraoffice conference with Michael C. Blair about issues (2.3); update timeline and chronology (.7) | | 4.40 | 1,980.00 |
| JHE | Continue analysis and reconciliation of ████████████; prepare individual project comparisons and spreadsheets; intraoffice conference with Daryl M. Williams regarding time line issues and formatting (1.5) | | 1.50 | 247.50 |
| MCB | Telephone call from ████████ re ████████████ (.1); telephone conference with Daryl M. Williams, ████████, and part of the time with ████████ re case status (1.0); office conference with Jeff H. Elder re meeting with ████████ in ████████ next week (.1); | | 1.20 | 360.00 |
| 12/24/2009 DMW | Work on time line and chronology in preparation for meeting with engineers (4.2) | | 4.20 | 1,890.00 |
| 12/26/2009 DMW | Preparation for meeting with experts including analysis of ████████ (2.3) | | 2.30 | 1,035.00 |
| 12/27/2009 JHE | Continue analysis and reconciliation of ████████████; prepare individual project comparisons and spreadsheets (4.0) | | 4.00 | 660.00 |
| 12/28/2009 MCB | Read email from ████████████ (.1); review file for items need to be completed from Daryl M. Williams' to do list (.3); review file in preparation for meeting with | | 2.30 | 690.00 |

**BAIRD, WILLIAMS & GREER, LLP**

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page      6

---

| | | | Hours | Amount |
|---|---|---|---|---|
| | | ████████ (.5); read and index ████████ deposition (1.3); read notices of deposition for ████████ (.1) | | |
| 12/28/2009 | DMW | Prepare for meeting with ████████ and ████████ including telephone call from ████████ and telephone conference ████████ (8.8) | 8.80 | 3,960.00 |
| | JHE | Continue analysis and reconciliation of ████████; prepare individual project comparisons and spread sheets; assist Daryl M. Williams in preparation for meeting with engineers (2.8) | 2.80 | 462.00 |
| 12/29/2009 | DMW | Commercial travel time to Las Vegas re meeting with ████████ and ████████ (4.0) | 4.00 | 1,800.00 |
| | MCB | Commercial travel time to and from Las Vegas with Daryl M. Williams and Jeff H. Elder for meeting with ████████ (4.0) | 4.00 | 1,200.00 |
| | JHE | Commercial travel to/from Las Vegas for meeting with ████████ (4.0) | 4.00 | 660.00 |
| | MCB | Meeting in Las Vegas with ████████ (7.0) | 7.00 | 2,100.00 |
| | DMW | Meeting in Las Vegas with ████████ (7.0) | 7.00 | 3,150.00 |
| | JHE | Meeting in Las Vegas with ████████ (7.0) | 7.00 | 1,155.00 |
| 12/30/2009 | JHE | Continue analysis and reconciliation of ████████; prepare individual project comparisons and spreadsheets (5.4) | 5.40 | 891.00 |
| 12/31/2009 | DMW | Work on analysis of ████████ (3.3) | 3.30 | 1,485.00 |
| | | For professional services rendered | 203.90 | $61,771.50 |

| | | Qty | |
|---|---|---|---|
| 12/29/2009 | Travel expenses for Daryl M. Williams, Michael C. Blair and Jeff H. Elder. | 1 | 2,411.05 |
| 12/31/2009 | Westlaw research charges for December 2009 | 1 | 12.06 |
| | Copies - Color In House for December 2009 | 4 | 3.00 |
| | Copies - B&W In House for December 2009 | 265 | 31.80 |
| | B&W scans for December 2009 | 487 | 73.05 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page     7

| | | Qty | Amount |
|---|---|---|---|
| 12/31/2009 Color scans in house for December 2009 | | 5 | 2.50 |
| Total costs | | | $2,533.46 |
| Total amount of this bill | | | $64,304.96 |
| 12/1/2009 Previous Balance | | | $71,068.10 |
| 12/21/2009 Thank You. | | | ($19,710.62) |
| Total payments and adjustments | | | $51,357.48 |
| Balance due | | | $115,662.44 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| $64,304.96 | $51,357.48 | $0.00 | $0.00 | $0.00 |

*This invoice is due and payable upon presentation and becomes delinquent 30 days thereafter.  Delinquent accounts are subject to a late payment charge of 1 1/2% per month of the outstanding balance.*

**PAYMENT CAN BE MADE USING YOUR AMERICAN EXPRESS, MASTERCARD OR VISA.  PLEASE CALL OUR ACCOUNTING DEPARTMENT IF YOU WOULD LIKE TO PAY BY CREDIT CARD.**

*Thank you for your prompt payment.*

# EXHIBIT 2

# BAIRD, WILLIAMS & GREER, LLP

6225 N 24th Street, Suite 125
Phoenix, AZ  85016

(602) 256-9400
Tax ID# 86-0808700

Bruce Jorgensen
Director of Legal Services
bjorgensen@rhodeshomes.com

February 01, 2010

Re:    Rhodes Homes v. Stanley Consultants

Invoice #18310

Professional Services

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 1/4/2010 | DMW | Telephone conference with ▮▮▮▮▮ (3.3) | 3.30 | 1,485.00 |
|  | JHE | Intraoffice conference with Daryl M. Williams and Michael C. Blair re ▮▮▮▮▮ (.2); review and prepare ▮▮▮ documents  and data for scanning (.7); review and prepare ▮▮▮ for scanning (.2); draft supplemental disclosure statement and prepare data for production (.3); continue analysis of ▮▮▮▮▮ prepare/revise individual project spread sheets (4.6) | 6.00 | 990.00 |
|  | MCB | Telephone call to ▮▮▮ re timing of conference call this morning (.1)conference call with ▮▮▮ and Daryl M. Williams re ▮▮▮ (1.5); second conference call with ▮▮▮ and Daryl M. Williams re ▮▮▮ (.7); office conference with Jeff H. Elder re ▮▮▮ (.1); telephone call to ▮▮▮ re ▮▮▮ and read email from ▮▮▮ with copy of ▮▮▮ forward to Jeff H. Elder for processing (.1); draft email to Hossack with copy of Letzring's supplemental affidavit (.1); finalize 17th supplemental disclosure statement (.1); office conferences with Jeff H. Elder re getting Letzring affidavit to Hossack due to my email delivery issues (.1) | 2.80 | 840.00 |
| 1/5/2010 | JHE | Review and analysis of disclosure statements and documents in Sanction (3.4) | 3.40 | 561.00 |
| 1/6/2010 | JHE | Telephone calls and email with opposing counsel's office regarding deposition scheduling; intraoffice conference with Daryl Williams regarding same (.6) | 0.60 | 99.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen                                                                                    Page    2
Re:  Rhodes Homes v. Stanley Consultants

