Duane E. Shinnick, Esq.
Bar No. 7176
Eric Ransavage, Esq.
Bar. No. 8876
SHINNICK, RYAN & RANSAVAGE P.C.
2881 Business Park Court, Suite 210
Las Vegas, NV 89128
Tel. (702) 631-8014
Fax (702) 631-8024
eransavage@ssllplaw.com

Attorneys for ALL HOMEOWNERS

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC aka<br>"Rhodes Homes", et al.[1]<br><br><br><br><br><br><br><br><br><br><br><br><br>Debtors. | Chapter 11<br><br>Case No. BK-S-09-14814-LBR<br>(Jointly Administered)<br>JUDGE LINDA B. RIEGLE<br><br>**MOTION FOR CLARIFICATION OF ORDER OR, IN THE ALTERNATIVE, MOTION FOR MODIFICATION OF AUTOMATIC STAY IN ORDER TO PROCEED AGAINST DEBTOR AS A NOMINAL DEFENDANT AND AS AGAINST INSURANCE PROCEEDS ONLY**<br>Hearing Date: February __, 2010<br>Hearing Time: _:_0 _M<br>Estimated Time:  30 Minutes<br>Courtroom:  1 |

Affects the following Debtors:
RHODES DESIGN & DEVELOPMENT CORP. and RHODES RANCH GENERAL PARTNERSHIP

---

[1]  The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822);  Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C&J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14844); Tuscany Acquisitions IV, LLC (Case No. 09-14849);  Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852);  Tuscany Acquisitions, LLC (Case No. 09-14853);  Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856);  Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860);  Batcav, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

NOTICE IS HEREBY GIVEN that, in compliance with Local Rule 4001, of the Local Rules of Practice of the United States Bankruptcy Court, District of Nevada, LESLIE BLASCO, NEIL & NANCY SCELSA, EMILIE C. LIAO, VIRGILIO BERTO, JOHN P. & DAWN M. LIBERTI, DARLENE J. COOK, JIMMY L. & HAZEL M. BOONE, AMY Y. CHENG, GREGORIO V. & VIOLETA L. CORTEZ, YVETTE DANG, 266 BR, LLC, ANTHONY DEVRIES, JOSE A. ELIQUE, ROLANDO GARCIA, ROMAN GARZON & MARTHA VALDEZ, PRASHANT N. & RUPALI P. GUPTE, JAMES R. & LESLIE L. HAEFELI, ALI JORDAN, HENRY F. MAZE, KENNETH MUMBY, KEVIN & LISA OLSEN, BENJAMIN & DONNA OWYOUNG, CLARENCE J. RICHWALSKI, ANDREW & ALEXANDRA TAXIARCHOS, FAIZA & WALID YOUSIF, TATYANA ANTOKHINA, ROSALINDA T. CATALANO, LEOPOLDO & ROSARIO FRAUSTO, AMALIA GARCIA, JOHN A. & PIA HERMANN, NOEL IGNACIO, NAURRY S. KWON, WILLIAM A. & DELIA A. LAMB, THOMAS LOMBINO, RONNEL MENDOZA, PEARL H. NEAL, JIM REICHERT, JAMES REMMERT, PATRICK RUSH & AMY DOUGHERTY, FELY SANTIAGO, YVONNE SKRZECZYNA, ANNA SLOMKA, JAIME TYCANGCO, LAURA YANG, JUNGTAE LEE, LOUIS C. & JOAN K. NOLAN ("ORIGINAL MOVANTS") and all subsequently named homeowners in the case identified as *Blasco, et. al. v. Rhodes Ranch, LP et al.* Clark County District Court Case No. A578060 ("*Blasco, et. al.*".) to be added by Plaintiffs' Second Amended Complaint by June 7, 2010 ("TO BE JOINED HOMEOWNERS") pursuant to the Case Agenda for *Blasco, et al.*, Exhibit "A" of the Case Management Order dated April 15, 2010 (Exhibit "1", Case Management Order), file this Motion for Clarification of Order or, in the Alternative, Modification of the Automatic Stay (this "Motion") imposed with respect to RHODES RANCH LIMITED

PARRNTERSHIP and RHODES DESIGN AND DEVELOPMENT CORPORATION ("RHODES HOMES").

The hearing on the Motion will be on _____ __, 2010, at __:_0_.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the above-entitled Court located at 300 Las Vegas Blvd South, Las Vegas, Nevada, before The Honorable Linda B. Riegle, United States Bankruptcy Judge.

NOTICE IS FURTHER GIVEN that any party opposing this Motion must appear at the hearing at the time and place referenced in the caption above.

This Motion is brought pursuant to Section 362(d) of Title 11, United States Code, Bankruptcy Rule 4001, and Local Rule 4001; and is based upon the grounds that:

(1)     This Court's February 16, 2010, Order Granting Motion for Modification of Automatic Stay in Order to Proceed Against Debtors as a Nominal Defendant and as Against Insurance Proceeds Only [Docket No. 869] (the "Order") was intended to apply to both, the ORIGINAL MOVANTS and the TO BE JOINED HOMEOWNERS;

(2)     TO BE JOINED HOMEOWNERS desire the dissolution of the injunction restraining the prosecution of its State Court proceedings against RHODES;

(3)     TO BE JOINED HOMEOWNERS seek to establish the liability of RHODES in the State Court action in order to collect on insurance policies of RHODES;

(4)     The Bankruptcy automatic stay does not prohibit a State Court action to establish a debtor's liability for the sole purpose of collecting damages from debtors' insurance policies according to proof.

Dated: 4-16-10

SHINNICK, RYAN & RANSAVAGE, PC

Eric Ransavage, Esq.
NV Bar No. 8876
SHINNICK RYAN & RANSAVAGE P.C.
2881 Business Park Ct., Suite 210
Las Vegas, Nevada
Attorney for ALL HOMEOWNERS

## I.
## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

**A. General Background**

On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable. Upon information and belief, the Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**B. The Litigation.**

ORIGINAL MOVANTS are the owners of forty-five (45) single-family residences in a development known as the Greens/ Fairways which is a subunit of the Rhodes Ranch community in Las Vegas, Nevada. TO BE JOINED HOMEOWNERS include additional owners of single-family residences in the Greens/ Fairways that shall be included in Plaintiffs' Second Amended Complaint to be filed on or before June 7, 2010 in *Blasco, et al.*, the deadline for Plaintiffs to file their Second

Amended Complaint naming individual homeowner plaintiffs pursuant to the Case Agenda, Exhibit "1" of the Case Management Order. (See Exhibit "1", Case Management Order for *Blasco, et al.*). Collectively, the ORIGINAL MOVANTS and the TO BE JOINED HOMEOWNERS shall be referred to hereinafter as "ALL HOMEOWNERS."

The residences were originally developed and sold by RHODES. On December 17, 2008, ALL HOMEOWNERS filed an action (the "Litigation") in Clark County District Court (Eighth Judicial District Court) (the "District Court") to recover for constructional defects in the above referenced homes which is identified as *Blasco, et al. v. Rhodes Ranch, LP et al.* Clark County District Court Case No. A578060 ("*Blasco, et al.*"). In their Complaint and the Amended Complaint, ALL HOMEOWNERS allege causes of action for strict liability, breach of warranties, and negligence arising out of defective construction in the Greens/ Fairways tract of homes located in Las Vegas, Nevada. (Exhibit "2", Complaint and Amended Complaint from *Blasco, et al.*). ORIGINAL MOVANTS filed their Motion for Modification of Automatic Stay in Order to Proceed Against Debtor as a Nominal Defendant and as Against Insurance Proceeds Only on December 22, 2009 ("Original Motion"), which was granted by this Court on February 16, 2010 pursuant to its Order. (Exhibit "3"). This Motion is merely seeking on behalf of the TO BE JOINED HOMEOWNERS that which was already granted to the MOVANTS. To wit: to have the stay lifted in order for the TO BE JOINED HOMEOWNERS to proceed against RHODES HOMES' applicable insurance policies.

Defense counsel was retained by RHODES HOMES' insurer, Lexington Insurance, who then responded on behalf of RHODES sometime in early 2009. That defense counsel has remained counsel of record in the *Blasco, et al.* matter. During a Special Master hearing on April 12, 2010, Defense counsel contended that the Order applied only to the forty-five (45) single-family residences specifically identified in the Original Motion and claimed that Plaintiffs adding the TO BE JOINED HOMEOWNERS would violate the 11 U.S.C. Section 362(d) automatic stay. Like ORIGINAL MOVANTS, the TO BE JOINED HOMEOWNERS believe they too are included in the Order, and likewise, entitled to recover from insurance policies with respect to certain claims and causes of action related to the alleged defects for their homes.

**II.**
**ARGUMENT**

**A.    THE COURT SHOULD CLARRIFY ITS ORDER TO ACKNOWLEDGE THAT THE ORDER, LIFTING THE AUTOMATIC STAY, WAS ALSO MEANT TO APPLY TO THE TO BE JOINED HOMEOWNERS, NOT JUST THE FORTY-FIVE (45) ORIGINAL MOVANTS.**

ALL HOMEOWNERS respectfully request that this Court clarify its Order to acknowledge that such Order was applicable to ALL HOMEOWNERS, not just the forty-five (45) ORIGINAL MOVANTS that were specifically named in the Original Motion.

Specifically, paragraph 2 of the Order states "[t]he automatic stay is lifted for the limited purposes of permitting the Plaintiff Homeowners in the Litigation, entitled *Blasco, et al. v. Rhodes Ranch, LP et al.*, Clark County District Court Case No. A578060, to liquidate their claims . . . ." (See Exhibit "3" pg. 5, lines. 5-7).

The term "Plaintiff Homeowners" is not defined in the Order or in the Original Motion itself. However, the plain meaning of the term "Plaintiff Homeowners" refers to those homeowners that are plaintiffs in the *Blasco, et al.* case. The caption itself supports this interpretation:

> "LESLIE BLASCO, individually; NEIL and NANCY SCELSA, individually; EMILIE C. LIAO, individually; VIRGILIO BERTO, individually; JOHN P. and DAWN M. LIBERTI, individually; DARLENE J. COOK, individually; and the same on behalf of themselves **and on behalf of others similarly situated, and ROES 1-600, inclusive**
> Plaintiffs," (emphasis added)

This language clearly reflects that the TO BE JOINED HOMEOWNERS have always been contemplated in this case. Likewise, these TO BE JOINED HOMEOWNERS were contemplated and meant to be included in the Order itself, as this Court specifically used the term "Plaintiff Homeowners"

to identify the individuals that could pursue their claims. The TO BE JOINED HOMEOWNERS are "Plaintiff Homeowners" in *Blasco, et al.* and therefore included in the Order.

Additionally, the inclusion of the TO BE JOINED HOMEOWNERS in the Order would promote judicial economy and serve as good public policy in these types of cases. It is a tremendous waist of this Courts time and valuable resources, not to mention a burden on plaintiff and defense counsel, to require plaintiffs to continually have to seek relief from the automatic stay every time a similarly situated plaintiff is to be added to the state court action.

It is unreasonable to require TO BE JOINED HOMEOWNERS to have to seek relief from this Court when there is no material difference between the ORIGINAL MOVANTS and the TO BE JOINED HOMEOWNERS; although that is exactly what ALL HOMEOWNERS are having to do in this case. Notwithstanding, this Court can set a precedent for future cases, that such relief orders do apply to subsequently named homeowners in the underlying state court action.

Based on the foregoing, ALL HOMEOWNERS request that this Court clarify its Order to acknowledge that the Order applies to ALL HOMEOWNERS, not just the ORIGINAL MOVANTS.

**B.    THE COURT SHOULD GRANT THIS MOTION FOR RELIEF UNDER THE AUTOMATIC STAY BECAUSE THE UNIDENTIFIED HOMEOWNERS' STATE COURT ACTION WILL NOT DIMINISH DEBTOR'S ESTATE AND BECAUSE FAILURE TO GRANT THE REQUESTED RELIEF WILL VISIT GREAT PREJUDICE TO THE HOMEOWNERS.**

TO BE JOINED HOMEOWNERS respectfully request relief from a stay as provided in Section 362(d) of Title XI, United States Code, and Bankruptcy Rule 4001. This Motion is brought under Local Rule 4001-1.

Section 362(a) of the Bankruptcy Code bars the "commencement or continuation, including the issuance or employment of process, or a judicial, administration, or other proceedings against a debtor

that was or could have been commenced before the commencement of the case under this title."

However, although section 362(a) provides a nearly comprehensive stay of the proceedings against the

debtor, section 362(d) requires the bankruptcy judge "to grant relief from the stay...for cause." The

term "cause" as used in section 362(d) "has no clear definition and is determined on a case-by-case

basis." *In re Tucson Estates,* 912 F.2d 1162, 1166 (9th Cir. 1990).

Courts have adopted a three factor test for determining whether "cause" exists by asking

whether:

a.)     "Any great prejudice to either the bankrupt estate or the debtor will result from the
        continuation of the civil suit,
b.)     The hardship to the [non-bankrupt party] by maintenance of the stay considerably
        outweighs the hardship of the debtor, and
c.)     The creditor has a probability of prevailing on the merits."

*In re Fernstorm Storage and Van Company,* 938 F.2d 731, 735 (1991) (quoting *In re Pro*

*Football Weekly,* 60 B.R. 824, 826 (N.D.Ill. 1986).

In applying this test, this Court can conclude that no great prejudice will affect either the

bankruptcy estate or the Debtor because TO BE JOINED HOMEOWNERS seek only proceeds from the

Debtor's insurance. *See In re Turner*, 55 B.R. 498 (Bankr.N.D. Ohio 1985)(suspending the stay is

appropriate where all the plaintiff seeks is a declaration of liability with no monetary consequences for

the debtor, as opposed to its insurer). It is true that as a nominal defendant, the debtor may be subject to

certain discovery and perhaps appearing at trial, but "this is not a burden alleviated by [the automatic

stay] when the purpose of the suit is to establish [the debtor's] nominal liability in order to collect from

his insurance policy." *In re Edgeworth*, 993 F.2nd 51, 54 (5th Cir. 1993).2 The *Edgeworth* court also

held that while insurance policy belongs to the debtor's estate, proceeds from the policy are not assets or

_____

2  *In re Edgeworth* dealt with post-discharge permanent injunction under 11 U.S.C. section 524(e), but the reasoning upon which it was
based is applicable to the case at hand.

property of the estate. *Id.* At 55-56 ("When the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate").

As to the second element of the test, the hardship visited on the TO BE JOINED HOMEOWNERS is greater than the hardship to the debtor if the stay is lifted. The TO BE JOINED HOMEOWNERS will, unless the stay is lifted, have to pay for repairs of their homes themselves; whereas, if relief is granted, the Debtor's insurance company will pay for the Debtor's defense and indemnification. *In re Holtkamp*, 669 F.2d 505, 509-09 (7th Cir. 1982) (no harm to debtor where the debtor's insurance company had "assumed full financial responsibility for defending that litigation"); *see also, United National Insurance Co. v. Frontier Insurance Company, Inc.,* 99 P.3d 1153, 1158 (2004) (insurance company's duty to defend is greater than its duty to indemnify).

Finally, it is reasonably probable that the TO BE JOINED HOMEOWNERS will succeed in the State construction defect action against this developer on the basis that the TO BE JOINED HOMEOWNERS damages arise out of RHODES' acts or omissions in the planning, design, development and construction of the subject property. *See e.g., Olson v. Richard,* 89 P.3d 31 (2004); *Radaker v. Scott,* 109 Nev. 653, 855 P.2d 1037 (1993).

RHODES will suffer little or no prejudice if the relief of stay is granted because the TO BE JOINED HOMEOWNERS seek nothing more than recovery as against RHODES' insurers.

### C.    THIS COURT HAS THE DISCRETION TO GRANT RELIEF FROM THE STAY AND BY EXERCISING THAT DISCRETION TO ALLOW TO BE JOINED HOMEOWNERS TO LIQUIDATE ITS CLAIM IN A STATE COURT PROCEEDING IT WILL FOSTER CONGRESSIONAL POLICY AND INTENT.

The bankruptcy court has the discretion to grant relief from stay in order to allow a claimant to liquidate its claim in a state court proceeding. *See, e.g., Austin v. Wendell-West Co.,* 539 F.2d 71 (9th Cir. 1976); *In re* Wood, 548 F.2d 216 (8th Cir. 1977); *In re Holtkamp, supra,* 669 F.2d 505 (7th Cir. 1982).

In *Holtkamp,* the court stressed that the action should proceed if it fosters the purpose behind the automatic stay:

> "The purpose of the automatic stay is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured…thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts…where, as here, the pending action is neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy."

*Holtkamp,* 669 F.2d at 508, internal quotes and citations removed.

Granting TO BE JOINED HOMEOWNERS the requested relief from the automatic stay as to insurance proceeds will not setoff a "chaotic and uncontrolled scramble for the debtor's assets" nor will it interfere with the "systematic equitable liquidation procedure" for all other creditors. Therefore, this Court should exercise its discretion and grant the instant Motion.

## III.

## CONCLUSION

This Court should clarify its Order to reflect the Court's intent to have included ALL HOMEOWNERS in its Order. In the unlikely event this Court determines that the TO BE JOINED HOMEOWNERS were not intended to be included in the Order, this Court should grant relief to the TO BE JOINED HOMEOWNERS from the automatic stay as well. Granting such relief from the automatic stay will neither frustrate the goal of the orderly administration of the debtor's estate, nor will it imperil the estate's assets. Moreover, the prejudice to the TO BE JOINED HOMEOWNERS if relief is not granted far outweighs any potential prejudice to RHODES if relief is granted. This Court has already concluded that the ORIGINAL MOVANTS are entitled to relief from the automatic stay. Therefore, TO BE JOINED HOMEOWNERS respectfully requests that this Court grant them similar relief from the automatic stay as a predicate to establishing RHODES' liability and, thereby, allow the TO BE JOINED

HOMEOWNERS to seek recompense from RHODES' insurance for constructional defects at TO BE JOINED HOMEOWNERS' homes at issue.

Dated: _4 - 16 - 10_

SHINNICK, RYAN & RANSAVAGE LLP

Eric Ransavage, Esq.
NV Bar No. 8876
SHINNICK RYAN & RANSAVAGE P.C.
2881 Business Park Ct., Suite 210
Las Vegas, Nevada
Tel: (702) 631-8014

Attorney for ALL HOMEOWNERS

# EXHIBIT 1

CLERK OF THE COURT

1  CMO
  FLOYD A. HALE, Esq.
2  Nevada Bar No. 1873
  2300 W. Sahara Ave., Suite 900
3  Las Vegas, Nevada 89102
  (702)-457-5267
4  Special Master

5              DISTRICT COURT

6              STATE OF NEVADA

7

8  LESLIE BLASCO, individually; NEIL and          CASE NO. A578060
9  NANCY SCELSA, individually; EMILIE C. LIAO,    DEPT. No. XXII
  individually; VIRGILIO BERTO, individually;
10  JOHN P. and DARLENE J. COOK, individually;
  and the same on behalf of themselves and on behalf
11  of others similarly situated, and ROES 1-600,
  inclusive,
12
              Plaintiffs,
13
  RHODES RANCH LIMITED PARTNERSHIP, a
14  Nevada Limited Partnership; RHODES DESIGN
  AND DEVELOPMENT dba RHODES HOMES,
15  a Nevada Corporation and DOES 1 through 500,
  inclusive,
16
              Defendants.
17

18              **CASE MANAGEMENT ORDER**

19  **1.    GENERAL PURPOSE**

20      1.1    **Purpose.** This litigation concerns the Plaintiffs' allegations of construction defects

21  involving numerous single family residences. At the time of the initial, April 12, 2010, Special

22  Master Hearing, the Defendant had received at least 39 and possibly 49 N.R.S. Chapter 40 Notices.

23  Inspections of 22 homes have been completed, with an additional 17 homes to be scheduled. Based

24  upon agreement of counsel, the Plaintiffs shall have until June 7, 2010, to file an Amended

25  Complaint naming additional homeowners and omitting class action allegations. The Defendant's

26  counsel acknowledged there may be some issues following the filing of that Complaint, particularly

27  regarding Bankruptcy proceedings and the scope of the Bankruptcy Stay being lifted. This

28  construction defect action is deemed complex, in that it shall involve a large number of parties and

1 claims, and trial, if it occurs, is likely to be prolonged. This Case Management Order (the "Order")
2 is entered to reduce the costs of litigation, to assist the parties in resolving their disputes if possible,
3 and if not, to reduce the costs and difficulties of discovery and trial.

4     1.2    **Code Governs Where Silent.** On any matter as to which this Order is silent, the
5 Nevada Revised Statutes and the Nevada Rules of Court shall be controlling.

6 **2.    APPOINTMENT OF SPECIAL MASTER**

7     2.1    **Scope of Appointment.** Floyd Hale, Esq. is appointed as the Special Master and
8 shall have the power and authority to:

9     1.    Review all pleadings, papers or documents filed with the court or served
10 on counsel concerning the action, and coordinate the entry of this Order and any amendments
11 thereto.

12     2.    Coordinate and make orders concerning the discovery of any photographs,
13 records, papers, expert reports, or other documents by the parties, including the disclosure of
14 witnesses, and the taking of the deposition of any party.

15     3.    Order any inspections on the site of the property by a party and any
16 consultants or experts of a party.

17     4.    Order mediation, settlement conferences, or hearings, and order attendance
18 at those conferences or other hearings by counsel, parties and any representative of the insurer of
19 a party.

20     5.    Require any attorney representing a party to provide statements of legal
21 and factual issues concerning the cause of action.

22     6.    Refer to the presiding judge of the court in which the cause of action is
23 filed any matter requiring assistance from the court.

24     2.2    **Law and Motion.** The Special Master will hear discovery motions under the
25 same meet and confer and notice procedures that apply to the Discovery Commissioner. The form
26 of discovery motions and oppositions may be made in letter form and shall be filed with the Special
27 Master and properly served on all parties with proper notice.

28     2

1    2.2.1 **The parties must make an effort to resolve discovery disputes prior to**
2 **submitting those issues to the Special Master by a personal conference or a telephone**
3 **conference with adverse counsel as required by E.D.C.R. 2.34.**

4    2.2.2 All discovery motions must include a statement that a discovery conference
5 or a good faith effort to confer has been completed but that counsel have been unable to resolve the
6 discovery dispute, as required by E.D.C.R. 2.34(d).

7    2.2.3 Unless a specific briefing schedule is issued by the Special Master: Opposition
8 briefs are due 10 days after receipt of a Motion; Reply briefs are due 7 days after receipt of the
9 Opposition.

10   **2.3    Objections to Special Master Order or Special Master Recommendations.**

11   The parties may submit objections to Special Master Orders or to Special Master
12 Recommendations under the same procedures that apply to the Discovery Commissioner
13 Recommendations, as specified at EDCR 2.34 (f) except that the objections may be served 10 days
14 after the service of the Special Master Order. The inclusion of an executed District Court Order with
15 the Special Master Recommendations when initially served shall be considered an interlocutory
16 Order for 10 days and does not effect the time for submitting objections and does not affect the
17 standard for judicial review.

18   **2.4    Compensation.** The compensation of the Special Master shall be paid 1/3 by
19 Plaintiff, 1/3 by Defendants, and 1/3 divided pro rata among the remaining parties. If there are no
20 Third-Party Defendants, the compensation of the Special Master shall be paid ½ by the Plaintiff and
21 ½ by the Defendants. The Special Master shall have the power to recommend a different allocation,
22 depending upon the actual participation of a party or the nature and purpose of the particular
23 proceedings before the Special Master. Payment shall be made within 45 days of receipt of an
24 invoice for services. A party will be responsible for compensating the Special Master until serving
25 him with a written order removing that party from the litigation. As to discovery disputes, each party
26 shall contribute equally to the compensation of the Special Master, subject to a recommendation for
27 reallocation of such expense.

28                    3

**3.   NEW PARTIES**

When a party subsequently makes an appearance in the case, the party who sued the subsequently appearing party is responsible for serving a copy of this Order within 10 days after the subsequently appearing party files its first responsive pleading or answer.

**4.   DOCUMENT DEPOSITORY**

The document depository is located and will be managed by Litigation Services, located at 1640 West Alta Drive, #4, Las Vegas, Nevada.

**5.   INTERROGATORIES**

All parties of record, other than the Plaintiffs, shall deposit in the depository and serve on all other parties responses to the interrogatories attached hereto as Exhibit "B" within 30 days after the service of this Order. Any party appearing subsequent to the entry of Order shall respond to the interrogatories attached as Exhibit "B" within thirty (30) days of an appearance in this matter.

**6.   STATEMENT OF INSURANCE**

All parties of record except Plaintiffs shall deposit and serve on all other parties responses to the statement of insurance attached hereto as Exhibit "C" within 30 days after service of this Order. It is expressly understood that no party to this action waives any provisions of the N.R.C.P., N.R.S. or any other statutes or case law relating to the admissibility of the information given in response to the questions in Exhibit "C". Parties appearing subsequent to entry of this Order shall respond to Exhibit "C" within thirty (30) days of an appearance in this matter.

**7.   STATEMENT OF WORK**

All parties of record except Plaintiff are required to deposit and serve responses to the Statement of Work attached hereto as Exhibit "D" within 30 days after service of this Order. Parties appearing subsequent to entry of this Order shall respond to Exhibit "D" within thirty (30) days of an appearance in this matter.

**8.   INSURANCE POLICIES**

Defendants and all Third Party Defendants are required to deposit within 30 days after service of this Order, copies of any and all certificates of insurance, declaration pages, and insurance

4

1   policies, referencing insurance coverage obtained for work that is the subject of this lawsuit and any
2   additional insured endorsements naming any party to this action and/or as an additional insured. If
3   a party is unable to do so, either because the certificate(s) and/or endorsement(s) are unavailable or
4   no insurance was obtained, that party shall notify all parties of the inability to comply with this
5   subsection. Any new party appearing in this matter shall comply with this subsection within thirty
6   (30) days of appearing. The documents served and deposited pursuant to this section shall be
7   accompanied by a "Notice of Compliance."

8   **9.      DOCUMENT PRODUCTION/DEPOSITORY**

9          All parties shall deposit the documents described in Exhibits "E" and "F" attached hereto, as
10  applicable, within 30 days after service of this Order. Parties appearing subsequent to entry of this
11  Order shall deposit documents conforming to Exhibits "E" and "F" within forty-five (45) days of an
12  appearance in this matter.

13         a.      The documents deposited shall be accompanied by a "Notice of Compliance" which
14  will also be served on all parties concurrent with the deposit of documents.

15         b.      The deposit shall also contain an index with a reasonably specific description of the
16  documents deposited, and the documents must be consecutively Bates stamped, identifying the party
17  making the deposit, and bound in a manner that does not alter or destroy any part of the deposited
18  materials, yet secures the materials in such a way that they can be examined together.

19         c.      If photographs are deposited, the parties are instructed to include one (1) set of color
20  prints, accompanied by a front-page photograph index, identifying the photographer, location
21  depicted in the photograph (with reasonable specificity) and the date the photograph was taken.

22         d.      Any party not depositing all documents in its possession, custody or control, shall,
23  in the Notice of Compliance:

24                 (1)     identify any documents withheld with sufficient particularity to support a
25                         Motion to Compel; and

26                 (2)     state the basis for refusing to produce the document(s).

27         All parties are under a continuing obligation to deposit all non-privileged documents

28                                                  5

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267   Fax (702) 437-5267
email: hale@floydhale.com

1    and photographs discovered after the initial production. In the event that a party subsequently
2    discovers documents, that party shall follow the same procedures set forth above. All parties agree
3    to maintain the original documents in their possession and deposit copies. However, if a party wishes
4    to see an original document(s), they shall be allowed to do so upon reasonable notice to counsel.
5    Any plans deposited pursuant to Exhibits "E" or "F" should include any amendments thereto. Any
6    party wishing to copy plans shall order same through custodian of the document depository.

7            If it becomes necessary for any party to augment their document deposit, they must
8    similarly augment their Notice of Compliance.

9            Parties who deposit documents which do not conform to this Order will be given 48
10   hours to rectify. Failure to comply and/or rectify will be reported to the Special Master and/or the
11   Court and may result in the imposition of sanctions.

12           Custodian for the document depository shall notify all parties of any parties' failure
13   to comply with the Notice of Compliance of deposit documents at the expiration of said 48 hour
14   period.

15           Each party will deposit the original, if available, or a copy of every different set of
16   plans in its possession into the depository. Vellums of all plans, if available, will be made available
17   in the document depository by the parties.

18   **10.    DEFECT IDENTIFICATION/PRELIMINARY COST ESTIMATE**

19           The Plaintiffs shall provide a final list of defects, final repair recommendations, and a final
20   cost of repair estimate no later than scheduled as per the Case Agenda. Plaintiffs' final cost of repair
21   estimate shall list repairs by line item number that corresponds with the final defect list and shall
22   break down each cost item by labor, material and overhead and profit.

23           Plaintiffs' final list of defects shall list every location where such defect was observed and
24   every location which was inspected for such defect. Plaintiffs' final list of defects shall also include
25   any extrapolation which are made based on Plaintiffs' actual findings. Plaintiffs' final list of defects
26   shall be listed by line item number that corresponds with line item numbers in the final repair
27   recommendation and cost of repair. Plaintiffs shall be barred from asserting any claims which are

28                                                    6

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5257  Fax (702) 437-5267
email: fhale@floydhale.com

not listed in their final defect list without leave of Special Master upon a showing of good cause.

Plaintiff's Defect List shall contain a list of construction defects which must include with reasonable specificity some authority for determining that each item is a defect, including, but not limited to:

        a)     Citations to construction documents;
        b)     Citations to applicable building codes;
        c )    Citations to manufacturing specifications;
        d)     Citations to industry standards of care;

which support each defect allegation.

Should mediation prove unsuccessful, Plaintiffs are entitled to conduct additional testing to support the extrapolations set forth in the Defect List ("Extrapolation Support Testing"). All Extrapolation Support Testing shall be paid for exclusively by Plaintiff, with at least 10 days notice to all parties, and shall be completed at least sixty (60) days before the first expert deposition is conducted. The Plaintiff's adjustments to the Cost of Repair Report must be deposited at least thirty (30) days before the first expert deposition is conducted. Should Plaintiffs exercise their right to perform Extrapolation Support Testing, the Defendants and Third-Parties shall be entitled to conduct additional testing to gather evidence to defend against the Extrapolation Support Testing data ("Counter Testing"). Counter Testing must be done in compliance with Section 14.

The Plaintiff may not amend its Defect List based upon the Extrapolation Testing, without leave of the Special Master upon showing of good cause, with appropriate adjustments to the Case Agenda and trial date.

## 11.    EXPERT REPORTS

11.1    **Reports.** Experts are required to provide reports (which includes the Plaintiff's Defect List and Cost of Repair Report) which must comply with N.R.C.P. 16.1(a)(2). All expert reports must be deposited by the date required under the Case Agenda.

11.2    **Untimely Reports. An expert failing to deposit a timely report meeting the requirements of N.R.C.P. 16.1(a)(2) is subject to being stricken as a designated expert.** An expert may, however, amend a timely report based upon subsequent observations of testing or repairs

7

performed by other parties. The amendment must be provided as soon as possible. Unless the Case Agenda provides a specific date for an expert designation, the production of an expert report shall constitute a designation of an expert identified as the author of the report.

**No expert is authorized to deposit an untimely expert report,** without seeking leave of the Special Master upon a showing of good cause. **Any party may notify the Special Master of the deposit of an untimely expert report which will justify the issuance of a Special Master Order striking that report, without hearing.** The striking of the expert report based upon notice of an untimely deposit does not preclude a party from submitting a Motion For Leave to Deposit an Expert Report to the Special Master based upon a showing of "good cause." The **Opposition** to a Motion for Leave to deposit an untimely expert report **must provide specific proof and details of the prejudice to that party caused by the allowance of the report.**

11.3    **Cost of Repair Reports.** A party's final cost or repair report shall list repairs by line item number that corresponds with the final defect list and shall break down each cost item by labor, material and overhead and profit. The expert reports of the Defendants and Third-Party Defendants shall include a response to each defect within their scope of work asserted by plaintiff, repair recommendations, if any, and costs of repair, if any, that the party will present at trial.

11.4    **Expert Job Files.** Unless another date is provided in the Case Agenda, an expert's job file, including any summaries or compilations to be used a trial, must be deposited 7 days after the deadline for that expert's report (which includes the Plaintiff's Defect List and Cost of Repair Report). The job file must contain all the information required to be produced pursuant to N.R.C.P. 16.1(a)(2) unless already deposited with that expert's report.

**12.    NON-PARTY DISCOVERY**

Any party shall be allowed to conduct non-party document discovery upon proper notice to all parties, and are required to deposit any documents obtained from such discovery in the document depository within fourteen (14) days of obtaining such discovery.

**13.    REPAIRS**

No repairs, except emergency repairs, shall be performed without **5 business days notice to**

8

all counsel. Emergency repairs may be performed provided Plaintiffs give as much notice as feasibly possible. Plaintiffs shall supply, in writing to all counsel, the nature of any such emergency and the repairs performed.

**14.    NON-INTRUSIVE AND INTRUSIVE INSPECTIONS**

Non-intrusive inspections shall occur as scheduled by the Case Agenda. All parties shall submit proposals for non-intrusive inspections. Thereafter, Plaintiffs shall issue to all parties an agenda and/or calendar of inspections. Plaintiffs shall upon request make the roof(s) available, as well as all exterior aspects of the site which do not need access through a home. All parties and their experts shall be given access to roofs provided they bring the necessary equipment to reach the roofs and can provide proof that each person inspecting the roof is covered by workers compensation and/or other valid insurance in case of injury to the inspector or the roof.

Without approval of the Special Master, for good cause shown, Plaintiffs shall be precluded from conducting any destructive testing at the project after the period of Plaintiffs' Destructive Testing provided in the Case Agenda has expired. Intrusive testing shall be allowed by Defendants and Third-Party Defendants in accordance with the Case Agenda and Deadlines. All parties shall submit request forms in accordance with Exhibit "G" to Plaintiffs' counsel with specific locations of testing if desired. Plaintiffs shall issue a specific calendar of destructive testing notice by facsimile to all parties.

The parties, and their experts, shall be allowed to conduct destructive testing that complies with the foregoing, provided however, the parties must have a licensed general contractor supervise said testing and immediately, or subject to written stipulation of the parties otherwise, after said testing is complete the parties' licensed general contractor shall make all repairs to the tested area to bring said tested area up to the condition it was in prior to the destructive testing.

Discussions between experts at inspections and testing sessions shall be considered mediation-privileged communications.

**15.    MEDIATION**

Bruce Edwards has been appointed Mediator. Plaintiffs may, at their option, conduct a

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267   Fax (702) 437-5267
email: fhale@floydhale.com

1 presentation of defects or expert meetings prior to the first day of mediation. All parties shall appear

2 at all mediations with their liability insurance representative(s), with settlement authority equal to

3 full policy limits or equal to the settlement demand if less than the policy limits, so that meaningful

4 mediations may take place.

5      All parties shall be fully informed and able to discuss insurance issues, including, but not

6 limited to, policy periods and available limits, additional insured status, and indemnity position. If

7 coverage defenses are being asserted, the individual representative of the party shall personally

8 appear. Telephone communication with counsel, a party or an insurance representative is not

9 sufficient attendance at the mediation unless approved in writing by the Special Master.

10 Applications to attend by telephone communication will only be given upon a showing of good cause

11 and shall not include the mere inconvenience and expense of traveling to Las Vegas, Nevada.

12      Other than as specifically provided herein, all matters exchanged or discussed during

13 Mediation or during Pre-Mediation conferences shall be confidential. Discussions conducted during

14 inspections and testing involving experts or homeowners shall also be considered confidential. All

15 matters exchanged or discussed at or in connection with mediation are inadmissible pursuant to

16 NRS§§ 48.109 & 40.680.

17      The compensation of the Mediator shall be paid 1/3 by Plaintiff, 1/3 by Defendants, and

18 1/3 divided pro rata among the remaining parties. If there are no Third-Party Defendants, the

19 compensation of the Mediator shall be paid ½ by the Plaintiff and ½ by the Defendants. The

20 Mediator shall have the power to recommend a different allocation, depending upon the actual

21 participation of a party or the nature and purpose of the particular proceedings before the Mediator.

22 A party will be responsible for compensating the Mediator until serving him with a written order

23 removing that party from the litigation.

24 **16.    DEPOSITION PROCEDURES**

25      Expert depositions shall be scheduled to commence in accordance with the dates set forth in

26 the Case Agenda. Custodial depositions, homeowner depositions and person most knowledgeable

27 depositions may be conducted at anytime, unless the Special Master is requested to schedule those

28      10

depositions in the Case Agenda.

The following procedures apply as to the scheduling of "person most knowledgeable" depositions:

(a) That if a "person most knowledgeable" deposition is scheduled, the party whose witness has been requested may inform other counsel that there is no current employee that meets the "person most knowledgeable" definition, but, if known, a former employee should be identified as the most appropriate witness;

(b) Counsel for a former employer may assume the duty of producing a former employee as a "person most knowledgeable" without the necessity of a subpoena;

(c) If counsel for a former employer does not assume the obligation to produce a former employee as a "person most knowledgeable," then the party seeking the deposition may serve a subpoena on that former employee and schedule the deposition without consultation with counsel for the former employer;

(d) Even though counsel for a former employer may not have sufficient control to facilitate the scheduling of a former employee's deposition without subpoena, counsel for the former employer may still claim a communication privilege as to former employees that held sufficient management level positions to justify that request for privilege. The claim of communication privilege will not be presumed and must be made in writing to all other counsel.

The parties shall use Litigation Services for all depositions in this matter and the depositions shall be conducted at the court reporter's office. Litigation Services shall be required to maintain one set of exhibits which shall be available at all depositions that are taken in Las Vegas, Nevada. Litigation Services has agreed to provide notice of the deposition schedule and changes. The costs of preparation of the original transcript shall be shared pro rata by the parties actually participating in the deposition by questioning the deponent. Statements of appearances at the beginning of the deposition do not count as participation. Mere objections made by any party during the course of the deposition including joinder to objections made by other parties, shall not count as participation regardless of how frequently objections are made. If multiple parties are represented by the same attorney, then the attorney shall announce at the outset of the deposition which parties counsel is appearing on behalf of at the deposition. Thereafter, participation by counsel shall count as participation by each party for which counsel has announced representation.      Expert deponents may charge a reasonable fee for the time expended in the deposition but may not charge for:

11

1  preparation time; travel time; travel expenses; or for "minimum billing periods."  Each party is

2  responsible to pay the expert for the time that party's counsel questioned the expert. Payment of the

3  expert's fee is due 30 days after a party's counsel receives a billing statement from the court

4  reporting firm.

5      If a witness that has previously been deposed is scheduled for a continuation of a deposition

6  or an additional deposition, counsel questioning that witness are required to have reviewed the prior

7  deposition transcripts.

8  **17.    DEPOSITIONS TO BE TAKEN IN LAS VEGAS, NEVADA**

9      All depositions of parties, including depositions of a party's expert and persons most

10  knowledgeable, shall take place in Las Vegas, Nevada at the Court Reporting firm operating the

11  document depository. All non-party depositions shall take place in Las Vegas, Nevada, unless, after

12  reasonable efforts, the deponent refuses to appear for deposition in Las Vegas, Nevada. If it is

13  necessary to depose a non-party outside of Las Vegas the following conditions must be met: (a)

14  counsel must be allowed to participate by conference phone at the local, designated court reporting

15  firm or by conference call; (b) seven days before the deposition, all parties must serve the other

16  parties bate-numbered, anticipated deposition exhibits or identify previously deposited anticipated

17  deposition exhibits by bate-number.

18      If an out-of-State, non-party witness agrees to travel to Las Vegas for deposition, all parties

19  questioning that witness shall pay the pro-rata reasonable travel expenses for the witness to travel

20  to Las Vegas. At least fifteen days before the deposition, the attorney scheduling the deposition shall

21  provide notice to all parties of the amount of travel expenses to be given to the witness. Any

22  disputes as to the amount of the travel expenses must be submitted, in writing, to the Special Master

23  at least seven days before the deposition is scheduled to commence.

24  **18.    EFFECT OF THIS ORDER ON SUBSEQUENTLY APPEARING PARTIES**

25      This Order shall be applicable to all subsequently appearing parties.

26  **19.    STAY OF DISCOVERY**

27      Depositions of non-parties, of homeowners, and of parties' "persons most knowledgeable"

28                                    12

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5257  Fax (702) 437-5257
email: fhale@floydhale.com

1   may be taken at any time unless the Special Master is requested to control that discovery scheduling.

2   All discovery not specifically enumerated or allowed in this Case Management Order is stayed and

3   cannot be conducted without leave of Special Master Floyd Hale. The Stay of discovery concludes

4   120 days before the discovery cut-off date unless a specific date is provided in the Case Agenda.

5   Discovery requests may not duplicate Case Management Order discovery requirements.

6   **20.**   **LIST OF TRIAL WITNESSES**

7       All parties shall be required to deposit a list of the names and addresses of all trial witnesses,

8   including experts, to be called at trial, 90 days before trial. This provisions specifically supercedes

9   the deadline for providing that information pursuant to E.D.C.R. 2.67(a).

10   **21.**   **ELECTRONIC FILING AND SERVICE**

11       The parties to this matter stipulate to allow this case to be part of the Clark County District

12   Court Electronic Filing Program. Parties appearing subsequent to entry of this Order shall have two

13   (2) weeks (after making their initial appearance) to object to said stipulation and to request a District

14   Court Hearing, with notice of said objection circulated to all parties.

15   **22.**   **NOTICE**

16       Any Notice of less than 5 business days must be faxed to all counsel in addition to electronic

17   filing.

18   **23.**   **CASE AGENDA**

19       The Court adopts and approves the Case Agenda attached hereto as Exhibit "A."

20   **IT IS SO RECOMMENDED**

21   4/13/10

  DATED                 FLOYD A. HALE, Special Master

22                            Nevada Bar No. 1873

23   **IT IS SO ORDERED**

24   April 13, 2010

25   DATED                 HONORABLE SUSAN JOHNSON
                              DISTRICT COURT JUDGE, DEPT. XXII

26

27

28

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

**BLASCO v. RHODES RANCH CASE AGENDA**
**Case No. A578060**
**(Pursuant to March 30, 2010, Special Master Hearing**

| | |
|---|---|
| 3/30/10<br>4:00 p.m. | Special Master Hearing at JAMS, 2300 West Sahara, #900, Las Vegas<br>**(Rescheduled to 4/12/10)** |
| 4/12/10<br>1:00 p.m. | Special Master Hearing at JAMS, 2300 West Sahara, #900, Las Vegas |
| 6/7/10 | Deadline for Plaintiff to file an Amended Complaint without further leave of<br>the District Court, omitting class action allegations |
| 7/12 - 7/30/10 | Visual inspections of homes not previously inspected, upon ten days prior<br>written notice |
| 8/9 - 8/27/10 | Plaintiff to perform pre-mediation testing, upon ten days prior written notice |
| 9/13/10<br>2:00 p.m. | Special Master Hearing at JAMS, 2300 West Sahara, #900, Las Vegas |
| 10/11/10 | Plaintiffs to produce pre-Mediation Defect List |
| 11/12/10 | Plaintiff to produce pre-Mediation Cost of Repair report |
| 12/13/10 | Defendant and Third-Party Plaintiff to provide allocated settlement demands |
| 1/3- 1/14/11 | Mediation to be conducted by Bruce Edwards; N.R.S. Chapter 40.6472<br>responses due at that Mediation |

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

**EXHIBIT "A"**

**EXHIBIT "B"**
**SPECIAL INTERROGATORIES**
**DEFINITIONS**

The term "POLICY OF INSURANCE" refers to any agreement under which any insurance carrier may be liable to satisfy, in whole or in part, a judgment that may be entered in the action, or to indemnify or reimburse for payments made to satisfy the judgment.

The term "DAMAGES" shall mean any actual or alleged weakness, fault, flaw, blemish, incomplete work, leak or condition causing any form of water infiltration or any construction condition indicating a failure to comply with the applicable plans or specifications or a failure to comply with any applicable building codes, construction requirements or applicable standards in the construction industry.

The term "SUBJECT PROJECT/SUBJECT PROPERTY" means the real property, including any structure, buildings, fixtures and appurtenances relating thereto, referred to in the complaint on file herein, in the County of Clark, State of Nevada.

The terms "YOU" and "YOURS" mean the responding party or your respective client and includes each person and/or entity action on its behalf, including, but not limited to, all directors, officers, and agents of the responding party.

**INTERROGATORY NO. 1**:  Are you a corporation? If so, state:

    (a)    The name stated in the current articles of incorporation;

    (b)    All other names used by the corporation during the past ten (10) years and the dates each was used;

    (c)    The date and place of incorporation;

    (d)    The address of the principal place of business;

    (e)    Whether you are qualified to do business in Nevada.

    (f)    The current status of the corporation.

**INTERROGATORY NO. 2**:  Are you a partnership? If so, state:

    (a)    The current partnership name;

    (b)    All other names used by the partnership during the past ten (10) years and the dates each was used;

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

1   (c)   Whether you are a limited partnership and, if so, under the laws of what jurisdiction;

2   (d)   The name and address of each general partner;

3   (e)   The address of the principal place of business;

4   (f)   The current status of the partnership.

5   **INTERROGATORY NO. 3**:   Are you a joint venture? Is so, state:

6   (a)   The current joint venture name;

7   (b)   All other names used by the unincorporated association during the past ten (10) years

8         and the date each was used;

9   (c)   The name and address of each joint venturer;

10  (d)   The address of the principal place of business;

11  (e)   The current status of the joint venture.

12  **INTERROGATORY NO. 4**:   Are you an unincorporated association? If so, state:

13  (a)   The current unincorporated association name;

14  (b)   All other names used by the incorporation association during the past ten (10) years

15        and the dates each was used;

16  (c)   The address of the principal place of business;

17  (d)   The current status of the unincorporated association.

18  **INTERROGATORY NO. 5**:   Have you done business under a fictitious name during the past ten

19  (10) years? If so, for each fictitious name state:

20  (a)   The name;

21  (b)   The dates each was used;

22  (c)   The state and county of each fictitious name filing;

23  (d)   The address of the principal place of business.

24  **INTERROGATORY NO. 6**:   Within the past five (5) years has any public entity registered or

25  licensed your business? If so, for each license or registration:

26  (a)   Identify the license or registration;

27  (b)   State the name of the public entity;

28  (c)   State the dates of issuance and expiration.

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

**INTERROGATORY NO. 7**:  Was there in effect any policy of insurance to which you were or might be insured in any manner (for example: primary, pro rata, or excess liability coverage) from the year 2003 to present for the damages, claims or actions that are the subject of this action?  If so, please identify each policy number and state the kind of coverage.

**INTERROGATORY NO. 8**:  If your answer to Interrogatory No. 7 is in the affirmative, for each policy state the name, address and telephone number of the insurance company.

**INTERROGATORY NO. 9**:  If your answer to Interrogatory No. 7 is in the affirmative, for each policy please state the name, address and telephone number of each named insured and each additional insured.

**INTERROGATORY NO. 10**:  If your answer to Interrogatory No. 7 is in the affirmative, for each policy please state whether additional insured endorsements (including blanket additional insured endorsements and/or additional insured by contract endorsements) naming any party to this action as an additional insured exist.

**INTERROGATORY NO. 11**:  If your answer to Interrogatory No. 7 is in the affirmative, for each policy state the nature and limits of coverage for each type of coverage contained in the policy.

**INTERROGATORY NO. 12**:  If your answer to Interrogatory No. 7 is in the affirmative, for each policy state whether any reservation of rights or controversies or coverage dispute exists between you and the insurance company.

**INTERROGATORY NO. 13**:  If your answer to Interrogatory No. 7 is in the affirmative, for each policy state the name, address and telephone number of the custodian of the policy.

**INTERROGATORY NO. 14**:  Have any payments by, or on behalf of any insurance company been made on any claims under any of the insurance policies listed in response to Interrogatory No. 7 above?  If so, state the policy and the total aggregate reduction for all claims on the policy.

**INTERROGATORY NO. 15**:  For all policies identified in response to Interrogatory No. 14, please list the policy and the amount of remaining coverage.

**INTERROGATORY NO. 16**:  Are you self-insured under any statute for the damages, claims or actions that have arisen out of the damages at the PROJECT?  If so, please specify the statute.

**INTERROGATORY NO. 17**:  Please describe the nature and scope of services rendered by you

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

1  at the SUBJECT PROPERTY.

2  **INTERROGATORY NO 18**: Please specifically state on what part of the SUBJECT PROPERTY

3  you performed any labor or services.

4  **INTERROGATORY NO. 19**: Please state all materials you supplied for the construction of the

5  SUBJECT PROPERTY.

6  **INTERROGATORY NO. 20**: Please identify, by name, address and telephone number, any

7  individuals who are most knowledgeable and qualified to testify on behalf of you as to bidding,

8  negotiations and signing of any contracts pertaining to the work performed or materials supplied by

9  you for the SUBJECT PROPERTY.

10  **INTERROGATORY NO. 21**: Please identify contracts between yourself and the project owners,

11  developers, design professionals, general contractor and subcontractors.

12  **INTERROGATORY NO. 22**: Please state the name and last known address of each person who

13  acted in the capacity of your job foreman and/or superintendent with regard to the work performed

14  or material supplied by you for the SUBJECT PROPERTY.

15  **INTERROGATORY NO. 23**: State if any of the work or the services rendered by you at the

16  SUBJECT PROPERTY were subcontracted to any person(s) or entities.

17  **INTERROGATORY NO. 24**: If your answer to the above Interrogatory is in the affirmative,

18  please identify by name, address and telephone number, each person(s) or entities to whom the work

19  was subcontracted.

20  **INTERROGATORY NO. 25**: If your answer to Interrogatory No. 23 is in the affirmative, please

21  state in sufficient detail the type of work or service rendered by the party identified in your response

22  to Interrogatory No. 23.

23  **INTERROGATORY NO. 26**: Identify by name, address and telephone number the individual who

24  is most knowledgeable regarding the work performed by you on the subject property.

25  **INTERROGATORY NO. 27**: Identify by name, address and telephone numbers the individual

26  who is most knowledgeable regarding any repairs performed by you on the subject property.

27  **INTERROGATORY NO. 28**: State the name, address and telephone number and relationship to

28  you of each person who prepared or assisted in the preparation of the responses to these

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5257  Fax (702) 437-5257
email: fhale@floydhale.com

Interrogatories.

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

**EXHIBIT "C"**

**INSURANCE QUESTIONNAIRE**

(If more than one carrier, answer for each potential carrier)

1.    Name of Party: _____

_____

2.    Name of Trial Attorney: _____

_____

3.    Name of Insurance Carrier(s): _____

_____

4.    Type of coverage: _____Excess _____Primary.

5.    Policy No(s).: _____

_____

_____

      Policy Limits: _____

_____

_____

      Policy Period(s):_____

_____

_____

6.    Is the carrier defending with or without (circle one) a reservation of rights?

7.    Has coverage been denied?_____

_____

8.    Has coverage been revoked?_____

9.    Date coverage was denied or revoked: _____

List all additional insureds under the policy: _____

10.   Indicate whether the policy includes a blanket additional insured endorsement and/or an

      additional insured by contract endorsement naming any party to this action as an additional

      insured.

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

1

**EXHIBIT "D"**

2

**STATEMENT OF WORK**

3  Name of Party: _____

4  _____

5  _____

6  Name of Trial Attorney: _____

7  _____

8  Description of work performed: _____

9  _____

10  _____

11  _____

12  Location of work performed (by suite or building area): _____

13  _____

14  _____

15  _____

16  Inclusive dates between which work was performed:_____

17  _____

18  _____

19  _____

20  Identity of person or entity with whom you contracted to perform the above-described work:

21  _____

22  _____

23  _____

24  Did you supply materials?  ____Yes  ____ No

25  If you supplied materials, describe the materials you provided:_____

26  _____

27  _____

28  _____

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

1  If you supplied materials, identify the person or entity from whom you purchased the materials:

2  Name: _____

3  _____

4  Address: _____

5  _____

6  Telephone No.: _____

7  _____

8  Did you subcontract any of the work that was to be performed by you to another person or entity:

9  _____ Yes _____ No

10  If you did subcontract any of your work to another, identify the person or entity to whom you

11  subcontracted:

12  Name: _____

13  _____

14  Address: _____

15  _____

16  Telephone No.: _____

17  _____

18  If you did subcontract any of your work to another, was that subcontracting in writing:

19  _____ Yes _____ No

20

21

22

23

24

25

26

27

28

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

**EXHIBIT "E"**

**DESCRIPTION OF DOCUMENTS TO BE DEPOSITED**

1.    Any and all discoverable disclosures as required by N.R.C.P. 16.1, including contracts, agreements, job files, plans, specifications, notes, memoranda, advertisements, correspondence, photographs, diagrams, calculations, invoices, purchase orders, job diaries, receipts, accounting records, writings, all plans, and amendments, City and/or County Inspector punch lists and sign-off sheets and/or any other documents referring to and/or concerning the design, construction and/or repair of property that is the subject property of this litigation, unless specifically scheduled to be produced at a later date.

2.    With the exception of the Plaintiff, any and all insurance policies, including declaration sheets, insurance certificates, and all additional insured endorsements, including blanket additional insured endorsements and/or additional insured by contract endorsements, naming any party to this action as an additional insured which may potentially provide insurance coverage for any claim asserted against any party in this lawsuit regardless of whether coverage has been asserted to be inapplicable or denied by any insurance company.

3.    Any reservation of rights letters sent by any insurance company related to claims asserted in this lawsuit.

4.    Any letters or notices sent by any insurance company denying liability for claims asserted in this lawsuit.

1

2

3

**EXHIBIT "F"**

**DESCRIPTION OF DOCUMENTS TO BE**

**DEPOSITED APPLICABLE TO PLAINTIFF**

4

5

6

1.    Any and all required disclosures as required by N.R.C.P. 16.1, including all  non-privileged documents regarding the complaints which are the subject of this litigation, unless specifically scheduled to be produced at a later date.

7

8

2.    Any and all discoverable plans, specifications, contracts or other documents relating to the design and construction of the SUBJECT PROPERTY.

9

10

3.    Any and all photographs, notes, memoranda, diaries, proposals, invoices or receipts relating to any alleged defect or damage at the SUBJECT PROPERTY.

11

12

4.    Any and all contracts, proposals, invoices, receipts, or any other document evidencing any repairs and/or maintenance contemplated or performed at the SUBJECT PROPERTY.

13

14

5.    Any and all contracts or agreements relating to management or maintenance services performed at the SUBJECT PROPERTY.

15

16

6.    If the Plaintiff is a Homeowner's Association, any and all minutes and agendas relating to meetings of the homeowners' association or its board of directors.

17

18

19

7.    Any N.R.S. Chapter 40 disclosures, any N.R.S. 113 disclosures, or any other disclosures regarding the condition of your residence provided to others or received from others, including any disclosures contained within the purchase or sale agreement for your residence.

20

21

22

23

24

25

26

27

28

FLOYD A. HALE
Special Master
2300 W. Sahara Ave., Suite 900
Las Vegas, Nevada 89102
Telephone (702) 457-5267  Fax (702) 437-5267
email: fhale@floydhale.com

1    **EXHIBIT "G"**

2    <u>**DESTRUCTIVE TESTING REQUEST**</u>

3    Name of Attorney: _____

4    Name of Party:         _____

5    Work performed by your client: _____

6    Type of destructive testing contemplated: _____

7    Locations of destructive testing (if specific location desired)_____

8    _____

9    Is special equipment required for testing?  _____ Yes          ·_____ No

10   If yes, please list type of equipment necessary:

11   Estimated time needed:

12

13

14   Return form to Eric Ransavage, Plaintiff's Counsel, no later than the date set forth

15   in the Case Agenda. Failure to return this form may impact upon the availability of units

16   for inspection.

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

**COMP**
Duane E. Shinnick, Esq.
Bar No. 7176
Eric Ransavage, Esq.
Bar. No. 8876
Megan M. Chodzko, Esq.
Bar No. 8780
SHINNICK LAW FIRM, P.C.
2881 Business Park Court, Suite 210
Las Vegas, NV 89128
Tel. (702) 631-8014
Fax (702) 631-8024

Attorneys for Plaintiffs

**ORIGINAL**

FILED

Dec 17  2 19 PM '08

CLERK OF THE COURT

## DISTRICT COURT

### CLARK COUNTY, NEVADA

A578060

| | |
|---|---|
| LESLIE BLASCO, individually; NEIL and NANCY SCELSA, individually; EMILIE C. LIAO, individually; VIRGILIO BERTO, individually; JOHN P. and DAWN M. LIBERTI, individually; DARLENE J. COOK, individually; and the same on behalf of themselves and on behalf of others similarly situated, and ROES 1-600, inclusive<br><br>Plaintiffs,<br><br>v.<br><br>RHODES RANCH LIMITED PARTNERSHIP, a Nevada Limited Partnership; RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES, a Nevada Corporation; and DOES 1 through 500, inclusive,<br><br>Defendants. | CASE NO.<br><br>DEPT. NO.  XXII<br><br>**ARBITRATION EXEMPTION CLAIMED:** Action seeking Extraordinary Relief<br><br>**CONSTRUCTION DEFECT CLASS ACTION COMPLAINT** |

## COMPLAINT FOR DAMAGES

Come Now Plaintiffs, LESLIE BLASCO, individually; NEIL and NANCY SCELSA, individually; EMILIE C. LIAO, individually; VIRGILIO BERTO, individually; JOHN P. and DAWN

00045951.DOC

CLERK OF THE COURT<br>DEC 17 2008

M. LIBERTI, individually; DARLENE J. COOK, individually; and the same on behalf of themselves

and on behalf of others similarly situated (hereinafter "Plaintiffs"), by and through their attorneys,

Duane E. Shinnick, Esq. and Eric Ransavage, Esq. of the law firm of Shinnick Law Firm, P.C., and for

causes of action against Defendants, and each of them, allege and complain as follows:

### GENERAL ALLEGATIONS

1.  Plaintiffs are owners of individual residences within the housing development known as

THE GREENS in Clark County (Spring Valley), Nevada, more specifically described as residences in

the subdivision of RHODES RANCH PHASE 3 as recorded with the Clark County Recorder in Plat

Book 84, page 68, and the materials and workmanship of their residences are substantially the same

as the other 307 residences at THE GREENS.

2.  Pursuant to NRS 40.600 through 40.695 inclusive, Plaintiffs seek recovery for damages

suffered by each unit owner as to their separate interests as delineated by law.

2a.    Pursuant to NRS 40.645 Plaintiffs have in good faith attempted to serve written notice

on all defendants by certified mail at the addresses listed on the Nevada State Contractors Board

records, or at their last known addresses. Plaintiffs have substantially complied with the notice and

pre-filing requirements of NRS 40.645.

3.  The property and buildings thereupon will hereinafter sometimes be referred to as the

"subject property."

4.  A class action is alleged pursuant to Nevada Rules of Civil Procedure Rule 23. The class

consists of all owners of the subject property. Class Representative Plaintiffs bring this action as a

class action, as representatives of all individuals who own one or more single family homes at the

subject property in Clark County, Nevada.

a)    Plaintiffs allege that the class, consisting of the owners of approximately 307 units, is

{00045951.DOC}

so numerous that joinder of all homeowners individually would be impractical and that disposition of their claims in a representative suit is a benefit to the court.

b)    Plaintiffs have a well defined community of interest or questions of fact and law common to each member of the class in that all members of the class have suffered injuries due to construction defects, the related stigma, diminution in value, lost rents, and personal property damage, as a result of expansive soils and other defects, relevant causes, and the claims herein alleged by Plaintiffs are representative of those claims which could be alleged by such members of the class.

c)    Plaintiffs allege that the relief herein sought is typical of the relief which could be sought by each of the class members.

d)    Plaintiffs allege that questions of law and fact common to the class predominate over questions affecting the individual class members, and that the interest of justice and efficiency will be best served by bringing this action as a class action with regard to the aforementioned interests.

e)    Plaintiffs allege that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct by the parties opposing the class, and adjudication with respect to individual members of the class would be dispositive of the interest of other members not parties to the adjudication, or would substantially impair or impeded their ability to protect their interests.

f)    The Class Representative Plaintiffs have typical claims as the members of the class and were damaged by the acts and practices of the Defendants. They will fairly and

{00045951.DOC}

adequately protect the interest of the class, as each is an owner of real property within the affected area identified below, and each was damaged by the acts and practices of Defendants, and each of them. Class Representative Plaintiffs have no conflicts with the other homeowners of the subject property single family homes, with respect to the claims alleged and have retained competent and experienced counsel to represent them.

g)    The members of the class are easily located and identified as all individual homeowners at the subject property. The names and addresses of the individuals who own single family homes at the subject property are maintained as public records.

There is no plain, speedy, or adequate remedy other than maintenance of this class action. Consequently, there would be a failure of justice and efficiency, but for the maintenance of this class action.

5.    The Defendants are identified as follows:    Plaintiffs allege that Defendant RHODES RANCH LIMITED PARTNERSHIP, a Nevada Limited Partnership, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

5a.    Plaintiffs allege that Defendant RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES, a Nevada Corporation, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

{00045951.DOC}

6. Plaintiffs allege that at all times herein mentioned, Defendants, and each of them, were the agents, servants and employees of each other and were acting in the course and scope of their agency or employment in doing the acts herein alleged.

7. Plaintiffs do not know the true names and capacities of defendants sued herein as Does 1 to 500, including, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the said fictitiously named defendants are responsible in some manner for the defective and negligent engineering, architecture, construction, supply of improper materials, and inspection of the subject property single family homes, or in some other actionable manner were an integral part of the chain of development, construction and marketing of the subject property single family homes, and that Plaintiffs damages as herein alleged were proximately caused by their conduct. Plaintiffs pray for leave to amend this Complaint when the true names and capacities of such defendants are ascertained.

8. Defendants Does 1 through 500, inclusive, whether individual, corporate, associate or otherwise are fictitious names of defendants whose true names and capacities, at this time, are unknown to Plaintiffs. Plaintiffs are informed and believe and thereupon allege that at all times herein mentioned each of the defendants sued herein as Does 1 through 500 was the agent, servant and employee of his or her co-defendants, and in doing the things hereinafter mentioned was acting in the scope of his or her authority as such agent, servant and employee, and with the permission and consent of his or her co-defendants; and that each of said fictitiously named defendants, whether an agent, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged. At such time as defendant's true names become known to Plaintiffs, Plaintiffs will ask leave of this Court to amend this Complaint to insert said true names and capacities.

{00045951.DOC}

9. Plaintiffs have discovered defects and damages within the periods of the applicable statutes of limitations that the subject property has and is experiencing defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

It was the result of the representations by Defendants that they would repair the defects and their conduct in so performing some works of repair, as well their proposals for correcting the defects that induced Plaintiffs to withhold conducting their own independent investigation and/or filing suit against said Defendants. By virtue of the fact that Defendants were the developers, contractors and sellers of the subject property and aware of the particular nature of the project, including its design, composition, and component parts, and when said Defendants represented that Defendants would repair the defects and, in fact, some works of repair were commenced, Plaintiffs were justified in relying on said representations and conduct by said Defendants in permitting them to investigate and repair the defects. As a result of Defendants' conduct, Plaintiffs' obligation to commence an action against Defendants for the defects and/or damages set forth above was tolled pursuant to NRS 11.190.

On numerous occasions Defendants represented to Plaintiffs that the defective systems and materials were not inadequate, and that repairs had been successfully performed thereby inducing reasonable reliance thereupon by Plaintiffs that conditions were not in need of repairs, therefore, Defendants are estopped from asserting any potentially applicable statutes of limitations. Damage has also occurred at various times in the past, including progressive damage.

10. Within the last year, Plaintiffs have discovered that the subject property has and is experiencing additional defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall

{00045951.DOC}

cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

### FIRST CAUSE OF ACTION

**(Breach of Contract and Breach of Express Warranties as Against**

**All Defendants and Does 1 through 400)**

11. Plaintiffs reallege and incorporate by reference paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. On or about various dates commencing in 1999, and continuing thereafter in the County of Clark, State of Nevada, the Plaintiffs and each of them or their predecessors in interest, entered into contracts in writing with Defendants for the purchase from said Defendants of one or more of the units in the subject property.

13. At the time of negotiations of said contracts, but before said contracts were executed between the Plaintiffs and/or their predecessors in interest and said Defendants, as an inducement to the Plaintiffs and/or their predecessors in interest to purchase said units, and as a part of the basis of the bargain of the parties that culminated in the making of the contracts, said Defendants expressly warranted to Plaintiffs and/or their predecessors in interest that said units were constructed in conformity with the applicable building codes and the specific codes and regulations of Clark County, the approved plans and specifications, and that said structures were and are sound and safe, and would remain so.

14. The Plaintiffs purchased said homes in reliance on the express warranties, affirmations of fact, and promises made by Defendants. Plaintiffs, and each of them, have duly performed all the conditions and covenants of said contracts on their part to be performed.

{00045951.DOC}

15. Certain Plaintiffs and/or homeowners of the subject property, notified Defendants of said breach of contract and breach of warranties, and said Defendants have refused, and continue to refuse, to remedy these defects.

16. As a direct and proximate result of the breach of the express warranties (written and oral) by Defendants, and each of them, as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

17. Plaintiffs have suffered damages in an amount not fully known, but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition. Plaintiffs will establish the precise amount of such damages at trial, according to proof.

18. Plaintiffs are entitled to all damages set forth at NRS 40.655.

### SECOND CAUSE OF ACTION

#### (Breach of Implied Warranties-Third Party Beneficiary

#### as against Does 1 through 400)

19. Plaintiffs reallege and incorporate by reference paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Plaintiffs are informed and believe and on that basis allege that Defendants and Doe defendants other than RHODES RANCH LIMITED PARTNERSHIP and RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES entered into contracts with these entities to perform certain services or work with regard to the design, construction and inspection of

{00045951.DOC}

construction of the residences at the subject property. Plaintiffs and/or their predecessors in interest were third party beneficiaries of each and every such contract.

21. Further, said Doe defendants by entering into said contracts with RHODES RANCH LIMITED PARTNERSHIP and RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES and/or Plaintiffs and/or their predecessors in interest, impliedly warranted that said homes would be of good and merchantable quality and would be at least a quality as would be fit for the ordinary purpose for which such homes were to be used and would be habitable. Further, said Doe defendants impliedly warranted the quality of construction of the homes and common areas as provided in NRS 116.4114.

22. The Plaintiffs purchased their homes in reliance on the implied warranties and promises made by Doe defendants, and each of them. Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

23. Certain Plaintiffs and/or Homeowners at the subject property have notified Doe defendants of said breach of implied warranties and said Doe defendants have refused and continue to refuse to remedy these defects.

24. As a direct and proximate result of the breach of the implied warranties by Doe defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship. Numerous additional defective conditions exist as more particularly described in Plaintiffs' expert reports. Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at trial according to proof, and in accordance with NRS 40.655.

{00045951.DOC}

# THIRD CAUSE OF ACTION

## (Negligence and Negligence per se

## As to All Defendants, and Does 1 through 400)

25. Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Plaintiffs allege that Defendants, and each of them, knew or should have known that if the subject structure and subject premises were not properly or adequately designed, engineered, marketed, supervised and/or constructed, that the owners and users would be substantially damaged thereby, and that the subject structures would be defective and not of merchantable quality.

27. Plaintiffs allege that the Defendants, and each of them, named herein were under a duty to exercise ordinary care to avoid reasonably foreseeable injury to users and purchasers of the subject premises and structures, and knew or should have foreseen with reasonable certainty that purchasers and/or users would suffer the monetary damages set forth herein, if said Defendants, and each of them, failed to perform their duty to cause the subject premises and subject structures to be designed, engineered and completed in a proper and workmanlike manner and fashion.

28. Said Defendants, and each of them, breached their duty owed to Plaintiffs, failed and neglected to perform the work, labor and services properly or adequately in that each said Defendants so negligently, carelessly, recklessly and in an unworkmanlike manner designed, constructed and inspected the subject property and performed the aforesaid work, labor and/or services, such that the subject premises and subject structures as described herein were designed, engineered and/or constructed improperly, negligently, carelessly and/or in an unworkmanlike manner, thereby breaching the duty owed to Plaintiffs. Further, Defendant sellers knew or should have known that the premises were constructed in an unworkmanlike manner.

{00045951.DOC}

1   29.  Defendants' negligence alleged above includes the failure to meet the applicable building

2   codes and ordinances which were in effect.  Plaintiffs' members and their predecessors in interest

3
    were members of the class of persons which the building codes and ordinances were designed to
4
5   protect.  Such violations are negligence per se on the part of Defendants, and each of them.

6   30.  As a direct and proximate result of the foregoing negligence and negligence per se,

7   carelessness and unworkmanlike conduct, actions and/or omissions by said Defendants, and each of

8
    them, Plaintiffs have suffered damages in an amount in excess of $10,000.00.  Plaintiffs are presently
9
10  unaware of the precise amount of damages needed in order to correct the defective conditions of the

11  subject property and subject structures, but will establish the same at trial according to proof.

12  31.  Plaintiffs are also entitled to the damages set forth at NRS 40.655.

13                          **FOURTH CAUSE OF ACTION**

14
                  **(Negligent Misrepresentation and Negligent Failure to Disclose**
15
16                      **as to All Defendants and Does 1 through 400)**

17  32.  Plaintiffs reallege and incorporate by referenced paragraphs 1 through 31 of the

18  Complaint, as though fully set forth herein.

19  33.  Plaintiffs allege that, at all relevant times, Defendants, and each of them, owed to

20
    Plaintiffs and members of the general public, a duty to disclose all conditions potentially having
21
22  adverse impact upon the subject properties, their value and their safety as well as stability.  Plaintiffs

23  allege that Defendants, and each of them, also owed Plaintiffs and members of the general public a

24  duty to represent with reasonable accuracy the actual conditions, quality and significant factors

25
    concerning value, safety and stability of the subject properties.  As the builders, developers and
26
27  sellers of said subject properties, Defendants, and each of them, held a special relationship of trust

28

{00045951.DOC}

and confidence with potential buyers such that duties of disclosure and accurate representations were incumbent upon Defendants, and each of them.

34. Plaintiffs allege that Defendants, and each of them, at all relevant times, in breach of the duties set forth above, negligently misrepresented and/or failed to disclose to Plaintiffs and members of the general public, facts and information regarding the defective conditions known to Defendants and affecting the subject properties, as described herein above.

35. Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, knew or should have known that members of the public, including the Plaintiffs, would purchase the single family homes and that Defendants who have superior knowledge and expertise as builders, developers and sellers of the subject properties, were required to correct any such defects in the properties and were further required not to sell such defective properties, and were also required to make such defects in the properties known to Plaintiffs as prospective purchasers.

36. Had Plaintiffs known the undisclosed facts, Plaintiffs would have either investigated the condition and integrity of said homes and common areas or would have declined to purchase the residences, nor would Plaintiffs have relied, as they did, upon Defendants, and each of their, representations that the subject homes were generally in good condition and fit for their intended use and that all repair work and/or renovations had been successfully completed.

37. Plaintiffs allege that as a direct and proximate result of the defects set forth herein, Plaintiffs have suffered damages in an amount not fully known, but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition. Plaintiffs will establish the precise amount of such damages at trial, according to proof.

{00045951.DOC}

38. Plaintiffs are also entitled to the damages set forth at NRS 40.655.

## FIFTH CAUSE OF ACTION

### (Breach of Implied Warranty of Habitability as to All Defendants and Does 1 through 400)

39. Plaintiffs reallege and incorporate by reference paragraphs 1 through 38 of the Complaint, as though fully set forth herein.

40. All Defendants each impliedly warranted that said homes would be of good and merchantable quality, would be habitable, and would be completed in a workmanlike manner. Further, said Defendants impliedly warranted the quality of construction of the homes and common areas as provided in NRS 116.4114.

41. The Plaintiffs purchased their homes in reliance on the implied warranties and promises made by Defendants, and each of them.   Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

42. Certain Plaintiffs and/or Homeowners at the subject property have notified Defendants of said breach of implied warranties and said Defendants have refused and continue to refuse to remedy these defects.

43. As a direct and proximate result of the breach of the implied warranties by Defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.  Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at trial according to proof.

{00045951.DOC}

1    **WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as**

2  **follows:**

3       1.    For general and special damages in excess of $10,000.00 including but not limited to,

4          costs of repair, loss of market value, loss of use, loss of financing, loss of investment

5          and out-of-pocket expenses to be determined at time of trial;

6       2.    For damages in an amount according to proof;

7       3.    For reasonable attorneys fees and costs according to proof.

8       4.    For prejudgment and post-judgment interest on all sums awarded, according to proof

9          at the maximum legal rate;

10      5.    For all damages pursuant to NRS 40.600 through 40.695; in particular 40.650 and

11         40.655;

12      6.    For costs of suit incurred;

13      7.    For such other and further relief as the Court may deem just and proper.

14    DATED this 16th day of December, 2008

15                      SHINNICK LAW FIRM, P.C.

16

17                    By

18                          Duane E. Shinnick, Esq.
                            Bar No. 7176

19                          Megan M. Chodzko, Esq.
                            Bar. No. 8780

20                          Eric Ransavage, Esq.
                            Bar. No. 8876

21                          2881 Business Park Court, Suite 210
                            Las Vegas, NV 89128

22                          Attorneys for Plaintiffs

23

24

25

26

27

28

{00045951.DOC}

**COMPLAINT FOR DAMAGES**

Electronically Filed
04/07/2009 01:43:38 PM

*[signature]*

**CLERK OF THE COURT**

1 | **ACOM**
Duane E. Shinnick, Esq.
2 | Bar No. 7176
Eric Ransavage, Esq.
3 | Bar. No. 8876
Megan M. Chodzko, Esq.
4 | Bar No. 8780
SHINNICK, RYAN & RANSAVAGE P.C.
5 | 2881 Business Park Court, Suite 210
Las Vegas, NV 89128
6 | Tel. (702) 631-8014
Fax (702) 631-8024
7

8 | Attorneys for Plaintiffs

9

10

11 | DISTRICT COURT

12 | CLARK COUNTY, NEVADA

| | |
|---|---|
| 13 — LESLIE BLASCO, individually; NEIL and | CASE NO. A578060 |
| 14 — NANCY SCELSA, individually; EMILIE C. LIAO, individually; VIRGILIO BERTO, | DEPT. NO. XXII |
| 15 — individually; JOHN P. and DAWN M. LIBERTI, individually; DARLENE J. COOK, individually; | |
| 16 — JIMMY L. and HAZEL M. BOONE, | **PLAINTIFFS' FIRST AMENDED** |
| 17 — individually; AMY Y. CHENG, individually; GREGORIO V. and VIOLETA L. CORTEZ, | **CONSTRUCTION DEFECT** **CLASS ACTION COMPLAINT** |
| 18 — individually; YVETTE DANG, individually; 266 BR, LLC and ANTHONY DEVRIES, | |
| 19 — individually; JOSE A. ELIQUE, individually; | |
| 20 — ROLANDO GARCIA, individually; ROMAN GARZON and MARTHA VALDEZ, | |
| 21 — individually; PRASHANT N. and RUPALI P. GUPTE, individually; JAMES R. and LESLIE L. | |
| 22 — HAEFELI, individually; ALI JORDAN, | |
| 23 — individually; HENRY F. MAZE, individually; KENNETH MUMBY, individually; KEVIN and | |
| 24 — LISA OLSEN, individually; BENJAMIN and DONNA OWYOUNG, individually; | |
| 25 — CLARENCE J. RICHWALSKI, individually; | |
| 26 — ANDREW and ALEXANDRA TAXIARCHOS, individually; FAIZA and WALID YOUSIF, | |
| 27 — individually; and the same on behalf of themselves and on behalf of others similarly | |
| 28 — situated, and ROES 29-600, inclusive | |
| | Plaintiffs, |

{00049916.DOC}

1
AMENDED COMPLAINT FOR DAMAGES

```
1
2    v.
3    RHODES RANCH LIMITED PARTNERSHIP,
     a Nevada Limited Partnership; RHODES
4    DESIGN AND DEVELOPMENT
     CORPORATION dba RHODES HOMES, a
5    Nevada Corporation; and DOES 1 through 500,
     inclusive,
6
7              Defendants.
8
9    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
10        PLEASE TAKE NOTICE THAT PLAINTIFFS hereby file this FIRST AMENDED
11   CONSTRUCTION DEFECT CLASS ACTION COMPLAINT pursuant to N.R.C.P. 15(a).  This First
12   Amended Complaint is being filed to identify by name the following Plaintiffs:
13
```

| ROE | PLAINTIFF | ADDRESS |
|---|---|---|
| 1 | JIMMY L. BOONE | 382 Grandover Court |
| 2 | HAZEL M. BOONE | Las Vegas, NV 89148 |
| 3 | AMY Y. CHENG | 272 Turtle Peak Ave. |
|  |  | Las Vegas, NV 89148 |
| 4 | GREGORIO V. CORTEZ | 254 Sea Rim Ave. |
| 5 | VIOLETA L. CORTEZ | Las Vegas, NV 89148 |
| 6 | YVETTE DANG | 351 Turtle Peak Ave. |
|  |  | Las Vegas, NV 89148 |
| 7 | 266 BR, LLC | 266 Blackstone River Ave. |
| 8 | ANTHONY DEVRIES | Las Vegas, NV 89148 |
| 9 | JOSE A. ELIQUE | 354 Harpers Ferry Ave. |
|  |  | Las Vegas, NV 89148 |
| 10 | ROLANDO GARCIA | 201 Waterton Lakes Ave. |
|  |  | Las Vegas, NV 89148 |
| 11 | ROMAN GARZON | 353 Harpers Ferry Ave. |
| 12 | MARTHA VALDEZ | Las Vegas, NV 89148 |
| 13 | PRASHANT N. GUPTE | 161 Tayman Park Ave. |
| 14 | RUPALI P. GUPTE | Las Vegas, NV 89148 |
| 15 | JAMES R. HAEFELI | 173 Lakewood Garden Drive |
| 16 | LESLIE L. HAEFELI | Las Vegas, NV 89148 |
| 17 | ALI JORDAN | 271 Waterton Lakes Ave. |
|  |  | Las Vegas, NV 89148 |
| 18 | HENRY F. MAZE | 263 Sea Rim Ave. |
|  |  | Las Vegas, NV 89148 |

{00049916.DOC}

| 19 | KENNETH MUMBY | 334 Sea Rim Ave. Las Vegas, NV 89148 |
| 20 | KEVIN OLSEN | 311 Turtle Peak Ave. |
| 21 | LISA OLSEN | Las Vegas, NV 89148 |
| 22 | BENJAMIN OWYOUNG | 270 Tayman Park Ave. |
| 23 | DONNA OWYOUNG | Las Vegas, NV 89148 |
| 24 | CLARENCE J. RICHWALSKI | 309 Lakewood Garden Drive Las Vegas, NV 89148 |
| 25 | ANDREW TAXIARCHOS | 277 Lakewood Garden Drive |
| 26 | ALEXANDRA TAXIARCHOS | Las Vegas, NV 89148 |
| 27 | FAIZA YOUSIF | 312 Turtle Peak Ave. |
| 28 | WALID YOUSIF | Las Vegas, NV 89148 |

## COMPLAINT FOR DAMAGES

Come Now Plaintiffs, LESLIE BLASCO, individually; NEIL and NANCY SCELSA, individually; EMILIE C. LIAO, individually; VIRGILIO BERTO, individually; JOHN P. and DAWN M. LIBERTI, individually; DARLENE J. COOK, individually; JIMMY L. and HAZEL M. BOONE, individually; AMY Y. CHENG, individually; GREGORIO V. and VIOLETA L. CORTEZ, individually; YVETTE DANG, individually; 266 BR, LLC and ANTHONY DEVRIES, individually; JOSE A. ELIQUE, individually; ROLANDO GARCIA, individually; ROMAN GARZON and MARTHA VALDEZ, individually; PRASHANT N. and RUPALI P. GUPTE, individually; JAMES R. and LESLIE L. HAEFELI, individually; ALI JORDAN, individually; HENRY F. MAZE, individually; KENNETH MUMBY, individually; KEVIN and LISA OLSEN, individually; BENJAMIN and DONNA OWYOUNG, individually; CLARENCE J. RICHWALSKI, individually; ANDREW and ALEXANDRA TAXIARCHOS, individually; FAIZA and WALID YOUSIF, individually; and the same on behalf of themselves and on behalf of others similarly situated (hereinafter "Plaintiffs"), by and through their attorneys, Duane E. Shinnick, Esq. and Eric Ransavage, Esq. of the law firm of SHINNICK, RYAN & RANSAVAGE P.C., and for causes of action against Defendants, and each of them, allege and complain as follows:

{00049916.DOC}

## GENERAL ALLEGATIONS

1. Plaintiffs are owners of individual residences within the housing development known as THE GREENS/FAIRWAYS in Clark County (Spring Valley), Nevada, more specifically described as residences in the subdivision of RHODES RANCH PHASE 3 as recorded with the Clark County Recorder in Plat Book 84, page 68, and the materials and workmanship of their residences are substantially the same as the other 307 residences at THE GREENS/FAIRWAYS.

2. Pursuant to NRS 40.600 through 40.695 inclusive, Plaintiffs seek recovery for damages suffered by each unit owner as to their separate interests as delineated by law.

2a.    Pursuant to NRS 40.645 Plaintiffs have in good faith attempted to serve written notice on all defendants by certified mail at the addresses listed on the Nevada State Contractors Board records, or at their last known addresses. Plaintiffs have substantially complied with the notice and pre-filing requirements of NRS 40.645.

3. The property and buildings thereupon will hereinafter sometimes be referred to as the "subject property."

4. A class action is alleged pursuant to Nevada Rules of Civil Procedure Rule 23. The class consists of all owners of the subject property. Class Representative Plaintiffs bring this action as a class action, as representatives of all individuals who own one or more single family homes at the subject property in Clark County, Nevada.

a)    Plaintiffs allege that the class, consisting of the owners of approximately 307 units, is so numerous that joinder of all homeowners individually would be impractical and that disposition of their claims in a representative suit is a benefit to the court.

b)    Plaintiffs have a well defined community of interest or questions of fact and law common to each member of the class in that all members of the class have suffered

{00049916.DOC}

injuries due to construction defects, the related stigma, diminution in value, lost rents, and personal property damage, as a result of expansive soils and other defects, relevant causes, and the claims herein alleged by Plaintiffs are representative of those claims which could be alleged by such members of the class.

c)      Plaintiffs allege that the relief herein sought is typical of the relief which could be sought by each of the class members.

d)      Plaintiffs allege that questions of law and fact common to the class predominate over questions affecting the individual class members, and that the interest of justice and efficiency will be best served by bringing this action as a class action with regard to the aforementioned interests.

e)      Plaintiffs allege that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct by the parties opposing the class, and adjudication with respect to individual members of the class would be dispositive of the interest of other members not parties to the adjudication, or would substantially impair or impeded their ability to protect their interests.

f)      The Class Representative Plaintiffs have typical claims as the members of the class and were damaged by the acts and practices of the Defendants. They will fairly and adequately protect the interest of the class, as each is an owner of real property within the affected area identified below, and each was damaged by the acts and practices of Defendants, and each of them. Class Representative Plaintiffs have no conflicts with the other homeowners of the subject property single family homes, with respect to the

{00049916.DOC}

claims alleged and have retained competent and experienced counsel to represent them.

g)    The members of the class are easily located and identified as all individual homeowners at the subject property. The names and addresses of the individuals who own single family homes at the subject property are maintained as public records.

There is no plain, speedy, or adequate remedy other than maintenance of this class action. Consequently, there would be a failure of justice and efficiency, but for the maintenance of this class action.

5.  The Defendants are identified as follows:  Plaintiffs allege that Defendant RHODES RANCH LIMITED PARTNERSHIP, a Nevada Limited Partnership, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

5a.  Plaintiffs allege that Defendant RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES, a Nevada Corporation, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

6.  Plaintiffs allege that at all times herein mentioned, Defendants, and each of them, were the agents, servants and employees of each other and were acting in the course and scope of their agency or employment in doing the acts herein alleged.

7.  Plaintiffs do not know the true names and capacities of defendants sued herein as Does 1 to 500, including, and therefore sue these defendants by such fictitious names. Plaintiffs are informed

{00049916.DOC}

AMENDED COMPLAINT FOR DAMAGES

1   and believe, and thereon allege, that each of the said fictitiously named defendants are responsible in

2   some manner for the defective and negligent engineering, architecture, construction, supply of

3   improper materials, and inspection of the subject property single family homes, or in some other

4

5   actionable manner were an integral part of the chain of development, construction and marketing of

6   the subject property single family homes, and that Plaintiffs damages as herein alleged were

7   proximately caused by their conduct. Plaintiffs pray for leave to amend this Complaint when the true

8   names and capacities of such defendants are ascertained.

9

10   8.   Defendants Docs 1 through 500, inclusive, whether individual, corporate, associate or

11   otherwise are fictitious names of defendants whose true names and capacities, at this time, are

12   unknown to Plaintiffs.   Plaintiffs are informed and believe and thereupon allege that at all times

13   herein mentioned each of the defendants sued herein as Does 1 through 500 was the agent, servant

14

15   and employee of his or her co-defendants, and in doing the things hereinafter mentioned was acting in

16   the scope of his or her authority as such agent, servant and employee, and with the permission and

17   consent of his or her co-defendants; and that each of said fictitiously named defendants, whether an

18   agent, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiffs on

19   the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter

20

21   alleged. At such time as defendant's true names become known to Plaintiffs, Plaintiffs will ask leave

22   of this Court to amend this Complaint to insert said true names and capacities.

23   9.   Plaintiffs have discovered defects and damages within the periods of the applicable statutes

24   of limitations that the subject property has and is experiencing defective conditions, in particular,

25   there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt

26   coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect

27   intrusion through foundation slabs, and other poor workmanship.

28

{00049916.DOC}

It was the result of the representations by Defendants that they would repair the defects and their conduct in so performing some works of repair, as well their proposals for correcting the defects that induced Plaintiffs to withhold conducting their own independent investigation and/or filing suit against said Defendants. By virtue of the fact that Defendants were the developers, contractors and sellers of the subject property and aware of the particular nature of the project, including its design, composition, and component parts, and when said Defendants represented that Defendants would repair the defects and, in fact, some works of repair were commenced, Plaintiffs were justified in relying on said representations and conduct by said Defendants in permitting them to investigate and repair the defects. As a result of Defendants' conduct, Plaintiffs' obligation to commence an action against Defendants for the defects and/or damages set forth above was tolled pursuant to NRS 11.190.

On numerous occasions Defendants represented to Plaintiffs that the defective systems and materials were not inadequate, and that repairs had been successfully performed thereby inducing reasonable reliance thereupon by Plaintiffs that conditions were not in need of repairs, therefore, Defendants are estopped from asserting any potentially applicable statutes of limitations. Damage has also occurred at various times in the past, including progressive damage.

10. Within the last year, Plaintiffs have discovered that the subject property has and is experiencing additional defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

{00049916.DOC}

## FIRST CAUSE OF ACTION

### (Breach of Contract and Breach of Express Warranties as Against

### All Defendants and Does 1 through 400)

11. Plaintiffs reallege and incorporate by reference paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. On or about various dates commencing in 1999, and continuing thereafter in the County of Clark, State of Nevada, the Plaintiffs and each of them or their predecessors in interest, entered into contracts in writing with Defendants for the purchase from said Defendants of one or more of the units in the subject property.

13. At the time of negotiations of said contracts, but before said contracts were executed between the Plaintiffs and/or their predecessors in interest and said Defendants, as an inducement to the Plaintiffs and/or their predecessors in interest to purchase said units, and as a part of the basis of the bargain of the parties that culminated in the making of the contracts, said Defendants expressly warranted to Plaintiffs and/or their predecessors in interest that said units were constructed in conformity with the applicable building codes and the specific codes and regulations of Clark County, the approved plans and specifications, and that said structures were and are sound and safe, and would remain so.

14. The Plaintiffs purchased said homes in reliance on the express warranties, affirmations of fact, and promises made by Defendants. Plaintiffs, and each of them, have duly performed all the conditions and covenants of said contracts on their part to be performed.

15. Certain Plaintiffs and/or homeowners of the subject property, notified Defendants of said breach of contract and breach of warranties, and said Defendants have refused, and continue to refuse, to remedy these defects.

{00049916.DOC}

16. As a direct and proximate result of the breach of the express warranties (written and oral) by Defendants, and each of them, as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

17. Plaintiffs have suffered damages in an amount not fully known, but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition. Plaintiffs will establish the precise amount of such damages at trial, according to proof.

18. Plaintiffs are entitled to all damages set forth at NRS 40.655.

### SECOND CAUSE OF ACTION

### (Breach of Implied Warranties-Third Party Beneficiary

### as against Does 1 through 400)

19. Plaintiffs reallege and incorporate by reference paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Plaintiffs are informed and believe and on that basis allege that Defendants and Doe defendants other than RHODES RANCH LIMITED PARTNERSHIP and RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES entered into contracts with these entities to perform certain services or work with regard to the design, construction and inspection of construction of the residences at the subject property. Plaintiffs and/or their predecessors in interest were third party beneficiaries of each and every such contract.

{00049916.DOC}

21.  Further, said Doe defendants by entering into said contracts with RHODES RANCH LIMITED PARTNERSHIP and RHODES DESIGN AND DEVELOPMENT CORPORATION dba RHODES HOMES and/or Plaintiffs and/or their predecessors in interest, impliedly warranted that said homes would be of good and merchantable quality and would be at least a quality as would be fit for the ordinary purpose for which such homes were to be used and would be habitable.  Further, said Doe defendants impliedly warranted the quality of construction of the homes and common areas as provided in NRS 116.4114.

22.  The Plaintiffs purchased their homes in reliance on the implied warranties and promises made by Doe defendants, and each of them.  Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

23.  Certain Plaintiffs and/or Homeowners at the subject property have notified Doe defendants of said breach of implied warranties and said Doe defendants have refused and continue to refuse to remedy these defects.

24.  As a direct and proximate result of the breach of the implied warranties by Doe defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.  Numerous additional defective conditions exist as more particularly described in Plaintiffs' expert reports.  Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at trial according to proof, and in accordance with NRS 40.655.

{000499916.DOC}

## THIRD CAUSE OF ACTION

### (Negligence and Negligence per se

### As to All Defendants, and Does 1 through 400)

25. Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Plaintiffs allege that Defendants, and each of them, knew or should have known that if the subject structure and subject premises were not properly or adequately designed, engineered, marketed, supervised and/or constructed, that the owners and users would be substantially damaged thereby, and that the subject structures would be defective and not of merchantable quality.

27. Plaintiffs allege that the Defendants, and each of them, named herein were under a duty to exercise ordinary care to avoid reasonably foreseeable injury to users and purchasers of the subject premises and structures, and knew or should have foreseen with reasonable certainty that purchasers and/or users would suffer the monetary damages set forth herein, if said Defendants, and each of them, failed to perform their duty to cause the subject premises and subject structures to be designed, engineered and completed in a proper and workmanlike manner and fashion.

28. Said Defendants, and each of them, breached their duty owed to Plaintiffs, failed and neglected to perform the work, labor and services properly or adequately in that each said Defendants so negligently, carelessly, recklessly and in an unworkmanlike manner designed, constructed and inspected the subject property and performed the aforesaid work, labor and/or services, such that the subject premises and subject structures as described herein were designed, engineered and/or constructed improperly, negligently, carelessly and/or in an unworkmanlike manner, thereby breaching the duty owed to Plaintiffs. Further, Defendant sellers knew or should have known that the premises were constructed in an unworkmanlike manner.

{00049916.DOC}

29. Defendants' negligence alleged above includes the failure to meet the applicable building codes and ordinances which were in effect. Plaintiffs' members and their predecessors in interest were members of the class of persons which the building codes and ordinances were designed to protect. Such violations are negligence per se on the part of Defendants, and each of them.

30. As a direct and proximate result of the foregoing negligence and negligence per se, carelessness and unworkmanlike conduct, actions and/or omissions by said Defendants, and each of them, Plaintiffs have suffered damages in an amount in excess of $10,000.00. Plaintiffs are presently unaware of the precise amount of damages needed in order to correct the defective conditions of the subject property and subject structures, but will establish the same at trial according to proof.

31. Plaintiffs are also entitled to the damages set forth at NRS 40.655.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation and Negligent Failure to Disclose

### as to All Defendants and Does 1 through 400)

32. Plaintiffs reallege and incorporate by referenced paragraphs 1 through 31 of the Complaint, as though fully set forth herein.

33. Plaintiffs allege that, at all relevant times, Defendants, and each of them, owed to Plaintiffs and members of the general public, a duty to disclose all conditions potentially having adverse impact upon the subject properties, their value and their safety as well as stability. Plaintiffs allege that Defendants, and each of them, also owed Plaintiffs and members of the general public a duty to represent with reasonable accuracy the actual conditions, quality and significant factors concerning value, safety and stability of the subject properties. As the builders, developers and sellers of said subject properties, Defendants, and each of them, held a special relationship of trust

{00049916.DOC}

AMENDED COMPLAINT FOR DAMAGES

and confidence with potential buyers such that duties of disclosure and accurate representations were incumbent upon Defendants, and each of them.

34. Plaintiffs allege that Defendants, and each of them, at all relevant times, in breach of the duties set forth above, negligently misrepresented and/or failed to disclose to Plaintiffs and members of the general public, facts and information regarding the defective conditions known to Defendants and affecting the subject properties, as described herein above.

35. Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, knew or should have known that members of the public, including the Plaintiffs, would purchase the single family homes and that Defendants who have superior knowledge and expertise as builders, developers and sellers of the subject properties, were required to correct any such defects in the properties and were further required not to sell such defective properties, and were also required to make such defects in the properties known to Plaintiffs as prospective purchasers.

36. Had Plaintiffs known the undisclosed facts, Plaintiffs would have either investigated the condition and integrity of said homes and common areas or would have declined to purchase the residences, nor would Plaintiffs have relied, as they did, upon Defendants, and each of their, representations that the subject homes were generally in good condition and fit for their intended use and that all repair work and/or renovations had been successfully completed.

37. Plaintiffs allege that as a direct and proximate result of the defects set forth herein, Plaintiffs have suffered damages in an amount not fully known, but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition. Plaintiffs will establish the precise amount of such damages at trial, according to proof.

{00049916.DOC}

38. Plaintiffs are also entitled to the damages set forth at NRS 40.655.

## FIFTH CAUSE OF ACTION

### (Breach of Implied Warranty of Habitability as to All Defendants and Does 1 through 400)

39. Plaintiffs reallege and incorporate by reference paragraphs 1 through 38 of the Complaint, as though fully set forth herein.

40. All Defendants each impliedly warranted that said homes would be of good and merchantable quality, would be habitable, and would be completed in a workmanlike manner. Further, said Defendants impliedly warranted the quality of construction of the homes and common areas as provided in NRS 116.4114.

41. The Plaintiffs purchased their homes in reliance on the implied warranties and promises made by Defendants, and each of them. Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

42. Certain Plaintiffs and/or Homeowners at the subject property have notified Defendants of said breach of implied warranties and said Defendants have refused and continue to refuse to remedy these defects.

43. As a direct and proximate result of the breach of the implied warranties by Defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship. Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at trial according to proof.

{00049916.DOC}

**WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:**

1.  For general and special damages in excess of $10,000.00 including but not limited to, costs of repair, loss of market value, loss of use, loss of financing, loss of investment and out-of-pocket expenses to be determined at time of trial;

2.  For damages in an amount according to proof;

3.  For reasonable attorneys fees and costs according to proof.

4.  For prejudgment and post-judgment interest on all sums awarded, according to proof at the maximum legal rate;

5.  For all damages pursuant to NRS 40.600 through 40.695; in particular 40.650 and 40.655;

6.  For costs of suit incurred;

7.  For such other and further relief as the Court may deem just and proper.

DATED this 7th day of April, 2009

SHINNICK, RYAN & RANSAVAGE P.C.

By____/s/ Duane E. Shinnick_____
            Duane E, Shinnick, Esq.
            Bar No. 7176
            Megan M. Chodzko, Esq.
            Bar. No. 8780
            Eric Ransavage, Esq.
            Bar. No. 8876
            2881 Business Park Court, Suite 210
            Las Vegas, NV 89128
            Attorneys for Plaintiffs

{00049916.DOC}

# EXHIBIT 3

James I. Stang, Esq. (CA Bar No. 94435)          E-File: February 16, 2010
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
Telephone: 702/382.1170
Facsimile: 702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR |
| | (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka | |
| "Rhodes Homes," et al.,[1] | Chapter 11 |
| Debtors. | |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Case 09-14814-gwz    Doc 1091    Entered 02/16/10 16:32:05    Page 2 of 76

1
2

Affects:
☐　　All Debtors
☒　　Affects the following Debtor(s)
Rhodes Design and Development Corporation

3
4
5
6

**NOTICE OF FILING OF PROPOSED ORDER GRANTING MOTION FOR
MODIFICATION OF AUTOMATIC STAY IN ORDER TO PROCEED AGAINST
DEBTORS AS A NOMINAL DEFENDANT AND AS AGAINST INSURANCE
PROCEEDS ONLY [DOCKET NO. 869]**

7
8
9
10
11

**PLEASE TAKE NOTICE** that attached hereto as **Exhibit A** is the proposed *Order Granting Motion for Modification of Automatic Stay in Order to Proceed Against Debtors as a Nominal Defendant and as Against Insurance Proceeds Only [Docket No. 869]*, which has been approved by the Debtors, counsel for the Blasco Homeowner Plaintiffs and counsel for the insurer of Rhodes Design and Development Corporation.

12
13

**DATED** this 16th day of February, 2010.

**LARSON & STEPHENS**

14
15
16
17
18

 */s/ Zachariah Larson, Esq.*
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
702/382.1170
Attorneys for Debtors

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:215732.1

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT A

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes," et al.,[1]

    Debtors.

Affects:

☐   All Debtors

☒   Affects the following Debtor(s)

RHODES DESIGN AND DEVELOPMENT
CORPORATION

Case No.: 09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date:  February 18, 2010
Hearing Time:  1:30 p.m.
Courtroom 1

**ORDER GRANTING MOTION FOR MODIFICATION OF AUTOMATIC STAY IN
ORDER TO PROCEED AGAINST DEBTORS AS A NOMINAL DEFENDANT AND AS
AGAINST INSURANCE PROCEEDS ONLY [DOCKET NO. 869]**

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09- 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20 LLC (Case No. 09-14848); Tuscany Acquisitions IV LLC (Case No. 09-14849); Tuscany Acquisitions III LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09- 14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-002\DOCS_LA:215732.1

1    Upon consideration of the *Motion for Modification of Automatic Stay in Order to*

2    *Proceed Against Debtors as a Nominal Defendant and as Against Insurance Proceeds Only*

3    [Docket No. 869] (the "<u>Motion</u>")[2] and good cause appearing, it is hereby ORDERED

4       1.   The Motion is granted.

5       2.   The automatic stay is lifted for the limited purpose of permitting the Plaintiff

6    Homeowners in the Litigation, entitled *Blasco, et al. v. Rhodes Ranch, LP et al.*, Clark County

7    District Court Case No. A578060, to liquidate their claims, on the condition that the

8    Homeowners are entitled to recover on their claims against Rhodes Ranch Limited Partnership

9    and Rhodes Design and Development Corporation only from their insurer or insurers (the

10   "<u>Insurer</u>").

11      3.   There shall be a full reservation of rights for Rhodes Ranch Limited Partnership,

12   Rhodes Design and Development Corporation and the Insurer with respect to the relevant

13   insurance policies and to defend the Litigation on the merits.

14      4.   Any and all portions of the Homeowners' claims or causes of action, whether

15   prepetition or postpetition claims or causes of action, that are not fully satisfied by the available

16   insurance policies of Rhodes Ranch Limited Partnership and Rhodes Design and Development

17   Corporation are forever waived and discharged as against Rhodes Ranch Limited Partnership and

18   Rhodes Design and Development Corporation, even if the Homeowners are unable to obtain any

19   recovery from any insurance policies.

20      5.   Any recovery by the Homeowners received from the insurance proceeds shall be

21   reduced by the amount of the applicable insurance policy's deductible.

22      6.   The Bankruptcy Court retains jurisdiction to resolve any dispute arising from the

23   interpretation or enforcement of this Order.

24

25

26

27

28

---

[2] All defined terms not defined herein shall have the same meaning as in the Motion.

LARSON & STEPHENS
810 S. Casino Center Blvd, Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

SUBMITTED BY:

DATED this 18th day of February 2010.

By: /s/ Eric Ransavage
SHINNICK, RYAN & RANSAVAGE P.C.
Duane E. Shinnick, (NV Bar No. 7176)
Eric Ransavage, (NV Bar No. 8876)
2881 Business Park Court, Ste. 210
Las Vegas, Nevada 89128
Telephone: (702) 631-8014
Facsimile: (702) 631-8024
*Counsel for Homeowner Plaintiffs*

DATED this 18th day of February 2010.

By: /s/ Zachariah Larson
LARSON & STEPHENS
Zachariah Larson, Esq. (NV Bar No 7787)
Kyle O. Stephens, Esq. (NV Bar No. 7928)
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV 89101
(702) 382-1170 (Telephone)
(702) 382-1169 (Facsimile)
zlarson@lslawnv.com
*Counsel for Debtors*

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1

## LR 9021 Certification

2

3   In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

4          ___ The court has waived the requirement of approval under LR 9021.

5          ___ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have

6   delivered a copy of this proposed order to all counsel who appeared at the hearing, any

7   unrepresented parties who appeared at the hearing, and each has approved or disapproved the

8   order, or failed to respond, as indicated below [list each party and whether the party has

9   approved, disapproved, or failed to respond to the document]:

10         ___ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order

11  to all counsel who appeared at the hearing, any unrepresented parties who appeared at the

12  hearing, and each has approved or disapproved the order, or failed to respond, as indicated below

13  [list each party and whether the party has approved, disapproved, or failed to respond to the

14  document]:

15          X  I certify that I have served a copy of this order with the motion, and no parties

16  appeared or filed written objections.

17

18  Submitted by:

19  DATED this 18th day of February, 2010.

20  By: /s/ Eric Ransavage
    SHINNICK, RYAN & RANSAVAGE P.C.
21  Duane E. Shinnick, (NV Bar No. 7176)
    Eric Ransavage, (NV Bar No. 8876)
22  2881 Business Park Court, Ste. 210
    Las Vegas, Nevada 89128
23  Telephone: (702) 631-8014
    Facsimile: (702) 631-8024
24  *Counsel for Homeowner Plaintiffs*

25

26

27

28

*LARSON & STEPHENS*
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:215732.1                                    7