# * * § 362 INFORMATION COVER SHEET * *

| | | |
|---|---|---|
| DEBTOR | Case No: | MOTION #: |
| | CHAPTER: | |
| MOVANT | | |

---

### *Certification of Attempt to Resolve the Matter Without Court Action:*

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

*Date:* _____     *Signature:* _____

*Attorney for Movant*

---

PROPERTY INVOLVED IN THIS MOTION:_____

NOTICE SERVED ON:  Debtor(s)_____ ; Debtor's counsel_____ ; Trustee_____ ;

DATE OF SERVICE:_____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st | 1st |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION"for MOVANT . |
|---|---|
| Amount of Note: | . |
| Interest Rate: | . |
| Duration: | . |
| Payment per Month: | . |
| Date of Default: | . |
| Amount in Arrears: | . |
| Date of Notice of Default: | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: | SUBMITTED BY: |
| | SIGNATURE:———————————————— |

DAMON K. DIAS, ESQ.                                        E-filed: April 26, 2010
Nevada Bar No. 8999
E-mail: ddias@diaslawgroup.com
DIAS LAW GROUP, LTD.
601 S. 6TH Street
Las Vegas, Nevada  89101
Telephone: (702)380-3011
Facsimile: (702)366-1592
Attorney for Creditors, X-It at 215, LLC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | |
| ) | |
| RHODES DESIGN AND ) | |
| ) | CASE NO.:  BK-S 09-14814-lbr |
| DEVELOPMENT CORPORATION, a ) | |
| Nevada Corporation. ) | ADV. NO.:  BK-S 09-14846-lbr |
| ) | |
| ) | CHAPTER 11 |
| ) | |
| Debtor ) | DATE:      June 21st, 2010 |
| ) | TIME:       9:30 A.M. |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

X-IT at 215, LLC, its assignees and/or successors in interest ("Creditors" herein) hereby move this Court for an Order terminating the Automatic Stay so that Creditors may commence and continue all acts necessary to proceed in state court to determine its rights as against Rhodes Development Corporation for certain property damage and/or construction defect remedies it may have related to the design, development and/or distribution of the X-It condominium community, located generally in Las Vegas, Nevada.

The Creditors hereby agree that any recovery shall be limited to the insurance proceeds which Debtor, Rhodes Design and Development Corporation (hereinafter, the "Debtor"), had in place at the time the above referenced bankruptcy was filed, to include, but not limited to, policies generally described as the Gemini Insurance Co. General Liability insurance policy number CNGP001211 (the "Gemini" policy), and Insurance Company of the State of Pennsylvania Excess Liability Insurance Policy number 2063585 (the "Pennsylvania" policy).  These policies reflect that they were intended

1

to cover the subject property (X-It) for the particular risks set forth herein.  The affidavit of Creditor representative Mr. Bert Adams  is attached hereto as exhibit A.

There are two insurance policies related to the X-It condominium development, referenced above, which were in place pre-petition.  Upon information and belief, these policies were specifically issued to provide insurance benefits to Creditors for defects and property damage in construction and/or post-construction maintenance of the development.  The Creditors as owners of residences within the X-It development seek an order from this court allowing them to litigate, in state court, their rights (as related to these policies) for certain defects, property damage and/or other remedies they may have against one or more of the Debtor entities in the above referenced bankruptcy.  With this request, the parties request that this court enter its order allowing them to proceed to judgment as against the Debtor(s) and seek remedy/recovery *only* as against the proceeds of the two insurance policies herein referenced, and not to recover anything from the Debtor(s) entity(s) nor the bankruptcy estate.

The insurance policies in question offer, when combined, in excess of $10,000,000.00 in potential liability coverage.  The policies have been provided by the Debtor, and are public record. The policies and their respective coverage limits are listed in the Debtors amended schedules and statements, bankruptcy case # 09-14846-lbr, at docket #17, page 14 of 149.  A copy of the policies which have been provided to the undersigned are attached hereto at Exhibit 1.  In addition, Creditors are listed as unsecured creditors in Debtors amended schedules and statements, bankruptcy case # 09-14846-lbr, at docket #17, page 127-128 of page 149.

The Debtor does not have equity in the insurance proceeds, as they are in place to insure work performed by Debtor and assigns for the benefit of third parties, in this case Creditors herein, and the insurance policies and its proceeds are not necessary to an effective reorganization.  Therefore, Creditors herein move this Court for an order terminating the automatic stay so that they may proceed with litigation to determine their rights as against Debtor with recovery to be had exclusively from the insurance policies listed above.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF FACTS

Creditors are potential beneficiaries of the referenced insurance policies, with a combined total benefit of $10,000,000.00. The policies in question provide coverage for property damage and construction defects, and the Creditors wish to have their rights determined in state court litigation. This litigation will not diminish the estate, as the proceeds, provided by third parties, are not property of the estate, nor can they be realized by the estate for gain to the estate. In fact, the policies were issued for the sole purpose of providing the Debtor and these Creditors with protection.

Prior to the entry for the order of relief in the instant case, the Debtor(s) and/or their agents were aware of certain construction defect and property damage issues at the subject property. The filing of the bankruptcy stayed any potential legal action to resolve these matters, and the creditors wish to pursue remedies against the proceeds of the two policies put in place specifically for the subject development.

## II. LEGAL ARGUMENT

**CREDITORS ARE ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(2)**

11 U.S.C. §362(d) provides:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay–

(2) with respect to a stay of an act against property under the subsection (a) of this section, if–

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization..."

Subsection (2) of 11 U.S.C. §362(d) allows a court to grant relief from the stay provided in §362 if the Debtor has no equity in the subject property *and* if the subject property is not necessary to an effective reorganization. In, the 9th Circuit is has been stated that:

"Section 362(d)(2) reflects Congressional intent to allow creditors to

3

immediately proceed against (the) property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under section 362(d)(1)." See, In re San Clemente Estates, 5 B.R. 605, 610 (S.D. Ca. 1980).

In the instant matter, the Debtor(s) has no equity in the Property, to wit, the insurance policies. Debtor lists the policies in schedules and statements, though there is no equity nor interest in them in favor of the bankruptcy estate. The insurance policies provide potential payout to injured claimants to the extent it is determined the Debtor and/or its assigns are responsible for the damage or injury. Creditors wish to have their rights determined in a court of law, and agree to have their recovery exclusively from the proceeds offered by the referenced policies and not from the Debtor. Therefore, there will be no diminution of, nor burden to, the estate.

### III. CONCLUSION

Based upon the foregoing, Creditors allege there is no equity in the insurance proceeds for the estate, and that the proceeds are not necessary to effectuate Debtors' rehabilitation. Furthermore, no plan of reorganization has been filed, and Debtor cannot, therefore, argue in any way that the proceeds are necessary for an effective reorganization.

WHEREFORE, Secured Creditors pray for an order as follows:

(1)    terminating the automatic stay to allow Creditors' planned negotiation, claims and/or litigation against Debtor, with recovery as against Debtor(s) to be limited to the proceeds of the Gemini and Pennsylvania policies;

(2)    allowing Creditors to have their rights against the Debtor(s) for property damage, construction defect, and/or other remedies determined by a state court in Clark County, Nevada, or another court of competent jurisdiction;

(3)    determining the proceeds to the Gemini and Pennsylvania policies described herein

. . . .

. . . .

. . . .

. . . .

1   are not property of the estate, and allowing Creditors recovery against the proceeds, with regards to

2   the Debtor(s) now in bankruptcy; and

3          (4) for such other and further relief as this Court deems appropriate.

4

5          DATED: April 26, 2010

6                                              **DIAS LAW GROUP, LTD.**

7

8                                               /s/ Damon K. Dias
                                               Damon K. Dias, Esq.
9                                              601 S. 6th Street
                                               Las Vegas, NV 89101
10                                             Attorneys for Creditors X-it at 215, LLC

11  Z:\Client Matters\BK CREDITORS\Riedy, Terry -- Rhodes Homes 2050-2\MX for Relief to file.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1      CALIFORNIA      **AFFIDAVIT OF** *BERT ADAMS*

2     STATE OF ~~NEVADA~~    )

                                 )ss.

3     COUNTY OF ~~CLARK~~    )

         LOS ANGELES

4         Bert Adams, Creditor representative referenced in the above Motion for relief,

5 being first duly sworn under penalty of perjury, swears and states as follows:

6   1.     I am the Creditor representative in the above referenced matter;

7   2.     That I make this affidavit of my own personal knowledge and am competent to

8 testify to the matters related therein;

9   3.     That prior to the filing of the above referenced bankruptcy matter, to wit,

10 bankruptcy case # 09-14846-lbr, myself, along with similarly situated creditors were

11 made aware of  certain property damage and/or construction defect disputes related to

12 the design, construction and sale of the X-It condominium community, developed and

13 built by one or more of the Debtor(s);

14   4.     That there remain damages/defects to the property, X-It condominium

15 community.

16   5.     Furthermore, I have read the above referenced MOTION FOR RELIEF OF THE

17 AUTOMATIC STAY, and know the contents and allegations therein; that the same are

18 true and correct of my own knowledge, except for those matters stated therein stated

19 upon information and belief, and as for those matters, I believe them to be true.

20         WHEREFORE, I request the relief being sought in the Motion be granted by this

21 Court for the reasons stated.

22         Further your Affiant Sayeth naught.

23         Dated this 9TH day of Mach, 2010.

24 SUBSCRIBED AND SWORN TO before me

this 9th day of March, 2010.

25                              *Bert Adams*

26

27

28

1    _Katalin Langianese_

2    NOTARY PUBLIC in and for said
     County and State.

3

4          KATALIN LANGIANESE
           NOTARY PUBLIC - CALIFORNIA
           COMMISSION # 1861315

5          LOS ANGELES COUNTY
           My Comm. Exp. Sept. 12, 2013

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28