James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Werner Disse, Esq. (CA Bar No. 143458)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760
Email: jstang@pszjlaw.com
       scho@pszjlaw.com
       wdisse@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

E-File: April 27, 2010

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br>    Debtors.<br>Affects:<br>☐    All Debtors<br>☒    Affects the following Debtor(s):<br>Gung-Ho Concrete, LLC | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Hearing Date: May 11, 2010<br>Hearing Time: 1:30 p.m.<br>Courtroom 1 |

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-003\DOCS_LA:218933.4

### DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY FILED BY VIRGINIA SPRINGALL-SMITH AND SHANE SMITH [Relates to Docket No. 1089]

Gung-Ho Concrete, LLC (the "Debtor" or "Reorganized Debtor"), one of the above-captioned reorganized debtors, hereby opposes the *Corrected Motion for Relief from Stay* [Docket Number 1089] (the "Second Stay Motion") filed by Virginia Springall-Smith and Shane Smith (the "Movants") and respectfully states as follows:

**A.     Introduction**

The Second Stay Motion should be denied in its entirety because the relief it seeks, the lifting of the automatic stay, is moot as the plan (the "Plan") filed by the First Lien Steering Committee has gone effective and the automatic stay therefore has terminated.  Also, any claim by Shane Smith ("Mr. Smith") against is discharged under the Plan.

**B.     Facts**

1.     On August 26, 2009, Virginia Springall-Smith ("Ms. Smith") filed an *Amended Motion for Relief from Stay* (the "First Stay Motion") [Docket No. 433], which sought to have the automatic stay lifted so that Ms. Smith could litigate a personal injury lawsuit (the "State Court Action") against the Debtor.  Ms. Smith agreed to collect only against the Debtor's insurance company.  The Debtor consented to relief from stay and an order granting the First Stay Motion was entered on October 28, 2009 [Docket No. 655].

2.     On March 12, 2010, an order [Docket No. 1053] was entered confirming the Plan [Docket No. 1013].  The Effective Date of the Plan occurred on April 1, 2010 [Docket No. 1079].

3.     On April 13, 2010, the Movants filed the Second Stay Motion, which states that the First Stay Motion inadvertently failed to request that the automatic stay be lifted with respect to Mr. Smith, Ms. Smith's husband.  Thus, though Mrs. Smith filed for relief from stay during the pendency of the chapter 11 case, Mr. Smith, who is represented by the same attorney, did not.  The relief requested in the Second Stay Motion is that the automatic stay be lifted so that Mr. Smith also can litigate the State Court Action.  Without any basis, the Movants further seek attorneys' fees and costs from the Reorganized Debtor.

**C.     Argument**

4.     Movants' Second Stay Motion should be denied in its entirety because there is no automatic stay to lift. "Confirmation has the effect of revesting property of the bankruptcy estate in the debtor pursuant to § 1141(b), and once property is removed from the estate, the automatic stay terminates pursuant to § 362(c)(1).  *See* 11 U.S.C. § 1141(b); *see also* § 362(c)(1); *In re Terrebonne Fuel and Lube, Inc.*, 108 F.3d 609 (5th Cir.1997); *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581 (9th Cir.1993)."  *In re Globokar*, 375 B.R. 383, 386 (Bankr. N.D. Ohio 2007).  The automatic stay terminated on April 1, 2010, the date the Plan became effective, the bankruptcy estate was dissolved, and property was revested into the Reorganized Debtor. Accordingly, the Second Stay Motion is moot.

5.     Furthermore, to the extent that Mr. Smith seeks to pursue the Reorganized Debtor's insurance carrier through the Debtor, Mr. Smith cannot proceed against the Debtor or the Reorganized Debtor because his underlying claim has been discharged by the Plan.  Article VIII.A of the Plan provides for the discharge of all claims under section 1141 of the Bankruptcy Code to the extent such claims are not satisfied through the Plan, whether or not such claims were asserted or not: "Pursuant to section 1141(d) of the Bankruptcy Code . . . the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever . . . in each case whether or not:  (1) a Proof of Claim or Interest based upon such debt, right, or Interest is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code . . . "  Mr. Smith never filed a proof of claim.  Even if he had a filed a proof of claim, Mr. Smith is limited to the Plan treatment for his claim, which as a general unsecured creditor, would have consisted of his allocable share of the Litigation Trust Interests assuming his claim was ultimately allowed pursuant to the terms of the Plan.  Furthermore, the Plan does not provide any exception to the discharge that permits a claimant to sue the Reorganized Debtor on condition that the claimant collect only against insurance proceeds.

6.     Article VIII.H of the Plan further provides for an injunction that enjoins Mr. Smith from pursuing his claim except through the Plan:  "Except as otherwise expressly provided

in the Plan or for obligations issued pursuant to the Plan, all Entities who have held, hold, or may hold Claims against the Debtors, and all Entities holding Interests, are permanently enjoined, from and after the Effective Date, from: (1) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or Reorganized Debtors on account of or in connection with or with respect to any such Claims . . ." Counsel for the Movants received notice of the Plan objection deadline and the Effective Date of the Plan and is therefore on notice of the Plan injunction, release, and discharge. *See* Certificates of Service at Docket Nos. 519 (p. 423) and 1082 (p. 24).

WHEREFORE, for all of the foregoing reasons the Reorganized Debtor requests that the Court deny the Second Stay Motion.

**DATED** this 27th day of April, 2010.

**LARSON & STEPHENS**

  /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Reorganized Debtors

73203-003\DOCS_LA:218933.4         4