Jeffrey R. Sylvester, Esq. (Nevada Bar No. 4396)                    **E-FILED May 24. 2010**
James B. MacRobbie, Esq. (Nevada Bar No. 7430)
SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Road, Suite 120
Las Vegas, Nevada 89128
Telephone: (702) 952-5200
Facsimile: (702) 952-5205
jeff@sylvesterpolednak.com
james@sylvesterpolednak.com

Van C. Durrer, II, Esq. (Admitted *Pro Hac Vice*)
Ramon M. Naguiat, Esq. (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, #3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
van.durrer@skadden.com
ramon.naguiat@skadden.com
*Attorneys for Creditor Credit Suisse, Cayman Islands Branch*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Debtors. | Case No.    BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**MOTION TO COMPEL REIMBURSEMENT OF FEES AND EXPENSES PURSUANT TO CONFIRMATION ORDER AND CASH COLLATERAL ORDER** |
| Affects:<br>■  All Debtors<br>☐  The following Debtor(s) | Date:      June 21, 2010<br>Time:      9:30 a.m.<br>Judge:    Honorable Linda B. Riegle |

[1] The "Debtors" in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, a Nevada limited partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C&J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

*SYLVESTER & POLEDNAK, LTD.*
*7371 Prairie Falcon Rd., Suite 120*
*Las Vegas, Nevada 89128*
*Phone (702) 952-5200*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Rd., Suite 120
Las Vegas, Nevada 89128
Phone (702) 952-5200

## MOTION TO COMPEL REIMBURSEMENT OF FEES AND EXPENSES PURSUANT TO CONFIRMATION ORDER AND CASH COLLATERAL ORDER

Credit Suisse AG, Cayman Islands Branch ("Credit Suisse"), formerly known as "Credit Suisse, Cayman Islands Branch," as agent under the first lien Credit Agreement Dated as of November 21, 2005, among Heritage Land Company, LLC, The Rhodes Companies, LLC, and Rhodes Ranch General Partnership, as the Borrowers, the Lenders Listed [Th]erein, as the Lenders, and Credit Suisse, Cayman Islands Branch, as Administrative Agent, Collateral Agent, Syndication Agent, Sole Bookrunner and Sole Lead Arranger (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "First Lien Credit Agreement," and the lenders thereunder, the "First Lien Lenders"), hereby moves (the "Motion") this Court for an order compelling the Reorganized Debtors to reimburse certain fees and expenses incurred by Credit Suisse and its professionals pursuant to (A) the Proposed Findings of Fact, Conclusions of Law, and Order Confirming the First Lien Steering Committee's Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for the Rhodes Companies, LLC, et al. [Docket No. 1053] (the "Confirmation Order") and (B) the Final Stipulated Order (I) Authorizing Use of Cash Collateral Pursuant to Sections 105, 361, 362 and 363 of the Bankruptcy Code and (II) Granting Adequate Protection and Super Priority Administrative Expense Priority to Prepetition Secured Lenders Re Debtors' Motion for Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of Debtors' Motion for Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code (A) Authorizing Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Debtors' Prepetition Secured Parties and (C) Scheduling a Final Hearing; Memorandum of Points and Authorities Filed by Zacariah Larson on Behalf of Heritage Land Company, LLC [Relates to Heritage Docket No. 35] [Docket No. 126] (the "Cash Collateral Order"). Specifically, Credit Suisse seeks to compel reimbursement of the following fees and expenses:

/ / /

/ / /

| Period | Professional | Fees & Expenses | Status |
|--------|--------------|-----------------|--------|
| 12/1/08 - 1/31/10 | Skadden, Arps, Slate, Meagher & Flom LLP | $858,073.72 | Outstanding (No Objections Within 15 Days of Resubmission on May 3, 2010) |
| 12/1/09 – 4/20/10 | Sylvester & Polednak, LTD. | $14,559.08 | Undisputed |
| 8/1/08 – 8/26/08 | Udall Law Firm, LLP | $2,740.00 | Undisputed |
| 2/1/10 – 4/30/10 | Skadden, Arps, Slate, Meagher & Flom LLP | $57,036.14 | Undisputed |
| 4/1/09 – 4/1/10 | Credit Suisse AG, Cayman Islands Branch | $19,195.21 | Undisputed |

A copy of the proposed order (the "Proposed Order") approving this Motion is attached hereto as Exhibit A.

## I.

## STATEMENT OF FACTS

On March 31, 2009, the above-captioned debtors (the "Debtors") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

On April 1, 2009, the Debtors filed Debtors' Motion for Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of Debtors' Motion for Interim and Final Orders Pursuant to Sections 105, 361, 362 and 364 of the Bankruptcy Code (A) Authorizing Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Debtors' Prepetition Secured Parties and (C) Scheduling a Final Hearing; Memorandum of Points and Authorities [Docket No. 15] (the "Cash Collateral Motion"). On April 30. 2009, the Court entered the Cash Collateral Order, authorizing the Debtors' use of cash collateral subject to certain specified conditions. Under the Cash Collateral Order, the Debtors were required, as part of the adequate protection for use of Credit Suisse's cash collateral, to reimburse the fees and

SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Rd., Suite 120
Las Vegas, Nevada 89128
Phone (702) 952-5200

1    expenses of Credit Suisse's professionals during the Cash Collateral Period.[2]   See Cash

2    Collateral Order ¶ 5(c).

3         On February 18, 2010, the First Lien Steering Committee filed its Third Amended

4    Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for the

5    Rhodes Companies, LLC, et. al. [Docket No. 1013] (the "Third Amended Plan").   On March

6    12, 2010, the Court entered the Confirmation Order, confirming the Third Amended Plan.   The

7    Third Amended Plan required the Debtors or Reorganized Debtors (as defined in the Third

8    Amended Plan) to reimburse the reasonable fees and expenses incurred by Credit Suisse,

9    including its professionals, to the extent provided by the First Lien Credit Agreement.   See

10   Third Amended Plan Article IX.A.3.

11        On February 18, 2010, counsel for Credit Suisse submitted invoices (the "Initial

12   Invoices") to counsel for the Debtors and the First Lien Steering Committee, seeking

13   reimbursement of certain fees and expenses of Credit Suisse's professionals incurred through

14   January 31, 2010.   In a letter dated March 18, 2010, counsel for the First Lien Steering

15   Committee objected to the Initial Invoices as they pertained to the fees and expenses of

16   Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden, Arps"), Credit Suisse's bankruptcy

17   counsel, stating that more detail was required and requesting that Skadden Arps' time entries be

18   broken into categories outlined by the First Lien Steering Committee.   Counsel for the Debtors

19   sent counsel for Credit Suisse a letter dated March 19, 2010 in which it advised Credit Suisse

20   that the Debtors joined in the First Lien Steering Committee's letter of March 18, 2010.

21   Counsel for Credit Suisse responded in a letter to counsel for the First Lien Steering Committee

22   and the Reorganized Debtors dated April 7, 2010, offering to provide alternative

23   categorizations for invoices and advising that the re-categorized invoices would be

24   forthcoming.

25        On May 3, 2010, counsel for Credit Suisse sent a follow-up letter to counsel for the

26   First Lien Steering Committee and the Debtors, enclosing the re-categorized invoices (the "Re-

27   Categorized Invoices").   In this communication, counsel for Credit Suisse also submitted

SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Rd., Suite 120
Las Vegas, Nevada 89128
Phone (702) 952-5200

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Cash Collateral Order.

1    additional invoices for fees and expenses incurred by Credit Suisse and its professionals (the

2    "Additional Invoices") and demanded that the Additional Invoices be paid within 15 days

3    pursuant to the Third Amended Plan. In addition, counsel for Credit Suisse also re-submitted

4    certain invoices of Credit Suisse's local counsel (the "Local Counsel Invoices" and with the

5    Re-Categorized Invoices and the Additional Invoices, the "Outstanding Invoices"), noting that

6    no objection have ever been raised with respect to the Local Counsel Invoices and reiterating

7    the prior request that the Local Counsel Invoices be paid without further delay.

8          The Outstanding Invoices are attached as part of Exhibit E to the Declaration Of Van C.

9    Durrer II In Support Of Motion To Compel Reimbursement Of Fees And Expenses Pursuant

10   To Confirmation Order And Cash Collateral Order, filed concurrently herewith. To date, all of

11   the Outstanding Invoices remain unpaid. In advance of the filing of this Motion, Credit Suisse

12   attempted, through counsel, to determine the position of the First Lien Steering Committee

13   regarding payment of the Outstanding Invoices, but did not receive any substantive feedback.

14                                                        II.

15   **PAYMENT OF THE OUTSTANDING INVOICES IS MANDATED BY THE CASH**

16                **COLLATERAL ORDER AND THE THIRD AMENDED PLAN**

17   **A.    Payment is Required By The Terms of the Cash Collateral Order and Third
          Amended Plan**

18

19         Credit Suisse has complied with Court-ordered procedures in seeking compensation for

20   itself and its professionals. Accordingly, the fees and expenses sought in the Outstanding

21   Invoices should be reimbursed under both the Cash Collateral Order and the Third Amended

22   Plan. To the extent the Court views the Cash Collateral Order as controlling for the

23   outstanding fees and expenses incurred during the Cash Collateral Period, the Cash Collateral

24   Order states:

25          As further adequate protection for the use of the Cash Collateral during the Budget
            Period, the Debtors shall, after receipt of an applicable invoice, pay in full, in cash by
26          wire transfer, the fees and expenses incurred by the professionals for . . . the First Lien
            Agent (including Skadden, Arps, Slate, Meagher  & Flom, LLP and the First Lien
27          Agent's local counsel) . . .

28   / / /

SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Rd., Suite 120
Las Vegas, Nevada 89128
Phone (702) 952-5200

SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Rd., Suite 120
Las Vegas, Nevada 89128
Phone (702) 952-5200

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cash Collateral Order ¶ 5(c).  While the Cash Collateral Order does outline procedures by which parties may object in writing to submitted invoices within 10 days of their receipt, the First Lien Steering Committee interposed a written objection only to the Initial Invoices to the extent these invoices concerned the fees and expenses of Skadden, Arps.  Neither the First Lien Steering Committee nor any other party has raised issues with the balance of the Outstanding Invoices.  Thus, under the terms of the Cash Collateral Order, the undisputed Outstanding Invoices should be paid.

The Outstanding Invoices should also be paid pursuant to the terms of the Third Amended Plan.  The Third Amended Plan provides:

> The reasonable fees and expenses incurred by (i) the First Lien Agent, including its professionals, to the extent provided by the First Lien Credit Agreement . . .shall be paid by the Debtors or Reorganized Debtors, as applicable, within 15 days of receipt of an invoice from such parties or their advisors . . .

Third Amended Plan Article IX.A.3.  Credit Suisse submitted the Outstanding Invoices to the Reorganized Debtors and the First Lien Steering Committee over 15 days ago.  In addition, all of the fees and expenses requested in the Outstanding Invoices are authorized under the First Lien Credit Agreement.  Section 2.3 of the First Lien Credit Agreement states, "The Borrowers agree to pay such fees to the Agents as may hereafter be (or have previously been) agreed upon."  First Lien Credit Agreement § 2.3.  The First Lien Credit Agreement further provides:

> Each of the Borrowers shall pay all actual and documented out-of-pocket expenses incurred by each Agent and its Affiliates, including the reasonable and documented fees, charges and disbursements of its appraiser, counsel (including without limitation, special and local counsel) for each Agent and its Affiliates . . . in connection with the enforcement or protection of its rights in connection with this Agreement and the other Loan Documents, including its rights under this subsection 9.2A, or in connection with the Loans made hereunder, including all such out-of-pocket expenses incurred during any workout, restructuring or negotiations in respect of such Loans.

First Lien Credit Agreement § 9.2A.  As seen from the Outstanding Invoices, all of the fees and expenses were incurred in connection with the enforcement of the underlying loans and the overwhelming majority of them were incurred during the pendency of these bankruptcy cases.  In addition, neither the Debtors nor the First Lien Steering Committee has ever objected to the calculation of Credit Suisse's agent fees, so there can be no dispute that such fees are consistent

/ / /

1   with section 2.3 of the First Lien Credit Agreement.   Thus, under the terms of the Third

2   Amended Plan, the Outstanding Invoices are overdue and should be paid immediately.

3   **B.     Description of Services Rendered**

4       Skadden, Arps is a global firm well-versed in representing agents for lenders under

5   credit agreements.  Skadden, Arps submits that the legal services and advice that it rendered to

6   Credit Suisse in connection with these cases were necessary and beneficial to the First Lien

7   Lenders.  Skadden, Arps professionals provided a high level of service to Credit Suisse and did

8   so in an efficient and effective manner.   Under the circumstances, and given the size and

9   complexity of these cases, the fees and expenses sought to be reimbursed are eminently

10  reasonable.

11      More specifically, Skadden, Arps's fees and expenses in the Outstanding Invoices have

12  been broken down into the following categories: Plan/Disclosure Statement; Mediation; Loan

13  Administration; Loan Litigation, and Fee Matters.   To date, neither the First Lien Steering

14  Committee nor the Reorganized Debtors have not raised any issues with the categorizations of

15  the Outstanding Invoices.

16      (i) Plan/Disclosure Statement

17      In this category, Skadden, Arps recorded its time related to tasks concerning plan and

18  disclosure statement matters, including negotiations that resulted in the consensual Third

19  Amended Plan.  Skadden, Arps professionals spent time performing research and analysis of

20  plan and reorganization issues, reviewing different versions of plans and disclosure statements

21  proposed by the First Lien Steering Committee, communicating with the First Lien Steering

22  Committee regarding drafts of term sheets, disclosure statements and plans, drafting a limited

23  objection to the First Lien Steering Committee's second amended plan, preparing solicitation

24  packages for First Lien Lenders, tabulating votes of First Lien Lenders and attending plan and

25  disclosure statement hearings.

26      The Outstanding Invoices reflect a total of 267.05 hours spent by Skadden, Arps

27  professionals on these issues, for work performed both before and after January 31, 2010.

28  / / /

**SYLVESTER & POLEDNAK, LTD.**
7371 Prairie Falcon Rd., Suite 120
Las Vegas, Nevada 89128
Phone (702) 952-5200

SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Rd., Suite 120
Las Vegas, Nevada 89128
Phone (702) 952-5200

1    (ii) Mediation

2    In this category, Skadden, Arps recorded its time related to tasks concerning court-
3  ordered mediation of a joint consensual plan of reorganization between the major parties-in-
4  interest in these bankruptcy cases.  Skadden, Arps professionals spent time reviewing and
5  analyzing mediation proposals and materials, communicating with other mediation parties,
6  preparing for mediation discussions and attending mediation discussions.

7    The Outstanding Invoices reflect a total of 151.00 hours spent by Skadden, Arps
8  professionals on these issues.

9    (iii) Loan Administration

10    In this category, Skadden, Arps recorded its time related to tasks that do not fall into the
11  other categories outlined in the Outstanding Invoices.  These tasks relate to Credit Suisse's
12  duties as agent to the First Lien Lenders under the First Lien Credit Agreement and include
13  monitoring and responding to matters in these bankruptcy cases that are not covered under the
14  other categories.  Skadden, Arps professionals spent time monitoring and analyzing pleadings
15  and documents related to the bankruptcy cases, preparing and filing proofs of claim in the
16  bankruptcy cases, communicating with First Lien Lenders regarding bankruptcy matters,
17  conducting research regarding issues related to the bankruptcy cases, negotiating stipulations
18  regarding the filings of proofs of claims with the Debtors and attending hearings and meetings
19  related to the bankruptcy cases.

20    The Outstanding Invoices reflect a total of 670.25 hours spent by Skadden, Arps
21  professionals on these issues, for work performed both before and after January 31, 2010.

22    (iv) Loan Litigation

23    In this category, Skadden, Arps recorded its time related to certain contested matters in
24  these bankruptcy cases, including the First Lien Steering Committee's motion to appoint a
25  chapter 11 trustee and the Debtor's motion for authority to use cash collateral of the First Lien
26  Lenders.  Skadden, Arps professionals spent time developing strategy, reviewing and analyzing
27  pleadings, communicating with the First Lien Steering Committee, preparing supporting and
28  responsive pleadings, processing discovery requests and attending hearings.

- 8 -

1   The Outstanding Invoices reflect a total 520.80 hours spent by Skadden, Arps

2   professionals on these issues, for work performed both before and after January 31, 2010.

3   (v) Fee Matters

4   In this category, Skadden, Arps recorded its time related to recovery of the fees and

5   expenses of Credit Suisse's professionals. Skadden, Arps professionals spent time reviewing

6   invoices, conferring with Credit Suisse regarding fees and expenses, reviewing correspondence

7   relating to fees and communicating with the First Lien Steering Committee.

8   The Outstanding Invoices reflect a total of 29.00 hours spent by Skadden, Arps

9   professionals on these issues, for work performed both before and after January 31, 2010.

10  **C.    The Local Counsel Invoices**

11  Finally, it should be noted that neither the Debtors nor the First Lien Steering

12  Committee has ever raised any objections to the Local Counsel Invoices, yet these invoices

13  remain unpaid more than 3 months after they were first submitted. There is simply no

14  justification for why these invoices remain unpaid.

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Rd., Suite 120
Las Vegas, Nevada 89128
Phone (702) 952-5200

### III.

### CONCLUSION

For the foregoing reasons, Credit Suisse respectfully requests that the Court enter an order directing the Reorganized Debtors to reimburse to Credit Suisse the amounts detailed on the Outstanding Invoices and granting such other and further relief as the Court deems appropriate.

DATED this 24th day of May, 2010.

By:_____

SYLVESTER & POLEDNAK, LTD.
Jeffrey R. Sylvester (Nevada Bar No. 4396)
7371 Prairie Falcon Road, Suite 120
Las Vegas, Nevada 89128
Telephone:  (702) 952-5200
Facsimile:  (702) 952-5205
jeff@sylvesterpolednak.com

and

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Van C. Durrer, II, Esq. (admitted *pro hac vice*)
Ramon M. Naguiat, Esq. (admitted *pro hac vice*)
300 South Grand Avenue, #3400
Los Angeles, California 90071-3144
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600
van.durrer@skadden.com
ramon.naguiat@skadden.com

*Attorneys for Creditor Credit Suisse, Cayman Islands Branch*

SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Rd., Suite 120
Las Vegas, Nevada 89128
Phone (702) 952-5200