# EXHIBIT B

EXHIBIT B

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

Attorneys at Law

PHILIP C. DUBLIN
212.872.8083/fax: 212.872.1002
pdublin@akingump.com

March 18, 2010

VIA E-MAIL

Van C. Durrer, Esq.
Ramon M. Naguiat, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Re:  *In re The Rhodes Companies, LLC*, et al. (the "Debtors")
     Case No. 09-14814-LBR (Bankr. D. Nev.)

Dear Van and Ray:

As you know, we are counsel to a steering committee of lenders (the "First Lien Steering Committee") under that certain Credit Agreement dated as of November 21, 2005 (the "First Lien Credit Agreement") in the above-referenced chapter 11 cases. The First Lien Steering Committee is in receipt of the invoice dated February 17, 2010 of Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates ("Skadden") for fees and expenses incurred in connection with representing Credit Suisse, Cayman Islands Branch (the "Agent"), as administrative agent under the First Lien Credit Agreement (the "Invoice"). This letter serves as an objection by the First Lien Steering Committee to the entirety of the Invoice pursuant to paragraph 5(c) of the final cash collateral order entered by the Court on April 30, 2009 for the reasons set forth below.

The First Lien Steering Committee has determined that the time entries contained in the Invoice do not provide sufficient detail to enable the First Lien Steering Committee to identify the nature of the services provided by Skadden and the reasonableness of the fees incurred in connection therewith. In order to facilitate the First Lien Steering Committee's detailed review of the Invoice, the First Lien Steering Committee hereby requests that Skadden provide additional detail regarding the services for which compensation has been requested. Specifically, the First Lien Steering Committee requests that Skadden break out its time entries into the following three categories: (i) entries related to services provided solely with respect to the duties of the Agent under the First Lien Credit Agreement; (ii) entries related to services provided in connection with the Debtors' chapter 11 cases; and (iii) entries related to services provided to the Agent in connection with its efforts to obtain a release from the lenders under the First Lien Credit Agreement. In addition, based on the vagueness of the underlying time entries contained in the Invoice, the First Lien Steering Committee requests that Skadden provide more

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Van C. Durrer, Esq.
Ramon M. Naguiat, Esq.
March 18, 2010
Page 2

detailed time entries to enable the First Lien Steering Committee to discern with specificity the actual services performed by Skadden within each of the foregoing categories. Finally, the First Lien Steering Committee requests that Skadden provide back-up documentation with respect to the charges and disbursements for which Skadden has sought reimbursement in the Invoice.

      Please contact me at (212) 872-8083 if you have any questions with respect to the foregoing.

Very truly yours,

Philip C. Dublin

cc: Members of the First Lien Steering Committee
    Shirley Cho, Esq.