# EXHIBIT B

EXHIBIT B

Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NV 89102
Telephone: 702.979.2357
Facsimile: 702.362.9472
E-Mail: nleatham@klnevada.com

Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 2684637)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: 212.872.1000
Facsimile: 212.872.1002
E-Mail: pdublin@akingump.com
aqureshi@akingump.com

*Counsel for the Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 09-14814-LBR |
| | (JointlyAdministered) |
| THE RHODES COMPANIES, LLC, | |
| aka "Rhodes Homes," *et al.*, | Chapter 11 |
| Reorganized Debtors.[1] | |

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

| Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s) | § § § § § § § § | DECLARATION OF DOMINIC LONGI IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO JAMES RHODES' PROOF OF CLAIM NO. 814-33 AND NOTICE OF AMENDMENT OF SCHEDULES OF ASSETS AND LIABILITIES |
|---|---|---|

I, Dominic Longi, hereby declare:

1.    I am Vice President of Operations for the above-captioned reorganized debtors (collectively, the "Reorganized Debtors").[2] In my capacity as Vice President of Operations, I am one of the persons responsible for overseeing the review of claims asserted against the debtors (the "Debtors") in the Chapter 11 Cases and the claims reconciliation and objection process.

2.    I submit this declaration in support of the Reorganized Debtors' Objection to James Rhodes' Proof of Claim No. 814-33 and Notice of Amendment of Schedules of Assets and Liabilities (the "Objection"). Unless otherwise stated, I have personal knowledge of the facts stated in this declaration.

### The Scheduled Claims

3.    Based on my review of the Debtors' schedules of assets and liabilities (the "Schedules"), James Rhodes ("Rhodes") and certain of his affiliated entities are incorrectly scheduled as having a limited number of claims against the Debtors (the "Scheduled Claims") for which no proofs of claim were filed. The Scheduled Claims include the following:

| Party Holding Claim | Entity Liable on Claim | Amount of Claim | Basis for Claim |
|---|---|---|---|
| Rhodes | Rhodes Homes Arizona, LLC ("Rhodes Homes Arizona") | $151,999.01 | Compensation |
| Pinnacle Equipment Rental, LLC ("Pinnacle Equipment") | Pinnacle Grading, LLC ("Pinnacle Grading") | $557,302.09 | Equipment Rental Payments |
| Sedora Holdings, LLC ("Sedora") | Heritage Land Company, LLC ("Heritage") | $167,901.86 | Litigation Expenses Arising out of Litigation with Deutsche Bank Securities, Inc. |

### Invalidity of the Scheduled Claims

4.  With the assistance of appropriate personnel of the Reorganized Debtors, I carefully reviewed and analyzed each of the Scheduled Claims. In connection with my review of the Scheduled Claims, I reviewed and analyzed the Debtors' books and records, the Schedules and available documentation related to the Scheduled Claims. The basis for each of the Scheduled Claims was also investigated through discussions with appropriate personnel of the Reorganized Debtors and other relevant parties. My findings with respect to each of the Scheduled Claims is set forth below.

A.  **The Scheduled Claim Against Rhodes Homes Arizona**

5.  The Scheduled Claim against Rhodes Homes Arizona is based on compensation allegedly owed to Rhodes by Rhodes Homes Arizona. Based on my review of the available information and information received from the Debtors' third party payroll services provider, Rhodes was never paid compensation from the accounts payable for Rhodes Homes Arizona, and Rhodes was not paid from the payroll of Rhodes Homes Arizona at any point after January 2005.[3] Moreover, no documentation has been located to

---

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

[3] Records for the period preceding January, 2005 are unavailable.

3

support Rhodes' Scheduled Claim for compensation from Rhodes Homes Arizona. Accordingly, I believe that Rhodes does not have a claim against Rhodes Homes Arizona for compensation.

**B.     The Scheduled Claim Against Pinnacle Grading**

6.     The Scheduled Claim against Pinnacle Grading is based on equipment rental payments allegedly owed to Pinnacle Equipment by Pinnacle Grading. Based on my review of the available information and discussions with relevant parties, Pinnacle Equipment obtained construction equipment and provided the equipment to Pinnacle Grading for use in connection with work being performed on the Pravada Project in Arizona. In connection with obtaining the equipment, Pinnacle Equipment entered into a security agreement and promissory note with Caterpillar Financial Services Corporation ("Caterpillar"). Based on the Debtors' books and records, Pinnacle Grading paid Caterpillar directly on the promissory note between Pinnacle Equipment and Caterpillar, potentially giving rise to a claim for overpayment by Pinnacle Grading against Pinnacle Equipment. Despite efforts to locate a rental agreement between Pinnacle Equipment and Pinnacle Grading, no such agreement has been located that requires Pinnacle Grading to make payments to Pinnacle Equipment, and relevant personnel of the Reorganized Debtors do not recall having viewed such an agreement in the past. In addition, Main Amundson and Associates, an outside accounting firm, was unable to locate a rental agreement between Pinnacle Equipment and Pinnacle Grading during its audit of the Debtors during the fourth quarter of 2008. In light of the foregoing, I do not believe that Pinnacle Grading owes any rental payments to Pinnacle Equipment.

C. **The Scheduled Claim Against Heritage**

7. The Scheduled Claim against Heritage is based on defense costs related to litigation initiated by Deutsche Bank Securities, Inc. against Rhodes, Sagebrush, Rhodes Companies, Heritage, Rhodes Design and Development Corporation and RRGP (collectively, the "Rhodes Defendants") related to a potential credit facility. Stewart Occhipinti LLP ("Stewart Occhipinti") served as defense counsel for the Rhodes Defendants. Invoices from Stewart Occhipinti were made out to "Rhodes Homes," and such invoices were paid by either Sedora or non-Debtor Sagebrush Enterprises, Inc. Based on my review of the available information, Heritage paid approximately $800,000 to settle the litigation, potentially giving rise, subject to further investigation, to a claim by Heritage against Rhodes or Sedora. Heritage is not, however, required to reimburse Sedora for defense costs related to the litigation by any applicable agreement. Accordingly, I do not believe that Sedora has a claim against Heritage for defense costs related to the litigation.

**Conclusion**

8. Based on the foregoing, I believe that each of the Scheduled Claims is invalid, and each of the Scheduled Claims should be removed from the Schedules. Executed this 21 day of May, 2010.

By: _____
Dominic Longi

5