# EXHIBIT D

# EXHIBIT D

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Rhodes Ranch General Partnership | Case Number:<br>09-14844-LBR |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Credit Suisse, Cayman Islands Branch**

Name and address where notices should be sent:
Van C. Durrer II and Ramon M. Naguiat
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone number: (213) 687-5000

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ See attached

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See attached
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
  **3a. Debtor may have scheduled account as:** _____
  (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate  ☒ Motor Vehicle  ☒ Other
Describe: Lien on substantially all of Debtor's assets (see attached)
**Value of Property:** $ Unknown    **Annual Interest Rate** See attached %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ See attached    **Basis for perfection:** See attached

**Amount of Secured Claim:** $ See attached    **Amount Unsecured:** $ See attached

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(____).

**Amount entitled to priority:**
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date:

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Bryan J. Matthews
Director

Kyle Olfert
Director

FOR COURT USE ONLY

FILED
AUG 0 4 2009
By Omni Management Group, Claims Agent
For U.S. Bankruptcy Court
District of Nevada

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

YB 22

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the fact value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

ATTACHMENT TO SECURED PROOF OF CLAIM OF
CREDIT SUISSE, CAYMAN ISLANDS BRANCH, AS AGENT

1.  Credit Suisse, Cayman Islands Branch ("Credit Suisse"), on behalf of itself and as agent for (i) the lenders under the first lien Credit Agreement dated November 21, 2005 (as amended, the "Credit Agreement"), by and among the lender parties thereto (the "Lenders"), and borrowers Heritage Land Company, LLC ("Heritage Land"), The Rhodes Companies, LLC ("Rhodes Companies"), and Rhodes Ranch General Partnership ("Rhodes GP" and, together with Heritage Land and Rhodes Companies, the "Borrowers"), and (ii) the other Secured Parties (as defined in the Credit Agreement) (the Secured Parties, collectively with Credit Suisse and the Lenders, the "Claimants"), including Credit Suisse International ("CSI"), under the interest rate swap transaction pursuant to the 1992 ISDA Master Agreement (Multicurrency-Cross Border) (the "Master Agreement"), the letter agreement dated January 16, 2007, between CSI and Heritage Land (the "Confirmation"), and the termination confirmation letter dated April 2, 2009, from CSI to Heritage Land (the "Termination Letter" and, together with the Master Agreement and the Confirmation, the "Interest Swap Agreement"), hereby files this consolidated proof of claim on account of its secured claims against the Borrowers and their subsidiary guarantors (the "Guarantors" and, together with the Borrowers, the "Debtors").[1]

---

[1] The Debtors in these cases that are Borrowers, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); and Rhodes Ranch General Partnership (Case No. 09-14844).

The Debtors in these cases that are Guarantors, along with their case numbers are: Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C&J Holdings, Inc. (Case No. 09-14843); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC(Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case

*(cont'd)*

2.     Under the Credit Agreement, the Lenders extended a loan in an initial aggregate principal amount of $430,000,000 (the "Loan") to the Borrowers subject to the terms and conditions of the Credit Agreement. Under the Interest Swap Agreement, the settlement amount payable to CSI is $20,195,340.62 (the "Interest Swap Obligation").

3.     The Guarantors, pursuant to the terms of the Subsidiary Guaranty dated November 21, 2005 (as supplemented, the "Subsidiary Guaranty"), are guarantors of the Obligations (as defined in the Credit Agreement, and which includes, without limitation, the Loan and the Interest Swap Obligation).

4.     As of March 31, 2009 (the date on which the Borrowers commenced their bankruptcy cases), the Borrowers owed the Claimants approximately $325,947,565.68 under the Credit Agreement and the Interest Swap Agreement, which amount includes principal, interest, and certain other fees and costs owed by the Borrowers as of such date, the repayment of which is guaranteed by the Guarantors.

| Outstanding Principal: | $301,986,374.63 |
| Unpaid Interest: | $3,706,621.13 |
| Interest Swap Obligation: | $20,195,340.62 |
| Legal Fees: | $59,229.30 |
| Total: | $325,947,565.68 |

The foregoing amounts include certain amounts that have been estimated as of the petition date for purposes of this proof of claim. Accordingly, Credit Suisse expressly reserves the right to modify the amounts of its claims to reflect the actual amounts owed by the Debtors under the

---

*(cont'd from previous page)*
No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

Credit Agreement, the Interest Swap Agreement, and related documents, including additional amounts that may be accruing or incurred postpetition.

5. As part of the transactions giving rise to the Obligations, and to secure such Obligations, the Debtors were required to execute and deliver certain pledge and security agreements, account control agreements, mortgages, deeds of trust, assignments and other documents and agreements (the pledge and security agreements, account control agreements, mortgages, deeds of trust, assignments and other documents and agreements, as amended, restated, supplemented or otherwise modified from time to time, collectively with the Credit Agreement and Interest Swap Agreement, the "Loan Documents"), granting Credit Suisse, for the benefit of the Claimants, first priority security interests, pledges and liens upon and in substantially all of the Debtors' assets.

6. Because of the voluminous nature of the Loan Documents that support this proof of claim, all of which are publicly available or are or should be in the Debtors' possession, the Loan Documents are not annexed hereto, but all of the Loan Documents are expressly incorporated herein by reference. The Loan Documents are available upon reasonable written request to Credit Suisse's counsel.

7. Reservation of Rights. Credit Suisse reserves all rights it may now or any time hereafter have against the Debtors, or any other entity or person, and any property held by the Debtors or any such entity or person. These claims are not intended to be, and shall not be construed as, (1) an election of remedies; (2) a waiver of any defaults; or (3) a waiver or limitation on any rights, remedies, claims, or interests of Credit Suisse. Credit Suisse reserves any and all rights with respect to these claims (and any other claims it may file in the Debtors' bankruptcy cases), including, but not limited to, the right to (a) amend, update, or supplement

3

this proof of claim at any time and in any respect; (b) file additional proofs of claim; (c) file requests for the payment of administrative or priority expenses in accordance with 11 U.S.C. §§ 503, 507; and (d) amend, update, or supplement the proof of claim to include additional amounts due and owing under the Loan Documents.

8. <u>No Consent to Jurisdiction</u>. By filing this proof of claim, Credit Suisse does not submit to the jurisdiction of this Court for any purpose other than with respect to these claims, and Credit Suisse does not waive, and specifically preserves all of its procedural and substantive defenses to, any claim that may be asserted against Credit Suisse by the Debtors or by any trustee of the Debtors' estates, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim.

9. Any notices, objections, or other communications relating to this proof of claim should be addressed and sent to Credit Suisse's counsel as follows:

> Van C. Durrer II
> Ramon M. Naguiat
> Skadden, Arps, Slate, Meagher & Flom LLP
> 300 South Grand Avenue, Suite 3400
> Los Angeles, CA 90071

| | Date 8/1/09 | Time Called In | Pick-up Time | Delivery Time | Driver # | Quality Control # |
|---|---|---|---|---|---|---|
| **TIME MACHINE** *Network* | Call Placed By | | Your File or Ref. # | | Los Angeles (213) 975-9850<br>Santa Ana (714) 542-8580<br>San Diego (619) 515-0525<br>Riverside (909) 320-7770<br>San Francisco (415) 615-0771 | |
| | Straight Shot (immediate) ☐ | Rush (2-3 hrs) ☐ | Deferred (Same Day) ☐ | Return ☐ | | |

PICK UP: Stradden App 2nd / 350 S. Grand Ave / DTLA

DELIVER TO: Omni Mgmt. Grp / 16501 Ventura

Drivers Notes:
lbs. _____ Wait time _____
Return
Signature X _____

Special Instructions (Client use only):

Liability: Time Machine Network shall not be liable for more than $250.00 per delivery.

RECEIVED IN GOOD ORDER BY:
Signature X _Jodi A._
Print name here _Jodi Abrams_

CLIENT COPY