# EXHIBIT E

# EXHIBIT E

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT  District of Nevada | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Rhodes Ranch General Partnership | Case Number: 09-14844 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): Wells Fargo Bank, National Association, as Administrative Agent | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: David Bergstrom, Assistant Vice President Wells Fargo Bank, N.A., Corporate Trust 625 Marquette Ave. Minneapolis, MN 55479   Mark R. Somerstein, Esq. Ropes & Gray LLP 1211 Avenue of the Americas New York, NY 10036 Tel: (212) 596-9000 Telephone number: (612) 667-7390 | Court Claim Number: _____ (*If known*)  Filed on: _____ |
| Name and address where payment should be sent (if different from above): David Bergstrom, Assistant Vice President Wells Fargo Bank, N.A., Corporate Trust 625 Marquette Ave. Minneapolis, MN 55479 Telephone number: (612) 667-7390 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.  ☐ Check this box if you are the debtor or trustee in this case. |

1. **Amount of Claim as of Date Case Filed:**   $_____See Attachment_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:**  __Money loaned (see Attachment)__.
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

   3a. **Debtor may have scheduled account as:** _____
      (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:**  ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
   **Describe:**  See Attachment

   **Value of Property:** $ _See Attachment_   **Annual Interest Rate** ___%

   **Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $ _See Attachment_   **Basis for perfection:** _See Attachment_

   **Amount of Secured Claim:** $ ___See Attachment___   **Amount Unsecured:** $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   **Amount entitled to priority:**
   $ _____

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 7-23-09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   [signature]   David Bergstrom, Assistant Vice President | FOR COURT USE ONLY  FILED  JUL 3 0 2009  By Omni Management Group, Claims Agent For U.S. Bankruptcy Court District of Nevada |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

YB 16

## ATTACHMENT TO SECURED PROOF OF CLAIM OF WELLS FARGO BANK, NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT

### A. Basis for Claim

1. Wells Fargo Bank, National Association ("Wells Fargo" or the "Agent"), is the successor Administrative Agent to Credit Suisse, Cayman Island Branch ("Credit Suisse") under the Credit Agreement, dated as of November 21, 2005 (the "Second Lien Credit Agreement"), by and among Heritage Land Company, LLC, the Rhodes Companies, LLC, and Rhodes Ranch General Partnership, as the Borrowers,[1] the Lenders listed therein as the Lenders (collectively, the "Second Lien Lenders") and all other holders of Obligations, and Credit Suisse as Administrative Agent, Collateral Agent, Syndication Agent, Sole Bookrunner and Sole Lead Arranger and together with all guarantees, subordinated agreements, intercreditor agreements (including the Intercreditor Agreement), blocked account or deposit control agreements, indentures, notes, mortgages, pledges, guarantees, instruments and any other agreements and documents delivered pursuant thereto or in connection therewith (collectively, and as amended, restated, supplemented or otherwise modified from time to time, the "Second Lien Loan Documents") providing for a senior secured credit facility in the original principal amount of $70,000,000 (the "Loans").

2. To secure the Obligations under the Second Lien Loan Documents, pursuant to certain security agreements, pledge agreements, blocked account and deposit control agreements, mortgages, deeds of trust, assignments and other documents and agreements (as amended, restated, supplemented or otherwise modified from time to time, collectively, the "Second Lien Security Documents") and the other Second Lien Loan Documents, the Debtors granted to and/or

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Second Lien Credit Agreement.

for the benefit of the Second Lien Agent and the Second Lien Lenders second priority and continuing pledges, liens and security interests (collectively, the "Second Priority Liens"), contractually subordinated to the liens of the First Lien Lenders. Furthermore, each of the Subsidiary Guarantors jointly and severally, unconditionally and irrevocably guaranteed the complete payment of all of the Obligations under the Second Lien Credit Agreement.

3. The Agent is authorized to file this secured proof of claim (this "Secured Proof of Claim") on behalf of itself, in its capacity as Agent, and as Agent on behalf of the Second Lien Lenders pursuant to Section 7 of the Second Lien Credit Agreement and Section 3.1(c)(1) of the Intercreditor Agreement.

4. Because of the voluminous nature of the Second Lien Loan Documents and the Second Lien Security Documents that support this Secured Proof of Claim, all of which are publicly available or are or should be in the Debtors' possession, none of the Second Lien Loan Documents or the Second Lien Security Documents are annexed hereto, but all of the Second Lien Loan Documents and the Second Lien Security Documents are expressly incorporated herein by reference. The Second Lien Loan Documents and the Second Lien Security Documents will be made available upon reasonable written request to counsel to the Agent, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, Attn: Benjamin L. Schneider, Tel: (212) 596-9000; Fax: (212) 596-9090.

**B. Total Amount of Claim**

5. On March 31, 2009 and April 1, 2009 (together, the "Petition Date"), each of the Borrowers and Subsidiary Guarantors against each of whom this Secured Proof of Claim is filed (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code").

6. As of the Petition Date, each of the Debtors were, and still are, indebted to Wells Fargo, as Agent, and the Second Lien Lenders under the Second Lien Loan Documents and any and all other relevant documents (including the Second Lien Security Documents) in the following amounts:

(a) Principal Amount: not less than $70,665,402.38.

(b) Interest: Each of the Debtors is indebted to the Agent and Second Lien Lenders for accrued unpaid prepetition interest equal to $2,182,955.27 as of March 31, 2009, and $2,202,944.34 as of April 1, 2009.

(c) Agent's Expenses: The Debtors are obligated to the Agent for all amounts due or to become due to the Agent, whether arising prior to or after the Petition Date, for its compensation. The Debtors are each obligated to the Agent for all reasonable out-of-pocket expenses incurred by the Agent (including the reasonable fees, charges, and disbursements of counsel for the Agent) and for all other amounts due or to become due to the Agent under Section 9.2 of the Second Lien Credit Agreement, including, without limitation, any obligations for indemnification (such expenses, fees, costs, charges, disbursements of counsel and other outside consultants for the Agent, and all other amounts, collectively, "Agent's Expenses"). The Agent has incurred Agent's Expenses prior to the Petition Date and continues to incur Agent's Expenses from and after the Petition Date, which amounts are not fixed at this time but constitute a part of this Secured Proof of Claim.

(d) Other Unliquidated Amounts: The Debtors are obligated to the Agent and Second Lien Lenders for any and all other Obligations and amounts due or to become due with respect to the Second Lien Loan Documents and Second Lien Security Documents, and any related and ancillary documents, whether under applicable law and/or principles of equity, whether now due or hereafter arising, which amounts may, presently, be unliquidated or contingent, but may become fixed and liquidated in the future, including, without limitation: (i) amounts owed for interest at the rates provided in the Second Lien Credit Agreement, including default interest; (ii) premiums, penalties, costs, reimbursements, fees, expenses, losses, liabilities, indemnities, taxes, and compensatory, secondary and punitive damages, and obligations for compensation, reimbursement, and indemnification; (iii) obligations to pay taxes, levies, and other government charges; (iv) any benefits accruing to the Agent or Second Lien Lenders resulting from covenants to restrict the incurrence of indebtedness, the making of dividends or other distributions, and/or the making of investments, loans, or advances by the Debtors; and any and all

3

       Obligations or amounts due under, arising out of, or in connection with the Second Lien Loan Documents and Second Lien Security Documents.

C. **Inquiry Notice**

7. This Secured Proof of Claim serves, and is intended to serve, as notice of a claim for all Obligations and any amount due or to become due under the Second Lien Loan Documents and Second Lien Security Documents, the provisions of which are expressly incorporated herein by reference. All interested parties are on notice of, and advised to examine, the provisions of the Second Lien Loan Documents and Second Lien Security Documents.

D. **Reservation of Rights**

8. Wells Fargo does not waive, and expressly reserves, all rights and remedies at law or in equity that Wells Fargo, in its capacity as Agent, or as Agent on behalf of the Second Lien Lenders, has or may have against any of the Debtors, and any of their respective affiliates and subsidiaries, or any other person or entity, including, without limitation, rights against the Second Lien Lenders.

9. Wells Fargo reserves the right to amend or supplement this Secured Proof of Claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify, or correct amounts, to provide additional detail regarding the claims set forth herein, or to fix the amount of any contingent or unliquidated claim.

10. Wells Fargo reserves the right to claim that the portion of its fees, costs, expenses, and other charges relating to services rendered from and after the Petition Date constitute expenses of administration to the extent such expenses are not otherwise paid in full, and reserves the right to file a claim or application for payment of such administrative expenses.

## E. <u>Jurisdiction</u>

11.     In filing this Secured Proof of Claim, Wells Fargo does not submit itself to the jurisdiction of the Court for any purpose, other than with respect to the allowance of this claim for any and all amounts due under the Second Lien Loan Documents and Second Lien Security Documents and as otherwise specified herein, and does not consent to the jurisdiction of the Court to adjudicate any other matter relating to the Second Lien Loan Documents or the Second Lien Security Documents or the rights and remedies of Wells Fargo, in its capacity as Agent, or as Agent on behalf of the Second Lien Lenders, including, without limitation, any adjudication concerning any priority in payment accorded to the Agent and Second Lien Lenders pursuant to the Second Lien Loan Documents and Second Lien Security Documents.



ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

July 29, 2009

Benjamin L. Schneider
212-841-5735
646-728-6201 fax
Benjamin.Schneider@ropesgray.com

**BY FEDERAL EXPRESS**

Rhodes Companies, LLC
C/O Omni Management Group, LLC
16161 Ventura Blvd., Ste C
PMB 477
Encino, CA 91436

Re:   In re Rhodes Companies, LLC *et al.* – Wells Fargo Proofs of Claim

To Whom It May Concern:

Enclosed for filing are the proofs of claim of Wells Fargo Bank, National Association as administrative agent for the Second Lien Credit Agreement. Please note that there are 31 separate proofs of claim to be filed, which include one proof of claim in each bankruptcy case except for the debtor Tuscany Acquisitions IV, LLC. A proof of claim in the bankruptcy case of Tuscany Acquisitions IV, LLC will be sent separately.

In addition, I have included copies of each and a return envelope for you to send file stamped copies of each back to my attention. Please let me know if you have any issues at all.

Regards,

Benjamin L. Schneider

BLS:bls
Enclosures

3961780_1.DOC