James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com

E-File:  July 12, 2010

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Reorganized Debtors

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes," et al.,[1]

                    Debtors.

Affects:
☐    All Debtors
☒    Affects the following Debtor(s):
RHODES HOMES ARIZONA

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date: August 24, 2010
Hearing Time: 1:30 pm
Courtroom 1

**SECOND APPLICATION OF ORDINARY COURSE PROFESSIONAL BAIRD,
WILLIAMS & GREER, LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES IN EXCESS OF CAP PERMITTED BY THE**

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

## ORDINARY COURSE PROFESSIONAL COMPENSATION ORDER; DECLARATION OF DARYL M. WILLIAMS IN SUPPORT THEREOF

By this Application, Baird, Williams & Greer, LLP ("Baird Williams"), as an ordinary course professional for Rhodes Homes Arizona, LLC (the "Debtor"), one of the former debtors and debtors in possession in the above-captioned cases (the "Debtors"), respectfully applies for an order of this Court (a) allowing Baird Williams' fees and costs for the month of March 2010 (the "Payment Period") in excess of $25,000 in the total amount of $42,696.69; and (b) granting any other relief that this Court deems necessary and appropriate (the "Application").

Baird Williams submits this Application in accordance with the *Order Granting Debtors' Motion Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* [Docket Number 187] entered on May 18, 2009 (the "OCP Order").  In support of this Application, Baird Williams respectfully represents as follows:

### I.

### SUMMARY OF BAIRD WILLIAMS ENGAGEMENT

1.      Baird Williams has been acting as the Debtor's litigation counsel in the matter of *Rhodes Homes Arizona, LLC v. Stanley Consultants, Inc.*, County of Maricopa Superior Court for the State of Arizona, CV 2006-011358 (the "Stanley Litigation"), which Baird Williams filed for the Debtor in August, 2006.  The case involves civil engineering work performed by Stanley Consultants, Inc. ("Stanley") for the Debtor between 2004 and the end of 2006.  The parties dispute the value of Stanley's civil engineering.  The Debtor is claiming damages in excess of $25 million based upon a variety of legal grounds, including both breach of contract and professional malpractice.  Stanley filed a counterclaim in the Stanley Litigation for unpaid invoices totaling in excess of $2 million.

### II.

### THE OCP ORDER

2.      Paragraph 3 of the OCP Order provides that an ordinary course professional's date of employment is the date the ordinary course professional files a disclosure declaration (the

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

"Disclosure Declaration") in the form approved by the OCP Order. Baird Williams filed its Disclosure Declaration on September 11, 2009 [Docket No. 487], and no objections were filed. Accordingly, Baird Williams' date of retention is September 11, 2009 (the "Retention Date").

3.      Paragraph 8 of the OCP Order states: "The Debtors are authorized to pay to each Ordinary Course Professional . . . without a prior application to the Court, 100% of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, up to the lesser of (a) $25,000 per month per Ordinary Course Professional; or (b) $60,000 per month, in the aggregate, for all Ordinary Course Professionals."

4.      Paragraph 10 of the OCP Order states: "If in any given month the fees and expenses for any one Ordinary Course Professional . . . exceed $25,000, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's fees and expenses for such month; provided, however, that such Ordinary Course Professional shall be entitled to an interim payment of up to $25,000 in fees and expenses as a credit against the invoices for such month ultimately allowed by this Court."

5.      Baird Williams previously filed an application which was granted on April 12, 2010, in the amount of $107,794.92. [Docket No. 1087] Baird Williams is filing this Application pursuant to Paragraph 10 of the OCP Order to obtain an order authorizing the Debtor to pay the fees and expenses in excess of $25,000 for March 2010 (the "Monthly Overage").

6.      The plan of reorganization filed by the First Lien Steering Committee was confirmed by this court, and went effective April 1, 2010 (the "Effective Date") [Docket No. 1079]. Accordingly, the Payment Period covers Baird Williams' remaining work through the Effective Date.

### III.

### SUMMARY OF INVOICES, MONTHLY OVERAGES AND PAYMENTS; COMPENSATION REQUEST

7.      In an invoice dated April 1, 2010 covering March 2010 fees and costs, Baird Williams billed the Debtor $51,840.13 in fees and $15,856.56 in costs, for a total of $67,696.69. As

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

this amount exceeded $25,000, pursuant to Paragraph 10 of the OCP Order the Debtor paid Baird Williams $25,000 on April 9, 2010. Pursuant to Paragraph 10 of the OCP Order, Baird Williams is seeking payment of the $42,696.69 Monthly Overage. A redacted copy of the April 1, 2010 invoice is attached hereto as **Exhibit 1**. This invoice is redacted in order to protect attorney-client privilege and confidential information in the Stanley Litigation.

8.      The following table summarizes the monthly fees and expenses incurred, payments made to Baird Williams and the Monthly Overage during the Payment Period:

| Period | Fees and Expenses Incurred | Payment Received | Date Payment Received | Amount Owed (Amount in excess of $25,000) |
|---|---|---|---|---|
| March 1, 2009 – March 31, 2009 | $67,696.69 | $25,000.00 | 04/9/10 | $42,696.69 |

9.      **Exhibit 2** lists the Baird Williams professionals who performed services for the Debtor during the Payment Period, their billing rates and a summary of the hours billed and fees incurred on behalf of the Debtor by each of those persons.

10.     Pursuant to this Application Baird Williams is seeking payment of the $42,696.69 Monthly Overage.

**IV**.

**SUMMARY OF SERVICES RENDERED DURING THE PAYMENT PERIOD**

**A.      Narrative Statement of Services**

11.     All of Baird Williams' services for the Debtors' estates are related to the Stanley Litigation. The discovery cutoff date in the Stanley Litigation, which has been extended from time to time, is currently set for August 2, 2010 (the "Discovery Cutoff Date").

12.     In March 2010, Baird Williams spent a substantial amount of time: (a) defending and arguing a motion for summary judgment in the Stanley Litigation; (b) analyzing the discovery produced by Stanley; (c) preparing a supplemental disclosure statement (the "Supplemental Disclosure Statement"); (d) analyzing and calculating the damages in the Stanley Litigation; (e) preparing for and conducting depositions of key witnesses for the Stanley Litigation, including travel

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

time to meet with witnesses; (f) producing documents; and (g) preparing for and attending a settlement conference with Stanley.

13.    A substantial portion of the $42,696.69 Monthly Overage for March 2010 is attributable to the increase in time devoted to discovery, including considerable preparation time, which was necessitated by the Discovery Cutoff Date.  Such discovery was necessary in order to help provide the Debtor with the factual evidence necessary to support the Debtor's $25 million claim in the Stanley Litigation.

**V.**

**SUMMARY OF COSTS AND EXPENSES**

The Fee Guidelines require that an application seeking reimbursement of expenses include a summary listing of all expenses by category.  To assist the Court in reviewing Baird Williams' request for reimbursement of the expenses incurred in connection with his work for the Debtor during the Payment Period, the general categories of costs and expenses for which Baird Williams seeks reimbursement by this Application are described below.  The total costs and expenses incurred during the Payment Period for which Baird Williams seeks reimbursement are $15,856.56.

**A.    Travel**
The expenses in this expense category for the Payment Period were $7,928.64.

**B.    Copies**
The expenses in this expense category for the Payment Period were $198.65.

**C.    Westlaw Legal Research**
The expenses in this expense category for the Payment Period were $762.21.

**D.    Mail/Data**
The expenses in this expense category for the Payment Period were $1.56.

**E.    Certified Copies of Deposition Transcripts**
The expenses in this expense category for the Payment Period were $1,091.50.

**F.    Video Taping of Depositions**
The expenses in this expense category for the Payment Period were $5,875.00.

# VI.

## THE FEES AND EXPENSES REQUESTED SHOULD BE AWARDED

## BASED UPON APPLICABLE LAW

**Factors in Evaluating Requests for Compensation**

Pursuant to section 330 of the Bankruptcy Code, the Court may award to a professional person, reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred.  11 U.S.C. § 330.  As set forth above, the fees for which Baird Williams requests compensation and the costs incurred are for actual and necessary services rendered and costs incurred.

The fees and expenses requested by this Application are an appropriate award for the services of Baird Williams in acting as an ordinary course professional.  The Stanley Litigation, which requests damages in the amount of $25 million, is an important asset of the Debtors' estates, the successful litigation of which is essential to maximizing the value of the estates' assets.

During the Payment Period, 163.82 hours have been recorded by Baird Williams, and the hourly blended rate for the Payment Period is $316.45.

Moreover, time and labor devoted is only one of many pertinent factors in determining an award of fees and costs.  Based on the skills brought to bear in this case by Baird Williams and the benefit inured to the estates of the Debtors as a result of its work, Baird Williams submits that the compensation requested herein is reasonable and appropriate.

**The Time and Labor Required**

The time for which compensation is sought is set forth, in detail, in the professional fee statements of Baird Williams contained in the exhibits hereto.  In light of the scope of services rendered and the results achieved during the Payment Period, Baird Williams' services and time expenditures are reasonable.

**The Skill Requisite to Perform the Professional Services Properly**

Baird Williams believes it has exhibited a high level of skill in services provided to the Debtors and working on the behalf of the Debtors to fulfill their obligations to the Debtors' estates, creditors and this Court.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

**The Preclusion of Other Employment by Baird Williams Due to the Demands of Projects Completed on Behalf of the Debtors**

The projects involved a number of matters and issues that required substantial amounts of time, clearly precluding the acceptance of alternative employment as to the many hours worked.

**The Customary Fee**

The compensation Baird Williams seeks by way of this Application is the customary compensation sought by Baird Williams and other business professionals working on behalf of litigation clients in similar circumstances.

**The Amount Involved and the Results Obtained**

Baird Williams obtained excellent results on behalf of the Debtors' estates for its work and the amounts incurred were reasonable and appropriate.

**The Experience, Reputation and Abilities of Baird Williams**

The experience, reputation, and abilities of Baird Williams are well known and respected in this community.

**Awards in Similar Cases**

The award Baird Williams seeks in this case is similar to awards that business professionals have received in similar cases.  **Exhibit 1** contain copies of Baird Williams' time reports and records kept in the regular course of business reflecting the services rendered and the expenses incurred by Baird Williams during the Payment Period.  The time reports are organized on a daily basis.  Baird Williams charges for its professional services are based upon the time, nature, extent and value of such services, and the cost of comparable services in the Arizona and Nevada areas.

The Debtors have reviewed the Application and support the relief requested herein.

The requested fees and expenses shall be paid by the Reorganized Debtor.

## VIII

## CONCLUSION

The Debtors believe that the services rendered for which compensation is sought by this Application have been beneficial to the estates, that the costs incurred have been necessary and proper, and that the sums requested for the services rendered and costs incurred are fair and reasonable.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

WHEREFORE, Baird Williams requests that this Court issue an order:  (i) allowing Baird Williams' compensation for services rendered and expenses incurred during the Payment Period for the $42,696.69 Monthly Overage; and (ii) granting such other relief as the Court deems necessary and appropriate.

DATED this 12th day of July, 2010.

LARSON & STEPHENS


 /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Reorganized Debtors

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101

## DECLARATION OF DARYL M. WILLIAMS

I, Daryl M. Williams, declare:

1.       I am a principal of Baird, Williams & Greer, LLP ("Baird Williams").  I submit this Declaration in support of the *Second Application of Ordinary Course Professional Baird, Williams & Greer, LLP for Allowance and Payment of Compensation and Reimbursement of Expenses in Excess of Cap Permitted by the Ordinary Course Professional Compensation Order* (the "Application").

2.       I am familiar with the services rendered by Baird Williams as counsel for the Debtors and Debtors in Possession.

3.       I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8 day of ~~June~~ July 2010 at Phoenix, Arizona.

Daryl M. Williams

# EXHIBIT 1

# BAIRD, WILLIAMS & GREER, LLP

6225 N 24th Street, Suite 125
Phoenix, AZ 85016

(602) 256-9400
Tax ID# 86-0808700

Bruce Jorgensen
Director of Legal Services
bjorgensen@rhodeshomes.com

April 01, 2010

Re:    Rhodes Homes v. Stanley Consultants

Invoice #18520

Professional Services

| | | | Hours | Amount |
|---|---|---|---|---|
| 3/1/2010 | DMW | Return telephone call from ████████ (.1). | 0.10 | 45.00 |
| | DMW | Review calendar for March and deposition scheduling (.3); Intraoffice conference with Michael C. Blair about ████████████, including telephone call to ████████ (.9). Review spreadsheet on █████████████████ and telephone call to ████ ████████ (.7); | 1.90 | 855.00 |
| | MCB | Read email from ████████ re ████████ and forward to Jeff H. Elder (.1); office conferences with Daryl M. Williams re ████████ and ████████████████ (.8); office conference with Jeff H. Elder re ████████ (.1); left messages for ████████ and ████████ re ████████ (.1); telephone call from ████████ re ████████ and ████ (.1); read email from ████████ with ████████████ (.1); office conference with Daryl M. Williams re ████████ from ████ and telephone call to ████re same - left message (.1); telephone call to ████████ re additional issues for ████████ - left message (.1); | 1.50 | 450.00 |
| | JHE | Format and load supplemental disclosure statement and discovery documents into Sanction database; edit and update document index (.2); intraoffice conference with Mike Blair regarding ████████ ████████ and supplemental disclosure (.1); review email from ████ █████ and ████████████ and prepare spreadsheet for scanning (.4); review email and attachments from ████████; analyze ████████████████ and compare to information in Sanction; prepare documents for scanning; email to ████████ regarding missing or incomplete information (1.3) | 2.00 | 330.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen

Re:  Rhodes Homes v. Stanley Consultants

Page    2

| | | | Hours | Amount |
|---|---|---|---|---|
| 3/2/2010 | MCB | Review message from ▇▇▇▇ and read email from ▇▇▇▇ with some marketing information (.1); read spreadsheet and printouts re ▇▇▇▇▇▇ and office conference with Jeff H. Elder re same (.1); continue reading and indexing▇▇▇▇▇▇deposition (.7); read and index ▇▇▇▇ deposition (1.3); read email from ▇▇▇▇ re additional information for ▇▇▇▇ and reply thereto (.1); draft first supplemental response to request for supplementation of prior responses (.7); office conference with Daryl M. Williams and Jeff H. Elder re documents to disclose and damages (.1); review documents to be disclosed with 19th supplemental disclosure statement (.1); draft email to Hossack with copies of first supplemental responses and 19th supplemental disclosure statement (.1); research case law re ▇▇▇▇▇▇ (.2); | 3.50 | 1,050.00 |
| | DMW | Return telephone call to ▇▇▇▇▇ (.1). Telephone call to▇▇▇ ▇▇▇▇ (.3). Telephone call from ▇▇▇▇ (.3); telephone call to ▇▇▇▇ (.1). return telephone call from ▇▇▇▇ (.1); intraoffice conference with Jeff H. Elder and Michael C. Blair about ▇▇▇▇disclosures and ▇▇▇▇▇ (.4). | 1.30 | 585.00 |
| | JHE | Review and prepare clients documents relating to ▇▇▇▇ ▇▇▇▇ for scanning; intraoffice conference with Mike Blair regarding same (.9); assist Daryl Williams in preparation for meeting with ▇▇▇▇▇ (.9); format and load client documents into Sanction database; edit and update document index (.6); intraoffice conference with Mike Blair and Daryl Williams to discuss ▇▇▇▇ ▇▇▇ and ▇▇▇▇ prepare 19th supplemental disclosure statement and prepare data for production (.8);  review, analyze and edit documents in Sanction (2.2) | 5.40 | 891.00 |
| 3/3/2010 | MCB | Read minute entry from court setting oral argument on defendants' motion for summary judgment (.1); | 0.10 | 30.00 |
| | JHE | Review chronology and documents in Sanction; prepare email to ▇▇▇▇ at▇▇▇▇ regarding ▇▇▇▇▇ ▇▇▇▇ and ▇▇▇▇ telephone call with ▇▇▇▇ regarding same (1.9); review and format spreadsheet received from ▇▇▇▇ regarding ▇▇▇▇; intraoffice conference with Mike Blair regarding same (.2); research ▇▇▇▇ (.5) | 2.60 | 429.00 |
| | MCB | Continue reading and indexing▇▇▇▇ deposition (1.4); review message from ▇▇▇▇ in preparation for and telephone call to ▇▇▇▇ re additional documents and information still needed for ▇▇▇▇ (.2); office conference with Jeff H. Elder re ▇▇▇▇ and additional information (.1); read email from ▇▇▇▇ with spreadsheet for ▇▇▇▇ and office conference with Jeff H. Elder re same (.1); research case law re ▇▇▇▇ ▇▇▇▇ (.4); review ▇▇▇▇ ▇▇▇▇ for possible use at trial (.2); | 2.40 | 720.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page    3

| | | | Hours | Amount |
|---|---|---|---|---|
| 3/3/2010 | DMW | Travel to/from Kingman for and meeting with ███████████ and ███████████ (10.0) | 10.00 | 4,500.00 |
| 3/4/2010 | MCB | Read email from ███████ with information re ███████████ and reply thereto; read ███████████ reply (.1); | 0.10 | 30.00 |
| | JHE | Email to ███████████ regarding deposition scheduling (.1); review disclosure statements and witness folders and prepare table of plaintiff witnesses and anticipated testimony (1.3) ; analyze ████████████ information in Sanction; edit and update ███████████; email to ███████████ regarding missing information (2.2) | 3.60 | 594.00 |
| 3/5/2010 | DMW | Commercial Travel time to/from Las Vegas (4.0); attend deposition of Scott Scarbrough, including setup and brief meeting with Scarbrough (5.0); discuss case with ███████████ and ████ (.3).. | 9.30 | 4,185.00 |
| | DMW | Docket hearing on motion for summary judgment and letter to ███████ | 0.03 | 13.25 |
| | JHE | Intraoffice conference with Daryl Williams regarding ███████████ deposition; review and prepare ███████████ documents for scanning (.6); intraoffice conference with Daryl Williams, Mike Blair and Carlos Gutierrez (.4);  format and load ███████████ documents into Sanction database; analyze and edit ███████████ documents in Sanction; edit and update document index (.8); draft 20th supplemental disclosure statement and prepare date for production (.4); format and load disclosure statement into Sanction database; edit and update document index (.2) | 2.40 | 396.00 |
| | MCB | Extended office conference with Daryl M. Williams, Jeff H. Elder, and Carlos B. Gutierrez to discuss status of case and work to be done (.8); office conference with Carlos B. Gutierrez re legal research needed (.4); review and sign 20th supplemental disclosure statement (.1); | 1.30 | 390.00 |
| | RLG | Conference with Daryl M. Williams re ███████████ | 0.10 | 30.00 |
| | DMW | Intraoffice conference with Michael C. Blair, Carlos B. Gutierrez and Jeff H. Elder about ███████████ and ███████████ (.5); review documents (1.0) | 1.50 | 675.00 |
| 3/8/2010 | JHE | Review, format and load ███████ deposition into Sanction database and WordPerfect case file; edit and update deposition table and witness schedule (1.2); review damages documents in Sanction; prepare index of ███████████; intraoffice email to Mike Blair regarding same (2.1); brief review of Stanley's 25th supplemental disclosure statement and data produced therewith (.3) | 3.60 | 594.00 |

BAIRD, WILLIAMS & GREER, LLP

*Bruce Jorgensen*
Re: Rhodes Homes v. Stanley Consultants

Page    4

| | | | Hours | Amount |
|---|---|---|---|---|
| 3/8/2010 | MCB | Telephone call from Therese at Folk's office asking for five day extension on responding to our fourth set of request for production of documents - Michael C. Blair granted request; read Mayo email confirming same and reply thereto (.1); read defendants' 25th supplemental disclosure statement and office conference with Jeff H. Elder re processing same (.1); | 0.20 | 60.00 |
| | DMW | Telephone call from ███████████ about ███████████████ and pending applications in bankruptcy court (.2). | 0.20 | 90.00 |
| 3/9/2010 | DMW | Emails from ████████ ██████████, ██████████ including review of ████████████████ work on trial exhibits, coordinating documents to go to ██████████ (1.6) | 1.60 | 720.00 |
| | MCB | Review ████████████████ to calculate ██████████ (.2); continue reading and indexing ██████████ deposition (.1); read defendants' response to our motion to amend the pretrial scheduling order (.1); | 0.40 | 120.00 |
| | JHE | Finish review of Stanley disclosure statement and data and prepare for scanning; format and load documents into Sanction database; edit and update document index, case chronology and witness folders for ████████████ and ██████████ (2.3); assist Daryl Williams in preparation for settlement meeting in Las Vegas (.5); correspondence to ██████████ (.2) | 3.00 | 495.00 |
| 3/10/2010 | DMW | Commercial travel time to/from Las Vegas (3.0); prepare for and meeting with ██████████ (5.0); meeting with ██████████ ██████, ██████████ (1.0); settlement conference with Stanley, including Jeaness Marshall, Chris Hossack Henry Marquardt, Doug Folk and additional attorneys for Rhodes (Ann KLoraditch and Shirley Cho) (2.5); meeting with ██████████ after settlement talks (.5). | 12.00 | 5,400.00 |
| | CBG | Begin reading cases and law on ██████████████ and ████████ | 1.20 | 216.00 |
| 3/11/2010 | JHE | Prepare for and attend meeting with ██████████; assist Daryl Williams in preparation for deposition (4.0) | 4.00 | 660.00 |
| | DMW | Conference with ██████████ (5.5) | 5.50 | 2,475.00 |
| 3/12/2010 | DMW | Office conference with Michael C. Blair about issues in ████████ deposition (.5). Review ██████████████ with Jeff H. Elder (.3). | 0.80 | 360.00 |
| | JHE | Review, analyze and edit documents in Sanction (.8) | 0.80 | 132.00 |
| | MCB | Travel to and from Folk's office to attend and defend Letzring's deposition (8.5); office conference with Daryl M. Williams after deposition to report on same (.1); read letter from Folk to Daryl M. | 8.70 | 2,610.00 |

**BAIRD, WILLIAMS & GREER, LLP**

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page     5

| | | | Hours | Amount |
|---|---|---|---|---|
| | | Williams re our fourth request for production of documents (.1); | | |
| 3/15/2010 | DMW | Meeting with ███████████ in Las Vegas (11.0) | 11.00 | 4,950.00 |
| | JHE | Intraoffice conference with Daryl Williams; review changes to chronology and witness folders (.4); review and edit documents in Sanction (.4) | 0.80 | 132.00 |
| | MCB | Review Folk's letter re personnel files and proposed confidentiality agreement; office conference with Jeff H. Elder re same (.2); read defendants' reply to our motion for summary judgment and defendants' response to our statement of facts (.3); review file in preparation for drafting reply to request to modify pretrial scheduling order (.1); draft reply to request to modify pretrial scheduling order (.1); office conference with Daryl M. Williams re defendants' reply and the request to modify the pretrial scheduling order (.1); | 0.80 | 240.00 |
| | CML | Review Stanley's reply in support of it motion for summary judgment on delay damages | 0.30 | 67.50 |
| 3/16/2010 | JHE | Assist Daryl Williams and Mike Blair in preparation for meetings and depositions in Las Vegas (1.0); review exhibits prepared by ██████ ████████ intraoffice conference with Daryl Williams regarding same (.3); telephone call and email to Therese Mayo (.2) | 1.50 | 247.50 |
| | MCB | Office conference with Daryl M. Williams re ████████████ ████████████████████ (.1); | 0.10 | 30.00 |
| | DMW | Work on exhibits with ███████████ at ██████████ (.4); intraoffice conference with Jeff H. Elder about document control (.2); telephone call to ██████████ office (.1); discuss disclosures with Michael C. Blair of damages and personnel files (.5); email and response to ████████ (.1). | 1.30 | 585.00 |
| 3/17/2010 | MCB | Read ██████████ depositions in preparation for his deposition this week (2.2); read emails between Jeff H. Elder and Therese re defendants' responses to written discovery re deliverables (.1); office conference with Daryl M. Williams re ████████ deposition (.1); review file re ██████████ (.8); office conference with Jeff H. Elder re ████████ (.2); | 3.40 | 1,020.00 |
| | DMW | Prepare for meeting with ██████████, including telephone call to ██████████ and review of pertinent documents (1.5); intraoffice conference with Jeff H. Elder about new exhibits and disclosures, including documents received from ██████████ (.6). | 2.10 | 945.00 |
| 3/18/2010 | MCB | Continue reading ██████████ previous depositions in preparation for his deposition tomorrow (1.9) | 1.90 | 570.00 |

**BAIRD, WILLIAMS & GREER, LLP**

Bruce Jorgensen
Re:  Rhodes Homes v. Stanley Consultants

Page    6

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 3/18/2010 | MCB | Travel to Las Vegas with Daryl M. Williams for Brynjulson's deposition (2.0) - no charge | 2.00 | NO CHARGE |
| | MCB | Office conference with Daryl M. Williams and Brynjulson in preparation for his deposition (1.0); office conference with Daryl M. Williams re ▮▮▮▮▮▮▮▮▮▮▮▮ (.5); | 1.50 | 450.00 |
| | CBG | Begin researching Arizona case law regarding ▮▮▮▮▮▮▮▮▮▮ and research all jurisdictions where ▮▮▮▮▮▮▮▮▮ (3.4); Research for cases involving ▮▮▮▮▮▮▮▮▮ (1.7) | 5.10 | 918.00 |
| 3/19/2010 | MCB | Attend and defend Brynjulson's deposition (4.0); office conference with Daryl M. Williams re Brynjulson's deposition (.1); | 4.10 | 1,230.00 |
| | MCB | Travel to Phoenix after Brynjulson's deposition (2.0) | 2.00 | NO CHARGE |
| 3/22/2010 | CCS | Assist paralegal in organizing and scanning client documents to be reviewed by attorney | 0.50 | 20.00 |
| | JHE | Intraoffice conference with Daryl Williams and Mike Blair; update and synchronize database and WordPerfect case file (.4); review and prepare Stanley's responses to discovery, supplemental disclosure statement and documents attached thereto for scanning; format and load documents into Sanction database; edit and update document index (.7); review, format and load ▮▮▮▮▮▮▮▮ deposition video and transcript into Sanction; email to court reporter regarding page numbering issues (.5) | 1.60 | 264.00 |
| | MCB | Read email from Folk re rescheduling Jim Rhodes' deposition (.1); | 0.10 | 30.00 |
| | CBG | Continue researching case law involving ▮▮▮▮▮▮▮▮▮ (.9); Continue researching case law for ▮▮▮▮▮▮▮▮ (1.5) | 2.40 | 432.00 |
| 3/23/2010 | MCB | Read emails between Coash and Folk re depositions this week (.1); office conference with Daryl M. Williams and Craig M. LaChance re ▮▮▮▮▮ issues (.1); | 0.20 | 60.00 |
| | DMW | Telephone call from Chris Hossack about deposition scheduling, discovery deadlines, (.2); conference with Michael C. Blair and Craig M. LaChance about damage issues in view of pending bankruptcy sale (.2). | 0.40 | 180.00 |
| | CML | Conference with Daryl M. Williams and Michael C. Blair re ▮▮▮▮▮ ▮▮▮▮ | 0.30 | 67.50 |
| 3/24/2010 | DMW | Email from ▮▮▮▮▮▮ and response after telephone call to Chris Hossack's paralegal (.3); skim through some of the documents identified as related to ▮▮▮▮▮▮ (.4). | 0.70 | 315.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen

Re:  Rhodes Homes v. Stanley Consultants

Page    7

| | | | Hours | Amount |
|---|---|---|---|---|
| 3/24/2010 | JHE | Review Daryl Williams email; telephone call to Therese Mayo regarding copyright documents and data (.2) | 0.20 | 33.00 |
| | MCB | Read order from court granting amended pretrial scheduling order (.1); | 0.10 | 30.00 |
| 3/25/2010 | DMW | Telephone call from ████████and █████████████, intraoffice conference with Jeff H. Elder about ████████, review █████████ ████████ (.4); review ██████████████████████ (.3). | 0.70 | 315.00 |
| | JHE | Intraoffice conference with Daryl Williams; telephone call and email to Therese Mayo regarding copyright materials and backup data (.3); review documents in database and prepare for copying to bankruptcy counsel;  email to ████████████████ (1.1); review email and copyright schedule from Therese Mayo; format and prepare for scanning; email to attorneys (.8); analysis of schedule and documents in Sanction; intraoffice conference with Daryl Williams (1.3) | 3.50 | 577.50 |
| | MCB | Telephone call from Hossack re status of Stephens' deposition next week and office conference with Jeff H. Elder re same (.1); office conference with Jeff H. Elder re ██████████████████ ████████████████ and read email from Jeff H. Elder to████████ and ████████ with████████████████████ (.1); office conference with Daryl M. Williams re status of Stephens' deposition and telephone call to Hossack re same (.1); | 0.30 | 90.00 |
| 3/26/2010 | MCB | Office conference with Daryl M. Williams re oral argument on motion for summary judgment and office conference with Diana re preparing materials for oral argument (.1); | 0.10 | 30.00 |
| | MCB | Telephone call from Hossack re status of Stephens's deposition and office conference with Daryl M. Williams re same (.1); | 0.10 | 30.00 |
| | CBG | Research case law and treatise regarding ████████████████ ██████████████████████ | 3.20 | 576.00 |
| 3/29/2010 | DMW | Email from████████ (.1); read motion papers and related statements of facts and supporting exhibits and review of deposition transcripts in preparation for hearing on motion for summary judgment baout delay damages (3.2) | 3.30 | 1,485.00 |
| | CBG | Read defendant's reply in support of motion for summary judgment to assess damage claim | 0.30 | 54.00 |
| 3/30/2010 | DMW | Prepare for and attend oral argument on motion for summary judgment filed by Stanley, including post-hearing discussions with Jeff H. Elder and Michael C. Blair and Craig M. LaChance about ████████ ████████████████████and ████████████████on account of ██████████████████████ (6.3) | 6.30 | 2,835.00 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen
Re: Rhodes Homes v. Stanley Consultants

Page    8

| | | | Hours | Amount |
|---|---|---|---|---|
| 3/30/2010 | JHE | Assist Daryl Williams in preparation for oral argument on motion for summary judgment (1.0); review and format corrected deposition transcript of ▇▇▇▇▇▇▇ Volume 2 and load into WordPerfect case file; review and annotate deposition exhibits in Sanction; correspondence to ▇▇▇▇▇▇▇ (.8); review and revise ▇▇▇▇▇▇▇ deposition transcript per witness correction sheet (.2); review, format and load ▇▇▇▇▇▇▇ deposition transcript and video into Sanction database and WordPerfect case file; correspondence to ▇▇▇▇▇▇▇ regarding same (.8) | 2.80 | 462.00 |
| | MCB | Telephone conference with Daryl M. Williams to report on hearing (.1); office conference with Daryl M. Williams to review hearing and arguments made by defendants (.4); read ▇▇▇▇▇▇ deposition (.1); | 0.60 | 180.00 |
| | CML | Conference with Daryl M. Williams re oral argument on motion for summary judgment re ▇▇▇▇▇▇ and reserach ▇▇▇▇▇▇ ▇▇▇▇▇▇ | 0.30 | 67.50 |
| | CML | Review Arizona caselaw on ▇▇▇▇▇▇▇ | 1.20 | 270.00 |
| | CBG | Conference with Daryl Williams regarding arguments and defenses to defendant's motion for summary judgment | 0.50 | 90.00 |
| | CML | Research treatises on ▇▇▇▇▇▇▇▇▇ | 1.20 | 270.00 |
| 3/31/2010 | MCB | Telephone conference with Craig M. LaChance re research needed (.2); telephone conference with Daryl M. Williams and Craig M. LaChance re research needed (.3); | 0.50 | 150.00 |
| | DMW | Intraoffice conference with Michael C. Blair and Craig M. LaChance about ▇▇▇▇▇▇ issues (.4). Email from ▇▇▇▇▇▇ and review of proposed order and email to ▇▇▇▇ (.2). | 2.89 | 1,298.88 |
| | CML | Conference with Daryl M. Williams and Michael C. Blair re ▇▇▇▇▇▇ ▇▇▇▇▇▇ | 0.50 | 112.50 |

| | Hours | Amount |
|---|---|---|
| For professional services rendered | 163.82 | $51,840.13 |

Additional Charges :

| | | Qty | |
|---|---|---|---|
| 2/12/2010 | Certified copy of transcript of Michael Breach by Coash & Coash | 1 | 501.70 |
| 2/17/2010 | Travel to/from San Antonio, TX for Daryl M. Williams. Jerry Coash and Silas Kyler plus extra baggage | 1 | 2,530.20 |

BAIRD, WILLIAMS & GREER, LLP

Bruce Jorgensen

Re: Rhodes Homes v. Stanley Consultants

Page    9

| | Qty | Amount |
|---|---|---|
| 2/18/2010 Video taping of Michael Breach by Coash & Coash | 1 | 915.00 |
| 2/23/2010 Video taping of Jerris Jan Slater, volume 2 by Coash & Coash | 1 | 715.00 |
| 2/24/2010 Video taping of Reginald Merriman by Coash & Coash | 1 | 1,257.50 |
| 2/26/2010 Video taping of K. Bellamy Brown by Coash & Coash | 1 | 345.00 |
| 3/4/2010 Certified copy of transcript of William Ralph Rich by Coash & Coash | 1 | 327.85 |
| Travel expenses for Daryl M. Williams, Jerry Coash and Silas Kyler for deposition of Scott Scarbrough | 1 | 1,523.84 |
| 3/8/2010 Video taping of William R. Rich by Coash & Coash | 1 | 677.50 |
| 3/12/2010 Travel expenses for Tracy Letzring deposition | 1 | 276.24 |
| 3/13/2010 Travel expenses for meeting with Kirk Brynjulson | 1 | 495.40 |
| 3/17/2010 Video taping of Scott Scarbrough by Coash & Coash | 1 | 545.00 |
| 3/18/2010 Certified coy of transcript of Scott Scarbrough, volume 2 by Coash & Coash | 1 | 261.95 |
| Travel expenses for meeting with B. Brynjulson and deposition of B. Brynjulson | 1 | 2,533.80 |
| 3/26/2010 Video taping of Tracy Letzring, PE by Coash & Coash | 1 | 1,420.00 |
| 3/31/2010 Westlaw research charges for March 2010 | 1 | 761.21 |
| Postage charge for March 2010 | 1 | 1.56 |
| Copies - B & W In House for March 2010 | 1,135 | 136.20 |
| Color copies - In House for March 2010 | 16 | 12.00 |
| B & W scans for March  2010 | 213 | 31.95 |
| Color scans in house for March 2010 | 37 | 18.50 |
| Travel expenses for deposition objections B. Brynjulson | 1 | 569.16 |
| Total costs | | $15,856.56 |
| Total amount of this bill | | $67,696.69 |
| Previous balance | | $157,301.66 |
| 2/10/2010 Thank You.. Check No. wired in | | ($1,892.45) |
| Total payments and adjustments | | ($1,892.45) |
| Balance due | | $223,105.90 |

| Current | 30 Days | 60 Days | 90 Days | 120+ Days |
|---|---|---|---|---|
| $67,696.69 | $89,746.77 | $0.00 | $39,304.96 | $26,357.48 |

*This invoice is due and payable upon presentation and becomes delinquent 30 days thereafter.  Delinquent accounts are subject to a late payment charge of 1 1/2% per month of the outstanding balance.*

**PAYMENT CAN BE MADE USING YOUR AMERICAN EXPRESS, MASTERCARD OR VISA.  PLEASE CALL OUR ACCOUNTING DEPARTMENT IF YOU WOULD LIKE TO PAY BY CREDIT CARD.**

*Thank you for your prompt payment.*

# EXHIBIT 2

MARCH 2010

| Attorney | Hourly Rate | Current Hours Billed | Total for Application |
|----------|-------------|----------------------|-----------------------|
| CBG | $180 | 12.70 | 2,286.00 |
| CCS | $40 | 0.50 | 20.00 |
| CML | $225 | 3.80 | 855.00 |
| DMW | $450 | 72.92 | 32,812.13 |
| JHE | $165 | 37.80 | 6,237.00 |
| MCB | $267 | 36.00 | 9,600.00 |
| RLG | $300 | 0.10 | 30.00 |
| Total | | 163.82 | 51,840.13 |

Blended hourly rate = $316.45