Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NV 89102
Telephone: 702.979.2357
Facsimile: 702.362.9472
E-Mail:    nleatham@klnevada.com

Philip C. Dublin (NY Bar No. 2959344)
Meredith A. Lahaie (NY Bar No. 4518023)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: 212.872.1000
Facsimile: 212.872.1002

E-Mail:    pdublin@akingump.com
           mlahaie@akingump.com

*Counsel for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: | Case No. 09-14814-LBR |
| | (Jointly Administered) |
| **THE RHODES COMPANIES, LLC,** | |
| aka "Rhodes Homes," *et al.*, | Chapter 11 |
| **Reorganized Debtors.**[1] | |

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

| Affects: | § | DECLARATION OF KEVIN CORBETT |
|---|---|---|
| ☒ All Debtors | § | IN SUPPORT OF REORGANIZED |
| ☐ Affects the following Debtor(s) | § § § § § § | DEBTORS' MOTION FOR (A) DETERMINATION OF OWNERSHIP OF STANLEY MATERIALS AND (B) AUTHORIZATION TO SELL STANLEY MATERIALS |

I, Kevin Corbett, hereby declare:

1. I am Vice President of Finance for the above-captioned reorganized debtors (collectively, the "<u>Reorganized Debtors</u>").[2] In my capacity as Vice President of Finance, I am responsible for managing the Reorganized Debtors' financial affairs and overseeing the payment of contractors, vendors and other service providers.

2. I submit this declaration in support of the Reorganized Debtors' Motion for (A) Determination of Ownership of Stanley Materials and (B) Authorization to Sell Stanley Materials (the "<u>Motion</u>"). Unless otherwise stated, I have personal knowledge of the facts stated in this declaration.

## THE STANLEY MATERIALS

3. Prior to the Petition Date, Rhodes Homes Arizona, LLC, Rhodes Design & Development Corporation and Rhodes Ranch General Partnership (collectively, the "<u>Arizona Debtors</u>") entered into certain agreements (collectively, the "<u>Stanley Agreements</u>") with Stanley pursuant to which Stanley agreed to provide planning, engineering and surveying services (the "<u>Engineering Services</u>") related to the development of the Arizona Debtors' real estate assets located in Arizona. Copies of the Stanley Agreements are attached hereto as <u>Exhibit 1</u>.

---

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

4.      As part of its performance of the Engineering Services under the Stanley Agreements, Stanley provided the Arizona Debtors with certain work product, including maps, plats, engineering plans and other materials (collectively, the "Stanley Materials").

### THE ARIZONA ASSETS SALE

5.      I am advised that, pursuant to Article IV.U of the Plan, the Reorganized Debtors are required to market certain of their assets located in Arizona (the "Arizona Assets") for sale (the "Arizona Assets Sale"). The Arizona Assets consist primarily of raw land in Arizona, miscellaneous office equipment, and other items of personal property. The Arizona Assets are set forth in more detail on schedules to the Asset Transfer Agreement (as defined below), a copy of which is attached hereto as Exhibit 2.

6.      I am further advised that the Court entered an order (the "Bid Procedures Order") on March 30, 2010 approving (i) certain bidding procedures (the "Bid Procedures") for the Arizona Assets Sale and (ii) the Reorganized Debtors agreement to sell the Arizona Assets to James Rhodes and his non-Debtor affiliates (collectively, the "Rhodes Entities") for $1,222,999 plus assumption or posting of a $250,000 grading/street realignment bond (the "Stalking Horse Bid"). Pursuant to the terms of the Bid Procedures Order, the sale of the Arizona Assets to the Rhodes Entities is subject to the Reorganized Debtors receiving a higher and better offer in connection with the auction contemplated by the Bid Procedures.

7.      At the time of the entry of the Bid Procedures Order, the Reorganized Debtors and the Rhodes Entities were uncertain as to the assets that would be included the Arizona Assets Sale. In particular, the Reorganized Debtors and the Rhodes Entities had not yet determined whether Stanley Materials would be among the assets transferred pursuant to the Arizona Assets Sale. Accordingly, to accommodate concerns raised by Stanley

3

regarding the potential transfer of Stanley Materials, the Bid Procedures Order was modified to provide that the Reorganized Debtors must (i) obtain an order from the Court determining the extent of the Reorganized Debtors' ownership interest in any Stanley Materials in the event that the Reorganized Debtors determine to sell Stanley Materials pursuant to the Arizona Assets Sale or (ii) file a notice of intention not to sell Stanley Materials.

## THE ASSET TRANSFER AGREEMENT

8. On April 16, 2010, the Reorganized Debtors entered into an Asset Transfer Agreement (the "Asset Transfer Agreement") with Sagebrush Enterprises, Inc. (the "Stalking Horse Bidder"), one of the Rhodes Entities, in accordance with the terms of the Bid Procedures Order and the Stalking Horse Bid.

9. The Asset Transfer Agreement contemplates that certain of the Stanley Materials (collectively, the "Transferring Stanley Materials") (as identified in Exhibit 3 to the Corbett Declaration) will be transferred to the Stalking Horse Bidder in connection with the Arizona Assets Sale. In addition, the Asset Transfer Agreement contemplates the transfer of certain other property (as identified in Exhibit 4 to the Corbett Declaration) to the Stalking Horse Bidder that the Reorganized Debtors do not believe are included in the Stanley Materials, but that the Reorganized Debtors believe Stanley may assert is "derivative" of the Stanley Materials.

## TERMINATION OF THE STANLEY AGREEMENTS

10. Based on my review of the Reorganized Debtors' records, Stanley terminated all of the Stanley Agreements by written notice sent on August 9, 2006 after disputes arose between the parties regarding the work performed by Stanley and the fees and expenses

4

allegedly owed to Stanley. A copy of the notice of termination sent by Stanley is attached hereto as Exhibit 5.

### PAYMENTS TO STANLEY ON ACCOUNT OF THE ENGINEERING SERVICES AND THE STANLEY MATERIALS

11. Based on my review of the invoices submitted by Stanley and the Reorganized Debtors' books and records, Stanley was paid at least $5,226,818 on account of the Engineering Services and the Stanley Materials. Despite being invoiced for additional amounts, the Arizona Debtors did not pay invoices that related to, among other things, services that Stanley (i) was requested not to perform, (ii) was not qualified to perform or (iii) performed in a dilatory or ineffective manner, and dispute the validity of such invoices.

12. These disputed amounts are the subject of litigation currently pending in the Superior Court of Arizona, Maricopa County.

13. Stanley has also filed proofs of claim against the Debtors on account of the amounts it is allegedly owed on account of the Engineering Services and Stanley Materials.

5

## CONCLUSION

14. Based on the foregoing, I believe that the Reorganized Debtors are entitled to the use and possession of all of the Stanley Materials (including the Transferring Stanley Materials) under the terms of the Stanley Agreements because (i) Stanley terminated the Stanley Agreements and (ii) Stanley has been paid the amounts it was owed pursuant under the Stanley Agreements or will receive consideration therefor in accordance with the terms of the Plan. Accordingly, I believe that the Reorganized Debtors should be authorized to sell the Stanley Materials in connection with the Arizona Assets Sale.

Executed this 27th day of July, 2010.

By: _____
Kevin Corbett

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

6