Robert C. Maddox, Esq., NV Bar No. 4002
Troy L. Isaacson, Esq., NV Bar No. 6690
Norberto J. Cisneros, Esq., NV Bar No. 8782
MADDOX, ISAACSON & CISNEROS, LLP
3811 West Charleston Blvd., Suite 110
Las Vegas, Nevada 89102
Telephone: (702) 366-1900
Facsimile: (702) 366-1999
Attorneys for Creditors
Charles and Wendy Bagley and
Rickey and Doris Lofton

RECEIVED & FILED
AUG 5  3 52 PM '10
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR |
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al., | (Jointly Administered) |
| | Chapter 11 |
| Debtors. | |

**MOTION OF CHARLES AND WENDY BAGLEY, AND RICKEY AND DORIS LOFTON FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362(a)**

CHARLES and WENDY BAGLEY, and RICKEY and DORIS LOFTON (hereinafter "Creditors"), by and through their undersigned counsel, and pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001(a)(1), 9013, and 9014, and local Bankruptcy Rules, hereby move for relief from the automatic stay imposed by 11 U.S.C. § 362(a) to maintain and pursue a tort and breach of contract action against Debtors, RHODES DESIGN & DEVELOPMENT CORP and MADRID PROPERTIES, LP, and any related entities (hereinafter collectively referred to as "Debtors") pending in the Eighth Judicial

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing, LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case no. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, a Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C&J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case no. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

District Court in the State of Nevada, County of Clark, based on the following:

## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(a), 11 U.S.C. § 362(d), and 11 U.S.C. §§ 701, et seq.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

## BACKGROUND

3. Creditors are the current owners of homes developed by Debtor in a subdivision located in Clark County, Nevada known as Madrid Estates. The homes owned by Creditors were, *inter alia*, defectively constructed and/or designed causing a diminution of value of the homes and damages for repairs in a presently unknown amount.

4. On July 12, 2010, Creditors filed a civil action against several entities which performed work on Creditors' homes at the direction of Debtor and others in the Eighth Judicial District Court, District of Nevada, captioned BAGLEY, et al. v. ALL DRYWALL & PAINT, INC., et al., CCDC Case No. A-10-620609-D. A copy of Creditors' Complaint for Damages is attached as Exhibit A.

5. In the Complaint for Damages, Creditors assert claims for monetary damages against subcontractors of Debtors and DOES Defendants for, *inter alia*, breach of implied warranties of habitability, quality and workmanship, breach of express warranties, negligence and negligence per se, and negligent misrepresentation and negligent failure to disclose.

6. On March 31, 2009, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. Consequently, Creditors' claims against Debtor were automatically stayed pursuant to 11 U.S.C. § 362(a).

7. Upon information and belief, and based upon representations of Debtor's local counsel, the claims asserted by Creditors in the lawsuit are covered by an insurance policy issued to the Debtor (the "Insurance Policy"). On August 3, 2010, Creditors' counsel obtained copies of this Insurance Policies which are believed to provide coverage for Creditors' claims. The Insurance Policies either do not have a deductible or such deducible is limited to $5,000.00. Therefore, the insurance provider, not the Debtor, will be responsible, up to the limits of its policy, for payment of any settlement and/or judgment entered in the litigation against Debtor. Moreover, the insurance provider, believed to be Lexington Insurance,

1  for the primary general liability coverage, and Notional Union or American International Speciality, for
2  excess coverage, will be responsible for the retention and payment of counsel to defend the lawsuit.

3      8.  By this motion, Creditors seek to lift the automatic stay so that they may proceed with the
4  lawsuit for purposes of liquidating their claim and enforcing and collecting any potential settlement and/or
5  judgment from Debtors' available insurance coverage only. Creditors agree to waive their right to recover
6  any potential settlement and/or judgment from the Debtors or any of the Debtors' assets.

## ARGUMENT

9.  11 U.S.C. § 362(d) expressly authorizes the Court to terminate, annul and/or modify the automatic stay "for cause." When determining if "cause" exists, the Court considers whether:

(a) any great prejudice to either the bankruptcy estate of debtor will result from the continuation of the civil suit;

(b) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor; and

(c) the creditor has a probability of prevailing on the merits.

*In re Unidigital, Inc.*, 2000 WL 33712306, *1 (Bankr.D.Del. 2000)(citing *In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr.D.Del. 1992).

10. First, allowing Creditors to pursue their claims against Debtors' insurance policies will inflict no prejudice on the Debtors or their bankruptcy estate. As stated above, Creditors agree to waive their right to recover directly from Debtors, and will only seek recovery from the Debtors' applicable insurance. In addition, defense of the lawsuit will not require the time or attention of Debtors' bankruptcy counsel or any of Debtors' employees involved in the Debtors' bankruptcy case.

11. Second, the Court must conduct a balancing test in which the interests of the debtor's estate are weighed against the hardships which will be incurred by the moving party. *See, In re Doninton, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750 (D.N.J. 1996). When conducting such a balancing test, courts have routinely modified the automatic stay to permit the prosecution of negligence actions against a debtor to the extent of the debtor's insurance coverage. *See, e.g., In re Fernstrom Storage And Van Co.*, 938 F.2d 731 (7th Cir. 1991); *In re Doninton, Karcher, Salmond, Ronan & Rainone, P.A., supra; In re Peterson*, 116 B.R. 247 (D. Colo. 1990). In the case of *In re Doninton, Karcher, Salmond, Ronan & Rainone, P.A., supra*, the United States District Court affirmed an Order of the Bankruptcy Court which permitted a creditor

to prosecute a state court malpractice action against the debtor to the extent of the debtor's malpractice coverage. The Court pointed out that "[c]ourts often have permitted movants to pursue their state claims against debtors when recovery would be against an insurance carrier...." *Id.* 194 B.R. at 761. The Court held:

> [i]n balancing the hardships of the plaintiff and the debtor, the Court finds that allowing plaintiff to pursue his claims for attorney malpractice against the debtor will cause no additional prejudice to the debtor's estate because its malpractice insurance carrier will assume the responsibility for the debtor's defense, and a recovery from the carrier will not impose any financial consequences upon the estate.

*Id.* Therefore, Creditors submit that the balance of harm weighs considerably in their favor.

12. Creditors have also satisfied the third factor: probability of prevailing on the merits. The homes are defective and, as set forth in Creditors' Complaint for Damages, the Debtors had a duty to construct the homes in a workmanlike manner, which it failed to do.

13. Finally, claimants in a position similar to Creditors have routinely been granted relief from the automatic stay to pursue tort actions for purposes of recovering from the debtor's insurance. For example, in *In re Peterson, supra*, the United States District Court affirmed an order of the Bankruptcy Court which permitted a creditor to pursue a malpractice action against the debtor to the extent of the debtor's malpractice coverage. The Court held:

> [n]umerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated that any recovery will be sought from the debtor's insurer or a codefendant.

*In re Peterson*, 116 B.R. at 250-251, citing, *In re Wheeler*, 75 B.R. 200 (S.D. Ohio 1987); *In re Elegant Concepts, Ltd.*, 61 B.R. 723 (Bankr. E.D.N.Y. 1986); *In re Nkongho*, 59 B.R. 85 (Bankr. D.N.J. 1986). Similarly, in *In re Fernstrom Storage And Van Co., supra*, the United States Court of Appeals affirmed an Order of the Bankruptcy Court which granted a creditor relief from the automatic stay to prosecute a state court property damage action to the extend of the debtor's liability insurance. The Court of Appeals recognized that a debtor cannot be harmed by the prosecution of a state court action where the debtor's insurance company has assumed all responsibility for defending the litigation. *In re Fernstrom Storage And Van Co.*, 938 F.2d at 735. After reviewing the relevant case law, the Court of Appeals held:

> [w]e agree with the conclusion these cases reach: debtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors.

1  *Id.*, 938 F.2d at 736.

2    14. Here, as in the foregoing cases, neither the Debtors nor any of its creditors will be prejudiced by the prosecution of the lawsuit because the claims will be defended and are completely covered by the Debtor's insurance carrier and will not interfere with the Debtors' bankruptcy case.

  WHEREFORE, Creditors respectfully request that the Court issue an order permitting them to proceed with their lawsuit for purposes of liquidating their claims and collecting any potential judgment and/or settlement from any available and applicable insurance coverage and for such other relief as this Court deems just and proper.

  DATED this 4th day of August, 2010.

MADDOX, ISAACSON & CISNEROS, LLP

By: _____
Robert C. Maddox, Esq., NV Bar No. 4002
Troy L. Isaacson, Esq., NV Bar No. 6690
Norberto J. Cisneros, Esq., NV Bar No. 8782
3811 West Charleston Blvd., Suite 110
Las Vegas, Nevada 89102
Attorneys for Creditors

## CERTIFICATE OF MAILING

I hereby certify that on the 5th day of August, 2010, a copy of the attached **MOTION OF CHARLES AND WENDY BAGLEY, AND RICKEY AND DORIS LOFTON FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362(a)** was served upon the persons listed below, via first class mail, postage pre-paid:

SEE ATTACHED SERVICE LIST

_____
An Employee of Maddox, Isaacson & Cisneros, LLP

**Service List**
**Case No. 09-14814-lbr**

| | |
|---|---|
| Acceleron Group<br>2791 Soft Horizon Way<br>Las Vegas, Nevada 89135<br>Consultant | Nile Leatham, Esq.<br>3320 West Sahara Avenue, Suite 380<br>Las Vegas, Nevada 89102<br>Attorneys for Reorganized Debtors |
| Shirley S. Cho, Esq.<br>James I. Stang, Esq.<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, California 90067<br>Attorneys for Debtor<br>The Rhodes Companies, LLC | Zachariah Larson, Esq.<br>Larson & Stephens<br>810 South Casino Center Blvd., Suite 104<br>Las Vegas, Nevada 89101<br>Attorneys for Reorganized Debtors and<br>Debtor The Rhodes Companies, LLC |
| Edward M. McDonald<br>Office of the U.S. Trustee<br>300 South Las Vegas Blvd., Suite 4300<br>Las Vegas, Nevada 89101 | Rew R. Goodenow, Esq.<br>P.O. Box 2790<br>Reno, Nevada 89505<br>Attorneys for Creditors Committee |
| J. Thomas Beckett, Esq.<br>Parsons, Behlre & Latimer<br>201 South Main Street, Suite 1800<br>P.O. Box 45898<br>Salt Lake City, Utah 84145<br>Attorneys for Creditors Committee | Damon K. Dias, Esq<br>Dias Law Group, Ltd.<br>601 South Sixth Street<br>Las Vegas, Nevada 89101<br>Attorneys for Debtor<br>X-It at 2-15, LLC |
| Janet L. Chubb, Esq.<br>Jones Vargas<br>100 West Liberty Street, 12th Floor<br>P.O. Box 281<br>Reno, Nevada 89504<br>Attorneys for Creditor<br>Commerce Associates, LLC | Charles M. Litt, Esq.<br>Feinberg, Grant, Mayfield, Kaneda & Litt<br>1955 Village Center Circle<br>Las Vegas, Nevada 89134<br>Attorneys for Creditor<br>The Preserve at Elkhorn Springs Homeowners<br>Association, Inc. |
| James B. Macrobbie, Esq.<br>Jeffrey R. Sylvester, Esq.<br>Sylvester & Polednak, Ltd.<br>7371 Prairie Falcon, Suite 120<br>Las Vegas, Nevada 89128<br>Attorneys for Creditor<br>Credit Suisse, Cayman Islands Branch | Nile Leatham, Esq.<br>Timothy P. Thomas, Esq.<br>Kolesar & Leatham, Chtd.<br>3320 West Sahara Avenue, Suite 380<br>Las Vegas, Nevada 89102<br>Attorneys for Creditor<br>Steering Committee of Senior Secured Lenders |
| Robert R. Kinas, Esq.<br>Snell & Wilmer, LLP<br>3883 Howard Hughes Pkwy., #1100<br>Las Vegas, Nevada 89169<br>Attorneys for Creditor<br>Caterpillar Financial Services Corporation | Janiece S. Marshall, Esq.<br>Anderson, McPharlin & Conners, LLP<br>2300 West Sahara Avenue, 8th Floor<br>Las Vegas, Nevada 89102<br>Attorneys for Creditor<br>Stanley Consultants, Inc. |
| Bart K. Larsen, Esq.<br>3320 West Sahara Avenue, Suite 380<br>Las Vegas, Nevada 89102<br>Attorneys for Creditor<br>Reef Colonial, LLC | Thomas E. Crowe, Esq.<br>2830 South Jones Blvd., #3<br>Las Vegas, Nevada 89146<br>Attorneys for Creditors<br>Shane Smith and Virginia Springall-Smith |

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

| | |
|---|---|
| Philip S. Gerson, Esq.<br>9950 West Cheyenne Avenue<br>Las Vegas, Nevada 89129<br>Attorneys for Creditor<br>Clark County | Eric Ransavage, Esq.<br>Shinnick, Ryan & Ransavage, PC<br>2881 Business Park Court, Suite 210<br>Las Vegas, Nevada 89128<br>Attorneys for Creditor<br>Leslie Blasco, et al. |
| Virginia Cronan Lowe, Esq.<br>U.S. Department of Justice, Tax Division<br>P.O. Box 683<br>Ben Franklin Station<br>Washington, DC 20044<br>Attorneys for Creditor<br>United States of America-Internal Revenue Service | Brett A. Axelrod, Esq.<br>Anne M. Loraditch, Esq.<br>Fox Rothschild, LLP<br>3800 Howard Hughes Pkwy., Suite 500<br>Las Vegas, Nevada 89169<br>Attorneys for Creditors<br>James Rhodes and Sagebrush Enterprises, Inc. |
| Don S. Deamicis, Esq.<br>1 International Place<br>Boston, Massachusetts 02210<br>Attorneys for Creditor<br>Wells Fargo Bank, N.A. | Donald H. Williams, Esq.<br>501 South Rancho Drive, Suite D-22<br>Las Vegas, Nevada 89106<br>Attorneys for Creditor<br>Westar Kitchen & Bath, LLC |
| Mark R. Somerstein, Esq.<br>Ropes & Gray, LLP<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Attorneys for Creditor<br>Wells Fargo Bank, N.A. | Jeffrey D. Olster, Esq.<br>Lewis, Brisbois, Bisgaard & Smith, LLP<br>6385 South Rainbow Blvd., Suite 600<br>Las Vegas, Nevada 89118<br>Attorneys for Creditor<br>Harsch Investment Properties - Nevada, LLC |
| Carol L. Harris, Esq.<br>Kemp, Jones & Coulthard, LLP<br>3800 Howard Hughes Pkwy., 17th Floor<br>Las Vegas, Nevada 89169<br>Attorneys for Creditor<br>In re Kitec Fitting Litigation Class Plaintiffs | David A. Colvin, Esq.<br>Marquis & Aurbach<br>10001 Park Run Drive<br>Las Vegas, Nevada 89145<br>Attorneys for Creditor<br>Dana Kepner Companies, LLC |
| Richard I. Dreitzer, Esq.<br>Bullivant Houser Bailey, PC<br>3883 Howard Hughes Pkwy., #550<br>Las Vegas, Nevada 89169<br>Attorneys for Creditor<br>Inc. Integrity Masonry | Kirby C. Gruchow, Jr., Esq.<br>Leach, Johnson, Song & Gruchow<br>5495 South Rainbow Blvd., Suite 202<br>Las Vegas, Nevada 89118<br>Attorneys for Creditor<br>Nevada Power Company |
| Palecek<br>P.O. Box 225<br>Richmond, California 94804<br>Creditor | Janina Guthrie<br>1225 Monterey Street<br>Redlands, California 92373<br>Creditor |