E-FILED August 11, 2010

SYLVESTER & POLEDNAK, LTD.
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
JAMES B. MacROBBIE, ESQ.
Nevada Bar No. 7430
7371 Prairie Falcon Road, Suite 120
Las Vegas, Nevada 89128
Telephone: (702) 952-5200
Facsimile: (702) 952-5205
jeff@sylvesterpolednak.com
james@sylvesterpolednak.com

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Van C. Durrer, II, Esq. (*Pro Hac Vice*)
Ramon M. Naguiat, Esq. (*Pro Hac Vice*)
300 South Grand Avenue, #3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
van.durrer@skadden.com
ramon.naguiat@skadden.com

*Attorneys for Creditor Credit Suisse, Cayman Islands Branch*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,<br><br>Debtors.<br><br>Affects:<br>☒ All Debtors<br>☐ The following Debtor(s) | Case No.  BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**MOTION TO APPROVE STIPULATION RESOLVING REORGANIZED DEBTORS' OBJECTION TO CREDIT SUISSE'S MOTION TO COMPEL REIMBURSEMENT OF FEES AND EXPENSES PURSUANT TO CONFIRMATION ORDER AND CASH COLLATERAL ORDER**<br><br>Date:  OST Requested<br>Time:  OST Requested<br>Judge:  Honorable Linda B. Riegle |

CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH[1] ("Credit Suisse"), respectfully submits the following Motion to Approve (the "Approval Motion") its "Stipulation [Doc. No. 1210] (the "Stipulation") Resolving the REORGANIZED DEBTORS' (the "Reorganized Debtors")[2]

---

[1] This entity was formerly known as "Credit Suisse, Cayman Islands Branch," as agent under the first lien Credit Agreement Dated as of November 21, 2005, among Heritage Land Company, LLC, The Rhodes Companies, LLC, and Rhodes Ranch General Partnership, as the Borrowers, the Lenders Listed [Th]erein, as the Lenders, and Credit Suisse, Cayman Islands Branch, as Administrative Agent, Collateral Agent, Syndication Agent, Sole Bookrunner and Sole Lead Arranger (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "First Lien Credit Agreement," and the lenders thereunder, the "First Lien Lenders").

[2] The "Debtors" in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, a Nevada limited partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C&J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC

Objection [Doc. No. 1164] (the "Objection") to Credit Suisse's Motion to Compel Reimbursement of Fees and Expenses" [Doc. No. 1143] (the "Reimbursement Motion"). A true and correct copy of this Stipulation is attached hereto as *Exhibit "1,"* and is incorporated herein by reference.

This Approval Motion[3] is made at the Court's request and pursuant to Bankruptcy Code §§ 105(a) and 1142(b), and Fed. R. Bankr. P. 3021 and 9019, together with relevant case law, and is made and based upon the Memorandum of Points and Authorities attached hereto and served herewith, the pleadings and papers on file herein, and any oral argument that the Court may entertain at the time of any hearing in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

By this Approval Motion, Credit Suisse seeks Court approval of its Stipulation with the Reorganized Debtors resolving the Reorganized Debtors' Objection to Credit Suisse's Reimbursement Motion. The Reorganized Debtors were the only party to object to Credit Suisse's Reimbursement Motion. The Reorganized Debtors have not disputed their reimbursement obligations under the First Lien Credit Agreement, the Cash Collateral Order (defined below), and the Confirmation Order (defined below). Rather, the Objection focuses on the reasonableness of the requested amount.

By their Objection, the Reorganized Debtors sought to reduce to $412,000 the approximately $915,000 in attorneys' fees and costs of Skadden (defined below) sought by Credit Suisse. Following the last hearing on Credit Suisse's Reimbursement Motion, the parties entered into a Stipulation under which the Reorganized Debtors have agreed to pay Credit Suisse $700,000 in full and final

---

(Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[3] In reviewing this Approval Motion, Credit Suisse requests that this Court take judicial notice of its entire docket in these jointly administered Chapter 11 Cases. It is well-established that this Court can take judicial notice of matters contained within its own files. Fed. R. Bankr. Pro. 9017 incorporating Fed. R. Evid. 201; U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); In re Blumer, 95 B.R. 143, 146 (9th Cir. B.A.P. 1988); In re Rogers, 278 B.R. 201, 204 (Bankr. D. Nev. 2002).

SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128
Phone (702) 952-5200

satisfaction of Credit Suisse's reimbursement claim for approximately $915,000 in Skadden fees and costs, and in resolution of the Reimbursement Motion. Under the Stipulation, Credit Suisse has also agreed to waive any reimbursement claims it may have against the Reorganized Debtors or other parties for Skadden fees and costs incurred from May 1, 2010 through July 19, 2010.

As set forth herein, the parties were able to negotiate the Stipulation, which reasonably resolves the Reimbursement Motion and the Objection and recognizes that $700,000 is properly payable to Skadden under the Cash Collateral Order and the Confirmation Order. Accordingly, this Court should enter an order granting this Approval Motion and authorize the parties to implement the provisions of the Stipulation.

## II.

## FACTUAL BACKGROUND

A.  The Administration of These Chapter 11 Cases.

1. On March 31, 2009 and April 1, 2009, the Debtors commenced the above-referenced cases by filing petitions for relief under Chapter 11 of the U.S. Bankruptcy Code and by operating as "debtors-in-possession" [Doc. No. 1].

2. On April 30, 2009, this Court entered the "Final Stipulated Order (I) Authorizing Use of Cash Collateral Pursuant to Sections 105, 361, 362 and 363 of the Bankruptcy Code and (II) Granting Adequate Protection and Super Priority Administrative Expense Priority to Prepetition Secured Lenders Re Debtors' Motion for Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of Debtors' Motion for Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code (A) Authorizing Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Debtors' Prepetition Secured Parties and (C) Scheduling a Final Hearing" [Doc. No. 126] (the "Cash Collateral Order").

3. On March 12, 2010, this Court entered its "Order Confirming the Third Amended Plan of Reorganization [Doc. No. 1060] (the "Confirmation Order") Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan") for The Rhodes Companies, LLC, et al. (the "Plan") (See Doc. 1060, *Exhibit "A,"* pp. 53-54).

///

4. The effective date of the Plan occurred on April 1, 2010. (See Doc. No. 1079, p. 2).

5. Pursuant to the First Lien Credit Agreement, the Cash Collateral Order, and the Confirmation Order, Credit Suisse has reimbursement claims ("Reimbursement Claims") against the Debtors and the Reorganized Debtors for certain fees and expenses incurred in its capacity as agent under the First Lien Credit Agreement. The Reorganized Debtors' reimbursement obligations do not spring solely from the Cash Collateral Order, but are owed pursuant to the First Lien Credit Agreement, the Confirmation Order and the Plan, and the Cash Collateral Order.

(a) The First Lien Credit Agreement provides, in pertinent part, for the reimbursement Credit Suisse's fees and costs:

> Each of the Borrowers shall pay all actual and documented out-of-pocket expenses incurred by each Agent and its Affiliates, including the reasonable and documented fees, charges and disbursements of its appraiser, counsel (including without limitation, special and local counsel) for each Agent and its Affiliates . . . in connection with the enforcement or protection of its rights in connection with this Agreement and the other Loan Documents, including its rights under this subsection 9.2A, or in connection with the Loans made hereunder, including all such out-of-pocket expenses incurred during any workout, restructuring or negotiations in respect of such Loans.

(See First Lien Credit Agreement §§ 2.3, 9.2.A (Reimbursement Motion, Exhibit "F," Doc. No. 1144, pp. 36, 106-107).

(b) The Cash Collateral Order provides, in pertinent part, for the reimbursement of Credit Suisse's fees and costs:

> As further adequate protection for the use of the Cash Collateral during the Budget Period, the Debtors shall, after receipt of an applicable invoice, pay in full, in cash by wire transfer, the fees and expenses incurred by the professionals for . . . the First Lien Agent (including Skadden, Arps, Slate, Meagher & Flom, LLP and the First Lien Agent's local counsel).

(See Cash Collateral Order ¶ 5(c), Doc No. 126, pp. 18-19).

(c) The Plan provides, in pertinent part, for the reimbursement of Credit Suisse's fees and costs:

> The reasonable fees and expenses incurred by (i) the First Lien Agent, including its professionals, to the extent provided by the First Lien Credit Agreement . . . shall be paid by the Debtors or Reorganized Debtors, as applicable, within 15 days of receipt of an invoice from such parties or their advisors . . .

(See Third Amended Plan Article IX.A.3, Doc. No. 1060, Exhibit "A," pp. 53-54).

4

B. <u>Credit Suisse's Reimbursement Motion</u>.

1. On May 24, 2010, Credit Suisse filed its Reimbursement Motion [Doc. No. 1143]. In doing so, Credit Suisse sought payment under the Cash Collateral Order and the Confirmation Order of the following Reimbursement Claims: (1) certain fees and expenses of its lead counsel, Skadden, Arps, Slate, Meagher & Flom LLP ("<u>Skadden</u>") in the amount of $915,109.86 through April 30, 2010 (the "<u>Skadden Amount</u>"); (2) certain fees and expenses of its local Nevada counsel, Sylvester & Polednak, Ltd., in the amount of $14,559.08 through April 20, 2010 (the "<u>Sylvester Amount</u>"); (3) certain fees and expenses of Credit Suisse, as agent, in the amount of $19,195.21 (the "<u>Credit Suisse Amount</u>"); and (4) certain fees and expenses of its local Arizona counsel, the Udall Law Firm, LLP, in the amount of $2,740 (the "<u>Udall Amount</u>"). (See Reimbursement Motion, p. 3, ll:1-9).

2. After the filing of the Reimbursement Motion, the Sylvester Amount, the Udall Amount, and the Credit Suisse Amount were all paid, leaving only the Skadden Amount outstanding.

3. On June 7, 2010, the Reorganized Debtors filed their Objection [Doc. No. 1164] to Credit Suisse's Reimbursement Motion, which was expressly limited to contesting the reasonableness of (and not the reimbursement obligations underlying) the Skadden Amount. (See Objection, p. 2, ll:14-28). In doing so, the Reorganized Debtors sought to reduce the Skadden Amount from approximately $915,000 to $412,000. (See Objection, p. 2, ll:21-26; p. 15, ll:18-28).

4. The Reorganized Debtors were the only party to object to Credit Suisse's Reimbursement Motion.

5. On June 14, 2010, Credit Suisse filed its Reply to the Reorganized Debtors' Objection to its Reimbursement Motion [Doc. No. 1171].

6. On June 21, 2010, at the hearing on Credit Suisse's Reimbursement Motion (the "<u>Preliminary Hearing</u>"), the Court requested additional briefing and continued these proceedings to August 24, 2010.

C. <u>The Terms of the Parties' Stipulation Resolving the Objection</u>.

1. Following the Preliminary Hearing, Credit Suisse engaged in arm's-length negotiations to resolve the Objection, which resulted in Stipulation and an agreement regarding the

5

amount to be paid by the Reorganized Debtors in satisfaction of its reimbursement obligations to Credit Suisse on account of the Skadden Amount.

2. On July 20, 2010, the Stipulation was filed with the Court. As reflected by the terms of the Stipulation, the parties have determined that under the Cash Collateral Order and the Confirmation Order $700,000 is properly payable on account of the Skadden Amount. Payment of this reduced amount will constitute "full and complete satisfaction" of the Skadden Amount and will resolve the Reimbursement Motion. Credit Suisse has also agreed to waive any Reimbursement Claims it may have with respect to Skadden fees and costs incurred from May 1, 2010 through July 19, 2010.

3. The Stipulation allows the Reorganized Debtors to satisfy their applicable obligations under the Cash Collateral Order and the Confirmation Order, while permitting the parties to avoid further unnecessary expense with respect to the Reimbursement Motion and the Objection.

## III.

## LEGAL ARGUMENT

## THIS COURT SHOULD ENTER AN ORDER GRANTING THIS APPROVAL MOTION AND AUTHORIZING THE PARTIES TO IMPLEMENT THE STIPULATION

As a preliminary matter, Credit Suisse notes that the Plan itself provides the requisite authority for the payment contemplated by the Stipulation. Thus, the Reimbursement Motion could have been withdrawn and the applicable payment could have been made pursuant to the Plan without the need for a Court order approving the Stipulation. The Stipulation was filed in order to inform the Court how this matter had been resolved. At the Court's request, however, Credit Suisse files this Approval Motion. Putting aside the authority already provided under the Plan, the Court has both ample authority under Bankruptcy Code §1142 and Fed. R. Bankr. P. 9109 and sufficient grounds for approval of the Stipulation and the payment contemplated thereby.

A. <u>This Court Has the Authority to Enter Orders Necessary to Implement the Terms of Confirmed Reorganization Plans.</u>

This Court has the authority and affirmative obligation to enter orders necessary for the implementation of confirmed reorganization plans. Bankruptcy Code §1142(b) provides, in pertinent part, that

6

> [t]he court may direct the debtor and any other necessary party to execute or deliver, or to join in the execution or delivery of any instrument required to effectuate a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

This provision has been interpreted as conferring jurisdiction upon bankruptcy courts "to ensure that any act necessary for the consummation of the plan is carried out" and, as such, these courts have "continuing responsibilities to satisfy [themselves] that the plan is being properly implemented." Hillis Motors, Inc. v. Hawaii Auto. Dealers Ass'n., 997 F.2d 581, 587 n. 11 (9th Cir. 1993); In re Joint E. & S.D. Asbestos Litigation, 982 F.2d 721, 750 (2nd Cir. 1992); In re Sultan Corp. 81 B.R. 599, 602 (9th Cir. B.A.P. 1987). "As such, it is well-established that bankruptcy courts enjoy broad bowers to enforce and oversee the implementation of confirmed reorganization plans. In re Consolidated Pioneer Mortg. Entities, 264 F.3d 803, 807 (9th Cir. 2001).

As set forth above, the Plan provides for the reimbursement of Credit Suisse's reasonable attorneys' fees and costs. (See Third Amended Plan Article IX.A.3, Doc. No. 1060, Exhibit "A," pp. 53-54). The reimbursement of the professional fees and expenses of creditors such as Credit Suisse is an integral component of the Reorganized Debtors' confirmed Plan. In this context, the Stipulation, which resolves the sole objection to Credit Suisse's Reimbursement Motion, has become a procedural device required to effectuate the implementation of the Plan herein and, as such, should be approved by this Court.

Accordingly, this Court should enter an order granting this Approval Motion and authorizing the Parties to implement the provisions of the Stipulation.

B. <u>This Court Has the Authority to Enter Orders Necessary to Implement the Terms of its Previous Cash Collateral Order.</u>

This Court has the authority to enter orders necessary for the implementation of its previously entered cash collateral orders. As noted above, this Court has already implemented its Cash Collateral Order pursuant to Bankruptcy Code §§ 105, 361, 362, and 363, based upon an extensive evidentiary record. It is well-established that an order governing the use of cash collateral "is a kind of consent decree construed for enforcement purposes as a contract." In re Hughes-Bectol, Inc., 225 F.3d 657 (6th Cir. 2000). As such, cash collateral orders may even be used to modify express

7

provisions of the Bankruptcy Code, such as the priority and distribution scheme contained in Bankruptcy Code § 724(b). See In re MarkAir, Inc., 308 F.3d 1038, 1046 (9th Cir. 2002).

Under the circumstances of these cases, the Court can take any action reasonably required to enforce its previous Cash Collateral Order. Bankruptcy Code §105(b) provides, in pertinent part, that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provision of this title" including "taking any action . . . necessary or appropriate to enforce or implement court orders," such as the Cash Collateral Order at issue herein.

As set forth above, the Cash Collateral Order provides for the reimbursement of Credit Suisse's reasonable attorneys' fees and costs. (See Cash Collateral Order ¶ 5(c), Doc No. 126, pp. 18-19). The reimbursement of the professional fees and expenses of creditors such as Credit Suisse is an integral component of the Cash Collateral Order, which resulted from negotiations between and among the parties.[1] As was the case with the Plan, the Stipulation is a procedural mechanism for the Reorganized Debtors to fulfill their reimbursement obligations to Credit Suisse and provides for proper payment of amounts owed under the Cash Collateral Order, as well as the Confirmation Order and the Plan, in connection with the Skadden Amount.

Accordingly, the Court should enter an order granting this Approval Motion and authorizing the Parties to implement the provisions of the Stipulation.

C.     The Court Should Approve the Settlement Embodied in the Stipulation.

The approval of compromises or settlements in bankruptcy proceedings is governed by Fed. R. Bankr. P. 9019(a), which provides, in pertinent part, that

> ". . . after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

The Court is afforded wide latitude in approving settlements that it determines to be fair, equitable, and in the best interests of the estate. Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968); In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988).

Here, the Stipulation provides for payment of an amount that is roughly midway between the amount claimed by Credit Suisse and the amount asserted by the Reorganized Debtors. By executing

---
[1] See Cash Collateral Order, Doc. No. 126, pp. 2-3.

8

the Stipulation, the Reorganized Debtors have implicitly acknowledged that the $700,000.00 payment thereunder is properly payable under the Confirmation Order and the Plan, as well as under the Cash Collateral Order. Moreover, the Stipulation allows the Reorganized Debtors to satisfy their Reimbursement Obligations with respect to the Skadden Amount, while permitting the parties to avoid any further unnecessary expense with respect to the Reimbursement Motion and the Objection. Accordingly, the Court should grant the Approval Motion and authorize the parties to effect the terms of the Stipulation.

## IV.

## CONCLUSION

For the foregoing reasons, Credit Suisse respectfully requests that this Court enter an order granting the Approval Motion, directing the parties to implement the Stipulation, and granting further such relief as this Court deems appropriate.

DATED this 11th day of August, 2010.

By: _[signature]_
SYLVESTER & POLEDNAK, LTD.
Jeffrey R. Sylvester, Esq. (Nevada Bar No. 4396)
James B. MacRobbie, Esq. (Nevada Bar No. 7430)
7371 Prairie Falcon Road, Suite 120
Las Vegas, Nevada 89128
jeff@sylvesterpolednak.com
james@sylvesterpolednak.com

and

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Van C. Durrer, II, Esq. (admitted *pro hac vice*)
Ramon M. Naguiat, Esq. (admitted *pro hac vice*)
300 South Grand Avenue, #3400
Los Angeles, California 90071-3144
van.durrer@skadden.com
ramon.naguiat@skadden.com
*Attorneys for Credit Suisse, Cayman Islands Branch*

# EXHIBIT 1

# EXHIBIT 1

Jeffrey R. Sylvester, Esq. (Nevada Bar No. 4396)                    E-Filed July _, 2010
James B. MacRobbie, Esq. (Nevada Bar No. 7430)
SYLVESTER & POLEDNAK, LTD.
7371 Prairie Falcon Road, Suite 120
Las Vegas, Nevada 89128
Telephone: (702) 952-5200
Facsimile: (702) 952-5205
jeff@sylvesterpolednak.com
james@sylvesterpolednak.com

and

Van C. Durrer II
Ramon M. Naguiat
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, #3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
van.durrer@skadden.com
ramon.naguiat@skadden.com

Attorneys for Credit Suisse AG, Cayman Islands Branch

AKIN GUMP STRAUSS HAUER & FELD LLP
Philip C. Dublin (NY Bar No. 2959344)
Meredith A. Lahaie (NY Bar No. 4518023)
One Bryant Park
New York, NY 10036
Telephone: (212) 872 – 1000
Facsimile: (212) 872 – 10002
pdublin@akingump.com
mlahaie@akingump.com

and

KOLESAR & LEATHAM
Nile Leatham (Nevada Bar No. 002838)
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NY 89102
Telephone: (702) 979-237
Facsimile: (702) 362-9472
Nleatham@klnevada.com
Attorneys for Reorganized Debtors

1

Stipulation Resolving Motion to Compel Reimbursement

596170.04-Los Angeles Server 1A - MSW

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC,<br>aka "Rhodes Homes," et al.,<br><br>Debtors.[1]<br><br>Affects:<br>■ All Debtors<br>☐ The following Debtor(s) | Case No. 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**STIPULATION RESOLVING MOTION TO COMPEL REIMBURSEMENT OF FEES AND EXPENSES PURSUANT TO CONFIRMATION ORDER AND CASH COLLATERAL ORDER**<br><br>Hearing Date:    August 24, 2010<br>Hearing Time:    1:30 p.m.<br>Judge:    Honorable Linda B. Riegle |

This stipulation is entered into by and between (1) the above-captioned reorganized debtors (the "Debtors" or the "Reorganized Debtors") and (2) Credit Suisse AG, Cayman Islands Branch ("Credit Suisse"), formerly known as "Credit Suisse, Cayman Islands Branch," as agent under the first lien Credit Agreement Dated as of November 21, 2005, among Heritage Land Company, LLC, The Rhodes Companies, LLC, and Rhodes Ranch General Partnership, as the Borrowers, the Lenders Listed [Th]erein, as the Lenders, and Credit Suisse, Cayman Islands Branch, as Administrative Agent, Collateral Agent, Syndication Agent, Sole Bookrunner and Sole Lead

---

[1] The debtors in these cases, along with their case numbers, were Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, a Nevada limited partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C&J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, LLC (Case No. 09-14882); Tuscany Golf Country Club (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

2

Arranger (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "First Lien Credit Agreement").

### RECITALS

A. On March 31, 2009 or April 1, 2009, the Debtors commenced these bankruptcy cases.

B. On April 30, 2009, the Court entered the Final Stipulated Order (I) Authorizing Use of Cash Collateral Pursuant to Sections 105, 361, 362 and 363 of the Bankruptcy Code and (II) Granting Adequate Protection and Super Priority Administrative Expense Priority to Prepetition Secured Lenders Re Debtors' Motion for Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of Debtors' Motion for Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code (A) Authorizing Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Debtors' Prepetition Secured Parties and (C) Scheduling a Final Hearing: (the "Cash Collateral Order").

C. On March 12, 2010, the Court entered an order (the "Confirmation Order") confirming the Third Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al. (the "Plan"). The effective date of the Plan occurred on April 1, 2010.

D. Under the First Lien Credit Agreement, the Cash Collateral Order, and the Confirmation Order, Credit Suisse has reimbursement claims ("Reimbursement Claims") against the Debtors and the Reorganized Debtors for certain fees and expenses incurred in its role as agent under the First Lien Credit Agreement.

E. On May 24, 2010, Credit Suisse filed the Motion to Compel Reimbursement of Fees and Expenses Pursuant to Confirmation Order and Cash Collateral Order (the "Motion"). By the Motion, Credit Suisse sought payment under the Cash Collateral Order and the Confirmation Order of the following Reimbursement Claims: (1) certain fees and expenses of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") in the amount of $915,109.86 through April 30, 2010 (the "Skadden Amount"); (2) certain fees and expenses of Sylvester & Polednak, LTD. in the amount of

3

Stipulation Resolving Motion to Compel Reimbursement

596170.04-Los Angeles Server 1A - MSW

$14,559.08 through April 20, 2010 (the "Sylvester Amount"); (3) certain fees and expenses of Credit Suisse in the amount of $19,195.21 (the "Credit Suisse Amount"); and (4) certain fees and expenses of the Udall Law Firm, LLP in the amount of $2,740.00 (the "Udall Amount"). Since the filing of the Motion, the Sylvester Amount, the Udall Amount, and the Credit Suisse Amount have been paid, leaving only the Skadden Amount outstanding.

F.  On June 7, 2010, the Reorganized Debtors filed the Reorganized Debtors' Objection to Motion to Compel Reimbursement of Fees and Expenses Pursuant to Confirmation Order and Cash Collateral Order (the "Objection"). By the Objection, the Reorganized Debtors objected only to the Skadden Amount.

G.  On June 14, 2010, Credit Suisse filed the Reply of Credit Suisse AG, Cayman Islands Branch in Support of Motion to Compel Reimbursement of Fees and Expenses Pursuant to Confirmation Order and Cash Collateral Order.

H.  On June 21, 2010, this Court held a hearing on the Motion. At that hearing, the Court continued the hearing on the Motion to August 24, 2010 and requested additional briefing and information.

I.  The Reorganized Debtors and Credit Suisse have agreed to resolve the Motion on the terms set forth in this Stipulation.

## STIPULATION

1.  Within three (3) business days after entry of an order approving this Stipulation, the Reorganized Debtors shall pay $700,000.00 to Skadden (the "Payment"). The Payment shall be in full and final satisfaction of the Skadden Amount. Credit Suisse shall not seek reimbursement from the Reorganized Debtors or any other party on account of any Skadden fees and expenses incurred from May 1, 2010, through the date of this Stipulation.

2.  Subject to receipt of the Payment, the Motion shall be deemed resolved.

IT IS SO STIPULATED.

DATED: July __, 2010

By: _____
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Van C. Durrer II
Ramon M. Naguiat
300 South Grand Avenue, #3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
van.durrer@skadden.com
ramon.naguiat@skadden.com

and

SYLVESTER & POLEDNAK, LTD.
Jeffrey R. Sylvester, Esq. (Nevada Bar No. 4396)
James B. MacRobbie, Esq. (Nevada Bar No. 7430)
7371 Prairie Falcon Road, Suite 120
Las Vegas, Nevada 89128
Telephone: (702) 952-5200
Facsimile: (702) 952-5205
jeff@sylvesterpolednak.com
james@sylvesterpolednak.com

Attorneys for Credit Suisse AG, Cayman Islands Branch

DATED: July __, 2010

By: _____
AKIN GUMP STRAUSS HAUER & FELD LLP
Philip C. Dublin (NY Bar No. 2959344)
Meredith A. Lahaie (NY Bar No. 4518023)
One Bryant Park
New York, NY 10036
Telephone: (212) 872 – 1000
Facsimile: (212) 872 – 10002
pdublin@akingump.com
mlahie@akingump.com

and

KOLESAR & LEATHAM
Nile Leatham (Nevada Bar No. 002838)
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NY 89102
Telephone: (702) 979-237
Facsimile: (702) 362-9472
Nleatham@klnevada.com

Attorneys for Reorganized Debtors

5