JANIECE S. MARSHALL, ESQ., Nevada Bar No. 4686
jm@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
777 North Rainbow Boulevard
Suite 145
Las Vegas, Nevada 89107
Telephone: (702) 479-1010 ♦ Facsimile: (702) 479-1025
Attorneys for Creditor *Stanley Consultants, Inc.*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>THE RHODES COMPANIES, LLC,<br><br>Debtor.<br><br>Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s),<br>Apache Framing, LLC<br>Batcave, LP<br>Bravo, Inc.<br>Chalkline, LP<br>Elkhorn Partners, a Nevada LP<br>Geronimo Plumbing, LLC<br>Glynda, LP<br>Gung-Ho Concrete, LLC<br>Heritage Land Company LLC<br>Jackknife, LP<br>Overflow, LP<br>Parcel 20, LLC<br>Pinnacle Grading, LLC<br>Rhodes Homes Arizona, LLC<br>Rhodes Arizona Properties, LLC<br>The Rhodes Companies, LLC<br>Rhodes Ranch Golf Country Club, LLC<br>Rhodes Ranch General Partnership<br>Six Feathers Holdings, LLC<br>Tribes Holdings, LLC<br>Tick, LP<br>Tuscany Golf Country Club, LLC<br>Wallboard, LP | Case No. BK-S-09-14814-LBR<br><br>Chapter 11<br><br>**STANLEY CONSULTANTS, INC.'S OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR (A) DETERMINATION OF OWNERSHIP OF STANLEY MATERIALS AND (B) AUTHORIZATION TO SELL STANLEY MATERIALS [DOC #1214]** |

811052.1 5835.005

Stanley Consultants, Inc. opposes Reorganized Debtors' Motion for (A) Determination of Ownership of Stanley Materials and (B) Authorization to Sell Stanley Materials [Doc #1214]. Reorganized Debtors have no right to assume or assign the Master Contracts and, therefore, have no right to transfer or sell the "Stanley Materials"[1] without Stanley's consent as:

1. **Reorganized Debtors/Debtors Have No Rights Under Terminated Contracts**

Reorganized Debtors have no rights under the Master Contracts[2] given that Stanley stopped work, gave notice of breach and, thereafter, terminated the Master Contracts on August 9, 2006, due to Rhodes'[3] nonpayment and failure to cure.

2. **The Breach is an Issue of State Law and Must be Resolved in AZ Litigation**

The determination of whether Rhodes materially breached the Master Agreements is a matter of Arizona state law, not bankruptcy law and must be resolved in ongoing Arizona Litigation,[4] an action filed in August 2006 more than two years prior to Debtors filing for bankruptcy.

3. **Stanley did not sell the Stanley Work Product to Rhodes; the Master Contracts Only Permitted Rhodes a Limited Use of the Stanley Work Product Upon Payment of the Contract Price**

Stanley did not sell the Stanley Work Product to Rhodes. Article 14 of the Master Contracts--"**Use of Work Product**"--provides that Rhodes would have acquired only a limited right to use the Stanley Work Product for the "project" (as defined in the Master Contracts) had Rhodes met the conditions of the Master Contracts prior to Stanley terminating the Master Contracts. Use of the Stanley Work Product was conditioned upon payment of the

---

[1] The "Stanley Materials" are Stanley's intellectual property (work product) rendered pursuant to the Master Contracts as well as any derivative work by third parties that used or relied upon the Stanley Work Product.

[2] Stanley entered into seven Master Contracts with Rhodes. *See Exhibit A, Frohnen Declaration.*

[3] Debtors Rhodes Homes Arizona LLC, Rhodes Design & Development and Rhodes Ranch GP are collectively referred to as "Rhodes".

[4] *Rhodes Homes Arizona, LLC v. Stanley Consultants, Inc.*, No. CV2006-011358, Superior Court of Arizona, Maricopa County. *See Disclosure Statement [#713], at 31.*

contract price.

4. **No Right to Use Copyrighted Stanley Materials Without Payment of "Just and Equitable Compensation**

Rhodes never acquired the right to use the Stanley Work Product because Stanley never received "just and equitable compensation" for the Stanley Work Product. Article 19(d) of the Master Contracts provides that upon termination of the Master Agreements due to Rhodes' nonpayment after notice of breach and failure to cure, Rhodes did not acquire the right to use the completed work unless Stanley received "just and equitable compensation", namely: Stanley "shall be entitled to received just and equitable compensation for work completed on such documents and other materials." Because Rhodes never attempted to determine or pay to Stanley the "just and equitable compensation" for the Stanley Work Product, Rhodes never acquired any right to use the Stanley Work Product.

5. **Master Contracts, Not Assumed in Bankruptcy, are Rejected**

Reorganized Debtors failed to assume the Stanley Master Contracts as part of their Reorganization Plan. *See Reorganized Debtors' Notice of Filing of Final Contract Assumption List [#1098]*. Reorganized Debtors/Debtors also failed to object or reject Stanley's proofs of claim. If Reorganized Debtors had attempted to assume the Master Contracts, Stanley would have objected. Having failed to attempt to assume the terminated Master Contracts, Reorganized Debtors can neither assume nor assign the Master Contracts under U.S.C. § 365. Having no right to assume or assign, Reorganized Debtors have no right to transfer or sell the Stanley Materials.

6. **11 U.S.C. § 365 bars Reorganized Debtors from assuming or assigning the Master Contracts and, therefore no sale or transfer without payment and Stanley's Consent**

Assuming, *arguendo*, that the Master Contracts are executory contracts following Rhodes' breach and failure to cure, § 365 bars Reorganized Debtors from assuming, assigning, selling or transferring the Stanley Materials because:

   A. **"Applicable law" Excuses Stanley from Accepting or Rendering Performance unless Stanley Consents**

3

1  Stanley copyrighted the Stanley Work Product after terminating the Master Contracts for
2  Rhodes' nonpayment. Copyright law is deemed to be "Applicable law" under § 365, excusing
3  Stanley from accepting or rendering performance to an entity other than the Debtors unless
4  Stanley consents to the assumption or assignment.

      B.    **Master Contracts cannot be assumed where default**

Reorganized Debtors cannot assume an executory contract where a default has occurred unless compensation or adequate assurance of compensation and assurance of future performance. Reorganized Debtors has failed to provide any of these.

      C.    **No Right to Cure after Termination**

Reorganized Debtors cannot assume the Master Contracts because the Master Contracts do not provide for a right to cure after Stanley termination for nonpayment. The Master Contracts only provided for a right to cure before termination. Rhodes did not cure after Stanley properly sent notice of the breach.

      D.    **The Copyrighted Stanley Work Product[5] is Personal and Unassignable without Stanley's Consent**

The Copyrighted Stanley Work Product that form the Stanley Materials are deemed personal and cannot be assigned without Stanley's consent. As such, the Stanley Materials are unassumable under section 365.

August ___, 2010

Respectfully submitted,

ANDERSON, McPHARLIN & CONNERS LLP

By _____
Janiece S. Marshall, Esq., Bar # 4686
777 North Rainbow Boulevard, Suite 145
Las Vegas, Nevada 89107
Telephone: (702) 479-1010
Attorneys for Creditor Stanley Consultants, Inc.

      I.    **STATEMENT OF FACTS**

---

[5] Stanley copyrighted the Stanley Work Product for which Stanley has not received payment. *See Frohnen Declaration and exhibits 1-2, 5-7.*

4

A.  **MASTER CONTRACTS**

1. Stanley entered into seven master contracts to provide land development engineering, land planning and land surveying services (collectively "Stanley's Work Product") to Rhodes Homes Arizona LLC ("Rhodes Arizona"), Rhodes Design & Development and Rhodes Ranch General Partnership (collectively referred to as "Rhodes") for various projects in Arizona. *See Exhibit A, Frohnen Declaration and exhibits 1-2.*

2. The Master Contracts are comprised of several documents: the "Consultant Agreement(s)" drafted by Rhodes; exhibits to the Consultant Agreement(s) including Exhibit "A" Scope of Services", "Schedule of Charges", "Standard Terms and Conditions" as well as Change Order(s) and Authorization of Payment. *Frohnen Declaration, exhibit 4, Master Contracts.*

B.  **THE MASTER CONTRACTS LIMIT THE USE OF STANLEY WORK PRODUCT**

1. Each of the seven Master Contracts limits the use of the Stanley Work Product pursuant to Article 14, "Use of Work Product". *Frohnen Declaration, exhibit 4.*

2. Article 14 provides that Rhodes only had the right to use the Stanley Work Product for the "project" (as defined in the Master Contracts) upon payment of the Master Contract(s). *Id.*

3. Each of the seven Master Contracts also expressly provides that Rhodes was paying only for the "use" of the Stanley Work Product, not a "sale" of the Stanley Work Product, namely: "**Under no circumstances** shall transfer of drawings and other instruments of service on electronic media for use by the [Rhodes] **be deemed a sale** by [Stanley]. . . ." Art. 14, (emphasis added).

C.  **MASTER CONTRACTS PROHIBIT USE OF STANLEY WORK PRODUCT WITHOUT "JUST AND EQUITABLE COMPENSATION"**

1. Upon termination of the Master Contracts by Stanley for Rhodes' breach and failure to cure the nonpayment and pursuant to Article 19(d) of the Master Contracts, Stanley was entitled to receive "just and equitable compensation for work completed on such documents and other materials." *Frohnen Declaration, exhibit 4, Master Contracts, Art. 19(d).*

2. Stanley has not received "just and equitable compensation" for the Stanley Work Product. *Frohnen Declaration.*

5

D.  **COPYRIGHTED STANLEY WORK PRODUCT**

1. On January 22, 2007, Stanley registered with the U.S. Copyright Office the Stanley Work Product that Stanley rendered pursuant to the Master Contracts (collectively "Copyrighted Stanley Work Product"). *See Stanley's Objection to Disclosure Statement [#617] exhibit 2 thereto, Certificate(s) of Registration. See also Frohnen Declaration, exhibit 5 thereto, Copyrighted Stanley Work Product.*

2. Stanley has prepared a "Summary of Payments on Copyrighted Materials", identifying each individual copyright registration number and cross-referencing the Copyrighted Stanley Work Product to the unpaid invoices. *Frohnen Declaration, exhibit 6, Summary of Payments on Copyrighted Materials.*

3. Stanley is owed in excess of $2,280,000.00 for the Copyrighted Stanley Work Product. *Frohnen Declaration, exhibit 7, "Stanley Work Product Linked to Unpaid Invoices".*

E.  **ANY EXECUTORY CONTRACT NOT ASSUMED IS REJECTED**

1. Article V of the Reorganization Plan expressly provides for the rejection of any executory contracts not assumed by Reorganized Debtors:

> A. Assumption and Rejection of Executory Contracts and Unexpired Leases: Except as otherwise provided in the Plan, the Debtors' executory contracts or unexpired leases not assumed or rejected pursuant to a Bankruptcy Court order prior to the Effective Date shall be deemed rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, except for those executory contracts or unexpired leases. . . .
>
> 1) listed on the schedule of "Assumed Executory Contracts and Unexpired Leases" attached to the Disclosure Statement as Exhibit N. . . .

*See Plan [#1013], Article V, at page 40.*

2. Reorganized Debtors elected not to assume the Master Contracts. *See Notice of Filing of Final Contract Assumption List [#1098].*

## II.  STATEMENT OF PROCEEDINGS

A.  **ARIZONA STATE COURT LITIGATION**

1. Following Stanley's Notice of Termination of the Master Contracts and stoppage of work on the Arizona project, in 2006, Rhodes filed an action in Arizona State Court ("Arizona

Litigation"): *Rhodes Homes Arizona, LLC v. Stanley Consultants, Inc.*, No. CV2006-011358, Superior Court of Arizona, Maricopa County. *See Disclosure Statement [#713], at 31.*

   2.   Stanley has filed a counterclaim against Rhodes for the breach of the Master Contracts. The Arizona Litigation is pending and will resolve the issue of whether Rhodes' breached the Master Contracts and the amount of "just and equitable compensation" for the Stanley Work Product. *Id.*

**B.   RHODES' BANKRUPTCY**

   1.   Debtors filed their petition for bankruptcy in 2009, more than two years after Stanley terminated the Master Contracts for Rhodes' material breach and failure to cure.

   2.   Throughout the Rhodes Bankruptcy, Stanley has objected to the transfer of any Stanley Materials. *See Stanley's Objection to Disclosure Statement [617]. See also Stanley's Stanley's Opposition to First Lien Steering Committee's Supplemental Memorandum of Law in Support of Confirmation [#962].*

### IV.   STATEMENT OF LAW

**A.   A Contract Terminated Before Bankruptcy is Filed is Not Assumable**

Whether a contract is an assumable executory contract turns on whether the contract terminated before bankruptcy was filed. *In Re Durability Inc.*, 212, F.3d (2000). See also *In re Simon Transportation Services, Inc.*, 292 B.R. 207, 219 (2003).

**B.   A Contract that is not Executory Cannot be Assumed**

Contracts that expire before a § 365 Motion is brought or a plan of reorganization providing for assumption is confirmed cannot be assumed. *In re Texscan Corporation*, 107 B.R. 227 (9th Cir. 1989) (It is axiomatic that before 11 U.S.C. § 356 can apply a contract must exist. If a contract has expired by its own terms then there is nothing left to assume or reject. 2 *Collier on Bankruptcy* 365.02 at 365-14 (15th 3d. 1981)).[6]

---

[6] 11 U.S.C. § 365 does not define an executory contract. Generally, an executory contract is "a contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *In re Robert L. Helms Constr. & Dev. Co., Inc.*, 139 F.3d 702 (9th Cir. 1998), quoting *Vern Countryman, Executory Contracts in Banktpucy: Part* (footnote continued)

**C.  The Failure to Complete Performance of a Contractual Obligation is an Issue of State Law Not Bankruptcy Law**

State contract law, not bankruptcy law, determines whether the failure to perform a contractual obligation constitutes a material breach of the contract. *In re Columbia Gas System Inc.*, 50 F.3d 233, 239, fn. 10 (3rd Cir. 1995). *See also In re Wegner* 839 F.2d 533, 536 (9th Cir. 1988).

**D.  11 U.S.C. § 365**

**1.  No Assumption of Executory Contract Where Default Unless Compensation or Adequate Assurance of Compensation and Assurance of Future Performance**

(a)  <u>Except</u> as provided in sections 765 and 766 of this title <u>and in subsections (b), (c), and (d) of this section</u>, the trustee, subject to the court's approval, may assume or reject any executory contract . . .

(b)(1)  "If there has been a <u>default in an executory contract</u> . . . the trustee may not assume such contract . . . unless, at the time of assumption of such contract or lease, the trustee . . . (B) <u>compensates, or provides adequate assurance</u> that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; <u>and</u> (C) <u>provides adequate assurance of future performance</u> under such contract. . . .

11 U.S.C. § 365(a)-(b)(1)(B)-(C) (emphasis added).

**2.  No Assumption or Assignment of Executory Contract if "Applicable Law" Excuses a Nonconsenting Party from Accepting or Rendering Performance**

11 U.S.C. § 365(c)(1) provides, in pertinent part, that a trustee may not assume or assign any executory contract . . . if

(A)  <u>applicable law</u> excuses a party . . . to such contract . . . <u>from accepting performance from or rendering performance to an entity other than the debtor or debtor in possession</u> . . . **and**

(B)  such party <u>does not consent</u> to such assumption or assignment. . . .

11 U.S.C. § 365(c)(1)(A)-(B) (emphasis added).

---

*1*, 57 Minn. L. Rev. 439, 450 (1974).

3. **No Assumption of Defaulted Contract Unless Contract Permits Cure**

Where a default of a contract occurs, "the trustee may not assume such contract' unless the trustee cures the default or 'provides adequate assurance that the trustee will promptly cure' the default." *In re Sigel & Co., LTD*, 923 F.2d 142, 144-145 (9th Cir. 1991), quoting 11 U.S.C. § 365(b)(1)(A).

V.  ARGUMENT

A. **Reorganized Debtors Have No Rights Under the Terminated Master Contracts**

Reorganized Debtors/Debtors have no right to use, assume or assign the Stanley Materials because Stanley terminated the Master Contracts for nonpayment following Rhodes' breach and failure to cure. Reorganized Debtors have moved pursuant to 11 U.S.C. § 365 in an effort to assume and assign the Master Contract rights to the Stanley Materials based upon the Master Contracts being executory contracts. A bankruptcy court cannot permit assumption, assumption and assignment or rejection of a contract under § 365 if the debtor has no rights under the contract.

Reorganized Debtors' Motion must be denied because whether a contract is an assumable executory contract turns on whether the contract terminated before bankruptcy was filed. *See In Re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000). See also *In re Simon Transportation Services, Inc.*, 292 B.R. 207, 219 (2003). Where a contract expires before a § 365 Motion is brought or a plan of reorganization providing for assumption is confirmed, the contract cannot be assumed. *See In re Texscan Corporation*, 107 B.R. 227 (9th Cir. 1989). "It is axiomatic that before 11 U.S.C. § 365 can apply a contract must exist. If a contract has expired by its own terms then there is nothing left to assume or reject." *In re Texscan*, 107 B. R. at 230, citing 2 *Collier on Bankruptcy* 365.02 at 365-14 (15th 3d. 1981).

In this case, Stanley terminated the Master Contracts in 2006 pursuant to Article 19 of the Master Contracts because of Rhodes' breach of the Master Contracts and failure to cure. Because Stanley terminated the Master Contracts in 2006 based upon a material breach, the determination of whether Rhodes has any rights under the Master Contract to use, assume, assign or transfer the Stanley Materials is an issue that must be resolved by Arizona state contract law, not bankruptcy law. State contractual law determines whether the failure to perform a contractual obligation

9

constitutes a material breach of the contract. *In re Columbia Gas System, Inc.*, 50 F.3d 233, 239, fn. 10 (3rd Cir. 1995). *See also In re Wegner,* 839 F.2d 533, 536 (9th Cir. 1988).

Given that the issue of whether Rhodes materially breached the Master Contracts is pending before the Arizona state court in the ongoing Arizona Litigation (filed more than two years before Debtors filed for bankruptcy), the issue of whether Rhodes' materially breached the Master Contracts should be determined in the Arizona Litigation. Considerable discovery and motion practice is ongoing in the Arizona Litigation and the determination of whether a material breach occurred of the Master Contracts under Arizona state law should be resolved at the Arizona Litigation trial. As such, Reorganized Debtors' Motion must be denied. No assumption or assignment of the Master Contracts should be permitted by this Court and the request to transfer or sale the Stanley Materials must be denied.

**B.     Reorganized Debtors Are Barred from Assuming, Assigning, Selling or Transferring the Stanley Materials**

  **1.     Reorganized Debtors Failed to Assume the Master Contracts**

Reorganized Debtors are barred from transferring or selling the Stanley Materials because Reorganized Debtors failed to assume the Master Contracts. Any executory contract not assumed under the Plan is deemed rejected. *See Notice of Filing of Final Contract Assumption List [#1098].*

  **2.     11 U.S.C. § 365 Bars Assumption and Assignment if Default of Contract**

Section 365 bars Reorganized Debtors from assuming and assigning the Master Contracts because there has been a default of the Master Contracts and, assuming, *arguendo*, that the Master Contracts are executory contracts. Section 365 provides that "if there has been a default in an executory contract, 'the trustee may not assume such contract' unless the trustee cures the default or 'provides adequate assurance that the trustee will promptly cure' the default. 11 U.S.C. § 365(b)(1)(A)." *In re Sigel & Co., LTD,* 923 F.2d 142, 144-145 (9th Cir. 1991).

In this case, Rhodes no longer has the power to cure the default of the Master Contracts. Article 19(b) of the Master Contracts states:

> This Agreement may not be terminated by [Stanley] except by breach of this Agreement by [Rhodes], to include nonpayment of fees within 30 days of invoice, which is not cured within fifteen (15) days following [Rhodes'] receipt of Consultant's invoice.

*Frohnen Declaration, exhibit 4 thereto Master Contracts, Art. 19(b) (emphasis added).*

Stanley terminated the Master Contracts for nonpayment after Rhodes materially breached and failed to cure the breach within the requisite time periods. *See Frohnen Declaration, exhibit 3, Notice of Termination of Contracts.* Pursuant to Article 19(d), the Stanley Work Product is not eligible for use by Rhodes without "just and equitable compensation for work completed" to Stanley. Stanley has not received "just and equitable compensation" for the Stanley Work Product. *See Frohnen Declaration and exhibits 1-7 thereto.* Following Stanley's termination of the Master Contracts, Stanley copyrighted the Stanley Work Product for which Stanley has not been compensated. *Id.* This included within the Stanley Materials are the Copyrighted Stanley Work Product. *Id.*

Given that neither Debtors nor Reorganized Debtors have cured the default of the Master Contracts, Reorganized Debtors do not have the power to assume or assign the Master Contracts and, therefore, cannot transfer the Stanley Materials without the permission of Stanley. *See Sigel & Co., LTD.*, 923 F.2d 142, 144-145 (9th Cir. 1991).

**C.    Copyrights are Personal and Assignable Only with Licensor's Consent and Therefore Unassumable Under § 365**

Reorganized Debtors cannot assume, assign or transfer the Stanley Materials because ". . . copyrights and patents are personal and assignable only with the consent of the licensor and, therefore, unassumable under section 365(c)(1)." *In Re N.C.P. Marketing Group, Inc. v. Billy Blanks*, 337 B.R. 230, 235 (D. Nev. 2005), citing *In re Catapult*, 165 F.3d 747, 750 (9th Cir. 1999); *In re Golden Books Family Ent. Inc.*, 269 B. R. 300, 307-10 (Bankr. D. Del. 2001) (copyright licenses are personal and unassignable without consent).

Pursuant to § 365, a debtor in possession may not assume or assign an executory contract if "applicable law excuses a party, other than the debtor, to such contract . . . from accepting

11

1 performance from or rendering performance to an entity other than . . . the debtor in possession. . .
2 and (B) such party does not consent to such assumption or assignment." 11 U.S.C. §
3 365(c)(1)(A)-(B). In this case, the Copyright Act is the "applicable law" that excuses Stanley
4 from accepting performance or rendering performance with respect to the assumption and/or
5 assignment of the Stanley Materials. Upon termination of the Master Contracts for nonpayment,
6 Stanley copyrighted those Stanley Materials. *Frohnen Declaration and exhibits 1-3, 5-7*. Stanley
7 has not and does not consent to the assumption, assignment and/or transfer of the Stanley
8 Materials. As such, Reorganized Debtors' Motion seeking to assume and assign the Master
9 Contracts must be denied as well as their request to transfer or to sell the Stanley Materials.

## VI.   CONCLUSION

For the above reasons, Stanley respectfully requests that this Court deny Reorganized Debtors' Motion and prohibit the transfer of the Stanley Materials.

August 12th, 2010

Respectfully submitted,

ANDERSON, McPHARLIN & CONNERS LLP

By _____
Janiece S. Marshall, Esq., Bar #4686
777 North Rainbow Boulevard, Suite 145
Las Vegas, Nevada 89107
Telephone: (702) 4791-1010
Attorneys for Creditor Stanley Consultants, Inc.

**CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL**

I am employed in Clark County. I am over the age of 18 years and not a party to this action. My business address is Anderson, McPharlin & Conners LLP, 777 North Rainbow Boulevard, Suite 145, Las Vegas, Nevada 89107.

I hereby certify that on this 13th day August 2010, I did serve, via Electronic Mail by the ECF system a copy of the above and foregoing **STANLEY CONSULTANTS, INC.'S OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR (A) DETERMINATION OF OWNERSHIP OF STANLEY MATERIALS AND (B) AUTHORIZATION TO SELL STANLEY MATERIALS [DOC #1214]** as follows:

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com,
pkois@foxrothschild.com;rdittrich@foxrothschild.com;ldupree@foxrothschild.com

J. THOMAS BECKETT on behalf of Creditor CREDITORS COMMITTEE
ECF@parsonsbehle.com

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
tbw@jonesvargas.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@marquisaurbach.com,
mwalters@marquisaurbach.com;kgallegos@marquisaurbach.com;tszostek@marquisaurbach.com

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowelaw@yahoo.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com, bankruptcy@diaslawgroup.com

RICHARD I. DREITZER on behalf of Creditor Inc. Integrity Masonry
richard.dreitzer@bullivant.com

PHILIP S. GERSON on behalf of Creditor CLARK COUNTY
banknv@rocgd.com, mburgener@rocgd.com

REW R. GOODENOW on behalf of Creditor CREDITORS COMMITTEE
ecf@parsonsbehle.com

811052.1 5835.005

KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
hkelley@leachjohnson.com

CAROL L. HARRIS on behalf of Creditor In re Kitec Fitting Litigation Class Plaintiffs
c.harris@kempjones.com, jlm@kempjones.com

RODNEY M. JEAN on behalf of Creditor Credit Suisse, Cayman Islands Branch
RJEAN@LIONELSAWYER.COM,
gbagley@lionelsawyer.com;bklsclv@lionelsawyer.com;mstow@lionelsawyer.com;mtieu@lionelsawyer.com

ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES CORPORATION
rkinas@swlaw.com,
jmath@swlaw.com;mfull@swlaw.com;cdossier@swlaw.com;lvdocket@mindspring.com;vcampbell@swlaw.com;nbaig@swlaw.com

KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
law@lawyersinarizona.com, bank@lawyersinarizona.com

BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
blarsen@klnevada.com, jierien@klnevada.com;bankruptcy@klnevada.com

ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
ecf@lslawnv.com, sstanton@lslawnv.com;akosina@lslawnv.com

NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com

CHARLES M. LITT on behalf of Creditor THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC.
rblack@feinberggrant.com, efilings@hotmail.com

ANNE M. LORADITCH on behalf of Creditor JAMES RHODES
aloraditch@foxrothschild.com, pkois@foxrothschild.com;rdittrich@foxrothschild.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

JAMES B MACROBBIE on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
darhyl.kerr@dlapiper.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

14

SUSAN L. MYERS on behalf of Creditor Credit Suisse, Cayman Islands Branch
smyers@lionelsawyer.com, gbagley@lionelsawyer.com;bklsclv@lionelsawyer.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES - NEVADA, LLC
olster@lbbslaw.com, sallade@lbbslaw.com

ERIC RANSAVAGE on behalf of Creditor Leslie Blasco, et al.
eransavage@ssllplaw.com, agutierrez@ssllplaw.com

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
jeff@sylvesterpolednak.com

TIMOTHY P. THOMAS on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
, scallahan@tthomaslaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor Westar Kitchen & Bath, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com

**09-14814-lbr Notice will not be electronically mailed to:**

ACCELERON GROUP
2791 SOFT HORIZON WAY
LAS VEGAS, NV 89135

JANICE J. BROWN on behalf of Creditor HARSCH INVESTMENT PROPERTIES - NEVADA, LLC
LEWIS BRISBOIS BISGAARD & SMITH LLP
400 SOUTH FOURTH STREET, SUITE 500
LAS VEGAS, NV 89101

DON S DEAMICIS on behalf of Creditor WELLS FARGO BANK, N.A.
1 INTERNATIONAL PL
BOSTON, MA 02210

IRA S. DIZENGOFF on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
AKIN GUMP STRAUSS HAUER & FELD LLP
ONE BRYANT PARK
NEW YORK, NY 10036

15

CHRISTINE D. DONIAK on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
AKIN GUMP STRAUSS HAUER & FELD LLP
ONE BRYANT PARK
NEW YORK, NY 10036

PHILIP C. DUBLIN on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
AKIN GUMP STRAUSS HAUER & FELD
ONE BRYANT PARK
NEW YORK, NY 10036

JANINA GUTHRIE
1225 MONTEREY ST.
REDLANDS, CA 92373

TROY L ISAACSON on behalf of Creditor CHARLES BAGLEY
3811 W CHARLESTON BLVD #110
LAS VEGAS, NV 89102

OMNI MANAGEMENT GROUP
16501 VENTURA BLVD., #440
ENCINO, CA 91436

PALECEK
PO BOX 225
RICHMOND, CA 94804

ABID QURESHI on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
AKIN GUMP STRAUSS HAUER & FELD LLP
ONE BRYANT PARK
NEW YORK, NY 10036

ELIZABETH RASKIN on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
AKIN GUMP STRAUSS H AUER & FELD LLP
ONE BRYANT PARK
NEW YORK, NY 10036

MARVIN C. RUTH on behalf of Creditor CEMEX CONSTRUCTION MATERIALS SOUTH, LLC
LEWIS AND ROCA LLP
40 N. CENTRAL AVENUE, SUITE 1900
PHOENIX, AZ 85004

CHRISTOPHER T SCHULTEN on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
AKIN GUMP STRAUSS HAUER & FELD LLP
ONE BRYANT PARK
NEW YORK, NY 10036

JAMES I STANG on behalf of Debtor THE RHODES COMPANIES, LLC
10100 SANTA MONICA BLVD #1100
LOS ANGELES, CA 90067

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of August 2010.

_____
JULIE A. GARCIA
Employee of
ANDERSON, McPHARLIN & CONNERS LLP