# Exhibit A

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
777 No. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

## DECLARATION OF DAVID FROHNEN

I, DAVID FROHNEN, declare as follows:

1.    Declarant is over the age of eighteen years and, if called as a witness, could and would testify competently to the matters set forth herein from my own personal knowledge and in my capacity as the former Vice President for Stanley Consultants, Inc. and Manager of its Las Vegas office from 2004 to 2010.

2.    I am a licensed engineer in five states: California, Nevada, Washington, Arizona, and Oregon.  I received my Bachelors of Science in civil engineering from the University of Idaho in 1983, my Master in Business Administration from the University of Portland in 1988 and a Certificate in Real Estate Studies from the University of Nevada at Las Vegas (2004) and have received continuing education in civil engineering, utility finance and accounting, residential land development and construction management since 1984.

3.    I have over twenty-five years of professional work experience in engineering design and utility construction/operations, consulting, as well as a Utility Company Operations Executive and Engineering/Construction Manager having worked as a Consulting Engineer on land development and utility infrastructure projects in Nevada, Arizona and California; as the I the Engineering and Construction Manager for American Water Works Company in California and as the Statewide Operations Director for Arizona-American Water Company.

## MASTER CONTRACTS

4.    Stanley entered into seven master contracts to provide land development engineering, land planning and land surveying services (collectively "Stanley's Work Product") to Rhodes Homes Arizona LLC ("Rhodes Arizona"), Rhodes Design & Development and Rhodes Ranch General Partnership (collectively referred to as "Rhodes") for various projects in Arizona.

5.    The Master Contracts are comprised of several documents:  the "Consultant Agreement(s)" drafted by Rhodes; exhibits to the Consultant Agreement(s) including Exhibit "A" Scope of Services", "Schedule of Charges", "Standard Terms and Conditions" as well as Change Order(s) and Authorization(s) of Payment.  True and correct copies of those Master Contracts are attached as Exhibit 4 hereto.

6.      As Vice President and Manager of the Las Vegas Office, Declarant was involved in negotiating the Master Contracts as well as overseeing, staffing and supervising the services performed by Stanley pursuant to those Master Contracts.

**MASTER CONTRACTS-WORK PRODUCT RECONCILIATION REPORT**

7.      Declarant performed a detailed review and analysis of the Master Contracts and accounting records and has prepared the Rhodes-Stanley Consultants Contracts Summary that is attached hereto as Exhibit 1 as well as the Master Contracts-Work Product Reconciliation Report ("Reconciliation Report"), attached hereto as Exhibit 2.  Exhibit 1, attached, is a Rhodes-Stanley Consultants Contracts Summary on one page.

8.      The Contracts Summary summarizes the seven Master Contracts:  providing the Contract Common Name, Amount Contracted, Amount Invoiced, Amount Paid and Amount of Account Receivables.

9.      The Reconciliation Report identifies by each Master Contract the individual work task orders and the Stanley Work Product.  The Report reconciles the amount contracted for, the amount paid, the services provided and the invoiced amounts that remain due and owing to Stanley by Rhodes per the Master Contracts.

10.     The Report also cross-references the Copyright-Registration Numbers to the Stanley Work Product performed pursuant to the Master Contracts that Stanley has copyrighted and for which Stanley has not received payment ("Stanley Copyrighted Work Product").  True and correct copies of the Stanley Copyrighted Work Product are attached as Exhibit 5.

**STANLEY TERMINATED THE MASTER CONTRACTS IN 2006 FOR NONPAYMENT**

11.     On August 9, 2006, Stanley terminated the Master Contracts for "non-payment for services rendered" pursuant to the April 28, 2006 notice of breach that Stanley sent to Rhodes.  A true and correct copy of the Termination Notice of the Contracts is attached as Exhibit 3.  Stanley terminated the Master Contracts nearly 3 years prior to Rhodes' filing their bankruptcy petition.

12.     Pursuant to the terms of the Master Contracts, Rhodes agreed to pay Stanley $11,940,659.00 for the use of Stanley Work Product on the Project.

13.     Stanley rendered services totaling $7,811,813.00 up to the date that Stanley

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
777 No. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

1  terminated the Master Contracts for nonpayment.

2      14.    Stanley has received payment of only $5,226,818.00 for the services rendered

3  pursuant to the Master Contracts.

4      15.    Rhodes owes Stanley $2,584,995.00 for the services provided pursuant to the

5  Master Contracts.

6      16.    Stanley stopped all work on the Master Contracts, as set forth in the Termination

7  Notice, after Rhodes failed to cure the April 28, 2006 breach of the Master Contracts and pursuant

8  to Article 19(d) of each of the Master Contracts.

9      17.    Pursuant to the terms of the Master Contracts, Stanley terminated the Master

10  Contracts upon breach by Rhodes for nonpayment of fees within 30 days of invoice and which

11  was not cured within fifteen (15) following receipt of Stanley's invoice.

12  **STANLEY HAS NOT RECEIVED "JUST AND EQUITABLE COMPENSATION"**

13      18.    Upon termination of the Master Contracts by Stanley for Rhodes breach and failure

14  to cure the nonpayment and pursuant to Article 19(d) of the Master Contracts, Stanley was entitled

15  to receive "just and equitable compensation for work completed on such documents and other

16  materials."

17      19.    Based upon 25 years of professional work experience in engineering design, and

18  utility construction/operation and consulting, my personal knowledge of the project, my

19  reconciliation of the amounts owed by Rhodes pursuant to the Master Contracts and my

20  knowledge of the services rendered by Stanley, Stanley has not received "just and equitable

21  compensation" for Stanley's Work Product.

22  **MASTER CONTRACTS LIMIT USE OF STANLEY WORK PRODUCT**

23      20.    Each of the seven Master Contracts limits the use of the Stanley Work Product

24  pursuant to Article 14, "Use of Work Product". Article 14 provides that Rhodes only had the right

25  to use the Stanley Work Product for the "project" (as defined in the Master Contracts) upon

26  payment of the Master Contract(s).

27      21.    Each of the seven Master Contracts also expressly provides that Rhodes was

28  paying only for the "use" of the Stanley Work Product, not a "sale" of the Stanley Work Product,

namely: "**Under no circumstances** shall transfer of drawings and other instruments of service on

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
777 No. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

1   electronic media for use by the [Rhodes] **be deemed a sale** by [Stanley]. . . ."   See Article 14(a),

2   emphasis added.

3          22.     Upon Stanley terminating the Master Contract(s) due to breach and failure to cure

4   nonpayment by Rhodes then Rhodes did not have the right to use the Stanley Work Product until

5   Stanley receives "just and equitable compensation".

6   **COPYRIGHTED STANLEY WORK PRODUCT**

7          23.     On January 22, 2007, Stanley registered with the U.S. Copyright Office and

8   pursuant to the Copyright Act, the Stanley Work Product that Stanley performed pursuant to the

9   Master Contracts (collectively "Copyrighted Stanley Work Product").   True and correct copies of

10  the Copyrighted Stanley Work Product are attached as Exhibit 5.

11         24.     Attached as Exhibit 6 is a true and correct accounting of the "Summary of

12  Payments on Copyrighted Materials" ("Summary").  The Summary identifies each individual

13  copyright registration number and cross-references the Copyrighted Stanley Work Product to the

14  unpaid invoices.

15         25.     As detailed in the Summary, Stanley is owed in excess of $2.280 million for the

16  Copyrighted Stanley Work Product.

17         26.     Attached as Exhibit 7 is true and correct copies of the copyrighted Stanley Work

18  Product that Rhodes failed to pay for and that Stanley has not received "just and equitable

19  compensation" (Stanley Work Product Linked to Unpaid Invoices").

20  **STANLEY MATERIALS**

21         27.     Upon information and believe, Rhodes has continued to use and benefit from the

22  Stanley Work Product after Stanley terminated the Master Contracts, including the use of Stanley

23  Work Product by third parties for derivative work (collectively referred to as the "Stanley

24  Materials").

25         28.     Stanley objects to any use, transfer or sale of the Stanley Materials as part of the

26  Arizona Assets.

27  // // //

28  // // //

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
777 No. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

1      I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct to the best of my knowledge, information and belief.

3    Executed this 11th day of August 2010, in Las Vegas, Nevada.

David Frohnen

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
777 No. RAINBOW BLVD., SUITE 145
LAS VEGAS, NEVADA 89107
TEL (702) 479-1010 • FAX (702) 479-1025

811772.1 5835.005