ORIGINAL

1 | Robert C. Maddox, Esq., NV Bar No. 4002
Troy L. Isaacson, Esq., NV Bar No. 6690
2 | Norberto J. Cisneros, Esq., NV Bar No. 8782
MADDOX, ISAACSON & CISNEROS, LLP
3 | 3811 West Charleston Blvd., Suite 110
Las Vegas, Nevada 89102
4 | Telephone: (702) 366-1900
Facsimile: (702) 366-1999
5 | Attorneys for Creditors
Charles and Wendy Bagley and
6 | Rickey and Doris Lofton

RECEIVED
AND FILED

Aug 13   3 45 PM '10

U.S. _____ COURT
MARY _____ CLERK

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                          **DISTRICT OF NEVADA**

10 | In re:                                :  Case No.:  BK-S-09-14814-LBR
                                           :  (Jointly Administered)
11 | THE RHODES COMPANIES, LLC, aka         :
    "Rhodes Homes," et al.,                :
12 |                                        :  Chapter 11
                                           :
13 |              Debtors.                  :
                                           :

14 | _____

**ERRATA TO MOTION OF CHARLES AND WENDY BAGLEY, AND RICKEY AND**
15 | **DORIS LOFTON FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362(a)**

16          CHARLES and WENDY BAGLEY, and RICKEY and DORIS LOFTON (hereinafter

17 | "Creditors"), by and through their undersigned counsel, hereby submit this Errata to Motion of Charles

18 | and Wendy Bagley, and Rickey and Doris Lofton for Relief from the Automatic Stay of 11 U.S.C. § 362(a).

19 | The Errata consists of the Creditors' Complaint for Damages, identified as Exhibit "A."

20          DATED this 9th day of August, 2010.

21                                          **MADDOX, ISAACSON & CISNEROS, LLP**

22

23 | By:_____
                Robert C. Maddox, Esq., NV Bar No. 4002
24              Troy L. Isaacson, Esq., NV Bar No. 6690
                Norberto J. Cisneros, Esq., NV Bar No. 8782
25              3811 West Charleston Blvd., Suite 110
                Las Vegas, Nevada 89102
26              Attorneys for Creditors

27

28

*Left margin (vertical):* MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

1

## CERTIFICATE OF MAILING

2      I hereby certify that on the 12th day of August, 2010, a copy of the attached **ERRATA TO**

3  **MOTION OF CHARLES AND WENDY BAGLEY, AND RICKEY AND DORIS LOFTON**

4  **FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362(a)** was served upon the

5  persons listed below, via first class mail, postage pre-paid:

6                          SEE ATTACHED SERVICE LIST

7

8                          _____
                           An Employee of Maddox, Isaacson & Cisneros, LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

2

1

<u>Service List</u>
Case No. 09-14814-lbr

2

3   Acceleron Group                                    Nile Leatham, Esq.
    2791 Soft Horizon Way                              3320 West Sahara Avenue, Suite 380
4   Las Vegas, Nevada 89135                            Las Vegas, Nevada 89102
    Consultant                                         Attorneys for Reorganized Debtors
5
    Shirley S. Cho, Esq.                               Zachariah Larson, Esq.
6   James I. Stang, Esq.                               Larson & Stephens
    10100 Santa Monica Blvd., 11th Floor               810 South Casino Center Blvd., Suite 104
7   Los Angeles, California 90067                      Las Vegas, Nevada 89101
    Attorneys for Debtor                               Attorneys for Reorganized Debtors and
    The Rhodes Companies, LLC                          Debtor The Rhodes Companies, LLC
8
    Edward M. McDonald                                 Rew R. Goodenow, Esq.
9   Office of the U.S. Trustee                         P.O. Box 2790
    300 South Las Vegas Blvd., Suite 4300              Reno, Nevada 89505
10  Las Vegas, Nevada 89101                            Attorneys for Creditors Committee

11  J. Thomas Beckett, Esq.                            Damon K. Dias, Esq
    Parsons, Behle & Latimer                           Dias Law Group, Ltd.
12  201 South Main Street, Suite 1800                  601 South Sixth Street
    P.O. Box 45898                                     Las Vegas, Nevada 89101
13  Salt Lake City, Utah 84145                         Attorneys for Debtor
    Attorneys for Creditors Committee                  X-It at 2-15, LLC
14
    Janet L. Chubb, Esq.                               Charles M. Litt, Esq.
15  Jones Vargas                                       Feinberg, Grant, Mayfield, Kaneda & Litt
    100 West Liberty Street, 12th Floor                1955 Village Center Circle
16  P.O. Box 281                                       Las Vegas, Nevada 89134
    Reno, Nevada 89504                                 Attorneys for Creditor
17  Attorneys for Creditor                             The Preserve at Elkhorn Springs Homeowners
    Commerce Associates, LLC                           Association, Inc.
18
    James B. Macrobbie, Esq.                           Nile Leatham, Esq.
19  Jeffrey R. Sylvester, Esq.                         Timothy P. Thomas, Esq.
    Sylvester & Polednak, Ltd.                         Kolesar & Leatham, Chtd.
20  7371 Prairie Falcon, Suite 120                     3320 West Sahara Avenue, Suite 380
    Las Vegas, Nevada 89128                            Las Vegas, Nevada 89102
21  Attorneys for Creditor                             Attorneys for Creditor
    Credit Suisse, Cayman Islands Branch               Steering Committee of Senior Secured Lenders
22
    Robert R. Kinas, Esq.                              Janiece S. Marshall, Esq.
23  Snell & Wilmer, LLP                                Anderson, McPharlin & Conners, LLP
    3883 Howard Hughes Pkwy., #1100                    2300 West Sahara Avenue, 8th Floor
24  Las Vegas, Nevada 89169                            Las Vegas, Nevada 89102
    Attorneys for Creditor                             Attorneys for Creditor
    Caterpillar Financial Services Corporation         Stanley Consultants, Inc.
25
    Bart K. Larsen, Esq.                               Thomas E. Crowe, Esq.
26  3320 West Sahara Avenue, Suite 380                 2830 South Jones Blvd., #3
    Las Vegas, Nevada 89102                            Las Vegas, Nevada 89146
27  Attorneys for Creditor                             Attorneys for Creditors
    Reef Colonial, LLC                                 Shane Smith and Virginia Springall-Smith

28

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

1

Philip S. Gerson, Esq.
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Creditor
Clark County

Eric Ransavage, Esq.
Shinnick, Ryan & Ransavage, PC
2881 Business Park Court, Suite 210
Las Vegas, Nevada 89128
Attorneys for Creditor
Leslie Blasco, et al.

Virginia Cronan Lowe, Esq.
U.S. Department of Justice, Tax Division
P.O. Box 683
Ben Franklin Station
Washington, DC 20044
Attorneys for Creditor
United States of America-Internal Revenue
Service

Brett A. Axelrod, Esq.
Anne M. Loraditch, Esq.
Fox Rothschild, LLP
3800 Howard Hughes Pkwy., Suite 500
Las Vegas, Nevada 89169
Attorneys for Creditors
James Rhodes and Sagebrush Enterprises, Inc.

Don S. Deamicis, Esq.
1 International Place
Boston, Massachusetts 02210
Attorneys for Creditor
Wells Fargo Bank, N.A.

Donald H. Williams, Esq.
501 South Rancho Drive, Suite D-22
Las Vegas, Nevada 89106
Attorneys for Creditor
Westar Kitchen & Bath, LLC

Mark R. Somerstein, Esq.
Ropes & Gray, LLP
1211 Avenue of the Americas
New York, NY 10036
Attorneys for Creditor
Wells Fargo Bank, N.A.

Jeffrey D. Olster, Esq.
Lewis, Brisbois, Bisgaard & Smith, LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
Attorneys for Creditor
Harsch Investment Properties - Nevada, LLC

Carol L. Harris, Esq.
Kemp, Jones & Coulthard, LLP
3800 Howard Hughes Pkwy., 17th Floor
Las Vegas, Nevada 89169
Attorneys for Creditor
In re Kitec Fitting Litigation Class Plaintiffs

David A. Colvin, Esq.
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Creditor
Dana Kepner Companies, LLC

Richard I. Dreitzer, Esq.
Bullivant Houser Bailey, PC
3883 Howard Hughes Pkwy., #550
Las Vegas, Nevada 89169
Attorneys for Creditor
Inc. Integrity Masonry

Kirby C. Gruchow, Jr., Esq.
Leach, Johnson, Song & Gruchow
5495 South Rainbow Blvd., Suite 202
Las Vegas, Nevada 89118
Attorneys for Creditor
Nevada Power Company

Palecek
P.O. Box 225
Richmond, California 94804
Creditor

Janina Guthrie
1225 Monterey Street
Redlands, California 92373
Creditor

4

Exhibit A

Electronically Filed
07/12/2010 03:07:17 PM

1  COMP
   Robert C. Maddox, Esq., NV Bar No. 4002
2  Troy L. Isaacson, Esq., NV Bar No. 6690
   Norberto J. Cisneros, Esq., NV Bar No. 8782
3  MADDOX, ISAACSON & CISNEROS, LLP
   3811 West Charleston Blvd., Suite 110
4  Las Vegas, Nevada 89102
   Telephone: (702) 366-1900
5  Facsimile: (702) 366-1999
   Attorneys for Plaintiffs
6

**CLERK OF THE COURT**

7                    **DISTRICT COURT**

8              **CLARK COUNTY, NEVADA**

9  CHARLES AND WENDY BAGLEY, husband          CASE NO.: A- 1 0 - 6 2 0 6 0 9 - D
10 and wife; and RICKEY AND DORIS LOFTON,      DEPT NO.:
   husband and wife,                                                    XI X
11                                              **PLAINTIFFS' COMPLAINT FOR**
            Plaintiffs,                         **DAMAGES**
12
   vs.                                          **Exempt from Arbitration:**
13                                              1.  **Claim in excess of $50,000.00; and**
   ALL DRYWALL & PAINT, INC., a Nevada         2.  **Public Policy - Construction Defect**
14 corporation; ARISTOTLE ELECTRIC, INC., a        **Claims Subject to Mandatory Chapter**
   Nevada corporation; AR ORNAMENTAL               **40 Mediation**
15 IRON, INC., a Nevada corporation; CAL-NEVA
   ELECTRIC, a Nevada corporation; CANAC
16 KITCHENS U.S. LIMITED, a Delaware
   corporation; CEDCO, INC., a Nevada
17 corporation; DEAN CONCRETE, INC., a
   Nevada corporation; DESERT FIREPLACES
18 PLUS, INC., a Nevada corporation; HYNDS
   PLUMBING & HEATING CO., a Nevada
19 corporation; MAGNUM AIR, a Nevada
   corporation; MASTERVIEW WINDOW
20 COMPANY LLC, a Delaware Limited Liability
   Company; MESTAS ROOFING, INC., a Nevada
21 corporation; MS CONCRETE CO., INC., a
   Nevada corporation; PETE WHITE
22 CONCRETE, INC., a Nevada corporation dba
   WHITE EAGLE CONCRETE; QUALITY
23 WOOD PRODUCTS, LTD., a Nevada
   corporation; RCD MECHANICAL, INC., a
24 Nevada corporation; SOUTHERN NEVADA
   PAVING, INC., a Nevada corporation;
25 STEWART & SUNDELL CONCRETE, INC., a
   Nevada corporation; DOES 1 through 100; and
26 ROE SUBCONTRACTORS 1 through 100,
   inclusive,
27
                    Defendants.
28

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd., Suite 110
Las Vegas, Nevada 89102

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

1    COME NOW Plaintiffs, CHARLES AND WENDY BAGLEY, husband and wife; and RICKEY

2    AND DORIS LOFTON, husband and wife, by and through their counsel, Maddox, Isaacson & Cisneros,

3    LLP, and for causes of action against Defendants, and each of them, allege as follows:

4                                      **GENERAL ALLEGATIONS**

5        0.1    Plaintiffs CHARLES AND WENDY BAGLEY are the purchasers and current owners of

6    real property commonly referred to as 9499 Malasana Court, situated in Clark County, Las Vegas, Nevada

7    89147, with a parcel number of 163-19-710-022.

8        0.2    Plaintiffs RICKEY AND DORIS LOFTON are the purchasers and current owners of real

9    property commonly referred to as 9474 Castillana Court, situated in Clark County, Las Vegas, Nevada

10   89147, with a parcel number of 163-19-710-033.

11       0.3    Pursuant to NRS §40.600 through 40.695 inclusive, Plaintiffs seek recovery for damages

12   suffered by each of them as to their separate interests as delineated by law.

13       0.4    The Subject Properties and buildings thereupon, will hereinafter sometimes collectively be

14   referred to as the "Subject Properties" and/or "Madrid Estates."

15       0.5    Prior to the filing of this complaint, on or about various dates between 2006 and 2009,

16   Plaintiffs, in compliance with the provisions of NRS 40.645 and each subsection thereof, prepared and

17   delivered to Developer, and each of them, a "Notice to Contractor" and list of known or identified defects

18   together with reports by experts who performed inspections resulting in the said list of defects attesting

19   to the fact that the said defects were common throughout the community.

20       0.6    Following delivery of the Notice to Contractor, and pursuant to demand by Respondents,

21   Plaintiffs provided notice and opportunity to inspect the entirety of the community and representative

22   sampling of the units comprising the same. Experts and representatives of Defendants appeared but failed

23   and refused to do a thorough and complete inspection of the Subject Property and all through no fault

24   on the part of Plaintiffs.

25       0.7    Following the said opportunity to inspect, Defendants provided no response to the Notice

26   to Contractor as required by law and did not offer to or assert any right to repair as provided by law,

27   thereby waiving the right to repair.  Plaintiffs are now, therefore, authorized and permitted by the

28   provisions of NRS 40.600 - 40.695 to bring and maintain this action in all respects.

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd. Suite 110
Las Vegas, Nevada 89102

0.8   Plaintiffs are informed and believe and thereon allege that, at all times relevant hereto, Defendants, ALL DRYWALL & PAINT, INC., a Nevada corporation; ARISTOTLE ELECTRIC, INC., a Nevada corporation; AR ORNAMENTAL IRON, INC., a Nevada corporation; CAL-NEVA ELECTRIC, a Nevada corporation; CANAC KITCHENS U.S. LIMITED, a Delaware corporation; CEDCO, INC., a Nevada corporation; DEAN CONCRETE, INC., a Nevada corporation; DESERT FIREPLACES PLUS, INC., a Nevada corporation; HYNDS PLUMBING & HEATING CO., a Nevada corporation; MAGNUM AIR, a Nevada corporation; MASTERVIEW WINDOW COMPANY LLC, a Delaware Limited Liability Company; MESTAS ROOFING, INC., a Nevada corporation; MS CONCRETE CO., INC., a Nevada corporation; PETE WHITE CONCRETE, INC., a Nevada corporation dba WHITE EAGLE CONCRETE; QUALITY WOOD PRODUCTS, LTD., a Nevada corporation; RCD MECHANICAL, INC., a Nevada corporation; SOUTHERN NEVADA PAVING, INC., a Nevada corporation; STEWART & SUNDELL CONCRETE, INC., a Nevada corporation (collectively "Subcontractors") were legal entities authorized to do business in Clark County, Nevada, and who installed, designed, constructed or supplied materials for improvements and/or construction of the Subject Property, and are therefore responsible in some manner for the defects and deficiencies in the installation, design, construction or supplying of materials of the Subject Property, as generally alleged herein, and Plaintiffs' damages related to such defects and deficiencies.

0.9   The true names and capacities of Defendants sued herein as DOES 1 through 100; and ROE SUBCONTRACTORS 1 through 100, inclusive, and each of them, are presently unknown to the Plaintiffs and therefore are sued under fictitious names. Plaintiffs are informed and believe, and thereon allege, that DOE and ROE Defendants are responsible for the planning, development, design, provision of materials, construction, supervision of construction, inspection, repair, approval, marketing, sale and/or management of the Subject Property and, therefore, they are responsible in some manner for the damages alleged herein by Plaintiffs. Plaintiffs are also are informed and believe, and thereon allege, that DOE and ROE Defendants had knowledge of or had a reasonable basis to know about the existence of defects and deficiencies at the Subject Property and the damages related thereto as alleged herein, but intentionally, negligently and/or recklessly failed to disclosed the same upon the sale of the Subject Property, and/or fraudulently concealed such known facts, to the detriment of subsequent purchasers, such that adequate

3

1  and proper disclosures could be made to Plaintiffs.

2      0.10    The true names and capacities of Defendants sued herein as DOES 1 through 100; and

3  ROE SUBCONTRACTORS 1 through 100, inclusive, and each of them, are presently unknown to the

4  Plaintiffs and therefore are sued under fictitious names. Plaintiffs are informed and believe, and thereon

5  allege, that DOE and ROE Defendants are responsible in some manner for the defective and negligent

6  engineering, architecture, construction, supply of improper materials, and inspection of the subject

7  residence, or in some other actionable manner were an integral part of the chain of development,

8  construction and marketing of subject residence, and that Plaintiffs' damages as herein alleged were

9  proximately caused by their conduct. Plaintiffs pray for leave to amend the Complaint when the true

10  names and capacities of such Defendants are ascertained.

11      0.11    The true names and capacities of Defendants sued herein as DOES 1 through 100; and

12  ROE SUBCONTRACTORS 1 through 100, inclusive, and each of them, are presently unknown to the

13  Plaintiffs and therefore are sued under fictitious names. Plaintiffs are informed and believe, and thereon

14  allege, that DOE and ROE Defendants are the agents, servants and employees of his or her co

15  Defendants, and in doing the things hereafter mentioned were acting in the scope of his or her authority

16  as such agent, servant and employee, and with the permission and consent of his or her co-Defendants,

17  and that each of said fictitiously named Defendants, whether an agent, corporation, association, or

18  otherwise, is in some way liable or responsible to the Plaintiffs on the facts hereinafter alleged, and caused

19  injuries and damages proximately thereby as hereinafter alleged. At such time as Defendants' true names

20  become known to Plaintiffs, Plaintiffs will ask leave of the Court to amend the Complaint to insert said

21  true names and capacities.

22      0.12    Pursuant to NRS §40.645, on or about July 24, 2006, January 2, 2007, and December 17,

23  2008, Plaintiffs directed Notices of Constructional Defects to Defendants, and each of them, advising

24  them of the constructional defects present within the Subject Property. True and correct copies of the

25  initial Notices are attached hereto and made a part hereof as "Exhibit 1."

26      0.13    Despite being presented with the Notices of Constructional Defects, Defendants, and each

27  of them, either failed to perform adequate repairs to defective conditions, or failed to perform any repairs

28  to the defects, within the Subject Property pursuant to the provisions of NRS § 40.600, *et seq.*

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd. Suite 110
Las Vegas, Nevada 89102

4

**FIRST CAUSE OF ACTION**
(Breach of Implied Warranties of Habitability,
Quality, and Workmanship As Against All Defendants)

1.1　Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

1.2　Plaintiffs are informed and believe and thereon allege that DOE and ROE Defendants (subcontractors and design professionals) entered into contracts with Defendants to perform certain services or work with regard to the design, construction and inspection of construction of the Subject Property. Plaintiffs, and/or their predecessors in interest, were intended third-party beneficiaries of each and every such contract.

1.3　Further, said DOE and ROE Defendants (subcontractors and design professionals), by entering into said contracts with Defendants and/or Plaintiffs and/or their predecessors in interest, impliedly warranted that the Subject Property would be of good and merchantable quality and would be at least a quality as would be fit for the ordinary purpose for which the Subject Property were to be used and would be habitable. Further, said Defendants, and each of them, impliedly warranted the quality of construction of the Subject Property as provided in NRS 116.4114.

1.4　Defendants also impliedly warranted that said homes would be of good and merchantable quality and would be at least a quality as would be fit for the ordinary purposes for which such homes were to be used and would be habitable. Further, said Defendants, impliedly warranted the quality of construction of the Subject Property as provided in NRS 116.4114.

1.5　The Plaintiffs purchased their home in reliance on the implied warranties and promises made by the Defendants, the DOE and ROE Defendants, and each of them. Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

1.6　Plaintiffs have notified Defendants, and each of them, of said breach of implied warranties and said Defendants have refused and continue to refuse to remedy these defects.

1.7　As a direct and proximate result of the breach of the implied warranties by Defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from the failure of the architectural, mechanical, electrical and geotechnical components and/or systems. Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at the time of trial according to

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

5

1 proof.

2    1.8    The foregoing list of defects is only partial, and Plaintiffs will seek leave to amend this

3 Complaint or will, by Court Order, prepare a final list of defects describing the full nature and extent of

4 defects at the Subject Property once ascertained.

5    1.9    Plaintiffs hereby incorporate their prayers for relief as though set forth herein.

6                        **SECOND CAUSE OF ACTION**
                 **(Breach of Express Warranties as Against All Defendants)**
7
    2.1    Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint
8
as though fully set forth herein.
9
    2.2    On various dates commencing in or about 2000, in Clark County, State of Nevada, the
10
Plaintiffs, entered into contracts in writing with Defendants for the purchase from said Defendants of the
11
Subject Property.
12
    2.3    At the time of negotiations of said contracts, but before said contracts were executed
13
between the Plaintiffs and/or their predecessors in interest and said Defendants, as an inducement to the
14
Plaintiffs and/or their predecessors in interest to purchase the Subject Property, and as a part of the basis
15
of the bargain of the parties that culminated in the making of the contracts, said Defendants expressly
16
warranted to Plaintiffs and/or their predecessors in interest that the Subject Property were constructed
17
in conformity with the applicable building codes and the specific codes and regulations of, among possibly
18
others, Clark County, State of Nevada, the approved plans and specifications, and that said structures were
19
and are sound and safe, and would remain so. Plaintiffs are further informed and believe, and thereon
20
allege, that the express warranties made and used by said Defendants, and each of them, have at all
21
relevant times been written in the form of, by example, and without limitation: advertising flyers,
22
brochures, sales literature, promotional packages, signs, magazine and newspaper articles and
23
advertisements, all designed to promote the sale of the Subject Property, and the belief that the Subject
24
Property had been sufficiently constructed. Further, Plaintiffs allege that the express warranties were also
25
oral, including without limitation, the complimentary statements made to Plaintiffs and/or their
26
predecessors in interest, by agents of Defendants, and each of them, in marketing and offering the Subject
27
Property for sale.

28 ///

6

2.4     The Plaintiffs and/or their predecessors in interest, purchased said homes in reliance on the express warranties, affirmations of fact, and promises made by Defendants. Plaintiffs, and each of them, have duly performed all the conditions and covenants of said contracts on their part to be performed.

2.5     Plaintiffs notified Defendants, and each of them, of said breach of contract and breach of warranties, and said Defendants, and each of them, have refused, and continue to refuse, to remedy these defective conditions.

2.6     As a direct and proximate result of the breach of express warranties (written and oral) by Defendant, and each of them, as herein above alleged, Plaintiffs suffered damages stemming from the failure of, among possibly other items, the architectural, mechanical, electrical and geotechnical components and/or systems.

2.7     The foregoing list of defects is only partial, and Plaintiffs will seek leave to amend this Complaint or will by Court Order prepare a final list of defects describing the full nature and extent of defects at the Subject Property once ascertained.

2.8     Plaintiffs have suffered damages in an amount not fully known but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition.  Plaintiffs will establish the precise amount of such damages at trial, according to proof.

2.9     Plaintiffs hereby incorporate their prayers for relief as though set forth herein.

### THIRD CAUSE OF ACTION
**(Negligence and Negligence Per Se as to
All Defendants, Does 1 through 50, and Roes 1 through 50)**

3.1     Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

3.2     Plaintiffs allege that Defendants, and each of them, knew or should have known that if the Subject Property, subject structure and/or subject premises were not properly or adequately designed, engineered, marketed, supervised and/or constructed, that the owners and users would be substantially damaged thereby, and that the Subject Property, subject structure and/or subject premises would be

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd. Suite 110
Las Vegas, Nevada 89102

7

1    defective and not of merchantable quality.

2        3.3    Plaintiffs allege that the Defendants, and each of them, were under a duty to exercise

3    ordinary care to avoid reasonably foreseeable harm to users and purchasers of the Subject Property,

4    subject structure and/or subject premises, and knew or should have foreseen with reasonable certainty that

5    purchasers and/or users would suffer the monetary damages set forth herein, if said Defendants, and each

6    of them, failed to perform their duty to cause the Subject Property, subject structure and/or subject

7    premises to be designed, engineered and completed in a proper and workmanlike manner and fashion.

8        3.4    Said Defendants, and each of them, breached their duty owed to Plaintiffs, failed and

9    neglected to perform the work, labor and services properly or adequately in that each said Defendants so

10   negligently, carelessly, recklessly and in an unworkmanlike manner designed, constructed and inspected

11   the Subject Property and performed the aforesaid work, labor and/or services, such that the subject

12   premises and subject structures and/or property as described herein were designed, engineered, and/or

13   constructed improperly, negligently, carelessly, in an unworkmanlike manner, in violation of applicable

14   code, including, but not limited to, the Uniform Building Code, and/or below the standard of care, thereby

15   breaching the duty owed to Plaintiffs.  Further, Defendants sellers knew or should have known that the

16   premises were constructed in an unworkmanlike manner.

17       3.5    Defendants' negligence alleged above includes the failure to meet the applicable building

18   codes and ordinances which were in effect. Plaintiffs are persons which the building codes and ordinances

19   were designed to protect.  Such violations are negligence per se on the part of Defendants, and each of

20   them.

21       3.6    As a direct and proximate result of the foregoing negligence and negligence per se,

22   carelessness and unworkmanlike conduct, actions and/or omissions by said Defendants, and each of them,

23   Plaintiffs have suffered damages in an amount in excess of $50,000.00.  Plaintiffs are presently unaware

24   of the precise amount of damages needed in order to correct the defective conditions of the Subject

25   Property, subject premises and subject structures located thereon, but will establish the same at trial

26   according to proof.

27       3.7    Plaintiffs hereby incorporate their prayers for relief as though set forth herein.

28   ///

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd. Suite 110
Las Vegas, Nevada 89102

**FOURTH CAUSE OF ACTION**
**(Negligent Misrepresentation and Negligent Failure to Disclose**
**as to All Defendants, Does 1 through 50, and Roes 1 through 50)**

4.1     Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

4.2     Plaintiffs allege that, at all relevant times, Defendants, and each of them, owed to Plaintiffs, and members of the general public a duty to disclose all conditions potentially having adverse impact upon the Subject Property, the value and their safety as well as stability. Plaintiffs allege that Defendants, and each of them, also owed Plaintiffs, their predecessors in interest, and/or members of the general public a duty to represent with reasonable accuracy the actual conditions, quality and significant factors concerning value, safety and stability of the Subject Property. As the builders, developers and sellers of said Subject Property, Defendants, and each of them, held a special relationship of trust and confidence with potential buyers such that duties of disclosure and accurate representations were incumbent upon Defendants, and each of them.

4.3     Plaintiffs allege that Defendants, and each of them, at all relevant times, in breach of the duties set forth above, negligently misrepresented and/or failed to disclose to Plaintiffs, and members of the general public, facts and information regarding the defective conditions known to Defendants and affecting the Subject Property, as described herein above.

4.4     Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, knew or should have known that members of the public, including the Plaintiffs, would purchase the Subject Property and that Defendants, who have superior knowledge and expertise as builders, developers, designers and/or sellers of the Subject Property, were required to correct any such defects in the Subject Property and were further required not to sell such defective property and were also required to make such defects in the Subject Property known to Plaintiffs as prospective purchasers.

4.5     Had Plaintiffs known the undisclosed facts, Plaintiffs would have either investigated the condition and integrity of the Subject Property or declined to purchase the Subject Property, and Plaintiffs would not have relied, as they did, upon the representations of the Defendants, and each of them, that the Subject Property was generally in good condition and fit for their intended use and that all repair work and/or renovations had been successfully completed.

4.6    Plaintiffs allege that as a direct and proximate result of the defects set forth herein, Plaintiffs have suffered damages in an amount not fully known, but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works or repair, restoration, and construction to portions of the Subject Property to prevent further damage and restore the Subject Property, subject premises and structures located thereon to their proper condition. Plaintiffs will establish the precise amount of such damages at trial, according to proof.

4.7    Plaintiffs hereby incorporate their prayers for relief as though set forth herein.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.    For general and special damages in excess of $50,000.00 including, but not limited to, costs of repair, loss of market value, loss of use, loss of financing, loss of investment and out-of pocket expenses to be determined at the time of trial according to proof;

2.    For reasonable attorneys' fees and costs according to proof;

3.    For prejudgment and post-judgment interest on all sums awarded, according to proof at the maximum legal rate;

4.    For all damages pursuant to NRS 40.600 through 40.495, in particular 40.650 and 40.655;

5.    For costs of suit incurred; and

6.    For such further and other relief as the Court may deem, fair, just and proper.

DATED this 8 day of July, 2010.

MADDOX, ISAACSON & CISNEROS, LLP

By:_____
Robert C. Maddox, Esq., NV Bar No. 4002
Troy L. Isaacson, Esq., NV Bar No. 6690
Norberto J. Cisneros, Esq., NV Bar No. 8782
3811 West Charleston Blvd., Suite 110
Las Vegas, Nevada 89102
Attorneys for Plaintiffs

MADDOX, ISAACSON & CISNEROS, LLP
An Association of Professional Corporations
3811 W. Charleston Blvd, Suite 110
Las Vegas, Nevada 89102

10

Exhibit 1

1  **NOT**
   Robert C. Maddox, Esq.
2  Nevada Bar No. 4002
   Troy L. Isaacson, Esq.
3  Nevada Bar No. 6690
   Don Springmeyer
4  Nevada Bar No. 1021
   Robert C. Maddox & Associates
5  3811 West Charleston Blvd., Suite 110
   Las Vegas, Nevada 89102
6  Telephone:    (702) 366-1900
   Facsimile:    (702) 366-1999
7  *Attorneys for Claimants*

8

9  CHARLES BAGLEY,                          )
                                            )
10          Claimant(s),                    )      **NOTICE OF COMPLIANCE**
                                            )      **WITH NEVADA REVISED**
11          vs                              )      **STATUTE 40.645**
                                            )
12  RHODES DESIGN AND DEVELOPMENT           )
    CORPORATION DBA RHODES HOMES,           )
13                                          )
            Respondent(s).                  )
14                                          )

15  **TO:    RHODES DESIGN AND DEVELOPMENT CORPORATION DBA RHODES**

16  **HOMES**

17
          **PLEASE TAKE NOTICE** that this firm has been retained by Charles Bagley
18
    ("Claimant") to notify you of constructional defect claims pursuant to NRS 40.600, *et seq.*
19

20                                       **I.**

21                                    **NOTICE**

22          This notice is made by certified mail, return-receipt requested, pursuant to NRS

23  40.645(1)(a), to RHODES DEVELOPMENT AND DESIGN CORPORATION DBA RHODES

24  HOMES, James Rhodes, President, 4730 South Fort Apache Road, Suite 300, Las Vegas,

25  Nevada 89147.

26

27

28

## II.

### THE PROJECT

The location of the claimant(s) residence is 9499 Malasana Court, Las Vegas, Nevada 89147 in the subdivision commonly known as Madrid Estates..

## III.

### COMMUNICATIONS

At the request of the Claimant(s), all communications, either verbal, written or otherwise regarding this matter must be made to, and through, the law office of ROBERT C. MADDOX & ASSOCIATES. Any communication made to the Claimant(s) by telecommunication or direct contact, unless otherwise specifically authorized through this law firm, should be directed to ROBERT C. MADDOX & ASSOCIATES, 3811 W. Charleston Blvd., Suite 110, Las Vegas, Nevada 89102.

## IV.

### TOLLING OF ALL RELEVANT STATUTES OF LIMITATION/REPOSE

This notice shall also commence the tolling provisions contained in NRS 40.695; thus any statutory and contractual limitations as they apply to Claimant(s) will be tolled during the entire NRS 40.600 process.

## V.

### THE DEFECTS

Pursuant to, and in compliance with, NRS §40.645.4(a),(b), and (c), this Notice contains the preliminary construction defect list, attached hereto and made a part hereof as Exhibit "A", thus far identified by the Claimant(s) hereto. The defect list in no way represents a complete investigation and should not be construed as a complete statement of all constructional defects, and Claimants reserve the right to amend and/or append the lists after further investigation/discovery.

2

# VI.

## REQUESTED DOCUMENTS

Pursuant to NRS 40.681, this is a demand that you immediately provide a copy of all relevant reports, photos, correspondence, plans, specifications, shop drawings, warranties, contracts, including contracts for insurance that cover RHODES DEVELOPMENT AND DESIGN CORPORATION DBA RHODES HOMES, subcontracts, work orders for repair, videotapes, audiotapes, and soil and other engineering reports that are not privileged.

# VII.

## PROTECTED CORRESPONDENCE

All documents and writings, including this notice, are protected by the document/mediation privilege set for in NRS 48.109 and by the explicit terms of NRS 40.680. The legislative purpose of NRS 40.600 *et seq.* is to settle construction defect claims without litigation. As such, all documents including this notice, are protected and privileged.

# VIII.

## MEDIATION DEMAND

Pursuant to NRS §40.680, demand is hereby made for the mandated pre-litigation mediation proceedings. We suggest Gary Nagle, Esq., as the mediator. Pursuant to NRS §40.680(2), you have 20 days to notify us of your approval of Mr. Nagle as the mediator or to provide us with alternative names.

# IX.

## PROCEDURE FOR CONTRACTOR'S RESPONSE

A.      Inspection. Pursuant to NRS 40.6462 and NRS 40.647 you may, after receipt of this notice and upon your reasonable written request to this office, inspect the property.

3

B.    Offer. NRS 40.6472 further mandates that within 90 days from your receipt of this Notice you must provide a written response to each of the construction defect items. Your response must include details as to the nature and extent of the constructional defect, and unless the response is limited to a proposal for monetary compensation, the response must also include the method, adequacy and the request for and the estimated costs of any proposed repair. NRS 40.6472(2).

C.    Mediation. If disputes remain, the parties are required to submit to mediation before litigation is commenced by the Claimant(s). To the extent the contractor is unable or unwilling to effect proper repairs, Claimant(s) hereby propose mediation utilizing the services of Gary Nagle, Esq.

D.    Correspondence address. In satisfying the time requirements of NRS 40.600-695, any verbal and written communications, must be timely provided to ROBERT C. MADDOX & ASSOCIATES, 3811 W. Charleston Blvd., Suite 110, Las Vegas, Nevada 89102, (702) 366-1900. We appreciate your anticipated cooperation in this matter.

DATED: This 24th day of July, 2006.

ROBERT C. MADDOX & ASSOCIATES

By: _____
Robert C. Maddox, Esq.
Nevada Bar No. 4002
Don Springmeyer, Esq.
Nevada Bar No. 1021
Troy L. Isaacson, Esq.
Nevada Bar No. 6690
Attorneys for Claimant

4

## EXHIBIT "A"

9499 Malasana Court

1.   Interior drywall cracks in entryway.
2.   Interior drywall cracks, including, but not limited to, living room and front office windows.
3.   Interior drywall ceiling cracks, including, but not limited to, front office.
4.   Baseboards pulling away in living room.
5.   Baseboards water stained and pulling away in powder and laundry room.
6.   Water stains on ceiling in front office.
7.   Water stains on walls of laundry room and powder room.
8.   Drywall cracks on ceiling in garage.
9.   Hollow, cracked tiles and grout coming out in front entryway and kitchen.
10.  Problems with hardware at front door.
11.  Water entry at side door in garage.
12.  Foundation cracked in garage.
13.  Heating ventilation and air conditioning does not heat /cool evenly and adequately.
14.  Stucco ceiling on patio cracking.

NOT
Robert C. Maddox, Esq.
Nevada Bar No. 4002
Troy L. Isaacson, Esq.
Nevada Bar No. 6690
Don Springmeyer
Nevada Bar No. 1021
Robert C. Maddox & Associates
3811 West Charleston Blvd., Suite 110
Las Vegas, Nevada 89102
Telephone:    (702) 366-1900
Facsimile:    (702) 366-1999
*Attorneys for Claimants*

CHARLES BAGLEY,                                    )
                                                   )
                    Claimant(s),                   )      **NOTICE OF COMPLIANCE**
                                                   )      **WITH NEVADA REVISED**
                    vs                             )      **STATUTE 40.645**
                                                   )
RHODES DESIGN AND DEVELOPMENT                      )
CORPORATION DBA RHODES HOMES.                      )
                                                   )
                    Respondent(s).                 )

TO:    RHODES DESIGN AND DEVELOPMENT CORPORATION DBA RHODES

HOMES

**PLEASE TAKE NOTICE** that this firm has been retained by Charles Bagley

("Claimant") to notify you of constructional defect claims pursuant to NRS 40.600, *et seq.*

I.

**NOTICE**

This notice is made by certified mail, return-receipt requested, pursuant to NRS 40.645,

to RHODES DEVELOPMENT AND DESIGN CORPORATION DBA RHODES HOMES,

James Rhodes, President, 4730 South Fort Apache Road, Suite 300, Las Vegas, Nevada 89147.

II.

**THE PROJECT**

The location of the claimant(s) residence is 9499 Malasana Court, Las Vegas, Nevada

89137 in the subdivision commonly known as Madrid Estates.

## III.

## COMMUNICATIONS

At the request of the Claimant(s), all communications, either verbal, written or otherwise regarding this matter must be made to, and through, the law office of ROBERT C. MADDOX & ASSOCIATES. Any communication made to the Claimant(s) by telecommunication or direct contact, unless otherwise specifically authorized through this law firm, should be directed to ROBERT C. MADDOX & ASSOCIATES, 3811 W. Charleston Blvd., Suite 110, Las Vegas, Nevada 89102.

## IV.

## TOLLING OF ALL RELEVANT STATUTES OF LIMITATION/REPOSE

This notice shall also commence the tolling provisions contained in NRS 40.695; thus any statutory and contractual limitations as they apply to Claimant(s) will be tolled during the entire NRS 40.600 process.

## V.

## THE DEFECTS

Pursuant to, and in compliance with, NRS §40.645, this Notice contains the preliminary construction defect list, attached hereto and made a part hereof as Exhibit "A", thus far identified by the Claimant(s). The defect list in no way represents a complete investigation and should not be construed as a complete statement of all constructional defects, and Claimants reserve the right to amend and/or append the lists after further investigation/discovery.

## VI.

## REQUESTED DOCUMENTS

Pursuant to NRS 40.681, this is a demand that you immediately provide a copy of all relevant reports, photos, correspondence, plans, specifications, shop drawings, warranties, contracts, including contracts for insurance that cover RHODES DEVELOPMENT AND

1  DESIGN CORPORATION DBA RHODES HOMES, subcontracts, work orders for repair,

2  videotapes, audiotapes, and soil and other engineering reports that are not privileged.

3                                             VII.

4                            PROTECTED CORRESPONDENCE

5          All documents and writings, including this notice, are protected by the document /

6  mediation privilege set for in NRS 48.105 and by the explicit terms of NRS 40.680. The

7  legislative purpose of NRS 40.600 *et seq.* is to settle construction defect claims without

8  litigation. As such, all documents including this notice, are protected and privileged.

9                                            VIII.

10                             MEDIATION DEMAND

11         Pursuant to NRS §40.680, demand is hereby made for the mandated pre-litigation

12  mediation proceedings. We suggest Gary Nagle, Esq., as the mediator. Pursuant to NRS

13  §40.680, you have 20 days to notify us of your approval of Mr. Nagle as the mediator or to

14  provide us with alternative names.

15                                             IX.

16                    PROCEDURE FOR CONTRACTOR'S RESPONSE

17     A.    Inspection. Pursuant to NRS 40.6462 and NRS 40.647 you may, after receipt of

18           this notice and upon your reasonable written request to this office, inspect the

19           property.

20     B.    Offer. NRS 40.6472 further mandates that within 90 days from your receipt of

21           this Notice you must provide a written response to each of the construction defect

22           items. Your response must include details as to the nature and extent of the

23           constructional defect, and unless the response is limited to a proposal for

24           monetary compensation, the response must also include the method, adequacy and

25           the request for and the estimated costs of any proposed repair. NRS 40.6472(2)

26     C.    Mediation. If disputes remain, the parties are required to submit to mediation

27           before litigation is commenced by the Claimant(s). To the extent the contractor is

28

                                                3

1    unable or unwilling to effect proper repairs, Claimant(s) hereby propose mediation

2    utilizing the services of Gary Nagle, Esq.

3    D.    Correspondence address.  In satisfying the time requirements of NRS 40.600-695,

4    any verbal and written communications, must be timely provided to ROBERT C.

5    MADDOX & ASSOCIATES, 3811 West Charleston Blvd., Suite 110, Las Vegas,

6    Nevada 89102, (702) 366-1900.  We appreciate your anticipated cooperation in

7    this matter.

8    DATED: This 2nd day of January, 2007.

9

10                                        ROBERT C. MADDOX & ASSOCIATES

11

12                                        By:
                                              Robert C. Maddox, Esq.
                                              Nevada Bar No. 4002
13                                            Don Springmeyer, Esq.
                                              Nevada Bar No. 1021
14                                            Troy L. Isaacson, Esq.
                                              Nevada Bar No. 6690
15                                            Attorneys for Claimant

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        4

## EXHIBIT "A"

9499 Malasana Court

1.   Interior drywall cracks in entryway.
2.   Interior drywall cracks, including, but not limited to, living room and front office windows.
3.   Interior drywall ceiling cracks, including, but not limited to, front office.
4.   Baseboards pulling away in living room.
5.   Baseboards water stained and pulling away in powder and laundry room.
6.   Water stains on ceiling in front office.
7.   Water stains on walls of laundry room and powder room.
8.   Drywall cracks on ceiling in garage.
9.   Hollow, cracked tiles and grout coming out in front entryway and kitchen.
10.   Problems with hardware at front door.
11.   Water entry at side door in garage.
12.   Foundation cracked in garage.
13.   Heating ventilation and air conditioning does not heat /cool evenly and adequately.
14.   Stucco ceiling on patio cracking.

1   NOT
    Robert C. Maddox, Esq.
2   Nevada Bar No. 4002
    Troy L. Isaacson, Esq.
3   Nevada Bar No. 6690
    Don Springmeyer
4   Nevada Bar No. 1021
    Robert C. Maddox & Associates
5   3811 West Charleston Blvd., Suite 110
    Las Vegas, Nevada 89102
6   Telephone:    (702) 366-1900
    Facsimile:    (702) 366-1999
7   Attorneys for Claimants

8
    RICKY LOFTON SR & DORIS LOFTON,            )
9                                              )
                 Claimant(s),                  )          NOTICE OF COMPLIANCE
10                                             )          WITH NEVADA REVISED
                 vs                            )          STATUTE 40.645
11                                             )
    RHODES DESIGN AND DEVELOPMENT              )
12  CORPORATION DBA RHODES HOMES,              )
                                               )
13               Respondent(s).                )
                                               )
14

15  TO:   RHODES DESIGN AND DEVELOPMENT CORPORATION DBA RHODES
          HOMES
16
          PLEASE TAKE NOTICE that this firm has been retained by RICKY LOFTON SR &
17
    DORIS LOFTON ("Claimants") to notify you of constructional defect claims pursuant to NRS
18
    40.600, et seq.
19
    I.    NOTICE
20
          This notice is made by certified mail, return-receipt requested, pursuant to NRS
21
    40.645(1)(a), to RHODES DEVELOPMENT AND DESIGN CORPORATION DBA RHODES
22
    HOMES, James Rhodes, President, 4730 South Fort Apache Road, Suite 300, Las Vegas,
23
    Nevada 89147.
24
    II.   THE PROJECT
25
          The location of the claimant(s) residence is 9474 Castillana Court, Las Vegas, Nevada
26
    89147in the subdivision commonly known as Madrid Estates.
27

28

    SCANNED
    12|19|08

III.    **COMMUNICATIONS**

At the request of the Claimant(s), all communications, either verbal, written or otherwise regarding this matter must be made to, and through, the law office of ROBERT C. MADDOX & ASSOCIATES. Any communication made to the Claimant(s) by telecommunication or direct contact, unless otherwise specifically authorized through this law firm, should be directed to ROBERT C. MADDOX & ASSOCIATES, 3811 W. Charleston Blvd., Suite 110, Las Vegas, Nevada 89102.

IV.    **TOLLING OF ALL RELEVANT STATUTES OF LIMITATION/REPOSE**

This notice shall also commence the tolling provisions contained in NRS 40.695; thus any statutory and contractual limitations as they apply to Claimant(s) will be tolled during the entire NRS 40.600 process.

V.    **THE DEFECTS**

Pursuant to, and in compliance with, NRS §40.645.4(a),(b), and (c), this Notice contains the preliminary construction defect list, attached hereto and made a part hereof as Exhibit A, thus far identified by the Claimant(s) hereto. The defect list in no way represents a complete investigation and should not be construed as a complete statement of all constructional defects, and Claimants reserve the right to amend and/or append the lists after further investigation/discovery.

VI.    **REQUESTED DOCUMENTS**

Pursuant to NRS 40.681, this is a demand that you immediately provide a copy of all relevant reports, photos, correspondence, plans, specifications, shop drawings, warranties, contracts, including contracts for insurance that cover RHODES DEVELOPMENT AND DESIGN CORPORATION DBA RHODES HOMES, subcontracts, work orders for repair, videotapes, audiotapes, and soil and other engineering reports that are not privileged.

///

///

**VII.   PROTECTED CORRESPONDENCE**

All documents and writings, including this notice, are protected by the document/mediation privilege set for in NRS 48.109 and by the explicit terms of NRS 40.680. The legislative purpose of NRS 40.600 *et seq.* is to settle construction defect claims without litigation. As such, all documents including this notice, are protected and privileged.

**VIII.  MEDIATION DEMAND**

Pursuant to NRS §40.680, demand is hereby made for the mandated pre-litigation mediation proceedings. We suggest Gary Nagle, Esq., as the mediator. Pursuant to NRS §40.680(2), you have 20 days to notify us of your approval of Mr. Nagle as the mediator or to provide us with alternative names.

**IX.    PROCEDURE FOR CONTRACTOR'S RESPONSE**

A.    Inspection. Pursuant to NRS 40.6462 and NRS 40.647 you may, after receipt of this notice and upon your reasonable written request to this office, inspect the property.

B.    Offer. NRS 40.6472 further mandates that within 90 days from your receipt of this Notice you must provide a written response to each of the construction defect items. Your response must include details as to the nature and extent of the constructional defect, and unless the response is limited to a proposal for monetary compensation, the response must also include the method, adequacy and the request for and the estimated costs of any proposed repair. NRS 40.6472(2).

C.    Mediation. If disputes remain, the parties are required to submit to mediation before litigation is commenced by the Claimant(s). To the extent the contractor is unable or unwilling to effect proper repairs, Claimant(s) hereby propose mediation utilizing the services of Gary Nagle, Esq.

///
///
///

3

D.    Correspondence address.  In satisfying the time requirements of NRS 40.600-695, any verbal and written communications, must be timely provided to ROBERT C. MADDOX & ASSOCIATES, 3811 W. Charleston Blvd., Suite 110, Las Vegas, Nevada 89102, (702) 366-1900.  We appreciate your anticipated cooperation in this matter.

DATED: This 17th day of December, 2008

ROBERT C. MADDOX & ASSOCIATES

By: _____

Robert C. Maddox, Esq.
Nevada Bar No. 4002
Troy L. Isaacson, Esq.
Nevada Bar No. 6690
*Attorneys for Claimants*

4

## EXHIBIT A

### 9474 Castillana Court

1. Cracking around the interior windows.
2. Water stains around the windows, including but not limited to, the living room, family room, master bed room, upstairs bedrooms and bathrooms.
3. Water stain on walls above master bedroom doors. Kitchen cabinets pulling away from walls.
4. Water staining around windows. Most notably in upstairs bedroom.
5. Cracking and gaps around windows throughout home.
6. Sticking windows throughout home most notably in front upstairs windows.
7. Problems with operation of window hardware.
8. Squeaky flooring in upstairs.
9. Water entry at door head in garage entry.
10. Cracks in family room, hallway and master bedroom ceilings.
11. GFCI circuit breakers tripping excessively.
12. Looseness in plumbing faucets
13. Backwash and clogging in sinks.
14. Inadequate water pressure.
15. HVAC system does not heat and cool evenly.
16. Stains in exterior walls which appear to be from roof. Rhodes conducted repairs to leaks previously.
17. Cracks around exterior door frames.
18. Cracks around exterior of windows.
19. Cracks on ceilings and walls of garage.
20. Sidewalk discolored and speckled.
21. Standing water, poor drainage and pooling on balcony.
22. Staining on balcony.
23. Rust on balcony railing.
24. Balcony/patios pulling away from building.
25. Electrical panels unbalanced.
26. Water intrusion under the threshold of the garage man door.