Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NV 89102
Telephone:  702.979.2357
Facsimile:  702.362.9472
E-Mail:     nleatham@klnevada.com

Philip C. Dublin (NY Bar No. 2959344)
Meredith A. Lahaie (NY Bar No. 4518023)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone:  212.872.1000
Facsimile:  212.872.1002
E-Mail:     pdublin@akingump.com
            mlahaie@akingump.com

*Counsel for the Reorganized Debtors*

*Electronically Filed*
*August 20, 2010*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **IN RE:** § <br> § <br> **THE RHODES COMPANIES, LLC,** § <br>   aka "Rhodes Homes," *et al.*, § <br> § <br>     Reorganized Debtors.[1] § <br> ——————————————— § <br> **Affects:** § <br> ☒ **All Debtors** § <br> ☐ **Affects the following** § <br>     **Debtor(s)** § <br> § <br> § | **Case No. 09-14814-LBR** <br> **(JointlyAdministered)** <br> <br> **Chapter 11** <br> <br> <br> **REPLY OF THE REORGANIZED DEBTORS TO STANLEY CONSULTANTS, INC.'S OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR (A) DETERMINATION OF OWNERSHIP OF STANLEY MATERIALS AND (B) AUTHORIZATION TO SELL STANLEY MATERIALS** |

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); and Pinnacle Grading, LLC (4838).

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

1    The above-captioned reorganized debtors (collectively, the "Reorganized Debtors"),

2    by and through their undersigned counsel, hereby file this reply (the "Reply") to Stanley

3    Consultants, Inc.'s Opposition (the "Stanley Objection") to Reorganized Debtors' Motion

4    for (A) Determination of Ownership of Stanley Materials and (B) Authorization to Sell

5    Stanley Materials (the "Motion").  In support of this Reply, the Reorganized Debtors

6    respectfully represent as follows:

7                                    **REPLY**[2]

8        1.        On July 27, 2010, the Reorganized Debtors filed the Motion seeking entry of

9    an order determining that the Reorganized Debtors are (i) entitled to the use and possession

10   of Stanley Materials (including the Transferring Stanley Materials) pursuant to the terms of

11   the Stanley Agreements and (ii) authorized to sell Stanley Materials in connection with the

12   Arizona Assets Sale.

13       2.        By the Stanley Objection, Stanley objects to the relief sought in the Motion

14   asserting that (i) the Reorganized Debtors cannot now assume and assign the Stanley

15   Agreements, and (ii) Stanley has not been justly compensated for the Stanley Materials.  For

16   the reasons set forth below, Stanley's arguments are either wholly irrelevant to the inquiry

17   before the Court, or simply inaccurate.

18       3.        Stanley argues at length that the Reorganized Debtors should not be

19   authorized to assume and assign the Stanley Agreements, or to retroactively cure any

20   existing breach thereunder because, among other reasons, the Stanley Agreements have been

21   terminated.  As set forth in Paragraph 19 of the Motion, the Reorganized Debtors

22   acknowledge that the Agreements have been terminated and are *not* seeking to assume or

23   assign the Agreements.  Indeed, it is based on the fact that the Agreements have been

24   terminated by Stanley that the Reorganized Debtors have the right to transfer Stanley

25   Materials in connection with Arizona Asset Sale.  Accordingly, the narrow issue before the

26

27        [2] All terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

28

2

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

1   Court is whether the provisions of the Stanley Agreements that govern the parties' actions

2   upon termination support the Reorganized Debtors' ability to transfer Stanley Materials.

3   **I.      The Reorganized Debtors are Entitled to the Use and Possession of the Stanley**
    **Materials Pursuant to the Stanley Agreements**
4

5          4.      In support of its argument that the Reorganized Debtors are not entitled to

6   transfer the Stanley Materials in connection with the Arizona Assets Sale, Stanley

7   mistakenly cites Paragraph 14 of the Stanley Agreements.  Paragraph 14, which purports to

8   limit the Reorganized Debtors' use of the Stanley Materials, is not relevant to the Court's

9   determination of the Reorganized Debtors' legal entitlement to the Stanley Materials.[3]

10         5.      The Reorganized Debtors' legal entitlement to the Stanley Materials upon

11  termination is contained in Paragraph 19 of the Stanley Agreements.  Specifically,

12  Paragraph 19(a) states as follows:

13         Upon…termination, Consultant shall deliver to the Client, plans, drawings,
           computer disks, and the like, prepared by the Consultant in connection with
14         this Agreement of said Project . . . .

15  *See* Kingman 7600 Agreement at Paragraph 19(a).  In addition, Paragraph 19(d) states:

16         In the event this Agreement is terminated, all finished or unfinished
           documents, data, drawings, models, photographs, reports or other material
17         prepared by the Consultant prepared under this Agreement shall become
           eligible for any intended use by Client, and Consultant shall be entitled to just
18         and equitable compensation for work completed on such documents and
           other materials.  All plans, documents, comments from agencies, and notes
19         become eligible for any use by Client in return for the compensation
           received.
20

21  *See* Kingman 7600 Agreement at Paragraph 19(d).

22         6.      Both Stanley and the Reorganized Debtors agree that the Stanley Agreements

23  were terminated as of August 9, 2006.  Accordingly, under the terms of the Stanley

24  Agreements, Stanley was required to deliver to the Reorganized Debtors (and thus the

25         [3] Specifically, Stanley relies on the following language contained in Paragraph 14(a) of each of the
    Stanley Agreements: "Under no circumstances shall transfer of drawings and other instruments of service on
26  electronic media for use by the Client be deemed a sale by the Consultant, and the Consultant makes no
    warranties, either express or implied, of Consultant's items of work."
27

28

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

1    Reorganized Debtors obtained interests in) all Stanley Materials upon termination.  As the

2    Stanley Agreements are no longer in effect, Article 14 of the Agreements cannot be read to

3    prohibit the transfer of the Stanley Materials by the Reorganized Debtors.  Moreover, Article

4    14 authorizes the Reorganized Debtors to use "Consultant's work product…for any purpose

5    in connected with the project."  If this Court were to find Article 14 applicable to the

6    transfer of Stanley Materials, the Reorganized Debtors believe that the transfer of Stanley

7    Materials in connection with the Arizona Asset Sale would constitute a "purpose in

8    connection with the project."

9    **II.    Stanley Received Just and Equitable Compensation for the Stanley Materials**

10    7.    Stanley does not dispute that the Stanley Agreements require all Stanley

11    Materials to be delivered to the Reorganized Debtors upon termination.  Stanley does,

12    however, contend that it never received "just and equitable compensation" for the Stanley

13    Materials as is required by Paragraph 19(d) of each of the Stanley Agreements. In support of

14    its position, Stanley attached as Exhibit 2 to the Declaration of David Frohnen a spreadsheet

15    entitled "Contract – Work Product Reconciliation Report" (the "Report").  The Report lists

16    all invoices submitted to the Reorganized Debtors with respect to each of the Stanley

17    Materials, and indicates whether and to what extent amounts remain outstanding on each

18    invoice.  The Report indicates that certain of the Stanley Materials have been paid in full –

19    i.e., no invoiced amounts remain outstanding.  For example, page 16 of the Report indicates

20    that the work product completed in connection with the Aztec 60/40 Acres project has been

21    paid in full.  Accordingly, for those Stanley Materials that are paid in full as indicated on the

22    Report, there can be no question that Stanley has received "just and equitable compensation"

23    and that such Stanley Materials can therefore be transferred in connection with the Arizona

24    Assets Sale.

25    8.    As to those Stanley Materials that have not been paid in full, the Reorganized

26    Debtors will stipulate, for purposes of the Court's determination of the Motion, that the

27    Report accurately reflects all amounts outstanding on the applicable invoices.  While Stanley

28

4

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

1    and the Reorganized Debtors may dispute why the outstanding amounts were never paid, the

2    parties' dispute will be resolved in connection with the pending state court litigation.  To the

3    extent Stanley is successful in demonstrating its entitlement to some or all of the unpaid

4    amounts in state court, it will be able to assert an allowed claim against the estates.  Stanley

5    will be granted an allowed general unsecured claim and be entitled to receive the recovery

6    afforded to similarly classified creditors in complete satisfaction of its allowed claim

7    pursuant to the terms of the Plan.  *See* Plan at Art. III.B.5 (describing the treatment of

8    general unsecured claims under the Plan); Plan at Art. VIII.A ("Pursuant to section 1141(d)

9    of the Bankruptcy Code…the distributions, rights, and treatment that are provided in the

10   Plan shall be in complete satisfaction, discharge, and release…of Claims, Interests and

11   Causes of Action of any nature whatsoever…").

12          9.      Such a result is entirely consistent with the underpinnings of the Bankruptcy

13   Code.  As a general rule, a party that supplies goods or services to a debtor prior to the

14   commencement of the debtor's bankruptcy case is entitled to a general unsecured claim to

15   the extent that it has not received payment for the goods or services supplied to the debtor.

16   *See, e.g.*, *Marin Foods, Inc. v. Hempy (In re William Rakestraw Co.)*, 450 F.2d 6, 8 (9th Cir.

17   1971 (holding that court did not err in allowing unsecured claim for goods delivered to

18   debtor prior to petition date).  The Bankruptcy Code deviates from this general rule only to

19   the extent that it permits certain parties to (i) reclaim goods sold a debtor under certain

20   limited conditions pursuant to Bankruptcy Code section 546(c) or (ii) assert a priority claim

21   on account of goods and services sold to a debtor within 20 days of the petition date

22   pursuant to Bankruptcy Code section 503(b)(9).  *See* 11 U.S.C. § 546(c); 11 U.S.C. §

23   503(b)(9).  As no party has asserted that either Bankruptcy Code section 546(c) or

24   Bankruptcy Code section 503(b)(9) applies with respect to the Stanley Materials, there is no

25   reason to depart from the general rule contemplated by the Bankruptcy Code and, thus,

26   Stanley will be entitled to no more than a general unsecured claim in the event that it is

27   successful in the state court litigation.

28

5

10.     Based on the foregoing, Stanley has received just and equitable compensation for the Stanley Materials.  The Reorganized Debtors are therefore entitled to the use and possession of the Stanley Materials under the Plan and should be authorized to sell the Stanley Materials in connection with the Arizona Assets Sale.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Reorganized Debtors respectfully request that the Court (i) overrule the Stanley Objection, (ii) grant the Motion as it relates to the Reorganized Debtors' interests in the Stanley Materials, (iii) authorize the Reorganized Debtors to sell the Stanley Materials as contemplated by the Bid Procedures Order and (iv) grant the Reorganized Debtors such other relief as is just, proper and equitable.

Dated this 20th day of August, 2010.

By:   /s/  *Philip C. Dublin*
Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NV 89102
(702) 979-2357 (Telephone)
(702) 362-9472 (Facsimile)
Nleatham@klnevada.com

AKIN GUMP STRAUSS HAUER & FELD LLP
Philip C. Dublin (NY Bar No. 2959344)
Meredith A. Lahaie (NY Bar No. 4518023)
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
pdublin@akingump.com
mlahaie@akingump.com

*Counsel for the Reorganized Debtors*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

6