KEVIN N. ANDERSON
**FABIAN & CLENDENIN, P.C.**
601 South Tenth Street, Suite 102
Las Vegas, Nevada 89101
Telephone: (702) 233-4444
Facsimile: (702) 894-9466
Email: kanderson@fabianlaw.com

*Counsel for James M. Rhodes*

NILE LEATHAM
Nevada Bar No. 002838
**KOLESAR & LEATHAM, CHTD.**
Wells Fargo Financial Center
3320 W. Sahara Ave.
Las Vegas, NV 89102
Telephone: (702) 997-8358
Facsimile: (702) 362-9472
Email: nleatham@klnevada.com

and

PHILIP C. DUBLIN
New York Bar No. 2959344
ABID QURESHI
New York Bar No. 2684637
MEREDITH LAHAIE
New York Bar No. 4518023
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: pdublin@akingump.com
       aqureshi@akingump.com
       mlahaie@akingump.com

*Counsel for the Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Chapter 11 |
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al., | Case No. BK-S-09-14814-LBR (Jointly Administered) |
| Reorganized Debtors. | **STIPULATED FACTS** |
| ☒ Affects all Debtors <br> ☐ Affects the following Debtors | Hearing Date: November 4, 2010 <br> Hearing Time: 9:30 a.m. <br> Place: Courtroom 1 |

James M. Rhodes ("Rhodes"), by and through his undersigned counsel, Fabian & Clendenin, P.C., and the above-captioned reorganized debtors (collectively, the "Reorganized Debtors"), by and

1  through their undersigned counsel, Kolesar & Leatham, CHTD. and Akin Gump Strauss Hauer & Feld
2  LLP, respectfully submit these Stipulated Facts. Rhodes and the Reorganized Debtors are collectively
3  referred to herein as the "Parties." The Parties stipulate and agree as follows:
4        WHEREAS, on July 17, 2009, Rhodes filed proof of claim No. 814-33 ("Proof of Claim No.
5  814-33") in the amount of $10,598,000.00 seeking: (i) the reimbursement of taxes in the amount of
6  $9,729,151.00 (the "Taxes") paid by Rhodes for the 2006 tax year (the "Tax Claim"); and (ii)
7  $868,849.00 advanced to Greenway Partners, LLC ("Greenway Partners") (the "Greenway Partners
8  Claim" and, together with the Tax Claim, the "Claims").
9        WHEREAS, on May 27, 2010, the Reorganized Debtors filed an objection (the "Objection")
10 [Docket No. 1149] to Proof of Claim No. 814-33 alleging, among other things, that: (i) Rhodes was not
11 entitled to reimbursement of the Taxes; and (ii) the evidence attached to the Proof of Claim No. 814-33
12 did not support allowance of the Claims. Additionally, the Reorganized Debtors indicated that
13 contemporaneously with the filing of their Objection they were amending their schedules and
14 statements (together with the amended schedules and statements, the "Statements") to remove certain
15 scheduled claims (the "Scheduled Claims"). The Scheduled Claims include, among other claims, the
16 following:

| Party Holding Claim | Entity Liable on Claim | Amount of Claim | Basis for Claim |
|---|---|---|---|
| Rhodes | Rhodes Homes Arizona | $151,999.01 | Compensation |
| Pinnacle Equipment Rental, LLC ("Pinnacle Equipment") | Pinnacle Grading | $557,302.09 | Equipment Rental Payments |
| Sedora Holdings, LLC ("Sedora Holdings") | Heritage Land Company, LLC | $167,901.86 | Litigation Expenses Arising out of Litigation with Deutsche Bank Securities, Inc. |

26       WHEREAS, on June 17, 2010, Rhodes filed an opposition (the "Opposition") [Docket No.
27 1176] to the Objection arguing, among other things, that: (i) the Claims should be allowed in the
28 amounts set forth in Proof of Claim 814-33; and (ii) the Reorganized Debtors were not entitled to

1  amend the Statements after confirmation of the Third Amended Modified Plan of Reorganization

2  Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (the "Plan").[1]

3  WHEREAS, on or about June 21, 2010, the Court held a status conference with respect to the

4  Objection and the Opposition (and the supporting declarations, exhibits, supplements, and errata), and

5  determined that an evidentiary hearing would be necessary.

6  WHEREAS, on or about August 24, 2010, the Court held a status conference during which the

7  Parties agreed that this matter should be bifurcated with respect to: (1) Rhodes' entitlement to the Tax

8  Claim; and (2) the discovery necessary to support the amount of the Tax Claim (if Rhodes is found by

9  the Court to have an entitlement to the Tax Claim), allowance of the Greenway Claim, and all issues

10 regarding the Scheduled Claims, including the Reorganized Debtors' ability to amend the Statements

11 after confirmation of the Plan.  In the event that the Court allows the Reorganized Debtors to amend the

12 Statements after confirmation of the Plan, Pinnacle Equipment, Rhodes, and Sedora Holdings intend to

13 seek leave to file late proofs of claim.

14 WHEREAS, the Parties agreed that the determination of Rhodes' entitlement to the Tax Claim

15 is a legal issue on which the Court may rule based on the stipulated facts below, without further

16 discovery.

17 WHEREAS, the Parties agree that the stipulated facts below will assist the Court in determining

18 the rights of the respective Parties.

19 WHEREAS, the Parties agree that the stipulated facts will in no way prevent either Party from

20 disputing any fact contained in the stipulated facts in subsequent proceedings before this Court, other

21 than in connection with the adjudication of Proof of Claim No. 814-33.

22 **NOW, THEREFORE, THE PARTIES STIPULATE TO THE FOLLOWING FACTS**:

23 1. By the Tax Claim, Rhodes seeks reimbursement for the Taxes he paid on account of

24 taxable income allocated to him from Heritage Land Company, LLC, The Rhodes Companies, LLC,

25 and Rhodes Ranch General Partnership (collectively, the "Debtor Entities").

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

806518                                    - 3 -

2.  The taxable income from the Debtor Entities was passed through to Rhodes through the following non-Debtors: (a) Sedora Holdings, LLC; (b) Rhodes Ranch, LLC; and (c) Sagebrush Enterprises, Inc. (collectively, the "Rhodes Entities").

3.  The books and records of The Rhodes Companies, LLC contain a ledger entry dated March 31, 2009 in the amount of $9,729,151 due to Rhodes.

4.  On either March 31, 2009 or April 1, 2009 (collectively, the "Petition Date"), each of the Debtors, including the Debtor Entities, filed for chapter 11 under title 11 of the United States Code in United States Bankruptcy Court for the District of Nevada.

5.  Since 2005 and prior to the Petition Date, the Debtor Entities have made distributions to the Rhodes Entities that were not prohibited by section 6.5(iii) of the Credit Agreement dated November 21, 2005 among Heritage Land Company, LLC, The Rhodes Companies, LLC, Rhodes Ranch General Partnership, the lenders listed therein, and Credit Suisse, Cayman Islands Branch, as administrative agent, collateral agent, and syndication agent for the first lien lenders.

6.  None of the Debtors paid Rhodes any portion of the $9,729,151 referred to in paragraph 2 above prior to the Petition Date.

7.  Paragraph 5 of the Amended and Restated General Partnership Agreement of Rhodes Ranch General Partnership is captioned "**DISTRIBUTIONS**" and states:

> Partnership cash accounts (the "cash accounts") shall be set up on the Partnership's books for each Partner. No Partner shall receive a salary for his services to the Partnership. Each Partner's cash account shall be credited with his proportionate share (in accordance with his Partnership percentages) of all cash revenues of the Partnership from operations during any period, and shall be charged with his proportionate share of (1) all principal and interest payments on any indebtedness of the Partnership, and (2) all cash expenses incurred incident to the operation of the Partnership's business. Each Partner may make withdrawals from his cash account from time to time, to the extent permitted by the Partnership.

8.  Paragraph 9.03 of the Amended and Restated General Partnership Agreement of Rhodes Ranch General Partnership is captioned "**Capital Accounts**" and states:

> Each Partner's capital account shall be initially equal to the cash it contributes and its share of liabilities which it has assumed, and during the term of the Partnership shall be:
>
> (a)  Increased by:

       (1) the amount of taxable income allocated to the Partner,

       (2) the Partner's proportionate share of liabilities he has assumed, and

       (3) the amount of any additional cash contributed by the Partner or paid to his cash account, and shall be

  (b) Decreased by:

       (1) the amount of tax losses allocated to the Partner, and

       (2) the amount of cash distributed to the Partner, whether from his cash account or otherwise.

9. Article V of the Heritage Land Company Operating Agreement, which is captioned "**DISTRIBUTIONS TO MEMBERS**," contains the following provisions:

> 5.1 <u>Distributions of Net Cash Flow</u>.  Prior to the dissolution of the Company and the commencement of the liquidation of its assets and winding up of its affairs, the Manager may in its sole discretion, distribute from time to time the Net Cash Flow to the Members pro rata in accordance with their respective Percentage Interests.
>
> …
> 5.3 <u>Amounts Withheld</u>.  All amounts withheld pursuant to the Code or any provisions of state or local tax law with respect to any payment or distribution to the Members from the Company shall be treated as amounts distributed to the relevant Member for all purposes of this Agreement.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1  DATED this 17th day of September 2010.

2  Prepared and respectfully submitted by:

3  **FABIAN & CLENDENIN, P.C.**                              **AKIN GUMP STRAUSS HAUER & FELD LLP**

5  By  /s/ Kevin N. Anderson                                  By  /s/ Philip C. Dublin
       KEVIN N. ANDERSON, ESQ.                                    PHILIP C. DUBLIN
6      Nevada Bar No. 4512                                        New York Bar No. 2959344
       601 South Tenth Street, Suite 102                          ABID QURESHI
7      Las Vegas, Nevada 89101                                    New York Bar No. 2684637
       Telephone: (702) 233-4444                                  MEREDITH LAHAIE
8                                                                 New York Bar No. 4518023
   *Counsel for James M. Rhodes*                                  One Bryant Park
9                                                                 New York, NY 10036
                                                                  Telephone: (212) 872-1000

                                                                      and

                                                                  NILE LEATHAM
                                                                  Nevada Bar No. 002838
                                                                  **KOLESAR & LEATHAM, CHTD.**
                                                                  Wells Fargo Financial Center
                                                                  3320 W. Sahara Ave.
                                                                  Las Vegas, NV 89102
                                                                  Telephone: (702) 979-2357

                                                                  *Counsel for the Reorganized Debtors*