# EXHIBIT C

# EXHIBIT C

**OPERATING AGREEMENT**
**OF**
**THE RHODES COMPANIES, LLC**
**a Nevada limited-liability company**

This **OPERATING AGREEMENT** (this "*Agreement*"), dated as of the 16th day of November, 2005 (the "*Effective Date*"), is adopted by Sagebrush Enterprises, Inc., a Nevada corporation (the "*Member*"), as the sole member of The Rhodes Companies, LLC, a Nevada limited-liability company (the "*Company*").

1.    **Formation.**  The Member formed the Company as a member-managed limited-liability company on the October 6, 2005 (the "*Formation Date*") pursuant to Chapter 86 of the Nevada Revised Statutes (as amended from time to time, the "*Act*") by the filing of Articles of Organization with the Secretary of State of the State of Nevada (the "*Secretary of State*").

2.    **Retroactive Application of Operating Agreement.**  This Agreement is intended to retroactively govern the affairs of the Company and the conduct of its business, from and as of the Formation Date.

3.    **Name.**  The Company shall conduct its business in the name "The Rhodes Companies, LLC" and in such other names as the Member deems necessary or appropriate to comply with the requirements of the jurisdictions in which the Company's operations shall be conducted.

4.    **Member's Interest.**  The Member shall be entitled to one hundred percent (100%) of the total economic interests in the Company, including profits, losses and the distribution of assets.

5.    **Resident Agent; Registered Office.**  The resident agent for service of process, or notice or demand required by law in the State of Nevada is Keith Mosley, or such other person as the Member may appoint from time to time, and the registered office of the Company shall be maintained at 4730 S. Fort Apache Road, Suite 300, Las Vegas, Nevada 89147, or at such other place or places as the Member may from time to time deem advisable.

6.    **Purpose.**  The business of the Company shall be:

(a)    to accomplish any lawful purpose whatsoever or which shall at any time appear conducive to or expedient for the protection or benefit of the Company and its assets;

(b)    to exercise all other powers necessary or reasonably connected with the Company's business which may be legally exercised by limited-liability companies pursuant to the Act; and

(c)    to engage in all activities necessary, customary, convenient or incident to any of the foregoing.

7.    **Term.**  The term of the Company commenced on the Formation Date and shall continue until dissolved.

8.      **Capital Contributions**.  The Member may make capital contributions to the Company in such amounts and at such times as the Member shall determine in its sole discretion.

9.      **Distributions of Available Cash Flow**.  Distributions of available cash flow shall be made, subject to Section 86.343 of the Act, in such amounts and at such times as the Member shall determine in its sole discretion.

10.      **Management**.  The business and affairs of the Company shall be managed by the Member, which shall have full, exclusive and complete discretion to manage and control the day to day business and affairs of the Company, to make all decisions affecting the Company, and to take all actions that reasonably appear conducive to or expedient for the protection or benefit of the Company and its assets; *provided* the Member may delegate, from time to time, to any person, such powers and responsibilities as the Member may deem appropriate for the efficient operation of the Company; *provided, further,* each such delegation shall be in writing and shall specify what powers and responsibilities are being delegated and the time period for which such delegation shall exist.

11.      **Banking Resolution**.  The Member shall open all banking accounts as it deems necessary and enter into any deposit agreements as are required by the financial institution at which such accounts are opened.  The Member and such other persons or entities designated in writing by the Member shall have signing authority with respect to such bank accounts.  Funds deposited into such accounts shall be used only for the business of the Company.

12.      **Indemnification**.  The Company shall, to the fullest extent permitted by applicable law, indemnify, hold harmless and release the Member and its officers, directors, managers, members, shareholders, partners, employees, agents and assigns from and against any and all claims, demands, liabilities, costs, expenses, damages, losses, suits, proceedings and actions, whether judicial, administrative, investigative or otherwise, of whatever nature, known or unknown, liquidated or unliquidated, that may accrue to or be incurred thereby as a result of any activities associated with the Company; *provided, however*, that the benefits of this Section 11 shall not extend to acts in breach of this Agreement, breach of any fiduciary duty owed to the Company or for gross negligence and willful misconduct in connection with matters relating to the Company. Notwithstanding anything to the contrary, the Member shall not be required to indemnify any person directly.

13.      **Liability**.  The Member, in its capacity as a member of the Company, shall not be liable for the Company's liabilities, debts or obligations.  The failure by the Company to observe any formalities or requirements relating to the exercise of its powers or the management of its business or affairs under this Agreement or the Act shall not be grounds for imposing personal liability on the Member.

14.      **Tax Treatment**.  The Company shall be disregarded as an entity separate from its Member for federal income tax purposes for so long as one hundred percent (100%) of the total economic interest in the Company is held by one Member.  In the event that there is more than one member, the Company shall be operated in a manner consistent with its treatment as a partnership for Federal and state income tax purposes.

15.    **Reimbursable Expenses.**  The Member shall be entitled to have the Company pay, or be reimbursed by the Company, for reasonable and necessary out-of-pocket expenses incurred on behalf of the Company.

16.    **Records.**  The Member shall keep or cause to be kept at the Registered Office of the Company the following:  (a) the full name and last known business address of the Member; (b) a copy of the filed articles of organization and all amendments thereto, together with signed copies of any powers of attorney pursuant to which any record has been signed; and (c) a copy of the then currently effective operating agreement of the Company.

17.    **Dissolution.**  The Company shall be dissolved upon the occurrence of: (a) the dissolution of the Member; or (b) any of those events and circumstances set forth in Section 86.491(1) of the Act.

18.    **Liquidation.**  Upon dissolution of the Company, it shall be wound up and liquidated as rapidly as business circumstances permit, the Member shall act as the liquidating trustee, and the assets of the Company shall be liquidated and the proceeds thereof, shall be paid (to the extent permitted by applicable law) in the following order: (a) to creditors of the Company, including members who are creditors, in the order of priority as provided and to the extent otherwise permitted by law; (b) to the Member in respect of its share of the profits and other compensation by way of income on its contributions; (c) to the Member in respect of its contributions to the capital of the Company.

19.    **Articles of Dissolution.**  When all debts, liabilities and obligations have been paid and discharged or adequate provisions have been made therefor and all of the remaining property and assets have been distributed, the Member shall execute and file Articles of Dissolution with the Secretary of State, as required by the Act.

20.    **Ratification of Past Acts.**  The Member hereby confirms that all activities and transactions of the Company to date are deemed to have been taken in the best interests of the Company and the same are hereby ratified, affirmed and approved as if such activities and transactions were approved and ratified in the first instance.

21.    **Governing Law.**  This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada, without regard to any conflicts of laws principles.

22.    **Severability.** If any provision of this Agreement shall be conclusively determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement shall not be affected thereby.

23.    **Binding Effect.**  Except as otherwise provided herein, this Agreement shall inure to the benefit of and be binding upon the Member and its respective successors and assigns.

24.    **Titles and Captions.**  All article, section and paragraph titles and captions contained in this Agreement are for convenience only and are not a part of the context hereof.

25.    **Pronouns and Plurals.** All pronouns and any variations thereof are deemed to refer to the masculine, feminine, neuter, singular or plural as the identity of the appropriate person may require.

26.    **No Third Party Rights.** This Agreement is intended to create enforceable rights between the parties hereto only, and creates no rights in, or obligations to, any other persons.

27.    **Amendments.** This Agreement may not be amended except by a written document executed by the Member and the Company.

28.    **Creditors.** None of the provisions of this Agreement shall be for the benefit of or enforceable by any creditors of the Company.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned has executed this Agreement as of the Effective Date.

**MEMBER:**

SAGEBRUSH ENTERPRISES, INC.

By: _____
Name: Paul C. Huygens
Title: Chief Financial Officer and Treasurer

*[Signature page to the Operating Agreement of The Rhodes Companies, LLC]*

ws140.tmp

**IN WITNESS WHEREOF**, the undersigned has executed this Agreement as of the Effective Date.

                    **MEMBER:**

                    SAGEBRUSH ENTERPRISES, INC.

                    By: _____
                    Name: Paul C. Huygens
                    Title: Chief Financial Officer and Treasurer

*[Signature page to the Operating Agreement of The Rhodes Companies, LLC]*

ws140.tmp