Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM, CHTD.
Wells Fargo Financial Center
3320 W. Sahara Avenue, Suite 380
Las Vegas, NV 89102
Telephone: 702.362.7800
Facsimile: 702.362.9472
E-Mail: nleatham@klnevada.com

Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 2684637)
Meredith A. Lahaie (NY Bar No. 4518023)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: 212.872.1000
Facsimile: 212.872.1002
E-Mail: pdublin@akingump.com
aqureshi@akingump.com
mlahaie@akingump.com

*Counsel for the Reorganized Debtors*

***Electronically Filed October 4, 2010***

**AKIN GUMP STRAUSS HAUER & FELD LLP**
**One Bryant Park**
**New York, New York 10036**
**Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 09-14814-LBR (Jointly Administered)** |
| **THE RHODES COMPANIES, LLC, aka "Rhodes Homes," *et al.*,** | § | **Chapter 11** |
| **Reorganized Debtors.**[1] | § | |

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

| | | |
|---|---|---|
| **Affects:**<br>☒ **All Debtors**<br>☐ **Affects the following Debtor(s)** | §<br>§<br>§<br>§<br>§ | **REORGANIZED DEBTORS' REPLY MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO TAX CLAIM INCLUDED IN JAMES RHODES' PROOF OF CLAIM NO. 814-33** |

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors"),[2] by and through their undersigned counsel, hereby submit this reply memorandum of law (the "Reply") in further support of their Objection to James Rhodes' Proof of Claim No. 814-33 and Notice of Amendment of Schedules of Assets and Liabilities (the "Objection") and the Reorganized Debtors' Supplemental Memorandum of Law in Support of Objection to Tax Claim Included in James Rhodes' Proof of Claim No. 814-33 (the "Supplemental Memorandum of Law" and, together with the Objection, the "Reorganized Debtors' Objection"), and in response to James Rhodes' Supplemental Memorandum of Law in Support of his Entitlement to Tax Claim Included in Proof of Claim No. 814-33 ("Rhodes' Supplemental Brief"). In support of this filing, the Reorganized Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

In Rhodes' Supplemental Brief, Rhodes again relies on Nevada statutes, certain operating agreements, and an alleged prior course of conduct to support his assertion that he has a right to the Tax Claim, each of which is irrelevant to the Court's ultimate determination of whether Rhodes can compel the estate to reimburse him for the Taxes. While each of Rhodes' alleged authority might *allow* for the reimbursement of taxes, none requires such reimbursement. Specifically, the Nevada Revised Statutes that Rhodes points to merely *allow* reimbursement, as does the First Lien Credit Agreement and the operating documents (to the extent they even apply to the Debtor Entities). Further, as Rhodes himself concedes, the alleged course of conduct that he relies on was ***not even between Rhodes and any of the Debtor Entities***. In short, none of Rhodes' alleged authority is sufficient to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Reorganized Debtors' Objection and/or the Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for the Rhodes Companies, LLC, *et al.* (the "Plan").

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

establish Rhodes' entitlement to the Tax Claim; it merely supports the Debtor Entities' position—that reimbursement is *permissible* but not obligatory.

Further, Rhodes' assertion that the Debtor Entities are precluded from challenging the Tax Claim finds no basis in the Bankruptcy Code, the Federal Rules of Evidence, or the facts of this proceeding. The Tax Claim was reflected in the schedules filed on April 30, 2009 (the "Original Schedules") and July 2, 2009 (the "Amended Schedules" and, together with the Original Schedules, the "Schedules"), both of which were filed while Rhodes was in control of the Debtor Entities. In the Schedules, the Debtor Entities expressly reserved their right to dispute *any* claims contained in the Schedules. Moreover, in the Plan, the Debtor Entities expressly reserved the right to challenge this very attempt by Rhodes to obtain a setoff. The Debtor Entities have timely filed their Objection. Rhodes' suggestion that those reservation of rights were meaningless because the claims contained in the Schedules—Schedules that were filed while Rhodes controlled the Debtor Entities—are judicial admissions is not supported by the facts or the law.

Accordingly, Rhodes is not a creditor of the Debtor Entities, and he does not hold an allowable claim for reimbursement of the Taxes. As a result, the Tax Claim should be expunged and disallowed in its entirety.

## ARGUMENT

### Rhodes is Not a Creditor of the Reorganized Debtors and Has Failed to Establish that He Holds a Claim for Reimbursement of the Taxes

In order for Rhodes to successfully establish himself as a creditor he must assert an allowed prepetition claim, *i.e.*, he must establish that the Debtor Entities have an enforceable obligation to reimburse Rhodes for the tax payments. *See* 11 U.S.C. § 101(5). Only then, and assuming Rhodes can otherwise satisfy the requirements of Bankruptcy Code section 553, would Rhodes have a setoff right—as Rhodes himself concedes. Rhodes Supp. Br. at 7 (citing *In re De Laurentiis Entm't Group, Inc.*, 963 F.2d 1269, 1277 (9th Cir. 1992) ("Section 553 does not by itself create a right of setoff. Instead, it merely allows setoffs in

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

bankruptcy to the same extent they are allowed under state law.”)); *see also id.* (citing *In re Gould*, 401 B.R. 415, 423 (B.A.P. 9th Cir. 2009) (“[Section] 553 does not establish independent setoff rights in bankruptcy but rather preserves setoff rights existing under law independent of the Bankruptcy Code.”)). As discussed more fully below, in support of his position that such an obligation exists, Rhodes presents a host of arguments that—at best—establish that reimbursement was *allowable* but that fall far short of obligating the Debtor Entities to make reimbursement payments. Accordingly, Rhodes does not hold a claim for reimbursement of the Taxes and, therefore, is not a creditor and has no right of setoff.

**A. The Statutes and Contracts that Rhodes Relies on do Not Create a Right to the Tax Claim**

There is no statute or contract that obligates the Debtor Entities to reimburse Rhodes for the Tax Claim. Rhodes himself concedes that the Nevada Revised Statutes (the “Statutes”) merely allow reimbursement. According to Rhodes, under the Statutes “partners and members have the *discretion* to demand distributions.” Rhodes Supp. Br. at 10 (emphasis added). Rhodes continues by explaining that “limited liability companies and partnerships are *free* to reimburse their partners and members for taxes attributable to their interests in the entities and are *free* to provide for such distribution in their governing documents.” *Id.* (emphasis added). Rhodes’ characterization of the Statutes is consistent with what those Statutes provide—the ability, but not the requirement, to reimburse. The fact that entities *may* take certain actions does not mean that they are required to do so. *See* Nev. Rev. Stat. § 86.341 (2010) (“A limited liability company *may*, from time to time, divide the profits of its business and distribute them to its members . . . upon the basis stipulated in the operating agreement.”) (emphasis added).

Second, the First Lien Credit Agreement permits—but does not require—the Debtor Entities to reimburse Rhodes for taxes paid on account of taxable income allocated to him from the Debtor Entities. Indeed, Rhodes acknowledges this point when he refers to the relevant section as the “enabling provision” of the First Lien Credit Agreement immediately

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

before explaining that this provision merely "ratifies" distributions for tax purposes. Rhodes Supp. Br. at 14.

Third and finally, none of the provisions in the two operating documents Rhodes cites supports his claim for the reimbursement of tax payments. The first document, the Sedora Holdings, LLC Operating Agreement, is the operating agreement for a *non-debtor* entity and, therefore, wholly irrelevant to this Court's decision. *Id*. at 13. Further, Rhodes has failed to provide both the Debtor Entities and this Court with a full copy of the Sedora Holdings, LLC Operating Agreement or the complete section cited, leaving it unclear whether the section has anything to do with the reimbursement of taxes. *Id*. The second document, the Heritage Land Company, LLC Operating Agreement, as Rhodes acknowledges, simply "*allow[s]* for distributions to partners." *Id.* at 13 (emphasis added). Additionally, the provision cited has to do with the distribution of Net Cash Flow, which is defined in the agreement as "the Company's gross receipts, reduced by the portion thereof used to pay or establish reserves for all Company expenses, debt payments and accrued interest, contingencies, and proposed acquisitions, all as determined in the sole discretion of the Manager," and not the reimbursement of taxes. Supp. Mem. of Law, Exhibit D at p. 2.

Rhodes, accordingly, has failed to identify any statute or contract that establishes has a right to the Tax Claim.

**B. The Alleged Course of Conduct Was Not Between Rhodes and the Debtor Entities and Thus Does Not Entitle Rhodes to the Tax Claim**

Rhodes claims that certain alleged past distributions establish his right to reimbursement. Again, Rhodes is mistaken, and his argument must fail for two, independent reasons. First, past—and, by Rhodes' admission, purely discretionary—payments are insufficient to create an obligation on the Debtor Entities to make similar distributions now. Indeed, Rhodes cannot argue that he made the tax payments in reliance on being reimbursed since he was required by law to make the payments, whether or not the Debtor Entities reimbursed him. Second, the course of conduct described by Rhodes was not between him

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

and the Debtor Entities, but between him and Sagebrush Enterprises, Inc.—another *non-debtor entity*. According to Rhodes, "[o]ver several tax years…*Sagebrush* calculated the income and losses allocated to Rhodes, pursuant to his direct and indirect ownership interests in the Rhodes Corporate Structure, and subsequently made payments to the IRS [on his behalf] in satisfaction of [his] federal income tax liability attributable to his ownership of the Rhodes Corporate Structure." Rhodes Supp. Br. at 12 (emphasis added). Rhodes does not (and cannot) explain why the course of conduct established between him and Sagebrush should impose an obligation on the Debtor Entities to act accordingly. Indeed, Sagebrush's previous course of conduct should have no bearing on future actions of the Debtor Entities.

Therefore, Rhodes has failed to demonstrate a legal right to a distribution for reimbursement of taxes paid on account of the taxable income allocated to him from the Debtor Entities through the Rhodes Entities.

**C. The Existence of an Entry in the Schedules Does Not Entitle Rhodes to the Tax Claim**

On the day before the bankruptcy filing—when Rhodes was still in control of the Debtor Entities—the $9,729,151 ledger entry was made on the Debtor Entities' Books and Records. Stipulated Facts (Docket No. 1290). That entry was incorporated into the Schedules shortly thereafter, while Rhodes remained in control. Rhodes now asserts that, by simply making the ledger entry and incorporating it into the Schedules, the Debtor Entities have "admitted and acknowledged that Rhodes is entitled to the Tax Claim." Rhodes Supp. Br. at 11. The Debtor Entities have not done so. Indeed, the Debtor Entities expressly "reserve[d] the right to dispute, or to assert offsets or defenses to any claim reflected on its Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as 'contingent,' 'unliquidated,' or 'disputed.'" Original Schedules (Docket No. 131) (attached hereto as Exhibit A); Amended Schedules (Docket No. 301) (attached hereto as Exhibit B) (incorporating the reservation of rights included in the Original Schedules). Thus, the existence of this ledger entry and its inclusion in the Schedules do not prove the

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

validity of the Tax Claim any more than they deprive the Debtor Entities of their right to object to it. 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, . . . *objects*.") (emphasis added). Indeed, the Debtor Entities also expressly reserved their right to object to claims in the Plan. Plan (Docket No. 1053) ("[T]he Reorganized Debtors shall have the sole authority . . . to File, withdraw, or litigate to judgment, objections to Claims[.]").

In addition, the Schedules are not pleadings and, therefore, may not be treated as judicial admissions. They were filed in the general bankruptcy case pursuant to Bankruptcy Code section 521, not in connection with a specific contested matter in the case. *In re Cobb*, 56 B.R. at 440, n.3 (holding that schedules were not pleadings and thus were evidentiary admissions because they were "filed in this case in general, not in this particular contested matter"). Thus, Rhodes' claim that the Debtor Entities have "admitted and acknowledged that Rhodes is entitled to the Tax Claim" simply because the Schedules "listed" Rhodes' entitlement to it, is unfounded. The Schedules may not be treated as judicial admissions in these proceedings, and, even if they were, they do not establish a right to the Tax Claim.

As a result of the foregoing, Rhodes does not hold a valid claim for reimbursement of taxes paid and he is not a creditor for purposes of Bankruptcy Code section 501(a). Accordingly, the Tax Claim must be disallowed and expunged in full.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

**CONCLUSION**

WHEREFORE, for the foregoing reasons, and those set forth in the Reorganized Debtors' Objection, the Reorganized Debtors respectfully request that the Tax Claim be disallowed in its entirety, and that this Court (i) enter an order, substantially in the form attached as Exhibit F to the Supplemental Memorandum of Law, and (ii) grant the Reorganized Debtors such other and further relief as is just, proper and equitable.

Dated this 4th day of October, 2010

By: _/s/ Philip C. Dublin_

Nile Leatham (NV Bar. No. 002838)
KOLESAR & LEATHAM, CHTD.
Wells Fargo Financial Center
3320 W. Sahara Avenue, Suite 380
Las Vegas, NV 89102
(702) 979-2357 (Telephone)
(702) 362-9472 (Facsimile)
E-mail: nleatham@klnevada.com

AKIN GUMP STRAUSS HAUER & FELD LLP
Philip C. Dublin (NY Bar. No. 2959344)
Abid Qureshi (NY Bar No. 2684637)
Meredith A. Lahaie (NY Bar. No. 4518023)
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
E-mail: pdublin@akingump.com
aqureshi@akingump.com
mlahaie@akingump.com

*Counsel for the Reorganized Debtors*

# EXHIBIT A

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

**In re: The Rhodes Companies, LLC, et al.,[1]**

**Case No. 09-14814**
**(Jointly Administered)**

**Notes and Statement of Limitations and Methodology Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs**

The above-captioned Debtors (the "Debtors") each submit their respective Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statement") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007. The following notes regarding the Statement and Schedules are fully incorporated into and made part of the Statement and Schedules. These notes comprise an integral part of the Statement and Schedules and should be referred to and considered in connection with any review of the Statement and Schedules. Unless otherwise noted, the financial and other information contained in the Statement and Schedules is derived from the Debtors in accordance with the Debtors' financial reporting and accounting policies and procedures.

The Debtors' bankruptcy petition were filed on March 31, 2009 (or April 1, 2009 in the case of Rhodes Homes Arizona, LLC, Tuscany Golf Country Club, LLC, and Pinnacle Grading, LLC. The Debtors' bankruptcy cases are jointly administered by order of the Bankruptcy Court under the caption In re The Rhodes Companies, LLC, aka Rhodes Homes, Case No. 09-14814.

Given the differences between the information to be submitted in the Statement and Schedules and the financial information utilized under Generally Accepted Accounting Principles, the aggregate asset values and claim amounts set forth in the Statement and Schedules may not reflect the values and amounts that would be set forth in a balance sheet for the Debtors prepared in accordance with Generally Accepted Accounting Principles.

It would be prohibitively expensive, unduly burdensome and extremely time-consuming to obtain current market valuations of the Debtors' assets. Accordingly, unless otherwise indicated, net book values rather than current market values are reflected on the Statement and Schedules. Assets that have been fully depreciated or expensed for accounting purposes have no net book

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

value. The current book values may not reflect a comprehensive review of accounting adjustments, including asset impairments and write-downs, which may be required and conducted in relation to the Debtors' bankruptcy cases. The reader therefore should not place undue reliance upon the book values associated with the assets listed.

**General Notes Regarding the Debtors' Statement and Schedules**

**1. Financial Information.**
The information provided for herein, except as otherwise noted, represents the assets and liability data of each Debtor as of its respective Petition Date unless otherwise noted.

**2. Unaudited Financial Information.**
The Statement and Schedules prepared by the Debtors' management and professionals are unaudited. While the Debtors have tried to ensure that the Statement and Schedules are accurate and complete based upon information that was available at the time of the preparation, the subsequent receipt of information or an audit may result in material changes in financial data contained in the Statement and Schedules.

**3. Claim Description.**
Any failure to designate a claim on the Statement and Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim is not "contingent," "unliquidated," or "disputed." The Debtors reserve the right to dispute, or to assert offsets or defenses to any claim reflected on its Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

Moreover, the Debtors reserve all rights to amend the Statement and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtors involving any present or future causes of action, contested matters or other issues under the provisions of Chapter 11 of Title 11 of the United States Code or other relevant non-bankruptcy laws.

**Specific Notes Regarding the Debtors' Statement and Schedules**

**Note to Schedule A – Real Property**

For lots or superpads located in Nevada, the values listed in Schedule A are based on the last real estate appraisal available to the Debtors dated September 30, 2008.

For finished homes located in Nevada, the values listed in Schedule A are based on the Debtors' best estimate of fair market value as of the Petition Date based on the contract price for the home if such home is in escrow or for recent sales of homes on like models in the same development, net of closing costs.

# EXHIBIT B

EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

**In re: The Rhodes Companies, LLC, et al.,[1]**

**Case No. 09-14814**
**(Jointly Administered)**

**Notes and Statement of Limitations and Methodology Regarding the Debtors' Amended Schedules of Assets and Liabilities and Statement of Financial Affairs**

The above-captioned Debtors (the "Debtors") each submit their respective Amended Schedules of Assets and Liabilities (the "Schedules") and Amended Statement of Financial Affairs (the "Statement") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007. The following notes regarding the Statement and Schedules are fully incorporated into and made part of the Statement and Schedules. The previously-filed *Notes and Statement of Limitations and Methodology Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs* are also incorporated herein. These notes collectively comprise an integral part of the Statement and Schedules and should be referred to and considered in connection with any review of the Statement and Schedules. Unless otherwise noted, the financial and other information contained in the Statement and Schedules is derived from the Debtors in accordance with the Debtors' financial reporting and accounting policies and procedures.

**Notes Regarding the Debtors' Statement and Schedules**

Any changes to the schedules are shown as highlighted in yellow on the PDF of the filed version of the Schedules.

Any changes to attachments to the schedules are shown with a blackline of the attachment. In the case of Schedule of Financial Affairs question no. 18 for Heritage Land Company, LLC and The Rhodes Companies, LLC, the attachment was omitted from the original filing and is attached to the amendment.

**Note to Schedule F - Creditors Holding Unsecured Nonpriority Claims**

Amended Schedule F is revised to reflect invoices received through May 31, 2009 for goods or services provided prior to the Petition Date.

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

Additionally, the Debtor has received authority from the Bankruptcy Court through various orders to make payments to certain holders of claims for amounts owed prior to the Petition Date. If those amounts have been paid pursuant to Bankruptcy Court Order through the course of the Debtor's Chapter 11 Case, the Debtor's books and records no longer show any amount owing to the vendor and, accordingly, such vendor’s claim may be listed as $0.00.