James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702.382.1170
Facsimile:  702.382.1169
Email: zlarson@lslawnv.com

Attorneys for Reorganized Debtors

E-File:  November 8, 2010

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,[1]<br><br>　　　　　　　　Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br><br>☐　All Debtors<br>☒　Affects the following Debtor(s):<br><br>The Rhodes Design and Development Corporation 09-14846 | Hearing Date:　December 17, 2010<br>Hearing Time:　9:30 a.m.<br>Courtroom 1 |

Side margin text: LARSON & STEPHENS  810 S. Casino Center Blvd., Suite 104  Las Vegas, Nevada 89101  Tel: (702) 382-1170  Fax: (702) 382-1169

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No.

**DEBTORS' OBJECTION TO CHAD & TANIA KEISER'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [KEISER CLAIM]; DECLARATIONS OF BRUCE JORGENSEN AND JEFFREY NOLAN IN SUPPORT THEREOF**

Pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned reorganized debtors (collectively, the "Debtors") hereby object (the "Objection") to the claim (the "Keiser Claim") of Chad & Tania Keiser ("Keiser").

The Keiser Claim is neither evidence of an enforceable contract nor an enforceable debt owed by the Debtors. It is a single page claim alleging two words, "construction defects".

Debtors' counsel has reached out to counsel for Keiser who has withdrawn representation of claimants due to their non-responsiveness. Upon information and belief, the Keisers no longer own the home that forms the basis for their construction defect claim. Similarly, counsel for the Debtors' attempts to contact and/or locate the Keisers have been to no avail. The Debtors have been unable to identify any records to sustain the defect or damage claim alleged and therefore are unable to determine the validity of the Keiser Claim. The Debtors request the entry of an order (the "Order") disallowing and expunging in full the Keiser Claim attached hereto as **Exhibit A**.[2]

## BACKGROUND

1.    On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2]  The Debtors reserve the right to file additional objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

2.     On March 12, 2010, the Bankruptcy Court entered the *Proposed Findings of Fact, Conclusions of Law, and Order* (the "Confirmation Order") Confirming the *First Lien Steering Committee's Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (the "Plan").

3.     On April 1, 2010, the Effective Date under the Plan occurred.  Pursuant to Article VI.B of the Plan, the Reorganized Debtors have authority to object to claims.  For the reasons set forth herein and in the Jorgensen and Nolan Declarations, the Keiser Claim is not a valid claim against the Debtors.

### RELIEF REQUESTED

4.     By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Keiser Claim.

### FACTS

5.     On May 7, 2009, Maddox, Isaacson & Cisneros, LLP filed a proof of claim on behalf of Keiser for "construction defects" in an unliquidated amount.  (See Proof of Claim, a copy of which is attached hereto as **Exhibit A**).  The Proof of Claim has been designated as Claim Number 19 in the Rhodes Design and Development case.

6.     On May 5, 2010, counsel for Debtor wrote to counsel for the Keisers and requested that the claim be withdrawn, supported by documents, or in the alternative settled in a nominal amount.  (See Correspondence date May 5, 2010, a copy of which is attached hereto as **Exhibit B**)

7.     On August 13, 2010, counsel responded that the Keisers had lost their home to foreclosure.  As the Keisers were no longer in contact with counsel, Maddox, Isaacson and Cisneros, LLP terminated their representation of the Keisers. (See Correspondence date August 13, 2010, a copy of which is attached hereto as **Exhibit C**)

8.     Following the August 13, 2010, correspondence, counsel for the Debtors searched the public records directory and confirmed that the real property owner of the home located at

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

the address identified on the Claim was of an individual different than the claimant.  (See Declaration of J. Nolan, filed concurrently herewith).

9.      On August 25, 2010, counsel for the Debtors requested a forwarding address for the Keisers.  (See Correspondence date August 25, 2010, a copy of which is attached hereto as **Exhibit C**).  There was no forwarding address left by Keiser.

10.      On October 1, 2010, counsel for the Debtors issued correspondence to the Keisers at the address listed on the Claim and as provided by counsel for the Keisers.  (See Correspondence date October 1, 2010, a copy of which is attached hereto as **Exhibit D**).  There has been no response to date.  (See Declaration of J. Nolan, filed concurrently herewith).

## OBJECTION

11.      Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.  *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).  The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

12.      Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed). While the "burden of going forward is primarily a procedural matter pertaining to the order of presenting evidence", the substantive burden of proof remains at all times upon the claimant and the claimant must establish by a preponderance of the evidence that its claim should be allowed. *In re Garvida*, 347 B.R. at 706; *In re Lundell*, 223 F.3d at 1039 (ultimate burden of persuasion remains at all times upon the claimant), *In re So. Cal. Plastics, Inc.*, 165 F.3d at 1248; *In re Lundell,* 223 F.3d at 1039.

13.    Official Form 10, as prescribed by the Judicial Conference of the United States, also requires a creditor to attach supporting documentation to the proof of claim. "[T]he documentation required by Bankruptcy Rule 3001 and Official Form 10 allows the debtor . . . to have enough information to fully determine whether or not a valid claim in the proper amount has been filed." *In re Armstrong*, 320 B.R. 97, 104 (N.D. Tex. 2005).

14.    The Keiser Claim does not allege facts sufficient to form a prima facie claim. The Claim is supported only by the conclusory phrase, "Construction Defects". No evidence is submitted of the alleged defect, and no documents or expert report identifying or quantifying the damages is attached. The Claim consists of the approved face sheet and nothing else. Similarly, the Debtors have made a good faith effort to reach out to the Keisers and counsel to amicably resolve the Claim. Under the circumstances, it does not appear that the Keisers own the home, which is the property alleged to be defective. It is also notable that the Debtors' review of their books and records fails to identify any open warranty claims with the home. (See Declaration of B. Jorgensen, filed concurrently herewith).

15.    The proof of claim is defective and, under the circumstances referenced, the Keiser Claim should be disallowed and expunged by the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**CONCLUSION**

16.     The Debtors object to the allowance of the Keiser Claim for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing and expunging in full the Keiser Claim identified as the proof of claim attached hereto as **Exhibit A**.

**NOTICE**

17.     Notice of this objection has been provided to (i) the Office of the United States Trustee, (ii) the Keisers in accordance with the addresses provided in the Keiser Claim and their former counsel, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases.  The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

18.     Pursuant to Bankruptcy Rule 3007, the Debtors have provided Chad and Tania Keiser with at least thirty (30) days' notice of the hearing on the Objection.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit E,** disallowing and expunging the Keiser Claim, and granting such other and further relief as the Court deems just and proper.

**DATED** this 8th day of November, 2010.

LARSON & STEPHENS


 /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Reorganized Debtors

### DECLARATION OF BRUCE JORGENSEN IN SUPPORT OF DEBTORS' OBJECTION TO CHAD & TANIA KEISER'S CLAIM

I, Bruce Jorgensen, declare as follows:

1.      I am the General Counsel of the above-captioned reorganized debtors (the "Debtors").  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2.      This declaration is submitted in support of the *Debtors' Objection to Chad & Tania Keiser's Claim Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Keiser Claim]* (the "Objection").

3.      I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases.  I have read the Debtors' Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the exhibits attached thereto, and the proposed form of order.

4.      The claim of Chad & Tania Keiser was reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Debtors.  I have personally reviewed the Keiser Claim, which is attached hereto as **Exhibit A**.

5.      The Keiser Claim is for alleged construction defects.  The Debtors' books and records do not reflect any amounts owing to the Keisers nor do the Debtors' books and records show any open requests for repair or warranty from the Keisers.  The Debtors' books and records reflect that all open warranty requests submitted by the Keisers were fulfilled.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 8th day of November, 2010, at Las Vegas, Nevada.

/s/ *Bruce Jorgensen*
_____
Bruce Jorgensen

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

### DECLARATION OF JEFFERY P. NOLAN IN SUPPORT
### <u>DEBTORS' OBJECTION TO CHAD AND TANIA KEISER'S CLAIM</u>

I, Jeffrey P. Nolan, declare as follows:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California and in this District.  I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys of record for the Reorganized Debtors.  The facts stated herein are of my own personal knowledge, or made known to me from a review of the files and pleadings in this action which are maintained in the ordinary course of business.  If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

2.      Attached here to as **Exhibit A** is a true and correct copy of Claim No. 19 filed by Chad and Tania Keiser as reflected on the Omni website.

3.      Attached here to as **Exhibits B, C, D** and **E** are true and correct copies of e-mails and correspondence issued or received by this office.  This has been no response to the letter issued directly to the home address memorialized in the Proof of Claim.

4.      Following meeting with counsel for Keiser, I performed a public records real property search on Westlaw for the address located on the claim.  Keiser is no longer listed as the owner of the real property.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 8th day of November, 2010, at Los Angeles, California.


_____
      */s/ Jeffrey P. Nolan*
      Jeffrey P. Nolan

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

# EXHIBIT A

RECEIVED APR 2 0 2009

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:** Rhodes Design and Development Corporation    **Case Number:** 09-14846

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Chad + Tania Keiser (445 Punto Vallata Drive)

Name and address where notices should be sent:

MADDOX, ISAACSON & CISNEROS, LLP
*An Association of Professional Corporations*
3811 W. Charleston Blvd., Suite 110
Las Vegas, NV 89102

TEL: (702) 366 - 1900

☐ Check box to indicate that this claim amends a previously filed claim.
Court Claim Number: ____ *(If known)*
Filed On: __/__/__

Name and address where payment should be sent (if different from above):
Name: _____
Address 1: _____
Address 2: _____
Address 3: _____
Address 4: _____
Address 5: _____
TEL: (____) ____ - ____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check this box if you are the debtor or trustee in this case.

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable sections. The original of this Proof of Claim must be sent to: The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 477, Encino, CA 91436-2522.

**1. Amount of Claim as of Date Case Filed:** Unliquidated $ _____
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete item 5.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim** CONSTRUCTION DEFECTS
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** Chad + Tania Keiser
(See instruction #3a on reverse side.)

**4. Secured Claim.** (See instruction #4 on reverse side.)
☐ Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe: _____
Value of Property: $ _____ Annual Interest Rate: ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____ Basis for perfection: _____
Amount Secured $ _____ Amount Unsecured $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
Specify the priority of the claim:
☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (_____).
Amount entitled to priority:
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: Unliquidated

THIS SPACE IS FOR COURT USE ONLY
**FILED**
MAY 07 2009
By Omni Management Group, Claims Agent
For U.S. Bankruptcy Court
District of Nevada

**Date** 04/29/2009
**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Printed Name: TROY L. ISAACSON    Title: ATTORNEY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

POC0857

# EXHIBIT B





PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP
LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE 310/277 6910
FACSIMILE 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500
TELEPHONE 415/263 7000
FACSIMILE 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19801-8705
(Courier 19801)

TELEPHONE 302/652 4100
FACSIMILE 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE 212/561 7700
FACSIMILE 212/561 7777

WEB www.pszjlaw.com

Steven J. Kahn                    May 5, 2010                    skahn@pszjlaw.com
                                                                 310.203.3112

Troy L. Isaacson
Maddox, Isaacson & Cisneros, LLP
3811 W. Charleston Blvd., Suite 110
Las Vegas, NV 89102

**Re:    Rhodes Companies, LLC and Affiliates**
         **Bankruptcy Case No. 09-14846**
         **Proof of Claim of Chad and Tania Keiser**

Dear Mr. Isaacson:

Our offices represent the Reorganized Debtors arising from
the order entered by the Bankruptcy Court on March 12, 2010
confirming the plan of reorganization in the Debtors' bankruptcy
cases (the "Confirmation Order").

Review of the claims docket maintained by Omni
Management Group, as claims agent for the United States
Bankruptcy Court for the District of Nevada in the Debtors' cases,
reveals that you filed Claim No. 19 on May 7, 2009, on behalf of
Chad and Tania Keiser (the "Keisers") in an unliquidated amount.

The proof of claim fails to comply with Federal Rules of
Bankruptcy Procedure Rule 3001(c), which requires that all claims
based upon a writing have the writing filed with the proof of claim.
The electrical report attached to the proof of claim is unsufficient to
quantify any claim amount.

Further, because the claim is filed as unliquidated, an actual
dollar amount of the claim cannot be determined from the face of
the claim, and no distribution, if any, can be made on the claim.

Because the Reorganized Debtors do not acknowledge a
claim in favor of the Keisers in any amount, we must demand that
you either withdraw the proof of claim or provide our offices with
full and complete documentation and supporting facts substantiating

73203-035\DOCS_LA:219370.1

PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

Troy L. Isaacson
May 5, 2010
Page 2

the claim in a liquidated dollar amount within ten (10) days of the
date of this letter so that the Reorganized Debtors can assess the
potential validity thereof.

If you do not withdraw the proof of claim or provide the
requested information (or if the information provided does not
substantiate a valid claim), the Reorganized Debtors will institute a
contested proceeding against the Keisers in the Bankruptcy Court
under § 502(b) of the Bankruptcy Code to seek disallowance of the
claim and they will be required to present testimony and
documentary evidence in Court to substantiate the claim in an
evidentiary hearing.

Alternatively, we have been authorized to offer the Keisers a
general unsecured claim in the sum of $5,000 to be paid pro rata
with other similarly situated creditors under the terms of the
confirmed plan. If the Keisers wish to accept this alternative, you
must also respond to this letter within ten (10) days or the offer shall
be deemed withdrawn.

Thank you for your attention to the above.

Very truly yours,

Steven J. Kahn

SJK

73203-035\DOCS_LA:219370.1

# EXHIBIT C

## Jeffrey P. Nolan

**From:** Troy Isaacson [tisaacson@mic-law.com]

**Sent:** Friday, August 13, 2010 3:06 PM

**To:** Jeffrey P. Nolan

**Subject:** Keiser & Casimiro-Rayo

Jeff:

It was a pleasure speaking with you this morning. Following up on our conversation, I have looked in to the status of the above-mentioned homeowners. As for Mr. & Mrs. Keiser, it is my understanding they lost their home. Given they had not been in contact with our office, we had previously terminated our representation.

With regard to Mr. & Mrs. Caimiro-Rayo, their personal counsel has apparently not taken any action. Therefore, to the extent covered by insurance, it would be our recommendation to them that they proceed against any available insurance proceeds alone. We can accomplish this through either motion or stipulation. Please let us know how you wish to proceed.

Sincerely,

MADDOX, ISAACSON & CISNEROS, LLP
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

TROY L. ISAACSON
*Partner*

3811 W. Charleston Blvd.
Suite 110
Las Vegas, Nevada 89102
Tel: 702-366-1900
Fax: 702-366-1999

V-Card | BIO | WebSite | Practice Areas

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

This electronic mail transmission contains information from the law firm Maddox, Isaacson & Cisneros, LLP that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. If you have received this message in error, please notify the sender immediately by telephone (702) 366-1900 or by electronic mail.

Service Disclaimer: Please be advised that absent order of the Court, our office does not accept service or notifications via electronic mail.

Tax Opinion Disclaimer: To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another party any transaction or matter addressed herein.

**Please consider the environment before printing this email.**

## Jeffrey P. Nolan

**From:** Troy Isaacson [tisaacson@mic-law.com]

**Sent:** Thursday, August 26, 2010 11:41 AM

**To:** Jeffrey P. Nolan

**Subject:** RE: Keiser & Casimiro-Rayo

Jeff:

The only address we have is as follows:

Chad and Tania Keiser
445 Punto Vallata Drive
Henderson, Nevada 89011

As for the Slaughter case, that is a class action filed in Federal District Court (not naming Rhodes) against the manufacturer, suppliers and plumbers who installed the Wirsbo plumbing product which we have since learned Rhodes Homes installed in many of its developments throughout the Las Vegas valley.  We do not anticipate filing anything in the near future on this matter, but will let you know as things develop.

Sincerely,

Troy Isaacson

**From:** Jeffrey P. Nolan [mailto:jnolan@pszjlaw.com]
**Sent:** Wednesday, August 25, 2010 1:53 PM
**To:** Troy Isaacson
**Subject:** Re: Keiser & Casimiro-Rayo

Troy:

Do you have a forwarding address for Keisler?

What about the Slaughterhouse claim? We discussed but I can't recall if you said you would be filing anything in the coming weeks.

Jeff
Jeffrey P. Nolan
--------------------------
Sent from my Blackberry

Pachulski Stang Ziehl & Jones LLP
Los Angeles | San Francisco | Wilmington, DE | New York

**From:** Troy Isaacson [mailto:tisaacson@mic-law.com]
**Sent:** Friday, August 13, 2010 03:06 PM
**To:** Jeffrey P. Nolan
**Subject:** Keiser & Casimiro-Rayo

Jeff:

It was a pleasure speaking with you this morning.  Following up on our conversation, I have looked in to the status of the above-mentioned homeowners.  As for Mr. & Mrs. Keiser, it is my understanding they

10/14/2010

lost their home. Given they had not been in contact with our office, we had previously terminated our representation.

With regard to Mr. & Mrs. Caimiro-Rayo, their personal counsel has apparently not taken any action. Therefore, to the extent covered by insurance, it would be our recommendation to them that they proceed against any available insurance proceeds alone. We can accomplish this through either motion or stipulation. Please let us know how you wish to proceed.

Sincerely,



MADDOX, ISAACSON & CISNEROS, LLP
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

**TROY L. ISAACSON**
*Partner*

3811 W. Charleston Blvd.
Suite 110
Las Vegas, Nevada 89102
Tel:  702-366-1900
Fax:  702-366-1999

V-Card  |  BIO  |  WebSite  |  Practice Areas

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

This electronic mail transmission contains information from the law firm Maddox, Isaacson & Cisneros, LLP that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. If you have received this message in error, please notify the sender immediately by telephone (702) 366-1900 or by electronic mail.

Service Disclaimer:  Please be advised that absent order of the Court, our office does not accept service or notifications via electronic mail.

Tax Opinion Disclaimer: To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another party any transaction or matter addressed herein.

 **Please consider the environment before printing this email.**

# EXHIBIT D



**PACHULSKI STANG ZIEHL JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100
FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700
FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

Jeffrey P. Nolan                    October 1, 2010                    jnolan@pszjlaw.com

Mr. and Mrs. Chad Keiser
445 Punto Vallata Drive
Henderson, NV 89011-0821

> Re:    **In re Rhodes Design and Development Center**
> **USBC District of Nevada Case No. 09-14846**
> **Proof of Claim No. 19**

Dear Mr. and Mrs. Keiser:

Attached hereto is a copy of the Proof of Claim filed in case number 09-14846, the Rhodes Design and Development Corporation bankruptcy.

The claim does list any supporting documents to evidence any damages sustained by yourselves. Further, it does not indicate whether or not the home actually has any construction defect damages or you are concerned at a future date the home may contain construction defects.

The purpose of this letter is to receive your cooperation in obtaining any supporting documentation to support your Proof of Claim. In the alternative, if you do not believe you have sustained damages as a result of any alleged construction defects, then I will provide to you a notice of withdrawal for the Proof of Claim.

We appreciate your immediate attention to this matter. Please contact me at your earliest opportunity.

Very truly yours,

Jeffrey P. Nolan

JPN:nhb
Enclosure
cc:    Troy Isaacson, Esq.
       Maddox, Isaacson & Cisneros, LLP
       3811 West Charleston Boulevard, Suite 100
       Las Vegas, NV 89102

73203-001\DOCS_LA:225904.1

RECEIVED APR 2 0 2009

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: **Rhodes Design and Development Corporation**    Case Number:    **09-14846**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Chad + TANia Keiser (445 Punto Vallata Drive)

Name and address where notices should be sent:

**MADDOX, ISAACSON & CISNEROS, LLP**
*An Association of Professional Corporations*
3811 W. Charleston Blvd., Suite 110
Las Vegas, NV 89102

TEL: (7 0 2) 3 6 6 - 1 9 0 0

☐ Check box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed On: ___/___/___

Name and address where payment should be sent (if different from above):
Name: _____
Address 1: _____
Address 2: _____
Address 3: _____
Address 4: _____
Address 5: _____
TEL: (_____) _____ - _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be sent to: The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 477, Encino, CA 91436-2522.

1. Amount of Claim as of Date Case Filed:
Unliquidated    $ _____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

2. Basis for Claim
C O N S T R U C T I O N   D E F E C T S
(See instruction #2 on reverse side)

3. Last four digits of any number by which creditor identifies debtor:
____

3a. Debtor may have scheduled account as:
(See instruction #3a on reverse side.) Chad + Tania Keiser

4. Secured Claim.    (See instruction #4 on reverse side.)
☐ Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____

Value of Property: $ _____    Annual Interest Rate: ____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ _____
Basis for perfection: _____

Amount Secured    Amount Unsecured
$ _____        $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) (_____).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: Unliquidated

| THIS SPACE IS FOR COURT USE ONLY |
|---|
| **FILED** |
| **MAY 07 2009** |
| by Omni Management Group, Claims Agent For U.S. Bankruptcy Court District of Nevada |

Date 0 4 / 2 9 / 2 0 0 9

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Signature

Printed Name: T R O Y   L.   I S A A C S O N
Title: A T T O R N E Y

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

POC0857    000

# EXHIBIT E



1
2
3
4
5
6
7
8

**UNITED STATES BANKRUPTCY COURT**

9

**DISTRICT OF NEVADA**

10

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes," et al.,[1]

Debtors.

Affects:

☐   All Debtors
☒   Affects the following Debtor(s):

Rhodes Design and Development
Corporation 09-14686

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date:
Hearing Time:
Courtroom 1

**ORDER SUSTAINING DEBTORS' OBJECTION TO CHAD & TANIA
KEISER'S CLAIM PURSUANT TO SECTION 502(b) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007
[KEISER CLAIM] [DOCKET NO.    ]**

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1    Upon consideration of the *Debtors' Objection to Chad & Tania Keiser's Claim Pursuant*

2    *to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Keiser Claim]*

3    [Docket No. ___] (the "<u>Objection</u>"),[2] filed by the above-captioned reorganized debtors

4    (collectively, the "<u>Debtors</u>"), requesting that the Court enter an order disallowing and expunging

5    in full the Keiser Claims; and the Court having jurisdiction to consider the Objection and the

6    relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein

7    being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

8    Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the

9    Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of

10   Bankruptcy Procedure, due and proper notice has been provided to the holder of the Claim

11   attached as Exhibit A to the Objection and all other parties entitled to notice; and no other or

12   further notice is necessary; and the relief requested in the Objection is in the best interests of the

13   Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection

14   establishes just cause for the relief requested therein; therefore

15       IT IS HEREBY ORDERED THAT:

16       1.    Claim No. 19, filed by Chad & Tania Keiser in an unliquidated amount in Case

17   No. 09-14846 against Rhodes Design and Development Corporation is hereby disallowed and

18   expunged in full.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Second Omnibus
Objection.

2.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Submitted by:

DATED this ___ day of _____, 2010.

By: /s/ Zachariah Larson
      LARSON & STEPHENS
      Zachariah Larson, Esq. (NV Bar No 7787)
      Kyle O. Stephens, Esq. (NV Bar No. 7928)
      810 S. Casino Center Blvd., Ste. 104
      Las Vegas, NV  89101
      (702) 382-1170 (Telephone)
      (702) 382-1169
      zlarson@lslawnv.com
      *Attorneys for Reorganized Debtors*

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

### LR 9021 Certification

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

_____ The court has waived the requirement of approval under LR 9021.

_____ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

__X__ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

Submitted by:

DATED this 8th day of Novembery, 2010.

By: ___/s/ Zachariah Larson_____
     LARSON & STEPHENS
     Zachariah Larson, Esq. (NV Bar No 7787)
     Kyle O. Stephens, Esq. (NV Bar No. 7928)
     810 S. Casino Center Blvd., Ste. 104
     Las Vegas, NV  89101
     (702) 382-1170 (Telephone)
     (702) 382-1169
     zlarson@lslawnv.com
     *Attorneys for Reorganized Debtors*

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169