James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
        scho@pszjlaw.com
        jnolan@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Reorganized Debtors

E-File:  <u>November 8, 2010</u>

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka<br>"Rhodes Homes, et al.,"[1]<br><br>           Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| Affects:<br><br>☐   All Debtors<br>☒   Affects the following Debtor(s):<br><br>   The Rhodes Companies, LLC 09-14814 | Hearing Date:   December 17, 2010<br>Hearing Time:   9:30 a.m.<br>Courtroom 1 |

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

---

[1]  The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP

**REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 46 FILED BY AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, AUDUBON INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, NATIONAL UNION FIRE INSURANCE COMPANY AND CERTAIN OTHER ENTITIES RELATED TO CHARTIS, INC. PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007; DECLARATIONS OF BRUCE JORGENSEN AND JEFFREY NOLAN IN SUPPORT THEREOF**

Pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned reorganized debtors (collectively, the "Reorganized Debtors") hereby object (the "Objection") to the claim (the "AIS Claim") of American International Specialty Lines Insurance Company, Audubon Insurance Company, Lexington Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company and Certain Other Entities Related to Chartis, Inc. (collectively, the "Claimant"), attached hereto as **Exhibit 1**, because the AIS Claim was filed in an unliquidated amount and Claimant has not provided any documentation in response to repeated requests from the Reorganized Debtors to attempt to prove up the AIS Claim. Furthermore, the Reorganized Debtors are unable to locate any records supporting any claim in favor of the AIS Claim. Therefore, the Reorganized Debtors request the entry of an order (the "Order") disallowing and expunging in full the AIS Claim.[2] In support of this Objection, the Reorganized Debtors rely on the *Declarations of Bruce Jorgensen and Jeffrey Nolan*. In further support of this Objection, the Reorganized Debtors respectfully represent as follows:

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

(Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] The Debtors reserve the right to file additional objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

**GENERAL BACKGROUND**

1.     On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code.  On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  All references to Petition Date herein shall mean March 31, 2009 for the Primary Filers or April 1, 2009 for the Secondary Filers, as applicable.

2.     On August 5, 2009, AIS filed Claim No. 46 (the "AIS Claim") (*See* Exhibit "1", attached to the Declaration of J. Nolan, filed concurrently herewith).  The Claim asserts that AIS provided Debtors with certain insurance coverage and attached a list of the policies commencing October 1, 1998.  The Claim asserts that "…the Debtors are obligated to pay AIS premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and other costs…". (AIS Claim, pg. 2, §5(a))  Claimant reserves the right to amend this proof of claim as such amounts become liquidated. (AIS Claim, pg. 2, §5(a))

3.     On March 12, 2010, the Bankruptcy Court entered the *Proposed Findings of Fact, Conclusions of Law, and Order* (the "Confirmation Order") *Confirming the First Lien Steering Committee's Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (the "Plan").

4.     On April 1, 2010, the Effective Date under the Plan occurred.  The Debtors are operating as the Reorganized Debtors.

5.     Pursuant to Article VI.B of the Plan, the Reorganized Debtors have authority to object to claims.

**ATTEMPTS TO RESOLVE THE AIS CLAIM**

6.     In July 2010, counsel for Reorganized Debtors contacted the authorized representative of AIS in an effort to informally resolve numerous claims by AIS including the AIS Claim.  As a result of these negotiations, AIS withdrew two administrative claims filed in unliquidated amounts.  *See* 09-14814 Docket No. 1281, and 09-14817 Docket No. 28.  However, despite repeated requests to date, AIS has not responded substantively to the Reorganized

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Debtors with respect to any amount that may be owing under the AIS Claim, thus necessitating this Objection.

7. On August 31, 2010, counsel for Reorganized Debtors requested in writing that Claimant substantiate its unliquidated AIS Claim. (*See* Exhibit "2", attached to the Declaration of J. Nolan) .

8. On at least three occasions in September 2010, counsel for Reorganized Debtors further requested that AIS respond with respect to the AIS Claim. (*See* Exhibit "3", attached to the Declaration of J. Nolan filed concurrently herewith)

9. On September 23, 2010, counsel for Reorganized Debtors again requested that AIS substantiate the AIS Claim. The Reorganized Debtors specifically informed AIS that unless a response was forthcoming by September 27, 2010, this Objection would be filed. No substantive response was received to the September 23, 2010 email. (*See* Exhibit "3", attached to the Declaration of J. Nolan, filed concurrently herewith.) In October 2010, an AIS representative did call back counsel for Reorganized Debtors and left a voicemail. Counsel for the Reorganized Debtors returned the voicemail on or about October 22, 2010 and requested again that AIS prove up its unliquidated claim to which no response has been received. *Id.*

10. Thus, the Reorganized Debtors have spent several months attempting to resolve the AIS Claim to no avail.

## RELIEF REQUESTED

11. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the AIS Claim.

## OBJECTION

A. Burden of Proof

12. All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self contradictory, the proof constitutes prima facie evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). However, it is fundamental Ninth Circuit law that a claimant

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

must attach copies of writings upon which claims are based in order to carry its burden of establishing a prima facie case against the debtor.  *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.  11 U.S.C. § 502 (b)(1).

13.    Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."  *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  "[T]he ultimate burden of persuasion is always on the claimant."  Holm, 931 F.2d at 623.  In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case, including the debtor's schedules. *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

14.    In addition, Bankruptcy Rule 3001(c) provides that "[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim."  If the writing has been lost or destroyed, "a statement of the circumstances of the loss or destruction shall be filed with the claim."  *Id.*  Bankruptcy Rule 3001(d) further provides, "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected."  Official Form 10, as prescribed by the Judicial Conference of the United States, also requires a creditor to attach supporting documentation to the proof of claim.  "[T]he documentation required by Bankruptcy Rule 3001 and Official Form 10 allows the debtor . . . to have enough information to fully determine whether or not a valid claim in the proper amount has been filed."  *In re Armstrong*, 320 B.R. 97, 104 (N.D. Tex. 2005).

15.    With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim "the court, after notice and a hearing,

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1   shall determine the amount of such claim … as of the date of the filing of the petition, and shall

2   allow such claim in such amount, except to the extent that – (1) such claim is unenforceable

3   against the debtor and property of the debtor, under any agreement or applicable law for a reason

4   other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

5   B.   The Claimant Has Not Met Its Burden of Demonstrating the Validity of the AIS Claims

6        16.   In the instant case, the Claimant has <u>not</u> met its burden of proof sufficient to

7   establish the nature, extent, and/or validity of the AIS Claim.  Indeed, the Claimant has not even

8   established any amount outstanding in the AIS Claim.  Only a properly filed proof of claim

9   constitutes prima facie evidence of the validity and amount of the claim.  Fed. R. Bankr. P.

10   3001(f); *see also In re Broadband Wireless International Corp.*, 295 B.R. 140, 145 (B.A.P. 10th

11   Cir. 2003); *In re Lyndell Drop Forge Company*, 111 B.R. 137, 142-43 (Bankr. W.D. Mich.

12   1990).  A properly filed proof of claim is a claim that sets forth the validity and amount of that

13   claim.  Fed. R. Bankr. P. 3001(f); *see also In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993); *In*

14   *re Fergus Falls Woolen Mills Company*, 41 F. Supp. 355, 364 (D. Minn. 1941).  A proof of

15   claim that does not set forth a "liquidated amount" is not a properly filed proof of claim and,

16   therefore, it is not entitled to be considered as prima facie evidentiary proof.  *In re Lyndell Drop*

17   *Forge Company*, 111 B.R. at 142.  Further, the Reorganized Debtors have reviewed the books

18   and records of The Rhodes Companies, LLC, and no amount is listed as outstanding with respect

19   to the AIS Claim.  (See Declaration of B. Jorgensen, filed concurrently herewith)

20        17.   It is the claimant's burden and obligation to provide all documentation supporting

21   a claim upon debtor's request.  *In re Crowe*, 321 B.R. 729, 732 (Bankr. W.D. Wash. 2005) citing

22   *In re Shank*, 315 B.R. 799, 816 (Bankr. N.D. Ga. 2004).  Not only has the AIS Claim not been

23   amended after the passage of over one year since the initial filing of the AIS Claim, but Debtors

24   have made multiple requests for back-up documentation to no avail.  The Debtors have little

25   choice but to file the present Objection.

26                   **CONCLUSION**

27        18.   The Reorganized Debtors object to the allowance of the AIS Claim for the

28   reasons stated herein, and the Reorganized Debtors hereby move this Court for an Order

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

disallowing and expunging in full the AIS Claim identified as the proof of claim attached hereto as Exhibit 1. The Reorganized Debtors reserve their right to further review, evaluate, and respond to any further amended AIS Claim that may be filed.

### NOTICE

19.    Notice of this objection has been provided to (i) the Office of the United States Trustee, (ii) AIS at the address listed on the AIS Claim, (iii) each person or entity that has filed a notice of appearance and request for special notice, and (iv) other required parties pursuant to the Court's case management order entered in these cases. The Reorganized Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

20.    Pursuant to Bankruptcy Rule 3007, the Reorganized Debtors have provided Claimant with at least thirty (30) days' notice of the hearing on the Objection.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, disallowing and expunging the AIS Claim, and granting such other and further relief as the Court deems just an proper.

**DATED** this 8th day of November, 2010.

**LARSON & STEPHENS**

  /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Reorganized Debtors

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

**DECLARATION OF BRUCE JORGENSEN IN SUPPORT OF DEBTORS' OBJECTION TO AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, AUDUBON INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, NATIONAL UNION FIRE INSURANCE COMPANY AND CERTAIN OTHER ENTITIES RELATED TO CHARTIS, INC.'S CLAM**

I, Bruce Jorgensen, declare as follows:

1.      I am the General Counsel of the above-captioned reorganized debtors (the "Reorganized Debtors").  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2.      This declaration is submitted in support of the *Reorganized Debtors' Objection to Claim of American International Specialty Lines Insurance Company, Audubon Insurance Company, Lexington Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company and Certain Other Entities Related to Chartis, Inc.)* (the "Objection").

3.      I am one of the persons responsible for overseeing the claims reconciliation and objection process for the Reorganized Debtors.  I have read the Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the exhibits attached thereto, and the proposed form of order.

4.      The AIS Claim was carefully reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additonal support, utilizing due diligence by appropriate personnel of the Reorganized Debtors.  We found no amount billed to the Debtors or the Reorganized Debtors as outstanding under the AIS Claim, nor evidence of any amount outstanding on account of the AIS Claim.

5.      I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 8th day of November, 2010, at Las Vegas, Nevada.

*/s/Bruce Jorgensen*
Bruce Jorgensen

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**DECLARATION OF JEFFERY P. NOLAN IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, AUDUBON INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, NATIONAL UNION FIRE INSURANCE COMPANY AND CERTAIN OTHER ENTITIES RELATED TO CHARTIS, INC.'S CLAM**

I, Jeffrey P. Nolan, declare as follows:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California and in this District.  I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys of record for the Reorganized Debtor.  The facts stated herein are of my own personal knowledge, or made known to me from a review of the files and pleadings in this action which are maintained in the ordinary course of business.  If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

2.      Attached here to as **Exhibit 1** is a true and correct copy of Claim No. 46 filed by American International Specialty Lines Insurance Company, Audubon Insurance Company, Lexington Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company and Certain Other Entities Related to Chartis, Inc.

3.      In July 2010, I contacted the authorized representative of AIS in an effort to informally resolve numerous claims by AIS including the AIS Claim.  As a result of these negotiations, AIS withdrew two administrative claims filed in unliquidated amounts.  *See* 09-14814 Docket No. 1281, and 09-14817 Docket No. 28.  However, despite repeated requests by me to date, AIS has not responded substantively with respect to any amount that may be owing under the AIS Claim.

4.      I requested an itemization of damages or documentation in support of the assertion that premiums, deductibles, costs, etc. were due under the various policies of insurance identified in the AIS Claim in the Summer of 2010.

5.      Attached hereto as **Exhibit 2** is a true and correct copy of email dated August 31, 2010, wherein I requested the formal position of Claimant with respect to the AIS Claim.

6.      Attached hereto as **Exhibit 3** is a true and correct copy of a string of emails dated September 10, 2010, and September 23, 2010 wherein I requested an itemization of damages,

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

back-up documentation for the Claim or alternatively the Claim be withdrawn.  I have not received a substantive response to my September 10, 2010 email or any subsequent request thereafter.

7.      In October 2010, Robyn Wellbrook, an AIS representative, did call me back and left a voicemail.  I returned the voicemail on or about October 22, 2010 and requested again that AIS prove up its unliquidated claim.  I have received no response to my voicemail as of the time of the filing of this Objection.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 8th day of November, 2010, at Los Angeles, California.


        /s/ Jeffrey P. Nolan
        Jeffrey P. Nolan

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169



1
2
3
4
5
6
7
8
9

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka<br>"Rhodes Homes," et al.,[1] | Chapter 11 |
| Debtors. | |
| Affects: | Hearing Date:  December 17, 2010<br>Hearing Time:  9:30 a.m.<br>Courtroom 1 |
| ☐   All Debtors | |
| ☒   Affects the following Debtor(s): | |
| The Rhodes Companies, LLC 09-14814 | |

**[PROPOSED] ORDER SUSTAINING DEBTORS' OBJECTION TO AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, AUDUBON INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, NATIONAL UNION FIRE INSURANCE COMPANY AND CERTAIN OTHER ENTITIES RELATED TO CHARTIS, INC. PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [AIS CLAIM]**

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-035\DOCS_LA:226082.4

Upon consideration of the *Reorganized Debtors' Objection To Claim No. 46 Filed By American International Specialty Lines Insurance Company, Audubon Insurance Company, Lexington Insurance Company, Insurance Company Of The State Of Pennsylvania, National Union Fire Insurance Company And Certain Other Entities Related To Chartis, Inc. Pursuant To Section 502(B) Of The Bankruptcy Code And Bankruptcy Rules 3003 And 3007's [AIS Claim]* [Docket No. ___] (the "<u>Objection</u>"),[2] filed by above-captioned reorganized debtors (collectively, the "<u>Debtors</u>"), requesting that the Court enter an order disallowing and expunging in full the AIS Claims; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the Claim attached as Exhibit 1 to the Objection and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection establishes just cause for the relief requested therein; therefore

IT IS HEREBY ORDERED THAT:

1.     Claim No. 46 filed in an unliquidated amount in Case No. 09-14814 against The Rhodes Companies, LLC by American International Specialty Lines Insurance Company, Audubon Insurance Company, Lexington Insurance Company, Insurance Company Of The State Of Pennsylvania, National Union Fire Insurance Company And Certain Other Entities Related To Chartis, Inc. is hereby disallowed and expunged in full.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Second Omnibus Objection.

2.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Submitted by:

DATED this ___ day of _____, 2010.

By: /s/ Zachariah Larson
       LARSON & STEPHENS
       Zachariah Larson, Esq. (NV Bar No 7787)
       Kyle O. Stephens, Esq. (NV Bar No. 7928)
       810 S. Casino Center Blvd., Ste. 104
       Las Vegas, NV  89101
       (702) 382-1170 (Telephone)
       (702) 382-1169
       zlarson@lslawnv.com
       *Attorneys for Reorganized Debtors*

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT 1

# ORIGINAL

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA (LAS VEGAS) | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  The Rhodes Companies, LLC | Case Number:  09-14814 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): American International Specialty Lines Insurance Company, Audubon Insurance Company, Insurance Company of the State of Pennsylvania, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, and certain other entities related to Chartis, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: <br> Commercial Insurance Bankruptcy Collections <br> Michelle A. Levitt, Authorized Representative <br> 175 Water Street, 18th Floor <br> New York, New York 10038 <br> Telephone number: (212) 458-6777 | Court Claim Number: _____ <br> *(If known)* <br><br><br> Filed on: _____ |
| Name and address where payment should be sent (if different from above): <br><br><br><br> Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**  **$Unliquidated** *Subject to Adjustment (See Attachment).* <br><br> If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br><br> If all or part of your claim is entitled to priority, complete item 5. <br><br> ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).  If any portion of your claim falls in one of the following categories, check the box and state the amount.** <br><br> Specify the priority of the claim. |
| **2. Basis for Claim:** Other- See Attachment. <br> (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). |
| **3.** Last four digits of any number by which creditor identifies debtor: See Attachment. <br><br> **3a. Debtor may have scheduled account as:** _____ <br> (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)** <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br><br> **Nature of property or right of setoff:**  [ ] Real Estate  [ ] Motor Vehicle  [X] Other <br> **Describe:** Right of Setoff- See Attachment. <br><br> **Value of Property:** $ _____  **Annual Interest Rate** ___% <br><br> **Amount of arrearage and other charges as of time case filed included in secured claim,** <br><br> if any: $_____  **Basis for perfection:** _____ <br><br> **Amount of Secured Claim:** $Unliquidated *  **Amount Unsecured:** $Unliquidated * <br><br> * Subject to Adjustment (See Attachment). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). <br><br> ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). <br><br> ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). <br><br> ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(_). <br><br> **Amount entitled to priority:** |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)* <br> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. <br> If the documents are not available, please explain: | $ _____ <br><br> *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| **Date:** 8/4/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> ~~signature~~ <br> Michelle A. Levitt, Authorized Representative | **FOR COURT USE ONLY** <br> **FILED** <br><br> **AUG 0 5 2009** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571

BMC Group, Claims Agent
For U.S. Bankruptcy Court
District of Nevada

46 QU

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA (LAS VEGAS)

```
-------------------------------------------------:
In re:                                  :
                                        :       Chapter 11
                                        :
THE RHODES COMPANIES, LLC               :       Case No. 09-14814
                                        :
                        DEBTORS.    :       Jointly Administered
-------------------------------------------------:
```

### ATTACHMENT TO PROOF OF CLAIM OF AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, AUDUBON INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AND CERTAIN OTHER ENTITIES RELATED TO CHARTIS, INC.

1.      This proof of claim is filed on behalf of American International Specialty Lines Insurance Company, Audubon Insurance Company, Lexington Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company, and certain other entities related to Chartis, Inc. (collectively, "Claimant") that provide or provided insurance, insurance services and/or surety bonds to The Rhodes Companies, LLC ("Debtors") (see the List of Debtors attached hereto).

2.      As of March 31, 2009 and April 1, 2009 (the "Petition Dates"), the Debtors are indebted to Claimant for premiums, deductibles, and other related fees, expenses and obligations for, among other things, insurance coverages and services provided and to be provided by Claimant to the Debtors as more fully described below.

3.      **The Insurance Program**. Claimant provided the Debtors with certain insurance coverages, including, without limitation, general liability excess, general liability, workers' compensation, hull, commercial property, commercial auto excess, and other services (the "Insurance Program") for varying periods commencing October 1, 1998 and ending 12:01 a.m., October 1, 2010. Attached hereto is a list of the policies issued by Claimant to the Debtors and certain related documentation. Claim is made for all obligations of the Debtors arising under the Insurance Program whether or not the relevant insurance policies and related agreements are specifically listed or described in the attached list or documents. Moreover, the documents which evidence the Insurance Program are voluminous and it is not practical to attach and/or list all of them. Nothing in this description of the Insurance Program or any of the attached documents is intended to vary, amend or alter in any way the terms, conditions, coverages, limitations, exclusions or dates of coverage of any policy or coverage.

4.      **Fidelity and Surety Bonds**. Claimant may have provided the Debtors with various surety, fidelity and other bonds for the account of the Debtors. Claim is asserted for all such bonds issued or outstanding and for all premiums, fees and expenses due thereunder,

whether or not specifically listed or described in the attached documents. Nothing in this description of the bond programs is intended to vary, amend or alter in any way the terms, conditions, coverages, limitations, exclusions or dates of coverage of any bond. Should Claimant be called upon to pay on any such bond, Claimant may amend this proof of claim to assert a claim on account of such payment.

### 5.   **Components of this Claim**.

(a)   **Unliquidated Claim for the Insurance Program**. Pursuant to the Insurance Program, the Debtors entered into certain agreements and are obligated to pay to Claimant, among other things, certain premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and related costs. Such amounts constitute the Claimant's unliquidated claim. When the amount of premiums, deductibles, fees, expenses and other costs due under the Insurance Program, including, without limitation, damages that may arise from the rejection of the Insurance Program or any part thereof, are liquidated or determined, such amounts shall become a liquidated claim. Claimant reserves the right to amend this proof of claim as such amounts become liquidated.

(b)   **Other Insurance or Services**. To the extent Claimant provides or provided any other or different insurance (including excess coverages or renewals of the Insurance Program), or other services to the Debtors, either included within or in addition to the Insurance Program, Claimant hereby asserts a claim for all obligations of the Debtors to Claimant arising thereunder, including, without limitation, premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and other costs arising from such transactions, or from funds advanced or to be advanced on the Debtors' behalf. Additionally, Claimant reserves the right to amend this proof of claim to assert further amounts due or particulars in connection therewith.

(c)   **Bond Obligations.** To the extent of any bonds outstanding, the Debtors agreed to pay to Claimant, among other things, any and all loss and expense, including, without limitation, attorneys' fees, incurred by Claimant by reason of having issued any such bonds, and losses incurred as a result of the issuance of any bonds. The amount presently due Claimant with respect to any bonds is unliquidated and untabulated.

(d)   **Quantum Meruit**. To the extent any Debtor received a benefit from insurance or from bonds provided by Claimant, such Debtor is obligated to pay Claimant for the value of the benefits received.

(e)   **Joint Liability.** Should it be established in these bankruptcy cases or otherwise that any of the Debtors have liability for the obligations of any of the other Debtors, then this claim asserts the same claim as Claimant asserted against each such Debtor against such other Debtor.

(f)   **Indemnity Obligations**. In the event Debtors have entered into any agreement with Claimant pursuant to which Debtors have a duty to indemnify Claimant, claim is made herein for such right to indemnity.

2

(g)    **Other**. In connection with the foregoing, the Debtors also may be liable to Claimant by virtue of relevant principles of contract and common law relating to, among other things, subrogation, suretyship, indemnification or contribution.

6.    **Right of Recoupment**. Claimant asserts the right to use funds paid to it on account of, among other things, the Insurance Program to recoup obligations of the Debtors arising from, among other things, the Insurance Program.

7.    **Security**. To the extent Claimant holds any cash or other collateral as security for its claim, regardless of whether such cash or collateral is property of the Debtors' estates, Claimant asserts a secured claim and/or a right of setoff and reserves its rights to collect against same by recoupment and/or setoff. Alternatively or in addition, to the extent Claimant holds an interest in any property of the Debtors, Claimant asserts a security interest in same.

8.    **Interest.** Claimant claims all rights to claim interest to the extend permitted by law, including post-petition interest other extent such interest is secured. To the extent this claim is unliquidated, appropriate interest (if any) remains unliquidated at this time. In preparing any attached tabulation of a liquidated claim, we will endeavor to include a tabulation of applicable interest to the extent dates of accrual of obligations can be readily ascertained. Claimant reserves the right to amend such calculations and to claim additional interest as facts are learned, data compiled, and/or unliquidated claims become liquidated.

9.    As indicated above, supporting documents for this claim are voluminous and certain such documents, including policies of insurance, are not attached.

10.    Claimant also asserts an administrative expense claim for all services provided, risks insured or occurrences occurring after the Petition Date, all or a portion of which may be set forth in this proof of claim. To the extent any amounts set forth herein are entitled to administrative expense status, Claimants reserve the right to assert such status.

11.    The filing of this Proof of Claim is not intended to waive any right to arbitration. Claimant(s) expressly reserve the right to seek arbitration of any dispute arising in connection with this claim. To the extent of any pre-existing arbitration agreement, this court's jurisdiction to resolve disputes should be limited to referring such disputes to arbitration and enforcing any arbitration award.

12.    In executing and filing this proof of claim, Claimant: (i) does not submit itself to the jurisdiction of this Court for any purpose other than with respect to said claim; (ii) does not waive any right or rights that it has or may have against any other persons liable for all or part of the claim set forth herein; (iii) expressly reserves the right to the extent permitted by law to amend or supplement this proof of claim in any respect; (iv) expressly reserves the right to assert all claims, causes of action, defenses, offsets or counterclaims; and (v) expressly

3

reserves the right to contest insurance coverage in the event of each or any claim that may be tendered by Debtors for Coverage.

Dated: August 4, 2009

**PENALTY FOR PRESENTING FRAUDULENT CLAIMS: Fine of not more than $500,000.00 or imprisonment for not more than five years, or both. Title 18, U.S.C. §§152 and 3571.**

4

DEBTORS' LIST

| | | |
|---|---|---|
| 1. | The Rhodes Companies, LLC | #09-14814 |
| 2. | Heritage Land Company, LLC | #09-14778 |
| 3. | Tribes Holdings, LLC | #09-14817 |
| 4. | Apache Framing, LLC | #09-14818 |
| 5. | Geronimo Plumbing LLC | #09-14820 |
| 6. | Gung-Ho Concrete, LLC | #09-14822 |
| 7. | Bravo, Inc. aka Rhodes Framing | #09-14825 |
| 8. | Elkhorn Partners, a Nevada Limited Partnership | #09-14828 |
| 9. | Six Feathers Holdings, LLC | #09-14833 |
| 10. | Elkhorn Investments, Inc. | #09-14837 |
| 11. | Jarupa, LLC | #09-14839 |
| 12. | C & J Holdings, Inc. aka Neighborhood Association Group | #09-14843 |
| 13. | Rhodes Design and Development Corporation aka Rhodes Homes | #09-14846 |
| 14. | Parcel 20, LLC | #09-14848 |
| 15. | Tuscany Acquisitions IV, LLC | #09-14849 |
| 16. | Tuscany Acquisitions III, LLC | #09-14850 |
| 17. | Tuscany Acquisitions II, LLC | #09-14852 |
| 18. | Tuscany Acquisitions, LLC | #09-14853 |
| 19. | Rhodes Ranch Golf and Country Club, LLC aka Rhodes Ranch Golf Club | #09-14854 |
| 20. | Overflow, LP | #09-14856 |
| 21. | Wallboard, LP | #09-14858 |

| 22. | Jackknife, LP | #09-14860 |
| 23. | Chalkline, LP | #09-14862 |
| 24. | Glynda, LP | #09-14865 |
| 25. | Tick, LP | #09-14866 |
| 26. | Rhodes Arizona Properties, LLC | #09-14868 |
| 27. | Rhodes Homes Arizona, LLC | #09-14882 |
| 28. | Tuscany Golf Country Club, LLC aka Tuscany Golf Club | #09-14884 |
| 29. | Pinnacle Grading, LLC | #09-14887 |
| 30. | Rhodes Realty, Inc. | #09-14841 |
| 31. | Rhodes Ranch General Partnership | #09-14844 |
| 32. | Batcave, LP | #09-14861 |

| The Rhodes Companies, LLC  (Jointly Administered) | | | | | | |
|---|---|---|---|---|---|---|
| 00000888658 | 52 - PHOENIX | CAEX | GUNG HO CONCRETE LLC | AI SPECIALTY LINES INSURANCE COMPANY | 68 - EXCESS SMALL | 2004-07-30 | 2005-07-01 |
| 00007528963 | 05 - LOS ANG | GLEX | PINNACLE GRADING LLC | INSURANCE COMPANY OF THE STATE OF P | 75 - EXCESS CONST | 2008-05-08 | 2009-05-08 |
| 00007275359 | 05 - LOS ANG | GLEX | PINNACLE GRADING LLC | INSURANCE COMPANY OF THE STATE OF P | 75 - EXCESS CONST | 2007-05-08 | 2008-05-08 |
| 00007541956 | 05 - LOS ANG | GLEX | PINNACLE GRADING,  LLC | INSURANCE COMPANY OF THE STATE OF P | 75 - EXCESS CONST | 2009-05-08 | 2010-05-08 |
| 00000803804 | 34 - HOME OF | IM-P | ELKHORN INVESTMENT | AUDUBON INSURANCE COMPANY | 45 - AIG CI CORPOR | 2003-03-04 | 2007-03-11 |
| 00001323840 | 38 - WESTER | GL | RHODES DESIGN & DE | LEXINGTON INSURANCE COMPANY | 92 - CASUALTY | 2003-10-01 | 2004-10-01 |
| 00001320583 | 38 - WESTER | GL | RHODES DESIGN & DE | LEXINGTON INSURANCE COMPANY | 92 - CASUALTY | 2002-10-01 | 2003-10-01 |
| 00005359922 | 38 - WESTER | GL | RHODES DESIGN & DE | LEXINGTON INSURANCE COMPANY | 92 - CASUALTY | 1999-10-01 | 2000-10-01 |
| 00005352778 | 38 - WESTER | GL | RHODES DESIGN & DE | LEXINGTON INSURANCE COMPANY | 92 - CASUALTY | 2000-10-01 | 2001-10-01 |
| 00001855801 | 34 - HOME OF | AVOM | RHODES DESIGN & DEVELOPMENT CO | NATIONAL UNION FIRE INS. CO. OF PITTSBU | 14 - AIG AVIATION - D | 2005-04-25 | 2007-05-02 |
| 00002063585 | 05 - LOS ANG | GLEX | RHODES DESIGN & DEVELOPMENT CORP. | INSURANCE COMPANY OF THE STATE OF P | 75 - EXCESS CONST | 2006-01-31 | 2009-01-31 |
| 00007411602 | 05 - LOS ANG | WC | RHODES DESIGN & DEVELOPMENT CORP. | AI SPECIALTY LINES INSURANCE COMPANY | 30 - EXCESS NATION | 2000-11-15 | 2003-11-15 |
| 00007414707 | 05 - LOS ANG | GLEX | RHODES DESIGN & DEVELOPMENT CORPC | AI SPECIALTY LINES INSURANCE COMPANY | 81 - EXCESS CORPO | 2003-11-01 | 2004-10-01 |
| 00007414284 | 05 - LOS ANG | WC | RHODES DESIGN & DEVELOPMENT CORPC | AI SPECIALTY LINES INSURANCE COMPANY | 81 - EXCESS CORPO | 2002-10-01 | 2003-10-01 |
| 00005359998 | 38 - WESTER | GL | RHODES DESIGN & DEVELOPMENT CORPC | LEXINGTON INSURANCE COMPANY | 92 - CASUALTY | 2001-10-01 | 2002-10-01 |
| 00005352774 | 38 - WESTER | GL | RHODES DESIGN & DEVELOPMENT CORPC | LEXINGTON INSURANCE COMPANY | 92 - CASUALTY | 1999-10-01 | 2000-10-01 |
| 00007414208 | 52 - PHOENIX | GLEX | RHODES DESIGN & DEVELOPMENT, CORP | AI SPECIALTY LINES INSURANCE COMPANY | 81 - EXCESS CORPO | 2001-10-01 | 2002-10-01 |
| 00005686492 | 05 - LOS ANG | GLEX | RHODES DESIGN & DEVELOPMENT, ETAL | INSURANCE COMPANY OF THE STATE OF P | 75 - EXCESS CONST | 2007-10-01 | 2010-10-01 |
| 00007013036 | 52 - PHOENIX | GLEX | RHODES DESIGN & DEVELOPMENT, I | NATIONAL UNION FIRE INS. CO. OF PITTSBU | 81 - EXCESS CORPO | 1999-10-01 | 2000-10-01 |
| 00003577608 | 52 - PHOENIX | GLEX | RHODES DESIGN & DEVELOPMENT, INC. | NATIONAL UNION FIRE INS. CO. OF PITTSBU | 81 - EXCESS CORPO | 1998-10-01 | 1999-10-01 |
| 00007398542 | 52 - PHOENIX | GLEX | RHODES DESIGN & DEVELOPMENT, IN | NATIONAL UNION FIRE INS. CO. OF PITTSBU | 81 - EXCESS CORPO | 2000-10-01 | 2001-10-01 |

**CHARTIS, INC.**
175 WATER STREET, 18TH FLOOR
NEW YORK, NEW YORK 10038

August 4, 2009

VIA OVERNIGHT MAIL
Omni Management Group, LLC
16501 Ventura Boulevard
Suite 440
Encino, California 91436

**FILED**

**AUG 05 2009**

By Omni Management Group, Claims Agent
For U.S. Bankruptcy Court
District of Nevada

    Re:    The Rhodes Companies, LLC.
               Case Number: 09-14814

To whom this may concern:

    Enclosed please find one original and two copies of a Proof of Claim for the case mentioned above. Please file the original in the Court file, kindly have the copies stamped "Filed", and return the copies in the enclosed self-addressed stamped envelope.

    If you have any questions, please do not hesitate to contact me at (212) 458-7012. Thank you for your cooperation in this matter.

                                Sincerely,

                                Robyn Wellbrock
                                Litigation Paralegal

# EXHIBIT 2

**Rolanda Mori**

| | |
|---|---|
| **From:** | Jeffrey P. Nolan |
| **Sent:** | Wednesday, October 06, 2010 11:36 AM |
| **To:** | Rolanda Mori |
| **Subject:** | Exhibit 1 to Objection(no need to print out attachement) |

**Attachments:**     #94-1 .pdf; #7 .pdf



#94-1 .pdf (152
KB)



#7 .pdf (300 KB)

```
-----Original Message-----
From: Jeffrey P. Nolan
Sent: Tuesday, August 31, 2010 12:09 PM
To: 'Wellbrock, Robyn'
Subject: FW: Emailing: #94-1 .pdf, #7 .pdf

 Robyn:

Thank you for the message.

The two referenced admin claims/Applications look identical but they have been assigned
two different #'s.

We need to get your position on the claim filed by Michelle for AMERICAN INT'L SPECIALTY
LINES INSURANCE CO ET AL.  Please call or have Michele call me this week so I do not file
the objection and we can determine the status.


Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York
```

```
CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this e-mail message, you are hereby
notified that any dissemination, distribution or copying of this e-mail message, and any
attachments thereto is strictly prohibited. If you have received this e-mail message in
error, please immediately notify me by telephone and permanently delete the original and
any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING Notwithstanding the Uniform Electronic
Transactions Act or the applicability of any other law of similar substance and effect,
absent an express statement to the contrary hereinabove, this e-mail message, its
contents, and any attachments hereto are not intended to represent an offer or acceptance
to enter into a contract and are not otherwise intended to bind the sender, Pachulski
```

Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.


-----Original Message-----
From: CopyroomLA
Sent: Tuesday, August 31, 2010 12:00 PM
To: Jeffrey P. Nolan
Subject: Emailing: #94-1 .pdf, #7 .pdf


The message is ready to be sent with the following file or link attachments:

#94-1 .pdf
#7 .pdf


Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.  Check your e-mail security settings to determine how attachments are handled.

# EXHIBIT 3

## Rolanda Mori

**From:** Jeffrey P. Nolan
**Sent:** Wednesday, October 06, 2010 11:39 AM
**To:** Rolanda Mori
**Subject:** FW: Rhodes-Claim No. 46

---

**From:** Jeffrey P. Nolan
**Sent:** Thursday, September 23, 2010 2:55 PM
**To:** 'Fish, Aleksandra'; 'michelle.levitt@chartisinsurance.com'
**Subject:** RE: Rhodes-Claim No. 46

Dear Ms. Levitt & Ms. Fish:

It has been over a week since we exchanged e-mails last and a number of months since I first called Chartis about proof of claim #94 of American Specialty. I have provided the claim to Chartis on a number of occasions. I have similarly asked for documentation evidencing any amounts owed under the claim as the claim is filed for an unliquidated amount.

To date I have received no documents responsive to my request. The Debtor filled bankruptcy on March 31, 2009. The claim was filed on May 3, 2010. Notwithstanding the cooperative tone you have evinced to date, I simply disagree that the Claim can remain as an unliquidated claim for eternity. As such, absent the withdrawal of the claim, or a response outlining the damages sustained as supported by the appropriate documentation, we will file an objection on September 27,2010.

As you know, it is the claimant's burden and obligation to provide all documentation supporting the claim upon debtor's request. *In re Crowe*, 321 B.R. 729, 732(Bankr. W.D. Wash. 2005) citing *In re Shank*, 315 B.R. 799, 816(Bankr. N.D. Ga. 2004). As I have stated, the case is drawing to a close and we simply cannot wait any longer for the claim to be documented without a reasonable conclusion in sight.

Regards,

Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** Jeffrey P. Nolan
**Sent:** Wednesday, September 15, 2010 2:50 PM
**To:** 'Fish, Aleksandra'
**Subject:** RE: Rhodes

Can you check in with Michelle Levitt?  In light of the chartis reconciliation, I don't see how this issue has not come up

---

**From:** Fish, Aleksandra [mailto:Aleksandra.Fish@chartisinsurance.com]
**Sent:** Wednesday, September 15, 2010 7:04 AM
**To:** Jeffrey P. Nolan
**Cc:** Fish, Aleksandra
**Subject:** RE: Rhodes

Mr. Nolan - I am still looking into this matter.  Since I do not have access to Robyn's emails, this is taking me longer than anticipated.  I will contact you as soon as I gather more information.

---

**From:** Jeffrey P. Nolan [mailto:jnolan@pszjlaw.com]
**Sent:** Tuesday, September 14, 2010 2:56 PM
**To:** Fish, Aleksandra
**Subject:** RE: Rhodes

Any update?

---

**From:** Jeffrey P. Nolan
**Sent:** Friday, September 10, 2010 9:15 AM
**To:** 'aleksandra.fish@chartisinsurance.com'
**Subject:** RE: Rhodes

Alek:

Thank you for discussing the claim with me this morning.  I realize you are picking it up for the first time and no promises are taken away from our discussion.

It is merely an assumption, but I would think that as part of resolving the withdrawal of claim #7 & 94, the audit would also have resolved any issue with the withdrawal of Claim #46.

I would appreciate bringing this to Michelle's attention and look forward to hearing from you on Monday.

Jeffrey P. Nolan
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Tel: 310.277.6910 | Fax: 310.201.0760
jnolan@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York

10/7/2010

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** Jeffrey P. Nolan
**Sent:** Friday, September 10, 2010 9:01 AM
**To:** 'aleksandra.fish@chartisinsurance.com'
**Subject:** Rhodes

10/7/2010