James I. Stang, Esq. (CA Bar No. 94435)
Shirley S. Cho, Esq. (CA Bar No. 192616)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: jstang@pszjlaw.com
         scho@pszjlaw.com

E-File:  March 29, 2011

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & STEPHENS
810 S. Casino Center Blvd., Ste. 104
Las Vegas, NV  89101
Telephone:  702/382.1170
Facsimile:  702/382.1169
Email: zlarson@lslawnv.com

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes, et al.,[1]<br><br>          Debtors.<br><br>Affects:<br><br>☐  All Debtors<br>☒  Affects the following Debtor(s):<br><br>  The Rhodes Design and Development<br>  Corporation 09-14846 | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br><br><br>Hearing Date:  May 9, 2011<br>Hearing Time:  2:30 p.m.<br>Courtroom 1 |

(sidebar) LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

73203-002\DOCS_LA:234056.1

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**DEBTORS' OBJECTION TO THE SLAUGHTER CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [SLAUGHTER CLAIM];**
<u>**DECLARATIONS IN SUPPORT THEREOF**</u>

Pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the above-captioned reorganized debtors (collectively, the "<u>Debtors</u>") hereby object (the "<u>Objection</u>") to the claim (the "<u>Slaughter Claim</u>") of Slaughter ("<u>Slaughter</u>").

The Slaughter Claim is neither evidence of an enforceable contract nor an enforceable debt owed by the Debtors.  It is a single page claim alleging two words, "construction defects", with no supporting documentation or evidence.

The Debtors request the entry of an order (the "<u>Order</u>") disallowing and expunging in full the Slaughter Claim attached hereto.

<u>**FACTS**</u>

1.      On March 31, 2009, Rhodes Design and Development Corporation ("<u>RDD</u>"), one the above-captioned Debtors, filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

2.      On April 20, 2009, Slaughter filed the Slaughter Claim in the RDD case, which has been designated as claim number 18-1.  A true and correct copy of the Slaughter Claim is attached hereto as **Exhibit A**.  The Slaughter Claim is filed on behalf of a purported class action. It is a face-sheet filing with no evidence attached filed in an unliquidated amount for "construction defects."

3.      Notably, RDD is not a named defendant in the Slaughter class action.  The underlying Slaughter class action has been dismissed with prejudice by the United States District Court, District of Nevada pursuant to a court order entered January 27, 2010.  *See* USDC Case No. 2:08-CV-01223-RCJ-GWF.  A true and correct copy of the dismissal order is attached hereto as **Exhibit B**.  Upon information and belief, the dismissal order is currently on appeal.

4.      On March 12, 2010, the Bankruptcy Court entered the *Proposed Findings of Fact, Conclusions of Law, and Order* (the "Confirmation Order") confirming the *First Lien Steering Committee's Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the*

*Bankruptcy Code for The Rhodes Companies, LLC, et al.* (the "Plan"). On April 1, 2010, the Effective Date under the Plan occurred. Pursuant to Article VI.B of the Plan, the Reorganized Debtors have authority to object to claims.

5.      Beginning in May 2010 and continuing for several months thereafter, the Reorganized Debtors attempted to liquidate, settle, or negotiate the withdrawal of the Slaughter Claim to no avail. On May 10, 2010, counsel for RDD wrote to counsel for Slaughter and requested that evidence be provided or that the claim be withdrawn. A true and correct copy of the letter is attached hereto as **Exhibit C**. Thereafter, counsel for RDD engaged in approximately half a dozen telephone conversations and multiple email communications regarding the Slaughter claim to no avail. To this date, the Reorganized Debtors have not received any further information that would substantiate the Slaughter Claim, let alone identify the actual homes at issue or the particular homeowners involved. In fact, the Debtors have no record of ever selling a home to anyone named Slaughter.

## RELIEF REQUESTED

6.      By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Slaughter Claim.

## OBJECTION

7.      Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a). Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court
> under 11 U.S.C.A. § 502(a) rests on different parties at different

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Ashford*, 178 B.R. at 226.

8.     Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed). While the "burden of going forward is primarily a procedural matter pertaining to the order of presenting evidence", the substantive burden of proof remains at all times upon the claimant and the claimant must establish by a preponderance of the evidence that its claim should be allowed. *In re Garvida*, 347 B.R. at 706; *In re Lundell*, 223 F.3d at 1039 (ultimate burden of persuasion remains at all times upon the claimant), *In re So. Cal. Plastics, Inc.*, 165 F.3d at 1248; *In re Lundell,* 223 F.3d at 1039.

9.     Official Form 10, as prescribed by the Judicial Conference of the United States, also requires a creditor to attach supporting documentation to the proof of claim. "[T]he documentation required by Bankruptcy Rule 3001 and Official Form 10 allows the debtor . . . to have enough information to fully determine whether or not a valid claim in the proper amount has been filed." *In re Armstrong*, 320 B.R. 97, 104 (N.D. Tex. 2005).

10.     Given that RDD was never a named defendant in the underlying class action and the underlying class action has been dismissed, there is no valid basis for the Slaughter Claim.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

11.     The Slaughter Claim does not allege facts sufficient to form a prima facie claim. The Claim is supported only by the conclusory phrase, "Construction Defects". No evidence is submitted of the homes at issue, the alleged defect, or the extent of any defect. The Claim consists of the approved face sheet and nothing else. The Reorganized Debtors have made a good faith effort to reach out to Slaughter's counsel to amicably resolve the Claim on multiple occasions. The proof of claim is defective and, under the circumstances referenced, the Slaughter Claim should be disallowed and expunged by the Court.

## CONCLUSION

12.     The Debtors object to the allowance of the Slaughter Claim for the reasons stated herein, and the Debtors hereby move this Court for an Order disallowing and expunging in full the Slaughter Claim identified as the proof of claim attached hereto as **Exhibit A**.

## NOTICE

13.     Pursuant to Bankruptcy Rule 3007, the Debtors have provided Slaughter with at least thirty (30) days' notice of the hearing on the Objection.

14.     Notice of this objection has been provided to (i) the Office of the United States Trustee, (ii) counsel to Slaughter in accordance with the addresses provided in the Slaughter Claim, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, disallowing and expunging the Slaughter Claim, and granting such other and further relief as the Court deems just and proper.

**DATED** this 29th day of March, 2011.

**LARSON & STEPHENS**

 /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Reorganized Debtors

## DECLARATION OF BRUCE JORGENSEN IN SUPPORT OF DEBTORS' OBJECTION TO SLAUGHTER CLAIM

I, Bruce Jorgensen, declare as follows:

1.     I am the General Counsel of the above-captioned reorganized debtors (the "Debtors"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto. This declaration is submitted in support of the above-captioned Objection.

2.     I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' chapter 11 cases. I have read the Debtors' Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the exhibits attached thereto, and the proposed form of order.

3.     The Slaughter Claim was reviewed and analyzed in good faith, and the Debtors' books and records were referenced for additional support, utilizing due diligence by appropriate personnel of the Debtors. I have personally reviewed the Slaughter Claim, which is attached hereto as **Exhibit A**.

4.     The Slaughter Claim is for alleged construction defects. Neither Rhodes Design and Development Corporation nor any of the Debtors or Reorganized Debtors have ever been named as a defendant in the Slaughter class action suit. Furthermore, the Debtors' books and records do not reflect any sale of a home to any individual with the name "Slaughter".

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 29 day of March, 2011, at Las Vegas, Nevada.

_____
Bruce Jorgensen

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:234056.1

## DECLARATION OF JEFFERY P. NOLAN IN SUPPORT
## DEBTORS' OBJECTION TO SLAUGHTER CLAIM

I, Jeffrey P. Nolan, declare as follows:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California and in this District.  I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys of record for the Reorganized Debtors.  The facts stated herein are of my own personal knowledge, or made known to me from a review of the files and pleadings in this action which are maintained in the ordinary course of business.  If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Slaughter Claim from the Omni claims agent website.

3.      Attached as **Exhibit B**  is a true and correct copy of the dismissal order from the Slaughter class action case, USDC Case No. 2:08-CV-01223-RCJ-GWF.

4.      Attached as **Exhibit C** is a true and correct copy of an initial letter sent by my Firm to counsel for the Slaughter Claim on May 10, 2010.

5.      Thereafter, I attempted to liquidate, settle, or negotiate the withdrawal of numerous alleged construction defect claims that were filed by the firm of Maddox, Isaacson & Cisneros, LLP.  With respect to some of the individual claims, we were able to determine the facts surrounding the claim, or the fact that the claim was no longer being prosecuted given various events.  Efforts to resolve the Slaughter Claim were the exception.  Rather than pointing to a particular defined claimant and or/particular claimed damage, there was no elaboration as to what homes were at issue, extent of damages, or whether the Debtor was responsible for any alleged damage.

6.      Between July and the end of October, I engaged in 5 to 6 telephone conversations wherein I inquired as to what was the basis of the Slaughter Claim, what was the damage and had it been documented, what homes were involved, the degree of the severity of damages, the responsible parties, and who the actual claimant was who asserted the Slaughter Claim.  The Slaughter Claim identified a lawsuit but failed to identify who was the claimant for the claim filed with the Court.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-002\DOCS_LA:234056.1

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

6.    By email dated August 26, 2009, claimant's counsel set forth the following as a response to my inquiries:

> "As for the Slaughter case, that is a class action filed in Federal District Court (not naming Rhodes) against the manufacturer, suppliers and plumbers who installed the Wirsbo plumbing product which we have since learned Rhodes Homes installed in many of its developments throughout the Las Vegas valley.  We do not anticipate filing anything in the near future on this matter, but will let you know as things develop."

*See* email correspondence dated, August 26, 2010, attached hereto as **Exhibit D**.

7.    I continued discussions with counsel for the Slaughter Claim to try to resolve the Slaughter Claim consensually, but ultimately since no home was ever identified, let alone which developments, such efforts were not successful.  I have never been provided with any documentation, information, or evidence that would substantiate the Slaughter Claim from counsel for Slaughter or any other third party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 28th day of March, 2011, at Los Angeles, California.

Jeffrey P. Nolan

1

2

3

4

**UNITED STATES BANKRUPTCY COURT**

5

**DISTRICT OF NEVADA**

6

In re:

7

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes," et al.,[1]

8

Debtors.

9

Affects:

10

☐    All Debtors

11

☒    Affects the following Debtor(s):

12

Rhodes Design and Development
Corporation 09-14686

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date:  May 9, 2011
Hearing Time:  2:30 p.m.
Courtroom 1

13

14

**ORDER SUSTAINING DEBTORS' OBJECTION TO THE SLAUGHTER CLAIM
PURSUANT TO SECTION 502(b) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007
[SLAUGHTER CLAIM] [DOCKET NO.    ]**

15

16

17

Upon consideration of the *Debtors' Objection to the Slaughter Claim Pursuant to Section*

18

*502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Slaughter Claim]* [Docket

19

No. ____] (the "Objection"),[2] filed by the above-captioned reorganized debtors (collectively, the

20

21

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

22

23

24

25

26

27

28

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Second Omnibus Objection.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

"Debtors"), requesting that the Court enter an order disallowing and expunging in full the Slaughter Claim; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the Claim attached as Exhibit A to the Objection and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection establishes just cause for the relief requested therein; therefore

IT IS HEREBY ORDERED THAT:

1.    Claim No. 18, filed by Slaughter, et al., as secured in an unliquidated amount in Case No. 09-14846 against Rhodes Design and Development Corporation is hereby disallowed and expunged in full.

2.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Submitted by:

DATED this ___ day of _____, 2011.

By: /s/ Zachariah Larson
        LARSON & STEPHENS
        Zachariah Larson, Esq. (NV Bar No 7787)
        Kyle O. Stephens, Esq. (NV Bar No. 7928)
        810 S. Casino Center Blvd., Ste. 104
        Las Vegas, NV  89101
        (702) 382-1170 (Telephone)
        (702) 382-1169
        zlarson@lslawnv.com
        *Attorneys for Reorganized Debtors*

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT A

RECEIVED APR 20 2009

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF NEVADA | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: **Rhodes Design and Development Corporation** | Case Number: **09-14846** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Slaughter, et al. Class Action Claim    USDC Case #
2:09-CV-01223-RCJ-GWF

Name and address where notices should be sent:

**MADDOX, ISAACSON & CISNEROS, LLP**
*An Association of Professional Corporations*
3811 W. Charleston Blvd., Suite 110
Las Vegas, NV 89102

TEL: ( 7 0 2 ) 3 6 6 - 1 9 0 0

☐ Check box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed On: __/__/__

Name and address where payment should be sent (if different from above):
Name: _____
Address 1: _____
Address 2: _____
Address 3: _____
Address 4: _____
Address 5: _____
TEL: ( ___ ) ___ - ___

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be sent to: The Rhodes Companies, LLC, c\o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 477, Encino, CA 91436-2522.

**1. Amount of Claim as of Date Case Filed:**
Unliquidated    $ _____ . __
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete item 5.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim**
C O N S T R U C T I O N   D E F E C T S
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:**
(See instruction #3a on reverse side.) Slaughter, et al. Class Action Claim

**4. Secured Claim.**    (See instruction #4 on reverse side.)
☐ Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____

Value of Property: $ _____ .__   **Annual Interest Rate:** ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____ .__   **Basis for perfection:** _____

Amount Secured   $ _____ .__    Amount Unsecured   $ _____ .__

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( _____ ).

Amount entitled to priority:
$ _____ .__

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: Unliquidated

THIS SPACE IS FOR COURT USE ONLY

Date 0 4 / 2 9 / 2 0 0 9    Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Signature

Printed Name   T R O Y   L .   I S A A C S O N    Title   A T T O R N E Y

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

POC0857    0001

# EXHIBIT B

Case 09-14814-gwz   Doc 1862   Entered 03/29/14 16:27:09   Page 14 of 24

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| EDWIN K. SLAUGHTER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 2:08-cv-01223-RCJ-GWF |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| UPONOR, Inc. et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This uncertified class action arises out of the manufacture, marketing, distribution, and installation of allegedly defective plumbing components, which Plaintiffs allege caused harm, or threaten to cause harm, to their residences. After eighteen months of litigation, Plaintiffs have withdrawn their motion for class certification. Pending before the Court are two motions. First is Defendants' United Plumbing, LLC and Ferguson Enterprises, Inc's Objection to the Honorable Magistrate's Order Regarding the Taking of the Deposition of David Coates (#247). Second is Plaintiffs' Motion for Voluntary Dismissal (#285). At the January 5, 2010 hearing, the parties argued whether the case should be dismissed with or without prejudice and whether Defendants should be awarded costs and fees.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Voluntary Dismissal (#285) is GRANTED in part and DENIED in part. The case is dismissed with prejudice. The parties shall file briefs on the issue of costs and fees. The Objection (#247) is DENIED as moot.

DATED:        January 26, 2010

_____
Robert C. Jones
United States District Judge

# EXHIBIT C



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

10100 SANTA MONICA BLVD
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE 310/277 6910
FACSIMILE 310 201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500
TELEPHONE 415/263 7000
FACSIMILE 415 263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705
(Courier 19801)

TELEPHONE 302/652 4100
FACSIMILE 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE 212/561 7700
FACSIMILE 212/561 7777

web: www.pszjlaw.com

Steven J. Kahn

May 10, 2010

skahn@pszjlaw.com
310.203.3112

Troy L. Isaacson
Maddox, Isaacson & Cisneros, LLP
3811 W. Charleston Blvd., Suite 110
Las Vegas, NV  89102

**Re:    Rhodes Companies, LLC and Affiliates**
**Bankruptcy Case No. 09-14846**
**Proof of Claim of Slaughter, et al.,**
**Class Action USDC Case No. 2:08-cv-01223-RCJ-CWF**

Dear Mr. Isaacson:

Our offices represent the Reorganized Debtors arising from the order entered by the Bankruptcy Court on March 12, 2010 confirming the plan of reorganization in the Debtors' bankruptcy cases (the "Confirmation Order").

Review of the claims docket maintained by Omni Management Group, as claims agent for the United States Bankruptcy Court for the District of Nevada in the Debtors' cases, reveals that you filed Claim No. 18 on May 6, 2009, on behalf of Slaughter, et al., Class Action USDC Case No. 2:08-cv-01223-RCJ-CWF in an unliquidated amount.

Because the claim is filed as unliquidated, an actual dollar amount of the claim cannot be determined from the face of the claim, and no distribution, if any, can be made on the claim.

Further, review of the docket in the District Court action reveals that Edwin K. Slaughter received repairs relating to the allegedly defective plumbing components, no class was ever certified, and the case was dismissed with prejudice pursuant to a court order entered January 27, 2010.  While we understand that the dismissal order is presently under appeal, there is presently no claimant with factual or legal standing to assert any claim in the Debtors' bankruptcy cases.

73203-001\DOCS_LA:219421.1

PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

Troy L. Isaacson
May 10, 2010
Page 2

If you do not withdraw the proof of claim with ten (10) days of the date of this letter, the Reorganized Debtors will institute a contested proceeding against the purported claimants to seek disallowance of the claim in its entirety.

Thank you for your attention to the above.

Very truly yours,

Steven J. Kahn

SJK

73203-001\DOCS_LA:219421.1

# EXHIBIT D

**Shirley S. Cho**

**Subject:** FW: Keiser & Casimiro-Rayo

**From:** Troy Isaacson [mailto:tisaacson@mic-law.com]
**Sent:** Thursday, August 26, 2010 11:41 AM
**To:** Jeffrey P. Nolan
**Subject:** RE: Keiser & Casimiro-Rayo

Jeff:

The only address we have is as follows:

Chad and Tania Keiser
445 Punto Vallata Drive
Henderson, Nevada 89011

As for the Slaughter case, that is a class action filed in Federal District Court (not naming Rhodes) against the manufacturer, suppliers and plumbers who installed the Wirsbo plumbing product which we have since learned Rhodes Homes installed in many of its developments throughout the Las Vegas valley. We do not anticipate filing anything in the near future on this matter, but will let you know as things develop.

Sincerely,

Troy Isaacson

**From:** Jeffrey P. Nolan [mailto:jnolan@pszjlaw.com]
**Sent:** Wednesday, August 25, 2010 1:53 PM
**To:** Troy Isaacson
**Subject:** Re: Keiser & Casimiro-Rayo

Troy:

Do you have a forwarding address for Keisler?

What about the Slaughterhouse claim? We discussed but I can't recall if you said you would be filing anything in the coming weeks.

Jeff
Jeffrey P. Nolan
--------------------------
Sent from my Blackberry

Pachulski Stang Ziehl & Jones LLP

Los Angeles | San Francisco | Wilmington, DE | New York

**From:** Troy Isaacson [mailto:tisaacson@mic-law.com]
**Sent:** Friday, August 13, 2010 03:06 PM
**To:** Jeffrey P. Nolan
**Subject:** Keiser & Casimiro-Rayo

Jeff:

3/16/2011

It was a pleasure speaking with you this morning.  Following up on our conversation, I have looked in to the status of the above-mentioned homeowners.  As for Mr. & Mrs. Keiser, it is my understanding they lost their home.  Given they had not been in contact with our office, we had previously terminated our representation.

With regard to Mr. & Mrs. Caimiro-Rayo, their personal counsel has apparently not taken any action.  Therefore, to the extent covered by insurance, it would be our recommendation to them that they proceed against any available insurance proceeds alone.  We can accomplish this through either motion or stipulation.  Please let us know how you wish to proceed.

Sincerely,

 MADDOX, ISAACSON & CISNEROS, LLP
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

TROY L. ISAACSON
*Partner*

3811 W. Charleston Blvd.
Suite 110
Las Vegas, Nevada 89102
Tel:  702-366-1900
Fax: 702-366-1999

V-Card  |  BIO  |  WebSite  |  Practice Areas

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

This electronic mail transmission contains information from the law firm Maddox, Isaacson & Cisneros, LLP that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. If you have received this message in error, please notify the sender immediately by telephone (702) 366-1900 or by electronic mail.

Service Disclaimer:  Please be advised that absent order of the Court, our office does not accept service or notifications via electronic mail.

Tax Opinion Disclaimer: To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, i) to avoid any penalties imposed under the Internal Revenue Code or, ii) to promote, market or recommend to another party any transaction or matter addressed herein.

 **Please consider the environment before printing this email.**

3/16/2011

**CERTIFICATE OF SERVICE**

1. On the 29th day of March 2011, I served the following document(s):

   **DEBTORS' OBJECTION TO THE SLAUGHTER CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [SLAUGHTER CLAIM]; DECLARATIONS IN SUPPORT THEREOF**

2. I served the above-named document(s) by the following means to the persons as listed below:
   *(check all that apply)*

   ■    a.    **United States mail, postage fully prepaid**
              *(List persons and addresses.  Attach additional paper if necessary)*

              Maddox Isaacson & Cisneros LLP
              An Association of Professional Corporations
              Troy L. Isaacson, Esq.
              3811 W. Charleston Blvd., Suite 110
              Las Vegas, NV 89102

3. On **March 29, 2011** I served the above-named document(s) by the following means to the persons as listed below:
   *(check all that apply)*

   ■    a.    **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on (date): March 29, 2011

Sophia L. Lee                                    /s/Sophia L. Lee
(Name of Declarant)                        (Signature of Declarant)

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-002\DOCS_LA:235258.2                    2

## ECF SERVICE LIST

09-14814-lbr Notice will be electronically mailed to:

KEVIN N. ANDERSON on behalf of Creditor JAMES RHODES
kanderson@fabianlaw.com, sburdash@fabianlaw.com

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com,
pkois@foxrothschild.com;rdittrich@foxrothschild.com;msheffield@foxrothschild.com;ldupree
@foxrothschild.com

J. THOMAS BECKETT on behalf of Creditor CREDITORS COMMITTEE
ECF@parsonsbehle.com

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
bsalinas@armstrongteasdale.com;twaldo@armstrongteasdale.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@marquisaurbach.com,
mwalters@marquisaurbach.com;kgallegos@marquisaurbach.com;tszostek@marquisaurbach.com

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowelaw@yahoo.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com, bankruptcy@diaslawgroup.com

RICHARD I. DREITZER on behalf of Creditor Inc. Integrity Masonry
richard.dreitzer@bullivant.com

PHILIP S. GERSON on behalf of Creditor CLARK COUNTY
banknv@rocgd.com, mburgener@rocgd.com

REW R. GOODENOW on behalf of Creditor CREDITORS COMMITTEE
ecf@parsonsbehle.com

KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
hkelley@leachjohnson.com

CAROL L. HARRIS on behalf of Creditor In re Kitec Fitting Litigation Class Plaintiffs
c.harris@kempjones.com, jlm@kempjones.com

RODNEY M. JEAN on behalf of Creditor Credit Suisse, Cayman Islands Branch
RJEAN@LIONELSAWYER.COM,
gbagley@lionelsawyer.com;bklsclv@lionelsawyer.com;mstow@lionelsawyer.com;mtieu@lionelsawyer.com

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES
CORPORATION
rkinas@swlaw.com,
jmath@swlaw.com;mfull@swlaw.com;cdossier@swlaw.com;lvdocket@mindspring.com;nbaig
@swlaw.com;nunzueta@swlaw.com

KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
law@lawyersinarizona.com, bank@lawyersinarizona.com

BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
blarsen@klnevada.com, jierien@klnevada.com;bankruptcy@klnevada.com

ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
ecf@lslawnv.com, sstanton@lslawnv.com;akosina@lslawnv.com

NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED
LENDERS
nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com

CHARLES M. LITT on behalf of Creditor THE PRESERVE AT ELKHORN SPRINGS
HOMEOWNERS ASSOCIATION, INC.
rblack@feinberggrant.com, efilings@hotmail.com

ANNE M. LORADITCH on behalf of Creditor JAMES RHODES
aloraditch@foxrothschild.com, pkois@foxrothschild.com;rdittrich@foxrothschild.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA -
INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

JAMES B MACROBBIE on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS
BRANCH
darhyl.kerr@dlapiper.com

JANIECE S MARSHALL on behalf of Creditor STANLEY CONSULTANTS, INC.
jm@amclaw.com, car@amclaw.com;lom@amclaw.com;crb@amclaw.com;csh@amclaw.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SUSAN L. MYERS on behalf of Creditor Credit Suisse, Cayman Islands Branch
smyers@lionelsawyer.com, gbagley@lionelsawyer.com;bklsclv@lionelsawyer.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES -
NEVADA, LLC
olster@lbbslaw.com, sallade@lbbslaw.com

ERIC RANSAVAGE on behalf of Creditor Leslie Blasco, et al.
eransavage@ssllplaw.com, agutierrez@ssllplaw.com

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS
BRANCH
jeff@sylvesterpolednak.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor Westar Kitchen & Bath, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169