1  James I. Stang, Esq. (CA Bar No. 94435)                    E-File:  March 29, 2011
2  Shirley S. Cho, Esq. (CA Bar No. 192616)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 11th Floor
   Los Angeles, California 90067-4100
4  Telephone: 310/277-6910
   Facsimile:  310/201-0760
5  Email: jstang@pszjlaw.com
           scho@pszjlaw.com
6
7  Zachariah Larson, Esq. (NV Bar No. 7787)
   LARSON & STEPHENS
8  810 S. Casino Center Blvd., Ste. 104
   Las Vegas, NV  89101
9  Telephone:  702/382.1170
   Facsimile:  702/382.1169
10 Email: zlarson@lslawnv.com

11 Attorneys for Reorganized Debtors

12

13                    **UNITED STATES BANKRUPTCY COURT**

14                         **DISTRICT OF NEVADA**

15 In re:                                │ Case No.: BK-S-09-14814-LBR
                                         │ (Jointly Administered)
16 THE RHODES COMPANIES, LLC, aka        │
   "Rhodes Homes, et al.,[1]             │ Chapter 11
17                                        │
                    Debtors.             │
18 ─────────────────────────────────     │
19 Affects:                              │
                                         │ Hearing Date:  May 9, 2011
20 ☐   All Debtors                       │ Hearing Time:  2:30 p.m.
   ☒   Affects the following Debtor(s):  │ Courtroom 1
21                                       │
     The Rhodes Design and Development   │
22   Corporation 09-14846                │

23 ───────────────────────────────────────────────────────────────────

24 [1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-
   14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache
25 Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case
   No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-
26 14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa,
   LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843);
27 Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No.
   09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany
28 Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany
   Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow,
   LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP
   (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No.

73203-002\DOCS_LA:226046.2

*[Left margin vertical text:]* LARSON & STEPHENS  810 S. Casino Center Blvd., Suite 104  Las Vegas, Nevada 89101  Tel: (702) 382-1170  Fax: (702) 382-1169

**REORGANIZED DEBTORS' OBJECTION TO MIRAJOY RAYO AND ARTURO CASIMIRO'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [CASIMIRO CLAIM]; DECLARATIONS IN SUPPORT THEREOF**

Pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rhodes Design & Development Corporation ("RDD"), one of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors") hereby objects (the "Objection") to the claim of Mirajoy Rayo and Arturo Casimiro (the "Claimants") attached hereto as **Exhibit A** (the "Casimiro Claim"). The Casimiro Claim is an unliquidated claim filed for "construction defects" relating to alleged electrical issues. RDD has been unable, despite best efforts over a prolonged period of time, to obtain any documentation to support the claim. The Debtors do not reflect any amounts or outstanding warranty requests as pending by the Claimants. Accordingly, the Debtors request the entry of an order (the "Order") disallowing and expunging in full the Casimiro Claim.[2] In support of this Objection, the Debtors rely on the *Declarations of Shirley Cho, Jeffrey Nolan, Bruce Jorgensen in Support of Debtors' Objection to Mirajoy Rayo and Arturo Casimiro's Claim*. In further support of this Objection, the Debtors respectfully represent as follows:

**BACKGROUND**

1.    On March 31, 2009, the above-captioned Debtors (the "Primary Filers") except Tuscany Golf Country Club, LLC, Pinnacle Grading, LLC, and Rhodes Homes Arizona, LLC (the "Secondary Filers") filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. On April 1, 2009, the Secondary Filers filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882; Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] The Debtors reserve the right to file additional objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

2

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

2.       On May 5, 2009, Claimants filed a proof of claim for "construction defects" in an unliquidated amount relating to their home located at 441 Punta Vallata Drive.  *See* **Exhibit A**. The Proof of Claim has been designated as Claim Number 22 in the RDD case.  Attached to the Casimiro Claim is a report for alleged deficiencies relating to various electrical issues.  The Casimiro Claim fails to state an amount due.

3.       On March 12, 2010, the Bankruptcy Court entered the *Proposed Findings of Fact, Conclusions of Law, and Order* (the "Confirmation Order") Confirming the *First Lien Steering Committee's Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (the "Plan").  The Effective Date under the Plan occurred on April 1, 2011.  Pursuant to Article VI.B of the Plan, the Reorganized Debtors have authority to object to claims.

4.       On May 10, 2010, counsel to the Reorganized Debtors sent claimant a letter requesting that the Claimants either liquidate the Casimiro Claim, settle, or withdraw it, a true and correct copy of which is attached hereto as **Exhibit B**.

5.       As detailed in the Nolan Declaration, since May 10, 2010 and through approximately November 2010, counsel to the Reorganized Debtors have been in contact with counsel for the Claimants on at least 5 to 6 occasions to either settle the Casimiro Claim or to liquidate the Casimiro Claim.

6.       On November 30, 2010, counsel to the Reorganized Debtors learned that one of the Claimants, Rayo, had filed for Chapter 7.  Rayo filed for Chapter 7 on November 23, 2010, which chapter 7 case is currently pending before this Court.  *See* In re Mirajoy M. Rayo, USBC Case No. 10-32026-lbr.

7.       After the Reorganized Debtors discovered that Rayo had filed for Chapter 7, counsel conducted a bankruptcy search and discovered that the other Claimant, Casimiro, had previously filed for Chapter 13 on August 12, 2009, which case was recently dismissed on February 23, 2011.  *See* In re Arturo C. Casimiro, Jr., USBC Case No. 09-24678-mkn.

8.       During the course of the Casimiro Chapter 13 case, on January 21, 2010, the Claimants' lender obtained an order for relief from stay to foreclose on the Claimants' home,

which is the same home that serves as the basis for their construction defect claim under the Casimiro Claim.  *See Order Terminating the Automatic Stay and Co-Debtor Stay re: Debtor and Bankruptcy Estate* [Docket No. 37 in Casimiro case], a true and correct copy of which is attached hereto as **Exhibit C**.

9.      Thereafter, counsel for the Reorganized Debtors contacted both counsel for the Chapter 7 Trustee in the Rayo case and counsel for the Chapter 13 Trustee in the Casimiro case (while the Chapter 13 case was still pending) to attempt to settle the Casimiro Claim. Specifically, we reached out to the Chapter 7 Trustee's office through two phone calls and two emails sending the letter attached as **Exhibit D**.  We also reached out to the Chapter 13 Trustee's office through several email communications and voicemails, as well as sending a letter, which is attached as **Exhibit E**.  No response was received from the Chapter 7 Trustee's office.  The Chapter 13 Trustee's office directed us to deal directly with the Debtor in light of the imminent case dismissal.

10.     The Reorganized Debtors' review of their records fails to identify any open warranty claims associated with the Claimants' home.  *See* Jorgensen Decl. at ¶ 5.

11.     As of this date, neither the Reorganized Debtors, nor their counsel, have received any response or documentation to support the Casimiro Claim or would allow the Reorganized Debtors to liquidate the Casimiro Claim based on the report attached to the Casimiro Claim.

## RELIEF REQUESTED

12.     By this Objection, the Reorganized Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Casimiro Claim.  For the reasons set forth herein and in the supporting declarations, the Casimiro Claim is not a valid claim against the Debtors and should be disallowed.

## OBJECTION

13.     Bankruptcy Code section 502 authorizes a party in interest to object to claims. *See* 11 U.S.C. §502(a).  Although a proper proof of claim is presumed valid under Bankruptcy Rule 3001(f), once an objection controverts the presumption, the creditor has the ultimate burden

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

of persuasion as to the validity and amount of the claim. *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added). Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

14.    The Casimiro Claim does not allege facts sufficient to form a prima facie claim. The Claim is supported only by the conclusory phrase, "Construction Defects" and a report for alleged electrical issues, but the Reorganized Debtors have received no information or evidence identifying or quantifying the alleged damages or indeed whether the Claimants actually incurred any amounts for the alleged damages. What is more, the Claimants no longer own the underlying home as such home was foreclosed upon by their lender during Casimiro's

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

bankruptcy case. *See*, **Exhibit C**.  Even if they did still own the home, the Debtors do not show any warranty claims associated with the home.

15.     In summary, the Reorganized Debtors have made a good faith effort to reach out to counsel for the Claimants for a period of over 6 months.  After the discovery that both Claimants had filed for bankruptcy, the Reorganized Debtors then attempted to engage the applicable counsel for the Chapter 7 Trustee and Chapter 13 Trustee to resolve the Claim without any substantive response.  In total, the Reorganized Debtors have made good faith efforts over the course of 9 months to attempt to resolve the Casimiro Claim to no avail.

16.     The Casimiro Claim is defective as asserted, and under the above facts, the Casimiro Claim should be disallowed and expunged by the Court.

## CONCLUSION

17.     The Reorganized Debtors object to the allowance of the Casimiro Claim for the reasons stated herein, and the Reorganized Debtors hereby move this Court for an Order disallowing and expunging in full the Casimiro Claim identified as the proof of claim attached hereto as **Exhibit A**.

## NOTICE

18.     Pursuant to Bankruptcy Rule 3007, the Reorganized Debtors have provided the Claimants with at least thirty (30) days' notice of the hearing on the Objection.

19.     Notice of this objection has been provided to (i) the Office of the United States Trustee, (ii) counsel to the Claimants in accordance with the address provided on the Casimiro Claim; (iii) the Chapter 7 Trustee for Rayo; (iv) the Chapter 13 Trustee for Casimiro; and (v) each person or entity that has filed a notice of appearance and request for special notice in these cases.  The Reorganized Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, disallowing and expunging the Casimiro Claim, and granting such other and further relief as the Court deems just and proper.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1

2    **DATED** this 29th day of March, 2011.

3

4                                                    **LARSON & STEPHENS**

5

6                                                     /s/ Zachariah Larson, Esq.
                                                     Zachariah Larson, Bar No. 7787

7                                                    Kyle O. Stephens, Bar No. 7928
                                                     810 S. Casino Center Blvd., Suite 104

8                                                    Las Vegas, NV  89101
                                                     702/382-1170

9
                                                     Attorneys for Reorganized Debtors

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-002\DOCS_LA:226046.2                          7

### DECLARATION OF JEFFERY P. NOLAN IN SUPPORT
### <u>DEBTORS' OBJECTION TO CASIMIRO AND RAYO CLAIM</u>

I, Jeffrey P. Nolan, declare as follows:

1.      I am an attorney at law duly licensed to practice before all courts in the State of California and in this District.  I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, attorneys of record for the Reorganized Debtors.  The facts stated herein are of my own personal knowledge, or made known to me from a review of the files and pleadings in this action which are maintained in the ordinary course of business.  If called upon as a witness to any facts set forth herein, I could and would competently testify thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of Claim No. 22 filed by Arturo Casimiro and Mirajoy Rayo as reflected on the Omni claims' agent website.

3.      On May 10, 2010, counsel to the Reorganized Debtors sent claimant a letter requesting that the Claimants either liquidate the Casimiro Claim, settle, or withdraw it.  A true and correct copy of the correspondence is attached hereto as **Exhibit B**.

4.      In following up to the May 10, 2010 correspondence, I contacted Troy Isaacson, counsel for Arturo Casimiro and Mirajoy Rayo, over the span of the next two to three months.  In reviewing multiple claims handled by his office, we discussed the Casimiro & Rayo claim and the basis for the claim including any documentation of damages or repairs to substantiate a claim of out of pocket damages or diminishment in value due to the construction defect claim.

5.      In early August 2010, we discussed again whether Casimiro & Rayo had forwarded any documentation to counsel to support proof claim.  Attached hereto as **Exhibit F** is a true and correct copy of email communications exchanged between the two of us.  It was Mr. Isaacson's understanding at that time that Casimiro & Rayo had a personal lawyer who had taken no action to prove up or document the claim of damages sustained at their residence.  There was also an issue of whether or not Casimiro/Rayo currently resided at the residence as Mr. Isaacson indicated he was not getting responses back from the claimants

6.      I requested an address for claimants' personal lawyer.  Mr. Isaacson indicated that he did not have an address for their personal lawyer.  (See email attached hereto as **Exhibit F**)

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1    Shortly thereafter, it was learned that Mr. and Mrs. Casimiro-Rayo filed for bankruptcy. *See*

2    Cho Declaration attached.

3         6.     Based on a conversation that I had with Mr. Isaacson on March 25, 2011, Mr.

4    Isaacson indicated he has had no success in attempting to contact Casimiro and Rayo regarding

5    the Casimiro Claim, the resolution of issues and damages contained therein, and no longer

6    considers himself counsel for Casimiro and Rayo.

7         I declare under penalty of perjury of the laws of the United States that the foregoing is

8    true and correct.

9         Executed this 28th day of March, 2011, at Los Angeles, California.

10

11

12                                        Jeffrey P. Nolan

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1
2

## DECLARATION OF SHIRLEY S. CHO IN SUPPORT
## DEBTORS' OBJECTION TO CASIMIRO AND RAYO CLAIM

3

I, Shirley S. Cho, declare as follows:

4

1.      I am an attorney at law duly licensed to practice before all courts in the State of

5

California and in this District.  I am an attorney with the law firm of Pachulski Stang Ziehl &

6

Jones LLP, attorneys of record for the Reorganized Debtors.  The facts stated herein are of my

7

own personal knowledge, or made known to me from a review of the files and pleadings in this

8

action which are maintained in the ordinary course of business.  If called upon as a witness to

9

any facts set forth herein, I could and would competently testify thereto.

10

3.       On November 30, 2010, the Reorganized Debtors received a notice from Rayo's

11

bankruptcy case.  Upon research, I have learned that Rayo filed for Chapter 7 on November 23,

12

2010, which chapter 7 case is currently pending before this Court.  *See In re Mirajoy M. Rayo*,

13

USBC Case No. 10-32026-lbr.

14

4.      After I discovered that Rayo had filed for Chapter 7, I conducted a bankruptcy

15

search and discovered that the other Claimant, Casimiro, had previously filed for Chapter 13 on

16

August 12, 2009, which case was recently dismissed on February 23, 2011.  *See* In re Arturo C.

17

Casimiro, Jr., USBC Case No. 09-24678-mkn.

18

5.      During the course of the Casimiro Chapter 13 case, on January 21, 2010, the

19

Claimants' lender obtained an order for relief from stay to foreclose on the Claimants' home,

20

which is the same home that serves as the basis for their construction defect claim under the

21

Casimiro Claim.  *See* Order Terminating the Automatic Stay and Co-Debtor Stay re: Debtor and

22

Bankruptcy Estate [Docket No. 37 in Casimiro case], a true and correct copy of which is attached

23

hereto as **Exhibit C**.

24

6.      Thereafter, I contacted both counsel for the Chapter 7 Trustee in the Rayo case

25

and counsel for the Chapter 13 Trustee in the Casimiro case to attempt to settle the Casimiro

26

Claim.  Specifically, I reached out to the Chapter 7 Trustee's office through two phone calls on

27

January 13, 2011 and February 7, 2011 advising of the facts and notifying the Chapter 7

28

Trustee's office of the claim objection deadline in the RDD case.  I also sent the letter attached

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

as **Exhibit D** hereto on January 13 and February 7, 2011 to the Chapter 7 Trustee's office. The exhibits to the letter are not attached hereto because they are voluminous. I have not received a response from the Chapter 7 Trustee's office.

7.     I also reached out to the Chapter 13 Trustee's office re the Casimiro Claim through several email communications and voicemails with counsel for the Chapter 13 Trustee and sent a similar letter as sent to the Chapter 7 Trustee, a copy of which is attached **Exhibit E**. On February 11, 2011, counsel for the Chapter 13 Trustee responded that the case was about to be dismissed and that we should deal directly with Casimiro. Thereafter, the Casimiro case has in fact been dismissed.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 28th day of March, 2011, at Los Angeles, California.

Shirley S. Cho

## DECLARATION OF BRUCE JORGENSEN IN SUPPORT OF DEBTORS' OBJECTION TO MIRAJOY RAYO & ARTURO CASIMIRO'S CLAM

I, Bruce Jorgensen, declare as follows:

1. I am the General Counsel of the above-captioned reorganized debtors (the "Reorganized Debtors"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Reorganized Debtors' Objection to Mirajoy Rayo & Arturo Casimiro's Claim Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 [Casimiro Claim]* (the "Objection").

3. I am one of the persons responsible for overseeing the claims reconciliation and objection process of the Reorganized Debtors. I have read the Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the exhibits attached thereto, and the proposed form of order.

4. The claim of Mirajoy Rayo & Arturo Casimiro was carefully reviewed and analyzed in good faith, and the Reorganized Debtors' books and records were referenced for additional support, utilizing due diligence by appropriate personnel of the Debtors. These efforts have resulted in the identification of the disputed "Casimiro Claim," indentified as the proof of claim attached hereto as **Exhibit A**. I have personally reviewed the Casimiro Claim.

5. The Casimiro Claim is for alleged construction defects. The Casimiro Claim attaches a report of citing electrical issues. The Debtors' books and records do not reflect any amounts owing to the Claimants nor do the Debtors' books and records show any open requests for repair or warranty from the Claimants or any other amounts owing to the Claimants. The Debtors' books and records reflect that all open warranty requests submitted by the Claimants were fulfilled.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

6.    I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 29 day of March 2011, at Las Vegas, Nevada.

_____
Bruce Jorgensen

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

THE RHODES COMPANIES, LLC, aka
"Rhodes Homes," et al.,[1]

                Debtors.

Affects:

☐  All Debtors

☒  Affects the following Debtor(s):

    Rhodes Design and Development
    Corporation 09-14686

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date:  May 9, 2011
Hearing Time:  2:30 p.m.
Courtroom 1

**ORDER SUSTAINING DEBTORS' OBJECTION TO MIRAJOY RAYO & ARTURO
CASIMIRO'S CLAIM PURSUANT TO SECTION 502(b) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007
[CASIMIRO CLAIM] [DOCKET NO.    ]**

       Upon consideration of the *Debtors' Objection to Mirajoy Rayo & Arturo Casimiro's*

*Claim Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007*

*[Casimiro Claim]* [Docket No. ___] (the "Objection"),[2] filed by above-captioned reorganized

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Second Omnibus Objection.

73203-002\DOCS_LA:226046.2

debtors (collectively, the "<u>Debtors</u>"), requesting that the Court enter an order disallowing and expunging in full the Casimiro Claims; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the Claim attached as Exhibit A to the Objection and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection establishes just cause for the relief requested therein; therefore

IT IS HEREBY ORDERED THAT:

1.     Claim No. 22, filed by Mirajoy Rayo & Arturo Casimiro in an unliquidated amount in Case No. 09-14846 against Rhodes Design and Development Corporation is hereby disallowed and expunged in full.

2.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Submitted by:
DATED this ___ day of _____, 2011.

By: /s/ Zachariah Larson
        LARSON & STEPHENS
        Zachariah Larson, Esq. (NV Bar No 7787)
        Kyle O. Stephens, Esq. (NV Bar No. 7928)
        810 S. Casino Center Blvd., Ste. 104
        Las Vegas, NV  89101
        (702) 382-1170 (Telephone)
        (702) 382-1169
        zlarson@lslawnv.com
        Attorneys for Reorganized Debtors

# EXHIBIT A

RECEIVED APR 2 0 2009

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF NEVADA | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor: **Rhodes Design and Development Corporation** | Case Number: **09-14846** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
*Mirajoy Rayo + Arturo Casimiro (441 Punto Vallata Dr)*

Name and address where notices should be sent:

**MADDOX, ISAACSON & CISNEROS, LLP**
*An Association of Professional Corporations*
3811 W. Charleston Blvd., Suite 110
Las Vegas, NV 89102

TEL: (7 0 2) 3 6 6 - 1 9 0 0

☐ Check box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed On: ___ / ___ / ___

Name and address where payment should be sent (if different from above):
Name: _____
Address 1: _____
Address 2: _____
Address 3: _____
Address 4: _____
Address 5: _____
TEL: ( ___ ) ___ - ___

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Carefully read instructions included with this Proof of Claim before completing. In order to have your claim considered for payment and/or voting purposes, complete ALL applicable questions. The original of this Proof of Claim must be sent to: **The Rhodes Companies, LLC, c/o Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 477, Encino, CA 91436-2522.**

**1. Amount of Claim as of Date Case Filed:** *Unliquidated* $ _____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim** C O N S T R U C T I O N   D E F E C T S
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** *Mirajoy Rayo + Arturo Casimiro*
(See instruction #3a on reverse side.)

**4. Secured Claim.** (See instruction #4 on reverse side.)
☐ Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe: _____

Value of Property: $ _____ Annual Interest Rate: ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____

Basis for perfection: _____

Amount Secured $ _____   Amount Unsecured $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under - 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a) ( _____ ).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.) *See Attached.*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: *Unliquidated*

THIS SPACE IS FOR COURT USE ONLY

Date 0 4 / 2 9 / 2 0 0 9

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Signature: [signature]

Printed Name: T R O Y   L.   I S A A C S O N       Title: A T T O R N E Y

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

POC0857          0001



# GIFFORD CONSULTING GROUP
## 441 Punto Vallata Drive
## Electrical Report of Findings
## February 9, 2009
### Protected by Mediation and Attorney Work Product Privilege

## INTRODUCTION

This report, created by Gifford Consulting Group, LLC ("GCG"), has been prepared following site inspections at 441 Punto Vallata Drive within the Tuscany Community, located in the City of Henderson, Nevada. Consideration has been given to those areas of construction which typically give rise to concerns about viability, reliability, and safety of such electrical systems.

During visual inspections, the general state of the electrical system was taken into consideration and commentary relative thereto is noted within the body of this report. Since virtually all of the terminations were energized at the time of the inspections, torque tightness tests of aluminum terminations were not performed even though, as will be seen within the report, direction to torque tighten all aluminum conductors is part of recommended repairs.

While in the course of performing work on this project, in the instance where a condition calling for repair has become manifest, we have performed such additional investigation so that the nature of the condition was made clear and so that a scope of repair could be generated. The work included inspections pertaining to the electrical system. Certain locations inspected revealed construction techniques which fell below the National Electrical Code ("NEC"), and those standards set forth by the Authority Having Jurisdiction ("AHJ"). The deficiencies noted in the report pertain to potential life safety issues and/or conditions which have, or may be expected to, create damage to the property and to otherwise reduce the utility of the property.

Some of the inspection was conducted by use of sampling and is therefore not exhausting in its scope or quantification.

Within the body of the report, under one or more of the repair recommendations, reference is made to a maintenance memorandum (memo) intended for submittal to the homeowner. The intention of this memo is to provide the homeowner with recommendations relative to their use and maintenance of the house electrical system, thus increasing the utility and safety of the home. GCG intends for this memo to contain within its scope, without limitation, the following recommendations: a) hiring of a licensed contractor to inspect and maintain wiring connections at the electrical main service and to ascertain special conditions or needs at other locations in the house; b) use, testing, and maintenance of smoke detectors, AFCI and GFCI devices; and c) a description of the basic features of the electrical system.

Recommendations are made in the spirit of pointing out those aspects of the electrical system which require repair or upgrading, thereby improving the overall functionality and safety of the system. It is the author's anticipation that completion of the recommend repairs will bring the project into functional conformance with the intent of the NEC and will provide a safer and more useful habitation.

## EXECUTIVE SUMMARY

### Scope of Observations
The comments contained herein are based on evaluations and analysis of information received to date. This report is subject to revisions given changes in GCG's scope of work, or where new and/or pertinent information is received.

The defects identified below are based upon what GCG considers to be a valid and representative sample of the components of the residences and appurtenances. Based on the investigation to date, it is the author's opinion that those similarly situated residences and appurtenances have such common constructional defects as is indicated in this report.



# GIFFORD CONSULTING GROUP
## 441 Punto Vallata Drive
## Electrical Report of Findings
## February 9, 2009
### Protected by Mediation and Attorney Work Product Privilege

## Project Notes:

GCG is working under the direction of Robert C. Maddox & Associates. 441 Punto Vallata Drive is a 4424 square foot, 4 1/2 bath, 5 bedroom, two story home, built in 2006 under the 2002 NEC. The following delineation clarifies: The construction fell under the jurisdiction of the City of Henderson, who adopted the 2002 NEC on May 20, 2003, and did not adopt the 2005 NEC until May 1, 2007. The Developer/General Contractor was Distinctive Homes, LLC.

## Deficiency 1 – Anti-oxidant is missing on terminations, in violation of NEC 110.14.

Code Reference:
**110.14 Electrical Connections.**
Because of different characteristics of dissimilar metals, devices such as pressure terminal or pressure splicing connectors and soldering lugs shall be identified for the material of the conductor and shall be properly installed and used. Conductors of dissimilar metals shall not be intermixed in a terminal or splicing connector where physical contact occurs between dissimilar conductors (such as copper and aluminum, copper and copper-clad aluminum, or aluminum and copper-clad aluminum), unless the device is identified for the purpose and conditions of use. Materials such as solder, fluxes, inhibitors, and compounds, where employed, shall be suitable for the use and shall be of a type that will not adversely affect the conductors, installation, or equipment.
The information in the tables was taken from the edition of UL Standard 486B, Wire Connections for Use with Aluminum Conductors, in effect at the time of the printing of the 2002 edition of this handbook. Similar information can be found in UL 486A, Wire Connections and Solder Lugs for Use with Copper Conductors.
 (A) Terminals. Connection of conductors to terminal parts shall ensure a thoroughly good connection without damaging the conductors and shall be made by means of pressure connectors (including set-screw type), solder lugs, or splices to flexible leads. Connection by means of wire-binding screws or studs and nuts that have upturned lugs or the equivalent shall be permitted for 10 AWG or smaller conductors. Terminals for more than one conductor and terminals used to connect aluminum shall be so identified.
(B) Splices. Conductors shall be spliced or joined with splicing devices identified for the use or by brazing, welding, or soldering with a fusible metal or alloy. Soldered splices shall first be spliced or joined so as to be mechanically and electrically secure without solder and then be soldered. All splices and joints and the free ends of conductors shall be covered with an insulation equivalent to that of the conductors or with an insulating device identified for the purpose.
Wire connectors or splicing means installed on conductors for direct burial shall be listed for such use. Field observations and trade magazine articles indicate that electrical connection failures have been determined to be the cause of many equipment burnouts and fires. Many of these failures are attributable to improper terminations, poor workmanship, the differing characteristics of dissimilar metals, and improper binding screws or splicing devices.
UL's requirements for listing solid aluminum conductors in 12 AWG and 10 AWG and for listing snap switches and receptacles for use on 15- and 20-ampere branch circuits incorporate stringent tests that take into account the factors listed in the preceding paragraph. For further information regarding receptacles and switches using CO/ALR-rated terminals, refer to 404.14(C) and 406.2(C).

Recommended Repair:
Apply a sufficient amount of ant-oxidant on aluminum terminations and re-terminate.

## Deficiency 2 – Certain master GFCI's located in the kitchens were mis-wired. The GFCI's are "piggybacked." This violates NEC 110.3(B), 110.8, and 210.8(A)(6). This condition was denoted in two (2) of the master GFCI's inspected.



# GIFFORD CONSULTING GROUP
## 441 Punto Vallata Drive
## Electrical Report of Findings
## February 9, 2009
Protected by Mediation and Attorney Work Product Privilege

<u>Code References:</u>
**110.3 Examination, Identification, Installation, and Use of Equipment.**
(B) Installation and Use. Listed or labeled equipment shall be installed and used in accordance with any instructions included in the listing or labeling.

**110.8 Wiring Methods.**
Only wiring methods recognized as suitable are included in this Code. The recognized methods of wiring shall be permitted to be installed in any type of building or occupancy, except as otherwise provided in this Code.

**210.8 Ground-Fault Circuit-Interrupter Protection for Personnel.**
FPN:See 215.9 for ground-fault circuit-interrupter protection for personnel on feeders.
(A) Dwelling Units. All 125-volt, single-phase, 15- and 20-ampere receptacles installed in the locations specified in (1) through (8) shall have ground-fault circuit-interrupter protection for personnel.
(6) Kitchens — where the receptacles are installed to serve the countertop surfaces.

<u>Recommended Repair:</u>
At each of two (2) locations, remove the existing GFCI receptacles and correctly wire in order to allow them to perform as designed.  Once the wiring correction replacement has been completed, test the master and each slave device connected to that master device.

# Deficiency 3 – Certain master GFCI's located in the garage were missing.  This violates NEC 110.3(B) and 210.8(A)(2).  This condition was denoted in two (2) locations.

<u>Code References:</u>
**110.3 Examination, Identification, Installation, and Use of Equipment.**
(A) Examination. In judging equipment, considerations such as the following shall be evaluated:
(1) Suitability for installation and use in conformity with the provisions of this Code
FPN:Suitability of equipment use may be identified by a description marked on or provided with a product to identify the suitability of the product for a specific purpose, environment, or application. Suitability of equipment may be evidenced by listing or labeling.
(2) Mechanical strength and durability, including, for parts designed to enclose and protect other equipment, the adequacy of the protection thus provided
(3) Wire-bending and connection space
(4) Electrical insulation
(5) Heating effects under normal conditions of use and also under abnormal conditions likely to arise in service
(6) Arcing effects
(7) Classification by type, size, voltage, current capacity, and specific use
(8) Other factors that contribute to the practical safeguarding of persons using or likely to come in contact with the equipment
(B) Installation and Use. Listed or labeled equipment shall be installed and used in accordance with any instructions included in the listing or labeling.

**210.8 Ground-Fault Circuit-Interrupter Protection for Personnel.**
(A) Dwelling Units. All 125-volt, single-phase, 15- and 20-ampere receptacles installed in the locations specified in (1) through (8) shall have ground-fault circuit-interrupter protection for personnel.
(2) Garages, and also accessory buildings that have a floor located at or below grade level not intended as habitable rooms and limited to storage areas, work areas, and areas of similar use



# GIFFORD CONSULTING GROUP
## 441 Punto Vallata Drive
## Electrical Report of Findings
## February 9, 2009
#### Protected by Mediation and Attorney Work Product Privilege

Receptacles installed under the exceptions to 210.8(A)(2) shall not be considered as meeting the requirements of 210.52(G).

Recommended Repair:
At each of two (2) locations, remove and replace the non-GFCI receptacles with master GCFI devices.

**Deficiency 4** – The recessed lighting fixture contains paint overspray, in violation of NEC 110.12(C) and 410.70. This condition was denoted at 4 of 9 (44.4%) of the fixtures inspected for overspray on the label.

Code References:
**110.12 Mechanical Execution of Work.**
Electrical equipment shall be installed in a neat and workmanlike manner.
(C) Integrity of Electrical Equipment and Connections. Internal parts of electrical equipment, including busbars, wiring terminals, insulators, and other surfaces, shall not be damaged or contaminated by foreign materials such as paint, plaster, cleaners, abrasives, or corrosive residues. There shall be no damaged parts that may adversely affect safe operation or mechanical strength of the equipment such as parts that are broken; bent; cut; or deteriorated by corrosion, chemical action, or overheating.

**410.70 Lamp Wattage Marking.**
Incandescent lamp luminaries (fixtures) shall be marked to indicate the maximum allowable wattage of lamps. The markings shall be permanently installed, in letters at least 6 mm (1/4 in.) high, and shall be located where visible during relamping.

Recommended Repair:
Apply a new sticker in each of 14 (44.4% of 31) recessed lighting fixtures.

**Deficiency 5** – The device boxes are recessed into the wall space at a depth greater than ¼" or possess a drywall gap greater than 1/8" from the edge of the device box to the edge of the drywall. This violates NEC 314.20 and 314.21. It was found that 7 of 13 (53.8%) device boxes were setback greater than ¼". Also, 1 of 13 (7.7%) device boxes had a drywall gap around the box greater than 1/8".

Code References:
**314.20 In Wall or Ceiling.**
In walls or ceilings with a surface of concrete, tile, gypsum, plaster, or other noncombustible material, boxes shall be installed so that the front edge of the box will not be set back of the finished surface more than 6 mm (1/4 in.).

**314.21 Repairing Plaster and Drywall or Plasterboard.**
Plaster, drywall, or plasterboard surfaces that are broken or incomplete shall be repaired so there will be no gaps or open spaces greater than 3 mm (1/8 in.) at the edge of the box or fitting.

Recommended Repair:
Given the fact that there are 130 device junction boxes (a device is defined as an outlet or switch junction box) total, by engineering judgment we have determined that there are 77 device boxes which are in need of correction. The computation is as follows: 4.1% is cross-sectional wherein setback and gap are coincident. Therefore, $100\% - 4.1\% = 95.9\%$ represents the actual percentage of boxes which require repair. $95.9\% \times 80$ (61.5% of 130) = 77. Remove the cover and device, install a Bridgeport (Catalog nos. NMBE-1 and NMBE-2), or equal, extension ring which resolves issues of setback as well as gap and floating, ensure the wires are properly and securely terminated, and replace the device and plate.



# GIFFORD CONSULTING GROUP
## 441 Punto Vallata Drive
## Electrical Report of Findings
## February 9, 2009
### Protected by Mediation and Attorney Work Product Privilege

**Deficiency 6** – The air conditioning disconnects are missing the signage designating the units served. This violates NEC 110.22 and 230.70(B).

Code References:
**110.22 Identification of Disconnecting Means.**
Each disconnecting means shall be legibly marked to indicate its purpose unless located and arranged so the purpose is evident. The marking shall be of sufficient durability to withstand the environment involved. Where circuit breakers or fuses are applied in compliance with the series combination ratings marked on the equipment by the manufacturer, the equipment enclosure(s) shall be legibly marked in the field to indicate the equipment has been applied with a series combination rating. The marking shall be readily visible and state the following:
CAUTION — SERIES COMBINATION SYSTEM RATED _____ AMPERES. IDENTIFIED REPLACEMENT COMPONENTS REQUIRED.

**230.70 General.**
Means shall be provided to disconnect all conductors in a building or other structure from the service-entrance conductors.
(B) Marking. Each service disconnect shall be permanently marked to identify it as a service disconnect.

Recommended Repair:
At four (4) locations, install a sign or means of marking in order to identify the unit served by the A/C disconnect.

**Deficiency 7** – The exterior receptacles located on the front patio are not energized, in violation of NEC 110.3(A)(B), 210.8(A)(3), and 210.50.

Code References:
**110.3 Examination, Identification, Installation, and Use of Equipment.**
(A) Examination. In judging equipment, considerations such as the following shall be evaluated:
(1)       Suitability for installation and use in conformity with the provisions of this Code
FPN:Suitability of equipment use may be identified by a description marked on or provided with a product to identify the suitability of the product for a specific purpose, environment, or application. Suitability of equipment use may be evidenced by listing or labeling.
(2)       Mechanical strength and durability, including, for parts designed to enclose and protect other equipment, the adequacy of the protection thus provided
(3)       Wire-bending and connection space
(4)       Electrical insulation
(5)       Heating effects under normal conditions of use and also under abnormal conditions likely to arise in service
(6)       Arcing effects
(7)       Classification by type, size, voltage, current capacity, and specific use
(8)       Other factors that contribute to the practical safeguarding of persons using or likely to come in contact with the equipment
(B) Installation and Use. Listed or labeled equipment shall be installed and used in accordance with any instructions included in the listing or labeling.

**210-8. Ground-Fault Circuit-Interrupter Protection for Personnel**
FPN: See Section 215-9 for ground-fault circuit-interrupter protection for personnel on feeders.
(a) Dwelling Units. All 125-volt, single-phase, 15- and 20-ampere receptacles installed in the locations specified below shall have ground-fault circuit-interrupter protection for personnel.



# GIFFORD CONSULTING GROUP
## 441 Punto Vallata Drive
## Electrical Report of Findings
## February 9, 2009
#### Protected by Mediation and Attorney Work Product Privilege

**210.50 General.**
**Receptacle outlets shall be installed as specified in 210.52 through 210.63.**
(E) Outdoor Outlets. For a one-family dwelling and each unit of a two-family dwelling that is at grade level, at least one receptacle outlet accessible at grade level and not more than 2.0 m (61/2 ft) above grade shall be installed at the front and back of the dwelling. See 210.8(A)(3).

Recommended Repair:
In each of two (2) locations at the front porch, provide power and GFCI protection to the exterior receptacles.

## Deficiency 8 — The single garage door has no means of manual opening in the event of power failure.

Recommended Repair:
Other homes containing the auxiliary one-car garage have each been provided with a keyed-release mechanism at the middle of each door.

## (AP-1) — Inspect the home for the purpose of identifying defective conditions and to provide a maintenance memorandum. The homeowners should be informed with respect to the use and maintenance of their electrical equipment. Inform the HOA and/or homeowners with respect to certain needs as follows: 1) Test and maintain GFCI's and smoke detectors; 2) obtain the services of a licensed electrical contractor to periodically check torque tightness of terminals at the electrical panels at intervals determined by the contractor, as part of a maintenance program to include inspection and testing; and 3) create a memo to the homeowner advising them to avoid utilizing long screws or nails when penetrating walls for any purpose, particularly at locations less than 36" above floor line and at the area above the electrical sub-panel. The General Contractor and the Electrical Contractor should have issued such a maintenance mandate at the time of project completion.

**Gifford Consulting Group, LLC**

Don L Gifford
President

# EXHIBIT B



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

LIMITED LIABILITY PARTNERSHIP
LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE 310/277 6910
FACSIMILE 310/201 0760

Steven J. Kahn

May 10, 2010

skahn@pszjlaw.com
310.203.3112

Troy L. Isaacson
Maddox, Isaacson & Cisneros, LLP
3811 W. Charleston Blvd., Suite 110
Las Vegas, NV  89102

**Re:   Rhodes Companies, LLC and Affiliates**
        **Bankruptcy Case No. 09-14846**
        **<u>Proof of Claim of Mirajoy Rayo and Arturo Casimiro</u>**

Dear Mr. Isaacson:

Our offices represent the Reorganized Debtors arising from the order entered by the Bankruptcy Court on March 12, 2010 confirming the plan of reorganization in the Debtors' bankruptcy cases (the "Confirmation Order").

Review of the claims docket maintained by Omni Management Group, as claims agent for the United States Bankruptcy Court for the District of Nevada in the Debtors' cases, reveals that you filed Claim No. 22 on May 7, 2009, on behalf of Mirajoy Rayo and Arturo Casimiro (collectively "Casimiro") in an unliquidated amount.

The proof of claim fails to comply with Federal Rules of Bankruptcy Procedure Rule 3001(c), which requires that all claims based upon a writing have the writing filed with the proof of claim. The electrical report attached to the proof of claim is unsufficient to quantify any claim amount.

Further, because the claim is filed as unliquidated, an actual dollar amount of the claim cannot be determined from the face of the claim, and no distribution, if any, can be made on the claim.

Because the Reorganized Debtors do not acknowledge a claim in favor of Casimiro in any amount, we must demand that you either withdraw the proof of claim or provide our offices with full

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500
TELEPHONE 415/263 7000
FACSIMILE 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705
(Courier Zip Code 19801)
TELEPHONE 302/652 4100
FACSIMILE 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024
TELEPHONE 212/561 7700
FACSIMILE 212/561 7777

WEB www.pszjlaw.com

73203-035\DOCS_LA:219364.1



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

Troy L. Isaacson
May 10, 2010
Page 2

and complete documentation and supporting facts substantiating the claim in a liquidated dollar amount within ten (10) days of the date of this letter so that the Reorganized Debtors can assess the potential validity thereof.

If you do not withdraw the proof of claim or provide the requested information (or if the information provided does not substantiate a valid claim), the Reorganized Debtors will institute a contested proceeding against Casimiro in the Bankruptcy Court under § 502(b) of the Bankruptcy Code to seek disallowance of the claim and they will be required to present testimony and documentary evidence in Court to substantiate the claim in an evidentiary hearing.

Alternatively, we have been authorized to offer a general unsecured claim in the sum of $5,000 to be paid pro rata with other similarly situated creditors under the terms of the confirmed plan. If Casimiro wishes to accept this alternative, you must also respond to this letter within ten (10) days or the offer shall be deemed withdrawn.

Thank you for your attention to the above.

Very truly yours,

Steven J. Kahn

SJK

# EXHIBIT C

Case 09-24678-mkn    Doc 364    Entered 03/29/10 06:37:38    Page 28 of 45

**Entered on Docket**
**January 21, 2010**

Hon. Mike K. Nakagawa
United States Bankruptcy Judge

1

2

3

4

5

6

7  Stephanie L. Cooper, Esquire
   Nevada Bar No. 5919

8  Michael W. Chen, Esquire
   Nevada Bar No. 7307

9  THE COOPER CASTLE LAW FIRM
   A Multi-Jurisdictional Law Firm

10 820 South Valley View Blvd.
   Las Vegas, NV 89107

11 (702) 435-4175/(702) 435 4181 (facsimile)
   Loan No. ************8083/ Our File No. 09-11-20739

12
   Attorney for Secured Creditor

13 SunTrust Mortgage, Inc.

          UNITED STATES BANKRUPTCY COURT
14              DISTRICT OF NEVADA

15 In re:
                                          CHAPTER 13
16    ARTURO CASIMIRO, JR.,               BANKRUPTCY NO.: 09-24678-MKN
          Debtor(s)                       DATE: Dec 30, 2009
17                                        TIME: 10:30 AM

18    **ORDER TERMINATING THE AUTOMATIC STAY AND CO-DEBTOR STAY**
              **RE: DEBTOR AND BANKRUPTCY ESTATE**
19
          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that the Automatic Stay and
20
   Co-Debtor Stay re: Debtor and Bankruptcy Estate in the above-entitled Bankruptcy case is
21
   terminated as to Secured Creditor, SunTrust Mortgage, Inc., its assignees and/or successors in
22
   interest, regarding the property located and generally described as 441 Punto Vallata Drive,
23
   Henderson, NV 89015, ("Property" herein) and legally described as follows:
24

25

                                    - 1 -

SEE LEGAL DESCRIPTION ATTACHED

Submitted by:

THE COOPER CASTLE LAW FIRM
A Multi-Jurisdictional Law Firm

By:    _/s/ Michael W. Chen_____    Date: _____
       Michael W. Chen, Esq.
       Attorney for Secured Creditor
       SunTrust Mortgage, Inc.


By:    _Emailed 12/31/09- No Response Received_    Date: _____
       Kathleen A. Leavitt
       Chapter Trustee

-2-

# EXHIBIT A

Parcel I:

Lot Ninety-Six (96) in Block Two (2) of Final Map of Tuscany Parcel 24 (formerly known as Palm City – Phase 1 Lot 24), a Common Interest Community as shown by map thereof on file in Book 118 of Plats, Page 73, in the Office of the County Recorder of Clark County, Nevada.

Parcel II:

A non-exclusive right and easement of use and access in and to the Common Elements and Private Streets subject to and as set for in the Master Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Tuscany Residential Community recorded July 28, 2005 in Book 20050728 as Document No. 04296, Official Records.

1 | ALTERNATIVE METHOD re: RULE 9021:

2 | In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

3 | ___ The court has waived the requirement of approval under LR 9021.

4 | _X__ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

6 |

Kathleen A. Leavitt – failed to respond

7 | ___ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

10 | ___ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

11 |

12 | I declare under penalty and perjury that the forgoing is true and correct.

13 |

14 |

_____/s/ Tyler Sharpe_____

An employee of The Cooper Castle Law Firm

- 1 -

# EXHIBIT D

# Shirley S. Cho

| | |
|---|---|
| **From:** | Shirley S. Cho |
| **Sent:** | Thursday, January 13, 2011 3:08 PM |
| **To:** | 'Lisowskilaw@aol.com' |
| **Subject:** | Mirajoy Rayo |
| **Attachments:** | Bankrutpcy Trustee Casimiro Claim.pdf |

Lauren,

As discussed.  Thanks.


Shirley S. Cho
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Tel: 310.277.6910 | Fax: 310.201.0760
scho@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any
dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-
mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any
prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an
express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent
an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of
its clients, or any other person or entity.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S.
tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or
matter addressed herein.

2/7/2011

## Shirley S. Cho

| | |
|---|---|
| **From:** | Shirley S. Cho |
| **Sent:** | Monday, February 07, 2011 3:04 PM |
| **To:** | 'julie@lisowskilaw.com' |
| **Subject:** | FW: Mirajoy Rayo |
| **Attachments:** | Bankrutpcy Trustee Casimiro Claim.pdf |

Julie, please see the attached.

**From:** Shirley S. Cho
**Sent:** Thursday, January 13, 2011 3:08 PM
**To:** 'Lisowskilaw@aol.com'
**Subject:** Mirajoy Rayo

Lauren,

As discussed.  Thanks.

Shirley S. Cho
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Tel: 310.277.6910 | Fax: 310.201.0760
scho@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.



PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

Shirley S. Cho

January 13, 2010

scho@pszjlaw.com
310.772.2364

Via Email:  Lisowskilaw@aol.com
James F. Lisowski Sr.
Chapter 7 Trustee for Mirajoy Rayo

Re:    **The Rhodes Companies, LLC and Affiliates**
       **United States Bankruptcy Case No. 09-14846 LBR**
       **(Jointly Administered)**
       **Proof of Claim of Mirajoy Rayo and Arturo Casimiro**

Dear Mr. Lisowski:

My office is bankruptcy counsel for Rhodes Design & Development (RD&D), which filed for chapter 11 relief on April 1, 2009 in the United States Bankruptcy Court, District of Nevada. The RD&D case is being jointly administered as Case No. 09-14846-LBR under The Rhodes Companies, LLC.

On May 7, 2009, Mirajoy Rayo and Arturo Casimiro filed an unliquidated and unsecured proof of claim, which has been designated as claim no. 22 in the RD&D case (the "Claim"). *See* **Attachment A.** For several months, we have been dealing with Mr. Isaacson, who is the attorney listed on the Claim in order to resolve the Claim to no avail.

We recently learned that Ms. Rayo had filed for Chapter 7 and you have been appointed the Chapter 7 Trustee in her case. (Case No. 10-32026-LBR).  We are thus addressing our correspondence to you.

We have also learned that Arturo Casimiro has also filed for Chapter 13 relief in the United States Bankruptcy Court, District of Nevada (Case No. 09-24678-MKN) on August 12, 2009.

The Claim is based on alleged defects to the home for which relief from stay was granted during Mr. Casimiro's bankruptcy case.

73203-035\DOCS_LA:231030.1



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

James F. Lisowski Sr.
January 13, 2011
Page 2

Accordingly, the home that serves as the basis for the Claim is no longer owned by either Mr. Casimiro or Ms. Rayo.

RD&D confirmed a Chapter 11 plan of reorganization, which plan became effective on April 1, 2010 (the "Plan"). I attach a copy of the Plan and confirmation order for your reference as **Attachment B**. Under the Plan, the senior secured lenders, who were severely undersecured, took over ownership of RD&D and were granted an allowed unsecured deficiency claim of approximately $300 million. The RD&D Disclosure Statement that accompanied Plan projected recoveries to general unsecured creditors of between 0% – 3% on allowed general unsecured claims.

We do not believe the Claim is a valid claim and have yet to receive any documentation substantiating the Claim despite multiple requests to counsel. Therefore, with regard to the Claim, we would appreciate your execution of the enclosed withdrawal form, which we attach as **Attachment C**. The RD&D claim objection deadline is fast approaching. If we do not have resolution on the Claim soon, we will have no alternative but to file our objection to the Claim.

Thank you for your time and attention. Please contact me with any questions.

Very truly yours,

*/s/ Shirley S. Cho*

Shirley S. Cho

Enclosures

73203-035\DOCS_LA:231030.1

# EXHIBIT

# E

## Shirley S. Cho

**From:** Sarah Smith [sarahs@las13.com]
**Sent:** Friday, February 11, 2011 4:35 PM
**To:** Shirley S. Cho
**Subject:** RE: Rhodes - Sarah Smith 2-8-11 letter re Casimiro

After reviewing your letter it appears that you should be dealing directly with the debtor. Also, currently there is a Motion to Dismiss pending in the case. At the last hearing the Motion to Dismiss was continued to 2/18/2011 to allow time for the debtor to convert. If he does not convert his case then we'll dismiss the case. It is possible that after next Friday you'll be dealing with the debtor directly OR a Chapter 7 Trustee will be involved. If you still would like to speak then I think it's best we set a time. Can we meet telephonically on Monday at 1130am, 1pm or 430pm?


Sarah E. Smith, Esq.
Senior Staff Attorney
Kathleen A. Leavitt, Chapter 13 Trustee
201 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89101
Phone: 702-853-0700
Fax: 702-853-0713
sarahs@las13.com

**From:** Shirley S. Cho [mailto:scho@pszjlaw.com]
**Sent:** Tuesday, February 08, 2011 10:46 AM
**To:** Sarah Smith
**Subject:** FW: Rhodes - Sarah Smith 2-8-11 letter re Casimiro

Please see attached.



Shirley S. Cho
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Tel: 310.277.6910 | Fax: 310.201.0760
scho@pszjlaw.com
www.pszjlaw.com

Los Angeles | San Francisco | Wilmington, DE | New York

CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Pachulski Stang Ziehl & Jones LLP, any of its clients, or any other person or entity.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

3/8/2011



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: 310/277 6910

FACSIMILE: 310/201 0760

Shirley S. Cho                    January 13, 2010          scho@pszjlaw.com
                                                            310.772.2364

Via Email: sarahs@las13.com
Sarah E. Smith, Esq.
Senior Staff Attorney
Kathleen A. Leavitt, Chapter 13 Trustee
201 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89101

Re:    The Rhodes Companies, LLC and Affiliates
       United States Bankruptcy Case No. 09-14846 LBR
       (Jointly Administered)
       Proof of Claim of Mirajoy Rayo and Arturo Casimiro

Dear Ms. Smith:

        My office is bankruptcy counsel for Rhodes Design &
Development (RD&D), which filed for chapter 11 relief on April 1,
2009 in the United States Bankruptcy Court, District of Nevada.
The RD&D case is being jointly administered as Case No. 09-
14846-LBR under The Rhodes Companies, LLC.

        On May 7, 2009, Mirajoy Rayo and Arturo Casimiro filed an
unliquidated and unsecured proof of claim, which has been
designated as claim no. 22 in the RD&D case (the "Claim"). *See*
**Attachment A.** For several months, we have been dealing with Mr.
Isaacson, who is the attorney listed on the Claim in order to resolve
the Claim to no avail.

        We have recently learned that Arturo Casimiro has also filed
for Chapter 13 relief in the United States Bankruptcy Court, District
of Nevada (Case No. 09-24678-MKN) on August 12, 2009. Ms.
Leavitt has been appointed the Chapter 13 Trustee in Mr. Casimiro's
Chapter 13 case. As an aside, we recently learned that Ms. Rayo
had filed for Chapter 7, which Chapter 7 is still pending in Nevada
as well (Case No. 10-32026-LBR).

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: 415/263 7000

FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302/652 4100

FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212/561 7700

FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com          73203-035\DOCS_LA:232557.1



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES

James F. Lisowski Sr.
February 8, 2011
Page 2

      The Claim is based on alleged defects to the home for which relief from stay was granted during Mr. Casimiro's bankruptcy case. Accordingly, the home that serves as the basis for the Claim is no longer owned by either Mr. Casimiro or Ms. Rayo.

      RD&D confirmed a Chapter 11 plan of reorganization, which plan became effective on April 1, 2010 (the "Plan"). I attach a copy of the Plan and confirmation order for your reference as **Attachment B**. Under the Plan, the senior secured lenders, who were severely undersecured, took over ownership of RD&D and were granted an allowed unsecured deficiency claim of approximately $300 million. The RD&D Disclosure Statement that accompanied Plan projected recoveries to general unsecured creditors of between 0% – 3% on allowed general unsecured claims depending on recoveries, if any received by the Litigation Trust.

      We do not believe the Claim is a valid claim and have yet to receive any documentation substantiating the Claim despite multiple requests to counsel. Therefore, with regard to the Claim, we would appreciate your execution of the enclosed withdrawal form, which we attach as **Attachment C**. The RD&D claim objection deadline is fast approaching. If we do not have resolution on the Claim soon, we will have no alternative but to file our objection to the Claim.

      Thank you for your time and attention. Please contact me with any questions.

                            Very truly yours,

                            */s/ Shirley S. Cho*

                            Shirley S. Cho

Enclosures

**CERTIFICATE OF SERVICE**

1.  On the 29th day of March 2011, I served the following document(s):

    **REORGANIZED DEBTORS' OBJECTION TO MIRAJOY RAYO AND ARTURO CASIMIRO'S CLAIM PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007 [CASIMIRO CLAIM]; DECLARATIONS IN SUPPORT THEREOF**

2.  I served the above-named document(s) by the following means to the persons as listed below:
    *(check all that apply)*

    ■    a.    **United States mail, postage fully prepaid**
              *(List persons and addresses. Attach additional paper if necessary)*

    *PLEASE SEE ATTACHED.*

3.  On **March 29, 2011** I served the above-named document(s) by the following means to the persons as listed below:
    *(check all that apply)*

    ■    a.    **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on (date): March 29, 2011

Sophia L. Lee                               /s/Sophia L. Lee
(Name of Declarant)                    (Signature of Declarant)

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1

## MAILING LIST FOR SERVICE

2

3  Maddox Isaacson & Cisneros LLP
   An Association of Professional Corporations
4  Troy L. Isaacson, Esq.
   3811 W. Charleston Blvd., Suite 110
5  Las Vegas, NV 89102

6  Arturo Casimiro, Jr.
   441 Punto Vallata Drive
7  Henderson, NV 89101

8  Mirajoy Rayo
   441 Punto Vallata Drive
9  Henderson, NV 89101

10

11 Kathleen A. Leavitt
   Chapter 13 Trustee
12 201 Las Vegas Blvd. So. #200
   Las Vegas, NV 89101

13

14 Sarah E. Smith, Esq.
   Senior Staff Attorney
15 Kathleen A. Leavitt, Chapter 13 Trustee
   201 Las Vegas Blvd. South, Suite 200
16 Las Vegas, Nevada 89101

17 James F. Lisowski, Sr.
   Chapter 7 Trustee
18 PO Box 95695
   Las Vegas, NV 89183

19

20

21

22

23

24

25

26

27

28

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

73203-002\DOCS_LA:235257.2                                3

## ECF SERVICE LIST

09-14814-lbr Notice will be electronically mailed to:

KEVIN N. ANDERSON on behalf of Creditor JAMES RHODES
kanderson@fabianlaw.com, sburdash@fabianlaw.com

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com,
pkois@foxrothschild.com;rdittrich@foxrothschild.com;msheffield@foxrothschild.com;ldupree
@foxrothschild.com

J. THOMAS BECKETT on behalf of Creditor CREDITORS COMMITTEE
ECF@parsonsbehle.com

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
bsalinas@armstrongteasdale.com;twaldo@armstrongteasdale.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@marquisaurbach.com,
mwalters@marquisaurbach.com;kgallegos@marquisaurbach.com;tszostek@marquisaurbach.com

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowelaw@yahoo.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com, bankruptcy@diaslawgroup.com

RICHARD I. DREITZER on behalf of Creditor Inc. Integrity Masonry
richard.dreitzer@bullivant.com

PHILIP S. GERSON on behalf of Creditor CLARK COUNTY
banknv@rocgd.com, mburgener@rocgd.com

REW R. GOODENOW on behalf of Creditor CREDITORS COMMITTEE
ecf@parsonsbehle.com

KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
hkelley@leachjohnson.com

CAROL L. HARRIS on behalf of Creditor In re Kitec Fitting Litigation Class Plaintiffs
c.harris@kempjones.com, jlm@kempjones.com

RODNEY M. JEAN on behalf of Creditor Credit Suisse, Cayman Islands Branch
RJEAN@LIONELSAWYER.COM,
gbagley@lionelsawyer.com;bklsclv@lionelsawyer.com;mstow@lionelsawyer.com;mtieu@lione
lsawyer.com

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES
CORPORATION
rkinas@swlaw.com,
jmath@swlaw.com;mfull@swlaw.com;cdossier@swlaw.com;lvdocket@mindspring.com;nbaig
@swlaw.com;nunzueta@swlaw.com

KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
law@lawyersinarizona.com, bank@lawyersinarizona.com

BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
blarsen@klnevada.com, jierien@klnevada.com;bankruptcy@klnevada.com

ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
ecf@lslawnv.com, sstanton@lslawnv.com;akosina@lslawnv.com

NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED
LENDERS
nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com

CHARLES M. LITT on behalf of Creditor THE PRESERVE AT ELKHORN SPRINGS
HOMEOWNERS ASSOCIATION, INC.
rblack@feinberggrant.com, efilings@hotmail.com

ANNE M. LORADITCH on behalf of Creditor JAMES RHODES
aloraditch@foxrothschild.com, pkois@foxrothschild.com;rdittrich@foxrothschild.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA -
INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

JAMES B MACROBBIE on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS
BRANCH
darhyl.kerr@dlapiper.com

JANIECE S MARSHALL on behalf of Creditor STANLEY CONSULTANTS, INC.
jm@amclaw.com, car@amclaw.com;lom@amclaw.com;crb@amclaw.com;csh@amclaw.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SUSAN L. MYERS on behalf of Creditor Credit Suisse, Cayman Islands Branch
smyers@lionelsawyer.com, gbagley@lionelsawyer.com;bklsclv@lionelsawyer.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES -
NEVADA, LLC
olster@lbbslaw.com, sallade@lbbslaw.com

ERIC RANSAVAGE on behalf of Creditor Leslie Blasco, et al.
eransavage@ssllplaw.com, agutierrez@ssllplaw.com

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS
BRANCH
jeff@sylvesterpolednak.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor Westar Kitchen & Bath, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169