James D. Greene, Esq., Nevada Bar No. 2647
**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
Telephone: (702) 570-6000
Facsimile: (702) 463-8401
E-mail: jgreene@greeneinfusolaw.com

*Counsel to the Litigation Trustee*

*E-Filed: March 30, 2011*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>            Reorganized Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| EUGENE I. DAVIS, AS TRUSTEE OF THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC, et al.,<br><br>            Plaintiff,<br><br>v.<br><br>DELOITTE & TOUCHE LLP and DELOITTE TAX LLP,<br><br>            Defendant. | Adv. No. _____ |

---

1    The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

1

GREENE INFUSO, LLP
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

# THE LITIGATION TRUSTEE'S COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND FRAUDULENT TRANSFERS

Eugene I. Davis, the duly appointed trustee of the Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "Trustee" or "Plaintiff"), pursuant to the *Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (the "Plan"), for his complaint (the "Complaint") against Deloitte & Touche LLP ("D&T") and Deloitte Tax LLP ("Deloitte Tax" and together with D&T, the "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this action against Defendants to avoid and recover certain preferential transfers that occurred during the 90-day period prior to the commencement of Debtors' bankruptcy proceedings.

2. The Trustee also brings this action against D&T to recover fraudulent transfers that occurred during the two-year period prior to the commencement of the Debtors' bankruptcy proceedings.

## PARTIES

3. The Trustee is the duly appointed trustee of the Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "Trust"). Pursuant to Article VI of the Trust, the Trustee has the authority to pursue claims and causes of action transferred to the Trust by the Debtors through the Plan.

4. Upon information and belief, D&T is a limited liability partnership, duly organized under the laws of the state of Delaware, with its principal place of business in New York, New York.

5. Upon information and belief, Deloitte Tax is a limited liability partnership, duly organized under the laws of the state of Delaware, with its principal place of business in New York, New York.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

7. This is a core proceeding under 28 U.S.C. § 157(b).

8. Venue for this adversary proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**STATEMENT OF FACTS SUPPORTING RELIEF**

**A.    General Case Background**

9. On either March 31, 2009 or April 1, 2009 (collectively, the "Petition Date"), each of the debtors (collectively, the "Debtors") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

10. On March 12, 2010, the Court entered an order confirming the Plan. The effective date of the Plan was April 1, 2010 (the "Effective Date").

11. The Plan provides for the establishment of the Trust and, upon the Effective Date, the grant, assignment, transfer, conveyance, and delivery of the right, title, and interest in and to all of the Litigation Trust Assets, as that term is defined in the Plan.

**B.    Business Relationship Between the Parties**

12. Debtors historically engaged D&T to perform audits of the Debtors' annual financial statements and provide certain professional opinions.

13. On or about December 22, 2008, the Debtors and D&T entered into an agreement (the "Audit Agreement") that required D&T to perform an audit of the consolidated financial statements of the Debtors as of and for the year ending December 31, 2008.

14. Pursuant to the Audit Agreement, D&T was to deliver an audit report and a communication of Control-Related Matters, as that term is defined in the Audit Agreement, to the Debtors by March 27, 2009 (collectively, the "D&T Audit Report").

15. Despite receiving the Transfers (as defined below), D&T has failed to deliver to the Debtors the D&T Audit Report.

16. Debtors historically engaged Deloitte Tax to render professional tax advice.

3

17. On or about December 8, 2008, the Debtors and Deloitte Tax entered into an agreement for Deloitte Tax to provide tax advisory services for the Debtors (the "Tax Agreement"). Pursuant to the Tax Agreement, between December 8, 2008 and March 31, 2009, Deloitte Tax was to provide an analysis of the Federal tax aspects of a debt restructuring and possible cancellation of indebtedness.

18. During the 90-day period prior to the commencement of Debtors' bankruptcy cases (the "Preference Period"), the Debtors transferred property to or for the benefit of Defendants in an amount not less than $440,951.00. A list identifying each and every transfer during the Preference Period is attached hereto as Exhibit A and incorporated herein by reference (collectively, the "Transfers").

## COUNT I

### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b) AGAINST DEFENDANTS

19. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

20. During the Preference Period, Defendants were a creditor of one or more of the Debtors.

21. Each Transfer identified on Exhibit A hereto was made to or for the benefit of Defendants.

22. Each Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Transfers were made.

23. Each Transfer was made during the Preference Period.

24. Each Transfer was made while the Debtors were insolvent.

25. Each Transfer enabled Defendants to receive more than Defendants would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendants received payment on account of the debt paid by the Transfers to the extent provided by the Bankruptcy Code.

4

26. Each Transfer constitutes an avoidable preference pursuant to section 547(b).

**COUNT II**

**RECOVERY OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. § 550 AGAINST DEFENDANTS**

27. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

28. Defendants were either (i) the initial transferee of the Transfers, (ii) the entity for whose benefit the Transfers were made, or (iii) an immediate or mediate transferee of the Transfers.

29. Each Transfer that is avoided under section 547(b) is recoverable pursuant to section 550.

30. Subject to potential defenses, the Trustee is entitled to recover the value of the Preferential Transfers pursuant to section 550(a).

**COUNT III**

**CONSTRUCTIVE FRAUDULENT TRANSFERS
PURSUANT TO 11 U.S.C. §§ 548 and 550 AGAINST D&T**

31. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

32. The Transfers occurred within two years of the Petition Date.

33. Debtors received less than reasonably equivalent value in exchange for the Transfers.

34. D&T improperly received funds relating to tax services provided by Deloitte Tax.

35. D&T received payments relating to audit services, but failed to deliver to Debtors the D&T Audit Report.

36. At the time of each Transfer, the Debtors were insolvent and were engaged in a business or transaction for which any property remaining with the Debtors was unreasonably small.

37. The Transfers should be avoided pursuant to section 548(a)(1)(B).

5

38. Because the Transfers are avoidable under the Bankruptcy Code, pursuant to section 550(a)(1), Plaintiff may recover from D&T as initial transferee or entity for whose benefit the transfers were made.

## COUNT IV

**CONSTRUCTIVE FRAUDULENT TRANSFERS
PURSUANT TO 11 U.S.C. §§ 544(b) and 550 and Nevada Rev. Stat. 112.180 and 112.190
AGAINST D&T**

39. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

40. Pursuant to section 544(b), Plaintiff has the rights of an existing unsecured creditor of Debtors. Section 544(b) permits Plaintiffs to assert claims and causes of action that such creditor could assert under applicable state law.

41. Under Nev. Rev. Stat. 112.180(1)(b)(1), a transfer is fraudulent as to a creditor, whether such creditor's claim arose before or after the transfer was made, if the debtor made the transfer without receiving reasonably equivalent value and was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

42. Under Nev. Rev. Stat. 112.190, a transfer is fraudulent as to a creditor whose claim arose before the transfer was made if the debtor made the transfer without receiving reasonably equivalent value and was insolvent at the time or the debtor became insolvent as a result of the transfer.

43. At all relevant times hereto, there were actual creditors of some or all of the Debtors holding unsecured claims.

44. The Transfers occurred within four years of the Petition Date.

45. The Debtors received less than reasonably equivalent value in exchange for the Transfers.

46. D&T improperly received funds relating to tax services provided by Deloitte Tax.

47. D&T received payments relating to audit services, but failed to deliver to Debtors the D&T Audit Report.

6

48. At the time of each Transfer, the Debtors were insolvent and were engaged in a business or transaction for which any property remaining with the Debtors was unreasonably small.

49. At all relevant times, D&T had actual or constructive knowledge that the Transfers were fraudulent.

50. All Transfers should be avoided and recovered pursuant to section 544(b) and Nev. Rev. Stat. 112.210 and 112.220.

51. Because the Transfers are avoidable under the Bankruptcy Code, pursuant to section 550(a)(1), Plaintiff may recover from D&T as initial transferee or entity for whose benefit the transfers were made.

## COUNT V

## UNJUST ENRICHMENT AGAINST D&T

52. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

53. As described in detail above, D&T benefited by receiving payments from the Debtor to which they were not entitled.

54. As described in detail above, D&T benefited unjustly at the Debtors' expense.

55. It is inequitable and unjust for D&T to have received, been enriched by, and retained without payment of value, such benefits from the Debtors.

56. Equity and good conscience require that D&T disgorge payments obtained improperly from the Debtors.

57. Accordingly, Plaintiff is entitled to judgment against D&T in an amount to be determined at trial, plus interest.

**RESERVATION OF RIGHTS**

58. The Plaintiff believes that additional claims in favor or one or more of the Debtors' estates against the Defendants and/or other parties may exist. The Plaintiff continues to investigate the existence and validity of such claims. The Plaintiff reserves any and all rights to bring such claims, and to object to any claims asserted against the Debtors on grounds distinct from those asserted herein, to the extent authorized by the Court and/or applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee respectfully requests and prays that the Court:

a. Declare the Transfers avoided pursuant to 11 U.S.C. § 547.

b. Alternatively, declare the Transfers avoided pursuant to 11 U.S.C. §§ 544 and 548.

c. Award prejudgment interest on the amount of the Transfers from the clear date.

d. Direct the Defendants to pay the Trust an amount equal to the avoided Transfers, plus prejudgment interest, pursuant to 11 U.S.C. § 550.

e. Award Plaintiff attorneys' fees, costs, post-judgment interest, and other expenses.

f. Grant the Trustee such other and further relief the Court deems just and appropriate.

DATED this 30th day of March, 2011.

GREENE INFUSO, LLP

/s/ James D. Greene
JAMES D. GREENE, ESQ.
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146