James D. Greene, Esq., Nevada Bar No. 2647   *E-Filed: March 30, 2011*
**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
Telephone: (702) 570-6000
Facsimile: (702) 463-8401
E-mail: jgreene@greeneinfusolaw.com

*Counsel to the Litigation Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>Reorganized Debtors. | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
| EUGENE I. DAVIS, AS TRUSTEE OF THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC, et al.,<br><br>Plaintiff,<br><br>v.<br><br>INSIGHT LAND & INVESTMENTS, L.L.C.,<br><br>Defendant. | Adv. No. _____ |

## THE LITIGATION TRUSTEE'S COMPLAINT TO AVOID AND RECOVER A PREFERENTIAL TRANSFER

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

Eugene I. Davis, the duly appointed trustee of the Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "Trustee" or "Plaintiff"), pursuant to the *Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (the "Plan"), for his complaint (the "Complaint") against Insight Land & Investments, L.L.C. ("Insight" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this action against Defendant to avoid and recover a certain preferential transfer that occurred during the 90-day period prior to the commencement of Debtors' bankruptcy proceedings.

## PARTIES

2. The Trustee is the duly appointed trustee of the Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "Trust"). Pursuant to Article VI of the Trust, the Trustee has the authority to pursue claims and causes of action transferred to the Trust by the Debtors through the Plan.

3. Upon information and belief, Insight is a limited liability corporation, duly organized under the laws of the state of Arizona, with its principal place of business in Phoenix, Arizona.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding under 28 U.S.C. § 157(b).

6. Venue for this adversary proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS SUPPORTING RELIEF

**A.  General Case Background**

7. On either March 31, 2009 or April 1, 2009 (collectively, the "Petition Date"), each of the debtors (collectively, the "Debtors") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2

8. On March 12, 2010, the Court entered an order confirming the Plan. The effective date of the Plan was April 1, 2010 (the "Effective Date").

9. The Plan provides for the establishment of the Trust and, upon the Effective Date, the grant, assignment, transfer, conveyance, and delivery of the right, title, and interest in and to all of the Litigation Trust Assets, as that term is defined in the Plan.

**B.    Business Relationship Between the Parties**

10. Debtors Rhodes Ranch General Partnership, LLC and Rhodes Ranch Golf Country Clubs, LLC (collectively, the "Sellers") engaged Defendant as an exclusive real estate broker for the property known as the "Rhodes Ranch Golf Club" (the "Property").

11. The Sellers and Defendant memorialized the engagement by executing an Exclusive Sales Listing Agreement, dated August 4, 2008 (the "Engagement Letter")

12. Pursuant to the Engagement Letter, the Sellers agreed to pay the Defendant a certain commission for Defendant's efforts to secure a purchaser of the Property.

13. Pursuant to the Engagement Letter, the Sellers caused the Defendant to be paid $80,000.00 on January 7, 2009 (the "Commission").

14. During the 90-day period prior to the commencement of Debtors' bankruptcy cases (the "Preference Period"), the Debtors transferred the Commission to the Defendant. A list identifying the transfer during the Preference Period is attached hereto as Exhibit A and incorporated herein by reference (collectively, the "Preferential Transfer").

**COUNT I**

**AVOIDANCE OF PREFERENTIAL TRANSFER
PURSUANT TO 11 U.S.C. § 547(b)**

15. During the Preference Period, Defendant was a creditor of one or more of the Debtors.

16. The Preferential Transfer identified on Exhibit A hereto was made to or for the benefit of Defendant.

17. The Preferential Transfer was made for or on account of an antecedent debt or debts owed by one or more of the Debtors before such Preferential Transfer was made.

3

18. The Preferential Transfer was made during the Preference Period.

19. The Preferential Transfer was made while the Debtors were insolvent.

20. The Preferential Transfer enabled Defendant to receive more than Defendant would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfer and payment had not been made; and (iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

21. The Preferential Transfer constitutes an avoidable preference pursuant to section 547(b).

## COUNT II

### RECOVERY OF PREFERENTIAL TRANSFER
### PURSUANT TO 11 U.S.C. § 550

22. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

23. Defendant was either (i) the initial transferee of the Preferential Transfer, (ii) the entity for whose benefit the Preferential Transfer was made, or (iii) an immediate or mediate transferee of the Preferential Transfer.

24. The Preferential Transfer that is avoided under section 547(b) is recoverable pursuant to section 550.

25. Subject to potential defenses, the Trustee is entitled to recover the value of the Preferential Transfers pursuant to section 550(a).

## RESERVATION OF RIGHTS

26. The Plaintiff believes that additional claims in favor or one or more of the Debtors' estates against the Defendant and/or other parties may exist. The Plaintiff continues to investigate the existence and validity of such claims. The Plaintiff reserves any and all rights to bring such claims, and to object to any claims asserted against the Debtors on grounds distinct from those asserted herein, to the extent authorized by the Court and/or applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee respectfully requests and prays that the Court:

a. Declare the Preferential Transfer avoided pursuant to 11 U.S.C. §§ 547(b).

b. Award prejudgment interest on the amount of the Preferential Transfer from the clear date.

c. Direct the Defendant to pay the Trust an amount equal to the avoided Preferential Transfer, plus prejudgment interest, pursuant to 11 U.S.C. § 550.

d. Award Plaintiff attorneys' fees, costs, post-judgment interest, and other expenses; and

e. Grant the Trustee such other and further relief the Court deems just and appropriate.

DATED this 30th day of March, 2011.

GREENE INFUSO, LLP

/s/ James D. Greene
JAMES D. GREENE, ESQ.
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146