1   James I. Stang, Esq. (CA Bar No. 94435)
    Shirley S. Cho, Esq. (CA Bar No. 192616)     <u>E-File: March 31, 2011</u>

2   PACHULSKI STANG ZIEHL & JONES LLP

3   10100 Santa Monica Blvd., 11th Floor
    Los Angeles, California 90067-4100

4   Telephone: (310) 277-6910
    Facsimile: (310) 201-0760

5   Email: jstang@pszjlaw.com
          scho@pszjlaw.com

6

7   Zachariah Larson, Esq. (NV Bar No. 7787)
    LARSON & STEPHENS

8   810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV 89101

9   Telephone: (702) 382-1170
    Facsimile: (702) 382-1169

10   Email: zlarson@lslawnv.com

11   *Attorneys for the Reorganized Debtors*

12

**UNITED STATES BANKRUPTCY COURT**

13

**DISTRICT OF NEVADA**

14

15   In re:              Case No.: BK-S-09-14814-LBR
                    (Jointly Administered)

16   THE RHODES COMPANIES, LLC, aka
    "Rhodes Homes, et al.,"[1]       Chapter 11

17              Debtors.

18   _____

19   Affects:           Hearing Date:   May 9, 2011
                    Hearing Time:   2:30 p.m.

20   ☐   All Debtors       Courtroom 1
    ☒   Affects the following Debtor(s):

21   The Rhodes Companies, LLC
        Case No. 09-14814

22   Rhodes Design & Development Corporation
        Case No. 09-14846

23   Rhodes Ranch General Partnership
        Case No. 09-14844

24

25

26   [1]   The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany

27

28

    LARSON & STEPHENS
    810 S. Casino Center Blvd., Suite 104
    Las Vegas, Nevada 89101
    Tel: (702) 382-1170  Fax: (702) 382-1169

**REORGANIZED DEBTORS' OBJECTION TO CLAIM NOS. 70 AND 71 FILED BY
CLARK COUNTY, NEVADA PURSUANT TO SECTIONS 365 AND 502 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007;
<u>DECLARATIONS IN SUPPORT HEREOF</u>**

Pursuant to sections 365 and 502 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the above-captioned reorganized debtors (collectively, the "<u>Reorganized Debtors</u>") hereby object (the "<u>Objection</u>") to claim numbers 70 and 71 (as defined below, the "<u>Clark County Claims</u>") filed by Clark County, Nevada ("<u>Clark County</u>").

The Reorganized Debtors respectfully request entry of an order (the "<u>Order</u>") disallowing the Clark County Claims in their entirety.[2]   In support of their Objection, the Reorganized Debtors respectfully state as follows:

<u>FACTS</u>

**A.  Background Facts**

1.      On March 31, 2009 or April 1, 2009 (collectively, the "<u>Petition Date</u>"), each of the Reorganized Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

2.      On March 12, 2010, the Bankruptcy Court entered its *Proposed Findings of Fact, Conclusions of Law, and Order* (the "<u>Confirmation Order</u>") confirming the First Lien Steering Committee's *Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (the "<u>Plan</u>").  The effective date of the Plan was April 1, 2010 (the "<u>Effective Date</u>").   Pursuant to Article VI.B of the Plan, the Reorganized Debtors have authority to object to claims.

**B.  The Clark County Claims**

---

Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2]   The Reorganized Debtors reserve the right to file additional objections, whether on substantive or non-substantive grounds, to any and all other claims filed against their estates.

73203-035\DOCS_LA:235350.1

2

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

3.      On November 10, 2009, Clark County filed an amended claim, which was designated as claim number 70 in The Rhodes Companies, LLC case (as amended, "Claim No. 70").  A true and correct copy of Claim No. 70 is attached as **Exhibit A**.  Through Claim No. 70, Clark County asserts a secured claim against Debtor Rhodes Design and Development Corporation ("Rhodes Design") in the amount of $138,711.38.  Upon information and belief, the basis for Claim No. 70 is the 2005 Agreement and/or the 2005 Agreement Bond, as defined below.

4.      On February 11, 2010, Clark County filed an amended claim, which was designated as claim number 71 in The Rhodes Companies, LLC case (as amended, "Claim No. 71" and, together with Claim No. 70, the "Clark County Claims").  A true and correct copy of Claim No. 71 is attached as **Exhibit B**.  Through Claim No. 71, Clark County asserts a secured claim against Debtor Rhodes Ranch General Partnership ("Rhodes Ranch") in the amount of $389,455.31.  Upon information and belief, the basis for Claim No. 71 is the 2006 Agreement and/or the 2006 Agreement Bond, as defined below.

5.      On April 16, 2010, the Reorganized Debtors filed their *Notice of Filing of Final Contract Assumption List Re Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* [Docket No. 1098] (the "Assumed Contracts List").  A true and correct copy of the Assumed Contracts List is attached as **Exhibit C**.  On April 26, 2010, the Reorganized Debtors filed the *Certificate of Service for Notice of Filing of Final Contract Assumption List Re Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* [Docket No. 1109] (the "Certificate of Service").  A true and correct copy of the Certificate of Service is attached as **Exhibit D**.

6.      As plainly set forth in the notice re Assumed Contracts List, the deadline to object to the cure amounts proposed in the Assumed Contracts List was May 3, 2010.  Ex. C, Docket No. 1098.  The Reorganized Debtors served a copy of the Assumed Contracts List on Clark County and its counsel.  *See* Certificate of Service at 3 and 4.  Clark County did not object to the

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Assumed Contracts List, including with respect to (a) the assumption of the Bonds and the Agreements and (b) the proposed cure amounts for the Agreements.

**C. The Off-Site Improvements Agreements**

7.      Prior to the Petition Date, the Debtors, among other things, developed property in Clark County, Nevada.  In connection with certain of its developments, Rhodes Design entered into a number of Off-Site Improvements Agreements with Clark County, which are the subject of Clark County Claims and which were assumed through the Assumed Contracts List.

*2005 Agreement and Bond (Claim No. 70)*

8.      Specifically, on September 28, 2005, Rhodes Design and Clark County entered into Off-Site Improvements Agreement HTE # 01-31446 (the "2005 Agreement").  The 2005 Agreement is attached to Claim No. 70-1, Part 2, pages 25-33.  Pursuant to the 2005 Agreement, Rhodes Design agreed to perform and complete certain improvements with respect to a residential subdivision and obtain a performance bond for the full cost of such improvement.  2005 Agreement at § 11.  In connection with the 2005 Agreement, Rhodes Design obtained performance bond number 5018764 (the "2005 Agreement Bond") in the amount of $138,711.38. The 2005 Agreement Bond is attached to Claim No. 70-1, Part 2, pages 34-36.  The 2005 Agreement Bond was issued by a third party bonding company and names Clark County as the Obligee thereunder.

9.      Both the 2005 Agreement and the 2005 Agreement Bond were assumed under the Plan and through the Assumed Contract List.  *See* Assumed Contracts List, Ex. C, Docket No. 1098 at p. 8 (listing Clark County Off-Site Improvement Agreement re Spanish Hills 5A, HTE 01-31446); and p. 11 (listing Bond #5018764 (Spanish Hills 5A)).

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

*2006 Agreement and Bond (Claim No. 71)*

10.     On November 13, 2006, Rhodes Ranch and Clark County entered into Off-Site Improvements Agreement HTE # 06-37497 (the "2006 Agreement" and, collectively with the 2005 Agreement, the "Agreements"). The 2006 Agreement is attached to Claim No. 71-1, Part 3, at pages 5 -13. Pursuant to the 2006 Agreement, Rhodes Ranch agreed to perform and complete certain improvements with respect to a residential subdivision and obtain a performance bond for the full cost of such improvement. 2006 Agreement at § 11. In connection with the 2006 Agreement, Rhodes Ranch obtained performance bond number 08840999 (the "2006 Agreement Bond" and, collectively with the 2005 Agreement Bond, the "Bonds") in the amount of $389,455.31. The 2006 Agreement Bond is attached to Claim No. 71-1, Part 3, at pages 1-4. The 2006 Agreement Bond was issued by a third party bonding company and names Clark County as the Obligee thereunder.

11.     Both the 2006 Agreement and the 2006 Agreement Bond were assumed under the Plan and through the Assumed Contract List. *See* Assumed Contracts List, Ex. C, Docket No. 1098 at p. 8 (listing Clark County Off-Site Improvement Agreement re Rhodes Ranch Parcel 10 Unit 11, HTE 06-37497); and p. 10 (listing bond number 08840999 re Rhodes Ranch Parcel 10 Unit 11).

12.     The Bonds were obtained to provide surety for Rhodes Design's and Rhodes Ranch's performance under the Agreements. The Bonds are obligations of the sureties thereunder to Clark County and are not obligations of the Reorganized Debtors or the Debtors to Clark County.

13.     Pursuant to the Assumed Contracts List, the Reorganized Debtors assumed the Agreements and the Bonds. Also, pursuant to the Assumed Contracts List, the Reorganized Debtors were not obligated to make any cure payments to Clark County in order to assume the Agreements or the Bonds.

14.     The Reorganized Debtors are performing under the Agreements and there have been no defaults declared under the Agreements.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

15.     Las Vegas Land Contracting, LLC dba Dunhill Homes, a non-debtor affiliate of the Reorganized Debtors ("LVLC") was formed pursuant to the terms of the Plan, and has undertaken certain of the business operations previously performed by one or more of the Reorganized Debtors, including possession of a Nevada contractor's license.  The Reorganized Debtors, LVLC, and Clark County (the "Parties") have negotiated and drafted a settlement agreement that resolves the Clark County Claims, but the Parties have been unable to finalize the terms of the settlement agreement pending approval by Clark County.  As a protective measure, the Reorganized Debtors submit this timely objection to the Clark County Claims in light of the Claims Objection Deadline under the Plan.

## RELIEF REQUESTED

16.     By this Objection, the Reorganized Debtors seek entry of an order, pursuant to sections 365 and 502 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007, disallowing and expunging in full the Clark County Claims.

## OBJECTION

**A.      The Clark County Claims Should be Disallowed Because the Underlying Obligations Were Assumed and No Cure Payments Are Due to Clark County**

17.     The Clark County Claims should be disallowed in their entirety because the underlying obligations, specifically the Agreements, were assumed and cured pursuant to the Plan and Assumed Contracts List.

18.     The Assumed Contracts List, in accordance with the Plan, fixed the cure amount for assumption of the Agreements at $0.00 and Clark County did not object to that cure amount. The Reorganized Debtors have properly assumed the Agreements and are performing thereunder. As such, Clark County cannot assert any claim against the Reorganized Debtors based on the terms of the Agreements and the Clark County Claims should be expunged

19.     Section 365(b) of the Bankruptcy Code provides that a debtor may not assume a contract unless all defaults are cured.  The Assumed Contracts List provides that the cure amount for the Agreements is $0.00.  The deadline to object to the cure amount has long-passed.  Thus, Clark County may not assert any claim for payment of a cure amount or otherwise under the

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Agreements.  *See In re U.S. Wireless Data, Inc.* 547 F.3d 484 (2d Cir. 2008) (failure of a party to object to timely object to a proposed cure amount precludes the party from asserting general unsecured claim on the basis of uncured defaults after the agreement has been assumed).  As such, the Clark County Claims should be disallowed in their entirety.

**B.**      **The Clark County Claims Should be Disallowed Pursuant 11 U.S.C. § 502**

20.      Generally, a proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, the creditor bears the ultimate burden of persuasion as to the validity and amount of the claim.  *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).  The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.* (emphasis added).  Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid."  *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.,* 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.,* 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

21.    Clark County has not carried its burden of persuasion.  Here, the only apparent basis for the claims is the Reorganized Debtors' alleged obligations under the Agreements.  The Reorganized Debtors have assumed the Agreements and are not obligated to Clark County for any cure amounts thereunder.  As such, the Clark County Claims should be disallowed in their entirety.

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax : (702) 382-1169

## **CONCLUSION**

22.     The Reorganized Debtors object to the allowance of the Clark County Claims for the reasons stated herein, and the Reorganized Debtors respectfully request that this Court enter an Order, substantially in the form attached as Exhibit H hereto,  disallowing and expunging in full the Clark County Claims.

## **NOTICE**

23.     Pursuant to Bankruptcy Rule 3007, the Reorganized Debtors have provided Clark County with at least thirty (30) days' notice of the hearing on the Objection.

24.     Notice of this Objection has been provided to (i) the Office of the United States Trustee, (ii) counsel to Clark County, (iv) each person or entity that has filed a notice of appearance and request for special notice, and (v) other required parties pursuant to the Court's case management order entered in these cases.  The Reorganized Debtors submit that in light of the nature of the relief requested herein, no other or further notice is required.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, disallowing and expunging the Clark County Claims, and granting such other and further relief as the Court deems just and proper.

**DATED** this 31st day of March, 2011.          **LARSON & STEPHENS**

   /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
Kyle O. Stephens, Bar No. 7928
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101

*Attorneys for the Reorganized Debtors*

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]

Debtors.

Affects:

☐   All Debtors

☒   Affects the following Debtor(s):

The Rhodes Companies, LLC
        Case No. 09-14814
Rhodes Design & Development Corporation
        Case No. 09-14846
Rhodes Ranch General Partnership
        Case No. 09-14844

Case No.: BK-S-09-14814-LBR
(Jointly Administered)

Chapter 11

Hearing Date:  May 9, 2011
Hearing Time:  2:30 p.m.
Courtroom 1

**ORDER SUSTAINING REORGANIZED DEBTORS' OBJECTION TO CLAIM NOS. 70 AND 71 FILED BY CLARK COUNTY, NEVADA PURSUANT TO SECTIONS 365 AND 502 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007**

Upon consideration of the *Reorganized Debtors' Objection to Claim Nos. 70 and 71 Filed by Clark County, Nevada Pursuant to Sections 365 and 502 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007* [Docket No. ___] (the "Objection"),[2] filed by the above-captioned reorganized debtors (collectively, the "Reorganized Debtors"), requesting that the

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

Court enter an order disallowing and expunging in full the Clark County Claims; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the Clark County Claims attached as **Exhibits A and B** to the Objection and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Reorganized Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection establishes just cause for the relief requested therein; therefore

IT IS HEREBY ORDERED THAT:

1.    Claim No. 70, as amended, filed by Clark County as secured in the amount of $138,711.38 is hereby disallowed and expunged in full.

2.    Claim No. 71, as amended, filed by Clark County as secured in the amount of $389,455.31 is hereby disallowed and expunged in full.

3.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Submitted by:

DATED this 31st day of March, 2011.

By: /s/ Zachariah Larson
    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
    (702) 382-1170 (Telephone)
    (702) 382-1169
    zlarson@lslawnv.com

    *Attorneys for the Reorganized Debtors*

### DECLARATION OF BRUCE JORGENSEN IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO CLARK COUNTY CLAIM

I, Bruce Jorgensen, declare as follows:

1.    I am the General Counsel of the above-captioned reorganized debtors (the "Reorganized Debtors").  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.  This declaration is submitted in support of the Reorganized Debtors' Objection to Claim Nos. 70 and 71 Filed by Clark County, Nevada Pursuant to Sections 365 and 502 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 (the "Objection").  Capitalized terms used but not defined herein shall have the same meanings and definitions ascribed to them in the Objection.

2.    I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Reorganized Debtors' chapter 11 cases.  I have read the Reorganized Debtors' Objection and am directly, or by and through my personnel or agents, familiar with the information contained therein, the exhibits attached thereto, and the proposed form of order.

3.    I have personally reviewed the Clark County Claims, which are attached as **Exhibits A and B** hereto, including the Agreements and the Bonds.

4.    The Clark County Claims appear to be based on amounts that would be due under the Agreements if the Reorganized Debtors breached or defaulted thereunder.  The Reorganized Debtors, through Assumed Contracts List and the Plan, assumed the Agreements. The Reorganized Debtors did not owe any amounts to Clark County in order to cure any defaults in order to assume the Agreements.

5.    The Reorganized Debtors are continuing to perform under the Agreements and no defaults have been declared thereunder.  The Reorganized Debtors are not obligated to Clark County for any damages with respect to the Agreements.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1    I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and

2    correct to the best of my knowledge, information, and belief.

3        Executed this 30 day of March, 2011, at Las Vegas, Nevada.

4

5                                                    _____

6                                                              Bruce Jorgensen

7

8

9

10

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SHIRLEY S. CHO IN SUPPORT OF REORGANIZED DEBTORS' OBJECTION TO CLARK COUNTY CLAIM**

I, Shirley S. Cho, declare as follows:

1.      I am an attorney at Pachulski Stang Ziehl & Jones LLP, counsel to the above-captioned reorganized debtors (the "Reorganized Debtors"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto. This declaration is submitted in support of the Reorganized Debtors' Objection to Claim Nos. 70 and 71 Filed by Clark County, Nevada Pursuant to Sections 365 and 502 of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007 (the "Objection").

2.      Attached as **Exhibit A** is a true and correct copy of Claim No. 70.

3.      Attached as **Exhibit B** is a true and correct copy of Claim No. 71.

4.      Attached as **Exhibit C** is a true and correct copy of the *Notice of Filing of Final Contract Assumption List Re Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* [Docket No. 1098].

5.      Attached as **Exhibit D** is a true and correct copy of the *Certificate of Service for Notice of Filing of Final Contract Assumption List Re Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* [Docket No. 1109].

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 31st day of March, 2011, at Las Vegas, Nevada.

Shirley S. Cho

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

73203-035\DOCS_LA:235350.1