# EXHIBIT A

## (Claim No. 70)

1  PHILIP S. GERSON, ESQ.
   Nevada Bar No.: 5964
2  OLSON, CANNON,
   GORMLEY & DESRUISSEAUX
3  9950 West Cheyenne Avenue
   Las Vegas, Nevada 89129
4  Phone: (702) 384-4012
   Fax: (702) 383-0701
5  Email: banknv@rocgd.com
   Counsel for Clark County
6
7
8                  UNITED STATES BANKRUPTCY COURT

9                       DISTRICT OF NEVADA

10  In Re:                          )  CASE NO.: BK-S-09-14814-LBR
                                    )  (Jointly Administered)
11  THE RHODES COMPANIES, LLC aka   )  Chapter 11
    "Rhodes Homes, et. al.".        )
12                                  )
                      Debtor(s).    )
13                                  )
                                    )
14 _____

15          NOTICE OF AMENDED PROOF OF CLAIM NO. 70-1

16       Creditor CLARK COUNTY in the above-entitled proceeding, hereby revises and amends

17  its Proof of Claim against Debtor RHODES DESIGN AND DEVELOPMENT

18  CORPORATION, designated as Claim No. 70-1, filed on September 25, 2009 in the amount of

19  $1,475,829.39 in the above-entitled jointly administrated case from said filed amount to the

20  corrected amount of $138,711.38.

21       DATED this 6th day of November, 2009.

22                                      Respectfully Submitted By:

23

24                                      _____
                                        PHILIP S. GERSON, ESQ.
25                                      Nevada Bar No. 5964
                                        OLSON, CANNON,
26                                      GORMLEY & DESRUISSEAUX
                                        9950 W. Cheyenne
27                                      Las Vegas, Nevada 89129
                                        Email: banknv@rocgd.com
28                                      Attorneys for CLARK COUNTY

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | District of Nevada | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: Rhodes Design & Development | Case Number: 09-14814 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): Clark County | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: Philip S. Gerson, Esq. 9550 West Cheyenne Avenue Las Vegas, NV 89129 Telephone number: (702) 384-4012 | Court Claim Number:_____ (*If known*) Filed on:_____ |
| Name and address where payment should be sent (if different from above): 500 S. Grand Central Pky PO Box 552215 Las Vegas, NV 89155-2215 Telephone number: (702) 455-4761 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:** $ 1,475,829.39

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Contract
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ✓ Other
Describe:

Value of Property:$ 1,475,829.39  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____  Basis for perfection: Record Bond

Amount of Secured Claim: $ 1,475,829.39  Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: 09/25/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



20051104-0000412

APN: _170·08·713·001__

HTE #:__05-8709_____

When recorded return to:
Bonding
Clark County Development Services
Civil Engineering Division



Fee: $0.00
N/C Fee: $0.00

11/04/2005        08:14:01
T20050201789

Requestor:
    DEVELOPMENT SERVICES CLARK COUNTY

Frances Deane                    COO
  Clark County Recorder    Pgs: 9



# CLARK COUNTY
# DEPARTMENT OF DEVELOPMENT SERVICES

## OFF-SITE IMPROVEMENTS AGREEMENT

   **THIS AGREEMENT**, made and entered into this _30th_ day of September_____,
20_05___, by and between:
_____Rhodes Design and Development_____,
whose mailing address is:
    _____4730 South Fort Apache Road, Suite #300_____

    _____Las Vegas, NV 89147_____

    _____702·873·5338_____

    _____

hereinafter referred to as DEVELOPER and CLARK COUNTY, NEVADA, hereinafter
referred to as COUNTY, for construction of off-site improvements at the following location:

Cross Streets:    _Windmill and Durango_____

Assessor's Parcel Number:  _176·08·713·001 - To Rec DN - See Plans_

   **WHEREAS**, DEVELOPER has submitted a plan to the COUNTY for a

_____Roadway Improvements_____
(type of development); and

   **WHEREAS**, the COUNTY requires construction of certain off-site
improvements as part of said development.

   **NOW, THEREFORE**, the parties to this agreement for and in consideration of
the mutual promises herein contained and for other good and valuable considerations, do

1 of 8

hereby agreed as follows:

1.    OFF-SITE IMPROVEMENTS

The DEVELOPER, at his own cost, shall perform and complete all off-site work and improvements which may consist of, but not limited to, streets, street name signs, traffic signs, sewers, water systems, fire hydrants, curbs, gutters, sidewalks, street lighting, driveways, drainage facilities, accesses, survey monuments,
                PER HTB 05·8709
etc., hereinafter referred to as off-site improvements, said off-site improvements shall be constructed in accordance with applicable ordinances, regulations, standards and specifications, and other requirements of CLARK COUNTY, NEVADA.

2.    PLANS APPROVED BY THE DIRECTOR OF DEVELOPMENT SERVICES

No off-site improvements shall commence until:

(a)    off-site improvement plans have been approved by the Director of DEVELOPMENT SERVICES or his authorized representative;

(b)    one-hundred percent (100%) of the plan-check and inspection fees have been paid;

(c)    performance security executed as required by CLARK COUNTY ordinances; and

(d)    an off-site permit has been issued by the Director of DEVELOPMENT SERVICES, or his authorized representative.

3.    NOTICE OF COMMENCEMENT OF CERTAIN WORK

The DEVELOPER shall notify the Director of Development Services no less than 24 hours in advance of the date and hour work on any of the following items is expected to begin, and thereafter if conditions develop to delay the start of work, the DEVELOPER agrees to notify the Director of Development Services of the delay not less than two hours before work is scheduled to begin:

--    Placing sewer, water, gas, power, telephone lines and fire hydrants.

--    Back-filling of sewer, water, gas, power and telephone lines.

--    Placing concrete for curb, gutter, sidewalk, valley gutters, storm drain structures, manholes, street lighting foundations and alley gutters.

2 of 8

- Placing Type I and Type II gravel base course.

- Priming base course.

- Placing street lighting and burn testing.

- Placing street name signs and traffic control signs.

4.  APPROVAL OF WORK AFTER INSPECTION

   (a)  Whenever the Director of Development Services or his duly authorized representative inspects portion of work as mentioned hereinbefore, and finds the work performed to be in a satisfactory condition for inclusion in the completed project, the Director of Development Services or his duly authorized representative shall issue a statement of inspection which shall permit the DEVELOPER to perform the next phase of the construction. Ordinarily, not less than one continuous block of any one of the items of work mentioned will be approved.

   (b)  Inspection and approval of any item of work shall not forfeit the right of the COUNTY to require the corrections of quality, workmanship or materials at any time prior to the final acceptance of the project by the Director of Development Services, although previously approved by an oversight.

   (c)  Nothing herein shall relieve the DEVELOPER of the responsibility for proper construction of the off-site improvements and DEVELOPER shall maintain said improvements until the work has been accepted by the Director of Development Services.

5.  ADJUSTMENT TO EXISTING UTILITIES AND COST THEREOF

   The DEVELOPER shall, at its sole expense, provide for adjustments necessary to all existing utilities because of the work required by this agreement.

6.  FULL COMPLIANCE WITH COUNTY REQUIREMENTS

   The DEVELOPER shall perform and complete all off-site improvements in accordance with the regulations, specifications, and ordinances of the said County of Clark, and the construction plans approved by Clark County Development Services Department.

   The DEVELOPER shall obtain all required permits from other County, State, and Federal agencies, including but not limited to Clark County Health District, Nevada Department of Environmental Protection, and United States Army Corps of Engineers.

3 of 8

The COUNTY shall have the right to require corrections to the construction plans by the DEVELOPER at any time before release of the bond (performance bond, cash deposit, or agreement in lieu of bond) required herein, of any item or items contained in this agreement which do not conform to COUNTY standard specifications, laws, regulations or ordinances, even though the plans for the item in question may have been approved by the Director of Development Services.

The DEVELOPER shall start said off-site improvements upon receipt of a COUNTY-approved off-site permit and said off-site improvements shall be completed prior to expiration of said permit in accordance with the required ordinances.

In the event the DEVELOPER fails to complete said improvements within said period or in the event the DEVELOPER in the COUNTY's opinion has created a safety hazard, the COUNTY, at its option, may proceed to complete said improvements at the expense of the DEVELOPER. The COUNTY may use the required performance bond as provided for hereinafter.

7.    OTHER CONDITIONS AND REQUIREMENTS

The DEVELOPER further agrees that, in addition to the above requirements, any and/or all such conditions, stipulations and agreements made by the DEVELOPER and the Board of County Commissioners and/or County Planning Commission of Clark County shall be fully performed.

The DEVELOPER further agrees that all work is to be performed by a qualified contractor licensed to do business in the State of Nevada and the County of Clark.

The DEVELOPER shall maintain, protect and take care of all work areas for the project, including any adjacent existing improvements, until its completion and acceptance by Clark County. Maintenance of any inhabited area of the development, and the adjacent streets and/or neighborhoods, shall include, but not be limited to, sweeping of the streets and keeping the gutters free of dirt and debris.

During move-in, construction and move-off, the DEVELOPER shall keep the site free and clear from dangerous accumulation of rubbish and debris and shall maintain sufficient and proper barricades, lights, etc., in accordance with the latest manual on the placement of traffic control devices accepted by the Department of Development Services for the protection of the public. Also, after excavation or placement of gravel, if the sub-grade and/or gravel base material is left exposed and in the opinion of the Director of Development Services is not properly maintained, thus causing either a rough riding surface or a dust problem, the Director of Development Services may require the DEVELOPER to do whatever is necessary to provide an adequate travel-way. If a detour is needed, the Director of Development Services shall determine to what extent it shall be maintained, which

4 of 8

shall include the placing of temporary paving, if it is to be used for an extended period of time.

Final acceptance of the work will not be made by the COUNTY until the area (falling under this agreement) and adjacent property has been cleared of all rubbish, surplus materials and equipment resulting from the contractor's operations, to the satisfaction of the Director of Development Services.

8.    LIABILITY

The DEVELOPER shall indemnify, defend, and hold harmless the COUNTY, its officers, agents, volunteers, and employees, against and from any and all liability, loss, damage, claims, fines, demands, causes of action, costs, expenses, and judgments of whatsoever nature, including but not limited to reasonable costs of investigation, reasonable attorney's fees and expenses, all reasonable expert witness fees and expenses, and all court or arbitration or other alternative dispute resolution costs which result from injury to or death of any persons whomsoever, and/or against and from damage to or loss or destruction of property whatsoever when such injury death, loss, destruction or damage is due to or arises in connection with or as a result of any work done by the DEVELOPER in connection with the construction of the off-site improvements, and/or arises of or in connection with DEVELOPER's performance or failure to perform the terms and conditions of this agreement.    This Section 8 survives termination or completion of this agreement.

9.    PLAN REQUIREMENTS ON COMPLETION OF IMPROVEMENTS

Upon completion of all the off-site improvements within the COUNTY right-of-way required hereby and prior to release of any performance security, the DEVELOPER shall furnish the Director of Development Services with an as-built plan which shall accurately indicate, by lettered dimensions, the location of all manholes, the location size and depth of all sewer mains, underground water, power, gas, and other lines, with street plans and profiles for the same, including laterals and "Y's" for connection of house service lines.

10.    WARRANTY

The DEVELOPER is responsible should any original or developed defects or failures appear within a period of one year from the date of acceptance of the work by the COUNTY. The DEVELOPER shall, at his own expense, make good such defects and failures and make all replacements and adjustments required, within thirty (30) days after being notified by the COUNTY to do so. All repairs shall be subject to the approval of the Director of Development Services and/or the Director of Public Works.

Printed by dkazio at 4/21/2009 11:38:24 AM

This agreement does not limit or relieve DEVELOPER from any other obligation or responsibility which the DEVELOPER may otherwise have as a result of the street improvements, including any damages or latent defects which may occur beyond the warranty period specified above. Furthermore, DEVELOPER, at all times, is not relieved of any obligation or responsibility it may have by law including but not limited to damages for latent deficiencies, injury to real or personal property or injury to or wrongful death of a person, (N.R.S. 11.204).

11.    REQUIREMENTS OF PERFORMANCE BOND OR OTHER SECURITY

DEVELOPER shall furnish without cost to the COUNTY a surety and performance bond, cash deposit or agreement in lieu of bond for the full cost of said off-site improvements in favor of the COUNTY conditioned upon the DEVELOPER completing said off-site improvements within the time period prescribed by this agreement. Also, in the event the COUNTY exercises its option to complete said off-site improvements, that said bond, cash deposit or agreement in lieu of bond shall be used for the payment of the costs of completion of said off site improvements by the COUNTY in case the DEVELOPER fails to do so within said time period.

If the construction or installation of any off-site improvements or facilities for which a bond, cash deposit or agreement in lieu of bond is posted are not completed within the time frame of the off-site permit issued for the development; or if the DEVELOPER has suspended work and has failed to provide continued construction during the past 60 days; or if in the event the DEVELOPER, in the COUNTY's opinion, has created a safety hazard; or if such construction is not in accordance with applicable standards and specifications as prescribed by law, then, in either or any such event, the COUNTY may, at its option, proceed to complete said off site improvements at the expense of the DEVELOPER under this bond as provided for hereinafter.

That DEVELOPER acknowledges that the bond provided for in this agreement to construct the off-site improvements is only based upon an estimate of their cost by the Engineer of the County and in the event that actual cost of said off-site improvements shall exceed such sum, DEVELOPER is in no way relieved by this agreement from paying the entire amount of such excess.

Any application for release of said bond or cash deposit upon the completion of the off-site improvements by the DEVELOPER shall not be granted unless accompanied by a written certificate from the Director of Development Services stating that all requirements hereof have been satisfactorily completed in accordance with the terms of this agreement.

6 of 8

12.    CERTIFICATE OF OCCUPANCY

No certificates of occupancy shall be granted until such time as the off-site improvements have been completed to the satisfaction of the Director of Development Services, and in accordance with this agreement. The granting of a certificate of occupancy does not relieve DEVELOPER of its obligations in this agreement.

The granting of a certificate of occupancy does not imply that the off-site improvements have been properly completed nor authorize the release of the performance bond or other security.

13.    CERTIFICATE OF RELEASE

Upon final acceptance, by the Director of Development Services, of all of the off-site improvements required to be constructed by DEVELOPER as herein provided, DEVELOPER shall be issued a certificate of release of said performance bond or cash deposit, which shall be issued by the Director of Development Services.

14.    NO THIRD PARTY BENEFICIARY

Any inspections or subsequent approvals undertaken by the COUNTY pursuant to express or implied terms of this agreement are undertaken solely to insure compliance with the terms of this agreement and are not undertaken for the benefit of any individual or group of individuals as members of the public. It is not intended by any of the provisions of any part of this agreement to create in the public or any member thereof a third party beneficiary hereunder, or to authorize anyone not a party to this agreement to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this agreement. Provisions in this agreement dealing with inspections, approvals or changes requested or made do not expand the COUNTY's general law duties.

15.    ASSIGNMENTS

DEVELOPER cannot assign this agreement, in whole or in part, or any rights herein granted, without the written consent of the COUNTY and it is agreed that any attempted transfer or assignment of this agreement or any of the rights herein granted, whether voluntary, by operation of law, or otherwise, without such consent in writing, shall be absolutely void at the option of the COUNTY.

16.    AGREEMENT TO BE RECORDED

The DEVELOPER agrees that this agreement will be recorded upon the land described in Exhibit "A" and this agreement shall also be binding upon and inure to the benefit of the parties hereto, their heirs, executors, administrators, successors,

7 of 8

and assigns. DEVELOPER and any heirs, executors, administrators, successors and assigns, if any, shall be jointly and severally liable for DEVELOPER's obligations herein.

17.    <u>WAIVER</u>

None of the conditions of this agreement shall be considered waived by either party unless such waiver is in writing and signed by both parties. No such waiver shall be a waiver of any past or future default, breach, or modification of any of the conditions of the agreement expressly stipulated in such waiver.

**IN WITNESS WHEREOF**, the parties hereto have set their hands and official seals.

| | |
|---|---|
| STATE OF NEVADA        )<br>                                  ) SS<br>COUNTY OF CLARK      ) | DEVELOPER:<br><br><u>Rhodes Design and Development</u><br><br><u>4730 South Fort Apache Rd., #300</u><br><br><u>Las Vegas, NV 89147</u> |

This instrument was acknowledged before me this ____30____ day of ____September____, 20_05_, by ___Paul Huygens___

_____C. Hart_____
**NOTARY PUBLIC** in and for said County and State.

_Paul Huygens_    Secretary
**NOTARY STAMP:**

CORPORATION CERTIFICATE

I, __Paul Huygens__ , certify that I am the Secretary of the Corporation named as Developer in the foregoing document; that __James M. Rhodes__ was then President/Vice President of said corporation; that said document was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

_____
SECRETARY

**NOTARY PUBLIC**
**STATE OF NEVADA**
**County of Clark**
**C. HART**
**Appt. No. 05-95969-1**
**My Appt. Expires April 8, 2009**

**DEBORAH KAZIO**
Notary Public State of Nevada
No. 01-69573-1
My appt. exp. July 11, 2009

– FOR COUNTY USE ONLY –

| | |
|---|---|
| STATE OF NEVADA        )<br>                                  ) SS<br>COUNTY OF CLARK      ) | **COUNTY OF CLARK**, a political subdivision of the State of Nevada<br><br>BY _____<br>ROBERT B. THOMPSON<br>DEPARTMENT OF DEVELOPMENT SERVICES |

Signed or attested before me on this __26__ day of __October__, 20_06_ by ROBERT B. THOMPSON.

_Deborah Kazio_
**NOTARY PUBLIC** in and for said County and State

BCC standard form approved July 16, 2002

8 of 8



## G. C. WALLACE, INC.

Engineers / Planners / Surveyors

APN#176-08-713-001

**EXPLANATION:**   THIS LEGAL DESCRIBES A PARCEL OF LAND BEING LINKED TO
THE BOND ISSUED FOR THE IMPROVEMENTS ALONG DURANGO
DRIVE AT RHODES RANCH.

### LEGAL DESCRIPTION

ALL OF LOT 8 OF "RHODES RANCH – MERGER AND RESUBDIVISION" AS SHOWN BY
MAP THEREOF ON FILE IN BOOK 114, PAGE 57 OF PLATS IN THE CLARK COUNTY
RECORDER'S OFFICE, CLARK COUNTY, NEVADA, LYING WITHIN THE SOUTHEAST
QUARTER (SE1/4) OF SECTION 8, TOWNSHIP 22 SOUTH, RANGE 60 EAST, M.D.M.,
CLARK COUNTY, NEVADA.

CONTAINING 8.39 ACRES±.

GERALD L. HOLTON, PLS
NEVADA LICENSE NO. 13290
EXPIRES: JUNE 30, 2007



10-26-05

Q:\050 (Office)\Projects\754\018\Legals\BOND-PCL.doc
10/26/2005  By: JGK  Ckd. By: GH

1555 SOUTH RAINBOW BLVD. / LAS VEGAS, NEVADA 89146 / TELEPHONE: (702) 804-2000 / FAX: (702) 804-2299
SUMMERLIN OFFICE FAX: (702) 804-2295 • HENDERSON OFFICE FAX: (702) 804-2296



**CLARK COUNTY DEPARTMENT OF DEVELOPMENT SERVICES**
**DEVELOPMENT OF OFF-SITE IMPROVEMENTS**
**PERFORMANCE BOND**  Bond No. 5018785

That  Rhodes Design & Development _____ as

Principal, of  4730 S. Fort Apache, Ste. 300 _____ ,

City of  Las Vegas, NV _____ ,

County of  Clark _____ ,

and Bond Safeguard Insurance Company _____ as Surety, a corporation incorporated and doing

business under the laws of the State of _____ Illinois _____ and licensed to

conduct, transact and issue Surety business in the State of Nevada, are held and firmly bound to

Clark County, Nevada, as Obligee, in the sum of  Two Hundred Seventy Five Thousand Three

Hundred Forty and 01/100 ____ ($ 275,340.01 _____ ) Dollars, for the payment of the sum

well and truly to be made, and jointly and severally bind themselves, their heirs, successors,

assigns, executors, administrators and legal representatives firmly by these presents.

### CONDITIONS

1. Principal, as a condition of the development of the  Durango Drive _____ project,
   entered into a written agreement or agreements ("improvement agreement(s)") with said
   Obligee to complete the required improvements specified in said improvement agreement(s)
   identified as  roadway improvements _____ , dated _____ , and
   *HTE 05-8709* ,dated _____ , and are attached hereto and by
   this reference incorporated herein.

2. If Principal fully and completely performs all of its obligations required by the said improvement
   agreement(s) during the original term thereof, or any extension of said term that may be
   granted by the Obligee with or without notice to the Surety, this obligation shall be voided;
   otherwise this obligation shall remain in full force and effect.

3. This obligation will continuously remain in full force and effect until and unless all of the
   conditions in he said improvement agreement(s) are fulfilled and completed to the satisfaction
   of the Obligee.

4. The provisions of this obligation shall be interpreted in manner consistent with the terms and
   conditions of the improvement agreement(s) and the requirements of the Clark County Code,
   including, but not limited to, Chapter 30.32, which by this reference is incorporated herein.

5. Surety hereby waives notice of any changes, modifications, or additions to the obligations
   specified in said improvement agreement(s).

Page 1 of 2

6. Any deviations, additions, or modifications to the obligations of the improvement agreement(s) may be made without the consent or knowledge of Surety and without in any way releasing Surety from liability under this bond.

7. In case of default by Principal, Surety may assure and complete or procure completion of the obligations of Principal, and Surety will be subrogated and entitled to all the rights and properties of Principal arising out of the improvement agreement(s).

IN WITNESS WHEREOF, the seal and signature of said Principal is hereto affixed and the corporate seal and the name of the said Surety is hereto affixed and attested by its duly authorized Attorney-in-Fact at _____Westmont, Illinois_____, Nevada, this _____September 20_____, _____2005_____.

**PRINCIPAL:** Rhodes Design & Development

BY: _____
Paul Huggens

State of Nevada
County of Clark

This instrument was acknowledged before me on ___9/26___, 20 05 by ___Paul Huggins___ as _____ of _____ (Principal).

_____
NOTARY PUBLIC in and for said County and State.

CRYSTAL LYNN HAWKINS
Notary Public State of Nevada
No. 03-85327-1
My appt. exp. Nov. 17, 2007

BY: _____
Caroline L. Brown, **Nevada Resident Agent**

BCC standard form approved 7/16/02.

**SURETY:** Bond Safeguard Insurance Company

BY: _____
Melissa Schmidt , **Attorney-in-Fact**

State of Nevada Illinois
County of Clark DuPage

This instrument was acknowledged before me on ___September 20___, 20 05, by ___Melissa Schmidt___ as Attorney-in-Fact for Bond Safeguard (Surety).
Insurance Company

_____
NOTARY PUBLIC in and for said County and State.    Heather A. Beck

OFFICIAL SEAL
HEATHER A BECK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/05/08

2213 N. Green Valley Parkway #101

Henderson, NV 89014

Printed by dkazio at 4/21/2009 11:38:37 AM

**POWER OF ATTORNEY**                                              AO 37400

# Bond Safeguard INSURANCE COMPANY

KNOW ALL MEN BY THESE PRESENTS, that **BOND SAFEGUARD INSURANCE COMPANY**, an Illinois Corporation with its principal office in Lombard, Illinois, does hereby constitute and appoint:

Michael J. Scheer, James I. Moore, Christine Woods, Irene Diaz,
Bonnie Kruse, Stephen T. Kazmer, Dawn L. Morgan, Peggy Faust, Kelly A. Jacobs, Elaine Marcus, Jennifer J. McComb, Melissa Schmidt

its true and lawful Attorney(s)-in-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **BOND SAFEGUARD INSURANCE COMPANY** on the 7th day of November, 2001 as follows:

Resolved, that the President of the Company is hereby authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed $1,000,000.00, One Million Dollars, which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed for good cause and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Vice President, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **BOND SAFEGUARD INSURANCE COMPANY** has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 7th day of November, 2001.



**BOND SAFEGUARD INSURANCE COMPANY**

BY David E. Campbell
President

## ACKNOWLEDGEMENT

On this 7th day of November, 2001, before me, personally came David E. Campbell to me known, who being duly sworn, did depose and say that he is the President of **BOND SAFEGUARD INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

"OFFICIAL SEAL"
MICHELE KOLLER
Notary Public, State of Illinois
My Commission Expires 08/28/07

Michele Koller
Notary Public

## CERTIFICATE

I, the undersigned, Vice President of **BOND SAFEGUARD INSURANCE COMPANY**, An Illinois Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Lombard, Illinois this 20th Day of September , 20 05

Donald D. Buchanan
Secretary



20051212-0002511

APN: 176-05-301-002

HTE #: 05-16688    OSTA

Fee: $0.00
N/C Fee: $0.00

12/12/2005           12:37:24
T20050223960
Requestor:
    DEVELOPMENT SERVICES CLARK COUNTY

When recorded return to:
Bonding
Clark County Development Services
Civil Engineering Division

Frances Deane          LEX
Clark County Recorder   Pgs: 9



# CLARK COUNTY
# DEPARTMENT OF DEVELOPMENT SERVICES

## OFF-SITE IMPROVEMENTS AGREEMENT

THIS AGREEMENT, made and entered into this __28th__ day of __November__,
20 _05_ , by and between:

_____RHODES DESIGN & DEVELOPMENT_____,
whose mailing address is:

4730 S. FORT APACHE RD.

SUITE 300

LAS VEGAS, NV 89147

245-8207

hereinafter referred to as DEVELOPER and CLARK COUNTY, NEVADA, hereinafter
referred to as COUNTY, for construction of off-site improvements at the following location:

Cross Streets:    ARBY AVENUE / EL CAPITAN WAY

Assessor's Parcel Number:    176-05-301-002

WHEREAS, DEVELOPER has submitted a plan to the COUNTY for a

FAMILY PARK
(type of development); and

WHEREAS, the COUNTY requires construction of certain off-site
improvements as part of said development.

NOW, THEREFORE, the parties to this agreement for and in consideration of
the mutual promises herein contained and for other good and valuable considerations, do

1 of 8

Printed by dkazio at 4/21/2009 11:38:59 AM

hereby agreed as follows:

1.    OFF-SITE IMPROVEMENTS

The DEVELOPER, at his own cost, shall perform and complete all off-site work and improvements which may consist of, but not limited to, streets, street name signs, traffic signs, sewers, water systems, fire hydrants, curbs, gutters, sidewalks, street lighting, driveways, drainage facilities, accesses, survey monuments,
*Re: HTE # 05-16688*
etc., hereinafter referred to as off-site improvements, said off-site improvements shall be constructed in accordance with applicable ordinances, regulations, standards and specifications, and other requirements of CLARK COUNTY, NEVADA.

2.    PLANS APPROVED BY THE DIRECTOR OF DEVELOPMENT SERVICES

No off-site improvements shall commence until:

(a)    off-site improvement plans have been approved by the Director of DEVELOPMENT SERVICES or his authorized representative;

(b)    one-hundred percent (100%) of the plan-check and inspection fees have been paid;

(c)    performance security executed as required by CLARK COUNTY ordinances; and

(d)    an off-site permit has been issued by the Director of DEVELOPMENT SERVICES, or his authorized representative.

3.    NOTICE OF COMMENCEMENT OF CERTAIN WORK

The DEVELOPER shall notify the Director of Development Services no less than 24 hours in advance of the date and hour work on any of the following items is expected to begin, and thereafter if conditions develop to delay the start of work, the DEVELOPER agrees to notify the Director of Development Services of the delay not less than two hours before work is scheduled to begin:

--    Placing sewer, water, gas, power, telephone lines and fire hydrants.

--    Back-filling of sewer, water, gas, power and telephone lines.

--    Placing concrete for curb, gutter, sidewalk, valley gutters, storm drain structures, manholes, street lighting foundations and alley gutters.

2 of 8

--     Placing Type I and Type II gravel base course.

--     Priming base course.

--     Placing street lighting and burn testing.

--     Placing street name signs and traffic control signs.

4.     APPROVAL OF WORK AFTER INSPECTION

(a)     Whenever the Director of Development Services or his duly authorized representative inspects portion of work as mentioned hereinbefore, and finds the work performed to be in a satisfactory condition for inclusion in the completed project, the Director of Development Services or his duly authorized representative shall issue a statement of inspection which shall permit the DEVELOPER to perform the next phase of the construction. Ordinarily, not less than one continuous block of any one of the items of work mentioned will be approved.

(b)     Inspection and approval of any item of work shall not forfeit the right of the COUNTY to require the corrections of quality, workmanship or materials at any time prior to the final acceptance of the project by the Director of Development Services, although previously approved by an oversight.

(c)     Nothing herein shall relieve the DEVELOPER of the responsibility for proper construction of the off-site improvements and DEVELOPER shall maintain said improvements until the work has been accepted by the Director of Development Services.

5.     ADJUSTMENT TO EXISTING UTILITIES AND COST THEREOF

The DEVELOPER shall, at its sole expense, provide for adjustments necessary to all existing utilities because of the work required by this agreement.

6.     FULL COMPLIANCE WITH COUNTY REQUIREMENTS

The DEVELOPER shall perform and complete all off-site improvements in accordance with the regulations, specifications, and ordinances of the said County of Clark, and the construction plans approved by Clark County Development Services Department.

The DEVELOPER shall obtain all required permits from other County, State, and Federal agencies, including but not limited to Clark County Health District, Nevada Department of Environmental Protection, and United States Army Corps of Engineers.

3 of 8

The COUNTY shall have the right to require corrections to the construction plans by the DEVELOPER at any time before release of the bond (performance bond, cash deposit, or agreement in lieu of bond) required herein, of any item or items contained in this agreement which do not conform to COUNTY standard specifications, laws, regulations or ordinances, even though the plans for the item in question may have been approved by the Director of Development Services.

The DEVELOPER shall start said off-site improvements upon receipt of a COUNTY-approved off-site permit and said off-site improvements shall be completed prior to expiration of said permit in accordance with the required ordinances.

In the event the DEVELOPER fails to complete said improvements within said period or in the event the DEVELOPER in the COUNTY's opinion has created a safety hazard, the COUNTY, at its option, may proceed to complete said improvements at the expense of the DEVELOPER. The COUNTY may use the required performance bond as provided for hereinafter.

7.   OTHER CONDITIONS AND REQUIREMENTS

The DEVELOPER further agrees that, in addition to the above requirements, any and/or all such conditions, stipulations and agreements made by the DEVELOPER and the Board of County Commissioners and/or County Planning Commission of Clark County shall be fully performed.

The DEVELOPER further agrees that all work is to be performed by a qualified contractor licensed to do business in the State of Nevada and the County of Clark.

The DEVELOPER shall maintain, protect and take care of all work areas for the project, including any adjacent existing improvements, until its completion and acceptance by Clark County.   Maintenance of any inhabited area of the development, and the adjacent streets and/or neighborhoods, shall include, but not be limited to, sweeping of the streets and keeping the gutters free of dirt and debris.

During move-in, construction and move-off, the DEVELOPER shall keep the site free and clear from dangerous accumulation of rubbish and debris and shall maintain sufficient and proper barricades, lights, etc., in accordance with the latest manual on the placement of traffic control devices accepted by the Department of Development Services for the protection of the public. Also, after excavation or placement of gravel, if the sub-grade and/or gravel base material is left exposed and in the opinion of the Director of Development Services is not properly maintained, thus causing either a rough riding surface or a dust problem, the Director of Development Services may require the DEVELOPER to do whatever is necessary to provide an adequate travel-way. If a detour is needed, the Director of Development Services shall determine to what extent it shall be maintained, which

4 of 8

shall include the placing of temporary paving, if it is to be used for an extended period of time.

Final acceptance of the work will not be made by the COUNTY until the area (falling under this agreement) and adjacent property has been cleared of all rubbish, surplus materials and equipment resulting from the contractor's operations, to the satisfaction of the Director of Development Services.

8.    LIABILITY

The DEVELOPER shall indemnify, defend, and hold harmless the COUNTY, its officers, agents, volunteers, and employees, against and from any and all liability, loss, damage, claims, fines, demands, causes of action, costs, expenses, and judgments of whatsoever nature, including but not limited to reasonable costs of investigation, reasonable attorney's fees and expenses, all reasonable expert witness fees and expenses, and all court or arbitration or other alternative dispute resolution costs which result from injury to or death of any persons whomsoever, and/or against and from damage to or loss or destruction of property whatsoever when such injury death, loss, destruction or damage is due to or arises in connection with or as a result of any work done by the DEVELOPER in connection with the construction of the off-site improvements, and/or arises of or in connection with DEVELOPER's performance or failure to perform the terms and conditions of this agreement.    This Section 8 survives termination or completion of this agreement.

9.    PLAN REQUIREMENTS ON COMPLETION OF IMPROVEMENTS

Upon completion of all the off-site improvements within the COUNTY right-of-way required hereby and prior to release of any performance security, the DEVELOPER shall furnish the Director of Development Services with an as-built plan which shall accurately indicate, by lettered dimensions, the location of all manholes, the location size and depth of all sewer mains, underground water, power, gas, and other lines, with street plans and profiles for the same, including laterals and "Y's" for connection of house service lines.

10.    WARRANTY

The DEVELOPER is responsible should any original or developed defects or failures appear within a period of one year from the date of acceptance of the work by the COUNTY. The DEVELOPER shall, at his own expense, make good such defects and failures and make all replacements and adjustments required, within thirty (30) days after being notified by the COUNTY to do so. All repairs shall be subject to the approval of the Director of Development Services and/or the Director of Public Works.

5 of 8

This agreement does not limit or relieve DEVELOPER from any other obligation or responsibility which the DEVELOPER may otherwise have as a result of the street improvements, including any damages or latent defects which may occur beyond the warranty period specified above. Furthermore, DEVELOPER, at all times, is not relieved of any obligation or responsibility it may have by law including but not limited to damages for latent deficiencies, injury to real or personal property or injury to or wrongful death of a person, (N.R.S. 11.204).

11.    REQUIREMENTS OF PERFORMANCE BOND OR OTHER SECURITY

DEVELOPER shall furnish without cost to the COUNTY a surety and performance bond, cash deposit or agreement in lieu of bond for the full cost of said off-site improvements in favor of the COUNTY conditioned upon the DEVELOPER completing said off-site improvements within the time period prescribed by this agreement. Also, in the event the COUNTY exercises its option to complete said off-site improvements, that said bond, cash deposit or agreement in lieu of bond shall be used for the payment of the costs of completion of said off site improvements by the COUNTY in case the DEVELOPER fails to do so within said time period.

If the construction or installation of any off-site improvements or facilities for which a bond, cash deposit or agreement in lieu of bond is posted are not completed within the time frame of the off-site permit issued for the development; or if the DEVELOPER has suspended work and has failed to provide continued construction during the past 60 days; or if in the event the DEVELOPER, in the COUNTY's opinion, has created a safety hazard; or if such construction is not in accordance with applicable standards and specifications as prescribed by law, then, in either or any such event, the COUNTY may, at its option, proceed to complete said off site improvements at the expense of the DEVELOPER under this bond as provided for hereinafter.

That DEVELOPER acknowledges that the bond provided for in this agreement to construct the off-site improvements is only based upon an estimate of their cost by the Engineer of the County and in the event that actual cost of said off-site improvements shall exceed such sum, DEVELOPER is in no way relieved by this agreement from paying the entire amount of such excess.

Any application for release of said bond or cash deposit upon the completion of the off-site improvements by the DEVELOPER shall not be granted unless accompanied by a written certificate from the Director of Development Services stating that all requirements hereof have been satisfactorily completed in accordance with the terms of this agreement.

6 of 8

12.    CERTIFICATE OF OCCUPANCY

No certificates of occupancy shall be granted until such time as the off-site improvements have been completed to the satisfaction of the Director of Development Services, and in accordance with this agreement. The granting of a certificate of occupancy does not relieve DEVELOPER of its obligations in this agreement.

The granting of a certificate of occupancy does not imply that the off-site improvements have been properly completed nor authorize the release of the performance bond or other security.

13.    CERTIFICATE OF RELEASE

Upon final acceptance, by the Director of Development Services, of all of the off-site improvements required to be constructed by DEVELOPER as herein provided, DEVELOPER shall be issued a certificate of release of said performance bond or cash deposit, which shall be issued by the Director of Development Services.

14.    NO THIRD PARTY BENEFICIARY

Any inspections or subsequent approvals undertaken by the COUNTY pursuant to express or implied terms of this agreement are undertaken solely to insure compliance with the terms of this agreement and are not undertaken for the benefit of any individual or group of individuals as members of the public. It is not intended by any of the provisions of any part of this agreement to create in the public or any member thereof a third party beneficiary hereunder, or to authorize anyone not a party to this agreement to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this agreement. Provisions in this agreement dealing with inspections, approvals or changes requested or made do not expand the COUNTY's general law duties.

15.    ASSIGNMENTS

DEVELOPER cannot assign this agreement, in whole or in part, or any rights herein granted, without the written consent of the COUNTY and it is agreed that any attempted transfer or assignment of this agreement or any of the rights herein granted, whether voluntary, by operation of law, or otherwise, without such consent in writing, shall be absolutely void at the option of the COUNTY.

16.    AGREEMENT TO BE RECORDED

The DEVELOPER agrees that this agreement will be recorded upon the land described in Exhibit "A" and this agreement shall also be binding upon and inure to the benefit of the parties hereto, their heirs, executors, administrators, successors,

7 of 8

Case 09-14814-lbr    Claim 70-1 Part 2    Filed 09/25/09    Page 20 of 39

and assigns. DEVELOPER and any heirs, executors, administrators, successors and assigns, if any, shall be jointly and severally liable for DEVELOPER's obligations herein.

17.    WAIVER

. None of the conditions of this agreement shall be considered waived by either party unless such waiver is in writing and signed by both parties. No such waiver shall be a waiver of any past or future default, breach, or modification of any of the conditions of the agreement expressly stipulated in such waiver.

IN WITNESS WHEREOF, the parties hereto have set their hands and official seals.

STATE OF NEVADA          )
                         )  SS
COUNTY OF CLARK          )

This instrument was acknowledged before me this
28ᵗᴸ day of _November_,
20 05 by _Paul Huygens_

_____
NOTARY PUBLIC in and for said County and State.

CORPORATION CERTIFICATE

I, _____ , certify that I am the Secretary of the Corporation named as Developer in the foregoing document; that

_____ was
then President/Vice President of said corporation; that said document was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

_____
SECRETARY

DEVELOPER:

_____
Treasurer
PAUL HUYGENS

NOTARY STAMP:

CRYSTAL LYNN HAWKINS
Notary Public State of Nevada
No. 03-85327-1
My appt. exp. Nov. 17, 2007

LORENA SHERMAN
Notary Public State of Nevada
No. 05-100915-1
My appt. exp. Oct. 7, 2009

– FOR COUNTY USE ONLY –

STATE OF NEVADA          )
                         )  SS
COUNTY OF CLARK          )

Signed or attested before me on this  5ᵗᴸ  day
of _DECEMBER_    20 05 by
ROBERT B. THOMPSON.
_____
NOTARY PUBLIC in and for said County and State

COUNTY OF CLARK, a political subdivision
of the State of Nevada

BY _____
ROBERT B. THOMPSON
DEPARTMENT OF DEVELOPMENT
SERVICES

BCC standard form approved July 16, 2002

8 of 8

RHODES RANCH FAMILY PARK

APN: 176-05-301-002

BEING THE NORTHEAST QUARTER (NE ¼) OF THE SOUTHWEST QUARTER (SW ¼) OF
SECTION 5, TOWNSHIP 22 SOUTH, RANGE 60 EAST, M.D.M., CITY OF HENDERSON, CLARK
COUNTY, NEVADA.

SAID PARCEL CONTAINS APPROXIMATELY 40 ACRES.





**CLARK COUNTY DEPARTMENT OF PUBLIC WORKS**
**DEVELOPMENT OF OFF-SITE IMPROVEMENTS**
**PERFORMANCE BOND**      Bond No.  5019335

That <u>Rhodes Design and Development</u> _____ as

Principal, of <u>4730 S. Fort Apache, Ste. 300</u> _____ ,

City of <u>Las Vegas, NV</u> _____ ,

County of <u>Clark</u> _____ , _____

and <u>Bond Safeguard Insurance Company</u> as Surety, a corporation incorporated and doing

business under the laws of the State of _____ <u>Illinois</u> _____ and licensed to

conduct, transact and issue Surety business in the State of Nevada, are held and firmly bound

to Clark County, Nevada, as Obligee, in the sum of <u>One Million Sixty One Thousand Seven</u>

<u>Hundred Seventy Eight and 00/100</u>$ 1,061,778.00 ) Dollars, for the payment of the sum

well and truly to be made, and jointly and severally bind themselves, their heirs, successors,

assigns, executors, administrators and legal representatives firmly by these presents.

### CONDITIONS

1. Principal, as a condition of the development of the <u>Rhodes Ranch Family Park</u> project,
   entered into a written agreement or agreements ("improvement agreement(s)") with said
   Obligee to complete the required improvements specified in said improvement agreement(s)
   identified as <u>roadway, sewer, water, traffic & drainage</u> dated _____ , and _____
   _____ *HTE # 05-16688* ,dated _____ , and are attached hereto and by this
   reference incorporated herein.

2. If Principal fully and completely performs all of its obligations required by the said improvement
   agreement(s) during the original term thereof, or any extension of said term that may be
   granted by the Obligee with or without notice to the Surety, this obligation shall be voided;
   otherwise this obligation shall remain in full force and effect.

3. This obligation will continuously remain in full force and effect until and unless all of the
   conditions in the said improvement agreement(s) are fulfilled and completed to the satisfaction
   of the Obligee.

4. The provisions of this obligation shall be interpreted in manner consistent with the
   requirements of the Clark County Code, including, but not limited to, Chapter 30.32, which by
   this reference is incorporated herein.

5. Surety hereby waives notice of any changes, modifications, or additions to the obligations
   specified in said improvement agreement(s).

Page 1 of 2

6. Any deviations, additions, or modifications to the obligations of the improvement agreement(s) may be made without the consent or knowledge of Surety and without in any way releasing Surety from liability under this bond.

7. In case of default by Principal, Surety may assure and complete or procure completion of the obligations of Principal, and Surety will be subrogated and entitled to all the rights and properties of Principal arising out of the improvement agreement(s).

IN WITNESS WHEREOF, the seal and signature of said Principal is hereto affixed and the corporate seal and the name of the said Surety is hereto affixed and attested by its duly authorized Attorney-in-Fact at _____Westmont, Illinois_____, ~~Nevada~~, this _____October 14_____, _____2005_____.

PRINCIPAL: Rhodes Design & Development

BY: _____
         secretary

State of Nevada
County of Clark

This instrument was acknowledged before me on _Oct. 17th_, 20 05,
by _Paul Huffers_ as _____ of _____ (Principal).

_____
NOTARY PUBLIC in and for said County and State

CRYSTAL LYNN HAWKINS
Notary Public State of Nevada
No. 03-85327-1
My appt. exp. Nov. 17, 2007

BY: _____
Caroline L. Brown , Nevada Resident Agent

SURETY: Bond Safeguard Insurance Company

BY: _____
Jennifer J. McComb , Attorney-in-Fact

State of ~~Nevada~~ Illinois
County of ~~Clark~~ DuPage

This instrument was acknowledged before me on _October 14_, 20 05,
by _Jennifer J. McComb_ as Attorney-in-Fact for _Bond Safeguard Insurance Company_ (Surety).

_____
NOTARY PUBLIC in and for said County and State.   Melissa Schmidt

OFFICIAL SEAL
MELISSA SCHMIDT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/23/08

2213 N. Green Valley Parkway #101

Henderson, NV 89014

Page 2 of 2

Printed by dkazio at 4/21/2009 11:39:18 AM

POWER OF ATTORNEY                    AO  22028

# Bond Safeguard INSURANCE COMPANY

KNOW ALL MEN BY THESE PRESENTS, that **BOND SAFEGUARD INSURANCE COMPANY**, an Illinois Corporation with its principal office in Lombard, Illinois, does hereby constitute and appoint:

Michael J. Scheer, James I. Moore, Christine Woods, Irene Diaz,

Bonnie Kruse, Stephen T. Kazmer, Dawn L. Morgan, Peggy Faust, Kelly A. Jacobs, Elaine Marcus, Jennifer J. McComb, Melissa Schmidt

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **BOND SAFEGUARD INSURANCE COMPANY** on the 7th day of November, 2001 as follows:

Resolved, that the President of the Company is hereby authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond, $ 2,000,000.00 Two Million Dollars

which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed for good cause and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Vice President, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **BOND SAFEGUARD INSURANCE COMPANY** has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 7th day of November, 2001.



**BOND SAFEGUARD INSURANCE COMPANY**

BY David E. Campbell
President

## ACKNOWLEDGEMENT

On this 7th day of November, 2001, before me, personally came David E. Campbell to me known, who being duly sworn, did depose and say that he is the President of **BOND SAFEGUARD INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

"OFFICIAL SEAL"
LYDIA J. DEJONG
Notary Public, State of Illinois
My Commission Expires 1/12/07

Lydia J. DeJong
Notary Public

## CERTIFICATE

I, the undersigned, Vice President of **BOND SAFEGUARD INSURANCE COMPANY**, An Illinois Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Lombard, Illinois this 14th Day of October, 20 05

Donald D. Buchanan
Secretary

Printed by dkazio at 4/21/2009 11:39:18 AM

OLD ONE FROM 4/2002
IN PLACE

APN: **163-29-615-016**

HTE #: **01-31446**

GOES W/ BOND FOR
138,711.38
FOR REVISIONS TO PLANS

When recorded return to:
Bonding
Clark County Development Services
Civil Engineering Division



# CLARK COUNTY
# DEPARTMENT OF DEVELOPMENT SERVICES

## OFF-SITE IMPROVEMENTS AGREEMENT

**THIS AGREEMENT**, made and entered into this **28** day of **September**,
20 **05**, by and between: **Rhodes Design and Development**,
whose mailing address is: **4730 S. Fort Apache #300**
**Las Vegas NV 89147**
**(702) 873-5338**

hereinafter referred to as DEVELOPER and CLARK COUNTY, NEVADA, hereinafter
referred to as COUNTY, for construction of off-site improvements at the following location:

Cross Streets: **EL CAPITAN / TROPICANA**

Assessor's Parcel Number: **163-29-615-016 THRU - 001**

**WHEREAS**, DEVELOPER has submitted a plan to the COUNTY for a

**Offsites for Residential Subdivision**
(type of development); and

**WHEREAS**, the COUNTY requires construction of certain off-site
improvements as part of said development.

**NOW, THEREFORE**, the parties to this agreement for and in consideration of
the mutual promises herein contained and for other good and valuable considerations, do

1 of 8

hereby agreed as follows:

1.    OFF-SITE IMPROVEMENTS

The DEVELOPER, at his own cost, shall perform and complete all off-site work and improvements which may consist of, but not limited to, streets, street name signs, traffic signs, sewers, water systems, fire hydrants, curbs, gutters, sidewalks, street lighting, driveways, drainage facilities, accesses, survey monuments,

etc., hereinafter referred to as off-site improvements, said off-site improvements shall be constructed in accordance with applicable ordinances, regulations, standards and specifications, and other requirements of CLARK COUNTY, NEVADA.

2.    PLANS APPROVED BY THE DIRECTOR OF DEVELOPMENT SERVICES

No off-site improvements shall commence until:

(a)    off-site improvement plans have been approved by the Director of DEVELOPMENT SERVICES or his authorized representative;

(b)    one-hundred percent (100%) of the plan-check and inspection fees have been paid;

(c)    performance security executed as required by CLARK COUNTY ordinances; and

(d)    an off-site permit has been issued by the Director of DEVELOPMENT SERVICES, or his authorized representative.

3.    NOTICE OF COMMENCEMENT OF CERTAIN WORK

The DEVELOPER shall notify the Director of Development Services no less than 24 hours in advance of the date and hour work on any of the following items is expected to begin, and thereafter if conditions develop to delay the start of work, the DEVELOPER agrees to notify the Director of Development Services of the delay not less than two hours before work is scheduled to begin:

--    Placing sewer, water, gas, power, telephone lines and fire hydrants.

--    Back-filling of sewer, water, gas, power and telephone lines.

--    Placing concrete for curb, gutter, sidewalk, valley gutters, storm drain structures, manholes, street lighting foundations and alley gutters.

2 of 8

--     Placing Type I and Type II gravel base course.

--     Priming base course.

--     Placing street lighting and burn testing.

--     Placing street name signs and traffic control signs.

4.     APPROVAL OF WORK AFTER INSPECTION

     (a)     Whenever the Director of Development Services or his duly authorized representative inspects portion of work as mentioned hereinbefore, and finds the work performed to be in a satisfactory condition for inclusion in the completed project, the Director of Development Services or his duly authorized representative shall issue a statement of inspection which shall permit the DEVELOPER to perform the next phase of the construction. Ordinarily, not less than one continuous block of any one of the items of work mentioned will be approved.

     (b)     Inspection and approval of any item of work shall not forfeit the right of the COUNTY to require the corrections of quality, workmanship or materials at any time prior to the final acceptance of the project by the Director of Development Services, although previously approved by an oversight.

     (c)     Nothing herein shall relieve the DEVELOPER of the responsibility for proper construction of the off-site improvements and DEVELOPER shall maintain said improvements until the work has been accepted by the Director of Development Services.

5.     ADJUSTMENT TO EXISTING UTILITIES AND COST THEREOF

     The DEVELOPER shall, at its sole expense, provide for adjustments necessary to all existing utilities because of the work required by this agreement.

6.     FULL COMPLIANCE WITH COUNTY REQUIREMENTS

     The DEVELOPER shall perform and complete all off-site improvements in accordance with the regulations, specifications, and ordinances of the said County of Clark, and the construction plans approved by Clark County Development Services Department.

     The DEVELOPER shall obtain all required permits from other County, State, and Federal agencies, including but not limited to Clark County Health District, Nevada Department of Environmental Protection, and United States Army Corps of Engineers.

3 of 8

The COUNTY shall have the right to require corrections to the construction plans by the DEVELOPER at any time before release of the bond (performance bond, cash deposit, or agreement in lieu of bond) required herein, of any item or items contained in this agreement which do not conform to COUNTY standard specifications, laws, regulations or ordinances; even though the plans for the item in question may have been approved by the Director of Development Services.

The DEVELOPER shall start said off-site improvements upon receipt of a COUNTY-approved off-site permit and said off-site improvements shall be completed prior to expiration of said permit in accordance with the required ordinances.

In the event the DEVELOPER fails to complete said improvements within said period or in the event the DEVELOPER in the COUNTY's opinion has created a safety hazard, the COUNTY, at its option, may proceed to complete said improvements at the expense of the DEVELOPER. The COUNTY may use the required performance bond as provided for hereinafter.

### 7.  OTHER CONDITIONS AND REQUIREMENTS

The DEVELOPER further agrees that, in addition to the above requirements, any and/or all such conditions, stipulations and agreements made by the DEVELOPER and the Board of County Commissioners and/or County Planning Commission of Clark County shall be fully performed.

The DEVELOPER further agrees that all work is to be performed by a qualified contractor licensed to do business in the State of Nevada and the County of Clark.

The DEVELOPER shall maintain, protect and take care of all work areas for the project, including any adjacent existing improvements, until its completion and acceptance by Clark County.    Maintenance of any inhabited area of the development, and the adjacent streets and/or neighborhoods, shall include, but not be limited to, sweeping of the streets and keeping the gutters free of dirt and debris.

During move-in, construction and move-off, the DEVELOPER shall keep the site free and clear from dangerous accumulation of rubbish and debris and shall maintain sufficient and proper barricades, lights, etc., in accordance with the latest manual on the placement of traffic control devices accepted by the Department of Development Services for the protection of the public.  Also, after excavation or placement of gravel, if the sub-grade and/or gravel base material is left exposed and in the opinion of the Director of Development Services is not properly maintained, thus causing either a rough riding surface or a dust problem, the Director of Development Services may require the DEVELOPER to do whatever is necessary to provide an adequate travel-way.  If a detour is needed, the Director of Development Services shall determine to what extent it shall be maintained, which

4 of 8

shall include the placing of temporary paving, if it is to be used for an extended period of time.

Final acceptance of the work will not be made by the COUNTY until the area (falling under this agreement) and adjacent property has been cleared of all rubbish, surplus materials and equipment resulting from the contractor's operations, to the satisfaction of the Director of Development Services.

8.    LIABILITY

The DEVELOPER shall indemnify, defend, and hold harmless the COUNTY, its officers, agents, volunteers, and employees, against and from any and all liability, loss, damage, claims, fines, demands, causes of action, costs, expenses, and judgments of whatsoever nature, including but not limited to reasonable costs of investigation, reasonable attorney's fees and expenses, all reasonable expert witness fees and expenses, and all court or arbitration or other alternative dispute resolution costs which result from injury to or death of any persons whomsoever, and/or against and from damage to or loss or destruction of property whatsoever when such injury death, loss, destruction or damage is due to or arises in connection with or as a result of any work done by the DEVELOPER in connection with the construction of the off-site improvements, and/or arises of or in connection with DEVELOPER's performance or failure to perform the terms and conditions of this agreement.    This Section 8 survives termination or completion of this agreement.

9.    PLAN REQUIREMENTS ON COMPLETION OF IMPROVEMENTS

Upon completion of all the off-site improvements within the COUNTY right-of-way required hereby and prior to release of any performance security, the DEVELOPER shall furnish the Director of Development Services with an as-built plan which shall accurately indicate, by lettered dimensions, the location of all manholes, the location size and depth of all sewer mains, underground water, power, gas, and other lines, with street plans and profiles for the same, including laterals and "Y's" for connection of house service lines.

10.    WARRANTY

The DEVELOPER is responsible should any original or developed defects or failures appear within a period of one year from the date of acceptance of the work by the COUNTY. The DEVELOPER shall, at his own expense, make good such defects and failures and make all replacements and adjustments required, within thirty (30) days after being notified by the COUNTY to do so. All repairs shall be subject to the approval of the Director of Development Services and/or the Director of Public Works.

5 of 8

eography

This agreement does not limit or relieve DEVELOPER from any other obligation or responsibility which the DEVELOPER may otherwise have as a result of the street improvements, including any damages or latent defects which may occur beyond the warranty period specified above. Furthermore, DEVELOPER, at all times, is not relieved of any obligation or responsibility it may have by law including but not limited to damages for latent deficiencies, injury to real or personal property or injury to or wrongful death of a person, (N.R.S. 11.204).

11.    REQUIREMENTS OF PERFORMANCE BOND OR OTHER SECURITY

DEVELOPER shall furnish without cost to the COUNTY a surety and performance bond, cash deposit or agreement in lieu of bond for the full cost of said off-site improvements in favor of the COUNTY conditioned upon the DEVELOPER completing said off-site improvements within the time period prescribed by this agreement. Also, in the event the COUNTY exercises its option to complete said off-site improvements, that said bond, cash deposit or agreement in lieu of bond shall be used for the payment of the costs of completion of said off site improvements by the COUNTY in case the DEVELOPER fails to do so within said time period.

If the construction or installation of any off-site improvements or facilities for which a bond, cash deposit or agreement in lieu of bond is posted are not completed within the time frame of the off-site permit issued for the development; or if the DEVELOPER has suspended work and has failed to provide continued construction during the past 60 days; or if in the event the DEVELOPER, in the COUNTY's opinion, has created a safety hazard; or if such construction is not in accordance with applicable standards and specifications as prescribed by law, then, in either or any such event, the COUNTY may, at its option, proceed to complete said off site improvements at the expense of the DEVELOPER under this bond as provided for hereinafter.

That DEVELOPER acknowledges that the bond provided for in this agreement to construct the off-site improvements is only based upon an estimate of their cost by the Engineer of the County and in the event that actual cost of said off-site improvements shall exceed such sum, DEVELOPER is in no way relieved by this agreement from paying the entire amount of such excess.

Any application for release of said bond or cash deposit upon the completion of the off-site improvements by the DEVELOPER shall not be granted unless accompanied by a written certificate from the Director of Development Services stating that all requirements hereof have been satisfactorily completed in accordance with the terms of this agreement.

6 of 8

12.    CERTIFICATE OF OCCUPANCY

No certificates of occupancy shall be granted until such time as the off-site improvements have been completed to the satisfaction of the Director of Development Services, and in accordance with this agreement. The granting of a certificate of occupancy does not relieve DEVELOPER of its obligations in this agreement.

The granting of a certificate of occupancy does not imply that the off-site improvements have been properly completed nor authorize the release of the performance bond or other security.

13.    CERTIFICATE OF RELEASE

Upon final acceptance, by the Director of Development Services, of all of the off-site improvements required to be constructed by DEVELOPER as herein provided, DEVELOPER shall be issued a certificate of release of said performance bond or cash deposit, which shall be issued by the Director of Development Services.

14.    NO THIRD PARTY BENEFICIARY

Any inspections or subsequent approvals undertaken by the COUNTY pursuant to express or implied terms of this agreement are undertaken solely to insure compliance with the terms of this agreement and are not undertaken for the benefit of any individual or group of individuals as members of the public. It is not intended by any of the provisions of any part of this agreement to create in the public or any member thereof a third party beneficiary hereunder, or to authorize anyone not a party to this agreement to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this agreement. Provisions in this agreement dealing with inspections, approvals or changes requested or made do not expand the COUNTY's general law duties.

15.    ASSIGNMENTS

DEVELOPER cannot assign this agreement, in whole or in part, or any rights herein granted, without the written consent of the COUNTY and it is agreed that any attempted transfer or assignment of this agreement or any of the rights herein granted, whether voluntary, by operation of law, or otherwise, without such consent in writing, shall be absolutely void at the option of the COUNTY.

16.    AGREEMENT TO BE RECORDED

The DEVELOPER agrees that this agreement will be recorded upon the land described in Exhibit "A" and this agreement shall also be binding upon and inure to the benefit of the parties hereto, their heirs, executors, administrators, successors,

7 of 8

and assigns. DEVELOPER and any heirs, executors, administrators, successors and assigns, if any, shall be jointly and severally liable for DEVELOPER's obligations herein.

17.    WAIVER

None of the conditions of this agreement shall be considered waived by either party unless such waiver is in writing and signed by both parties. No such waiver shall be a waiver of any past or future default, breach, or modification of any of the conditions of the agreement expressly stipulated in such waiver.

IN WITNESS WHEREOF, the parties hereto have set their hands and official seals.

STATE OF NEVADA        )
                       )  SS
COUNTY OF CLARK        )

This instrument was acknowledged before me this
28 day of September,
2005, by Paul Huygens

C Hart
NOTARY PUBLIC in and for said County and State.

CORPORATION CERTIFICATE

I, Paul Huygens, certify that I am the Secretary of the Corporation named as Developer in the foregoing document; that James M. Rhodes was then President/Vice President of said corporation; that said document was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

SECRETARY

DEVELOPER:

Paul Huygens, Secretary

NOTARY STAMP:

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
C. HART
Appt. No. 05-95969-1
My Appt. Expires April 8, 2009

— FOR COUNTY USE ONLY —

STATE OF NEVADA        )
                       )  SS
COUNTY OF CLARK        )

Signed or attested before me on this _____ day
of _____ 20____ by
ROBERT B. THOMPSON.

NOTARY PUBLIC in and for said County and State

COUNTY OF CLARK, a political subdivision of the State of Nevada

BY _____
    ROBERT B. THOMPSON
    DEPARTMENT OF DEVELOPMENT
    SERVICES

BCC standard form approved July 16, 2002

8 of 8

Printed by dkazio at 4/21/2009 11:33:04 AM

Printed by dkazio at 4/21/2009 11:33:04 AM

# LEGAL DESCRIPTION

BEING A PORTION OF PARCEL 1 AND A PORTION OF PARCEL 2 AS SHOWN IN FILE 87 OF PARCEL MAPS, PAGE 02, OFFICIAL RECORDS OF CLARK COUNTY, NEVADA, LYING WITHIN SECTION 29, TOWNSHIP 21 SOUTH, RANGE 60 EAST, CLARK COUNTY, NEVADA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST SOUTHERLY CORNER OF COMMON ELEMENT A OF "SPANISH HILLS ESTATES UNIT 3" AS SHOWN IN BOOK 81 OF PLATS, PAGE 54 OFFICIAL RECORDS OF CLARK COUNTY NEVADA; THENCE SOUTH 49°40'06" EAST, 10.97 FEET; THENCE SOUTH 40°19'55" WEST, 189.99 FEET; THENCE SOUTH 49°40'05" EAST, 124.47 FEET TO THE WEST OF SAID PARCEL 1 AND ALSO BEING THE EAST LINE OF SAID PARCEL 2; THENCE ALONG SAID LINE, SOUTH 00°04'43" WEST, 456.71 FEET TO THE SOUTHEAST CORNER OF THE SOUTHWEST QUARTER (SW 1/4) OF THE NORTHEAST QUARTER (NE 1/4) OF SAID SECTION 29; THENCE ALONG THE SOUTH LINE THEREOF SOUTH 89°43'54" WEST, 669.84 FEET TO THE SOUTHWEST CORNER OF THE SOUTHEAST QUARTER (SE 1/4) OF SOUTHWEST QUARTER (SW 1/4) OF THE NORTHEAST QUARTER (NE 1/4) OF SAID SECTION 29; THENCE ALONG THE WEST LINE THEREOF, NORTH 00°10'10" EAST, 40.00 FEET PASSING THE SOUTHWEST CORNER OF SAID PARCEL 1 FOR A TOTAL DISTANCE OF 676.81 FEET; THENCE ALONG THE LINES OF SAID PARCEL 1 THE FOLLOWING SIXTEEN (16) COURSES;

1) SOUTH 89°47'10" WEST, 334.38 FEET;
2) NORTH 00°12'53" EAST, 283.16 FEET;
3) NORTH 72°24'04" EAST, 191.59 FEET TO A NON-TANGENT CURVE CONCAVE NORTHEASTERLY;
4) SOUTHEASTERLY ALONG SAID CURVE, HAVING A RADIAL BEARING AT THIS POINT OF NORTH 72°24'04" EAST, A RADIUS OF 880.00 FEET, THROUGH A CENTRAL ANGLE OF 10°39'49", FOR AN ARC LENGTH OF 163.78 FEET;
5) NORTH 61°02'03" EAST, 40.00 FEET TO A NON-TANGENT CURVE CONCAVE NORTHEASTERLY;
6) NORTHWESTERLY ALONG SAID CURVE, HAVING A RADIAL BEARING AT THIS POINT OF NORTH 61°46'16" EAST, A RADIUS OF 840.00 FEET, THROUGH A CENTRAL ANGLE OF 08°45'44", FOR AN ARC LENGTH OF 128.46 FEET;
7) NORTH 69°44'09" EAST, 144.81 FEET TO A NON-TANGENT CURVE CONCAVE NORTHEASTERLY;
8) SOUTHEASTERLY ALONG SAID CURVE, HAVING A RADIAL BEARING AT THIS POINT OF NORTH 69°44'09" EAST, A RADIUS OF 700.00 FEET, THROUGH A CENTRAL ANGLE OF 08°42'12", FOR AN ARC LENGTH OF 106.33 FEET;
9) NORTH 61°02'03" EAST, 50.00 FEET TO A NON-TANGENT CURVE CONCAVE NORTHEASTERLY;
10) NORTHWESTERLY ALONG SAID CURVE, HAVING A RADIAL BEARING AT THIS POINT OF NORTH 61°02'03" EAST, A RADIUS OF 650.00 FEET, THROUGH A CENTRAL OF 13°12'12", FOR AN ARC LENGTH OF 149.79 FEET;
11) NORTH 73°08'10" EAST, 183.72 FEET TO A NON-TANGENT CURVE CONCAVE NORTHEASTERLY;
12) SOUTHEASTERLY ALONG SAID CURVE, HAVING A RADIAL BEARING AT THIS POINT OF NORTH 73°08'10" EAST, A RADIUS OF 470.00 FEET, THROUGH A CENTRAL ANGLE OF 32°48'16", FOR AN ARC LENGTH OF 269.10 FEET;
13) SOUTH 49°40'06" EAST, 116.19 FEET TO A CURVE CONCAVE SOUTHWESTERLY;
14) SOUTHEASTERLY ALONG SAID CURVE, HAVING A RADIUS OF 670.00 FEET, THROUGH A CENTRAL ANGLE OF 08°06'40", FOR AN ARC LENGTH OF 94.85 FEET TO A REVERSE CURVE CONCAVE NORTHEASTERLY;
15) SOUTHEASTERLY ALONG SAID CURVE, HAVING A RADIAL BEARING AT THIS POINT OF NORTH 48°26'34" EAST, A RADIUS OF 330.00 FEET, THROUGH A CENTRAL OF 16°13'10", FOR AN ARC LENGTH OF 93.42 FEET TO A REVERSE CURVE CONCAVE SOUTHWESTERLY;
16) SOUTHEASTERLY ALONG SAID CURVE, HAVING A RADIAL BEARING AT THIS POINT OF SOUTH 32°13'24" WEST, A RADIUS OF 670.00 FEET, THROUGH A CENTRAL ANGLE OF 08°06'30", FOR AN ARC LENGTH OF 94.82 FEET TO THE POINT OF BEGINNING.

SAID LAND CONTAINS 17.02 ACRES.
END OF LEGAL DESCRIPTION.



**CLARK COUNTY DEPARTMENT OF PUBLIC WORKS**
**DEVELOPMENT OF OFF-SITE IMPROVEMENTS**
**PERFORMANCE BOND**

Bond No. 5018764

That <u>Rhodes Design and Development</u> as

Principal, of <u>4730 S. Fort Apache, Ste. 300</u>,

City of <u>Las Vegas</u>  <u>Nv.</u>  <u>89147</u>    <u>813.5338</u>,

County of <u>Clark</u>, <u>Nevada</u>.

and <u>Bond Safeguard Insurance Company</u> as Surety, a corporation incorporated and doing

business under the laws of the State of <u>Illinois</u> and licensed to

conduct, transact and issue Surety business in the State of Nevada, are held and firmly bound

to Clark County, Nevada, as Obligee, in the sum of <u>One Hundred Thirty Eight Thousand Seven</u>

<u>Hundred Eleven and 38/100</u> ($ <u>138,711.38</u> ) Dollars, for the payment of the sum

well and truly to be made, and jointly and severally bind themselves, their heirs, successors,

assigns, executors, administrators and legal representatives firmly by these presents.

## CONDITIONS

1. Principal, as a condition of the development of the <u>Spanish Hills Estates Unit 5A</u> project,
   entered into a written agreement or agreements ("improvement agreement(s)") with said
   Obligee to complete the required improvements specified in said improvement agreement(s)
   identified as <u>install sewer and water line</u>, dated_____, and _____
   _____ ,dated _____, and are attached hereto and by this
   reference incorporated herein.

2. If Principal fully and completely performs all of its obligations required by the said improvement
   agreement(s) during the original term thereof, or any extension of said term that may be
   granted by the Obligee with or without notice to the Surety, this obligation shall be voided;
   otherwise this obligation shall remain in full force and effect.

3. This obligation will continuously remain in full force and effect until and unless all of the
   conditions in the said improvement agreement(s) are fulfilled and completed to the satisfaction
   of the Obligee.

4. The provisions of this obligation shall be interpreted in manner consistent with the
   requirements of the Clark County Code, including, but not limited to, Chapter 30.32, which by
   this reference is incorporated herein.

5. Surety hereby waives notice of any changes, modifications, or additions to the obligations
   specified in said improvement agreement(s).

Page 1 of 2

6. Any deviations, additions, or modifications to the obligations of the improvement agreement(s) may be made without the consent or knowledge of Surety and without in any way releasing Surety from liability under this bond.

7. In case of default by Principal, Surety may assure and complete or procure completion of the obligations of Principal, and Surety will be subrogated and entitled to all the rights and properties of Principal arising out of the improvement agreement(s).

IN WITNESS WHEREOF, the seal and signature of said Principal is hereto affixed and the corporate seal and the name of the said Surety is hereto affixed and attested by its duly authorized Attorney-in-Fact at _____Westmont, Illinois_____, Nevada, this _____September 15_____, _____2005_____.

PRINCIPAL: Rhodes Design and Development

BY: _____

SURETY: Bond Safeguard Insurance Company

BY: _____Melissa Schmidt_____, Attorney-in-Fact

State of Nevada
County of Clark

This instrument was acknowledged before me on _____, 20 05 by _____ as _____ of _____ (Principal).

_____
NOTARY PUBLIC in and for said County and State

CRYSTAL LYNN HAWKINS
Notary Public State of Nevada
No. 03-85327-1
My appt. exp. Nov. 17, 2007

BY: _____
Caroline L. Brown, Nevada Resident Agent

State of Nevada Illinois
County of Clark DuPage

This instrument was acknowledged before me on _____September 15_____, 20 05, by Melissa Schmidt as Attorney-in-Fact for Bond Safeguard Insurance Company (Surety).

_____
NOTARY PUBLIC in and for said County and State. Heather A. Beck

OFFICIAL SEAL
HEATHER A BECK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/05/08

2213 N. Green Valley Parkway #101

Henderson, NV 89014

Page 2 of 2

POWER OF ATTORNEY                                    AO 37377

# Bond Safeguard INSURANCE COMPANY

KNOW ALL MEN BY THESE PRESENTS, that **BOND SAFEGUARD INSURANCE COMPANY**, an Illinois Corporation with its principal office in Lombard, Illinois, does hereby constitute and appoint: Michael J. Scheer, James I. Moore, Christine Woods, Irene Diaz, Bonnie Kruse, Stephen T. Kazmer, Dawn L. Morgan, Peggy Faust, Kelly A. Jacobs, Elaine Marcus, Jennifer J. McComb, Melissa Schmidt

its true and lawful Attorney(s)-in-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **BOND SAFEGUARD INSURANCE COMPANY** on the 7th day of November, 2001 as follows:

Resolved, that the President of the Company is hereby authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed $1,000,000.00, One Million Dollars, which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-in-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed for good cause and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Vice President, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **BOND SAFEGUARD INSURANCE COMPANY** has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 7th day of November, 2001.



**BOND SAFEGUARD INSURANCE COMPANY**

BY
David E. Campbell
President

## ACKNOWLEDGEMENT

On this 7th day of November, 2001, before me, personally came David E. Campbell to me known, who being duly sworn, did depose and say that he is the President of **BOND SAFEGUARD INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

"OFFICIAL SEAL"
MICHELE KOLLER
Notary Public, State of Illinois
My Commission Expires 08/28/07

Michele Koller
Notary Public

## CERTIFICATE

I, the undersigned, Vice President of **BOND SAFEGUARD INSURANCE COMPANY**, An Illinois Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Lombard, Illinois this 15th Day of September, 20 05

Donald D. Buchanan
Secretary



**CLARK COUNTY DEPARTMENT OF PUBLIC WORKS**
**DEVELOPMENT OF OFF-SITE IMPROVEMENTS**
**PERFORMANCE BOND**

Bond No. 5018764

That <u>Rhodes Design and Development</u> _____ as

Principal, of __4730 S. Fort Apache, Ste. 300_____ ,

City of __Las Vegas_____ NV. __89147_____    __873.5338_____ ,

County of __Clark_____ , _____Nevada_____ .

and <u>Bond Safeguard Insurance Company</u> _____ as Surety, a corporation incorporated and doing

business under the laws of the State of ____Illinois_____ and licensed to

conduct, transact and issue Surety business in the State of Nevada, are held and firmly bound

to Clark County, Nevada, as Obligee, in the sum of <u>One Hundred Thirty Eight Thousand Seven</u>

<u>Hundred Eleven and 38/100</u>_____ ($ __138,711.38_____ ) Dollars, for the payment of the sum

well and truly to be made, and jointly and severally bind themselves, their heirs, successors,

assigns, executors, administrators and legal representatives firmly by these presents.


**CONDITIONS**

1. Principal, as a condition of the development of the __Spanish Hills Estates Unit 5A__ project,
   entered into a written agreement or agreements ("improvement agreement(s)") with said
   Obligee to complete the required improvements specified in said improvement agreement(s)
   identified as __install sewer and water line_____ , dated_____ , and _____
   _____ ,dated _____ , and are attached hereto and by this
   reference incorporated herein.

2. If Principal fully and completely performs all of its obligations required by the said improvement
   agreement(s) during the original term thereof, or any extension of said term that may be
   granted by the Obligee with or without notice to the Surety, this obligation shall be voided;
   otherwise this obligation shall remain in full force and effect.

3. This obligation will continuously remain in full force and effect until and unless all of the
   conditions in the said improvement agreement(s) are fulfilled and completed to the satisfaction
   of the Obligee.

4. The provisions of this obligation shall be interpreted in manner consistent with the
   requirements of the Clark County Code, including, but not limited to, Chapter 30.32, which by
   this reference is incorporated herein.

5. Surety hereby waives notice of any changes, modifications, or additions to the obligations
   specified in said improvement agreement(s).

Page 1 of 2

6. Any deviations, additions, or modifications to the obligations of the improvement agreement(s) may be made without the consent or knowledge of Surety and without in any way releasing Surety from liability under this bond.

7. In case of default by Principal, Surety may assure and complete or procure completion of the obligations of Principal, and Surety will be subrogated and entitled to all the rights and properties of Principal arising out of the improvement agreement(s).

IN WITNESS WHEREOF, the seal and signature of said Principal is hereto affixed and the corporate seal and the name of the said Surety is hereto affixed and attested by its duly authorized Attorney-in-Fact at _____Westmont, Illinois_____, Nevada, this _____September 15_____, _____2005_____.

PRINCIPAL: Rhodes Design and Development

BY: _____

State of Nevada
County of Clark

This instrument was acknowledged before me on ___9/ ___, 20 05 by _____Paul Heiigens_____ as _____ of _____ (Principal).

_____
NOTARY PUBLIC in and for said County and State

[Seal: CRYSTAL LYNN HAWKINS Notary Public State of Nevada No. 03-85327-1 My appt. exp. Nov. 17, 2007]

BY: _____
Caroline L. Brown, Nevada Resident Agent

SURETY: Bond Safeguard Insurance Company

BY: _____Melissa Schmidt_____, Attorney-in-Fact

State of Nevada  Illinois
County of Clark  DuPage

This instrument was acknowledged before me on _____September 15_____, 20 05, by Melissa Schmidt as Attorney-in-Fact for Bond Safeguard Insurance Company (Surety).

_____Heather A Beck_____
NOTARY PUBLIC in and for said County and State.    Heather A. Beck

[Seal: OFFICIAL SEAL HEATHER A BECK NOTARY PUBLIC - STATE OF ILLINOIS MY COMMISSION EXPIRES:02/05/08]

2213 N. Green Valley Parkway #101

Henderson, NV 89014

Page 2 of 2

POWER OF ATTORNEY                                AO 37377

# Bond Safeguard INSURANCE COMPANY

KNOW ALL MEN BY THESE PRESENTS, that **BOND SAFEGUARD INSURANCE COMPANY**, an Illinois Corporation with its principal office in Lombard, Illinois, does hereby constitute and appoint:

Michael J. Scheer, James I. Moore, Christine Woods, Irene Diaz,

Bonnie Kruse, Stephen T. Kazmer, Dawn L. Morgan, Peggy Faust, Kelly A. Jacobs, Elaine Marcus, Jennifer J. McComb, Melissa Schmidt

its true and lawful Attorney(s)-in-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **BOND SAFEGUARD INSURANCE COMPANY** on the 7th day of November, 2001 as follows:

Resolved, that the President of the Company is hereby authorized to appoint and empower any representative of the Company or other person or persons as Attorney-in-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed $1,000,000.00, One Million Dollars, which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-in-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-in-Fact, so appointed, may be removed for good cause and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Vice President, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **BOND SAFEGUARD INSURANCE COMPANY** has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 7th day of November, 2001.



**BOND SAFEGUARD INSURANCE COMPANY**

BY _____
David E. Campbell
President

## ACKNOWLEDGEMENT

On this 7th day of November, 2001, before me, personally came David E. Campbell to me known, who being duly sworn, did depose and say that he is the President of **BOND SAFEGUARD INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

"OFFICIAL SEAL"
**MICHELE KOLLER**
Notary Public, State of Illinois
My Commission Expires 08/28/07

_____
Michele Koller
Notary Public

## CERTIFICATE

I, the undersigned, Vice President of **BOND SAFEGUARD INSURANCE COMPANY**, An Illinois Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Lombard, Illinois this _15th_ Day of _September_, 20 05

_____
Donald D. Buchanan
Secretary