

**CLARK COUNTY DEPARTMENT OF PUBLIC WORKS**
**DEVELOPMENT OF OFF-SITE IMPROVEMENTS**
**PERFORMANCE BOND**
Bond No. 5022209

That <u>Rhodes Ranch General Partnership</u> as
Principal, of <u>4730 S. Ft. Apache Road, Ste. 300</u>
City of <u>Las Vegas, NV</u>
County of <u>Clark</u>
and <u>Bond Safeguard Insurance Company</u> as Surety, a corporation incorporated and doing
business under the laws of the State of <u>Illinois</u> and licensed to
conduct, transact and issue Surety business in the State of Nevada, are held and firmly bound
to Clark County, Nevada, as Obligee, in the sum of <u>Four Hundred Four Thousand Forty and</u>
<u>98/100</u> ($ <u>404,040.98</u> ) Dollars, for the payment of the sum
well and truly to be made, and jointly and severally bind themselves, their heirs, successors,
assigns, executors, administrators and legal representatives firmly by these presents.

**CONDITIONS**

1. Principal, as a condition of the development of the <u>Sherwood Greens</u> project,
   entered into a written agreement or agreements ("improvement agreement(s)") with said
   Obligee to complete the required improvements specified in said improvement agreement(s)
   identified as <u>Roadway entrance improvements</u> HTE# 05-4837, dated_____, and _____
   _____, dated _____, and are attached hereto and by this
   reference incorporated herein.

2. If Principal fully and completely performs all of its obligations required by the said improvement
   agreement(s) during the original term thereof, or any extension of said term that may be
   granted by the Obligee with or without notice to the Surety, this obligation shall be voided;
   otherwise this obligation shall remain in full force and effect.

3. This obligation will continuously remain in full force and effect until and unless all of the
   conditions in the said improvement agreement(s) are fulfilled and completed to the satisfaction
   of the Obligee.

4. The provisions of this obligation shall be interpreted in manner consistent with the
   requirements of the Clark County Code, including, but not limited to, Chapter 30.32, which by
   this reference is incorporated herein.

5. Surety hereby waives notice of any changes, modifications, or additions to the obligations
   specified in said improvement agreement(s).

Page 1 of 2

## POWER OF ATTORNEY

AO 10701

# Bond Safeguard INSURANCE COMPANY

KNOW ALL MEN BY THESE PRESENTS, that BOND SAFEGUARD INSURANCE COMPANY, an Illinois Corporation with its principal office in Lombard, Illinois, does hereby constitute and appoint: __Michael J. Scheer, James J. Moore, Irene Diaz, Bonnie Kruse, ***************__
__Stephen T. Kazmer, Dawn L. Morgan, Peggy Faust, Kelly A. Jacobs, Elaine Marcus, Jennifer J. McComb, Melissa Schmidt, Joel E. Speckman ***************__
its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of BOND SAFEGUARD INSURANCE COMPANY on the 7th day of November, 2001 as follows:

Resolved, that the President of the Company is hereby authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed $2,000,000.00, Two Million Dollars, which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed for good cause and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Vice President, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, BOND SAFEGUARD INSURANCE COMPANY has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 7th day of November, 2001.



BOND SAFEGUARD INSURANCE COMPANY

BY _____
David E. Campbell
President

### ACKNOWLEDGEMENT

On this 7th day of November, 2001, before me, personally came David E. Campbell to me known, who being duly sworn, did depose and say that he is the President of BOND SAFEGUARD INSURANCE COMPANY, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

> "OFFICIAL SEAL"
> LYDIA J. DE JONG
> Notary Public, State of Illinois
> My Commission Expires 1/12/07

_____
Lydia J. DeJong
Notary Public

### CERTIFICATE

I, the undersigned, Vice President of BOND SAFEGUARD INSURANCE COMPANY, An Illinois Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Lombard, Illinois this __2nd__ day of __June__, 20 __06__

_____
Donald D. Buchanan
Secretary



APN: _176-17-101-017_

HTE #: _05-4837_

NFM # or MSM # (if applicable) _____

When recorded return to:
Bonding
Clark County Development Services
Civil Engineering Division

||||||||||||||||||||||||||||||||||||||||
20060907-0003155

Fee: $0.00
N/C Fee: $0.00

09/07/2006          13:52:39
T20060155833
Requestor:
   DEVELOPMENT SERVICES CLARK COUNTY

Frances Deane                    DBX
Clark County Recorder    Pgs: 10

# CLARK COUNTY
## DEPARTMENT OF DEVELOPMENT SERVICES

### OFF-SITE IMPROVEMENTS AGREEMENT

THIS AGREEMENT, made and entered into this _23rd_ day of _____ _June_ _____, 20 _06_, by and between:

_____ Rhodes Ranch GP _____

whose mailing address is:

_4730 S. Fort Apache #300_
_Las Vegas NV 89147_

hereinafter referred to as DEVELOPER and CLARK COUNTY, NEVADA, hereinafter referred to as COUNTY, for construction of off-site improvements at the following location:

Cross Streets: _Sherwood Greens / Fort Apache_

Assessor's Parcel Number: _176-17-201-005; 176-17-101-017_

**WHEREAS**, DEVELOPER has submitted a plan to the COUNTY for a

_Roadway_
(type of development); and

**WHEREAS**, the COUNTY requires construction of certain off-site improvements as part of said development.

**NOW, THEREFORE**, the parties to this agreement for and in consideration of

1 of 8

the mutual promises herein contained and for other good and valuable considerations, do hereby agree as follows:

1.  **OFF-SITE IMPROVEMENTS**

    The DEVELOPER, at his own cost, shall perform and complete all off-site work and improvements which may consist of, but not limited to, streets, street name signs, traffic signs, sewers, water systems, fire hydrants, curbs, gutters, sidewalks, street lighting, driveways, drainage facilities, accesses, survey monuments,

    *PER HTE # 05-4837*

    etc., hereinafter referred to as off-site improvements, said off-site improvements shall be constructed in accordance with applicable ordinances, regulations, standards and specifications, and other requirements of CLARK COUNTY, NEVADA.

2.  **PLANS APPROVED BY THE DIRECTOR OF DEVELOPMENT SERVICES**

    No off-site improvements shall commence until:

    (a)   off-site improvement plans have been approved by the Director of DEVELOPMENT SERVICES or his authorized representative;

    (b)   one-hundred percent (100%) of the plan-check and inspection fees have been paid;

    (c)   performance security executed as required by CLARK COUNTY ordinances; and

    (d)   an off-site permit has been issued by the Director of DEVELOPMENT SERVICES, or his authorized representative.

3.  **NOTICE OF COMMENCEMENT OF CERTAIN WORK**

    The DEVELOPER shall notify the Director of Development Services no less than 24 hours in advance of the date, and hour work on any of the following items is expected to begin, and thereafter if conditions develop to delay the start of work, the DEVELOPER agrees to notify the Director of Development Services of the delay not less than two hours before work is scheduled to begin:

    --   Placing sewer, water, gas, power, telephone lines and fire hydrants.

    --   Back-filling of sewer, water, gas, power and telephone lines.

    --   Placing concrete for curb, gutter, sidewalk, valley gutters, storm drain structures, manholes, street lighting foundations and alley gutters.

    2 of 8

--  Placing Type I and Type II gravel base course.

--  Priming base course.

--  Placing street lighting and burn testing.

--  Placing street name signs and traffic control signs.

4.  APPROVAL OF WORK AFTER INSPECTION

(a)  Whenever the Director of Development Services or his duly authorized representative inspects portion of work as mentioned hereinbefore, and finds the work performed to be in a satisfactory condition for inclusion in the completed project, the Director of Development Services or his duly authorized representative shall issue a statement of inspection which shall permit the DEVELOPER to perform the next phase of the construction. Ordinarily, not less than one continuous block of any one of the items of work mentioned will be approved.

(b)  Inspection and approval of any item of work shall not forfeit the right of the COUNTY to require the corrections of quality, workmanship or materials at any time prior to the final acceptance of the project by the Director of Development Services, although previously approved by an oversight.

(c)  Nothing herein shall relieve the DEVELOPER of the responsibility for proper construction of the off-site improvements and DEVELOPER shall maintain said improvements until the work has been accepted by the Director of Development Services.

5.  ADJUSTMENT TO EXISTING UTILITIES AND COST THEREOF

The DEVELOPER shall, at its sole expense, provide for adjustments necessary to all existing utilities because of the work required by this agreement.

6.  FULL COMPLIANCE WITH COUNTY REQUIREMENTS

The DEVELOPER shall perform and complete all off-site improvements in accordance with the regulations, specifications, and ordinances of the said County of Clark, and the construction plans approved by Clark County Development Services Department.

The DEVELOPER shall obtain all required permits from other County, State, and Federal agencies, including but not limited to Clark County Health District, Nevada Department of Environmental Protection, and United States Army Corps of Engineers.

3 of 8

The COUNTY shall have the right to require corrections to the construction plans by the DEVELOPER at any time before release of the bond (performance bond, cash deposit, or agreement in lieu of bond) required herein, of any item or items contained in this agreement which do not conform to COUNTY standard specifications, laws, regulations or ordinances, even though the plans for the item in question may have been approved by the Director of Development Services.

The DEVELOPER shall start said off-site improvements upon receipt of a COUNTY-approved off-site permit and said off-site improvements shall be completed prior to expiration of said permit in accordance with the required ordinances.

In the event the DEVELOPER fails to complete said improvements within said period or in the event the DEVELOPER in the COUNTY's opinion has created a safety hazard, the COUNTY, at its option, may, proceed to complete said improvements at the expense of the DEVELOPER. The COUNTY may use the required performance bond as provided for hereinafter.

7.    OTHER CONDITIONS AND REQUIREMENTS

The DEVELOPER further agrees that, in addition to the above requirements, any and/or all such conditions, stipulations and agreements made by the DEVELOPER and the Board of County Commissioners and/or County Planning Commission of Clark County shall be fully performed.

The DEVELOPER further agrees that all work is to be performed by a qualified contractor licensed to do business in the State of Nevada and the County of Clark.

The DEVELOPER shall maintain, protect and take care of all work areas for the project, including any adjacent existing improvements, until its completion and acceptance by Clark County. Maintenance of any inhabited area of the development, and the adjacent streets and/or neighborhoods, shall include, but not be limited to, sweeping of the streets and keeping the gutters free of dirt and debris.

During move-in, construction and move-off, the DEVELOPER shall keep the site free and clear from dangerous accumulation of rubbish and debris and shall maintain sufficient and proper barricades, lights, etc., in accordance with the latest manual on the placement of traffic control devices accepted by the Department of Development Services for the protection of the public. Also, after excavation or placement of gravel, if the sub-grade and/or gravel base material is left exposed and in the opinion of the Director of Development Services is not properly maintained, thus causing either a rough riding surface or a dust problem, the Director of Development Services may require the DEVELOPER to do whatever is necessary to provide an adequate travel-way. If a detour is needed, the Director of Development Services shall determine to what extent it shall be maintained, which

4 of 8

shall include the placing of temporary paving, if it is to be used for an extended period of time.

Final acceptance of the work will not be made by the COUNTY until the area (falling under this agreement) and adjacent property has been cleared of all rubbish, surplus materials and equipment resulting from the contractor's operations, to the satisfaction of the Director of Development Services.

8.    LIABILITY

The DEVELOPER shall indemnify, defend, and hold harmless the COUNTY, its officers, agents, volunteers, and employees, against and from any and all liability, loss, damage, claims, fines, demands, causes of action, costs, expenses, and judgments of whatsoever nature, including but not limited to reasonable costs of investigation, reasonable attorney's fees and expenses, all reasonable expert witness fees and expenses, and all court or arbitration or other alternative dispute resolution costs which result from injury to or death of any persons whomsoever, and/or against and from damage to or loss or destruction of property whatsoever when such injury death, loss, destruction or damage is due to or arises in connection with or as a result of any work done by the DEVELOPER in connection with the construction of the off-site improvements, and/or arises of or in connection with DEVELOPER's performance or failure to perform the terms and conditions of this agreement.    This Section 8 survives termination or completion of this agreement.

9.    PLAN REQUIREMENTS ON COMPLETION OF IMPROVEMENTS

Upon completion of all the off-site improvements within the COUNTY right-of-way required hereby and prior to release of any performance security, the DEVELOPER shall furnish the Director of Development Services with an as-built plan which shall accurately indicate, by lettered dimensions, the location of all manholes, the location size and depth of all sewer mains, underground water, power, gas, and other lines, with street plans and profiles for the same, including laterals and "Y's" for connection of house service lines.

10.    WARRANTY

The DEVELOPER is responsible should any original or developed defects or failures appear within a period of one year from the date of acceptance of the work by the COUNTY. The DEVELOPER shall, at his own expense, make good such defects and failures and make all replacements and adjustments required, within thirty (30) days after being notified by the COUNTY to do so. All repairs shall be subject to the approval of the Director of Development Services and/or the Director of Public Works.

Printed by dkazio at 4/21/2009 12:07:50 PM

This agreement does not limit or relieve DEVELOPER from any other obligation or responsibility which the DEVELOPER may otherwise have as a result of the street improvements, including any damages or latent defects which may occur beyond the warranty period specified above. Furthermore, DEVELOPER, at all times, is not relieved of any obligation or responsibility it may have by law including but not limited to damages for latent deficiencies, injury to real or personal property or injury to or wrongful death of a person, (N.R.S. 11.204).

11.    REQUIREMENTS OF PERFORMANCE BOND OR OTHER SECURITY

DEVELOPER shall furnish without cost to the COUNTY a surety and performance bond, cash deposit or agreement in-lieu-of-bond for the full cost of said off-site improvements in favor of the COUNTY conditioned upon the DEVELOPER completing said off-site improvements within the time period prescribed by this agreement. Also, in the event the COUNTY exercises its option to complete said off-site improvements, that said bond, cash deposit or agreement in lieu of bond shall be used for the payment of the costs of completion of said off site improvements by the COUNTY in case the DEVELOPER fails to do so within said time period.

If the construction or installation of any off-site improvements or facilities for which a bond, cash deposit or agreement in lieu of bond is posted are not completed within the time frame of the off-site permit issued for the development; or if the DEVELOPER has suspended work and has failed to provide continued construction during the past 60 days; or if in the event the DEVELOPER, in the COUNTY's opinion, has created a safety hazard; or if such construction is not in accordance with applicable standards and specifications as prescribed by law, then, in either or any such event, the COUNTY may, at its option, proceed to complete said off site improvements at the expense of the DEVELOPER under this bond as provided for hereinafter.

That DEVELOPER acknowledges that the bond provided for in this agreement to construct the off-site improvements is only based upon an estimate of their cost by the Engineer of the County and in the event that actual cost of said off-site improvements shall exceed such sum, DEVELOPER is in no way relieved by this agreement from paying the entire amount of such excess.

Any application for release of said bond or cash deposit upon the completion of the off-site improvements by the DEVELOPER shall not be granted unless accompanied by a written certificate from the Director of Development Services stating that all requirements hereof have been satisfactorily completed in accordance with the terms of this agreement.

6 of 8

12.    CERTIFICATE OF OCCUPANCY

No certificates of occupancy shall be granted until such time as the off-site improvements have been completed to the satisfaction of the Director of Development Services, and in accordance with this agreement. The granting of a certificate of occupancy does not relieve DEVELOPER of its obligations in this agreement.

The granting of a certificate of occupancy does not imply that the off-site improvements have been properly completed nor authorize the release of the performance bond or other security.

13.    CERTIFICATE OF RELEASE

Upon final acceptance, by the Director of Development Services, of all of the off-site improvements required to be constructed by DEVELOPER as herein provided, DEVELOPER shall be issued a certificate of release of said performance bond or cash deposit, which shall be issued by the Director of Development Services.

14.    NO THIRD PARTY BENEFICIARY

Any inspections or subsequent approvals undertaken by the COUNTY pursuant to express or implied terms of this agreement are undertaken solely to insure compliance with the terms of this agreement and are not undertaken for the benefit of any individual or group of individuals as members of the public. It is not intended by any of the provisions of any part of this agreement to create in the public or any member thereof a third party beneficiary hereunder, or to authorize anyone not a party to this agreement to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this agreement. Provisions in this agreement dealing with inspections, approvals or changes requested or made do not expand the COUNTY's general law duties.

15.    ASSIGNMENTS

DEVELOPER cannot assign this agreement, in whole or in part, or any rights herein granted, without the written consent of the COUNTY and it is agreed that any attempted transfer or assignment of this agreement or any of the rights herein granted, whether voluntary, by operation of law, or otherwise, without such consent in writing, shall be absolutely void at the option of the COUNTY.

16.    AGREEMENT TO BE RECORDED

The DEVELOPER agrees that this agreement will be recorded upon the land described in Exhibit "A" and this agreement shall also be binding upon and inure to

7 of 8

the benefit of the parties hereto, their heirs, executors, administrators, successors, and assigns. DEVELOPER and any heirs, executors, administrators, successors and assigns, if any, shall be jointly and severally liable for DEVELOPER's obligations herein.

17.    WAIVER

None of the conditions of this agreement shall be considered waived by either party unless such waiver is in writing and signed by both parties. No such waiver shall be a waiver of any past or future default, breach, or modification of any of the conditions of the agreement expressly stipulated in such waiver.

IN WITNESS WHEREOF, the parties hereto have set their hands and official seals.

DEVELOPER:

Sign _____
Print Name    Kevin A. Kuts    V.P. of Finance

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before me this 22nd

day of ___June___ , 20 06 , by
Kevin Kuts, VP of Finance
Rhodes Design & Development
              (Developer)

NOTARY PUBLIC in and for said County and State

NOTARY STAMP:

> NOTARY PUBLIC
> STATE OF NEVADA
> County of Clark
> AUGUSTA S. YAMAMOTO
> Appt. No. 03-82552-1
> My Appt. Expires June 24, 2007

CORPORATE CERTIFICATE

I, _____
certify that I am the Secretary of the Corporation named as Developer in the foregoing document; that _____
was then President/Vice President of said corporation; that said document was duly signed for and on behalf of said corporation by authority of its government body and is within the scope of its corporate powers.

_____
                    SECRETARY

– FOR COUNTY USE ONLY –

COUNTY OF CLARK, a political subdivision of the State of Nevada

BY _____
ROBERT B. THOMPSON, Assistant Director
DEPARTMENT OF DEVELOPMENT SERVICES

STATE OF NEVADA
COUNTY OF CLARK

Signed or attested before me on this __31 st__ day of
__AUGUST__ , 20 _06_ ,
by ROBERT B. THOMPSON.

_____
NOTARY PUBLIC in and for said County and State

NOTARY STAMP:

> MARK MIKOLAITIS
> Notary Public State of Nevada
> No. 06-103285-1
> My appt. exp. Feb. 1, 2010

8 of 8

APN 176-17-101-017,
176-17-201-005 and 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-006



**Stanley Consultants** inc.

A Stanley Group Company
Engineering, Environmental and Construction Services - Worldwide

PROJECT No.: 17387.04.00
APRIL 2006
BY: CDK
CKD: RCH
Page 1 of 5



RONALD C.
HINTON
Exp: 6/30/07
No. 16801
4/27/06

**EXHIBIT "A"**

**EXPLANATION**

THIS DESCRIPTION DESCRIBES A PARCEL OF LAND GENERALLY LOCATED NORTH OF WIGWAM
ROAD AND EAST OF FORT APACHE ROAD, FOR ROADWAY EASEMENT PURPOSES.

**DESCRIPTION**
**SHERWOOD GREENS DRIVE**
**ROADWAY EASEMENT**

BEING A PORTION OF THE NORTHWEST QUARTER (NW 1/4) OF SECTION 17, TOWNSHIP 22
SOUTH, RANGE 60 EAST, M.D.M., CLARK COUNTY, NEVADA, DESCRIBED AS FOLLOWS:

**COMMENCING** AT THE NORTHWEST CORNER OF THE SOUTHWEST QUARTER (SW 1/4) OF SAID
NORTHWEST QUARTER, SAID CORNER BEING ON THE CENTERLINE OF FORT APACHE ROAD;
THENCE ALONG THE WESTERLY LINE OF SAID SOUTHWEST QUARTER (SW 1/4) AND SAID
CENTERLINE, SOUTH 02°04'52" WEST, 91.16 FEET TO A POINT ON THE FUTURE SHERWOOD
GREENS DRIVE ALIGNMENT; THENCE DEPARTING SAID WESTERLY LINE AND SAID
CENTERLINE, SOUTH 89°53'48" EAST, ALONG SAID SHERWOOD GREENS DRIVE ALIGNMENT,
115.57 FEET TO THE **POINT OF BEGINNING**;

THENCE NORTH 00°06'12" EAST, 43.39 FEET TO THE BEGINNING OF A NON-TANGENT CURVE,
CONCAVE NORTHWESTERLY, FROM WHICH A RADIAL LINE BEARS NORTH 02°05'33" WEST,
HAVING A RADIUS OF 400.00 FEET AND A CENTRAL ANGLE OF 21°41'36"; THENCE EASTERLY
ALONG SAID CURVE, 151.45 FEET, TO THE BEGINNING OF A REVERSE CURVE, CONCAVE
SOUTHEASTERLY, HAVING A RADIUS OF 255.00 FEET AND A CENTRAL ANGLE OF 23°09'47";

5820 South Eastern Avenue, Suite 100 * Las Vegas, NV 89119 * phone 702.369.9396 * fax 702.933.0222
Internet: www.stanleygroup.com *
H:\dataproject\17387\Sherwood Greens and Fort Apache Easements\Legals\Roadway Easement_Sherwood Greens_April 06.doc

PROJECT No. 17387.04.00
APRIL 2006
PAGE 2 of 5

THENCE EASTERLY ALONG SAID CURVE, 103.09 FEET; THENCE NORTH 00°37'22" WEST, 18.05
FEET; THENCE SOUTH 89°29'57" EAST, 53.34 FEET TO THE BEGINNING OF A NON-TANGENT
CURVE, CONCAVE SOUTHWESTERLY, FROM WHICH A RADIAL LINE BEARS SOUTH 00°17'24"
EAST, HAVING A RADIUS OF 173.84 FEET AND A CENTRAL ANGLE OF 18°02'25"; THENCE
EASTERLY ALONG SAID CURVE, 54.74 FEET; THENCE SOUTH 17°46'29" WEST, ALONG A RADIAL
LINE, 18.00 FEET TO THE BEGINNING OF A NON-TANGENT CURVE, CONCAVE
SOUTHWESTERLY, HAVING A RADIUS OF 155.00 FEET AND A CENTRAL ANGLE OF 12°00'48";
THENCE SOUTHEASTERLY ALONG SAID CURVE, 32.50 FEET TO THE BEGINNING OF A REVERSE
CURVE, CONCAVE NORTHEASTERLY, FROM WHICH A RADIAL LINE BEARS NORTH 29°47'17"
EAST, HAVING A RADIUS OF 245.00 FEET AND A CENTRAL ANGLE OF 46°48'44"; THENCE
EASTERLY ALONG SAID CURVE, 200.17 FEET TO THE BEGINNING OF A COMPOUND CURVE,
CONCAVE NORTHWESTERLY, FROM WHICH A RADIAL LINE BEARS NORTH 17°01'27" WEST,
HAVING A RADIUS OF 490.00 FEET AND A CENTRAL ANGLE OF 09°38'51"; THENCE
NORTHEASTERLY ALONG SAID CURVE, 82.51 FEET; THENCE SOUTH 26°40'18" EAST, ALONG A
RADIAL LINE, 71.00 FEET TO THE BEGINNING OF A NON-TANGENT CURVE, CONCAVE
NORTHWESTERLY, HAVING A RADIUS OF 561.00 FEET AND A CENTRAL ANGLE OF 07°09'35";
THENCE SOUTHWESTERLY ALONG SAID CURVE, 70.10 FEET TO THE BEGINNING OF A
REVERSE CURVE, CONCAVE SOUTHEASTERLY, FROM WHICH A RADIAL LINE BEARS SOUTH
19°30'43" EAST, HAVING A RADIUS OF 25.00 FEET AND A CENTRAL ANGLE OF 79°40'41";
THENCE SOUTHWESTERLY ALONG SAID CURVE, 34.77 FEET; THENCE SOUTH 80°48'36" WEST,
35.36 FEET; THENCE SOUTH 13°37'04" EAST, 9.32 FEET; THENCE SOUTH 80°48'36" WEST,
ALONG A RADIAL LINE, 35.36 FEET TO THE BEGINNING OF A NON-TANGENT CURVE, CONCAVE
SOUTHWESTERLY, HAVING A RADIUS OF 25.00 FEET AND A CENTRAL ANGLE OF 88°31'59";
THENCE NORTHWESTERLY ALONG SAID CURVE, 38.63 FEET TO THE BEGINNING OF A
REVERSE CURVE, CONCAVE NORTHERLY, FROM WHICH A RADIAL LINE BEARS NORTH
07°43'23" WEST, HAVING A RADIUS OF 561.00 FEET AND A CENTRAL ANGLE OF 08°13'26";
THENCE WESTERLY ALONG SAID CURVE,  80.52 FEET; THENCE NORTH 89°29'57" WEST, 246.81
FEET TO THE BEGINNING OF A CURVE, CONCAVE SOUTHERLY, HAVING A RADIUS OF 450.00
FEET AND A CENTRAL ANGLE OF 09°34'40"; THENCE WESTERLY ALONG SAID CURVE, 75.22
FEET TO THE BEGINNING OF A REVERSE CURVE, CONCAVE NORTHERLY, FROM WHICH A
RADIAL LINE BEARS NORTH 09°04'37" WEST, HAVING A RADIUS OF 460.00 FEET AND A
CENTRAL ANGLE OF 11°44'57"; THENCE WESTERLY ALONG SAID CURVE, 94.33 FEET; THENCE
NORTH 00°06'12" EAST, 44.96 FEET; THENCE NORTH 89°53'48" WEST, 7.51 FEET TO THE **POINT
OF BEGINNING.**

CONTAINING 70,725 SQUARE FEET / 1.62 ACRES, MORE OR LESS.

**BASIS OF BEARINGS**

SOUTH 02°04'52" WEST, BEING THE BEARING OF THE WEST LINE OF THE NORTHWEST
QUARTER (NW 1/4) OF SECTION 17, TOWNSHIP 22 SOUTH, RANGE 60 EAST, M.D.M., CLARK
COUNTY, NEVADA, AS SHOWN BY THAT MAP ON FILE IN THE RECORDER'S OFFICE, CLARK
COUNTY, NEVADA, AS FILE 89, PAGE 5 OF PARCEL MAPS.

H:\dataproject\17387\Sherwood Greens and Fort Apache Easements\Legals\Roadway Easement_Sherwood Greens_April 06.doc

05-4837 BND



**CLARK COUNTY DEPARTMENT OF PUBLIC WORKS**
**DEVELOPMENT OF OFF-SITE IMPROVEMENTS**
**PERFORMANCE BOND**
Bond No. 5022209

That <u>Rhodes Ranch General Partnership</u> _____ as

Principal, of <u>4730 S. Ft. Apache Road, Ste. 300</u> _____ ,

City of <u>Las Vegas, NV</u> _____ ,

County of <u>Clark</u> _____ , _____ ,

and <u>Bond Safeguard Insurance Company</u> _____ as Surety, a corporation incorporated and doing

business under the laws of the State of _____<u>Illinois</u>_____ and licensed to

conduct, transact and issue Surety business in the State of Nevada, are held and firmly bound

to Clark County, Nevada, as Obligee, in the sum of <u>Four Hundred Four Thousand Forty and</u>

<u>98/100</u> _____ (\$ <u>404,040.98</u>_____ ) Dollars, for the payment of the sum

well and truly to be made, and jointly and severally bind themselves, their heirs, successors,

assigns, executors, administrators and legal representatives firmly by these presents.

## CONDITIONS

1. Principal, as a condition of the development of the <u>Sherwood Greens</u>_____ project,
   entered into a written agreement or agreements ("improvement agreement(s)") with said
   Obligee to complete the required improvements specified in said improvement agreement(s)
   identified as <u>Roadway entrance improvements</u> <u>HTE# 05-4837</u>, dated_____ , and _____
   _____ ,dated _____ , and are attached hereto and by this
   reference incorporated herein.

2. If Principal fully and completely performs all of its obligations required by the said improvement
   agreement(s) during the original term thereof, or any extension of said term that may be
   granted by the Obligee with or without notice to the Surety, this obligation shall be voided;
   otherwise this obligation shall remain in full force and effect.

3. This obligation will continuously remain in full force and effect until and unless all of the
   conditions in the said improvement agreement(s) are fulfilled and completed to the satisfaction
   of the Obligee.

4. The provisions of this obligation shall be interpreted in manner consistent with the
   requirements of the Clark County Code, including, but not limited to, Chapter 30.32, which by
   this reference is incorporated herein.

5. Surety hereby waives notice of any changes, modifications, or additions to the obligations
   specified in said improvement agreement(s).

Page 1 of 2

6. Any deviations, additions, or modifications to the obligations of the improvement agreement(s) may be made without the consent or knowledge of Surety and without in any way releasing Surety from liability under this bond.

7. In case of default by Principal, Surety may assure and complete or procure completion of the obligations of Principal, and Surety will be subrogated and entitled to all the rights and properties of Principal arising out of the improvement agreement(s).

IN WITNESS WHEREOF, the seal and signature of said Principal is hereto affixed and the corporate seal and the name of the said Surety is hereto affixed and attested by its duly authorized Attorney-in-Fact at _____Westmont, Illinois_____, Nevada, this _____June 2_____, 2006

PRINCIPAL: Rhodes Ranch General Partnership     SURETY: Bond Safeguard Insurance Company

BY: _____                   BY: _____
                                                     Kelly A. Jacobs      , Attorney-in-Fact

State of Nevada                                  State of Nevada Illinois
County of Clark                                  County of Clark  DuPage

This instrument was acknowledged before         This instrument was acknowledged before
me on ___June 23rd_____, 20 06                   me on _____June 2_____, 2006 ,
by __Kevin Karo_____ as                          by ___Kelly A. Jacobs___ as Attorney-
__VP of Finance_____ of                         in-Fact for Bond Safeguard____ (Surety).
Rhodes Ranch General__ (Principal).                   Insurance Company
           Partnership

_____                 _____
NOTARY PUBLIC in and for said County and         NOTARY PUBLIC in and for said County and
State                                            State.  Melissa Schmidt

[NOTARY SEAL:
NOTARY PUBLIC
STATE OF NEVADA
County of Clark
AUGUSTA S. YAMAMOTO
Appt. No. 03-82552-1
My Appt. Expires June 24, 2007]

                                                 [NOTARY SEAL:
                                                 OFFICIAL SEAL
                                                 MELISSA SCHMIDT
                                                 NOTARY PUBLIC - STATE OF ILLINOIS
                                                 MY COMMISSION EXPIRES:06/23/08]

BY: _____                    Shoers West
Caroline L. Brown , Nevada Resident Agent        2213 N. Green Valley Parkway #101

                                                 Henderson, NV 89014

                                                 (702) 263-9065

Page 2 of 2

POWER OF ATTORNEY

AO 10701

# Bond Safeguard INSURANCE COMPANY

KNOW ALL MEN BY THESE PRESENTS, that BOND SAFEGUARD INSURANCE COMPANY, an Illinois Corporation with its principal office in Lombard, Illinois, does hereby constitute and appoint: __Michael J. Scheer, James I. Moore, Irene Diaz, Bonnie Kruse, ***************__ Stephen T. Kazmer, Dawn L. Morgan, Peggy Feust, Kelly A. Jacobs, Elaine Marcus, Jennifer J. McComb, Melissa Schmidt, Joel E. Speckman ***************** its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of BOND SAFEGUARD INSURANCE COMPANY on the 7th day of November, 2001 as follows:

Resolved, that the President of the Company is hereby authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed $2,000,000.00, Two Million Dollars, which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed for good cause and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Vice President, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, BOND SAFEGUARD INSURANCE COMPANY has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 7th day of November, 2001.



BOND SAFEGUARD INSURANCE COMPANY

BY _____
David E. Campbell
President

## ACKNOWLEDGEMENT

On this 7th day of November, 2001, before me, personally came David E. Campbell to me known, who being duly sworn, did depose and say that he is the President of BOND SAFEGUARD INSURANCE COMPANY, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

"OFFICIAL SEAL"
LYDIA J. DE JONG
Notary Public, State of Illinois
My Commission Expires 1/12/07

_____
Lydia J. DeJong
Notary Public

## CERTIFICATE

I, the undersigned, Vice President of BOND SAFEGUARD INSURANCE COMPANY, An Illinois Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Lombard, Illinois this __2nd__ day of __June__, 20 __06__.

_____
Donald D. Buchanan
Secretary

APN: _176-17-101-017_

HTE #: _05-4837_

NFM # or MSM # (if applicable) _____

When recorded return to:
Bonding
Clark County Development Services
Civil Engineering Division



20060907-0003155

Fee: $0.00
N/C Fee: $0.00

09/07/2006          13:52:39
T20060155833
Requestor:
    DEVELOPMENT SERVICES CLARK COUNTY

Frances Deane          DBX
Clark County Recorder    Pgs: 10

## CLARK COUNTY
## DEPARTMENT OF DEVELOPMENT SERVICES

### OFF-SITE IMPROVEMENTS AGREEMENT

THIS AGREEMENT, made and entered into this _23rd_ day of _June_, 20 _06_, by and between:

_Rhodes Ranch GP_

whose mailing address is:

_4730 S. Fort Apache #300_
_Las Vegas NV 89147_

hereinafter referred to as DEVELOPER and CLARK COUNTY, NEVADA, hereinafter referred to as COUNTY, for construction of off-site improvements at the following location:

Cross Streets: _Sherwood Greens / Fort Apache_

Assessor's Parcel Number: _176-17-201-005; 176-17-101-017_

WHEREAS, DEVELOPER has submitted a plan to the COUNTY for a

_Roadway_
(type of development); and

WHEREAS, the COUNTY requires construction of certain off-site improvements as part of said development.

NOW, THEREFORE, the parties to this agreement for and in consideration of

1 of 8

the mutual promises herein contained and for other good and valuable considerations, do hereby agree as follows:

1.  **OFF-SITE IMPROVEMENTS**

The DEVELOPER, at his own cost, shall perform and complete all off-site work and improvements which may consist of, but not limited to, streets, street name signs, traffic signs, sewers, water systems, fire hydrants, curbs, gutters, sidewalks, street lighting, driveways, drainage facilities, accesses, survey monuments,

*PER HTE # 05-4837*

etc., hereinafter referred to as off-site improvements, said off-site improvements shall be constructed in accordance with applicable ordinances, regulations, standards and specifications, and other requirements of CLARK COUNTY, NEVADA.

2.  **PLANS APPROVED BY THE DIRECTOR OF DEVELOPMENT SERVICES**

No off-site improvements shall commence until:

(a)  off-site improvement plans have been approved by the Director of DEVELOPMENT SERVICES or his authorized representative;

(b)  one-hundred percent (100%) of the plan-check and inspection fees have been paid;

(c)  performance security executed as required by CLARK COUNTY ordinances; and

(d)  an off-site permit has been issued by the Director of DEVELOPMENT SERVICES, or his authorized representative.

3.  **NOTICE OF COMMENCEMENT OF CERTAIN WORK**

The DEVELOPER shall notify the Director of Development Services no less than 24 hours in advance of the date and hour work on any of the following items is expected to begin, and thereafter if conditions develop to delay the start of work, the DEVELOPER agrees to notify the Director of Development Services of the delay not less than two hours before work is scheduled to begin:

--  Placing sewer, water, gas, power, telephone lines and fire hydrants.

--  Back-filling of sewer, water, gas, power and telephone lines.

--  Placing concrete for curb, gutter, sidewalk, valley gutters, storm drain structures, manholes, street lighting foundations and alley gutters.

2 of 8

— Placing Type I and Type II gravel base course.

— Priming base course.

— Placing street lighting and burn testing.

— Placing street name signs and traffic control signs.

4. APPROVAL OF WORK AFTER INSPECTION

(a) Whenever the Director of Development Services or his duly authorized representative inspects portion of work as mentioned hereinbefore, and finds the work performed to be in a satisfactory condition for inclusion in the completed project, the Director of Development Services or his duly authorized representative shall issue a statement of inspection which shall permit the DEVELOPER to perform the next phase of the construction. Ordinarily, not less than one continuous block of any one of the items of work mentioned will be approved.

(b) Inspection and approval of any item of work shall not forfeit the right of the COUNTY to require the corrections of quality, workmanship or materials at any time prior to the final acceptance of the project by the Director of Development Services, although previously approved by an oversight.

(c) Nothing herein shall relieve the DEVELOPER of the responsibility for proper construction of the off-site improvements and DEVELOPER shall maintain said improvements until the work has been accepted by the Director of Development Services.

5. ADJUSTMENT TO EXISTING UTILITIES AND COST THEREOF

The DEVELOPER shall, at its sole expense, provide for adjustments necessary to all existing utilities because of the work required by this agreement.

6. FULL COMPLIANCE WITH COUNTY REQUIREMENTS

The DEVELOPER shall perform and complete all off-site improvements in accordance with the regulations, specifications, and ordinances of the said County of Clark, and the construction plans approved by Clark County Development Services Department.

The DEVELOPER shall obtain all required permits from other County, State, and Federal agencies, including but not limited to Clark County Health District, Nevada Department of Environmental Protection, and United States Army Corps of Engineers.

3 of 8

The COUNTY shall have the right to require corrections to the construction plans by the DEVELOPER at any time before release of the bond (performance bond, cash deposit, or agreement in lieu of bond) required herein, of any item or items contained in this agreement which do not conform to COUNTY standard specifications, laws, regulations or ordinances, even though the plans for the item in question may have been approved by the Director of Development Services.

The DEVELOPER shall start said off-site improvements upon receipt of a COUNTY-approved off-site permit and said off-site improvements shall be completed prior to expiration of said permit in accordance with the required ordinances.

In the event the DEVELOPER fails to complete said improvements within said period or in the event the DEVELOPER in the COUNTY's opinion has created a safety hazard, the COUNTY, at its option, may, proceed to complete said improvements at the expense of the DEVELOPER. The COUNTY may use the required performance bond as provided for hereinafter.

7.    OTHER CONDITIONS AND REQUIREMENTS

The DEVELOPER further agrees that, in addition to the above requirements, any and/or all such conditions, stipulations and agreements made by the DEVELOPER and the Board of County Commissioners and/or County Planning Commission of Clark County shall be fully performed.

The DEVELOPER further agrees that all work is to be performed by a qualified contractor licensed to do business in the State of Nevada and the County of Clark.

The DEVELOPER shall maintain, protect and take care of all work areas for the project, including any adjacent existing improvements, until its completion and acceptance by Clark County.  Maintenance of any inhabited area of the development, and the adjacent streets and/or neighborhoods, shall include, but not be limited to, sweeping of the streets and keeping the gutters free of dirt and debris.

During move-in, construction and move-off, the DEVELOPER shall keep the site free and clear from dangerous accumulation of rubbish and debris and shall maintain sufficient and proper barricades, lights, etc., in accordance with the latest manual on the placement of traffic control devices accepted by the Department of Development Services for the protection of the public. Also, after excavation or placement of gravel, if the sub-grade and/or gravel base material is left exposed and in the opinion of the Director of Development Services is not properly maintained, thus causing either a rough riding surface or a dust problem, the Director of Development Services may require the DEVELOPER to do whatever is necessary to provide an adequate travel-way.  If a detour is needed, the Director of Development Services shall determine to what extent it shall be maintained, which

4 of 8

shall include the placing of temporary paving, if it is to be used for an extended period of time.

Final acceptance of the work will not be made by the COUNTY until the area (falling under this agreement) and adjacent property has been cleared of all rubbish, surplus materials and equipment resulting from the contractor's operations, to the satisfaction of the Director of Development Services.

8.    LIABILITY

The DEVELOPER shall indemnify, defend, and hold harmless the COUNTY, its officers, agents, volunteers, and employees; against and from any and all liability, loss, damage, claims, fines, demands, causes of action, costs, expenses, and judgments of whatsoever nature, including but not limited to reasonable costs of investigation, reasonable attorney's fees and expenses, all reasonable expert witness fees and expenses, and all court or arbitration or other alternative dispute resolution costs which result from injury to or death of any persons whomsoever, and/or against and from damage to or loss or destruction of property whatsoever when such injury death, loss, destruction or damage is due to, or arises in connection with or as a result of any work done by the DEVELOPER in connection with the construction of the off-site improvements, and/or arises of or in connection with DEVELOPER's performance or failure to perform the terms and conditions of this agreement.    This Section 8 survives termination or completion of this agreement.

9.    PLAN REQUIREMENTS ON COMPLETION OF IMPROVEMENTS

Upon completion of all the off-site improvements within the COUNTY right-of-way required hereby and prior to release of any performance security, the DEVELOPER shall furnish the Director of Development Services with an as-built plan which shall accurately indicate, by lettered dimensions, the location of all manholes, the location size and depth of all sewer mains, underground water, power, gas, and other lines, with street plans and profiles for the same, including laterals and "Y's" for connection of house service lines.

10.    WARRANTY

The DEVELOPER is responsible should any original or developed defects or failures appear within a period of one year from the date of acceptance of the work by the COUNTY. The DEVELOPER shall, at his own expense, make good such defects and failures and make all replacements and adjustments required, within thirty (30) days after being notified by the COUNTY to do so. All repairs shall be subject to the approval of the Director of Development Services and/or the Director of Public Works.

5 of 8

This agreement does not limit or relieve DEVELOPER from any other obligation or responsibility which the DEVELOPER may otherwise have as a result of the street improvements, including any damages or latent defects which may occur beyond the warranty period specified above. Furthermore, DEVELOPER, at all times, is not relieved of any obligation or responsibility it may have by law including but not limited to damages for latent deficiencies, injury to real or personal property or injury to or wrongful death of a person, (N.R.S. 11.204).

## 11.    REQUIREMENTS OF PERFORMANCE BOND OR OTHER SECURITY

DEVELOPER shall furnish without cost to the COUNTY a surety and performance bond, cash deposit or agreement in-lieu-of-bond for the full cost of said off-site improvements in favor of the COUNTY conditioned upon the DEVELOPER completing said off-site improvements within the time period prescribed by this agreement. Also, in the event the COUNTY exercises its option to complete said off-site improvements, that said bond, cash deposit or agreement in lieu of bond shall be used for the payment of the costs of completion of said off site improvements by the COUNTY in case the DEVELOPER fails to do so within said time period.

If the construction or installation of any off-site improvements or facilities for which a bond, cash deposit or agreement in lieu of bond is posted are not completed within the time frame of the off-site permit issued for the development; or if the DEVELOPER has suspended work and has failed to provide continued construction during the past 60 days; or if in the event the DEVELOPER, in the COUNTY's opinion, has created a safety hazard; or if such construction is not in accordance with applicable standards and specifications as prescribed by law, then, in either or any such event, the COUNTY may, at its option, proceed to complete said off site improvements at the expense of the DEVELOPER under this bond as provided for hereinafter.

That DEVELOPER acknowledges that the bond provided for in this agreement to construct the off-site improvements is only based upon an estimate of their cost by the Engineer of the County and in the event that actual cost of said off-site improvements shall exceed such sum, DEVELOPER is in no way relieved by this agreement from paying the entire amount of such excess.

Any application for release of said bond or cash deposit upon the completion of the off-site improvements by the DEVELOPER shall not be granted unless accompanied by a written certificate from the Director of Development Services stating that all requirements hereof have been satisfactorily completed in accordance with the terms of this agreement.

6 of 8

12.  **CERTIFICATE OF OCCUPANCY**

No certificates of occupancy shall be granted until such time as the off-site improvements have been completed to the satisfaction of the Director of Development Services, and in accordance with this agreement. The granting of a certificate of occupancy does not relieve DEVELOPER of its obligations in this agreement.

The granting of a certificate of occupancy does not imply that the off-site improvements have been properly completed nor authorize the release of the performance bond or other security.

13.  **CERTIFICATE OF RELEASE**

Upon final acceptance, by the Director of Development Services, of all of the off-site improvements required to be constructed by DEVELOPER as herein provided, DEVELOPER shall be issued a certificate of release of said performance bond or cash deposit, which shall be issued by the Director of Development Services.

14.  **NO THIRD PARTY BENEFICIARY**

Any inspections or subsequent approvals undertaken by the COUNTY pursuant to express or implied terms of this agreement are undertaken solely to insure compliance with the terms of this agreement and are not undertaken for the benefit of any individual or group of individuals as members of the public. It is not intended by any of the provisions of any part of this agreement to create in the public or any member thereof a third party beneficiary hereunder, or to authorize anyone not a party to this agreement to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this agreement. Provisions in this agreement dealing with inspections, approvals or changes requested or made do not expand the COUNTY's general law duties.

15.  **ASSIGNMENTS**

DEVELOPER cannot assign this agreement, in whole or in part, or any rights herein granted, without the written consent of the COUNTY and it is agreed that any attempted transfer or assignment of this agreement or any of the rights herein granted, whether voluntary, by operation of law, or otherwise, without such consent in writing, shall be absolutely void at the option of the COUNTY.

16.  **AGREEMENT TO BE RECORDED**

The DEVELOPER agrees that this agreement will be recorded upon the land described in Exhibit "A" and this agreement shall also be binding upon and inure to

7 of 8

the benefit of the parties hereto, their heirs, executors, administrators, successors, and assigns. DEVELOPER and any heirs, executors, administrators, successors and assigns, if any, shall be jointly and severally liable for DEVELOPER's obligations herein.

17.   **WAIVER**

None of the conditions of this agreement shall be considered waived by either party unless such waiver is in writing and signed by both parties. No such waiver shall be a waiver of any past or future default, breach, or modification of any of the conditions of the agreement expressly stipulated in such waiver.

**IN WITNESS WHEREOF, the parties hereto have set their hands and official seals.**

DEVELOPER:

Sign _____

Print Name   V.P. of Finance

STATE OF NEVADA
COUNTY OF CLARK

This instrument was acknowledged before me this 23

day of _____ June _____, 20 06 , by
Kevin Karpi VP of Finance
Rhodes Design & Development
(Developer)

NOTARY PUBLIC in and for said County and State

NOTARY STAMP:

> NOTARY PUBLIC
> STATE OF NEVADA
> County of Clark
> AUGUSTA S. YAMAMOTO
> Appt. No. 03-82552-1
> My Appt. Expires June 24, 2007

**CORPORATE CERTIFICATE**

I, _____,
certify that I am the Secretary of the Corporation named as Developer in the foregoing document; that _____ was then President/Vice President of said corporation; that said document was duly signed for and on behalf of said corporation by authority of its government body and is within the scope of its corporate powers.

_____
SECRETARY

---

-- FOR COUNTY USE ONLY --

COUNTY OF CLARK, a political subdivision of the State of Nevada

BY _____
ROBERT B. THOMPSON, Assistant Director
DEPARTMENT OF DEVELOPMENT SERVICES

STATE OF NEVADA
COUNTY OF CLARK

Signed or attested before me on this 31 ST day of
AUGUST , 20 06 ,
by ROBERT B. THOMPSON.

_____
NOTARY PUBLIC in and for said County and State

NOTARY STAMP:

> MARK MIKOLAITIS
> Notary Public State of Nevada
> No. 06-103285-1
> My appt. exp. Feb. 1, 2010

8 of 8

APN 176-17-101-017,
176-17-201-005 and 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-006



**Stanley Consultants** INC.

A Stanley Group Company
Engineering, Environmental and Construction Services - Worldwide

PROJECT No.: 17387.04.00
APRIL 2006
BY: CDK
CKD: RCH
Page 1 of 5



**EXHIBIT "A"**

**EXPLANATION**

THIS DESCRIPTION DESCRIBES A PARCEL OF LAND GENERALLY LOCATED NORTH OF WIGWAM
ROAD AND EAST OF FORT APACHE ROAD, FOR ROADWAY EASEMENT PURPOSES.

**DESCRIPTION**
**SHERWOOD GREENS DRIVE**
**ROADWAY EASEMENT**

BEING A PORTION OF THE NORTHWEST QUARTER (NW 1/4) OF SECTION 17, TOWNSHIP 22
SOUTH, RANGE 60 EAST, M.D.M., CLARK COUNTY, NEVADA, DESCRIBED AS FOLLOWS:

**COMMENCING** AT THE NORTHWEST CORNER OF THE SOUTHWEST QUARTER (SW 1/4) OF SAID
NORTHWEST QUARTER, SAID CORNER BEING ON THE CENTERLINE OF FORT APACHE ROAD;
THENCE ALONG THE WESTERLY LINE OF SAID SOUTHWEST QUARTER (SW 1/4) AND SAID
CENTERLINE, SOUTH 02°04'52" WEST, 91.16 FEET TO A POINT ON THE FUTURE SHERWOOD
GREENS DRIVE ALIGNMENT; THENCE DEPARTING SAID WESTERLY LINE AND SAID
CENTERLINE, SOUTH 89°53'48" EAST, ALONG SAID SHERWOOD GREENS DRIVE ALIGNMENT,
115.57 FEET TO THE **POINT OF BEGINNING**;

THENCE NORTH 00°06'12" EAST, 43.39 FEET TO THE BEGINNING OF A NON-TANGENT CURVE,
CONCAVE NORTHWESTERLY, FROM WHICH A RADIAL LINE BEARS NORTH 02°05'33" WEST,
HAVING A RADIUS OF 400.00 FEET AND A CENTRAL ANGLE OF 21°41'36"; THENCE EASTERLY
ALONG SAID CURVE, 151.45 FEET, TO THE BEGINNING OF A REVERSE CURVE, CONCAVE
SOUTHEASTERLY, HAVING A RADIUS OF 255.00 FEET AND A CENTRAL ANGLE OF 23°09'47";

5820 South Eastern Avenue, Suite 100 * Las Vegas, NV 89119 * phone 702.369.9396 * fax 702.933.0222
Internet www.stanleygroup.com *
H:\dataproject\17387\Sherwood Greens and Fort Apache Easements\Legals\Roadway Easement_Sherwood Greens_April 06.doc

PROJECT No. 17387.04.00
APRIL 2006
PAGE 2 of 5

THENCE EASTERLY ALONG SAID CURVE, 103.09 FEET; THENCE NORTH 00°37'22" WEST, 18.05
FEET; THENCE SOUTH 89°29'57" EAST, 53.34 FEET TO THE BEGINNING OF A NON-TANGENT
CURVE, CONCAVE SOUTHWESTERLY, FROM WHICH A RADIAL LINE BEARS SOUTH 00°17'24"
EAST, HAVING A RADIUS OF 173.84 FEET AND A CENTRAL ANGLE OF 18°02'25"; THENCE
EASTERLY ALONG SAID CURVE, 54.74 FEET; THENCE SOUTH 17°46'29" WEST, ALONG A RADIAL
LINE, 18.00 FEET TO THE BEGINNING OF A NON-TANGENT CURVE, CONCAVE
SOUTHWESTERLY, HAVING A RADIUS OF 155.00 FEET AND A CENTRAL ANGLE OF 12°00'48";
THENCE SOUTHEASTERLY ALONG SAID CURVE, 32.50 FEET TO THE BEGINNING OF A REVERSE
CURVE, CONCAVE NORTHEASTERLY, FROM WHICH A RADIAL LINE BEARS NORTH 29°47'17"
EAST, HAVING A RADIUS OF 245.00 FEET AND A CENTRAL ANGLE OF 46°48'44"; THENCE
EASTERLY ALONG SAID CURVE, 200.17 FEET TO THE BEGINNING OF A COMPOUND CURVE,
CONCAVE NORTHWESTERLY, FROM WHICH A RADIAL LINE BEARS NORTH 17°01'27" WEST,
HAVING A RADIUS OF 490.00 FEET AND A CENTRAL ANGLE OF 09°38'51"; THENCE
NORTHEASTERLY ALONG SAID CURVE, 82.51 FEET; THENCE SOUTH 26°40'18" EAST, ALONG A
RADIAL LINE, 71.00 FEET TO THE BEGINNING OF A NON-TANGENT CURVE, CONCAVE
NORTHWESTERLY, HAVING A RADIUS OF 561.00 FEET AND A CENTRAL ANGLE OF 07°09'35";
THENCE SOUTHWESTERLY ALONG SAID CURVE, 70.10 FEET TO THE BEGINNING OF A
REVERSE CURVE, CONCAVE SOUTHEASTERLY, FROM WHICH A RADIAL LINE BEARS SOUTH
19°30'43" EAST, HAVING A RADIUS OF 25.00 FEET AND A CENTRAL ANGLE OF 79°40'41";
THENCE SOUTHWESTERLY ALONG SAID CURVE, 34.77 FEET; THENCE SOUTH 80°48'36" WEST,
35.36 FEET; THENCE SOUTH 13°37'04" EAST, 9.32 FEET; THENCE SOUTH 80°48'36" WEST,
ALONG A RADIAL LINE, 35.36 FEET TO THE BEGINNING OF A NON-TANGENT CURVE, CONCAVE
SOUTHWESTERLY, HAVING A RADIUS OF 25.00 FEET AND A CENTRAL ANGLE OF 88°31'59";
THENCE NORTHWESTERLY ALONG SAID CURVE, 38.63 FEET TO THE BEGINNING OF A
REVERSE CURVE, CONCAVE NORTHERLY, FROM WHICH A RADIAL LINE BEARS NORTH
07°43'23" WEST, HAVING A RADIUS OF 561.00 FEET AND A CENTRAL ANGLE OF 08°13'26";
THENCE WESTERLY ALONG SAID CURVE,  80.52 FEET; THENCE NORTH 89°29'57" WEST, 246.81
FEET TO THE BEGINNING OF A CURVE, CONCAVE SOUTHERLY, HAVING A RADIUS OF 450.00
FEET AND A CENTRAL ANGLE OF 09°34'40"; THENCE WESTERLY ALONG SAID CURVE, 75.22
FEET TO THE BEGINNING OF A REVERSE CURVE, CONCAVE NORTHERLY, FROM WHICH A
RADIAL LINE BEARS NORTH 09°04'37" WEST, HAVING A RADIUS OF 460.00 FEET AND A
CENTRAL ANGLE OF 11°44'57"; THENCE WESTERLY ALONG SAID CURVE, 94.33 FEET; THENCE
NORTH 00°06'12" EAST, 44.96 FEET; THENCE NORTH 89°53'48" WEST, 7.51 FEET TO THE POINT
OF BEGINNING.

CONTAINING 70,725 SQUARE FEET / 1.62 ACRES, MORE OR LESS.

## BASIS OF BEARINGS

SOUTH 02°04'52" WEST, BEING THE BEARING OF THE WEST LINE OF THE NORTHWEST
QUARTER (NW 1/4) OF SECTION 17, TOWNSHIP 22 SOUTH, RANGE 60 EAST, M.D.M., CLARK
COUNTY, NEVADA, AS SHOWN BY THAT MAP ON FILE IN THE RECORDER'S OFFICE, CLARK
COUNTY, NEVADA, AS FILE 89, PAGE 5 OF PARCEL MAPS.

H:\dataproject\17387\Sherwood Greens and Fort Apache Easements\Legals\Roadway Easement_Sherwood Greens_April 06.doc

0514  03-48711

20040114
.04602

176-08-701-002

APN: ___03-48711___

HTE #:_____

When recorded return to:
Bonding
Clark County Development Services
Civil Engineering Division



CLARK COUNTY, NEVADA
FRANCES DEANE, RECORDER

RECORDED AT THE REQUEST OF:

DEVELOPMENT SERVICES CLARK COUNT

01-14-2004    17:00    PIK
OFFICIAL RECORDS
BOOK/INSTR:20040114-04602
PAGE COUNT:    9
FEE:    .00
RPTT:    .00



## CLARK COUNTY
# DEPARTMENT OF DEVELOPMENT SERVICES

## OFF-SITE IMPROVEMENTS AGREEMENT

**THIS AGREEMENT**, made and entered into this day of ___December 18___, 20 _03_ ,
by and between:

Rhodes Ranch General Partnership

whose mailing address is:

4730 S. Fort Apache Rd. #300

Las Vegas, NV 89147

(702) 873-5338

Attn: Land Development

hereinafter referred to as DEVELOPER and CLARK COUNTY, NEVADA, hereinafter
referred to as COUNTY, for construction of off-site improvements at the following location:

Cross Streets: ___Durango Drive / Windmill Lane___

Assessor's Parcel Number: ___176-08-701-002___

**WHEREAS**, DEVELOPER has submitted a plan to the COUNTY for a

Durango Drive Wet Utility Relocation - From Robindale to Windmill

(type of development); and

**WHEREAS**, the COUNTY requires construction of certain off-site
improvements as part of said development.

1 of 8

20040114
.04602

**NOW, THEREFORE**, the parties to this agreement for and in consideration of the mutual promises herein contained and for other good and valuable considerations, do hereby agreed as follows:

1.    OFF-SITE IMPROVEMENTS

The DEVELOPER, at his own cost, shall perform and complete all off-site work and improvements which may consist of, but not limited to, streets, street name signs, traffic signs, sewers, water systems, fire hydrants, curbs, gutters, sidewalks, street lighting, driveways, drainage facilities, accesses, survey monuments,

HTE # 03-48711

etc., hereinafter referred to as off-site improvements, said off-site improvements shall be constructed in accordance with applicable ordinances, regulations, standards and specifications, and other requirements of CLARK COUNTY, NEVADA.

2.    PLANS APPROVED BY THE DIRECTOR OF DEVELOPMENT SERVICES

No off-site improvements shall commence until:

(a)    off-site improvement plans have been approved by the Director of DEVELOPMENT SERVICES or his authorized representative;

(b)    one-hundred percent (100%) of the plan-check and inspection fees have been paid;

(c)    performance security executed as required by CLARK COUNTY ordinances; and

(d)    an off-site permit has been issued by the Director of DEVELOPMENT SERVICES, or his authorized representative.

3.    NOTICE OF COMMENCEMENT OF CERTAIN WORK

The DEVELOPER shall notify the Director of Development Services no less than 24 hours in advance of the date and hour work on any of the following items is expected to begin, and thereafter if conditions develop to delay the start of work, the DEVELOPER agrees to notify the Director of Development Services of the delay not less than two hours before work is scheduled to begin:

--    Placing sewer, water, gas, power, telephone lines and fire hydrants.

--    Back-filling of sewer, water, gas, power and telephone lines.

Printed by dkazio at 4/21/2009 11:37:06 AM

Case 09-14814-gwz   Doc 1375-5   Entered 03/31/11 16:14:14   Page 29 of 40
Case 09-14814-lbr   Claim 71-1 Part 5   Filed 09/25/09   Page 39 of 50
20040114
.04602

-- Placing concrete for curb, gutter, sidewalk, valley gutters, storm drain structures, manholes, street lighting foundations and alley gutters.

-- Placing Type I and Type II gravel base course.

-- Priming base course.

-- Placing street lighting and burn testing.

-- Placing street name signs and traffic control signs.

4.   APPROVAL OF WORK AFTER INSPECTION

   (a)   Whenever the Director of Development Services or his duly authorized representative inspects portion of work as mentioned hereinbefore, and finds the work performed to be in a satisfactory condition for inclusion in the completed project, the Director of Development Services or his duly authorized representative shall issue a statement of inspection which shall permit the DEVELOPER to perform the next phase of the construction. Ordinarily, not less than one continuous block of any one of the items of work mentioned will be approved.

   (b)   Inspection and approval of any item of work shall not forfeit the right of the COUNTY to require the corrections of quality, workmanship or materials at any time prior to the final acceptance of the project by the Director of Development Services, although previously approved by an oversight.

   (c)   Nothing herein shall relieve the DEVELOPER of the responsibility for proper construction of the off-site improvements and DEVELOPER shall maintain said improvements until the work has been accepted by the Director of Development Services.

5.   ADJUSTMENT TO EXISTING UTILITIES AND COST THEREOF

   The DEVELOPER shall, at its sole expense, provide for adjustments necessary to all existing utilities because of the work required by this agreement.

6.   FULL COMPLIANCE WITH COUNTY REQUIREMENTS

   The DEVELOPER shall perform and complete all off-site improvements in accordance with the regulations, specifications, and ordinances of the said County of Clark, and the construction plans approved by Clark County Development Services Department.

   The DEVELOPER shall obtain all required permits from other County, State, and Federal agencies, including but not limited to Clark County Health District, Nevada

3 of 8

20040114
.04602

Department of Environmental Protection, and United States Army Corps of Engineers.

The COUNTY shall have the right to require corrections to the construction plans by the DEVELOPER at any time before release of the bond (performance bond, cash deposit, or agreement in lieu of bond) required herein, of any item or items contained in this agreement which do not conform to COUNTY standard specifications, laws, regulations or ordinances, even though the plans for the item in question may have been approved by the Director of Development Services.

The DEVELOPER shall start said off-site improvements upon receipt of a COUNTY-approved off-site permit and said off-site improvements shall be completed prior to expiration of said permit in accordance with the required ordinances.

In the event the DEVELOPER fails to complete said improvements within said period or in the event the DEVELOPER in the COUNTY's opinion has created a safety hazard, the COUNTY, at its option, may proceed to complete said improvements at the expense of the DEVELOPER. The COUNTY may use the required performance bond as provided for hereinafter.

7.   OTHER CONDITIONS AND REQUIREMENTS

The DEVELOPER further agrees that, in addition to the above requirements, any and/or all such conditions, stipulations and agreements made by the DEVELOPER and the Board of County Commissioners and/or County Planning Commission of Clark County shall be fully performed.

The DEVELOPER further agrees that all work is to be performed by a qualified contractor licensed to do business in the State of Nevada and the County of Clark.

The DEVELOPER shall maintain, protect and take care of all work areas for the project, including any adjacent existing improvements, until its completion and acceptance by Clark County.   Maintenance of any inhabited area of the development, and the adjacent streets and/or neighborhoods, shall include, but not be limited to, sweeping of the streets and keeping the gutters free of dirt and debris.

During move-in, construction and move-off, the DEVELOPER shall keep the site free and clear from dangerous accumulation of rubbish and debris and shall maintain sufficient and proper barricades, lights, etc., in accordance with the latest manual on the placement of traffic control devices accepted by the Department of Development Services for the protection of the public. Also, after excavation or placement of gravel, if the sub-grade and/or gravel base material is left exposed and in the opinion of the Director of Development Services is not properly maintained, thus causing either a rough riding surface or a dust problem, the Director of Development Services may require the DEVELOPER to do whatever is necessary to provide an adequate travel-way. If a detour is needed, the Director of

4 of 8

20040114
.04602

Development Services shall determine to what extent it shall be maintained, which shall include the placing of temporary paving, if it is to be used for an extended period of time.

Final acceptance of the work will not be made by the COUNTY until the area (falling under this agreement) and adjacent property has been cleared of all rubbish, surplus materials and equipment resulting from the contractor's operations, to the satisfaction of the Director of Development Services.

8.   LIABILITY

The DEVELOPER shall indemnify, defend, and hold harmless the COUNTY, its officers, agents, volunteers, and employees, against and from any and all liability, loss, damage, claims, fines, demands, causes of action, costs, expenses, and judgments of whatsoever nature, including but not limited to reasonable costs of investigation, reasonable attorney's fees and expenses, all reasonable expert witness fees and expenses, and all court or arbitration or other alternative dispute resolution costs which result from injury to or death of any persons whomsoever, and/or against and from damage to or loss or destruction of property whatsoever when such injury death, loss, destruction or damage is due to or arises in connection with or as a result of any work done by the DEVELOPER in connection with the construction of the off-site improvements, and/or arises of or in connection with DEVELOPER's performance or failure to perform the terms and conditions of this agreement.    This Section 8 survives termination or completion of this agreement.

9.   PLAN REQUIREMENTS ON COMPLETION OF IMPROVEMENTS

Upon completion of all the off-site improvements within the COUNTY right-of-way required hereby and prior to release of any performance security, the DEVELOPER shall furnish the Director of Development Services with an as-built plan which shall accurately indicate, by lettered dimensions, the location of all manholes, the location size and depth of all sewer mains, underground water, power, gas, and other lines, with street plans and profiles for the same, including laterals and "Y's" for connection of house service lines.

10.   WARRANTY

The DEVELOPER is responsible should any original or developed defects or failures appear within a period of one year from the date of acceptance of the work by the COUNTY. The DEVELOPER shall, at his own expense, make good such defects and failures and make all replacements and adjustments required, within thirty (30) days after being notified by the COUNTY to do so. All repairs shall be subject to the approval of the Director of Development Services and/or the Director of Public Works.

5 of 8

20040114
.04602

This agreement does not limit or relieve DEVELOPER from any other obligation or responsibility which the DEVELOPER may otherwise have as a result of the street improvements, including any damages or latent defects which may occur beyond the warranty period specified above. Furthermore, DEVELOPER, at all times, is not relieved of any obligation or responsibility it may have by law including but not limited to damages for latent deficiencies, injury to real or personal property or injury to or wrongful death of a person, (N.R.S. 11.204).

11.    REQUIREMENTS OF PERFORMANCE BOND OR OTHER SECURITY

DEVELOPER shall furnish without cost to the COUNTY a surety and performance bond, cash deposit or agreement in lieu of bond for the full cost of said off-site improvements in favor of the COUNTY conditioned upon the DEVELOPER completing said off-site improvements within the time period prescribed by this agreement. Also, in the event the COUNTY exercises its option to complete said off-site improvements, that said bond, cash deposit or agreement in lieu of bond shall be used for the payment of the costs of completion of said off site improvements by the COUNTY in case the DEVELOPER fails to do so within said time period.

If the construction or installation of any off-site improvements or facilities for which a bond, cash deposit or agreement in lieu of bond is posted are not completed within the time frame of the off-site permit issued for the development; or if the DEVELOPER has suspended work and has failed to provide continued construction during the past 60 days; or if in the event the DEVELOPER, in the COUNTY's opinion, has created a safety hazard; or if such construction is not in accordance with applicable standards and specifications as prescribed by law, then, in either or any such event, the COUNTY may, at its option, proceed to complete said off site improvements at the expense of the DEVELOPER under this bond as provided for hereinafter.

That DEVELOPER acknowledges that the bond provided for in this agreement to construct the off-site improvements is only based upon an estimate of their cost by the Engineer of the County and in the event that actual cost of said off-site improvements shall exceed such sum, DEVELOPER is in no way relieved by this agreement from paying the entire amount of such excess.

Any application for release of said bond or cash deposit upon the completion of the off-site improvements by the DEVELOPER shall not be granted unless accompanied by a written certificate from the Director of Development Services stating that all requirements hereof have been satisfactorily completed in accordance with the terms of this agreement.

12.    CERTIFICATE OF OCCUPANCY

No certificates of occupancy shall be granted until such time as the off-site

6 of 8

20040114
.04602

improvements have been completed to the satisfaction of the Director of Development Services, and in accordance with this agreement. The granting of a certificate of occupancy does not relieve DEVELOPER of its obligations in this agreement.

The granting of a certificate of occupancy does not imply that the off-site improvements have been properly completed nor authorize the release of the performance bond or other security.

13.   CERTIFICATE OF RELEASE

Upon final acceptance, by the Director of Development Services, of all of the off-site improvements required to be constructed by DEVELOPER as herein provided, DEVELOPER shall be issued a certificate of release of said performance bond or cash deposit, which shall be issued by the Director of Development Services.

14.   NO THIRD PARTY BENEFICIARY

Any inspections or subsequent approvals undertaken by the COUNTY pursuant to express or implied terms of this agreement are undertaken solely to insure compliance with the terms of this agreement and are not undertaken for the benefit of any individual or group of individuals as members of the public. It is not intended by any of the provisions of any part of this agreement to create in the public or any member thereof a third party beneficiary hereunder, or to authorize anyone not a party to this agreement to maintain a suit for personal injuries or property damage pursuant to the terms or provisions of this agreement. Provisions in this agreement dealing with inspections, approvals or changes requested or made do not expand the COUNTY's general law duties.

15.   ASSIGNMENTS

DEVELOPER cannot assign this agreement, in whole or in part, or any rights herein granted, without the written consent of the COUNTY and it is agreed that any attempted transfer or assignment of this agreement or any of the rights herein granted, whether voluntary, by operation of law, or otherwise, without such consent in writing, shall be absolutely void at the option of the COUNTY.

16.   AGREEMENT TO BE RECORDED

The DEVELOPER agrees that this agreement will be recorded upon the land described in Exhibit "A" and this agreement shall also be binding upon and inure to the benefit of the parties hereto, their heirs, executors, administrators, successors, and assigns.  DEVELOPER and any heirs, executors, administrators, successors and assigns, if any, shall be jointly and severally liable for DEVELOPER's obligations herein.

7 of 8

Printed by dkazio at 4/21/2009 11:37:06 AM

20040114
.04602

## 17.  WAIVER

None of the conditions of this agreement shall be considered waived by either party unless such waiver is in writing and signed by both parties. No such waiver shall be a waiver of any past or future default, breach, or modification of any of the conditions of the agreement expressly stipulated in such waiver.

**IN WITNESS WHEREOF,** the parties hereto have set their hands and official seals.

STATE OF NEVADA        )
                        )  SS
COUNTY OF CLARK        )

This instrument was acknowledged before me this
_18th_ day of _December_
20_03_, by _Crystal Lynn Hawkins_

NOTARY PUBLIC in and for said County and State.

### CORPORATION CERTIFICATE

I, _____ , certify that I am the Secretary of the Corporation named as Developer in the foregoing document; that _____ was then President/President of said corporation; that said document was duly signed for and on behalf of said corporation by authority of its governing body and is within the scope of its corporate powers.

_____
SECRETARY

STATE OF NEVADA        )
                        )  SS.
COUNTY OF CLARK        )

Signed or attested before me on this _____ day of _____ 20_____ by **CARLA J. PEARSON.**

_____
NOTARY PUBLIC in and for said County and State

BCC standard form approved July 16, 2002

DEVELOPER:

_____
James A. Bevan, Secretary / Treasurer
Rhodes Ranch General Partnership

NOTARY STAMP:

**CRYSTAL LYNN HAWKINS**
Notary Public State of Nevada
No. 03-85327-1
My appt. exp. Nov. 17, 2007

COUNTY OF CLARK, a political subdivision
of the State of Nevada
BY _____
**CARLA J. PEARSON,**
**DEPARTMENT OF DEVELOPMENT SERVICES**

8 of 8

20040114
.04602

## EXHIBIT "A"
## LEGAL DESCRIPTION

A PORTION OF THE EAST ½ OF THE EAST ½ OF SECTION 8, TOWNSHIP 22
SOUTH, RANGE 60 EAST, M.D.M., CLARK COUNTY, NEVADA.

AND

A PORTION OF THE NORTH ½ OF NORTHEAST ¼ OF THE NORTHEAST ¼ OF
SECTION 17, TOWNSHIP 22 SOUTH, RANGE 60 EAST, M.D.M., CLARK
COUNTY, NEVADA.

BND 03-48711



**CLARK COUNTY DEPARTMENT OF DEVELOPMENT SERVICES
DEVELOPMENT OF OFF-SITE IMPROVEMENTS
PERFORMANCE BOND**

Bond No. 08663144

That   Rhodes Ranch General Partnership                                              as

Principal, of  4730 S. Fort Apache Road #300                                         ,

City of   Las Vegas, NV 89147                                                        ,

County of   Clark

and  Fidelity and Deposit Company of
      Maryland                          as Surety, a corporation incorporated and doing

business under the laws of the State of _____Maryland_____and licensed to

conduct, transact and issue Surety business in the State of Nevada, are held and firmly bound to

Clark County, Nevada, as Obligee, in the sum of Two Hundred Fifteen Thousand One Hundred

Forty Seven and 63/100          ($ 215,147.63                ) Dollars, for the payment of the sum

well and truly to be made, and jointly and severally bind themselves, their heirs, successors,

assigns, executors, administrators and legal representatives firmly by these presents.

## CONDITIONS

Durango Drive-Wet Utility

1. Principal, as a condition of the development of the Relocation                        project,

   entered into a written agreement or agreements ("improvement agreement(s)") with said

   Obligee to complete the required improvements specified in said improvement agreement(s)

   identified as Sewer & Water _____ , dated _____ , and

   _____ ,dated _____ , and are attached hereto and by

   this reference incorporated herein.

2. If Principal fully and completely performs all of its obligations required by the said improvement
   agreement(s) during the original term thereof, or any extension of said term that may be
   granted by the Obligee with or without notice to the Surety, this obligation shall be voided;
   otherwise this obligation shall remain in full force and effect.

3. This obligation will continuously remain in full force and effect until and unless all of the
   conditions in  he said improvement agreement(s) are fulfilled and completed to the satisfaction
   of the Obligee.

4. The provisions of this obligation shall be interpreted in manner consistent with the terms and
   conditions of the improvement agreement(s) and the requirements of the Clark County Code,
   including, but not limited to, Chapter 30.32, which by this reference is incorporated herein.

5. Surety hereby waives notice of any changes, modifications, or additions to the obligations
   specified in said improvement agreement(s).

Page 1 of 2

6. Any deviations, additions, or modifications to the obligations of the improvement agreement(s) may be made without the consent or knowledge of Surety and without in any way releasing Surety from liability under this bond.

7. In case of default by Principal, Surety may assure and complete or procure completion of the obligations of Principal, and Surety will be subrogated and entitled to all the rights and properties of Principal arising out of the improvement agreement(s).

IN WITNESS WHEREOF, the seal and signature of said Principal is hereto affixed and the corporate seal and the name of the said Surety is hereto affixed and attested by its duly authorized Attorney-in-Fact at _____Countryside, Illinois_____ ~~Nevada~~, this _____December 12_____, 2003_____.

PRINCIPAL: RHODES RANCH GENERAL PARTNERSHIP

BY: _____

SURETY: FIDELITY AND DEPOSIT COMPANY OF MARYLAND

BY: _____ Peggy Faunt , Attorney-in-Fact

State of Nevada
County of Clark

This instrument was acknowledged before me on _December 19th_ 20 03, by _____ as _____ of _____ (Principal).

_____
NOTARY PUBLIC in and for said County and State.

CRYSTAL LYNN HAWKINS
Notary Public State of Nevada
No. 03-85327-1
My appt. exp. Nov. 17, 2007

BY: _____ , Nevada Resident Agent
Patricia Ann Dreher

BCC standard form approved 7/16/02.

State of ~~Nevada~~ Illinois
County of ~~Clark~~ Cook

This instrument was acknowledged before me on _December 12_____, 20 03, by _Peggy Faunt_ as Attorney-in-Fact for _Fidelity and Deposit_ (Surety). Company of Maryland

_____
NOTARY PUBLIC in and for said County and State. Melissa Kotovsky

OFFICIAL SEAL
MELISSA KOTOVSKY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-8-2006

_____
920 E. Sahara Avenue
Las Vegas, NV 89104

Page 2 of 2

**Power of Attorney**
# FIDELITY AND DEPOSIT COMPANY OF MARYLAND
## COLONIAL AMERICAN CASUALTY AND SURETY COMPANY

KNOW ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, corporations of the State of Maryland, by PAUL C. ROGERS, Vice President, and T. E. SMITH, Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Companies, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute and appoint Peggy FAUST, Kelly A. JACOBS, Stephen T. KAZMER, Bonnie KRUSE, Jennifer J. MCCOMB, Elaine MARCUS, James MOORE, Dawn MORGAN and Mary Beth PETERSON, all of Countryside, Illinois, EACH its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: any and all bonds and undertakings and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Companies, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Companies, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seals of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, this 6th day of March, A.D. 2003.

ATTEST:

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**

*T. E. Smith*    *Assistant Secretary*    By:    *Paul C. Rogers*    *Vice President*

State of Maryland } ss:
City of Baltimore }

On this 6th day of March, A.D. 2003, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came PAUL C. ROGERS, Vice President, and T. E. SMITH, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Companies aforesaid, and that the seals affixed to the preceding instrument is the Corporate Seals of said Companies, and that the said Corporate Seals and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporations.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

*Sandra Lynn Mooney*

Sandra Lynn Mooney                Notary Public
My Commission Expires: January 1, 2004

POA-F 036-0013A

### EXTRACT FROM BY-LAWS OF FIDELITY AND DEPOSIT COMPANY OF MARYLAND

"Article VI, Section 2. The Chairman of the Board, or the President, or any Executive Vice-President, or any of the Senior Vice-Presidents or Vice-Presidents specially authorized so to do by the Board of Directors or by the Executive Committee, shall have power, by and with the concurrence of the Secretary or any one of the Assistant Secretaries, to appoint Resident Vice-Presidents, Assistant Vice-Presidents and Attorneys-in-Fact as the business of the Company may require, or to authorize any person or persons to execute on behalf of the Company any bonds, undertaking, recognizances, stipulations, policies, contracts, agreements, deeds, and releases and assignments of judgements, decrees, mortgages and instruments in the nature of mortgages,...and to affix the seal of the Company thereto."

### EXTRACT FROM BY-LAWS OF COLONIAL AMERICAN CASUALTY AND SURETY COMPANY

"Article VI, Section 2. The Chairman of the Board, or the President, or any Executive Vice-President, or any of the Senior Vice-Presidents or Vice-Presidents specially authorized so to do by the Board of Directors or by the Executive Committee, shall have power, by and with the concurrence of the Secretary or any one of the Assistant Secretaries, to appoint Resident Vice-Presidents, Assistant Vice-Presidents and Attorneys-in-Fact as the business of the Company may require, or to authorize any person or persons to execute on behalf of the Company any bonds, undertaking, recognizances, stipulations, policies, contracts, agreements, deeds, and releases and assignments of judgements, decrees, mortgages and instruments in the nature of mortgages,...and to affix the seal of the Company thereto."

### CERTIFICATE

I, the undersigned, Assistant Secretary of the  FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, do hereby certify that the foregoing Power of Attorney is still in full force and effect on the date of this certificate; and I do further certify that the Vice-President who executed the said Power of Attorney was one of the additional Vice-Presidents specially authorized by the Board of Directors to appoint any Attorney-in-Fact as provided in Article VI, Section 2, of the respective By-Laws of the  FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990 and of the Board of Directors of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at a meeting duly called and held on the 5th day of May, 1994.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed."

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seals of the said Companies,

this ___12th___ day of ___December___, ___2003___.

_Assistant Secretary_

State of    Illinois}
              } ss.
County of  Cook  }

On December 12, 2003, before me, a Notary Public in and for said County and State, residing therein, duly commissioned and sworn,  personally appeared Peggy Faust known to me to be Attorney-in-Fact of Fidelity and Deposit Company of Maryland the corporation described in and that executed the within and foregoing instrument, and known to me to be the person who executed the said instrument in behalf of the said corporation, and he duly acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year stated in this certificate above.

My Commission Expires 11/06/06

Melissa Kotovsky, Notary Public

OFFICIAL SEAL
MELISSA KOTOVSKY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-6-2006