1   James I. Stang, Esq. (CA Bar No. 94435)                    E-File:  March 31, 2011
2   Shirley S. Cho, Esq. (CA Bar No. 192616)
    PACHULSKI STANG ZIEHL & JONES LLP
3   10100 Santa Monica Blvd., 11th Floor
    Los Angeles, California 90067-4100
4   Telephone: 310/277-6910
    Facsimile:  310/201-0760
5   Email: jstang@pszjlaw.com
            scho@pszjlaw.com
6
7   Zachariah Larson, Esq. (NV Bar No. 7787)
    LARSON & STEPHENS
8   810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
9   Telephone:  702/382.1170
    Facsimile:  702/382.1169
10  Email: zlarson@lslawnv.com

11  Attorneys for Reorganized Debtors

12

13                  **UNITED STATES BANKRUPTCY COURT**

14                       **DISTRICT OF NEVADA**

15  In re:                                  Case No.: BK-S-09-14814-LBR
                                            (Jointly Administered)
16
    THE RHODES COMPANIES, LLC, aka          Chapter 11
17  "Rhodes Homes, et al.,"[1]
                             Debtors.
18                                          Hearing Date:   June 24, 2011
    _____     Hearing Time:  1:30 p.m.
19                                          Courtroom 1
    Affects:
20
    ☐   All Debtors
21  ☒   Affects the following Debtor(s):

22    Bravo, Inc. 09-14825

23  _____

    [1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-
24  14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache
    Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case
25  No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-
    14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa,
26  LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843);
    Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No.
27  09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany
    Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany
28  Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow,
    LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP
    (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No.
    09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382.1170   Fax: (702) 382.1169

**REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 7 FILED BY THE
INTERNAL REVENUE SERVICE AGAINST DEBTOR BRAVO, INC. PURSUANT
TO SECTIONS 105, 502(b) AND 505 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 3001, 3003 AND 3007**

Pursuant to sections 105, 502(b) and 505 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the above-captioned reorganized debtors (collectively, the "Reorganized Debtors") hereby object (the "Objection") to claim No. 7 (as amended from time to time, the "IRS Bravo Claim") filed by the Internal Revenue Service (the "IRS") against Debtor Bravo, Inc. ("Bravo"). The Reorganized Debtors, respectfully request the entry of an order disallowing the IRS Bravo Claim in its entirety. In support of the Objection, the Reorganized Debtors respectfully state as follows:

## RELEVANT FACTS

1.      On March 31, 2009 (the "Petition Date"), Bravo, one the above-captioned Debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      Bravo was previously in the business of framing houses for the Debtors' various homebuilding operations. Bravo ceased operations approximately two years prior to the Petition Date. In the ordinary course of its business, Bravo (or its affiliates on Bravo's behalf) maintained books and records that, among other things, reflected Bravo's tax liability to the IRS and other governmental units in Nevada, including with respect to withholding and FICA taxes. At all times relevant to, Bravo filed tax returns with various taxing authorities, including the IRS and the State of Nevada, either directly or through its affiliates.

3.      On April 13, 2010, the IRS filed the IRS Bravo Claim against Bravo in the amount of $3,886,456.75, which was designated as Claim No. 7-2 in the claims register maintained by the Bankruptcy Court in Bravo's case. A true and correct copy of the IRS Bravo Claim is attached as **Exhibit A** hereto. The IRS asserts that Bravo failed to pay various employment-related taxes arising from approximately 2000 through 2003, and asserts various penalties as follows:

14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

| Element of Claim | Amount |
|---|---|
| Priority FICA and withholding tax for periods | $879,452.54 |
| Priority interest | $446,615.57 |
| **Total priority claim** | **$1,326,068.11** |
| Unsecured penalties: §6651 (Failure To Pay), §6656 (Failure to Deposit), and §6663(a) (Fraud) | $431,179.11 |
| Interest on unsecured penalties | $849,130.51 |
| Penalty on unsecured general claims | $1,280,309.62 |
| **Total unsecured claim** | **$2,560,388.64** |
| **Total Amount of Claim:** | **$3,886,456.75** |

4.     The facts and events relating to the IRS Bravo Claim are for time periods beginning 11 years ago. Since that time, Bravo has ceased operations in approximately 2007 and has gone through a chapter 11 case. As such, many if not all of the witnesses to these matters are no longer employees of the Reorganized Debtors. In determining the facts relevant to this IRS Bravo Claim, the Reorganized Debtors have relied upon their books and records, public records, information provided by the IRS, and discussions with the IRS or its counsel regarding this claim. The Reorganized Debtors believe many additional relevant documents may be in the possession of the IRS or third parties.

5.     Upon information and belief, the IRS Bravo Claim is based on amounts due to the IRS due to the actions of Union Pacific Construction ("UPC"), a company unrelated to the Debtors. Bravo hired UPC as a subcontractor to frame houses. UPC, acting as a subcontractor for Bravo, hired its own employees to frame houses. Based upon four quarters of unemployment tax returns obtained from the State of Nevada by the Reorganized Debtors for the time period in which Bravo did business with UPC, only a handful of employees (up to ten) out of hundreds of UPC's employees and hundreds of employees employed by Bravo had overlapping employment

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1  with both UPC and Bravo, and not necessarily during the same time period.[2]  Bravo and UPC

2  paid these employees separately for work performed on behalf of each company, and these

3  employees were not jointly employed by UPC and Bravo.  UPC was responsible for withholding

4  taxes from its employees and remitting such payments to the IRS.  During the time period Bravo

5  engaged UPC, Bravo had hundreds of employees, and did not consider UPC's employees as its

6  own employees (with the exception of the aforementioned handful of employees) for any

7  purposes, including withholding taxes.

8        6.      UPC was owned by Robert Kahre ("Kahre").  On August 14, 2009, Kahre was

9  convicted of, among other things, underreporting of wages, withholding and employment taxes

10  for his two types of businesses:  (i) construction companies (including UPC), and (ii) payroll

11  service companies.  *See* U.S. Department of Justice Press Release dated August 14, 2009 (the

12  "DOJ Release"), a true and correct copy of which is attached as **Exhibit B**.  On November 17,

13  2009, Kahre was sentenced to 15 years and 10 months in prison.  *See* MANNING, MARY,

14  *Businessman Robert Kahre Sentenced in Tax Fraud Scheme*, Las Vegas Sun (Nov. 17, 2009)

15  (http://www.lasvegassun.com/news/2009/nov/17/businessman-robert-kahre-sentenced-tax-fraud-

16  schem/) (last visited on March 30, 2011).  Significantly, the DOJ Release states as follows:

18       Between 1997 and 2003, **Kahre owned and operated six construction
19       businesses in the Las Vegas area: … Union Pacific Construction** … .
         **These businesses employed hundreds of employees**, many of them
20       laborers, but the exact number is unknown because of the way in which
         Robert Kahre operated his businesses.  **Additionally, Kahre provided a
21       payroll service to approximately 35 other construction contractors,
         which employed thousands of employees.**

22       The jury found that Robert and Lori Kahre devised and used a payroll
23       scheme that concealed and disguised the true amount of income received
         by his employees and the employees of the companies for which he
24       provided payroll services.  Robert Kahre maintained an office at 6270
         Kimberly Avenue in Las Vegas where he claimed to pay employees in
25       gold or silver coins, but which were actually immediately exchanged for
         pre-determined envelopes of cash. The face amount of the coins was one-
26       eighth the amount of pay that the employee actually earned and received
         in the cash envelope.  The defendants told the employees that the income

---

[2]  UPC hired workers who were employed by Bravo prior to Bravo's engagement of UPC as a subcontractor, and after Bravo terminated UPC, Bravo hired workers who were previously employees of UPC.

was either not taxable or that they should falsely report to their income to the IRS as the face amount of the gold and silver coins.

During the course of the scheme, cash wage payments of at least $25 million were paid to Robert Kahre's employees and cash payments of approximately $95 million were paid to the employees of the other contractors.  No federal tax withholdings were made from the paychecks, and the wages were not reported to the IRS.  The defendants told the employees not to discuss the scheme with any outside agencies.  The defendants also took steps to prevent the dissemination of information that might reflect the correct amount of income paid to the employees, such as by using false invoices, keeping two sets of books, using false names on payroll records, making false statements on mortgage applications, and using nominees to conceal assets.

DOJ Release at 1-2 (emphasis supplied).

7.    The IRS is now seeking payment from Bravo by asserting that UPC provided payroll services to Bravo, rather than acting as a subcontractor for framing the houses being constructed by Bravo and its affiliates.  This assertion is incorrect and Bravo has no obligation to indemnify the IRS for Kahre's fraud.

8.    The Debtors have been negotiating with the IRS since the fall of 2009 regarding the Bravo Claim (as originally filed).  The IRS has provided the Debtors with various information to date, which for the reasons set forth below, the Reorganized Debtors do not believe support the IRS Bravo Claim.  The IRS has indicated as of March 24, 2011 that it may have additional information to support the IRS Bravo Claim, which has not yet been provided to the Reorganized Debtors as of the date and time of filing this Objection, which was necessitated by the Claims Objection Deadline under the Plan.  However, the Reorganized Debtors, through counsel for the IRS, are attempting to work out a consensual discovery schedule.

9.    Pursuant to Article VI.B of the *Third Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, et al.* (the "Plan"),[3] the Reorganized Debtors have authority to object to claims, including the IRS Bravo Claim.  For the reasons and facts set forth herein and in the attached declarations, the IRS Bravo Claim should be disallowed in its entirety.

---

[3]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1

**JURISDICTION AND VENUE**

2      10.     This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and

3  1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this

4  Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5

**RELIEF REQUESTED**

6      11.     By this Objection, the Reorganized Debtors seek entry of an order, pursuant to

7  sections 105, 502(b) and 505 of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and

8  3007, disallowing the IRS Bravo Claim in its entirety.

9

**OBJECTION**

10  **A.     Applicable Law**

11      12.     Section 505(a) of the Bankruptcy Code provides that the Court may determine the

12  amount of any pre-petition tax purportedly owed by a debtor, whether or not previously assessed,

13  unless the amount of the tax was contested and adjudicated by a judicial or administrative

14  tribunal of competent jurisdiction before the commencement of the debtor's bankruptcy case.

15  Section 505(a) is applicable here, as the IRS Claim relates to asserted tax liability for tax periods

16  in 2000 through 2004, all of which concluded prior to the Petition Date.  The tax liability

17  asserted in the IRS Bravo Claim was not contested or adjudicated pre-petition, as the IRS first

18  asserted such liability through the IRS Bravo Claim.

19      13.     Section 502 of the Bankruptcy Code authorizes a party in interest, including the

20  Reorganized Debtors, to object to claims.  *See* 11 U.S.C. §502(a).

21      14.     Bankruptcy Rule 3001(c) provides, in relevant part, that "[w]hen a claim, or an

22  interest in property of the debtor securing the claim, is based on a writing, the original or a

23  duplicate shall be filed with the proof of claim."  The IRS Bravo Claim does not provide

24  sufficient information regarding the basis for or calculation of the amounts of the claims asserted

25  therein.

26      15.     Bankruptcy Rule 3001(f) provides, in relevant part, that "[a] proof of claim

27  executed and filed in accordance with the [the Bankruptcy Rules] shall constitute prima facie

28  evidence of the validity and amount of he claim."  A party objecting to the claim "has the burden

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

of going forward to meet, overcome, or at a minimum, equalize the valid claim." *In re Frank*, 322 B.R. 745, 753 (Bankr. M.D.N.C. 2005) (quoting *FDIC v. Union Entities (In re Be-Mac Transport Co.)*, 83 F.3d 1020, 1025 (8th Cir. 1995)).  The Bankruptcy Appellate Panel for the Ninth Circuit explained the shifting burdens of proof with respect to objection to proofs of claim as follows:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. . . . The burden of persuasion is always on the claimant.

*Id.*  Following this decision, the District Court for the Northern District of California emphasized, "unless the claimant has alleged 'facts sufficient to support a legal liability, 'the claim is not prima facie valid." *In re Hongnisto*, 293 B.R. 45, 50 (N.D. Cal. 2003) (quoting *Consolidated Pioneer Mortg.*, 178 B.R. at 266) (holding that the claimant's proof of claim failed to allege sufficient facts to support a legal liability and consequently disallowed the proof of claim); *see Consolidated Pioneer Mortg.*, 178 B.R. at 227 (holding that because the proof of claim did not allege sufficient facts to support the claim, the proof of claim was disallowed). Under certain circumstances where a claim is made against a debtor by a taxing authority, the taxpayer bears the ultimate burden of proof. *See, e.g., Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21-22 (2000).

**B.    Discussion**

16.    The IRS is improperly looking to Bravo to indemnify it for Kahre's fraudulent scheme.  Bravo paid UPC as a subcontractor to provide framing services to Bravo.  Kahre did not pay the IRS the taxes that UPC owed to the IRS.  The IRS – almost ten years after the fact – seeks to rewrite the business relationship between UPC and Bravo by asserting that UPC provided payroll services to Bravo.  The DOJ Release clearly demonstrates that UPC was a

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1    construction company; not a payroll service like certain of Kahre's other companies. As such,

2    Bravo was not and is not responsible for payment of taxes that UPC should have paid to the IRS.

3    Bravo certainly should not be responsible for penalties and interest of more than $3 million for

4    UPC's failure to pay taxes on account of Kahre's fraud.

5         17.    The IRS Bravo Claim is little more than a bare-bones demand for payment. It

6    does not provide any description of the facts relating to the claim or the basis for the claim other

7    than references to the kind of tax, the tax period, the date assessed and the amount due. The IRS

8    Bravo Claim fails to describe that it relates to ten-year old claims that were originally obligations

9    of UPC, which is not an affiliate of the Debtors, and is based on a third-party's misdeeds. As

10   such, the IRS Bravo Claims does not meet even the minimum criteria for establishing a prima

11   facie right to payment of a claim and should be disallowed.

12        18.    Based on the Reorganized Debtors' review of the Debtors' books and records,

13   including unemployment tax returns filed with the State of Nevada, correspondence from and

14   discussions with the IRS, the DOJ Release and the IRS Bravo Claim, the Reorganized Debtors

15   object to the IRS Bravo Claim on the following grounds:

16           a.    The IRS Bravo Claim does not provide any basis or support for the
17                 amounts of taxes claimed;

18           b.    The IRS Bravo Claim improperly asserts a claim for liabilities of
                   UPC, a subcontractor of the Debtor, based on the IRS's erroneous
19                 conclusion that UPC provided payroll services to Bravo;

20           c.    The amounts of the claims asserted against Bravo by the IRS are
                   not reflected in the Debtors' books and records; and
21

22           d.    Upon information and belief, even if these taxes are owed
                   hypothetically, the IRS has asserted some or all of IRS Bravo
23                 Claim based on improper or erroneous calculations of the taxes
                   claimed.
24

25                         **RESERVATION OF RIGHTS**

26        19.    The Reorganized Debtors reserve the right to file additional objections to the IRS

27   Bravo Claim at a later time on any grounds that bankruptcy or non-bankruptcy law permits. The

28   Reorganized Debtors likewise reserve the right to modify, supplement and/or amend this

     Objection as it pertains to any claim herein, including, without limitation, by submitting,

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1   declarations, affidavits, testimony, documents, memoranda or any other evidence or pleading to

2   the Court.  The Reorganized Debtors also reserve the right to seek discovery pertaining to the

3   IRS Bravo Claim from any party, including the IRS.

4          20.    The Reorganized Debtors have attempted to resolve this matter informally with

5   the IRS.  However, settlement discussions to date have not been fruitful as of the Claim

6   Objection Deadline set by the Plan.  As such, the Reorganized Debtors were compelled to object

7   to the IRS Bravo claim at this time in order to preserve their rights.

8                                    **CONCLUSION**

9          21.    The Reorganized Debtors object to the allowance of the Bravo Claim as set forth

10  herein for the reasons stated herein, and the Reorganized Debtors hereby respectfully request that

11  this Court enter an order disallowing the IRS Bravo Claim in its entirety.  In the alternative, the

12  Reorganized Debtors respectfully request that the Court establish a discovery schedule if the

13  parties are not able to reach agreement upon a schedule so that the Reorganized Debtors can

14  review and assess any evidence the IRS or any other party may have to support the IRS Bravo

15  Claim.

16                                      **NOTICE**

17         22.    Notice of this objection has been provided to (i) the United States Trustee for the

18  District of Nevada, (ii) counsel to the Creditors' Committee, (iii) counsel for the IRS as well as

19  the IRS in accordance with the addresses provided in the proofs of claim for such Bravo Claim,

20  (iv) each person or entity that has filed a notice of appearance and request for special notice, and

21  (v) other required parties pursuant to the Court's case management order entered in these cases.

22  The Reorganized Debtors submit that in light of the nature of the relief requested herein, no other

23  or further notice is required.

24  **DATED** this 31st day of March, 2011.

25

26                                              **LARSON & STEPHENS**

27                                               /s/ Zachariah Larson, Esq.
                                                Zachariah Larson, Bar No. 7787
28                                              Kyle O. Stephens, Bar No. 7928

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

810 S. Casino Center Blvd., Suite 104
Las Vegas, NV  89101
702/382-1170
Attorneys for Reorganized Debtors

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LARSON & STEPHENS**
**810 S. Casino Center Blvd., Suite 104**
**Las Vegas, Nevada 89101**
Tel: (702) 382-1170   Fax: (702) 382-1169

DOCS_LA:235332.1

## DECLARATION OF SHIRLEY S. CHO IN SUPPORT OF OBJECTION
## TO CLAIM NO. 7 FILED BY THE IRS AGAINST DEBTOR BRAVO, INC.

I, Shirley S. Cho, declare as follows:

1.      I am an attorney at Pachulski Stang Ziehl & Jones LLP, and am counsel to the above-captioned Reorganized Debtors.  Unless otherwise stated herein, the facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2.      This declaration is submitted in support of the *Reorganized Debtors' Objection to Claim No. 7 Filed by the Internal Revenue Service Against Debtor Bravo, Inc. Pursuant to Sections 105 and 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007* (the "Objection").  Capitalized terms used but not defined herein shall have the meanings and defintions ascribed to them in the Objection.

3.      Attached as **Exhibit A** hereto is a true and correct copy of the IRS Bravo Claim, which was designated as Claim No. 7-2 in the claims register maintained by the Bankruptcy Court in Bravo's case.

4.      Attached as **Exhibit B** hereto is a true and correct copy of the DOJ Release.

5.      The Debtors have been negotiating with the IRS since the fall of 2009 regarding the Bravo Claim (as originally filed).  The IRS has provided the Debtors with various information to date, which for the reasons set forth in the Objection, the Reorganized Debtors do not believe support the IRS Bravo Claim.  The IRS has indicated as of March 24, 2011 that it may have additional information to support the IRS Bravo Claim, which has not yet been provided to the Reorganized Debtors as of the date and time of filing this Declaration.  The Reorganized Debtors, through counsel for the IRS, are attempting to work out a consensual discovery schedule.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 31st day of March, 2011, at Los Angeles, California.

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Shirley S. Cho

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCS_LA:235332.1

## DECLARATION OF JUSTIN BONO IN SUPPORT OF OBJECTION
## TO CLAIM NO. 7 FILED BY THE IRS AGAINST DEBTOR BRAVO, INC.

I, Justin Bono, declare as follows:

1. I am the Vice President of DHNV, LLC, the manager of the Reorganized Debtors. Unless otherwise stated herein, the facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This declaration is submitted in support of the *Reorganized Debtors' Objection to Claim No. 7 Filed by the Internal Revenue Service Against Debtor Bravo, Inc. Pursuant to Sections 105 and 502(b) of the Bankruptcy Code and Bankruptcy Rules 3003 and 3007* (the "Objection"). Capitalized terms used but not defined herein shall have the meanings and defintions ascribed to them in the Objection.

3. The facts and events relating to the IRS Bravo Claim are for time periods beginning 11 years ago. Since that time, Bravo has ceased operations in approximately 2007 and has gone through a chapter 11 case. As such, many if not all of the witnesses to these matters are no longer employees of the Reorganized Debtors. In determining the facts relevant to this IRS Bravo Claim, the Reorganized Debtors have relied upon their books and records, public records and discussions with the IRS or its counsel regarding this claim. Moreover, the Reorganized Debtors believe many of the relevant documents may be in the possession of the IRS or third parties.

4. In the opinion of the Reorganized Debtors, the information provided by the IRS does not support the theory that UPC was anything other than a subcontractor for Bravo.

5. The Reorganized Debtors have obtained four quarters of unemployment tax records from the State of Nevada during the time period in which Bravo engaged UPC, which support the conclusion that only a handful of employees (up to ten) out of hundreds of UPC's employees and hundreds of employees employed by Bravo had overlapping employment with both UPC and Bravo, and not necessarily during the same time period.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 31st day of March, 2011, at Dallas, Texas.

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1

2
Justin Boho

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

DOCS_LA:235332.1

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[4]<br><br>          Debtors.<br>Affects:<br>☐  All Debtors<br>☒  Affects the following Debtor(s):<br>    Bravo, Inc. 09-14825 | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br><br>Hearing Date:<br>Hearing Time:<br>Courtroom 1 |

**ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIM NO. 7 FILED BY THE INTERNAL REVENUE SERVICE AGAINST DEBTOR BRAVO, INC.  PURSUANT TO SECTIONS 105, 502(b) AND 505 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003 AND 3007 [DOCKET NO.     ]**

Upon consideration of the *Debtors' Objection to Claim No. 7 of the Internal Revenue Service Against Debtor Bravo, Inc. Pursuant to Section 502(b) and 505 of the Bankruptcy Code and Bankruptcy Rules 3003 and* [Docket No. ___] (the "Objection"),[5] filed by above-captioned reorganized debtors (collectively, the "Debtors"), requesting that the Court enter an order

---

[4] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[5] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Second Omnibus Objection.

DOCS_LA:235332.1

disallowing and expunging in full the IRS Bravo Claim; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Objection; the Court hereby finds and determines that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to the holder of the Claim attached as Exhibit A to the Objection and all other parties entitled to notice; and no other or further notice is necessary; and the relief requested in the Objection is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Objection establishes just cause for the relief requested therein; therefore

IT IS HEREBY ORDERED THAT:

1.      Claim No. 7, filed by the Internal Revenue Service in the amount of $3,886,456.75 in Case No. 09-14825 against Bravo, Inc. is hereby disallowed and expunged in full.

2.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Submitted by:
DATED this ___ day of _____, 2011.

By: /s/ Zachariah Larson
        LARSON & STEPHENS
        Zachariah Larson, Esq. (NV Bar No 7787)
        Kyle O. Stephens, Esq. (NV Bar No. 7928)
        810 S. Casino Center Blvd., Ste. 104
        Las Vegas, NV  89101
        (702) 382-1170 (Telephone)
        (702) 382-1169
        zlarson@lslawnv.com
        Attorneys for Reorganized Debtors

**LR 9021 Certification**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

    ____ The court has waived the requirement of approval under LR 9021.

    ____ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

    ___ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    _X_ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

Submitted by:

DATED this ___ day of _____, 2011.

By: ___/s/ Zachariah Larson_____
    LARSON & STEPHENS
    Zachariah Larson, Esq. (NV Bar No 7787)
    Kyle O. Stephens, Esq. (NV Bar No. 7928)
    810 S. Casino Center Blvd., Ste. 104
    Las Vegas, NV  89101
    (702) 382-1170 (Telephone)
    (702) 382-1169
    zlarson@lslawnv.com
    *Attorneys for Reorganized Debtors*

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

DOCS_LA:235332.1

# EXHIBIT A

B10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF NEVADA _____ | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>BRAVO LLC | Case Number:<br>09-14825-LBR |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Department of the Treasury - Internal Revenue Service | ■ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114<br><br>Telephone number: 1-800-913-9358    Creditor Number: 4352630 | **Court Claim Number:** 7<br>*(If known)*<br><br>Filed on:    09/24/2009 |
| Name and address where payments should be sent (if different from above):<br>Internal Revenue Service<br>110 CITY PARKWAY<br>M/S 5028 LVG<br>LAS VEGAS, NV 89106<br><br>Telephone Number: (702) 868-5348 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**    $ 3,886,456.75

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

■ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**    Taxes
(See instruction #2 on reverse side.)

**3.** Last four digits of any number by which creditor identifies debtor: ____ See Attachment ____

**3a.** Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
**Describe:**

Value of Property:$_____    Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan -11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

■ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$ 1,326,068.11

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| **Date:** 04/12/2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FOR COURT USE ONLY** |
|---|---|---|
| | /s/ SANDRA MCKENZIE,<br>Bankruptcy Specialist<br>(702) 868-5348     Internal Revenue Service<br>110 CITY PARKWAY<br>M/S 5028 LVG<br>LAS VEGAS, NV 89106 | |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.*

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

**Form 10**
Attachment

**In the Matter of:** BRAVO LLC
4730 S FORT APACHE  300
LAS VEGAS, NV 89147

| | |
|---|---|
| Case Number | 09-14825-LBR |
| Type of Bankruptcy Case | CHAPTER 11 |
| Date of Petition | 03/31/2009 |

Amendment No. 1 to Proof of Claim dated 09/24/2009.

The United States has not identified a right of setoff or counterclaim.  However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency.  All rights of setoff are preserved and will be asserted to the extent lawful.

## Unsecured Priority Claims   under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|---|
| XX-XXX2642 | WT-FICA | 09/30/2000 | 1 | EXAM | $2,445.76 | $1,718.71 |
| XX-XXX2642 | WT-FICA | 12/31/2000 | 1 | EXAM | $43,350.52 | $28,812.70 |
| XX-XXX2642 | WT-FICA | 03/31/2001 | 1 | EXAM | $60,687.05 | $38,224.06 |
| XX-XXX2642 | WT-FICA | 06/30/2001 | 1 | EXAM | $72,792.48 | $43,579.39 |
| XX-XXX2642 | WT-FICA | 09/30/2001 | 1 | EXAM | $46,081.15 | $26,299.57 |
| XX-XXX2642 | WT-FICA | 12/31/2001 | 1 | EXAM | $79,711.11 | $43,408.00 |
| XX-XXX2642 | WT-FICA | 03/31/2002 | 1 | EXAM | $58,704.96 | $30,651.94 |
| XX-XXX2642 | WT-FICA | 06/30/2002 | 1 | EXAM | $46,411.91 | $23,173.03 |
| XX-XXX2642 | WT-FICA | 09/30/2002 | 1 | EXAM | $89,247.40 | $42,552.19 |
| XX-XXX2642 | WT-FICA | 12/31/2002 | 1 | EXAM | $167,758.48 | $76,474.48 |
| XX-XXX2642 | WT-FICA | 03/31/2003 | 1 | EXAM | $140,313.26 | $61,488.07 |
| XX-XXX2642 | WT-FICA | 06/30/2003 | 1 | EXAM | $71,948.46 | $30,233.43 |
| | | | | | $879,452.54 | $446,615.57 |

**Total Amount of Unsecured Priority Claims:** $1,326,068.11

## Unsecured General Claims

| Taxpayer ID Number | Kind of Tax | Tax Period | | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|---|
| XX-XXX2642 | WT-FICA | 09/30/2000 | 1 | EXAM | $1,060.00 | $3,283.24 |
| XX-XXX2642 | WT-FICA | 12/31/2000 | 1 | EXAM | $18,789.33 | $55,037.97 |
| XX-XXX2642 | FUTA | 12/31/2000 | 1 | EXAM | $10,000.00 | $0.00 |
| XX-XXX2642 | WT-FICA | 03/31/2001 | 1 | EXAM | $26,303.46 | $73,015.56 |
| XX-XXX2642 | WT-FICA | 06/30/2001 | 1 | EXAM | $31,550.29 | $83,245.31 |
| XX-XXX2642 | WT-FICA | 09/30/2001 | 1 | EXAM | $19,972.85 | $50,237.38 |
| XX-XXX2642 | WT-FICA | 12/31/2001 | 1 | EXAM | $34,549.01 | $82,917.82 |
| XX-XXX2642 | FUTA | 12/31/2001 | 1 | EXAM | $10,000.00 | $0.00 |
| XX-XXX2642 | WT-FICA | 03/31/2002 | 1 | EXAM | $25,444.36 | $58,551.30 |
| XX-XXX2642 | WT-FICA | 06/30/2002 | 1 | EXAM | $20,116.21 | $44,265.11 |
| XX-XXX2642 | WT-FICA | 09/30/2002 | 1 | EXAM | $38,682.30 | $81,283.11 |
| XX-XXX2642 | WT-FICA | 12/31/2002 | 1 | EXAM | $72,711.18 | $146,081.43 |
| XX-XXX2642 | FUTA | 12/31/2002 | 1 | EXAM | $10,000.00 | $0.00 |
| XX-XXX2642 | WT-FICA | 03/31/2003 | 1 | EXAM | $60,815.66 | $117,454.42 |
| XX-XXX2642 | WT-FICA | 06/30/2003 | 1 | EXAM | $31,184.46 | $53,757.86 |

1 UNASSESSED TAX LIABILITY ESTIMATED BY EXAMINATION

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

**Form 10**
Attachment

**In the Matter of:** BRAVO LLC
4730 S FORT APACHE  300
LAS VEGAS, NV 89147

| Case Number |
| --- |
| 09-14825-LBR |

| Type of Bankruptcy Case |
| --- |
| CHAPTER 11 |

| Date of Petition |
| --- |
| 03/31/2009 |

Amendment No. 1 to Proof of Claim dated 09/24/2009.

---

**Unsecured General Claims** (Continued from Page 1)

| Taxpayer ID Number | Kind of Tax | Tax Period | | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- | --- |
| XX-XXX2642 | FUTA | 12/31/2003 | 1 | EXAM | $10,000.00 | $0.00 |
| XX-XXX2642 | FUTA | 12/31/2004 | 1 | EXAM | $10,000.00 | $0.00 |
| | | | | | $431,179.11 | $849,130.51 |

Penalty to date of petition on unsecured general claims (including interest thereon) . . . . . . $1,280,079.02

**Total Amount of Unsecured General Claims:**    **$2,560,388.64**

1 UNASSESSED TAX LIABILITY ESTIMATED BY EXAMINATION

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*District of Nevada*

---

*Gregory A. Brower*
*United States Attorney*

*333 Las Vegas Blvd. South*
*Suite 5000*
*Las Vegas, NV 89101*

*(702) 388-6336*
*FAX (702) 388-6296*

**NEWS RELEASE**
**FRIDAY, AUGUST 14, 2009**

**PRESS CONTACTS:**
Natalie Collins, Public Affairs Specialist

(702) 388-6508

## JURY CONVICTS LAS VEGAS BUSINESS OWNER ROBERT KAHRE AND THREE OTHERS OF TAX FRAUD

**LAS VEGAS** - - Following a three-month trial and about two days of deliberations, a federal jury found Las Vegas businessman Robert Kahre and three others guilty today of multiple felony tax crimes, including conspiracy to defraud the IRS, tax evasion, and hiding assets from the IRS, announced Greg Brower, United States Attorney for the District of Nevada.

Robert D. Kahre and his sister Lori A. Kahre were each convicted of intentionally and knowingly conspiring to defraud the federal government by deceit, craft, trickery and dishonest means for the purpose of impeding the IRS in its collection of income and employment taxes. Robert Kahre was also convicted of 49 counts of failure to collect or pay employment taxes, two counts of attempts to interfere with the administration of IRS laws, four counts of tax evasion, and one count of wire fraud. Lori Kahre was also convicted of two counts of attempts to interfere with the administration of IRS laws, one count of making a false statement to a bank, and seven counts of tax evasion. Robert Kahre faces up to 296 years in prison and fines of up to $14 million. Lori Kahre faces up to 71 years in prison and fines of up to $2.75 million.

Robert Kahre's business consultant, Alexander C. Loglia, was convicted of one count of filing a false income tax return and 10 counts of tax evasion. Loglia faces up to 53 years in prison and fines of up to $2.75 million.

Robert Kahre's girlfriend, Danille Cline, was convicted of one count of attempts to interfere with the administration of IRS laws and one count of wire fraud. Cline faces up to 23 years in prison and fines of up to $500,000.

Sentencings for all defendants are scheduled for November 17, 2009, at 9:00 a.m. The defendants are released on personal recognizance bonds pending sentencing.

"As this case makes clear, all of us are required to follow the law when it comes to paying federal taxes," said U.S. Attorney Brower. "The Department of Justice, along with the Department of the Treasury, will continue to aggressively prosecute those who try to cheat the system. I want to recognize the outstanding efforts of all of the investigators and prosecutors who have worked tirelessly on this case for years, and congratulate each of them on a job well done. I also want to thank the members of the jury, as well as Judge Ezra, and the U.S. Marshals Service for their extraordinary devotion to duty during a very long and difficult trial."

"Robert Kahre put his own self interest above the well being of his employees," said Paul A. Camacho, IRS Special Agent in Charge of the Las Vegas Field Office. "Robert Kahre enjoyed the benefits of everything this country has to offer, including the right to due process, which he used as a venue to raise frivolous, unsupported constitutional arguments. Now the jury has spoken. Mr. Kahre is not a legal expert as some may have believed, but rather a convicted felon who cheated the federal government, his employees and every honest taxpayer who pays their fair share of taxes. Let this be a lesson to those hiding behind frivolous legal positions: you can not fool the IRS and you can not fool juries."

Between 1997 and 2003, Kahre owned and operated six construction businesses in the Las Vegas area: Wright Painting and Drywall, Production Plumbing, Production Air Conditioning, Production Electric, Union Pacific Construction and Sherman Tile and Marble. These businesses employed hundreds of employees, many of them laborers, but the exact number is unknown because of the way in which Robert Kahre operated his businesses. Additionally, Kahre provided a payroll service to approximately 35 other construction contractors, which employed thousands of employees.

The jury found that Robert and Lori Kahre devised and used a payroll scheme that concealed and disguised the true amount of income received by his employees and the employees of the companies for which he

provided payroll services. Robert Kahre maintained an office at 6270 Kimberly Avenue in Las Vegas where he claimed to pay employees in gold or silver coins, but which were actually immediately exchanged for pre-determined envelopes of cash. The face amount of the coins was one-eighth the amount of pay that the employee actually earned and received in the cash envelope. The defendants told the employees that the income was either not taxable or that they should falsely report to their income to the IRS as the face amount of the gold and silver coins.

During the course of the scheme, cash wage payments of at least $25 million were paid to Robert Kahre's employees and cash payments of approximately $95 million were paid to the employees of the other contractors. No federal tax withholdings were made from the paychecks, and the wages were not reported to the IRS. The defendants told the employees not to discuss the scheme with any outside agencies. The defendants also took steps to prevent the dissemination of information that might reflect the correct amount of income paid to the employees, such as by using false invoices, keeping two sets of books, using false names on payroll records, making false statements on mortgage applications, and using nominees to conceal assets.

Robert Kahre was found guilty of attempt to evade personal income tax on income of approximately $12 million for the years 1999 through 2002. Lori Kahre was found guilty of attempt to evade personal income tax on income of approximately $242,882 for the years 1998 and 2000 through 2005. Loglia was found guilty of attempt to evade personal income tax on income of approximately $318,736 for the years 1998 through 2003.

The jury found that Robert Kahre took steps to conceal his income for the years 1996 through 2005 by using straw buyers to purchase various pieces of real property, and by placing the properties in the names of Cline, his mother, his sister, and step-father. The jury found that Lori Kahre made false statements to Bank of America to obtain a mortgage for a Las Vegas residence, solely for the purpose of hiding Robert Kahre's asset. The properties include commercial property at 6049 Boulder Highway in Las Vegas; a ranch at 62436 Mink Lane, in Summerville, Oregon; homes at 6385 and 6295 North Grand Canyon Drive in Las Vegas; a home at 5680 Ruffian Road in Las Vegas; and a home at 590 Sugar Leo Circle in St. George, Utah.

The case was investigated by Special Agents with IRS Criminal Investigation, and prosecuted by Assistant United States Attorney J. Gregory Damm and Trial Attorney Christopher Maietta of the U.S. Department of Justice Tax Division.

# # # #

BACK

## CERTIFICATE OF SERVICE

1.  On the 31st day of March 2011, I served the following document(s):

    **REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 7 FILED BY THE INTERNAL REVENUE SERVICE AGAINST DEBTOR BRAVO, INC. PURSUANT TO SECTIONS 105, 502(b) AND 505 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3001, 3003 AND 3007**

2.  I served the above-named document(s) by the following means to the persons as listed below:
    *(check all that apply)*

    ■    a.    **United States mail, postage fully prepaid**
             *(List persons and addresses.  Attach additional paper if necessary)*

    Virgina Lowe
    U.S. Department of Justice, Tax Division                United States Department of Justice
    Civil Trial Section, Western Region                     District of Nevada
    P.O. Box 683-Ben Franklin Station                       Daniel G. Bogden, United States Attorney
    Washington, DC  20044                                   U.S. Attorney's Office
                                                            333 Las Vegas Boulevard South
    Internal Revenue Service                                Las Vegas, NV  89101
    P.O. Box 21126
    Philadelphia, PA  19114                                 United States Department of Justice
                                                            Office of the Attorney General
    Sandra McKenzie                                         Eric H. Holder, Jr. Attorney General
    Bankruptcy Specialist                                   950 Pennsylvania Avenue, NW
    Internal Revenue Service                                Washington, DC  20530-0001
    110 City Parkway
    M/S 5028 LVG
    Las Vegas, NV  89106

3.  On **March 31, 2011** I served the above-named document(s) by the following means to the persons as listed below:
    *(check all that apply)*

    ■    a.    **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

    *SEE SERVICE LIST ATTACHED*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on (date): March 31, 2011

Sophia L. Lee                                    /s/ Sophia L. Lee
(Name of Declarant)                              (Signature of Declarant)

**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**ECF SERVICE LIST**

09-14814-lbr Notice will be electronically mailed to:
KEVIN N. ANDERSON on behalf of Creditor JAMES RHODES
kanderson@fabianlaw.com, sburdash@fabianlaw.com

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com,
pkois@foxrothschild.com;rdittrich@foxrothschild.com;msheffield@foxrothschild.com;ldupree
@foxrothschild.com

J. THOMAS BECKETT on behalf of Creditor CREDITORS COMMITTEE
ECF@parsonsbehle.com

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
bsalinas@armstrongteasdale.com;twaldo@armstrongteasdale.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@marquisaurbach.com,
mwalters@marquisaurbach.com;kgallegos@marquisaurbach.com;tszostek@marquisaurbach.co
m

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowelaw@yahoo.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com, bankruptcy@diaslawgroup.com

RICHARD I. DREITZER on behalf of Creditor Inc. Integrity Masonry
richard.dreitzer@bullivant.com

PHILIP S. GERSON on behalf of Creditor CLARK COUNTY
banknv@rocgd.com, mburgener@rocgd.com

REW R. GOODENOW on behalf of Creditor CREDITORS COMMITTEE
ecf@parsonsbehle.com

KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
hkelley@leachjohnson.com

CAROL L. HARRIS on behalf of Creditor In re Kitec Fitting Litigation Class Plaintiffs
c.harris@kempjones.com, jlm@kempjones.com

RODNEY M. JEAN on behalf of Creditor Credit Suisse, Cayman Islands Branch
RJEAN@LIONELSAWYER.COM,
gbagley@lionelsawyer.com;bklsclv@lionelsawyer.com;mstow@lionelsawyer.com;mtieu@lione

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

lsawyer.com

ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES CORPORATION
rkinas@swlaw.com, jmath@swlaw.com;mfull@swlaw.com;cdossier@swlaw.com;lvdocket@mindspring.com;nbaig@swlaw.com;nunzueta@swlaw.com

KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
law@lawyersinarizona.com, bank@lawyersinarizona.com

BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
blarsen@klnevada.com, jierien@klnevada.com;bankruptcy@klnevada.com

ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
ecf@lslawnv.com, sstanton@lslawnv.com;akosina@lslawnv.com

NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com

CHARLES M. LITT on behalf of Creditor THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC.
rblack@feinberggrant.com, efilings@hotmail.com

ANNE M. LORADITCH on behalf of Creditor JAMES RHODES
aloraditch@foxrothschild.com, pkois@foxrothschild.com;rdittrich@foxrothschild.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

JAMES B MACROBBIE on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
darhyl.kerr@dlapiper.com

JANIECE S MARSHALL on behalf of Creditor STANLEY CONSULTANTS, INC.
jm@amclaw.com, car@amclaw.com;lom@amclaw.com;crb@amclaw.com;csh@amclaw.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

SUSAN L. MYERS on behalf of Creditor Credit Suisse, Cayman Islands Branch
smyers@lionelsawyer.com, gbagley@lionelsawyer.com;bklsclv@lionelsawyer.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES - NEVADA, LLC
olster@lbbslaw.com, sallade@lbbslaw.com

ERIC RANSAVAGE on behalf of Creditor Leslie Blasco, et al.

eransavage@ssllplaw.com, agutierrez@ssllplaw.com

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS
BRANCH
jeff@sylvesterpolednak.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor Westar Kitchen & Bath, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

DOCS_LA:235332.1

21