RECEIVED AND FILED

MAY 5  9 40 AM '11

Robert C. Maddox (Nev. Bar #4002)
MADDOX, ISAACSON & CISNEROS, LLP
3811 W. Charleston Blvd, #110
Las Vegas, Nevada 89102

J. Randall Jones (Nev. Bar #1927)
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169
Tel. (702) 385-6000

Scott K. Canepa (Nev. Bar #4556)
CANEPA, REIDY & RUBINO
851 S. Rampart Blvd., #160
Las Vegas, Nevada 89145

Francis I. Lynch (Nev. Bar #4515)
LYNCH, HOPPER & SALZANO, LLP
1640 Alta Drive, Ste. 11
Las Vegas, Nevada 89106

James C. Carraway (Nev. Bar #7642)
CARRAWAY & ASSOCIATES, LLC
7674 W. Lake Mead Blvd., Ste. 215
Las Vegas, NV 89128
*Attorneys for Wirsbo Claimants*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,<br><br>Debtors.<br><br>Affects:<br><br>☒ The Rhodes Design and Development Corporation 09-14846 | Case No: BK-S-09-14814-LBR<br>(Jointly Administered)<br>Chapter: 11<br><br>**WIRSBO CLAIMANTS' RESPONSE TO DEBTOR'S OBJECTION TO THE SLAUGHTER CLAIM PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007**<br><br>Hearing Date: May 9, 2011<br>Hearing Time: 2:30 p.m.<br>Hearing Location: Courtroom 1 |

## A. The Claimants and Their Legal Representatives.

1. The law firms of MADDOX, ISAACSON & CISNEROS, LLP; KEMP, JONES & COULTHARD, LLP; CANEPA, REIDY & RUBINO; LYNCH, HOPPER & SALZANO, LLP; and CARRAWAY & ASSOCIATES, LLC are attorneys for the claimants on whose behalf the Slaughter Claim, No. 18-1, was filed in this action (collectively as the "Wirsbo Claimants").

2. The Wirsbo Claimants are the owners of homes that were originally built and sold by Rhodes Design and Development Corp. ("Debtor") with Wirsbo-brand plumbing systems and contain, or at any time contained, defective yellow-brass plumbing products. The Wirsbo Claimants allege that Wirsbo Fittings are universally defective because of a well-known chemical reaction called dezincification, which occurs when brass plumbing components are exposed to water – the zinc leaches out of the brass alloy leaving behind a weak and porous honeycomb of copper and a telltale blockage of zinc oxide that inevitably leads to leaks, restricted/reduced water flow/pressure, and breakage.

3. The Wirsbo Claimants might have been among the class of plaintiff homeowners that had been proposed in the action styled *Slaughter et al. v. Uponor, Inc. et al.*, case no. 2:08-cv-01223 RCJ (GWF), United States District Court, District of Nevada. However, the named plaintiffs in the *Slaughter* action were forced to voluntarily dismiss their unopposed, unheard motion for class certification, and, later, that action entirely, after the *Slaughter* court erroneously ruled *sua sponte* that claimants who participated the NRS Chapter 40 prelitigation procedures had, in essence, issued a precertification opt out of the proposed class.[1] More recently, the *Slaughter* court claimed to retain jurisdiction over any future class (but not individual, joinder, or HOA-initiated actions) by the unnoticed, unnamed members of the former, never-certified class in that case.[2] The plaintiffs and several of the putative class members purportedly bound thereby have appealed the *Slaughter* court's rulings and orders to the Ninth Circuit. These appellants filed their opening brief on April 27, 2011.

4. The Debtor attempts to make much of the fact that Edwin K. Slaughter, one of the named plaintiffs in the now-closed *Slaughter* case, does not own a Debtor-built home, and that the

---

[1] Order 01/25/10, attached hereto as Exhibit 1.

[2] Order 04/01/11, attached hereto as Exhibit 2.

1  Debtor was not named as a Defendant in the *Slaughter* action. But neither lessens the validity of the
2  Wirsbo Claimants claims against the Debtor in this bankruptcy proceeding.

3      5.    Edwin K. Slaughter does not own a Debtor-built home, but Arturo Casimiro and
4  Mirajoy Rayo were owners of a Debtor-built home and on behalf of themselves "and ***all similarly
5  situated homes that include the construction defect at issue***" issued a Notice of Defect Pursuant
6  to NRS 40.645 to the Debtor on December 29, 2008,[3] thus preserving the right to allege claims against
7  the Debtor for this defect.

8      6.    Debtor was not named in the *Slaughter* action because Nevada's specialized opportunity-
9  to-repair construction defect statutes, NRS 40.600 et seq., "Chapter 40," requires homeowners to
10 exhaust prelitigation procedures before suing builders like the Debtor,[4] and that action was dismissed
11 before the parties could contemplate amendment.

12     7.    Regardless, dismissal of the *Slaughter* action did not foreclose the Wirsbo Claimants'
13 ability to recover from the Debtor for this defect. Indeed, the *Slaughter* court acknowledged in its most
14 recent order: "What the Dismissal Order did not necessarily do is prevent members of the putative,
15 uncertified class in the present case from bringing their own separate actions in state or federal court,
16 joining such actions, or pursuing Chapter 40 remedies."[5]

17     8.    In its Objection to the Slaughter Claim Pursuant to Section 502(b) of the Bankruptcy
18 Code and Bankruptcy Rules 3003 and 3007 [Slaughter Claim] (the "Objection"), the Debtor requests
19 an order disallowing and expunging in full the Slaughter Claim because it has not "received any further
20 information that would substantiate" that claim. Objection at 03:04-13.

21 **B.    Anticipated Amount of the Unliquidated Slaughter Claim.**

22     9.    The construction defect to which the Slaughter Claim applies is a defect in the plumbing
23 systems that are contained in the walls (and sometimes under the slab) of Debtor-built homes. Because

---

[3] Notice of Defect Pursuant to NRS 40.645 (12/29/08), attached hereto as Exhibit 3.

[4] NEV. REV. STAT. § 40.645(1)(a) ("[B]efore a claimant commences an action or amends a complaint to add a cause of action for a constructional defect against a contractor . . . , the claimant **Must** give written notice . . . at the contractor's last known address. . . ." (emphasis added)).

[5] Exhibit 2 at 5:20-22.

1  this defect cannot readily be observed by the homeowner, the information needed to "identify the actual homes at issue" is in the Debtor's hands, not the homeowners, and should not, therefore, weigh against the homeowners. Indeed, most homeowners cannot, without expert assistance, determine the precise type of products used in and for their home's potable water system. Debtor, on the other hand, is savvy on this point and should have contracts, invoices, subcontracts, change orders, etc. providing in what Southern Nevada homes it installed this universally defective product.

10.  The Slaughter Claim was filed on the basis that Debtor is liable to the Wirsbo Claimants under the principles of negligence, strict products liability, and breach of warranties in connection with their defective and/or negligent home construction in Clark County, Nevada. "Unliquidated" was the amount listed because the precise number of affected homes is unknown, as is the exact amount it will cost to repair this defect.

11.  The Wirsbo Claimants anticipate that, like the homes of the class of plaintiff homeowners in the similar *In re Kitec Fitting Litigation*, case no. A493302 currently pending in the Eighth Judicial District Court for Clark County, Nevada, *see* Docs. 407, 1002, and 1025,[6] the cost to repair this defect (the liquidated amount of the Slaughter Claim) will be an aggregate of: 1) the average cost to replumb a home in Clark County, Nevada (approx. $10-12,000); 2) claims administration fees (approx. $200-220); 3) contingency repair fund (approx. 10% of the amount of the replumb fund); and 4) reasonable attorneys fees (approx. 33 1/3% of the gross amount recovered), multiplied by the number of affected homes.[7]

**C.   Factual Basis for the Slaughter Claim.**

12.  The Debtor's sole objection to the Slaughter Claim is based upon its allegation that there is not sufficient documentary evidence supporting this claim. Objection 03:04-13. But the liability of the Debtor to the Wirsbo Claimants is not likely to be found on documentary records alone because the nature of their claim is to recover for the damage associated with the Debtor's defectively and/or

---

[6] Like the Kitec Class Plaintiffs, the Wirsbo Claimants will likely seek leave of this Court to modify the plan injunction so that they can name the Debtor as a nominal defendant in order to pursue any applicable insurance coverage.

[7] *See* NEV. REV. STAT. § 40.655 (providing the damages a claimant may recover to the extent proximately caused by a constructional defect).

negligently constructing their homes, which, because of the Debtor's bankruptcy have not been liquidated.[8]

13. The Wirsbo Claimants contend that yellow-brass plumbing components are subject to a mechanism known as dezincification. When they are exposed to water, these components corrode through a process known as dezincification, which results in water leakage and property damage.[9] Dezincification is a process whereby zinc corrodes out of a brass (copper-zinc) alloy leaving behind a porous copper matrix. Based on the investigation and testing performed by the Wirsbo Claimants, *inter alia*, experts, plumbing components used in and with Wirsbo-brand plumbing systems are universally prone to deterioration and failure because of this corrosion process.[10]

14. The Wirsbo Claimants contend that the installation of yellow-brass plumbing components in their homes constitutes defective construction, and that the Debtor is liable to them for damages they have and will continue to suffer as a result of this defect.[11] **This damage includes**, but is not limited to **owning a home that contains a defective plumbing system that corrodes – dezincifies – when it is exposed to water** causing leaks, breaks, flooding, drastically reduced or eliminated water pressure and flow, all of which significantly lower the market value of the home.

**D.     Legal Basis of the Slaughter Claim.**

15. Debtor objects to the Slaughter Claim arguing it should be disallowed in its entirely under 11 USC § 502(b) because it is not enforceable against the Debtor under any agreement or applicable law. As the United States Supreme Court explained in *Travelers Casualty & Surety Co. Of America v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199 (2007), it has "long recognized that the 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having

---

[8] *See* Exhibit 3.

[9] Declaration of Peter Elliott, Ph.D., C.Eng., attached hereto as Exhibit 4; *accord* Declaration of David J. Coates, Ph.D., P.E., attached hereto as Exhibit 5.

[10] *See* Exhibit 4; Exhibit 5.

[11] *See* Exhibit 3.

'generally left the determination of property rights in the assets of a bankrupt's estate to state law.'"[12] Whether the Slaughter Claim is enforceable against the Debtor must be determined under the laws of the State of Nevada.

### 1. *The Debtor is statutorily liable for its defective construction of the Wirsbo Claimants' homes.*

16. As the builder-vendor of the Wirsbo Claimants' homes, the Debtor is liable to them for damages associated with that defective home construction. The Nevada Legislature codified a homeowner's right to recover from a builder-vendor such as the Debtor for defective construction in Chapter 40. NRS § 40.615 defines "constructional defect" as:

> [A] defect in the design, construction, manufacture, repair or landscaping of a new residence, of an alteration of or addition to an existing residence, or of an appurtenance and includes, without limitation, the design, construction, manufacture, repair or landscaping of a new residence, of an alteration of or addition to an existing residence, or of an appurtenance: 1. Which is done in violation of law, including, without limitation, in violation of local codes or ordinances; 2. Which proximately causes physical damage to the residence, an appurtenance or the real property to which the residence or appurtenance is affixed; 3. Which is not completed in a good and workmanlike manner in accordance with the generally accepted standard of care in the industry for that type of design, construction, manufacture, repair or landscaping; or 4. Which presents an unreasonable risk of injury to a person or property.[13]

17. NRS § 40.640 provides that:

> In a claim to recover for damages resulting from a constructional defect, a contractor is liable for his acts or omissions or the acts or omissions of his agents, employees or subcontractors . . . .[14]

18. Debtor was engaged in doing business in Clark County, Nevada, including, but not limited to the development, construction, improvement, and/or sale of the Wirsbo Claimants' homes. The Debtor installed or caused to be installed defective yellow-brass plumbing components in the

---

[12] 549 U.S. at 450-51 (quoting *Raleigh v. Illinois Dept. Of Revenue*, 530 U.S. 15, 20, 120 S.Ct. 1951 (2000), which, in turn, quotes *Butner v. U.S.*, 440 U.S. 48, 57, 99 S.Ct. 914 (1979)).

[13] NEV. REV. STAT. § 40.615.

[14] NEV. REV. STAT. § 40.640.

Wirsbo Claimants' homes.[15] These components are so inherently defective that it is not a question of if they will fail, but how long a homeowner has until they fail.[16] By installing or causing to be installed defective yellow-brass plumbing components in the Wirsbo Claimant's homes, the Debtor failed to properly test, investigate, research, and install a defect-free plumbing system and/or components, which has and will continue to cause the Wirsbo Claimants to suffer damages.

### 2. The Debtor is strictly liable for the defective Wirsbo fittings it installed or caused to be installed in the Wirsbo Claimants' homes.

19. To plead a viable claim for strict products liability in Nevada, the plaintiff must establish that the defendant placed a defective product upon the market, that his injury "was caused by a defect in the product, and that such defect existed when the product left the hands of the defendant."[17]

20. The defective products at issue here are yellow-brass plumbing components used in and with Wirsbo-brand plumbing systems. By constructing and selling to the Wirsbo Claimants homes with these defective products, the Debtor placed them upon the Clark County, Nevada, new-construction housing market. These yellow-brass plumbing components were defective when they left the Debtor's hands. Yellow-brass plumbing components are subject to a rigorously consistent method of mass production, and the characteristics of the products remain the same regardless of the vagaries of the construction process for the homes in which they are installed. Every yellow-brass plumbing component in the tens of thousands of Southern Nevada homes – including the Wirsbo Claimants' homes – is defective in the very same way.[18] The defect is not enhanced or mitigated by the design or construction process; it is impervious to those vagaries because it is the inherent design, quality, and characteristic of these fittings that is universally and commonly defective in Southern Nevada. Finally, the defective yellow-brass plumbing components that the Debtor sold to the Wirsbo Claimants is the cause of the damages they have and will continue to suffer until their homes are replumbed with a

---

[15] *See* Exhibit 3.

[16] *See* Exhibits 4 & 5.

[17] *Allison v. Merk & Co., Inc.*, 878 P.2d 948, 952, 110 Nev. 762, 767 (Nev. 1994) (quoting *Shoshone Coca-Cola Co. v. Dolinski*, 420 P.2d 855, 858, 82 Nev. 439, 443 (Nev. 1966)); *accord Stackiewicz v. Nissan Motor Corp. In USA*, 686 P.2d 925, 100 Nev. 443 (Nev. 1984).

[18] *See* Exhibits 4 & 5.

defect-free plumbing system and components.

### 3. The Debtor is liable for the damages associated with its negligent construction of the Wirsbo Claimants' homes.

21.     As the Nevada Supreme Court explained in *Turner v. Mandalay Sports Entertainment, LLC*, 180 P.3d 1172 (Nev. 2008), "A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages."[19] Importantly, the Nevada Supreme Court has specifically recognized that a negligence claim can be alleged in a construction defect action – like the Nevada Class Action – initiated under Chapter 40 of the Nevada Revised Statues.[20]

22.     As the builder-vendor responsible for the construction and sale of the Wirsbo Claimants' homes, the Debtor owed them the general standard of reasonable care to construct those homes in such a manner as to be free from defects.[21] The Wirsbo Claimants trusted and relied upon the Debtor's superior knowledge and experience in the construction industry for the selection of products installed within their homes. The Debtor breached that duty by failing to properly test, investigate, research, and install a defect-free plumbing system and/or components in the Wirsbo Claimants' homes. The defective construction of the Debtor is hidden inside walls and not generally discoverable upon a reasonable visual inspection of the home.

23.     But for the Debtor's negligent construction of the Wirsbo Claimants' homes, the Wirsbo Claimants would not have suffered damage. The Debtor could reasonably foresee that the Wirsbo Claimants would be damaged by the Debtor's negligence in selecting and installing yellow-brass plumbing components for the Wirsbo Claimants' homes because yellow-brass is a universally defective plumbing alloy that corrodes when exposed to water. As a result of the Debtor's negligence, the Wirsbo Claimants have and will continue to suffer damage until their homes are replumbed with a defect-free

---

[19] 180 P.3d at 1175.

[20] *Olson v. Richard*, 89 P.3d 31, 33, 120 Nev. 240, 244 (Nev. 2004) ("Consequently, we now conclude that, notwithstanding our holding in *Calloway*, a negligence claim can be alleged in a construction defects cause of action initiated under Chapter 40.").

[21] *See Cosgriff Neon Co., Inc., v. H.E. Mattheus*, 371 P.2d 819, 821-23, 78 Nev. 281, 286-88 (Nev. 1962).

plumbing system and components.

### 4. The Debtor is liable to the Wirsbo Claimants for breaching the implied warranties of merchantability and fitness.

24. The defective products alleged in the Wirsbo Claimants' Chapter 40 Notice of Defect are yellow-brass plumbing components. NRS 104.2314 provides that "[u]nless excluded or modified (NRS 104.2316), a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."[22] NRS 104.2104 defines a merchant as:

> [A] person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.[23]

25. As a builder-vendor that engaged in doing business in Clark County, Nevada, including, but not limited to, the development, construction, improvement, and/or sale of residential homes, the Debtor held itself out as having knowledge and skill "peculiar to the practices or goods involved" in residential home construction. Plumbing systems and their component parts are the type of goods that are necessarily involved in residential home construction; to be habitable, a residence must contain a plumbing system that is capable of delivering hot and cold running water to the appropriate fixtures within the residence.[24] The knowledge and skill regarding selection of a plumbing system and its parts can be attributed to the Debtor because it engaged the services of a plumbing subcontractors in constructing the Wirsbo Claimants' homes. The Debtor sold homes containing defective yellow-brass plumbing components in Southern Nevada. The Debtor is thus a merchant of Wirsbo under Nevada law.

///

---

[22] NEV. REV. STAT. § 104.2314 (1); *accord Vacation Village, Inc., v. Hitachi America, LTD*, 874 P.2d 744, 110 Nev. 481 (Nev. 1994).

[23] NEV. REV. STAT. § 104.2104 (1).

[24] *Accord* NEV. REV. STAT. § 118A.290 (West 2008) (concerning habitability of leased/rented dwelling units).

26. As a merchant of yellow-brass plumbing products, the Debtor impliedly warranted to the Wirsbo Claimants that these products were fit for the ordinary purpose for which they were to be used – delivery of hot and cold running water to the fixtures contained within the Wirsbo Claimants homes. But yellow-brass plumbing products corrode when exposed to water and are, therefore, not fit to deliver hot and cold running water to the appropriate fixtures within a home. Because the Debtor selected and thereafter installed or caused to be installed in the Wirsbo Claimants' homes plumbing components that are not fit for their ordinary purpose, the Debtor breached the warranty of merchantability implied in the purchase and sale of the Wirsbo Claimants' homes. As a result of this breach, the Wirsbo Claimants have and will continue to suffer damages until their homes are replumbed with a defect-free plumbing system and components.

27. The Debtor also breached the implied warranty of fitness for particular purpose. This implied warranty has been codified by the Nevada Legislature as NRS 104.2315, which provides that:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified . . . an implied warranty that the goods shall be fit for such purpose.[25]

28. As a builder-vendor regularly engaged in the business of constructing and selling residential homes, the Debtor knew that the Wirsbo Claimants were purchasing Debtor-constructed homes with the purpose of residing in the same. The Debtor also knew that the Wirsbo Claimants would use their plumbing systems to deliver hot and cold running water to the appropriate fixtures within the homes. Because the Wirsbo Claimants do not regularly engage in, nor are they knowledgeable of, residential home construction, they relied upon the Debtor's knowledge, skill, and judgment to select a suitable plumbing system and components for their homes. As the plumbing system and components the Debtor selected and installed or caused to be installed is not fit to deliver hot and cold running water to the fixtures in the homes, the Debtor breached the warranty of fitness that is implied in the purchase and sale of the Wirsbo Claimants' homes. As a result of this breach, the Wirsbo Claimants have and will continue to suffer damages until their homes are replumbed with a defect-free plumbing system and components.

---

[25] NEV. REV. STAT. § 104.2315.

29. Based on the foregoing Nevada law, the Wirsbo Claimants have a right to pursue claims against the Debtor for the damages associated with its negligent and/or defective home construction and breach of warranties. The Wirsbo Claimants' damages include the cost of replumbing their homes with a defect-free plumbing system and components, and any recovery allowed under NRS § 40.655. Accordingly, the Wirsbo Claimants' claims herein are enforceable against the Debtors and their property, and should not be disallowed by this Court.

30. For the foregoing reasons, the Wirsbo Claimants respectfully request that this Court overrule the Debtor's objection to the Slaughter Claim. The owners of homes constructed by the Rhodes Debtor in Clark County, Nevada, should be allowed to pursue their claims for this defect against the Debtor.

Dated this 5th day of May, 2011.

Robert C. Maddox (Nev. Bar #4002)
MADDOX, ISAACSON & CISNEROS, LLP
3811 W. Charleston Blvd, #110
Las Vegas, Nevada 89102

J. Randall Jones (Nev. Bar #1927)
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169
Tel. (702) 385-6000

Scott K. Canepa (Nev. Bar #4556)
CANEPA, REIDY & RUBINO
851 S. Rampart Blvd., #160
Las Vegas, Nevada 89145

Francis I. Lynch (Nev. Bar #4515)
LYNCH, HOPPER & SALZANO, LLP
1640 Alta Drive, Ste. 11
Las Vegas, Nevada 89106

James C. Carraway (Nev. Bar #7642)
CARRAWAY & ASSOCIATES, LLC
7674 W. Lake Mead Blvd., Ste. 215
Las Vegas, NV 89128
*Attorneys for Wirsbo Claimants*

## CERTIFICATE OF MAILING

I hereby certify that on the 5th day of May, 2011, a copy of the attached **WIRSBO CLAIMANTS' RESPONSE TO DEBTOR'S OBJECTION TO THE SLAUGHTER CLAIM PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3003 AND 3007** was served upon the persons listed below, via first class mail, postage pre-paid:

SEE ATTACHED SERVICE LIST

_____
An Employee of Maddox, Isaacson & Cisneros, LLP

## Service List
## Case No. 09-14814-lbr

Acceleron Group
2791 Soft Horizon Way
Las Vegas, Nevada 89135
Consultant

Shirley S. Cho, Esq.
James I. Stang, Esq.
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067
Attorneys for Debtor
The Rhodes Companies, LLC

Edward M. McDonald
Office of the U.S. Trustee
300 South Las Vegas Blvd., Suite 4300
Las Vegas, Nevada 89101

J. Thomas Beckett, Esq.
Parsons, Behlre & Latimer
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, Utah 84145
Attorneys for Creditors Committee

Janet L. Chubb, Esq.
Jones Vargas
100 West Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504
Attorneys for Creditor
Commerce Associates, LLC

James B. Macrobbie, Esq.
Jeffrey R. Sylvester, Esq.
Sylvester & Polednak, Ltd.
7371 Prairie Falcon, Suite 120
Las Vegas, Nevada 89128
Attorneys for Creditor
Credit Suisse, Cayman Islands Branch

Robert R. Kinas, Esq.
Snell & Wilmer, LLP
3883 Howard Hughes Pkwy., #1100
Las Vegas, Nevada 89169
Attorneys for Creditor
Caterpillar Financial Services Corporation

Nile Leatham, Esq.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Attorneys for Reorganized Debtors

Zachariah Larson, Esq.
Larson & Stephens
810 South Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Attorneys for Reorganized Debtors and
Debtor The Rhodes Companies, LLC

Rew R. Goodenow, Esq.
P.O. Box 2790
Reno, Nevada 89505
Attorneys for Creditors Committee

Damon K. Dias, Esq
Dias Law Group, Ltd.
601 South Sixth Street
Las Vegas, Nevada 89101
Attorneys for Debtor
X-It at 2-15, LLC

Charles M. Litt, Esq.
Feinberg, Grant, Mayfield, Kaneda & Litt
1955 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Creditor
The Preserve at Elkhorn Springs Homeowners
Association, Inc.

Nile Leatham, Esq.
Timothy P. Thomas, Esq.
Kolesar & Leatham, Chtd.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Attorneys for Creditor
Steering Committee of Senior Secured Lenders

Kirby C. Gruchow, Jr., Esq.
Leach, Johnson, Song & Gruchow
5495 South Rainbow Blvd., Suite 202
Las Vegas, Nevada 89118
Attorneys for Creditor
Nevada Power Company

Bart K. Larsen, Esq.
3320 West Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Attorneys for Creditor
Reef Colonial, LLC

Philip S. Gerson, Esq.
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Creditor
Clark County

Virginia Cronan Lowe, Esq.
U.S. Department of Justice, Tax Division
P.O. Box 683
Ben Franklin Station
Washington, DC 20044
Attorneys for Creditor
United States of America-Internal Revenue Service

Don S. Deamicis, Esq.
1 International Place
Boston, Massachusetts 02210
Attorneys for Creditor
Wells Fargo Bank, N.A.

Mark R. Somerstein, Esq.
Ropes & Gray, LLP
1211 Avenue of the Americas
New York, NY 10036
Attorneys for Creditor
Wells Fargo Bank, N.A.

Carol L. Harris, Esq.
Kemp, Jones & Coulthard, LLP
3800 Howard Hughes Pkwy., 17th Floor
Las Vegas, Nevada 89169
Attorneys for Creditor
In re Kitec Fitting Litigation Class Plaintiffs

Richard I. Dreitzer, Esq.
Bullivant Houser Bailey, PC
3883 Howard Hughes Pkwy., #550
Las Vegas, Nevada 89169
Attorneys for Creditor
Inc. Integrity Masonry

Palecek
P.O. Box 225
Richmond, California 94804
Creditor

Thomas E. Crowe, Esq.
2830 South Jones Blvd., #3
Las Vegas, Nevada 89146
Attorneys for Creditors
Shane Smith and Virginia Springall-Smith

Eric Ransavage, Esq.
Shinnick, Ryan & Ransavage, PC
2881 Business Park Court, Suite 210
Las Vegas, Nevada 89128
Attorneys for Creditor
Leslie Blasco, et al.

Brett A. Axelrod, Esq.
Anne M. Loraditch, Esq.
Fox Rothschild, LLP
3800 Howard Hughes Pkwy., Suite 500
Las Vegas, Nevada 89169
Attorneys for Creditors
James Rhodes and Sagebrush Enterprises, Inc.

Donald H. Williams, Esq.
612 South Tenth Street
Las Vegas, Nevada 89101
Attorneys for Creditor
Westar Kitchen & Bath, LLC

Jeffrey D. Olster, Esq.
Lewis, Brisbois, Bisgaard & Smith, LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
Attorneys for Creditor
Harsch Investment Properties - Nevada, LLC

David A. Colvin, Esq.
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Creditor
Dana Kepner Companies, LLC

Janina Guthrie
1225 Monterey Street
Redlands, California 92373
Creditor