Kevin N. Anderson
Nevada Bar No. 4512
**FABIAN & CLENDENIN**
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone:    801-531-8900
Facsimile:    801-596-2814
Email:    kanderson@fabianlaw.com

*Counsel for James M. Rhodes*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,<br><br>Reorganized Debtors<br><br>☒ Affects all Debtors<br><br>☐ Affects the following Debtors | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**JAMES RHODES' MOTION TO RECONSIDER ORDER SUSTAINING REORGANIZED DEBTORS' OBJECTION TO JAMES RHODES' ENTITLEMENT TO THE TAX CLAIM FOUND IN PROOF OF CLAIM NO. 814-33**<br><br>Hearing Date: _____<br>Hearing Time: _____<br>Place: _____ |

      James M. Rhodes ("**Rhodes**"), pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 9014(c) and 7054 of the Federal Rules of Bankruptcy Procedure, respectfully requests that the Court reconsider its *Order Sustaining Reorganized Debtors' Objection to James Rhodes' Entitlement to the Tax Claim Found in Proof of Claim No. 814-33* dated November 16, 2010 [Doc. No. 1318] (the "**Order**").

By this Motion, Rhodes requests that the Court reconsider its Order and find, as a matter of law, that Rhodes has a sufficient entitlement to a "claim," as that term is defined in 11 U.S.C. § 101(5), for this matter to proceed to discovery. At the hearing on the Objection to Rhodes' Proof of Claim, counsel for Rhodes failed to focus the Court's attention on a key, undisputed fact and a well-recognized rule of law establishing an enforceable right to reimbursement of the taxes paid by Rhodes. Prior to the Petition Date, a valid distribution was declared from each of the Debtor Entities to Rhodes for the 2006 tax year. Such distributions were booked as liabilities for the respective Debtor Entities and, as of the Petition Date, remained accrued but unpaid. The general rule is that a declaration of a distribution incurs a debtor-creditor relationship between the company and its member. *See, e.g., Anardarko Petroleum Corp., v. Panhandle E. Corp.*, 545 A.2d 1171, 1175 (Del. 1998); 11 FLETCHER CYC. CORP. § 5323; Nev. Rev. Stat. § 86.346; Del. Code Ann. tit. 6, § 18-606. Accordingly, and as set forth more fully in the memorandum filed concurrently herewith, Rhodes is a "creditor" and holds a "claim" within the meaning of 11 U.S.C. § 101(5). It was manifest error to find otherwise.

**WHEREFORE**, Rhodes respectfully requests that the Order Sustaining Reorganized Debtors' Objection to James Rhodes' Entitlement to the Tax Claim Found in Proof of Claim No. 814-33 be vacated, and for any such further relief which the Court may deem just and appropriate under the circumstances.

DATED this 2nd day of June, 2011.

/s/ Kevin N. Anderson
Kevin N. Anderson
FABIAN & CLENDENIN
Attorneys for James M. Rhodes

4842-1685-4537, v. 1