1  Kevin N. Anderson
   Nevada Bar No. 4512
2  **FABIAN & CLENDENIN**
   215 South State Street, Suite 1200
3  Salt Lake City, Utah 84111-2323
   Telephone:   801-531-8900
4  Facsimile:   801-596-2814
   Email:       kanderson@fabianlaw.com
5
   *Counsel for James M. Rhodes*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No.: 09-14814-LBR |
|---|---|
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al., | (Jointly Administered) |
| | Chapter 11 |
| Reorganized Debtors | **JAMES RHODES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ORDER SUSTAINING REORGANIZED DEBTORS' OBJECTION TO JAMES RHODES' ENTITLEMENT TO THE TAX CLAIM FOUND IN PROOF OF CLAIM NO. 814-33** |
| ☒ Affects all Debtors | |
| ☐ Affects the following Debtors | Hearing Date: _____ Hearing Time: _____ Place: _____ |

James M. Rhodes ("**Rhodes**"), through counsel, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 9014(c) and 7054 of the Federal Rules of Bankruptcy Procedure, respectfully submits this memorandum of law in support of his *Motion to Reconsider Order Sustaining Reorganized Debtors' Objection to James Rhodes'*

*Entitlement to the Tax Claim Found in Proof of Claim No. 814-33* (the "**Motion**"). In support hereof, Rhodes states as follows:

## INTRODUCTION

At the hearing on the Objection to Rhodes' Proof of Claim, the Court focused on what is the ultimate question: Whether Rhodes established an enforceable right to reimbursement of the taxes that he paid. Counsel for Rhodes failed to focus the Court's attention on a key unquestioned fact and a well-recognized rule of law that answer this query in the affirmative.

It is undisputed that prior to the Petition Date, Rhodes "declared a dividend from each of the [Debtor] Entities to Sagebrush Enterprises, Inc. ('Sagebrush'), and ultimately to [himself]." (Rhodes Declaration [Doc. No. 1177], at ¶ 7.) The general rule is that a contractual right of a stockholder to a dividend becomes fixed upon the declaration of the dividend. *See Anardarko Petroleum Corp., v. Panhandle E. Corp.*, 545 A.2d 1171, 1175 (Del. 1998); 11 FLETCHER CYC. CORP. § 5323 ("[T]he general rule regarding the vesting of cash dividends is that the right of the shareholders to a dividend becomes fixed upon the declaration of the dividend. … The rule has been applied even though no such fund has been set aside or deposited."). The same is true with respect to limited liability companies. Nev. Rev. Stat. § 86.346; *see also* Del. Code Ann. tit. 6, § 18-606 (once a distribution is declared, the member obtains creditor status and the limited liability company has the reciprocating obligation to pay).

By this Motion, Rhodes establishes that the declaration of the distribution itself created an enforceable obligation on the Debtors. The Court should find, as a matter of law, that Rhodes has a sufficient entitlement to a "claim," as that term is defined in 11 U.S.C. § 101(5), for this matter to proceed to discovery.

## FACTUAL BACKGROUND

1. On July 17, 2009, Rhodes filed proof of claim No. 814-33 (the "**Proof of Claim**") seeking $10,598,000 for: (i) the reimbursement of taxes (the "**Taxes**") paid by Rhodes for the

1  2006 tax year in the amount of $9,729,151 (the "**Tax Claim**"); and (ii) $868,849 advanced to Greenway Partners, LLC (the "**Greenway Partners Claim**").

2. On May 27, 2010, the above-captioned reorganized debtors (the "**Reorganized Debtors**" or "**Debtors**") filed an objection (the "**Objection**") in the Bankruptcy Case to the Proof of Claim.  Additionally, the Reorganized Debtors indicated that contemporaneously with the filing of their Objection they were amending their schedules and statements to remove certain scheduled claims (the "**Scheduled Claims**").

3. On June 17, 2010, Rhodes filed an opposition (the "**Opposition**") to the Objection in the Bankruptcy Case.

4. On or about August 24, 2010, the Court held a status conference during which the Parties agreed that this matter should be bifurcated with respect to:  (1) Rhodes' entitlement to the Tax Claim; and (2) discovery, if necessary, to support the amount of the Tax Claim, allowance of the Greenway Partners Claim, and all issues regarding the Scheduled Claims.

5. On November 4, 2010, the Court held a hearing on the Objection to the Tax Claim.

6. On November 16, 2010, the Court entered its *Order Sustaining Reorganized Debtors' Objection to James Rhodes' Entitlement to the Tax Claim Found in Proof of Claim No. 814-33* (the "**Order**").

7. On November 30, 2010, Rhodes filed:  (1) *James Rhodes' Notice of Appeal* from the Order; and (2) *James Rhodes' Statement of Election to Appeal to the United States District Court for the District of Nevada* (collectively, the "**Appeal**").

8. On April 14, 2011, Rhodes and the Reorganized Debtors filed a *Stipulation and Order Dismissing Appeal Without Prejudice*, wherein the parties stipulated and agreed that the Order from which Rhodes appealed is not a final, appealable order.

9. Thereafter, on April 18, 2011, the United States District Court for the District of Nevada entered an order dismissing the Appeal without prejudice.  By dismissal of the Appeal,

1  Rhodes shall not be deemed to have waived the right to timely file a new notice of appeal with
2  respect to the Tax Claim upon the issuance by this Court of a final, appealable order, and
3  consistent with applicable law.
4      10.    On April 19, 2011, this Court held a status hearing regarding the status of the
5  Parties' settlement discussions related to the Greenway Partners Claim and the Scheduled Claims
6  (the "**Remaining Claims**").
7      11.    This Court reserved August 2, 2011, at 9:30 a.m. (PDT) as the date for a hearing
8  on the Remaining Claims.

**ARGUMENT**

**I.    THIS COURT HAS JURISDICTION TO RECONSIDER ITS ORDER SUSTAINING THE OBJECTION TO RHODES' TAX CLAIM.**

Rule 54(b) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, provides in relevant part, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims* and all parties' rights and liabilities. Fed. R. Civ. P. 54(b) (emphasis added).[1]

A motion for reconsideration under Rule 54(b) may be brought at any time until a final judgment is entered. *See Dellums v. Powell,* 566 F.2d 231, 235 (D.C. Cir. 1977); *see also* 11 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 2852, p. 233 (2d ed. 2002) ("Rule 60(b), however, as amended in 1948, applies only to a 'final judgment, order or proceeding.' Thus, the power of a court to modify an interlocutory judgment or order at any time prior to a final judgment remains unchanged and is not limited by the provisions of Rule 60(b)."). Similarly, "no express rule provision is needed to justify a motion for reconsideration." *Dellums,*

---

[1] "The filing of an objection to a proof of claim 'creates a dispute which is a contested matter' within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon motion for relief." *Lundell v. Anchor Const. Specialists, Inc.,* 223 F.3d 1035, 1039 (9th Cir. 2000).

4

566 F.2d at 235; *see also Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505 (4th Cir. 2003) ("This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted."). Indeed, where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin,* 226 F.3d 1042, 1048–49 (9th Cir. 2000). This is because "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n,* 326 F.3d at 515.

Here, the Court has jurisdiction to reconsider its disallowance of James Rhodes' entitlement to the Tax Claim found in the Proof of Claim because, as the parties have already stipulated, there is not yet any final judgment with respect to the Proof of Claim.

## II. THE DECLARATION OF THE DISTRIBUTION TO RHODES CREATED AN ENFORCEABLE RIGHT TO PAYMENT.

Fletcher Cyclopedia of Corporations Section 5323 provides in relevant part:

> [T]he general rule regarding the vesting of cash dividends is that the right of the shareholders to a dividend becomes fixed upon the declaration of the dividend. In general, neither the directors who declared the dividend nor their successors can subsequently reconsider their action and revoke the declaration without shareholder consent. This is a well established rule under the theory that considers declared dividends to be a trust fund for payment to shareholders. The rule has been applied even though no such fund has been set aside or deposited.

11 FLETCHER CYC. CORP. § 5323; *see also Anardarko Petroleum Corp., v. Panhandle E. Corp.,* 545 A.2d 1171, 1175 (Del. 1998) ("The general rule regarding the vesting of cash dividends is that a contractual right of the stockholder to the dividend becomes fixed upon the declaration of the dividend.").

Indeed, "[t]his is apparently because of the theory that when a dividend is declared, it is, in effect, set aside by the corporation, as money in hand, for the benefit of the stockholder entitled, though it is not paid when due it may be recovered in an appropriate action by the stockholders." *Wilmington Trust Co. v. Wilmington Trust Co.,* 15 A.2d 667 (Del. Ch. 1945); *see*

*also* 18B AM. JUR. 2D *Corporations* § 1038 ("As a general rule, the declaration of a cash dividend, whether on common or preferred stock, <u>creates a debt from the corporation</u> to those who are shareholders at the time of the declaration.") (Emphasis added).  In *Commissioner of Internal Revenue v. Goldwyn,* the Ninth Circuit Court of the Appeals recognized this general rule as follows:  "It is well settled that <u>the declaration of a dividend incurs a debtor-creditor relationship</u> between the corporation and its shareholders.  Accountants uniformly follow the logical consequence of the relationship thus created by immediately reducing surplus and current earnings and crediting accounts payable by the proper amount."  175 F.2d 641, 644 (9th Cir. 1949) (emphasis added); *see also Lamberth v. Commissioner of Internal Revenue,* 120 F.2d 101, 105 (9th Cir. 1941):

> We do not agree with the reasoning of the Board.  It overlooks the general rule of law that the owner of stock at the date of the declaration of a dividend secures a vested, property right, and that provision for payment to stockholders of record of a certain future date is for a mere convenience and for the sole benefit of the corporation.  As of the date of the declaration of the dividend in the instant case (July 19, 1930) the taxpayer's right to the dividend had accrued.  At that moment he had a "real option" to take either cash or stock.

The same is true with respect to limited liability companies.  In Nevada,[2] limited liability companies are free to make distributions and are free to provide for such distribution in their governing documents.  *See* Nev. Rev. Stat. § 86.341 (2010) ("A limited-liability company may, from time to time, divide the profits of its business and distribute them to its members . . . upon the basis stipulated in the operating agreement.").  However, "at the time a member or transferee becomes entitled to receive a distribution the member or transferee has the status of and <u>is entitled to all remedies available to a creditor of the company</u> with respect to the distribution."  Nev. Rev. Stat. § 86.346 (emphasis added); *see also* Del. Code Ann. tit. 6, § 18-606 (same).  Pursuant to Section 101(10) of the Bankruptcy Code, a "creditor" includes an entity that has a "claim" against

---

[2] Each of the Debtor Entities was organized in Nevada.

the debtor that arose at the time of or prior to the order for relief concerning the debtor. 11 U.S.C. § 101(10).

Here, the Rhodes Declaration establishes that prior to the Petition Date a valid distribution was declared from each of the Debtor Entities to Rhodes, ultimately, through his ownership and control of the Debtor Entities and Sagebrush, for the 2006 tax year, among others. Such distributions were booked as liabilities for the respective Debtor Entities and, as of the Petition Date, remained accrued but unpaid. Thus, as set forth herein, the plain language of N.R.S. § 86.346 and the supporting case law cited above mandate a finding that Rhodes is a "creditor" and holds a "claim" within the meaning of 11 U.S.C. § 101(5). It was manifest error to find otherwise.

## CONCLUSION

For the reasons stated above, Rhodes respectfully requests that the Order Sustaining Reorganized Debtors' Objection to James Rhodes' Entitlement to the Tax Claim Found in Proof of Claim No. 814-33 be vacated, and for any such further relief which the Court may deem just and appropriate under the circumstances.

DATED this 2nd day of June, 2011.

/s/ Kevin N. Anderson
Kevin N. Anderson
FABIAN & CLENDENIN
Attorneys for James M. Rhodes

4850-7157-2489, v. 1