Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: 702.362.7800
Facsimile: 702.362.9472
E-Mail:    nleatham@klnevada.com

Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 2684637)
Meredith A. Lahaie (NY Bar No. 4518023)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone:  212.872.1000
Facsimile:  212.872.1002
E-Mail:    pdublin@akingump.com
           aqureshi@akingump.com
           mlahaie@akingump.com

*Counsel for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: § | Case No. 09-14814-LBR |
| § | (JointlyAdministered) |
| THE RHODES COMPANIES, LLC, § | |
| aka "Rhodes Homes," *et al.*, § | Chapter 11 |
| § | |
| Reorganized Debtors.[1] § | |
| § | |
| § | |
| § | |

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

1

| Affects: | § | DECLARATION OF JUSTIN BONO |
|---|---|---|
| | § | IN SUPPORT OF MOTION OF THE |
| | § | REORGANIZED DEBTORS FOR ENTRY |
| ☒ All Debtors | § | OF AN ORDER APPROVING THE |
| ☐ Affects the following | § | SETTLEMENT AGREEMENT BETWEEN |
| Debtor(s) | § | RHODES HOMES ARIZONA, LLC AND |
| | § | STANLEY CONSULTANTS, INC. |

I, Justin Bono, hereby declare:

1. I am the Vice President and Manager of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors").

2. I make this declaration in support of the Motion (the "Motion") of the Reorganized Debtors for Entry of an Order Approving the Settlement Agreement Between Rhodes Homes Arizona, LLC ("RHA") and Stanley Consultants, Inc. ("Stanley").  Unless otherwise stated, I make this declaration based upon my personal knowledge and/or my review of the Reorganized Debtors' books and records.

**Background**

A.   **The Stanley Agreements**

3. Based upon my review of the Reorganized Debtors' books and records, prior to the Petition Date, RHA entered into certain agreements (collectively, the "Agreements") with Stanley pursuant to which Stanley agreed to provide various engineering services (the "Engineering Services") related to the development of certain of RHA's real estate assets located in Mohave County, Arizona (the "Projects").

4. In addition, during the course of the relationship between RHA and Stanley, certain affiliates of RHA executed various contracts, agreements, purchase orders and other work orders (together with the Agreements, the "Stanley Agreements") directing Stanley to perform Engineering Services for the benefit of RHA and the Projects.

2

5.   Upon information and belief, the Engineering Services provided by Stanley pursuant to the Stanley Agreements were performed by several of Stanley's employees, including, but not limited to, Denis Atwood, Dennis Brown, David Frohnen, Steven Hagel and Kenneth Yamada (collectively, the "Stanley Employees") in the course and scope of their employment with Stanley.

6.   I am advised that during the course of the relationship between RHA and Stanley, certain disputes arose between RHA and Stanley relating to their respective rights and obligations under the Stanley Agreements and the performance of the Engineering Services. Specifically, Stanley claimed that RHA failed to pay Stanley for a portion of the Engineering Services provided by Stanley. In addition, RHA claimed that (i) some or all of the Engineering Services were ineffective or defective, (ii) RHA overpaid Stanley as a result of, among other things, excessive, unnecessary, and improper billing practices and (iii) the Stanley Employees negligently performed the Engineering Services.

**B.   The Stanley Litigation**

7.   On August 7, 2006, RHA commenced litigation against Stanley (the "Litigation") in Arizona in the Maricopa County Superior Court (the "Arizona State Court"). In connection with the Litigation, RHA asserted claims against Stanley for (i) breach of contract, (ii) bad faith, (iii) declaratory relief and replevin seeking title to certain materials prepared in connection with the provision of the Engineering Services, (iv) fraud and (v) punitive damages. In addition, RHA subsequently expanded the Litigation to assert (x) negligence claims against the Stanley Employees and (y) various punitive damage tort claims against Stanley, the Stanley Employees and other officers and directors of Stanley

(the "RHA Claims").[2]

8. Following the commencement of the Litigation, Stanley filed a counterclaim (the "Stanley Counterclaim") against RHA and certain of RHA's officers, directors and employees seeking payment for the Engineering Services provided by Stanley pursuant to the Stanley Agreements (collectively, the "Stanley Claims" and, together with the RHA Claims, the "Litigation Claims").

9. In the course of the Litigation, certain claims and counterclaims were dismissed by stipulation of the parties, including (i) the Stanley Counterclaim against RHA's officers, directors and employees and (ii) certain of the punitive damage tort claims asserted by RHA.

10. In addition, in the course of the Litigation, the Arizona State Court entered an order granting a motion for summary judgment and dismissing RHA's negligence claims against the Stanley Employees (the "Summary Judgment Order"). RHA has appealed (the "Appeal") the Summary Judgment Order, and the Appeal is currently pending before the Arizona Court of Appeals, Division One.

11. Following the Petition Date, Stanley filed proofs of claim (the "Proofs of Claim") in the Debtors' Chapter 11 Cases asserting unsecured claims for the payment of fees and costs relating to the Engineering Services provided pursuant to the Stanley Agreements.[3]

---

[2] Prior to the Petition Date, counsel to RHA itemized damages to counsel for Stanley in the amount of approximately $25,140,595, which amount did not include punitive damages.

[3] The Stanley Proofs of Claim assert claims in the total aggregate amount of approximately $4,609,249 on account of amounts owed for the Engineering Services provided pursuant to the Stanley Agreements.

4

**C.     The Settlement Agreement**

12.     After extensive, arm's-length negotiations between the Reorganized Debtors (on behalf of themselves and the Second Lien Agent) and Stanley, the parties have determined to enter into a settlement agreement (the "<u>Settlement Agreement</u>")[4] in order to fully and finally resolve the Litigation and all related claims, disputes and causes of action. The basic terms of the Settlement Agreement are summarized below:[5]

- <u>Purpose</u>: The Settlement Agreement is made as a compromise between the Parties[6] for the complete and final resolution of those known and unknown claims, disputes, and actual or potential causes of action between RHA, the Second Lien Agent (on behalf of itself and the Second Lien Lenders), Stanley and Stanley's employees, officers and directors arising from or relating to the Litigation Claims, as such claims have, or could have been made in the Litigation, the Appeal and the Chapter 11 Cases.  It is the intent of the Parties that the Settlement Agreement shall forever resolve, settle, satisfy and release all disputes relating to the Litigation Claims between the Parties.

- <u>Release of Claims Against Stanley</u>: In consideration of the mutual promises contained in the Settlement Agreement, any monies paid pursuant thereto, and other good and valuable consideration, the sufficiency of which is acknowledged by the Parties, each of RHA, on behalf of itself, its officers, directors, members, predecessors, successors, and assigns and the Second Lien Agent, on behalf of itself and the Second Lien Lenders, releases and forever discharges Stanley, its past, present and future constituent officers, directors, stockholders, employees, attorneys, agents, servants, representatives, subsidiaries, affiliates, insurers, partners, predecessors, successors in interest, assigns and all other persons, firms or corporations with whom any of the former have been, are now or may hereafter be affiliated, including the respective spouses of all these entities or persons, of and from any and all known and unknown past or present claims, demands, obligations, actions and causes of action, suits, debts, dues, accounts, contracts, agreements, judgments, rights, damages, costs, interest, attorneys' fees, expenses and compensation of any nature whatsoever whether based on tort, contract (express, implied or otherwise) or any other theory of recovery, and

---

[4] A copy of the Settlement Agreement is attached as <u>Exhibit 1</u> to the proposed order that is attached to the Motion as <u>Exhibit A</u>.

[5] This summary is qualified in its entirety by the Settlement Agreement.  In the event of any inconsistency between this summary and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

[6] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.

5

whether for compensatory or, direct, indirect, special, general or punitive damages, which RHA or the Second Lien Agent (on behalf of itself or the Second Lien Lenders) may now have or claim against Stanley, in any way arising out of or relating to the Litigation Claims.

- <u>Release of Claims Against Stanley Employees</u>: In consideration of the mutual promises therein contained, any monies paid pursuant thereto, and other good and valuable consideration, the sufficiency of which is acknowledged by the Parties, each of RHA, on its behalf and on behalf of its officers, directors, members, predecessors, successors, and assigns, and the Second Lien Agent, on behalf of itself and the Second Lien Lenders, releases and forever discharges the Stanley Employees, their respective spouses and marital communities, attorneys, insurers, and all other persons, firms or corporations with whom any of the former have been, are now or may hereafter be affiliated, of and from any and all known and unknown past or present claims, demands, obligations, actions and causes of action, suits, debts, dues, accounts, contracts, agreements, judgments, rights, damages, costs, interest, attorneys' fees, expenses and compensation of any nature whatsoever whether based on tort, contract (express, implied or otherwise) or any other theory of recovery, and whether for compensatory or, direct, indirect, special, general or punitive damages, which RHA may now have or claim against the Stanley Employees and their respective spouses or marital communities, in any way arising out of or relating to the Litigation Claims.

- <u>Release of Claims Against RHA by Stanley</u>: In consideration of the mutual promises contained in the Settlement Agreement, any money paid pursuant the Settlement Agreement, and other good and valuable consideration, the sufficiency of which is acknowledged, Stanley, on its behalf and on behalf of its shareholders, officers and directors, and its successors and assigns, releases and forever discharges RHA as well as its predecessors, successors and assigns, past, present and future constituent officers, directors, stockholders, members, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, insurers, partners, predecessors, successors in interest, assigns and all other persons, firms or corporations with whom any of the former have been, are now or may hereafter be affiliated, including the respective spouses of all these entities or persons, of and from any and all known and unknown past or present claims, demands, obligations, actions and causes of action, debts, dues, accounts, contracts, agreements, judgments, rights, damages, costs, attorneys' fees, expenses and compensation of any nature whatsoever whether based on tort, contract (express, implied or otherwise) or any other theory of recovery, and whether for compensatory or direct, indirect, special, general or punitive damages, which Stanley may now have or claim against RHA, in any way arising out of or relating to the Litigation Claims.

- <u>Release of Claims Against RHA by Stanley Employees</u>: In consideration of the mutual promises contained in the Settlement Agreement, any money paid pursuant thereto, and other good and valuable consideration, the sufficiency of

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

which is acknowledged by the Parties, each of the Stanley Employees, on their own behalf and on behalf of their respective spouses and marital communities, and their successors and assigns, release and forever discharge RHA as well as its predecessors, successors and assigns, past, present and future constituent officers, directors, stockholders, members, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, insurers, partners, predecessors, successors in interest, assigns and all other persons, firms or corporations with whom any of the former have been, are now or may hereafter be affiliated, including the respective spouses of all these entities or persons, of and from any and all known and unknown past or present claims, demands, obligations, actions and causes of action, debts, dues, accounts, contracts, agreements, judgments, rights, damages, costs, attorneys' fees, expenses and compensation of any nature whatsoever whether based on tort, contract (express, implied or otherwise) or any other theory of recovery, and whether for compensatory or direct, indirect, special, general or punitive damages, which each of the Stanley Employees and their respective spouses or marital communities may now have or claim against RHA, in any way arising out of or relating to the Litigation Claims. The release granted by the Stanley Employees is not intended to, and does not, release any Proof of Claim filed in the Chapter 11 Cases by any of the Stanley Employees, nor is the release granted by the Stanley Employees intended to admit the validity of any such Proof of Claim in any manner or for any purpose.

- Settlement Payment: In further consideration of the releases given, Stanley shall pay the sum of $1,875,000 (the "Settlement Payment"), on or before the date that is five (5) days after the entry of the order approving the Settlement Agreement, without regard to any stay of the effectiveness of such order and which stay Stanley agrees to waive, to Las Vegas Land Holdings, L.L.C. ("LVL"), for and on behalf of LVL, RHA and all other persons or entities who may be third-party beneficiaries under the Settlement Agreement, to the extent of their respective interests, as described in subsection 7(b) of the Settlement Agreement. Upon receipt of the Settlement Payment, LVL shall remit 50% of the net proceeds of the Settlement Payment, estimated to be approximately $127,099.01 to the Second Lien Agent pursuant to the terms of the Plan, which the Second Lien Agent shall then timely distribute pro rata to the Second Lien Lenders.

- Dismissal of the Litigation: RHA agrees, upon execution of the Settlement Agreement, to dismiss the Litigation and the Appeal, with prejudice, as to all defendants, with the parties to bear their respective costs and attorney's fees incurred in the Litigation and Appeal.

- Dismissal of Stanley Counterclaim: Stanley agrees, upon execution of the Settlement Agreement, to dismiss the Stanley Counterclaim filed in the Litigation, with prejudice, as to all counter-defendants, with the parties to bear their respective costs and attorney's fees incurred in connection with the Stanley Counterclaim.

7

- <u>Withdrawal of Stanley Proofs of Claim</u>: Stanley agrees to withdraw any and all of the Proofs of Claim filed in the Bankruptcy Proceedings, with prejudice, with the parties to bear their respective costs and attorneys' fees incurred in the Chapter 11 Cases.

- <u>Ownership of Copyright Materials</u>: By execution of the Settlement Agreement, RHA has also withdrawn and fully released any claim of right, title, ownership and interest of and in any of the Copyright Materials, created or published by Stanley, its agents and employees in connection with any Project that was the subject of the Litigation or owned by RHA. This release applies to any right or claim on the Copyright Materials asserted by RHA, including those made or arising in the Litigation or Chapter 11 Cases, and RHA acknowledges that it shall have no claim of right, title, ownership and interest of and in the Copyright Materials, hereafter.

- <u>Bankruptcy Court Approval</u>: The Parties agree that the Settlement Agreement shall be submitted for approval by the Bankruptcy Court, and shall only become effective upon entry of an order (i) approving the Settlement Agreement and (ii) barring all claims or causes of action relating to the Litigation Claims in accordance with the releases and discharges contained in subsections 2(a), 2(b), 2(c) and 2(d) of the Settlement Agreement.

### **The Settlement Agreement Is Fair and Equitable**

13.     Based on my understanding of the disputes between RHA and Stanley and my involvement in the negotiation of the Settlement Agreement, I believe that the Settlement Agreement is fair and equitable and should be approved.

14.     Among other things, I am advised that the ability of the parties to the Litigation to successfully establish the facts necessary to support their respective claims and counterclaims at trial remains uncertain, and accordingly, RHA's probability of success in the Litigation is unclear.

15.     In addition, I am advised that, in the absence of the Settlement Agreement, RHA would be forced to incur substantial costs and expenses in order to develop and present the complex factual information necessary to litigate its claims and defend against the Stanley Counterclaim. Moreover, I believe that the continuation of the Litigation would distract the attention of the Reorganized Debtors from the operation of their businesses and

8

materially delay the resolution of prepetition claims against the Debtors' estates.

16. I also believe that RHA's entry into the Settlement Agreement is in the interests of the Reorganized Debtors' creditors. I am advised that, pursuant to Section III.B.2 of the Plan, each Second Lien Lender is entitled to receive its *pro rata* share of 50% of the net proceeds of the Litigation. Following RHA's entry into the Settlement Agreement, Stanley will pay $1,875,000 to LVL, and 50% of the settlement amount, less the costs associated with trying to mediate the resolution of the Litigation, preparation of the Settlement Agreement and preparation of this Motion, will become available for distribution to the Second Lien Lenders without further delay. In the absence of the Settlement Agreement, it is uncertain when, if ever, the Second Lien Lenders would receive any distribution from the proceeds of the Litigation.

17. Finally, by resolving the Litigation and all related claims, disputes and causes of action, I believe that RHA's entry into the Settlement Agreement will enable the Reorganized Debtors to more fully focus on the operation of their businesses for the benefit of their existing stakeholders.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of June, 2011.

By: /s/ Justin Bono

Justin Bono

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com