# CREDIT AGREEMENT

### DATED AS OF NOVEMBER 21, 2005

among

**HERITAGE LAND COMPANY, LLC,**
**THE RHODES COMPANIES, LLC**
and
**RHODES RANCH GENERAL PARTNERSHIP,**
as the Borrowers,

**THE LENDERS LISTED HEREIN,**
as the Lenders,

and

**CREDIT SUISSE, CAYMAN ISLANDS BRANCH,**
as Administrative Agent, Collateral Agent, Syndication Agent,
Sole Bookrunner and Sole Lead Arranger

### $430,000,000 SENIOR SECURED CREDIT FACILITY
### (FIRST LIEN)

Agreement or any other Transaction Document, when considered with all other information then provided, do not contain, as at its date and as of the Effective Date, any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements contained herein or therein not misleading in light of the circumstances in which the same were made. Any projections and financial information prepared to give effect to the Transactions and contained in such materials are based upon good faith estimates and assumptions believed by the Borrowers to be reasonable at the time made and at the Effective Date, it being recognized by the Agents and the Lenders that such projections as to future events are not to be viewed as facts and that actual results during the period or periods covered by any such projections may differ from the projected results and that the differences may be material. There is no fact known to any Borrower that has had, or could reasonably be expected to result in, a Material Adverse Effect and that has not been disclosed herein or in such other documents, certificates and statements furnished to the Lenders for use in connection with the transactions contemplated hereby.

### 4.16 Solvent Financial Condition.

Each Borrower and each of its Subsidiaries is now Solvent and, after giving effect to the Loans to be made hereunder and the consummation of the Transactions, each Borrower and, after giving effect to all rights of contribution, reimbursement and subrogation arising in connection with the Subsidiary Guaranty, each of its Subsidiaries, will be Solvent.

### 4.17 Surety Obligations.

Except as set forth on Schedule 4.17 hereto on the date hereof, the Borrowers and their Subsidiaries are not obligated as surety or indemnitor under any surety or similar bond or other contract issued or entered into any agreement to assure payment, performance or completion of performance of any undertaking or obligation of any Person.

### 4.18 Taxes.

The FEIN of each Borrower and each of its Subsidiaries, on the date hereof, is as shown on Schedule 4.18 hereto. Each Borrower and each of its Subsidiaries has filed all federal, state and other material Tax returns and other reports it is required by law to file and has paid, or made provision for the payment of, all Taxes shown on such returns to be due and payable, together with all other material Taxes upon it, its income and properties as and when such Taxes are due and payable, except to the extent being Properly Contested. The provision for Taxes on the books of each Borrower and each of its Subsidiaries are adequate for all years not closed by applicable statutes, and for its current Fiscal Year. The Borrowers are not aware of any proposed material Tax assessment against any Loan Party.

### 4.19 Brokers.

Except as set forth on Schedule 4.19, there are no claims against any Borrower or amounts owing or to be owed by any Borrower for brokerage commissions, finder's fees or investment banking or similar fees in connection with the Transactions. Each of the Borrowers hereby indemnifies the Agents and the Lenders against, and agrees that it will hold the Agents and the Lenders harmless from, any claim, demand or liability for any such commission or broker's or finder's fees or investment banking or similar fees alleged to have been incurred in connection herewith or therewith, and any claim, demand or liability relating thereto, and any expenses (including reasonable fees, expenses and disbursements of counsel) arising in connection with any such claim, demand or liability.

413775.11-Los Angeles Server 2A - MSW

<u>Schedule 4.19</u>
<u>Broker's Fees</u>

The Borrowers have received oral correspondence in respect of a claim for an alternate transaction fee from Deutsche Bank. As of the date hereof, the Borrowers believe that this claim is without merit.