Kevin N. Anderson
Nevada Bar No. 4512
**FABIAN & CLENDENIN**
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone:    801-531-8900
Facsimile:     801-596-2814
Email: kanderson@fabianlaw.com

*Counsel for James M. Rhodes*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,<br><br>Reorganized Debtors<br><br>☒ Affects all Debtors<br><br>☐ Affects the following Debtors | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**DECLARATION OF PAUL D. HUYGENS IN SUPPORT OF JAMES M. RHODES' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO REORGANIZED DEBTORS' OBJECTION TO THE GREENWAY PARTNERS CLAIM FOUND IN PROOF OF CLAIM NO. 814-33 AND NOTICE OF AMENDMENT OF SCHEDULES OF ASSETS AND LIABILITIES**<br><br>Hearing Date:    August 2, 2011<br>Hearing Time:  9:30 a.m.<br>Place:             Courtroom 1 |

I, Paul D. Huygens, hereby declare:

1.      I was the Chief Financial Officer from mid-2004 through mid-2007 of the above-captioned Debtors and Debtors in possession (the "**Debtors**").  I was responsible for all areas of finance, accounting and treasury, including cash management and sourcing and closing debt transactions for the Debtors and its non-Debtor affiliates.

2.     Prior to my work with the Debtors, I was a manager of assurance and advisory services for Deloitte & Touche, LLP, with an emphasis in real estate.  I was responsible for coordinating Deloitte & Touche's efforts for numerous financial transactions including public equity offerings, public and private debt offerings, and purchase and merger transactions.  While at Deloitte & Touche, LLP, I also audited the Rhodes Homes' companies for 5 years, during which time I was intimately involved in the companies' financial reporting, accounting, and related controls.

3.     I am a member of the Nevada Society of Certified Public Accountants.

4.     I make this declaration in support of *James Rhodes' Supplemental Memorandum of Law in Support of His Opposition to Reorganized Debtors' Objection to the Greenway Partners Claim Found in Proof of Claim No. 814-33 and Notice of Amendment of Schedules of Assets and Liabilities*.  Unless otherwise stated, I make this declaration based upon my personal knowledge and/or my review of the Debtors' pre-petition books and records (the "**Books and Records**"), or my opinion based upon my experience concerning the operations of the Debtor entities.

5.     Based upon my review of the Books and Records, the amount of $151,999.01 scheduled by Rhodes Homes Arizona in the Debtors' schedules of assets and liabilities is a valid, existing claim owed to Rhodes as reimbursement for compensation to Chris Stephens and Jacob Hanson.  True and correct copies of the Books and Records evidencing this scheduled claim is set forth in the Books and Records of Rhodes Home Arizona and is attached hereto as "**Exhibit A**."

6.     Based upon my review of the Books and Records and the First Lien Credit Agreement (the "**Credit Agreement**"), the amount of $167,901.86 scheduled by Heritage Land Company, LLC as owed to Sedora Holdings, is a valid, existing claim for litigation expenses related to the defense of the Debtors in the case styled *Deutsche Bank Securities, Inc. v. James M. Rhodes, Sagebrush Enterprises, Inc., The Rhodes Companies, LLC,*

*Heritage Land Company, LLC, Rhodes Design and Development Corp. and Rhodes Ranch General Partnership*, case no. 1:06-cv-00413-DC (the "**New York Litigation**").

7.      The scheduled claim for litigation expenses in the New York Litigation reflects payments made by Sedora Holdings, a Rhodes entity outside the credit facility and a non-party to the New York Litigation, which was recorded in the Debtors' pre-petition Books and Records.  True and correct copies of the Books and Records evidencing this scheduled claim are attached hereto as "**Exhibit B**."  On Page 2 of Exhibit B, the first eight payments beginning with $100,000 and ending with $6,375.12 were made by the guarantors of the Credit Agreement (i.e., the first $195,208.26).  The remaining payments were made by Rhodes and his entities (i.e., $206,927.16).  Of the $206,927.16, Rhodes was reimbursed for $39,025.30, leaving a remaining balance owing to Rhodes of $167,901.86.

8.      Based upon my review of the Credit Agreement, it appears the Debtors acknowledged the existence of the New York Litigation.  True and correct copies of relevant pages of the Credit Agreement are attached hereto as "**Exhibit C**."

1        I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing

2    is true and correct to the best of my knowledge, information and belief.

3        Executed this _19th_ day of July, 2011.

4

5                                        By: _____

                                             Paul D. Huygens

6    4818-3673-4730, v. 1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4