# EXHIBIT D

# EXHIBIT D

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA
## SOUTHERN DIVISION

In re:  The Rhodes Companies, LLC, et al.,[1]

Case No. 09-14814
(Jointly Administered)

**Notes and Statement of Limitations and Methodology Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs**

The above-captioned Debtors (the "Debtors") each submit their respective Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statement") pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007.  The following notes regarding the Statement and Schedules are fully incorporated into and made part of the Statement and Schedules.  These notes comprise an integral part of the Statement and Schedules and should be referred to and considered in connection with any review of the Statement and Schedules.  Unless otherwise noted, the financial and other information contained in the Statement and Schedules is derived from the Debtors in accordance with the Debtors' financial reporting and accounting policies and procedures.

The Debtors' bankruptcy petition were filed on March 31, 2009 (or April 1, 2009 in the case of Rhodes Homes Arizona, LLC, Tuscany Golf Country Club, LLC, and Pinnacle Grading, LLC. The Debtors' bankruptcy cases are jointly administered by order of the Bankruptcy Court under the caption In re The Rhodes Companies, LLC, aka Rhodes Homes, Case No. 09-14814.

Given the differences between the information to be submitted in the Statement and Schedules and the financial information utilized under Generally Accepted Accounting Principles, the aggregate asset values and claim amounts set forth in the Statement and Schedules may not reflect the values and amounts that would be set forth in a balance sheet for the Debtors prepared in accordance with Generally Accepted Accounting Principles.

It would be prohibitively expensive, unduly burdensome and extremely time-consuming to obtain current market valuations of the Debtors' assets.  Accordingly, unless otherwise indicated, net book values rather than current market values are reflected on the Statement and Schedules.  Assets that have been fully depreciated or expensed for accounting purposes have no net book

---

[1] The Debtors in these cases, along with their case numbers are:  Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

1

value. The current book values may not reflect a comprehensive review of accounting adjustments, including asset impairments and write-downs, which may be required and conducted in relation to the Debtors' bankruptcy cases. The reader therefore should not place undue reliance upon the book values associated with the assets listed.

**General Notes Regarding the Debtors' Statement and Schedules**

**1. Financial Information.**
The information provided for herein, except as otherwise noted, represents the assets and liability data of each Debtor as of its respective Petition Date unless otherwise noted.

**2. Unaudited Financial Information.**
The Statement and Schedules prepared by the Debtors' management and professionals are unaudited. While the Debtors have tried to ensure that the Statement and Schedules are accurate and complete based upon information that was available at the time of the preparation, the subsequent receipt of information or an audit may result in material changes in financial data contained in the Statement and Schedules.

**3. Claim Description.**
Any failure to designate a claim on the Statement and Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim is not "contingent," "unliquidated," or "disputed." The Debtors reserve the right to dispute, or to assert offsets or defenses to any claim reflected on its Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

Moreover, the Debtors reserve all rights to amend the Statement and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtors involving any present or future causes of action, contested matters or other issues under the provisions of Chapter 11 of Title 11 of the United States Code or other relevant non-bankruptcy laws.

**Specific Notes Regarding the Debtors' Statement and Schedules**

### Note to Schedule A – Real Property

For lots or superpads located in Nevada, the values listed in Schedule A are based on the last real estate appraisal available to the Debtors dated September 30, 2008.

For finished homes located in Nevada, the values listed in Schedule A are based on the Debtors' best estimate of fair market value as of the Petition Date based on the contract price for the home if such home is in escrow or for recent sales of homes on like models in the same development, net of closing costs.

2

DOCS_LA:201483.3

For any real property located in Arizona, the values listed in Schedule A are based on the Debtors' best estimate of fair market value as of the Petition Date or net book value if available.

The Debtors may own interests in other real property that are not listed on Schedule A, such as for example, rights to easements or common areas associated with owned lots, for which there is no known value.

### Note to Schedule B – Personal Property

Unless otherwise noted, all of the amounts listed on Schedule B represent the net book value of the Debtors' assets as reflected in the Debtors' books and records (net of depreciation or amortization where applicable). The Debtors have not performed an independent review of the value of these assets. The actual value of the assets listed may differ significantly from the amounts reflected in the Debtors' books and records.

Certain items of equipment are or may be listed herein pursuant to a capital lease. Such designation is not an admission or recognition that such lease is a security agreement, and not a true lease. The Debtors expressly reserve all rights to challenge, on any basis, the nature of such equipment as owned or leased, as the case may be.

The Debtors have not listed estimated values of their real estate leases.

The Debtors are in the process of creating a list of credit memos owed to the Debtors owed as of the Petition Date and will supplement Schedule B as soon as possible.

### Note to Schedule D – Creditors Holding Secured Claims

Please see paragraphs 10 and 11 of the *Stipulated Order (I) Authorizing Use of Cash Collateral Pursuant to Sections 105, 361, 362 and 363 of the Bankruptcy Code and (II) Granting Adequate Protection and Super Priority Administrative Expense Priority to Prepetition Secured Lenders entered* on or about April 29, 2009 regarding the Debtors' rights to assert that the value of the collateral supporting the liens of the senior secured debt of the Debtors' first lien credit facility and second lien credit facility is less than the value of the debt on those facilities.

### Note to Schedule E - Taxes

Schedule "E" contains the Debtors' best estimate of all of the potential priority claims against the applicable Debtor's estate held by governmental and quasi-governmental entities. The Debtors have not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under Section 507 of the Bankruptcy Code. The Debtors reserve the right to assert that claims identified on Schedule "E" are not claims of governmental entities and/or that such claims are not entitled to priority.

### Note to Schedule E - Wages

As of the Petition Date, certain employees were owed (i) wages, salaries and commissions earned in the one hundred eighty (180) days prior to the Petition Date ("Priority Wages"). Pursuant to the Court's order authorizing the Debtors to pay, *inter alia*, pre-petition employee-related wages, entered on April 10, 2009 (the "Wage Order"), the Debtors paid the Priority

3

Wages to certain employees, so the Debtors do not believe that any amounts are owing to employees as of the Petition Date.

### Note to Schedule F - Creditors Holding Unsecured Nonpriority Claims

The Debtors have listed all homeowners to whom they have sold homes for the past 10 years as potential creditors on Schedule F. The addresses listed for the homeowners are the (i) actual address of the parcel sold and (ii) the buyer's address as listed on the title report if different than the address of the parcel sold.

To the extent that the Debtors are parties to an executory contract on Schedule G for construction, those counterparties have been added to Schedule F as potential creditors for unknown amounts. In addition, if those counterparties have outstanding invoices that were not paid as of the Petition Date, those amounts are also listed on the Accounts Payable Schedule to Schedule F.

The amounts owing to the Debtors' affiliates are the amounts listed on the Debtors' books and records, which may be different that the amounts that the Debtor's senior secured lenders assert are owed.

### Note to Statement of Financial Affairs 3.C

The information listed on SOFA 3.C includes payments to all affiliated companies of the Debtors, which may or may not be "affiliates" within the meaning of section 101(2) of the Bankruptcy Code.

B6 Declaration (Official Form 6 - Declaration). (12/07)

## United States Bankruptcy Court
### District of Nevada

In re  **Heritage Land Company, LLC**  
Debtor(s)

Case No.  **09-14778**  
Chapter  **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Authorized Agent of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __29__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **April 30, 2009**

Signature  *Joseph Schramm*  
Joseph Schramm  
Authorized Agent

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.