Kevin N. Anderson
Nevada Bar No. 4512
**FABIAN & CLENDENIN**
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone:   801-531-8900
Facsimile:    801-596-2814
Email: kanderson@fabianlaw.com

*Counsel for James M. Rhodes*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,<br><br>Reorganized Debtors<br><br>☒ Affects all Debtors<br><br>☐ Affects the following Debtors | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**JAMES M. RHODES' REPLY MEMORANDUM IN SUPPORT OF OPPOSITION TO REORGANIZED DEBTORS' OBJECTION TO THE GREENWAY PARTNERS CLAIM FOUND IN PROOF OF CLAIM NO. 814-33 AND NOTICE OF AMENDMENT OF SCHEDULES OF ASSETS AND LIABILITIES**<br><br>Hearing Date:   August 2, 2011<br>Hearing Time:  9:30 a.m.<br>Place:          Courtroom 1 |

James M. Rhodes ("**Rhodes**"), through counsel, respectfully submits this *Reply Memorandum in Support of Opposition to Reorganized Debtors' Objection to the Greenway Partners Claim Found in Proof of Claim No. 814-33 and Notice of Amendment of Schedules of Assets and Liabilities*.

The simultaneous exchange of briefs on the Remaining Claims has resulted in some asymmetry in the briefing. The Reorganized Debtors' complaint that Rhodes had not

1 substantiated the Greenway Partners Claim fails to consider his supplemental memorandum and
2 the Declaration of Paul Huygens, filed on July 19, 2011.

**The Greenway Partners Claim**

There is nothing in the facts presented that supports the Reorganized Debtors' assertion that the Greenway Partners payment was "voluntary and independent decision" by Rhodes to pay a portion of the salaries owed to Chin, Coyne and another employee named Chris Stephens "at his own expense." This is not a case where the payments were for personal services rendered to Rhodes. As repeatedly explained – and verified by the independent Main Amundson Report – the payments were at the direction of the Debtor Entities for legitimate business reasons to avoid a disruptive conflict in the offices related to the amount of compensation. (Rhodes Declaration, ¶ 8; Main Amundson Report at 4.)

The Reorganized Debtors continue to clamor for more evidence. The testimony from the Debtor Entities' CEO, president and sole director should be adequate. There is no basis to discount this uncontroverted testimony that is substantiated by the Main Amundson Report.

**The Scheduled Claims**

The Reorganized Debtors make no attempt to analyze or dissect the evidence presented in Rhodes' Supplemental Memorandum or the Huygens Declaration and its attachments. A careful review will substantiate the amounts set forth in the Proof of Claim.

## CONCLUSION

For the reasons stated in Rhodes' Supplemental Memorandum, the Huygens Declaration and its attachments, and above, Rhodes respectfully requests that this Court enter an order (i) denying the Reorganized Debtors' objection to the Greenway Partners Claim, and (ii) disallowing the Reorganized Debtors' amendments to the Scheduled Claims.

DATED this 26th day of July, 2011.

/s/ Kevin N. Anderson
Kevin N. Anderson
FABIAN & CLENDENIN
Attorneys for James M. Rhodes

4821-3047-0410, v. 1