E-Filed on 8/22/2011

**DIAMOND MCCARTHY LLP**
1201 Elm Street, 34th Floor
Dallas, Texas 75270
(214) 389-5300 (telephone)
(214) 389-5399 (facsimile)

Eric D. Madden (TX Bar No. 24013079)
Email: emadden@diamondmccarthy.com
Michael J. Yoder (TX Bar No. 24056572)
Email: myoder@diamondmccarthy.com
Jacob J. Roberts (TX Bar No. 24065982)
Email: jroberts@diamondmccarthy.com

*Counsel for the Litigation Trust
of The Rhodes Companies, LLC, et al.*

**LAW OFFICE OF BRIAN D. SHAPIRO, A NEVADA LLC**
228 S. 4th Street, Suite 300
Las Vegas, Nevada 89101-5709
(702) 386-8600 (telephone)
(702) 383-0994 (facsimile)

Brian D. Shapiro (NV Bar No. 5772)
Email: bshapiro@brianshapirolaw.com

*Local Counsel for the Litigation Trust of
The Rhodes Companies, LLC, et al.*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>THE RHODES COMPANIES, LLC,<br>  Aka "Rhodes Homes", *et al.,*<br><br>      Reorganized Debtors.[1]<br><br>Affects:<br>☒ All Debtors<br>☐ The following Debtor(s) | Case No. BK-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT** |

Michael J. Yoder, Petitioner, respectfully represents to the Court:

1.  That Petitioner resides at 2905 N. Inca Street, Apt. 1058, Denver, Colorado 80202.

2.  That Petitioner is an attorney at law and a member of the law firm of Diamond McCarthy, LLP, with offices at (a) 909 Fannin Street, 15th Floor, Houston, TX (713) 333-5100; (b) 1201 Elm Street, 34th Floor, Dallas, TX 75270, (214) 389-5300; and (c) 620 Eighth Avenue, 39th Floor, New York, NY 10018, (212) 430-5400.

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC 90206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Ralty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Clubb, LLC (7132); Pinnacle Grading, LLC (4838).

3. That Petitioner has been retained personally or as a member of the law firm by the Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "Litigation Trust") to serve as counsel to the Litigation Trust.

4. That since November 2006, Petitioner has been and presently is a member in good standing of the bar of the highest court of the State of Texas where Petitioner regularly practices law. Since June 2011, Petitioner has been and presently is also a member in good standing of the bar of the highest court of the State of Colorado.

5. That Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts of other States on the dates indicated for each, and that Petitioner is presently a member in good standing of the bars of said Courts.

| Court | Date Admitted |
|---|---|
| U.S. District Court, Southern District of Texas | 2007 |
| 9th Circuit Court of Appeals | 2010 |

6. That there are or have been no disciplinary proceedings instituted against petitioner, nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory or administrative body, or any resignation or termination in order to avoid disciplinary or disbarment proceedings, except as described in detail below: None.

7. That Petitioner has never been denied admission to the State Bar of Nevada.

8. That Petitioner is a member of good standing in the following Bar Associations: (a) State Bar of Texas and (b) State Bar of Colorado.

9. That Petitioner or any member of Petitioner's firm (or office if firm has offices in more than one city) with which Petitioner is associated has/have filed application(s) to appear as counsel under Local Rule IA 10-2 during the past one (1) year in the following matters:

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
|---|---|---|---|
| March 21, 2011 | *In re Hantges* BK-S-07-13163-lbr | USBC | Granted: March 29, 2011 |

10. That Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

11. That Petitioner agrees to comply with the standards of professional conduct required of the members of the bar of this court.

12. That Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

Petitioner respectfully prays that Petitioner be admitted to practice before this Court FOR THE PURPOSES OF THIS CASE ONLY.

DATED: August 22, 2011              */s/ Michael J. Yoder*
                                    Michael J. Yoder, *Petitioner*

## VERIFICATION

STATE OF TEXAS        )
                      )
COUNTY OF HARRIS      )

Michael J. Yoder, Petitioner, being first duly sworn, deposes and says:

That the foregoing statements are true.

_____
Michael J. Yoder, Petitioner

(SEAL)

Subscribed and sworn to before me this 22nd day of August, 2011.

_____
Notary public

KYMBERLI P. SPEEDY
Notary Public, State of Texas
My Commission Expires 09-29-2014

VERIFIED PETITION TO PRACTICE IN THIS CASE ONLY — PAGE 4