Kevin N. Anderson
Nevada Bar No. 4512
David R. Hague (Admitted Pro Hac Vice)
**FABIAN & CLENDENIN**
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone:    801-531-8900
Facsimile:    801-596-2814
Email:    kanderson@fabianlaw.com
         dhague@fabianlaw.com

*Counsel for James M. Rhodes*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,<br><br>Reorganized Debtors<br><br>☒ Affects all Debtors<br><br>☐ Affects the following Debtors | Case No.: 09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**MOTION TO QUASH ORDERS OF RULE 2004 EXAMINATION AND CORRESPONDING SUBPOENAS AND/OR FOR PROTECTIVE ORDERS.**<br><br>Hearing Date: _____<br>Hearing Time: _____<br>Place:    Courtroom 1 |

James M. Rhodes ("**Rhodes**"), through counsel, respectfully moves this Court pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, for entry of an order vacating the recent Rule 2004 Orders and quashing the corresponding subpoenas sent out by the Litigation Trust of The Rhodes Companies, LLC, *et al.* (the "**Litigation Trust**"). Alternatively, Rhodes respectfully moves this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 9014 and 7026 of the Federal Rules of Bankruptcy

Procedure, for entry of a protective order. A memorandum of law in support of this Motion is being filed concurrently herewith.

By this Motion, Rhodes objects to the recent Orders granting various Rule 2004 examinations and the corresponding subpoenas sent out by the Litigation Trust. The recent Orders and subpoenas call for the Rule 2004 examinations of 28 separate entities, including financial institutions, law firms, title companies and other professionals. The scope of the Litigation Trust's discovery goes well beyond the permissible bounds of Rule 2004 and calls for vast amounts of information—largely irrelevant, privileged, confidential, and personally identifiable information—for a time period well outside the scope of reasonableness. The subpoenas amount to nothing more than a witch-hunt under an impossible time deadline—the minimum allowed in most cases—designed to annoy and harass.

Therefore, because the Litigation Trust does not have adequate good cause for the expansive Rule 2004 examinations and the scope of the discovery requests are impermissible under Fed. R. Bankr. P. 2004, this Court should vacate the Rule 2004 Orders and quash the corresponding subpoenas. At a minimum, however, this Court should issue a protective order limiting the scope of the Rule 2004 subpoenas and protecting the confidential information sought.

**WHEREFORE**, Rhodes respectfully requests that the Court enter an order quashing the Rule 2004 Subpoenas and vacating the Rule 2004 Orders. Alternatively, Rhodes respectfully requests that the Court enter a protective order limiting the scope of the Rule 2004 Subpoenas and Rule 2004 Orders to protect against harassment, undue burden and disclosure of privileged or otherwise personal and confidential information, and for any such further relief which the Court may deem appropriate under the circumstances.

1  DATED this 14th day of September, 2011.

/s/ Kevin N. Anderson
Kevin N. Anderson
David R. Hague
FABIAN & CLENDENIN
*Attorneys for James M. Rhodes*