# EXHIBIT B

75
B254 (5/92) Subpoena for Rule 2004 Examination

# United States Bankruptcy Court

### DISTRICT OF UTAH

IN RE:

**THE RHODES COMPANIES, LLC,**
   Aka "Rhodes Homes", *et al.*,

                          **DEBTORS.**

AFFECTS: ALL DEBTORS

## SUBPOENA FOR RULE 2004 EXAMINATION

CASE NO.   BK-S-09-14814-LBR
   JOINTLY ADMINISTERED
   CHAPTER 11
PENDING IN THE DISTRICT OF NEVADA

TO:   Fabian & Clendinin
      Attn: Jay Bell
      315 S. State, #1200
      Salt Lake City, Utah 84111

**X** YOU ARE COMMANDED to produce a corporate representative for examination under Federal Rule of Bankruptcy Procedure 2004, pursuant to the attached court order, regarding the following topics at the place, date and time specified below:

### SEE ATTACHED EXHIBIT A FOR TOPICS OF EXAMINATION

| PLACE OF TESTIMONY | | | DATE AND TIME |
|---|---|---|---|
| UT-TEMPEST REPORTING<br>175 SOUTH MAIN STREET, SUITE 710<br>SALT LAKE CITY, UTAH 84111 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 29, 2011 at 10:00 A.M.<br>Or such other mutually<br>agreeable date and/or time |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

### SEE ATTACHED EXHIBIT B FOR DOCUMENTS REQUESTED

| PLACE | | | DATE |
|---|---|---|---|
| UT-TEMPEST REPORTING<br>175 SOUTH MAIN STREET, SUITE 710<br>SALT LAKE CITY, UTAH 84111 | OR | SUCH OTHER AGREED<br>UPON LOCATION | September 29, 2011<br>Or such other mutually<br>agreeable date |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Counsel for the Litigation Trust of The Rhodes Companies, LLC, et al. | September 7, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

JACOB J. ROBERTS
DIAMOND MCCARTHY LLP
909 FANNIN, 15TH FLOOR
HOUSTON, TEXAS 77010
(713) 333-5100

{00365037;}

## PROOF OF SERVICE

DATE:                          PLACE:

**SERVED:**

SERVED ON (PRINT NAME)                          MANNER OF SERVICE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

Date                          Signature of Server

.

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{00365037;}

## EXHIBIT A

The topics of examination under Federal Rule of Bankruptcy Procedure 2004 shall include:

(1)    Your policies, if any, regarding document destruction and retention, and how those policies were applied to the documents requested in EXHIBIT B (the "documents");

(2)    How and where the documents are kept and filed;

(3)    Whether the documents are kept in the ordinary and usual course of your business;

(4)    How the documents came to be created, including the identities (specifically or by category) of the persons creating them;

(5)    Whether the persons creating the documents had personal knowledge of the matters stated in the documents, or created from them information transmitted by someone with such knowledge;

(6)    Whether it was the regular practice of Deponent to create the documents (or keep a file of the documents, if created by others);

(7)    The efforts Deponent made to locate and produce the documents;

(8)    The identities of all persons assisting with the search for responsive documents;

(9)    Whether any responsive documents were withheld on any ground;

(10)    Whether any responsive documents have been destroyed, and if so, when and for what reason or pursuant to what policy or instruction;

(11)    Whether any documents that should have been found were missing, and if so, the reasons that the documents were missing; and

(12)    Whether any of the instructions provided in EXHIBIT B were not followed, and if so, which instructions were not followed and the reasons for any and all departures from the instructions.

## EXHIBIT B

## I. DEFINITIONS

As used herein, unless otherwise indicated:

1.    "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2.    "Debtors" shall mean shall mean the following entities and their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of any of the Debtors, including any attorneys, advisors, or consultants:

- Heritage Land Company, LLC
- Tick, LP
- Glynda, LP
- Chalkline, LP
- Batcave, LP
- Jackknife, LP
- Wallboard, LP
- Overflow, LP
- Rhodes Companies, LLC
- Rhodes Ranch GP
- Tuscany Acquisitions, LLC
- Tuscany Acquisitions II, LLC
- Tuscany Acquisitions III, LLC
- Tuscany Acquisitions VI, LLC
- Rhodes Design and Development Corp.
- C&J Holdings, Inc.
- Rhodes Realty, Inc.
- Jarupa LLC
- Elkhorn Investments, Inc.
- Elkhorn Partners, LP
- Tuscany Golf Country Club, LLC
- Rhodes Homes Arizona, LLC
- Pinnacle Grading, LLC
- Rhodes Arizona Properties, LLC
- Tribes Holdings LLC

- 1 -

- Six Feathers LLC
- Bravo, Inc.
- Gung-Ho Concrete, LLC
- Geronimo Plumbing, LLC
- Arapahoe Cleaning, LLC
- Apache Framing, LLC

3.     "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information. The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

4.     "Entity" or "Entities" shall mean the following entities, their predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other

persons or entities acting or purporting to act directly or indirectly on behalf of or under the

control of any of the Entities, including any attorneys, advisors, or consultants:

- Harmony Homes, Inc.
- Harmoney Homes, LLC
- Sagebrush Enterprises, Inc.
- Sedora Holdings, LLC
- Westward Crossing, LLC
- Pinnacle Equipment Rental, LLC
- Rhodes Ranch Golf, Inc.
- Rhodes Ranch Golf and Country Club
- Tropicana Durango Investments, Inc.
- Tropicana Durango, Ltd I
- Dirt Investments, LLC
- Spirit Underground, LLC
- Desert Communities, Inc.
- Custom Quality Homes, LLC
- Canberra Holdings, LLC
- Underground Technologies, LLC
- South Dakota Aggregate and Engineering, LLC
- Freedom Underground, LLC
- Rhodes Ranch, LLC
- James M. Rhodes Dynasty Trust 1
- James M. Rhodes Dynasty Trust 2
- JMRCIET
- Truckee Springs Holdings, Inc.
- Gypsum Resources, LLC
- Tulare Springs Holdings, Inc.
- Tock, LP
- Tapemeasure, LP
- Rule, LLC
- Joshua Choya, LLC
- American Land Management, LLC
- South Dakota Conservancy, LLC
- Meridian Land Company, LLC
- Yucca Land Company, LLC
- Wasatch Ave, LLC
- Escalante-Zion Investments, LLC
- HH Trust
- Jerico Trust

- 3 -

5.     "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

6.     "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

        (a)     the name of the person;

        (b)     the last known home address, business address and/or telephone number of each person.

7.     "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

        (a)     the name of the person;

        (b)     the last known address and telephone number of that person's headquarters or principal place of business.

8.     "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive. If any such document was, but is no longer, in the possession, custody, or control of Fabian & Clendinin or Fabian & Clendinin's attorneys or agents, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period specified

- 4 -

in these interrogatories but which relate or refer to such time or period are to be included in your response.

9.      "Identify" or "identity" with respect to a communication, written or oral conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

10. "Individual" or "Individuals" shall mean the following individuals:

- James M. Rhodes
- Glynda Rhodes
- John Rhodes
- Paul Huygens

11.     "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

12.     "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

13.     "Fabian & Clendinin" shall refer to Famian & Clendinin and its predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers,

- 5 -

directors, employees, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Fabian & Clendinin, including any attorneys, advisors, or consultants

14.     "You" or "your" refers to Fabian & Clendinin (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II. INSTRUCTIONS

1.      The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.      If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.      If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or

- 6 -

control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

     4.     Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located. A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

     5.     Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

     6.     If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (h) the date on the document and, if different, the date on which the document was created and/or sent; (i) the number of pages of the document; (j) the specific request herein to which the document is responsive; (k) the nature of the privilege(s) asserted as to the document; and (l) a detailed, specific explanation as to why the

- 7 -

document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.    If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.    Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.    Identify each document produced by the paragraph number of this schedule to which it is responsive. If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.   All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained. Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11.   Unless otherwise specified, the relevant time period for this request is from January 1, 2005 through and including the present.

12.   This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.   In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present

- 8 -

shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

## III.  DOCUMENTS

YOU ARE REQUESTED to produce the documents set forth below:

1.     All engagement letters and other documents and communications referring or relating to any engagement letters between You and any of the Debtors.

2.     All engagement letters and other documents and communications referring or relating to any engagement letters between You and any of the Entities.

3.     All engagement letters and other documents and communications referring or relating to any engagement letters between You and any of the Individuals.

4.     All documents and communications referring or relating to any services or work performed by You for any of the Debtors.

5.     All documents and communications referring or relating to any services or work performed by You for any of the Entities.

6.     All documents and communications referring or relating to any services or work performed by You for any of the Individuals.

7.     All documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Debtors.

8.     All documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Entities.

9.     All documents referring or relating to any services or work performed by You that was billed to or paid for by any of the Individuals.

- 9 -

10.     All documents and communications referring or relating to payment for any services or work performed by You for any of the Debtors, including but not limited to all timekeeping records, bills, invoices, and records of payments.

11.     All documents and communications referring or relating to payment for any services or work performed by You for any of the Entities, including but not limited to all timekeeping records, bills, invoices, and records of payments.

12.     All documents and communications referring or relating to payment for any services or work performed by You for any of the Individuals, including but not limited to all timekeeping records, bills, invoices, and records of payments.

13.     All documents and communications referring or relating to any transactions entered into by any of the Debtors, including but not limited to:

      a.  Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

      b.  Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

      c.  Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

      d.  Communications to and from any potential or actual appraisal firms;

      e.  Any and all documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

      f.  Communications to and from any and all potential or actual title companies;

      g.  Any and all documents and communications referring or relating to the title of any real property interests involved in the transaction;

      h.  Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

      i.  Any and all documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

- 10 -

j.  Any and all documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

14.  All documents and communications referring or relating to any transactions entered into by any of the Entities, including but not limited to:

a.  Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

b.  Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

c.  Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

d.  Communications to and from any potential or actual appraisal firms;

e.  Any and all documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

f.  Communications to and from any and all potential or actual title companies;

g.  Any and all documents and communications referring or relating to the title of any real property interests involved in the transaction;

h.  Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

i.  Any and all documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

j.  Any and all documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

15.  All documents and communications referring or relating to any transactions entered into by any of the Individuals, including but not limited to:

a.  Communications to and from any of the Entities, attorneys representing the Entities, or any other representatives of any of the Entities;

b.  Communications to and from any of the Debtors, attorneys representing any of the Debtors, or any other representatives of any of the Debtors;

c.  Communications to and from any of the Individuals, attorneys representing any of the Individuals, or any other representatives of any of the Individuals;

d.  Communications to and from any potential or actual appraisal firms;

e.  Any and all documents and communications referring or relating to the valuation or appraisal of any and all real property interests involved in the transaction;

f.  Communications to and from any and all potential or actual title companies;

g.  Any and all documents and communications referring or relating to the title of any real property interests involved in the transaction;

h.  Communications to and from any and all potential or actual accountants, auditors, accounting firms, and auditing firms;

i.  Any and all documents and communications referring or relating to the financial condition, valuation, or financial records of any and all Entities and Debtors involved in the transaction; and

j.  Any and all documents or communications referring or relating to any legal opinion or analysis on or regarding the legality of the transaction.

16.    All documents referring or relating to meetings, minutes of meetings, presentations to, votes, or decisions by the management or boards of directors for any of the Debtors.

17.    All documents referring or relating to meetings, minutes of meetings, presentations to, votes, or decisions by the management or boards of directors for any of the Entities.

18.    All personnel files, including any and all performance reviews for Your attorneys who performed any services or work for any of the Entities, Debtors, and/or Individuals.

19.    All calendars, diaries, notes, and desk files of Your attorneys who performed any services or work for any of the Entities, Debtors, and/or Individuals.

20.     All of Your document retention policies (or any other document setting forth guidelines for the retention, disposal, or destruction of documents) from 2005 through the present time.

21.     All documents and communications referring or relating to audited financial statements, audit work papers, appraisals, valuation reports, or any other assessment of the financial condition of any Debtors and/or Entities.

22.     All documents referring or relating to any audit responses submitted by You to any auditor for any of the Debtors and/or Entities.

23.     All documents referring or relating to any conflict of interest in your simultaneous representation of any of the Debtors, Entities, and/or Individuals.

24.     All documents referring or relating to any transaction between any of the Debtors and any of the Entities or Individuals.

25.     All documents relating to any real estate transaction entered into by any of the Debtors, including but not limited to:

        a.  purchase and sale agreements;

        b.  promissory notes;

        c.  bills of sale;

        d.  deeds;

        e.  assignments and assumptions of leases and security deposits;

        f.  assignments and assumptions of contracts;

        g.  title insurance policies;

        h.  escrow instruction letters;

        i.  incumbency certificates;

- 13 -

      j.   organizational documents;

      k.  resolutions related to the transaction; and

      l.   opinion letters.

26.     All documents relating to any real estate transaction entered into by any of the Entities, including but not limited to:

      a.   purchase and sale agreements;

      b.   promissory notes;

      c.   bills of sale;

      d.   deeds;

      e.   assignments and assumptions of leases and security deposits;

      f.   assignments and assumptions of contracts;

      g.   title insurance policies;

      h.   escrow instruction letters;

      i.   incumbency certificates;

      j.   organizational documents;

      k.  resolutions related to the transaction; and

      l.   opinion letters.

27.     All documents relating to any real estate transaction entered into by any of the Individuals, including but not limited to:

      a.   purchase and sale agreements;

      b.   promissory notes;

      c.   bills of sale;

      d.   deeds;

e. assignments and assumptions of leases and security deposits;

f. assignments and assumptions of contracts;

g. title insurance policies;

h. escrow instruction letters;

i. incumbency certificates;

j. organizational documents;

k. resolutions related to the transaction; and

l. opinion letters.

28.     All documents relating to any financing transactions entered into by any of the

Debtors, including but not limited:

a. loan agreements;

b. promissory notes;

c. intercreditor agreements; and

d. loan applications.

29.     All documents relating to any financing transactions entered into by any of the

Entities, including but not limited:

a. loan agreements;

b. promissory notes;

c. intercreditor agreements; and

d. loan applications.

30.     All documents relating to any financing transactions entered into by any of the

Individuals, including but not limited:

a. loan agreements;

b. promissory notes;

c. intercreditor agreements; and

d. loan applications.

-16-

13121

**Texas easy-serve, LLC**
1201 LOUISIANA SUITE 210
HOUSTON, TX 77002
(713) 655-7239

AMEGY BANK OF TEXAS
HOUSTON, TEXAS 77227-7459

Seventy-Five and No/100 Dollars

Date:    9/8/2011

$75.00

Details on back.

STATEWIDE PROCESS SERVERS
520 WEST 9460 SOUTH
SANDY, UT 84070

AUTHORIZED SIGNATURE

Memo:    Payment; STATEWIDE PROCESS SERVERS

⑈0⒔⒓⒈⑈ ⑇⒔⒑⒔⒓⒌⒏⑇ ⑈0003759954⑈

**Texas easy-serve, LLC**

13121

STATEWIDE PROCESS SERVERS                    13121              9/8/2011                         $75.00

Payment; STATEWIDE PROCESS SERVERS
In Payment For:

| Vendor Inv | Purchase No. | Invoice Date | Invoice Amount | Discounts | Previous Payments | Current Payment |
|------------|--------------|--------------|----------------|-----------|-------------------|-----------------|
| 20193201   | 20193201     | 9/8/2011     | $75.00         | $0.00     | $0.00             | $75.00          |

Page 1 of 1

From: (801) 907-7546    Origin ID: BTFA    
BURKE JACOBSON
STATEWIDE PROCESS SERVERS
520 WEST 9460 SOUTH

SANDY, UT 84070

J11201104290225

SHIP TO: (713) 754-8259        BILL SENDER
WANDA WOOTEN
TEXAS EASY-SERVE
1201 LOUISIANA STE 210

HOUSTON, TX 77002

Ship Date: 08SEP11
ActWgt: 0.5 LB
CAD: 100802971/INET3180

Delivery Address Bar Code

Ref #        201932.1/RETURN
Invoice #
PO #
Dept #

FRI - 09 SEP  A1
PRIORITY OVERNIGHT

TRK#    7951 6729 1778
0201



XH EIXA

77002
TX-US
IAH

50F G2/4299/F5F4

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.