DANIEL BOGDEN
United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101

VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6484

Attorneys for the United States of America

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) BK-S-09-14814 LBR |
| | ) (Jointly Administered) |
| THE RHODES COMPANIES, LLC, aka | ) Chapter 11 |
| Rhodes Homes, et al., | ) |
| | ) Hearing Date: September 27, 2011 |
| Debtors. | ) Time: 10:30 a.m. |
| | ) |

<u>UNITED STATES' RESPONSE IN OPPOSITION TO DEBTORS' OJBECTION TO
IRS CLAIM FILED AGAINST BRAVO, INC.</u>

1. On April 13, 2010, the IRS filed a proof of claim with regard to Bravo, Inc. (hereinafter "Bravo"), one of the jointly administered debtors herein. Bravo, Inc. was previously in the business of framing houses for the Debtors' various homebuilding operations. The proof of claim included federal employment tax liabilities for the quarters ending September 30, 2000, December 31, 2000, all four calendar quarters of the years 2001 and 2001, and the quarters ending March 31, 2003 and June 30, 2003. The proof of claim set forth a unsecured priority claim in the total amount of $1,326,068.11 and an unsecured general claim in the amount of $2,560,388.64.

2. As set forth above, the liabilities on the proof of claim are for employment taxes, penalties and interest. Employers are required to withhold federal social security taxes (Federal Insurance Contributions Act, or "FICA" taxes) and income taxes from the salaries and wages paid to their employees and to pay over the withheld amounts to the United States. 26 U.S.C. §§ 3101; 3102(a), (b); 3402; 3403. Employers are also

4675962.1

1  required to pay over their own contributions to the social security system. 26 U.S.C. § 3111.

2  The withheld portion of the taxes–the income taxes and FICA taxes deducted from employees' salaries–are debts of the employees to the federal government on earned income. Although the employer collects the taxes and is, therefore, liable for their payment, the withheld taxes are not the property of the employer. They are a part of the wages held in trust for the benefit of the government. 26 U.S.C. § 7501. It is well settled that such trust funds are for the exclusive use of the United States and may not be used for any other purpose.

Federal employment tax obligations must be satisfied on a regular basis. The timing and frequency of deposit and payment of employment taxes are prescribed by statute and regulation. Depending on the size of its employment tax liability, an employer must make either semi-weekly or monthly deposits with a government depository. *See* 26 U.S.C. § 6302; 26 C.F.R. § 31.6302-1. When it files its quarterly return, the employer must make full payment of the balance due for that quarter, after allowing credit for any deposits. 26 U.S.C. § 6151; 26 C.F.R. § 31.6302-1.

The Internal Revenue Code imposes mandatory penalties for failure to file returns, pay taxes, or deposit employment taxes in a government depository unless the taxpayer can demonstrate that such failure was due to "reasonable cause and not due to willful neglect." 26 U.S.C. §§ 6651(a)(1), (a)(2); 6656(a). Addressing the application of Section 6651(a)(1), the Supreme Court established that the taxpayer bears the "heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" *United States v. Boyle*, 469 U.S. 241, 245 (1985); *see also McMahan v. Commissioner*, 114 F.3d 366, 368 (2d Cir. 1997).

3. During the periods at issue included on the proof of claim, Bravo had an agreement with Robert Kahre (hereinafter "Kahre") for Kahre to provide payroll services for Bravo employees. *See* Declaration of Virginia Cronan Lowe (hereinafter "Lowe Decl."), Exhibit 1, p. 146-147, Exhibit 2, p. 56, Exhibit 3, p. 5-14, Exhibit 4, p. 92-93.

4. According to Kahre's payroll system, on a weekly basis Bravo would fax to Kahre's payroll office a list of Bravo employees and how much each employee was to be paid. *See* Lowe Decl., Exhibit 2, p. 42-44, Exhibit 5. Kahre's payroll office would then send Bravo an invoice which would set forth the amount of the

- 2 -                                                                 4675962.1

wages to be paid for that week and the fee that Kahre charged for doing the payroll. *Id*. Bravo would then send a check to Kahre for the total amount of the invoice which Kahre would cash and then use that cash to pay the employees of Bravo according to what was specified by Bravo. *See* Exhibit 2, p. 43-44 and 54- 56, Exhibit 6, p. 71, Exhibit 3, p. 91. The Bravo payroll office would make an envelope with the employee's name on it and stuff it with the amount of cash wages due the employee. *Id*. Then a representative from Bravo would go to Kahre's payroll office to pick up the envelopes for the Bravo employees. *See* Lowe Decl., Exhibit 7, p. 81-83.

    5. The Bravo employees that were paid through Kahre's payroll system were hired by Bravo, supervised by Bravo and provided with their tools and training by Bravo. *See* Lowe Decl., Exhibit 7, p. 143. Under Kahre's payroll system he did provide worker's compensation for the Bravo employee's paid pursuant to his service. *See* Lowe Decl., Exhibit 7, p. 78-79.

    6. Under Kahre's payroll system no taxes were withheld from the employees' wages; he did not provide the employees' with a W-2 at the end of the year; and he did not file any quarterly employment tax returns with the IRS. *See* Lowe Decl., Exhibit 3, p. 88-89.

    7. On August 14, 2009, Kahre and three additional defendants were convicted of multiple felony counts, including conspiracy to defraud the United States, employment tax fraud, tax evasion, and attempts to interfere with the administration of internal revenue laws. *United States v. Robert D. Kahre*, CR-S-05-121 DAE (RJJ) (D. Nevada). The evidence at trial proved that Kahre and his co-defendants defrauded the United States government through the use of a fraudulent cash payroll scheme in which Kahre paid the employees of his six contruction companies and the employees of 33 other contractors in cash on a weekly basis; although Kahre fraudulently "claimed" to pay these individuals in gold and silver coins. Further, Kahre never filed a tax return with the IRS that reported the cash wages he paid to these employees and he never issued a Form W-2 or Form 1099 to these individuals, which would have showed the wages these individuals earned.

    8. Although Bravo entered into an agreement with Kahre to participate in his fraudulent cash payroll system, that agreement does not relieve Bravo, the actual employer, of the obligation to pay the employment taxes. *See United States v. Garami*, 184 B.R. 834, 838 (M.D. Fla. 1995). As shown above, the employees

1 paid through Kahre's payroll system were hired, trained, supervised, and provided with tools by Bravo. In addition, Bravo set forth the name of each employee, how much they were to be paid and provided the actual funds to Kahre from which Kahre paid the workers in cash. Bravo cannot relieve itself from the responsibility for the employment taxes by delegating that function to Kahre. Because each taxpayer has a non-delegable duty to timely perform its federal tax obligations, a contract with a third party does not relieve it of its duty to do so. *Id. See also In re Professional Security Services, Inc.*, 162 B.R. 901, 903 (Bankr. M.D. Fla. 1993).

9. In the objection to claim, the debtor argues that Bravo hired Kahre's company Union Pacific Construction as a subcontractor for Bravo, and as such Kahre is responsible for the employment taxes set forth on the proof of claim. However, debtor has provided no direct evidence of a subcontractor relationship with Kahre. Whereas, as shown above, it is clear that Kahre was strictly acting in the capacity as a payroll service company with regard to Bravo employees and as such Bravo, the employer, is responsible for the employment taxes.

Wherefore, based on the foregoing, the United States' respectfully requests that the IRS proof of claim be allowed as filed.

Dated this 15th day of September, 2011.

    DANIEL BOGDEN
    United States Attorney


    /s/ Virginia Cronan Lowe
    VIRGINIA CRONAN LOWE
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 683
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-6484

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' RESPONSE IN OPPOSITION TO DEBTORS' OBJECTION TO IRS CLAIM FILED AGAINST BRAVO, INC. has been made this 15th day of September, 2011, by ECF filing addressed to:

Shirley S. Cho, Esq. at scho@pszjlaw.com

Zachariah Larson, Esq. at ecf@lslawnv.com

/s/ Virginia Cronan Lowe
VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice