Kevin N. Anderson
Nevada Bar No. 4512
David R. Hague (Admitted Pro Hac Vice)
**FABIAN & CLENDENIN**
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone:    801-531-8900
Facsimile:    801-596-2814
Email:    kanderson@fabianlaw.com
         dhague@fabianlaw.com

*Counsel for James M. Rhodes*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No.: 09-14814-LBR |
|---|---|
| THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al., | (Jointly Administered) |
| | Chapter 11 |
| Reorganized Debtors | **DECLARATION OF KEVIN N. ANDERSON IN SUPPORT OF EX PARTE MOTION FOR ORDER SHORTENING TIME FOR NOTICE AND HEARING ON MOTION TO QUASH ORDERS OF RULE 2004 EXAMINATION AND CORRESPONDING SUBPOENAS AND/OR FOR PROTECTIVE ORDERS** |
| ☒ Affects all Debtors | |
| ☐ Affects the following Debtors | Hearing Date: _____ |
| | Hearing Time: _____ |
| | Place:    Courtroom 1 |

I, Kevin N. Anderson, make the following statement under the penalty of perjury of the laws of the United States of America and the laws of the State of Nevada.

1. I am over the age of eighteen (18).

2. I am an attorney licensed to practice law in the State of Nevada.

3.    I represent James M. Rhodes ("**Rhodes**") in the above-entitled bankruptcy case.

4.    The Court is currently scheduled to hear the claims remaining on the Reorganized Debtors' objection to the Greenway Partners Claim and the Scheduled Claims on September 27, 2011 at 10:30 a.m. (Docket No. 1495).

5.    On August 30, 2011 and August 31, 2011, without allowing time for objections, the Court entered four orders granting Rule 2004 examinations of various financial institutions (Docket No. 1512), law firms (Docket No. 1518), title companies (Docket No. 1517) and other professionals (Docket No. 1519).

6.    In spite of Fed. R. Civ. P. 45(b)(1), which mandates that if a "subpoena commands the production of documents . . ., then before it is served, a notice must be served on each party, on August 31, 2011, without notice to anyone, the Litigation Trust issued several expansive subpoenas requesting vast amounts of irrelevant, privileged, confidential and personally identifiable information (the "**Rule 2004 Subpoenas**").

7.    On September 14, 2011, Rhodes filed his Motion to Quash Orders of Rule 2004 Examination and Corresponding Subpoenas and/or For Protective Orders asking the Court to quash the Rule 2004 Subpoenas because, among other things, they lack good cause and are overly expansive. (Docket No. 1538). Alternatively, Rhodes' Motion asks the Court to issue a protective order limiting the scope of the Rule 2004 Subpoenas and protecting the confidential information sought.

8.    Pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure and Local Rule 9006, the Court may, for cause, enter an order shortening for notice and hearing. *See* Fed. R. Bankr. P. 9006; Local Rule 9006.

9. Here, the expansive scope of the Rule 2004 Subpoenas and the short period required for the subpoenaed entities to comply demand that this matter be resolved promptly. Otherwise, the subpoenaed entities may produce privileged, confidential and personally identifiable information pursuant to the improper requests.

10. Moreover, some of the parties in interest are already scheduled, and have already made arrangements, to appear before the Court on September 27, 2011.

11. In the interests of efficiency and to promptly resolve the issues surrounding the Rule 2004 Subpoenas, the Court shorten the time for notice and hearing on the Motion.

DATED this 15th day of September, 2011.

/s/ Kevin N. Anderson
Kevin N. Anderson

4817-8172-8010, v. 1