Michael B. Wixom
Nevada Bar No. 2812
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 252-5002
Facsimile: (702) 252-5006
Email: mbw@slwlaw.com

E-Filed: 9/15/2011

Attorneys for Mutual of Omaha Bank

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,<br><br>            Reorganized Debtors.<br><br>Affects:<br><br>☒    All Reorganized Debtors | CASE NO. BK-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11 |
|---|---|

### OBJECTION TO SUBPOENA FOR RULE 2004 EXAMINATION

In accordance with Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45(c)(2)(B), Mutual of Omaha Bank ("Mutual of Omaha") makes the following objections to the Subpoena for Rule 2004 Examination (the "Subpoena") dated August 31, 2011.

### OBJECTIONS

1. The Subpoena is not supported by good cause in that it does not "relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." *See* Fed. R. Bankr. P. 2004. For example, the list of questions in Exhibit A relates solely to the authentication of records and does not fall within the scope of a 2004 examination.

2.  The Subpoena is overly burdensome and oppressive. For example, the Subpoena seeks production of **40 different categories of documents** relating to the "Debtors," "Entities," and "Individuals." However, the Subpoena lists **72 separate and distinct** "Debtors," "Entities," and "Individuals" for which said documents must be researched and produced. Compliance with the Subpoena would potentially require Mutual of Omaha to review hundreds of thousands of pages of documents to determine what must be produced. Such a demand is well beyond the focused discovery authorized by Fed. R. Bankr. P. 2004 and Fed. R. Civ. P. 45.

3.  The Subpoena is vague, ambiguous, and overly broad. For example, the Subpoena requests: "Any and all documents evidencing the type and purpose of any and all accounts at the Bank held in the name of or for the benefit of the" Entities, Debtors, and Individuals. "Any and all documents evidencing the history of the relationship between any of the" Entities, Debtors, Individuals and Bank. "Any and all documents evidencing any real estate transaction by any of the Entities."

4.  The Subpoena fails to provide reasonable time for compliance in light of the broad requests contained therein.

5.  Mutual of Omaha objects to the extent the Subpoena imposes obligations different from, or greater than, those required by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, this Court's local rules, or any applicable case law.

6.  Mutual of Omaha objects to the Subpoena to the extent it seeks information protected by the attorney-client privilege or attorney work-product doctrine. For example, the Subpoena requests production of documents from Mutual of Omaha, which is defined to include "any [of its] attorneys, advisors, or consultants." Mutual of Omaha further objects on the grounds and to the extent that the Subpoena seeks information protected by any other constitutional, statutory, or common-law privilege or doctrine.

7. Mutual of Omaha objects to the Subpoena to the extent it seeks documents that are not in its possession, custody, or control.

8. Mutual of Omaha objects to the Subpoena to the extent it seeks documents or information of a confidential or proprietary nature, including but not limited to, financial information protected by the Right to Financial Privacy Act. Mutual of Omaha objects to production of any such materials unless and until a suitable protective order is in place.

9. Mutual of Omaha objects to the Subpoena to the extent that it requires the Custodian of Records to appear for examination in Las Vegas, Nevada. Any such examination, if allowed by the Court, should be held in Phoenix, Arizona, which is the location of the Custodian of Records. Alternatively, the party issuing the Subpoena should be required to pay for the Custodian of Record's travel time, lodging, and other reasonable costs incurred in attendance at the examination.

10. Mutual of Omaha objects to the Subpoena in light of the Debtor's pending Motion to Quash. Mutual of Omaha should not be required to produce any items described in the Subpoena until the Court has resolved Debtor's Motion.

Without waiving these objections, Mutual of Omaha remains willing to discuss them with the Litigation Trust of The Rhodes Companies, LLC, et al., in a good faith effort to avoid the need for the Court's intervention.

DATED this 15th day of September, 2011.

SMITH LARSEN & WIXOM

By: _____
Michael B. Wixom, Esq.
Nevada Bar No. 2812
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Mutual of Omaha Bank

3