1  Nile Leatham (NV Bar No. 002838)
2  KOLESAR & LEATHAM, CHTD.
   400 South Rampart Boulevard, Suite 400
3  Las Vegas, NV 89145
   Telephone:  702.362.7800
4  Facsimile:  702.362.9472
   E-Mail:     nleatham@klnevada.com
5
6  Philip C. Dublin (NY Bar No. 2959344)
   Abid Qureshi (NY Bar No. 2684637)
7  Meredith A. Lahaie (NY Bar No. 4518023)
   AKIN GUMP STRAUSS HAUER & FELD LLP
8  One Bryant Park
   New York, NY 10036
9  Telephone:  212.872.1000
   Facsimile:  212.872.1002
10 E-Mail:     pdublin@akingump.com
               aqureshi@akingump.com
11             mlahaie@akingump.com
12
13 *Counsel for the Reorganized Debtors*
14            UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF NEVADA
15                  SOUTHERN DIVISION
16
   IN RE:                          §    Case No. 09-14814-LBR
17                                  §    (Jointly Administered)
                                    §
18 THE RHODES COMPANIES, LLC,       §
      aka "Rhodes Homes," *et al.*, §    Chapter 11
19                                  §
              Reorganized Debtors.[1] §
20                                  §
                                    §
21                                  §
                                    §
22

23        [1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax
   identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC
24 (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281);
   Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf
25 and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany
   Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design
26 and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090);
   Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC
27 (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited
   Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897);
28 Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

| Affects: | § |
|---|---|
| | § |
| ☒ **All Debtors** | § |
| ☐ **Affects the following** | § |
| **Debtor(s)** | § |
| | § |
| | § |

**MOTION OF THE REORGANIZED DEBTORS FOR ENTRY OF AN ORDER APPROVING SETTLEMENT BETWEEN JAMES RHODES AND THE REORGANIZED DEBTORS**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors"), by and through their undersigned counsel, Akin Gump Strauss Hauer & Feld, LLP and Kolesar and Leatham Chtd., hereby file this motion (the "Motion") for entry of an order approving a settlement (the "Settlement") between the Reorganized Debtors and James Rhodes ("Rhodes" and, together with the Reorganized Debtors, the "Parties") pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Motion, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019.

## BACKGROUND

**A.** **General Background**

4. On either March 31, 2009 or April 1, 2009 (collectively, the "Petition Date"), each of the debtors (collectively, the "Debtors") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

2

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

5.      On April 13, 2009, the Court issued a Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines establishing August 5, 2009 as the deadline for all creditors other than governmental units to file proofs of claim asserting claims in the Chapter 11 Cases.

6.      On April 30, 2009, each of the Debtors filed the Schedules (as defined below), which were subsequently amended on July 2, 2009 and again on January 20, 2010, to include the Scheduled Claims (as defined below).  *See* Rhodes Homes Arizona Docket Nos. 12, 18 and 33; Pinnacle Grading Docket Nos. 12, 17 and 36; Heritage Docket Nos. 136 and 142.

7.      On July 17, 2009, Rhodes filed a proof of claim (the "Proof of Claim") seeking $10,598,000 for (i) reimbursement of taxes in the amount of $9,729,151 paid by Rhodes for the 2006 tax year (the "Tax Claim")[2] on account of taxable income allocated to Rhodes from the Debtors through certain non-debtor entities ultimately owned by Rhodes that previously controlled certain of the Debtors (the "Rhodes Entities"); and (ii) $868,849 allegedly advanced to Greenway Partners, LLC (the "Greenway Partners Claim").

8.      On March 12, 2010, this Court entered an order confirming the Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies, LLC, *et al.* (the "Plan").

9.      Pursuant to the Plan, the deadline for the Reorganized Debtors to object to claims asserted by Rhodes and/or certain affiliated entities or individuals was 60 days from the effective date (the "Effective Date") of the Plan.  *See* Plan, Art. I(A)(22) [Docket No.

---

[2] The proposed Settlement does not resolve the Parties' dispute as to the Tax Claim, which was disallowed by order of this Court dated November 16, 2010.  The Reorganized Debtors understand that Rhodes may appeal from the Court's prior ruling on the Tax Claim.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AKIN GUMP STRAUSS HAUER & FELD LLP**
**One Bryant Park**
**New York, New York 10036**
**Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com**

1013]. On April 1, 2010, the Effective Date of the Plan occurred. Accordingly, the deadline to object to the Proof of Claim was May 31, 2010.

10.     The Plan further provides that, to the extent the Rhodes Entities'[3] claims are allowed, the Rhodes Entities retain the right to assert a setoff pursuant to 11 U.S.C. § 553 against any claims or causes of action that the Reorganized Debtors or the Litigation Trust (as defined in the Plan) may assert against the Rhodes Entities, without the need to file a motion requesting the right to perform such setoff. *See* Plan, Art. VIII(H).

**B.     Claims Covered by the Proposed Settlement**

　　*a.  The Greenway Partners Claim*

11.     By the Proof of Claim, Rhodes asserted a claim for monies he allegedly personally advanced to Greenway Partners, LLC on behalf of three individuals—Frederick Chin, James Coyne, and Christopher Stephens (collectively, the "Greenway Employees")— all of whom had briefly been employed by the Debtors prior to the Petition Date. According to Rhodes, these advances represented a portion of the salaries owed to the Greenway Employees for services rendered during their employment with the Debtors. Rhodes further asserted that he made these personal advances to avoid a disruptive conflict in the Debtors' offices related to the amount of compensation owed to the Greenway Employees.

　　*b.  The Scheduled Claims*

12.     The Debtors' April 30, 2009 schedules of assets and liabilities (the "Schedules") reflect that Rhodes and certain of his affiliated entities were scheduled as having a limited number of claims against the Debtors for which no proofs of claim were filed. Specifically, the Schedules include the following claims: (i) Rhodes Homes

---

[3] The Rhodes Entities, as defined by the Plan, includes James M. Rhodes.

Arizona's alleged obligation to compensate Rhodes for certain services in the amount of $151,999.01 (the "Compensation Claim"); (ii) Pinnacle Grading, LLC's alleged obligation to make certain equipment rental payments to Pinnacle Equipment Rental, LLC in the amount of $557,302.09 (the "Pinnacle Equipment Claim"); and (iii) Heritage Land Company's alleged obligation to repay Sedora Holdings, LLC $167,901.86 for its payment of certain litigation expenses (the "Sedora Claim" and, together with the Compensation Claim and the Pinnacle Equipment Claim, the "Scheduled Claims").

13.    The claims proposed to be resolved pursuant to the Settlement are the Scheduled Claims and the Greenway Partners Claim (collectively, the "Settled Claims").

**C.    Procedural History**

14.    On May 27, 2010, the Reorganized Debtors filed an objection to the Proof of Claim (the "Original Objection"). By the Original Objection, the Reorganized Debtors also indicated that they intended to amend the Schedules to remove the Scheduled Claims.

15.    On June 17, 2010, Rhodes filed an opposition to the Original Objection (the "Original Opposition"). Shortly thereafter, on August 24, 2010, this Court held a status conference during which the Parties agreed that the proceedings should be bifurcated with respect to: (1) Rhodes's entitlement to the Tax Claim; and (2) all issues regarding the Greenway Partners Claim and the Scheduled Claims.

16.    On November 4, 2010, this Court held a hearing on the Reorganized Debtors' objection to the Tax Claim and subsequently entered its *Order Sustaining Reorganized Debtors' Objection to James Rhodes' Entitlement to the Tax Claim Found in Proof of Claim No. 814-33* on November 16, 2010 (the "Tax Order").

5

17.     On November 30, 2010, Rhodes filed: (1) *James Rhodes' Notice of Appeal* from the Tax order; and (2) *James Rhodes' Statement of Election to Appeal to the United States District Court for the District of Nevada* (collectively, the "Tax Appeal").

18.     On April 14, 2011, Rhodes and the Reorganized Debtors filed a *Stipulation and Order Dismissing Appeal Without Prejudice,* wherein the parties stipulated and agreed that the Tax Order from which Rhodes appealed is not a final, appealable order.

19.     Thereafter, on April 18, 2011, the United States District Court for the District of Nevada entered an order dismissing the Tax Appeal, without prejudice.  By dismissal of the Tax Appeal, Rhodes shall not be deemed to have waived the right to timely file a new notice of appeal with respect to the Tax Claim upon the issuance by this Court of a final, appealable order, and consistent with applicable law.

20.     On April 19, 2011, this Court held a status hearing regarding the status of settlement discussions between the Parties as to the Tax Claim, the Greenway Partners Claim and the Scheduled Claims.  At that time, the Parties informed the Court that they had attended a settlement conference with the Honorable Judge Zive on April 7, 2011, in an effort to resolve the Parties' outstanding disputes, but were unable to reach a settlement. The Parties held an additional settlement conference with the Honorable Judge Zive on July 7, 2011, but again were unable to reach a settlement.

21.     Accordingly, on August 2, 2011 and September 27, 2011, this Court heard arguments with respect to the Greenway Partners Claim and the Scheduled Claims.  At the September 27, 2011 hearing, the Court sustained the Reorganized Debtors' objection to the Pinnacle Equipment Claim.[4]  The Court further held that material issues of fact remained

---

[4] By the Settlement, Rhodes has agreed not to appeal the order entered sustaining the Reorganized Debtors' objection to the Pinnacle Equipment Claim.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

Case 09-14814-gwz   Doc 1615   Entered 12/01/11 17:36:22   Page 7 of 16

outstanding with respect to the Greenway Partners Claim, the Compensation Claim and the Sedora Claim. Consequently, an evidentiary hearing with respect to the Greenway Partners Claim, the Compensation Claim and the Sedora Claim was scheduled for December 5, 2011.

**D.      The Settlement**

22.      After extensive, arm's-length negotiations between the Reorganized Debtors and Rhodes, the Parties have determined to enter into the Settlement in order to fully and finally resolve the Parties' disputes as to the Settled Claims. Pursuant to the Settlement, the Reorganized Debtors have agreed to an allowance of the Settled Claims in the amount of $500,000 for all purposes under the Plan, including the Rhodes Entities' right of setoff pursuant to 11 U.S.C. § 553 against any claims or causes of action that the Reorganized Debtors or the Litigation Trust may assert against the Rhodes Entitles, as more fully described above.

23.      If no Final Order (as defined below) is entered approving the Settlement (but not in the event of any proceeding brought to enforce or interpret the Settlement), the Parties acknowledge and agree that the Settlement, and all negotiations and proceedings connected with the Settlement, shall be without prejudice to the rights or remedies of the Parties, and no part of the Settlement, or any statement by any party, any finding of fact or any conclusions of law related thereto may be used in any manner by either Party in any action, suit, or proceeding as evidence of the respective rights, liabilities, duties, or obligations of the Parties.

24.      For purposes of the Settlement and this Motion, the term "Final Order" shall mean an order or other decree issued or approved by the Bankruptcy Court which has been

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

entered and as to which the appeals period has run, which order or other decree has not been reversed or stayed pending appeal.

25.     The Parties further agree that, upon entry of a Final Order approving the Settlement, Rhodes shall be entitled to file his notice of appeal with respect to the Tax Claim and consistent with applicable law.

## RELIEF REQUESTED

26.     By the Motion, the Reorganized Debtors request that the Court enter an order pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 approving the Settlement between the Reorganized Debtors and Rhodes.

## ARGUMENT

27.     As discussed in greater detail below, the Settlement provides for a compromise regarding the Settled Claims and all related disputes that is both fair and equitable.  Accordingly, the Settlement should be approved pursuant to Bankruptcy Rule 9019.

### A.     Approval of Settlements Pursuant to Bankruptcy Rule 9019

28.     Pursuant to Bankruptcy Rule 9019, courts may approve compromises or settlements "after notice and a hearing."  Fed. R. Bankr. P. 9019.  Indeed, courts are encouraged to approve reasonable settlements as it is well established that "the law favors compromise and not litigation for its own sake."  *Redwood Trust v. Am. Bldg. Storage, LLC (In re Am. Bldg. Storage*, *LLC*), Bankr. No. LA 03-17465-AA, 2007 WL 7532281, at *3 (B.A.P. 9th Cir. Apr. 2, 2007).  Thus, bankruptcy courts have been granted "wide latitude and considerable discretion in evaluating a proposed settlement because the bankruptcy judge 'is uniquely situated to consider the equities and reasonableness.'"  *Marlow v. Zamora*

*(In re Marlow)*, Nos. CC-10-1143 PaDKi, SV-09-23891-KT, 2011 WL 3299024, at *4

(B.A.P. 9th Cir. Feb. 1, 2011); *Turner v. Brady (In re Turner)*, Nos. NC-07-1306-PaMkMc,

02-46268, 2008 WL 8462952, at *8 (B.A.P. 9th Cir. Mar. 5, 2008).

29.     While a bankruptcy court has considerable discretion, it may only approve of

a settlement if it is both "fair and equitable" and "reasonable, given the particular

circumstances of the case." *Schwarz Publ'g, Inc. v. Davis (In re Schwarz Publ'g, Inc.)*, Nos.

SC-09-1032-PaRMo, 07-02122, 2009 WL 7751413, at *2 (B.A.P. 9th Cir. Aug. 4, 2009)

(citing *Martin v. Kane (In re A&CProps.)*, 784 F.2d 1377, 1381 (9th Cir. 1986)).  However,

a Rule 9019 examination does not require that the bankruptcy court conduct an exhaustive

investigation or a mini-trial on the merits.  Instead, the court "need only find that the

settlement was negotiated in good faith and is reasonable, fair, and equitable" in order to

approve a proposed settlement. *In re Yellowstone Mountain Club, LLC*, Nos. 08-61570-11,

08-61571-11, 08-61573-11, 08-61572-11, 2011 WL 4625381, at *10 (Bankr. D. Mont. Sept.

30, 2011); *In re Pacific Gas & Elec. Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004).

Indeed, when assessing a proposed settlement, "courts need not rule upon disputed facts and

questions of law, but only canvass the issues," since, if courts were required to do more than

that "there would be no point in compromising; the parties might as well go ahead and try

the case." *Suter v. Goedert*, 396 B.R. 535, 548 (D. Nev. 2008) (citing *Burton v. Ulrich (In

re Schmitt)*, 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997)).

30.     Courts in the Ninth Circuit consider four factors in determining whether a

proposed settlement satisfies the fair and equitable standard imposed by Rule 9019.  These

factors (collectively, the "A&C Properties Factors") include:  (1) the probability of success

in the litigation; (2) the difficulty in collection, if any; (3) the complexity of the legal issues

involved in the litigation; and (4) the paramount interests of the creditors.  *In re A&C Props.*, 784 F.2d at 1381; *Suter*, 396 B.R. at 548.  Nevertheless, a court need not find that a proposed settlement satisfies each of the foregoing factors.  Instead, a proposed settlement may be approved provided that the factors as a whole favor approval.  *See In re Pac. Gas & Elec. Co.*, 304 B.R. at 417; *Spirtos v. Ray (In re Spirtos)*, BAP Nos. CC-04-1621-MoBK, CC-05-1118-MoBK, 2006 WL 6811021, at *13 (B.A.P. 9th Cir. May 19, 2006).

**B.     The Proposed Settlement is Fair and Equitable and Should be Approved**

    *a.  Probability of Success in the Litigation*

    31.     While the Reorganized Debtors believe that their objection to the Greenway Partners Claim and Scheduled Claims would likely be sustained, the outcome of litigation over these claims cannot be predicted with certainty.  As described above, the Court had previously scheduled an evidentiary hearing to consider outstanding issues of material fact relating to both the Greenway Partners Claim and certain of the Scheduled Claims, including whether Rhodes had properly established a course of conduct defense such that he should be entitled to assert claims against the Reorganized Debtors.

    32.     The ability of the Reorganized Debtors to successfully establish the facts necessary to prevail on the objections at the evidentiary hearing, however, remains uncertain.  Accordingly, the Reorganized Debtors' probability of success in the litigation is unclear, and the first *A&C Properties* Factor weighs in favor of approval of the Settlement.

    *b.  Difficulty of Collection*

    33.     Because the Parties' disputes as to the Settled Claims relate solely to whether such claims should be allowed and ultimately be available to set off against any claims or

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

causes of action asserted or any judgments later obtained against the Rhodes Entities by the

Litigation Trust, the second *A&C Properties* Factor is inapplicable.

> c.   *The Complexity, Expense and Burden of Litigation*

34.    As set forth above, the Court determined on September 27, 2011 that material

issues of fact remained with respect to both the Greenway Partners Claim and the

outstanding Scheduled Claims and, accordingly, set December 5, 2011 as an evidentiary

hearing to consider evidence presented by both sides.  The evidentiary hearing would

require the Parties to conduct discovery and take depositions of numerous fact witnesses.

Both Parties had also contemplated the preparation of pre-trial submissions to assist the

Court in reaching its determination.  This process would force the Reorganized Debtors to

incur substantial costs and expenses.  Upon information and belief, even if the Reorganized

Debtors were to successfully prosecute their objection to the Settled Claims, Rhodes would

likely appeal from the Court's determination, resulting in additional costs that would be

borne by the reorganized estates.  Moreover, continued litigation over the Settled Claims

would divert the Reorganized Debtors' attention from the operation of their businesses.  As

a result, the third *A&C Properties* Factor also weighs in favor of approval of the Settlement.

> d.   *The Paramount Interests of the Creditors*

35.    The fourth and final *A&C Properties* Factor in the settlement analysis also

weighs in favor of approving the Settlement.  If the Settled Claims were to be allowed in the

amounts initially asserted by Rhodes or scheduled by the Debtors, as applicable, such claims

would total in excess of $1.7 million.  In a case such as this where unsecured creditors stand

to receive a *de minimis* recovery, the allowed amount of any particular unsecured claim

would generally be of little relevance to other creditors.  Here, however, the allowed amount

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

of the Settled Claims has a dollar-for-dollar impact on the amount of money the Litigation Trust will be entitled to recover on account of claims and causes of action against the Rhodes Entities, and thus will have a direct impact on the amounts eventually distributed to holders of interests in the Litigation Trust.  The Settlement minimizes the size of the claim the Rhodes Entities will be able to offset against any judgment, thereby increasing the chances that the Reorganized Debtors' creditors (who are now beneficiaries of the Litigation Trust) will receive a meaningful recovery on account of their trust interests.

36.     In addition to the foregoing, by resolving the Parties' disputes as to the Settled Claims, the Settlement will enable the Reorganized Debtors to focus their attention on the operation of their businesses for the benefit of their existing stakeholders.

### NOTICE

37.     The Reorganized Debtors will serve notice of this Motion by first-class mail, postage prepaid, upon the following parties, or in lieu thereof, to their counsel, if known:  (i) the Office of the United States Trustee; (ii) counsel to Rhodes; and (iii) all additional parties who have requested notice in this case.  The Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

38.     The Reorganized Debtors submit that the above notice is reasonable and appropriate and should be approved by this Court as adequate and sufficient notice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

## CONCLUSION

WHEREAS, for the reasons set forth above, the Reorganized Debtors respectfully request that this Court (i) enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, approving the Settlement between the Reorganized Debtors and Rhodes, and (ii) grant the Reorganized Debtors such other and further relief as is just, proper and equitable.

Dated this 1st day of December, 2011.

By:     /s/ Abid Qureshi
                 Nile Leatham (NV Bar No. 002838)
                 KOLESAR & LEATHAM CHTD.
                 400 South Rampart Boulevard, Suite 400
                 Las Vegas, Nevada 89145
                 (702) 362-7800 (Telephone)
                 (702) 362-9472 (Facsimile)
                 Nleatham@klnevada.com

                 AKIN GUMP STRAUSS HAUER & FELD LLP
                 Philip C. Dublin (NY Bar No. 2959344
                 Abid Qureshi (NY Bar No. 2684637)
                 Meredith A. Lahaie (NY Bar No. 4518023)
                 One Bryant Park
                 New York, New York 10036
                 (212) 872-1000 (Telephone)
                 (212) 872-1002 (Facsimile)
                 pdublin@akingump.com
                 aqureshi@akingump.com
                 mlahaie@akingump.com

                 *Counsel for the Reorganized Debtors*

# EXHIBIT A

# EXHIBIT A

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-14814-LBR |
| | § | (Jointly Administered) |
| **THE RHODES** | § | |
| **COMPANIES, LLC,** | § | |
| aka "Rhodes Homes," *et al.*, | § | **Chapter 11** |
| | § | |
| **Reorganized Debtors.**[1] | § | Hearing Date:  January 6, 2012 |
| | § | Hearing Time: 9:30 a.m. (PST) |
| _____ | § | Courtroom 1 |
| Affects: | § | |
| ☒ **All Debtors** | § | |
| ☐ **Affects the following** | § | |
| **Debtor(s)** | § | |

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

**ORDER APPROVING MOTION OF THE REORGANIZED DEBTORS FOR ENTRY OF AN ORDER APPROVING SETTLEMENT BETWEEN JAMES RHODES AND THE REORGANIZED DEBTORS**

Upon consideration of the *Motion of the Reorganized Debtors for Entry of an Order Approving Settlement Between James Rhodes and the Reorganized Debtors* (the "Motion") [Docket No. _____], and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2.      The Settlement is approved, and the Settled Claims shall be allowed in the amount of $500,000 for all purposes under the Plan as more specifically set forth in the Motion.[2]

3.      The Reorganized Debtors are authorized to take such actions as may be reasonably necessary to consummate the Settlement.

Submitted By:

DATED this _____ day of _____ 2011.

Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
(702) 362-7800 (Telephone)
(702) 362-9472 (Facsimile)
Nleatham@klnevada.com

_____

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

2