1 NILE LEATHAM, ESQ.
Nevada Bar No. 002838
2 NATALIE M. COX, ESQ.
Nevada Bar No. 007662
3 **KOLESAR & LEATHAM**
400 S. Rampart, Suite 400
4 Las Vegas, Nevada 89145
Telephone No. (702) 362-7800
5 Facsimile No. (702) 362-9472
E-Mail:   nleatham@klnevada.com
6          ncox@klnevada.com
*Counsel for the Reorganized Debtors*
7

PHILIP C. DUBLIN (NY Bar No, 2959344)
ABID QURESHI (NY Bar No. 2684637)
MEREDITH A. LAHAIE (NY Bar No. 4518023)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: 212.872.1000
Facsimile: 212.872.1002
E-Mail:   pdublin@akingump.com
          aqureshi@akingump.com
          mlahaie@akingump.com
*Counsel for the Reorganized Debtors*

8              **UNITED STATES BANKRUPTCY COURT**

9                    **DISTRICT OF NEVADA**

10 In re:

11 THE RHODES COMPANIES, LLC, aka
   "Rhodes Homes," et al.,
12

13            Reorganized Debtors.[1]

CASE NO. BK-09-14814-LBR
     (Jointly Administered)

Chapter 11

14

15      **REORGANIZED DEBTORS' OPPOSITION TO JAMES RHODES' MOTION
                          FOR RECUSAL**

16          The above-captioned reorganized debtors (collectively, the "Reorganized Debtors"), by

17 and through their undersigned counsel, Akin Gump Strauss Hauer & Feld, LLP and Kolesar and

18 Leatham, Chtd., hereby file this opposition (the "Opposition") to James Rhodes' ("Rhodes" and,

19 together with the Reorganized Debtors, the "Parties") Motion for Recusal pursuant to 28 U.S.C.

20 § 455 filed on November 14, 2011 (the "Motion").   In support of this Opposition, the

21 Reorganized Debtors respectfully state as follows:

22

23

24          [1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax
identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC
25 (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281);
Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and
26 Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany
Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and
27 Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn
Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes
28 Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654);
Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC
(6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

**INTRODUCTION**

1.      By the Motion, Rhodes seeks entry of an order disqualifying this Court from presiding over any proceeding or contested matter in the above-referenced chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases were commenced nearly *three years ago* on either March 31, 2009 or April 1, 2009 (collectively, the "Petition Date"), and have been presided over by Judge Riegle since the outset. During that time, this Court has heard numerous contested matters involving complex legal issues between holders of the first lien notes (the "Noteholders") and the Reorganized Debtors on one side, and Rhodes and the former Debtors on the other. The extensive factual record created as a result belies the suggestion that recusal is justified. To the contrary, this Court has at all times handled itself appropriately, and dealt with the Parties fairly and impartially. Accordingly, Rhodes' Motion falls far short of establishing the extreme circumstances that are necessary to warrant recusal and the granting thereof would result in substantial judicial inefficiencies, delay, and increased costs. Thus, Rhodes' Motion must be denied.

**ARGUMENT**

**I.      IT IS WELL SETTLED THAT RECUSAL IS INAPPROPRIATE WHEN THE ALLEGATIONS IN SUPPORT THEREOF ARE BASED SOLELY ON STATEMENTS MADE BY THIS COURT DURING CONTESTED PROCEEDINGS**

2.      By the Motion, Rhodes asserts that "Judge Riegle should recuse herself from any further proceedings in the above-entitled case because her *improper statements* show hostility towards Rhodes and may lead a reasonable person to question her impartiality." Motion at p. 8 (emphasis added). Rhodes, however, has not presented evidence sufficient to cause a reasonable person to question this Court's impartiality, as is required to meet the high threshold for recusal established by applicable law.

3.      Section 455(a) of title 28 provides that: "Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455(a). As stated by the Court of Appeals for the Ninth Circuit (the "Ninth Circuit"), the "reasonable person" referenced in section 455(a) is not one who

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

1    is "hypersensitive or unduly suspicious," but is instead a "well-informed, thoughtful observer."

2    *U.S. v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).

3        4.    The standard for recusal under section 455(a) based solely on judicial conduct (as

4    opposed to an "extrajudicial source") is "*extremely high*, and is found only in the *rarest of*

5    *circumstances*." *In re Marshall*, 291 B.R. 855, 860 (Bankr. C.D. Cal. 2003) (quoting *Liteky v.*

6    *United States*, 510 U.S. 540, 551 (1994)); *see also Holland*, 519 F.3d at 913-14 (stating that "§

7    455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for

8    recusal something other than rulings, opinions formed or statements made by the judge during

9    the course of the trial."). Indeed, "opinions formed by the judge on the basis of facts introduced

10   or events occurring in the course of [current or prior proceedings] do not constitute a basis for a

11   bias or partiality motion unless they display a deep-seated favoritism or antagonism that would

12   make fair judgment impossible." *Liteky*, 510 U.S. at 555-56 (providing the following as an

13   example of the type of comment that might support a bias or partiality motion: "'One must have

14   a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their

15   'hearts are reeking with disloyalty'") (internal citations omitted). The standard for recusal is

16   understandably high when viewed in the context of a judge's overarching obligation to preside

17   over those cases assigned to her—as stated by the Ninth Circuit, "[w]e begin with the general

18   proposition that, in the absence of a legitimate reason to recuse himself, a judge should

19   participate in cases assigned." *Holland*, 519 F.3d at 912 (internal citations omitted); *see also*

20   *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) ("[t]here is as much obligation for a judge

21   not to recuse when there is no occasion for him to do so as there is for him to do so when there

22   is.").

23       5.    Consideration of a motion for recusal requires a fact-intensive inquiry that is

24   typically performed without reliance on prior jurisprudence. *Clemens v. United States Dist.*

25   *Court for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) ("the analysis of a

26   particular section 455(a) claim must be guided, *not by comparison to similar situations*

27   *addressed by prior jurisprudence*, but rather by an independent examination of the unique facts

28   and circumstances of the particular claim at issue.") (quoting *United States v. Bremers*, 195 F.3d

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

1   221, 226 (5th Cir. 1999)) (emphasis added).  As discussed in greater detail below in Section II,

2   courts will also consider the timeliness of a motion for recusal when evaluating the facts and

3   circumstances presented.  *See e.g., U.S. v. Sierra Pacific Indus.*, 759 F.Supp.2d 1198, 1205-1206

4   (E.D. Cal. 2010).  For the reasons stated below, Rhodes has not met his extremely high burden of

5   demonstrating that the Court's statements render "fair judgment impossible" such as to warrant

6   recusal. *Liteky*, 510 U.S. at 555-56.

7         6.        Rhodes cites a number of statements by this Court in support of his contention

8   that the Court "has shown open and blatant animosity toward Rhodes and his business practices

9   and has exhibited clear one-sidedness."  Motion at p. 2.  Each of these statements, and its

10  relevance to the Court's consideration of the Motion based on the legal standards outlined above,

11  is addressed in the bullets that follow.

- **November 4, 2010 Hearing Transcript at 4:11-19 (statement regarding pass-through of income to Rhodes):**  The Court's statements regarding the pass-through nature of Rhodes' business enterprise were factual in nature and expressed no bias or opinion as to the propriety of such business practices.  Indeed, the Court's comments in this regard were prefaced with the following statement:  "I'm not sure what legal or [other] relevance this has."  Contrary to Rhodes' assertion, the Court's words do not imply that "Rhodes has defrauded creditors" and merely speak to the fact that monies were passed through the Debtor entities to Rhodes at a time when creditors were not being paid.  Motion at p. 3.  Moreover, even if the Court's words could be characterized as "hostile," such remarks do not rise to the level required to prevail on a recusal motion.  *See e.g., Liteky*, 510 U.S. at 555 (observing that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

- **November 4, 2010 Hearing Transcript at 16:14-15, 20:24-21:7 (Court's colloquy regarding whether Rhodes' actions constituted a breach of fiduciary duty):**  The Court's suggestion that Rhodes' conduct amounted to a breach of his fiduciary duty to creditors falls far short of the high threshold required on a recusal motion.  To the contrary, the Court acted well within its Congressional mandate when it raised *sua sponte* the issue of whether Rhodes had breached his fiduciary duties.  *See* 11 U.S.C. § 105(a) ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.").  Moreover, a court may properly express its views as to the strength of a claim during a contested proceeding.  *See e.g., Garcia v. Woman's Hosp. of Texas*, 143 F.3d 227, 230 (5th Cir. 1998) ("It was no violation of judicial impartiality for the district judge to form an opinion regarding the merits of the plaintiff's case[.]").  Further, allegations that Rhodes actions may have constituted a breach of fiduciary duty were not raised for the first time *sua sponte* by Judge Riegle.  To the contrary, those allegations were raised by the Noteholders on virtually the first day of the case in their motion to appoint a trustee (the "Trustee Motion").  Trustee Motion at p. 3, ¶1 [Docket No. 85] ("Rhodes has violated, and continues to violate, his fiduciary duties to creditors of these estates[.]").

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

- **September 27, 2011 Hearing Transcript at 38:16-24 (Court questioning whether Rhodes filed for bankruptcy in his individual capacity):** Rhodes characterizes the Court's statements as suggesting "that Rhodes had somehow acted improperly" without basis or explanation. Motion at p. 4. The Court's factual inquiry into the state of Rhodes' financial affairs is just that—a factual inquiry devoid of opinion or bias and is thus *entirely irrelevant* to the Court's consideration of the Motion. *See e.g., Holland*, 519 F.3d at 913-14 (stating that "§ 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of the trial.").

- **September 27, 2011 Hearing Transcript at 40:11-42:25 (Court implying that "Rhodes was motivated by greed and 'cheat[ed]' or otherwise 'sneakily' operated his businesses because he 'want[ed] even more money'") (Motion at p. 4):** The Court's statements throughout this portion of the September 27, 2011 hearing evidence the Court's frustration with Rhodes, his business affairs, and the effect of his business practices on creditors of these estates. The Court's opinions, while unfavorable to Rhodes, do not constitute cause for recusal under directly applicable Supreme Court and Ninth Circuit precedent. *See e.g., Liteky*, 510 U.S. at 555; *Holland*, 519 F.3d at 913-914.

- **September 27, 2011 Hearing Transcript at 58:7-10 (Court opining on likelihood of fraudulent conveyance claim to succeed if lawsuit were amended):** In connection with its consideration of whether Rhodes could establish a course of conduct defense that would entitle him to assert a claim against the Reorganized Debtors based on the Debtors' alleged past practice of reimbursing Rhodes, the Court opined that a fraudulent conveyance claim, if pursued, would likely succeed based on the facts and circumstances before it. The Court's views as to the likely outcome of a cause of action that had not yet been commenced—which views are based on over two and a half years of familiarity with these Chapter 11 Cases—are entirely appropriate and do not support the relief sought in the Motion. *See e.g., Garcia v. Woman's Hosp. of Texas*, 143 F.3d 227, 230 (5th Cir. 1998). Moreover, as discussed above, the Court has broad discretion to raise issues *sua sponte* to avoid an abuse of process and to otherwise enforce the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a); 11 U.S.C. § 548.

7.    These statements, whether taken individually or as a whole, are a far cry from the truly egregious conduct that must be shown for a court to find cause to recuse itself under section 455(a) of title 28, particularly when viewed through the lens of a reasonable observer as is required by the statute. 28 U.S.C. § 455(a). The Court's conduct throughout these proceedings evidences the Court's commitment to ruling on the issues presented to it based on the facts and circumstances then known, and the unbiased application of governing legal standards. For example, contrary to Rhodes' baseless allegation that the Court has "exhibited clear one-sidedness," the Court just months ago declined to grant the Reorganized Debtors' objection to certain claims asserted by Rhodes and instead directed the parties to appear for an evidentiary

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

1    hearing on the matter initially scheduled for December 5, 2011.[2]  In connection therewith, the

2    Court stated as follows:

3        THE COURT: [...]  Well, with respect to Greenway and the Rhodes compensation, there
         is [sic] factual issues about whether or not there was a contract.  And your briefing didn't
4        really address that issue.  You just say there's no written contract.  Well, that doesn't end
         the issue.  There doesn't have to be a written contract if there is a contract established by
5        the general principles of contract law, you know, was there a course of performance that
         shows there was a contract, and that wasn't addressed.

6

7    September 27, 2011 Hearing Transcript at 53:19-54:3.

8    The Court's refusal to simply sustain the Reorganized Debtors' objection to Rhodes' claim for

9    compensation would undoubtedly lead a reasonable, well-informed observer to conclude that

10   Rhodes has not presented sufficient—or indeed any—evidence of bias or partiality that would

11   mandate recusal on these facts.

12        8.      Finally, Rhodes' attempt to coerce this Court into granting the Motion by

13   analogizing the Court's statements to those made in *Fairley v. Andrews*, 423 F.Supp.2d 800

14   (N.D. Ill. 2006) should not be countenanced by this Court.  First, as stated by the Ninth Circuit,

15   analysis of a motion for recusal is necessarily fact and case-specific.  *Clemens v. United States*

16   *Dist. Court for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005).  Accordingly, any

17   effort by Rhodes to present *Fairley* as a precedent that should inform this Court's analysis of its

18   own actions should be summarily dismissed.  Second, even if this Court were to consider *Fairley*

19   in connection with its evaluation of the Motion, the facts of that case are not remotely analogous

20   to those present here.  For example, the court in *Fairley* was presented with statements it made

21   during the course of proceedings that arose from allegations of prison inmate abuse—statements

22   intimating that actions taken by one or more parties rose to the level of "public corruption."

23   *Fairley*, 423 F. Supp. 2d at 819 ("And I say in all seriousness because while this is not a public

24   corruption case, any time taxpayer money is wasted, that, to me, is the equivalent of

25   corruption.").  Rhodes' characterization of this Court's statements as akin to leveling accusations

26   of "public corruption" to parties in interest is nothing short of an inappropriate and unfounded

27   _____

28   [2] The Reorganized Debtors and Rhodes have subsequently settled the dispute that would otherwise have been heard
     on December 5, 2011, which settlement will be presented to this Court for approval on January 6, 2012.

1    personal attack.    Further, the *Fairley* Court reluctantly agreed to recuse itself because it

2    recognized that the expeditious resolution of the sensitive and politically-charged issues before it

3    (including the recusal motion) would serve the public interest—a concern clearly not implicated

4    by these protracted Chapter 11 Cases.  Id. at 823 ("The public interest will at least be served in

5    part by this ruling if, by resolution of allegations of misconduct at the Cook County jail, the

6    parties and the public can respond to the problem without the distraction of these claims of

7    judicial bias.").

8    **II.  GRANTING THE MOTION WOULD BE INCONSISTENT WITH THE**
     **PRINCIPLES OF JUDICIAL EFFICIENCY AND ECONOMY**

9

10        9.      The Ninth Circuit recognizes the importance of maintaining a single judge

11    throughout a bankruptcy case because "all parties to a bankruptcy case benefit from avoiding

12    wasteful duplication of scarce judicial resources."  *Smith v. Hale (In re Smith)*, 317 F.3d 918,

13    927 (9th Cir. 2002) (rev'd on other grounds).  This is particularly true where, as here, recusal is

14    sought nearly *three years after* the commencement of a case.  *See United States v. Sierra Pacific*

15    *Indus.*, 759 F. Supp. 2d 1198, 1206 (E.D. Cal. 2010) (finding that "granting a motion to recuse

16    many *months* after an action has been filed wastes judicial resources and encourages

17    manipulation of the judicial process") (quoting *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1029

18    (10th Cir. 1988)) (emphasis added); *In re Whet, Inc.*, 33 B.R. 424, 435 (Bankr. D. Mass. 1983)

19    (considering both "the continuing harm to creditors who have already waited two and one-half

20    years" and "judicial economy" in denying a motion for recusal).  Moreover, judicial economy is

21    best served by granting recusal only when the high threshold established by section 455(a) of

22    title 28 has been met.  S*ee generally Obert v. Republic W. Ins. Co.*, 190 F. Supp. 2d 279, 285

23    (D.R.I. 2002) (denying motion to recuse stating that "if recusal were granted too readily and the

24    case bounced from one judge to another, then judicial administration and economy would

25    suffer").

26        10.     The Chapter 11 Cases were commenced nearly three years ago.  During that

27    period, this Court has presided over, among other things, a contested plan process, the Debtors'

28    sale of substantially all of their Arizona real property and, most recently, the Reorganized

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com

Debtors' objection to claims asserted against the estates by Rhodes. The Court's extensive experience with these cases has enabled it to make both informed and appropriate decisions regarding the myriad of contested issues that have arisen over the course of the past 20 months. If this Court were to grant the Motion, the time required for the newly appointed judge to familiarize herself with all of the facts relevant to a given dispute in order to make a well-informed ruling would be extremely wasteful and significantly detrimental to the reorganized estates and those creditors who have an interest in the outcome of future litigation against Rhodes. Indeed, courts in this Circuit have been reluctant to grant recusal mere *months* after commencement of the underlying action. Judicial economy would most assuredly not be served by granting the Motion, and would encourage the very behavior courts in this and other jurisdictions seek to prevent—namely, a party's last ditch effort to procure a more favorably disposed judge and, thus, a favorable verdict. The Motion should therefore be denied.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

## CONCLUSION

WHEREFORE, for the reasons stated above, the Reorganized Debtors respectfully request that this Court:  (i) enter an order denying the Motion; and (ii) grant the Reorganized Debtors such other and further relief as is just, proper and equitable.

Dated this 23rd day of December, 2011.

By: _____

NILE LEATHAM, ESQ.
Nevada Bar No. 002838
NATALIE M. COX, ESQ.
Nevada Bar No. 007662
**KOLESAR & LEATHAM**
400 S. Rampart, Suite 400
Las Vegas, Nevada 89145
Telephone No. (702) 362-7800
Facsimile No. (702) 362-9472
E-Mail:    nleatham@klnevada.com
           ncox@klnevada.com

and

PHILIP C. DUBLIN (NY Bar No, 2959344)
ABID QURESHI (NY Bar No. 2684637)
MEREDITH A. LAHAIE (NY Bar No. 4518023)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone:  212.872.1000
Facsimile:  212.872.1002
E-Mail:    pdublin@akingump.com
           aqureshi@akingump.com
           mlahaie@akingump.com

*Counsel for Reorganized Debtors*