JOHN A. DICICCO
Principal Deputy Assistant Attorney General

VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683 Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6484
email: virginiacronan.lowe@usdoj.gov

Of Counsel:
Daniel Bogden
United States Attorney

Attorneys for the United States of America

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka<br>Rhodes Homes, et al.,<br><br>        Debtors. | ) BK-S-09-14814 LBR<br>) (Jointly Administered)<br>) Chapter 11<br>)<br>) Trial Date: March 5, 2012<br>) Time: 9:30 a.m.<br>) |

<u>UNITED STATES' PRETRIAL BRIEF</u>

The United States submits this brief in support of its position that The Rhodes Companies, LLC, et al. (hereinafter "the Reorganized Debtors") objection to the IRS proof of claim should be denied.

<u>STATEMENT OF THE CASE</u>

On April 13, 2010, the IRS filed amended proof of claim No. 7-2 with regard to Bravo, Inc. (hereinafter "Bravo"), one of the jointly administered debtors herein. Bravo, Inc. was previously in the business of framing houses for the Debtors' various homebuilding operations. The IRS amended proof of claim No. 7-2 included federal employment tax liabilities for the quarters ending September 30, 2000, December 31, 2000, all four calendar quarters of the years 2001 and 2001, and the quarters ending March 31, 2003 and June 30, 2003 (hereinafter "the periods at issue"). The proof of claim set forth a unsecured priority claim in the total amount of $1,326,068.11 and an unsecured general claim in the amount of $2,560,388.64.

On March 31, 2011, the Reorganized Debtors filed their Objection to Claim No. 7 Filed by the Internal Revenue Service Against Debtor Bravo, Inc. A hearing was held in this matter on September 27, 2011, at which time the Court determined that the Reorganized Debtors' objection to claim should be set for an evidentiary hearing and ordered the parties to submit simultaneous pretrial briefs. At issue in this matter is whether Bravo is responsible for paying the employment taxes set forth on the proof of claim.

The United States maintains that the evidence will show that during the periods at issue included on the proof of claim, Bravo had an agreement with Robert Kahre (hereinafter "Kahre") for Kahre to provide payroll services for Bravo employees. Under Kahre's practice no taxes were withheld from the employees' wages; he did not provide the employees' with a W-2 at the end of the year; and he did not file any quarterly employment tax returns with the IRS. On August 14, 2009, Kahre and three additional defendants were convicted of multiple felony counts, including conspiracy to defraud the United States, employment tax fraud, tax evasion, and attempts to interfere with the administration of internal revenue laws. *United States v. Robert D. Kahre*, CR-S-05-121 DAE (RJJ) (D. Nevada). The evidence at trial proved that Kahre and his co-defendants defrauded the United States government through the use of a fraudulent cash payroll scheme in which Kahre paid the employees of his own six contruction companies and the employees of 35 other contractors (such as Bravo, Inc.) in cash on a weekly basis; although Kahre fraudulently "claimed" to pay these individuals in gold and silver coins. Further, Kahre never filed a tax return with the IRS that reported the cash wages he paid to these employees and he never issued a Form W-2 or Form 1099 to these individuals, which would have showed the wages these individuals earned. Although Bravo entered into an agreement with Kahre to participate in his fraudulent cash payroll system, that agreement does not relieve Bravo, the actual employer, of the obligation to pay the employment taxes.

## ARGUMENT

A. Burden of Proof

In a bankruptcy proceeding, the court applies the burden of proof that has been established by the underlying substantive law that created the debtor's obligation. *In re Olshan*, 356 F.3d 1078, 1084 (9th Cir. 2004) (citing *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20-21 (2000)). "In an action to collect taxes, the government bears the initial burden of proof." *Id.* (citing *Palmer v. United States*, 116 F.3d 1309,1312

- 2 -

4675962.1

(9th Cir. 1997)). That burden is satisfied by the IRS's "deficiency determinations and assessments for unpaid taxes," which are presumed correct, and in cases which involve a determination based upon unreported income "so long as they are supported by a minimal factual foundation." *See Hardy v. Commissioner*, 181 F.3d 1002, 1005 (9th Cir. 1999). However, "[a] showing by the taxpayer that a determination is arbitrary, excessive or without foundation shifts the burden of proof back to the IRS." *In re Olshan*, 356 F.3d at 1085. In this matter, the IRS has filed a proof of claim setting forth the employment taxes for which Bravo is liable. The IRS' claim that Bravo is responsible for the employment taxes is based upon Bravo's participation in fraudulent payroll scheme as determined by the District Court in *United States v. Robert D. Kahre*, CR-S-05-121 DAE (RJJ) (D. Nevada). Thus, although this case does not involve unreported income and the IRS proof of claim is entitled to a presumption of correctness without any additional foundation, we have also set forth a factual foundation for the IRS' determination. Therefore, the Reorganized Debtor must come forward with evidence to show that the IRS' determination that Bravo is responsible for the payment of the employment taxes for the periods at issue is arbitrary, excessive or without foundation.

B.  <u>Federal Employment Taxes</u>

As set forth above, the liabilities on the proof of claim are for employment taxes, penalties and interest. Employers are required to withhold federal social security taxes (Federal Insurance Contributions Act, or "FICA" taxes) and income taxes from the salaries and wages paid to their employees and to pay over the withheld amounts to the United States. 26 U.S.C. §§ 3101; 3102(a), (b); 3402; 3403. In addition to withholding taxes from its employees' wages, the employer must also pay its own FICA contributions on behalf of its employees. 26 U.S.C. § 3111.

The withheld portion of the taxes–the income taxes and FICA taxes deducted from employees' salaries–are debts of the employees to the federal government on earned income. Although the employer collects the taxes and is, therefore, liable for their payment, the withheld taxes are not the property of the employer. They are a part of the wages held in trust for the benefit of the government. 26 U.S.C. § 7501. It is well settled that such trust funds are for the exclusive use of the United States and may not be used for any other purpose.

Federal employment tax obligations must be satisfied on a regular basis. The timing and frequency

- 3 -

4675962.1

of deposit and payment of employment taxes are prescribed by statute and regulation. Depending on the size of its employment tax liability, an employer must make either semi-weekly or monthly deposits with a government depository. *See* 26 U.S.C. § 6302; 26 C.F.R. § 31.6302-1. When it files its quarterly return, the employer must make full payment of the balance due for that quarter, after allowing credit for any deposits. 26 U.S.C. § 6151; 26 C.F.R. § 31.6302-1.

The Internal Revenue Code imposes mandatory penalties for failure to file returns, pay taxes, or deposit employment taxes in a government depository unless the taxpayer can demonstrate that such failure was due to "reasonable cause and not due to willful neglect." 26 U.S.C. §§ 6651(a)(1), (a)(2); 6656(a). Addressing the application of Section 6651(a)(1), the Supreme Court established that the taxpayer bears the "heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" *United States v. Boyle*, 469 U.S. 241, 245 (1985); *see also McMahan v. Commissioner*, 114 F.3d 366, 368 (2d Cir. 1997).

### C. Bravo Had A Non-Delegable Duty To Timely Perform Its Federal Tax Obligations

On November 20, 2007, a grand jury returned a multiple-count superseding indictment in *United States v. Robert D. Kahre*, CR-S-05-121 DAE (RJJ) (D. Nevada), charging defendants Robert Kahre, Lori Kahre, and Alexander Loglia with one count of conspiracy to defraud the government for the purpose of impeding and impairing the IRS, in violation of 18 U.S.C. § 371. *See* U.S. Exhibit 1. The Kahres and Loglia were also charged with attempting to interfere with the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a). *Id.* In addition, Robert Kahre was charged with multiple counts of willful failure to collect and pay over employment taxes, in violation of 26 U.S.C. § 7202. In particular, Count One charged that Kahre, in violation of 18 U.S.C. § 371, "devised, marketed, promoted, directed, controlled, implemented, and used a payroll scheme that concealed and disguised the true amount of income received by the individuals who were paid through the payroll scheme, which included . . . employees of the Other Contractors who used the Payroll Service." *Id*.

On August 14, 2009, after a 48-day trial, the jury returned verdicts finding Robert and Lori Kahre guilty of conspiracy to defraud the government and of attempted interference with the internal revenue laws. In addition, Robert Kahre was found guilty of multiple counts of willful failure to collect and pay over

employment taxes. On December 3, 2009, a Judgment In A Criminal Case (Dkt. No. 2615) was filed in *United States v. Robert D. Kahre*, CR-S-05-121 DAE (RJJ) (D. Nevada) which found Robert Kahre guilty on Count 1 (which is set forth above), 2-50, 51, 52-55, 56 and 59 of the 3rd Superseding Indictment. *See* U.S. Exhibit 2.

During the third quarter of the year 2000, Bravo entered into an agreement with Kahre to participate in his payroll service. This agreement continued until the second quarter of the year 2003. Testimony at trial by former Bravo employees will show that during the periods at issue three of Bravo's work crews were paid by Kahre's payroll service. The testimony will show that the three crews were headed up by Ismael Curiel (also known as Smiley), Andres Nunez, and Joaquin Barrajas, who were Bravo employees and received a paycheck by Bravo. According to Kahre's payroll system, on a weekly basis Bravo would fax to Kahre's payroll office a pay sheet that set forth a list of names of the workers on the three crews and how much each worker was to be paid. Kahre's payroll office would then send Bravo an invoice which would set forth the amount of the wages to be paid for that week and the fee that Kahre charged for doing the payroll. Bravo would then send a check to Kahre for the total amount of the invoice which Kahre would cash and then use that cash to pay the employees of Bravo according to what was specified by Bravo on the pay sheet. Kahre never filed a tax return with the IRS that reported the cash wages he paid to these employees and he never issued a Form W-2 or Form 1099 to these individuals, which would have showed the wages or amount that these individuals earned.

The Internal Revenue Code states unequivocally that the employer bears the responsibility for withholding and paying employment taxes. Section 3102(a) provides that "[t]he tax imposed by section 3101 [ *i.e.*, Social Security and Medicare taxes] shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid," and Section 3102(b) provides "*[e]very employer* required so to deduct the tax *shall be liable for the payment of such tax*." (Emphasis added.) Section 3403 likewise provides that "[t]he employer *shall be liable for the payment of the tax* required to be deducted and withheld under this chapter [ *i.e.*,income tax]." (Emphasis added.) Neither of these provisions provides for any exceptions to the requirement that the employer pay over the taxes. *See also* Treas. Reg. §§ 31.3102-1 ("[t]he employer is liable for the employee tax with respect to all wages paid by him to each of his

- 5 -                     4675962.1

employees"); 31.3402(a)-1(e) ("the legal responsibility for withholding, paying, and returning the tax . . . rests with the employer"); 31.3403-1 ("[e]very employer required to deduct and withhold the tax under section 3402 from the wages of an employee is liable for the payment of such tax"). Under certain circumstances, where an employer's agent has control of the payment of wages to the employees, the agent of the employer may become jointly and severally liable with the employer for the payment of employment taxes. *See* 26 U.S.C. § 3504. Even in that situation, however, "the employer for whom such . . . agent . . . acts shall remain subject to the provisions of law (including penalties) applicable in respect of employers." 26 U.S.C. § 3504. Courts recognize that an employer's duty to pay over employment taxes with respect to its employees is not delegable. *See, e.g.*, *Boyle*, 469 U.S. at 252 (the timely filing of returns and the payment of taxes are solely the duties of the taxpayer and are not delegable); *Morin v. Frontier Business Technologies, Inc.*, 288 B.R. 663, 665 (W.D. N.Y. 2003) (noting that, when payroll services provider misappropriated funds it had received from its clients for payment of their payroll taxes, the clients owed the unpaid taxes to the IRS); *United States v. Garami*, 184 B.R. 834, 838 (M.D. Fla. 1995) (contract with third party to pay employment taxes did not relieve employer of this liability); *See also In re Professional Security Services, Inc.*, 162 B.R. 901, 903 (Bankr. M.D. Fla. 1993); *In re Dakota Indus., Inc*., 131 B.R. 437, 446 (Bankr. D. S.D. 1991) (IRS was not required to credit taxpayer-employer for amount allegedly misappropriated from a trust-fund account by a third party; rejecting as frivolous taxpayer's argument that IRS should sue bank for the funds). *See also United States v. Galletti*, 541 U.S. 114, 121 (2004) ("[w]hen an employer fails to withhold and submit the requisite amount of employment taxes, § 3403 makes clear that the liable taxpayer is the employer"). *Cf. Boyle*, 469 U.S. at 252 ("[t]he failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing" under penalty provision); *Huffman, Carter & Hunt, Inc. v. United States*, 317 F. Supp. 2d 816 (S.D. Ohio 2004) (embezzlement by outside firm relied on by corporate taxpayer to take care of its payroll-tax obligations did not constitute "reasonable cause" for abatement of penalties for late payment of those taxes and late filing of returns); *Universal Concrete Prods., Corp. v. United States*, 71A A.F.T.R.2d (RIA) 3852 (E.D. Pa. 1990) (deception by taxpayer's controller does not constitute "reasonable cause" for nonpayment of taxes excusing penalties). Therefore, although Bravo entered into an agreement with Kahre to participate

in his fraudulent cash payroll system, that agreement does not relieve Bravo, the actual employer, of the obligation to pay the employment taxes.

### D. Bravo Was The Employer Of The Workers On The Three Crews

As set forth by the Ninth Circuit in *Stahl v. United States*, 626 F.3d 520, 523 (9th Cir. 2010), the existence of an employer-employee relationship generally turns on a number of factors:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Stahl*, 626 F.3d at 523, *citing*, *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318, 323-24 (1992). Of these factors, the most significant is the right to control. *See* Treas. Reg. § 31.3121(d)-1(c)(2); *Prof'l & Executive Leasing, Inc. v. Commissioner*, 862 F.2d 751, 753 (9th Cir. 1988).

The testimony at trial by former Bravo employees will reveal that Bravo had extensive control over the workers paid through Kahre's payroll system. Bravo provided the work sites and the materials at the work sites for the workers to perform the business of Bravo, namely the framing of houses. Bravo employees supervised the workers at the work sites. Bravo determined how many hours each of the workers worked and how much each of the workers would receive in wages. The testimony will reveal that once a week a Bravo employee would prepare a pay sheet which included the workers names and how much the worker was to be paid and then forwarded the pay sheet to Kahre's payroll office. Thereafter a check would be sent to Kahre in the total amount of wages to be paid to the employees plus a fee which was paid to Kahre for his service. In sum, an analysis of the common law factors as applied to the facts that will be set forth in the testimony of the witnesses will establish that Bravo is the employer of the workers paid through Kahre's payroll service. Bravo retained control over the workers themselves and the funds used to pay the workers

- 7 -                                                                                                 4675962.1

and as a result Bravo was the employer of the workers on the three crews.[1]

## CONCLUSION

Wherefore, based on the foregoing, the United States' respectfully requests that the IRS proof of claim be allowed as filed.

Dated this 13th day of February, 2011.

    JOHN A. DICICCO
    Principal Deputy Assistant Attorney General

    /s/ Virginia Cronan Lowe
    VIRGINIA CRONAN LOWE
    Trial Attorney, Tax Division
    U.S. Department of Justice

    Of Counsel:
    DANIEL BOGDEN
    United States Attorney

---

[1] Kahre maintains a consistent position in his Appellant brief filed in the Ninth Circuit where he states that none of the 35 businesses' workers were Kahre's employees and he was simply a payroll conduit for the 35 businesses. *United States v. Robert D. Kahre, et al.*, CA No. 09-10471; 09-10528; 09-10529 (9th Circuit); Appellant Robert D. Kahre's Opening Brief (Dk. Entry: 32), p. 26-27.

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' PRETRIAL BRIEF has been made this 13th day of February, 2012, by ECF filing addressed to:

Nile Leatham, Esq. at nleatham@klnevada.com
Abid Qureshi, Esq., at aqureshi@akingump.com

/s/ Virginia Cronan Lowe
VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice

- 9 -

4675962.1