JOHN A. DICICCO
Principal Deputy Assistant Attorney General

VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683 Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 307-6484
email: virginiacronan.lowe@usdoj.gov

Of Counsel:
Daniel Bogden
United States Attorney

Attorneys for the United States of America

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka<br>Rhodes Homes, et al.,<br><br>            Debtors. | ) BK-S-09-14814 LBR<br>) (Jointly Administered)<br>) Chapter 11<br>)<br>) Trial Date: March 5, 2012<br>) Time: 9:30 a.m.<br>) |

### UNITED STATES' RESPONSE TO PRE-TRIAL BRIEF OF REORGANIZED DEBTORS

The United States submits this brief in response to the Pre-trial Brief of the Reorganized Debtors. As set forth in detail below, the Reorganized Debtors failed to raise a statute of limitations defense in their objection to claim, the fraud penalties are not at issue in matter set for hearing on March 5, 2012, and the evidence will show that Bravo, Inc. is responsible for the employment taxes set forth on the proof of claim.

### ARGUMENT

A. <u>Reorganized Debtors Have Waived a Statute of Limitations Defense</u>

In the Pre-Trial Brief of the Reorganized Debtors, and for the first time in this matter, the Reorganized Debtors have plead that the IRS claim is barred by the statute of limitations. The Reorganized Debtors maintain that because the statute of limitations on assessments, as provided by 26 U.S.C. § 6501(a), had expired as to all periods set forth on the proof of claim by March 27, 2007, the entire IRS proof of claim

4675962.1

is barred by the statute of limitations.[1] *See* Pre-Trial Brief of Reorganized Debtors p. 15-16.  However, the Reorganized Debtors did not raise a statute of limitations defense in their Objection to Claim No. 7 Filed by the Internal Revenue Service Against Debtor Bravo, Inc. which was filed on March 31, 2011 (Dkt. No. 1377).  In addition, the Reorganized Debtors did not raise a statute of limitations defense in the Reply In Support of Objection To Claim No. 7 Filed By the Internal Revenue Service Against Debtor Bravo, Inc. filed on September 21, 2012 (Dkt. No. 1553) and the Reorganized Debtors did not raise a statute of limitations defense in the Joint Pre-trial Statement filed on January 26, 2012 (Dkt. No. 1640).

A claim in bankruptcy is deemed valid simply by virtue of a proof of claim in accordance with 11 U.S.C. §501 unless - "a party in interest" objects to the claim.  11 U.S.C. § 502(a).  Rule 3007 provides the procedure for objecting to a claim:

> An objection to the allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

Fed. R. Bankr.P. 3007.  Section 502(b)(1) provides that one of the grounds for disallowing a claim is that the claim is unenforceable under applicable law.  Statutes of limitations are affirmative defenses and, in bankruptcy, would be appropriately raised in an objection to claim.  *Claudio v. LVNV Funding, LLC*, __ B.R. __, 2012 WL 115378 (Bankr. D. Mass. 2012).  Consequently, a proof of claim based on a stale claim will be deemed allowed under §501(a) unless the affirmative defense is raised in a filed objection.  *In re Andrews*, 394 B.R. 384, 388 (Bankr. E.D. N.C. 2008) (citing *In re Varona*, 388 B.R. 705 (Bankr. E.D. Va. 2008)).  As shown above, the Reorganized Debtors failed to assert a statute of limitations defense in their objection to claim or in any pleading subsequent to the objection to claim.  Therefore, the Reorganized Debtors have waived this defense and the IRS claim should not be disallowed on this basis.

---

[1]/ 26 U.S.C. § 6501(c) provides that a tax may be assessed "at any time" in the case of a false or fraudulent return with the intent to evade tax (§ 6501(c)(1)) or in the case of failure to file a return (§ 6501(c)(3)).  In other words, where a taxpayer fails to file a return or files a fraudulent return, no statute of limitations applies.  Fraud penalties pursuant to 26 U.S.C. §6663(a) were included on the proof of claim filed by the IRS in this matter.  The Reorganized Debtors also did not object to the civil fraud penalties in their objection to claim and the civil fraud penalties were not set forth as an issue before the Court in the Joint Pre-trial Statement.  *See Infra.*

B.  Burden of Proof

In Section II of their Pre-trial Brief, the Reorganized Debtors argue that because the fraud penalties are at issue in this matter, the United States has the burden of proof and the applicable standard of proof is by clear and convincing evidence.  Although the United States bears the burden of proof in a proceeding to determine the merits of the fraud penalty (26 U.S.C. § 7454(a); *Zell v. Commissioner*, 763 F.2d 1139, 1144 (10th Cir. 1985)), the merits of the fraud penalties are not at issue here.[2]  As set forth above, the Reorganized Debtors did not raise a statute of limitations defense or assert a specific objection to the fraud penalties.  Moreover, the Joint Pre-trial Statement filed by parties specifically states that "[t]he issue before the Court is whether Bravo is the employer responsible for payment of the employment taxes set forth on the amended proof of claim."  To prevent prejudice, parties are typically considered bound by the statements of claims made in their pretrial order.  *See Dream Games of Arizona, Inc. v. PC Onsite, et al.*, 561 F.3d 983, 996 (9th Cir. 2009).  *See also* Fed.R.Civ.P. 16(e) (This order shall control the subsequent course of action unless modified ... to prevent manifest injustice.).  At this juncture in the proceedings, given that the fraud penalty has distinct elements and requires a different form of proof, it would be unduly prejudicial to include the imposition of the fraud penalties as an issue in the evidentiary hearing set for March 5, 2012.  As stated above, the only issue before the Court is whether Bravo is the employer responsible for payment of the employment taxes set forth on the amended proof of claim.  To the extent that the Reorganized Debtors want to raise additional issues, they need to set forth their claims in writing and allow the United States to respond to these claims and, if necessary, allow additional time for discovery.

As provided above, this action is an action to collect employment taxes.  As previously set forth in the United States Pretrial Brief, in a bankruptcy proceeding, the court applies the burden of proof that has been established by the underlying substantive law that created the debtor's obligation.  *In re Olshan*, 356 F.3d 1078, 1084 (9th Cir. 2004) (citing *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20-21 (2000)).  "In an action to collect taxes, the government bears the initial burden of proof."  *Id*. (citing *Palmer v. United*

---

[2]/ To satisfy the burden of proof, the United States must show that (1) an underpayment in tax exists, and (2) the taxpayer intended to conceal, mislead, or otherwise prevent the collection of taxes.  *Hi-Q Personnel Inc. v. Commissioner*, 132 T.C. 239, 279 (2009)

- 3 -

4675962.1

*States*, 116 F.3d 1309,1312 (9th Cir. 1997)). That burden is satisfied by the IRS's "deficiency determinations and assessments for unpaid taxes," which are presumed correct, and in cases which involve a determination based upon unreported income "so long as they are supported by a minimal factual foundation." *See Hardy v. Commissioner*, 181 F.3d 1002, 1005 (9th Cir. 1999). However, "[a] showing by the taxpayer that a determination is arbitrary, excessive or without foundation shifts the burden of proof back to the IRS." *In re Olshan*, 356 F.3d at 1085. In this matter, the IRS has filed a proof of claim setting forth the employment taxes for which Bravo is liable. Therefore, it is incumbent on the Reorganized Debtor to come forward with evidence to show that the IRS' determination that Bravo is responsible for the payment of the employment taxes for the periods at issue is arbitrary, excessive or without foundation.

### C. The Evidence Will Show That Bravo Was The Employer And Is Responsible For Paying The Employment Taxes At Issue

Testimony by former Bravo employees and Kahre employees will support the finding that Bravo was the employer and is responsible for the employment taxes at issue in this matter. Both former Bravo and Kahre employees will testify that Robert Kahre attended a meeting at the Bravo offices and explained his fraudulent payroll service to Dean Griffiths, the Bravo construction manager, and other Bravo employees. The testimony by the former Bravo and Kahre employees will show that during the periods at issue three of Bravo's work crews were paid by Kahre's payroll service. The testimony will show that the three crews were headed up by Ismael Curiel (also known as Smiley), Andres Nunez, and Joaquin Barrajas, who were Bravo employees. According to Kahre's payroll system, on a weekly basis the Bravo payroll office would receive a list from the crew leaders of the names of the workers and the work that they performed from which a Bravo employee would prepare a pay sheet which set forth the worker's name and how much each worker was to be paid. Dean Griffiths would then approve this pay sheet by signing it and then it would be faxed to Kahre's payroll office. Kahre's payroll office would then send Bravo an invoice which would set forth a figure that consisted of the amount of the wages to be paid for that week and the fee that Kahre charged for doing the payroll. Bravo would then send a check to Kahre for the total amount of the invoice which Kahre would cash and then use that cash to pay the employees of Bravo according to what was specified by Bravo on the pay sheet. Kahre never filed a tax return with the IRS that reported the cash wages he paid to

- 4 -

4675962.1

1  these employees and he never issued a Form W-2 or Form 1099 to these individuals, which would have
2  showed the wages or amount that these individuals earned.

3  Bravo continued using Kahre's payroll service until the second quarter of the year 2003 when Robert
4  Kahre was arrested and there was a raid on Kahre's businesses by the government. On November 20, 2007,
5  a grand jury returned a multiple-count superseding indictment in *United States v. Robert D. Kahre*, CR-S-05-
6  121 DAE (RJJ) (D. Nevada), charging defendants Robert Kahre, Lori Kahre, and Alexander Loglia with one
7  count of conspiracy to defraud the government for the purpose of impeding and impairing the IRS, in
8  violation of 18 U.S.C. § 371. *See* Declaration of Virginia Cronan Lowe (hereinafter "Lowe Decl."), U.S.
9  Exhibit 1. The Kahres and Loglia were also charged with attempting to interfere with the administration of
10 the internal revenue laws, in violation of 26 U.S.C. § 7212(a). *Id.* In addition, Robert Kahre was charged
11 with multiple counts of willful failure to collect and pay over employment taxes, in violation of 26 U.S.C.
12 § 7202. In particular, Count One charged that Kahre, in violation of 18 U.S.C. § 371, "devised, marketed,
13 promoted, directed, controlled, implemented, and used a payroll scheme that concealed and disguised the
14 true amount of income received by the individuals who were paid through the payroll scheme, which
15 included . . . employees of the Other Contractors who used the Payroll Service." *Id*.

16 On August 14, 2009, the jury returned verdicts finding Robert and Lori Kahre guilty of conspiracy
17 to defraud the government and of attempted interference with the internal revenue laws. In addition, Robert
18 Kahre was found guilty of  multiple counts of willful failure to collect and pay over employment taxes. On
19 December 3, 2009, a Judgment In A Criminal Case (Dkt. No. 2615) was filed in *United States v. Robert D.*
20 *Kahre*, CR-S-05-121 DAE (RJJ) (D. Nevada) which found Robert Kahre guilty on Count 1 (which is set
21 forth above), 2-50, 51, 52-55, 56 and 59 of the 3rd Superseding Indictment. *See* Lowe Decl., U.S. Exhibit
22 2.

23 The testimony at trial by former Bravo and Kahre employees will reveal that Bravo had extensive
24 control over the workers paid through Kahre's payroll system. Bravo provided the work sites and the
25 materials at the work sites for the workers to perform the business of Bravo, namely the framing of houses.
26 Bravo employees supervised the workers at the work sites. Bravo determined how many hours each of the
27 workers worked and how much each of the workers would receive in wages. Bravo provided a check which

28

- 5 -

4675962.1

was cashed and this cash was used to provide the wages to the employees who performed Bravo's work. The testimony will show that one day the Bravo employees were being paid by Bravo and the next they were being paid through Kahre's payroll service with no difference in how they performed their duties for Bravo.

The existence of an employer-employee relationship generally turns on a number of factors, however, of these factors, the most significant is the right to control. *See Stahl v. United States*, 626 F.3d 520, 523 (9th Cir. 2010); Treas. Reg. § 31.3121(d)-1(c)(2); *Prof'l & Executive Leasing, Inc. v. Commissioner*, 862 F.2d 751, 753 (9th Cir. 1988). A critical question is whether the person for whom the work is performed has the right to control the activities of the individuals whose status is in issue, not only as to results but also as to the means and method to be used for accomplishing the result. *United States v. Garami*, 184 B.R. 834, 838 (M.D. Fla. 1995). As set forth above, the testimony at trial will show that Bravo had control over the workers at the construction sites and control over the payment of the wages to the workers. The evidence will show that Bravo had actual control over the payment of the wages as Bravo determined the rates of pay, how much worker should be paid, and provided the cash to pay the workers.

The Reorganized Debtors cannot establish that Bravo was not responsible for paying the employment taxes at issue by merely by showing that it delegated the taxing responsibility to Kahre, for the withholding of employees' taxes is considered an important duty that cannot be delegated. *See In re Professional Services*, 162 B.R. 901, 904 (Bankr. M.D. Fla. 1993). The existence of other responsible parties who also control disbursement and have the requisite status, duty and authority does not relieve the party assessed of his own responsibility. *Id*. The Internal Revenue Code states unequivocally that the employer bears the responsibility for withholding and paying employment taxes. Section 3102(a) provides that "[t]he tax imposed by section 3101 [ *i.e.*, Social Security and Medicare taxes] shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid," and Section 3102(b) provides "*[e]very employer* required so to deduct the tax *shall be liable for the payment of such tax*." (Emphasis added.) Section 3403 likewise provides that "[t]he employer *shall be liable for the payment of the tax* required to be deducted and withheld under this chapter [ *i.e.*,income tax]." (Emphasis added.) Under certain circumstances, where an employer's agent has control of the payment of wages to the employees, the agent of the employer may become jointly and severally liable with the employer for the payment of

- 6 -

4675962.1

employment taxes. *See* 26 U.S.C. § 3504. Even in that situation, however, "the employer for whom such . . . agent . . . acts shall remain subject to the provisions of law (including penalties) applicable in respect of employers." 26 U.S.C. § 3504.

Courts recognize that an employer's duty to pay over employment taxes with respect to its employees is not delegable. *See, e.g.*, *Boyle*, 469 U.S. at 252 (the timely filing of returns and the payment of taxes are solely the duties of the taxpayer and are not delegable); *Morin v.Frontier Business Technologies, Inc.*, 288 B.R. 663, 665 (W.D. N.Y. 2003) (noting that, when payroll services provider misappropriated funds it had received from its clients for payment of their payroll taxes, the clients owed the unpaid taxes to the IRS); *United States v. Garami*, 184 B.R. 834, 838 (M.D. Fla. 1995) (contract with third party to pay employment taxes did not relieve employer of this liability); *In re Dakota Indus., Inc*., 131 B.R. 437, 446 (Bankr. D. S.D. 1991) (IRS was not required to credit taxpayer-employer for amount allegedly misappropriated from a trust-fund account by a third party; rejecting as frivolous taxpayer's argument that IRS should sue bank for the funds). Therefore, although Bravo entered into an agreement with Kahre to participate in his fraudulent cash payroll system, that agreement does not relieve Bravo, the actual employer, of the obligation to pay the employment taxes.

## CONCLUSION

Wherefore, based on the foregoing, the United States' respectfully requests that the IRS proof of claim be allowed as filed.

Dated this 27th day of February, 2012.

                          JOHN A. DICICCO
                          Principal Deputy Assistant Attorney General

                          /s/ Virginia Cronan Lowe
                          VIRGINIA CRONAN LOWE
                          Trial Attorney, Tax Division
                          U.S. Department of Justice

                          Of Counsel:
                          DANIEL BOGDEN
                          United States Attorney

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' RESPONSE TO PRE-TRIAL BRIEF OF THE REORGANIZED DEBTORS has been made this 27th day of February, 2012, by ECF filing addressed to:

Nile Leatham, Esq. at nleatham@klnevada.com
Abid Qureshi, Esq., at aqureshi@akingump.com

/s/ Virginia Cronan Lowe
VIRGINIA CRONAN LOWE
Trial Attorney, Tax Division
U.S. Department of Justice

4675962.1