Nile Leatham (NV Bar No. 002838)
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: 702.362.7800
Facsimile: 702.362.9472
E-Mail:    nleatham@klnevada.com

Philip C. Dublin (NY Bar No. 2959344)
Abid Qureshi (NY Bar No. 2684637)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone:  212.872.1000
Facsimile:  212.872.1002
E-Mail:    pdublin@akingump.com
           aqureshi@akingump.com

*Counsel for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: § | Case No. 09-14814-LBR |
| § | (JointlyAdministered) |
| **THE RHODES COMPANIES, LLC,** § | |
| aka "Rhodes Homes," *et al.*, § | Chapter 11 |
| § | |
| Reorganized Debtors.[1] § | |

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are:  Heritage Land Company, LLC (2918); The Rhodes Companies, LLC (3060); Rhodes Ranch General Partnership (1760); Tick, LP (0707); Glynda, LP (5569); Chalkline, LP (0281); Batcave, LP (6837); Jackknife, LP (6189); Wallboard, LP (1467); Overflow, LP (9349); Rhodes Ranch Golf and Country Club (9730); Tuscany Acquisitions, LLC (0206); Tuscany Acquisitions II, LLC (8693); Tuscany Acquisitions III, LLC (9777); Tuscany Acquisitions IV, LLC (0509); Parcel 20 LLC (5534); Rhodes Design and Development Corp. (1963); C&J Holdings, Inc. (1315); Rhodes Realty, Inc. (0716); Jarupa LLC (4090); Elkhorn Investments, Inc. (6673); Rhodes Homes Arizona, LLC (7248); Rhodes Arizona Properties, LLC (8738); Tribes Holdings LLC (4347); Six Feathers Holdings, LLC (8451); Elkhorn Partners, A Nevada Limited Partnership (9654); Bravo Inc. (2642); Gung-Ho Concrete, LLC (6966); Geronimo Plumbing, LLC (6897); Apache Framing, LLC (6352); Tuscany Golf Country Club, LLC (7132); Pinnacle Grading, LLC (4838).

| Affects: | § | DECLARATION OF DON A. BOETTCHER |
|---|---|---|
| | § | IN SUPPORT OF MOTION OF THE |
| | § | REORGANIZED DEBTORS FOR ENTRY |
| ☒ All Debtors | § | OF AN ORDER ENFORCING THE TERMS |
| ☐ Affects the following | § | OF THE THIRD AMENDED MODIFIED |
| Debtor(s) | § | PLAN OF REORGANIZATION PURSUANT |
| | § | TO CHAPTER 11 OF THE BANKRUPTCY |
| | § | CODE FOR THE RHODES COMPANIES, |
| | § | LLC, ET AL. AND THE RELATED |
| | § | CONFIRMATION ORDER |

I, Don A. Boettcher, hereby declare:

1.  I am currently an authorized agent for and on behalf of Rhodes Design and Development Corporation, a Nevada corporation, and its affiliated companies (collectively, "RDDC"). I have acted in this capacity since April 1, 2010. As part of my responsibilities and duties, I manage and oversee all of the business operations of RDDC (including, but not limited to, those pertaining to the Tuscany Project (as defined below)).

2.  I make this declaration in support of the Motion (the "Motion") of the Reorganized Debtors for Entry of an Order Enforcing the Terms of the Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for the Rhodes Companies, LLC, et al. and the Related Confirmation Order. Unless otherwise stated, I have personal knowledge of each of the matters set forth in this Declaration.

**Background**

**A.    The Tuscany Purchase Agreement**

3.  It is my understanding that, prior to the commencement of the Chapter 11 Cases (as defined in the Motion), RDDC, a Debtor in the Chapter 11 Cases and now a Reorganized Debtor, and Commerce Associates, LLC ("Commerce"), entered into that certain Purchase Agreement and Grant of Options dated November 14, 2003 (as amended

from time to time, the "Tuscany Purchase Agreement"). A copy of the Tuscany Purchase Agreement is attached hereto as Exhibit A.

4. Pursuant to the Tuscany Purchase Agreement, Commerce granted to RDDC the right and option to purchase all of the Property (as defined in the Tuscany Purchase Agreement), which consisted of (i) all of the residential, single-family lots contained (or otherwise contemplated) within the Tuscany Project (as defined below), and (ii) all of the multi-family parcels contained within the Tuscany Project. The term "Tuscany Project", as used herein, means that certain master planned community located in the City of Henderson, Nevada, which is known as "Tuscany Village".

5. Prior to the commencement of the Chapter 11 Cases and in accordance with the terms and provisions of the Tuscany Purchase Agreement, RDDC and/or its affiliated entities acquired certain portions of the Property. In addition, pursuant to a separate agreement between Tuscany Golf Country Club, LLC (an affiliate of RDDC), as the buyer, and Commerce, as the seller, Tuscany Golf Country Club, LLC acquired title and currently owns and operates an 18-hole golf course and related improvements within the Tuscany Project (the "Tuscany Golf Course"). All of the lots and property located within the Tuscany Project (including the Tuscany Golf Course) previously acquired by RDDC and/or any of its affiliates are hereinafter referred to collectively as the "RDDC Property".

6. As of the Petition Date, the Debtors had the option to purchase, and Commerce had the obligation to sell to the Debtors, certain additional Property pursuant to the terms of the Tuscany Purchase Agreement. The additional Property included (i) approximately 25 lots located within Parcel 6A of the Tuscany Project, (ii) approximately 18 finished lots contained within Parcel 17 of the Tuscany Project, and (iii) all of Parcels 5 and

22 of the Tuscany Project.

**B.     The Master CC&Rs**

7.     It is my understanding that, in connection with RDDC's development and operation of the RDDC Property, RDDC prepared, executed and recorded that certain Master Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Tuscany Residential Community dated July 26, 2005, and recorded on July 28, 2005 in Book 20050728, Instrument No. 0004296, of the Official Records of Clark County, Nevada (the "Master CC&Rs").  Commerce consented to the recordation of the Master CC&Rs, as evidenced by its execution of the "Consent of Master Developer" attached thereto.  Pursuant to the Master CC&Rs, Tuscany Master Association, a Nevada non-profit corporation (the "Master Association"), was formed by RDDC to, among other things, own, operate and maintain the common elements within the Tuscany Project for and on behalf of the homeowners and other property owners, enforce the Master CC&Rs and other Governing Documents (as defined in the Master CC&Rs) and perform the other duties and responsibilities of the Master Association under the Master CC&Rs and other Governing Documents.

8.     RDDC is the "Declarant" under the Master CC&Rs and holds all of the rights, privileges and benefits of the Declarant under the Master CC&Rs (collectively, the "Declarant Rights"), which rights include, but are not limited to, the right to appoint members of the board of directors and officers of the Master Association, the right to appoint members of the Design and Review Committee of the Association, the right enforce the CC&Rs and the covenants and restrictions contained therein, the right to review certain plans and specifications of homeowners and other developers and builders, the right to

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000 Facsimile: 212.872.1002 / akingump.com

construct and sell homes and other improvements within the Tuscany Project, the right to construct, maintain and operate models, construction offices and sales offices within the Tuscany Project, the right to annex and add property to the Master CC&Rs and Master Association, and the right to exercise various other "developmental rights" and "special declarant rights" (as those terms are defined in N.R.S. Chapter 116).

9. It is my understanding that, since the Master CC&Rs were originally recorded in 2005, RDDC has exercised and performed (and continues to exercise and perform) all of the rights, duties, obligations and responsibilities of the Declarant under the Master CC&Rs. These rights, duties, obligations and responsibilities include, without limitation, appointing the board members and the officers of the Master Association, annexing property to the Master CC&Rs, maintaining and operating the common elements and other amenities (including the gated entryways and recreation center) of the Master Association, preparing and maintaining the budgets of the Master Association and subsidizing shortfalls in such budgets.

10. RDDC continues to own numerous residential lots within the Tuscany Project and is actively developing, marketing and selling homes and other related improvements thereon. In addition, RDDC's affiliate, Tuscany Golf Country Club, LLC, still owns and operates the Tuscany Golf Course. The Declarant Rights held by RDDC are an integral part of (i) RDDC's ability to protect its assets and to develop, market and sell homes on its lots, and (ii) Tuscany Golf Country Club, LLC's maintenance and operation of the Tuscany Golf Course. These Declarant Rights are also critical to RDDC's ability to protect and maintain the aesthetic, recreational and other qualities of the Tuscany Project as a whole.

### C. The Conditional Assignment

11. It is my understanding that, as required under Section 10.2 of the Tuscany Purchase Agreement, a copy of that certain Conditional Assignment and Grant of Rights by RDDC in favor of Commerce was recorded on December 19, 2005, in Book 20051219, Instrument No. 0004171, of the Official Records of Clark County, Nevada (the "Conditional Assignment") at the closing of the Phase I Lots (as defined in the Tuscany Purchase Agreement) under the Tuscany Purchase Agreement. The Conditional Assignment was integrally related to the transactions contemplated by the Tuscany Purchase Agreement. In fact, as an ancillary agreement, the form of the Conditional Assignment was attached as an exhibit to Tuscany Purchase Agreement. A copy of the Conditional Assignment is attached hereto as Exhibit B.

12. Pursuant to the Conditional Assignment, RDDC purportedly assigned and granted a security interest to Commerce in and to the Declarant Rights under the Master CC&Rs, as additional security for RDDC's performance of its obligations to purchase all of the Property under the Tuscany Purchase Agreement. The Conditional Assignment expressly provided that "subject to Commerce's rights to accept, reject, or limit the transfer of same, [RDDC] hereby grants, assigns, and sets over to Commerce, and **grants a security interest in**, all of [RDDC's] right and interest in and to [RDDC's] rights as Declarant in and under the Master Declaration . . . ." The Conditional Assignment was also expressly conditioned upon and effective only upon the occurrence of a Termination Event (as defined in the Conditional Assignment).

13. In addition, the Conditional Assignment was not a self-effectuating document. Both the Conditional Assignment and the Tuscany Purchase Agreement

expressly provided that, in the event of the occurrence of a Termination Event, Commerce shall have the right, but not the obligation, to become the Declarant under the Master CC&Rs.

14. To my knowledge and belief, Commerce has never (whether before or after the commencement of the Chapter 11 Cases) exercised any right or otherwise assumed any obligation to become the Declarant under the Master CC&Rs.

15. To my knowledge and belief, since the Master CC&Rs were originally recorded in 2005, RDDC has been the sole Declarant under the Master CC&Rs and has continuously exercised and performed all of the rights and obligations of the Declarant thereunder.

### D. The Chapter 11 Cases

16. To my knowledge and belief, the Chapter 11 Cases were filed prior to RDDC's acquisition of all of the Property under the Tuscany Purchase Agreement, and Commerce still owns the portion of the Property not acquired by RDDC.

17. To my knowledge and belief, both the Tuscany Purchase Agreement and the Conditional Assignment were rejected (or deemed rejected) and otherwise terminated in connection with the Chapter 11 Cases. The Master CC&Rs, on the other hand, were expressly listed in the Assumption Schedule as an assumed contract.

### E. Letter from Commerce's Counsel

18. On or about November 21, 2012, RDDC's affiliate, Las Vegas Land Holdings, LLC, received a letter from Commerce's attorney, Stephen M. Rice at Rice Silbey Reuther & Sullivan, LLP (the "Commerce Letter"), which asserts, among other things, that "Commerce has retained the right to exercise and assign declarant rights under the existing

[Master CC&Rs] now of record with respect to the Tuscany master planned community pursuant to [the Conditional Assignment] . . . ." A copy of the foregoing Commerce Letter is attached hereto as Exhibit C. To my knowledge and belief, this is the first time that Commerce has ever asserted any claim with respect to the Declarant Rights.

### F.   Letter from Lennar's Counsel

19.   On or about November 29, 2012, Las Vegas Land Holdings, LLC, also received a letter from Dean S. Bennett at Cotton, Driggs, Walch, Holley, Woloson & Thompson, who apparently represents Lennar Corporation and/or its affiliates (collectively, "Lennar") in connection with a purchase and sale transaction between Commerce and Lennar with respect to the remaining residential property located within the Tuscany Project still owned by Commerce. A copy of the foregoing letter from Dean S. Bennett (the "Lennar Letter") is attached hereto as Exhibit D. In the Lennar Letter, Lennar asserts, among other things, that "Commerce has the present right and ability to take exclusive control of the [D]eclarant [R]ights and development rights" pursuant to the Conditional Assignment and to further assign those rights to Lennar in connection with the purchase and sale transaction between Lennar and Commerce. Based on the Lennar Letter, it appears that Lennar intends to attempt to take over and exercise the Declarant Rights under the Master CC&Rs in violation of RDDC's rights.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this **30** day of November, 2012.

By: _____

Don A. Boettcher

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212.872.1000  Facsimile: 212.872.1002 / akingump.com