1 | Rew R. Goodenow, Bar 3722
  | PARSONS BEHLE & LATIMER
2 | 50 West Liberty Street, Suite 750
  | Reno, Nevada 89501
3 | (775) 323-1601
  | rgoodenow@parsonsbehle.com
4 |
  | *Attorney for City of Henderson*
5 |

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>THE RHODES COMPANIES,<br>aka "Rhodes Homes, *et al.*,"[1]<br><br>Debtors<br><br>Affects:<br>☒ All Debtors<br>☐ Affects the Following Debtor(s) | CASE NO. BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION OF REORGANIZED DEBTORS FOR ENFORCEMENT OF PLAN INJUNCTION UNDER THE FIRST LIEN STEERING COMMITTEE'S THIRD AMENDED MODIFIED PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE FOR THE RHODES COMPANIES LLC, ET AL. AGAINST CITY OF HENDERSON**<br><br>Hearing Date: January 8, 2014<br>Hearing Time: 2:30 p.m. |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822);Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

The City of Henderson ("City"), by and through its undersigned counsel, Parsons Behle & Latimer, hereby opposes (the "Opposition") Reorganized Debtors' motion (the "Motion") for entry of an order enforcing the injunction and discharge provided for in the confirmed First Lien Steering Committee's Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for The Rhodes Companies LLC, et al. (the "Plan") against City. In support of the Opposition, City respectfully represents as follows:

## BACKGROUND

The City of Henderson ("City") and Commerce Associates, LLC ("Commerce") entered into that C-1 Channel Phase 3 Agreement on December 14, 2004 (the "Commerce Agreement") in connection with the development of a master planned community in Henderson, Nevada, commonly known as Tuscany. *See* Commerce Agreement. A copy of the Commerce Agreement is attached to the Motion as Exhibit 1 to the Declaration of Donald Boettcher. Clause 7.13 provides that the Commerce Agreement is binding upon successors and assigns. *Id.* at ¶ 7.13. Several of the Reorganized Debtors acquired portions of the Tuscany project that are subject to the Commerce Agreement. *See* Affidavit of Robert A. Murnane at ¶ 4, filed concurrently herewith ("Murnane Affidavit").

Prior to the Commerce Agreement, City had required and Commerce had completed Phases 1 and 2 of a water drainage facility, commonly known as the C-1 Channel, to carry storm water runoff from Tuscany and other properties. *See* Commerce Agreement at ¶ B.

As part of the continued development of Tuscany, City required construction of Phase 3, the final segment of the C-1 Channel. *See* Commerce Agreement at ¶ C.

Under the Commerce Agreement, Commerce and City agreed upon a $934,000.00 fee in connection with Phase 3 drainage facilities, such fee to be made by Commerce, on behalf of Tuscany, to City in two installments of $467,000.00 (the "Fee"), each due and payable in 2005. *See* Commerce Agreement at ¶ 3.3. The fee was a negotiated advance payment related to charges for work the Southern Nevada Water Authority would perform in Phase 3. *See* Commerce Agreement at ¶¶ D-H and 3.2. To date, the Fee has not been paid in whole or in part. *See* Murnane Affidavit at ¶ 5.

Case 09-14814-gwz    Doc 1800    Entered 12/16/13 16:31:45    Page 3 of 17

At the time when the Commerce Agreement was signed, the parties anticipated the development of Tuscany would soon thereafter require the Phase 3 water improvements. Murnane Affidavit at ¶ 6. The economic downturn, however, delayed the development of Tuscany and as a result the Fee was not needed at the time initially anticipated. *Id.* Now, development has continued and Reorganized Debtors are seeking from City approvals that require the Phase 3 water improvements. *Id.*

The Fee was imposed with due regard for the health, safety and management of the Las Vegas Wash, which, as provided in the Commerce Agreement, is a certain geographic channel identified on the 2002 Clark County Regional Flood Control District Master Plan Update. *See* Commerce Agreement at ¶ 3.1.

It was expressly determined under the Commerce Agreement that "the construction of Phase 3 and completion of the C-1 Channel will benefit the City, as well as the residents of Tuscany and other property owners within the City by providing for comprehensive drainage facilities in accordance with the City's master drainage plan." *See* Commerce Agreement at ¶ J.

City recorded the Commerce Agreement on March 22, 2006. *See* Commerce Agreement. The Commerce Agreement is recorded against certain land in Tuscany owned by some of the Reorganized Debtors, specifically Rhodes Design and Development Corporation (Case No. 09-14846); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); and Tuscany Acquisitions, LLC (Case No. 09-14853). *See* Murnane Affidavit at ¶ 4.

On March 31, 2009 and April 1, 2009, Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code (the "Code") in the United States Bankruptcy Court, District of Nevada (the "Petitions"), and their cases are being jointly administered under Case No. BK-S-09-14814-LBR. Despite the fact that Debtors acquired their respective interests in the encumbered Tuscany parcels <u>prior</u> to filing their Petitions, *see* Clark County Recorder's printout attached to Murnane Affidavit, the Commerce Agreement was not disclosed in Debtors' schedules.

The Plan was confirmed by Order of this Court on March 12, 2010. [Docket No. 1053]

PARSONS
BEHLE &
LATIMER

4834-7945-9095.5

3

The Effective Date of the Plan occurred on April 1, 2010. [Docket No. 1079] The Plan does not affect the Commerce Agreement, which runs with the land.

On or about September 11, 2013, Reorganized Debtors submitted to City certain maps for approval in conjunction with its development of Tuscany. *See* Murnane Affidavit at ¶ 7. On October 4, 2013, City advised Reorganized Debtors that final approval of the maps will be held until payment, or payment arrangement, of the Fee associated with the Phase 3 construction of the drainage facilities has been made pursuant to the Commerce Agreement. *Id.*[2]

## ARGUMENT

City's position that Reorganized Debtors pay the Fee associated with the construction of the Phase 3 drainage facilities pursuant to the Commerce Agreement does not violate this Court's federal injunction, discharge, or release approved under the Plan. The scope of protection under the Plan is governed by 11 U.S.C. § 524(a)(2), which provides: "A discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor. . . ." City's actions do not violate Section 524(a)(2), and therefore do not violate the Plan.

City's actions do not violate Section 524(a)(2) for at least two reasons. First, an act *in rem* does not violate Section 524(a)(2). *See In re Rountree*, 448 B.R. 389, 401 (Bankr. E.D. Va. 2011) (citing *Johnson v. Home State Bank,* 501 U.S. 78, 83 (1991)). Second, an act that does not violate the test applicable to a determination of a violation of the automatic stay under Section 362 does not violate Section 524(a)(2). *See Hardy v. United States (In re Hardy),* 97 F.3d 1384, 1390 (11th Cir. 1996).

**I. An Act *In Rem* Does Not Violate Section 524(a)(2), and Therefore Does Not Violate the Plan.**

The scope of the discharge injunction under Section 524(a)(2) prohibits a creditor from enforcing a discharged claim against a debtor *in personam*, but the discharge injunction does not

---

[2] By asserting its rights under the Commerce Agreement, City is not contending that the Commerce Agreement is the only basis for the payments relating to the costs of the Phase 3 improvements.

PARSONS
BEHLE &
LATIMER

4834-7945-9095.5

4

prohibit the creditor from enforcing an *in rem* claim against the debtor's property. *See* 11 U.S.C. § 524(a)(2) ("A discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a *personal liability* of the debtor...." (emphasis added)). The Supreme Court highlighted this aspect of the discharge injunction in *Johnson v. Home State Bank*, 501 U.S. 78 (1991): "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim – namely, an action against the debtor *in personam* – while leaving intact another – namely, an action against the debtor *in rem*." *Id.* at 83–84.

City's position that the Fee associated with the Commerce Agreement be paid prior to City's approval of maps for parcels against which the Commerce Agreement is recorded is an act *in rem*. City's act is plainly directed toward the parcel against which the Commerce Agreement is recorded – not *personally* against Reorganized Debtors. Therefore, City's actions do not violate Section 524(a)(2) and, accordingly, do not violate the Plan.

### A. Even if City is not enforcing a claim *in rem*, the Commerce Agreement "rode through" the bankruptcy.

Even if City is not enforcing a claim *in rem*, the Commerce Agreement is an executory contract that was neither assumed nor rejected in Debtors' bankruptcy. Accordingly, the Commerce Agreement "rode through" the bankruptcy, meaning "the contract is unaffected by the bankruptcy and the interests of both parties to the contract are preserved." *See In re JZ, LLC*, 357 B.R. 816, 821 (Bankr. D. Idaho 2006); *In re Hernandez*, 287 B.R. 795, 801 (Bankr. D. Ariz. 2002).

The Commerce Agreement is an executory contract. "An executory contract is one on which performance remains due to some extent on both sides. More precisely, a contract is executory if the obligations of both parties are so unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other." *In re Robert L. Helms Construction & Development Co., Inc.*, 139 F.3d 702, 704 (9th Cir. 1998) (quotation marks and citations omitted). At the time of Debtors' Petitions, the Fee had not been paid in whole or in part given that, to date, the Fee has not been paid in whole or in part. *See*

Murnane Affidavit at ¶ 5. The failure to pay the Fee constitutes material breach under the Commerce Agreement. *See* Commerce Agreement at ¶¶ 5.1 and 5.3.

Section 1123(b)(2) provides that "a plan may—subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section." The Ninth Circuit explained that in Chapter XI proceedings under the Bankruptcy Act, an executory contract continues in effect if the debtor in possession fails to affirmatively assume or reject it. *See Smith v. Hill*, 317 F.2d 539, 543 n. 6 (9th Cir.1963). This principle is known as the "ride through" doctrine. *See, e.g., In re JZ, LLC*, 357 B.R. 816, 821 (Bankr. D. Idaho 2006). "Though decided under the Act, *Hill* has been cited by several Code-era bankruptcy courts in cases discussing the "ride through" doctrine." *Id.* at 821 (citing *In re Hernandez*, 287 B.R. 795, 800 (Bankr. D. Ariz. 2002); *In re Cajun Elec. Power Co-op., Inc.*, 230 B.R. 715, 734 (Bankr.M.D.La.1999); *In re Parkwood Realty Corp.*, 157 B.R. 687, 690 (Bankr.W.D.Wash.1993); *Polysat, Inc. v. Union Tank Car Co.*, 152 B.R. 886, 890 (Bankr.E.D.Pa.1993).

The "ride through" doctrine has also been recognized by the U.S. Supreme Court and a leading bankruptcy treatise. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 546 n. 13 (1984) (noting in dicta that when a "contract is neither accepted nor rejected, it will 'ride through' the bankruptcy proceeding and be binding on the debtor even after a discharge is granted."); 3 *Collier on Bankruptcy* ¶ 365.04[3] at 365–33 (15th ed. rev.2006) ("If the trustee or debtor in possession fails either to assume or reject a contract by separate order in the plan, it appears that the contract would continue in existence.").

Here, despite the fact that Debtors acquired their interest in the encumbered Tuscany parcels prior to filing their Petitions, the Commerce Agreement – an executory contract – was not disclosed in Debtors' schedules. Debtors failed to affirmatively assume or reject the Commerce Agreement. Accordingly, the Commerce Agreement "rode through" Debtors' bankruptcy. Thus, even if City is found to be enforcing a claim under the Commerce Agreement *in rem*, the Commerce Agreement is unaffected by the bankruptcy and the interests of both parties to the

PARSONS
BEHLE &
LATIMER

4834-7945-9095.5

contract are preserved. *See, e.g., In re* JZ, LLC, 357 B.R. 816, 821 (Bankr. D. Idaho 2006); *In re Hernandez*, 287 B.R. 795, 801 (Bankr. D. Ariz. 2002).

## II. An Act that Does Not Violate the Test Applicable to a Determination of a Violation of the Automatic Stay Under Section 362 Does Not Violate Section 524(a)(2), and Therefore Does Not Violate the Plan.

At least one Bankruptcy court has noted that "Bankruptcy courts generally follow the Eleventh Circuit's test in deciding whether the injunction of § 524(a)(2) has been violated, and, if so, willfully." *In re Phillips*, 368 B.R. 733, 742 (Bankr. N.D. Ind. 2007). "The test applicable to the determination of a willful violation of the automatic stay under § 362 is *equally applicable* to the determination of willful violation of the post-discharge injunction under § 524." *In re Pincombe*, 256 B.R. 774, 783 (Bankr. N.D. Ill. 2000) (citing *Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1390 (11th Cir. 1996)) (emphasis added). Accordingly, if City's actions do not violate Section 362, they in turn do not violate Section 524(a)(2).

Under Section 362, certain activities are exempted from the automatic stay when a bankruptcy petition is filed. Section 362(b)(4) provides that the filing of a petition does not operate as a stay of "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." The term "police or regulatory power" is not defined in the Bankruptcy Code.

The Ninth Circuit applies two alternative tests to determine whether an action is in exercise of a governmental unit's police and regulatory power. *California ex rel. Brown v. Villalobos*, 453 B.R. 404, 409 (D. Nev. 2011) (citing *City & County of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1123–24 (9th Cir.2006). The Ninth Circuit tests have been recognized by this Court. *See id.*

> The [two alternative] tests are the "pecuniary purpose" test and the "public policy" test. *Id.* at 1124. "Satisfaction of either test will suffice to exempt the action from the reach of the automatic stay." *Id.* Under the pecuniary purpose test, "the court determines whether the government action relates primarily to the protection of the government's pecuniary interest in the debtor's property or to matters of safety and welfare." *Id.* at 1124–25. Under the public policy test, "the court determines whether the government seeks to

'effectuate public policy' or to adjudicate 'private rights.'"*Id.* at 1125."

*California ex rel. Brown v. Villalobos*, 453 B.R. 404, 409 (D. Nev. 2011) (citing *City & County of San Francisco v. PG & E Corp.*, 433 F.3d 1115 (9th Cir.2006).

Under the pecuniary purpose test, "[i]f the action primarily seeks to protect the government's pecuniary interest, the automatic stay applies. If the suit primarily seeks to protect the public safety and welfare, the automatic stay does not apply." *Id.* at 413 (citing *City & County of San Francisco v. PG & E Corp.*, 433 F.3d 1115 (9th Cir. 2006). This Court has explained that "[a]n example of a suit that would fail to satisfy the pecuniary purpose test (and also the public policy test) would be one in which the government sues a party to a governmental contract for contractual damages." *Id.* at 413 (citing *In re Coporacion de Servicios Medicos Hospitalarios de Fajardo,* 805 F.2d 440, 445 (1st Cir. 1986).

City's actions pass the pecuniary purpose test. First, City has not sued Reorganized Debtors. Second, City has not sought contractual damages from Reorganized Debtors. Third, City's actions "primarily seek to protect the public safety and welfare." *Id.* at 413. A fee that "benefits . . . residents of Tuscany and other property owners within the City by providing for comprehensive drainage facilities in accordance with the City's master drainage plan" is clearly for the public safety and welfare. *See* Commerce Agreement at ¶ J. Indeed, the Fee was agreed upon with "due regard. . . for the overall health, safety and management of the Las Vegas Wash." *See* Commerce Agreement at ¶ 3.1).

Under the public purpose test, "the court determines whether the government seeks to 'effectuate public policy' or to adjudicate 'private rights.' If the primary purpose of the suit is to effectuate public policy, then the exception to the automatic stay applies. However, [a] suit does not satisfy the 'public purpose' test if it is brought primarily to advantage discrete and identifiable individuals or entities rather than some broader segment of the public." *City & Cnty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1125 (9th Cir. 2006) (internal citations omitted).

City's actions pass the public purpose test. As noted above, the Fee helps provide for "comprehensive drainage facilities in accordance with the City's master drainage plan." *See*

Commerce Agreement at ¶ J. A fee that provides comprehensive drainage facilities is clearly for a public purpose. Comprehensive drainage facilities in turn "benefit the City, as well as the residents of Tuscany and other property owners within the City." *Id.* A fee for drainage facilities that benefit the City, benefit the residents of Tuscany, and benefit other property owners is clearly for a public purpose. Furthermore, storm water runoff is a public harm. Thus, the fee also addresses public harm. Accordingly, government action that funds construction and completion of comprehensive drainage facilities "is not analogous to cases in which the government is, essentially, adjudicating private rights rather than addressing public harms." *California ex rel. Brown v. Villalobos*, 453 B.R. 404, 416 (D. Nev. 2011).

City's position that Reorganized Debtors pay the Fee associated with the construction of the Phase 3 drainage facilities pursuant to the Commerce Agreement is an exercise of its police power within the meaning of 11 U.S.C. § 362(b)(4), and is therefore exempt from the automatic stay. Accordingly, the City's actions do not violate Section 524(a)(2) or, in turn, the Plan.

## CONCLUSION

WHEREFORE, City respectfully requests that the Court deny Reorganized Debtors' Motion.

DATED this 16th day of December, 2013

PARSONS BEHLE & LATIMER

By: /s/ Rew R. Goodenow
Rew R. Goodenow, Bar No. 3722
Attorney for City of Henderson

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December 2013, I caused to be filed and served through the Bankruptcy Court's ECF system, a true and correct copy of the foregoing **OPPOSITION TO MOTION OF REORGANIZED DEBTORS FOR ENFORCEMENT OF PLAN INJUNCTION UNDER THE FIRST LIEN STEERING COMMITTEE'S THIRD AMENDED MODIFIED PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE FOR THE RHODES COMPANIES LLC, ET AL. AGAINST CITY OF HENDERSON**, to:

KEVIN N. ANDERSON on behalf of Creditor JAMES RHODES
kanderson@fabianlaw.com, sburdash@fabianlaw.com

BRETT A. AXELROD on behalf of Creditor SAGEBRUSH ENTERPRISES, INC.
baxelrod@foxrothschild.com,
pkois@foxrothschild.com;rdittrich@foxrothschild.com;ldupree@foxrothschild.com

LORI BROWN on behalf of Creditor Las Vegas Supply, Inc.
minute@legalcounselors.com

PHILIP R. BYRNES on behalf of Creditor CITY OF LAS VEGAS
PBYRNES@LASVEGASNEVADA.GOV,
CKELLY@LASVEGASNEVADA.GOV;KHANSEN@LASVEGASNEVADA.GOV;BCOMELLA@LASVEGASNEVADA.GOV;JANDREWS@LASVEGASNEVADA.GOV

SHIRLEY S. CHO on behalf of Debtor THE RHODES COMPANIES, LLC
scho@pszjlaw.com

JANET L. CHUBB on behalf of Creditor COMMERCE ASSOCIATES, LLC
bsalinas@armstrongteasdale.com

DAVID A. COLVIN on behalf of Creditor DANA KEPNER COMPANIES, LLC
dcolvin@maclaw.com, mwalters@maclaw.com;tszostek@maclaw.com;cshurtliff@maclaw.com

NATALIE M. COX on behalf of Interested Party REORGANIZED DEBTORS
ncox@klnevada.com, bankruptcy@klnevada.com;kdunn@klnevada.com

THOMAS E. CROWE on behalf of Creditor SHANE SMITH
tcrowe@thomascrowelaw.com

DAMON K. DIAS on behalf of Creditor X-It at 215, LLC
ddias@diaslawgroup.com,
bankruptcy@diaslawgroup.com;jisselas@diaslawgroup.com;elizabethd@diaslawgroup.com

TRACY A. DIFILLIPPO on behalf of Creditor COMMERCE ASSOCIATES, LLC
tdifillippo@armstrongteasdale.com, jelia@armstrongteasdale.com

CONOR P. FLYNN on behalf of Creditor COMMERCE ASSOCIATES, LLC
cflynn@armstrongteasdale.com

PARSONS BEHLE & LATIMER

14298.014/4841-8965-6323.1

1  GORDON R. GOOLSBY on behalf of Creditor COMMERCE ASSOCIATES, LLC
   ggoolsby@armstrongteasdale.com, bsalinas@armstrongteasdale.com
2

3  JAMES D. GREENE on behalf of Plaintiff EUGENE DAVIS
   jgreene@greeneinfusolaw.com,
4  fritchie@greeneinfusolaw.com;kfarney@greeneinfusolaw.com;swalkenshaw@greeneinfusolaw.com;cwalton@greeneinfusolaw.com

5
   KIRBY C. GRUCHOW on behalf of Creditor NEVADA POWER COMPANY
6  hkelley@leachjohnson.com

7
   DAVID R HAGUE on behalf of Creditor JAMES RHODES
8  dhague@fabianlaw.com, dromero@fabianlaw.com

9  CAROL L. HARRIS on behalf of Creditor In re Kitec Fitting Litigation Class Plaintiffs
   c.harris@kempjones.com, ade@kempjones.com;srd@kempjones.com
10

11 WILLIAM H HEATON on behalf of Defendant JOHN RHODES
   will@nwhltd.com, Solana@nwhltd.com
12
   RODNEY M. JEAN on behalf of Creditor Credit Suisse, Cayman Islands Branch
13 RJEAN@LIONELSAWYER.COM, bklsclv@lionelsawyer.com;mstow@lionelsawyer.com

14
   JAMES J. JIMMERSON on behalf of Defendant FARM HUALAPAI LLC
15 jjj@jimmersonhansen.com,
   mg@jimmersonhansen.com;ks@jimmersonhansen.com;lh@jimmersonhansen.com
16
   ROBERT R. KINAS on behalf of Creditor CATERPILLAR FINANCIAL SERVICES
17 CORPORATION
   rkinas@swlaw.com,
18 jmath@swlaw.com;mfull@swlaw.com;bgriffith@swlaw.com;nunzueta@swlaw.com;docket_las
   @swlaw.com;cgianelloni@swlaw.com;nkanute@swlaw.com
19

20 KEITH S. KNOCHEL on behalf of Creditor VALERIE SILVAS
   law@lawyersinarizona.com, bank@lawyersinarizona.com
21
   BART K. LARSEN on behalf of Creditor Reef Colonial, LLC
22 blarsen@klnevada.com,
   jierien@klnevada.com;bankruptcy@klnevada.com;mbarnes@klnevada.com
23

24 ZACHARIAH LARSON on behalf of Debtor APACHE FRAMING, LLC
   cshurtliff@maclaw.com, sstanton@maclaw.com;akosina@maclaw.com;mwalters@maclaw.com
25

26 NILE LEATHAM on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED
   LENDERS
27 nleatham@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com

28 ANNE M. LORADITCH on behalf of Creditor JAMES RHODES

PARSONS
BEHLE &
LATIMER

- 2 -

14298.014/4841-8965-6323.1

aloraditch@bachlawfirm.com,
sandra.herbstreit@bachlawfirm.com;pblack@bachlawfirm.com;jbach@bachlawfirm.com;mmascarello@bachlawfirm.com

VIRGINIA CRONAN LOWE on behalf of Creditor UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE
virginiacronan.lowe@usdoj.gov, Western.Taxcivil@usdoj.gov

ERIC D. MADDEN on behalf of Other Prof. THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC
emadden@diamondmccarthy.com, cburrow@diamondmccarthy.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

JEANETTE E. MCPHERSON on behalf of Defendant KB HOME NEVADA, INC.
bkfilings@s-mlaw.com

SUSAN L. MYERS on behalf of Creditor Credit Suisse, Cayman Islands Branch
smyers@lacsn.org, emontes@lacsn.org;bklsclv@lionelsawyer.com

W. OWEN NITZ on behalf of Defendant John C. Rhodes, John C. Rhodes, Trustee of the Dynasty Trust 1, John C. Rhodes, Trustee of the Dynasty Trust II, Gypsum Resources, LLC and Truckee Springs Holdings, Inc.
owen@nwhltd.com, jim@nwhltd.com

JEFFREY D. OLSTER on behalf of Creditor HARSCH INVESTMENT PROPERTIES - NEVADA, LLC
sallade@lbbslaw.com

OMNI MANAGEMENT GROUP, LLC (bo)
bosborne@omnimgt.com, sewing@omnimgt.com

ERIC RANSAVAGE on behalf of Creditor Leslie Blasco, et al.
eransavage@ssllplaw.com, agutierrez@ssllplaw.com

JACOB J ROBERTS on behalf of Other Prof. THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC
jroberts@diamondmccarthy.com, cburrow@diamondmccarthy.com

MARVIN C. RUTH on behalf of Creditor CEMEX CONSTRUCTION MATERIALS SOUTH, LLC
MRuth@LRLaw.com

BRIAN D. SHAPIRO on behalf of Other Prof. THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC
bshapiro@brianshapirolaw.com,
ecf@brianshapirolaw.com;brianshapiroesq@yahoo.com;bshapiro@brianshapirolaw.com;candice

- 3 -

PARSONS
BEHLE &
LATIMER

14298.014/4841-8965-6323.1

@brianshapirolaw.com

SHLOMO S. SHERMAN on behalf of Interested Party REORGANIZED DEBTORS
ssherman@klnevada.com, bankruptcy@klnevada.com;bbroussard@klnevada.com

ROSA SOLIS-RAINEY on behalf of Defendant DELOITTE & TOUCHE LLP
rsr@morrislawgroup.com, bkv@morrislawgroup.com

MARK R. SOMERSTEIN on behalf of Creditor WELLS FARGO BANK, N.A.
mark.somerstein@ropesgray.com

ELIZABETH E. STEPHENS on behalf of Attorney SULLIVAN HILL LEWIN REZ & ENGEL
stephens@sullivanhill.com,
calderone@sullivanhill.com;vidovich@sullivanhill.com;roberts@sullivanhill.com;hill@sullivanhill.com;Manning@sullivanhill.com;stein@sullivanhill.com;iriarte@sullivanhill.com;benoit@sullivanhill.com;ggarcia@sullivanhill.com;murdock@sullivanhill.com

JEFFREY R. SYLVESTER on behalf of Creditor CREDIT SUISSE, CAYMAN ISLANDS BRANCH
jeff@sylvesterpolednak.com, tina@sylvesterpolednak.com;bridget@sylvesterpolednak.com

TIMOTHY P. THOMAS on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS
, veralynn@tthomaslaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

DONALD H. WILLIAMS on behalf of Creditor Westar Kitchen & Bath, LLC
DonaldHWilliamsLaw@gmail.com, taylorsellers@gmail.com

GREGORY F WILSON on behalf of Witness SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON
gfwilson@wilsonquint.com, pwilson@wilsonquint.com

MICHAEL B WIXOM on behalf of Interested Party MUTUAL OF OMAHA BANK
mbw@slwlaw.com, ef@slwlaw.com

MICHAEL YODER on behalf of Other Prof. THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC
myoder@diamondmccarthy.com, cburrow@diamondmccarthy.com

PARSONS
BEHLE &
LATIMER

14298.014/4841-8965-6323.1

**and sent the same via US Mail, postage prepaid to the following:**

| | |
|---|---|
| ACCELERON GROUP<br>2791 SOFT HORIZON WAY<br>LAS VEGAS, NV 89135 | JANICE J. BROWN<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>400 SOUTH FOURTH STREET, SUITE 500<br>LAS VEGAS, NV 89101<br>on behalf of Creditor HARSCH INVESTMENT PROPERTIES - NEVADA, LLC |
| ALVAREZ & MARSAL NORTH AMERICA, LLC<br>BY & THRU ITS REGISTERED AGENT:<br>CSC SERVICES OF NEVADA, INC.<br>2215-B RENAISSANCE DRIVE<br>LAS VEGAS, NV 89119 | |
| F/KA MERRILL LYNCH B OF A ML ASSET HOLDING<br>BY AND THROUGH ITS REGISTERED AGENT<br>CORPORATION TRUST COMPANY OF NEVADA<br>311 SOUTH DIVISION STREET<br>CARSON CITY, NV 89703 | DAVID J CABRAL<br>REGISTERED AGENT FOR:<br>AMERICAN COMMONWEALTH MORTGAGE COMPANY<br>536 E. ST. LOUIS AVE.<br>LAS VEGAS, NV 89104, |
| | DEBRA CARRIGAN<br>7757 RADCLIFF STREET<br>LAS VEGAS, NV 89123 |
| BANCROFT SUSA & GALLOWAY P.C.<br>ATTN: PAUL D. BANCROFT<br>3955 E. FT. LOWELL DRIVE, #115<br>TUCSON, AZ 85712 | CHICAGO TITLE AGENCY OF NEVADA, INC.<br>BY & THRU ITS REGISTERED AGENT:<br>CORP. TRUST COMPANY OF NEVADA<br>311 SOUTH DIVISION STREET<br>CARSON CITY, NV 89703 |
| BANK OF OKLAHOMA<br>ATTN: ANY OFFICER OR DIRECTOR<br>5727 S. LEWIS AVENUE<br>TULSA, OK 74105-7119 | |
| DEAN S. BENNETT<br>400 S. 4TH STREET, 3RD FLR<br>LAS VEGAS, NV<br> on behalf of Creditor GREYSTONE NEVADA, LLC | COMMERCE TITLE COMPANY<br>BY AND THROUGH ITS REGISTERED AGENT<br>NATIONAL REGISTERED AGENTS, INC.<br>2875 MICHELLE DR., STE. 100<br>IRVINE, CA 92606 |
| BLEEKER'S BOXES<br>5400 E EMPIRE AVE<br>FLAGSTAFF, AZ 86004 | CONSOLIDATED MORTGAGE COMPANY, LLC<br>BY AND THROUGH ITS REGISTERED AGENT<br>SHEA & CARLYON LTD.<br>701 E. BRIDGER AVE., STE. 850<br>LAS VEGAS, NV 89101 |
| BNY MELLON F/K/A THE BANK OF NEW YORK<br>ATTN: ANY OFFICER OR DIRECTOR<br>ONE WALL STREET<br>NEW YORK, NY 10286 | |

- 5 -

PARSONS
BEHLE &
LATIMER

14298.014/4841-8965-6323.1

- 2 -

| | |
|---|---|
| CT CORPORATION<br>311 S. DIVISION STREET<br>CARSON CITY, NV 89703<br><br>DON S DEAMICIS.<br>1 INTERNATIONAL PL<br>BOSTON, MA 02210<br>on behalf of Creditor WELLS FARGO<br>BANK, N.A<br><br>IRA S. DIZENGOFF<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>ONE BRYANT PARK<br>NEW YORK, NY 10036<br>on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS<br><br>CHRISTINE D. DONIAK<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>ONE BRYANT PARK<br>NEW YORK, NY 10036<br>on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS<br><br>PHILIP C. DUBLIN<br>AKIN GUMP STRAUSS HAUER & FELD<br>ONE BRYANT PARK<br>NEW YORK, NY 10036<br>on behalf of Creditor STEERING COMMITTEE OF SENIOR SECURED LENDERS<br><br>EBBIN MOSER + SKAGGS LLP<br>C/O DAVID E MOSER<br>550 MONTGOMERY ST., STE 900<br>SAN FRANCISCO, CA 94111<br><br>FIDELITY NATIONAL FINANCIAL, INC.<br>CT CORPORATION SYSTEM<br>BY AND THROUGH ITS REGISTERED AGENT<br>818 W. SEVENTH ST.<br>LOS ANGELES, CA 90017 | FIRST AMERICAN TITLE COMPANY<br>BY AND THROUGH ITS REGISTERED AGENT:<br>CORPORATION SERVICE COMPANY<br>2730 GATEWAY OAKS DRIVE, STE. 100<br>SACRAMENTO, CA 95833<br><br>PHILIP S. GERSON<br>9950 W. CHEYENNE AVENUE<br>LAS VEGAS, NV 89129<br>on behalf of Creditor CLARK COUNTY<br><br>GIBSON DUNN & CRUTCHER LLP<br>ATTN: ANY OFFICER, PARTNER OR DIRECTOR<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA 90071-3197<br><br>JANINA GUTHRIE<br>1225 MONTEREY ST.<br>REDLANDS, CA 92373<br><br>SHARELLE SNOW HENLE<br>12667 N GENTLE RAIN DRIVE<br>MARANA, AZ 85658<br><br>SARA M. HUCHINSON<br>REGISTERED AGENT FOR:<br>ALLIANCE MORTGAGE, LLC<br>11920 SOUTHERN HIGHLANDS PKWY, #101<br>LAS VEGAS, NV 89141<br><br>TROY L ISAACSON<br>3811 W CHARLESTON BLVD #110<br>LAS VEGAS, NV 89102<br>on behalf of Creditor CHARLES BAGLEY<br><br>JOHN HANCOCK FREEEDOM 529<br>PO BOX 17603<br>BALTIMORE, MD 21297-1603<br><br>MEREDITH A. LAHAIE<br>ONE BRYANT PARK<br>NEW YORK, NY 10036<br>on behalf of Interested Party REORGANIZED DEBTORS |

PARSONS
BEHLE &
LATIMER

14298.014/4841-8965-6323.1

| | | |
|---|---|---|
| 1 | HARRY LEAKE<br>2549 SHOWCASE DR | PRINCETON ADVISORY GROUP<br>PO BOX 89 |
| 2 | LAS VEGAS, NV 89134 | 4428 ROUTE 27, BLDG C, UNIT 1<br>KINGSTON, NJ 08528-1004 |
| 3 | JAMES B MACROBBIE | |
| 4 | SYLVESTER & POLEDNAK, LTD<br>7371 PRAIRIE FALCON, STE 120 | ABID QURESHI<br>AKIN GUMP STRAUSS HAUER & FELD |
| 5 | LAS VEGAS, NV 89128<br>on behalf of Creditor CREDIT SUISSE, | LLP<br>ONE BRYANT PARK |
| 6 | CAYMAN ISLANDS BRANCH | NEW YORK, NY 10036<br>on behalf of Creditor STEERING |
| 7 | ROBERT C. MADDOX | COMMITTEE OF SENIOR SECURED |
| 8 | 3811 W CHARLESTON BLVD, #110<br>LAS VEGAS, NV 89012 | LENDERS |
| 9 | on behalf of Creditor WIRSBO<br>CLAIMANTS | ELIZABETH RASKIN<br>CHRISTOPHER T. SCHULTEN |
| 10 | | AKIN GUMP STRAUSS H AUER & FELD<br>LLP |
| 11 | JANIECE S MARSHALL<br>ANDERSON MCPHARLIN & CONNERS, | ONE BRYANT PARK |
| 12 | LLP<br>777 N. RAINBOW BLVD, STE 145 | NEW YORK, NY 10036<br>on behalf of Creditor STEERING |
| 13 | LAS VEGAS, NV 89107-1192<br>on behalf of Creditor STANLEY | COMMITTEE OF SENIOR SECURED<br>LENDERS |
| 14 | CONSULTANTS, INC. | |
| 15 | | GRETCHEN M. ROBITAILLE<br>8037 SILVER STREAK ST |
| 16 | MASTEC NORTH AMERICA INC<br>C/O MICHELE LAINE, ESQ | LAS VEGAS, NV 89131 |
| 17 | 800 SOUTH DOUGLAS RD., 12TH FLR<br>CORAL GABLES, FL 33134 | SANTORO, DRIGGS<br>WALCH, KEARNEY, HOLLEY & |
| 18 | MUTUAL OF OMAHA BANK | THOMPSON<br>400 SOUTH FOURTH STREET, 3RD FLR |
| 19 | BY & THRU ITS REGISTERED AGENT:<br>CSC SERVICES OF NEVADA, INC. | LAS VEGAS, NV 89101 |
| 20 | 2215-B RENAISSANCE DRIVE<br>LAS VEGAS, NV 89119 | SECURITY TITLE OF NEVADA, LLC |
| 21 | | BY AND THROUGH ITS REGISTERED<br>AGENT CORPORATION TRUST |
| 22 | NEVADA STATE BANK<br>BY & THRU ITS REGISTERED AGENT: | COMPANY OF NEVADA<br>311 S. DIVISION STREET |
| 23 | CSC SERVICES OF NEVADA, INC.<br>2215-B RENAISSANCE DRIVE | CARSON CITY, NV 89703 |
| 24 | LAS VEGAS, NV 89119<br>OMNI MANAGEMENT GROUP | SMS FINANCIAL LLC |
| 25 | 16501 VENTURA BLVD., #440<br>ENCINO, CA 91436 | RESIDENT AGENTS OF NEVADA, INC.<br>BY AND THROUGH ITS REGISTERED |
| 26 | | AGENT |
| 27 | PALECEK<br>PO BOX 225 | 711 S. CARSON ST., STE. 4<br>CARSON CITY, NV 89701 |
| 28 | RICHMOND, CA 94804 | |

- 3 -

PARSONS
BEHLE &
LATIMER

14298.014/4841-8965-6323.1

| | |
|---|---|
| JAMES I<br>10100 SANTA MONICA BLVD #1100<br>LOS ANGELES, CA 90067 | UBS FINANCIAL SERVICES<br>BY & THRU ITS REGISTERED AGENT:<br>CSC SERVICES OF NEVADA, INC.<br>2215-b RENAISSANCE DRIVE<br>LAS VEGAS, NV 89119 |
| STATE OF NEVADA OFFICE OF THE STATE TREASURER<br>555 E. WASHINGTON AVE SUITE 4200<br>LAS VEGAS, NV 89101-1075 | WELLS FARGO BANK, N.A.<br>CSC SERVICES OF NEVADA, INC.<br>BY AND THROUGH ITS REGISTERED AGENT<br>2215-B RENAISSANCE DRIVE<br>LAS VEGAS, NV 89119 |
| STEWART OCCHIPINTI, LLP<br>ATTN: ANY PRINCIPAL<br>65 WEST 36TH STREET, 7TH FLOOR<br>NEW YORK, NY 10018 | STEVEN YOULES<br>2305 WINDJAMMER WAY<br>LAS VEGAS, NV 89107 |
| STEWART TITLE COMPANY<br>CORPORATION TRUST COMPANY OF NEVADA<br>BY AND THROUGH ITS REGISTERED AGENT<br>311 S. DIVISION STREET<br>CARSON CITY, NV 89703 | YUMA TITLE<br>ATTN: CARRIE SAFRANEK, MANAGER<br>11611 S. FOOTHILLS BLVD., #A<br>YUMA, AZ 85367-5845 |
| THE LANDSCAPE CONNECTION TLC INC<br>5400 E EMPIRE AVE<br>FLAGSTAFF, AZ 86004 | ELIZABETH W. WALKER<br>SIDLEY AUSTIN LLP<br>555 WEST FIFTH STREET, STE. 4000<br>LOS ANGELES, CA 90013 |
| THE PRESERVE AT ELKHORN SPRINGS HOMEOWNERS ASSOCIATION, INC.<br>C/O FEINBERG GRANT MAYFIELD KANEDA & LIT<br>1955 VILLAGE CENTER CIRCLE<br>LAS VEGAS, NV 89134 | _____<br>Employee of Parsons Behle & Latimer |
| TOWN & COUNTRY BANK<br>BY & THRU ITS REGISTERED AGENT:<br>PHILIP M. BURNS<br>8620 W. TROPICANA AVENUE<br>LAS VEGAS, NV 89103 | |
| TRANSNATION TITLE AGENCY<br>ATTN: ANY OFFICER OR DIRECTOR<br>1500 EAST WOOLFORD ROAD<br>SHOW LOW, AZ 85901 | |

- 4 -

14298.014/4841-8965-6323.1