NILE LEATHAM, ESQ.
Nevada Bar No. 002838
NATALIE M. COX, ESQ.
Nevada Bar No. 007662
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone No. (702) 362-7800
Facsimile No. (702) 362-9472
E-Mail:  nleatham@klnevada.com
         ncox@klnevada.com

*Counsel for Eugene I. Davis, Litigation Trust Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC<br><br>Debtors. | CASE NO. BK-09-14814-LBR<br>(Jointly Administered)<br><br>Chapter 11<br><br>Date of Hearing:  October 29, 2014<br>Time:  10:30 a.m. |

## STATUS REPORT

Eugene I. Davis, Litigation Trust (the "Litigation Trust") Trustee, ("Litigation Trustee"), by and through his counsel of record, Nile Leatham, Esq. and Natalie M. Cox, Esq. of the law firm of Kolesar & Leatham, hereby submits this Status Report pursuant to the Court's Order Setting Status Hearing and Order Requiring Chapter 11 Case Status Report (Dkt. 1822) in advance of the Status Check set for October 29, 2014 at 10:30 a.m.

Litigation Trustee reports as follows:

*1.    Status Of Post-Confirmation Reports*

All post-confirmation reports are current.

*2.    Scheduled Hearings and Trials*

The Litigation Trustee is not aware of any scheduled hearings or trials currently scheduled in this bankruptcy case. Section 8 below discusses the status of the lawsuit that remains pending in the District Court for the District of Nevada.

*3.    Anticipated Motions, Objections, and Adversary Proceedings*

The Litigation Trustee is not currently contemplating filing any motions or objections.

1739665_2 (9218-1)                              - 1 -

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

With respect to adversary proceedings, as discussed in greater detail in section 8 below, the Litigation Trust is currently pursuing litigation against certain of the Rhodes Entities to avoid the fraudulent transfer of Debtor Rhodes Ranch General Partnership's 99% membership interest in Gypsum Resources, LLC. Depending upon the resolution of that litigation, the Litigation Trust may need to bring an adversary proceeding seeking to recover that membership interest or the value thereof pursuant to 11 U.S.C. § 550. The limitations on such an action has not yet run, as the relevant time period—absent closing the bankruptcy case—is "one year after the avoidance of the transfer on account of which recovery under [section 550] is sought." 11 U.S.C. § 550(f)(1).[1]

### 4. Adversary Proceedings

The Litigation Trust and Litigation Trustee have filed six adversary proceedings:

    **a.**    11-01103-lbr *Davis v. Deloitte & Touche LLP et al.*;

    **b.**    11-01104-lbr *Davis v. KB Home Nevada, Inc.*;

    **c.**    11-01105-lbr *DAVIS v. WP South Builders Nevada, LLC*;

    **d.**    11-01106-lbr *DAVIS v. Insight Land & Investments, LLC*;

    **e.**    11-01107-lbr *DAVIS v. Greenway Partners, LLC et al*; and

    **f.**    12-01099-lbr *The Litigation Trust of the Rhodes Companies LLC v. Rhodes et al.*

Currently, only 12-01099-lbr *The Litigation Trust of the Rhodes Companies, LLC v. Rhodes et al.* remains active. On December 19, 2013, the District Court for District of Nevada withdrew the reference of Adversary Proceeding No. 12-01099-1br. The matter is now pending in the U.S. District Court for the District of Nevada as case 2:12-cv-01272-MMD-VCF. All of the

---

[1] There is no requirement that "avoidance" under 11 U.S.C. §§ 544 and 548 and "recovery" under 11 U.S.C. § 550 be sought in the same adversary proceeding, as they are distinct concepts and processes. *See, e.g., In re AVI, Inc.*, 389 B.R. 721, 733-34 (Bankr. App. 9th Cir. 2008) ("The concepts of avoidance and recovery are separate and distinct," and thus "it is permissible, but not mandatory, to bring an avoidance action and a recovery action in one suit."). The Litigation Trust has not yet sought "recovery" under section 550 because it is the Litigation Trust's position that Rhodes Ranch General Partnership should simply be reinstated as a 99% member in Gypsum Resources, LLC if the Litigation Trust prevails on its avoidance claim. The effect of avoidance of a transfer of a membership interest in a limited liability company is a novel legal issue, however. If the Litigation Trust's position is deemed incorrect (and the Litigation Trust is unable to reach a compromise with the defendants), the Litigation Trust will need to seek to recover the value of the transferred membership interest under section 550.

1  remaining five adversary proceedings have been dismissed with prejudice and the cases closed.
2  Thus, there remain no active adversary proceedings pending in this Court.

### 5. Status of Claims Objections

The Litigation Trustee is not aware of any pending claims objections.

### 6. Status of All Distributions For Allowed Claims

As explained in further detail in section 8 below, a partial settlement of claims in the Litigation Trust's pending litigation resulted in the Litigation Trust's receipt of $2,069,669. Of that amount, the Litigation Trust paid Las Vegas Land Holdings $92,000 to reimburse the Litigation Trust expenses advanced by Las Vegas Land Holdings through March 31, 2014, as well as $43,264 for other Litigation Trust expenses from June 16, 2014 to September 30, 2014. Thus, there remains a cash balance of $1,934,405.

There are issues with respect to the identity of certain of the Litigation Trust Beneficiaries that must be confirmed and the calculation of claims that must be resolved before the Litigation Trustee can approve distribution of a portion of those funds. Nonetheless, it is anticipated by the Trustee's professionals, including its financial consultant, that a partial distribution totaling $1,000,000 will be made by as early as the end of October, 2014 and no later than mid-November, 2014. The reserved portion of the funds will remain in the Litigation Trust for anticipated payment of U.S. Trustee Fees, payment of the Litigation Trustee and his professionals, and disputed claims. The timing and amount of any future distribution on allowed claims is dependent upon the outcome of the litigation.

### 7. Status of United States Trustee's Fees

The United States Trustee's fees are current.

### 8. All pending actions in another court, including matters in which the reference was withdrawn

As noted in section 4 above, on December 19, 2013, the District Court for the District of Nevada withdrew the reference of Adversary Proceeding No. 12-01099, which was previously pending before this Court. The matter is now pending in the U.S. District Court for the District of Nevada as case 2:12-cv-01272-MMD-VCF.

In January 2014, the Litigation Trust reached a partial settlement with certain of the defendant Rhodes Entities regarding Counts 1-13. This settlement was consummated in June 2014, and Counts 1-13 were dismissed with prejudice on June 25, 2014.

At present, the Litigation Trust's only remaining claim is a claim to avoid the purported transfer of Rhodes Ranch General Partnership's 99% membership interest in Gypsum Resources, LLC as an "actually" fraudulent transfer. The Trust has sought leave to amend to also avoid that transfer as a "constructive" fraudulent transfer under 11 U.S.C. § 548. The Litigation Trust's motion for leave to amend is currently pending before the District Court. If the Trust is able to prevail on its avoidance claims, the Litigation Trust should be able to obtain a 99% membership interest in Gypsum Resources, LLC (or the value thereof). If the Litigation Trust is successful, the amount available for distribution could potentially be substantial (in excess of $10 million).

The Litigation Trust has substantially completed its discovery, subject to a few remaining depositions. Over the Litigation Trust's objection, the District Court modified the discovery plan agreed upon between the Litigation Trust and the defendant Rhodes Entities in order to consolidate discovery in connection with the defendant Rhodes Entities' third-party claims against certain Credit Suisse entities. As a result, the discovery cut-off was extended to July 6, 2015. Dispositive motions are due by August 6, 2015. In the event any dispositive motions are filed, the date for filing the Joint Pre-trial Order will be extended until 30 days after the decision on the dispositive motions. Given that dispositive motions are likely, it is doubtful that trial will occur before early 2016 at the earliest.

**9.    *Any other matter or issue that requires resolution before the case can be closed***

The Litigation Trust may need to bring an adversary proceeding under section 11 U.S.C. § 550 to recover a 99% membership interest in Gypsum Resources, LLC or the value thereof. Dismissing or closing the bankruptcy case would preclude the Litigation Trust from bringing such a suit, as section 550(f)(2) provides that a "proceeding under this section may not be commenced after…the time the case is closed or dismissed." 11 U.S.C. § 550(f)(2). Although it is uncertain whether an adversary proceeding seeking recovery under section 550 will be necessary, the case should not be closed so that the Litigation Trust has an opportunity to pursue

such relief if necessary.

Dated this 10th day of October, 2014.

**KOLESAR & LEATHAM**

By: */s/ Natalie M. Cox, Esq.*
    NILE LEATHAM, ESQ.
    Nevada Bar No. 002838
    NATALIE M. COX, ESQ.
    Nevada Bar No. 007662
    400 South Rampart Boulevard, Suite 400
    Las Vegas, Nevada 89145
    E-Mail:  nleatham@klnevada.com
                ncox@klnevada.com

*Counsel for Eugene I. Davis, Litigation Trust Trustee*