**FAC**
JONATHAN G. LATTIE, ESQ.
Nevada State Bar No. 7058
TERESA A. LIBERTINO, ESQ.
Nevada State Bar No. 9103
**LATTIE | MALANGA | LIBERTINO**, LLP
7945 West Sahara Avenue, Suite 108
Las Vegas, Nevada 89117
(702) 655-4949

SCOTT K. CANEPA, ESQ.
Nevada Bar No. 004556
TERRY W. RIEDY, ESQ.
Nevada State Bar No. 003895
BRYAN T. ABELE, ESQ.
Nevada State Bar No. 007250
**CANEPA RIEDY ABELE & COSTELLO**
851 South Rampart Boulevard, Suite 160
Las Vegas, Nevada 89145-4885
(702) 304-2335

Attorneys for Plaintiffs

*Signature*

**CLERK OF THE COURT**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| TOBBI L. BARLOW; ALEJANDRO ARROYO; ANALISA BACALA; ZORA L. BERRY; PHILLIP & JESSICA DAVIDSON, Husband & Wife; KATHY FARR; KENNETH & GINA FIDDES, Husband & Wife; RODOLFO G. & ALICIA L. GARCIA, Husband & Wife; LONG KWEI; DANIEL & JENNIFER MAHAR, Husband & Wife; CHRISTOPHER & ROCIO MAHONEY, Husband & Wife; ROYDEN & F MANGABAY 2008 FAMILY TRUST & ELIVE B NISAN FAMILY TRUST; MATTHEW OLDEN; DARLENE OLSON & CHERRI SMITH; DANIEL RIVAS; ROBERT SAFFORE; ART & VICKEY SMALL, Husband & Wife; ALPHESIA JR & CRISTINA THOMAS, Husband & Wife; JOHN BUTLER; MATTHEW & JULIET CONNERS, Husband & Wife; TROY & SONYA DRAPER, Husband & Wife; PATRICIA HUNTER; REGINA JONES; GRZEGORZ KOMOSA; FLORENCE R. LANDIS REVOCABLE TRUST; DELGADO & VICTORIA LOPEZ, Husband & Wife; ERIC MCCLOUD; and SAMUEL MERSHA, | CASE NO.: A-15-722274-D<br>DEPT.: XXXI<br><br>**ARBITRATION EXEPTION CLAIMED**<br>Declaratory Relief<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Breach of Implied Warranties<br>2. Negligence<br>3. Failure to Disclose<br>4. Declaratory Relief |

-1-

|   |   |
|---|---|
| 1 |   |
| 2 | Plaintiffs, |
|   | v. |
| 3 |   |
| 4 | **GREYSTONE NEVADA, LLC**, a foreign Limited-Liability Company; **US HOME CORPORATION**, a foreign Corporation; and DOES 1-100, inclusive; |
| 5 |   |
| 6 | Defendants. |

COMES NOW, Plaintiffs, **TOBBI L. BARLOW**; **ALEJANDRO ARROYO**; **ANALISA BACALA**; **ZORA L. BERRY**; **PHILLIP & JESSICA DAVIDSON**, Husband & Wife; **KATHY FARR**; **KENNETH & GINA FIDDES**, Husband & Wife; **RODOLFO G. & ALICIA L. GARCIA**, Husband & Wife; **LONG KWEI**; **DANIEL & JENNIFER MAHAR**, Husband & Wife; **CHRISTOPHER & ROCIO MAHONEY**, Husband & Wife; **ROYDEN & F MANGABAY 2008 FAMILY TRUST & ELIVE B NISAN FAMILY TRUST**; **MATTHEW OLDEN**; **DARLENE OLSON & CHERRI SMITH**; **DANIEL RIVAS**; **ROBERT SAFFORE**; **ART & VICKEY SMALL**, Husband & Wife; **ALPHESIA JR & CRISTINA THOMAS**, Husband & Wife; **JOHN BUTLER**; **MATTHEW & JULIET CONNERS**, Husband & Wife; **TROY & SONYA DRAPER**, Husband & Wife; **PATRICIA HUNTER**; **REGINA JONES**; **GRZEGORZ KOMOSA**; **FLORENCE R. LANDIS REVOCABLE TRUST**; **DELGADO & VICTORIA LOPEZ**, Husband & Wife; **ERIC MCCLOUD**; and **SAMUEL MERSHA**, on their own behalf and on behalf of all similarly-situated homeowners throughout the Aliante North development (collectively referred to as "Plaintiffs"), by and through their attorneys, Jonathan G. Lattie, Esq. and Teresa A. Libertino, Esq. of LATTIE MALANGA LIBERTINO, LLP., and Scott K. Canepa, Esq., Terry W. Riedy, Esq., and Bryan T. Abele, Esq., of the law offices of CANEPA RIEDY ABELE & COSTELLO, complains of and, for their Complaint, allege as causes of action against the Defendants, DOES, and each of them as follows:

///

///

I.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiffs own the following homes (improvements and/or appurtenances) constructed in the single development, known as "Aliante North " in Clark County, Nevada, (hereinafter referred to as: "**Subject Properties**"):

| | NAME | SITE NO. | SITE STREET |
|---|---|---|---|
| 1 | Alejandro Arroyo | 3620 | Alcantara Lane |
| 2 | Analisa Bacala | 7109 | Manzanares Drive |
| 3 | Tobbi L. Barlow | 3745 | White Lion Lane |
| 4 | Barrionuevo Family Living Trust | 7024 | Manzanares Drive |
| 5 | Zora L. Berry | 3733 | Granada Gorge Lane |
| 6 | John Butler | 3748 | White Lion Lane |
| 7 | Matthew & Juliet Conners | 7037 | Pue Tollano Drive |
| 8 | Phillip & Jessica Davidson | 3920 | Campanario Avenue |
| 9 | Troy & Sonya Draper | 7008 | Manzanares Drive |
| 10 | Kathy Farr | 3905 | San Esteban Avenue |
| 11 | Kenneth & Gina Fiddes | 7021 | Villada Street |
| 12 | Rodolfo G. & Alicia L. Garcia | 7128 | Manzanares Drive |
| 13 | Patricia Hunter | 3724 | Granada Gorge Lane |
| 14 | Regina Jones | 3741 | White Lion Lane |
| 15 | Grzegorz Komosa | 3812 | San Esteban Avenue |
| 16 | Long Kwei | 7113 | Manzanares Drive |
| 17 | Florence R. Landis Revocable Trust | 3624 | Alcantara Lane |
| 18 | Florence R. Landis Revocable Trust | 3717 | Alcantara Lane |
| 19 | Delgado & Victoria Lopez | 3720 | Granada Gorge Lane |
| 20 | Daniel & Jennifer Mahar | 7045 | Puetollano Drive |
| 21 | Christopher & Rocio Mahoney | 3712 | White Lion Lane |
| 22 | Royden & F Mangabay 2008 Family Trust & Elive B Nisan Family Trust | 3612 | Alcantara Lane |
| 23 | Eric McCloud | 3913 | Campanario Avenue |
| 24 | Samuel Mersha | 6965 | Puetollano Drive |
| 25 | Matthew & Monica Olden | 7118 | Puetollano Drive |
| 26 | Darlene Olson & Cherri Smith | 3820 | Campanario Avenue |
| 27 | Daniel Rivas | 3705 | Granada Gorge Lane |
| 28 | Robert Saffore | 3617 | Tiger Ridge Lane |
| 29 | Art & Vickey Small | 7041 | Villada Street |
| 30 | Alphesia Thomas Jr. & Cristina Thomas | 3913 | San Esteban Avenue |

2.   Plaintiffs are informed and believe and thereon allege that on or about February 19, 2015, Defendants received an NRS 40.645(4) Chapter 40 Notice of Common Constructional Defects (hereinafter "Common Notice") which provided statutory notice for all Plaintiffs. On or about March 18, 2015, Defendant responded to the Common Notice indicating they would not disclose it to the similarly-situated homeowners throughout the development.

3.   Plaintiffs are informed and believe and thereon allege that Defendant did not disclose the Notice to the similarly-situated homeowners throughout Aliante North, nor procure a judicial determination that the Notice was invalid, thus the Plaintiffs here, as well as all other similarly-situated homeowners throughout Aliante North may rely upon said Notice and take legal action without further compliance with any of Chapter 40's pre-litigation processes.

4.   Plaintiffs are informed and believe and thereon allege that defendant GREYSTONE NEVADA, LLC is, and at all relevant times was, a foreign limited liability company whose principal place of business was and is in Las Vegas, Nevada, was authorized to do business and doing business in Clark County, Nevada, and was the Declarant/Affiliate, NRS 40.620 Contractor, Developer, General Contractor, Builder, Marketer and/or Seller of the Subject Properties.

5.   Plaintiffs are informed and believe and thereon allege that defendant US HOME CORPORATION is, and at all relevant times was, a foreign corporation whose principal place of business was and is in Las Vegas, Nevada, was authorized to do business and doing business in Clark County, Nevada, and was the Declarant/Affiliate, NRS 40.620 Contractor, Developer, General Contractor, Builder, Marketer and/or Seller of the Subject Properties.

6.   Defendants sued herein as DOES 1 through 100, inclusive, are fictitious names of individual defendants whose true names and capacities, whether individual, corporate, associate, or otherwise, at this time, are unknown to Plaintiffs. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each and all of

the Defendants sued herein, including DOES 1 through 100, inclusive, were acting as agents, servants, employees, subcontractors and/or alter egos of their co-Defendants, and in doing the things hereinafter mentioned were acting in the scope of their authority as such agent, servant, employee, subcontractor and/or alter ego and with the permission and consent of their Co-Defendants; and that each of said DOES participated in some manner as a Declarant/Affiliate, NRS Chapter 40 Contractor-Designer-Subcontractor-Supplier, Builder, Developer, Contractor, Subcontractor, Material Man, Supplier of goods or otherwise in the works of designing, preparing, building, constructing, providing, manufacturing, installing, marketing and/or selling of the Subject Properties, and are liable to Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged. At such time as the DOES' true names become known to Plaintiffs, Plaintiffs will ask leave of this Court to amend this Complaint to insert said true names and capacities.

7. Plaintiffs are informed and believe and thereon allege that at all times herein material the Defendants, including DOES, and each of them, were business entities and/or organizations that conducted business in the County of Clark and/or participated in the design, development, construction, marketing and/or sale of the Subject Properties.

8. Plaintiffs are informed and believe and thereon allege that Defendants, including DOES, and each of them knew that the Subject Properties were designed, developed, constructed, marketed sold and utilized by Plaintiffs as residential units and performed their respective parts with such knowledge and intentions. In so doing, said Defendants, including DOES, performed same knowing that the Subject Properties would be sold to and/or used by members of the public, including Plaintiffs their predecessors and successors.

9. Plaintiffs are informed and believe and thereon allege that within the last year Plaintiffs became informed and believed, and continue to be informed and believe, and thereon allege that Defendants, DOES, and each of them, failed to perform their roles

properly, that the Subject Properties were not built in a workmanlike manner, are not of merchantable quality, but in fact, are defective and fail to meet applicable building codes and industry standards resulting in damaged Subject Properties. Plaintiffs are informed and believe and thereon allege the damages, including new damages, are occurring, continuing to occur, ongoing, progressive and worsening as time continues to pass.

10. Plaintiffs are informed and believe and thereon allege that code violations and other construction defects as identified and indicated in the Common Notice exist in the Subject Properties. The nature, extent and scope of construction defects, include but are not limited to: civil, geotechnical, structural, architectural, plumbing, mechanical, electrical and exterior masonry improvements, and includes but not limited to, improperly identified, designed, excavated, placed, prepared, soaked, graded and/or compacted soils, improperly designed, constructed and/or installed pads, footings, slabs, foundations, post-tensioned cables, anchor bolts, sill plates, walkways, driveways, landscaping, framing, stucco, windows, doors, dry-walling, finish carpentry, counter, cabinetry, flooring, plumbing, mechanical, electrical, roofing, exterior masonry site retaining and/or fence walls. Plaintiffs are informed and believe and thereon allege that the Subject Properties are also defective in ways, extents and manners not known, but which will be augmented by further expert opinions inserted and incorporated herein by way of amendment and/or will be established at the time of trial according to proof.

11. Plaintiffs are informed and believe and thereon allege that within the last year they became aware of facts which thereafter, upon investigation, resulted in Plaintiffs forming beliefs that the Subject Properties were inadequately constructed, developed, designed, supervised or otherwise improved so that the above-described defective conditions existed and do now exist and the works of improvement are defective, not of merchantable quality and not fit for the purpose of permitting persons to reside thereabouts in the intended, marketed and/or proper manner and fashion.

12. Plaintiffs are informed and believe and thereon allege these defective conditions were known, or through reasonable diligence would have been known, to

Defendants, and DOES, and each of them, prior to the time of substantial completion of construction such that the defective conditions should have been cured or specifically disclosed, and that NRS 11.202 and 11.203 are applicable to the facts and circumstances as alleged herein.

13. Plaintiffs are informed and believe and thereon allege that after the completion of construction of the Subject Properties Defendants, including DOES, and each of them, made representations that the Subject Properties had no defects, and/or made repairs and representations that repairs cured the defective conditions and/or representations that repairs would be made to cure the defective conditions at the Subject Properties.

14. Plaintiffs are informed and believe and thereon allege that they and their predecessors justifiably and detrimentally relied upon the conduct and representations of Defendants, DOES, and each of them that the homes were built properly and/or were repaired properly and/or would be repaired properly such that they may not have filed suit within the statutorily prescribed times, and thus those statutes, if any, were tolled during that time.

15. Plaintiffs are informed and believe and thereon allege that pursuant to NRS 40.640, Defendants, and each of them, are liable for damages to cure all construction defects resulting from their individual acts and/or omissions and/or the acts or omissions of their agents, employees and subcontractors, and that as a result of the acts and/or omissions Plaintiffs have been forced to hire attorneys and experts to prosecute this action.

II.

### FIRST CAUSE OF ACTION – BREACH OF IMPLIED WARRANTIES

16. Plaintiffs incorporate herein by reference Paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiffs are informed and believe and thereon allege that Defendants, DOES, and each of them, knew, or reasonably should have known, that the Subject

Properties would be bought, used, re-sold and used, and so on, without inspection for the defects set forth herein.

18. Plaintiffs are informed and believe and thereon allege that Defendants, DOES, and each of them, at all times herein mentioned, were and are merchants with respect to all works of improvement and impliedly warranted that all works of improvement were of merchantable quality, were constructed in a workmanlike manner and fit for the purposes of residential dwelling units. Defendants, DOES, and each of them, impliedly warranted in accordance with NRS 116.4114 that the Subject Properties were free from defective materials; constructed in accordance with applicable law, in accordance with sound standards of engineering and construction, and done so in a workmanlike manner.

19. Plaintiffs are informed and believe and thereon allege that the Defendants, including DOES, entered into agreements, whether in writing or oral, with each other for the purpose of acting as Declarants/Affiliates, NRS Chapter 40 Contractors-Designers-Subcontractors-Suppliers, Builders, Developers, Designers, Subcontractors, Material Men, Suppliers with respect to the design and construction of the Subject Properties which included warranties that were made for the immediate benefit of Plaintiffs, and thus Plaintiffs are Third Party Beneficiaries of those contracts, including the benefits of any and all warranties therein.

20. Plaintiffs are informed and believe and thereon allege that the Subject Properties were not, and are not, of merchantable quality, nor fit for the purpose as residential dwelling units and are defective, and other components and sources not yet identified or ascertained are not performing in the manner intended.

21. Plaintiffs are informed and believe and thereon allege that the defects arose out of, were attributable to, directly and proximately caused by, the deficient acts and/or omissions in the design, specification, planning, supervision, observation of construction, construction, development and/or improvement of the Subject Properties by Defendants, DOES, and each of them.

22.   Plaintiffs are informed and believe and thereon allege that as a direct and proximate result of the acts and omissions set forth herein and the breach of the aforesaid implied warranties by Defendants, and each of them, Plaintiffs have suffered damages in an amount precisely unknown, but believed to be in excess of this Court's jurisdiction in that they have been, and will hereafter be, required to perform works of repair, restoration and construction to portions of the Subject Properties to prevent further damage and to restore the Subject Properties to their proper condition including temporary housing during the repairs. Further, Plaintiffs have and will continue to incur expert fees and costs to investigate the defective conditions to determine the nature, extent, cause of the defects and the reasonable and appropriate repairs. Plaintiffs have suffered loss of other property damaged by the defective conditions which Plaintiffs will establish the precise amount of such damages at trial, according to proof.

23.   Plaintiffs are informed and believe and thereon allege that some defects and damages satisfy the Chapter 40 definition of Structural Failure, and have caused a reduction in value of the Subject Properties by an amount that is not precisely known, but will be established by way of amendment to these pleadings or according to proof at the time of trial.

24.   Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the acts and/or omissions alleged herein, the Plaintiffs have and will continue to lose the use of enjoyment of the Subject Properties including use of the Subject Properties as a result of restoration required to repair and cure the defects.

25.   Plaintiffs are informed and believe and thereon allege that Plaintiffs were compelled to retain legal counsel and experts to obtain recovery for the curing of all defects and damages, and thus Defendants, DOES, and each of them are liable for Plaintiffs' reasonable attorneys' fees and costs in a sum to be determined at trial.

///

///

///

## III.

## SECOND CAUSE OF ACTION – NEGLIGENCE

26. Plaintiffs re-allege and incorporate herein by reference Paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiffs are informed and believe and thereon allege that in light of the nature of the obligations Defendants, DOES, and each of them assumed with respect to the Subject Properties that they were under a duty to exercise care to avoid reasonably foreseeable injury to purchasers and users of the Subject Properties, and knew, or should have foreseen, that the Subject Properties would contain defects if any of them failed to perform their duties.

28. Plaintiffs are informed and believe and thereon allege that Defendants, DOES and each of them failed and neglected to perform their duties adequately in that each negligently, carelessly and in an un-workmanlike manner performed the aforesaid duties resulting in Subject Properties that were not built in a workmanlike manner, contain code violations and other defects.

29. Plaintiffs are informed and believe and thereon allege that there were and are laws, including but not limited to Building Codes, Municipal Regulations, Uniform Building Codes and/or NRS Statutes that apply to design, construction, marketing and sale of the Subject Properties, and that Defendants, DOES and each of them, violated the laws resulting in Subject Properties that were not built in a workmanlike manner and contain code violations and other defects.

30. Plaintiffs are informed and believe and thereon allege that the damages sustained by Plaintiffs are those which the laws were designed to prevent.

31. Plaintiffs are informed and believe and thereon allege they are members of the class for whose protection the aforementioned laws were adopted.

32. As a direct and proximate result of the foregoing violations, negligence, carelessness and un-workmanlike conduct, actions and/or omissions by said Defendants, Plaintiffs have suffered damages in an amount presently unknown, but believed to be in

excess of this Court's jurisdiction, in order to correct the defective conditions of the Subject Properties and to restore them to their proper condition including reasonable expenses of temporary housing reasonably necessary during the repair. Further, Plaintiffs have and will incur expert fees and costs to investigate the defective conditions to determine the nature, extent, cause of the defects and the reasonable and appropriate repairs. Finally, Plaintiffs and their members have suffered loss of other property damaged by the defective conditions; Plaintiffs are presently unaware of the precise amount of the damages, but will establish the same at trial, according to proof.

33. Plaintiffs are informed and believe and thereon allege that as a result of the defective conditions of the Subject Properties, the value of Subject Properties have been reduced and diminished, but the amount thereof is precisely unknown, and when the precise amount is known, it will be established by way of amendment to these pleadings or according to proof at the time of trial.

34. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the defective conditions of the Subject Properties, the Plaintiffs have and will continue to lose the use of enjoyment of the Subject Properties including use of the Subject Properties as a result of restoration required to repair and cure the defects.

35. Plaintiffs are informed and believe and thereon allege that Plaintiffs were compelled to retain legal counsel and experts to obtain recovery for the curing of all defects and damages, and thus Defendants, DOES, and each of them are liable for Plaintiffs' reasonable attorneys' fees and costs in a sum to be determined at trial.

### IV.

### THIRD CAUSE OF ACTION – FAILURE TO DISCLOSE

36. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 35 above as though fully set forth here.

37. Plaintiffs are informed and believe and thereon allege Defendants, DOES and each of them knew, or would have known through the use of reasonable diligence for

which they had a duty to perform before the first delivery of the Subject Properties, that the Subject Properties were not built properly and were littered with code violations and other defects.

38. Plaintiffs are informed and believe and thereon allege Defendants, DOES and each of them, failed to disclose that the Subject Properties were defective. To the contrary, Plaintiffs are informed and believe and thereon allege that the Subject Properties were sold as if they met much higher standards than mere code minimums or other minimum standards, as if they were defect free from the perspective of minimum standards.

39. Plaintiffs are informed and believe and thereon allege they and their predecessors justifiably relied upon the lack of original disclosure that the Subject Properties were defective to conclude they were not defective and to purchase and put them to their intended purposes.

40. Plaintiffs are informed and believe and thereon allege they have been damaged by their justifiable reliance upon the belief the Subject Properties were not defective based on the lack of original disclosure by Defendants, DOES and each of them that as detailed above in the costs to cure the defects, loss of value had the defects been disclosed, relocation during repairs; and costs for experts and attorneys to evaluate, prove and guide them through the legal system for damages to cure the defects.

V.

## FOURTH CAUSE OF ACTION – DECLARATORY RELIEF

41. Plaintiffs re-allege and incorporate herein by reference Paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiffs are informed and believe and thereon allege that an actual controversy now exists between Plaintiffs and Defendants regarding the interpretation of NRS 40.600 *et. seq.* as it relates to the Plaintiffs' Chapter 40 claims and this Complaint, as well as the interpretation and application of alleged arbitration provisions.

43. Plaintiffs desire a judicial determination of their respective rights and a judicial determination of duties owed by the Defendants, DOES, and each of them in connection with the matters herein alleged and a judgment in Plaintiffs' favor, as to any obligations by Defendants, DOES, and each of them, owed to Plaintiffs.

44. For the foregoing reasons, Plaintiffs respectfully ask this Court to resolve the disputed issues between the parties before the trial of other matters at issue, including any other further relief that the Court deems necessary and/or appropriate to give full force and effect to the provisions of NRS 40.600 *et. seq.*, NRS 116 *et seq.* and NRS 113 *et seq.*

WHEREFORE, Plaintiffs allege as damages caused by the conduct of Defendants, DOES, and each of them as set forth above, and pray for damages and other relief against Defendants, DOES, and each of them as follows:

1. General and Special damages pursuant to NRS 40.600 *et. seq.*, and all other statutory or common law causes of action, as plead in this Complaint, all in an amount in excess of $10,000.00;

2. Reasonable attorney's fees, costs, expert costs and expenses, pursuant to NRS 40.600 *et. seq.*, NRS 116 *et. seq.*, and NRS 113 *et. seq.*, and pursuant to statutory and common law as set forth above;

3. Prejudgment interest; and

///

///

///

///

4. For such further relief as is necessary, including equitable and monetary relief.

DATED this 23rd day of November, 2015.

LATTIE MALANGA LIBERTINO, LLP

JONATHAN G. LATTIE, ESQ.
Nevada State Bar No. 7058
TERESA A. LIBERTINO, ESQ.
Nevada State Bar No. 9103
LATTIE MALANGA LIBERTINO, LLP
7945 West Sahara Avenue, Suite 108
Las Vegas, Nevada 89117

SCOTT K. CANEPA, ESQ.
Nevada Bar No. 004556
TERRY W. RIEDY, ESQ.
Nevada State Bar No. 003895
BRYAN T. ABELE, ESQ.
Nevada State Bar No. 007250
CANEPA RIEDY ABELE & COSTELLO
851 South Rampart Boulevard, Suite 160
Las Vegas, Nevada 89145-4885
(702) 304-2335

Attorneys for Plaintiffs