Electronically Filed
09/02/2015 03:42:30 PM

**CLERK OF THE COURT**

**SACOM**
Duane E. Shinnick, Esq.
Bar No. 7176
Bradley S. Rosenberg, Esq.
Bar No. 8737
SHINNICK RYAN & RANSAVAGE P.C.
4001 Meadows Lane
Las Vegas, NV 89107
Tel. (702) 631-8014
Fax (702) 631-8024
dshinnick@ssllplaw.com

Attorneys for Plaintiffs

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| PHUC LE and MAI HUYNH, individually (formerly ELENA MORALES); CECIL MOORE JR, individually; CHRISTINA NARDACCI, individually; ALFONSO RAMIREZ, individually; WILSON REVOCABLE FAMILY TRUST; ANTONIO and ROSITA FERRER, individually; ALFONSO C. IBE JR. and MAGDALENA D. IBE, individually; WARREN and YOLANDA M. JOSHUA, individually; JOSE A. and TERESA M. LOPEZ, individually; LARRY AND VICKIE MCCOY TRUST; AROS AND LULA MOUTON LIVING TRUST; DOUGLAS S. and LAURIE A. PARR, individually; CATHERINE G. POPE TRUST; ALLEN M. QUON and GAIL L. WRIGHT, individually; TIMOTHY J. WEBB and JACQUELINE R. WEBB, individually; NANCY WILSON, individually; and HOSSEIN Z. MEHRJARDI REVOCABLE LIVING TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> GREYSTONE NEVADA, LLC, a Delaware Limited Liability Company; U.S. HOME CORPORATION., a Delaware Corporation; CAMPBELL CONCRETE OF NEVADA, INC., a Nevada Corporation; EAGLE PLASTERING, | CASE NO. A-13-692679-D <br><br> DEPT. NO. XVI <br><br> **PLAINTIFFS' SECOND AMENDED CONSTRUCTION DEFECT COMPLAINT** |

{00243316.DOC}

INC. DBA SUNDANCE PLASTERING, a )
Nevada Corporation; INTERSTATE )
PLUMBING AND AIR CONDITIONING, )
INC., a Nevada Corporation; LUKESTAR )
CORPORATION DBA CHAMPION )
MASONRY, a Nevada Corporation; METRO )
ELECTRIC, a Nevada Corporation; PACIFIC )
STUCCO, INC., a Nevada Corporation; RED )
ROCK MECHANICAL, LLC, a Nevada Limited )
Liability Company; REPUBLIC ELECTRIC, )
INC., a Nevada Corporation; RISING SUN )
PLUMBING, LLC, a Nevada Limited Liability )
Company; SACRAMENTO INSULATION )
CONTRACTORS DBA GALE BUILDING )
PRODUCTS, a California Corporation; SIERRA )
AIR CONDITIONING, INC., a Nevada )
Corporation; SILVER STATE CONCRETE )
COMPANY, INC., a Nevada Corporation; SUN )
CITY LANDSCAPES & LAWN )
MAINTENANCE, INC., a Nevada Corporation; )
UNIQUE-SCAPE AND DESIGN, a Nevada )
Corporation; VALENTE CONCRETE, LLC, a )
Nevada Limited Liability Company and DOES )
16 through 500, inclusive, )
)
            Defendants. )
_____ )

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE THAT PLAINTIFFS hereby file this SECOND AMENDED

CONSTRUCTION DEFECT COMPLAINT pursuant to the ORDER GRANTING PLAINTIFFS'

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD PLAINTIFFS that

was filed with the above-entitled Court on September 2, 2015. This Second Amended Construction

Defect Complaint is being filed in order to add Plaintiffs, amend the caption to reflect dismissed and

added Plaintiffs, and correct errors in the First Amended Construction Defect Complaint.

## COMPLAINT FOR DAMAGES

        Comes Now Plaintiffs, PHUC LE and MAI HUYNH, individually; CECIL MOORE JR,

individually; CHRISTINA NARDACCI, individually; ALFONSO RAMIREZ, individually;

{00243316.DOC}

WILSON REVOCABLE FAMILY TRUST; ANTONIO and ROSITA FERRER, individually; ALFONSO C. IBE JR. and MAGDALENA D. IBE, individually; WARREN and YOLANDA M. JOSHUA, individually; JOSE A. and TERESA M. LOPEZ, individually; LARRY AND VICKIE MCCOY TRUST; AROS AND LULA MOUTON LIVING TRUST; DOUGLAS S. and LAURIE A. PARR, individually; CATHERINE G. POPE TRUST; ALLEN M. QUON and GAIL L. WRIGHT, individually; TIMOTHY J. and JACQUELINE R. WEBB, individually; NANCY WILSON, individually; and HOSSEIN Z. MEHRJARDI REVOCABLE LIVING TRUST (hereinafter "Plaintiffs"), by and through their attorneys, Duane E. Shinnick, Esq., and Bradley S. Rosenberg, Esq. of the law firm of SHINNICK, RYAN & RANSAVAGE P.C., and for causes of action against Defendants, and each of them, allege and complain as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs are owners of individual residences within the housing developments known as SEVILLE/BEL ETAGE in North Las Vegas, Nevada, more specifically described as residences in the subdivision of ALIANTE NORTH PARCEL 19 as recorded with the Clark County Recorder in Plat Book 119, page 28.

2. Pursuant to NRS 40.600 through 40.695 inclusive, Plaintiffs seek recovery for damages suffered by each unit owner as to their separate interests as delineated by law.

2a. Pursuant to NRS 40.645 Plaintiffs have in good faith attempted to serve written notice on all defendants by certified mail at the addresses listed on the Nevada State Contractors Board records, or at their last known addresses. Plaintiffs have substantially complied with the notice and pre-filing requirements of NRS 40.645.

3. The property and buildings thereupon will hereinafter sometimes be referred to as the "subject property."

{00243316.DOC}

4. NOT USED

5. The Defendants are identified as follows: Plaintiffs allege that Defendant GREYSTONE NEVADA, LLC ("Greystone"), a Delaware Corporation, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

5a. Plaintiffs allege that Defendant U.S. HOME CORPORATION ("U.S. Home"), a Delaware Corporation, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

5b. Plaintiffs allege that Defendant CAMPBELL CONCRETE OF NEVADA, INC. is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing foundations and/or flatworks in the Seville and Bel Etage subdivisions.

5c. Plaintiffs allege that Defendant EAGLE PLASTERING, INC. DBA SUNDANCE PLASTERING is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing stucco at the Seville subdivision.

5d. Plaintiffs allege that Defendant INTERSTATE PLUMBING AND AIR CONDITIONING, INC. is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to providing plumbing and or HVAC in the Bel Etage subdivision.

5e. Plaintiffs allege that Defendant LUKESTAR CORPORATION DBA CHAMPION MASONRY is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing masonry block walls in the Bel Etage subdivision.

{00243316.DOC}

5f. Plaintiffs allege that Defendant METRO ELECTRIC is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing electrical in the Seville subdivision.

5g. Plaintiffs allege that Defendant PACIFIC STUCCO, INC. is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing stucco at the Bel Etage subdivision.

5h. Plaintiffs allege that Defendant RED ROCK MECHANICAL, LLC, is a Nevada Limited Liability Company authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to mechanical work performed in Seville subdivision.

5i. Plaintiffs allege that Defendant REPUBLIC ELECTRIC, INC. is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing electrical in the Bel Etage subdivision.

5j. Plaintiffs allege that Defendant RISING SUN PLUMBING, LLC, is a Nevada Limited Liability Company authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing plumbing in the Seville subdivision.

5k. Plaintiffs allege that Defendant SACRAMENTO INSULATION CONTRACTORS DBA GALE BUILDING PRODUCTS is a California Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing insulation in the Seville subdivision.

5l. Plaintiffs allege that Defendant SIERRA AIR CONDITIONING, INC. is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does

conduct business within Clark County, State of Nevada, including but not limited to performing mechanical and HVAC work in the Bel Etage subdivision.

5m. Plaintiffs allege that Defendant SILVER STATE CONCRETE COMPANY, INC., is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to providing concrete materials for the Seville subdivision.

5n. Plaintiffs allege that Defendant SUN CITY LANDSCAPES & LAWN MAINTENANCE, INC., is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing landscaping in the Seville subdivision.

5o. Plaintiffs allege that Defendant UNIQUE-SCAPE AND DESIGN is a Nevada Corporation authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing landscaping in the Bel Etage subdivision.

5p. Plaintiffs allege that Defendant VALENTE CONCRETE, LLC, is a Nevada Limited Liability Company authorized to do business in the State of Nevada and has conducted and/or now does conduct business within Clark County, State of Nevada, including but not limited to installing foundations and/or flatworks in the Bel Etage subdivision.

6.  Plaintiffs allege that at all times herein mentioned, Defendants, and each of them, were the agents, servants and employees of each other and were acting in the course and scope of their agency or employment in doing the acts herein alleged.

7.  Plaintiffs do not know the true names and capacities of defendants sued herein as Does 16 to 500, including, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe, and thereon allege, that each of the said fictitiously named defendants are responsible in some manner for the defective and negligent engineering, architecture, construction, supply of improper materials, and inspection of the subject property single family homes, or in some other

{00243316.DOC}

actionable manner were an integral part of the chain of development, construction and marketing of the subject property single family homes, and that Plaintiffs damages as herein alleged were proximately caused by their conduct. Plaintiffs pray for leave to amend this Complaint when the true names and capacities of such defendants are ascertained.

8. Defendants Does 16 through 500, inclusive, whether individual, corporate, associate or otherwise are fictitious names of defendants whose true names and capacities, at this time, are unknown to Plaintiffs. Plaintiffs are informed and believe and thereupon allege that at all times herein mentioned each of the defendants sued herein as Does 16 through 500 was the agent, servant and employee of his or her co-defendants, and in doing the things hereinafter mentioned was acting in the scope of his or her authority as such agent, servant and employee, and with the permission and consent of his or her co-defendants; and that each of said fictitiously named defendants, whether an agent, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged. At such time as defendant's true names become known to Plaintiffs, Plaintiffs will ask leave of this Court to amend this Complaint to insert said true names and capacities.

9. Plaintiffs have discovered defects and damages within the periods of the applicable statutes of limitations that the subject property has and is experiencing defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

It was the result of the representations by Defendants that they would repair the defects and their conduct in so performing some works of repair, as well their proposals for correcting the defects that induced Plaintiffs to withhold conducting their own independent investigation and/or filing suit

{00243316.DOC}

against said Defendants.  By virtue of the fact that Defendants were the developers, contractors and sellers of the subject property and aware of the particular nature of the project, including its design, composition, and component parts, and when said Defendants represented that Defendants would repair the defects and, in fact, some works of repair were commenced, Plaintiffs were justified in relying on said representations and conduct by said Defendants in permitting them to investigate and repair the defects.  As a result of Defendants' conduct, Plaintiffs' obligation to commence an action against Defendants for the defects and/or damages set forth above was tolled pursuant to NRS 40.668 and NRS 40.695.

On numerous occasions Defendants represented to Plaintiffs that the defective systems and materials were not inadequate, and that repairs had been successfully performed thereby inducing reasonable reliance thereupon by Plaintiffs that conditions were not in need of repairs, therefore, Defendants are estopped from asserting any potentially applicable statutes of limitations.  Damage has also occurred at various times in the past, including progressive damage.

10. Within the last year, Plaintiffs have discovered that the subject property has and is experiencing additional defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship which would extend the statute of limitations an additional two (2) years pursuant to NRS 11.203(2).

/ / /

/ / /

/ / /

{00243316.DOC}

**SECOND AMENDED CONSTRUCTION DEFECT COMPLAINT**

## FIRST CAUSE OF ACTION

### (Breach of Contract and Breach of Express Warranties as Against

### Defendants Greystone and U.S. Home, and Does 16 through 500)

11.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12.  On or about various dates commencing in 2005, and continuing thereafter in the County of Clark, State of Nevada, the Plaintiffs and each of them or their predecessors in interest, entered into contracts in writing with Defendants for the purchase from said Defendants of one or more of the units in the subject property.

13.  At the time of negotiations of said contracts, but before said contracts were executed between the Plaintiffs and/or their predecessors in interest and said Defendants, as an inducement to the Plaintiffs and/or their predecessors in interest to purchase said units, and as a part of the basis of the bargain of the parties that culminated in the making of the contracts, said Defendants expressly warranted to Plaintiffs and/or their predecessors in interest that said units were constructed in conformity with the applicable building codes and the specific codes and regulations of Clark County, the approved plans and specifications, and that said structures were and are sound and safe, and would remain so.

14.  The Plaintiffs purchased said homes in reliance on the express warranties, affirmations of fact, and promises made by Defendants. Plaintiffs, and each of them, have duly performed all the conditions and covenants of said contracts on their part to be performed.

15.  Certain Plaintiffs and/or homeowners of the subject property, notified Defendants of said breach of contract and breach of warranties, and said Defendants have refused, and continue to refuse, to remedy these defects.

{00243316.DOC}

16.  As a direct and proximate result of the breach of the express warranties (written and oral) by Defendants, and each of them, as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

17.  Plaintiffs have suffered damages in an amount not fully known, but believed to be within the jurisdiction of this Court in that they have been and will hereafter be required to perform works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition. Plaintiffs will establish the precise amount of such damages at trial, according to proof.

18.  Plaintiffs are entitled to all damages set forth at NRS 40.655.

## SECOND CAUSE OF ACTION

### (Breach of Implied Warranties-Third Party Beneficiary
### as Against All Defendants, and Does 16 through 500)

19.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20.  Plaintiffs are informed and believe and on that basis allege that Defendants and Doe defendants other than GREYSTONE NEVADA, LLC and/or U.S. HOME CORPORATION entered into contracts with these entities to perform certain services or work with regard to the design, construction and inspection of construction of the residences at the subject property.  Plaintiffs and/or their predecessors in interest were third party beneficiaries of each and every such contract.

21.  Further, said Doe defendants by entering into said contracts with GREYSTONE NEVADA, LLC and/or U.S. HOME CORPORATION and/or Plaintiffs and/or their predecessors in

{00243316.DOC}

interest, impliedly warranted that said homes would be of good and merchantable quality and would be at least a quality as would be fit for the ordinary purpose for which such homes were to be used and would be habitable. Further, said Doe defendants impliedly warranted the quality of construction of the homes and common areas as provided in NRS 116.4114.

22.  The Plaintiffs purchased their homes in reliance on the implied warranties and promises made by Doe defendants, and each of them. Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

23.  Certain Plaintiffs and/or Homeowners at the subject property have notified Doe defendants of said breach of implied warranties and said Doe defendants have refused and continue to refuse to remedy these defects.

24.  As a direct and proximate result of the breach of the implied warranties by Doe defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.  Numerous additional defective conditions exist as more particularly described in Plaintiffs' expert reports.  Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at trial according to proof, and in accordance with NRS 40.655.

### THIRD CAUSE OF ACTION

**(Negligence and Negligence _per se_ as to All Defendants,**

**and Does 16 through 500)**

25.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 of the Complaint as though fully set forth herein.

{00243316.DOC}

26.  Plaintiffs allege that Defendants, and each of them, knew or should have known that if the subject structure and subject premises were not properly or adequately designed, engineered, marketed, supervised and/or constructed, that the owners and users would be substantially damaged thereby, and that the subject structures would be defective and not of merchantable quality.

27.  Plaintiffs allege that the Defendants, and each of them, named herein were under a duty to exercise ordinary care to avoid reasonably foreseeable injury to users and purchasers of the subject premises and structures, and knew or should have foreseen with reasonable certainty that purchasers and/or users would suffer the monetary damages set forth herein, if said Defendants, and each of them, failed to perform their duty to cause the subject premises and subject structures to be designed, engineered and completed in a proper and workmanlike manner and fashion.

28.  Said Defendants, and each of them, breached their duty owed to Plaintiffs, failed and neglected to perform the work, labor and services properly or adequately in that each said Defendants so negligently, carelessly, recklessly and in an unworkmanlike manner designed, constructed and inspected the subject property and performed the aforesaid work, labor and/or services, such that the subject premises and subject structures as described herein were designed, engineered and/or constructed improperly, negligently, carelessly and/or in an unworkmanlike manner, thereby breaching the duty owed to Plaintiffs.  Further, Defendant sellers knew or should have known that the premises were constructed in an unworkmanlike manner.

29.  Defendants' negligence alleged above includes the failure to meet the applicable building codes and ordinances which were in effect.  Plaintiffs' members and their predecessors in interest were members of the class of persons which the building codes and ordinances were designed to protect.  Such violations are negligence per se on the part of Defendants, and each of them.

{00243316.DOC}

30.   As a direct and proximate result of the foregoing negligence and negligence per se, carelessness and unworkmanlike conduct, actions and/or omissions by said Defendants, and each of them, Plaintiffs have suffered damages in an amount in excess of $10,000.00. Plaintiffs are presently unaware of the precise amount of damages needed in order to correct the defective conditions of the subject property and subject structures, but will establish the same at trial according to proof.

31.  Plaintiffs are also entitled to the damages set forth at NRS 40.655.

## FOURTH CAUSE OF ACTION

### (Breach of Implied Warranty of Habitability as Against All Defendants,

### and Does 16 through 500)

32.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 31 of the Complaint, as though fully set forth herein.

33.   All Defendants each impliedly warranted that said homes would be of good and merchantable quality, would be habitable, and would be completed in a workmanlike manner. Further, said Defendants impliedly warranted the quality of construction of the homes and common areas as provided in NRS 116.4114.

34.  The Plaintiffs purchased their homes in reliance on the implied warranties and promises made by Defendants, and each of them.   Plaintiffs have duly performed all of the covenants and conditions of said contracts on their part to be performed.

35.  Certain Plaintiffs and/or Homeowners at the subject property have notified Defendants of said breach of implied warranties and said Defendants have refused and continue to refuse to remedy these defects.

36. As a direct and proximate result of the breach of the implied warranties by Defendants and each of them as herein above alleged, Plaintiffs suffered damages stemming from, among other items,

{00243316.DOC}

defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship. Plaintiffs are presently unaware of the precise amount of damages, but will establish the same at trial according to proof.

**WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:**

1.  For general and special damages in excess of $10,000.00 including but not limited to, costs of repair, loss of market value, loss of use, loss of investment and out-of-pocket expenses to be determined at time of trial;

2.  For damages in an amount according to proof;

3.  For reasonable attorneys fees and costs according to proof.

4.  For prejudgment and post-judgment interest on all sums awarded, according to proof at the maximum legal rate;

5.  For all damages pursuant to NRS 40.600 through 40.695; in particular 40.650 and 40.655;

6.  For costs of suit incurred;

7.  For such other and further relief as the Court may deem just and proper.

DATED this 2nd day of September, 2015.

SHINNICK, RYAN & RANSAVAGE P.C.

By:  ___*/s/ Bradley S. Rosenberg*___
Duane E. Shinnick, Esq.
Bar No. 7176
Bradley S. Rosenberg, Esq.
Bar No. 8737
4001 Meadows Lane
Las Vegas, NV 89107

Attorneys for Plaintiffs

{00243316.DOC}