Electronically Filed
02/11/2016 09:08:40 AM

*[signature]*

**CLERK OF THE COURT**

**SACOM**
Duane E. Shinnick, Esq.
Bar No. 7176
Bradley S. Rosenberg, Esq.
Bar No. 8737
SHINNICK & RYAN NV P.C.
4001 Meadows Lane
Las Vegas, NV 89107
Tel. (702) 631-8014
Fax (702) 631-8024
dshinnick@srfirms.com
brosenberg@srfirms.com

Attorneys for Plaintiffs

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| JOE W. and PAULETTE BALLARD, individually; EVERETT D. BROWN, individually; ARTHUR and LOTIS EDANO, individually; LEONARD D. and ALICIA G. EMERY, individually; JAMES K. GOULD, individually; SEAN K. and SHAWNA D. GUSTAFSON, individually; SCOTT S. HOLT, individually; TING CHENG HUNG and CHIA LIN HUNG, individually; STEPHEN E. JOHNSON LIVING TRUST; JUSTIN and MARISA KAGAN, individually; LAWRENCE and MARIA LIVIGNI, individually; MICHAEL and CHRISTINA MALANIAK, individually; RICHARD MOFFETT, individually; DANTE B. and BRENDA A. PABALAN, individually; ROBERT SCHAEFER, individually; FERNANDO and MELENDRE SORIANO, individually; SHEILA K. STUPPY, individually; BRANDON and BRANDIE THOMPSON, individually; FRANK and ELEANOR WOOD, individually; KEVIN FRENCH, individually; STEVIE B. SORIANO, individually; JAMES A. DAVIS and HELEN LOWE-DAVIS, individually; MARC A. FRAZIER, individually; SANDRA MITE and JOSE JAQUEZ, individually; ELENA MORALES, individually; WILFORD SAVAGE and SANDRA SAVAGE, individually; KEVIN WHITE and ALLISON MANZ, individually; | CASE NO. A-15-723303-D<br><br>DEPT. NO. XVI<br><br>**PLAINTIFFS' SECOND AMENDED CONSTRUCTION DEFECT COMPLAINT** |

{00263452.DOC}

---

1

**SECOND AMENDED COMPLAINT FOR DAMAGES**

|   |   |
|---|---|
| Plaintiffs, | ) |
| v. | ) ) |
| GREYSTONE NEVADA, LLC, a Delaware Limited Liability Company; U.S. HOME CORPORATION, a Delaware Corporation; | ) ) ) ) |
| Defendants. | ) ) ) ) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT PLAINTIFFS hereby file this SECOND AMENDED CONSTRUCTION DEFECT COMPLAINT pursuant to the Order Granting Plaintiffs' Motion for Leave to File Second Amended Construction Defect Complaint attached hereto as Exhibit 1. This Second Amended Complaint is being filed in order to add by name the following Plaintiff Homeowners to the above-captioned matter; to substitute KEVIN WHITE and ALLISON MANZ in place of ROBERT D. LEAL, and to remove the BREACH OF IMPLIED WARRANTIES – THIRD PARTY BENEFICIARY AS AGAINST ALL DEFENDANTS, AND DOES 1 THROUGH 500 and BREACH OF IMPLIED WARRANTY OF HABITABILITY AS AGAINST ALL DEFENDANTS, AND DOES 1 THROUGH 500 Causes of Action from the Complaint:

| PLAINTIFF | ADDRESS |
|---|---|
| JAMES A. DAVIS HELEN LOWE-DAVIS | 3816 Ocelot Court North Las Vegas, NV 89084 |
| MARC A. FRAZIER | 3724 Alcantara Lane North Las Vegas, NV 89084 |
| SANDRA MITE JOSE JAQUEZ | 3732 White Lion Lane North Las Vegas, NV 89084 |
| ELENA MORALES | 7109 Puetollano Drive North Las Vegas, NV 89084 |
| WILFORD SAVAGE SANDRA SAVAGE | 3813 Campanario Ave. North Las Vegas, NV 89084 |
| KEVIN WHITE ALLISON MANZ | 6953 Puetollano Drive North Las Vegas, NV 89084 |

{00263452.DOC}

2
SECOND AMENDED COMPLAINT FOR DAMAGES

# COMPLAINT FOR DAMAGES

Comes Now Plaintiffs,

| PLAINTIFF | ADDRESS |
|---|---|
| JOE W. BALLARD<br>PAULETTE BALLARD | 3609 Alcantara Lane<br>North Las Vegas, NV 89084 |
| EVERETT D. BROWN | 6929 Puetollano Drive<br>North Las Vegas, NV 89084 |
| ARTHUR EDANO<br>LOTIS EDANO | 3812 Campanario Ave.<br>North Las Vegas, NV 89084 |
| LEONARD D. EMERY<br>ALICIA G. EMERY | 3716 Tiger Ridge Lane<br>North Las Vegas, NV 89084 |
| JAMES K. GOULD | 7132 Manzanares Drive<br>North Las Vegas, NV 89084 |
| SEAN K. GUSTAFSON<br>SHAWNA D. GUSTAFSON | 6957 Puetollano Drive<br>North Las Vegas, NV 89084 |
| SCOTT S. HOLT | 3713 Tiger Ridge Lane<br>North Las Vegas, NV 89084 |
| TING CHENG HUNG<br>CHIA LIN HUNG | 3624 Tiger Ridge Lane<br>North Las Vegas, NV 89084 |
| STEPHEN E. JOHNSON LIVING TRUST | 7129 Puetollano Drive<br>North Las Vegas, NV 89084 |
| JUSTIN KAGAN<br>MARISA KAGAN | 7108 Manzanares Drive<br>North Las Vegas, NV 89084 |
| LAWRENCE LIVIGNI<br>MARIA LIVIGNI | 3812 Ocelot Court<br>North Las Vegas, NV 89084 |
| MICHAEL MALANIAK<br>CHRISTINA MALANIAK | 6961 Puetollano Drive<br>North Las Vegas, NV 89084 |
| RICHARD MOFFETT | 3720 Tiger Ridge Lane<br>North Las Vegas, NV 89084 |
| DANTE B. PABALAN<br>BRENDA A. PABALAN | 3917 Campanario Ave.<br>North Las Vegas, NV 89084 |
| ROBERT SCHAEFER | 3617 Alcantara Lane<br>North Las Vegas, NV 89084 |
| FERNANDO SORIANO<br>MELENDRE SORIANO | 3728 White Lion Lane<br>North Las Vegas, NV 89084 |
| SHEILA K. STUPPY | 3933 San Esteban Ave.<br>North Las Vegas, NV 89084 |
| BRANDON THOMPSON<br>BRANDIE THOMPSON | 3717 Tiger Ridge Lane<br>North Las Vegas, NV 89084 |
| FRANK WOOD<br>ELEANOR WOOD | 3728 Tiger Ridge Lane<br>North Las Vegas, NV 89084 |
| KEVIN FRENCH | 7037 Villada Street<br>North Las Vegas, NV 89084 |
| STEVIE B. SORIANO | 3728 White Lion Lane |

{00263452.DOC}

3
SECOND AMENDED COMPLAINT FOR DAMAGES

| | North Las Vegas, NV 89084 |
|---|---|
| JAMES A. DAVIS<br>HELEN LOWE-DAVIS | 3816 Ocelot Court<br>North Las Vegas, NV 89084 |
| MARC A. FRAZIER | 3724 Alcantara Lane<br>North Las Vegas, NV 89084 |
| SANDRA MITE<br>JOSE JAQUEZ | 3732 White Lion Lane<br>North Las Vegas, NV 89084 |
| ELENA MORALES | 7109 Puetollano Drive<br>North Las Vegas, NV 89084 |
| WILFORD<br>SANDRA SAVAGE | 3813 Campanario Ave.<br>North Las Vegas, NV 89084 |
| KEVIN WHITE<br>ALLISON MANZ | 6953 Puetollano Drive<br>North Las Vegas, NV 89084 |

all individually (hereinafter "Plaintiffs"), by and through their attorneys, Duane E. Shinnick, Esq., and Bradley S. Rosenberg, Esq. of the law firm of SHINNICK & RYAN NV P.C., and for causes of action against Defendants, and each of them, allege and complain as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs are owners of individual residences within the housing developments known as SEVILLE/BEL ETAGE in North Las Vegas, Nevada, more specifically described as residences in the subdivision of ALIANTE NORTH PARCEL 19 as recorded with the Clark County Recorder in Plat Book 119, page 28.

2. Pursuant to NRS 40.600 through 40.695 inclusive, Plaintiffs seek recovery for damages suffered by each unit owner as to their separate interests as delineated by law.

2a. Pursuant to NRS 40.645 Plaintiffs have in good faith attempted to serve written notice on all defendants by certified mail at the addresses listed on the Nevada State Contractors Board records, or at their last known addresses. Plaintiffs have substantially complied with the notice and pre-filing requirements of NRS 40.645.

3. The property and buildings thereupon will hereinafter sometimes be referred to as the "subject property."

{00263452.DOC}

**4**
**SECOND AMENDED COMPLAINT FOR DAMAGES**

4.  NOT USED

5.  The Defendants are identified as follows: Plaintiffs allege that Defendant GREYSTONE NEVADA, LLC, a Delaware Limited Liability Company, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

5a.  Plaintiffs allege that Defendant U.S. HOME CORPORATION, a Delaware Corporation, authorized to do business in the State of Nevada and has conducted and/or now does conduct business within the County of Clark, State of Nevada, including but not limited to development, construction, improvement, conversion and/or sale of the subject property.

6.  Plaintiffs allege that at all times herein mentioned, Defendants, and each of them, were the agents, servants and employees of each other and were acting in the course and scope of their agency or employment in doing the acts herein alleged.

7.  Plaintiffs do not know the true names and capacities of defendants sued herein as Does 1 to 500, including, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the said fictitiously named defendants are responsible in some manner for the defective and negligent engineering, architecture, construction, supply of improper materials, and inspection of the subject property single family homes, or in some other actionable manner were an integral part of the chain of development, construction and marketing of the subject property single family homes, and that Plaintiffs damages as herein alleged were proximately caused by their conduct. Plaintiffs pray for leave to amend this Complaint when the true names and capacities of such defendants are ascertained.

{00263452.DOC}

8. Defendants Does 1 through 500, inclusive, whether individual, corporate, associate or otherwise are fictitious names of defendants whose true names and capacities, at this time, are unknown to Plaintiffs. Plaintiffs are informed and believe and thereupon allege that at all times herein mentioned each of the defendants sued herein as Does 1 through 500 was the agent, servant and employee of his or her co-defendants, and in doing the things hereinafter mentioned was acting in the scope of his or her authority as such agent, servant and employee, and with the permission and consent of his or her co-defendants; and that each of said fictitiously named defendants, whether an agent, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged. At such time as defendant's true names become known to Plaintiffs, Plaintiffs will ask leave of this Court to amend this Complaint to insert said true names and capacities.

9. Plaintiffs have discovered defects and damages within the periods of the applicable statutes of limitations that the subject property has and is experiencing defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship.

It was the result of the representations by Defendants that they would repair the defects and their conduct in so performing some works of repair, as well their proposals for correcting the defects that induced Plaintiffs to withhold conducting their own independent investigation and/or filing suit against said Defendants. By virtue of the fact that Defendants were the developers, contractors and sellers of the subject property and aware of the particular nature of the project, including its design, composition, and component parts, and when said Defendants represented that Defendants would repair the defects and, in fact, some works of repair were commenced, Plaintiffs were justified in

{00263452.DOC}

relying on said representations and conduct by said Defendants in permitting them to investigate and repair the defects. As a result of Defendants' conduct, Plaintiffs' obligation to commence an action against Defendants for the defects and/or damages set forth above was tolled pursuant to NRS 40.668 and NRS 40.695.

On numerous occasions Defendants represented to Plaintiffs that the defective systems and materials were not inadequate, and that repairs had been successfully performed thereby inducing reasonable reliance thereupon by Plaintiffs that conditions were not in need of repairs, therefore, Defendants are estopped from asserting any potentially applicable statutes of limitations. Damage has also occurred at various times in the past, including progressive damage.

10. Within the last year, Plaintiffs have discovered that the subject property has and is experiencing additional defective conditions, in particular, there are damages stemming from, among other items, defectively built roofs, leaking windows, dirt coming through windows, drywall cracking, stucco cracking, stucco staining, water and insect intrusion through foundation slabs, and other poor workmanship which would extend the statute of limitations an additional two (2) years pursuant to NRS 11.203(2).

### FIRST CAUSE OF ACTION

**(Negligence and Negligence per se**

**As Against All Defendants, and Does 1 through 500)**

11. Plaintiffs reallege and incorporate by reference paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12. Plaintiffs allege that Defendants, and each of them, knew or should have known that if the subject structure and subject premises were not properly or adequately designed, engineered,

{00263452.DOC}

marketed, supervised and/or constructed, that the owners and users would be substantially damaged thereby, and that the subject structures would be defective and not of merchantable quality.

13. Plaintiffs allege that the Defendants, and each of them, named herein were under a duty to exercise ordinary care to avoid reasonably foreseeable injury to users and purchasers of the subject premises and structures, and knew or should have foreseen with reasonable certainty that purchasers and/or users would suffer the monetary damages set forth herein, if said Defendants, and each of them, failed to perform their duty to cause the subject premises and subject structures to be designed, engineered and completed in a proper and workmanlike manner and fashion.

14. Said Defendants, and each of them, breached their duty owed to Plaintiffs, failed and neglected to perform the work, labor and services properly or adequately in that each said Defendants so negligently, carelessly, recklessly and in an unworkmanlike manner designed, constructed and inspected the subject property and performed the aforesaid work, labor and/or services, such that the subject premises and subject structures as described herein were designed, engineered and/or constructed improperly, negligently, carelessly and/or in an unworkmanlike manner, thereby breaching the duty owed to Plaintiffs. Further, Defendant sellers knew or should have known that the premises were constructed in an unworkmanlike manner.

15. Defendants' negligence alleged above includes the failure to meet the applicable building codes and ordinances which were in effect. Plaintiffs' members and their predecessors in interest were members of the class of persons which the building codes and ordinances were designed to protect. Such violations are negligence <u>per se</u> on the part of Defendants, and each of them.

16. As a direct and proximate result of the foregoing negligence and negligence per se, carelessness and unworkmanlike conduct, actions and/or omissions by said Defendants, and each of them, Plaintiffs have suffered damages in an amount in excess of $10,000.00. Plaintiffs are presently

{00263452.DOC}

**8**
**SECOND AMENDED COMPLAINT FOR DAMAGES**

unaware of the precise amount of damages needed in order to correct the defective conditions of the subject property and subject structures, but will establish the same at trial according to proof.

17. Plaintiffs are also entitled to the damages set forth at NRS 40.655.

**WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:**

1. For general and special damages in excess of $10,000.00 including but not limited to, costs of repair, loss of market value, loss of use, loss of investment and out-of-pocket expenses to be determined at time of trial;

2. For damages in an amount according to proof;

3. For reasonable attorneys fees and costs according to proof.

4. For prejudgment and post-judgment interest on all sums awarded, according to proof at the maximum legal rate;

5. For all damages pursuant to NRS 40.600 through 40.695; in particular 40.650 and 40.655;

6. For costs of suit incurred;

7. For such other and further relief as the Court may deem just and proper.

DATED this 11th day of February, 2016

SHINNICK & RYAN NV P.C.

By: /s/ *Bradley S. Rosenberg*
Duane E, Shinnick, Esq.
Bar No. 7176
Bradley S. Rosenberg, Esq.
Bar No. 8737
4001 Meadows Lane
Las Vegas, NV 89107

Attorneys for Plaintiffs

{00263452.DOC}

9
**SECOND AMENDED COMPLAINT FOR DAMAGES**

# Exhibit "1"

{00263452.DOC}

Electronically Filed
02/10/2016 03:40:53 PM

*[signature]*

CLERK OF THE COURT

**OGM**
Duane E. Shinnick, Esq.
Bar No. 7176
Bradley S. Rosenberg, Esq.
Bar No. 8737
SHINNICK & RYAN NV P.C.
4001 Meadows Lane
Las Vegas, NV 89107
Tel. (702) 631-8014
Fax (702) 631-8024
brosenberg@srfirms.com

Attorneys for PLAINTIFFS

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| JOE W. and PAULETTE BALLARD, individually; EVERETT D. BROWN, individually; ARTHUR and LOTIS EDANO, individually; LEONARD D. and ALICIA G. EMERY, individually; JAMES K. GOULD, individually; SEAN K. and SHAWNA D. GUSTAFSON, individually; SCOTT S. HOLT, individually; TING CHENG HUNG and CHIA LIN HUNG, individually; STEPHEN E. JOHNSON LIVING TRUST; JUSTIN and MARISA KAGAN, individually; ROBERT D. LEAL, individually; LAWRENCE and MARIA LIVIGNI, individually; MICHAEL and CHRISTINA MALANIAK, individually; RICHARD MOFFETT, individually; DANTE B. and BRENDA A. PABALAN, individually; ROBERT SCHAEFER, individually; FERNANDO and MELENDRE SORIANO, individually; SHEILA K. STUPPY, individually; BRANDON and BRANDIE THOMPSON, individually; FRANK and ELEANOR WOOD, individually; KEVIN FRENCH, individually; STEVIE B. SORIANO, individually; <br>      Plaintiffs,<br><br>v.<br><br>GREYSTONE NEVADA, LLC, a Delaware Limited Liability Company; U.S. HOME CORPORATION, a Delaware Corporation; and DOES 1 through 500, inclusive,<br>      Defendants. | CASE NO. A-15-723303-D<br><br>DEPT. NO. XVI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED CONSTRUCTION DEFECT COMPLAINT**<br><br>Date of Hearing: January 20, 2016<br><br>**Time: 9:00am** |

{00269938.DOC}

1
ORDER

01-29-16  16:30  RCVD

# ORDER

On December 15, 2015, Plaintiffs filed their Motion for Leave to File a Second Amended Construction Defect Complaint to (1) to remove the breach of implied warranties and implied warranty of habitability causes of action; (2) to substitute Kevin White and Allison Manz in place of Plaintiff Robert D. Leal and amend the caption to reflect the same; and (3) to join Plaintiffs James A. Davis and Helen Lowe-Davis, owners of 3816 Ocelot Court, Marc A. Frazier, owner of 3724 Alcantara Lane, Sandra Mite and Jose Jaquez, owners of 3732 White Lion Lane, Elena Morales, owner of 7109 Puetollano Drive, and Wilford and Sandra Savage, owners of 3813 Campanario Avenue. The Motion was served via U.S. mail and electronically served on all parties via the Clark County Court's Electronic Filing System and No Opposition was filed. Good cause being shown, the court grants Plaintiffs' Motion for Leave to File a Second Amended Construction Defect Complaint with the above entitled court pursuant to EDCR 2.23 and EDCR 2.20.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Construction Defect Complaint is GRANTED;

**IT IS SO ORDERED.**

DATED this 1st day of February, 2016

_____
HONORABLE DISRICT COURT JUDGE
NH

Respectfully Submitted by:

SHINNICK & RYAN NV P.C.

By: _____
Bradley S. Rosenberg, Esq.
Bar No. 8737
4001 Meadows Lane
Las Vegas, NV 89107

Attorneys for PLAINTIFFS

{00269938.DOC}