Gregory H. King, Bar No. 7777
ghk@paynefears.com
Matthew L. Durham, Bar No. 10342
mld@paynefears.com
Chad D. Olsen, Bar No. 12060
cdo@paynefears.com
PAYNE & FEARS LLP
7251 W. Lake Mead Blvd., Suite 525
Las Vegas, Nevada 89128
Telephone: (702) 851-0300
Facsimile: (702) 851-0315

Attorneys for GREYSTONE NEVADA, LLC
and U.S. HOME CORPORATION

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,<br><br>    Debtor.<br><br>Affects:<br><br>☐   All Debtors<br>☒   Affects of the following Debtor(s)<br>    Geronimo Plumbing, LLC<br>    (Case No.: 09-14820) | Case No.: BK-S-09-14814-LBR<br>(Jointly Administered)<br><br>**AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing Date: December 8, 2016<br>Hearing Time: 9:30 a.m. |

Movants/Creditors U.S. Home Corporation and Greystone Nevada, LLC (collectively, "Movants") hereby move this Court for an order lifting the automatic bankruptcy stay.

Movants seek relief from the bankruptcy stay for the limited purpose of liquidating claims against the Debtor (i.e., allowing the state court to determine liability and damages) and pursuing the recovery of any available insurance proceeds from the Debtor's liability insurers. Movants have no intention of seeking recovery against the Debtor's bankruptcy estate.

Accordingly, Movants propose that the order lifting the stay against the Debtor in favor of Movants will provide that Movants may enforce any judgment obtained in district court only against the Debtor's liability insurance carriers. Pursuant to the proposed order, Movant would be directed not to enforce any judgment against the Debtor's bankruptcy estate.

This Motion is brought pursuant to 11 U.S.C. §362(d), Rule 4001 of the Federal Rules of

1  Bankruptcy Procedure, and Local Rule 4001. This Motion is based upon and the attached

2  Memorandum of Points and Authorities.

3  Dated: November 4, 2016             PAYNE & FEARS LLP

By      */s/ Gregory H. King*
GREGORY H. KING, Bar No. 7777
MATTHEW L. DURHAM, Bar No. 10342
CHAD D. OLSEN, Bar No. 12060
7251 W. Lake Mead Blvd., Suite 525
Las Vegas, Nevada 89128
Tel. (702) 851-0300

Attorneys for GREYSTONE NEVADA, LLC
and U.S. HOME CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

On or about March 31, 2009, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Movants are creditors of Debtor and, therefore, qualify as parties in interest in this case.

Movants respectfully request an order lifting the automatic stay for the limited purpose of liquidating their claims against the Debtor and pursuing the recovery of any available insurance proceeds from the Debtor's liability insurers. Specifically, Movants seek an order lifting the stay so that they may liquidate claims against the Debtor relating to the following lawsuits that are pending in Clark County, Nevada, as well as to any and all additional lawsuits or pre-litigation matters that are not specifically set forth in this motion to the extent the Debtor's liability insurance proceeds are available:

**A.    THE *BARLOW* ACTION**

*Barlow, et al. v. Greystone Nevada, LLC, et al.*, Eighth Judicial District Court of Nevada, Case No. A-15-722274-D ("*Barlow*") is a construction defect action filed by the owners of thirty homes located in the Aliante North community in North Las Vegas, Nevada, which was developed by Movants. The Debtor was the plumbing subcontractor that was hired by Movants to provide labor and materials at the Aliante North project.

On November 23, 2015, the *Barlow* plaintiffs filed a first amended complaint, naming Movants as defendants. A copy of the second amended complaint is attached hereto as Exhibit 1.

**B.    THE *HUYNH* ACTION**

*Huynh, et al. v. Greystone Nevada, LLC, et al.*, Eighth Judicial District Court of Nevada, Case No. A-13-692679-D ("*Huynh*") is a construction defect action filed by the owners of seventeen homes located in the Seville and Bel Etage communities in North Las Vegas, Nevada, which were developed by Movants. The Debtor was the plumbing that was hired by Movants to provide labor and materials at the Seville and Bel Etage projects.

///

On September 2, 2015, the *Huynh* plaintiffs filed a second amended complaint, naming Movants as defendants. A copy of the second amended complaint is attached hereto as Exhibit 2.

**C.     THE *BALLARD* ACTION**

*Ballard, et al. v. Greystone Nevada, LLC, et al.*, Eighth Judicial District Court of Nevada, Case No. A-15-723303-D ("*Ballard*") is a construction defect action filed by the owners of twenty-six homes located in the Seville and Bel Etage communities in North Las Vegas, Nevada, which were developed by Movants. The Debtor was the plumbing subcontractor that was hired by Movants to provide labor and materials at the Seville and Bel Etage projects.

On February 11, 2016, the *Ballard* plaintiffs filed a second amended complaint, naming Movants as defendants. A copy of the second amended complaint is attached hereto as Exhibit 3.

**II.**

**DISCUSSION**

**A.     THIS COURT MAY GRANT RELIEF FROM THE AUTOMATIC STAY**

Upon request of a party in interest and after notice and a hearing, 11 U.S.C. § 362(d)(1) authorizes a bankruptcy court to grant relief from the automatic stay for "cause." The Bankruptcy Code does not define "cause." Thus, courts have held that relief from the stay from cause must be determined on a case by case basis and that such relief is left within the discretion of the bankruptcy court. *In re Castlerock Property*, 781 F.2d 159, 163 (9th Cir. 1986). It is clear, however, that "cause" includes relief to allow litigation involving debtors to proceed in state court under the proper circumstances. *See In re Loudon*, 284 B.R. 106, 108 (B.A.P. 8th Cir. 2002).

**B.     THE *CURTIS* FACTORS SUPPORT GRANTING MOVANTS RELIEF FROM THE STAY TO PROCEED WITH THEIR CLAIMS AGAINST DEBTOR**

Bankruptcy courts have identified the following twelve, nonexclusive factors (the "*Curtis* factors") as those which a bankruptcy court should weigh in determining whether there exists "cause" to lift an automatic stay to permit litigation to continue in another forum:

1.  Whether the relief will result in partial or complete resolution of the issues;
2.  The lack of a connection with or interference with the bankruptcy case;
3.  Whether the foreign proceeding involves the debtor as a fiduciary;
4.  Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

-4-

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the gods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under §510(c);
9. Whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under §522(f);
10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where parties are prepared for trial; and
12. The impact of the stay on the parties and the "balance of hurt."

*In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984); *see In re Smith*, 389 B.R. 902, 918–19 (Bankr. D. Nev. 2008); *In re Plumerex*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004). Not all of these factors are relevant in every case. *Sonnax Industries, Inc. v. Tri Component Corp.*, 907 F.2d 1280, 1286 (2nd Cir. 1990). A court is not required to give each factor equal weight in making its determination. *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994).

Here, the *Curtis* factors weigh in favor of lifting the stay. First, a resolution in the above-referenced lawsuits (and other matters) will result in a complete resolution of all issues regarding the Movants' claims against the Debtor. Second, there is no connection between the such construction-defect lawsuits and pre-litigation matters and the Debtor's bankruptcy case, nor will the lawsuits interfere with the bankruptcy case. *See generally In re Endoscopy Ctr. of S. Nevada, LLC*, 451 B.R. 527, 542 (Bankr. D. Nev. 2011) (liability insurance policy proceeds that are potentially going to be paid to third-parties are generally not property of the estate because the debtor does not have a cognizable interest in the proceeds of the policy). The third factor does not apply as the Debtor is not a fiduciary in the lawsuits.

Fourth, the lawsuits will be before a specialized tribunal. Movants filed their actions in Nevada's Eighth Judicial District Court, which assigns construction-defect cases to one of four departments that handle construction defect litigation within the district. Further, a special master with extensive experience and expertise in managing construction defect cases has been, or will be, appointed in these construction defect cases.

-5-

As to the fifth and sixth factors, based upon insurance certificates and representations provided to Movants by Debtor at the time of contracting for work on the project, it is Movants' understanding that the Debtor's insurance carriers will assume responsibility for Debtor's defense. Further, Movants do not intend to recover damages against the Debtor directly; instead, the Debtor, as an insured, functions only as a conduit for the insurance proceeds in question.

Lastly, factors seven, ten, eleven, and twelve weigh in favor of allowing the district courts to determine liability and damages, a determination that would otherwise require a trial by the bankruptcy court. The order lifting the stay as to Movants can ensure that the creditors of the Debtor's bankruptcy estate are not harmed because Movants' ability to enforce any potential judgment will be limited to liability insurance proceeds. Movants, on the other hand, will suffer substantial harm if they cannot liquidate their claims against the Debtor because they will be unable to recover from Debtor's insurance carriers.

In sum, the *Curtis* factors weigh in favor of lifting the automatic stay in order to allow Movants to liquidate their claims against the Debtor and recover from the Debtor's insurance proceeds. *See In re Mann*, 58 B.R. 953, 958 (Bankr. W.D. Va. 1986) ("[T]he goal of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer.").

### III.

### CONCLUSION

For the reasons stated above, Movants respectfully request that this Honorable Court grant this motion and allow them to proceed against the Debtor in any and all lawsuits and pre-litigation matters to determine liability and damages, with the condition that Movants' collection efforts be restricted to recovery from the Debtor's liability insurers.

///
///
///
///

-6-

Dated: November 4, 2016    PAYNE & FEARS LLP

By    */s/ Gregory H. King*
GREGORY H. KING, Bar No. 7777
MATTHEW L. DURHAM, Bar No. 10342
CHAD D. OLSEN, Bar No. 12060
7251 W. Lake Mead Blvd., Suite 525
Las Vegas, Nevada 89128
Tel. (702) 851-0300

Attorneys for GREYSTONE NEVADA, LLC and U.S. HOME CORPORATION

-7-