E-File: December 7, 2016

Shirley S. Cho, Esq. (CA Bar No. 192616)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: scho@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
LARSON & ZIRZOW LLC
850 E. Bonneville Ave.
Las Vegas, NV 89101
Telephone: 702/382-1170
Facsimile: 702/382-1169
Email: zlarson@lzlawnv.com

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[1]<br><br>           Debtors.<br>Affects:<br>☒   All Debtors<br>☐   Affects the following Debtor(s) | Case No.: BK-S-09-14814-gwz<br>(Jointly Administered)<br><br>Chapter 11<br><br>Date:       January 17, 2016<br>Time:      2:00 p.m.<br>Location: Courtroom 1<br>              5th Flr., Clifton Young Courthouse<br>              300 Booth Street<br>              Reno, NV<br>Judge:     Honorable Gregg W. Zive |

---

[1] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf and Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

DOCS_LA:302546.1 73203/035

**MOTION OF REORGANIZED DEBTORS FOR FINAL DECREE UNDER 11 U.S.C. §§ 105 AND 350, FEDERAL RULE OF BANKRUPTCY PROCEDURE 3022 AND LOCAL RULE 3022 CLOSING CASE AS OF DECEMBER 31, 2016**

The Reorganized Debtors hereby move (the "Motion") this Court for an order and final decree under sections 105(a) and 305 of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended and applicable to these bankruptcy cases, the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") closing the above-captioned jointly administered cases ("the "Chapter 11 Cases") as of December 31, 2016. In support of the Motion, the Reorganized Debtors respectfully represent as follows:

**BACKGROUND AND JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Article XIII.M. of the Plan (defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105(a) and 305. Such relief is also warranted under Bankruptcy Rule 3022.

On March 31, 2009 and April 1, 2009, The Rhodes Companies, LLC, aka "Rhodes Homes," et al. (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Nevada, and their cases are being jointly administered under Case No. BK-S-09-14814-gwz.

The *First Lien Steering Committee's Third Amended Modified Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code for the Rhodes Companies LLC, et al.* (the "Plan") was confirmed by Order of this Court on March 12, 2010 [Docket No. 1053] (the "Confirmation Order"). The Effective Date of the Plan occurred on April 1, 2010 [Docket No. 1079].

Article XII. of the Plan provides for retention by the Court of jurisdiction on and after the entry of the Confirmation Order and the occurrence of the Effective Date. Specifically, the Plan provides that "the Bankruptcy Court shall have exclusive jurisdiction over all matters arising out of, or related to the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including, jurisdiction to enter any orders in furtherance of the case or the Plan."

**RELIEF REQUESTED**

The Plan has been fully consummated. Specifically, all payments required to be made under the Plan occurred on or shortly after the Effective Date. Upon the Effective Date, the Litigation Trust was also formed and the Debtors transferred certain of their litigation causes of action and other assets into the Litigation Trust. These cases have been pending and remained open due to a litigation matter between the Litigation Trust and the Debtors' former principal and certain his related entities (the "Rhodes Entities") as further detailed in that Status Report filed on October 10, 2014 [Docket No. 1823] by the Litigation Trust. The Reorganized Debtors have been informed by the Litigation Trust that the litigation dispute with the Rhodes Entities has been resolved and that these cases no longer need to remain open in order to effectuate the Litigation Trust's objectives.

Accordingly, in order to conserve resources, the Debtors request that these cases be closed effective as of December 31, 2016. Article XIII.M. of the Plan provides as follows:

> The Reorganized Debtors shall, promptly after the full administration of the Chapter 11 Cases, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Cases.

The Reorganized Debtors are current on their filing and payment obligations to the Office of the United States Trustee. The Reorganized Debtors will file their last quarterly report as required by the Office of the United States Trustee for the fourth quarter of 2016 on or before the time set for the filing of such report in January 2017.

**BASIS FOR RELIEF**

Bankruptcy Code section 350(a) provides that "[a]fter the estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

In addition, Bankruptcy Rule 3022, which provides procedural guidelines for closing a Chapter 11 case, provides that "[a]fter an estate is fully administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Further, section 105 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

The 1991 Advisory Committee's notes to Bankruptcy Rule 3022 lists the following factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

    d.    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e.    whether payments under the plan have commenced; and

    f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See* Fed. R. Bankr. P. 3022 Advisory Committee Note (1991). However, the factors merely guide the Court in determining whether a case has been fully administered; not all factors need to be present before a case may be closed. *In re Mold Makers, Inc.,* 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990).

As set forth below, an analysis of the factors enumerated in the Advisory Committee Note to Bankruptcy Rule 3022 with respect to the Chapter 11 Cases weighs in favor of closing the Chapter 11 Cases. Specifically, the Debtors' Plan has become effective, and the Reorganized Debtors assumed the operations of the business addressed by the Plan as of the Effective Date. Under the Plan, the Reorganized Debtors have made all distributions required to be made under the Plan with Cash. The Reorganized Debtors have finalized all of their objections to Claims and there are no pending matters that require this Court's attention.

Closing the Chapter 11 Cases effective as of December 31, 2016 will permit the Reorganized Debtors to reduce the fees and costs associated with maintaining the case and assist the ongoing business operations of the Reorganized Debtors.

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter an order, in substantially the form filed herewith, granting final decree and closing the Chapter 11 Cases.

1  DATED this 7th day of December, 2016.

**LARSON & ZIRZOW LLC**

  /s/ Zachariah Larson, Esq.
Zachariah Larson, Bar No. 7787
850 E. Bonneville Ave.
Las Vegas, NV 89101
Telephone:  702/382-1170
Facsimile:  702/382-1169
Email:       zlarson@lzlawnv.com

-and-

Shirley S. Cho
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  310/277-6910
Facsimile:  310/201-0760
Email:  scho@pszjlaw.com

Attorneys for Reorganized Debtors

DOCS_LA:302546.1 73203/035                  5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>THE RHODES COMPANIES, LLC, aka "Rhodes Homes," et al.,[2]<br>Debtors.<br><br>Affects:<br>☒ All Debtors<br>☐ Affects the following Debtor(s): | Case No.: BK-S-09-14814-gwz<br>(Jointly Administered)<br><br>Chapter 11<br><br>Date:     January 17, 2016<br>Time:     2:00 p.m.<br>Location: Courtroom 1<br>              5th Flr., Clifton Young Courthouse<br>              300 Booth Street<br>              Reno, NV<br>Judge:    Honorable Gregg W. Zive |

**FINAL DECREE UNDER 11 U.S.C. §§ 105 AND 350, FEDERAL RULE**
**OF BANKRUPTCY PROCEDURE 3022 AND LOCAL RULE 3022**
**<u>CLOSING CASE AS OF DECEMBER 31, 2016</u>**

Upon the motion (the "<u>Motion</u>")[3] for entry of an order and final decree under 11 U.S.C.

§§ 105(a) and 350, Rule 3022 of the Federal Rules of Bankruptcy Procedure, closing the Chapter 11

---

[2] The Debtors in these cases, along with their case numbers are: Heritage Land Company, LLC (Case No. 09-14778); The Rhodes Companies, LLC (Case No. 09-14814); Tribes Holdings, LLC (Case No. 09-14817); Apache Framing, LLC (Case No. 09-14818); Geronimo Plumbing LLC (Case No. 09-14820); Gung-Ho Concrete LLC (Case No. 09-14822); Bravo, Inc. (Case No. 09-14825); Elkhorn Partners, A Nevada Limited Partnership (Case No. 09-14828); Six Feathers Holdings, LLC (Case No. 09-14833); Elkhorn Investments, Inc. (Case No. 09-14837); Jarupa, LLC (Case No. 09-14839); Rhodes Realty, Inc. (Case No. 09-14841); C & J Holdings, Inc. (Case No. 09-14843); Rhodes Ranch General Partnership (Case No. 09-14844); Rhodes Design and Development Corporation (Case No. 09-14846); Parcel 20, LLC (Case No. 09-14848); Tuscany Acquisitions IV, LLC (Case No. 09-14849); Tuscany Acquisitions III, LLC (Case No. 09-14850); Tuscany Acquisitions II, LLC (Case No. 09-14852); Tuscany Acquisitions, LLC (Case No. 09-14853); Rhodes Ranch Golf Country Club, LLC (Case No. 09-14854); Overflow, LP (Case No. 09-14856); Wallboard, LP (Case No. 09-14858); Jackknife, LP (Case No. 09-14860); Batcave, LP (Case No. 09-14861); Chalkline, LP (Case No. 09-14862); Glynda, LP (Case No. 09-14865); Tick, LP (Case No. 09-14866); Rhodes Arizona Properties, LLC (Case No. 09-14868); Rhodes Homes Arizona, L.L.C. (Case No. 09-14882); Tuscany Golf Country Club, LLC (Case No. 09-14884); and Pinnacle Grading, LLC (Case No. 09-14887).

[3] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

DOCS_LA:302546.1 73203/035

1  Cases, and it appearing that proper and adequate notice of the Motion has been given under the
2  circumstances and that no other or further notice is necessary; and upon the record herein; and after
3  due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is GRANTED subject to the terms of this Order.

2.  Pursuant to 11 U.S.C. § 350, the above-captioned chapter 11 cases are closed, effective as of December 31, 2016.

3.  The Reorganized Debtors shall submit to the U.S. Trustee a post confirmation report and quarterly fees for the fourth quarter of 2016 not later than January 31, 2017.

###