| | | Hours | Amount |
|---|---|---|---|
| 1/6/2010 DMW | Docket notice of deposition for Reginald Merriman and telephone call to Chris Hossack about necessity of this deposition of former employees of Stanley (.5); review bill and telephone call to ▮▮▮▮ about status, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and experts (.4); review bill to prepare itemization for client (1.8) | 2.70 | 1,215.00 |
| 1/7/2010 JHE | Format and load ▮▮▮▮ documents and data into Sanction database; edit and update document index and case chronology (.6) | 0.60 | 99.00 |
| 1/8/2010 DMW | Review billing information (.4). | | NO CHARGE |
| JHE | Prepare and forward ▮▮▮▮ documents and data to ▮▮▮ ▮▮ (.3) | 0.30 | 49.50 |
| 1/11/2010 DMW | Return telephone call to ▮▮▮▮ about ▮▮▮ (.2); review status of time line of ▮▮▮▮▮▮ (.1); return telephone call to ▮▮▮▮ (.1); finalize billing and letter to client re same (1.3); letter to ▮ about status of case and need to deal with ▮▮▮▮ (1.8) | 1.20 | 540.00 |
| 1/12/2010 MCB | Office conference with Daryl M. Williams re ▮▮▮▮▮ (.1); | 0.10 | 30.00 |
| JHE | Intraoffice conference with Daryl M. Williams re deposition scheduling; telephone call with Therese Mayo at folks & Associates re changes to schedule (.3). | 0.30 | 49.50 |
| JHE | Review documents and data in Sanction; edit and update document index and case chronology (1.7). | 1.70 | 280.50 |
| DMW | Dictate letter to ▮▮▮ about ▮▮▮▮ (3.5); return telephone call to ▮▮▮▮ (.2); | 3.70 | 1,665.00 |
| 1/13/2010 MCB | Office conference with Daryl M. Williams re ▮▮▮▮▮ (.1); review file re status of claims and parties (.2); draft letter to Hossack re stipulating to dismiss claims and parties (.4); draft proposed stipulation to dismiss various claims and parties (.4); draft proposed order dismissing various claims and parties (.3); office conference with Daryl M. Williams re need for letter to ▮▮▮▮ re ▮▮▮▮ (.1); draft status letter to ▮▮▮ (.5); office conference with Daryl M. Williams re proposed stipulation and revise accordingly (.1); draft email to Hossack with letter, proposed stipulation to dismiss certain claims and parties, and proposed order for his review (.1); continue reading and indexing ▮▮▮ deposition (1.8); read email from Hossack and telephone call from Hossack re changes to stipulation (.1); revise stipulation (.1); office conference with Daryl M. Williams re Hossack's proposed changes to stipulation (.1); telephone conference with Daryl M. Williams and ▮▮▮ re ▮▮▮ (.1); revise letter | 4.60 | 1,380.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page    3

| | | | Hours | Amount |
|---|---|---|---|---|
| | | to ▉▉▉ after reviewing Hossack's proposed changes (.1); office conference with Daryl M. Williams re ▉▉▉▉▉▉ (.1); | | |
| 1/13/2010 | DMW | Review pleadings relative to ▉▉▉▉▉▉▉; intraoffice conference with Michael C. Blair about stipulation to dismiss (.3); telephone call to ▉▉▉▉ number (.3) | 0.60 | 270.00 |
| 1/14/2010 | MCB | Read and index ▉▉▉▉▉ deposition (1.1); office conference with Daryl M. Williams re ▉▉▉▉▉▉▉▉▉▉▉▉ (.1); revise stipulation to dismiss certain claims and parties (.1); draft email to Hossack with revised stipulation for his review (.1); revise status letter to ▉▉▉▉ (.2); read email from Hossack with approval of stipulation and authorization to sign on his behalf; finalize stipulation for filing (.1); research and review case law re ▉▉▉▉▉▉▉▉▉ (2.3); office conference with Daryl M. Williams re filing stipulation to dismiss today and telephone conference with ▉▉▉▉ re same (.1); office conference with Diana re filing of stipulation and direct her to retract it (.1); telephone call to Hossack re need to retract stipulation (.1); draft email to Hossack confirming need to retract stipulation because of bankruptcy court (.1); office conference with Daryl M. Williams and Jeff H. Elder re ▉▉▉▉▉▉▉(.4); | 4.80 | 1,440.00 |
| | DMW | Telephone call from ▉▉▉▉▉ update contact sheet (.1). Analysis of ▉▉▉▉▉▉▉, various calls to/from counsel in Las Vegas about ▉▉▉▉ (6.3) | 6.40 | 2,880.00 |
| | JHE | Intraoffice conference with Daryl M. Williams re accounting issues and reports (6.2). | 6.20 | 1,023.00 |
| 1/15/2010 | MCB | Read and index ▉▉▉▉ deposition (1.9); office conference with Jeff H. Elder re ▉▉▉▉▉ (.2); | 2.10 | 630.00 |
| | JHE | Review reconciliation reports and intraoffice conference with Mike Blair regarding discrepancies; email to Therese Mayo regarding missing checks (.9) | 0.90 | 148.50 |
| 1/18/2010 | MCB | Complete indexing ▉▉▉▉ deposition (.5); read and index ▉▉▉▉▉ deposition (1.8); read and index ▉▉▉ deposition (1.9); | 4.20 | 1,260.00 |
| | DMW | Letter from Doug Folk about Groetsch deposition; notices of deposition for Christ Stephens, Scott Scarbrough, Kirk Brynjulson, and Jim Rhodes and letters to these witnesses about depositions (.6). | 0.60 | 270.00 |
| 1/19/2010 | MCB | Continue reading and indexing ▉▉▉ deposition (1.3); office conference with Daryl M. Williams re ▉▉▉▉▉▉ (.3); read and index ▉▉▉▉▉ deposition (.4); | 2.00 | 600.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants                                                                                          Page      4

---

|  |  | Hours | Amount |
|---|---|---|---|
| 1/19/2010 DMW  Telephone call to ▨▨▨ about meeting regarding damages and ▨▨▨▨▨▨ (.2); dictate draft of letter to▨▨▨▨ (1.9); intraoffice conference with Michael C. Blair about damages. (.3). | | 2.40 | 1,080.00 |
| 1/20/2010 MCB  Complete indexing▨▨▨▨ deposition (.5); read and index ▨▨▨▨deposition (.8); read and index ▨▨▨ deposition (1.2); read and index▨▨▨ deposition (.4); cursory review of defendants' motion for summary judgment re delay damages (.1); | | 3.00 | 900.00 |
| DMW  Revise letter to▨▨▨ reviewing witness outlines, damage figures, and chronology (2.4) | | 2.40 | 1,080.00 |
| 1/21/2010 DMW  Telephone call to ▨▨▨▨ as follow-up to discussion of ▨▨▨ issues (.1); telephone call to▨▨▨▨▨ (.1). | | 0.20 | 90.00 |
| MCB  Read defendants' motion for summary judgment re delay damages and statement of facts in support thereof (.4); | | 0.40 | 120.00 |
| DMW  Telephone call from ▨▨▨▨ (.1); telephone call from▨▨▨ ▨▨▨▨about the ▨▨▨▨▨▨▨▨▨ ▨▨▨▨ (.1). | | 0.20 | 90.00 |
| 1/22/2010 JHE  Review data received from▨▨▨▨▨; draft and revise second set of non-uniform interrogatories (1.2) | | 1.20 | 198.00 |
| 1/25/2010 JHE  Finish initial draft of second set of non-uniform interrogatories; intraoffice conference with Mike Blair regarding same (1.0); continue analysis of disclosure statements and documents in Sanction to verify that everything has been properly disclosed and processed; edit and update document index (3.2); review CD/data received from▨▨▨ (.4) | | 4.60 | 759.00 |
| MCB  Review draft of second set of non-uniform interrogatories from Jeff H. Elder and revise (.5); office conference with Jeff H. Elder re revisions to non-uniform interrogatories and need for request for production of documents (.1); | | 0.60 | 180.00 |
| 1/26/2010 JHE  Review email and notice of deposition received from Therese Mayo; review and update deposition calendar and schedule; intraoffice email to Daryl Williams and Mike Blair regarding same (.5); continue analysis of disclosures and data in Sanction; edit and update document index (2.6); review and prepare 17th supplemental disclosure statement and bankruptcy documents for scanning; format and load documents into Sanction database; edit and update document index and case chronology (.8); review additional data received from ▨▨▨▨▨▨; telephone call with and email to vendor regarding processing of data (.4); prepare and revise non-uniform interrogatories and requests for production per discussions with Mike Blair (.7) | | 5.00 | 825.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen

Re: Rhodes Homes v. Stanley Consultants

Page    5

| | | | Hours | Amount |
|---|---|---|---|---|
| 1/26/2010 | MCB | Finalize plaintiff's second set of non-uniform interrogatories and third set of request for production of documents (.1); continue reading and indexing ███████ deposition (.3); | 0.40 | 120.00 |
| 1/28/2010 | DMW | Email from ████████ about deposition of ██████ and telephone call to ████████ and ████████ (.1). Return telephone call from ████████ (.2). | 0.80 | 360.00 |
| 1/29/2010 | JHE | Assist Daryl Williams in preparation for Michael Breach deposition; telephone call with Therese Mayo at opposing counsel's office regarding scheduling issues (.5); review and re-number client documents; edit and update document index and case chronology (.4); format and load Slater Hanifan data into Sanction database; review ████████ documents and data in Sanction (1.4) | 2.30 | 379.50 |
| | MCB | Continue reading and indexing ████████ deposition (.1); | 0.10 | 30.00 |
| 1/30/2010 | JHE | Intraoffice conference with Daryl Williams; assist in final preparation for Michael Breach deposition (.6) | 0.60 | 99.00 |
| 1/31/2010 | DMW | Travel to Indianapolis for deposition of Michael Breach (6.0) | 6.00 | 2,700.00 |
| | | For professional services rendered | 89.30 | $26,815.50 |

Additional Charges :

| | | Qty | |
|---|---|---|---|
| 1/7/2010 | Data processing of CD production, tiff conversions and branding | 1 | 51.79 |
| 1/8/2010 | Delivery of documents by Federal Express to Tracy J Letzring in Loveland, CO | 1 | 12.41 |
| 1/27/2010 | B & W scans from Xact Data Discovery processing of Slater Hanifan data | 1 | 47.85 |
| 1/28/2010 | Westlaw research charges for January 2010 | 1 | 55.79 |
| 1/29/2010 | Postage charge for January 2010 | 1 | 4.98 |
| | Copies - B&W In House for January 2010 | 752 | 90.24 |
| | Color copies - In House for January 2010 | 49 | 36.75 |
| | B&W scans for January 2010 | 112 | 16.80 |
| | Color scans in house for January 2010 | 21 | 10.50 |
| 1/31/2010 | Travel expenses from Phoenix to Indianapolis for Daryl Williams, court reporter, and videographer, hotel, meals and car rental. | 1 | 7,251.17 |

| | | |
|---|---|---|
| Total costs | | $7,578.28 |
| Total amount of this bill | | $34,393.78 |
| Previous balance | | $115,662.44 |
| 1/13/2010 Thank You. Check No. Wired IN | | ($25,000.00) |
| 2/3/2010 Thank You. | | ($23,107.55) |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page    6

| | Amount |
|---|---|
| Total payments and adjustments | ($48,107.55) |
| Balance due | $101,948.67 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| $34,393.78 | $39,304.96 | $28,249.93 | $0.00 | $0.00 |

*This invoice is due and payable upon presentation and becomes delinquent 30 days thereafter.  Delinquent accounts are subject to a late payment charge of 1 1/2% per month of the outstanding balance.*

**PAYMENT CAN BE MADE USING YOUR AMERICAN EXPRESS, MASTERCARD OR VISA.  PLEASE CALL OUR ACCOUNTING DEPARTMENT IF YOU WOULD LIKE TO PAY BY CREDIT CARD.**

*Thank you for your prompt payment.*

# EXHIBIT 3

# BAIRD, WILLIAMS & GREER, LLP

6225 N 24th Street, Suite 125
Phoenix, AZ 85016

(602) 256-9400
Tax ID# 86-0808700

Bruce Jorgensen
Director of Legal Services
bjorgensen@rhodeshomes.com

March 01, 2010

Re:    Rhodes Homes v. Stanley Consultants

Invoice #18311

Professional Services

| | | | Hours | Amount |
|---|---|---|---|---|
| 2/1/2010 | DMW | Prepare for and take deposition of Michael Breach (10.0) | 10.00 | 4,500.00 |
| 2/2/2010 | MCB | Telephone conference with Craig M. LaChance re responding to motion for summary judgment (.1); read defendants' motion for summary judgment (.2); | 0.30 | 90.00 |
| | CML | Telephone conference with Michael C. Blair re responding to motion for summary judgment (.1); | 0.10 | 22.50 |
| | DMW | Commercial travel time from Indianapolis re after deposition of Michael Breach (6.0) | 6.00 | 2,700.00 |
| 2/3/2010 | MCB | Read letter from Folk demanding supplement of prior discovery requests (.1); telephone conference with Craig M. LaChance re responding to motion for summary judgment (.1); | 0.20 | 60.00 |
| | DMW | Return travel from Indianapolis to Phoenix from deposition of Michael Breach (8.7, n/c); return telephone call to ▮▮▮▮▮ (.2); telephone call to ▮▮▮▮▮ (.2) | 0.40 | 180.00 |
| | DMW | Intraoffice conference with Jeff H. Elder about discovery in Indiana and telephone call from ▮▮▮▮▮ about fillings and deposition in Indiana (.2) | 0.20 | 90.00 |
| | JHE | Intraoffice conference with Daryl Williams and Mike Blair regarding motion for summary judgment and indexing of depositions; review and update deposition table and schedule; email to Mike Blair regarding same (.6) | 0.60 | 99.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re: Rhodes Homes v. Stanley Consultants

Page    2

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 2/3/2010 | CML | Read motion for summary judgment on delay damages; confer with Michael C. Blair re same | 0.90 | 202.50 |
| | CML | Research caselaw re ██████████████████████ | 2.10 | 472.50 |
| | CML | Review document chronology to prepare for respone to motion for summary judgment on delay damages | 0.80 | 180.00 |
| | CML | Conference with Daryl M. Williams and Michael C. Blair re response to motion for summary on delay damages | 0.50 | 112.50 |
| | CML | Conference with Michael C. Blair re respone to motion for summary judgment re delay damages | 0.30 | 67.50 |
| 2/4/2010 | DMW | Review documents and deposition testimony as part of response to re ████████████████(5.5); Telephone call to ████████ (.1); revise memorandum to ██████ (1.6) | 7.20 | 3,240.00 |
| | CML | Research caselaw re ████████████████ | 2.60 | 585.00 |
| | MCB | Read defendants' rule 26 request to supplement prior discovery answers (.1); office conference with Craig M. LaChance re ██████████ (.1); review lists of depositions for those which still need to be indexed and prepare form index for use in all depositions (1.2) | 1.40 | 420.00 |
| | JHE | Intraoffice conference with Mike Blair; review witness folders and update deposition table (1.2); prepare images of recent ████████ data for sending to ████████ (.8); assist in preparing and assembling documents for letter to bankruptcy counsel (.7) | 2.70 | 445.50 |
| | CML | Research law reviews and treatises on ██████████████ to engineering negligence case | 1.20 | 270.00 |
| 2/5/2010 | DMW | Return telephone call to ████████ office (.1); telephone call to ██ (.2), telephone call to ██████████ number and telephone call to █ about ██████████ (.2). | 0.50 | 225.00 |
| | MCB | Office conference with Jeff H. Elder re depositions to be indexed (.3); office conference with Daryl M. Williams and Jeff H. Elder re strategy for indexing and managing depositions (.4); second office conference with Jeff H. Elder re depositions to be indexed (.3); | 1.00 | 300.00 |
| 2/7/2010 | JHE | Review and analyze defendants motion for summary judgment and statement of facts regarding delay claims and related documents in Santion (1.1) | 1.10 | 181.50 |
| 2/8/2010 | DMW | Update analysis of ██████████ (.1); telephone call to ████████ about ██████████ (.2); telephone call to ████████ and email from ██████████ and telephone call to ████████ about deposition | 0.19 | 85.38 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re: Rhodes Homes v. Stanley Consultants                                                   Page    3

---

| | | | Hours | Amount |
|---|---|---|---|---|
| | | scheduled for Wednesday (.2). | | |
| 2/8/2010 | MCB | Continue reading and indexing ▮▮▮▮ deposition (4.1); office conference with Jeff H. Elder re depositions (.1); review indices for ▮▮ and ▮▮ depositions (.1); | 4.30 | 1,290.00 |
| 2/9/2010 | MCB | Review Folk's February 3 letter requesting supplementation to prior written discovery requests (.2); draft letter to Folk in response to his letter re prior discovery responses (.5); office conference with Daryl M. Williams re responding to Folk's letter; brief office conference with Jeff H. Elder re gathering information to supplement prior responses (.1); finalize letter and draft email to Folk to accompany same (.1); | 0.90 | 270.00 |
| | JHE | Analyze, re-format and re-number ST-SH documents produced with Stanley's 12th supplemental disclosure statement; edit and update document index; email to Therese Mayo regarding missing documents and numbering errors (5.1); assist Daryl Williams in preparation for ▮▮ deposition (1.2) | 6.30 | 1,039.50 |
| 2/10/2010 | MCB | Office conference with Jeff H. Elder re preparing supplemental responses to Stanley's request for supplementation of prior discovery answers (.1); office conference with Jeff H. Elder re new request for production of documents to be prepared (.1); | 0.20 | 60.00 |
| | JHE | Review Stanley request for supplementation of discovery and original responses thereto; intraoffice conference with Mike Blair regarding same (1.1); review and analyze case chronology in preparation for response to supplementation of discovery (1.0); review Stanley witness folders and prepare request for production of employee personnel files (1.6) | 3.70 | 610.50 |
| | DMW | Commercial travel time to Las Vegas (2.0); prepare for and attend deposition of Jerry Slater, including pre-deposition meeting with Slater (4.3) | 6.50 | 2,925.00 |
| | DMW | Prepare for deposition of ▮▮▮▮ (4.3) | 4.30 | 1,935.00 |
| 2/11/2010 | MCB | Office conference with Jeff H. Elder re fourth request for production of documents; finalize and sign fourth request for production of documents (.1); research and review case law re ▮▮▮▮ (.4); read and index ▮▮▮ deposition (1.0) | 1.50 | 450.00 |
| | JHE | Intraoffice conference with Mike Blair; review and edit fourth request for production to Stanley (.6); continue review of witness folders and depositions; edit and update witness table (2.0); email to court reporter regarding missing image files (.1) | 2.70 | 445.50 |
| | DMW | Deposition of Reginald Merriman (7.6); return travel time, commercial to Phoenix (2.) | 9.60 | 4,320.00 |

**BAIRD, WILLIAMS & GREER, LLP**

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page    4

| | | | Hours | Amount |
|---|---|---|---|---|
| 2/12/2010 | MCB | Read and index ████████ deposition (.9); | 0.90 | 270.00 |
| | CML | Research caselaw re ████████████████████ ████████████████ | 2.30 | 517.50 |
| 2/15/2010 | JHE | Review, format and load ████████████ deposition transcript and video into Sanction database and WordPerfect case file; edit and update witness folder (.9); intraoffice conference with Daryl Williams regarding Sanction issues and ████████████; research and download additional ████████████ and format for loading into Sanction; edit and update document index (.9) | 1.80 | 297.00 |
| | CML | Research caselaw re ████████████████████ and their application to case of professional negligence | 3.70 | 832.50 |
| | CML | Continue research of caselaw on ████████████████ | 1.70 | 382.50 |
| | CML | Continue research of caselaw on ████████████████ | 1.70 | 382.50 |
| | CML | Conference with Jeff H. Elder re preparation of statement of facts and supporting documentation for respone to motion for summary judgment re delay damages | 0.30 | 67.50 |
| 2/16/2010 | JHE | Intraoffice conference with Craig LaChance regarding response to motion for summary judgment; intraoffice conference with Daryl Williams regarding same (.3); format and load bankruptcy documents and additional ████████████ into Sanction database; edit and update document index and case chronology (.5); review and edit various witness folders per discussions with Daryl Williams (.6); initial review of ████████████ deposition and related documents in Sanction (1.1); assist Daryl Williams in preparation for Bill Rich deposition in San Antonio, Texas (1.8); review deposition and indexing of ████████ deposition (.5 | 4.80 | 792.00 |
| | DMW | Commercial travel time to San Antonio (4.0); prepare for deposition of Bill Rich (2.0) | 2.60 | 1,170.00 |
| | CML | Begin draft of response to motion for summary judgment re delay damages | 2.10 | 472.50 |
| | CML | Revise introductino to response to motino for summary judgment re dealy damages | 0.50 | 112.50 |
| | CML | Research treatises on ████████████████ and ████████████ | 1.50 | 337.50 |
| 2/17/2010 | DMW | Deposition of Bill Rich, including brief meeting with Rich prior to deposition and set-up (4.7); commercial travel time from San Antonio to Phoenix (4.6) | 9.30 | 51.15 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants                                                  Page     5

| | | | Hours | Amount |
|---|---|---|---|---|
| 2/17/2010 | JHE | Review ███████, █████ and ██████ depositions in preparation for response to motion for summary judgment (2.6); review, edit and index documents in Sanction (2.5); review email from Therese Mayo at Folk & Associates regarding disclosure issues; review and revise document index (.3) | 5.40 | 891.00 |
| 2/18/2010 | MCB | Office conference with Jeff H. Elder re ██████and read his email re same; read email from Craig M. LaChance re discussing response to motion for summary judgment (.1); office conference with Daryl M. Williams re work to be done (.1); read introduction to response to motion for summary judgment from Craig M. LaChance (.1); telephone conference with Craig M. LaChance re arguments to make in response (.2); office conference with Daryl M. Williams, Carlos B. Gutierrez, and Jeff H. Elder re case status and work to be done (.5); telephone conference with Daryl M. Williams, Craig M. LaChance, Jeff H. Elder, and Carlos B. Gutierrez re work to be done - specifically on response to motion for summary judgment (.2); | 1.20 | 360.00 |
| | JHE | Intraoffice conference with Daryl Williams, Mike Blair and Carlos Gutierrez (1.0); analyze and edit documents in Sanction; review and edit document index (2.9); prepare email to ██████ regarding ████████████(.3); intraoffice email to Mike Blair regarding various deposition testimony relating to response to motion for summary judgment (.2) | 4.40 | 726.00 |
| | DMW | Intraoffice conference with Daryl M. Williams, Carlos B. Gutierrez , Michael C. Blair and Jeff H. Elder about response to motion for summary judgment and analysis of documents, adding Craig M. LaChance at the end of the conference (1.3); various calls to/from ████ and ████(2.4); telephone call to ████ about deposition scheduling and preparation (.4). | 4.10 | 1,845.00 |
| | CBG | Conference with Daryl Williams, Mike Blair, and Jeff Elder regarding strategy and evidence for the response to Stanley's motion for summary judgment on delay damages (1.8); Read Stanley's motion for summary judgment and statement of facts; Read and summarize ████ deposition for issues related to Stanley's motion (3.0); Read and summarize ████ deposition for issues related to Stanley's motion (1.8) | 6.60 | 1,188.00 |
| | CML | Research caselaw re ████████████████ | 2.60 | 585.00 |
| | CML | Conference with Michael C. Blair re response to motion for summary judgment re delay damages | 0.20 | 45.00 |
| | CML | Conference with Jeff H. Elder re response to motion for summary judgment re delay damages | 0.20 | 45.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re: Rhodes Homes v. Stanley Consultants                                                      Page      6

| | | | Hours | Amount |
|---|---|---|---|---|
| 2/18/2010 | CML | Review caselaw re ██████████████ | 1.10 | 247.50 |
| | CML | Begin draft of response to motion for summary judgment re delay damages (1.5) | 1.50 | 337.50 |
| | CML | Revise introduction to response to motion for summary judgment re delay damages (.5) | 0.50 | 112.50 |
| 2/19/2010 | DMW | Read email to ████████ (.1). | 1.74 | 784.75 |
| | MCB | Office conference with Carlos B. Gutierrez re depositions to review for response to statement of facts (.1); read ██████ deposition (.5); office conference with Daryl M. Williams re ████████ and his communications with ██████████ (.2); | 0.80 | 240.00 |
| | JHE | Draft supplemental disclosure statement and responses to discovery; intraoffice conference with Mike Blair regarding same (1.9); review portions of ██████████ deposition video and related documents in Sanction (1.0) | 2.90 | 478.50 |
| | CML | Conference with Daryl M. Williams, Michael C. Blair and Carlos B. Gutierrez re response to motion for summary judgment re delay damages | 0.40 | 90.00 |
| | CML | Begin draft of legal argument to response to motion for summary judgment re delay damages | 1.20 | 270.00 |
| | CML | Review case law re ██████████████████ and ██████████ | 3.30 | 742.50 |
| | CBG | Read and analyze ██████████ deposition for issues related to Stanley's motion for summary judgment (1.4); Read and summarize ██████████ deposition (1.9); Read and analyze ██████ deposition (3.5); Review and analyze ██████████ deposition (.6); Review and analyze ████████ deposition (1.6) | 9.00 | 1,620.00 |
| | CML | Additional research re ██████████████ | 1.20 | 270.00 |
| 2/22/2010 | MCB | Telephone conference with Craig M. LaChance re issues for legal and factual responses to defendants' motion for summary judgment (.2); read extensive email from Carlos B. Gutierrez re information in various depositions needed for response to statement of facts (.2); review file in preparation for drafting response to statement of facts (.7); draft response to statement of facts (1.9); office conference with Daryl M. Williams re status of response (.1); continue reading ██████ deposition (.5); draft fact section for response to motion for summary judgment (3.3); office conference with Daryl M. Williams re fact section (.1); read memorandum from Daryl M. Williams re facts at issue and incorporate | 8.20 | 2,460.00 |

**BAIRD, WILLIAMS & GREER, LLP**

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page     7

| | | | Hours | Amount |
|---|---|---|---|---|
| | | into previous fact section draft (1.1); draft email to Craig M. LaChance with draft of fact section (.1); | | |
| 2/22/2010 | JHE | Telephone calls with court reporter regarding Reginald Merriman and Jerry Slater deposition transcripts;  review and update witness schedule (.4); format and load Reginald Merriman and Jerry Slater depositions transcripts into WordPerfect case file; additional email and telephone calls with court reporter regarding page numbering issues; intraoffice conference with Mike Blair (.6); review ██████████ deposition and related exhibits in Sanction (1.2); analyze documents in Sanction relating to ████████ and response to motion for summary judgment (2.1) | 4.30 | 709.50 |
| | DMW | Return telephone call from ████████████ work on factual statement for response to motion for summary judgment; dictate factual statement  based on review of documents (3.9) ; review disclosures about damages preparatory to talking to ████████ (1.4); intraoffice conference with Michael C. Blair about factual statement in response to motion for summary judgment (.4). email from ████████ about ████████ (.1). | 5.80 | 2,610.00 |
| | CML | Review summary of deposition from Carlos B. Gutierrez; confer with Michael C. Blair re same | 0.80 | 180.00 |
| | CML | Draft legal argument for response to motion for summary judgment re delay damages | 5.40 | 1,215.00 |
| | CML | Continue draft of respone to motion for summary judgment | 1.60 | 360.00 |
| | CBG | Read and summarize ████████████ deposition for issues related to Stanley's motion for summary judgment (1.5); Read and summarize ████████ deposition (2.0); Read and analyze ████████ deposition (2.2); Read and analyze ████████ deposition (1.4); Read and analyze ████████ deposition (1.2) | 8.30 | 1,494.00 |
| 2/23/2010 | MCB | Telephone conference with Craig M. LaChance re response to motion for summary judgment (.1); extended office conference with Jeff H. Elder re ████████████████ (.5); extended office conference with Jeff H. Elder and Daryl M. Williams re responses to discovery requests (.7); continue drafting fact section for response to motion for summary judgment (2.5); continue drafting response to statement of facts (3.7); office conference with Daryl M. Williams and Jeff H. Elder to review ████████ and discuss ████████ (.3); read email from Hossack requesting additional disclosures re damages witnesses (.1); office conferences with Daryl M. Williams re ████████ ████████ (.4); research and review case law re ████████ (1.0) | 9.20 | 2,760.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants                                                            Page    8

| | | | Hours | Amount |
|---|---|---|---|---|
| 2/23/2010 | DMW | Telephone call to ▮▮▮▮▮▮▮ number, return call from ▮▮▮▮ and conference call with ▮▮▮▮▮▮ and ▮▮▮▮▮▮ telephone call from ▮▮▮▮▮▮▮, work on statement of facts for response to motion for summary judgment; intraoffice conference with Michael C. Blair and Jeff H. Elder about damages and testimony needed for proof of damages, including lengthy discussion of ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ (8.6) | 8.60 | 3,870.00 |
| | JHE | Intraoffice conferences with Daryl Williams and Mike Blair regarding supplementation of discovery (.3); prepare draft response to request for supplementation of discovery (5.1); prepare supplemental disclosure statement  (.9) | 6.30 | 1,039.50 |
| | CML | Review factual backgorund section of response to motion for | 1.60 | 360.00 |
| | CML | Revise  response to motion for summary judgment re delay damages and draft additional arguments to incorporate and analyze facts of case | 6.30 | 1,417.50 |
| 2/24/2010 | MCB | Continue drafting response to statement of facts (3.9); telephone conference with Craig M. LaChance re response to motion for summary judgment (.1); organize exhibits to attach to statement of facts (1.6); coordinate finalization and filing of response to motion for summary judgment and statement of facts (.4) | 6.00 | 1,800.00 |
| | JHE | Intraoffice conferences with Mike Blair regarding response to motion for summary judgment; work with Mike Blair in finalizing statement of facts and assembling exhibits thereto (6.4) | 6.40 | 1,056.00 |
| | DMW | Telephone call to ▮▮▮▮▮▮▮▮▮; telephone call to ▮▮▮▮▮▮▮▮▮▮▮; (.1). Telephone call to ▮▮▮▮▮▮ and discussion about ▮▮▮▮▮▮ and deposition schedule (.3). Email from Chris Hossack about deposition scheduling and telephone call to Chris Hossack about depositions, ▮▮▮▮▮▮▮▮▮▮ (.4); revisions to response to motion for summary judgment, including telephone conference with Craig M. LaChance and conference with Michael C. Blair and Jeff H. Elder (5.7) | 6.50 | 2,925.00 |
| | CML | Revise response to motion for summary re delay damages | 3.20 | 720.00 |
| | CML | Multiple conferences with Michael C. Blair re response to motion for summary judgment on delay damages | 0.40 | 90.00 |
| | CML | Review most recent draft of factual background | 0.80 | 180.00 |
| | CML | Finalize legal argument for respone to motion for summary judgment on delay damages | 1.10 | 247.50 |
| 2/25/2010 | MCB | Read email from Hossack re disclosures (.1); office conference with Daryl M. Williams and Jeff H. Elder re damages and discovery issues (.4); draft request to extend pretrial discovery schedule and proposed | 4.60 | 1,380.00 |

**BAIRD, WILLIAMS & GREER, LLP**

Bruce Jorgensen

Re: Rhodes Homes v. Stanley Consultants

Page    9

| | | | Hours | Amount |
|---|---|---|---|---|

order (.9); draft responses to supplemental requests for prior discovery responses (1.7); review depositions for information needed to response to supplemental requests (.7); office conferences with Jeff H. Elder re witnesses and other disclosure issues (.2); office conference with Daryl M. Williams re discovery responses and motion to modify pretrial scheduling order (.4); revise 18th supplemental disclosure statement (.2);

| Date | Init | Description | Hours | Amount |
|---|---|---|---|---|
| 2/25/2010 | DMW | Email from Chris Hossack about disclosures and discovery, forward same to ███████ and intraoffice conference with Michael C. Blair re same (.7); calls to/from ███████ about ███████ (.4); to ███████ about ███████ ███████ (.1); telephone call to ███████ about ███████ and ███████ (.4); telephone call to ███████ and telephone call to ███████ about ███████ (.6) | 2.20 | 990.00 |
| | JHE | Intraoffice conference with Daryl Williams regarding ███████ communications; review and edit ███████ witness folder (.2); analyze and edit Stanley documents in Sanction (.9); revise supplemental disclosure statement and prepare documents/data for production; intraoffice conferences with Mike Blair regarding same (4.8); email to ███████ at ███████ regarding ███████ and follow up to ███████ email relating to ███████ (.3) | 6.20 | 1,023.00 |
| 2/26/2010 | MCB | Continue reading ███████ deposition (.1); continue drafting responses to supplemental discovery requests (.8); read email from Jeff H. Elder to ███████ re documents relating to ███████ (.1); read emails from Daryl M. Williams re ███████ and witnesses (.1); read and index ███████ deposition (1.7); telephone call from ███████ re ███████ and ███████ (.4); office conference with Jeff H. Elder re responses to supplemental discovery requests (.1); draft email to Hossack with copy of supplemental responses (.1); | 3.40 | 1,020.00 |
| | DMW | Read emails about ███████ documents and evidence (.1). | 0.10 | 45.00 |
| | JHE | Review and synchronize deposition video of ███████ in Sanction database; edit and update witness folder (.7); review and respond to email from Therese Mayo regarding disclosures and document numbering issues (.2); review and synchronize deposition video of ███████; email to court reporter regarding missing .mdb file (.8); correspondence to ███████ regarding review and corrections to deposition testimony (.3); review and respond to ███████ email regarding ███████ and supplementation of damages; intraoffice conference with Mike Blair regarding same (.6); analyze documents in Sanction and ███████ email relating to damages calculations (.6); assist Mike Blair in finalizing response to request for supplementation of discovery requests (1.3) | 4.50 | 742.50 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re: Rhodes Homes v. Stanley Consultants

Page    10

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 2/26/2010 | CBG | Begin deposition index of ████ | 2.10 | 378.00 |
|  | For professional services rendered |  | 275.73 | $75,510.28 |

Additional Charges :

|  |  | Qty |  |
|---|---|---|---|
| 2/11/2010 | Travel expenses to/from Las Vegas for Daryl M. Williams, Silar Kyler and Jerry Coash. | 1 | 1,264.20 |
| 2/17/2010 | Travel expenses to/from San Antonio for Daryl M. Williams, Silar Kyler and Jerry Coash. | 1 | 2,530.00 |
| 2/26/2010 | Postage charge for February 2010 | 1 | 10.02 |
|  | Westlaw research charges for February 2010 | 1 | 541.33 |
|  | Copies - B & W in House for Febuary 2010 | 988 | 118.56 |
|  | B&W scans for Febuary 2010 | 484 | 72.60 |
|  | Color scans in house for Febuary 2010 | 204 | 102.00 |
|  | Color copies - In House for Febuary 2010 | 272 | 204.00 |
|  | Total costs |  | $4,842.71 |

|  |  |
|---|---|
| Total amount of this bill | $80,352.99 |
| Previous balance | $101,948.67 |
| 3/1/2010 Thank You. Wired into general account. | ($25,000.00) |
| Total payments and adjustments | ($25,000.00) |
| Balance due | $157,301.66 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| $114,746.77 | $39,304.96 | $0.00 | $3,249.93 | $0.00 |

*This invoice is due and payable upon presentation and becomes delinquent 30 days thereafter. Delinquent accounts are subject to a late payment charge of 1 1/2% per month of the outstanding balance.*

**PAYMENT CAN BE MADE USING YOUR AMERICAN EXPRESS, MASTERCARD OR VISA. PLEASE CALL OUR ACCOUNTING DEPARTMENT IF YOU WOULD LIKE TO PAY BY CREDIT CARD.**

*Thank you for your prompt payment.*

# EXHIBIT 4

# BAIRD, WILLIAMS & GREER, LLP

6225 N 24th Street, Suite 125
Phoenix, AZ  85016

(602) 256-9400
Tax ID# 86-0808700

Tom Robinson
Director of Legal Services
trobinson@rhodeshomes.com

May 01, 2009

Re:    Rhodes Homes v. Stanley Consultants

Invoice #16341

Professional Services

|  |  | | Hours | Amount |
|---|---|---|---|---|
| 4/1/2009 | DMW | Intraoffice conference with staff and bankruptcy filings and effects on pending matters in this case (.5). | 0.50 | 225.00 |
| 4/2/2009 | MCB | Read multiple notices of deposition received from Stanley (.1); draft email to Robinson re status of getting documents for supplemental responses to discovery requests (.1); | 0.20 | 55.00 |
|  | SMG | Review notices of deposition from Folk & Associates (.2); telephone call to Heather Sieferth re same (.1) | 0.30 | 37.50 |
| 4/3/2009 | MCB | Read emails from Robinson re bankruptcy filing by client (.1); research Nevada bankruptcy filings for client's cases and read notices of filing voluntary petitions in Rhodes Homes Arizona, Rhodes Design and Development, and Rhodes Ranch cases (.4); office conference with Stefanie Garigal and Kim E. Spence re bankruptcy filing (.1); office conference with Daryl M. Williams re bankruptcy filing (.1); draft notice of filing bankruptcy to file with court (.2); draft email to Hossack with notice of filing bankruptcy (.1); read email from Hossack re depositions and forward to Robinson with email (.1); telephone conference with Daryl M. Williams, Folk, and Hossack re status of depositions (.2); read email from Robinson re Stanley not lifting stay and office conference with Daryl M. Williams re same (.1); | 1.40 | 385.00 |
|  | DMW | Read notices of bankruptcy filings for Rhodes Homes Arizona, Rhodes Ranch General Partnership and Rhodes Design and Development, giving instructions to Michael C. Blair and Stefanie Garigal aboue effect of stay and telephone call to Chris Hossack re same (.3). | 0.30 | 135.00 |
|  | SMG | Telephone calls with Therese Mayo re scheduling of upcoming depositions (.3); telephone call from Coash and Coash re confirming same (.2); load Rhodes' 16th supplemental disclosure statement into | 1.30 | 162.50 |

BAIRD, WILLIAMS & GREER, LLP

Tom Robinson
Re: Rhodes Homes v. Stanley Consultants

Page    2

| | | | Hours | Amount |
|---|---|---|---|---|
| | Sanction and update document management index re same (.4); office conference with Michael C. Blair and Daryl M. Williams re filing of bankruptcy (.1); office conference with Jeff Elder re scheduling depositions (.3) | | | |
| 4/7/2009 DMW | Check docket on deposition notices | | 0.03 | 12.50 |
| 4/8/2009 DMW | Intraoffice conference with Stefanie Garigal about ▓▓▓▓▓▓▓ (3.2) | | 3.20 | 1,440.00 |
| 4/10/2009 MCB | Read minute entry from court putting case on inactive calendar due to bankruptcy filing (.1); | | 0.10 | 27.50 |
| 4/14/2009 MCB | Read letter from Seiferth to Albrecht and draft email to Robinson with copy of letter (.1); read letter from Folk re status of getting appointed as special counsel and forward to Robinson via email (.1); read response emails from Robinson re bankruptcy automatic stay (.1); | | 0.30 | 82.50 |
| 4/16/2009 DMW | Docket items re bankruptcy (.2). | | 0.20 | 90.00 |
| 4/20/2009 JHE | Copy and update Sanction database and WordPerfect case file to external hard drive (.5) | | 0.50 | 62.50 |
| 4/21/2009 MCB | Read email from Robinson re status of ▓▓▓▓▓▓▓▓▓ and reply thereto (.1); | | 0.10 | 27.50 |
| DMW | Letter from Doug Folk (.1). | | 0.10 | 45.00 |
| 4/27/2009 SES | Format and load deposition of ▓▓▓▓▓▓▓ into Sanction database. (1.3) | | 1.30 | 110.50 |
| SES | Format and load deposition of ▓▓▓▓▓ into Sanction database (.5) | | 0.50 | 42.50 |
| SES | Format and load deposition of ▓▓▓▓ into Sanction database (.5) | | 0.50 | 42.50 |
| SES | Format and load deposition of ▓▓▓▓▓▓ into Sanction database (.5) | | 0.50 | 42.50 |
| SES | Format and load deposition of ▓▓▓▓▓ into Sanction database (1.0) | | 1.00 | 85.00 |
| SES | Format and load deposition of ▓▓▓▓▓ into Sanction database (.5) | | 0.50 | 42.50 |
| 4/29/2009 CBG | Continue ▓▓▓▓▓ deposition index | | 3.00 | 540.00 |
| 4/30/2009 JHE | Review newspaper article from Las Vegas Sun and prepare for scanning (.2) | | 0.20 | 25.00 |
| | For professional services rendered | | 16.03 | $3,718.00 |

BAIRD, WILLIAMS & GREER, LLP

Tom Robinson

Re:  Rhodes Homes v. Stanley Consultants

Page    3

Additional Charges :

| | Qty | Amount |
|---|---|---|
| 3/18/2009 Video taping of Dennis Bianchi by Coash & Coash | 1 | 630.00 |
| 3/25/2009 Travel expenses for depositions March 23-25, 2009 | 1 | 2,262.89 |
| 3/27/2009 Certified transcripts of William Schulz and Steve Garcia by Coash & Coash | 1 | 536.70 |
| 4/3/2009 Certified transcripts of Ged Woelke and Christoper C. Stephens by Coash & Coash | 1 | 539.55 |
| Certified transcript of Eric Tune by Coash & Coash | 1 | 205.30 |
| 4/6/2009 Certified transcript of Michael Fondren  by Coash & Coash | 1 | 277.00 |
| 4/9/2009 Video taping of Ged Woelke and Christopher Stephens by Coash & Coash | 1 | 1,200.00 |
| Video taping of Eric Tune by Coash & Coash | 1 | 367.50 |
| Video taping of Mike Fondren by Coash & Coash | 1 | 292.50 |
| 4/30/2009 Copies - B&W In House for April 2009 | 194 | 23.28 |
| B&W scans for April 2009 | 93 | 13.95 |
| Postage charge for April 2009 | 1 | 4.38 |
| Total costs | | $6,353.05 |
| Total amount of this bill | | $10,071.05 |
| Previous balance | | $47,614.29 |
| Balance due | | $57,685.34 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| $10,071.05 | $47,614.29 | $0.00 | $0.00 | $0.00 |

*This invoice is due and payable upon presentation and becomes delinquent 30 days thereafter.  Delinquent accounts are subject to a late payment charge of 1 1/2% per month of the outstanding balance.*

**PAYMENT CAN BE MADE USING YOUR AMERICAN EXPRESS, MASTERCARD OR VISA.  PLEASE CALL OUR ACCOUNTING DEPARTMENT IF YOU WOULD LIKE TO PAY BY CREDIT CARD.**

*Thank you for your prompt payment.*

# BAIRD, WILLIAMS & GREER, LLP

6225 N 24th Street, Suite 125
Phoenix, AZ  85016

(602) 256-9400
Tax ID# 86-0808700

Tom Robinson
Director of Legal Services
trobinson@rhodeshomes.com

*June 01, 2009*

Re:    Rhodes Homes v. Stanley Consultants

Invoice #16531

Professional Services

| | | Hours | Amount |
|---|---|---|---|
| 5/3/2009 SMG | Review and analyze ███████ and edit same re████ (4.0) | 4.00 | 500.00 |
| 5/4/2009 SMG | Review and analyze ████████ and edit same re████ (3.0) | 3.00 | 375.00 |
| 5/6/2009 JHE | Format and load newspaper article into Sanction database and update document index; telephone call to ████████, and telephone call with █████████ to confirm cancellation of depositions (.2) | 0.20 | 25.00 |
| SMG | Review and analyze ██████ edit same re ████████ and reorganize documents in Sanction re same (3.5) | 3.50 | 437.50 |
| 5/8/2009 SMG | Review and analyze ██████ edit same re ████████ and reorganize documents in Sanction re same (4.0) | 4.00 | 500.00 |
| 5/9/2009 SMG | Review and analyze ██████ edit same re ████████ and reorganize documents in Sanction re same (3.0) | 3.00 | 375.00 |
| 5/11/2009 SMG | Review and analyze ██████ edit same re ████████ and reorganize documents in Sanction re same (5.0) | 5.00 | 625.00 |
| 5/15/2009 JHE | Review and confirm that recent depositions are in database and edit/annotate any deponent changes to transcripts (.7) | 0.70 | 87.50 |

BAIRD, WILLIAMS & GREER, LLP

Tom Robinson
Re: Rhodes Homes v. Stanley Consultants

Page    2

| | Hours | Amount |
|---|---|---|
| 5/28/2009 JHE    Review correction sheet for ███████ deposition and make corrections/annotations to transcript (.2) | 0.20 | 25.00 |
| For professional services rendered | 23.60 | $2,950.00 |
| Additional Charges : | | |

| | Qty | |
|---|---|---|
| 3/11/2009 Certified copy of transcript of Tracy Stratton by Coash & Coash | 1 | 313.60 |
| Total costs | | $313.60 |
| Total amount of this bill | | $3,263.60 |
| Previous balance | | $57,685.34 |
| Balance due | | $60,948.94 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| $3,263.60 | $10,071.05 | $47,614.29 | $0.00 | $0.00 |

*This invoice is due and payable upon presentation and becomes delinquent 30 days thereafter. Delinquent accounts are subject to a late payment charge of 1 1/2% per month of the outstanding balance.*

**PAYMENT CAN BE MADE USING YOUR AMERICAN EXPRESS, MASTERCARD OR VISA. PLEASE CALL OUR ACCOUNTING DEPARTMENT IF YOU WOULD LIKE TO PAY BY CREDIT CARD.**

*Thank you for your prompt payment.*

# BAIRD, WILLIAMS & GREER, LLP

6225 N 24th Street, Suite 125
Phoenix, AZ  85016

(602) 256-9400
Tax ID# 86-0808700

Tom Robinson
Director of Legal Services
trobinson@rhodeshomes.com

July 01, 2009

Re:    Rhodes Homes v. Stanley Consultants

Invoice #16716

Professional Services

|  | Hours | Amount |
|---|---|---|
| 6/4/2009 MCB  Read email from Seiferth re status of case and draft reply thereto (.1); | 0.10 | 27.50 |
| 6/10/2009 DMW Telephone call from████████ and b/k counsel in California (.3); | 0.30 | 135.00 |
| 6/18/2009 JHE   Update and synchronize laptop computer for meeting in Las Vegas (.2) | 0.20 | 25.00 |
| 6/19/2009 DMW Meeting with█████████ and█████████ re status of case | 1.00 | 400.00 |
| For professional services rendered | 1.60 | $587.50 |
| Previous balance | | $60,948.94 |
| Balance due | | $61,536.44 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| $587.50 | $3,263.60 | $10,071.05 | $47,614.29 | $0.00 |

*This invoice is due and payable upon presentation and becomes delinquent 30 days thereafter.  Delinquent accounts are subject to a late payment charge of 1 1/2% per month of the outstanding balance.*

**PAYMENT CAN BE MADE USING YOUR AMERICAN EXPRESS, MASTERCARD OR VISA.  PLEASE CALL OUR ACCOUNTING DEPARTMENT IF YOU WOULD LIKE TO PAY BY CREDIT CARD.**

*Thank you for your prompt payment.*

# BAIRD, WILLIAMS & GREER, LLP

6225 N 24th Street, Suite 125
Phoenix, AZ  85016

(602) 256-9400

Tax ID# 86-0808700

Tom Robinson
Director of Legal Services
trobinson@rhodeshomes.com

August 01, 2009

Re:    Rhodes Homes v. Stanley Consultants

Invoice #16913

Professional Services

| | | Hours | Amount |
|---|---|---|---|
| 7/30/2009 JHE | Review, analyze and prepare ▓▓▓▓▓▓▓ reports forwarded by Daryl Williams for scanning; format and load documents into Sanction database; edit and update document index (.4) | 0.40 | 50.00 |
| | For professional services rendered | 0.40 | $50.00 |
| | Previous balance | | $61,536.44 |
| | Balance due | | $61,586.44 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| $50.00 | $587.50 | $3,263.60 | $10,071.05 | $47,614.29 |

*This invoice is due and payable upon presentation and becomes delinquent 30 days thereafter.  Delinquent accounts are subject to a late payment charge of 1 1/2% per month of the outstanding balance.*

**PAYMENT CAN BE MADE USING YOUR AMERICAN EXPRESS, MASTERCARD OR VISA.  PLEASE CALL OUR ACCOUNTING DEPARTMENT IF YOU WOULD LIKE TO PAY BY CREDIT CARD.**

*Thank you for your prompt payment.*

# BAIRD, WILLIAMS & GREER, LLP

6225 N 24th Street, Suite 125
Phoenix, AZ  85016

(602) 256-9400
Tax ID# 86-0808700

Tom Robinson
Director of Legal Services
trobinson@rhodeshomes.com

September 01, 2009

Re:    Rhodes Homes v. Stanley Consultants

Invoice #17129

### Professional Services

| | | | Hours | Amount |
|---|---|---|---|---|
| 8/11/2009 | DMW | Telephone call to ███████████ after voice message from ████ ███████ (.2). | 0.20 | 90.00 |
| | JHE | Update and synchronize laptop computer for Daryl Williams meeting with ██████████ (.7) | 0.70 | 87.50 |
| | MCB | Office conference with Daryl M. Williams re case re starting out of bankruptcy (.2); | 0.20 | 55.00 |
| 8/12/2009 | JHE | Finish updating and synchronizing laptop computer; intraoffice conference with Daryl Williams (.3) | 0.30 | 37.50 |
| | DMW | Travel to/from Kingman for and meeting with ██████████ including telephone conference with ██████████ and ██████████ (4.5) | 4.50 | 2,025.00 |
| 8/24/2009 | DMW | | 2.86 | 1,287.63 |
| 8/25/2009 | DMW | Work on ██████████ and review of ███████ (.9). | 0.70 | 315.00 |
| 8/28/2009 | DMW | Work on letter for ██████████ (1.3). | 1.30 | 585.00 |
| | MCB | Review Daryl M. Williams' letter to ███████ with ██████████ (.2); | 0.20 | 55.00 |
| | JEB | Reviewed letter to be sent to ██████████ and ██████████ regarding ██████████; made changes and corrections; finalized and send the letter off. | 0.50 | NO CHARGE |
| 8/31/2009 | DMW | Update letter to ██████████ (.1). | 0.10 | 45.00 |

BAIRD, WILLIAMS & GREER, LLP

Tom Robinson
Re:  Rhodes Homes v. Stanley Consultants

Page    2

| | Hours | Amount |
|---|---|---|
| For professional services rendered | 11.56 | $4,582.63 |

Additional Charges :

| | Qty | |
|---|---|---|
| 8/4/2009 Delivery of documents by Federal Express to OMNI Management Group | 1 | 42.44 |
| 8/5/2009 Delivery of documents by Federal Express sent from Rhodes Companies | 1 | 21.25 |
| 8/12/2009 Travel expenses for meeting with ███████████ in Kingman, AZ | 1 | 790.00 |
| Total costs | | $853.69 |

| | |
|---|---|
| Total amount of this bill | $5,436.32 |
| Previous balance | $61,586.44 |
| Balance due | $67,022.76 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| $5,436.32 | $50.00 | $587.50 | $3,263.60 | $57,685.34 |

*This invoice is due and payable upon presentation and becomes delinquent 30 days thereafter.  Delinquent accounts are subject to a late payment charge of 1 1/2% per month of the outstanding balance.*

**PAYMENT CAN BE MADE USING YOUR AMERICAN EXPRESS, MASTERCARD OR VISA.  PLEASE CALL OUR ACCOUNTING DEPARTMENT IF YOU WOULD LIKE TO PAY BY CREDIT CARD.**

*Thank you for your prompt payment.*

# EXHIBIT 5

# Exhibit 5

DECEMBER  2009

| Attorney | Hourly Rate | Current Hours Billed | Total for Application |
|---|---|---|---|
| C. LaChance | 225 | 5.1 | $1,147.50 |
| Daryl Williams | 450 | 79.1 | $35,595.00 |
| Jeff Elder | 165 | 80.6 | $13,299.00 |
| Mike Blair | 300 | 39.1 | $11,730.00 |
| Total | | 203.9 | $61,771.50 |

Blended hourly rate = $302.95

JANUARY    2010

| Attorney | Hourly Rate | Current Hours Billed | Total for Application |
|---|---|---|---|
| Daryl Williams | 450 | 30.5 | $13,725.00 |
| Jeff Elder | 165 | 33.7 | $5,560.50 |
| Mike Blair | 300 | 25.1 | $7,530.00 |
| Total | | 89.3 | $26,815.50 |

Blended hourly rate = $300.29

FEBRUARY   2010

| Attorney | Hourly Rate | Current Hours Billed | Total for Application |
|---|---|---|---|
| C. Guttierez | 180 | 26 | $4,680.00 |
| C. LaChance | 225 | 55.7 | $12,532.50 |
| Daryl Williams | 450 | 85.83 | $34,491.28 |
| Jeff Elder | 165 | 64.1 | $10,576.50 |
| Mike Blair | 300 | 44.1 | $13,230.00 |
| Total | | 275.73 | $75,510.28 |

Blended hourly rate = $273.86

1
2
3
4
5
6
7

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

8
9

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR |
| | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka | |
| "Rhodes Homes," et al.,[1] | Chapter 11 |
| Debtors. | |
| Affects: | Hearing Date: April 8, 2010 |
| ☒    All Debtors | Hearing Time: 9:30 a.m. |
| ☐    Affects the following Debtor(s) | Courtroom 1 |

10
11
12
13
14
15
16
17
18
19
20
21

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**ORDER GRANTING APPLICATION OF ORDINARY COURSE PROFESSIONAL BAIRD, WILLIAMS & GREER, LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES IN EXCESS OF CAP PERMITTED BY THE ORDINARY COURSE PROFESSIONAL COMPENSATION ORDER [RE DOCKET NO.    ]**

Upon consideration of the *Application of Ordinary Course Professional Baird, Williams & Greer, LLP for Allowance and Payment of Compensation and Reimbursement of Expenses in Excess of Cap Permitted by the Ordinary Course Professional Compensation Order* [Docket Number ___] (the "Application")[2] filed by Baird Williams & Greer, LLP ("Baird Williams"), and good cause appearing,

**IT IS HEREBY ORDERED**:

1.    The Application is granted.

2.    The Court allows Baird Williams' fees and costs for December 2009, January 2010 and February 2010 (the "Payment Period") in the aggregate amount of $179,051.73.

3.    The Debtors are authorized and directed to pay Baird Williams the unpaid fees and costs for the Payment Period in the amount of $104,051.73.

4.    Baird Williams' fees and costs for the period from the Petition Date until the Retention Date, in the amount of $18,120.84, are allowed as an administrative claim, and the Debtors are authorized and directed to pay Baird Williams the $3,743.19 unpaid portion of this administrative claim.

APPROVED / DISAPPROVED:

DATED this ___ day of April, 2010.

By: _____
UNITED STATES TRUSTEE
August Landis
Office of the United States Trustee
300 Las Vegas Blvd. S., Ste. 4300
Las Vegas, NV  89101

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Submitted by:
DATED this 8th day of April, 2010.

By:    /s/Zachariah Larson
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
(702) 382-1170 (Telephone)
(702) 382-1169
zlarson@lslawnv.com
*Attorney for Debtors and Debtors in Possession*

# **LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

_____ The court has waived the requirement of approval under LR 9021.

_____ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

Submitted by:

DATED this 8ᵗʰ day of April, 2010.

By: /s/ Zachariah Larson
    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
    (702) 382-1170 (Telephone)
    (702) 382-1169
    zlarson@lslawnv.com
    Attorneys for Debtors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA